IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PUREWICK CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | C.A. No. 19-1508-MN |
| v. | ) | |
| | ) | |
| SAGE PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiff PureWick Corporation ("Plaintiff") and Sage Products, LLC ("Defendant"), parties to the above-captioned action ("this Action"), may seek discovery of documents, information, or other materials that may contain trade secrets or other confidential research, development, or commercial information of other parties or third parties;

It is stipulated and agreed by and between Plaintiff and Defendant that the terms and conditions of this document shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the Plaintiff and Defendant in this Action or provided by or obtained from third parties to this Action.

**NOW THEREFORE**, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby **ORDERS** that:

1.    **Scope of Protection:** This Stipulated Protective Order ("Protective Order" or "Order") shall govern the disclosure, use, and production of information, documents, testimony, responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, tangible things, and all other discovery taken pursuant to the Federal Rules

of Civil Procedure furnished, directly or indirectly, by or on behalf of any Plaintiff, Defendant, third party or witness in connection with this Action.

2. **Designations of Protected Information:** As set forth in ¶ 2(a), any producing person, entity, or third party ("Producing Party") may designate any information, document, testimony, tangible item, each set of interrogatory answers, each set of responses to requests for production of documents, each set of answers to requests for admission, or portion thereof, to be disclosed or produced to any other person or entity ("Receiving Party") as "CONFIDENTIAL," as defined below, pursuant to this Protective Order ("Protected Information"). Any copies of such materials, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Protected Information, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

a. Any Producing Party may designate as CONFIDENTIAL any information, document, testimony, tangible item, each set of interrogatory answers, each set of answers to requests for admission, each set of responses to requests for production of documents, or portion thereof, or things to be disclosed or produced to any Receiving Party if the Producing Party claims in good faith that such information comprises or contains non-public proprietary, confidential or commercially sensitive information or trade secrets, information held confidential to protect business or commercial interests, or other confidential information, including, but not limited to, non-public proprietary, confidential or commercial confidential information related to: (i) confidential technical information such as design, engineering, testing, evaluation, and development information or proposed research or development activities including any research, development, manufacture, and production of subject matter relating to any patents or patentable information; (ii) highly sensitive financial and economic information, including financial planning,

2

financial performance, market plans, business plans and forecasts, competitive strategies, confidential pricing, sales, and profit information, or information regarding business relationships; (iii) research, development, manufacture, and production information including information on current products (including PureWick$^{TM}$ and PrimaFit$^{R}$), future products, or those presently in development or undergoing FDA approval; (iv) non-public patent applications and files or inventions in progress; (v) non-public license agreements or negotiations; (vi) non-public information concerning medical device applications; (vii) non-public computer source code; (viii) confidential business, marketing, and strategic information, plans, and forecasts; (ix) customer lists, patient information, and other customer or patient-specific information; (x) confidential employee information; (xi) confidential information of third parties; (xii) non-public communications with the FDA; (xiii) and other highly sensitive business information whose unauthorized disclosure is likely to cause competitive damage or lessen a competitive advantage. This information may be referred to herein as "Confidential Information" and, when designated, "Protected Information." Subject to other provisions in this Order (including Paragraph 2(c) below), identification of Confidential Information shall be made at the time when the answer to the interrogatory, response to a request for production of documents, or answer to the request for admission is served, or when the document, information, or thing is provided to the other party. Designation of information under this Paragraph as CONFIDENTIAL shall constitute a representation that there is a valid basis for such designation.

b.      All information, documents, or tangible items containing CONFIDENTIAL information shall be clearly marked or stamped with the legend CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or a suitable equivalent (on the face of the document or item or included in the file name and/or on the slip-sheet of the native file produced), prior to production

to or exchange with the Receiving Party to the extent possible.  Each page of each document or the file name and/or slip-sheet of a native file produced in discovery shall, to the extent practicable, bear a prefix identifying the Producing Party and a unique identifying number.  Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the Producing Party and a unique identifying number. When a party sends correspondence including emails that includes or attaches CONFIDENTIAL information, that party shall indicate prominently that the correspondence contains or is itself CONFIDENTIAL information.  Information being designated as CONFIDENTIAL that is not in documentary or other tangible form, or that cannot be conveniently labeled, shall be designated and/or categorized by the Producing Party in a writing provided to the Receiving Party at the time of production.

      c.     All information to be disclosed orally (such as at a deposition), if not otherwise designated as CONFIDENTIAL during the oral disclosure (such as at the time of the deposition), shall be automatically designated as CONFIDENTIAL for a period of thirty (30) days after receipt of the official transcript of the deposition by counsel for the Producing Party, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons named or approved according to ¶ 5.  Thereafter, the information contained in the deposition transcript will no longer be deemed CONFIDENTIAL unless: (i) in a writing sent to counsel for the Receiving Party before the expiration of the thirty-day period, counsel for the Producing Party claims in good faith that the deposition transcript contains CONFIDENTIAL information; (ii) at the deposition, counsel for the Producing Party states on the record that the deposition transcript contains CONFIDENTIAL information; or (iii) as provided in ¶ 12.

      d.    **Third Parties.**  Third parties who produce information in this action may avail themselves of the provisions of this Order, and discovery materials produced by third parties

shall be treated by the parties in conformance with this Order.  Any information produced by a third party shall be treated as if designated CONFIDENTIAL for a period of ten (10) business days so that a party to this action may additionally designate documents or things produced by third parties as CONFIDENTIAL if the documents or things would otherwise qualify as CONFIDENTIAL information of that party.  This ten (10) business day period may be waived in any specific situation upon agreement of the parties.

3.    **Treatment of Confidential Information**.  The attorneys of record for the parties and other persons receiving Protected Information governed by this Protective Order shall exercise reasonable care to ensure that the Protected Information designated as CONFIDENTIAL pursuant to this Protective Order is: (i) used only for the purposes specified herein; and (ii) disclosed only to individuals as provided for in ¶¶ 5-6 below, respectively.  Any information, document, or tangible item designated CONFIDENTIAL that is disclosed or produced in connection with this Action shall be maintained in strict confidence by the Receiving Party. Any person in possession of Protected Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Protected Information to ensure that the confidential nature of the same is maintained.  To the extent necessary, individuals or entities that are not required to complete and sign Exhibit A before having access to Confidential Information shall be advised of the confidential nature of the information that they are receiving and of the obligations to maintain confidentiality.

4.    **Limits on Use.**  Any information, document, or tangible item designated CONFIDENTIAL that is disclosed or produced in connection with this Action shall be used solely in connection with this Action, any appeal thereof, settlement discussions and negotiations, and any form of alternative dispute resolution in this Action, and not for any other purpose including

without limitation any other legal, regulatory, commercial or business purpose, including the pursuit of intellectual property rights, or in connection with another legal, regulatory, or patent prosecution proceeding in the U.S. or a foreign country, and cannot be used in any or cited within any citizen's petition or any other submission to FDA or other regulatory bodies, including but not limited to the United States Pharmacopeia, except by consent of the parties or order of this Court or a body of competent jurisdiction. Specifically, it is understood that a person having access to another party's confidential technical information may not use the other party's confidential technical information to draft or amend claims to cover products, systems, or methods of the Producing Party known only through confidential access in this case.

Nothing herein shall bar or otherwise restrict counsel for a party from rendering advice to his or her client with respect to this Action, and in the course thereof, from generally referring to or relying upon Protected Information received by the party. In rendering such advice or otherwise communicating with their client, counsel shall not disclose the specific content of any CONFIDENTIAL information where such disclosure would not otherwise be permitted under the terms of this Protective Order. Moreover, nothing herein shall preclude a Receiving Party's involvement in opposition, inter partes review, or other post-grant proceedings before the United States Patent and Trademark Office ("USPTO") or any foreign patent-granting or other authority, provided that the Recipient does not misuse another party's Confidential Information during such proceeding to obtain or modify claims including drafting, discussing, advising on, proposing, or reviewing claims or claim amendments.

5.    **Disclosure of Protected Information.** Except as provided in ¶¶ 6 and 17 of this Protective Order, access to documents or information designated CONFIDENTIAL, shall be strictly limited to the following persons:

a.      Outside trial counsel or outside attorneys of record for the parties including partners, associates, staff and contract attorneys employed by the firms of record, and their authorized secretarial, paralegal, clerical and legal assistant and support staff, and contractors or vendors of said counsel who are assisting in the prosecution or defense of this litigation or whose duties and responsibilities require access to such materials;

b.      the Court and Court personnel;

c.      experts or consultants retained by the parties or their attorneys (and their employees or clerical assistants) for purposes of this Action, who are not objected to pursuant to ¶ 10, and who first agree to be bound by the terms of this Protective Order by executing a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) prior to being provided access to CONFIDENTIAL information.  The disclosure of the identity of a consulting expert will not be a waiver of any privilege that applies to communications with the consulting expert or the consulting expert's work product.  Furthermore, by stipulating to the entry of this Order, the parties do not intend to modify in any way the discovery rules applicable to consulting experts.

d.      court reporters, translators, videographers, and their respective staffs employed in connection with this Action;

e.      non-parties specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators, database entry personnel, translators, interpreters, copy services, trial and jury consultants, mock jurors and focus group participants, litigation support, and document imaging and database consultants).  Consultants engaged by any party or consultant in preparation for trial shall acknowledge that the information they are shown

shall be kept confidential and sign Exhibit A attached hereto and any mock jurors or focus group participants shall be required to acknowledge confidentiality of any such proceedings; and

        f.      Up to three (3) in-house counsel and/or personnel (and their support staff) responsible for oversight of this litigation whose duties require access to material designated CONFIDENTIAL, provided that said designated in-house counsel and/or personnel have executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) prior to being provided access to CONFIDENTIAL information, and the Receiving Party has received a copy of such Undertaking.  The designated in-house professionals, who may be substituted upon consent or showing of good cause including as set forth herein, are: (1) for Plaintiff: Scott Rittman and Mark Schildkraut; (2) for Defendant: Merle Elliott, Karen Hassevoort, and Adam Strauss. Plaintiff or Defendant respectively may designate an alternative in-house counsel and/or personnel to replace a previously-designated person upon giving written notice of such change to the opposing party, identifying the counsel and/or personnel's position. If the party receiving a notice designating in-house counsel objects to the designation, such party shall make its objections known to the sender of the notice in writing within five (5) business days of receipt of the written notification. Such objection must be for good cause and state with particularity the reasons for the objection. If the parties are unable to resolve their objections, the party seeking to make the disclosure may apply to the Court to resolve the matter within five (5) business days. If a written notice of objection is provided, no CONFIDENTIAL information shall be disclosed to the designated in-house counsel until the objection is resolved by an order of the Court or by an agreement among the parties involved.

      6.      **Other Authorized Disclosures.**

a.      Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel or a party from disclosing a document containing CONFIDENTIAL information to any person who appears from the face of the document to have originated, drafted, prepared, executed, or received the document.  This Protective Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether the witness authored or previously had access to or knowledge of CONFIDENTIAL information.

b.      Protected Information of a party may be disclosed to a 30(b)(6) witness on behalf of, or any former or current employee of, that party in the course of his or her deposition in this action; and

c.      At the deposition of a third party, in addition to the provisions of paragraph 6(b), such third party may be shown Protected Information if the document was produced by the third party or was authored by, sent, or received by that third party, or provided that the Producing Party consents to such disclosure.  For current or former employees, the provisions of paragraph 6(b) apply.

d.      To the extent not previously addressed, any other person who is providing testimony, in the course of such testimony, provided that (i) the Protected Information was produced by or obtained from said witness or the witness's employer, and the witness has knowledge of such information as indicated by foundational testimony or otherwise, even if not an actual recipient of the document at issue; (ii) the parties stipulate to allow the deponent to review the document; or (iii) upon Order of the Court for good cause shown.

e.      Nothing in this Protective Order shall preclude a Producing Party from disclosing to anyone or using in any way its own Confidential Information.  Moreover, nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in

writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

8.        **Use at Trial or Hearing.** To the extent that Protected Information is used at hearings or at trial, the Producing Party may request that the Courtroom be sealed and that the Court treat such information and documents as Confidential under the Protective Order and may request that the transcript pages of the hearing and/or trial testimony referring to Confidential Information be filed under seal.

9.        **Presence of Authorized Persons.** For deposition and trial testimony or hearings involving Protected Information, unless modified by agreement of counsel or Court order, a party may exclude any person who is not entitled to have access to Confidential Information when such information is the subject of examination or hearing.

10.        **Identification and Disclosure of Experts or Consultants:** If any party desires to disclose another party's Protected Information to any expert or consultant pursuant to ¶ 5(c) above, it is permitted to do so only after:

a.        The party must identify in writing to the attorneys for the Producing Party each such expert or consultant.  The identification of an expert or consultant shall include: (i) the full name and professional address and/or affiliation of the proposed expert or consultant; (ii) the proposed expert's or consultant's current curriculum vitae; (iii) any prior or current employments or consultancies for any party within the last five (5) years; (iv) a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four (4) years; and (v) a completed and signed Undertaking in the form of Exhibit A attached hereto from the expert or consultant.

b.      The attorneys for the Producing Party shall have a period of seven (7) calendar days of receiving such notice to object to disclosure of such information to any of the experts or consultants so identified.  Such objections shall not be unreasonably made.  Any party that fails to object within seven (7) calendar days of receiving such notice shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of ¶ 5(c).  If, during the seven (7) calendar days, the party giving notice receives a written objection from the Producing Party stating the specific bases for objection, there will be no disclosure of CONFIDENTIAL information to the individual identified in the notice except as agreed by the parties or by further order of the Court.  The parties shall attempt to resolve any such objection by meeting and conferring in good faith within three (3) business days of receipt of the written objection, in accordance with ¶ 8(h) of the Scheduling Order in this Action.  If the objection cannot be resolved within five (5) business days of receipt of the written objection, the parties may present the dispute to the Court in accordance with ¶ 8(h) of the Scheduling Order in this Action.  If relief from the Court is not sought within the above five (5) business days, the objection shall be deemed to have been withdrawn. The party objecting to the disclosure of CONFIDENTIAL information to the expert or consultant identified will bear the burden of establishing that disclosure should not be permitted, including the burden of proving that the disclosure will harm that party.  Any deadlines herein may be extended by agreement of the involved parties.

11.      **Designation of Documents Under Seal:**  If Protected Information is to be filed with this Court in connection with any proceeding in this Action, it shall be filed under seal pursuant to the procedures set forth in the Court's rules, the Court's Scheduling Order, and the District of Delaware CM/ECF User Manual (Revised May 2018).  The Clerk of the Court is

directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court under any provision of this Order.

12. **Challenge to Confidentiality:** A Receiving Party's acceptance of material designated CONFIDENTIAL by a Producing Party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1). This Protective Order shall not foreclose any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from: (i) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order; (ii) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order; or (iii) applying for a further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation. On any challenge to the designation of any information, the burden of proof shall lie with the Producing Party to establish that the information is, in fact, Confidential Information. If a party seeks declassification or removal of the confidentiality designation of any particular items, the following procedure shall be utilized:

a. The party seeking such declassification or removal shall give counsel of record for the Producing Party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request;

b. Counsel for the Producing Party shall respond in writing to such objection within three (3) business days, and shall state with particularity the grounds for asserting that the

document or information is CONFIDENTIAL. If no written response is made to the objection within three (3) business days, the challenged designation will be deemed to be void.

        c.     If the Producing Party makes a response within this time period to such objection asserting the propriety of the designation, the parties will meet and confer in good faith within three (3) business days after the Producing Party's response in an effort to resolve the disagreement; and

        d.     If, after conferring, the parties cannot reach agreement concerning the matter, then the parties may present the dispute to the Court.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. In any motion challenging the classification, the Producing Party shall have the burden of establishing the need for classification as CONFIDENTIAL.

      13.    **Inadvertent Failure to Designate:**  If a Producing Party inadvertently fails to designate Confidential Information as CONFIDENTIAL at the time of oral disclosure or production, the Producing Party may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, which shall then be deemed to be subject to the terms of this Protective Order.  The Receiving Party shall then destroy and replace all original copies of the inadvertently or unintentionally produced information that are not designated to the extent practicable.  Such destruction and replacement shall not preclude the Receiving Party from seeking to redesignate the materials and shall not constitute an admission by the Receiving Party that the materials were, in fact, Confidential Information or that the designation was in fact inadvertent.  Should any redesignated information hereunder be disclosed to any person not entitled to receive the same hereunder, then the parties intend to have such person be automatically bound by this Protective

Order, and such person shall be informed within five (5) business days of the discovery of such disclosure of the provisions of this Protective Order by the Receiving Party, and the Receiving Party shall exercise all reasonable efforts to have such person sign an Undertaking in accordance with ¶ 5 above and in the form of Exhibit A attached hereto.  The parties shall exercise all reasonable efforts to retrieve any such information disclosed to persons not authorized to receive the information under this Protective Order.  Nothing herein shall prevent the Producing Party from applying to the Court for further or additional relief.

14.    **Inadvertent Disclosure of Confidential Information**.  As discussed herein, any person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Protected Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party as soon as practical, and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.  Notwithstanding the foregoing, if an inadvertent disclosure was made and the recipient of the disclosure was not aware of any confidential content, the person responsible for the disclosure need not inform counsel for the Producing Party.

15.    **Inadvertent Production or Disclosure of Privileged or Otherwise Protected Information:**  If a Producing Party inadvertently produces information, documents, or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege, work-product immunity, or any other applicable privilege or immunity ("Inadvertently Produced Discovery"), such production shall not constitute a waiver of any claim of attorney-client privilege, work-product immunity, or any other applicable privilege, protection, or immunity for

such information, provided that, upon learning of the inadvertent disclosure, the Producing Party promptly sends to each Receiving Party a written representation, in good faith, that such production was inadvertent, requests return or destruction of the inadvertently produced or disclosed document or thing, and specifies the type of privilege asserted. Immediately upon receipt of this written request, the Receiving Party shall treat the document or thing in accordance with Fed. R. Civ. P. 26(b)(5)(B), and shall within five (5) business days of receiving such a request destroy or return to the Producing Party all such documents and things identified by the Producing Party as being privileged or work-product and as having been inadvertently produced. With respect to documents and things generated by a Receiving Party subsequent to the inadvertent disclosure, which documents and things contain information derived from such inadvertently produced documents and things, the Receiving Party shall within five (5) business days of receiving such a request either destroy all such derivative documents and things or redact from them all such derivative privilege or work product information in a manner such that the derivative information cannot in any way be retrieved or reproduced. Such return or destruction, however, shall not preclude the Receiving Party from seeking to compel production of the materials and shall not constitute an admission by the Receiving Party that the materials were, in fact, privileged or otherwise protected in any way or that the production was in fact inadvertent. The Receiving Party shall not use such information for any purpose until further Order of the Court, except that the information, but not the documents or testimony, may be submitted to the Court under seal by the Receiving Party to move for redesignation of the material as unprotected under any privilege or immunity. In response to an application to the Court by the Receiving Party to compel production of such information, the Producing Party shall submit the documents or testimony at issue to the Court for *in camera* inspection. Nothing in this paragraph alters the provisions of

Federal Rule of Evidence 502 regarding disclosure or waiver of attorney-client privilege and/or work product protection.

16. **Other Proceedings:** By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's Protected Information pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. If any documents, tangible things, or information received under this Protective Order and in the possession, custody, or control of any Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request, the Receiving Party to whom the process or discovery request is directed shall, unless otherwise precluded from doing so by law or court order, (i) within ten (10) business days after receipt thereof, give written notice by hand, e-mail, or facsimile of such process or discovery request together with a copy thereof, to counsel for the Producing Party; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request; and (iii) not produce or disclose the documents, things, or information until the Producing Party consents in writing to production or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose the documents, things, or information, so long as the order is not stayed prior to the date set for production or disclosure. Nothing herein shall prevent timely compliance with a governmental subpoena or court order.

17. **Prior or Public Knowledge:** The restrictions and obligations set forth in this Protective Order shall not prohibit discussions with any person or entity regarding any Protected

Information if said person or entity has legitimate possession thereof independent of the Producing Party's disclosure. The restrictions and obligations set forth in this Order relating to Protected Information shall not apply to any information that: (i) is already part of the public domain by reason of prior publication or is otherwise public knowledge; (ii) is or has become public knowledge other than by disclosure by a Receiving Party; (iii) has come or hereafter comes into the Receiving Party's legitimate possession without any confidentiality restrictions and independently of the Producing Party; or (v) is released from being designated CONFIDENTIAL by the Producing Party or by order of the Court. During the pendency of this action, any disputes as to whether information is Protected Information under the terms of this Protective Order shall be resolved according to the procedures set forth in Paragraph 12 hereof.

18.    **Return or Destruction of Designated Information:** Within ninety (90) days after final termination of this Action, including any appeals, unless otherwise agreed to in writing by an attorney of record for the Producing Party, each party shall return or destroy all materials containing information designated CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that the following may be retained by counsel subject to a continuing obligation to protect all such material pursuant to this Order: (i) any documents or copies which contain, constitute, or reflect attorney's work product or attorney-client privilege communications; and (ii) all pleadings, motion papers, correspondence, expert reports, written discovery responses, deposition transcripts, deposition, hearing and trial exhibits, and court-filed documents. Notwithstanding the foregoing, it is not required to purge document management systems (other than the purge of production), email accounts, or back up tapes to eliminate Protected Information. The fulfillment of the obligations

imposed by this paragraph, whether by return, destruction, or both, shall be certified in writing by the Receiving Party.

19.     **Return or Destruction of HIPAA Information:**  Notwithstanding the foregoing, a Receiving Party may not retain an archival copy of any documents for which the Producing Party has notified the Receiving Party that such documents contain information protected by the Health Insurance Portability and Accountability Act ("HIPAA").  Accordingly, within thirty (30) days after final termination of this Action, including any appeals, a Producing Party shall identify all exhibits containing information protected by HIPAA that are contained within deposition transcripts, deposition exhibits, Court transcripts, Court exhibits and other submissions to the Court.  Within thirty days of receipt of such identification, the Receiving Party shall either return to outside counsel for the Producing Party or destroy such exhibits and certify in writing to outside counsel for the Producing Party.

20.     **Waiver or Termination of Order:**  No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each Producing Party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this Action, but shall continue until further Order of the Court.

21.     **Modification of Order:**  This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.  Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Protective Order, or from applying to the Court for further or additional orders.

22.     **Prior Production:** To the extent that the parties have produced documents prior to the entry of this Protective Order under Del. LR 26.2, those documents will be treated as containing CONFIDENTIAL information, unless specifically indicated otherwise.  The Producing Party shall re-produce the documents with the designation CONFIDENTIAL – Subject to Protective Order.

23.     **Ongoing Obligations**. All obligations and duties arising under this Protective Order shall survive the termination of this Action.  The Court retains jurisdiction even after the termination of this Action to enforce the terms of this Protective Order.

Dated: February 12, 2020

/s/ John W. Shaw
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com

OF COUNSEL:

Steven C. Cherny
Brian P Biddinger
Matthew A. Traupman
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, New York 10010
(212) 849-7000

Amanda K. Antons
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400

Attorneys for Plaintiff

Respectfully submitted,

/s/ Samantha G. Wilson
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

OF COUNSEL:

Robert A. Surrette
Sandra A. Frantzen
Christopher M. Scharff
Bryce R. Persichetti
MCANDREWS, HELD & MALLOY, LTD
500 West Madison Street
Chicago, IL 60661
(312) 775-8000

Attorneys for Defendant

SO ORDERED this _____ day of _____, 2020.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PUREWICK CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | C.A. No. 19-1508-MN |
| v. | ) | |
| | ) | |
| SAGE PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

## **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, state that:

    a.    My present employer is _____ and my present work address is _____.

    b.    My present title, occupation, or job description is

_____.

    c.    I have read and understand the provisions of the Stipulated Protective Order entered in this Action and I will comply with the provisions of that Stipulated Protective Order. I consent to be subject to the jurisdiction of this Court for enforcement of this Stipulated Protective Order.

    d.    I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Protected Information, or any summaries, abstracts or indices of any Protected Information, that is disclosed to me or that I prepare.

    e.    Upon conclusion of the above-captioned Action, including appeal, I will destroy or return Protected Information – and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto – in my possession to outside counsel for the party for whom I was employed, retained or acted as witness.

21

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____         _____