

John W. Shaw
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

**BY CM/ECF**                                                July 29, 2020

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *PureWick Corp. v. Sage Products LLC*, C.A. No. 19-1508-MN

Dear Judge Noreika,

In accordance with the Court's oral Order (D.I. 59) setting a Discovery Dispute Telephone Conference for August 4, 2020, PureWick submits this opening letter identifying the discovery disputes that it has been unable to resolve following reasonable efforts to avoid judicial intervention. Ex. A. The parties met and conferred about these issues during telephone conferences on July 6, July 8 and July 23, and additionally exchanged correspondence about their positions. Exs. D-F.

**PureWick Interrogatory No. 1:** Interrogatory 1 states: "For each month and year that the Accused Product has been sold or otherwise distributed by or for Defendant, identify on a monthly basis by customer the total number of units sold, gross revenues, net revenues, gross profits, net profits, and costs." Ex. C at 5. Sage's sales data is relevant to multiple issues, including PureWick's claim for damages, identification of the date of first infringement, and as evidence of the commercial success of the claimed inventions. Sage has objected on multiple grounds, including as "overly broad and unduly burdensome to the extent that Plaintiff seeks damages-related information regarding any accused product before providing notice of the Patents-In-Suit." *Id.* at 6. Sage also relies on Rule 33(d) and indicates that it will produce documents "reflecting cumulative sales data." *Id.*

When the parties met and conferred, Sage refused to produce data from prior to the filing of the lawsuit unless and until PureWick provided *prima facie* evidence that PureWick had complied with the marking statute. *See* Ex. D at 1-2. Despite requests, Sage was unable, or unwilling, to identify any case law in support of its position, instead stating only that they believed the discovery sought was not relevant until PureWick provided *prima facie* evidence of marking.

PureWick has provided discovery identifying the PureWick products that have been marked with the patents-in-suit, and the dates when that marking began. Even after receiving that information, however, Sage has continued to refuse to provide a full response to Interrogatory 1, taking the position that further delay is warranted until it receives document production that substantiates the other discovery PureWick has provided. *See* Ex. E at 2; Ex. F at 2.

Sage's position that it may withhold discovery until it is satisfied with PureWick's evidence of marking is without merit. Sage's position is particularly egregious in view of the fact that, contrary to Federal Circuit law, Sage has never identified any product that was allegedly subject to a marking requirement. *See Arctic Cat v. Bombardier Recreational Products*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) ("We hold an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles'

SHAW KELLER LLP
Page 2

subject to § 287."). Accordingly, PureWick respectfully requests that the Court order Sage to provide a complete response to Interrogatory No. 1. *See* Ex. B, ¶1 (proposed order).

**PureWick Interrogatory No. 5:** Interrogatory 5 asks Sage to "Provide the complete factual and legal bases for each of Defendant's affirmative defenses raised in its Answer to Plaintiff's Amended Complaint." Ex. C at 16. In response, Sage objected that the Interrogatory was, *inter alia*, compound and premature. *Id.* at 16-17. During the parties' meet and confer, Sage stated that it would not provide a response to Interrogatory No. 5 because it contained multiple subparts. Sage further stated that even without the subparts the interrogatory was a premature contention interrogatory. Sage would not provide any further information as to when it believes is an appropriate time for PureWick to seek information about Sage's affirmative defenses.

Sage does not dispute that the discovery sought by Interrogatory No. 5 is relevant, and Sage's refusal to provide this discovery is not supported by the law in this jurisdiction. As an initial matter, Interrogatory 5 does not contain any sub-parts, but instead constitutes a single question. But even if viewed as containing sub-parts, "[s]ubparts are treated as part of a single interrogatory where 'they are logically or factually subsumed within and necessarily related to the primary question.'" *Medigus Ltd. v. Endochoice, Inc.*, C.A. No. 15-505-LPS-CJB, 2016 U.S. Dist. LEXIS 156752, at *3 (D. Del. July 19, 2016). The legal and factual bases of each affirmative defense are logically related because they are all alleged as defenses to PureWick's claims for infringement. Indeed, judges in this district have refused to count an interrogatory directed to the bases for affirmative defenses as multiple interrogatories. *See, e.g.*, *TMI Solutions LLC v. Victoria's Secret Stores, Inc. et al*, C.A. No. 17-969-LPS, D.I. 47, 53 (D. Del. Apr. 25, 2019) (Oral Order) (holding that interrogatory did not have discrete subparts, where it directed defendant to "[i]dentify all of Defendant's affirmative defenses and counterclaims and, for each, state with specificity the legal and factual basis underlying each affirmative defense and counterclaim"). Ex. I.

Sage's objection to Interrogatory 5 as premature is likewise unavailing. Sage presumably had a basis for raising these defenses in its Answer and Sage should provide now all information presently in its possession, custody, and control that is responsive. *Levit v. Filmways, Inc.*, C.A. No. 80-586 CMW (D. Del. Feb. 3, 1984) ("Although Plaintiff might later discover additional facts to support his claims, he must respond to Interrogatory No. 1, as well as Defendant's other Interrogatories, to the full extent of his present knowledge. The fact that such responses might later prove to be incomplete does not provide a basis for failing to answer the Interrogatories."). Ex. H. PureWick is only asking that Sage provide the information it now has, regardless of whether later supplementation may be necessary. Requiring Sage to provide the information that it currently has will help both parties focus their discovery efforts going forward.

Accordingly, PureWick respectfully requests that Sage be ordered to provide a substantive response to PureWick's Interrogatory No. 5. *See* Ex. B, ¶2. In the alternative, to the extent the Court agrees that Interrogatory 5 contains discrete subparts, PureWick respectfully requests that the Court modify paragraph 8(d) of the Scheduling Order to afford PureWick an additional interrogatory for each affirmative defense.

**PureWick Interrogatory No. 6:** Interrogatory 6 seeks facts relating to "any alleged noninfringing alternative that Defendant contends can be used as an alternative to each Patent-in-Suit." Ex. C at 18-19. Sage lodged several objections and has not substantively responded, instead asserting it "will supplement its response to this interrogatory as necessary pursuant to Fed. R. Civ. P. 26(e) after

SHAW KELLER LLP
Page 3

further discovery has been conducted including an explanation by Plaintiff on how PrimaFit® infringes and a determination by the Court on claim construction issues." *Id.* at 20.

During the meet and confers, PureWick understood that Sage was not presently aware of any non-infringing alternatives. Later, however, Sage stated that it "will supplement its response to Interrogatory 6 as necessary after further discovery has been conducted including claim construction and expert discovery." Ex. E at 3. Thus, as with Interrogatory 5 Sage is refusing to provide information it now has in favor of providing that information at an unspecified later date. Sage's position is not supported by the law in this district. Discovery concerning any alleged non-infringing alternatives is relevant to proof of lost profits and evaluation of a reasonable royalty. Moreover, once any alleged non-infringing alternatives are identified, PureWick will need sufficient time to conduct follow-up discovery concerning whether the alleged alternative would have been economically acceptable to Sage and its customers. Thus, PureWick asks that Sage be ordered to supplement its response with the information currently available to it. *See* Ex. B at ¶3.

**Document Request Nos. 31-34, 39, 41, and 76-78:** These requests seek documents that support, refute or relate to the parties' claims and defenses in this case, including "any contention by Defendant that the Patents-in-Suit are invalid" (RFP 31), "any investigation . . . concerning the infringement, noninfringement, validity, invalidity, unenforceability, patentability, or unpatentability of any claim of the Patents-in-Suit" (RFP 32), "any objective indicia of obviousness or nonobviousness" (RFP 33), "any contention by Defendant that the Patents-in-Suit are unenforceable" (RFP 34), "any contention by Defendant that it does not infringe the Patents-in-Suit" (RFP 39), "any analysis, commentary, or recognition of the commercial success of PureWick's Product" (RFP 41), "any of the allegations, contentions, defenses, counterclaims and requested relief contained in any pleading filed by Defendant" (RFP 76), "each defense, whether affirmative or otherwise, asserted by Defendant in this action" (RFP 77), and "each counterclaim asserted by Defendant in this action." In response, Sage has agreed to produce only documents supporting its affirmative defenses and counterclaims but has otherwise refused to produce documents responsive to the full scope of the requests. *See* Ex. G at pp. 35-37, 41, 43, 76-77.

Sage cannot choose to search for only documents it believes are favorable to it without also providing discovery of documents that are unfavorable. For example, Sage conducted due diligence of PureWick in connection with a potential acquisition of the company long before this lawsuit was filed. It is highly likely that Sage's diligence included an investigation of infringement, validity and patentability. Regardless of whether the documents relating to such an investigation support Sage's positions, they are responsive and relevant. As another example, Sage's response to RFP 41 – that it will produce documents "on which it intends to rely relating to indicia of nonobviousness" is not even responsive to what was sought, i.e., documents relating to any "analysis, commentary, or recognition of the commercial success of PureWick's Product." Accordingly, PureWick respectfully requests that Sage be ordered to produce documents responsive to PureWick Request Nos. 31-34, 39, 41, and 76-78. *See* Ex. B at ¶4.

                    Respectfully submitted,

                    */s/ John W. Shaw*

                    John W. Shaw (No. 3362)

cc: Clerk of the Court (by CM/ECF)
    All counsel of record (by CM/ECF)