# Exhibit F

quinn emanuel  trial lawyers | new york

191 N. Wacker Drive, Suite 2700, Chicago, Illinois 60606 | TEL (312) 705-7400 FAX (312) 705-7401

WRITER'S DIRECT DIAL NO.
**(312) 705-7409**

WRITER'S EMAIL ADDRESS
**amandaantons@quinnemanuel.com**

July 28, 2020

**VIA E-MAIL**

Bryce R. Persichetti
McAndrews Held & Malloy
500 W Madison Street # 34,
Chicago, IL 60661
Telephone: (312) 775 800
E-mail: bpersichetti@mcandrews-ip.com

Re:    *PureWick Corporation v. Sage Products, LLC,* D. Del. 19-1508-MN

Bryce,

I write to follow-up to the parties' July 23 meet and confer.

**Sage Request For Product No. 9**: Sage's Request No. 9 seeks "All documents relating to, referring to, constituting, or concerning prior art, or alleged prior art, to the Patents-in-Suit or Related Patents and Applications." On the meet and confer we reiterated that PureWick will produce the prosecution files for the Patents-in-Suit or Related Patents and Applications, including any prior art contained in those files, and produce documents as agreed with respect to the other requests seeking prior art or information relating to prior art (e.g., 5, 6, 41, etc.). You stated that this request is seeking all prior art pertaining to urine management, and that in view of our July 15 letter, you seek confirmation that PureWick will search for such documents beyond PureWick's agreement to produce prior art in response to other propounded requests (e.g., 5, 6, 41, etc.).

As we have indicated in our objections and during the parties' meet and confers, Sage's request is overly broad.  Any reference that pre-dates the patents-in-suit is potentially prior art, but that does not make it relevant.  Even when narrowed to "prior art pertaining to urine management," the request encompasses prior art that is not likely relevant to this case, such as art relating to in-dwelling catheters.  PureWick has already agreed to produce prior art from PureWick's prosecution files, to the extent any exists.  Furthermore, PureWick is conducting a reasonable search of sources that are likely to contain responsive and relevant documents and to the extent relevant prior art is located PureWick will produce it.  But Sage's demand that PureWick search

Bryce R. Persichetti
July 28, 2020
Page 2

for prior art pertaining to urine management, without any further direction or guidance, is not proportional to the needs of the case.

**PureWick Interrogatory No. 1**: PureWick's Interrogatory No. 1 asks Sage to "identify on a monthly basis by customer the total number of units sold, gross revenues, net revenues, gross profits, net profits, and costs" "for each month and year that the Accused Product has been sold or otherwise distributed by or for Defendant." We sought confirmation that in view of the fact that PureWick has identified the PureWick products that have been marked and the dates on which marking began, Sage would provide the full scope of the requested discovery, which seeks the full historical sales data for the Accused Products, including the first sales of the Accused Products. You stated that you believe that the information regarding marking that has been produced to date is not sufficient, and Sage refuses to provide the sales related information requested by PureWick's Interrogatory No. 1 for any time period prior to the filing of the Complaint. The parties appear to be at an impasse and PureWick plans to raise this dispute with the Court.

**PureWick Request Nos. 31-34, 39, 41, and 76-78**:   Sage has responded to these requests by stating that it will produce documents and information only on which intends to rely. During the meet and confer, you reiterated that this continues to be Sage's position.  Consequently, by way of example, in response to Request No. 32 seeking documents "relating to any investigation, opinion, evaluation, search, study, or analysis, whether oral or written, concerning the infringement, noninfringement, validity, invalidity, unenforceability, patentability, or unpatentability of any claim of the Patents- in-Suit," Sage will not search for documents concerning any evaluation of infringement that do not support Sage's positions.  As another example, Request No. 33 seeks documents "relating to any objective indicia of obviousness or nonobviousness of any claim of the Patents-in-Suit," but Sage will not search for documents reflecting commercial success of or a long-felt need for the claimed inventions because such documents do not support Sage's positions.  The parties appear to be at an impasse and PureWick plans to raise this dispute with the Court.

**PureWick Request No. 66**:  PureWick Request No. 66 seeks "Documents and Things relating to the market for the Accused Products, including competitive analyses, market projections and market projection models, projected market penetration and market share studies, market surveys, customer satisfaction surveys, industry reports, sales data, and forecasts."  We reiterated that this request is seeking documents and information related to the market of the Accused Products, as understood by Sage, that is not otherwise covered by the narrower requests. You stated that Sage has incorporated its response to other requests (e.g., Request No. 53) in responding to Request No. 66, and that Sage is currently looking for responsive information such as market reports, third party analyst reports, etc. In view of this representation, to the extent Sage's production of documents related to the market of the Accused Products is deficient, we will revisit this dispute in the future if necessary.

Bryce R. Persichetti
July 28, 2020
Page 3

                                              Regards,

                                              */s/* Amanda K. Antons

                                              Amanda K. Antons