Exhibit G

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PUREWICK CORPORATION, | |
| Plaintiff/Counterclaim Defendant, | |
| v. | C. A. No. 19-1508-MN |
| SAGE PRODUCTS, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS TO
DEFENDANT FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-85)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant and

Counterclaim Plaintiff Sage Products, LLC ("Sage") hereby responds to Plaintiff's First Set of

Requests to Defendant for the Production of Documents and Things (Nos. 1-85).

**GENERAL OBJECTIONS**

1.      As Plaintiff has incorporated its Definitions and Instructions from Plaintiff's First

Set of Interrogatories (Nos. 1-6), Sage incorporates its general objections and specific objections

and responses to those requests.

2.      Sage objects to each of Plaintiff's requests, instructions, and definitions to the

extent they attempt to impose any obligations on Sage beyond and/or inconsistent with those set

forth in the Federal Rules of Civil Procedure, the District of Delaware Local Rules, the Default

Standard for Discovery Including Discovery of ESI ("Default Standard") including any

modifications thereafter agreed upon by the parties, the Court's January 9, 2020 Scheduling Order

("Case Scheduling Order"), the Court's February 12, 2020 Stipulated Protective Order ("Protective

Order"), or any Order of the Court. For example, Sage objects to Plaintiff's instruction to state in

writing in response to a request if Sage is not in possession of documents or things responsive to any one request. Sage also objects to Plaintiff's instruction to identify documents or things that are not presently in Sage's possession, custody, or control as well as Plaintiff's instruction to identify the Person in whose possession, custody, or control such documents or things were last known to reside. Sage further objects to the instruction that Sage identify any document or thing that has been "destroyed, transferred, or lost" and associated details in Plaintiff's Instruction No. 6, which is unbounded in time. Sage will produce relevant and responsive documents subject to its objections in its custody and control.

3.      Sage objects to Plaintiff's requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by law. Sage further objects to the extent that any request, definition, or instruction seeks logging of privileged information or communications generated after the filing of this lawsuit dated or any other category of information protected under Paragraph 1(d) of the Default Standard.

4.      Sage objects to the definitions of "Sage" and "Defendant" as overly broad and unduly burdensome and to the extent the definitions and instructions attempt to impose an obligation on Sage to produce, identify, or locate information or documents not in its possession, custody, or control through inclusion of individuals and entities other than Sage Products, LLC in the definition. Sage will only provide information within the possession, custody, and control of Sage.

5.      Sage objects to the definition of "Accused Product" as vague, overly broad, and unduly burdensome to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint (D.I. 9), as Plaintiff has not identified any other

2

"Accused Product" with any specificity and has not provided any relevant disclosures pursuant to the Case Scheduling Order or the Default Standard. Sage further objects to Plaintiff's requests as overly broad and unduly burdensome to the extent they seek technical information and documents for products not relevant to any claim or defense in this case. For example, "all versions and variations thereof" is vague and indefinite and overbroad and unduly burdensome. Sage is interpreting "Accused Product" to be the Sage product identified and depicted in Plaintiff's Amended Complaint, e.g., at Exhibit 4. Moreover, Sage incorporates by reference General Objection No. 17.

6.      Sage objects to the definition of "PureWick's Product" as vague and indefinite as PureWick has sold a variety of different products, including structurally different products, under the name "PureWick FEC Solution." Unless PureWick further clarifies its definition of "PureWick's Product," "the PureWick Product" referenced herein shall mean the PureWick System including the PureWick Female External Catheter depicted on https://www.purewickathome.com/ as of March 23, 2020.

7.      Sage objects to the definition of "Prior Art" as vague and indefinite. Sage will interpret "Prior Art" to the best of its understanding of the term as used in the context of patent law.

8.      Sage objects to Plaintiff's requests to the extent they seek information not relevant to a claim or defense or to the subject matter of this litigation or not proportional to the needs of the case, considering the importance of the issues at stake, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

9.      Sage objects to Plaintiff's requests as unduly burdensome to the extent that they seek discovery of information already within the possession, custody, and control of Plaintiff or Plaintiff's counsel or information that is available from public sources.

10.     Sage objects to Plaintiff's requests as overly broad and unduly burdensome and to the extent the definitions and instructions attempt to impose an obligation on Sage to produce, identify, or locate documents not in its possession, custody, or control through inclusion of individuals and entities other than Sage Products, LLC. Sage will only produce information within the possession, custody, and control of Sage Products, LLC.

11.     Sage objects to Plaintiff's requests to the extent they require the production of "all" documents under circumstances in which a subset of all documents would be sufficient to show the pertinent information.

12.     Sage objects to each request to the extent that it does not seek representative examples of documents or to the extent it seeks more than a single copy of the same document.

13.     Sage objects to Plaintiff's requests to the extent they seek information that is subject to non-disclosure agreements, confidentiality agreements, court protective orders, or other obligations of confidentiality including, for example, patient medical records, to the extent Plaintiff's requests seek production of such information in a manner inconsistent with such non-disclosure agreement, confidentiality agreement, court protective order, and/or another obligation of confidentiality. Sage will provide responsive, non-privileged, confidential information and documents pursuant to the Protective Order in accordance with its obligations of confidentiality.

14.     Sage objects to Plaintiff's requests to the extent they require Sage to review, search, identify, or collect documents and things from other litigations including documents and things in the possession of Sage's outside counsel.

15.     Sage objects to the extent that the request seeks information or communications relating to or with consultants or experts that have not filed a report pursuant the Federal Rules of Civil Procedure.

16.     Sage objects to Plaintiff's requests as overly broad and unduly burdensome to the extent they require searching and collection from custodians and data sources other than those identified in Sage's disclosures pursuant to Paragraph 3 of the Default Standard or any modification thereof agreed-upon by both Parties.

17.     Sage further objects to Plaintiff's requests to the extent they are unbounded in time and therefore seek irrelevant information. For example, Sage objects to Plaintiff's requests that seek documents prior to six years before the filing of the complaint to the extent such requests are not in accordance with Paragraph 4(e) of the Default Standard. Sage further objects to the extent the requests seek infringement-related or damages-related information regarding the PrimaFit® during a time period that predates the issuance of the Patents-In-Suit or prior to Sage receiving notice of the Patents-In-Suit by the filing of the Complaint. Sage will not provide infringement-related or damages-related information from prior to August 2019 at least until Plaintiff produces *prima facie* evidence of patent marking of the 508 Patent and 376 Patent.

18.     Sage objects to Plaintiff's requests as premature to the extent they seek production in advance of the timelines set forth in the Default Standard or the Case Scheduling Order. For example, expert-related discovery will proceed as required by the Case Scheduling Order.

19.     Sage objects to Plaintiff's requests to the extent they seek legal conclusions.

20.     Sage's investigation and preparation for trial in the above-captioned litigation is continuing and discovery in this action has just commenced. All responses to the following requests are based on information presently known to Sage after a reasonable effort to locate

documents called for by these requests. Thus, Sage's responses are based on preliminary information in its possession and Sage reserves the right to supplement its responses to the extent Sage learns of additional information that may develop or come to Sage's attention at a later time. In addition, Sage's objections as set forth herein are made without prejudice to Sage's right to assert any additional or supplemental objections should Sage discover additional grounds for such objections.

21.     Sage is willing to meet and confer to discuss its objections in a good faith attempt to resolve or narrow any differences between the parties.

## DOCUMENTS AND THINGS REQUESTED

1. Documents sufficient to show the structure, design, dimensions, materials, and operation of the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 1:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding the PrimaFit® that predates notice of any Patent-In-suit, making this request even more unduly burdensome. As another example, Sage objects to the extent that the request seeks irrelevant information such as the "dimensions" of any and all features of the PrimaFit® product despite any relevance to this case. Sage objects to this request to the extent it seeks information that is publicly available. Sage further objects to this request to the extent it

6

seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, representative documents sufficient to show the relevant structure, design, and operation of the PrimaFit® product located after a reasonable search will be produced.

2. All Documents and Things relating to the research, design, development, and testing of Defendant's Accused Product, including without limitation all lab notebooks, product specifications, drawings, prototypes, test specifications, and test results.

**RESPONSE TO DOCUMENT REQUEST 2:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents, for example, seeking all "test results" and "test specifications." It further requests "all" information on every aspect of "research, design, development, and testing" irrespective of its relevance to this case. For example, Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding the "design" of PrimaFit® that predates notice of any Patent-In-suit. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks

information in a form that is not kept in the ordinary course of business. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 1, 7 and 8. Subject to and without waiving any general or specific objections, representative documents sufficient to show the development, as well as the relevant structure, design, and operation of the PrimaFit® product located after a reasonable search will be produced.


3. All Documents and Things that refer or relate to the instructions for use of Defendant's Accused Product, including without limitation user manuals, instructional guides, training manuals, package inserts or labels.

**RESPONSE TO DOCUMENT REQUEST 3:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, "refer or relate" are overbroad in this context. Moreover, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding the PrimaFit® that predates notice of any Patent-In-suit, making this request even more unduly burdensome. Sage objects to this request to the extent it seeks information that is publicly available. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, representative documents sufficient to show the relevant structure, design, and operation of the PrimaFit® product, including

8

instructions for use and any user manuals, instructional guides, training manuals, and package inserts or labels, located after a reasonable search will be produced.


4. All Documents and Things concerning Defendant's rationale and reasons for creating and/or developing the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 4:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. Sage further objects to the request as unbounded in time. Sage objects to this request as vague and indefinite as "rationale and reasons for creating and/or developing" is vague and undefined. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks information in a form that is not kept in the ordinary course of business. Sage objects to the definition of "Defendant" to the extent that it includes any individual or corporate entity other than Sage Products, LLC. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, relevant, representative, non-privileged documents showing the development of the PrimaFit® product located after a reasonable search will be produced to the extent any exist.

5. Documents sufficient to show when Defendant began to research, design, develop, market, and sell the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 5:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage objects to the extent that "began to" perform recited actions is vague and indefinite. Sage objects to this request to the extent it seeks information in a form that is not kept in the ordinary course of business and cannot produce documents that do not exist in the requested form. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks information that is publicly available. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, relevant, representative, non-privileged documents showing the development of the PrimaFit® product and documents sufficient to show when Sage began marketing and sales of the PrimaFit® product located after a reasonable search will be produced to the extent any exist.

6. Documents sufficient to show the names of the individuals who participated in the research, design, and development of the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 6:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome and to the extent it seeks information that is not relevant to the

claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks information that is publicly available. Sage objects to this request to the extent it seeks information in a form that is not kept in the ordinary course of business and cannot produce documents that do not exist in the requested form. Subject to and without waiving any general or specific objections, relevant, non-privileged documents sufficient to identify persons who materially participated in relevant aspects of the research, design, and development of the PrimaFit® product located after a reasonable search will be produced to the extent any exist.

7. All Documents and Things relating to Defendant's research, design, development, or testing of an external female catheter, regardless of whether the catheter was ever commercialized, including without limitation all case studies, whitepapers, product comparisons or product specifications, test plans, or test results.

**RESPONSE TO DOCUMENT REQUEST 7:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Plaintiff's request for various types of information regarding any and all female catheters irrespective of relevance to this case (including items that are not the accused product, prior art, or design alternatives) is overly broad and unduly burdensome. Similarly, the request for "testing" for any and all external female catheter is overly broad and not relevant to claims or defenses of any party.

Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks infringement-related information regarding PrimaFit® that predates notice of the Patents-in-Suit. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. Sage objects to this request to the extent it seeks information that is publicly available. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 1 and 3. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, relevant, representative, non-privileged documents showing the development, as well as the relevant structure, design, and operation of the PrimaFit® product, and relevant information relating to prior art and any design alternatives located after a reasonable search will be produced to the extent any exist.

8. All Documents and Things concerning any specifications, instructions, standard operating procedures, analytical procedures, or other quality control or assurance standards or guidelines for the Accused Product, or any component used therein.

**RESPONSE TO DOCUMENT REQUEST 8:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, the request seeks all documents that concern a variety of other documents irrespective of relevance to this case. Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to the request as unbounded in time and to the extent

that Plaintiff seeks information regarding the PrimaFit® that predates notice of any Patent-In-suit, making this request even more unduly burdensome. Sage objects to this request as vague and indefinite, at least because the terms "analytical procedures, or other quality control or assurance standards or guidelines" are unclear and should be clarified by Plaintiff to the extent relevant information is sought. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 1 and 3. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, representative documents sufficient to show the relevant structure, design, and operation of the PrimaFit® product, including relevant PrimaFit® specifications, instructions for use, and standard operating procedures, located after a reasonable search will be produced.

9. All Documents and Things concerning any evaluation, criticism, complaint, or report relating to the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 9:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, every "evaluation, criticism, complaint, or report" relating to the PrimaFit® is overly broad and clearly encompasses information not relevant to this case. Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to the request as unbounded in time. Sage objects to this request as vague and indefinite, at least because the

terms "evaluation," "complaint," or "report" are not reasonably susceptible to precise definition in this context. Sage objects to this request to the extent it seeks information that is publicly available. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Due to the overbreadth and vagueness of this request, Plaintiff needs to narrow this request to identify precisely what information that it is seeking; nonetheless, subject to and without waiving any general or specific objections, documents sufficient to show the development, as well as the relevant structure, design, and operation of the PrimaFit® product, located after a reasonable search will be produced to the extent any exist.

10. All Documents and Things concerning any problems, difficulties, or delays that Defendant experienced in preparing to bring to market the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 10:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Plaintiff has not explained why every document about "problems, difficulties, or delays" in preparing to bring an accused product to market is relevant to this patent case. Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage objects to this request as vague and indefinite, at least because the terms or phrases "problems," "difficulties," or "delays" are not reasonably susceptible to precise definition in this context. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Due to the

overbreadth and vagueness of this request, Plaintiff needs to narrow this request to identify precisely what information that it is seeking and its relevance.

11. Documents sufficient to show the location of manufacture and manufacturing process for the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 11:**

In addition to the General Objections set forth above, Sage objects to this request as vague, indefinite, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, this request is overly broad and unduly burdensome because the phrase "manufacturing process for the Accused Product" is vastly overly broad and covers irrelevant information. Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks information in a form that is not kept in the ordinary course of business and cannot produce documents that do not exist in the requested form. Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding PrimaFit® that predates notice of the Patents-in-Suit. Subject to and without waiving any general or specific objections, representative documents sufficient to show the location of manufacture of the PrimaFit® product, as well as relevant, non-privileged, representative documents sufficient to show relevant aspects of the manufacturing of the PrimaFit® product, located after a reasonable search will be produced to the extent any exist.

12. All marketing materials, product brochures, patient materials, or advertisements for the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 12:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. For example, Plaintiff's request for "all marketing materials" which includes, for example, all product brochures, patient materials, and advertisements is overly broad and unduly burdensome. Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding the PrimaFit® that predates notice of any Patent-In-Suit. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents or information that is publicly available. Subject to and without waiving any general or specific objections, relevant, non-privileged, representative marketing materials for the PrimaFit® product located after a reasonable search will be produced.

13. All Documents and Things relating to any actual or perceived benefits of the Accused Product over other urinary catheter products.

16

**RESPONSE TO DOCUMENT REQUEST 13:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage objects to this request as vague and indefinite, at least because the terms or phrases "actual or perceived benefits" and "other urinary catheter products" are not defined. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Sage also objects to this request as duplicative of other Requests for Production, for example, Request No. 55. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, relevant, non-privileged, representative documents sufficient to show the relevant development of the PrimaFit® product and representative marketing materials for the PrimaFit® product, including documents related to benefits of the PrimaFit®, located after a reasonable search will be produced to the extent any exist.

14. All publications or articles relating to the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 14:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. Sage further objects to this request as overly broad, unduly burdensome, vague and indefinite to the extent "publications or articles" is not defined and could encompass any written material mentioning PrimaFit®. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, relevant, non-privileged, representative marketing materials for the PrimaFit® product and any formal publications or articles in third-party publications in Sage's possession located after a reasonable search will be produced to the extent any exist.

15. Ten samples of Defendant's Accused Product, including without limitation the original packaging and all written materials provided with Defendant's Accused Product.

**RESPONSE TO DOCUMENT REQUEST 15:**

In addition to the General Objections set forth above, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Subject to and without waiving any general or specific objections, Sage will produce for inspection five samples of the PrimaFit® product along with the original packaging at a time and place to be determined.

16. Two samples of each precursor or prototype of Defendant's Accused Product.

**RESPONSE TO DOCUMENT REQUEST 16:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Plaintiff has not explained why products not accused in this litigation are relevant to this patent case. Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage objects to this request as vague and indefinite, at least because the phrase "precursor or prototype" is not reasonably susceptible to precise definition in this context. Sage objects to this request to the extent it seeks information in a form that is not kept in the ordinary course of business. Sage further objects to this request to the extent it seeks documents or things which are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, relevant, representative, non-privileged documents showing the development of the PrimaFit® product located after a reasonable search will be produced to the extent any exist.

17. All Documents and Things relating to any effort, activity or other undertaking to duplicate, copy, modify or replicate any feature of PureWick's Product or the Patents-in-Suit.

**RESPONSE TO DOCUMENT REQUEST 17:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, requests relating to "any feature" are overly broad and irrelevant. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. Moreover, the request is further overbroad and premature as PureWick has not established that any PureWick product is covered by any asserted claim of any patent-in-suit. As another example, Sage objects to this request as vague and indefinite at least because "duplicate, copy, modify or replicate" is undefined. Moreover, the phrase "effort, activity or other undertaking to . . . modify . . . any feature of PureWick's Product or the Patents-In-Suit" appears to be nonsensical. Sage further objects to the request as unbounded in time, for example, to the extent it requests information before the issuance or existence of any patent or to the extent that PureWick's products were not marked with any patent. Sage incorporates its General Objection with respect to the term "PureWick's Product," which is vague and indefinite given the constantly-changing nature of PureWick's product design. Absent further clarification, "the PureWick Product" is understood to be the iteration of the female external catheter described in the General Objection. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, relevant, non-

20

privileged, representative documents showing the development of the PrimaFit® product, including any such development documents that reference the PureWick Product or the Patents-In-Suit, located after a reasonable search will be produced to the extent any exist.

18. All Documents and Things relating to Defendant's use of or reference to PureWick's Product or materials concerning PureWick's Product in the development of Defendant's Accused Product.

**RESPONSE TO DOCUMENT REQUEST 18:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, the request is overbroad and premature as PureWick has not established that any PureWick product is covered by any asserted claim of any patent-in-suit. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. Sage objects to this request as vague and indefinite, at least because the phrase "use of or reference to" is not reasonably susceptible to precise definition in this context. Sage also objects to this request as duplicative of other Requests for Production, for example, Request No. 17. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Sage incorporates its General Objection with respect to the term "PureWick's Product," which is vague and indefinite given the constantly-changing nature of PureWick's product design. Absent further clarification, "the PureWick Product" is understood to be the iteration of the female external catheter described in the General Objection. Subject to and without waiving any general

or specific objections, to the extent that this request can be understood, relevant, non-privileged, representative documents showing the development of the PrimaFit® product, including any such development documents that reference the PureWick Product, located after a reasonable search will be produced to the extent any exist.

19. All Documents and Things relating to any comparison between any element, aspect, or attribute of PureWick's Product and any element, aspect, or attribute of the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 19:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, not every "element, aspect, or attribute" of the products are at issue in this case and PureWick has not established that any PureWick product is covered by any asserted claim of any patent-in-suit. Sage further objects to this request as vague and indefinite, at least because the terms "element," "aspect," and "attribute" are not reasonably susceptible to precise definition in this context. Sage incorporates its General Objection with respect to the term "PureWick's Product," which is vague and indefinite given the constantly-changing nature of PureWick's product design. Absent further clarification, "the PureWick Product" is understood to be the iteration of the female external catheter described in the General Objection. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects

to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, relevant, non-privileged, representative documents showing the development of the PrimaFit® product as well as relevant, non-privileged, representative marketing materials for the PrimaFit® including any that reference the PureWick Product located after a reasonable search will be produced to the extent any exist.


20. All Documents and Things relating to any Communications between or among Defendant and the FDA regarding Defendant's Accused Product.

**RESPONSE TO DOCUMENT REQUEST 20:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, relevant, non-

privilege, representative documents constituting communications with the FDA regarding the PrimaFit® product located after a reasonable search will be produced to the extent any exist.

21. All Documents and Things relating to Defendant's due diligence with respect to the potential acquisition of PureWick.

**RESPONSE TO DOCUMENT REQUEST 21:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Plaintiff has not explained why every document about "Defendant's due diligence" is relevant to this patent case. As another example, Sage objects to this request as vague and indefinite, at least because the term "potential acquisition" is not reasonably susceptible to precise definition in this context. Sage objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Sage objects to the definition of "Defendant" to the extent that it includes any individual or corporate entity other than Sage Products, LLC. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, relevant, non-privileged, representative documents reflecting communications regarding a potential business relationship between Sage and PureWick located after a reasonable search will be produced to the extent any exist.

22. All Documents and Things relating to the July 5, 2016 Mutual Confidentiality Agreement ("the Agreement") between Plaintiff and Defendant, including without limitation all information, documents, and/or samples provided under the Agreement and Defendant's evaluations, analyses, and/or use of information, documents, and/or samples provided under the Agreement.

**RESPONSE TO DOCUMENT REQUEST 22:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Plaintiff has not explained why every document relating to the Mutual Confidentiality Agreement is relevant to this patent case. As another example, Sage objects to this request as vague and indefinite, at least because the phrase "provided under the agreement" and the terms "evaluations," "analyses," and "uses" are not reasonably susceptible to precise definition in this context. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Sage also objects to this request as duplicative of other Requests for Production, for example, Request No. 21. Sage objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, relevant, non-privileged, representative documents mentioning or constituting the confidentiality agreement and documents and things exchanged between PureWick and Sage, located after a reasonable search will be produced to the extent any exist.

23. All Documents and Things relating to the product samples Defendant received or ordered from Plaintiff on or about July 29, 2016 and/or August 6, 2016, including without limitation all lab notebooks, test specifications, and test results relating to the testing of the samples.

**RESPONSE TO DOCUMENT REQUEST 23:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 21 and 22. Sage also objects to this request to the extent it assumes product samples were "received or order from Plaintiff on or about July 29, 2016 and/or August 6, 2016." Sage objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, relevant, non-privileged, representative documents mentioning or constituting documents and things exchanged between PureWick and Sage located after a reasonable search will be produced to the extent any exist.


24. All Documents and Things relating to any meeting between Plaintiff and Defendant prior to the filing of the Complaint, including the July 21, 2016 meeting between Plaintiff and Defendant and August 6, 2016 meeting between Plaintiff and Defendant.

**RESPONSE TO DOCUMENT REQUEST 24:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims

or defenses of any party or not proportional to the needs of the case. For example, Plaintiff has not

explained why every document relating to "any meeting between Plaintiff and Defendant prior to

the filing of the Complaint" is relevant to this patent case. Sage further objects to this request as

overly broad and unduly burdensome to the extent that it requests "all" documents and things and

does not seek representative examples of the requested documents and things. Sage objects to this

request to the extent it seeks documents which are in the possession, custody or control of Plaintiff.

Sage also objects to this request as duplicative of other Requests for Production, for example,

Request No. 21. Sage also objects to this request to the extent it assumes that there were meetings

between Plaintiff and Defendant on the dates specified in the request. Sage objects to this request

to the extent it seeks information and documents that are protected by any applicable privilege,

including attorney-client privilege and/or work product immunity doctrine. Subject to and without

waiving any general or specific objections, relevant, non-privileged, representative documents

reflecting meetings between PureWick and Sage located after a reasonable search will be produced

to the extent any exist.


25. All Documents and Things relating to the product information, product photos, design
specifications, written descriptions, and/or design drawings that Plaintiff sent to Defendant
regarding PureWick's Product, including those sent on or about October 11, 2016.

**RESPONSE TO DOCUMENT REQUEST 25:**

In addition to the General Objections set forth above, Sage objects to this request as overly

broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims

or defenses of any party or not proportional to the needs of the case. For example, the request is

overbroad and premature as PureWick has not established that any PureWick product is covered

by any asserted claim of any patent-in-suit. Sage further objects to this request as overly broad and

unduly burdensome to the extent that it requests "all" documents and things and does not seek

representative examples of the requested documents and things. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Sage incorporates its General Objection with respect to the term "PureWick's Product," which is vague and indefinite given the constantly-changing nature of PureWick's product design. Absent further clarification, "the PureWick Product" is understood to be the iteration of the female external catheter described in the General Objection. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 21 and 22. Sage also objects to this request to the extent it assumes the requested documents and things were sent to Sage on the dates specified in the request. Sage objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, relevant, non-privileged, representative documents and things that PureWick sent to Sage regarding the PureWick Product located after a reasonable search will be produced to the extent any exist.

26. All Documents and Things relating to any patent applications that Plaintiff sent to, showed, or discussed with Defendant, including those sent on or about September 21, 2016 and/or October 11, 2016.

**RESPONSE TO DOCUMENT REQUEST 26:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Plaintiff has not explained why every document relating to "any patent application" which may include patent applications unrelated to the patents-in-suit is relevant to this case. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and

things and does not seek representative examples of the requested documents and things. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Sage further objects to the request as unbounded in time, making this request unduly burdensome. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 21, 22, and 25. Sage also objects to this request to the extent it assumes the requested documents and things were sent to, shown, or discussed with Sage on the dates specified in the request. Sage objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, Sage will produce relevant, non-privileged, representative documents mentioning or constituting documents and things exchanged between PureWick and Sage located after a reasonable search will be produced to the extent any exist.

27. All Documents and Things relating to Communications between Dr. Camille Newton and Mr. Jason Bobay, including those that occurred on or about October 27, 2016 and/or November 29, 2016.

**RESPONSE TO DOCUMENT REQUEST 27:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Plaintiff has not explained why every "[c]ommunication between Dr. Camille Newton and Mr. Jason Bobay" is relevant to this patent case (much less every document relating to every communication) and this clearly exceeds the scope of the Default Standard. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage objects to this

request to the extent it seeks documents which are in the possession, custody or control of Plaintiff. Sage further objects to the request as unbounded in time, making this request unduly burdensome. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 21 and 22. Sage also objects to this request to the extent it assumes there were communications between Dr. Camille Newton and Mr. Jason Bobay on the dates specified in the request. Sage objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, Sage will produce, to the extent they are not in Plaintiff's possession, relevant communications between PureWick and Sage, including between Dr. Camille Newton and Mr. Jason Bobay, located after a reasonable search to the extent any exist.

28. All Documents and Things relating to Communications between Plaintiff and Defendant regarding PureWick's Product.

**RESPONSE TO DOCUMENT REQUEST 28:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Plaintiff has not explained why every "[c]ommunication between Plaintiff and Defendant regarding PureWick's Product" is relevant to this patent case (much less every document relating to every communication) and this clearly exceeds the scope of the Default Standard. The request is also overbroad and premature as PureWick has not established that any PureWick product is covered by any asserted claim of any patent-in-suit. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek

representative examples of the requested documents and things. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Sage incorporates its General Objection with respect to the term "PureWick's Product," which is vague and indefinite given the constantly-changing nature of PureWick's product design. Absent further clarification, "the PureWick Product" is understood to be the iteration of the female external catheter described in the General Objection. Sage further objects to the request as unbounded in time, making this request unduly burdensome. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 21, 22, 25, and 27. Sage objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, Sage will produce, to the extent they are not in Plaintiff's possession, relevant, non-privileged, representative communications between PureWick and Sage regarding the PureWick Product located after a reasonable search to the extent any exist.

29. All Documents and Things relating to meeting agendas, meeting minutes, internal memoranda, newsletters, presentations, and other documents of Defendant's board of directors, board committees, or management referring to or relating to the Patents-in-Suit or PureWick.

**RESPONSE TO DOCUMENT REQUEST 29:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, this request is vastly overly broad and unduly burdensome because the phrase "All Documents and Things . . . referring to or relating to . . . PureWick" is overly broad in this context. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and

things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to the definition of "Defendant" to the extent that it includes any individual or corporate entity other than Sage Products, LLC. Subject to and without waiving any general or specific objections, relevant, representative, non-privileged documents that mention the Patents-In-Suit located after a reasonable search will be produced to the extent any exist.

30. All Documents and Things relating to the Patents-in-Suit, including without limitation analysis of the scope, validity, or enforceability of the claims, or the strength or value of the patents.

**RESPONSE TO DOCUMENT REQUEST 30:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, this request is overly broad and unduly burdensome because the phrase "All Documents and Things relating to the Patents-In-Suit" is vastly overly broad and could potentially include any document involving urinary catheters. As another example, Sage objects to this request as vague and indefinite, at least because the phrase "strength or value of the patents" is not reasonably susceptible to precise definition in this context. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage objects to this

request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature because discovery has just started in this case and, for example, Plaintiff has not yet provided an initial claim chart showing how the PrimaFit® product could possibly infringe as required by Paragraph 7 of the Case Scheduling Order. Sage further objects to this request as premature to the extent it seeks documents related to claim construction or any expert opinion. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, relevant, representative, non-privileged documents that mention the Patents-In-Suit located after a reasonable search will be produced to the extent any exist, and relevant prior art and documents supporting Sage's affirmative defenses and counterclaims will be produced at an appropriate time in discovery.

31. All Documents and Things supporting, refuting or otherwise relating to any contention by Defendant that the Patents-in-Suit are invalid, including without limitation all Documents and Things that Defendant contends are Prior Art to the Patents-in-Suit.

**RESPONSE TO DOCUMENT REQUEST 31:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage objects to this request to the extent it seeks documents which are in the

possession, custody or control of Plaintiff or third parties or information that is publicly available. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature because discovery has just started in this case and, for example, Plaintiff has not yet provided an initial claim chart showing how the PrimaFit® product could possibly infringe as required by Paragraph 7 of the Case Scheduling Order. Sage further objects to this request as premature to the extent it seeks documents related to claim construction or any expert opinion. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections representative, relevant prior art and documents supporting Sage's invalidity defenses will be produced at an appropriate time in discovery.

32. All Documents and Things relating to any investigation, opinion, evaluation, search, study, or analysis, whether oral or written, concerning the infringement, noninfringement, validity, invalidity, unenforceability, patentability, or unpatentability of any claim of the Patents- in-Suit.

**RESPONSE TO DOCUMENT REQUEST 32:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff. Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding PrimaFit® that predates notice of the Patents-in-Suit. Sage

34

further objects to this request as premature as discovery has just started in this case and no deadline has been set regarding waiver of privilege. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature because discovery has just started in this case and, for example, Plaintiff has not yet provided an initial claim chart showing how the PrimaFit® product could possibly infringe as required by Paragraph 7 of the Case Scheduling Order. Sage further objects to this request as premature to the extent it seeks documents related to claim construction or any expert opinion. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, representative, relevant, non-privileged documents that mention the Patents-In-Suit located after a reasonable search will be produced to the extent any exist, and relevant prior art and documents supporting Sage's affirmative defenses and counterclaims will be produced at an appropriate time in discovery.

33. All Documents and Things relating to any objective indicia of obviousness or non-obviousness of any claim of the Patents-in-Suit, including commercial success, long-felt need, acquiescence, skepticism, unexpected results, industry recognition or praise, copying, teaching away, and/or attempts by others.

**RESPONSE TO DOCUMENT REQUEST 33:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects

to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff, third parties, or are publicly available. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature because discovery has just started in this case and, for example, Plaintiff has not yet provided any evidence of nonobviousness. Sage further objects to this request as premature to the extent it seeks documents related to claim construction or any expert opinion. Subject to and without waiving any general or specific objections, Sage will produce relevant, non-privileged documents supporting Sage's affirmative defenses and counterclaims at an appropriate time in discovery.

34. All Documents and Things supporting, refuting or otherwise relating to any contention by Defendant that the Patents-in-Suit are unenforceable.

**RESPONSE TO DOCUMENT REQUEST 34:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or third parties or information that is publicly available. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request

as premature to the extent it seeks documents related to any expert opinion. Subject to and without waiving any general or specific objections, Sage will produce relevant, non-privileged documents supporting Sage's affirmative defenses and counterclaims at an appropriate time in discovery.

35. All Documents and Things relating to the named inventors of the Patents-in-Suit.

**RESPONSE TO DOCUMENT REQUEST 35:**

In addition to the General Objections set forth above, Sage objects to this request to the extent that it is overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or third parties or information that is publicly available. Subject to and without waiving any general or specific objections, representative, relevant, non-privileged documents that involve the subject matter of the Patents-In-Suit and mention Robert A. Sanchez, Camille R. Newton, Joseph M. Forehand, or Raymond J. Newton located after a reasonable search will be produced to the extent any exist.

36. All Documents and Things relating to PureWick's Product.

**RESPONSE TO DOCUMENT REQUEST 36:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims

or defenses of any party or not proportional to the needs of the case. For example, the request is overbroad and premature as PureWick has not established that any PureWick product is covered by any asserted claim of any patent-in-suit. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage incorporates its General Objection with respect to the term "PureWick's Product," which is vague and indefinite given the constantly-changing nature of PureWick's product design. Absent further clarification, "the PureWick Product" is understood to be the iteration of the female external catheter described in the General Objection. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Subject to and without waiving any general or specific objections, relevant, non-privileged, representative documents showing the development and marketing of the PrimaFit® product, including any documents that mention the PureWick Product, located after a reasonable search will be produced to the extent any exist.

37. All Documents and Things relating to Defendant's knowledge or awareness of the Patents-in-suit and/or any application(s) leading to the Patents-in-Suit.

**RESPONSE TO DOCUMENT REQUEST 37:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, PureWick has

not explained why knowledge of patent applications is relevant to this case. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to the definition of "Defendant" to the extent that it includes any individual or corporate entity other than Sage Products, LLC. Subject to and without waiving any general or specific objections, relevant, representative, non-privileged documents that mention the Patents-In-Suit, Patent Application Nos. PCT/US2016/049274, 15/171,968, 14/952,591, 14/947,759, or 14/625,469, or Provisional Patent Application Nos. 62/414,963, 62/485,578, 62/084,078, or 61/955,537 located after a reasonable search will be produced to the extent any exist.

38. All Documents and Things relating to Defendant's policies and procedures (whether formal, informal, written, or unwritten) for patent clearance of new products, technologies or projects.

**RESPONSE TO DOCUMENT REQUEST 38:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage objects to this request as vague and indefinite, at least because the phrase "clearance of new products, technologies or projects" is vague. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage objects to this request to the

39

extent it seeks information in a form that is not kept in the ordinary course of business and cannot produce documents that do not exist in the requested form. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to the definition of "Defendant" to the extent that it includes any individual or corporate entity other than Sage Products, LLC. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, any non-privileged written policies for patent clearance of products located after a reasonable search will be produced to the extent any exist.

39. All Documents and Things supporting, refuting or otherwise relating to any contention by Defendant that it does not infringe the Patents-in-Suit.

**RESPONSE TO DOCUMENT REQUEST 39:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage also objects to this request as duplicative of other Requests for Production, for example, Request No. 32. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature because discovery has just started in this case and, for

example, Plaintiff has not yet provided an initial claim chart showing how the PrimaFit® product

could possibly infringe as required by Paragraph 7 of the Case Scheduling Order. Sage further

objects to this request as premature to the extent it seeks documents related to claim construction

or any expert opinion. Sage further objects to the request as unbounded in time. Subject to and

without waiving any general or specific objections, non-privileged representative documents

supporting Sage's non-infringement defenses and counterclaims located after a reasonable search

will be produced at an appropriate time in discovery.


40. All Documents and Things relating to any effort, attempt, implementation, or
consideration by or for Defendant, to design around any claims of the Patents-in-Suit, including
without limitation the feasibility, cost, customer acceptance, and time for any such design around,
and any analysis or opinion of counsel.

**RESPONSE TO DOCUMENT REQUEST 40:**

In addition to the General Objections set forth above, Sage objects to this request as overly

broad and unduly burdensome to the extent it seeks information that is not relevant to the claims

or defenses of any party or not proportional to the needs of the case. For example, PureWick has

not established why "all" documents relating to various aspects of design alternatives including

the request for opinions of counsel relating to such designs are relevant to its case. Sage further

objects to this request as vague and indefinite, at least because the terms "feasibility," "cost,"

"customer acceptance," and "time" "for any such design around and any analysis or opinion of

counsel" are not reasonably susceptible to precise definition in this context. Similarly, "effort,

attempt, implementation, or consideration" is likewise vague. Sage further objects to this request

as overly broad and unduly burdensome to the extent that it requests "all" documents and things

and does not seek representative examples of the requested documents and things. Sage further

objects to this request as premature because discovery has just started in this case and, for example,

Plaintiff has not yet provided an initial claim chart showing how the PrimaFit® product could possibly infringe as required by Paragraph 7 of the Case Scheduling Order. Sage further objects to this request as premature to the extent it seeks documents related to claim construction or any expert opinion. Sage also objects to this request as duplicative of other requests including Request No. 30. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, non-privileged, relevant, representative documents related to design alternatives located after a reasonable search will be produced at an appropriate time in discovery.

41. All Documents and Things relating to any analysis, commentary, or recognition of the commercial success of PureWick's Product.

**RESPONSE TO DOCUMENT REQUEST 41:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. Sage further objects to the request as unbounded in time, making it further unduly burdensome. For example, Sage objects to this request as overly broad, unduly burdensome, vague and indefinite to the extent it assumes "commercial success" by any PureWick product at any point in time. The request is also overbroad and premature as PureWick has not established that any PureWick product is covered by any asserted claim of any patent-in-suit. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage incorporates its General

Objection with respect to the term "PureWick's Product," which is vague and indefinite given the constantly-changing nature of PureWick's product design. Absent further clarification, "the PureWick Product" is understood to be the iteration of the female external catheter described in the General Objection. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff, third parties, or are publicly available. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature because discovery has just started in this case and, for example, Plaintiff has not yet provided any evidence of nonobviousness. Sage further objects to this request as premature to the extent it seeks documents related to claim construction or any expert opinion. Sage also objects to this request as duplicative of other requests including Request No. 33. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, Sage will produce relevant, non-privileged documents on which it intends to rely relating to indicia of nonobviousness at an appropriate time in discovery.

42. All Documents and Things relating to any analysis, commentary, or recognition of deficiencies and/or needs met by PureWick's Product.

**RESPONSE TO DOCUMENT REQUEST 42:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, the request is overbroad and premature as PureWick has not established that any PureWick product is covered

by any asserted claim of any patent-in-suit. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage incorporates its General Objection with respect to the term "PureWick's Product," which is vague and indefinite given the constantly-changing nature of PureWick's product design. Absent further clarification, "the PureWick Product" is understood to be the iteration of the female external catheter described in the General Objection. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff, third parties, or are publicly available. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature to the extent it seeks documents related to any expert opinion. Sage also objects to this request as duplicative of other requests including Request No. 33. Sage further objects to the request as unbounded in time. Subject to and without waiving any general or specific objections, relevant, non-privileged, representative documents showing the development and marketing of the PrimaFit® product, including documents that mention the PureWick Product, located after a reasonable search will be produced to the extent any exist.

43. All Documents and Things relating to any U.S. or foreign patent or patent application concerning a catheter or vaginal catheter product that was prepared or filed by Defendant, or assigned or licensed to Defendant, whether pending, issued, abandoned, or unfiled.

**RESPONSE TO DOCUMENT REQUEST 43:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome to the extent it seeks information that is not relevant to the claims

or defenses of any party or not proportional to the needs of the case. For example, the request for "all documents and things" relating to any "U.S. or foreign patent[s] or patent application[s] concerning a catheter or vaginal catheter product" is overly broad. Sage further objects to the request as unbounded in time. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody, or control of third parties or which are publicly available. Subject to and without waiving any general or specific objections, relevant, non-privileged, representative documents showing the development of the PrimaFit® product as well as representative, relevant prior art and documents supporting Sage's affirmative defenses and counterclaims including invalidity defenses and counterclaims will be produced at an appropriate time in discovery.

44. All Documents and Things relating to any investigation, opinion, evaluation, search, study, or analysis, whether oral or written, of whether the manufacture, use, or sale of the Accused Product would infringe any claim of the Patents-in-Suit.

**RESPONSE TO DOCUMENT REQUEST 44:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request as overly broad and unduly burdensome to the

extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 32 and 39. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff. Sage further objects to this request as premature as discovery has just started in this case and no deadline has been set regarding waiver of privilege. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature because discovery has just started in this case and, for example, Plaintiff has not yet provided an initial claim chart showing how the PrimaFit® product could possibly infringe as required by Paragraph 7 of the Case Scheduling Order. Sage further objects to this request as premature to the extent it seeks documents related to claim construction or any expert opinion. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, representative, relevant, non-privileged documents that mention the Patents-In-Suit located after a reasonable search will be produced to the extent any exist, and documents supporting Sage's affirmative defenses and counterclaims including noninfringement defenses and counterclaims will be produced at an appropriate time in discovery

45. All Documents and Things relating to the scope of any claim of the Patents-in-Suit or the meaning, construction, or definition of any claim term of the Patents-in-Suit.

**RESPONSE TO DOCUMENT REQUEST 45:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome to the extent it seeks information that is not relevant to the claims

or defenses of any party or not proportional to the needs of the case. For example, all documents and things relating to "any claim term" is clearly overbroad as the claims use many common words and phrases. The request is also unbounded in time making it further overly broad and burdensome and encompassing irrelevant information. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or third parties or information that is publicly available. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature because discovery has just started in this case and, for example, Plaintiff has not yet identified the asserted claims or provided any of its claim construction positions. Sage further objects to this request as premature to the extent it seeks documents related to claim construction or any expert opinion. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, documents that Sage contends relate to the scope, meaning, construction, or definition of the asserted claims of the Patents-In-Suit will be produced at an appropriate time in discovery to the extent any exist.

46. All Documents and Things relating to the level of ordinary skill in the art pertinent to any claim of the Patents-in-Suit.

**RESPONSE TO DOCUMENT REQUEST 46:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad and unduly burdensome to the extent it seeks information that is not relevant to the claims

or defenses of any party or not proportional to the needs of the case. Specifically, the phrase "relating to the level of ordinary skill in the art pertinent to any claim of the Patents-in-Suit" is vague and indefinite in this context as it is unclear what documents Plaintiff is requesting to be produced. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. The request is also overbroad to the extent it seeks information about unasserted claims. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or third parties or information that is publicly available. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage objects to this request as duplicative of previous document requests including at least Request No. 45. Sage further objects to this request as premature because discovery has just started in this case and, for example, Plaintiff has not yet identified any asserted claims as required by the Case Scheduling Order. Sage further objects to this request as premature to the extent it seeks documents related to claim construction or any expert opinion.

47. Documents sufficient to identify each customer of an Accused Product.

**RESPONSE TO DOCUMENT REQUEST 47:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to

the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage objects to the request seeking documents sufficient to identify "each customer" as overly broad and unduly burdensome and not appearing to relate to any claim or defense. For example, Sage has identified no damages theory that would require customer-specific data. Sage objects to this request to the extent it seeks information in a form that is not kept in the ordinary course of business and cannot produce documents that do not exist in the requested form. Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding the PrimaFit® that predates notice of any Patent-In-suit, making this request even more unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, Sage will produce documents reflecting cumulative sales data for the PrimaFit® product for the relevant time period at an appropriate time in discovery.


48. All Documents and Things relating to any presentations, training manuals or training programs for Defendant's sales people to assist them in selling to customers.

**RESPONSE TO DOCUMENT REQUEST 48:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, the request is not limited to "any presentations, training manuals or training programs for" but rather anything "relating" to those category of items. Sage further objects to the request as unbounded in time. The request is also unduly broad and burdensome as it is not limited to any particular product and seems to request every sales training material for every product sold by

Sage at any time. As another example, this request is vague and indefinite at least because the phrase "training programs" is not reasonably susceptible to precise definition in this context. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, non-privileged relevant, representative sales training materials for the PrimaFit® product, including any presentations and training manuals for Sage's sales people, located after a reasonable search will be produced to the extent any exist.

49. All Documents and Things relating to labeling, marketing, promotion, or advertising for the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 49:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Moreover, Sage objects to the term "labeling" as vague since the product is not a pharmaceutical and it is unclear what is being referred to in this context. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to this request to the extent it seeks information and documents that are protected

by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding PrimaFit® that predates notice of the Patents-in-Suit. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, non-privileged, relevant, representative marketing literature and sales training materials for the PrimaFit® product located after a reasonable search will be produced to the extent any exist.

50. Documents sufficient to show any training relating to the Accused Product that has been provided to a third party by or on behalf of Defendant.

**RESPONSE TO DOCUMENT REQUEST 50:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. The word "training" is vague and indefinite in this context. For example, this request is overly broad and unduly burdensome as it seems to request information on "training" on every single product provided to a third party. To the extent that the request seeks general "training" information, the request is duplicative of Request No. 48. Sage also incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding PrimaFit® that predates notice of the Patents-in-Suit. Sage objects to this request to the extent it seeks information in a form that is not kept in the ordinary course of business and cannot produce documents that do not exist in the requested form. Sage further objects to this request to the extent it seeks information

and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Until Plaintiff clarifies or narrows this request, Defendant is unable to respond at this time; nonetheless, subject to and without waiving any general or specific objections, to the extent that this request can be understood, non-privileged, relevant, representative sales training materials for the PrimaFit® product, including presentations and training manuals, located after a reasonable search will be produced to the extent any exist.

51. Past and present organizational charts sufficient to show Defendant's organizational structure and the names, positions, titles, duties, and reporting relationships of directors, officers, employees, and other personnel in any groups, divisions, or departments who have or have had responsibility for or duties related to the research, design, development, testing, manufacture, repair, distribution, operation, sales, marketing, promotion, advertising, licensing, competitive analysis, or enforcement of any subject matter relating to the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 51:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. As another example, this request is vague and indefinite at least because the terms "competitive analysis," "enforcement," and "any subject matter relating to the Accused Product" are not reasonably susceptible to precise definition in this context. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage objects to this request to the extent it seeks information in a form that is not kept in the ordinary course of business and cannot produce documents that do not exist in the requested form. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege,

including attorney-client privilege and/or work product immunity doctrine. Sage objects to the definition of "Defendant" to the extent that it includes any individual or corporate entity other than Sage Products, LLC. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, a representative Sage organizational chart will be produced to the extent any exist.

52. All Documents and Things relating to Defendant's business plans, strategic plans, marketing plans, consultant reports, or strategy reviews concerning the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 52:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. As another example, this request is vague and indefinite at least because the phrases "business plans," "strategic plans," "marketing plans," "consultant reports," and "strategy reviews" are not reasonably susceptible to precise definition in this context. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time making the request even more broad. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Until Plaintiff clarifies what is requested by this request, the specific time frame of the request, and the relevance of the request, Sage is unable to respond to this request; nonetheless, subject to and without waiving any

general or specific objections, to the extent that this request can be understood, relevant marketing

and business plans for the PrimaFit® product located after a reasonable search will be produced to

the extent any exist.


53. All Documents and Things relating to any marketing, distribution, sales, or offers for sale of the Accused Product by Defendant, including any financial projections, market share projections, marketing plans, business plans or strategic plans concerning the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 53:**

In addition to the General Objections set forth above, Sage objects to this request as vague,

ambiguous, and to the extent it seeks information that is not relevant to the claims or defenses of

any party or not proportional to the needs of the case. For example, the request seeks every

document relating to marketing, sale, distribution, and offers for sale of the PrimaFit® product and

is thus extremely overbroad. Sage incorporates its General Objection with respect to the term

"Accused Product" to the extent that it includes products other than Sage's PrimaFit® product

identified in Plaintiff's Amended Complaint. As another example, this request is vague and

indefinite at least because the phrases "business plans," "strategic plans," and "marketing plans"

are not reasonably susceptible to precise definition in this context. Sage further objects to this

request as overly broad and unduly burdensome to the extent that it requests "all" documents and

things and does not seek representative examples of the requested documents and things. Sage

further objects to the request as unbounded in time and to the extent that Plaintiff seeks information

regarding PrimaFit® that predates notice of the Patents-in-Suit. Sage objects to the definition of

"Defendant" to the extent that it includes any individual or corporate entity other than Sage

Products, LLC. Sage also objects to this request as duplicative of other Requests for Production,

for example, Request Nos. 12, 49, 52, 55, 57, 58, and 66. Sage further objects to this request to the

extent it seeks information and documents that are protected by any applicable privilege, including

attorney-client privilege and/or work product immunity doctrine. Due to the overbreadth, vagueness, and duplicative nature of this request, Plaintiff needs to narrow this request to identify precisely what information that it is seeking and Sage otherwise incorporates its responses to Document Request Nos. 12, 49, 52, 55, 57, 58, and 66.

54. All Documents and Things that show or relate to any competitive or market analysis regarding PureWick's Product or the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 54:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. The request is overbroad and premature as PureWick has not established that any PureWick product is covered by any asserted claim of any patent-in-suit. Sage incorporates its General Objection with respect to the term "PureWick's Product," which is vague and indefinite given the constantly-changing nature of PureWick's product design. Absent further clarification, "the PureWick Product" is understood to be the iteration of the female external catheter described in the General Objection. As another example, this request is vague and indefinite at least because the phrases "competitive analysis" and "market analysis" are not reasonably susceptible to precise definition in this context. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time and is not focused on relevant alleged damages-related information. Sage

also objects to this request as duplicative of other Requests for Production, for example, Request

Nos. 61 and 66. Sage further objects to this request to the extent it seeks information and

documents that are protected by any applicable privilege, including attorney-client privilege and/or

work product immunity doctrine. Sage objects to this request to the extent it seeks documents or

information that are publicly available. Subject to and without waiving any general or specific

objections, to the extent that this request can be understood, relevant, non-privileged,

representative documents constituting comparative analysis of the PureWick product and the

PrimaFit® product located after a reasonable search will be produced to the extent any exist.


55. All Documents and Things comparing the Accused Product to any competitive
products, including without limitation sales and engineering documents.

**RESPONSE TO DOCUMENT REQUEST 55:**

In addition to the General Objections set forth above, Sage objects to this request as overly

broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims

or defenses of any party or not proportional to the needs of the case. For example, Sage

incorporates its General Objection with respect to the term "Accused Product" to the extent that it

includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended

Complaint. Sage objects because the phrase "any competitive products" is vague and indefinite

and not defined by Plaintiff. Sage further objects to this request as overly broad and unduly

burdensome to the extent that it requests "all" documents and things and does not seek

representative examples of the requested documents and things. Sage further objects to the request

as unbounded in time. Sage further objects to this request to the extent it seeks information and

documents that are protected by any applicable privilege, including attorney-client privilege and/or

work product immunity doctrine. Sage objects to this request to the extent it seeks documents

which are in the possession, custody or control of Plaintiff or information that is publicly available.

Sage also objects to this request as duplicative of other Requests for Production, for example,

Request Nos. 13 and 54. Subject to and without waiving any general or specific objections, to the

extent that this request can be understood, Sage will produce relevant, non-privileged,

representative documents constituting comparative analyses of the PrimaFit® product and other

products; representative marketing literature for the PrimaFit® product referencing other products;

and documents showing the development and marketing of the PrimaFit® product, including

representative documents related to products that may compete with the PrimaFit® product, located

after a reasonable search to the extent any exist.


56. All Documents and Things relating to license agreements, settlement agreements, covenants-not-to-sue, license proposals or license negotiations concerning patents or technology used in the Accused Product, relating to catheters, or comparable to the Patents-in-Suit.

**RESPONSE TO DOCUMENT REQUEST 56:**

In addition to the General Objections set forth above, Sage objects to this request as overly

broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims

or defenses of any party or not proportional to the needs of the case. For example, the request for

information relating to "license agreements, settlement agreements, covenants-not-to-sue, license

proposals or license negotiations concerning patents or technology used in the Accused Product,

relating to catheters, or comparable to the Patents-in-Suit" is overly broad and unduly burdensome

and seeks information that is not relevant to the claims or defenses of any party and is not

proportional to the needs of this case. Sage objects because the phrase "comparable to the Patents-

in-Suit" is vague and indefinite and not defined by Plaintiff. Sage further objects to this request as

overly broad and unduly burdensome to the extent that it requests "all" documents and things and

does not seek representative examples of the requested documents and things. Sage further objects

to this request as premature to the extent it seeks documents related to any expert opinion. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of third parties or information that is publicly available. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, relevant, non-privileged patent licenses, settlement agreements, and covenants-not-to-sue for the PrimaFit® product and products that involve technology comparable to that identified in the asserted claims located after a reasonable search will be produced at an appropriate time in discovery to the extent any exist.

57. All Documents and Things relating to the manufacture, distribution, or sale of the Accused Product by Defendant.

**RESPONSE TO DOCUMENT REQUEST 57:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding PrimaFit® that predates notice of the Patents-in-Suit. Sage also objects to this request as duplicative of other Requests for Production, for

example, Request Nos. 11, 12, 49, 52, 53, 55, and 58. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Due to the overbreadth, vagueness, and duplicative nature of this request, Plaintiff needs to narrow this request to identify precisely what information that it is seeking and Sage otherwise incorporates its responses to Document Request Nos. 11, 12, 49, 52, 53, 55, and 58.

58. All Documents and Things relating to any Communication between Defendants and any third party concerning the manufacture or potential manufacture, distribution, or sale of the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 58:**

In addition to the General Objections set forth above, Sage objects to this request as vague, indefinite, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. As another example, the request for documents and things relating to every communications between Defendant and any third party concerning any issue relating to any aspect of "the manufacture or potential manufacture, distribution, or sale of the Accused Product" is overly broad and unduly burdensome and seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of this case. Sage objects because the phrase "potential manufacture" is vague and indefinite and not defined by Plaintiff. Sage further objects to the request as unbounded in time making it further overbroad. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 11, 12, 49, 52, 53, 55, and 57. Sage further objects to this request to the extent it seeks information

and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of third parties or information that is publicly available. Due to the overbreadth, vagueness, and duplicative nature of this request, Plaintiff needs to narrow this request to identify precisely what information that it is seeking and Sage otherwise incorporates its responses to Document Request Nos. 11, 12, 49, 52, 53, 55, and 57.

59. All Documents and Things relating to any agreement or contract concerning the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 59:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. As another example, the request for information relating to any aspect of "any agreement or contract concerning the Accused Product" is overly broad and unduly burdensome and seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of this case. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or

work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of third parties or information that is publicly available. Sage also objects to this request as duplicative of other Requests for Production, for example, Request No. 56. Subject to and without waiving any general or specific objections, relevant, non-privileged patent licenses, settlement agreements, and covenants-not-to-sue for the PrimaFit® product located after a reasonable search will be produced to the extent any exist.

60. All Documents and Things relating to any actual, planned, or contemplated Communication between Defendant and any medical doctor, pharmacist, hospital, nurse, health maintenance organization, insurance company, or trade association concerning the Accused Product or PureWick's Product.

**RESPONSE TO DOCUMENT REQUEST 60:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, the request seeks every document relating to every communication (or planned or contemplated communications) regarding any aspect of the PrimaFit® product, which is clearly overbroad. Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. The request is overbroad and premature as PureWick has not established that any PureWick product is covered by any asserted claim of any patent-in-suit. Sage incorporates its General Objection with respect to the term "PureWick's Product," which is vague and indefinite given the constantly-changing nature of PureWick's product design. Absent further clarification, "the PureWick Product" is understood to be the iteration of the female external catheter described in the General Objection. Sage further objects to this request as overly broad and unduly burdensome to the extent

that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding PrimaFit® that predates notice of the Patents-in-Suit. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Due to the overbreadth and vagueness of this request, Plaintiff needs to narrow this request to identify precisely what information that it is seeking.

61. All Documents and Things relating to any consumer survey or consumer analysis concerning the Accused Product or urinary catheters.

**RESPONSE TO DOCUMENT REQUEST 61:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, the request for information relating to "any consumer survey or consumer analysis concerning the Accused Product or urinary catheters" is overly broad and unduly burdensome and seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of this case. Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to this request as vague and indefinite at least because the phrase "consumer analysis" is not reasonably

susceptible to precise definition in this context. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 54 and 66. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents or information that are publicly available. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, any consumer survey or consumer analyses relating to the PrimaFit® product located after a reasonable search will be produced to the extent any exist.

62. All Documents and Things relating to any charges that the Accused Product infringes the intellectual property rights of any third party.

**RESPONSE TO DOCUMENT REQUEST 62:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of third parties or information that is publicly available. Sage also objects to this request as duplicative of other Requests for Production,

for example, Request Nos. 57 and 59. To the extent this request is not duplicative, the information

sought by this request is not relevant to the claims or defenses of any party and not proportional to

the needs of the case.


63. All Documents and Things relating to any insurance policy, contract, or agreement
obtained by or for Defendant concerning coverage for all or part of any potential infringement
liability associated with the sale of the Accused Product, including all insurance underwriting
documents, whether or not such policy, contract, or agreement was finally obtained.

**RESPONSE TO DOCUMENT REQUEST 63:**

In addition to the General Objections set forth above, Sage objects to this request as overly

broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims

or defenses of any party or not proportional to the needs of the case. For example, Sage

incorporates its General Objection with respect to the term "Accused Product" to the extent that it

includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended

Complaint. Sage further objects to this request as overly broad and unduly burdensome to the

extent that it requests "all" documents and things and does not seek representative examples of the

requested documents and things. Sage further objects to this request to the extent it seeks

information and documents that are protected by any applicable privilege, including attorney-client

privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks

documents which are in the possession, custody or of third parties or information that is publicly

available. Sage also objects to this request as duplicative of other Requests for Production, for

example, Request No. 59. Sage further incorporates its initial disclosures which indicate that "Sage

is not aware of any insurance agreement(s) described in Fed. R. Civ. P. 26(a)(1)(A)(iv)."

64. All Documents and Things relating to Defendant's policies and/or practices, whether formal or informal, written or otherwise, for licensing or valuing intellectual property, technology, or know-how.

**RESPONSE TO DOCUMENT REQUEST 64:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, this request is unduly burdensome because it requests information on any and all licensing or intellectual property evaluation practices regardless of subject matter, type of lawsuit, type of product or even time period. Moreover, the phrase "for licensing or valuing intellectual property, technology, or know-how" is vague and indefinite. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage further objects to the extent this request seeks documents not kept in the ordinary course of business. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, any formal licensing policies or intellectual property valuations relating to the subject matter of this lawsuit located after a reasonable search will be produced to the extent any exist.

65. Documents sufficient to show, on a monthly basis by customer, Defendant's unit sales, gross revenues, net revenues, gross profits, net profits, and costs for the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 65:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. As another example, Sage objects to the request seeking documents sufficient to show sales "on a monthly basis by customer" as overly broad and unduly burdensome and not appearing to relate to any claim or defense. As another example, this request is vague and indefinite at least because the phrases "gross revenues," "net revenues," "gross profits," and "costs" have not been defined by Plaintiff and are not reasonably susceptible to precise definition in this context including without expert discovery. Sage further objects to the request as unbounded in time, e.g., to the extent that Plaintiff seeks damages-related information regarding any Accused Product before providing notice of the Patents-In-Suit, making this request even more unduly burdensome. Sage objects to this request to the extent it seeks information in a form that is not kept in the ordinary course of business and cannot produce documents that do not exist in the requested form. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, Sage will produce documents reflecting cumulative sales data, revenue related data, and cost data for the PrimaFit® product for the relevant time period at an appropriate time in discovery.

66. All Documents and Things relating to the market for the Accused Products, including competitive analyses, market projections and market projection models, projected market penetration and market share studies, market surveys, customer satisfaction surveys, industry reports, sales data, and forecasts.

**RESPONSE TO DOCUMENT REQUEST 66:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, the request seeks every document "relating to the market" for the Accused Products. Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. As another example, this request is vague and indefinite at least because the terms and phrases "competitive analysis," "market projections," "market projection models," "market share studies," and "industry reports" are not reasonably susceptible to precise definition in this context. Sage further objects to the request as unbounded in time, making the request even more burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 12, 49, 52, 53, 54, 55, 61, and 72. Due to the overbreadth, vagueness, and duplicative nature of this request, Plaintiff needs to narrow this request to identify precisely what information that it is seeking and Sage otherwise incorporates its responses to Document Request Nos. 12, 49, 52, 53, 54, 55, 61, and 72.

67. Organizational charts or similar documents relating to the organization or location of anyone involved in the research, development, production, manufacture, marketing or sales of the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 67:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to the request as unbounded in time and to the extent that Plaintiff seeks information regarding PrimaFit® that predates notice of the Patents-in-Suit. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage also objects to this request as duplicative of other Requests for Production, for example, Request No. 51. Sage incorporates its response to Request No. 51 herein.

68. Documents sufficient to show Defendant's pricing for the Accused Product, including base prices and any discounts offered at any time.

**RESPONSE TO DOCUMENT REQUEST 68:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage further objects to the request as unbounded in time, e.g., to the extent that Plaintiff seeks damages-related information regarding any Accused Product before providing notice of the Patents-In-Suit, making this request even more unduly burdensome. Sage objects to this request to the extent it seeks information in a form that is not kept in the ordinary course of

business and cannot produce documents that do not exist in the requested form. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, Sage will produce documents reflecting cumulative sales data for the PrimaFit® product, including data that reflects unit sales and sales revenue, for the relevant time period located after a reasonable search at an appropriate time in discovery.

69. All Documents and Things relating to any determination by Defendant of the pricing or suggested pricing of the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 69:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, the request seeks "all" documents relating to "any determination" of pricing or suggested pricing for any customer at any time. Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage objects to this request as overly broad and unduly burdensome to the extent it requests "all" documents and does not seek representative examples of the requested documents. Sage further objects to the request as unbounded in time, e.g., to the extent that Plaintiff seeks damages-related information regarding any Accused Product before providing notice of the Patents-In-Suit, making this request even more unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product

immunity doctrine. Sage further objects to this request as duplicative of Request No. 68 and incorporates its response to Request No. 68.

70. All Documents and Things relating to data from third party providers regarding sales, prescriptions, or costs relating to the Accused Product and/or PureWick's Product.

**RESPONSE TO DOCUMENT REQUEST 70:**

In addition to the General Objections set forth above, Sage objects to this request as vague, indefinite, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, this request is vague and indefinite at least because the phrase "data from third party providers regarding sales, prescriptions, or costs" is not reasonably susceptible to precise definition in this context and it is unclear what a "third party provider" is referencing. Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. The request is overbroad and premature as PureWick has not established that any PureWick product is covered by any asserted claim of any patent-in-suit. Sage incorporates its General Objection with respect to the term "PureWick's Product," which is vague and indefinite given the constantly-changing nature of PureWick's product design. Absent further clarification, "the PureWick Product" is understood to be the iteration of the female external catheter described in the General Objection. Sage objects to this request as overly broad and unduly burdensome to the extent it requests "all" documents and does not seek representative examples of the requested documents. Sage further objects to the request as unbounded in time, e.g., to the extent that Plaintiff seeks damages-related information regarding any Accused Product before providing notice of the Patents-In-Suit, making this request even more unduly burdensome. Sage further objects to this

request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, unless and until Plaintiff clarifies what is meant by "data from third party providers regarding sales, prescriptions, or costs," this request cannot be addressed.

71. All Documents and Things relating to Defendant's actual or projected share of the market in which the Accused Product is sold.

**RESPONSE TO DOCUMENT REQUEST 71:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, the term "market" has not been defined by Plaintiff. Sage incorporates its General Objection with respect to the term "Accused Product" to the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's Amended Complaint. Sage also objects to this request as duplicative of other Requests for Production, for example, Request Nos. 53, 66, and 72. Sage further objects to the request as unbounded in time, e.g., to the extent that Plaintiff seeks damages-related information regarding any Accused Product before providing notice of the Patents-In-Suit, making this request even more unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Subject to and without waiving any general or specific objections, Sage will produce documents reflecting cumulative sales data for the PrimaFit® product for the relevant time period at an appropriate time

71

in discovery, as well as non-privileged, representative, market share information for the PrimaFit®
product, located after a reasonable search to the extent any exist.


72. All Documents and Things relating to Defendant's forecasted or projected sales for the
Accused Product.

**RESPONSE TO DOCUMENT REQUEST 72:**

In addition to the General Objections set forth above, Sage objects to this request as vague,
ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not
relevant to the claims or defenses of any party or not proportional to the needs of the case. For
example, Sage incorporates its General Objection with respect to the term "Accused Product" to
the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's
Amended Complaint. Sage further objects to the request as unbounded in time making this request
even more unduly burdensome. Sage further objects to this request to the extent it seeks
information and documents that are protected by any applicable privilege, including attorney-client
privilege and/or work product immunity doctrine. Sage also objects to this request as duplicative
of other Requests for Production, for example, Request Nos. 53, 66, and 71. Subject to and without
waiving any general or specific objections, non-privileged, representative, forecasted or project
sales of the PrimaFit® product located after a reasonable search will be produced to the extent any
exist.


73. All Documents and Things relating to each allegedly non-infringing alternative that
Defendant contends can be used as an alternative to each Asserted Patent.

**RESPONSE TO DOCUMENT REQUEST 73:**

In addition to the General Objections set forth above, Sage objects to this request as overly
broad, unduly burdensome, and as seeking information that is not relevant to the claims or defenses

of any party or not proportional to the needs of the case. Sage objects to this request to the extent

that the request prematurely seeks Sage's contentions before a substantial amount of discovery has

been completed in this case. Sage further objects to this request as premature because discovery

has just started in this case and, for example, the claims have not been construed and Plaintiff has

not yet provided an initial claim chart showing how the PrimaFit® product could possibly infringe

as required by Paragraph 7 of the Case Scheduling Order. Sage further objects to this request as

premature to the extent it seeks documents related to claim construction or any expert opinion.

Sage further objects to this request as overly broad and unduly burdensome to the extent that it

requests "all" documents and does not seek representative examples of the requested documents.

Sage further objects to this request to the extent it seeks information and documents that are

protected by any applicable privilege, including attorney-client privilege and/or work product

immunity doctrine. Sage objects to this request to the extent it seeks documents or information that

are publicly available. Sage also objects to this request as duplicative of other Requests for

Production, for example, Request No. 40. Subject to and without waiving any general or specific

objections, relevant, representative, non-privileged documents related to design alternatives

located after a reasonable search will be produced at an appropriate time in discovery.


74. All Documents and Things relating to the marketing and sale of the Accused Product, including relating to the use, importance, or demand for the Accused Product.

**RESPONSE TO DOCUMENT REQUEST 74:**

In addition to the General Objections set forth above, Sage objects to this request as vague,

ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not

relevant to the claims or defenses of any party or not proportional to the needs of the case. For

example, this request seeks "all" documents relating to "marketing" and "sale" of the Accused

Product. Sage incorporates its General Objection with respect to the term "Accused Product" to

the extent that it includes products other than Sage's PrimaFit® product identified in Plaintiff's

Amended Complaint. Sage further objects to this request as overly broad and unduly burdensome

to the extent that it requests "all" documents and things and does not seek representative examples

of the requested documents and things. Sage further objects to this request to the extent it seeks

information and documents that are protected by any applicable privilege, including attorney-client

privilege and/or work product immunity doctrine. Sage further objects to the request as unbounded

in time. Sage also objects to this request as duplicative of other Requests for Production, for

example, Request Nos. 12, 49, 52, 53, 54, 56, 61, and 66. Due to the overbreadth, vagueness, and

duplicative nature of this request, Plaintiff needs to narrow this request to identify precisely what

information that it is seeking and Sage otherwise incorporates its responses to Document Request

Nos. 12, 49, 52, 53, 54, 56, 61, and 66.


75. Documents sufficient to show Defendant's document retention and destruction policies
and procedures for the last five years, including policies and procedures with respect to hardcopy
documents, electronic documents, and automatic email deletion or backup.

**RESPONSE TO DOCUMENT REQUEST 75:**

In addition to the General Objections set forth above, Sage objects to this request as vague,

indefinite, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information

that is not relevant to the claims or defenses of any party or not proportional to the needs of the

case. Sage objects to this request to the extent it seeks information in a form that is not kept in the

ordinary course of business and cannot produce documents that do not exist in the requested form.

Sage further objects to this request to the extent it seeks information and documents that are

protected by any applicable privilege, including attorney-client privilege and/or work product

immunity doctrine. Sage objects to the definition of "Defendant" to the extent that it includes any

individual or corporate entity other than Sage Products, LLC. Sage further objects to the extent this request seeks information related to preservation of discoverable information mandated by the Court's orders and rules including the Paragraph 1(d)(iii) of the Default Standard. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, non-privileged documents sufficient to show any formal Sage document retention and destruction policies located after a reasonable search will be produced to the extent any exist.

76. All Documents and Things supporting, refuting or otherwise relating to any of the allegations, contentions, defenses, counterclaims and requested relief contained in any pleading filed by Defendant.

**RESPONSE TO DOCUMENT REQUEST 76:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For example, this request is overly broad and unduly burdensome because the phrase "All Documents and Things supporting, refuting or otherwise relating to" any "allegation" or "contention" in any pleading ever filed by Defendant" is vastly overly broad. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature because discovery has just started in this case and, for example, the claims have not

been construed and Plaintiff has not yet provided an initial claim chart showing how the PrimaFit®

product could possibly infringe as required by Paragraph 7 of the Case Scheduling Order. Sage

further objects to this request as premature to the extent it seeks documents related to claim

construction or any expert opinion. Sage also objects to this request as duplicative of other

Requests for Production, for example, Request Nos. 32, 34, 36, 44, and 77. Subject to and without

waiving any general or specific objections representative, non-privileged documents supporting

Sage's defenses and counterclaims located after a reasonable search will be produced at an

appropriate time in discovery.


77. For each defense, whether affirmative or otherwise, asserted by Defendant in this action, all Documents and Things supporting, refuting, or otherwise relating to such defense.

**RESPONSE TO DOCUMENT REQUEST 77:**

In addition to the General Objections set forth above, Sage objects to this request as overly

broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims

or defenses of any party or not proportional to the needs of the case. Sage further objects to this

request as overly broad and unduly burdensome to the extent that it requests "all" documents and

things and does not seek representative examples of the requested documents and things. Sage

further objects to the request as unbounded in time, making this request even more unduly

burdensome. Sage further objects to this request to the extent it seeks information and documents

that are protected by any applicable privilege, including attorney-client privilege and/or work

product immunity doctrine. Sage objects to this request to the extent that the request prematurely

seeks Sage's contentions before a substantial amount of discovery has been completed in this case.

Sage further objects to this request as premature because discovery has just started in this case and,

for example, the claims have not been construed and Plaintiff has not yet provided an initial claim

chart showing how the PrimaFit® product could possibly infringe as required by Paragraph 7 of the Case Scheduling Order. Sage further objects to this request as premature to the extent it seeks documents related to claim construction or any expert opinion. Sage objects to this request as duplicative of Request No. 76 and hereby incorporates its response to Request No. 76.


78. For each counterclaim asserted by Defendant in this action, all Documents and Things supporting, refuting, or otherwise relating to such counterclaim.

**RESPONSE TO DOCUMENT REQUEST 78:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature because discovery has just started in this case and, for example, the claims have not been construed and Plaintiff has not yet provided an initial claim chart showing how the PrimaFit® product could possibly infringe as required by Paragraph 7 of the Case Scheduling Order. Sage further objects to this request as premature to the extent it seeks documents related to claim construction or any expert opinion. Sage objects to this request as duplicative of Request No. 76 and hereby incorporates its response to Request No. 76.

79. All Documents and Things relating to Defendant's calculation of damages in this case.

**RESPONSE TO DOCUMENT REQUEST 79:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and things and does not seek representative examples of the requested documents and things. Sage further objects to the request as unbounded in time, making this request even more unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent that the request prematurely seeks Sage's contentions before a substantial amount of discovery has been completed in this case. Sage further objects to this request as premature because discovery has just started in this case and, for example, Plaintiff has not yet provided any damages theory of this case despite bearing the burden of proof on this issue. Sage further objects to this request as premature to the extent it seeks documents related to any expert opinion. Subject to and without waiving any general or specific objections representative, non-privileged documents supporting Sage's calculation of damages in this case located after a reasonable search will be produced at an appropriate time in discovery.

80. All documents that Defendant intends to rely on at trial or any hearing in this litigation.

**RESPONSE TO DOCUMENT REQUEST 80:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For

example, Sage objects to the phrase "intends to rely on" as vague, indefinite, overly broad and unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or third parties or information that is publicly available. Sage further objects to this request as premature because discovery has just started in this case and it is unknown at this time what "documents that Defendant intends to rely on at trial or any hearing." Subject to and without waiving any general or specific objections, to the extent that this request can be understood, documents that will be used at any proceeding in this action will be provided to Plaintiff at the appropriate time in this litigation.

81. All documents that Defendant or its counsel supplied to any declarant, witness, or expert for use in this litigation.

**RESPONSE TO DOCUMENT REQUEST 81:**

In addition to the General Objections set forth above, Sage objects to this request as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. Sage objects to the phrase "supplied . . . for use" as vague and indefinite. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage further objects to the request to the extent that it seeks information relating to experts that have not filed an expert report in this case or documents and things in contravention of Fed. R. Civ. P. 26(a)(2). Sage further objects to this request as premature because it seeks documents related to expert opinions and testimony in advance of the expert discovery schedule. Subject to and without waiving any general

or specific objections, consistent with the Federal Rules of Civil Procedure, non-privileged documents that are relied on by an expert that has submitted an expert opinion for this lawsuit will be identified at the appropriate time in litigation.

82. All Documents and Things that Defendant obtains through third-party discovery in connection with this litigation.

**RESPONSE TO DOCUMENT REQUEST 82:**

In addition to the General Objections set forth above, Sage objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or information that is publicly available. Sage objects to the definition of "Defendant" to the extent that it includes any individual or corporate entity other than Sage Products, LLC. Sage further objects to this request as premature because discovery has just started in this case and it is unknown at this time what documents and things that Defendant may obtain "through third-party discovery in connection with this litigation." Subject to and without waiving any general or specific objections, Sage anticipates that third parties will produce subpoenaed information to all parties in this litigation.

83. All Documents and Things that Defendant may use as an exhibit in any trial, hearing, submission to the court, or deposition in this litigation.

**RESPONSE TO DOCUMENT REQUEST 83:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. For

example, Sage objects to the phrase "may use" as vague, indefinite, overly broad and unduly burdensome. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff or third parties or information that is publicly available. Sage further objects to this request as premature because discovery has just started in this case and it is unknown at this time what "documents and things that Defendant may use as an exhibit in any trial, hearing, submission to the court, or deposition in this litigation." Sage objects to the extent that the request prematurely seeks impeachment documents or evidence. Subject to and without waiving any general or specific objections, to the extent that this request can be understood, documents used at any proceeding in this action will be provided to Plaintiff at the appropriate time in this litigation.

84. All Documents and Things identified or referred to in, or relied upon to prepare, Defendant's responses to any interrogatory in this litigation.

**RESPONSE TO DOCUMENT REQUEST 84:**

In addition to the General Objections set forth above, Sage objects to this request as vague and ambiguous at least because the phrase "relied upon to prepare" is not reasonably susceptible to precise definition in this context. Sage objects to this request to the extent it seeks documents which are in the possession, custody or control of Plaintiff. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage also incorporates by reference its general and specific objections in and responses to Plaintiff's First Set of Interrogatories (Nos. 1-6) as well as any subsequent interrogatory responses by Sage. Subject to

and without waiving any general or specific objections, to the extent that this request can be understood, Sage will produce the documents identified in its responses to Plaintiff's interrogatories in this case.

85. All Documents and Things for which identification is sought in any interrogatory served on Defendant in this litigation.

**RESPONSE TO DOCUMENT REQUEST 85:**

In addition to the General Objections set forth above, Sage objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the claims or defenses of any party or not proportional to the needs of the case. Sage further objects to this request as overly broad and unduly burdensome to the extent that it requests "all" documents and does not seek representative examples of the requested documents. Sage further objects to this request to the extent it seeks information and documents that are protected by any applicable privilege, including attorney-client privilege and/or work product immunity doctrine. Sage also incorporates by reference its general and specific objections from Sage's Responses to Plaintiff's First Set of Interrogatories (Nos. 1-6). Sage objects to this request as duplicative of Request No. 84. Subject to and without waiving any general or specific objections, Sage will produce the documents identified in its responses to Plaintiff's interrogatories in this case.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Samantha G. Wilson*

Of Counsel:

Robert A. Surrette
Sandra A. Frantzen
Christopher M. Scharff
Bryce R. Persichetti
McAndrews, Held & Malloy, Ltd
500 West Madison Street
Chicago, IL 60661
(312) 775-8000
bsurrette@mcandrews-ip.com
sfrantzen@mcandrews-ip.com
cscharff@mcandrews-ip.com
bpersichetti@mcandrews-ip.com

Dated: March 23, 2020

**26191702.1**

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant and Counterclaim
Plaintiff Sage Products, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Samantha G. Wilson, hereby certify that on March 23, 2020, I caused a true and correct

copy of the foregoing document to be served on the following counsel in the manner indicated:

### <u>BY E-MAIL</u>

John W. Shaw, Esquire
Karen E. Keller, Esquire
Nathan R. Hoeschen, Esquire
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street
12th Floor
Wilmington, DE 19801
*jshaw@shawkeller.com*
*kkeller@shawkeller.com*
*nhoeschen@shawkeller.com*

Steven C. Cherny, Esquire
Brian P. Biddinger, Esquire
Matthew A. Traupman, Esquire
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
*stevencherny@quinnemanuel.com*
*brianbiddinger@quinnemanuel.com*
*matthewtraupman@quinnemanuel.com*

Amanda K. Antons, Esquire
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
*amandaantons@quinnemanuel.com*

*Attorneys for Plaintiff/Counterclaim Defendant*

Dated:  March 23, 2020                    YOUNG CONAWAY STARGATT
                                          & TAYLOR, LLP


                                          */s/  Samantha G. Wilson*
                                          Anne Shea Gaza (No. 4093)
                                          Samantha G. Wilson (No. 5816)
                                          Rodney Square
                                          1000 North King Street
                                          Wilmington, DE 19801
                                          (302) 571-6600
                                          agaza@ycst.com
                                          swilson@ycst.com

                                          *Attorneys for Defendant and Counterclaim*
                                          *Plaintiff Sage Products, LLC*

25669520.1