# Exhibit H

 Cited
As of: July 7, 2020 9:30 PM Z

# LEVIT v. FILMWAYS, INC.

United States District Court for the District of Delaware

February 3, 1984

Civil Action No. 80-586 CMW

**Reporter**
1984 U.S. Dist. LEXIS 19775 *

JOSEPH H. LEVIT, Plaintiff, v. FILMWAYS, INC., Defendant.

**Counsel:  [*1]**  Joseph Rosenthal, Esquire and Norman M. Monhait, Esquire of Morris & Rosenthal, Wilmington, Delaware, Richard D. Greenfield, Esquire and March C. Panzer, Esquire of Greenfield & Chimicles, Bala Cynwyd, Pennsylvania, Paul M. Bernstein, Esquire and Jeffrey A. Klafter, Esquire of Bernstein, Litowitz, Berger & Grossmann of New York, New York, for Plaintiff.

Steven J. Rothschild, Esquire, Thomas Allingham, II, Esquire, Andrew J. Turezyn, Esquire and David J. Margules, Esquire of Skadden, Arpts, Slate, Meagher & Flom, Wilmington, Delaware, for Defendant.

**Opinion by:** WRIGHT

**Opinion**

OPINION

WRIGHT, Senior Judge.

Presently before the Court in this case is Defendant's Motion to compel more complete answers to Interrogatories 1, 2, 7, and 8 of Defendant's First Set of Interrogatories to Plaintiff.  Defendant also seeks an award of expenses and attorneys' fees incurred in making this Motion.  As set forth herein, the Court grants Defendant's Motion with respect to Interrogatories 1, 2(a), 2(b), and 8, and denies Defendant's Motion with respect to Interrogatories 2(c) and 7.  The Court defers consideration of Defendant's request for an award of expenses and attorneys' fees, without prejudice **[*2]** to

Defendant's right to renew its application for such expenses and fees upon completion of discovery or the trial in this case.

Before proceeding with an individual consideration of each interrogatory in dispute, the Court finds it necessary to comment on the dispute as a whole and the process of discovery in this case in general. This discovery dispute should never have reached a point where it necessitated the Court's intervention. Some of the interrogatories have been substantially answered by the Plaintiff and any dispute as to the need for supplemental answers should have been resolved by the parties. In those instances where the answers were substantially incomplete, the law leaves little doubt about the need for more complete answers.

This case has been plagued, in general, by discovery disputes, problems and delays. Discovery in this case has been ongoing now for over three years. The discovery cut-off date has been extended many times over and, despite a present cut-off date of February 29, 1984, the end is not in sight. To be sure, prolonged discovery in securities fraud cases may be necessary and certainly is not uncommon; nevertheless, there is a **[*3]** need to get this case on track.

INTERROGATORY NO. 1:

Defendant's Interrogatory No. 1 requests the Plaintiff to:

"State all facts upon which you rely in support of the allegations set forth in Paragraphs 9, 10, 11, 12, and 13 of the Complaint."

Plaintiff objects to this Interrogatory on the grounds that it is premature. Plaintiff contends that he has yet to complete his discovery and therefore, has yet to ascertain all the facts upon which he relies in support of his claims. Plaintiff also objects to the Interrogatory on the grounds that it is overly broad and burdensome, and that it seeks information that is protected by the work-product doctrine.

Plaintiff's objection that Interrogatory No. 1 is premature is without merit. As noted above, Plaintiff has been conducting discovery in this case now for over three years. It is certainly reasonable to expect Plaintiff to have developed some sort of factual basis for his claims by this stage of discovery. Although Plaintiff might later discover additional facts to support his claims, he must respond to Interrogatory No. 1, as well as Defendant's other Interrogatories, to the full extent of his present knowledge. **[*4]** See Lunn v. United Aircraft Corp., 25 F.R.D. 186 (D.Del. 1960). The fact that such responses might later prove to be incomplete does not provide a basis for failing to answer the Interrogatories. Rather, it creates an obligation to seasonably amend the initial responses with supplemental answers. See F.R.C.P. 26(e); Lunn v. United Aircraft Corp., supra.

Plaintiff's objection that Interrogatory No. 1 is overly broad and that it seeks information protected by the work-product doctrine is also without merit. The work-product doctrine does provide a shield against discovery of a party's preparation for litigation. It is also true that a party's factual contentions are the fruit of such preparation. However, if interpreted literally, the work-product doctrine would, in many instances, foreclose most all pretrial discovery. The courts and the Federal Rules have carved significant inroads into the doctrine so that pretrial discovery may be effective as a mechanism for identifying the issues in a case and insuring that a case is decided on its merits. To prohibit discovery

of a party's factual contentions would handcuff an opposing party in preparing his own case. For **[*5]** these reasons, courts have generally upheld the validity of contention interrogatories such as Interrogatory No. 1. See, e.g., Scovill Manufacturing Co. v. Sunbeam Corp., 61 F.R.D. 598 (D.Del. 1973); Sargent-Welch Scientific Co. v. Ventron Corp., 59 F.R.D. 500 (N.D. Ill. 1973); Rogers v. Tri-State Material Corp., 51 F.R.D. 234 (N.D. W.Va. 1970).

Subject to the aforementioned objections, Plaintiff has responded to Interrogatory No. 1 by stating that the requested information can be derived from the Defendant's own documents -- documents which the Defendant has previously produced to the Plaintiff and which the Plaintiff has made available for Defendant's inspection and copying. Plaintiff has also designated certain deposition testimony as containing information responsive to Interrogatory No. 1. In addition, Plaintiff has designed as responsive an internal memorandum previously produced by the Plaintiff to the Defendant under stipulation that such production shall not constitute a waiver of work-product immunity.

This answer to Interrogatory No. 1 is wholly inadequate. It is true that, under appropriate circumstances, a party may answer an interrogatory by specifying documents **[*6]** from which the requested information can be derived, particularly where the burden of deriving the information is substantially the same for the party serving the interrogatory as for the party answering it. See F.R.C.P. 33(c). However, it is generally inappropriate to provide this type of answer to a contention interrogatory such as Interrogatory No. 1. For unless the answer refers to documents that clearly state the factual contentions requested by the interrogatory, the party seeking such information is left to speculate about the other party's contentions. In essence, the answer is no answer at all.

The only document referred to in Plaintiff's Answer to Interrogatory No. 1 that might contain Plaintiff's factual contentions is the memorandum previously released to the Defendant by the Plaintiff. However, in addition to the fact that the memorandum is subject to a stipulation of work-product immunity, the memorandum has not been produced to the Court. As a result, the Court has no basis on which to determine the adequacy of the memorandum as a response to Interrogatory No. 1. Therefore, Plaintiff is hereby instructed to file a Supplemental Answer to Interrogatory **[*7]** No. 1 stating, to the best of Plaintiff's present knowledge and with reasonable specificity and detail, the factual basis of Plaintiff's claims.

INTERROGATORY NO. 2:

Defendant's Interrogatory No. 2 requests the Plaintiff to provide the following information:

"With respect to each fact supplied in your response to Interrogatory No. 1 hereof or upon which you otherwise rely in making your answer to such interrogatory:

(a) Identify each person who has knowledge of such fact;

(b) Identify each and every document which records, reflects, refers or relates to such fact; and

(c) Describe with particularity the details of any interview, meeting or other oral communication, whether or not you participated in such, concerning such fact."

Plaintiff objects generally to this Interrogatory on the grounds that it is overly broad and burdensome and that it seeks information that is more easily ascertainable by the Defendant than by the Plaintiff. In addition, Plaintiff objects to the Interrogatory on the grounds that it seeks information that is protected by the work-product doctrine.

With respect to Interrogatory Nos. 2(a) and 2(b), Plaintiff's claim of work-product [*8] immunity is without merit. Although, like Interrogatory No. 1, Interrogatory Nos. 2(a) and 2(b) seek disclosure of information which may be the fruit of Plaintiff's preparation for trial, the Interrogatories request no more than the identification of persons with knowledge of, and documents containing, information that Plaintiff believes supports his claims. Such Interrogatories are a corollary to contention interrogatories. As such, courts have consistently upheld their validity. See, e.g., Scovill Manufacturing Co. v. Sunbeam Corp., supra; Rogers v. Tri-State Material Corp., supra; United States v. Beatrice Foods Co., 52 F.R.D. 14 (D.Minn. 1971).

In contrast to Interrogatory Nos. 2(a) and 2(b), Interrogatory 2(c) does seek information protected by work-product immunity to the extent that it requests Plaintiff to describe in detail "any interview, meeting, or other oral communication" conducted or engaged in, in connection with this litigation. Such activities cut to the core of a party's preparation for trial. A detailed description of the substance of such interviews, meetings, and oral communications is clearly subject to work-product immunity, which may be overcome [*9] only upon a showing of hardship and substantial need. See, e.g., Hickman v. Taylor, 329 U.S. 495 (1947); Upjohn v. United States, 449 U.S. 383 (1981); 4 J.Moore, Moore's Federal Practice P26.64[1] at 26-413 (2d ed. 1983).

Interrogatory 2(c) does not seek information protected by the work-product doctrine to the extent that it requests information regarding interviews, meetings, and oral communications that do not relate to Plaintiff's trial preparation. However, in general, the Interrogatory is so broad that it is overly burdensome. Plaintiff's cursory answer to the Interrogatory, which identifies two depositions as the only interviews, meetings, or oral communications responsive to Defendant's request, might reflect this fact. The Court views Plaintiff's Answer as a reasonable answer to Interrogatory 2(c) in its present form. Defendant's Motion to Compel a more complete answer to Interrogatory No. 2(c) is therefore denied.

Notwithstanding Plaintiff's work-product objections, Plaintiff has answered Interrogatory No. 2(a) by stating the names of persons whom he believes to have knowledge of facts which support his claims. However, Plaintiff has failed to provide [*10] additional requested information such as the addresses of these persons. Plaintiff claims that this additional information is more easily ascertainable by Defendant than by Plaintiff because "virtually all" of the persons identified by Plaintiff are either currently or formerly associated with the Defendant in some professional capacity.

Plaintiff's objection is not without merit. However, the Court has been presented with few specific facts from which to determine the relative burden on each party of obtaining the additional information. Therefore, Plaintiff is hereby instructed to file a Supplemental Answer to Interrogatory No. 2(a) that provides any additional information within Plaintiff's knowledge or readily ascertainable by Plaintiff, that will help identify and locate persons (not limited to those previously identified) whom Plaintiff believes have knowledge of facts that support his claims. The Court expects

cooperation between the parties on this matter. It is not one that should demand the Court's time and attention.

Plaintiff has answered Interrogatory No. 2(b) by making a general reference to all documents previously produced to the Plaintiff by the [*11] Defendant. Notwithstanding the fact that the Defendant might be familiar with these documents, this answer to Interrogatory No. 2(b) is inadequate. Greater specificity is required in identifying exactly which documents contain information related to Plaintiff's contentions and claims. See, e.g., F.R.C.P. 33(c); Xerox Corp. v. International Business Machines Corp., 64 F.R.D. 367 (S.D.N.Y. 1974); Budget Rent-A-Car, Inc. v. Hertz Corp., 55 F.R.D. 354 (W.D. Mo. 1972). The Court, however, finds it inappropriate to render an opinion regarding the details of how to proceed with further discovery pursuant to Interrogatory No. 2(b), if such discovery is considered to be necessary by the Defendant. This is a matter that is best left for the parties to resolve. The parties are hereby instructed to do so.

INTERROGATORY NO. 7:

Defendant's Interrogatory No. 7 requests Plaintiff to:

"Identify each expert who has been retained or specifically employed by you in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial."

Plaintiff, in his answer to this Interrogatory, has claimed that the requested information is protected by the work-product [*12] doctrine. F.R.C.P. 26(b) (4) preempts prior case law regarding the discovery of expert witnesses. F.R.C.P. 26(c) (4) (B) provides that "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation" may be discovered only upon a showing of exceptional circumstances. However, F.R.C.P. 26(b) (4) does not set out guidelines governing the discoverability of the identity of experts retained or specially employed in anticipation of litigation. The cases are split on this question. This Court and others in the Third Circuirt have ruled that the identity of such experts may be discovered without a showing of exceptional circumstances. See, e.g., Sea Colony, Inc. v. Continental Insurance Co., 63 F.R.D. 113 (D.Del. 1974); Arco Pipeline Co. v. S/S Trade Star, 81 F.R.D. 416 (E.D. Pa. 1978).

If an expert has only been informally consulted, rather than retained or specially employed, in preparation for litigation, his identity, as well as his opinions and knowledge, may not be discovered under any circumstances. See Notes of the Advisory Committee on the 1970 Amendments to the Federal Rules of Civil Procedure, [*13] reprinted 48 F.R.D. 504. Whether an expert has been retained or specially employed, as opposed to only informally consulted, in connection with litigation is a factual question that is to be determined on a case by case basis. See Ager v. Jane C. Stormont Hospital & Training School for Nurses, 622 F.2d 496 (10th Cir. 1980). However, it should be noted that many courts have construed quite narrowly the category of experts who have been only informally consulted in connection with litigation. See, e.g., In Re Sinking of Barge "Ranger I", 92 F.R.D. 486 (S.D. Tex. 1981); Nemetz v. Aye, 63 F.R.D. 66 (W.D. Pa. 1974).

In a discussion between counsel for the parties occurring after Plaintiff filed his answers and objections to Defendant's Interrogatories, Plaintiff identified an accounting expert as the only person

who might need to be identified in response to Interrogatory No. 7. Plaintiff, in his brief in opposition to Defendant's Motion to Compel, contends however that the accounting expert has been only informally consulted in connection with this litigation, a contention that is disputed by Defendant in its briefs. This issue, however, is moot. Plaintiff has already **[*14]** identified this expert, which is all that the Defendant is entitled to discover even assuming that the expert has been retained or specially employed by the Plaintiff in connection with this case. Defendant's Motion to Compel with respect to Interrogatory No. 7 is therefore denied. Defendant shall not depose or interview the accounting expert, or conduct other discovery with respect to the expert, unless so authorized by further order of the Court.

INTERROGATORY NO. 8:

Defendant's Interrogatory No. 8 requests Plaintiff to:

"Identify each person whom you have interviewed in connection with this litigation, and identify each document which records, reflects, refers or relates to each such interview, or which was reviewed during such interview."

Plaintiff, in his Answer to this Interrogatory, has claimed that the requested information is protected by the work-product doctrine. Subject to this objection, Plaintiff has identified the depositions identified in his Answers to Interrogatory Nos. 1 and 2(c) as the only interviews conducted by Plaintiff in connection with this litigation. Subsequent to the filing of Plaintiff's Answers, Plaintiff's counsel, in a letter **[*15]** to Defendant's counsel, identified an additional person who "might conceivably" be viewed as having been interviewed by Plaintiff in connection with this case.

Interrogatory No. 8 does not run afoul of the work-product doctrine. In contrast to Interrogatory No. 2(c), Interrogatory No. 8 does not seek the details of interviews conducted by the Plaintiff. Rather, it requests only that the Plaintiff identify such interviews and identify related documents. It is true that by revealing this information, the Plaintiff might, to some extent, be forced to reveal his pattern of investigation and litigation strategy in this case. Nevertheless, as noted previosuly, this can be said of most all discovery. The policy goals underlying the work-product doctrine must be balanced against those underlying discovery. In this instance, the balance must be tipped in favor of discovery, as other courts have held. See, e.g., Chatman v. American Export Lines, Inc., 20 F.R.D. 176 (S.D.N.Y. 1956); Banana Distributors, Inc. v. United Fruit Co., 19 F.R.D. 493 (S.D.N.Y. 1956); 4 J.Moore, Moore's Federal Practice, P26.57[1] at 26-198 (2d ed. 1983).

As noted above, a letter from Plaintiff's **[*16]** counsel to Defendant's counsel does identify the one person, other than those deposed, whom Plaintiff's counsel believes could be viewed as having been interviewed by Plaintiff in connection with this litigation. However, this supplemental answer to Interrogatory No. 8 is potentially incomplete in that it does not identify any document "which records, reflects, refers or relates to each such interview." Therefore, Plaintiff is hereby instructed to file a Supplemental Answer to Interrogatory No. 8 that formally identifies the interview and any related documents.

An Order shall be entered consistent with this Opinion.

**End of Document**