

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Anne Shea Gaza**
P 302.571.6727
agaza@ycst.com

July 30, 2020

**BY CM/ECF**
The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:     *PureWick Corporation v. Sage Products, LLC.*, C.A. No. 19-1508-MN

Dear Judge Noreika:

Sage writes in response to PureWick's surprise discovery motion filed yesterday (D.I. 64), which is an improper attempt to counter Sage's properly-noticed and timely discovery motion (D.I. 65). Sage respectfully requests that the Court deny and strike PureWick's improper and prejudicial motion (D.I. 64) for failing to comply with the Scheduling Order's discovery dispute procedures. PureWick should not be allowed to hijack the hearing on Sage's properly-raised discovery issues with new eleventh-hour "disputes" of its own.

On July 1, pursuant to Paragraph 8(g) of the Scheduling Order (D.I. 56), Sage's counsel called the Court's Judicial Administrator (with PureWick's counsel) to schedule a hearing regarding two long-pending disputes over PureWick's discovery responses (Sage Interrogatory No. 6 and prior art). The two Sage disputes were identified and discussed during that call. No PureWick disputes were raised. The Judicial Administrator asked the parties to provide dates for a hearing on Sage's disputes. And, on July 2, Sage's counsel sent an email regarding "Sage's request for a discovery dispute hearing," providing the parties' availability. (Ex. 1). On July 6, a hearing date for Sage's disputes was set for August 4, with Sage's opening letter due yesterday and PureWick's response due today. (*Id.*; D.I. 59.)  Sage timely filed its letter. (D.I. 65.)

Surprisingly, yesterday, PureWick filed a letter brief regarding its own alleged "disputes." (D.I. 64.) The Scheduling Order, however, clearly requires that, prior to filing a discovery motion, the party "shall contact the Court's Judicial Administrator to schedule an argument" after undertaking efforts to resolve the dispute. (D.I. 56 at 5.) PureWick disregarded those requirements and never contacted the Judicial Administrator to schedule a hearing for its alleged disputes. Moreover, while Sage's discovery disputes were pending and discussed for months (*see* D.I. 65, Exs. 5-7), the parties never spoke about the "issues" in PureWick's letter brief until after Sage's August 4 hearing was scheduled. Even then, there it did not appear that any of the disputes PureWick raises were final. Indeed, Sage believed the parties were working towards resolving these newly-raised issues.

The very point of the procedures in the Scheduling Order is to avoid surprise discovery motions like PureWick's. Sage should have an opportunity to address fully PureWick's issues, once the disputes have crystallized, using the procedures required by the Scheduling Order.

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P  302.571.6600    F   302.571.3547    YoungConaway.com

The Honorable Maryellen Noreika
July 30, 2020
Page 2

       The Scheduling Order states that any "discovery motion filed without first complying with the . . . procedures will be denied without prejudice to renew pursuant to [the appropriate procedures]." (D.I. 56.) Accordingly, the Court should deny and strike PureWick's motion (D.I. 64). The August 4 hearing requested by Sage should only address the Sage matters set forth in Sage's discovery motion (D.I. 65), which Sage properly raised with the Judicial Administrator on July 1.

                                                                                         Respectfully,

                                                                                       */s/ Anne Shea Gaza*

                                                                                       Anne Shea Gaza (No. 4093)

cc:   All Counsel of Record (via E-Mail)

26845356.1