

John W. Shaw
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

**BY CM/ECF** August 3, 2020

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *PureWick Corp. v. Sage Products LLC*, C.A. No. 19-1508-MN

Dear Judge Noreika,

Plaintiff PureWick Corporation ("PureWick") respectfully submits this letter as directed by the Court's July 31, 2020 Oral Order. (D.I. 68).

**PureWick's Issues**

The issues raised in PureWick's August 29 Letter Brief were discussed by the parties during telephonic meet and confers on July 6, July 8 and July 23. I participated on behalf of PureWick in each of the discussions, along with Quinn Emanuel partner Brian Biddinger and Quinn Emanuel associates Amanda Antons and Nicola Felice. For defendant Sage Products LLC ("Sage"), the participants were Anne Gaza (Young Conaway), Bryce Persichetti and Christopher Scharff. Collectively, the meet and confers lasted for approximately 2 hours and 35 minutes.[1]

**PureWick Interrogatory No. 1**:

We discussed in good faith PureWick's Interrogatory No. 1 with Sage on July 6 and July 23. The call on July 6 lasted one hour. Our time records do not indicate the length of discussion of Interrogatory No. 1, but our collective recollection is that discussion of this issue consumed the first 15-20 minutes.[2] Sage clearly stated that it would not provide a response to Interrogatory No. 1 with respect to sales made prior to the filing of the Complaint unless and until PureWick provided *prima facie* evidence of marking prior to filing the Complaint.

---

[1] Each of the issues in PureWick's August 29 Letter Brief (D.I. 64), were first raised with Sage in a letter dated June 11, 2020. Ex. 1. Sage did not respond to that letter, and did not respond to PureWick's requests for a meet and confer until July 1.

[2] The balance of the July 6 call consisted of discussion of other issues with Sage's discovery responses. These issues were either resolved or adjourned for discussion on July 8 when the meet and confer continued. *See* D.I. 64, Ex. D.

SHAW KELLER LLP
Page 2

On July 23, 2020, the parties continued their discussion of Interrogatory No. 1. The call on July 23 lasted 20 minutes. Our time records do not indicate the length of discussion of Interrogatory No. 1, but our collective recollection is that discussion of this issue consumed 5 minutes of the call.[3]

**PureWick Interrogatory No. 5:**

We discussed in good faith PureWick's Interrogatory No. 5 with Sage on July 6. Our time records do not indicate the length of discussion of Interrogatory No. 5, but our collective recollection is that discussion of this issue consumed approximately 15-20 minutes.[4]

**PureWick Interrogatory No. 6:**

We discussed in good faith PureWick's Interrogatory No. 6 with Sage on July 6. Our time records do not indicate the length of the discussion, but our collective recollection is that discussion of this issue consumed approximately 10-15 minutes.[5]

**Document Request Nos. 31-34, 39, 41, and 76-78:**

We discussed in good faith these requests with Sage on July 8, 2020 and July 23, 2020.

The call on July 8 lasted one hour and 15 minutes.[6] Our time records do not indicate the length of discussion of these requests, but our collective recollection is that discussion of this issue consumed approximately 10-15 minutes.[7]

---

[3] The July 23 discussion concluded with Sage stating it would not respond to Interrogatory No. 1 with pre-suit sales data until it was satisfied that PureWick's document production on marking supported PureWick's contentions. *See* D.I. 64, Ex. F at 2.

[4] At the conclusion of the discussion, the parties agreed they were unable to resolve this dispute, and PureWick informed Sage that PureWick would raise the dispute with the Court. *See* D.I. 64, Ex. D at 2-3. Sage later confirmed that it was maintaining its objections and that it "understands that PureWick intends to seek the Court's guidance regarding Interrogatory No. 5." *Id.*, Ex. E at 3.

[5] After the meet and confer, Sage stated it only would "supplement its response to Interrogatory 6 as necessary after further discovery has been conducted including claim construction and expert discovery." D.I. 64, Ex. E at 3.

[6] The balance of the July 8 call consisted of discussion of other issues with Sage's discovery responses. These issues were either resolved or adjourned for future discussion. *See* D.I. 64, Ex. D.

[7] Initially PureWick understood Sage was not withholding documents responsive to these requests. D.I. 64, Ex. D at 5-6. On July 16, Sage responded that because "it cannot feasibly search for documents that refute its contentions," "Sage can only produce the documents responsive to these requests upon which it intends to rely." *Id.*, Ex. E at 6.

SHAW KELLER LLP
Page 3

PureWick raised the issue again for discussion during the parties' July 23 meet and confer. Our time records do not indicate the length of discussion of these requests during the July 23 call, but our collective recollection is that discussion of this issue consumed approximately 5-10 minutes.[8]

                                  Respectfully submitted,

                                  */s/ John W. Shaw*

                                  John W. Shaw (No. 3362)

cc:    Clerk of the Court (by CM/ECF)
        All counsel of record (by CM/ECF and e-mail)

---

[8] Sage confirmed during the call its position is that it will only produce documents and information responsive to these requests on which intends to rely. D.I. 64, Ex. F at 2.