

John W. Shaw
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

**BY CM/ECF**                                October 5, 2020

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *PureWick Corp. v. Sage Products LLC*, C.A. No. 19-1508-MN

Dear Judge Noreika,

      In accordance with the Court's oral Order (D.I. 76) setting a Discovery Dispute Telephone Conference for October 15, 2020, PureWick submits this opening letter identifying the discovery dispute that it has been unable to resolve following reasonable efforts to avoid judicial intervention. The parties have made reasonable efforts to resolve this dispute as required by Local Rule 7.1.1. *See* Exs. A-C.

      Sage's initial invalidity contentions are deficient. Specifically, in its contentions, Sage provides a chart for each of the asserted patents that divides each asserted claim of the patents into elements. *See* excerpts provided in Ex. D. For each element of each asserted claim Sage then identifies dozens of different references that allegedly support the contention that the cited reference discloses that element. So, if a reference appears under each element Sage contends that reference is anticipatory, stating that "where a single prior art reference in the charts includes each of the elements of the asserted claim (either expressly and/or inherently), the claimed invention is anticipated by that reference." Although this is a cumbersome way to contend anticipation, PureWick can put together which references Sage contends anticipate which claims. However, the same is not true with respect to obviousness.

      For obviousness, Sage contends that "[w]here a single prior art reference does not disclose all elements of a claim, the combination of that reference with one (or more) of the references disclosing the missing element(s), or the knowledge of an ordinarily skilled artisan, renders the claimed invention obvious." Thus, according to Sage, if a reference is not listed for a particular element of a claim, then the missing limitations can be provided by any of the dozens of other references that have been identified for that missing limitation. For example, if a reference is identified for elements A, C and D of a claim, but not element B, then Sage contends that the reference can be combined with one or more of the other references that were identified in element B. Sage, however, has not specifically identified even one such combination or explained how any references would be combined or why a person of ordinary skill in the art would have been motivated to make the combination.

      Plainly a party cannot make out an obviousness claim by merely generically referring to lists of references and contending that wherever a reference fails to disclose an element just patch that element from any other reference alleged to disclose the missing limitation(s). Even were Sage relying on a small number of prior art references, the charts they have provided for their contentions would be deficient. But the deficiency is even more glaring and prejudicial in view of the fact that

SHAW KELLER LLP
Page 2

Sage's contentions are close to 300 pages long and list 253 references for the '508 patent and 323 references for the '376 and '989 patents. *See* Ex. D. Moreover, for each limitation of each claim of those patents, Sage identifies dozens of references.

For example, in just the first limitation of Claim 1 of the '508 patent Sage identifies 44 separate references that allegedly disclose that limitation. The first limitation of Claim 1 of the '376 patent lists 75 separate references. And the first limitation of Claim 1 of the '989 patent lists 38 references.[1] Sage confirmed during the parties' September 1st Meet and Confer that the alleged obviousness combinations for each claim limitation include every reference cited for that limitation. That means, for example, that, assuming the obviousness combinations consist of only three references, there would be 15,180 different combinations of the 44 references listed in just the first limitation of claim 1 of the '508 patent. That figure also does not account for the obviousness combinations that allegedly render the claimed inventions obvious based on one or more of the listed references combined with the alleged background knowledge of an ordinary skilled artisan. And not only has Sage left open the door to potentially thousands of different combinations of references without specifying what those combinations are, but it also has failed to provide any explanation as to why a person of ordinary skill in the art would have been motivated to make those combinations – including combinations of references that are from entirely different fields. In far less egregious circumstances the Federal Circuit found that the plaintiff "lacked any type of 'clear notice' of the [] patent's invalidity by service of Cook's invalidity contentions" where the contentions listed ***thirty-one pieces of prior art*** as anticipatory references, and then stated that "[e]ach prior art reference disclosed above [in the list of thirty-two], either alone or in combination . . ., renders the asserted claims invalid as obvious.'" *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1179 (Fed. Cir. 2018) (emphasis added).

In the parties' correspondence concerning this issue, Sage asserted that the large number of prior art references was driven by the number of claims that PureWick is asserting. However, the number of references listed in Sage's contentions—576 in total—pales in comparison to the relatively small number of asserted claims here. PureWick has asserted 10 claims from the '508 patent, 11 claims from the '376 patent, and 6 claims from the '989 patent. *See Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 286 (D. Del. 2013) (ordering defendant to identify "no more than 40 prior art references" where the number of asserted claims was 30, and where even before plaintiff reduced its number of asserted claims to 30, defendant had charted only 19 of its prior art references for the 95 previously asserted claims). Moreover, even for the asserted independent claims, Sage has listed, for example, 100 different references for claim 1 of the '508 patent, 133 different references for claim 1 of the '376 patent, and 138 different references for claim 1 of the '989 patent. Thus, reduction of the number of asserted claims would have little or no impact on the number of references Sage has included in its contentions.

During the September 1st Meet and Confer, Sage seemed to argue that the breadth and vagueness of its contentions were appropriate given that these were only its initial infringement

---

[1] In addition to the prior art references that allegedly anticipate or render obvious PureWick's claim limitations, Sage also lists other prior art references that, according to Sage, allegedly establish the background knowledge of those of skill in the art at the relevant time.

SHAW KELLER LLP

Page 3

contentions. This Court has never recognized such a rule—indeed, contentions can be both preliminary and deficient. *See Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, 223 F. Supp. 3d 202, 205 (D. Del. 2016) (ordering defendant to supplement its initial infringement contentions). And here specifically, the deficiencies in Sage's invalidity contentions are highlighted by the relative precision of its Petition for Inter Partes Review ("IPR") of the '508 patent. In that Petition, Sage identifies specific references that it believes anticipate the '508 patent, as well as the specific combinations of references that it alleges render the '508 patent obvious. In contrast to the 253 references cited in its supplemental invalidity contentions, Sage cites only five references in its IPR Petition that allegedly anticipate or render obvious the '508 patent. The discrepancy between the Petition and the supplemental invalidity contentions evidences that Sage has failed to disclose all of the information in its possession, custody, and control relating to the validity of PureWick's patents.

This Court too has found deficient a defendant's ***initial invalidity contentions*** where the defendant did not "provide any hint as to which references may render the claims anticipated versus which references may render the claims obvious." *Integra LifeSciences,* 223 F. Supp. 3d at 205. In *Integra*, this Court ordered the defendant to "supplement its initial invalidity contentions by identifying which claims it contends are anticipated, as well as the corresponding allegedly anticipatory reference(s)" so that the plaintiffs could "more meaningfully consider [d]efendants' invalidity contentions prior to narrowing the number of asserted claims at issue." *Id.* at 205-06. And though the court did not order the defendant to identify the specific obviousness combinations, that was only because, by identifying the anticipatory references, "it c[ould] then be understood that [d]efendant relies upon combinations of the remaining references." *Id.* at 205. Unlike the case here though, it was possible to determine the obviousness combinations in *Integra* because, as the court noted, the defendant's 129-page invalidity chart showed how "approximately ***two dozen*** pieces of prior art" met the limitations of the ***105 asserted claims***." *Id.* (emphasis added). Here, by contrast, Sage cites ***576 references*** that allegedly render a total of ***21 claims*** obvious and/or anticipated. Thus, this case is more analogous to *Best Medical Int'l Inc. v. Varian Medical Sys.*, No. 18-1599-MN (D. Del.), where this Court found that the Defendant's contentions "d[id] not disclose adequately any obviousness combinations." Feb. 3, 2020, Tr. at 12:6-8.

Accordingly, PureWick respectfully requests that Sage be ordered to supplement its initial invalidity contentions to identify which claims it contends are anticipated, the corresponding anticipatory references, and the specific obviousness combinations for each claim limitation.

Respectfully submitted,

*/s/ John W. Shaw*

John W. Shaw (No. 3362)

cc: Clerk of the Court (by CM/ECF)
    All counsel of record (by CM/ECF and e-mail)