

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Anne Shea Gaza**
P 302.571.6727
agaza@ycst.com

October 9, 2020

The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re: *PureWick Corporation v. Sage Products, LLC.*, C.A. No. 19-1508-MN

Dear Judge Noreika:

  We represent Defendant Sage in the above-referenced matter and write in response to PureWick's letter (D.I. 82) regarding Sage's supplemental initial invalidity contentions. Sage's contentions, which were first served five months ago, are detailed and disclose anticipation and obviousness of the 37 asserted claims of the four patents-in-suit. PureWick's current "dispute" is an attempt to deflect from its own failure to produce critical prior art ordered by the Court regarding its on-sale bars (*see* n.1) and burden Sage with expert-level invalidity discovery during claim construction briefing. PureWick omits relevant portions of Sage's contentions, and PureWick has no law to support its demands. When the initial contentions are actually reviewed, there is no *real* dispute regarding their sufficiency particularly at this stage of the litigation.

  ***Sage's supplemental initial invalidity contentions are extremely detailed and appropriate given the stage of the litigation***. PureWick concedes that Sage's anticipation contentions are sufficient, but complains about Sage's obviousness disclosures, apparently demanding expert-level analysis regarding how "references would be combined or why a [POSITA] would have been motivated to make the combination." (D.I. 82 at 1.) But these are *initial* invalidity contentions, not expert reports. The 275 pages of initial contentions that Sage provided (*see* Exhibit 1) based on prior art known to Sage are thorough, comprehensive, and adequate for this stage of the litigation.[1]

  PureWick acknowledges that Sage's initial invalidity contentions provide pincite references within claim charts to specific portions of particular references on an element-by-element basis. (*See, e.g.*, Ex. 1 at 27-58.) PureWick's own cited case law explains that this is a more than appropriate approach. For example, in *Integra LifeSciences v. HyperBranch Med.*, 223 F. Supp. 3d 202, 205-206, n.2 (D. Del. 2016), the defendants were ordered to identify anticipating references—<u>which PureWick concedes Sage already did</u>—and the court noted that, once identified, "[i]t can then be understood that Defendant relies upon combinations of the remaining references (as well as perhaps certain of the allegedly anticipatory references) as resulting in

---

[1] Expert discovery is months away, no depositions have been taken, and Sage is still waiting for PureWick's own invalidating prior public disclosures (*e.g.*, D.I. 65, App. A), which the Court ordered PureWick to produce on August 4. (D.I. 72 at 28.) On September 22, PureWick finally provided a supplement to the Sage interrogatory at issue, but still only provided half-answers, necessitating additional interrogatories. (Ex. 5.) Once PureWick provides complete information, Sage will supplement its initial invalidity contentions to reference this information. (Ex. 1 at 3.)

October 9, 2020
Page 2

obviousness of the asserted claims." However, Sage went well beyond that. <u>Sage also provided detailed background regarding the state of the art for each patent</u> (including examples in the art of the well-established knowledge) as well as bases for combining or modifying references within each element. (*See, e.g.*, Ex. 1 at 19-26, 80-92, 214-221.) Tellingly, PureWick's Exhibit D <u>omitted these portions of Sage's disclosures</u>. Sage Exhibit 1 includes those contentions.

Despite PureWick's attempt to ignore Sage's disclosure, knowledge in the art is part of the obviousness inquiry. *See Dow Jones v. Ablaise*, 606 F.3d 1338, 1349, 1353 (Fed. Cir. 2010) (finding obviousness based on a reference "in view of general knowledge in the field" because obviousness "requires an assessment of the…background knowledge possessed by a'" POSITA). Multiple examples demonstrate the sufficiency of Sage's initial obviousness contentions. For example, though it was omitted by PureWick, outside of the claim charts, Sage explained how particular claimed features were known, *e.g.*, that urine collection containers that were "elongated", "cylindrical," and "made of plastic" were well-established features at the time of the invention, giving examples. (Ex. 1 at 22-23.) Sage's contentions also provided motivation to use well-known aspects of the claims. For example, the contentions explained that "an elongated container conforms to the female anatomy and can fit between the legs" and "facilitate urine collection." (*Id.* at 35.)

As another example, for claims 6 and 7 of the 508 patent (which relate to using vacuum with the claimed urine collection device), Sage's contentions provided both knowledge in the art regarding the use of vacuum with such devices as well as an explanation for why a POSITA would be motivated to use vacuum. For example, the disclosures explain that the "vacuum helps facilitate transfer of fluid through the article into the container for transfer outside of the system" and "provided a way to remove the urine from the collection device." (*Id*. at 19, 24-25, 42, 44.)

PureWick also ignores that Sage's contentions reference other documents that provide significant details about invalidity including interrogatory responses (Ex. 2 at 5-11; Ex. 3 at 5-32), pleadings (D.I. 53 at¶ ¶ 18-25, 43-48, 100-108), correspondence on invalidity (Ex. 4), and Sage's IPR which included an expert declaration (D.I. 74). (Ex. 1 at 3-5, 26, 62, 80, 194-196, 274.)

Notably, **PureWick does not cite a single case that requires supplementation of obviousness contentions**, much less a case where a defendant was ordered to supplement after providing as much detail as Sage did. To the contrary, the case law shows that Sage's approach was more than adequate. *See Avago Techs. v. Elan Microelecs.* No. C04 05385, 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007) (invalidity contentions that grouped references were appropriate); *Integra, supra* (no obviousness supplementation required). Indeed, PureWick admits that the *Integra* court "did not order the defendant to identify the specific obviousness combinations" because the defendant relied "upon combinations of the remaining references." (D.I. 82 at 3.)[2]

PureWick's alternative argument—that Sage's contentions include too many references—

---

[2] PureWick's other cases do not rule on the adequacy of initial obviousness contentions. *Best Med. v. Varian*, No. 18-1599-MN (D. Del.) (2/23/20 Tr. at 4, 13) (interrogatory <u>to plaintiff</u> involving what elements <u>were missing</u> from prior art); *Masimo v. Philips*, 918 F. Supp. 2d 277, 280 (D. Del. 2013) (on motion for plaintiff to narrow asserted claims, defendant voluntarily limited references).

October 9, 2020
Page 3

is based on its hyperbole that there are "576 references" and "15,180 different combinations" of references. Not only is PureWick's reference count greatly overstated and its theoretical calculations mathematically incorrect, PureWick ignores the realities of this case. <u>It is PureWick that has asserted 37 claims</u> (not 21), each with numerous claim elements, of four different patents. And PureWick has refused to limit its asserted claims. (Ex. 4 at pdf. pp. 3, 11.)

The number of references correlate with PureWick's unsubstantiated and vague infringement theories. For example, claim 4 of the 508 patent requires a "moisture-wicking article" to have "the moisture-wicking characteristic of a paper towel." The accused product does not use paper towel or paper towel-like material, and PureWick alleges infringement based on fabric that "absorbs and diverts urine away from skin." (Ex. 6 at 64-65.) Because PureWick ignores the limitations of the element, Sage is forced to identify references that not only disclose paper towel, but also non-paper towel examples. (Ex. 1 at 39-41.) Similarly, claim 18 recites "elastic bands," which the accused product does not use. (Ex. 6 at 3, 63; Ex. 4 at 2.) Thus, Sage's contentions have to account for PureWick's overbroad theories. <u>Sage raised these concerns long ago</u>, but PureWick ignored them. (Ex. 4 at 2 ("PureWick is needlessly escalating the time spent…searching for and reviewing prior art...when there is no colorable basis for alleging infringement.").)

In any case, the number of references is not extraordinary for a patent case involving four patents with four different specifications. PureWick complains that Sage cites 44 references for the first element of the 508 patent (the preamble which references "a urine collection device"), alleging that there are 15,000+ combinations. (D.I. 82 at 2.) But there is no need for a "three-way combination" on 44 references for the first element as the element is known. And 44 references is not excessive given how well known "urine collection devices" were at the time of the invention.

Moreover, numerous courts have held that a defendant should not have to limit the number of references in its invalidity contentions.[3] *See Avago*, 2007 WL 951818, at *4 (no supplementation despite plaintiffs' claims that there were "billions" of potential combinations); *Gen-Probe v. Becton Dickinson & Co.*, No. 09-CV-2319, 2012 WL 579490, at *3 (S.D. Cal. Feb. 22, 2012) (rejecting request to limit references and obviousness combinations in final invalidity contentions as "premature"); *MyMedical Records v. Walgreen*, No. 2:13-CV-00631, 2014 WL 2931695, at *2 (C.D. Cal. June 27, 2014) (denying request to limit references in initial contentions); *Ultravision v. Lamar*, No. 2:16-CV-374, 2017 WL 3836139, at *1 (E.D. Tex. Apr. 18, 2017) ("invalidity contentions are a discovery pleading served early in a case without the benefit of a Markman ruling, or expert discovery.…There is nothing improper about including too many references….").

PureWick does not specify what relief it seeks, but raises broad complaints and appears to ask for expert-level disclosures. But such disclosures are not required at this stage of the litigation particularly given PureWick's ongoing failure to provide the most relevant prior art. PureWick did not cite any cases where a court ordered a defendant to supplement obviousness combinations, much less beyond the level of detail here. PureWick's motion should be denied.

---

[3] Contrary to PureWick's claims, the Federal Circuit did not hold that invalidity contentions are limited to 31 references. *Stone Basket v. Cook Med.*, 892 F.3d 1175, 1179 (Fed. Cir. 2018) (addressing attorneys' fees and whether invalidity contentions proved baselessness).

                                        Respectfully,

                                        */s/ Anne Shea Gaza*

                                        Anne Shea Gaza (No. 4093)

cc: All Counsel of Record (via E-Mail)