

John W. Shaw
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

**BY HAND DELIVERY & CM/ECF**          October 27, 2020

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

   Re: *PureWick Corp. v. Sage Products LLC*, C.A. No. 19-1508-MN

Dear Judge Noreika,

  In accordance with the Court's oral Order (D.I. 84), Plaintiff PureWick Corp. ("PureWick") submits as Exhibit A a proposed schedule for narrowing asserted claims and prior art. The parties exchanged proposed schedules and met and conferred by phone, but were unable to reach agreement. At the request of Defendants' counsel, the parties are submitting separate proposals.

  PureWick asserts infringement of four patents, and has proposed a two-phased schedule for narrowing the asserted claims and prior art. No narrowing has occurred to date. It provides for an initial narrowing to 32 asserted claims, 35 prior art references, and 130 obviousness combinations over the next two months (before the *Markman* hearing), and a second narrowing to 16 asserted claims, 20 prior art references, and 48 obviousness combinations after the exchange of expert reports but before dispositive motions. This schedule will begin to narrow the case now so that the parties can more efficiently direct their remaining efforts in fact and expert discovery, and then further narrow the case after discovery in order to reduce the number of disputes that may be presented in dispositive motions and the issues for trial.

  PureWick's schedule is consist with similar orders entered in this district. For example, in *Intuitive Surgical, Inc. v. Auris Health, Inc.*, C.A. No. 18-1359-MN, D.I. 62 (D. Del. Apr. 4, 2019) (Exhibit B at Section 15), an eight patent case, the Court ordered that claims and prior art be narrowed as follows:

| Within 7 days of joint claim chart | 32 asserted claims; 70 prior art references[1] |
|---|---|
| With final contentions | 20 asserted claims; 40 prior art references |

  Similarly, in *MQ Gaming, LLC v. Lego Systems, Inc.*, C.A. No. 19-905-MN, D.I. 33 (D. Del. Jan. 23, 2020) (Exhibit C at Sections 7(g) and (h)), a 17-patent case, the Court entered the following schedule for case narrowing:

| Within 7 days of joint claim chart | 40 asserted claims; 80 prior art references with no more than 240 prior art arguments total |
|---|---|
| With final contentions | 20 asserted claims; 20 prior art references with no more than 60 prior art arguments total |

---

[1] Each obviousness combination counted as a separate prior art reference.

S HAW  K ELLER LLP
Page 2

      PureWick's schedule is in line with the above schedules, both in terms of the extent of the narrowing and the timing.

      PureWick's proposed definition of how to count prior art combinations – *i.e.*, a "prior art combination" is a combination of two or more prior art references **per claim** – is also consistent with prior orders in this district.  The language comes directly from Judge Stark's order in *Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723-LPS (D. Del. July 28, 2015) (Exhibit D), and was also adopted as part of the Court's order in *MQ Gaming*, C.A. No. 19-905-MN, D.I. 33, n. 1 (D. Del. Jan. 23, 2020).

      Sage initially proposed that the parties simply agree to meet and confer about narrowing after the close of expert discovery.  *See* Exhibit E.  Sage now proposes to defer case narrowing until after the close of fact discovery and places no limit on the number of obviousness combinations that Sage can rely on, while imposing a far more significant reduction in asserted claims

      PureWick respectfully requests that the Court adopt PureWick's proposed schedule attached as Exhibit A.

                                                    Respectfully submitted,

                                                    */s/ John W. Shaw*

                                                    John W. Shaw (No. 3362)

cc: Clerk of the Court (by Hand Delivery)
    All counsel of record (by CM/ECF and email)