# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PUREWICK CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | C.A. No. 19-1508-MN |
| v. | ) | |
| | ) | |
| SAGE PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

## ORDER FOR CLAIM AND PRIOR ART NARROWING

At Wilmington, this ___ day of _____, 2020, having considered the parties'

proposal for narrowing the asserted claims and prior art, IT IS HEREBY ordered that:

1. On or before November 24, 2020, Plaintiff shall narrow the number of asserted claims

   to no more than 32 and shall identify those claims to Defendant.  Plaintiff may select

   these claims from any of the asserted patents and there is no per-patent limit.

2. On or before December 18, 2020, Defendant shall narrow the number of prior art

   references to no more than 35 total references and shall identify those references to

   Plaintiff.  In addition, on or before December 18, 2020, Defendant shall identify to

   Plaintiff no more than 130 prior art combinations that may be used for arguing

   obviousness.  A "prior art combination" shall be understood to be a combination of two

   or more prior art references per claim.  Thus, for example, if two prior art references

   are combined to argue obviousness for three different claim, this would count as three

   prior art combinations (even though each combination consists of the same two

   references).  In addition, combinations that are listed as "and/or" alternatives (for

   example, "A and/or B and/or C") shall constitute as many combinations as can be

formed based on what is stated.  There is no per-patent limit on the number of prior art combinations or prior art references.

3.  On or before August 6, 2021, Plaintiff shall further narrow the number of asserted claims to no more than 16 and shall identify those claims to Defendant.  Plaintiff may select these claims from any of the asserted patents and there is no per-patent limit.

4.  On or before August 20, 2021, Defendant shall narrow the number of prior art references to no more than 20 total references and 48 prior art combinations that may be used for arguing obviousness, and shall identify those references and combinations to Plaintiff.  There is no per-patent limit on the number of prior art combinations or prior art references.

5.  The parties will only be permitted to modify their elections made pursuant to this Order for good cause.

_____
United States District Judge