# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MQ GAMING, LLC, and CREATIVE KINGDOMS )
TECHNOLOGIES LLC, )
          Plaintiffs, )
          v. )   C.A. No. 19-905-MN
LEGO SYSTEMS, INC., LEGO BRAND RETAIL, )
INC., WARNER BROS. HOME )   **JURY TRIAL DEMANDED**
ENTERTAINMENT INC., WARNER )
BROS. INTERACTIVE ENTERTAINMENT INC., )
and WB GAMES INC., )
          Defendants. )

## SCHEDULING ORDER

This  23rd  day of   January   , 20 20  , the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within thirty (30) days of the date the Court enters this Order.  The parties will submit a proposed Order for Discovery of Electronically Stored Information ("ESI") within twenty-one (21) days from the date the Court enters this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **September 30, 2020**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

3. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits,

declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Disclosures.</u> Absent agreement among the parties, and approval of the Court:

(a) By **December 4, 2019**, Plaintiffs shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiffs shall also produce the file history for each asserted patent.

(b) By **January 15, 2020**, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, specifications, and source code. Defendant shall also produce sales figures for the accused product(s).

(c) By **February 19, 2020**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes. Plaintiff's initial claim charts shall include no more than **80 asserted claims and 12 patents.** The parties agree that Plaintiffs' disclosure of their damages model will include: (1) if a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, identification, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; (2) identification the timing of the point of first infringement, the

start of claimed damages, and the end of claimed damages; and; (3) (i) if a party claiming patent infringement alleges willful infringement, the basis for such allegation. Plaintiffs shall also produce with these disclosures the following items: (1) all agreements, including licenses, transferring an interest in any patent-in-suit; (2) all agreements that the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation; (3) all agreements that otherwise may be used to support the party asserting infringement's damages case; (4) if applicable, documents sufficient to show marking of such embodying accused instrumentalities and if it wants to preserve the right to recover lost profits based on such products, sales, revenues, costs and profits of such embodying accused instrumentalities; and (5) all documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s).

(d) By **March 18, 2020,** Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references, as well as all agreements that Defendant contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation and all agreements that may be used by Defendant to support denying Plaintiffs' damages case (e.g., (1) all agreements that the party opposing infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation; (2) documents sufficient to show the sales, revenue, cost, and profits for accused instrumentalities identified for any period of alleged infringement; and (3) all agreements that may be used to support the party denying infringement's damages case. Defendants' initial

invalidity contentions shall include no more than **160 asserted references with no more than 480 prior art arguments total**.[1]

(e) By **May 15, 2020,** Plaintiffs will serve damages contentions that (a) identify each of the category(-ies) of damages it is seeking for the asserted infringement, as well as its theories of recovery, factual support for those theories, and computations of damages within each category, including: lost profits; price erosion; convoyed or collateral sales; reasonable royalty; and any other form of damages and to the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

(f) By **June 15, 2020,** Defendants shall serve responsive damages contentions identifying specifically how and why it disagrees with the damages contentions served by Plaintiff in paragraph 7(e). This should include the party's affirmative position on each issue. To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

---

[1] For purposes of this Scheduling Order, the parties agree that limitations on prior art combinations do not extend to prior art references used to illustrate the state of the art, the knowledge possessed by a person of ordinary skill, to address alleged secondary considerations, or for other context surrounding obviousness that is commonly introduced in a patent trial. A "prior art argument" shall be understood to be an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., "single reference obviousness"); or (3) a combination of references renders a claim obvious. Thus, for example, if defendants rely on prior art reference A for anticipation and for single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments. If defendants also rely on prior art references A+ B for obviousness and A+ B + C for obviousness as to claim 1 of the patent, that will count as two more, separate, prior art arguments. Additionally, prior art arguments shall be counted on a per claim basis, meaning that if defendants assert that prior art reference A anticipates claim 1 of a patent, and that prior art reference A also anticipates claim 2 of that patent, that will count as two prior art arguments. Further, a "prior art argument" shall consist of those reference(s) that defendants utilize to show the existence of claim limitation(s) in the prior art.

(g) By **60 days** after the Court issues its claim construction order, Plaintiff shall provide final infringement contentions to include no more than **40 claims and 8 patents.**

(h) By **60 days** after Plaintiff serves final infringement contentions, Defendant shall provide final invalidity contentions. Defendants' final invalidity contentions shall include no more than **80 asserted references with no more than 240 prior art arguments total**.

8. <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a) <u>Discovery Cut Off.</u> All discovery in this case shall be initiated so that it will be completed on or before **November 15, 2020**. After the close of fact discovery, the Court will hold a status teleconference at  10:00 a.m. on   January 6, 2021            [the parties respectfully propose the week of January 4, 2021] to discuss which patents will proceed to trial.

(b) <u>Document Production.</u> Document production shall be substantially complete by **September 30, 2020.**

(c) <u>Requests for Admission.</u> A maximum of twenty (20) requests for admission may be served upon each party.

(d) <u>Interrogatories.</u>

i. A maximum of twenty (20) interrogatories, including contention interrogatories may be served upon each party.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e) Depositions.

i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of seventy (70) hours of taking deposition of the other side (e.g., 30(b)(6) and 30(b)(1) witnesses of a party) by deposition upon oral examination, not including, inventor, expert, or third party witnesses. The parties agree to meet and confer concerning the total number of deposition hours for inventor depositions no more than 14 days after service of Plaintiffs' initial infringement contentions and to meet and confer concerning the total number of deposition hours for expert depositions no later than 5 days after service of reply expert reports. The parties agree to submit any disputes concerning inventor and expert deposition hours to the Court pursuant to the provisions in this Scheduling Order no later than three days after any meet and confer on that issue.

ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

(f) Disclosure of Expert Testimony.

i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **December 20, 2020.** The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **January 17, 2021.** Reply expert reports from the party with the initial burden of proof are due on or before **February 7, 2021**. No other expert reports will be permitted without either the consent of all

parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. All expert discovery in this case shall be initiated so that it will be completed on or before **March 20, 2021.** After the completion of expert discovery, the Court will hold a status teleconference at  10:00 a.m. on  April 13, 2021            [the parties respectfully propose the week of April 5, 2021] to discuss whether any case dispositive motions will be permitted.

        ii.    <u>Expert Report Supplementation.</u>  The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case dispositive motions, if any case dispositive motions are permitted).

        iii.    <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.  Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions, if case dispositive motions are permitted.

    (g)    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

        i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.    Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

Case 1:19-cv-01508-MN   Document 373   Filed 10/23/20   Page 8 of 20 PageID #: 12573

iii. On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv. The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

v. Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

9. <u>Motions to Amend / Motions to Strike.</u>

(a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above.

(b) Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

10. <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11. <u>Claim Construction Issue Identification.</u>  On **April 15, 2020**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **April 29, 2020.**  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.  After the filing of the Joint Claim Construction Chart, the Court will hold a status teleconference at  10:00 a.m. on           May 4, 2020           [the parties respectfully propose the week of May 4, 2020] to discuss the number of terms proposed for construction.

12. <u>Claim Construction Briefing.</u>  The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **May 27, 2020**.  The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **June 24, 2020**.  The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **July 15, 2020**.  The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **August 5, 2020.**  No later than **August 19, 2020**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-Upon Constructions

10

II.     Disputed Constructions

   [TERM 1]

   1.   Plaintiff's Opening Position

   2.   Defendant's Answering Position

   3.   Plaintiff's Reply Position

   4.   Defendant's Sur-Reply Position

   [TERM 2]

   1.   Plaintiff's Opening Position

   2.   Defendant's Answering Position

   3.   Plaintiff's Reply Position

   4.   Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

   13.   <u>Hearing on Claim Construction.</u>   Beginning at   <u>10:00 a.m</u>. on <u>September 3, 2020</u>, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

   Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction

11

order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

14. <u>Supplementation.</u> Absent agreement among the parties, and approval of the Court, no later than **30 days** after the Final Infringement Contentions are served, Plaintiffs must finally supplement, *inter alia,* the identification of all accused products and, **60 days** after Final Infringement Contentions are served, Defendants must finally supplement all invalidity references, including no more than **80 asserted references with 240 prior art arguments total.**

15. <u>Case Dispositive Motions.</u>

(a) As of the date of this scheduling order no case dispositive motions will be permitted, but that issue will be revisited at a later date. If the Court decides to permit the filing of case dispositive motions, all case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on a date set by the Court. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before any date set for the filing of case dispositive motions without leave of the Court.

(b) <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed **six (6) pages** which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Case 1:19-cv-01595-MN Document 873 Filed 10/27/20 Page 13 of 20 PageID #: 12817

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed **six (6) pages**, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed **four (4) pages**, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c) <u>Page limits combined with Daubert motion page limits.</u> To the extent the Court permits case dispositive motions, each party is permitted to file as many case dispositive motions as desired provided, however, that each ***SIDE*** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion (if case dispositive motions are permitted), a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall

be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*.[2]

16. <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17. <u>Motions *in Limine.*</u>  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each *SIDE* shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. <u>Pretrial Conference.</u>  On **September ___2___, 2021,** **at 2:00 p.m.** the Court will hold a pretrial conference in Court with counsel.  Two weeks before the Pretrial Conference, Plaintiffs will narrow their asserted claims to no more than **20 claims and six patents** and Defendants will narrow their asserted references to no more than **20 references and 60 prior art arguments total.**

---

[2] The parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

14

Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents.

19. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms ~~three~~ **seven (7)** ~~(3)~~ business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

20. <u>Trial.</u> This matter is scheduled for a **5**-day trial beginning at 9:30 a.m. on  **September 13, 2021**           with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

21. <u>Judgment on Verdict and Post-Trial Status Report.</u> Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order

15

to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

22.     Post-Trial Motions.  Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

                                                                                                 _____
                                                                                                  The Honorable Maryellen Noreika
                                                                                                  United States District Judge

Counsel Shall Provide a Chart of All Relevant Deadlines

| Event | Deadline |
|---|---|
| Initial Disclosures | Within 30 days of this order |
| Proposed protective order due to Court | Within 30 days of this order |
| Plaintiff to identify accused products, patents infringed by accused products, file histories of patents, and damages model | December 4, 2019 |
| Defendant to produce core technical documents (including source code) and sales figures for accused products. | January 15, 2020 |
| Plaintiff to produce initial infringement contentions including items listed in Paragraph 7(c). | February 19, 2020 (including no more than 80 claims and 12 patents) |
| Defendant to produce initial invalidity contentions, as well as all agreements that Defendant contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation and all agreements that may be used by Defendant to | March 18, 2020 (including no more than 160 asserted references with 480 prior art arguments total) [3] |

---

[3] For purposes of this Scheduling Order, limitations on prior art combinations do not extend to prior art references used to illustrate the state of the art, the knowledge possessed by a person of ordinary skill, to address alleged secondary considerations, or for other context surrounding obviousness that is commonly introduced in a patent trial. A "prior art argument" shall be understood to be an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., "single reference obviousness"); or (3) a combination of references renders a claim obvious. Thus, for example, if defendants rely on prior art reference A for anticipation and for single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments. If defendants also rely on prior art references A+ B for obviousness and A+ B + C for obviousness as to claim 1 of the patent, that will count as two more, separate, prior art arguments. Additionally, prior art arguments shall be counted on a per claim basis, meaning that if defendants assert that prior art reference A anticipates claim 1 of a patent, and that prior art reference A also anticipates claim 2 of that patent, that will count as two prior art arguments. Further, a "prior art argument" shall consist of those reference(s) that defendants utilize to show the existence of claim limitation(s) in the prior art.

| | |
|---|---|
| support denying Plaintiff's damages case (e.g., information as set forth in Paragraph 7(d)). | |
| Parties to exchange a list of claim term(s) for construction | April 15, 2020 |
| Plaintiff serves damages contentions with the information as set forth in Paragraph 7(e). | May 15, 2020 |
| Deadline to file joint claim construction chart | April 29, 2020 |
| Status Call with Court to discuss number of claim terms to be construed | May 4, 2020 at 10:00 a.m. |
| Plaintiff to serve opening claim construction brief | May 27, 2020 |
| Defendant serve responsive damages contentions with the information required as set forth in Paragraph 7(f). | June 15, 2020 |
| Defendant to serve answering claim construction brief | June 24, 2020 |
| Plaintiff to serve reply claim construction brief | July 15, 2020 |
| Defendant to serve sur-reply claim construction brief | August 5, 2020 |
| Deadline to file joint claim construction brief | August 19, 2020 |
| Claim construction hearing | September 3, 2020 at 10:00 a.m. |
| Deadline for substantial completion of document production | September 30, 2020 |
| Final date to join a party or to amend pleadings | September 30, 2020 |
| Plaintiff to produce final infringement contentions | 60 Days after Claim Construction issues (including no more than 40 claims and 8 patents) |
| Parties to finally supplement identification of accused products and invalidity references | 60 Days after Final Infringement Contentions for final identification of accused products; 60 days |

|  | for final supplementation of invalidity references (including no more than asserted 80 references with 240 prior art arguments total) |
|---|---|
| Parties to submit interim status report to Court | September 30, 2020 |
| Deadline to complete fact discovery | November 15, 2020 |
| Deadline to serve opening expert reports by party bearing the burden of proof | December 20, 2020 |
| Status Call with Court regarding which patents will proceed to trial | January 6, 2021 at 10:00 a.m. |
| Deadline to serve rebuttal expert reports | January 17, 2021 |
| Deadline to serve reply expert reports | February 7, 2021 |
| Deadline to complete expert depositions | March 20, 2021 |
| Status Call with Court regarding whether any case dispositive motions will be permitted | April 13, 2021 at 10:00 a.m. |
| Two weeks before pretrial conference | Plaintiffs narrow to no more than 20 claims and 6 patents.<br><br>Defendants narrow to no more than 20 asserted references with 60 prior art arguments total. |
| Pre-trial conference | September 2, 2021 at 2:00 p.m. |
| Trial (5-day jury) | September 13, 2021 |