**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Anne Shea Gaza**
P 302.571.6727
agaza@ycst.com

October 27, 2020

The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

   Re: *PureWick Corporation v. Sage Products, LLC.*, C.A. No. 19-1508-MN

Dear Judge Noreika:

  We write on behalf of Sage regarding the Court's October 13 Order, in which the Court denied Plaintiff's motion regarding Sage's invalidity contentions and ordered the parties to confer regarding narrowing the claims asserted and the prior art. (D.I. 84.) The parties conferred but were unable to agree on a proposal. Sage's more reasonable proposal (attached) should be adopted.

  Sage proposes a fair schedule that recognizes the realities of this case and the natural progression of patent litigation. As explained in Sage's opposition to Plaintiff's motion (D.I. 83), though Plaintiff seeks expert-level invalidity discovery now, narrowing the case at this juncture is premature. No depositions have been taken and document production is ongoing. PureWick still has not provided the critical prior art regarding its own products that the Court ordered. (D.I. 83, n.1.) The parties are in the middle of claim construction briefing, and expert depositions and final infringement and invalidity contentions are months away. Sage, therefore, proposes that the parties confer regarding narrowing the claims and prior art within 30 days after the Court's claim construction order (*see* attachment, Paragraph 1) and that the narrowing process begin 30 days before expert reports are due (Paragraphs 2-3). By then, the parties will know the scope of the claims and should have the fact discovery necessary to make informed decisions on how to proceed. Indeed, the most natural time to decide on such narrowing is as a prelude to expert discovery. This timing is consistent with the case law and is fair to both parties.

  In contrast, Plaintiff's proposal is unreasonable and seeks exactly what the Court already denied. Plaintiff again effectively seeks expert discovery now without the benefit of claim construction rulings or fact discovery. Plaintiff demands that Sage significantly narrow its asserted prior art by December even though critical fact discovery on Plaintiff's own prior art products is outstanding, and while Plaintiff makes no real concessions that would simplify the case (*e.g.*, dropping only 5 of 37 asserted claims). The Court already denied Plaintiff's request for such narrowing now. (D.I. 84.) And, as discussed, Plaintiff cited no cases where a court has ordered such early narrowing; the cases say the opposite—that a defendant have a fair chance to litigate its case. (D.I. 83 at 2-3.) Moreover, Plaintiff's proposed limits on Sage's case are prejudicial. For example, Plaintiff's methodology for counting obviousness "combinations" effectively limits Sage to 4 or 5 references total for all four patents-in-suit (each of which have different specifications and priority dates). According to Plaintiff, if Sage relied on only two references to invalidate all 37 asserted claims, this would constitute 37 combinations. Such an approach would be unfair especially at this stage of the litigation. Plaintiff's prejudicial proposal should be rejected.

The Honorable Maryellen Noreika
October 27, 2020
Page 2

      Should Your Honor have any questions regarding the foregoing, counsel for Sage are available at the Court's convenience.

      Respectfully,

      */s/ Anne Shea Gaza*

      Anne Shea Gaza (No. 4093)

cc:   All Counsel of Record (via e-mail)