IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUREWICK CORPORATION,            )<br>                                                           )<br>        Plaintiff/Counterclaim Defendant,  )<br>                                                           )<br>v.                                                      )<br>                                                           )<br>SAGE PRODUCTS, LLC,                  )<br>                                                           )<br>        Defendant/Counterclaim Plaintiff. )<br>                                                           ) | C.A. No. 19-1508-MN |

**[SAGE'S PROPOSED] ORDER FOR
CLAIMS ASSERTED AND PRIOR ART NARROWING**

**WHEREAS**, the Court's October 13, 2020 Oral Order (D.I. 84) ordered Plaintiff PureWick Corp. ("Plaintiff") and Defendant Sage Products LLC ("Defendant") to meet and confer regarding narrowing the claims asserted and the prior art and to submit a proposal to the Court regarding the same, and where the Court has considered the parties' competing proposals:

**NOW THEREFORE**, the Court hereby **ORDERS** that:

1. Thirty days after the Court's Claim Construction Order regarding the four patents-in-suit, the parties shall meet and confer regarding narrowing the claims asserted and the prior art including addressing which claims will be asserted during expert discovery and the number of prior art references. Paragraphs 2 and 3 below shall apply if there are no proposed amendments after the parties meet and confer pursuant to this Paragraph.

2. Thirty days before the deadline for opening expert reports, Plaintiff shall narrow the number of asserted claims to no more than 12 (with no more than 5 claims per patent) and shall identify those claims to Defendant.

3. Three weeks after the deadline in Paragraph 2, Defendant shall narrow the number of prior art references used for prior art invalidity to no more than 25 references per patent (in any

combination if used for obviousness) and shall identify those references to Plaintiff. For purposes of this provision, a prior art product (such as earlier versions or iterations of the PureWick female catheter, which have not yet been produced) shall count as a single reference.

    4.    Notwithstanding the foregoing, references addressed as background regarding the knowledge of an ordinarily skilled artisan or the state of the art shall not be limited for either party.

    SO ORDERED this \_\_\_\_\_ day of _____, 2020.

_____
United States District Judge