

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

**Anne Shea Gaza**
P 302.571.6727
agaza@ycst.com

November 23, 2020

The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:  *PureWick Corporation v. Sage Products, LLC.*, C.A. No. 19-1508-MN

Dear Judge Noreika:

  Defendant Sage respectfully seeks an order compelling PureWick to provide immediately a complete response to Sage Interrogatory No. 15 (Ex. 1), which relates to PureWick's prior art products that PureWick publicly demonstrated and used prior to the critical date. Despite Sage's numerous attempts to uncover this information, PureWick yet again has provided a non-response, frustrating Sage's good faith efforts to discover critical information about those prior art products.

  For months, Sage has been seeking information about PureWick's prior art products both through interrogatories and document requests. (*See* D.I. 65.) At every turn, however, PureWick resisted providing relevant information about whether its own public disclosures anticipate or render obvious the patents-in-suit. Sage urgently needs the requested information as the current deadline to narrow its invalidity contentions is December 18, 2020. (D.I. 89.) Thus, PureWick should be compelled to answer immediately and completely Interrogatory No. 15, which requests factual information about PureWick's prior art products.

  As explained several months ago (D.I. 65), PureWick had been withholding relevant information regarding the prior art. For example, Interrogatory No. 6, which Sage served nine months ago, asked PureWick to identify each "iteration of the PureWick Female External Catheter product…; the dates when that product …was demonstrated, used, manufactured, offered for sale, or sold; …and, if applicable, how each product or system meets the limitation of the claim (i.e., prepare a claim chart)." (Ex. 2 at 16-17.) After numerous promises to provide the information and a series of half-answers, Sage eventually was forced to seek the Court's assistance to compel PureWick to respond. (D.I. 65 at 1-2; *id.* at Ex. 2 at 16-18.) Sage explained how PureWick provided only *some* information on products that post-dated the patent filings, but did not provide full information regarding earlier products despite clear public information stating that such products existed. (D.I. 65 at 1-2 and App. A.) On August 4, the Court ordered PureWick to respond fully to this interrogatory and identify, *inter alia*, any PureWick female external catheter product used, offered for sale, sold, or demonstrated along with corresponding dates. (D.I. 72 at 28.) Weeks after the Court's Order (after repeated requests), a supplement identifying several prior art products was served. (Ex. 2 at 19-21; Ex. 4.) Notably, despite the fact that many of the product images look identical to patent images (*see* Appendix A, attached hereto), PureWick's supplemented response to Interrogatory No. 6 did not identify whether many of the newly-identified products demonstrated prior to the priority date were covered by the patents. (Ex. 2 at 19-21.)

  In view of PureWick's response, Sage served **Interrogatory No. 15**, which asked about the

product features of products that were <u>not identified</u> as covered in Interrogatory No. 6:

> For each version…of the PureWick Female External Catheter product…identified in response to Sage's Interrogatory No. 6 that were <u>not identified as covered</u> by…the Asserted Patents…(including… each product shown or described in [Bates pages identified] as well as PureWick #3, #5, #6,…(varieties including straight, rigid curve, …soft flex, and soft flex hybrid)), <u>describe the features of the version or iteration</u> and, on a claim-by-claim basis, identify each element…that PureWick contends <u>is missing or absent</u> from each such version or iteration, and explain why…that element would not have been obvious….

(Ex. 1 at 3.) Of course, if an element is missing from a publicly-disclosed product, the claims could have been obvious. *See Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337, 1344 (Fed. Cir. 2007) (asserted claims were obvious in view of on-sale earlier version of patentee's product). Yet, despite the clear relevance of this request, PureWick responded that "it has not undertaken the analysis or formed the contentions called for by called for by this Interrogatory and, therefore, has no information responsive to this interrogatory." (Ex. 1 at 4.)

The parties conferred about PureWick's non-response, and PureWick provided no basis for its failure to answer other than that Sage had not identified the products as prior art. But Sage repeatedly has done so. (*See, e.g.*, D.I. 65 at 1-2; D.I. 72 at 26-27.) Indeed, Sage's invalidity contentions (Ex. 3 at 192) stated:

> Versions of the PureWick device appear to have been offered for sale or disclosed to third parties prior to the earliest viable priority dates…. Sage has been unable to provide additional information relating to this art because… PureWick has failed to provide information regarding the prior disclosures and sales of its devices….

**The information sought by Interrogatory No. 15 is highly relevant and PureWick should be compelled to respond fully.** Courts routinely compel patentees to answer interrogatories requesting the patentee to identify which elements are missing from the prior art. For example, in *Quantum Loyalty Sys. v. TPG Rewards*, No. 09-CV-022-–SLR/MPT, 2012 WL 726842, at *2-3 (D. Del. Mar. 6, 2012), the court compelled the patentee to provide a claim chart and explain why alleged prior art products did not meet the asserted claim. Similarly, in *Gardner v. Toyota Motor Corp.*, No. C08-0632-RAJ, 2009 WL 8732016, at *1 (W.D. Wash. May 6, 2009), the court ordered the patentee to respond to an interrogatory asking: "[f]or each…prior art references, identify each and every [claim] limitation…that you contend is not disclosed in the reference and explain why you believe each such limitation is missing…." *See also Duhn Oil Tool v. Cooper Cameron Corp.*, No. 1:05-CV-01411-OWW-GSA, 2010 WL 716306, *2–4 (E.D. Cal. 2010) (overruling objection to interrogatory asking patentee to identify each limitation that was not found in a prior art patent); *Best Medical Int'l Inc. v. Varian Medical Sys.*, No. 18-1599-MN, Tr. At 12:17-13:8 (D. Del.) (Ex. 5) (compelling patentee to identify missing claim elements in prior art).

Despite the commonplace nature of the interrogatory, PureWick refuses to provide information regarding its own devices, contending "it has not undertaken the analysis or formed the contentions called for…." (Ex. 1 at 4.) The situation here is even more compelling than cases

requesting information regarding prior art generally because, here, Interrogatory No. 15 requests information regarding facts about PureWick's <u>own</u> products including a request for a description of product features, information <u>which is uniquely in PureWick's possession</u>. In *Aristocrat Techs. v. Int'l Game Tech.*, No. 06–CV–03717 RMW (RS), 2009 WL 3573327, *2 (N.D. Cal. 2009), the court ordered the patentee to answer an interrogatory asking it to "explain fully whether" ten of its own products "do or do not practice, or are or are not capable of practicing, any method claimed in the Asserted Patents." The court reasoned that "the patent holder in this infringement suit, presumably is in the position to identify which of its own products make use of the patented technology." *Id.*; *see also Blast Motion v. Zepp Labs*, 3:15-cv-00700-JLS-NLS, 2016 WL 5107677, at *1, 3-4 (S.D. Cal. Mar. 2, 2016) (granting motion to compel on interrogatory regarding whether patentee's products embodied the claims because "the information is uniquely within [the patentee's] control.").

**PureWick's basis for refusing to answer Interrogatory No. 15 is either incorrect or demonstrates that it failed to comply with its discovery obligations (including the Court's August 4 Order)**. To respond to Interrogatory No. 6, as ordered by the Court, PureWick <u>should have already conducted the analysis</u> to determine whether its prior art products were covered by the asserted claims. <u>Interrogatory No. 15 asks PureWick why it determined that products identified in its response to Interrogatory No. 6 were not covered</u> by the asserted claims. Thus, if PureWick did not analyze whether its products were covered, PureWick violated the Court's prior Order.

Similarly, PureWick should have already analyzed whether products identified in response to Interrogatory No. 6 were covered by the claims in responding to Sage Interrogatory No. 5. Interrogatory No. 5 asked PureWick to identify when the claimed subject matter was first disclosed and the circumstances surrounding such disclosure. (Ex. 2 at 15.) This is a standard interrogatory to a patentee. Rather than answering, PureWick cited Rule 33(d), failing to provide a narrative answer over the last several months. *Apple Inc. v. Wi-LAN Inc.*, No. 14CV2235-DMS (BLM), 2018 WL 733740, at *2 (S.D. Cal. Feb. 6, 2018) (finding Rule 33(d) response regarding patentee's products improper). To fully and fairly answer Interrogatory No. 5 (which nine months later it has not done yet), PureWick would need to determine whether prior art products that it publicly disclosed embodied the claims of the patents-in-suit.

Finally, PureWick had a duty to investigate whether any of its early public disclosures of its products were invalidating during the prosecution of the patents-in-suit (including ongoing prosecution). *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1383-85 (Fed. Cir. 2001) (awarding attorneys' fees where prosecuting attorneys "had a duty to investigate" because they were aware potentially invalidating "sales of the invention had been made approximately one year before the filing of the application" and yet "fail[ed] to inquire" into the invalidating sales).

Accordingly, PureWick's response that it has not undertaken the analysis called for by Interrogatory No. 15 is either incorrect or, at a minimum, reflects a troubling refusal to comply with the Court's prior order.

PureWick's prior art products may be the most relevant references in this case. *See Dippin Dots, supra.* PureWick should therefore be compelled to provide the highly relevant information sought by Interrogatory No. 15 regarding its own prior art products.

                                              Respectfully,

                                              */s/ Anne Shea Gaza*

                                              Anne Shea Gaza (No. 4093)

Enclosures (Appx A filed separately under seal, Exhibits 1-5 enclosed)

cc:   All Counsel of Record (via E-Mail)