

John W. Shaw
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

**BY CMECF**          November 24, 2020

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *PureWick Corp. v. Sage Products LLC*, C.A. No. 19-1508-MN

Dear Judge Noreika,

      In accordance with the Court's oral Order (D.I. 92), setting a December 3, 2020 Discovery Dispute Telephone Conference, Plaintiff PureWick Corp. ("PureWick") submits this response to Defendant Sage Products LLC's ("Sage") November 23, 2020 opening letter (D.I. 94).

      Sage Interrogatory No. 15 (served October 2, 2020, not months ago as Sage's letter implies) asks PureWick to provide validity contentions for dozens of prototype devices that are not identified or charted in Sage's invalidity contentions. Although Sage claims that the interrogatory "requests factual information about PureWick's prior art products," the interrogatory is a contention interrogatory that asks PureWick to identify "on a claim-by-claim basis . . . each element of each asserted claim *that PureWick contends* is missing or absent from" the prototype devices, "and *explain why PureWick contends* that element would not have been obvious at the time of the invention." PureWick objected on grounds of relevance, among others, because neither party has advanced any claim, defense or theory in this case with respect to these numerous devices. Even though Sage sought, and PureWick produced, documents about the prototype devices to which the interrogatory is directed, Sage has not asserted that the devices meet the elements of any asserted claims or included them in any invalidity claim charts. Simply put, Sage is asking that Purewick be compelled to prove that numerous prototypes do not invalidate the asserted claims before Sage has ever asserted that any of the prototypes do invalidate the claims. That would be no different than Purewick producing dozens of published papers to Sage (none of which Purewick had formed any contentions about) and Sage then asking PureWick to prove they were not invalidating.

      From 2010 to 2016, the founders of PureWick – Camille and Ray Newton – developed and tested dozens of prototype devices leading up to the launch of their commercial product in 2016. Contrary to Sage's accusations (which Sage supports with nothing more than lawyer rhetoric), PureWick has produced the documents in its possession, custody or control concerning the devices (including photographs of over thirty physical samples), identified the devices in response to Sage's Interrogatory No. 6, and provided information about when the devices were made, tested and/or disclosed to a third-party. PureWick also identified which devices it contends are covered by the patents, and provided claim charts showing how those devices meet the elements of the claims. Although Sage asserts that PureWick's response to Interrogatory No. 6 "identif[ied] several prior art

SHAW KELLER LLP

Page 2

products," Sage has not identified any of these products in its invalidity contentions or articulated any basis for believing they are invalidating prior art.[1]

Contention interrogatories are permissible to discover the bases for theories underlying a parties' claims or defenses. *Former Shareholders of Cardiospectra v. Volcano Corp.*, 12-cv-1535 (N.D. Cal. Oct. 4, 2013). They do not provide a mechanism to force a party to formulate positions about claims or defenses that neither party has raised. The decisions cited by Sage that compelled responses to interrogatories seeking validity contentions are all distinguishable because in each of those cases the defendant sought validity contentions only for references that had been specifically charted in the defendant's invalidity contentions. For example, in *Quantum Loyalty Sys. v. TPG Rewards*, No. 09-CV-022-SLR/MPT, 2012 WL 726842, at *2-3 (D. Del. Mar. 6, 2012), there were two prior art systems that were both identified and charted in defendants' invalidity contentions. Similarly, in *Duhn Oil Tool v. Cooper Cameron Corp.*, No. 1:05-CV-01411-OWW-GSA, 2010 WL 716306, *2–4 (E.D. Cal. 2010), the defendant's interrogatory sought validity contentions for a single prior art patent from the defendant's invalidity contentions. And in *Best Medical Int'l Inc. v. Varian Medical Sys.*, the defendant represented to the Court that "[w]e are not asking and the interrogatory does not call for BMI to respond to hypothetical obviousness combinations . . . . ***What we're asking them to do . . . is tell us where we [sic] think the specifically charted references are incorrect***." D.I. 94-1 at 4:14-22 (emphasis added). The Court then ordered the plaintiff to respond to the interrogatory by identifying "what they think is missing from the different elements" solely for the references charted in the defendant's invalidity contentions, and did not require any response with respect to obviousness.[2] *Id.* at 12:17-13:8.

In contrast, despite having identified hundreds of references in their invalidity contentions Sage has not provided any contentions whatsoever with respect to any PureWick prototype devices. Sage claims that they identified the prototypes in their contentions, but cites to one sentence stating that "[v]ersions of the PureWick device appear to have been offered for sale or disclosed to third parties prior to the earliest viable priority dates." That does not qualify as an invalidity contention that suffices to trigger a need to rebut. Sage does not identify which versions of the PureWick device it is referring to, and does not chart any device against the asserted claims. Sage also complains in its contentions that PureWick has not provided information about the prior disclosures and sales of its devices, but that is simply incorrect. PureWick has produced documents about the prototypes, including documents relating to testing, the dates when the prototypes were made, and photographs of the prototypes themselves, and identified those documents in interrogatory responses.

---

[1] Perhaps Sage has not contended that the prototype devices are prior art because the prototypes were not developed or made public until after the effective filing dates of the patents-in-suit. PureWick's '508 patent has an effective filing date of July 21, 2010 and PureWick's '376 and '989 patents have an effective filing date of March 19, 2014. As set forth in PureWick's response to Sage Interrogatory No. 6, the first experimental testing of certain devices by someone other than Camille Newton took place beginning in July 2013, which is after the '508 patent issued and less than one year before the effective filing date of the '376 and '989 patents.

[2] The Court's order was consistent with Magistrate Judge Burke's order in *Satius Holding, Inc. v. Samsung Elecs. Co., Ltd.*, which similarly required the plaintiff to provide validity contentions only for references charted in defendants' invalidity contentions, and not with respect to obviousness. C.A. No. 18-cv-00850-MN-CJB, D.I. 52 (D. Del. Aug. 8, 2019) (Ex. A).

SHAW KELLER LLP
Page 3

If Sage believes that any of the devices meet the elements of the claims and are relevant to Sage's claims or defenses, Sage should make that contention. Yet Sage has never supplemented its invalidity contentions to include a single substantive allegation that any of the PureWick prototype devices invalidate any of the asserted claims.

Requiring PureWick to formulate validity contentions about devices that have not been alleged to be prior art and have not been relied on in Sage's invalidity contentions would be extremely burdensome and disproportionate to the needs of this case. *See, e.g.*, *Sol IP, LLC v. AT&T Mobility LLC*, case no. 18-cv-00526, 2020 WL 60140, at *2 (E.D. Tex. Jan. 5, 2020)(denying motion to compel a plaintiff to identify all disclosure that it contended provided written description support for each claim element as not proportional to the needs of the case). The documents and discovery produced by PureWick show that the founders of the company made dozens of prototype devices in connection with their development of the PureWick female external catheter product. In view of the fact that Sage already has relied on hundreds of prior art references in its invalidity contentions, and is required to narrow those contentions by December 18, 2020, Sage is unlikely to contend that any more than a few of these prototypes, if any, are relevant to its invalidity defense. As PureWick informed Sage during the parties' meet and confer, if Sage supplements its invalidity contentions to provide charts for any of the prototype devices, PureWick will respond for those specific devices. Unless that happens, however, PureWick should not be required to formulate positions about dozens of devices in a vacuum. Under Sage's view it can limitlessly ask PureWick to formulate contentions as to why PureWick's claims are valid based on any device or publication Sage puts forward, regardless of whether or not Sage ever contends that it is invalidating.

Finally, Sage's argument that PureWick should have analyzed whether the prototypes are covered by the claims in order to answer Interrogatory No. 6 is meritless. That interrogatory asked PureWick to "Identify each version or iteration of the PureWick Female External Catheter product and ***any other product*** (including iterations), combination of products, or system ***ever manufactured, used, offered for sale or sold by any party*** (whether licensed or unlicensed) which is covered by any claim of the Asserted Patents." Under Sage's theory, in order to answer this interrogatory PureWick should have investigated every product ever made, used, offered for sale or sold by anyone at any point in time to determine whether it was covered by an asserted patent. That is not a reasonable interpretation of the scope of the interrogatory, nor is it what the Court found that PureWick was required to do. PureWick identified all prototypes and versions of the PureWick Female External Catheter product in response to the interrogatory, and provided claim charts for those that PureWick contends are covered by the patents. Nothing more was required.

The Court entered a schedule for the orderly disclosure of infringement contentions and invalidity contentions to focus the parties' claims and defenses, and avoid the need to conduct discovery about infringement and invalidity theories that are not at issue. Sage is now asking the Court to flip the process and require PureWick to provide validity contentions about prototypes that Sage has not alleged as prior art. For the foregoing reasons, PureWick respectfully requests that the Court deny the relief sought by Sage's letter brief.

                                                  Respectfully submitted,

                                                  */s/ John W. Shaw*

                                                  John W. Shaw (No. 3362)

cc: All counsel of record (by CM/ECF)