IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PUREWICK CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | **Redacted - Public Version** |
| | ) | |
| v. | ) | C.A. No. 19-1508-MN |
| | ) | |
| SAGE PRODUCTS, LLC, | ) | [redacted] |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTIONS TO PRECLUDE UNTIMELY INVALIDITY OPINIONS OF DONALD SHELDON AND DIANE NEWMAN**

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiff*

OF COUNSEL:
Steven C. Cherny
Brian P Biddinger
Matthew A. Traupman
Nicola R. Felice
Jason C. Williams
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000

Athena Dalton
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

Dated: September 20, 2021

# TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ........ 1

II. SUMMARY OF THE ARGUMENT ........ 1

III. LEGAL STANDARD ........ 3

IV. MOTION TO EXCLUDE DONALD SHELDON'S OPINIONS CONCERNING "PUREWICK PRIOR ART DEVICES" ........ 3

- A. Statement of Facts ........ 4
- B. Mr. Sheldon's Opinions Concerning Specific "PureWick Prior Art Devices" Should Be Excluded ........ 7

V. MOTION TO EXCLUDE DR. NEWMAN'S OPINIONS BASED ON THE OMNI DEVICES AND SUZUKI REFERENCE ........ 11

- A. Statement of Facts ........ 11
- B. Argument ........ 11
  1. Dr. Newman's Invalidity Opinions Concerning Omni Devices Should Be Excluded ........ 11
  2. Dr. Newman's Invalidity Opinions Based on Suzuki Should Be Excluded ........ 13

VI. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Finjan, Inc. v. Rapid7, Inc.*,
C.A. No. 18-1519-MN, 2020 WL 5798545 (D. Del. Sept. 29, 2020) .................................. 3, 9

*Konstantopolous v. Westvaco Corp.*,
112 F.3d 710 (3rd Cir. 1997) ........................................................................................... 9

*TQ Delta LLC v. 2Wire, Inc.*,
C.A. 13-1835-RGA (D. Del. Dec. 10, 2020) ..................................................................... 10

**Rules**

Fed. R. Civ. P. 26(a) ............................................................................................................ 3

Fed. R. Civ. P. 26(e) ............................................................................................................ 3

Fed. R. Civ. P. 37(b)(2)(A) ................................................................................................... 3

Fed. R. Civ. P. 37(c)(1) ........................................................................................................ 3

PureWick Corp. ("PureWick" or "Plaintiff") respectfully requests that the Court preclude Sage experts Donald Sheldon and Diane Newman from offering invalidity opinions at trial that rely on references or theories that were not timely disclosed pursuant to the Court's orders.

## I.      NATURE AND STAGE OF THE PROCEEDINGS

PureWick incorporates by reference the Nature and Stage of the Proceedings set forth in PureWick's contemporaneously filed Motion for Summary Judgment of Infringement.

## II.     SUMMARY OF THE ARGUMENT

The Court entered a scheduling order in this case requiring Sage to disclose its preliminary invalidity contentions by May 29, 2020, and its final invalidity contentions by April 5, 2021.  It has always been clear that the Court wanted Sage to disclose its invalidity contentions during fact discovery and that contentions (and facts allegedly underlying those contentions) would not be first disclosed during expert discovery.  It also has been abundantly clear that Sage has resisted, from the beginning, specifically disclosing its contentions in order to avoid committing to specific prior art contentions and to evade the Court's Order requiring Sage to limit the number of references it would rely upon.  Simply put, Sage decided early to try to finesse the rules by lumping tens of different physical devices into one category called "PureWick Prior Art Devices" and then saying that category invalidated the claims as one reference.  But Sage also knew that eventually it would have to disaggregate its broad collection of allegedly invalidating physical references because they were made in different ways and at different times and there is no way it could meet its high burden with a bland reference to a heterogeneous aggregation of prototype devices. Defying the Court's Order, it chose to finally pick and disclose the specific physical references upon which it intends to rely for the first time in its expert reports.  That is too late and unfair to PureWick who complied with the Court's Orders and repeatedly asked Sage to disclose its

invalidity contentions in a timely manner.  Because Sage failed to comply with the Court's Orders, its untimely new theories and references should be excluded.

Throughout fact discovery Sage treated dozens of different PureWick prototype devices as a single prior art "reference" and, in direct violation of the Court's scheduling and case narrowing orders, refused to identify upon which specific prototype devices it was relying or how any of the devices allegedly disclosed the elements of the asserted claims or constituted prior art.  By doing so, Sage avoided the Court's requirement that it narrow the number of prior art references it was relying on, and avoided disclosing its invalidity theories concerning those references.  The opening expert report of Donald Sheldon, however, changed course and identified for the first time theories that specific PureWick prototype devices allegedly anticipate or render obvious the asserted claims of the '376 and '989 patents.  Ex. 1 at pp. 237-73.  This disclosure was untimely and a violation of the Court's Orders.

Sage's invalidity contentions similarly grouped together multiple devices from a company called Omni and improperly treated them as a single device, once again avoiding the Court's case narrowing order as well as the requirement to provide specific contentions regarding individual pieces of prior art.  Sage similarly failed to provide contentions showing how any Omni device allegedly disclosed the elements of the claims, only revealing these theories for the first time in the opening expert report of Diane Newman.  This disclosure was untimely and also a violation of the Court's Orders.

Additionally, Sage's final invalidity contentions failed to disclose invalidity theories concerning the Suzuki prior art patent, which were disclosed for the first time in Dr. Newman's expert reports.  These theories were likewise untimely and should be excluded.

## III.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may . . . prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" or may "strik[e] pleadings in whole or in part."

Pursuant to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  To determine whether a failure to disclose is harmless, courts in the Third Circuit consider the "*Pennypack*" factors, which include: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld."  *Finjan, Inc. v. Rapid7, Inc.*, C.A. No. 18-1519-MN, 2020 WL 5798545, at *2 (D. Del. Sept. 29, 2020).

## IV.    MOTION TO EXCLUDE DONALD SHELDON'S OPINIONS CONCERNING "PUREWICK PRIOR ART DEVICES"

The opening expert report of Donald Sheldon includes opinions that specific PureWick prototype devices allegedly invalidate the asserted claims of the '376 and '989 patents based on their alleged prior use or sale.  Despite repeated requests by PureWick, Sage refused to disclose these during fact discovery as required by the Court's scheduling and case narrowing orders. Rather than identify ***the specific prototype devices*** upon which Sage was relying, or how they allegedly invalidate the asserted claims, Sage purposefully treated dozens of physically unique devices that were made by PureWick over a period of several years as a single "reference" in order to avoid the Court's requirement that Sage narrow its prior art to no more than 35 total references,

and subsequently to no more than 20 total references. Only in their expert reports did Sage finally reveal the specific prototypes its expert planned to rely on and how they allegedly invalidate the claims. Because Sage failed to comply with the Court's Orders, its untimely disclosure of invalidity theories for the first time in its expert report should be excluded.

### A. Statement of Facts

The asserted patents arose from PureWick's development and commercialization of the PureWick Female External Catheter (FEC). [redacted] Ex. 2 at 129:25-130:7. PureWick provided extensive discovery to Sage throughout this case concerning the prototype devices (*see, e.g.*, Ex. 3 at pp. 18-26; Ex. 4), including providing photographs and making numerous different physical devices available for inspection (Ex. 5).

Sage's preliminary invalidity contentions were due on May 29, 2020, and final invalidity contentions were due on April 5, 2021. D.I. 24 and 56. Following a dispute concerning the sufficiency of Sage's invalidity contentions, the Court entered an order requiring Sage to narrow the number of prior art references, "identify those references to Plaintiff," and identify a limited number of prior art combinations that may be used for arguing obviousness. D.I. 89 (adopting proposed order at D.I. 87-1). The order required Sage to provide a first narrowing to no more than 35 total references by December 18, 2020, and a second narrowing to no more than 20 total references by August 20, 2021. *Id.*

In its Initial Invalidity Contentions, Sage broadly alleged that ***"[v]ersions of the PureWick device*** appear to have been offered for sale or disclosed to third parties prior to the earliest viable priority dates of the 376 and 989 Patents." *See, e.g.*, Ex. 6 at p. 187. Sage, however, did not identify any specific "[v]ersions of the PureWick device," or provide any contention as to how such devices disclosed any claim elements or even how they allegedly constitute prior art. *See,*

*e.g.*, *id.* at pp. 88-187. Rather than supplement its invalidity contentions to identify how any specific PureWick prototype device allegedly invalidated the asserted claims, Sage improperly sought to compel PureWick to provide ***validity*** contentions explaining why each of PureWick's numerous prototype devices and products do not meet the elements of the claims. D.I. 94, 96. At the hearing on that motion, the Court asked Sage whether it had provided contentions for the devices "claim by claim, element by element," reminding Sage that "You're the one with the burden of proof here." Ex. 7 at 4:17-5:6, 6:11-20. When Sage admitted it had not, the Court denied Sage's motion, stating that PureWick "shouldn't have to give you validity contentions before you have given them invalidity contentions." *Id.* at 7:21-23.

Notwithstanding the Court's direction that Sage's contentions needed to show "claim by claim, element by element" how any PureWick prototype device allegedly invalidated any of the asserted claims, Sage never provided such contentions when it served its Second Supplemental Invalidity Contentions on December 18, 2020 (Ex. 8), when it served its Third Supplemental Invalidity Contentions on February 6, 2021 (Ex. 9), or when it served its Final Invalidity Contentions on April 5, 2021 (Ex. 10). Rather than provide ***element-by-element contentions*** for any particular device, Sage included paragraphs in their contentions [REDACTED] *See, e.g.*, Ex. 10 at pp. 209-11. In its claim charts Sage simply inserted a bullet point for each element of the asserted claims that says [REDACTED] with no attempt to explain to which of the many different PureWick devices Sage was referring, or how the element allegedly was met by the device. *See, e.g.*, *id.* at pp. 111-209.

After Sage repeatedly refused to supplement its contentions to specifically identify which prototypes and/or PureWick devices it contended invalidated the asserted claims, or how they allegedly invalidated any claims, PureWick sought the Court's assistance in March 2021.  D.I. 145.  The hearing occurred before Magistrate Judge Fallon on April 6, 2021.  During the hearing, Sage argued that, despite the Court's earlier guidance, it didn't have to identify specific devices or explain why they were prior art because, in its view, all of the many PureWick devices "have the same salient features."  D.I. 155 at pp. 3-4.  This, of course, made no sense given that



Ex. 4 at PureWick_0019764, 19765, 19772.  It was clear then, as now, that Sage did not want to limit its choices of prior art to the number required by the Court's Order and was unwilling to commit to specific physical references during fact discovery.

During the argument it became clear to Judge Fallon that, given the late stage of discovery, PureWick's motion effectively had become a motion to preclude that would need to be addressed by the Court at some later point.  She denied the motion without prejudice but pointedly cautioned Sage that it had all the pertinent information to make specific contentions regarding the physical

devices and that its insistence on bundling tens of physical devices and prototypes under one generic heading would likely lead to motion practice in the future.[1] Judge Fallon said: "Sage wants to bundle these Purewick prior art devices into one combination that shares all the same salient features, but the plaintiff does not agree with that concept. At some point there will be motion practice and the Court will resolve whether Sage is permitted to bundle them on the basis that they all have the same salient characteristics and should, in fact, constitute one reference or whether they don't." Ex. 11 at 61:19-62:4. That day has now come. As Purewick's counsel predicted during the argument with Judge Fallon (*id.* at pp. 12-13), Sage has, in its expert reports, departed from its prior position and now identifies specific devices as prior art as opposed to indiscriminately lumping tens of devices under "Purewick Prior Art Devices."

### B. Mr. Sheldon's Opinions Concerning Specific "PureWick Prior Art Devices" Should Be Excluded

Throughout fact discovery, Sage refused to identify upon which of the dozens of different PureWick prototype devices Sage was relying as allegedly invalidating art, or explain how any specific device allegedly disclosed the elements of the asserted claims or qualified as prior art. Instead, Sage vaguely [REDACTED] [REDACTED] Ex. 10 at pp. 209-11. Sage argued to the Court that all of the devices had the "same salient features" and, thus, they should all be treated as a single prior art reference, but Sage never once identified what those "salient features" were, or what that even means. And because Sage refused to provide any chart comparing any device to the claims on an element-by-element basis, Sage's "contentions"

[1] Ex. 11 at 61:6-14 ("Sage is in possession of samples of these alleged Purewick prior art devices. It has all the information it needs to fashion specific inquiries about factual features of these products that it could have asked Purewick, but it insists on shifting these contention interrogatories to Purewick that can't conceivably be answered in any reasonable manner.").

were nothing more than a bare assertion that all of the claims are invalid based on the alleged prior use or sale of one or more of a host of unspecified devices. This was a blatant effort by Sage to avoid the Court's Order requiring Sage to narrow its prior art references to no more than 35 (and then to no more than 20) and Sage's untimely effort to change course and rely on specific devices in its expert reports should be excluded.

Indeed, if Sage truly believed that all of these devices were the same and that there was no need to separate out individual devices, then it should have maintained that position throughout the case. But Sage knows that this is a specious position meant only to frustrate discovery and to evade the Court's Order, and that there is no way it could meet its burden if it presented such arguments at trial. So, as predicted, Sage changed its tune in the opening report of Mr. Sheldon, which confirmed that Sage's own expert does not believe that the "PureWick Prior Art Devices" share the "same salient features." In his report, Mr. Sheldon asserted that [REDACTED] .[2] *Id.* at pp. 240 n.10, 271-74. Thus, unlike Sage's invalidity contentions, Mr. Sheldon's report contended for the first time, on a claim-by-claim and element-by-element basis, [REDACTED] Because Sage's

[2] This is contrary to Sage's invalidity contentions where Sage repeatedly contended that [REDACTED]. *See, e.g.*, Ex. 10 at pp. 209-219 ([REDACTED]).

invalidity theories concerning these devices were not disclosed as required by the Court they should be stricken from Mr. Sheldon's report.[3] *See Finjan*, 2020 WL 5798545, at *3-4.

When PureWick raised these issues with Sage in the past, Sage repeatedly argued that there was no prejudice to PureWick because these are PureWick's own devices. But the prejudice lies in Sage's refusal to narrow the case as required by the Court and timely disclose its theories. Under Sage's view a defendant never has to comply with the Court's Orders so long as the art it relies upon was created by the patentee. [REDACTED] Sage avoided the Court's narrowing order and required PureWick to engage in discovery and claim construction without the benefit of knowing which of the countless prototypes Sage would ultimately rely on, or how they alleged the prototypes met the elements of the claims. Sage's conduct constitutes a flagrant violation of the Court's Order, which was specifically designed to focus the case. *Konstantopolous v. Westvaco Corp.*, 112 F.3d 710, 719 (3rd Cir. 1997) (affirming exclusion of expert report, in part, because it reflected a "'flagrant disregard' of a court order by the proponent of the evidence."). Sage's refusal to comply with that order and focus the case prejudiced PureWick who, unlike Sage, did comply with the narrowing order by limiting its asserted claims.

By hiding its invalidity theories Sage not only prejudiced PureWick but also sought to mislead the Court. During claim construction Sage argued that the term "casing" in the '376 and '989 patents should be construed to exclude the embodiment shown in Figures 36-38 of those patents. D.I. 105 at pp. 56-59. [REDACTED]

---

[3] On August 20, 2021, Sage disclosed its further "narrowed" list of references, which included 18 prior art patents, the "Omni AMX/DMAX ***devices***," and "PureWick Prior Art ***Devices***." Ex. 12. Because both the "Omni AMX/DMAX devices" (discussed further, *infra*) and "PureWick Prior Art Devices" constitute multiple different devices, Sage once again violated the Court's narrowing order by failing to narrow their art to no more than 20 references.

[redacted] *See* Ex. 1 at p. 243. If Sage previously had asserted that [redacted] disclosed the elements of the '376 and '989 claims – including the "fluid impermeable casing" element – then Sage never could have argued to the Court that Figs. 36-38 fall outside the scope of the '376 and '989 claims. Avoiding providing specific invalidity contentions directed to this and other prototypes allowed Sage the flexibility to seek a self-serving construction supporting noninfringement without being constrained by inconsistent invalidity contentions.

The Court made clear to Sage that invalidity theories should be provided on a claim-by-claim and element-by-element basis. Ex. 7 at 4:17-5:6. The Court also required Sage to narrow its prior art and specifically identify it to PureWick. Despite those instructions, Sage refused to do so in order to gain a tactical advantage in the case. Under these circumstances, striking Sage's untimely theories is the proper outcome, particularly because doing so will not leave Sage without an invalidity defense. *TQ Delta LLC v. 2Wire, Inc.*, C.A. 13-1835-RGA (D. Del. Dec. 10, 2020) (Ex. 13) (striking invalidity theory where the failure to timely disclose it "was a conscious decision, and intentional, not just negligent."). Mr. Sheldon opined that nine other prior art references, either alone or in combination, anticipate or render the '376 and '989 claims obvious. Sage can continue to rely on those other references without any impact to its expert's ultimate opinions. *Id.* ("Defendant has advanced dozens of invalidity theories and it is hard to believe that two additional pieces of prior art have anything more than marginal value."). Accordingly, PureWick respectfully requests that the Court exclude Mr. Sheldon's opinions about alleged "PureWick Prior Art Devices."

## V. MOTION TO EXCLUDE DR. NEWMAN'S OPINIONS BASED ON THE OMNI DEVICES AND SUZUKI REFERENCE

### A. Statement of Facts

The opening expert report of Diane Newman included opinions that the asserted claims of the '508 patent are anticipated or obvious in view of the prior use or sale of the AMXD and AMXDMax products by a company called Omni. Ex. 14 at pp. 181-206. Dr. Newman also opined that the asserted claims of the '407 patent are anticipated or obvious in view of U.S. Patent No. 7,222,250 to ("Suzuki"). *Id.* at 213-39. These theories were not previously disclosed in Sage's invalidity contentions, and the specific Omni devices relied upon by Dr. Newman were not identified by Sage pursuant to the Court's case narrowing order.

### B. Argument

#### 1. Dr. Newman's Invalidity Opinions Concerning Omni Devices Should Be Excluded

As it did with the "PureWick Prior Art Devices," Sage's invalidity contentions referred to a collection of devices as the [REDACTED]" Ex. 10 at pp. 68-73 ("[REDACTED]"). In its claim charts Sage simply included a bullet point next to each element that says [REDACTED] with no explanation as to which device it was referring to or how the device allegedly disclosed the claim element. *Id.* at pp. 31-66.

Sage's failure to identify upon which specific Omni devices it was relying was yet another attempt by Sage to avoid the Court's Order requiring Sage to narrow its prior art. [REDACTED] *See* Ex. 14 at ¶389 ("[REDACTED]

[redacted].”). In fact, [redacted]. *See, e.g.*, *id.* at pp. 183-97. However, [redacted] Ex. 15 at 72:6-73:5; Ex. 16. In fact, Sage’s invalidity contention chart for the ‘407 patent – which is directed to a ***male*** urine collection device – also included the same bullet point references to [redacted] *See, e.g.*, Ex. 10 at pp. 255-305. And [redacted] Ex. 17 at 40:9-12. Accordingly, it was impossible to discern from Sage’s invalidity contentions which of the various Omni devices they were relying on, or how they allegedly met any element of the asserted claims. Sage’s failure to specify which of the devices it was relying on was a violation of the Court’s Order.

Moreover, Dr. Newman includes obviousness opinions in her report that rely on a combination of information concerning the [redacted] with the knowledge of a person of ordinary skill in the art, as evidenced by multiple other references. *See, e.g.*, Ex. 14 at pp. 190, 204-05. Sage, however, never disclosed any combination of the [redacted] with any other reference in their Court-ordered case narrowing disclosure. Ex. 12. Sage should not be permitted to do an end-around the Court’s narrowing order by characterizing the combination references as reflective of the knowledge of a person of ordinary skill. This would eviscerate the Court’s order.

Because Sage failed to timely disclose which Omni devices it was relying on, how they allegedly met the elements of the claims, or what additional references they were being combined with, Dr. Newman's opinions based on these devices should be excluded.

**2. Dr. Newman's Invalidity Opinions Based on Suzuki Should Be Excluded**

Dr. Newman's invalidity report also includes new invalidity theories based on the Suzuki reference that were not disclosed in Sage's invalidity contentions.

Sage's invalidity contentions for the '407 patent included a list of prior art references as well as a chart that purportedly "identif[ied] where in each item of prior art each element of each asserted claim is found." *See, e.g.*, Ex. 10 at pp. 228-45, 255. The '407 patent chart in Sage's contentions does not cite to any disclosure from Suzuki with respect to one of the elements in each of independent claims 1 and 13 of the '407 patent. *See, e.g.*, *id.* at pp. 263-65, 296-97 (failing to identify Suzuki for the "chamber of void space" element). Accordingly, PureWick understood that Sage was not alleging anticipation based on Suzuki for these claims.

In her expert report, however, Dr. Newman *See* Ex. 14 at pp. 213, 220-21, 238. This anticipation theory was not disclosed in Sage's contentions and should be excluded.

Moreover, even for the claim elements where Sage did identify disclosure from the Suzuki reference in its contentions, *Id.* at pp. 215-16. Suzuki describes the fourth embodiment in columns 11-12 where it states that the fourth embodiment "differs from the first embodiment in

that the shape and construction of the urine receiver 10B differs." Ex. 18 at 11:29-31; Ex. 14 at pp. 215-26.

*Id.* at p. 215, n. 7. For many elements of the claims

*Id.* at pp. 217-40.

Ex. 10 at pp. 255-305. Instead,

Accordingly, Sage's contention failed to disclose any invalidity theory based on Suzuki that was subsequently presented in Dr. Newman's expert reports.[4]

Because Sage did not timely disclose the invalidity theories for Suzuki in Dr. Newman's expert reports, Dr. Newman's untimely opinions concerning Suzuki should be excluded.

## VI. CONCLUSION

For the foregoing reasons, PureWick respectfully requests that the Court exclude Mr. Sheldon's untimely opinions concerning "PureWick Prior Art Devices," and Dr. Newman's untimely opinions concerning Omni devices and the Suzuki reference.

[4] Dr. Newman also includes opinions Sage, however, did not identify any combination of Suzuki with any other reference in its prior art combinations as required by the Court's case narrowing order. *See* Ex. 12 at p. 3.

OF COUNSEL:
Steven C. Cherny
Brian P Biddinger
Matthew A. Traupman
Nicola R. Felice
Jason C. Williams
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000

Athena Dalton
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

Dated: September 20, 2021

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, John W. Shaw, hereby certify that on September 20, 2021, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Anne Shea Gaza
Samantha G. Wilson
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6727
agaza@ycst.com
swilson@ycst.com

Robert A. Surrette
Sandra A. Frantzen
Christopher M. Scharff
Ryan J. Pianetto
Paul W. McAndrews
Deborah A. Laughton
MCANDREWS, HELD & MALLOY, LTD
500 West Madison Street
Chicago, IL 60661
(312) 775-8000
bsurrette@mcandrews-ip.com
sfrantzen@mcandrews-ip.com
cscharff@mcandrews-ip.com
rpianetto@mcandrews-ip.com
pwmcandrews@mcandrews-ip.com
dlaughton@mcandrews-ip.com

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiff*

# Exhibits 1-5
# REDACTED IN THEIR ENTIRETY

# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PUREWICK CORPORATION,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>SAGE PRODUCTS, LLC,<br><br>Defendant/Counterclaim Plaintiff. | C. A. No. 19-1508-MN |

**SAGE'S INITIAL INVALIDITY CONTENTIONS REGARDING**
**U.S. PATENT NOS. 8,287,508, 10,226,375, AND 10,390,989**

Defendant Sage Products, LLC ("Sage") hereby provides the following Initial Invalidity Contentions regarding U.S. Patent No. 8,287,508 ("the 508 Patent"), U.S. Patent No. 10,226,376 ("the 376 Patent"), and U.S. Patent No. 10,390,989 ("the 989 Patent") pursuant to the Court's January 9, 2020, Scheduling Order.[1] (D.I. 24.) Specifically, with regard to these three asserted patents, Paragraph 7(d) provides that "Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references." Accordingly, Sage provides its initial invalidity contentions for those three patents as follows:

**PRELIMINARY STATEMENT**

Sage expressly reserves its right to amend and supplement these Initial Invalidity Contentions. Plaintiff (also referred to herein as "PureWick") has not yet proffered (a) its proposed

[1] Sage provides these initial invalidity contentions despite Plaintiff's failure to provide adequate infringement contentions pursuant to paragraph 7(c) of the Scheduling Order. Sage further notes that, pursuant to the Court's May 14, 2020, Order, the parties are discussing amendments to the Scheduling Order including invalidity contentions for the newly-add patent (U.S. Patent No. 10,376,407).

24; Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77; Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Parmar 2014 at p. 1; 2015 PureWick brochure at pp. 1-4.

As shown by the above examples (and the charts below), the differences, if any, between the relevant prior art references and the Asserted Claims of the 376 Patent were known and would have been within the knowledge and common sense of one of ordinary skill in the art, and modification, if any, to achieve the claimed invention would have been a routine choice with a reasonable expectation of success. In addition, or alternatively, one of ordinary skill in art would have been motivated to combine one or more of the references as they nearly all pertain, generally, to urine collection systems or apparatuses.

As noted above, the following charts identify where in each item of prior art each element of each asserted claim is found. The citations in the charts are representative and should not be construed as limiting. As mentioned above, the charts below reflect alternative views of the meaning of claim language including Sage's understanding of Plaintiff's position regarding the construction of the claims, and Sage makes no admissions regarding any alleged infringement. Moreover, by addressing any claim language in the charts below, Sage makes no admission as to whether or not that language serves as a limitation of the claim.

**U.S. Patent No. 10,226,376 (Claims 1, 4–9, and 11–14)**

| **Claim Language** | **Prior Art** |
|---|---|
| **Claim 1** | |
| 1. An apparatus comprising: | To the extent the preamble is limiting, the below-cited references each disclose an apparatus. |

| Claim Language | Prior Art |
|---|---|
| a fluid impermeable casing having a fluid reservoir at a first end, | Apparatuses with fluid impermeable casings having a fluid reservoir at one end were well known at the time of the alleged invention.[4]<br><br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56; |

[4] For purposes of the 376 Patent, it is assumed that the time of the alleged invention is the earliest alleged priority date of March 2014 despite Plaintiff's failure to provide adequate evidence on this issue. Of course, what was known as of that date was also known at later dates.

| Claim Language | Prior Art |
|---|---|
| | • Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; |

| Claim Language | Prior Art |
| --- | --- |
| | • Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a fluid outlet at a second end, | Fluid impermeable casings having a fluid outlet at another end were well known at the time of the alleged invention. |

| Claim Language | Prior Art |
| --- | --- |
| | • Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35; |

| Claim Language | Prior Art |
| --- | --- |
| | • Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25; |

| Claim Language | Prior Art |
|---|---|
| | • Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| and a longitudinally extending fluid impermeable layer coupled to the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet; | Fluid impermeable casings having a longitudinally extending fluid impermeable layer coupled to the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet were well known at the time of the alleged invention. For example, in the case of urine collection devices, such a configuration is shaped for the female anatomy as discussed above while allowing for urine collection and removal.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62; |

| Claim Language | Prior Art |
| --- | --- |
| | • Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; |

| Claim Language | Prior Art |
|---|---|
| | • Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a fluid permeable support disposed within the casing with a portion extending across the elongated opening, | Fluid permeable supports disposed within the casing with a portion extending across the elongated opening was well known at the time of the alleged invention, for example, allowing for support of a fluid permeable membrane.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10; |

| Claim Language | Prior Art |
|---|---|
| | • Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; |

| Claim Language | Prior Art |
|---|---|
| | • Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | Fluid permeable supports distinct from and near the fluid reservoir were well known at the time of the alleged invention. For example, in the case of urine collection devices, such a configuration prevented the support from being in a urine reservoir but close enough to allow for urine to enter the reservoir.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Conkling 541 at Figs. 12-15, 6:43-68; |

| Claim Language | Prior Art |
|---|---|
| | • Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-11, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2006 British Health Publication at pp. 14-15. |
| a fluid permeable membrane disposed on the support and covering at least the portion of the | Using multiple layers of permeable materials is well known in the body fluid collection art |

| Claim Language | Prior Art |
|---|---|
| support that extends across the elongated opening, so that the membrane is supported on the support and disposed across the elongated opening; | to facilitate fluid flow.  Fluid permeable membranes disposed on a permeable support and covering part of the support that extends across the opening where fluid enters were well known in the art at the time of the alleged invention.  In such configurations, the membrane is supported on the support and disposed across the opening, enhancing fluid collection.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66; |

| Claim Language | Prior Art |
|---|---|
| | • Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a tube having a first end disposed in the reservoir and extending behind at least the portion of the support and the portion of the membrane disposed across the elongated opening and extending through the fluid outlet to a second, fluid discharge end, | Fluid discharge tubes were known at the time of the alleged invention to assist in discharge of fluid from a body fluid collection appartus to a location outside of the apparatus.  It was known to have such tubes extend from the fluid reservoir, behind a portion of the membrane and support disposed across the fluid opening, and through to the fluid outlet.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; |

| Claim Language | Prior Art |
|---|---|
| | • Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15.<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog. |
| the apparatus configured to be disposed with the opening adjacent to a urethral opening of a user, to receive urine discharged from the urethral opening through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir, and to have the received urine withdrawn from the reservoir via the tube and out of the fluid discharge end of the tube. | It was well known to configure such apparatuses so that the opening where fluid entered was designed to be near the source of the body fluid. For example, in a urine collection device, it was well known to dispose the device next to the urethral opening of a user so that urine could be received through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir. It was also well known to configure such apparatus with a fluid discharge end where collected fluid could leave the device via a discharge tube as discussed above. For example, for a urine collection device, it was well known to configure the device so that urine withdrawn from the reservoir was expelled out of the discharge end of the fluid collection tube.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

| Claim Language | Prior Art |
| --- | --- |
| | • Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |

| Claim Language | Prior Art |
|---|---|
| | |
| **Claim 4** | |
| 4. The apparatus of claim 1, wherein the support is cylindrical | See Claim 1.<br><br>There were a few known design choice configurations for body fluid collection devices, particularly those used for urine collection. For example, as discussed above, it was known that cylindrical devices conformed to the female anatomy, and thus it was known to construct such devices (and their corresponding elements such as the permeable support) to have such cylindrical shapes.<br><br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Hirschman 277 at Figs. 1-9, 1:33-40, 2:24-50;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Fig. 1, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• 2015 PureWick brochure at pp. 1-4. |
| and defines a lumen, | As discussed above, there were a few known design choice configurations for body fluid collection devices, many of which had lumens inside the device and within the |

| Claim Language | Prior Art |
| --- | --- |
| | support in particular for placement of a fluid discharge tube. Further, providing a lumen in the support for a tube was one of only a few design options.<br><br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 8-9;<br>• Okabe 706 at Fig. 1;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Fig. 1, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Van Den Heuvel 894 at Figs. 3-4, paras. 19, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Kuntz 355 at Figs. 3-5, 2:9-12, 5:3-5. |
| the membrane is a fabric sleeve disposed around the support, | There are a few design options known for a fluid permeable membrane including the use of fabric sleeves. Fabric sleeves disposed around a support were known at the time of the alleged invention.<br><br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32; |

| Claim Language | Prior Art |
|---|---|
| | • Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 4:7-9, 6:21-31;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmidt 688 at Figs. 4-7, 4:29-68, 5:43-62. |
| and the tube is disposed in the lumen of the support. | As discussed above, supports with lumens for a fluid discharge tube were well known. It is well understood that a lumen serves as a structure for placement of a tube.<br><br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 8-9;<br>• Okabe 706 at Fig. 1;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Fig. 1, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Van Den Heuvel 894 at Figs. 3-4, paras. 19, 47; |

| Claim Language | Prior Art |
|---|---|
| | • Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Kuntz 355 at Figs. 3-5, 2:9-12, 5:3-5. |
| **Claim 5** | |
| 5. The apparatus of claim 1, wherein the support and casing are substantially cylindrical, | See Claim 1.<br><br>As discussed above, cylindrical and substantially cylindrical apparatus were one of the few design choices for body fluid collection apparatuses, and it was well understood that cylindrical or substantially cylindrical devices were well-suited for the female anatomy. It was understood to design the associated components such as the support and casing in accordance with the design of the device (e.g., cylindrical).<br><br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Duhamel 102 at Fig. 2, 1:65-2:14;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-67, 5:22-6:67;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 20-21, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:15, 2:25-27, 3:5-25, 6:18-26, 6:28-7:3, 7:5-13, 8:17-20, 8:22-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Parmar 2014 at p. 1;<br>• 2015 PureWick brochure at pp. 1-4. |
| the apparatus configured to be: disposed with the elongated opening adjacent the urethral opening of a human female; | As discussed above, it was well known to configure a body fluid collection device so that the opening was adjacent to the source of fluid. Urine collection devices were |

| Claim Language | Prior Art |
|---|---|
| | known to be configured so that the elongated opening was adjacent the urethral opening of a female.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 6-9, 3:1-9;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, claim 1, 2:41-55, 12:5-21;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at 6, 10, 12, paras. 20, 21, 25-26;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure; |

| Claim Language | Prior Art |
|---|---|
| | • Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| oriented with the reservoir adjacent to the user's anus and the outlet disposed above the urethral opening; and | It was well known at the time of the alleged invention to orient a urine collection device with the reservoir adjacent to the user's anus and the outlet disposed above the urethral opening.  For example, such a configuration used in conjunction with female urine collection devices optimized comfort and facilitated urine collection while minimizing leaks.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 6-9, 3:1-9;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Parmar 2014 at p. 1; |

| Claim Language | Prior Art |
|---|---|
| | • Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| arranged with a curved shape with the elongated opening disposed on the inside of the curve. | It was well known at the time of the alleged invention to select an apparatus design consistent with the intended use of the apparatus. For example, urine collection devices for women were known to have a curved shape with the elongated opening disposed on the inside of the curve, consistent with the female anatomy.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 1-12, 5:60-62, 7:1-7;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Figs. 5 and 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2; |

| Claim Language | Prior Art |
|---|---|
| | • Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 6** | |
| 6. The apparatus of claim 1, wherein the support is formed of spun plastic. | See Claim 1.<br><br>There are a few design choices for the material from which a permeable support could be formed, one of which is spun plastic.  It was well known at the time of the allged invention that spun plastic, for example, could hold and support a membrane and maintain form while allowing for fluid permeability.<br><br>• Van Den Heuvel 894 at para. 52;<br>• Van Den Heuvel 823 at 3:18-19, 6:18-26, 8:17-20, 11:9-10;<br>• Philips 505 at Figs. 18-22, 21:35-64, 26:40-27:42;<br>• Bond 845 at Abstract, ¶¶ 72, 205;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-28, 10:1-4;<br>• 2015 PureWick brochure at pp. 1-4. |
| and the membrane is formed of ribbed knit fabric | Fabrics such as ribbed knit fabrics were one of a few known design choices for the material from which a permeable membrane could be formed.  It was well known at the time of the allged invention that ribbed knit fabrics are permeable, comfortable, and can conform to a support.<br><br>• McGuire 981 at 1:71-2:16;<br>• Tong 356 at Figs. 1-5, 4:11-26;<br>• Fell 044 at Fig. 1, Abstract, 23:12-14. |

| Claim Language | Prior Art |
|---|---|
| | |
| **Claim 7** | |
| 7. The apparatus of claim 1, further comprising a fluid receptacle fluidically coupled to the discharge end of the tube. | See Claim 1.<br><br>Fluid receptacles that coupled to the discharge end of the fluid discharge tube of a fluid collection apparatus to collect body fluid were well known at the time of the alleged invention.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-65;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Crowley 928 at 2:31-48, Fig. 3-5;<br>• Washington 508 at Figs. 6-9, 7:58-67;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Lawrence 222 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Wolff 066 at Fig. 1-3b, 5b, 3:34-47, 5:56-6:35;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Scott 384 at 3:15-31, Figs. 3-4; Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28; |

| Claim Language | Prior Art |
|---|---|
| | • Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 080 at Abstract, Figs. 3, para. 23;<br>• Wolff 131 at Figs. 1-3b, 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at 1:27-2:7;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Mizuguchi 641 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 8** | |
| 8. The apparatus of claim 1, further comprising a source of vacuum fluidically coupled to the discharge end of the tube. | See Claim 1. |

| Claim Language | Prior Art |
|---|---|
| | As previously discussed, it was well known to connect a vacuum source to fluid collection apparatuses to remove fluid via a fluid discharge tube.<br><br>• Jones 080 at 1:26-35;<br>• Scott 234 at 2:32-54, Fig. 1;<br>• Keane 768 at Abstract, 1:31-41, 2:6-10, 3:49-56, 3:60-65, 4:4-34, Fig. 4, 9-10;<br>• Hessner 418 at 6:36-43;<br>• Triunfol 675 at Figs. 2, 2:10-17;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 3:26-31, 5:54-57, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Crowley 928 at 2:31-48, Fig. 3-5;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Lawrence 564 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Lawrence 222 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51; |

| Claim Language | Prior Art |
|---|---|
| | • Harvie 043 at Figs. 1-3, 9:66-10:58<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Fig. 3, paras. 10, 23;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 21, 46;<br>• Van Den Heuvel 823 at 1:27-2:7;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Mizuguchi 641 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure; |

| Claim Language | Prior Art |
|---|---|
| | • Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 9** | |
| 9. The apparatus of claim 1, wherein the fluid permeable membrane includes a wicking material. | See Claim 1.<br><br>It was well known at the time of the alleged invention to have the permeable membrane include a wicking material.<br><br>• Scott 234 at 2:32-54, Fig. 1;<br>• Keane 768 at Abstract, 3:75-4:4, Figs. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Frosch 901 at Abstract, Figs. 1-2, 5:57-65;<br>• Hessner 418 at Abstract, Figs. 1-8, 3:26-31, 5:54-57, 6:36-43;<br>• Frosch 539 at Abstract, Figs. 1-2, 3:5-21, 6:27-42;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Lawrence 564 at Figs. 1-5, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36, claim 6;<br>• Lawrence 222 at Figs. 1-5, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36, claim 6;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54; |

| Claim Language | Prior Art |
|---|---|
| | • Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Figs. 5 and 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 21, 46;<br>• Van Den Heuvel 823 at 1:27-2:7;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-10:1, 10:4-9;<br>• Wada 625 at Fig. 24, paras. 188-194; |

| Claim Language | Prior Art |
| --- | --- |
| | • Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 11** | |
| 11. An apparatus comprising: a fluid impermeable casing defining a fluid reservoir at a first end, | Apparatuses with fluid impermeable casings defining a fluid reservoir at one end were well known at the time of the alleged invention.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62; |

| Claim Language | Prior Art |
|---|---|
| | • McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31; |

| Claim Language | Prior Art |
|---|---|
|  | • Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure; |

| Claim Language | Prior Art |
|---|---|
| | • Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a fluid outlet at a second end, | See Claim 1.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7; |

| Claim Language | Prior Art |
|---|---|
| | • Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31; |

| Claim Language | Prior Art |
|---|---|
|  | • Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| and a longitudinally extending portion extending between the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet; | See Claim 1.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56; |

| Claim Language | Prior Art |
|---|---|
| | • Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; |

| Claim Language | Prior Art |
| --- | --- |
| | • Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a fluid permeable support disposed within the casing with a portion extending across the elongated opening, wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | See Claim 1.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36; |

| Claim Language | Prior Art |
|---|---|
|  | • Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25; |

| Claim Language | Prior Art |
|---|---|
| | • Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a fluid permeable membrane disposed on the support and covering at least the portion of the support that extends across the elongated opening, so that the membrane is supported on the support and disposed across the elongated opening; | See Claim 1.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19; |

| Claim Language | Prior Art |
|---|---|
| | • Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a tube having a first end disposed in the reservoir and extending behind at least the portion of the support and the portion of the membrane disposed across the elongated opening and extending through the fluid outlet to a second, fluid discharge end, | See Claim 1.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31; |

| Claim Language | Prior Art |
| --- | --- |
| | • Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2006 British Health Publication at pp. 14-15. |
| the apparatus configured to: be disposed with the opening adjacent to a urethral opening of a user, with the fluid permeable membrane engaging tissue surrounding the urethral opening, | As discussed above, it was well known to configure a body fluid collection device so that the opening was adjacent to the source of fluid. Urine collection devices were known to be configured so that the opening was adjacent the urethral opening of a female.<br><br>• Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35; |

| Claim Language | Prior Art |
|---|---|
| | • Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1; |

| Claim Language | Prior Art |
|---|---|
| | • Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| be retained in position on the user solely by frictional engagement with and/or between the labia and/or other portions of the area of the user's body surrounding the urethral opening, and | It was well known at the time of the alleged invention that a fluid collection device could be held in place in a number of ways, one of which was solely by engaging the patient's body (for example, the labia in the case of urine collection devices for women) with the device. The other option was to use additional mechanisms to hold the device in place such as tape, form wear or the like.<br><br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Hirschman 277 at Figs. 1-9, 1:33-40, 2:24-50;<br>• Sanchez 508 at 5:14-16;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25;<br>• Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77;<br>• Parmar 2014 at p. 1;<br>• 2015 PureWick brochure at pp. 1-4. |
| receive urine discharged from the urethral opening through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir, and to have the received urine withdrawn from the reservoir via the tube and out of the fluid discharge end of the tube. | See Claim 1.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64; |

| Claim Language | Prior Art |
|---|---|
| | • Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 12** | |
| 12. The apparatus of claim 11, wherein the apparatus is configured to be retained in position on the user via engagement between the first end of the casing and a user's perineum. | See Claim 11.<br><br>As discussed above, it was well known at the time of the alleged invention that a fluid collection device could be held in place in a number of ways, one of which was solely by engaging the patient's body (for example, the |

| Claim Language | Prior Art |
|---|---|
| | labia in the case of urine collection devices for women) with the device.  It was also known that, for urine collection devices for women, the device could be configured to be held in place by engaging an end of the casing and a user's perineum.<br><br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Sanchez 508 at 5:14-16;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25;<br>• Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77;<br>• Parmar 2014 at p. 1;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 13** | |
| 13. An apparatus comprising:  a fluid impermeable casing defining a fluid reservoir at a first end, | See Claims 1 and 11.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34; |

| Claim Language | Prior Art |
|---|---|
| | • Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19; |

| Claim Language | Prior Art |
| --- | --- |
| | • Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13; |

| Claim Language | Prior Art |
|---|---|
| | • Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a fluid outlet at a second end, | See Claims 1 and 11.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36; |

| Claim Language | Prior Art |
| --- | --- |
| | • Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; |

| Claim Language | Prior Art |
|---|---|
|  | • Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| and a longitudinally extending portion extending between the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet | See Claims 1 and 11.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62; |

| Claim Language | Prior Art |
|---|---|
| | • Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; |

| Claim Language | Prior Art |
|---|---|
|  | • Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a fluid permeable support disposed within the casing with a portion extending across the elongated opening, | See Claims 1 and 11.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

| Claim Language | Prior Art |
|---|---|
| | • Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31; |

| Claim Language | Prior Art |
|---|---|
| | • Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | See Claims 1 and 11.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Conkling 541 at Figs. 12-15, 6:43-68;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31; |

| Claim Language | Prior Art |
|---|---|
|  | • Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-11, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog. |
| a fluid permeable membrane disposed on the support and covering at least the portion of the support that extends across the elongated opening, so that the membrane is supported on the support and disposed across the elongated opening; | See Claims 1 and 11.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64; |

| Claim Language | Prior Art |
|---|---|
| | • Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog; |

| Claim Language | Prior Art |
|---|---|
| | • 2015 PureWick brochure at pp. 1-4. |
| a tube having a first end disposed in the reservoir and extending behind at least the portion of the support and the portion of the membrane disposed across the elongated opening and extending through the fluid outlet to a second, fluid discharge end, | See Claims 1 and 11.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog. |
| the tube having only a first opening at the first end and a second opening at the second end, and a lumen fluidically coupling the first opening and the second opening, | As discussed above, using a fluid discharge tube (with a lumen) was well known at the time of the alleged invention.  Many such tubes had an opening at each end to allow fluid to enter on one end and exit on the other.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Figs. 9-10, 3:66-74; |

| Claim Language | Prior Art |
|---|---|
| | • Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:25-10:1, 10:4-9;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15. |

| Claim Language | Prior Art |
|---|---|
| the apparatus configured to be disposed with the opening adjacent to a urethral opening of a user, with the fluid permeable membrane engaging tissue surrounding the urethral opening, to receive urine discharged from the urethral opening through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir, and to have the received urine withdrawn from the reservoir via the tube and out of the fluid discharge end of the tube. | See Claim 1.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9; |

| Claim Language | Prior Art |
| --- | --- |
| | • Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 14** | |
| 14. An apparatus comprising: a fluid impermeable casing defining a pliable fluid reservoir at a first end, | See Claims 1 and 11.<br><br>It was known at the time of the alleged invention that the casing (and thus the fluid reservoir defined by the casing) could be pliable.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:49-4:16, Figs. 9-10;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, Figs. 12-15, 6:43-68;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54; |

| Claim Language | Prior Art |
| --- | --- |
| | • Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 3:33-36, 6:21-31;<br>• Grundke 161 at Figs. 1-5, para 20-24, 33;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-11, 17-24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog. |
| a fluid outlet at a second end, | See Claim 1 and 11.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10; |

| Claim Language | Prior Art |
|---|---|
| | • Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10; |

| Claim Language | Prior Art |
|---|---|
| | • Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; |

| Claim Language | Prior Art |
|---|---|
| | • Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| and a longitudinally extending portion extending between the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet; | See Claim 1 and 11.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28; |

| Claim Language | Prior Art |
|---|---|
|  | • Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; |

| Claim Language | Prior Art |
| --- | --- |
| | • Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a fluid permeable support disposed within the casing with a portion extending across the elongated opening, wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | See Claim 1 and 11.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Conkling 541 at Figs. 12-15, 6:43-68;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; |

| Claim Language | Prior Art |
|---|---|
|  | • Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-11, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog. |
| a fluid permeable membrane disposed on the support and covering at least the portion of the support that extends across the elongated opening, so that the membrane is supported on the support and disposed across the elongated opening; | See Claim 1 and 11.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58; |

| Claim Language | Prior Art |
|---|---|
|  | • Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a tube having a first end with a first opening therein disposed in the reservoir and extending behind at least the portion of the support and the portion of the membrane disposed across | See Claim 1 and 11.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16; |

| Claim Language | Prior Art |
|---|---|
| the elongated opening and extending through the fluid outlet to a second, fluid discharge end, | • Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog. |
| the apparatus configured to be disposed with the opening adjacent to a urethral opening of a user, with the fluid permeable membrane engaging tissue surrounding the urethral opening, to receive urine discharged from the urethral opening through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir, and | See Claims 1 and 11.<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19; |

| Claim Language | Prior Art |
|---|---|
|  | • Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| to have the received urine withdrawn from the reservoir via the tube and out of the fluid discharge end of the tube by a vacuum-induced pressure differential at the first end of the tube sufficiently large to withdraw urine through the tube at flow rate equal to the urine | As discussed above, it was well known at the time of the alleged invention to configure an apparatus to have discharged fluid be withdrawn from a reservoir via a discharge tube by applying a vacuum-induced pressure differential at the other end of the tube. The |

| Claim Language | Prior Art |
|---|---|
| discharge rate in a urination event and without causing the fluid reservoir to be drawn towards and to occlude the first opening in the first end of the tube. | rate of vacuum could be controlled, and it was known that, for urine collection, the flow rate could be equal to the urine discharge rate in a urination event to avoid overflow. It was also known to configure devices so that the application of vacuum would not cause the fluid reservoir to be drawn towards and to occlude the tube opening.<br><br>• Wolff 066 at 2:1-2;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Sanchez 508 at 4:55-64;<br>• Wolff 131 at para 3;<br>• Van Den Heuvel 894 at paras. 5-6, 8, 21;<br>• Van Den Heuvel 823 at 1:27-2:7;<br>• Wolff 784 at Abstract, Figs. 1a-4, 2:4-10, 5:12-30, 6:9-12, 7:8-12;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Chiku 946 at para 19;<br>• Mizuguchi 641 at para 19;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15. |

**U.S. Patent No. 10,390,989 (Claims 1-6)**

| Claim Language | Prior Art |
|---|---|
| **Claim 1** | |
| 1. A method comprising:<br>disposing in operative relationship with the urethral opening of a female user a urine collecting apparatus that includes: | As discussed above, it was well known to configure a body fluid collection device so that the opening was adjacent to the source of fluid. Urine collection devices were known to be used so that the opening was disposed adjacent the urethral opening of a female.<br><br>• Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

| Claim Language | Prior Art |
| --- | --- |
| | • Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9; |

| Claim Language | Prior Art |
|---|---|
| | • Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a fluid impermeable casing having a fluid reservoir at a first end, | Apparatuses with fluid impermeable casings having a fluid reservoir at one end were well known at the time of the alleged invention.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11; |

| Claim Language | Prior Art |
|---|---|
| | • Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4; |

| Claim Language | Prior Art |
| --- | --- |
| | • Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15; |

| Claim Language | Prior Art |
|---|---|
| | • Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a fluid outlet at a second end, | Fluid impermeable casings having a fluid outlet at another end were well known at the time of the alleged invention.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36; |

| Claim Language | Prior Art |
| --- | --- |
| | • Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; |

| Claim Language | Prior Art |
|---|---|
| | • Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| and a longitudinally extending fluid impermeable layer coupled to the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet; | Fluid impermeable casings having a longitudinally extending fluid impermeable layer coupled to a fluid reservoir and a fluid outlet and defining a longitudinally elongated opening between the reservoir and outlet were well known at the time of the alleged invention. For example, in the case of urine collection devices, such a configuration is shaped for the female anatomy as discussed above while allowing for urine collection and removal. |

| Claim Language | Prior Art |
|---|---|
|  | • Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17; |

| Claim Language | Prior Art |
|---|---|
|  | • Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |

| Claim Language | Prior Art |
|---|---|
| | |
| a fluid permeable support disposed within the fluid impermeable casing with a portion extending across the longitudinally elongated opening, | Fluid permeable supports disposed within the casing with a portion extending across the elongated opening was well known at the time of the alleged invention, for example, allowing for support of a fluid permeable membrane.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56; |

| Claim Language | Prior Art |
|---|---|
| | • Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | Fluid permeable supports distinct from and near the fluid reservoir were well known at the time of the alleged invention. For example, in the case of urine collection devices, such a configuration prevented the support from being in a urine reservoir but |

| Claim Language | Prior Art |
|---|---|
| | close enough to allow for urine to enter the reservoir.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Conkling 541 at Figs. 12-15, 6:43-68;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-11, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15; |

| Claim Language | Prior Art |
|---|---|
| | • Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog. |
| a fluid permeable membrane disposed on the fluid permeable support and covering at least the portion of the fluid permeable support that extends across the longitudinally elongated opening, so that the fluid permeable membrane is supported on the fluid permeable support and disposed across the longitudinally elongated opening; | Using multiple layers of permeable materials is well known in the body fluid collection art to facilitate fluid flow. Fluid permeable membranes disposed on a permeable support and covering part of the support that extends across the opening where fluid enters were well known in the art at the time of the alleged invention. In such configurations, the membrane is supported on the support and disposed across the opening, enhancing fluid collection.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17; |

| Claim Language | Prior Art |
| --- | --- |
| | • Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| a tube having a first end disposed in the fluid reservoir and extending behind at least the portion of the fluid permeable support and the portion of the fluid permeable membrane disposed across the longitudinally elongated opening and extending through the fluid outlet to a second, fluid discharge end, | Fluid discharge tubes were known at the time of the alleged invention to assist in discharge of fluid from a body fluid collection appartus to a location outside of the apparatus. It was known to have such tubes extend from the fluid reservoir, behind a portion of the membrane and support disposed across the fluid opening, and through to the fluid outlet.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

<table>
<tr><th>Claim Language</th><th>Prior Art</th></tr>
<tr><td></td><td><ul>
<li>Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;</li>
<li>Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;</li>
<li>Sanchez 508 at Abstract, Fig. 8, 6:21-31;</li>
<li>Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;</li>
<li>Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;</li>
<li>Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;</li>
<li>Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;</li>
<li>Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;</li>
<li>Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;</li>
<li>Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;</li>
<li>Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;</li>
<li>Macaulay 2007 at pp. 641-643;</li>
<li>2006 British Health Publication at pp. 14-15;</li>
<li>Omni Starter Kit Brochure;</li>
<li>Omni Brochure;</li>
<li>Omni Presentation;</li>
<li>2015 Omni Catalog.</li>
</ul></td></tr>
<tr><td>the operative relationship includes the longitudinally elongated opening being adjacent to the urethral opening;</td><td>As discussed above, it was well understood that the longitudinally elongated opening should be placed adjacent to the urethra for urine collection devices for women.<ul>
<li>Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10;</li>
<li>Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;</li>
<li>Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;</li>
<li>Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;</li>
<li>Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;</li>
<li>Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;</li>
<li>Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;</li>
</ul></td></tr>
</table>

| Claim Language | Prior Art |
|---|---|
| | • Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1; |

| Claim Language | Prior Art |
|---|---|
|  | • Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| allowing urine discharged from the urethral opening to be received through the longitudinally elongated opening of the longitudinally extending fluid impermeable layer, the fluid permeable membrane, the fluid permeable support, and into the fluid reservoir; and allowing the received urine to be withdrawn from the fluid reservoir via the tube and out of the fluid discharge end of the tube. | It was well understood at the time of the alleged invention that urine would be discharged and would travel through the opening, into the permeable membrane and support, and into the reservoir where it could be withdrawn via a discharge tube.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26; |

| Claim Language | Prior Art |
|---|---|
| | • Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 2** | |
| 2. The method of claim 1, further comprising fluidically coupling the fluid discharge end of the tube to a source of vacuum to assist in withdrawing the urine from the fluid reservoir via the tube. | See Claim 1.<br><br>As discussed above, it was well known at the time of the invention that a fluid discharge tube could be coupled to a vacuum source to assist in withdrawing fluid (such as urine) from a reservoir in a body fluid collection device.<br><br>• Scott 234 at 2:32-54, Fig. 1;<br>• Keane 768 at Abstract, 1:31-41, 2:6-10, 3:49-56, 3:60-65, 4:4-34, Fig. 4, 9-10;<br>• Hessner 418 at 6:36-43;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 3:26-31, 5:54-57, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Crowley 928 at 2:31-48, Fig. 3-5; |

| Claim Language | Prior Art |
| --- | --- |
| | • Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Lawrence 564 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Lawrence 222 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43; |

| Claim Language | Prior Art |
|---|---|
| | • Mahnensmith 080 at Abstract, Fig. 3, paras. 10, 23;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 21, 46;<br>• Van Den Heuvel 823 at 1:27-2:7;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Mizuguchi 641 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 3** | |
| 3. The method of claim 1, further comprising: fluidically coupling the fluid discharge end of the tube to a fluid receptacle and allowing urine withdrawn from the fluid reservoir of the urine collecting apparatus via the tube to be received in the fluid receptacle. | See Claims 1 and 2.<br><br>As discussed above, it was well known at the time of the invention that the fluid receptacles (including urine collection devices) could be coupled to the discharge end of the fluid discharge tube of a fluid collection apparatus, allowing withdrawn fliud to be withdrawn from the reservoir into the fluid receptacle via a tube.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-65;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; |

| Claim Language | Prior Art |
| --- | --- |
| | • Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Hessner 418 at 6:36-43;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Crowley 928 at 2:31-48, Fig. 3-5;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Washington 508 at Figs. 6-9, 7:58-67;<br>• Lawrence 564 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Lawrence 222 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Scott 384 at 3:15-31, Figs. 3-4; Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; |

| Claim Language | Prior Art |
|---|---|
| | • Mahnensmith 080 at Abstract, Figs. 3, para. 23;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at 1:27-2:7;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Mizuguchi 641 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 4** | |
| 4. The method of claim 1, further comprising removing the urine collecting apparatus from the operative relationship with the urethral opening of the user. | See Claim 1.<br><br>It was well understood at the time of the invention that any urine collection device must be removed from the user's urethera at some point, for example, to change it or if the user was done using the device.<br><br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33, 5:66-6:4; |

| Claim Language | Prior Art |
|---|---|
|  | • Tazoe 205 at 5:40-45; Tazoe 292 at para 42;<br>• Wada 460 at 9:32-35;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61 (disposable device);<br>• Okabe 706 at 8:21-26;;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Okabe 547 at para 41 ;<br>• Mahnensmith 080 at para. 28;<br>• Kuntz 355 at 9:33-53;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Wada 625 at Fig. 24, paras. 129, 188-194;<br>• Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 5** | |
| 5. The method of claim 4, wherein the urine collecting apparatus is a first urine collecting apparatus and further comprising disposing in operative relationship with the urethral opening of a female user a second urine collecting apparatus substantially similar to the first urine collecting apparatus. | See Claim 1 and 4.<br><br>It was well known at the time of the alleged invention that, after a user used one urine collecting device, one could routinely change it for a second similar device for example, it was well known to substitute a clean device to avoid infection or skin disease.<br><br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33, 5:66-6:4;<br>• Tazoe 205 at 5:40-45; Tazoe 292 at para 42;<br>• Wada 460 at 9:32-35; |

| Claim Language | Prior Art |
|---|---|
| | • Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 8:21-26 (;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Okabe 547 at para 41;<br>• Wada 625 at Fig. 24, paras. 129, 188-194;<br>• Kuntz 355 at 9:33-53;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77;<br>• Parmar 2014 at p. 1;<br>• 2015 PureWick brochure at pp. 1-4. |
| **Claim 6** | |
| 6. The method of claim 1, wherein the fluid permeable support and fluid impermeable casing are cylindrical | See Claim 1.<br><br>As discussed above, there were a few design choices for body fluid collection apparatus and it was well understood that cylindrical devices were suited for the female anatomy. It was understood to design the associated components such as the support and casing in accordance with the design of the device (*e.g.*, cylindrical).<br><br>• Washington 508 at Figs. 1-5, 11-12, 2:24-67, 5:22-6:67;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• 2015 PureWick brochure at pp. 1-4. |
| and have a curved shape with the longitudinally elongated opening disposed on the inside of the curve, | It was well known at the time of the alleged invention to select an apparatus design consistent with the intended use of the apparatus. For example, urine collection devices for women were known to have a curved shape with the elongated opening |

| Claim Language | Prior Art |
|---|---|
| | disposed on the inside of the curve, consistent with the female anatomy.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 1-12, 5:60-62, 7:1-7;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Figs. 5 and 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| the disposing including disposing the urine collecting apparatus with the longitudinally | As discussed above, it was well known at the time of the alleged invention to dispose a |

| Claim Language | Prior Art |
| --- | --- |
| elongated opening adjacent the urethral opening of the user | body fluid collection device so that the opening was adjacent to the source of fluid. Urine collection devices were known to be arranged and oriented so that the elongated opening was adjacent the urethral opening of a female.<br><br>• Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; |

| Claim Language | Prior Art |
|---|---|
| | • Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |
| and oriented with the fluid reservoir adjacent to the user's anus and the outlet disposed above the urethral opening. | It was well known at the time of the alleged invention to orient a urine collection device with the reservoir adjacent to the user's anus and the outlet disposed above the urethral opening.  For example, with female urine collection devices, this affected comfort and facilitated urine collection while minimizing leaks.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 6-9, 3:1-9;<br>• Carns 997 at Figs. 2-5, 6:15-31; |

| Claim Language | Prior Art |
|---|---|
| | • Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Parmar 2014 at p. 1;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4. |

Sage further identifies the following additional prior art, which is prior art under Sections 102 and 103 including the on-sale bar provisions: Versions of the PureWick device appear to have been offered for sale or disclosed to third parties prior to the earliest viable priority dates of the 376 and 989 Patents. For example, a PureWick device was publicly disclosed at least as early as November 2014, as shown by Parmar 2014 and the 2015 PureWick brochure. Similarly, the AMXDmax In-Flight Bladder Relief System (also referenced as the Omni Device herein) was publicly known, as shown by the 2015 Omni Catalog and other AMXDmax documents identified above. To date, Sage has been unable to provide additional information relating to this art because,

as discussed herein, PureWick has failed to provide information regarding the prior disclosures and sales of its devices or other prior art of which it was aware including information in PureWick's possession regarding the Omni device.

As discussed above, as of this date, PureWick has failed to provide requested information about the prior sale of its own devices or potential invalidating publications.  It has also failed to provide requested information regarding the other prior art devices.  PureWick's failure to provide this information in a timely fashion is prejudicing Sage's ability to prepare its case.

Sage also relies on and incorporates by reference, as if originally set forth herein, all prior art cited during the prosecution of the 508, 376 and 989 Patents to the extent not already identified. Sage also relies on and incorporates by reference, as if originally set forth herein, all prior art cited during the prosecution of related, or purportedly related, patents to the extent not already identified. This includes all prior art cited during prosecution of U.S. Patent Nos. 8,287,508, U.S. Patent No. 10,226,376, U.S. Patent No. 10,390,989, Patent Application Nos. PCT/US2016/049274, 15/171,968, 15/260,103, 14/952,591, 14/947,759, 16/452,145, 16/245,726, 16/369,676, or 14/625,469, Provisional Patent Application Nos. 62/414,963, 62/485,578, 62/084,078, 62/082,279, or 61/955,537, or Patent Publication Nos. 2016/0374848, 2016/0367226, 2015/14947759, 2017/0266031, 2017/0348139, 2017/0252202, 2019/0314190, 2019/0142624, or 2019/0224036.

Sage further contends that each of the Asserted Claims of the 376 Patent is invalid under 35 U.S.C. § 112 for indefiniteness and/or failure to contain a sufficient written description of or enable the alleged inventions.

Section 112(a) requires that: "The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and

exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same. . . ."  That is particularly true in view of how PureWick now apparently interprets the claims. It is difficult for Sage to assess fully the written description issues because PureWick has not even explained how Sage has infringed certain claim elements or method steps yet argues infringement nevertheless.  The asserted 376 and 989 Patents fail to satisfy this statutory requirement at least because, *inter alia*, the specifications fail to contain sufficient written description to establish that the inventors possessed the full scope of the alleged invention as claimed.  For example, to the extent that Plaintiff alleges the scope of the claims cover the PrimaFit® product or use of the PrimaFit® product (including by a single entity), the specifications did not adequately describe a "casing," a "casing [having/defining] a fluid reservoir at a first end," "a longitudinally extending fluid impermeable layer coupled to the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet," a "membrane . . . supported on the support," a "tube . . . extending behind at least the portion of the support and the portion of the membrane disposed across the elongated opening," "support is cylindrical," "fabric sleeve disposed around the support," "wicking material," "the apparatus configured to . . . be retained in position on the user solely by frictional engagement with and/or between the labia and/or other portions of the area of the user's body surrounding the urethral opening," "configured to be retained in position on the user via engagement between the first end of the casing and a user's perineum," "withdraw urine through the tube at flow rate equal to the urine discharge rate in a urination event," disposing in operative relationship with the urethral opening," "allowing urine [discharged/withdrawn] from the urethetral opening to be received . . .," "allowing the received urine to be withdrawn," fluidically coupling," and "removing the urine collection apparatus."

Section 112(b) requires that: "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."   The Asserted Claims of the 376 and 989 Patent fail to satisfy this statutory requirement because, *inter alia*, at least the following claim terms are indefinite including based on Plaintiff's own apparent claim interpretations: "casing [having/defining] a fluid reservoir," "fluid impermeable layer," "wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir," "cylindrical," "substantially cylindrical," "retained solely by frictional engagement," and "withdraw urine through the tube at flow rate equal to the urine discharge rate in a urination event."

Sage also identifies, and hereby incorporates by reference, as if originally set forth herein, its allegations of invalidity set forth in its Answer and Counterclaims filed on November 1, 2019 and particularly the allegations in paragraphs 43-48 of the Counterclaims.  Sage incorporates by reference, as if originally set forth herein, any additional allegations asserted in subsequent pleadings as well, including the Answer due to be filed on June 1, 2020.

Sage further incorporates arguments for non-patentability raised by the Patent Office during the prosecution of the 376 and 989 Patent applications.

Sage also relies on and incorporates by reference, as if originally set forth herein, all pleadings in which invalidity was alleged, including in interrogatory responses, in this civil action.

As noted previously, Sage expects that further discovery and investigation will reveal additional invalidating prior art, information, and defenses, particularly given PureWick's failure to provide relevant information.  Accordingly, Sage reserves the right to amend and/or supplement these Invalidity Contentions based on its ongoing investigation and future discovery and investigation.  Moreover, Sage will supplement with its positions regarding the 407 patent at an

appropriate time in this case as discussed above.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant Sage Products, LLC*

Of Counsel:

Robert A. Surrette
Sandra A. Frantzen
Christophert M. Scharff
Bryce R. Persichetti
McAndrews, Held & Malloy, Ltd
500 West Madison Street
Chicago, IL 60661
(312) 775-8000
bsurrette@mcandrews-ip.com
sfrantzen@mcandrews-ip.com
cscharff@mcandrews-ip.com
bpersichetti@mcandrews-ip.com

Dated: May 29, 2020

**CERTIFICATE OF SERVICE**

I, Anne Shea Gaza, hereby certify that on May 29, 2020, I caused a true and correct copy of the foregoing document to be served on the following counsel in the manner indicated:

**BY E-MAIL**

John W. Shaw, Esquire
Karen E. Keller, Esquire
Nathan R. Hoeschen, Esquire
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street
12th Floor
Wilmington, DE 19801
*jshaw@shawkeller.com*
*kkeller@shawkeller.com*
*nhoeschen@shawkeller.com*

Steven C. Cherny, Esquire
Brian P. Biddinger, Esquire
Matthew A. Traupman, Esquire
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
*stevencherny@quinnemanuel.com*
*brianbiddinger@quinnemanuel.com*
*matthewtraupman@quinnemanuel.com*

Amanda K. Antons, Esquire
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
*amandaantons@quinnemanuel.com*

*Attorneys for Plaintiff/Counterclaim Defendant*

Dated: May 29, 2020

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant and Counterclaim Plaintiff Sage Products, LLC*

# Exhibit 7

13:12:40

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PUREWICK CORPORATION, )
Plaintiff, )
) C.A. No. 19-1508(MN)
v. )
SAGE PRODUCTS, LLC, )
Defendant. )

Thursday, December 3, 2020
10:00 a.m.
Teleconference

844 King Street
Wilmington, Delaware

BEFORE: THE HONORABLE MARYELLEN NOREIKA
United States District Court Judge

APPEARANCES:

SHAW KELLER LLP
BY: JOHN W. SHAW, ESQ.

-and-

QUINN EMANUEL URQUHART & SULLIVAN LLP
BY: STEVEN CHERNY, ESQ.
BY: BRIAN P. BIDDINGER, ESQ.

Counsel for the Plaintiff

**APPEARANCES CONTINUED:**

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
**BY: ANNE SHEA GAZA, ESQ.**

**-and-**

**McANDREWS HELD & MALLOY**
**BY: SANDRA FRANTZEN, ESQ.**
**BY: ROBERT SURRETTE, ESQ.**

**Counsel for the Defendant**

**_ _ _ _ _ _ _ _ _ _**

09:55:12

10:01:11 **THE COURT: Good morning, counsel. Who is there, please?**

10:02:15 **MR. SHAW: Good morning, Your Honor. This is John Shaw for plaintiff, PureWick. Joining me from Quinn Emanuel are Steve Cherny and Brian Biddinger.**

10:02:25 **THE COURT: Good morning.**

10:02:28 **MS. GAZA: Good morning, Your Honor. It's Anne Gaza from Young, Conaway. And joining me this morning are Robert Surrette and Sandra Frantzen of McAndrews Held & Malloy.**

10:02:40 **THE COURT: Good morning to everyone. Thank you for being on the phone. So we have read the materials that were submitted and I will hear from Sage on this, but first**

what I want to understand is what Sage is requesting essentially for PureWick to provide its contentions on why the earlier versions of the products are not covered by the claims that are asserted. So let me start with that. Is that essentially what you want them to do in supplementing the interrogatory?

MS. FRANTZEN: There is I think two parts to it, Your Honor --

THE COURT: Wait. Wait. Hold on. Hold on. Start by telling me who you are so that we have that for the record.

MS. FRANTZEN: Good point. Sorry about that. This is Sandra Frantzen for Sage, Your Honor. Good morning and I apologize for jumping right into it.

So to answer your question, the interrogatory number 15 has two parts. One of the parts is a request to, I'm going to quote, describe the features of the version or iteration that was not identified as covered in response to interrogatory number 6. So that's kind of one part of the interrogatory. And then explain which elements are missing from the claims.

THE COURT: Hold on. Hold on. Before we -- let me make sure I understand. So describe the features not covered, not covered meaning not covered by --

MS. FRANTZEN: I'm sorry, so the interrogatory

10:04:43 says interrogatory number 15 says for each version in interrogatory number 6 which you didn't identify as covered, describe the features of those products and then say what elements are missing.

THE COURT: And what do you mean by features?

MS. FRANTZEN: So we mean the relevant features. So what happened in response to interrogatory number 6 was that, as Your Honor may recall, we served in this interrogatory that itself had two parts which was number one, tell us what versions of this female catheter you had and number two, for those versions tell us whether they were covered or not. They identified about nine versions. And they only identified two of them as covered by the '376 and '989 Patent, even though all nine of them if you look at the pictures in exhibit A basically look like images from the patents-in-suit. So --

THE COURT: Okay. Okay. Stop. Hold on. Now after you got the information that they provided, have you given them contentions that any of these products are covered by the claims?

MS. FRANTZEN: Well, what we have said in our contentions --

THE COURT: No, have you specified these products as being the subject of your invalidity contentions?

MS. FRANTZEN:  Yes, the products are mentioned in our invalidity contentions.  We have a quote from that in our --

THE COURT:  No, no, I'm not asking if you mentioned them, I'm asking did you give them contentions and claim by claim, element by element?

MS. FRANTZEN:  Your Honor, we didn't have enough information about the features of the product, so we couldn't do element by element.  For example, one of the claim elements says that there has to be a tube that goes all the way through the product to a reservoir, so some of these products we have pictures of, some of them we don't, but just even looking at the pictures we can't tell if a tube is there.  So that's why we asked -- we served the interrogatory asking for the factual basis of what those products were.  So we can't --

THE COURT:  My problem with what you're asking for is the interrogatory, it's not really -- you're not really asking them for factual information, you are asking them for essentially applying a product, to apply a product or a claim to a product and tell us whether they think it is covered.  I am not understanding why they should have to do that unless they have already done it for some other reason before you actually give them your assertion.  That's what I am missing.  And if you can't, just saying describe the

10:07:56 feature, it would be one thing if you said tell me, does 10:07:59 this product, whatever, have a tube that goes through the 10:08:02 product if that's really what you need. But to say, 10:08:08 describe the features and your definition of features to me 10:08:11 as well as the relevant features, look at the claim, that's 10:08:15 where I'm having a problem with what you're asking for.

10:08:19 MS. FRANTZEN: Well, Your Honor, the features 10:08:23 that we want them to identify, I think it goes hand in hand 10:08:26 with the other part of the interrogatory which says what 10:08:29 they're missing. From what we can tell all --

10:08:33 THE COURT: But see that -- you just made my 10:08:37 point. You are asking them for a contention. Both the 10:08:41 first part and the second part are saying tell me what is in 10:08:45 the claim and what is not in the claim. What do you, 10:08:49 PureWick, contend is in the claim or is not in the claim for 10:08:54 these earlier prototypes. That's what I'm saying. I don't 10:09:04 understand how you think that they should have to give you 10:09:06 that type of information, that contention before you've even 10:09:11 given them a contention. You're the one with the burden of 10:09:14 proof here.

10:09:15 So if you really want factual information like 10:09:19 does the product have a tube through it, you need to ask 10:09:23 that, not ask them essentially a contention interrogatory or 10:09:27 tell me the features and you all know what features I want, 10:09:31 so tell me the features. I mean, it seems to me you need to

get more specific if you want me to think that you're asking factual information and not an improper contention at this point given that you haven't given them any contentions as to how any of the elements are met.

MS. FRANTZEN: Your Honor, I think that the problem is it's kind of really unfair, we're asking them about their own products and the claimed features --

THE COURT: But you're not. You're not listening to my concern. You're telling me, we want to know the features. And I say what features. And you say the features in the claim. Well, that to me right there, you're not asking a factual matter, you're asking about apply a claim to a product, you're asking about a contention. If you don't know if they have certain things, then you need to ask them more specific questions. Does it have a tube through the product? Or ask them for a prototype. I don't know if they have prototypes. Ask them for a better picture if you need a better picture.

This interrogatory, I'm denying your request to supplement this interrogatory at this point because you have not given them the -- seems to me they shouldn't have to give you validity contentions before you have given them invalidity contentions.

So I'm going to deny the request for those, for them to supplement that and maybe you all need to go back

and talk about what you can get.

MS. FRANTZEN: Okay. If we serve an interrogatory that ask about specific product features, then would that satisfy -- it's very hard for us to put together an invalidity claim chart when we don't know, we can't see anything about the product, Your Honor. It's very difficult. And these products look exactly like the patents. For example, if you look at --

THE COURT: Well, Ms. Frantzen, I'm sure you're a good lawyer, you can figure it out. You can ask them. Get a 30(b)(6) and say I want someone to tell me about the product, and don't ask them does it have this element of the claim. Ask them does it have a tube running through it. Ask them factual matters. This doesn't seem like rocket science to me that you can't get facts from them without referring back to a claim which you're making it into a contention.

They don't need -- look, if you come forward with assertions and you say all of these elements are met, then I would make them tell me why they disagree. Then you haven't done that. So I'm not going to make them come up with a contention and say, you know, admit that certain elements are there and say other ones aren't. I'm not going to do that at this stage. So you need to start asking them facts.

10:12:50 I'm not going to tell you what interrogatory I think is okay because I don't know the facts of this case, but I'm sure if you just put your -- you know, use your mind a little bit here, you can figure out a way to do it.

10:13:02 Okay. Anything else? Does PureWick have anything that they want to add?

10:13:09 MR. BIDDINGER: Your Honor, this is Brian Biddinger for PureWick. No, we have nothing to add. Thank you for your comments.

10:13:15 THE COURT: All right. Thank you very much, everyone. Have a good day.

(Teleconference concluded at 10:13 a.m.)

I hereby certify the foregoing is a true and accurate transcript from my stenographic notes in the proceeding.

/s/ Dale C. Hawkins
Official Court Reporter
U.S. District Court

**'**

**'376** [1] - 4:13
**'989** [1] - 4:14

**/**

**/s** [1] - 9:16

**1**

**10:00** [1] - 1:10
**10:13** [1] - 9:12
**15** [2] - 3:16, 4:1
**19-1508(MN** [1] - 1:5

**2**

**2020** [1] - 1:10

**3**

**3** [1] - 1:10
**30(b)(6** [1] - 8:11

**6**

**6** [3] - 3:19, 4:2, 4:7

**8**

**844** [1] - 1:12

**A**

**a.m** [2] - 1:10, 9:12
**accurate** [1] - 9:14
**add** [2] - 9:6, 9:8
**admit** [1] - 8:22
**Anne** [1] - 2:19
**ANNE** [1] - 2:4
**answer** [1] - 3:15
**apologize** [1] - 3:14
**APPEARANCES** [2] - 1:18, 2:1
**apply** [2] - 5:20, 7:12
**applying** [1] - 5:20
**asserted** [1] - 3:4
**assertion** [1] - 5:24
**assertions** [1] - 8:19

**B**

**basis** [1] - 5:15
**BEFORE** [1] - 1:15
**better** [2] - 7:17, 7:18
**Biddinger** [2] - 2:17, 9:8
**BIDDINGER** [2] - 1:23, 9:7
**bit** [1] - 9:4
**Brian** [2] - 2:17, 9:7
**BRIAN** [1] - 1:23
**burden** [1] - 6:19
**BY** [6] - 1:20, 1:22, 1:23, 2:4, 2:6, 2:7

**C**

**C.A** [1] - 1:5
**case** [1] - 9:2
**catheter** [1] - 4:10
**certain** [2] - 7:14, 8:22
**certify** [1] - 9:14
**chart** [1] - 8:5
**CHERNY** [1] - 1:22
**Cherny** [1] - 2:17
**claim** [14] - 5:6, 5:10, 5:21, 6:5, 6:14, 6:15, 7:11, 7:13, 8:5, 8:13, 8:16
**claimed** [1] - 7:7
**claims** [3] - 3:4, 3:21, 4:20
**comments** [1] - 9:9
**CONAWAY** [1] - 2:3
**Conaway** [1] - 2:20
**concern** [1] - 7:9
**concluded** [1] - 9:12
**contend** [1] - 6:15
**contention** [8] - 6:12, 6:18, 6:19, 6:23, 7:2, 7:13, 8:17, 8:22
**contentions** [9] - 3:2, 4:19, 4:22, 4:25, 5:2, 5:5, 7:3, 7:22, 7:23
**CONTINUED** [1] - 2:1
**CORPORATION** [1] - 1:4
**counsel** [1] - 2:13
**Counsel** [2] - 1:24, 2:8
**COURT** [15] - 1:1, 2:13, 2:18, 2:23, 3:9, 3:22, 4:5, 4:17, 4:23, 5:4, 5:17, 6:11, 7:8, 8:9, 9:10
**Court** [3] - 1:15, 9:16, 9:17
**covered** [10] - 3:3, 3:18, 3:24, 4:2, 4:12, 4:13, 4:20, 5:22

**D**

**Dale** [1] - 9:16
**December** [1] - 1:10
**Defendant** [2] - 1:8, 2:8
**definition** [1] - 6:4
**DELAWARE** [1] - 1:2
**Delaware** [1] - 1:13
**deny** [1] - 7:24
**denying** [1] - 7:19
**describe** [5] - 3:17, 3:23, 4:3, 5:25, 6:4
**difficult** [1] - 8:7
**disagree** [1] - 8:20
**DISTRICT** [2] - 1:1, 1:2
**District** [2] - 1:15, 9:17
**done** [2] - 5:23, 8:21

**E**

**element** [5] - 5:6, 5:9, 8:12
**elements** [6] - 3:20, 4:4, 5:10, 7:4, 8:19, 8:23
**EMANUEL** [1] - 1:22
**Emanuel** [1] - 2:17
**ESQ** [6] - 1:20, 1:22, 1:23, 2:4, 2:6, 2:7
**essentially** [4] - 3:2, 3:5, 5:20, 6:23
**exactly** [1] - 8:7
**example** [2] - 5:9, 8:8
**exhibit** [1] - 4:15
**explain** [1] - 3:20

**F**

**facts** [3] - 8:15, 8:25, 9:2
**factual** [6] - 5:15, 5:19, 6:21, 7:2, 7:12, 8:14
**feature** [1] - 6:1
**features** [18] - 3:17, 3:23, 4:3, 4:5, 4:6, 5:8, 6:4, 6:5, 6:7, 6:24, 6:25, 7:7, 7:10, 7:11, 8:3
**female** [1] - 4:10
**figure** [2] - 8:10, 9:4
**first** [2] - 2:25, 6:13
**FOR** [1] - 1:2
**foregoing** [1] - 9:14
**forward** [1] - 8:18
**FRANTZEN** [11] - 2:6, 3:7, 3:12, 3:25, 4:6, 4:21, 5:1, 5:7, 6:7, 7:5, 8:2
**Frantzen** [3] - 2:21, 3:13, 8:9

**G**

**GAZA** [2] - 2:4, 2:19
**Gaza** [1] - 2:20
**given** [6] - 4:19, 6:19, 7:3, 7:21, 7:22

**H**

**hand** [2] - 6:8
**hard** [1] - 8:4
**Hawkins** [1] - 9:16
**hear** [1] - 2:25
**HELD** [1] - 2:6
**Held** [1] - 2:21
**hereby** [1] - 9:14
**hold** [5] - 3:9, 3:22, 4:17
**Honor** [10] - 2:15, 2:19, 3:8, 3:13, 4:8, 5:7, 6:7, 7:5, 8:6, 9:7
**HONORABLE** [1] - 1:15

**I**

**identified** [3] - 3:18, 4:12, 4:13
**identify** [2] - 4:2, 6:8
**images** [1] - 4:15
**improper** [1] - 7:2
**IN** [1] - 1:1
**information** [6] - 4:18, 5:8, 5:19, 6:18, 6:21, 7:2
**interrogatory** [17] - 3:6, 3:15, 3:19, 3:20, 3:25, 4:1, 4:2, 4:7, 4:9, 5:15, 5:18, 6:9, 6:23, 7:19, 7:20, 8:3, 9:1
**invalidity** [4] - 4:24, 5:2, 7:23, 8:5
**iteration** [1] - 3:18
**itself** [1] - 4:9

**J**

**JOHN** [1] - 1:20
**John** [1] - 2:16
**joining** [2] - 2:16, 2:20
**Judge** [1] - 1:15
**jumping** [1] - 3:14

**K**

**KELLER** [1] - 1:19
**kind** [2] - 3:19, 7:6
**King** [1] - 1:12

**L**

**lawyer** [1] - 8:10
**listening** [1] - 7:9
**LLC** [1] - 1:7
**LLP** [3] - 1:19, 1:22, 2:3
**look** [6] - 4:14, 4:15, 6:5, 8:7, 8:8, 8:18
**looking** [1] - 5:13

**M**

**MALLOY** [1] - 2:6
**Malloy** [1] - 2:22
**MARYELLEN** [1] - 1:15
**materials** [1] - 2:24
**matter** [1] - 7:12
**matters** [1] - 8:14
**McAndrews** [2] - 2:6, 2:21
**mean** [3] - 4:5, 4:6, 6:25
**meaning** [1] - 3:24
**mentioned** [2] - 5:1, 5:5
**met** [2] - 7:4, 8:19
**mind** [1] - 9:3
**missing** [4] - 3:20, 4:4, 5:25, 6:10
**morning** [7] - 2:13, 2:15, 2:18, 2:19, 2:20, 2:23, 3:13
**MR** [2] - 2:15, 9:7
**MS** [11] - 2:19, 3:7, 3:12, 3:25, 4:6, 4:21, 5:1, 5:7, 6:7, 7:5, 8:2

**N**

**need** [8] - 6:3, 6:22, 6:25, 7:14, 7:18, 7:25, 8:18, 8:24
**nine** [2] - 4:12, 4:14
**NOREIKA** [1] - 1:15
**notes** [1] - 9:14
**nothing** [1] - 9:8
**number** [7] - 3:16, 3:19, 4:1, 4:2, 4:7, 4:9, 4:11

**O**

**OF** [1] - 1:2
**Official** [1] - 9:16
**one** [6] - 3:16, 3:19, 4:10, 5:9, 6:1, 6:19
**ones** [1] - 8:23
**own** [1] - 7:7

**P**

**part** [4] - 3:19, 6:9, 6:13

**parts** [4] - 3:7, 3:16, 4:9
**Patent** [1] - 4:14
**patents** [2] - 4:16, 8:8
**patents-in-suit** [1] - 4:16
**phone** [1] - 2:24
**picture** [2] - 7:17, 7:18
**pictures** [3] - 4:15, 5:12, 5:13
**Plaintiff** [2] - 1:5, 1:24
**plaintiff** [1] - 2:16
**point** [4] - 3:12, 6:12, 7:3, 7:20
**problem** [3] - 5:17, 6:6, 7:6
**proceeding** [1] - 9:14
**product** [13] - 5:8, 5:11, 5:20, 5:21, 6:2, 6:3, 6:22, 7:13, 7:16, 8:3, 8:6, 8:12
**products** [9] - 3:3, 4:3, 4:19, 4:24, 5:1, 5:12, 5:16, 7:7, 8:7
**PRODUCTS** [1] - 1:7
**proof** [1] - 6:20
**prototype** [1] - 7:16
**prototypes** [2] - 6:16, 7:17
**provide** [1] - 3:2
**provided** [1] - 4:18
**PureWick** [5] - 2:16, 3:2, 6:15, 9:5, 9:8
**PUREWICK** [1] - 1:4
**put** [2] - 8:4, 9:3

## Q

**questions** [1] - 7:15
**QUINN** [1] - 1:22
**Quinn** [1] - 2:16
**quote** [2] - 3:17, 5:2

## R

**read** [1] - 2:24
**really** [5] - 5:18, 5:19, 6:3, 6:21, 7:6
**reason** [1] - 5:23
**record** [1] - 3:11
**referring** [1] - 8:16
**relevant** [2] - 4:6, 6:5
**Reporter** [1] - 9:16
**request** [3] - 3:16, 7:19, 7:24
**requesting** [1] - 3:1
**reservoir** [1] - 5:11
**response** [2] - 3:18, 4:7
**ROBERT** [1] - 2:7
**Robert** [1] - 2:21
**rocket** [1] - 8:14
**running** [1] - 8:13

## S

**Sage** [3] - 2:25, 3:1, 3:13
**SAGE** [1] - 1:7
**SANDRA** [1] - 2:6
**Sandra** [2] - 2:21, 3:13
**satisfy** [1] - 8:4
**science** [1] - 8:15
**second** [1] - 6:13
**see** [2] - 6:11, 8:5
**seem** [1] - 8:14
**serve** [1] - 8:2
**served** [2] - 4:8, 5:14
**Shaw** [1] - 2:16
**SHAW** [3] - 1:19, 1:20, 2:15
**SHEA** [1] - 2:4
**someone** [1] - 8:11
**sorry** [2] - 3:12, 3:25
**specific** [3] - 7:1, 7:15, 8:3
**specified** [1] - 4:23
**stage** [1] - 8:24
**STARGATT** [1] - 2:3
**start** [3] - 3:4, 3:10, 8:24
**STATES** [1] - 1:1
**States** [1] - 1:15
**stenographic** [1] - 9:14
**Steve** [1] - 2:17
**STEVEN** [1] - 1:22
**stop** [1] - 4:17
**Street** [1] - 1:12
**subject** [1] - 4:24
**submitted** [1] - 2:25
**suit** [1] - 4:16
**SULLIVAN** [1] - 1:22
**supplement** [2] - 7:20, 7:25
**supplementing** [1] - 3:5
**SURRETTE** [1] - 2:7
**Surrette** [1] - 2:21

## T

**TAYLOR** [1] - 2:3
**Teleconference** [2] - 1:11, 9:12
**THE** [17] - 1:1, 1:2, 1:15, 2:13, 2:18, 2:23, 3:9, 3:22, 4:5, 4:17, 4:23, 5:4, 5:17, 6:11, 7:8, 8:9, 9:10
**Thursday** [1] - 1:10
**together** [1] - 8:4
**transcript** [1] - 9:14
**true** [1] - 9:14
**tube** [6] - 5:10, 5:14, 6:2, 6:22, 7:15, 8:13
**two** [5] - 3:7, 3:16, 4:9, 4:11, 4:13
**type** [1] - 6:18

## U

**U.S** [1] - 9:17
**unfair** [1] - 7:6
**UNITED** [1] - 1:1
**United** [1] - 1:15
**unless** [1] - 5:23
**up** [1] - 8:21
**URQUHART** [1] - 1:22

## V

**validity** [1] - 7:22
**version** [2] - 3:17, 4:1
**versions** [4] - 3:3, 4:10, 4:11, 4:12

## W

**wait** [2] - 3:9
**Wilmington** [1] - 1:13

## Y

**Young** [1] - 2:20
**YOUNG** [1] - 2:3

# Exhibit 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PUREWICK CORPORATION,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>SAGE PRODUCTS, LLC,<br><br>Defendant/Counterclaim Plaintiff. | C. A. No. 19-1508-MN |

**SAGE'S SECOND SUPPLEMENTAL INVALIDITY CONTENTIONS REGARDING U.S. PATENT NOS. 8,287,508, 10,226,375, 10,390,989, AND 10,376,407**

Defendant Sage Products, LLC ("Sage") hereby provides the following second supplemental Invalidity Contentions regarding U.S. Patent No. 8,287,508 ("the 508 Patent"), U.S. Patent No. 10,226,376 ("the 376 Patent"), U.S. Patent No. 10,390,989 ("the 989 Patent"), and U.S. Patent No. 10,376,407 ("the 407 Patent") pursuant to the Scheduling Order and the Court's October 28, 2020 Order.[1] (D.I. 56, 89.) Specifically, with regard to these asserted patents, Paragraph 7(d) provides that "Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references." Accordingly, Sage provides its supplemental invalidity contentions for those patents as follows:

**PRELIMINARY STATEMENT**

Sage expressly reserves its right to amend and supplement these Invalidity Contentions.

[1] Sage provides these invalidity contentions despite Plaintiff's continued failure to provide adequate infringement contentions pursuant to paragraph 7(c) of the Scheduling Order and the fact that Plaintiff still has not provided sufficient responses to the requested discovery regarding its prior art devices, despite being ordered to provide that information by the Court in response to Sage's motion to compel.

Sage further incorporates arguments for non-patentability raised by the Patent Office during the prosecution of the 508 Patent application.

Sage also relies on and incorporates by reference, as if originally set forth herein, all pleadings in which invalidity was alleged, including in interrogatory responses, in this civil action, as well as all papers filed by Sage in IPR2020-01426 in connection with the 508 patent.

**Sage's Invalidity Contentions Regarding U.S. Pat. Nos. 10,226,376 and 10,390,989**

Plaintiff asserts claims 1, 4-6, 9, and 11-13 of the 376 Patent ("Asserted Claims of the 376 Patent") and Claims 1-3, 5-6 of the 989 Patent ("Asserted Claims of the 989 Patent"). Both are related; however, the specification of each patent differs. Sage contends that each of the Asserted Claims of the 376 Patent is invalid for at least the reasons set forth below. Sage notes that Plaintiff has withdrawn infringement allegations relating to claims 2, 3, and 10 of the 376 Patent, which Plaintiff originally asserted in its complaint and no longer asserts. Plaintiff has also not asserted Claim 7 of the 989 Patent. Plaintiff has also withdrawn infringement allegations for Claims 7, 8, and 14 of the 376 Patent and Claim 4 of the 989 Patent. Sage has relied on this withdrawal as well as the failure to assert claims in preparing these contentions as well as preparing for discovery in this case.

As discussed above, each of the references below qualifies as prior art under one or more sections of 35 U.S.C. §§ 102 and/or 103. For example, most (if not all) of the listed references qualify as prior art under at least 35 U.S.C. §§ 102(a). The invalidating disclosure in each of the listed references is express and/or inherent. Also, as shown below, any reference anticipating an asserted claim pursuant to 35 U.S.C. § 102 also renders the claim obvious pursuant to 35 U.S.C. § 103 when viewed alone or in combination with other prior art references or with the knowledge of a person of ordinary skill in the art. The references cited herein may also be relied upon to show

the state of the art in the relevant time frames or provide background regarding the alleged invention or knowledge of an ordinarily skilled artisan.

As before, for the convenience of the reader, Sage identifies the prior art for this disclosure in the following order.  First, Sage lists U.S. Patents in ascending numerical order.  Second, Sage lists foreign patents or published applications in alphabetical order by type and then ascending numerical order.  Third, Sage lists publications alphabetically.

Prior art under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 for the 376 and 989 Patent claims include the following (including any U.S. and foreign counterparts thereof):

- U.S. Patent No. 1,742,080 ("Jones 080")
- U.S. Patent No. 2,644,234 ("Scott 234")
- U.S. Patent No. 2,968,046A ("Duke 046")
- U.S. Patent No. 3,087,938 ("Hans 938")
- U.S. Patent No. 3,198,994 ("Hilderbrant 994")
- U.S. Patent No. 3,312,981 ("McGuire 981")
- U.S. Patent No. 3,349,768 ("Keane 768")
- U.S. Patent No. 3,400,717 ("Bruce 717")
- U.S. Patent No. 3,406,688 ("Bruce 688")
- U.S. Patent No. 3,511,241 ("Lee 241")
- U.S. Patent No. 3,512,185A ("Ellis 185")
- U.S. Patent No. 3,520,300 ("Flower 300")
- U.S. Patent No. 3,613,123 ("Langstrom 123")
- U.S. Patent No. 3,651,810 ("Ormerod 810")
- U.S. Patent No. 3,726,277 ("Hirschman 277")

- U.S. Patent No. 4,200,102A ("Duhamel 102")

- U.S. Patent No. 4,202,058 ("Anderson 058")

- U.S. Patent No. 4,233,025 ("Larson 025")

- U.S. Patent No. 4,246,901 ("Frosch 901")

- U.S. Patent No. 4,257,418 ("Hessner 418")

- U.S. Patent No. 4,270,539 ("Frosch 539")

- U.S. Patent No. 4,352,356 ("Tong 356")

- U.S. Patent No. 4,425,130 ("DesMarais")

- U.S. Patent No. 4,453,938 ("Brendling 938")

- U.S. Patent No. 4,528,703A ("Kraus 703")

- U.S. Patent No. 4,610,675 ("Triunfol 675")

- U.S. Patent No. 4,627,846 ("Ternstrom 846")

- U.S. Patent No. 4,631,061 ("Martin 061")

- U.S. Patent No. 4,650,477 ("Johnson 477")

- U.S. Patent No. 4,692,160A ("Nussbaumer 160")

- U.S. Patent No. 4,713,066 ("Komis 066")

- U.S. Patent No. 4,747,166 ("Kuntz 166")

- U.S. Patent No. 4,769,215A ("Ehrenkranz 215")

- U.S. Patent No. 4,772,280 ("Rooyakkers 280")

- U.S. Patent No. 4,790,835 ("Elias 835")

- U.S. Patent No. 4,791,686A ("Taniguchi 686")

- U.S. Patent No. 4,795,449 ("Schneider 449")

- U.S. Patent No. 4,799,928A ("Crowley 928")

- U.S. Patent No. 4,804,377 ("Hanifl 377")

- U.S. Patent No. 4,820,297 ("Kaufman 297")

- U.S. Patent No. 4,846,909 ("Klug 909")

- U.S. Patent No. 4,882,794 ("Stewart 794")

- U.S. Patent No. 4,883,465 ("Brennan 465")

- U.S. Patent No. 4,886,508 ("Washington 508")

- U.S. Patent No. 4,886,509 ("Mattsson 509")

- U.S. Patent No. 4,889,533A ("Beecher 533")

- U.S. Patent No. 4,905,692 ("More 692")

- U.S. Patent No. 5,002,541 ("Conkling 541")

- U.S. Patent No. 5,004,463A ("Nigay 463")

- U.S. Patent No. 5,031,248 ("Kemper 248")

- U.S. Patent No. 5,049,144 ("Payton 144")

- U.S. Patent No. 5,071,347 ("McGuire 347")

- U.S. Patent No. 5,084,037 ("Barnett 037")

- U.S. Patent No. 5,195,997 ("Carns 997")

- U.S. Patent No. 5,203,699 ("McGuire 699")

- U.S. Patent No. 5,244,458 ("Takasu 458")

- U.S. Patent No. 5,295,983A ("Kubo 983")

- U.S. Patent No. 5,300,052 ("Kubo 052")

- U.S. Patent No. 5,382,244 ("Telang 244")

- U.S. Patent No. 5,628,735 ("Skow 735")

- U.S. Patent No. 5,636,643 ("Argenta 643")

- U.S. Patent No. 5,674,212 ("Osborn 212")

- U.S. Patent No. 5,678,564 ("Thompson 564")

- U.S. Patent No. 5,687,429 ("Rahlff 429")

- U.S. Patent No. 5,695,485 ("Duperret 485")

- U.S. Patent No. 5,752,944 ("Dann 944")

- U.S. Patent No. 5,772,644 ("Bark 644")

- U.S. Patent No. 5,827,247 ("Kay 247")

- U.S. Patent No. 5,827,250 ("Fujioka 250")

- U.S. Patent No. 5,827,257 ("Fujioka 257")

- U.S. Patent No. 5,894,608 ("Birbara 608")

- U.S. Patent No. 5,911,222 ("Thompson 222")

- U.S. Patent No. 5,957,904 ("Holland 904")

- U.S. Patent No. 5,972,505 ("Philips 505")

- U.S. Patent No. 6,063,064 ("Tuckey 064")

- U.S. Patent No. 6,105,174 ("Nygren 174")

- U.S. Patent No. 6,113,582 ("Dwork 582")

- U.S. Patent No. 6,117,163 ("Bierman 163")

- U.S. Patent No. 6,123,398 ("Arai 398")

- U.S. Patent No. 6,129,718 ("Wada 718")

- U.S. Patent No. 6,177,606 ("Etheredge 606")

- U.S. Patent No. 6,209,142 ("Mattsson 142")

- U.S. Patent No. 6,248,096 ("Dwork 096")

- U.S. Patent No. 6,311,339B1 ("Kraus 339")

- U.S. Patent No. 6,336,919 ("Davis 919")

- U.S. Patent No. 6,338,729 ("Wada 729")

- U.S. Patent No. 6,409,712 ("Cragoe 712")

- U.S. Patent No. 6,416,500 ("Wada 500")

- U.S. Patent No. 6,475,198 ("Lipman 198")

- U.S. Patent No. 6,479,726 ("Cole 726")

- U.S. Patent No. 6,540,729 ("Wada 729")

- U.S. Patent No. 6,547,771 ("Robertson 771")

- U.S. Patent No. 6,569,133 ("Cheng 133")

- U.S. Patent No. 6,592,560 ("Snyder 560")

- U.S. Patent No. 6,620,142 ("Fluckiger 142")

- U.S. Patent No. 6,702,793 ("Sweetser 793")

- U.S. Patent No. 6,706,027 ("Harvie 027")

- U.S. Patent No. 6,732,384B2 ("Scott 384")

- U.S. Patent No. 6,740,066 ("Wolff 066")

- U.S. Patent No. 6,783,519 ("Samuelsson 519")

- U.S. Patent No. 6,814,547 ("Childers 547")

- U.S. Patent No. 6,849,065 ("Schmidt 065")

- U.S. Patent No. 6,857,137B2 ("Otto 137")

- U.S. Patent No. 6,888,044 ("Fell 044")

- U.S. Patent No. 6,912,737 ("Ernest 737")

- U.S. Patent No. 6,918,899 ("Harvie 899")

- U.S. Patent No. 6,979,324 ("Bybord 324")

- U.S. Patent No. 7,018,366 (“Easter 366”)
- U.S. Patent No. 7,131,964 (“Harvie 964”)
- U.S. Patent No. 7,135,012 (“Harvie 012”)
- U.S. Patent No. 7,141,043 (“Harvie 043”)
- U.S. Patent No. 7,171,699 (“Ernest 699”)
- U.S. Patent No. 7,179,951 (“Krishnaswamy-Mirle 951”)
- U.S. Patent No. 7,181,781 (“Trabold 781”)
- U.S. Patent No. 7,186,245 (“Cheng 245”)
- U.S. Patent No. 7,192,424 (“Cooper 424”)
- U.S. Patent No. 7,220,250 (“Suzuki 250”)
- U.S. Patent No. 7,335,189 (“Harvie 189”)
- U.S. Patent No. 7,358,282 (“Kreuger 282”)
- U.S. Patent No. 7,390,320 (“Machida 320”)
- U.S. Patent No. 7,488,310 (“Yang 310”)
- U.S. Patent No. 7,520,872 (“Biggie 872”)
- U.S. Patent No. 7,588,560 (“Dunlop 560”)
- U.S. Patent No. 7,682,347 (“Parks 347”)
- U.S. Patent No. 7,695,459 (“Gilbert’ 459”)
- U.S. Patent No. 7,695,460 (“Wada 460”)
- U.S. Patent No. 7,699,818 (“Gilbert 818”)
- U.S. Patent No. 7,699,831 (“Bengatson 831”)
- U.S. Patent No. 7,722,584 (“Tanaka 584”)
- U.S. Patent No. 7,727,206 (“Gorres 206”)

- U.S. Patent No. 7,740,620 (“Gilbert 620”)
- U.S. Patent No. 7,749,205 (“Tazoe 205”)
- U.S. Patent No. 7,755,497 (“Wada 497”)
- U.S. Patent No. 7,766,887 (“Burns 887”)
- U.S. Patent No. 7,833,169 (“Hannon 169”)
- U.S. Patent No. 7,866,942 (“Harvie 942”)
- U.S. Patent No. 7,871,385 (“Levinson 385”)
- U.S. Patent No. 7,875,010 (“Frazier 010”)
- U.S. Patent No. 7,901,389 (“Mombrinie 389”)
- U.S. Patent No. 7,927,321 (“Marland 321”)
- U.S. Patent No. 7,931,634 (“Swiecicki 634”)
- U.S. Patent No. 7,939,706 (“Okabe 706”)
- U.S. Patent No. 7,976,519 (“Bubb 519”)
- U.S. Patent No. 7,993,318 (“Olsson 318”)
- U.S. Patent No. 8,128,608B2 (“Thevenin 608”)
- U.S. Patent No. 8,181,651 (“Pinel 651”)
- U.S. Patent No. 8,211,063 (“Bierman 063”)
- U.S. Patent No. 8,221,369 (“Parks 369”)
- U.S. Patent No. 8,241,262 (“Mahnensmith 262”)
- U.S. Patent No. 8,277,426 (“Wilcox 426”)
- U.S. Patent No. 8,287,508 (“Sanchez 508”)
- U.S. Patent No. 8,303,554 (“Tsai 554”)
- U.S. Patent No. 8,343,122 (“Gorres 122”)

- U.S. Patent No. 8,353,074 ("Krebs 074")

- U.S. Patent No. 8,388,588 ("Wada 588")

- U.S. Patent No. 8,425,482 ("Khoubnazar 482")

- U.S. Patent No. 8,551,075 ("Bengtson 075")

- U.S. Patent No. 8,568,376 ("Delattre 376")

- U.S. Patent No. 8,585,683 ("Bengtson 683")

- U.S. Patent No. 8,715,267 ("Bengtson 267")

- U.S. Patent No. 8,864,730 ("Conway 730")

- U.S. Patent No. 8,936,585 ("Delattre 585")

- U.S. Patent No. 9,028,460B2 ("Medeiros 460")

- U.S. Patent No. 9,173,602 ("Gilbert 602")

- U.S. Patent No. 9,173,799 ("Tanimoto 799")

- U.S. Patent No. 9,248,058 ("Conway 058")

- U.S. Patent No. 9,480,595 ("Baham 595")

- U.S. Patent Publ. No. 2002/0026161 ("Grundke 161")

- U.S. Patent Publ. No. 2002/0087131 ("Wolff 131")

- U.S. Patent Publ. No. 2002/0189992 ("Schmidt 992")

- U.S. Patent Publ. No. 2003/0120178 ("Heki 178")

- U.S. Patent Publ. No. 2003/0004436 ("Schmidt 436")

- U.S. Patent Publ. No. 2003/0181880A1 ("Schwartz 880")

- U.S. Patent Publ. No. 2003/0195484 ("Harvie 484")

- U.S. Patent Publ. No. 2003/0233079 ("Parks 079")

- U.S. Patent Publ. No. 2004/0006321A1 ("Cheng 321")

- U.S. Patent Publ. No. 2004/0127872 (“Petryk 872”)
- U.S. Patent Publ. No. 2004/0128749 (“Scott 749”)
- U.S. Patent Publ. No. 2004/0191919 (“Unger 919”)
- U.S. Patent Publ. No. 2004/0236292 (“Tazoe 292”)
- U.S. Patent Publ. No. 2004/0254547 (“Okabe 547”)
- U.S. Patent Publ. No. 2005/0010182 (“Parks 182”)
- U.S. Patent Publ. No. 2005/0070861 (“Okabe 861”)
- U.S. Patent Publ. No. 2005/0070862 (“Tozoe 862”)
- U.S. Patent Publ. No. 2005/0097662 (“Leimkuhler 662”)
- U.S. Patent Publ. No. 2005/0101924 (“Elson 924”)
- U.S. Patent Publ. No. 2005/0177070 (“Levinson 070”)
- U.S. Patent Publ. No. 2005/0197639 (“Mombrinie 639”)
- U.S. Patent Publ. No. 2005/0277904 (“Chase 904”)
- U.S. Patent Publ. No. 2005/0279359 (“LeBlanc 359”)
- U.S. Patent Publ. No. 2006/0015080 (“Mahnensmith 080”)
- U.S. Patent Publ. No. 2006/0015081 (“Suzuki 081”)
- U.S. Patent Publ. No. 2006/0155214A1 (“Wightman 214 ”)
- U.S. Patent Publ. No. 2006/0200102 (“Cooper 102”)
- U.S. Patent Publ. No. 2006/0229576 (“Conway 576”)
- U.S. Patent Publ. No. 2006/0235359 (“Marland 359”)
- U.S. Patent Publ. No. 2007/0038194 (“Wada 194”)
- U.S. Patent Publ. No. 2007/0006368 (“Key 368”)
- U.S. Patent Publ. No. 2007/0117880 (“Elson 880”)

- U.S. Patent Publ. No. 2007/0135786 ("Schmidt 786")

- U.S. Patent Publ. No. 2007/0191804 ("Cooley 804")

- U.S. Patent Publ. No. 2007/0214553 ("Carromba 553")

- U.S. Patent Publ. No. 2008/0015527 ("House 527")

- U.S. Patent Publ. No. 2008/0033386 ("Okabe 386")

- U.S. Patent Pub. No. 2008/0004576 ("Tanaka 576")

- U.S. Patent Publ. No. 2008/0091153 ("Harvie 153")

- U.S. Patent Publ. No. 2008/0091158 ("Yang 158")

- U.S. Patent Publ. No. 2008/0234642 ("Patterson 642")

- U.S. Patent Publ. No. 2008/0287894 ("Van Den Heuvel 894")

- U.S. Patent Publ. No. 2009/0025717 ("Pinel 717")

- U.S. Patent Publ. No. 2009/0056003 ("Ivie 003")

- U.S. Patent Publ. No. 2009/0264840A1 ("Virginio 840")

- U.S. Patent Publ. No. 2009/0281510 ("Fisher 510")

- U.S. Patent Publ. No. 2010/0121289 ("Parks 289")

- U.S. Patent Publ. No. 2010/0185168 ("Graauw 168")

- U.S. Patent Publ. No. 2010/0198172 ("Wada 172")

- U.S. Patent Publ. No. 2010/0241104 ("Gilbert 104")

- U.S. Patent Publ. No. 2010/0263113 ("Shelton 113")

- U.S. Patent Publ. No. 2010/0310845A1 ("Bond '845")

- U.S. Patent Publ. No. 2011/0028922A1 ("Kay 922")

- U.S. Patent Publ. No. 2011/0034889  ("Smith 889")

- U.S. Patent Publ. No. 2011/0040267 ("Wada 267")

- U.S. Patent Publ. No. 2011/0040271 ("Rogers 271")

- U.S. Patent Publ. No. 2011/0054426 ("Stewart 426")

- U.S. Patent Publ. No. 2011/0060300 ("Weig 300")

- U.S. Patent Publ. No. 2011/0077495 ("Gilbert 495")

- U.S. Patent Publ. No. 2011/0172620 ("Khambatta 620")

- U.S. Patent Publ. No. 2011/0172625 ("Wada 625")

- U.S. Patent Publ. No. 2011/0202024 ("Cozzens 024")

- U.S. Patent Publ. No. 2012/0035577 ("Tomes 577")

- U.S. Patent Publ. No. 2012/0103347 ("Wheaton 347")

- U.S. Patent Publ. No. 2012/0165768 ("Sekiyama 768")

- U.S. Patent Publ. No. 2012/0210503 ("Anzivino 503")

- U.S. Patent Publ. No. 2012/0245547 ("Wilcox 547")

- U.S. Patent Publ. No. 2012/0253303 ("Suzuki 303")

- U.S. Patent Publ. No. 2012/0330256 ("Wilcox 256")

- U.S. Patent Publ. No. 2013/0006206 ("Wada 206")

- U.S. Patent Publ. No. 2013/0053804 ("Sorensen 804")

- U.S. Patent Publ. No. 2014/0371628 ("Desai 628")

- U.S. Patent Publ. No. 2014/0348139 ("Newton 139")

- U.S. Patent Publ. No. 2014/0031774 ("Bengtson 774")

- U.S. Patent Publ. No. 2014/0157499 ("Suzuki 499")

- U.S. Patent Publ. No. 2014/0196189 ("Lee 189")

- U.S. Patent Publ. No. 2015/0047114 ("Ramirez 114")

- U.S. Patent Publ. No. 2015/0157300A1 ("Ealovega 300 ")

- U.S. Patent Publ. No. 2015/0209194 ("Heyman 194")

- U.S. Patent Publ. No. 2015/0366699 ("Nelson 699")

- U.S. Patent Publ. No. 2016/0029998 ("Brister 998")

- U.S. Patent Publ. No. 2016/0058322 ("Brister 322")

- U.S. Patent Publ. No. 2016/0100976 ("Conway 976")

- U.S. Patent Publ. No. 2016/0278662 ("Brister 662")

- U.S. Patent Publ. No. 2016/0367226 ("Newton 226")

- U.S. Patent Publ. No. 2016/0367411 ("Justiz 411")

- U.S. Patent Publ. No. 2016/0374848 ("Sanchez 848")

- U.S. Patent Publ. No. 2017/0042748 ("Griffin 748")

- U.S. Patent Publ. No. 2017/0143534 ("Sanchez 534")

- U.S. Patent Publ. No. 2017/0189225 ("Voorhees 225")

- U.S. Patent Publ. No. 2017/0202692 ("Laniado 692")

- U.S. Patent Publ. No. 2017/0246026 ("Laniado 026")

- U.S. Patent Publ. No. 2017/0266031 ("Sanchez 031")

- U.S. Patent Publ. No. 2017/0312116 ("Laniado 116")

- U.S. Patent Publ. No. 2017/0333244 ("Laniado 244")

- U.S. Patent Publ. No. 2018/0008804 ("Laniado 808")

- U.S. Patent Publ. No. 2018/0028349 ("Newton 349")

- U.S. Patent Publ. No. 2018/0228642 ("Davis 624")

- D373,928 ("Green 928")

- D401,699 ("Herchenbach 699")

- D409,303 ("Oepping 303")

- D591,106 ("Dominique 106")

- D593801 ("Wilson 801")

- D674,241 ("Bickert 241")

- D704,330 ("Cicatelli 330")

- D704,510 ("Mason 510")

- D705,423 ("Walsh 423")

- D729,581 ("Boroski 581")

- D777,941 ("Piramoon 941")

- D804,907 ("Sandoval 907")

- D814,239 ("Arora 239")

- Chinese Publ. No. CN 107847384 ("Heongyu 384")

- Denmark Publ. No. DK9600118U3 ("Flyger 118")

- German Publ. No. DE102011103783A1 ("Gloger 783")

- German Publ. No. DE4443710A1 ("Schmitt 710")

- German Publ. No. DE9407554U1 ("Javadi 554")

- European Publ. No. EP0032138A2 ("Ozenne 138")

- European Publ. No. EP0610638A1 ("Goldenberg 638")

- European Publ. No. EP0613355A1 ("Kuntz 355")

- European Publ. No. EP066070B1 ("Steer 070")

- European Publ. No. EP 1 382 318 A1 ("Kim 318")

- European Publ. No. EP0613355 ("Kuntz 355")

- European Publ. No. EP2180907 ("Weig 907")

- European Publ. No. EP2380532 ("Wada 532")

- UK Publ. No. GB1467144 ("Nolan 144")

- UK Publ. No. GB2148126B ("Cottenden 126")

- UK Publ. No. GB2199750 ("Gropp 750")

- UK Publ. No. GB2260907 ("Kubo 907")

- UK Publ. No. 2469496A ("Shelton 496")

- Japanese Publ. No. JP 11-113946 ("Chiku 946")

- Japanese Publ. No. JP1979-S5410596 ("Hetsunsuneru")

- Japanese Publ. No. JP3132659B2 ("Yanagihara 659")

- Japanese Publ. No. JP4039641B2 ("Mizuguchi 641")

- Japanese Publ. No. JP 2001054531 ("Higati 531")

- Japanese Publ. No. JP2001276108A ("Ishii 108")

- Japanese Publ. No. 2004-267530 ("Okabe 530")

- Japanese Publ. No. 2006-026108 ("Suzuki 108")

- Japanese Publ. No. 2012-523869 ("Shelton 869")

- Japanese Publ. No. JP2015092945A (Uchida 945")

- Japanese Publ. No. JPH 05123349 ("Kubo 349")

- WIPO Publication WO 1988/04558A1 ("Conkling 558")

- WIPO Publication WO 1991/04714A2 ("Washington 714")

- WIPO Publication WO 1993/09736 A2 ("Kuntz 736")

- WIPO Publication WO 1996/00096A1 ("Saltz 096")

- WIPO Publication WO 2000/057784 ("Wolff 784")

- WIPO Publication WO 2001/0145618 ("Schmidt 618")

- WIPO Publication WO 2004/019836 ("Wightman 836")

- WIP Publication WO 2004/03071931 ("Harvie 931")

- WIPO Publication WO 2005/089687 ("Levinson 687")

- WIPO Publication WO 2005/107661 ("Parks 661")

- WIPO Publication WO2007/007845 ("Wada 845")

- WIPO Publication WO 2007/042823 A2 (Van Den Heuvel 823")

- WIPO Publication WO 2008/078117 A1 ("Short 117")

- WIPO Publication WO 2009/052496 ("Tsai 496")

- WIPO Publication WO2009/101738 ("Wada 738")

- WIPO Publication WO 2011/132043A1 ("Richer 043")

- WIPO Publication WO 2013/103291 ("Van Senus 291")

- WIPO Publication WO 2013/131109 ("Desai")

- WIPO Publication WO 2014/041534 A1 ("Laniado 534")

- WIPO Publication WO 2015/170307 A1 ("Laniado 307")

- WIPO Publication WO 2015/169403 A1 ("Kubler 403")

- WIPO Publication WO2016/200088 A1 ("Kim 088")

- WIPO Publication WO 2016/055989 A1 ("Laniado 989")

- WIPO Publication WO 2016/071894 A1 ("Laniado 894")

- WIPO Publication WO 2016/103242 A1 ("Laniado 242")

- WIPO Publication WO 2016/116915 A1 ("Laniado 915")

- WIPO Publication WO 2018/056953 A1 ("Travers 953")

- WIPO Publication WO 2018/235065 A1 ("Parahovnik 065")

- WIPO Publication WO 92/20299 ("Zamierowski 299")

- WIPO Publication WO 2010030122 ("Lee 122")

- Newman, Diane K. (1997). *The Urinary Incontinence Sourcebook*, Los Angeles: Lowell House
- Parmar, Arundhai, "10 Finalists Chosen for Dare-to-Dream Medtech Design Challenge" (PureWick) (dated Nov. 10, 2014) (version available in 376 patent prosecution file as well as MDDI and other versions ("Medtech Finalists 2014" or "Parmar 2014")
- Newton et al., "Measuring Safety, Effectiveness and Ease of Use of PureWick in the Management of Urinary Incontience in Bedbound Women: Case Studies (Jan. 8, 2016) ("2016 Newton Article")
- MD&DI, "Winners Announced for Dare-to-Dream Medtech Design Challenge" (2014) ("2014 MedTech Announcement")
- Macaulay et al., *A Noninvasive Continence Management System: Development and Evaluation of a Novel Toileting Device for Women*, J Wound Ostomy Continence Nurs. 2007; 34(6):641-648 (2007) ("Macaulay 2007")
- Hollister Company, "Male Urinary Pouch External Collection Device" (version available in 376 patent prosecution history) ("Hollister Brochure")
- PureWick Co., "Incontinence Relief for Women" (dated September 23, 2015) (version available in 376 patent prosecution file) ("2015 PureWick brochure")
- Pytlik, "Super Absorbent Polymers," University of Buffalo, hltp://wwwcourses.scns.buffalo.edu/ce435/Diapers/Diapers.html (version available in 376 patent prosecution file) ("Pytlik")
- Omni Medical AMXD Control Starter Kit Brochure ("Omni Starter Kit Brochure")

- Omni Medical AMXDX – Advanced Mission Extender Device Brochure (available at http://www.omnimedicalsys.com/uploads/AMXDFixedWing.pdf) ("Omni Brochure")

- Omni – In Flight Bladder Relief Presentation (available at https://www.omnimedicalsys.com/uploads/AMXDmax_HSD.pdf) ("Omni Presentation")

- Omni Medical 2015 Catalog, AMXDmax (Advanced Mission Extender Device) In-Flight Bladder Relief (version available in 376 patent prosecution file) ("2015 Omni Catalog")

- 2007 Omni Medical User & Maintenance Guide at pp. 10, 21;

- Omni Medical AMXD/AMXDMax Devices

- PureWick Prior Art Devices (see infra)

- Research and Development Directorate of Department of Health, *Research and Development Work Relating to Assistive Technology 2005-2006*, Nov. 2006 (British Department of Health) ("2006 British Health Publication")

- Sachtman, Noah, "New Relief For Pilots?  It Depends," Wired (May 21, 2008) (available at https://www.wired.com/2008/05/pilot-relief/).

- www.shethinx.com/pages/thinx-it-works

- ASG Service, "Step by Step how Ur24 Works Home, UR24 Medicial Investment Opportunity"  (version available in 376 patent prosecution history)

As a preliminary matter, the Asserted Claims of the 376 Patent and the Asserted Claims of the 989 Patent are entitled to a priority date of no earlier than June 1, 2017, in the case of the 376 Patent, and September 8, 2016, in the case of the 989 Patent. PureWick bears the burden of

establishing an earlier priority date, and PureWick has failed to meet this burden.  In its response to Sage's Interrogatory No. 3, which requested priority date information as well as Section 112 support for the Asserted Claims of the Patents, Plaintiff failed to provide an adequate response as explained in the letter of April 10, 2020, from Bryce Persichetti.  Plaintiff made a blanket allegation that both patents were entitled to a priority date of March 19, 2014, even though many claim elements are missing from the March 19, 2014 application.  The subsequent supplement was likewise deficient as explained in the letter of May 15, 2020, from Bryce Persichetti.  More specifically, mumerous elements were not present in the March 2014 application or later applications sufficient to satisfy Section 112 (the full scope of the invention) including the claimed "fluid impermeable casing…", the "fluid permeable support…", the "fluid permeable membrane…", the "tube….extending behind at least the portion of the support," many of which were added as new matter in the filing of August 29, 2016.  PureWick has relied upon new matter during claim construction.

To the extent that Plaintiff interprets the Asserted Claims of the 376 and 989 Patents such that the disclosure in the March 19, 2014, application discloses every element of the Asserted Claims of the 376 and 989 Patents, then those Asserted Claims are clearly invalid in view of (including anticipated by) the prior art including the 508 Patent as well as the PureWick Prior Art Devices. With regard to the PureWick Prior Art Devices (addressed infra), again, as with all references, allegations herein are based upon Sage's constructions as well as PureWick's constructions. For example, PureWick has asserted that a casing is any "enclosure," rather than the casing described in the 376/989 patents.

The charts below identify non-limiting examples of where in each item of prior art each element of each asserted claim is found.  For example, as discussed above, where a single prior art

reference in the charts includes each of the elements of the asserted claim (either expressly and/or inherently), the claimed invention is anticipated by that reference.  Where a single prior art reference does not disclose all elements of a claim, the combination of that reference with one (or more) of the references disclosing the missing element(s), or the knowledge of an ordinarily skilled artisan, renders the claimed invention obvious.  Similarly, to the extent any cited anticipatory reference is found not to anticipate, that reference – by itself or in combination with one (or more) of the references disclosing the missing element(s) or the knowledge of a person of ordinary skill in the art – renders the claimed subject matter obvious.

The suggested obviousness combinations, as reflected in the charts below, would have been made by one of skill in the art at the time of the alleged inventions embodied by the Asserted Claims of the 376 and 989 Patents.  Such combinations are consistent with the principles set forth by the Supreme Court in *KSR Int'l v. Teleflex Inc.*, 127 S. Ct. 1727 (2007), and its progeny.  For example, as discussed above, the reasons for combining the references stem (explicitly or implicitly) from: (a) the prior art references themselves; (b) the prior art as a whole; (c) the knowledge, common sense, and creativity of those of ordinary skill in the art; (d) the nature of the problem to be solved; (e) the demands in the design community and/or the marketplace; (f) the simple and predictable substitution of one known element for another in accordance with their known functions; (g) the application of a known technique or method; (h) the obviousness of trying the combination; and/or (i) the general needs and problems in the field.

For instance, Sage incorporates by reference the prior art, as well as the IPR materials and knowledge regarding the state of the art, discussed with respect to the 508 patents and below with respect to the 407 Patent.  In addition, the following items and background information were also well known to those skilled in the art at the relevant time for the asserted patent claims (and are also

taught by the prior art identified herein) including at least a year before the earliest possible priority date of March 19, 2014 as well as by the much later actual priority dates.  This is also explained more fully in the declaration of Dr. Newman filed in connection with the 508 Petition for Inter Partes Review, as well as the declarations of Dr. Newman filed in connection with the claim construction briefing, which are hereby incorporated by reference.

(1)     Urine collection devices designed to be placed with an opening next to a patient's urethra so discharged urine is received through the opening, and methods of placing the device to do so.  *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, 1:22-44, 2:1-2, 2:26-46, 3:47-44, Figs. 1-8; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55; Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Schmitt 710 at Figs. 3-6, cols. 1-2; Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64; Conkling 541 at Figs. 12-15, 6:43-49, 6:62-68, 7:2-5, 7:8-11; Washington 508 at Abstract, Figs. 5-9, 3:1-9; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; 2015 Omni Catalog at pp. 3-4; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; PureWick Prior Art Devices; Medtech Finalists 2014; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;

(2)     Urine collection devices with a fluid impermeable casing with a fluid reservoir at one end and a fluid outlet at the other end, allowing for collection and removal of urine from the

device. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 7:15-20, 7:22-24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, Fig. 8, 6:21-31; Suzuki 250 at Figs. 1-5, 8, 11, 12:8-12, 12:5-15; Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11; Schmitt 710 at Figs. 3-6, cols. 1-2; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Medtech Finalists 2014; PureWick Prior Art Devices.

(3)     Urine collection devices with a casing made from pliable materials (including a fluid reservoir defined by the casing). *See, e.g.*, Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51; Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-20, 8:22-25; Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:49-4:16, Figs. 9-10; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Conkling 541 at Figs. 12-15, Figs. 12-15, 6:43-68; Sanchez 508 at Abstract, Fig. 8, 3:32-37, 4:25-28, 6:21-31; Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Macaulay 2007 at pp. 641-643;

(4)     Longitudinally extending fluid impermeable layers coupled to a fluid reservoir and outlet and defining a longitudinally elongated opening between them, allowing for urine to enter the collection device. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 7:15-20, 7:22-

24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, Figs. 1-8, 6:21-31; Suzuki 250 at Figs. 1-5, 8, 11, 12:5-15; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 9, 14; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Washington 508 at Figs. 1-5, Abstract, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(5)     Urine collection devices with a fluid permeable support inside a casing that extends across an elongated opening in the casing, facilitating collection of urine. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-28, 10:1-9; Keane 768 at Abstract, Figs. 4, 9-10, 3:75-4:16; Sanchez 508 at Abstract, Fig. 8, 6:21-31; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 2:41-55, 12:5-21; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11; Washington 508 at Figs. 1-5, Abstract, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30; 4:2-7; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14; Omni

2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(6)     A casing that is cylindrical or substantially cylindrical.  *See, e.g.*, Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Lawrence 564 at Fig. 14, 11:24-35; Lawrence 222 at Fig. 14, 11:24-35; Washington 508 at Fig. 1, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30; Duhamel 102 at Fig. 2, 1:65-2:14; Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62; Duke 046 at Figs. 2, 4; Carns 997 at Fig. 4, Abstract; Robertson 771 at Fig. 1, Abstract; Sanchez 508 at Abstract, Fig. 8, 6:21-31; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-28, 10:1-9; Keane 768 at Abstract, Figs. 4, 9-10, 3:75-4:16; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(7)     A support that is cylindrical or substantially cylindrical.  *See* Sanchez 508 at Abstract, Fig. 8, 6:21-31; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Washington 508 at Fig. 1, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30;  Jones 080 at Figs. 1-7, 1:59-89, 2:52-79; Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32; Hirschman 277 at Figs. 1-9, 1:33-40, 2:24-50; Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;  Brennan 465 at 4:16-66, Figs. 1-2, 6;  McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35; Lawrence 564 at Fig. 14, 11:24-35; Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54; Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-

25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-28, 10:1-9; Keane 768 at Abstract, Figs. 4, 9-10, 3:75-4:16; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(8) A support that has a lumen with a urine removal tube within the lumen. *See* Sanchez 508 at Abstract, Fig. 8, 6:21-31; Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32; Kuntz 355 at Figs. 3-5, 2:9-12, 5:3-5; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25; Van Den Heuvel 894 at Figs. 3-4, paras. 19, 47; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-10:9; Macaulay 2007 at pp. 641-643; Jones 080 at Figs. 1-7, 1:59-89, 2:52-79; Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32; Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52; Brennan 465 at 4:16-66, Figs. 1-2, 6; McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35; Medtech Finalists 2014; PureWick Prior Art Devices.

(9) Urine collection devices with a fluid permeable support and reservoir that are distinct from, but next to, each other. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19; Keane 768 at Abstract, Figs. 9-10, 3:75-4:25; Sanchez 508 at Abstract, Fig. 8, 6:21-31; Suzuki 250 at Fig. 11, 12:5-21; Chiku 946 at Figs. 1, 2, 6, 7, claim 10, Abstract, paras. 6-8, 14; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Conkling 541 at Figs. 12-15, 6:43-68; Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Sweetser 793 at Figs. 1-2, 3:35-4:31; Triunfol 675 at Figs. 1-5, claims 1-

4, 3:66-4:7, 4:2-7; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(10) Urine collection devices with a fluid permeable membrane on a fluid permeable support, allowing for enhanced urine collection. *See, e.g.*, Van Den Heuvel 823 at 1:27-2:12, 2:25-27, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b); Van Den Heuvel 894 at para. 5; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:4; Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64; Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61; Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56; Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36; Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; Wolff 066 at Fig. 5b, 5:56-6:35; Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; Macaulay 2007 at pp. 641-643; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31; Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.

(11) Urine collection devices with a fluid permeable membrane on a support that is inside a casing, where the membrane covers a portion of the support that extends across an opening of the casing. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:15, 2:25-27, 6:18-26, 7:15-20, 7:22-24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-

12:4, 12:5-21; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Macaulay 2007 at pp. 641-643; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.

(12) A urine collection device that is configured so that a fluid permeable membrane engages tissue surrounding the urethral opening. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:15, 2:25-27, 6:18-26, 7:15-20, 7:22-24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 23, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:34-36, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 4:7-9, 6:21-31; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:4; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33; Fell 044 at Fig. 1, Abstract, 23:12-14; Tong 356 at Figs. 1-5, 4:11-26; McGuire 981 at 1:71-2:16; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Macaulay 2007 at pp. 641-643; 2015 Omni Catalog at pp. 3-4; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(13) Using a fabric sleeve or ribbed knit fabric as a permeable membrane. *See, e.g.*, Jones 080 at Figs. 1-7, 1:59-89, 2:52-79; Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32; Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52; Brennan 465 at 4:16-66, Figs. 1-2, 6; Lawrence 564 at Fig. 14, 11:24-35; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 4:7-9, 6:21-31; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Kuntz 355 at Abstract,

Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Schmidt 688 at Figs. 4-7, 4:29-68, 5:43-62; McGuire 981 at 1:71-2:16; Tong 356 at Figs. 1-5, 4:11-26; Fell 044 at Fig. 1, Abstract, 23:12-14; Medtech Finalists 2014; PureWick Prior Art Devices.

(14)    A permeable membrane that includes a wicking material. *See, e.g.*, Sanchez 508 at Abstract, Fig. 8, 3:22-49, 4:7-9, 6:21-31; Kuntz 166 at Abstract, Figs. 2-6, 2:43-47, 2:48-69; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17, 21-22, 24, 30-31; Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-50, 2:51-59, 2:59-67, 3:45-4:19, 5:15-24, 5:27-43, 6:18-43; Keane 768 at Abstract, 1:34-36, 1:65-2:10, 2:46-56, Fig. 4; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:15, 2:25-27, 6:18-26, 7:15-20, 7:22-24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 23, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Lawrence 564 at Figs. 1-10, 14, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 11:1-19, 11:24-36, claim 6; Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; Lawrence 222 at Figs. 1-10, 14, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 11:1-19, 11:24-36, claim 6; Cheng 133 at Figs. 7A-9, 16:53-17:54; Macaulay 2007 at pp. 641-643; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.

(15)    Urine collection devices that use a tube to remove urine from the device with one end of the tube in the reservoir and where the tube extends through the fluid outlet to the fluid discharge end of the device (in many cases, the tube has openings only at its ends with a lumen coupling the two openings). *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30; Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:34;

Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Suzuki 250 at Figs. 1-5, 8, 11, 3:4-13, 6:3-6, 12:5-21; Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Medtech Finalists 2014; PureWick Prior Art Devices.

(16) Urine collection devices with a fluid discharge tube that extends behind a fluid permeable membrane and support. *See, e.g*., Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30; Van Den Heuvel 894 at Figs. 1-4, 19, 47; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:34; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:4, 12:5-21; Chiku 946 at Figs. 1, 2, 6, 7, paras. 6-7, 9, 14; Mizuguchi 641 at Figs. 1, 2, 6, 7, paras. 6-7, 9, 14; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Wolff 066 at Fig. 5b, 5:56-6:35; Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Tsai 554 at Figs. 2, 3, 5, 5:22-24; Medtech Finalists 2014; PureWick Prior Art Devices.

(17) Urine collection devices configured so that discharged urine passes through an opening in a casing or fluid impermeable layer of the device, through a membrane and a support, and into a reservoir where the urine is withdrawn via a discharge tube. *See, e.g.,* Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20; Van Den Heuvel 894 at Figs. 1-4, paras. 17, 20-21, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:7-19, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:34; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Suzuki 250 at

Abstract, Figs. 1-5, 8, 11, 2:41-55, 3:4-13, 6:3-6, 11:65-12:4, 12:5-21; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Macaulay 2007 at pp. 641-643; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(18) Urine collection devices held in place solely by frictional engagement with or between the labia or other portions of the user's body surrounding the urethral opening. *See, e.g.*, Sanchez 508 at 5:14-16; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25; Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77; Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61; Hirschman 277 at Figs. 1-9, 1:33-40, 2:24-50; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, 1:22-44, 2:1-2, 2:26-46, 3:47-44, Figs. 1-8; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Washington 508 at Abstract, Figs. 5-9, 3:1-9; 2015 Omni Catalog at pp. 3-4; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.

(19) Urine collection devices held in place by engagement between one end of the casing and a user's perineum. *See, e.g.*, Sanchez 508 at 5:14-16; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25; Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77; Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25; Van

Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, 1:22-44, 2:1-2, 2:26-46, 3:47-44, Figs. 1-8; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Washington 508 at Abstract, Figs. 5-9, 3:1-9; 2015 Omni Catalog at pp. 3-4; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.

(20)   Urine collection devices that are curved with a fluid opening on the inside of the curve for positioning next to the user's urethra and where one end of the device is adjacent to the user's anus. *See* Sanchez 508 at Fig. 5, 5:14-16; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25; Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25; Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19; Keane 768 at Abstract, Figs. 9-10, 3:75-4:4; Washington 508 at Abstract, Figs. 5-9, 3:1-9, 7:8-8:45; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 2:41-55, claim 1; Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26; Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26; Ishii 108 at Figs. 1-4, paras 1-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Schmitt 710 at Figs. 3-6, cols. 1-2; Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64; Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61; Conkling 541 at Figs. 12-15, 7:2-5, 7:8-11; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; 2015 Omni Catalog at pp. 3-4; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.

(21)    Urine collection devices with a curved design with a fluid opening on the inside of the curve for positioning next to a female user's urethra where the end of the device that is adjacent to the user's anus has a reservoir and the opposite end above the urethra has a fluid outlet.  *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25; Van Den Heuvel 894 at Figs. 1-4, paras. 41, 43, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:4; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 2:41-55, claim 1; Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26; Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26; Ishii 108 at Figs. 1-4, paras 1-13; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Medtech Finalists 2014; PureWick Prior Art Devices.

(22)    Permeable materials made from spun plastic, including a fluid permeable support made out of spun plastic. *See, e.g.*, Van Den Heuvel 823 at 8:19-20; Van Den Heuvel 894 at para. 52; Wolff 784 at 9:25-28, 10:1-4; Philips 505 at Figs. 18-22, 21:35-64, 26:40-27:42; Bond 845 at Abstract, ¶¶ 72, 205; Petryk 872 at ¶¶ 73-74, 117; Kuntz 166 at 1:63-2:2, *see also* DesMarais 130 at 5:1-3, 4:13-52; Macaulay 2007 at pp. 641-643; Fell 044 at 3:61-67, 5:1-3, 5:37-40, 23:13-14; Okabe 547 at Figs. 1-6, Abstract, paras. 18; Tong 356 at 4:30-33, 5:19-20, 6:29-30; Medtech Finalists 2014; PureWick Prior Art Devices.

(23)    Connecting a fluid receptacle to the discharge end of a tube to allow urine withdrawn from a fluid reservoir to enter it.  *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30; Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 21, 46; Wolff 784 at Abstract, Figs. 1a-5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5; Macaulay 2007 at pp. 641-643; 2006 British Health

Publication at pp. 14-15; Keane 768 at 1:31-41, 2:6-10; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Schmitt 710 at Figs. 3-6, cols. 1-2; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Lawrence 222 at Figs. 6-10, 14, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29, 11:1-19, 11:24-36; Washington 508 at Figs. 6-9, 2:33-38, 5:63-6:10; Medtech Finalists 2014; 2015 Omni Catalog at pp. 3-4; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; PureWick Prior Art Devices; Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51.

(24)    Connecting a vacuum source connected to the discharge end of a urine discharge tube to assist in withdrawing urine from the fluid reservoir. *See, e.g.*, Van Den Heuvel 823 at 1:27-2:7; Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 21, 46; Wolff 784 at Abstract, Figs. 1a-5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35; Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; Keane 768 at 1:31-41, 2:6-10; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Schmitt 710 at Figs. 3-6, cols. 1-2; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Lawrence 564 at Figs. 6-10, 14, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29, 11:1-19, 11:24-36; Medtech Finalists 2014; 2015 Omni Catalog at pp. 3-4; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; PureWick Prior Art Devices.

(25)     Using a vacuum-induced pressure differential to withdraw urine through a tube at a flow rate equal to the urine discharge rate in a urination event (including without causing the reservoir to block the tube).  *See, e.g.*, Van Den Heuvel 823 at 1:27-2:7; Van Den Heuvel 894 at paras. 5-6, 8, 21; Wolff 784 at Abstract, Figs. 1a-5b, 2:4-10, 5:12-30, 6:1-7, 6:9-12, 7:8-12, 9:3-5; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Wolff 066 at 2:1-2; Wolff 131 at para. 3; Chiku 946 at para. 19; Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26; Otto 137 at Figs. 1-2, 3:7-64, 4:10-28; Sanchez 508 at 4:55-64.

(26)     Using the above referenced urine collection devices in methods of collecting and removing urine from a user by, for example, positioning the device so that it is disposed with a female user's urethral opening, allowing urine to be received through an opening in the device, and allowing the discharged urine to be withdrawn via a discharge tube. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 7:23-30; Van Den Heuvel 894 at Figs. 1-4, paras. 23, 28, 41, 43, 44; Wolff 784 at Abstract, Figs. 1a-5b, 9:7-19; Keane 768 at Abstract, Figs. 4, 9-10, 1:31-41, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Suzuki 250 at Abstract, Fig. 1, 3:4-13, 6:3-6; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Chiku 946 at Figs. 6, 10, 12, paras. 20-21, 25-26; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Schmitt 710 at Figs. 3-6, cols. 1-2; Conkling 541 at Figs. 12-15, 7:2-5, 7:8-11; Washington 508 at Figs. 5-9, 3:1-9; Medtech Finalists 2014; 2015 Omni Catalog at pp. 3-4; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; PureWick Prior Art Devices.

(27)     Removing the urine collection device from a user and adding another urine collection device as needed.  *See, e.g.*, Kuntz 355 at 9:33-53; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:15, 2:25-27, 6:18-26, 7:15-20, 7:22-24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4,

paras. 5-6, 23, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:31-41, 1:67-2:32, 3:60-4:16; Washington 508 at Figs. 5-9, 3:1-9, 4:17-23, 7:8-8:31; Kuntz 166 at Abstract, Figs. 1-8, 5:59-6:17; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Okabe 706 at 8:21-26; Okabe 547 at para. 41; Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33, 5:66-6:4; Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64; Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61; Wada 460 at 9:32-35; Tazoe 205 at 5:40-45; Tazoe 292 at para. 42; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77; Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Macaulay 2007 at pp. 641-643; Medtech Finalists 2014; 2015 PureWick brochure at pp. 1-4; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; PureWick Prior Art Devices.

As shown by the above examples (and the charts below), the differences, if any, between the relevant prior art references and the Asserted Claims of the 376 Patent were known and would have been within the knowledge and common sense of one of ordinary skill in the art, and modification, if any, to achieve the claimed invention would have been a routine choice with a reasonable expectation of success. In addition, or alternatively, one of ordinary skill in art would have been motivated to combine one or more of the references as they nearly all pertain, generally, to urine collection systems or apparatuses.

As noted above, the following charts identify where in each item of prior art each element of each asserted claim is found. The citations in the charts are representative and should not be construed as limiting. As mentioned above, the charts below reflect alternative views of the meaning of claim language including Sage's understanding of Plaintiff's position regarding the

construction of the claims, and Sage makes no admissions regarding any alleged infringement. Moreover, by addressing any claim language in the charts below, Sage makes no admission as to whether or not that language serves as a limitation of the claim.

**U.S. Patent No. 10,226,376 (Claims 1, 4-6, 9, and 11-13)**

| 376 Patent Claim Language | Prior Art |
|---|---|
| **Claim 1** | |
| 1. An apparatus comprising: | To the extent the preamble is limiting, the below-cited references each disclose an apparatus. |
| a fluid impermeable casing having a fluid reservoir at a first end, | Apparatuses with fluid impermeable casings having a fluid reservoir at one end were well known at the time of the alleged invention.[4]<br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

[4] For purposes of the 376 and 989 Patent, it is generally assumed that the time of the alleged invention is the earliest alleged priority date of March 2014 despite Plaintiff's failure to provide adequate evidence on this issue. Of course, what was known as of that date was also known at later dates. However, as discussed above, PureWick has not established that the priority date of the 376 and 989 patents are no earlier than their filing dates. Moreover, as discussed above, the evidence shows that numerous claim elements were missing from the disclosures prior to August 29, 2016.

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• Medtech Finalists 2014;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| a fluid outlet at a second end, | Fluid impermeable casings having a fluid outlet at another end were well known at the time of the alleged invention and this was a typical and one of a few known configurations as previously explained.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| and a longitudinally extending fluid impermeable layer coupled to the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet; | Fluid impermeable casings having a longitudinally extending fluid impermeable layer coupled to the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet were well known at the time of the alleged invention. For example, in the case of urine collection devices, such a configuration is shaped for the female anatomy as discussed above while allowing for urine collection and removal.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable support disposed within the casing with a portion extending across the elongated opening, | Fluid permeable supports disposed within the casing with a portion extending across the elongated opening was well known at the time of the alleged invention, for example, allowing for support of a fluid permeable membrane and allowing for permeation of urine.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-12, 2:33-68, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | Fluid permeable supports distinct from and near the fluid reservoir were well known at the time of the alleged invention. For example, in the case of urine collection devices, such a configuration prevented the support from being in a urine reservoir but close enough to allow for urine to enter the reservoir.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43; |

| 376 Patent Claim Language | Prior Art |
|---|---|
|  | • Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Conkling 541 at Figs. 12-15, 6:43-68;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-11, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | |
| a fluid permeable membrane disposed on the support and covering at least the portion of the support that extends across the elongated opening, so that the membrane is supported on the support and disposed across the elongated opening; | Using multiple layers of permeable materials is well known in the body fluid collection art to facilitate fluid flow.  Fluid permeable membranes disposed on a permeable support and covering part of the support that extends across the opening where fluid enters were well known in the art at the time of the alleged invention.  In such configurations, the membrane is supported on the support and disposed across the opening, enhancing fluid collection and/or providing a comfortable patient interface.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| A tube having a first end disposed in the reservoir and extending behind at least the portion of the support and the portion of the membrane disposed across the elongated opening and extending through the fluid outlet to a second, fluid discharge end, | Fluid discharge tubes were known at the time of the alleged invention to assist in discharge of fluid from a body fluid collection apparatus to a location outside of the apparatus. It was known to have such tubes extend from the fluid reservoir, behind a portion of the membrane and support disposed across the fluid opening, and through to the fluid outlet. There were a few |

<table>
<tr><th>376 Patent Claim Language</th><th>Prior Art</th></tr>
<tr><td></td><td>design options for placement of the tube and this configuration was one of them. See Declaration of Dr. Newman regarding additional information on tube placement.<br><br>
• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>
• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>
• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>
• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>
• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>
• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>
• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>
• Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>
• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30, claims 1-2 (see also WO00/57784 at 9:7-10:9, Fig. 5b);<br>
• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>
• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>
• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>
• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>
• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>
• Macaulay 2007 at pp. 641-643;<br>
• 2006 British Health Publication at pp. 14-15.<br>
• 2015 Omni Catalog;<br>
• Medtech Finalists 2014;<br>
• PureWick Prior Art Devices.</td></tr>
<tr><td>the apparatus configured to be disposed with the opening adjacent to a urethral opening of a user, to receive urine discharged from the urethral opening through the opening of the fluid impermeable layer, the membrane, the</td><td>It was well known to configure such apparatuses so that the opening where fluid entered was designed to be near the source of the body fluid. For example, in a urine collection device, it was well known to</td></tr>
</table>

| 376 Patent Claim Language | Prior Art |
|---|---|
| support, and into the reservoir, and to have the received urine withdrawn from the reservoir via the tube and out of the fluid discharge end of the tube. | dispose the device next to the urethral opening of a user so that urine could be received through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir.  It was also well known to configure such apparatus with a fluid discharge end where collected fluid could leave the device via a discharge tube as discussed above.  For example, for a urine collection device, it was well known to configure the device so that urine withdrawn from the reservoir was expelled out of the discharge end of the fluid collection tube.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni AMXD / AMXDMax devices;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| **Claim 4** | |
| 4. The apparatus of claim 1, wherein the support is cylindrical | See Claim 1.<br><br>There were a few known design choice configurations for body fluid collection devices, particularly those used for urine collection. For example, as discussed above, it was known that cylindrical devices conformed to the female anatomy, and thus it was known to construct such devices (and their corresponding elements such as the permeable support) to have such cylindrical shapes. |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Hirschman 277 at Figs. 1-9, 1:33-40, 2:24-50;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 3:75-4:16;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Fig. 1, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-28, 10:1-9;<br>• Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni AMXD/Dmax devices; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| and defines a lumen | As discussed above, there were a few known design choice configurations for body fluid collection devices, many of which had lumens inside the device and within the support in particular for placement of a fluid discharge tube. Further, providing a lumen in the support for a tube was one of only a few design options.<br><br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 8-9;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Fig. 1, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Van Den Heuvel 894 at Figs. 3-4, paras. 19, 47; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Figs. 3-5, 2:9-12, 5:3-5;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| the membrane is a fabric sleeve disposed around the support, | There are a few design options known for a fluid permeable membrane including the use of fabric sleeves.  Fabric sleeves disposed around a support were known at the time of the alleged invention.<br><br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32;<br>• Fell 044 at Figs. 1-8, 1:6-50, 3:18-7:42<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 4:7-9, 6:21-31;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmidt 688 at Figs. 4-7, 4:29-68, 5:43-62;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| and the tube is disposed in the lumen of the support. | As discussed above, supports with lumens for a fluid discharge tube were well known. It is well understood that a lumen serves as a structure for placement of a tube.<br><br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 8-9;<br>• Okabe 706 at Fig. 1;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Van Den Heuvel 894 at Figs. 3-4, paras. 19, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Figs. 3-5, 2:9-12, 5:3-5;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| **Claim 5** | |
| 5. The apparatus of claim 1, wherein the support and casing are substantially cylindrical, | See Claim 1.<br><br>As discussed above, cylindrical and substantially cylindrical apparatuses were one of the few design choices for body fluid collection apparatuses, and it was well understood that cylindrical or substantially cylindrical devices were well-suited for the |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | female anatomy.  It was understood to design the associated components such as the support and casing in accordance with the design of the device (e.g., cylindrical) and that it would be obvious to modify existing devices to have an overall cylindrical shape (both for the support and casing) to comfortably comform to the anatomy.<br><br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Duhamel 102 at Fig. 2, 1:65-2:14;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-67, 5:22-6:67;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 20-21, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:15, 2:25-27, 3:5-25, 6:18-26, 6:28-7:3, 7:5-13, 8:17-20, 8:22-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| the apparatus configured to be: disposed with the elongated opening adjacent the urethral opening of a human female; | As discussed above, it was well known to configure a body fluid collection device so that the opening was adjacent to the source of fluid.  Urine collection devices were known to be configured so that the elongated opening was adjacent the urethral opening of a female.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 6-9, 3:1-9;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, claim 1, 2:41-55, 12:5-21;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9; |

<table>
<tr><th>376 Patent Claim Language</th><th>Prior Art</th></tr>
<tr><td></td><td><ul>
<li>Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;</li>
<li>Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;</li>
<li>Schmitt 710 at Figs. 3-6, cols. 1-2;</li>
<li>Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49;</li>
<li>Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;</li>
<li>Mizuguchi 641 at 6, 10, 12, paras. 20, 21, 25-26;</li>
<li>Medtech Finalists 2014;</li>
<li>2014 Medtech Announcement at p. 3;</li>
<li>Macaulay 2007 at pp. 641-643;</li>
<li>Omni Starter Kit Brochure;</li>
<li>Omni Brochure;</li>
<li>Omni Presentation;</li>
<li>2015 Omni Catalog;</li>
<li>Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;</li>
<li>Omni AMXD / AMXDMax devices;</li>
<li>2015 PureWick brochure at pp. 1-4;</li>
<li>PureWick Prior Art Devices.</li>
</ul></td></tr>
<tr><td>oriented with the reservoir adjacent to the user's anus and the outlet disposed above the urethral opening; and</td><td>It was well known at the time of the alleged invention to orient a urine collection device with the reservoir adjacent to the user’s anus and the outlet disposed above the urethral opening. For example, such a configuration used in conjunction with female urine collection devices optimized comfort and facilitated urine collection while minimizing leaks. The configuration was one of a few known design choices.<ul>
<li>Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;</li>
<li>Ellis 185 at Figs. 1-3, 2:55-3:3;</li>
<li>Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;</li>
<li>Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;</li>
<li>Washington 508 at Figs. 6-9, 3:1-9;</li>
<li>Carns 997 at Figs. 2-5, 6:15-31;</li>
</ul></td></tr>
</table>

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni AMXD / AMXDMax devices;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| arranged with a curved shape with the elongated opening disposed on the inside of the curve. | It was well known at the time of the alleged invention to select an apparatus design consistent with the intended use of the apparatus. For example, urine collection devices for women were known to have a curved shape with the elongated opening |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | disposed on the inside of the curve, consistent with the female anatomy.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 1-12, 5:60-62, 7:1-7;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Figs. 5 and 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| **Claim 6** | |
| 6. The apparatus of claim 1, wherein the support is formed of spun plastic, | See Claim 1.<br><br>There are a few design choices for the material from which a permeable support could be formed, one of which is spun plastic. It was well known at the time of the allged invention that spun plastic, for example, could hold and support a membrane and maintain form while allowing for fluid permeability.<br><br>• Kuntz 166 at 1:63-2:2, *see also* DesMarais 130 at 5:1-3, 4:13-52;<br>• DesMarais 130 at 5:1-3, 4:13-52;<br>• Van Den Heuvel 894 at para. 52;<br>• Van Den Heuvel 823 at 3:18-19, 6:18-26, 8:17-20, 11:9-10;<br>• Petryk 872 at ¶¶ 71, 73-74, 117;<br>• Philips 505 at Figs. 18-22, 21:35-64, 26:40-27:42;<br>• Tong 356 at 4:30-33, 5:19-20, 6:29-30;<br>• Fell 044 at 3:61-67, 5:1-3, 5:37-40, 23:13-14;<br>• Bond 845 at Abstract, ¶¶ 72, 205;<br>• Okabe 547 at paras. 18,<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-28, 10:1-4;<br>• Macaulay 2007 at pp. 641-643;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| and the membrane is formed of ribbed knit fabric | Fabrics such as ribbed knit fabrics were one of a few known design choices for the |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | material from which a permeable membrane could be formed.  It was well known at the time of the alleged invention that ribbed knit fabrics are permeable, comfortable, and can conform to a support.  See also Claim 4.<br><br>• McGuire 981 at 1:71-2:16;<br>• Tong 356 at Figs. 1-5, 4:11-26;<br>• Fell 044 at Fig. 1, Abstract, 23:12-14;<br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32;<br>• Fell 044 at Figs. 1-8, 1:6-50, 3:18-7:42<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Sanchez 508 at 4:10-12;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmidt 688 at Figs. 4-7, 4:29-68, 5:43-62;<br>• Van Den Heuvel 894 at para. 52;<br>• Van Den Heuvel 823 at 3:18-19, 6:18-26, 8:17-20, 11:9-10;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-28, 10:1-4;<br>• Macaulay 2007 at pp. 641-643<br>• 2014Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| **Claim 9** | |
| 9. The apparatus of claim 1, wherein the fluid permeable membrane includes a wicking material. | See Claim 1.<br><br>It was well known at the time of the alleged invention to have the permeable membrane include a wicking material.<br><br>• Scott 234 at 2:32-54, Fig. 1;<br>• Keane 768 at Abstract, 3:75-4:4, Figs. 9-10; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Frosch 901 at Abstract, Figs. 1-2, 5:57-65;<br>• Hessner 418 at Abstract, Figs. 1-8, 3:26-31, 5:54-57, 6:36-43;<br>• Frosch 539 at Abstract, Figs. 1-2, 3:5-21, 6:27-42;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Lawrence 564 at Figs. 1-5, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36, claim 6;<br>• Lawrence 222 at Figs. 1-5, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36, claim 6;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Figs. 5 and 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 21, 46;<br>• Van Den Heuvel 823 at 1:27-2:7, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-10:1, 10:4-9;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 Omni Catalog; |

| 376 Patent Claim Language | Prior Art |
|---|---|
|  | • Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Macaulay 2007 at pp. 641-643;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| **Claim 11** | |
| 11. An apparatus comprising: a fluid impermeable casing defining a fluid reservoir at a first end, | Apparatuses with fluid impermeable casings defining a fluid reservoir at one end were well known at the time of the alleged invention.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 Omni Catalog; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid outlet at a second end, | See Claim 1.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15; |

| 376 Patent Claim Language | Prior Art |
|---|---|
|  | • Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43; |

| 376 Patent Claim Language | Prior Art |
|---|---|
|  | • Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni AMXD / AMXDMax devices;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| and a longitudinally extending portion extending between the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet; | See Claim 1.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• Omni AMXD / AMXDMax devices;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable support disposed within the casing with a portion extending across the | See Claim 1. |

| 376 Patent Claim Language | Prior Art |
|---|---|
| elongated opening, wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | • Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-12, 2:33-68, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable membrane disposed on the support and covering at least the portion of the support that extends across the elongated opening, so that the membrane is supported on the support and disposed across the elongated opening; | See Claim 1.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a tube having a first end disposed in the reservoir and extending behind at least the portion of the support and the portion of the membrane disposed across the elongated opening and extending through the fluid outlet to a second, fluid discharge end, | See Claim 1.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| the apparatus configured to:  be disposed with the opening adjacent to a urethral opening of a user, with the fluid permeable membrane | As discussed above, it was well known to configure a body fluid collection device so that the opening was adjacent to the source |

| 376 Patent Claim Language | Prior Art |
|---|---|
| engaging tissue surrounding the urethral opening, | of fluid.  Urine collection devices were known to be configured so that the opening was adjacent the urethral opening of a female.<br><br>• Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| be retained in position on the user solely by frictional engagement with and/or between the labia and/or other portions of the area of the user's body surrounding the urethral opening, and | It was well known at the time of the alleged invention that a fluid collection device could be held in place in a number of ways, one of which was solely by engaging the patient's body (for example, the labia in the case of urine collection devices for women) with the device. The other option was to use additional mechanisms to hold the device in place such as tape, form wear or the like.<br><br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Hirschman 277 at Figs. 1-9, 1:33-40, 2:24-50;<br>• Sanchez 508 at 5:14-16;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25;<br>• Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77;<br>• Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Washington 508 at Abstract, Figs. 5-9, 3:1-9;<br>• 2015 Omni Catalog at pp. 3-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/Dmax devices;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14. |
| receive urine discharged from the urethral opening through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir, and to have the received urine withdrawn from the reservoir via the tube and out of the fluid discharge end of the tube. | See Claim 1.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| **Claim 12** | |
| 12. The apparatus of claim 11, wherein the apparatus is configured to be retained in position on the user via engagement between the first end of the casing and a user's perineum. | See Claim 11.<br><br>As discussed above, it was well known at the time of the alleged invention that a fluid collection device could be held in place in a number of ways, one of which was solely by engaging the patient's body (for example, the labia in the case of urine collection devices for women) with the device. It was also known that, for urine collection devices for women, the device could be configured to be held in place by engaging an end of the casing and a user's perineum.<br><br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Sanchez 508 at 5:14-16;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25;<br>• Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77;<br>• Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49;<br>• 2006 British Health Publication at pp. 14-15;<br>• Washington 508 at Abstract, Figs. 5-9, 3:1-9;<br>• 2015 Omni Catalog at pp. 3-4;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/Dmax devices;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14. |
| **Claim 13** | |
| 13. An apparatus comprising: a fluid impermeable casing defining a fluid reservoir at a first end, | See Claims 1 and 1l.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54; |

| 376 Patent Claim Language | Prior Art |
|---|---|
|  | • Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid outlet at a second end, | See Claims 1 and 11.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • PureWick Prior Art Devices. |
| and a longitudinally extending portion extending between the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet | See Claims 1 and 11.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable support disposed within the casing with a portion extending across the elongated opening, | See Claims 1 and 11.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-12, 2:33-68, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | See Claims 1 and 11.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Conkling 541 at Figs. 12-15, 6:43-68;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-11, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19, 9:8-21, 9:23-28, 10:1-4; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable membrane disposed on the support and covering at least the portion of the support that extends across the elongated opening, so that the membrane is supported on the support and disposed across the elongated opening; | See Claims 1 and 11.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| a tube having a first end disposed in the reservoir and extending behind at least the portion of the support and the portion of the membrane disposed across the elongated opening and extending through the fluid outlet to a second, fluid discharge end, | See Claims 1 and 11.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| the tube having only a first opening at the first end and a second opening at the second end, and a lumen fluidically coupling the first opening and the second opening, | As discussed above, using a fluid discharge tube (with a lumen) was well known at the time of the alleged invention. Many such tubes had an opening at each end to allow fluid to enter on one end and exit on the other.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Figs. 9-10, 3:66-74;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:25-10:1, 10:4-9;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| the apparatus configured to be disposed with the opening adjacent to a urethral opening of a user, with the fluid permeable membrane engaging tissue surrounding the urethral | See Claim 1.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| opening, to receive urine discharged from the urethral opening through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir, and to have the received urine withdrawn from the reservoir via the tube and out of the fluid discharge end of the tube. | • Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |

**U.S. Patent No. 10,390,989 (Claims 1-3, 5-6)**

| 989 Patent Claim Language | Prior Art |
|---|---|
| **Claim 1** | |
| 1. A method comprising:<br>disposing in operative relationship with the urethral opening of a female user a urine collecting apparatus that includes: | As discussed above, it was well known to configure a body fluid collection device so that the opening was adjacent to the source of fluid. Urine collection devices were known to be used so that the opening was disposed adjacent the urethral opening of a female.<br><br>• Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| a fluid impermeable casing having a fluid reservoir at a first end, | Apparatuses with fluid impermeable casings having a fluid reservoir at one end were well known at the time of the alleged invention. See corresponding claim elements in the 376 patent.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid outlet at a second end, | Fluid impermeable casings having a fluid outlet at another end were well known at the time of the alleged invention.  See corresponding claim elements in the 376 patent.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17; |

| 989 Patent Claim Language | Prior Art |
|---|---|
|  | • Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation; |

| 989 Patent Claim Language | Prior Art |
|---|---|
|  | • 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| and a longitudinally extending fluid impermeable layer coupled to the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet; | Fluid impermeable casings having a longitudinally extending fluid impermeable layer coupled to a fluid reservoir and a fluid outlet and defining a longitudinally elongated opening between the reservoir and outlet were well known at the time of the alleged invention.  For example, in the case of urine collection devices, such a configuration is shaped for the female anatomy as discussed above while allowing for urine collection and removal. See corresponding claim elements in the 376 patent.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable support disposed within the fluid impermeable casing with a portion extending across the longitudinally elongated opening, | Fluid permeable supports disposed within the casing with a portion extending across the elongated opening was well known at the time of the alleged invention, for example, allowing for support of a fluid permeable membrane. See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | Fluid permeable supports distinct from and near the fluid reservoir were well known at the time of the alleged invention. For example, in the case of urine collection devices, such a configuration prevented the support from being in a urine reservoir but close enough to allow for urine to enter the reservoir. See corresponding claim elements in the 376 patent. |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Conkling 541 at Figs. 12-15, 6:43-68;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-11, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Macaulay 2007 at pp. 641-643; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable membrane disposed on the fluid permeable support and covering at least the portion of the fluid permeable support that extends across the longitudinally elongated opening, so that the fluid permeable membrane is supported on the fluid permeable support and disposed across the longitudinally elongated opening; | Using multiple layers of permeable materials is well known in the body fluid collection art to facilitate fluid flow. Fluid permeable membranes disposed on a permeable support and covering part of the support that extends across the opening where fluid enters were well known in the art at the time of the alleged invention. In such configurations, the membrane is supported on the support and disposed across the opening, enhancing fluid collection. See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| a tube having a first end disposed in the fluid reservoir and extending behind at least the portion of the fluid permeable support and the portion of the fluid permeable membrane disposed across the longitudinally elongated | Fluid discharge tubes were known at the time of the alleged invention to assist in discharge of fluid from a body fluid collection appartus to a location outside of the apparatus. It was known to have such tubes extend from the |

| 989 Patent Claim Language | Prior Art |
|---|---|
| opening and extending through the fluid outlet to a second, fluid discharge end, | fluid reservoir, behind a portion of the membrane and support disposed across the fluid opening, and through to the fluid outlet. See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| the operative relationship includes the longitudinally elongated opening being adjacent to the urethral opening; | As discussed above, it was well understood that the longitudinally elongated opening should be placed adjacent to the urethra for urine collection devices for women.<br><br>• Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Washington 508 at Figs. 1-9, 2:24-67, 5:22-6:67;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| allowing urine discharged from the urethral opening to be received through the longitudinally elongated opening of the longitudinally extending fluid impermeable layer, the fluid permeable membrane, the fluid permeable support, and into the fluid reservoir; and allowing the received urine to be withdrawn from the fluid reservoir via the tube and out of the fluid discharge end of the tube. | It was well understood at the time of the alleged invention that urine would be discharged and would travel through the opening, into the permeable membrane and support, and into the reservoir where it could be withdrawn via a discharge tube. See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| **Claim 2** | |
| 2. The method of claim 1, further comprising fluidically coupling the fluid discharge end of the tube to a source of vacuum to assist in withdrawing the urine from the fluid reservoir via the tube. | See Claim 1.<br><br>As discussed above, it was well known at the time of the alleged invention that a fluid discharge tube could be coupled to a vacuum source to assist in withdrawing fluid (such as urine) from a reservoir in a body fluid collection device.<br><br>• Scott 234 at 2:32-54, Fig. 1;<br>• Keane 768 at Abstract, 1:31-41, 2:6-10, 3:49-56, 3:60-65, 4:4-34, Fig. 4, 9-10;<br>• Hessner 418 at 6:36-43;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 3:26-31, 5:54-57, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Crowley 928 at 2:31-48, Fig. 3-5;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Lawrence 564 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Lawrence 222 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Fig. 3, paras. 10, 23;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 21, 46;<br>• Van Den Heuvel 823 at 1:27-2:7;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Mizuguchi 641 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| **Claim 3** | |
| 3. The method of claim 1, further comprising: fluidically coupling the fluid discharge end of the tube to a fluid receptacle and allowing urine withdrawn from the fluid reservoir of the urine collecting apparatus via the tube to be received in the fluid receptacle. | See Claims 1 and 2.<br><br>As discussed above, it was well known at the time of the alleged invention that the fluid receptacles (including urine collection devices) could be coupled to the discharge end of the fluid discharge tube of a fluid collection apparatus, allowing withdrawn fliud to be withdrawn from the reservoir into the fluid receptacle via a tube.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-65;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Hessner 418 at 6:36-43; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Crowley 928 at 2:31-48, Fig. 3-5;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Washington 508 at Figs. 6-9, 7:58-67;<br>• Lawrence 564 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Lawrence 222 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Scott 384 at 3:15-31, Figs. 3-4; Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 080 at Abstract, Figs. 3, para. 23;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at 1:27-2:7;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Mizuguchi 641 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| **Claim 4** | |
| 4. The method of claim 1, further comprising removing the urine collecting apparatus from the operative relationship with the urethral opening of the user. | See Claim 1.<br><br>It was well understood at the time of the alleged invention that any urine collection device must be removed from the user's urethera at some point, for example, to change it or if the user was done using the device.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Kuntz 166 at Abstract, Figs. 1-8, 5:59-6:17;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33, 5:66-6:4;<br>• Tazoe 205 at 5:40-45; Tazoe 292 at para 42;<br>• Wada 460 at 9:32-35;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 8:21-26;<br>• Sanchez 508 at Abstract, Fig. 1-8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Okabe 547 at para 41 ;<br>• Mahnensmith 080 at para. 28;<br>• Kuntz 355 at 9:33-53;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Wada 625 at Fig. 24, paras. 129, 188-194;<br>• Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77;<br>• Medtech Finalists 2014;<br>• Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| **Claim 5** | |
| 5. The method of claim 4, wherein the urine collecting apparatus is a first urine collecting apparatus and further comprising disposing in operative relationship with the urethral opening of a female user a second urine collecting apparatus substantially similar to the first urine collecting apparatus. | See Claim 1 and 4.<br><br>It was well known at the time of the alleged invention that, after a user used one urine collecting device, one could routinely change it for a second similar device for example, it was well known to substitute a clean device to avoid infection or skin disease. A person of ordinary skill in the art would understand that, for urine collection, both disposable and reusable products would be replaced with clean, new products at a medically appropriate time.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 5:59-6:17;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33, 5:66-6:4; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Tazoe 205 at 5:40-45; Tazoe 292 at para 42;<br>• Wada 460 at 9:32-35;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 8:21-26;<br>• Sanchez 508 at Abstract, Fig. 1-8, 6:21-31;<br>•<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Okabe 547 at para 41;<br>• Wada 625 at Fig. 24, paras. 129, 188-194;<br>• Kuntz 355 at 9:33-53;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices . |

| 989 Patent Claim Language | Prior Art |
|---|---|
| **Claim 6** | |
| 6. The method of claim 1, wherein the fluid permeable support and fluid impermeable casing are cylindrical | See Claim 1.<br><br>As discussed above, there were a few design choices for body fluid collection apparatuses and it was well understood that cylindrical devices were suited for the female anatomy. It was understood to design the associated components such as the support and casing in accordance with the design of the device (*e.g.*, cylindrical) and that it would be obvious to modify existing devices to have an overall cylindrical shape (both for the support and casing) to comfortably comform to the anatomy. See corresponding claim elements in the 376 patent.<br><br>• Washington 508 at Figs. 1-5, 11-12, 2:24-67, 5:22-6:67;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices.<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Okabe 706 at 8:21-26;<br>• Sanchez 508 at Abstract, Fig. 1-8, 6:21-31; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Kuntz 355 at 9:33-53;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices; |
| and have a curved shape with the longitudinally elongated opening disposed on the inside of the curve, | It was well known at the time of the alleged invention to select an apparatus design consistent with the intended use of the apparatus. For example, urine collection devices for women were known to have a curved shape with the elongated opening disposed on the inside of the curve, consistent with the female anatomy.  See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 1-12, 5:60-62, 7:1-7;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Figs. 5 and 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Medtech Finalists 2014;<br>• Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| the disposing including disposing the urine collecting apparatus with the longitudinally elongated opening adjacent the urethral opening of the user | As discussed above, it was well known at the time of the alleged invention to dispose a body fluid collection device so that the opening was adjacent to the source of fluid. Urine collection devices were known to be arranged and oriented so that the elongated |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | opening was adjacent the urethral opening of a female.<br><br>• Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| and oriented with the fluid reservoir adjacent to the user's anus and the outlet disposed above the urethral opening. | It was well known at the time of the alleged invention to orient a urine collection device with the reservoir adjacent to the user's anus and the outlet disposed above the urethral opening.  For example, with female urine collection devices, this affected comfort and facilitated urine collection while minimizing leaks. See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 6-9, 3:1-9;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |

Sage further identifies the following additional prior art, which is prior art under Sections

102 and 103 including the on-sale bar provisions. Versions of the PureWick device ("PureWick

Prior Art Devices") were offered for sale, publicly demonstrated, and disclosed to third parties prior to the earliest viable priority dates of the 376 and 989 Patents including versions that include all elements of the asserted claims of the 376 and 989 Patents. For example, in addition to what was discussed for the 508 patent, PureWick Prior Art devices were publicly disclosed at least as early as 2014, as shown by Medtech Finalists 2014, 2014 Medtech Announcement, the 2015 PureWick brochure, and the 2016 Newman Article. They were also publicly disclosed to PureWick potential customers, volunteers, and other third parties, including devices used with patients from approximately July 2013-February 2014 and in September 2014, devices disclosed and demonstrated in association with a Medtech award (see, e.g., 2014 Medtech Finalists and 2014 Medtech Announcement), devices used with patients in approximately May 2015, sales in July 2015, and devices shown to prospective purchasers and used with patients and disclosed and demonstrated in association with CONNECT by at least July 2015 (referred to herein as the "PureWick Prior Art Devices"). *See, e.g.,* PureWick's Resp. to Interrog. No. 6 and documents cited therein as well as PW30265-289. For example, the PureWick Prior Art Device depicted in Medtech Finalists 2014, and also described in 2014 Medtech Announcement, invalidates every asserted claim of the 376 and 989 patents. Any element not present in these devices would have been obvious for the reasons described above. Additionally, PureWick has admitted that versions of its PureWick device ("brown wick" and "silicone shell" designs) were sold at least as early as January 2016 and admits that these products are covered by all of the Asserted Claims (see exhibits attached to PureWick's interrogatory responses). Thus, these designs admittedly invalidate under the assumed priority dates and PureWick bears the burden of proving otherwise. Sage's contentions with respect to the PureWick Prior Art Devices in particular is based on information that is publicly available and the limited information that PureWick has produced to date.  Sage has been unable

to provide additional information relating to this art because, as discussed herein, PureWick has not provided the fully-requested information regarding the prior disclosures and sales of its devices or other prior art of which it was aware.

Similarly, upon information and belief, the devices referred to herein as the "Omni AMXD / AMXDmax Devices" are the Omni Medical AMXD and AMXDmax that were publicly known and on sale well before the critical date and use the patented features or obvious variations thereof as reflected above. The Omni AMXD / AMXDmax Devices are reflected in part in the 2015 Omni Catalog, 2007 Omni Medical User & Maintenance Guide, Omni Starter Kit Brochure, Omni Brochure, Omni Presentation, and other AMXDMax documents identified above. Sage believes that discovery will further confirm these allegations and provide additional support for claim elements. PureWick has failed to provide information regarding the prior disclosures and sales of its devices or other prior art of which it was aware including information in PureWick's possession regarding the Omni devices.

As discussed above, PureWick's failure to provide information about the prior art in a timely fashion is prejudicing Sage's ability to prepare its case.

Sage also relies on and incorporates by reference, as if originally set forth herein, all prior art cited during the prosecution of the 508, 376 and 989 Patents to the extent not already identified. Sage also relies on and incorporates by reference, as if originally set forth herein, all prior art cited during the prosecution of related, or purportedly related, patents to the extent not already identified. This includes all prior art cited during prosecution of the 508, 376, 989, or 407 Patents, as well as U.S. Pat. No. 10,376,406, Patent Application Nos. PCT/US2016/049274, PCT/US2017/35625, PCT/US2017/43025, 15/171,968, 15/260,103, 14/952,591, 14/947,759, 16/452,145, 16/245,726, 16/369,676, 14/625,469, 29/694,002, 29/624,661, 16/904,868, 16/905,400, 14/952,591,

14/625,469, 15/611,587, 15/612,325, 16/452,258, 16/899,956, Provisional Patent Application Nos. 62/414,963, 62/485,578, 62/084,078, 62/082,279, or 61/955,537, or Patent Publication Nos. 2016/0374848, 2016/0367226, 2015/14947759, 2017/0266031, 2017/0348139, 2017/0252202, 2019/0314190, 2019/0142624, or 2019/0224036.   Sages also relies on and incorporates by reference, as if originally set forth herein, all prior art cited in the sections of these Contentions in connection with the 508 Patent and the 407 Patent to the extent not already identified in this section.

Sage further contends that each of the Asserted Claims of the 376 Patent is invalid under 35 U.S.C. § 112 for indefiniteness and/or failure to contain a sufficient written description of or enable the alleged inventions.

Section 112(a) requires that: "The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same. . . ." That is particularly true in view of how PureWick now apparently interprets the claims. It is difficult for Sage to assess fully the written description issues because PureWick has not even explained how Sage has allegedly infringed certain claim elements or method steps yet argues infringement nevertheless.  The asserted 376 and 989 Patents fail to satisfy this statutory requirement at least because, *inter alia*, the specifications fail to contain sufficient written description to establish that the inventors possessed the full scope of the alleged invention as claimed.  For example, to the extent that Plaintiff alleges the scope of the claims cover the PrimaFit® product or use of the PrimaFit® product (including by a single entity), the specifications did not adequately describe a "casing," a "casing [having/defining] a fluid reservoir at a first end," "a longitudinally extending fluid impermeable layer coupled to the fluid reservoir

and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet," a "membrane . . . supported on the support," a "tube . . . extending behind at least the portion of the support and the portion of the membrane disposed across the elongated opening," "support is cylindrical," "fabric sleeve disposed around the support," "wicking material," "the apparatus configured to . . . be retained in position on the user solely by frictional engagement with and/or between the labia and/or other portions of the area of the user's body surrounding the urethral opening," "configured to be retained in position on the user via engagement between the first end of the casing and a user's perineum," "withdraw urine through the tube at flow rate equal to the urine discharge rate in a urination event," disposing in operative relationship with the urethral opening," "allowing urine [discharged/withdrawn] from the urethetral opening to be received . . .," "allowing the received urine to be withdrawn," fluidically coupling," and "removing the urine collection apparatus."

Section 112(b) requires that: "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."   The Asserted Claims of the 376 and 989 Patent fail to satisfy this statutory requirement because, *inter alia*, at least the following claim terms are indefinite including based on Plaintiff's own apparent claim interpretations: "casing [having/defining] a fluid reservoir," "fluid impermeable layer," "wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir," "cylindrical," "substantially cylindrical," "retained solely by frictional engagement," and "withdraw urine through the tube at flow rate equal to the urine discharge rate in a urination event."

Sage also identifies, and hereby incorporates by reference, as if originally set forth herein, its allegations of invalidity set forth in its Answer and Counterclaims filed on November 1, 2019

and particularly the allegations in paragraphs 43-48 of the Counterclaims.  Sage incorporates by reference, as if originally set forth herein, any additional allegations asserted in subsequent pleadings as well, including the Answer due to be filed on June 1, 2020.

Sage further incorporates arguments for non-patentability raised by the Patent Office during the prosecution of the 376 and 989 Patent applications.

Sage also relies on and incorporates by reference, as if originally set forth herein, all pleadings in which invalidity was alleged, including in interrogatory responses, in this civil action.

**Sage's Invalidity Contentions Regarding U.S. Pat. Nos. 10,376,407**

Plaintiff asserts claims 1, 2, 5, 7-9, and 13-15 of the 407 Patent ("Asserted Claims of the 407 Patent").  Sage contends that each of the Asserted Claims of the 407 Patent is invalid for at least the reasons set forth below.  Sage notes that Plaintiff has withdrawn infringement allegations relating to claims 3-4, 6, 11, 12, and 16 of the 407 Patent, which Plaintiff originally asserted in its second amended complaint and no longer asserts.  Plaintiff has also withdrawn infringement allegations for Claim 10.  Sage has relied on these withdrawals as well as the failure to assert claims in preparing these contentions as well as preparing for discovery in this case.

As discussed above, each of the references below qualifies as prior art under one or more sections of 35 U.S.C. §§ 102 and/or 103.  For example, most (if not all) of the listed references qualify as prior art under at least 35 U.S.C. §§ 102(a).  The invalidating disclosure in each of the listed references is express and/or inherent.  Also, as shown below, any reference anticipating an asserted claim pursuant to 35 U.S.C. § 102 also renders the claim obvious pursuant to 35 U.S.C. § 103 when viewed alone or in combination with other prior art references or with the knowledge of a person of ordinary skill in the art. The references cited herein may also be relied upon to show the state of the art in the relevant time frames or provide background regarding the alleged

the Court's claim construction and the discovery of additional information including the production of additional information by PureWick and other third parties as well as consultation with experts and expert testimony.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant Sage Products, LLC*

Of Counsel:

Robert A. Surrette
Sandra A. Frantzen
Christophert M. Scharff
Bryce R. Persichetti
McAndrews, Held & Malloy, Ltd
500 West Madison Street
Chicago, IL 60661
(312) 775-8000
bsurrette@mcandrews-ip.com
sfrantzen@mcandrews-ip.com
cscharff@mcandrews-ip.com
bpersichetti@mcandrews-ip.com

Dated: December 18, 2020

# CERTIFICATE OF SERVICE

I, Anne Shea Gaza, hereby certify that on December 18, 2020, I caused a true and correct copy of the foregoing document to be served on the following counsel in the manner indicated:

**BY E-MAIL**

John W. Shaw, Esquire
Karen E. Keller, Esquire
Nathan R. Hoeschen, Esquire
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street
12th Floor
Wilmington, DE 19801
*jshaw@shawkeller.com*
*kkeller@shawkeller.com*
*nhoeschen@shawkeller.com*

Steven C. Cherny, Esquire
Brian P. Biddinger, Esquire
Matthew A. Traupman, Esquire
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
*stevencherny@quinnemanuel.com*
*brianbiddinger@quinnemanuel.com*
*matthewtraupman@quinnemanuel.com*

Amanda K. Antons, Esquire
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
*amandaantons@quinnemanuel.com*

*Attorneys for Plaintiff/Counterclaim Defendant*

Dated: December 18, 2020

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant and Counterclaim Plaintiff Sage Products, LLC*

25669520.1

# Exhibit 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PUREWICK CORPORATION,

Plaintiff/Counterclaim Defendant,

v.

SAGE PRODUCTS, LLC,

Defendant/Counterclaim Plaintiff.

C. A. No. 19-1508-MN

**SAGE'S THIRD SUPPLEMENTAL INVALIDITY CONTENTIONS REGARDING U.S. PATENT NOS. 8,287,508, 10,226,375, 10,390,989, AND 10,376,407**

Defendant Sage Products, LLC ("Sage") hereby provides the following third supplemental Invalidity Contentions regarding U.S. Patent No. 8,287,508 ("the 508 Patent"), U.S. Patent No. 10,226,376 ("the 376 Patent"), U.S. Patent No. 10,390,989 ("the 989 Patent"), and U.S. Patent No. 10,376,407 ("the 407 Patent") pursuant to the Scheduling Order and the Court's October 28, 2020 Order.[1] (D.I. 56, 89.) Specifically, with regard to these asserted patents, Paragraph 7(d) provides that "Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references." Accordingly, Sage provides its supplemental invalidity contentions for those patents as follows:

**PRELIMINARY STATEMENT**

Sage expressly reserves its right to amend and supplement these Invalidity Contentions.

[1] Sage provides these invalidity contentions despite Plaintiff's continued failure to provide adequate infringement contentions pursuant to paragraph 7(c) of the Scheduling Order and the fact that Plaintiff still has not provided sufficient responses to the requested discovery regarding its prior art devices, despite being ordered to provide that information by the Court in response to Sage's motion to compel.

Sage also identifies, and hereby incorporates by reference, as if originally set forth herein, its allegations of invalidity set forth in its Answer and Counterclaims filed on November 1, 2019 and particularly the allegations in paragraphs 18-25 of the Counterclaims.  Sage incorporates by reference, as if originally set forth herein, any additional allegations asserted in subsequent pleadings as well, including the Answer due to be filed on June 1, 2020.

Sage further incorporates arguments for non-patentability raised by the Patent Office during the prosecution of the 508 Patent application.

Sage also relies on and incorporates by reference, as if originally set forth herein, all pleadings in which invalidity was alleged, including in interrogatory responses, in this civil action, as well as all papers filed by Sage in IPR2020-01426 in connection with the 508 patent.

**Sage's Invalidity Contentions Regarding U.S. Pat. Nos. 10,226,376 and 10,390,989**

Plaintiff asserts claims 1, 4-6, 9, and 11-13 of the 376 Patent ("Asserted Claims of the 376 Patent") and Claims 1-3, 5-6 of the 989 Patent ("Asserted Claims of the 989 Patent").  Both are related; however, the specification of each patent differs. Sage contends that each of the Asserted Claims of the 376 Patent is invalid for at least the reasons set forth below.  Sage notes that Plaintiff has withdrawn infringement allegations relating to claims 2, 3, and 10 of the 376 Patent, which Plaintiff originally asserted in its complaint and no longer asserts.  Plaintiff has also not asserted Claim 7 of the 989 Patent.  Plaintiff has also withdrawn infringement allegations for Claims 7, 8,

and 14 of the 376 Patent and Claim 4 of the 989 Patent. Sage has relied on this withdrawal as well as the failure to assert claims in preparing these contentions as well as preparing for discovery in this case.

As discussed above, each of the references below qualifies as prior art under one or more sections of 35 U.S.C. §§ 102 and/or 103. For example, most (if not all) of the listed references qualify as prior art under at least 35 U.S.C. §§ 102(a). The invalidating disclosure in each of the listed references is express and/or inherent. Also, as shown below, any reference anticipating an asserted claim pursuant to 35 U.S.C. § 102 also renders the claim obvious pursuant to 35 U.S.C. § 103 when viewed alone or in combination with other prior art references or with the knowledge of a person of ordinary skill in the art. The references cited herein may also be relied upon to show the state of the art in the relevant time frames or provide background regarding the alleged invention or knowledge of an ordinarily skilled artisan.

As before, for the convenience of the reader, Sage identifies the prior art for this disclosure in the following order. First, Sage lists U.S. Patents in ascending numerical order. Second, Sage lists foreign patents or published applications in alphabetical order by type and then ascending numerical order. Third, Sage lists publications alphabetically.

Prior art under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 for the 376 and 989 Patent claims include the following (including any U.S. and foreign counterparts thereof):

- U.S. Patent No. 1,742,080 (“Jones 080”)
- U.S. Patent No. 2,644,234 (“Scott 234”)
- U.S. Patent No. 2,968,046A (“Duke 046”)
- U.S. Patent No. 3,087,938 (“Hans 938”)
- U.S. Patent No. 3,198,994 (“Hilderbrant 994”)

- U.S. Patent No. 3,312,981 (“McGuire 981”)
- U.S. Patent No. 3,349,768 (“Keane 768”)
- U.S. Patent No. 3,400,717 (“Bruce 717”)
- U.S. Patent No. 3,406,688 (“Bruce 688”)
- U.S. Patent No. 3,511,241 (“Lee 241”)
- U.S. Patent No. 3,512,185A (“Ellis 185”)
- U.S. Patent No. 3,520,300 (“Flower 300”)
- U.S. Patent No. 3,613,123 (“Langstrom 123”)
- U.S. Patent No. 3,651,810 (“Ormerod 810”)
- U.S. Patent No. 3,726,277 (“Hirschman 277”)
- U.S. Patent No. 4,200,102A (“Duhamel 102”)
- U.S. Patent No. 4,202,058 (“Anderson 058”)
- U.S. Patent No. 4,233,025 (“Larson 025”)
- U.S. Patent No. 4,246,901 (“Frosch 901”)
- U.S. Patent No. 4,257,418 (“Hessner 418”)
- U.S. Patent No. 4,270,539 (“Frosch 539”)
- U.S. Patent No. 4,352,356 (“Tong 356”)
- U.S. Patent No. 4,425,130 (“DesMarais”)
- U.S. Patent No. 4,453,938 (“Brendling 938”)
- U.S. Patent No. 4,528,703A (“Kraus 703”)
- U.S. Patent No. 4,610,675 (“Triunfol 675”)
- U.S. Patent No. 4,627,846 (“Ternstrom 846”)
- U.S. Patent No. 4,631,061 (“Martin 061”)

- U.S. Patent No. 4,650,477 (“Johnson 477”)
- U.S. Patent No. 4,692,160A (“Nussbaumer 160”)
- U.S. Patent No. 4,713,066 (“Komis 066”)
- U.S. Patent No. 4,747,166 (“Kuntz 166”)
- U.S. Patent No. 4,769,215A (“Ehrenkranz 215”)
- U.S. Patent No. 4,772,280 (“Rooyakkers 280”)
- U.S. Patent No. 4,790,835 (“Elias 835”)
- U.S. Patent No. 4,791,686A (“Taniguchi 686”)
- U.S. Patent No. 4,795,449 (“Schneider 449”)
- U.S. Patent No. 4,799,928A (“Crowley 928”)
- U.S. Patent No. 4,804,377 (“Hanifl 377”)
- U.S. Patent No. 4,820,297 (“Kaufman 297”)
- U.S. Patent No. 4,846,909 (“Klug 909”)
- U.S. Patent No. 4,882,794 (“Stewart 794”)
- U.S. Patent No. 4,883,465 (“Brennan 465”)
- U.S. Patent No. 4,886,508 (“Washington 508”)
- U.S. Patent No. 4,886,509 (“Mattsson 509”)
- U.S. Patent No. 4,889,533A (“Beecher 533”)
- U.S. Patent No. 4,905,692 (“More 692”)
- U.S. Patent No. 5,002,541 (“Conkling 541”)
- U.S. Patent No. 5,004,463A (“Nigay 463”)
- U.S. Patent No. 5,031,248 (“Kemper 248”)
- U.S. Patent No. 5,049,144 (“Payton 144”)

- U.S. Patent No. 5,071,347 ("McGuire 347")

- U.S. Patent No. 5,084,037 ("Barnett 037")

- U.S. Patent No. 5,195,997 ("Carns 997")

- U.S. Patent No. 5,203,699 ("McGuire 699")

- U.S. Patent No. 5,244,458 ("Takasu 458")

- U.S. Patent No. 5,295,983A ("Kubo 983")

- U.S. Patent No. 5,300,052 ("Kubo 052")

- U.S. Patent No. 5,382,244 ("Telang 244")

- U.S. Patent No. 5,628,735 ("Skow 735")

- U.S. Patent No. 5,636,643 ("Argenta 643")

- U.S. Patent No. 5,674,212 ("Osborn 212")

- U.S. Patent No. 5,678,564 ("Thompson 564")

- U.S. Patent No. 5,687,429 ("Rahlff 429")

- U.S. Patent No. 5,695,485 ("Duperret 485")

- U.S. Patent No. 5,752,944 ("Dann 944")

- U.S. Patent No. 5,772,644 ("Bark 644")

- U.S. Patent No. 5,827,247 ("Kay 247")

- U.S. Patent No. 5,827,250 ("Fujioka 250")

- U.S. Patent No. 5,827,257 ("Fujioka 257")

- U.S. Patent No. 5,894,608 ("Birbara 608")

- U.S. Patent No. 5,911,222 ("Thompson 222")

- U.S. Patent No. 5,957,904 ("Holland 904")

- U.S. Patent No. 5,972,505 ("Philips 505")

- U.S. Patent No. 6,063,064 (“Tuckey 064”)
- U.S. Patent No. 6,105,174 (“Nygren 174”)
- U.S. Patent No. 6,113,582 (“Dwork 582”)
- U.S. Patent No. 6,117,163 (“Bierman 163”)
- U.S. Patent No. 6,123,398 (“Arai 398”)
- U.S. Patent No. 6,129,718 (“Wada 718”)
- U.S. Patent No. 6,177,606 (“Etheredge 606”)
- U.S. Patent No. 6,209,142 (“Mattsson 142”)
- U.S. Patent No. 6,248,096 (“Dwork 096”)
- U.S. Patent No. 6,311,339B1 (“Kraus 339”)
- U.S. Patent No. 6,336,919 (“Davis 919”)
- U.S. Patent No. 6,338,729 (“Wada 729”)
- U.S. Patent No. 6,409,712 (“Cragoe 712”)
- U.S. Patent No. 6,416,500 (“Wada 500”)
- U.S. Patent No. 6,475,198 (“Lipman 198”)
- U.S. Patent No. 6,479,726 (“Cole 726”)
- U.S. Patent No. 6,540,729 (“Wada 729”)
- U.S. Patent No. 6,547,771 (“Robertson 771”)
- U.S. Patent No. 6,569,133 (“Cheng 133”)
- U.S. Patent No. 6,592,560 (“Snyder 560”)
- U.S. Patent No. 6,620,142 (“Fluckiger 142”)
- U.S. Patent No. 6,702,793 (“Sweetser 793”)
- U.S. Patent No. 6,706,027 (“Harvie 027”)

- U.S. Patent No. 6,732,384B2  ("Scott 384")

- U.S. Patent No. 6,740,066 ("Wolff 066")

- U.S. Patent No. 6,783,519 ("Samuelsson 519")

- U.S. Patent No. 6,814,547 ("Childers 547")

- U.S. Patent No. 6,849,065 ("Schmidt 065")

- U.S. Patent No. 6,857,137B2 ("Otto 137")

- U.S. Patent No. 6,888,044 ("Fell 044")

- U.S. Patent No. 6,912,737 ("Ernest 737")

- U.S. Patent No. 6,918,899 ("Harvie 899")

- U.S. Patent No. 6,979,324 ("Bybord 324")

- U.S. Patent No. 7,018,366 ("Easter 366")

- U.S. Patent No. 7,131,964 ("Harvie 964")

- U.S. Patent No. 7,135,012 ("Harvie 012")

- U.S. Patent No. 7,141,043 ("Harvie 043")

- U.S. Patent No. 7,171,699 ("Ernest 699")

- U.S. Patent No. 7,179,951 ("Krishnaswamy-Mirle 951")

- U.S. Patent No. 7,181,781 ("Trabold 781")

- U.S. Patent No. 7,186,245 ("Cheng 245")

- U.S. Patent No. 7,192,424 ("Cooper 424")

- U.S. Patent No. 7,220,250 ("Suzuki 250")

- U.S. Patent No. 7,335,189 ("Harvie 189")

- U.S. Patent No. 7,358,282 ("Kreuger 282")

- U.S. Patent No. 7,390,320 ("Machida 320")

- U.S. Patent No. 7,488,310 (“Yang 310”)
- U.S. Patent No. 7,520,872 (“Biggie 872”)
- U.S. Patent No. 7,588,560 (“Dunlop 560”)
- U.S. Patent No. 7,682,347 (“Parks 347”)
- U.S. Patent No. 7,695,459 (“Gilbert’ 459”)
- U.S. Patent No. 7,695,460 (“Wada 460”)
- U.S. Patent No. 7,699,818 (“Gilbert 818”)
- U.S. Patent No. 7,699,831 (“Bengatson 831”)
- U.S. Patent No. 7,722,584 (“Tanaka 584”)
- U.S. Patent No. 7,727,206 (“Gorres 206”)
- U.S. Patent No. 7,740,620 (“Gilbert 620”)
- U.S. Patent No. 7,749,205 (“Tazoe 205”)
- U.S. Patent No. 7,755,497 (“Wada 497”)
- U.S. Patent No. 7,766,887 (“Burns 887”)
- U.S. Patent No. 7,833,169 (“Hannon 169”)
- U.S. Patent No. 7,866,942 (“Harvie 942”)
- U.S. Patent No. 7,871,385 (“Levinson 385”)
- U.S. Patent No. 7,875,010 (“Frazier 010”)
- U.S. Patent No. 7,901,389 (“Mombrinie 389”)
- U.S. Patent No. 7,927,321 (“Marland 321”)
- U.S. Patent No. 7,931,634 (“Swiecicki 634”)
- U.S. Patent No. 7,939,706 (“Okabe 706”)
- U.S. Patent No. 7,976,519 (“Bubb 519”)

- U.S. Patent No. 7,993,318 ("Olsson 318")

- U.S. Patent No. 8,128,608B2 ("Thevenin 608")

- U.S. Patent No. 8,181,651 ("Pinel 651")

- U.S. Patent No. 8,211,063 ("Bierman 063")

- U.S. Patent No. 8,221,369 ("Parks 369")

- U.S. Patent No. 8,241,262 ("Mahnensmith 262")

- U.S. Patent No. 8,277,426 ("Wilcox 426")

- U.S. Patent No. 8,287,508 ("Sanchez 508")

- U.S. Patent No. 8,303,554 ("Tsai 554")

- U.S. Patent No. 8,343,122 ("Gorres 122")

- U.S. Patent No. 8,353,074 ("Krebs 074")

- U.S. Patent No. 8,388,588 ("Wada 588")

- U.S. Patent No. 8,425,482 ("Khoubnazar 482")

- U.S. Patent No. 8,551,075 ("Bengtson 075")

- U.S. Patent No. 8,568,376 ("Delattre 376")

- U.S. Patent No. 8,585,683 ("Bengtson 683")

- U.S. Patent No. 8,715,267 ("Bengtson 267")

- U.S. Patent No. 8,864,730 ("Conway 730")

- U.S. Patent No. 8,936,585 ("Delattre 585")

- U.S. Patent No. 9,028,460B2 ("Medeiros 460")

- U.S. Patent No. 9,173,602 ("Gilbert 602")

- U.S. Patent No. 9,173,799 ("Tanimoto 799")

- U.S. Patent No. 9,248,058 ("Conway 058")

- U.S. Patent No. 9,480,595 ("Baham 595")

- U.S. Patent Publ. No. 2002/0026161 ("Grundke 161")

- U.S. Patent Publ. No. 2002/0087131 ("Wolff 131")

- U.S. Patent Publ. No. 2002/0189992 ("Schmidt 992")

- U.S. Patent Publ. No. 2003/0120178 ("Heki 178")

- U.S. Patent Publ. No. 2003/0004436 ("Schmidt 436")

- U.S. Patent Publ. No. 2003/0181880A1 ("Schwartz 880")

- U.S. Patent Publ. No. 2003/0195484 ("Harvie 484")

- U.S. Patent Publ. No. 2003/0233079 ("Parks 079")

- U.S. Patent Publ. No. 2004/0006321A1 ("Cheng 321")

- U.S. Patent Publ. No. 2004/0127872 ("Petryk 872")

- U.S. Patent Publ. No. 2004/0128749 ("Scott 749")

- U.S. Patent Publ. No. 2004/0191919 ("Unger 919")

- U.S. Patent Publ. No. 2004/0236292 ("Tazoe 292")

- U.S. Patent Publ. No. 2004/0254547 ("Okabe 547")

- U.S. Patent Publ. No. 2005/0010182 ("Parks 182")

- U.S. Patent Publ. No. 2005/0070861 ("Okabe 861")

- U.S. Patent Publ. No. 2005/0070862 ("Tozoe 862")

- U.S. Patent Publ. No. 2005/0097662 ("Leimkuhler 662")

- U.S. Patent Publ. No. 2005/0101924 ("Elson 924")

- U.S. Patent Publ. No. 2005/0177070 ("Levinson 070")

- U.S. Patent Publ. No. 2005/0197639 ("Mombrinie 639")

- U.S. Patent Publ. No. 2005/0277904 ("Chase 904")

- U.S. Patent Publ. No. 2005/0279359 ("LeBlanc 359")

- U.S. Patent Publ. No. 2006/0015080 ("Mahnensmith 080")

- U.S. Patent Publ. No. 2006/0015081 ("Suzuki 081")

- U.S. Patent Publ. No. 2006/0155214A1 ("Wightman 214 ")

- U.S. Patent Publ. No. 2006/0200102 ("Cooper 102")

- U.S. Patent Publ. No. 2006/0229576 ("Conway 576")

- U.S. Patent Publ. No. 2006/0235359 ("Marland 359")

- U.S. Patent Publ. No. 2007/0038194 ("Wada 194")

- U.S. Patent Publ. No. 2007/0006368 ("Key 368")

- U.S. Patent Publ. No. 2007/0117880 ("Elson 880")

- U.S. Patent Publ. No. 2007/0135786 ("Schmidt 786")

- U.S. Patent Publ. No. 2007/0191804 ("Cooley 804")

- U.S. Patent Publ. No. 2007/0214553 ("Carromba 553")

- U.S. Patent Publ. No. 2008/0015527 ("House 527")

- U.S. Patent Publ. No. 2008/0033386 ("Okabe 386")

- U.S. Patent Pub. No. 2008/0004576 ("Tanaka 576")

- U.S. Patent Publ. No. 2008/0091153 ("Harvie 153")

- U.S. Patent Publ. No. 2008/0091158 ("Yang 158")

- U.S. Patent Publ. No. 2008/0234642 ("Patterson 642")

- U.S. Patent Publ. No. 2008/0287894 ("Van Den Heuvel 894")

- U.S. Patent Publ. No. 2009/0025717 ("Pinel 717")

- U.S. Patent Publ. No. 2009/0056003 ("Ivie 003")

- U.S. Patent Publ. No. 2009/0264840A1 ("Virginio 840")

- U.S. Patent Publ. No. 2009/0281510 (“Fisher 510”)
- U.S. Patent Publ. No. 2010/0121289 (“Parks 289”)
- U.S. Patent Publ. No. 2010/0185168 (“Graauw 168”)
- U.S. Patent Publ. No. 2010/0198172 (“Wada 172”)
- U.S. Patent Publ. No. 2010/0241104 (“Gilbert 104”)
- U.S. Patent Publ. No. 2010/0263113 (“Shelton 113”)
- U.S. Patent Publ. No. 2010/0310845A1 (“Bond ‘845”)
- U.S. Patent Publ. No. 2011/0028922A1 (“Kay 922”)
- U.S. Patent Publ. No. 2011/0034889 (“Smith 889”)
- U.S. Patent Publ. No. 2011/0040267 (“Wada 267”)
- U.S. Patent Publ. No. 2011/0040271 (“Rogers 271”)
- U.S. Patent Publ. No. 2011/0054426 (“Stewart 426”)
- U.S. Patent Publ. No. 2011/0060300 (“Weig 300”)
- U.S. Patent Publ. No. 2011/0077495 (“Gilbert 495”)
- U.S. Patent Publ. No. 2011/0172620 (“Khambatta 620”)
- U.S. Patent Publ. No. 2011/0172625 (“Wada 625”)
- U.S. Patent Publ. No. 2011/0202024 (“Cozzens 024”)
- U.S. Patent Publ. No. 2012/0035577 (“Tomes 577”)
- U.S. Patent Publ. No. 2012/0103347 (“Wheaton 347”)
- U.S. Patent Publ. No. 2012/0165768 (“Sekiyama 768”)
- U.S. Patent Publ. No. 2012/0210503 (“Anzivino 503”)
- U.S. Patent Publ. No. 2012/0245547 (“Wilcox 547”)
- U.S. Patent Publ. No. 2012/0253303 (“Suzuki 303”)

- U.S. Patent Publ. No. 2012/0330256 (“Wilcox 256”)
- U.S. Patent Publ. No. 2013/0006206 (“Wada 206”)
- U.S. Patent Publ. No. 2013/0053804 (“Sorensen 804”)
- U.S. Patent Publ. No. 2014/0371628 (“Desai 628”)
- U.S. Patent Publ. No. 2014/0348139 (“Newton 139”)
- U.S. Patent Publ. No. 2014/0031774 (“Bengtson 774”)
- U.S. Patent Publ. No. 2014/0157499 (“Suzuki 499”)
- U.S. Patent Publ. No. 2014/0196189 (“Lee 189”)
- U.S. Patent Publ. No. 2015/0047114 (“Ramirez 114”)
- U.S. Patent Publ. No. 2015/0157300A1 (“Ealovega 300 ”)
- U.S. Patent Publ. No. 2015/0209194 (“Heyman 194”)
- U.S. Patent Publ. No. 2015/0366699 (“Nelson 699”)
- U.S. Patent Publ. No. 2016/0029998 (“Brister 998”)
- U.S. Patent Publ. No. 2016/0058322 (“Brister 322”)
- U.S. Patent Publ. No. 2016/0100976 (“Conway 976”)
- U.S. Patent Publ. No. 2016/0278662 (“Brister 662”)
- U.S. Patent Publ. No. 2016/0367226 (“Newton 226”)
- U.S. Patent Publ. No. 2016/0367411 (“Justiz 411”)
- U.S. Patent Publ. No. 2016/0374848 (“Sanchez 848”)
- U.S. Patent Publ. No. 2017/0042748 (“Griffin 748”)
- U.S. Patent Publ. No. 2017/0143534 (“Sanchez 534”)
- U.S. Patent Publ. No. 2017/0189225 (“Voorhees 225”)
- U.S. Patent Publ. No. 2017/0202692 (“Laniado 692”)

- U.S. Patent Publ. No. 2017/0246026 (“Laniado 026”)
- U.S. Patent Publ. No. 2017/0266031 (“Sanchez 031”)
- U.S. Patent Publ. No. 2017/0312116 (“Laniado 116”)
- U.S. Patent Publ. No. 2017/0333244 (“Laniado 244”)
- U.S. Patent Publ. No. 2018/0008804 (“Laniado 808”)
- U.S. Patent Publ. No. 2018/0028349 (“Newton 349”)
- U.S. Patent Publ. No. 2018/0228642 (“Davis 624”)
- D373,928 (“Green 928”)
- D401,699 (“Herchenbach 699”)
- D409,303 (“Oepping 303”)
- D591,106 (“Dominique 106”)
- D593801 (“Wilson 801”)
- D674,241 (“Bickert 241”)
- D704,330 (“Cicatelli 330”)
- D704,510 (“Mason 510”)
- D705,423 (“Walsh 423”)
- D729,581 (“Boroski 581”)
- D777,941 (“Piramoon 941”)
- D804,907 (“Sandoval 907”)
- D814,239 (“Arora 239”)
- Chinese Publ. No. CN 107847384 (“Heongyu 384”)
- Denmark Publ. No. DK9600118U3 (“Flyger 118”)
- German Publ. No. DE102011103783A1 (“Gloger 783”)

- German Publ. No. DE4443710A1 (“Schmitt 710”)
- German Publ. No. DE9407554U1 (“Javadi 554”)
- European Publ. No. EP0032138A2 (“Ozenne 138”)
- European Publ. No. EP0610638A1 (“Goldenberg 638”)
- European Publ. No. EP0613355A1 (“Kuntz 355”)
- European Publ. No. EP066070B1 (“Steer 070”)
- European Publ. No. EP 1 382 318 A1 (“Kim 318”)
- European Publ. No. EP0613355 (“Kuntz 355”)
- European Publ. No. EP2180907 (“Weig 907”)
- European Publ. No. EP2380532 (“Wada 532”)
- UK Publ. No. GB1467144 (“Nolan 144”)
- UK Publ. No. GB2148126B (“Cottenden 126”)
- UK Publ. No. GB2199750 (“Gropp 750”)
- UK Publ. No. GB2260907 (“Kubo 907”)
- UK Publ. No. 2469496A (“Shelton 496”)
- Japanese Publ. No. JP 11-113946 (“Chiku 946”)
- Japanese Publ. No. JP1979-S5410596 (“Hetsunsuneru”)
- Japanese Publ. No. JP3132659B2 (“Yanagihara 659”)
- Japanese Publ. No. JP4039641B2 (“Mizuguchi 641”)
- Japanese Publ. No. JP 2001054531 (“Higati 531”)
- Japanese Publ. No. JP2001276108A (“Ishii 108”)
- Japanese Publ. No. 2004-267530 (“Okabe 530”)
- Japanese Publ. No. 2006-026108 (“Suzuki 108”)

- Japanese Publ. No. 2012-523869 ("Shelton 869")

- Japanese Publ. No. JP2015092945A (Uchida 945")

- Japanese Publ. No. JPH 05123349 ("Kubo 349")

- WIPO Publication WO 1988/04558A1 ("Conkling 558")

- WIPO Publication WO 1991/04714A2 ("Washington 714")

- WIPO Publication WO 1993/09736 A2 ("Kuntz 736")

- WIPO Publication WO 1996/00096A1 ("Saltz 096")

- WIPO Publication WO 2000/057784 ("Wolff 784")

- WIPO Publication WO 2001/0145618 ("Schmidt 618")

- WIPO Publication WO 2004/019836 ("Wightman 836")

- WIP Publication WO 2004/03071931 ("Harvie 931")

- WIPO Publication WO 2005/089687 ("Levinson 687")

- WIPO Publication WO 2005/107661 ("Parks 661")

- WIPO Publication WO2007/007845 ("Wada 845")

- WIPO Publication WO 2007/042823 A2 (Van Den Heuvel 823")

- WIPO Publication WO 2008/078117 A1 ("Short 117")

- WIPO Publication WO 2009/052496 ("Tsai 496")

- WIPO Publication WO2009/101738 ("Wada 738")

- WIPO Publication WO 2011/132043A1 ("Richer 043")

- WIPO Publication WO 2013/103291 ("Van Senus 291")

- WIPO Publication WO 2013/131109 ("Desai")

- WIPO Publication WO 2014/041534 A1 ("Laniado 534")

- WIPO Publication WO 2015/170307 A1 ("Laniado 307")

- WIPO Publication WO 2015/169403 A1 (“Kubler 403”)
- WIPO Publication WO2016/200088 A1 (“Kim 088”)
- WIPO Publication WO 2016/055989 A1 (“Laniado 989”)
- WIPO Publication WO 2016/071894 A1 (“Laniado 894”)
- WIPO Publication WO 2016/103242 A1 (“Laniado 242”)
- WIPO Publication WO 2016/116915 A1 (“Laniado 915”)
- WIPO Publication WO 2018/056953 A1 (“Travers 953”)
- WIPO Publication WO 2018/235065 A1 (“Parahovnik 065”)
- WIPO Publication WO 92/20299 (“Zamierowski 299”)
- WIPO Publication WO 2010030122 (“Lee 122”)
- Newman, Diane K. (1997). *The Urinary Incontinence Sourcebook*, Los Angeles: Lowell House
- Parmar, Arundhai, “10 Finalists Chosen for Dare-to-Dream Medtech Design Challenge” (PureWick) (dated Nov. 10, 2014) (version available in 376 patent prosecution file as well as MDDI and other versions (“Medtech Finalists 2014” or “Parmar 2014”)
- Newton et al., “Measuring Safety, Effectiveness and Ease of Use of PureWick in the Management of Urinary Incontience in Bedbound Women: Case Studies (Jan. 8, 2016) (“2016 Newton Article”)
- MD&DI, “Winners Announced for Dare-to-Dream Medtech Design Challenge” (2014) (“2014 MedTech Announcement”)

- Macaulay et al., *A Noninvasive Continence Management System: Development and Evaluation of a Novel Toileting Device for Women*, J Wound Ostomy Continence Nurs. 2007; 34(6):641-648 (2007) ("Macaulay 2007")

- Hollister Company, "Male Urinary Pouch External Collection Device" (version available in 376 patent prosecution history) ("Hollister Brochure")

- PureWick Co., "Incontinence Relief for Women" (dated September 23, 2015) (version available in 376 patent prosecution file) ("2015 PureWick brochure")

- Pytlik, "Super Absorbent Polymers," University of Buffalo, hltp://wwwcourses.scns.buffalo.edu/ce435/Diapers/Diapers.html (version available in 376 patent prosecution file) ("Pytlik")

- Omni Medical AMXD Control Starter Kit Brochure ("Omni Starter Kit Brochure")

- Omni Medical AMXDX – Advanced Mission Extender Device Brochure (available at http://www.omnimedicalsys.com/uploads/AMXDFixedWing.pdf) ("Omni Brochure")

- Omni – In Flight Bladder Relief Presentation (available at https://www.omnimedicalsys.com/uploads/AMXDmax_HSD.pdf) ("Omni Presentation")

- Omni Medical 2015 Catalog, AMXDmax (Advanced Mission Extender Device) In-Flight Bladder Relief (versions available e.g., in 376 patent prosecution file and also at PureWick_0018524-34 and SAGE21369) ("2015 Omni Catalog")

- 2007 Omni Medical User & Maintenance Guide;

- Omni Medical AMXD/AMXDMax Devices

- Harvie et al., "Development of Omni's ProRen Bladder Management Systems," Abstract, Innovating for Continence Conference, Chicago, IL, April 15-17 ("2015 Proren Abstract")

- Omni Medical URINCare® Incontinence Management System:  An Alternative Approach to Bladder Management, Patient Starter Kit 2012 URINCare Starter Kit, Rev 05 02 2012 ("2012 UrinCare Patient Starter Kit")

- PureWick Prior Art Devices (see infra)

- Research and Development Directorate of Department of Health, *Research and Development Work Relating to Assistive Technology 2005-2006*, Nov. 2006 (British Department of Health) ("2006 British Health Publication")

- Sachtman, Noah, "New Relief For Pilots?  It Depends," Wired (May 21, 2008) (available at https://www.wired.com/2008/05/pilot-relief/).

- www.shethinx.com/pages/thinx-it-works

- ASG Service, "Step by Step how Ur24 Works Home, UR24 Medicial Investment Opportunity"  (version available in 376 patent prosecution history)

As a preliminary matter, the Asserted Claims of the 376 Patent and the Asserted Claims of the 989 Patent are entitled to a priority date of no earlier than June 1, 2017, in the case of the 376 Patent, and September 8, 2016, in the case of the 989 Patent. Alternatively, the priority date can be no earlier than August 29, 2016. PureWick bears the burden of establishing an earlier priority date, and PureWick has failed to meet this burden.  In its response to Sage's Interrogatory No. 3, which requested priority date information as well as Section 112 support for the Asserted Claims of the Patents, Plaintiff failed to provide an adequate response as explained in the letter of April 10, 2020, from Bryce Persichetti.  Plaintiff made a blanket allegation that both patents were entitled to a

priority date of March 19, 2014, even though many claim elements are missing from the March 19, 2014 application. The subsequent supplement was likewise deficient as explained in the letter of May 15, 2020, from Bryce Persichetti. More specifically, mumerous elements were not present in the March 2014 application or later applications sufficient to satisfy Section 112 (the full scope of the invention) including the claimed "fluid impermeable casing…", the "fluid permeable support…", the "fluid permeable membrane…", the "tube….extending behind at least the portion of the support," many of which were added as new matter in the filing of August 29, 2016. PureWick has relied upon this new matter during claim construction. Sage further incorporates its arguments and evidence presented during claim construction.

To the extent that Plaintiff interprets the Asserted Claims of the 376 and 989 Patents such that the disclosure in the March 19, 2014, application discloses every element of the Asserted Claims of the 376 and 989 Patents, then those Asserted Claims are clearly invalid in view of (including anticipated by) the prior art including the 508 Patent as well as the PureWick Prior Art Devices. With regard to the PureWick Prior Art Devices (addressed infra), again, as with all references, allegations herein are based upon Sage's constructions as well as PureWick's constructions. For example, PureWick has asserted that a casing is any "enclosure," rather than the casing described in the 376/989 patents; moreover, a "casing" includes an "outer cover".

The charts below identify non-limiting examples of where in each item of prior art each element of each asserted claim is found. For example, as discussed above, where a single prior art reference in the charts includes each of the elements of the asserted claim (either expressly and/or inherently), the claimed invention is anticipated by that reference. Where a single prior art reference does not disclose all elements of a claim, the combination of that reference with one (or more) of the references disclosing the missing element(s), or the knowledge of an ordinarily skilled artisan,

renders the claimed invention obvious.  Similarly, to the extent any cited anticipatory reference is found not to anticipate, that reference – by itself or in combination with one (or more) of the references disclosing the missing element(s) or the knowledge of a person of ordinary skill in the art – renders the claimed subject matter obvious.

The suggested obviousness combinations, as reflected in the charts below, would have been made by one of skill in the art at the time of the alleged inventions embodied by the Asserted Claims of the 376 and 989 Patents.  Such combinations are consistent with the principles set forth by the Supreme Court in *KSR Int'l v. Teleflex Inc.*, 127 S. Ct. 1727 (2007), and its progeny.  For example, as discussed above, the reasons for combining the references stem (explicitly or implicitly) from: (a) the prior art references themselves; (b) the prior art as a whole; (c) the knowledge, common sense, and creativity of those of ordinary skill in the art; (d) the nature of the problem to be solved; (e) the demands in the design community and/or the marketplace; (f) the simple and predictable substitution of one known element for another in accordance with their known functions; (g) the application of a known technique or method; (h) the obviousness of trying the combination; and/or (i) the general needs and problems in the field.

For instance, Sage incorporates by reference the prior art, as well as the IPR materials and knowledge regarding the state of the art, discussed with respect to the 508 patents and below with respect to the 407 Patent.  In addition, the following items and background information were also well known to those skilled in the art at the relevant time for the asserted patent claims (and are also taught by the prior art identified herein) including at least a year before the earliest possible priority date of March 19, 2014 as well as by the much later actual priority dates.  This is also explained more fully in the declaration of Dr. Newman filed in connection with the 508 Petition for Inter

Partes Review, as well as the declarations of Dr. Newman filed in connection with the claim construction briefing, which are hereby incorporated by reference.

(1) Urine collection devices designed to be placed with an opening next to a patient's urethra so discharged urine is received through the opening, and methods of placing the device to do so. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, 1:22-44, 2:1-2, 2:26-46, 3:47-44, Figs. 1-8; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55; Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Schmitt 710 at Figs. 3-6, cols. 1-2; Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64; Conkling 541 at Figs. 12-15, 6:43-49, 6:62-68, 7:2-5, 7:8-11; Washington 508 at Abstract, Figs. 5-9, 3:1-9; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; 2015 Omni Catalog at pp. 3-4; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; PureWick Prior Art Devices; Medtech Finalists 2014; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;

(2) Urine collection devices with a fluid impermeable casing with a fluid reservoir at one end and a fluid outlet at the other end, allowing for collection and removal of urine from the device. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 7:15-20, 7:22-24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;

Sanchez 508 at Abstract, Fig. 8, 6:21-31; Suzuki 250 at Figs. 1-5, 8, 11, 12:8-12, 12:5-15; Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11; Schmitt 710 at Figs. 3-6, cols. 1-2; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Medtech Finalists 2014; PureWick Prior Art Devices.

(3)     Urine collection devices with a casing made from pliable materials (including a fluid reservoir defined by the casing). *See, e.g.*, Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51; Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-20, 8:22-25; Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:49-4:16, Figs. 9-10; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Conkling 541 at Figs. 12-15, Figs. 12-15, 6:43-68; Sanchez 508 at Abstract, Fig. 8, 3:32-37, 4:25-28, 6:21-31; Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Macaulay 2007 at pp. 641-643;

(4)     Longitudinally extending fluid impermeable layers coupled to a fluid reservoir and outlet and defining a longitudinally elongated opening between them, allowing for urine to enter the collection device. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 7:15-20, 7:22-24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, Figs. 1-8, 6:21-31; Suzuki 250 at Figs. 1-5, 8, 11, 12:5-15;

Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 9, 14; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Washington 508 at Figs. 1-5, Abstract, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(5)    Urine collection devices with a fluid permeable support inside a casing that extends across an elongated opening in the casing, facilitating collection of urine. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-28, 10:1-9; Keane 768 at Abstract, Figs. 4, 9-10, 3:75-4:16; Sanchez 508 at Abstract, Fig. 8, 6:21-31; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 2:41-55, 12:5-21; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11; Washington 508 at Figs. 1-5, Abstract, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30; 4:2-7; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(6)     A casing that is cylindrical or substantially cylindrical.  *See, e.g.*, Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Lawrence 564 at Fig. 14, 11:24-35; Lawrence 222 at Fig. 14, 11:24-35; Washington 508 at Fig. 1, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30; Duhamel 102 at Fig. 2, 1:65-2:14; Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62; Duke 046 at Figs. 2, 4; Carns 997 at Fig. 4, Abstract; Robertson 771 at Fig. 1, Abstract; Sanchez 508 at Abstract, Fig. 8, 6:21-31; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-28, 10:1-9; Keane 768 at Abstract, Figs. 4, 9-10, 3:75-4:16; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(7)     A support that is cylindrical or substantially cylindrical.  *See* Sanchez 508 at Abstract, Fig. 8, 6:21-31; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Washington 508 at Fig. 1, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30;  Jones 080 at Figs. 1-7, 1:59-89, 2:52-79; Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32; Hirschman 277 at Figs. 1-9, 1:33-40, 2:24-50; Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;  Brennan 465 at 4:16-66, Figs. 1-2, 6;  McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35; Lawrence 564 at Fig. 14, 11:24-35; Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54; Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-28, 10:1-9; Keane 768 at Abstract, Figs. 4, 9-10, 3:75-4:16; Okabe 547 at Figs. 1-6,

Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices;  Medtech Finalists 2014; PureWick Prior Art Devices.

(8)     A support that has a lumen with a urine removal tube within the lumen.  *See* Sanchez 508 at Abstract, Fig. 8, 6:21-31; Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32; Kuntz 355 at Figs. 3-5,  2:9-12, 5:3-5; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25; Van Den Heuvel 894 at Figs. 3-4, paras. 19, 47; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-10:9; Macaulay 2007 at pp. 641-643; Jones 080 at Figs. 1-7, 1:59-89, 2:52-79; Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32; Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;  Brennan 465 at 4:16-66, Figs. 1-2, 6; McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35; Medtech Finalists 2014; PureWick Prior Art Devices.

(9)     Urine collection devices with a fluid permeable support and reservoir that are distinct from, but next to, each other.  *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19; Keane 768 at Abstract, Figs. 9-10, 3:75-4:25; Sanchez 508 at Abstract, Fig. 8, 6:21-31; Suzuki 250 at Fig. 11, 12:5-21; Chiku 946 at Figs. 1, 2, 6, 7, claim 10, Abstract, paras. 6-8, 14; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Conkling 541 at Figs. 12-15, 6:43-68; Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Sweetser 793 at Figs. 1-2, 3:35-4:31; Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(10) Urine collection devices with a fluid permeable membrane on a fluid permeable support, allowing for enhanced urine collection. *See, e.g.*, Van Den Heuvel 823 at 1:27-2:12, 2:25-27, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b); Van Den Heuvel 894 at para. 5; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:4; Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64; Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61; Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56; Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36; Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; Wolff 066 at Fig. 5b, 5:56-6:35; Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; Macaulay 2007 at pp. 641-643; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31; Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.

(11) Urine collection devices with a fluid permeable membrane on a support that is inside a casing, where the membrane covers a portion of the support that extends across an opening of the casing. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:15, 2:25-27, 6:18-26, 7:15-20, 7:22-24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:4, 12:5-21; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Macaulay 2007

at pp. 641-643; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.

(12)    A urine collection device that is configured so that a fluid permeable membrane engages tissue surrounding the urethral opening. *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 1:27-2:15, 2:25-27, 6:18-26, 7:15-20, 7:22-24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 23, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:34-36, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 4:7-9, 6:21-31; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:4; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33; Fell 044 at Fig. 1, Abstract, 23:12-14; Tong 356 at Figs. 1-5, 4:11-26; McGuire 981 at 1:71-2:16; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Macaulay 2007 at pp. 641-643; 2015 Omni Catalog at pp. 3-4; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(13)    Using a fabric sleeve or ribbed knit fabric as a permeable membrane. *See, e.g.*, Jones 080 at Figs. 1-7, 1:59-89, 2:52-79; Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32; Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52; Brennan 465 at 4:16-66, Figs. 1-2, 6; Lawrence 564 at Fig. 14, 11:24-35; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 4:7-9, 6:21-31; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Schmidt 688 at Figs. 4-7, 4:29-68, 5:43-62; McGuire 981 at

1:71-2:16; Tong 356 at Figs. 1-5, 4:11-26; Fell 044 at Fig. 1, Abstract, 23:12-14; Medtech Finalists 2014; PureWick Prior Art Devices.

(14)     A permeable membrane that includes a wicking material.  *See, e.g.*, Sanchez 508 at Abstract, Fig. 8, 3:22-49, 4:7-9, 6:21-31; Kuntz 166 at Abstract, Figs. 2-6, 2:43-47, 2:48-69; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17, 21-22, 24, 30-31; Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-50, 2:51-59, 2:59-67, 3:45-4:19, 5:15-24, 5:27-43, 6:18-43; Keane 768 at Abstract, 1:34-36, 1:65-2:10, 2:46-56, Fig. 4; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:15, 2:25-27, 6:18-26, 7:15-20, 7:22-24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 23, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Lawrence 564 at Figs. 1-10, 14, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 11:1-19, 11:24-36, claim 6; Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; Lawrence 222 at Figs. 1-10, 14, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 11:1-19, 11:24-36, claim 6; Cheng 133 at Figs. 7A-9, 16:53-17:54; Macaulay 2007 at pp. 641-643; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.  Wicking materials including ones that move moisture by capillary action from one surface of the material to another were also known as discussed above.

(15)     Urine collection devices that use a tube to remove urine from the device with one end of the tube in the reservoir and where the tube extends through the fluid outlet to the fluid discharge end of the device (in many cases, the tube has openings only at its ends with a lumen coupling the two openings).  *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30; Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:34;

Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Suzuki 250 at Figs. 1-5, 8, 11, 3:4-13, 6:3-6, 12:5-21; Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Medtech Finalists 2014; PureWick Prior Art Devices.

(16)    Urine collection devices with a fluid discharge tube that extends behind a fluid permeable membrane and support.  *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30; Van Den Heuvel 894 at Figs. 1-4, 19, 47; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:34; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:4, 12:5-21; Chiku 946 at Figs. 1, 2, 6, 7, paras. 6-7, 9, 14; Mizuguchi 641 at Figs. 1, 2, 6, 7, paras. 6-7, 9, 14; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Wolff 066 at Fig. 5b, 5:56-6:35; Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Tsai 554 at Figs. 2, 3, 5, 5:22-24; Medtech Finalists 2014; PureWick Prior Art Devices.

(17)    Urine collection devices configured so that discharged urine passes through an opening in a casing or fluid impermeable layer of the device, through a membrane and a support, and into a reservoir where the urine is withdrawn via a discharge tube.  *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20; Van Den Heuvel 894 at Figs. 1-4, paras. 17, 20-21, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:7-19, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:34; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Suzuki 250 at

Abstract, Figs. 1-5, 8, 11, 2:41-55, 3:4-13, 6:3-6, 11:65-12:4, 12:5-21; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Macaulay 2007 at pp. 641-643; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices.

(18)    Urine collection devices held in place solely by frictional engagement with or between the labia or other portions of the user's body surrounding the urethral opening.  *See, e.g.*, Sanchez 508 at 5:14-16; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25; Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77; Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61; Hirschman 277 at Figs. 1-9, 1:33-40, 2:24-50; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;  Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, 1:22-44, 2:1-2, 2:26-46, 3:47-44, Figs. 1-8; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Washington 508 at Abstract, Figs. 5-9, 3:1-9; 2015 Omni Catalog at pp. 3-4; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.

(19)    Urine collection devices held in place by engagement between one end of the casing and a user's perineum.  *See, e.g.,* Sanchez 508 at 5:14-16; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25; Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77; Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;  Van

Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, 1:22-44, 2:1-2, 2:26-46, 3:47-44, Figs. 1-8; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Washington 508 at Abstract, Figs. 5-9, 3:1-9; 2015 Omni Catalog at pp. 3-4; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.

(20)    Urine collection devices that are curved with a fluid opening on the inside of the curve for positioning next to the user's urethra and where one end of the device is adjacent to the user's anus. *See* Sanchez 508 at Fig. 5, 5:14-16; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25; Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25; Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19; Keane 768 at Abstract, Figs. 9-10, 3:75-4:4; Washington 508 at Abstract, Figs. 5-9, 3:1-9, 7:8-8:45; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 2:41-55, claim 1; Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26; Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26; Ishii 108 at Figs. 1-4, paras 1-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Schmitt 710 at Figs. 3-6, cols. 1-2; Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64; Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61; Conkling 541 at Figs. 12-15, 7:2-5, 7:8-11; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; 2015 Omni Catalog at pp. 3-4; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; Medtech Finalists 2014; PureWick Prior Art Devices; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14.

(21)     Urine collection devices with a curved design with a fluid opening on the inside of the curve for positioning next to a female user's urethra where the end of the device that is adjacent to the user's anus has a reservoir and the opposite end above the urethra has a fluid outlet.  *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25; Van Den Heuvel 894 at Figs. 1-4, paras. 41, 43, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:4; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 2:41-55, claim 1; Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26; Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26; Ishii 108 at Figs. 1-4, paras 1-13; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Medtech Finalists 2014; PureWick Prior Art Devices.

(22)     Permeable materials made from spun plastic, including a fluid permeable support made out of spun plastic. *See, e.g.*, Van Den Heuvel 823 at 8:19-20; Van Den Heuvel 894 at para. 52; Wolff 784 at 9:25-28, 10:1-4; Philips 505 at Figs. 18-22, 21:35-64, 26:40-27:42; Bond 845 at Abstract, ¶¶ 72, 205; Petryk 872 at ¶¶ 73-74, 117; Kuntz 166 at 1:63-2:2, *see also* DesMarais 130 at 5:1-3, 4:13-52; Macaulay 2007 at pp. 641-643; Fell 044 at 3:61-67, 5:1-3, 5:37-40, 23:13-14; Okabe 547 at Figs. 1-6, Abstract, paras. 18; Tong 356 at 4:30-33, 5:19-20, 6:29-30; Medtech Finalists 2014; PureWick Prior Art Devices.

(23)     Connecting a fluid receptacle to the discharge end of a tube to allow urine withdrawn from a fluid reservoir to enter it.  *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30; Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 21, 46; Wolff 784 at Abstract, Figs. 1a-5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5; Macaulay 2007 at pp. 641-643; 2006 British Health

Publication at pp. 14-15; Keane 768 at 1:31-41, 2:6-10; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Schmitt 710 at Figs. 3-6, cols. 1-2; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Lawrence 222 at Figs. 6-10, 14, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29, 11:1-19, 11:24-36; Washington 508 at Figs. 6-9, 2:33-38, 5:63-6:10; Medtech Finalists 2014; 2015 Omni Catalog at pp. 3-4; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; PureWick Prior Art Devices; Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51.

(24)     Connecting a vacuum source connected to the discharge end of a urine discharge tube to assist in withdrawing urine from the fluid reservoir. *See, e.g.*, Van Den Heuvel 823 at 1:27-2:7; Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 21, 46; Wolff 784 at Abstract, Figs. 1a-5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35; Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; Keane 768 at 1:31-41, 2:6-10; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Schmitt 710 at Figs. 3-6, cols. 1-2; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19; Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Lawrence 564 at Figs. 6-10, 14, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29, 11:1-19, 11:24-36; Medtech Finalists 2014; 2015 Omni Catalog at pp. 3-4; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; PureWick Prior Art Devices.

(25)     Using a vacuum-induced pressure differential to withdraw urine through a tube at a flow rate equal to the urine discharge rate in a urination event (including without causing the reservoir to block the tube).  *See, e.g.*, Van Den Heuvel 823 at 1:27-2:7; Van Den Heuvel 894 at paras. 5-6, 8, 21; Wolff 784 at Abstract, Figs. 1a-5b, 2:4-10, 5:12-30, 6:1-7, 6:9-12, 7:8-12, 9:3-5; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Wolff 066 at 2:1-2; Wolff 131 at para. 3; Chiku 946 at para. 19; Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26; Otto 137 at Figs. 1-2, 3:7-64, 4:10-28; Sanchez 508 at 4:55-64.

(26)     Using the above referenced urine collection devices in methods of collecting and removing urine from a user by, for example, positioning the device so that it is disposed with a female user's urethral opening, allowing urine to be received through an opening in the device, and allowing the discharged urine to be withdrawn via a discharge tube.  *See, e.g.*, Van Den Heuvel 823 at Figs. 1-4, 7:23-30; Van Den Heuvel 894 at Figs. 1-4, paras. 23, 28, 41, 43, 44; Wolff 784 at Abstract, Figs. 1a-5b, 9:7-19; Keane 768 at Abstract, Figs. 4, 9-10, 1:31-41, 1:67-2:32, 3:60-4:16; Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31; Suzuki 250 at Abstract, Fig. 1, 3:4-13, 6:3-6; Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Chiku 946 at Figs. 6, 10, 12, paras. 20-21, 25-26; Macaulay 2007 at pp. 641-643; 2006 British Health Publication at pp. 14-15; Schmitt 710 at Figs. 3-6, cols. 1-2; Conkling 541 at Figs. 12-15, 7:2-5, 7:8-11; Washington 508 at Figs. 5-9, 3:1-9; Medtech Finalists 2014; 2015 Omni Catalog at pp. 3-4; Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; PureWick Prior Art Devices.

(27)     Removing the urine collection device from a user and adding another urine collection device as needed.  *See, e.g.*, Kuntz 355 at 9:33-53; Van Den Heuvel 823 at Figs. 1-4, 1:27-2:15, 2:25-27, 6:18-26, 7:15-20, 7:22-24, 7:25-30, 8:22-25; Van Den Heuvel 894 at Figs. 1-4,

paras. 5-6, 23, 44; Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9; Keane 768 at Abstract, Figs. 4, 9-10, 1:31-41, 1:67-2:32, 3:60-4:16; Washington 508 at Figs. 5-9, 3:1-9, 4:17-23, 7:8-8:31; Kuntz 166 at Abstract, Figs. 1-8, 5:59-6:17; Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; Okabe 706 at 8:21-26; Okabe 547 at para. 41; Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33, 5:66-6:4; Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64; Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61; Suzuki 250 at 9:42-44; Wada 460 at 9:32-35; Tazoe 205 at 5:40-45; Tazoe 292 at para. 42; Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24; Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77; Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61; Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; Macaulay 2007 at pp. 641-643; Medtech Finalists 2014; 2015 PureWick brochure at pp. 1-4; Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14; Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; Omni AMXD/Dmax devices; PureWick Prior Art Devices.

As shown by the above examples (and the charts below), the differences, if any, between the relevant prior art references and the Asserted Claims of the 376 Patent were known and would have been within the knowledge and common sense of one of ordinary skill in the art, and modification, if any, to achieve the claimed invention would have been a routine choice with a reasonable expectation of success. In addition, or alternatively, one of ordinary skill in art would have been motivated to combine one or more of the references as they nearly all pertain, generally, to urine collection systems or apparatuses.

As noted above, the following charts identify where in each item of prior art each element of each asserted claim is found. The citations in the charts are representative and should not be construed as limiting. As mentioned above, the charts below reflect alternative views of the meaning of claim language including Sage's understanding of Plaintiff's position regarding the

construction of the claims, and Sage makes no admissions regarding any alleged infringement. Moreover, by addressing any claim language in the charts below, Sage makes no admission as to whether or not that language serves as a limitation of the claim.

**U.S. Patent No. 10,226,376 (Claims 1, 4-6, 9, and 11-13)**

| 376 Patent Claim Language | Prior Art |
|---|---|
| **Claim 1** | |
| 1. An apparatus comprising: | To the extent the preamble is limiting, the below-cited references each disclose an apparatus. |
| a fluid impermeable casing having a fluid reservoir at a first end, | Apparatuses with fluid impermeable casings having a fluid reservoir at one end were well known at the time of the alleged invention.[4]<br><br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

[4] For purposes of the 376 and 989 Patent, it is generally assumed that the time of the alleged invention is the earliest alleged priority date of March 2014 despite Plaintiff's failure to provide adequate evidence on this issue. Of course, what was known as of that date was also known at later dates. However, as discussed above, PureWick has not established that the priority date of the 376 and 989 patents are no earlier than their filing dates. Moreover, as discussed above, the evidence shows that numerous claim elements were missing from the disclosures prior to August 29, 2016.

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• Medtech Finalists 2014;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| a fluid outlet at a second end, | Fluid impermeable casings having a fluid outlet at another end were well known at the time of the alleged invention and this was a typical and one of a few known configurations as previously explained.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| and a longitudinally extending fluid impermeable layer coupled to the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet; | Fluid impermeable casings having a longitudinally extending fluid impermeable layer coupled to the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet were well known at the time of the alleged invention. For example, in the case of urine collection devices, such a configuration is shaped for the female anatomy as discussed above while allowing for urine collection and removal.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable support disposed within the casing with a portion extending across the elongated opening, | Fluid permeable supports disposed within the casing with a portion extending across the elongated opening was well known at the time of the alleged invention, for example, allowing for support of a fluid permeable membrane and allowing for permeation of urine.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-12, 2:33-68, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | Fluid permeable supports distinct from and near the fluid reservoir were well known at the time of the alleged invention.  For example, in the case of urine collection devices, such a configuration prevented the support from being in a urine reservoir but close enough to allow for urine to enter the reservoir.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Conkling 541 at Figs. 12-15, 6:43-68;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-11, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |

| 376 Patent Claim Language | Prior Art |
|---|---|
|  |  |
| a fluid permeable membrane disposed on the support and covering at least the portion of the support that extends across the elongated opening, so that the membrane is supported on the support and disposed across the elongated opening; | Using multiple layers of permeable materials is well known in the body fluid collection art to facilitate fluid flow.  Fluid permeable membranes disposed on a permeable support and covering part of the support that extends across the opening where fluid enters were well known in the art at the time of the alleged invention.  In such configurations, the membrane is supported on the support and disposed across the opening, enhancing fluid collection and/or providing a comfortable patient interface.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| A tube having a first end disposed in the reservoir and extending behind at least the portion of the support and the portion of the membrane disposed across the elongated opening and extending through the fluid outlet to a second, fluid discharge end, | Fluid discharge tubes were known at the time of the alleged invention to assist in discharge of fluid from a body fluid collection apparatus to a location outside of the apparatus.  It was known to have such tubes extend from the fluid reservoir, behind a portion of the membrane and support disposed across the fluid opening, and through to the fluid outlet. There were a few |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | design options for placement of the tube and this configuration was one of them. See Declaration of Dr. Newman regarding additional information on tube placement.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15.<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| the apparatus configured to be disposed with the opening adjacent to a urethral opening of a user, to receive urine discharged from the urethral opening through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir, and to have the | It was well known to configure such apparatuses so that the opening where fluid entered was designed to be near the source of the body fluid. For example, in a urine collection device, it was well known to dispose the device next to the urethral |

| 376 Patent Claim Language | Prior Art |
|---|---|
| received urine withdrawn from the reservoir via the tube and out of the fluid discharge end of the tube. | opening of a user so that urine could be received through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir.  It was also well known to configure such apparatus with a fluid discharge end where collected fluid could leave the device via a discharge tube as discussed above.  For example, for a urine collection device, it was well known to configure the device so that urine withdrawn from the reservoir was expelled out of the discharge end of the fluid collection tube.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni AMXD / AMXDMax devices;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| **Claim 4** | |
| 4. The apparatus of claim 1, wherein the support is cylindrical | See Claim 1.<br><br>There were a few known design choice configurations for body fluid collection devices, particularly those used for urine collection.  For example, as discussed above, it was known that cylindrical devices conformed to the female anatomy, and thus it was known to construct such devices (and their corresponding elements such as the permeable support) to have such cylindrical shapes.<br><br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Hirschman 277 at Figs. 1-9, 1:33-40, 2:24-50;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 3:75-4:16;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Fig. 1, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-28, 10:1-9;<br>• Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49; Macaulay 2007 at pp. 641-643;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni AMXD/Dmax devices;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| and defines a lumen | As discussed above, there were a few known design choice configurations for body fluid collection devices, many of which had lumens inside the device and within the support in particular for placement of a fluid discharge tube. Further, providing a lumen in the support for a tube was one of only a few design options.<br><br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 8-9;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Fig. 1, 2:27-33, 2:60-68, 6:22-38, 6:60-68, 12:17-30;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Van Den Heuvel 894 at Figs. 3-4, paras. 19, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Figs. 3-5, 2:9-12, 5:3-5;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| the membrane is a fabric sleeve disposed around the support, | There are a few design options known for a fluid permeable membrane including the use of fabric sleeves. Fabric sleeves disposed around a support were known at the time of the alleged invention.<br><br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32;<br>• Fell 044 at Figs. 1-8, 1:6-50, 3:18-7:42<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 4:7-9, 6:21-31;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmidt 688 at Figs. 4-7, 4:29-68, 5:43-62;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| and the tube is disposed in the lumen of the support. | As discussed above, supports with lumens for a fluid discharge tube were well known. It is well understood that a lumen serves as a structure for placement of a tube.<br><br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 8-9;<br>• Okabe 706 at Fig. 1;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Van Den Heuvel 894 at Figs. 3-4, paras. 19, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Figs. 3-5, 2:9-12, 5:3-5;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| **Claim 5** | |
| 5. The apparatus of claim 1, wherein the support and casing are substantially cylindrical, | See Claim 1.<br><br>As discussed above, cylindrical and substantially cylindrical apparatuses were one of the few design choices for body fluid collection apparatuses, and it was well understood that cylindrical or substantially cylindrical devices were well-suited for the female anatomy. It was understood to design the associated components such as the support and casing in accordance with the |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | design of the device (e.g., cylindrical) and that it would be obvious to modify existing devices to have an overall cylindrical shape (both for the support and casing) to comfortably comform to the anatomy.<br><br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Duhamel 102 at Fig. 2, 1:65-2:14;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-67, 5:22-6:67;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 20-21, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:15, 2:25-27, 3:5-25, 6:18-26, 6:28-7:3, 7:5-13, 8:17-20, 8:22-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |

| 376 Patent Claim Language | Prior Art |
|---|---|
| the apparatus configured to be: disposed with the elongated opening adjacent the urethral opening of a human female; | As discussed above, it was well known to configure a body fluid collection device so that the opening was adjacent to the source of fluid.  Urine collection devices were known to be configured so that the elongated opening was adjacent the urethral opening of a female.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 6-9, 3:1-9;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, claim 1, 2:41-55, 12:5-21;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at 6, 10, 12, paras. 20, 21, 25-26;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| oriented with the reservoir adjacent to the user's anus and the outlet disposed above the urethral opening; and | It was well known at the time of the alleged invention to orient a urine collection device with the reservoir adjacent to the user's anus and the outlet disposed above the urethral opening. For example, such a configuration used in conjunction with female urine collection devices optimized comfort and facilitated urine collection while minimizing leaks. The configuration was one of a few known design choices.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 6-9, 3:1-9;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni AMXD / AMXDMax devices;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| arranged with a curved shape with the elongated opening disposed on the inside of the curve. | It was well known at the time of the alleged invention to select an apparatus design consistent with the intended use of the apparatus. For example, urine collection devices for women were known to have a curved shape with the elongated opening disposed on the inside of the curve, consistent with the female anatomy. |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 1-12, 5:60-62, 7:1-7;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Figs. 5 and 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation; |

| 376 Patent Claim Language | Prior Art |
|---|---|
|  | • Omni AMXD / AMXDMax devices;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| **Claim 6** | |
| 6. The apparatus of claim 1, wherein the support is formed of spun plastic, | See Claim 1.<br><br>There are a few design choices for the material from which a permeable support could be formed, one of which is spun plastic.  It was well known at the time of the allged invention that spun plastic, for example, could hold and support a membrane and maintain form while allowing for fluid permeability.<br><br>• Kuntz 166 at 1:63-2:2, *see also* DesMarais 130 at 5:1-3, 4:13-52;<br>• DesMarais 130 at 5:1-3, 4:13-52;<br>• Van Den Heuvel 894 at para. 52;<br>• Van Den Heuvel 823 at 3:18-19, 6:18-26, 8:17-20, 11:9-10;<br>• Petryk 872 at ¶¶ 71, 73-74, 117;<br>• Philips 505 at Figs. 18-22, 21:35-64, 26:40-27:42;<br>• Tong 356 at 4:30-33, 5:19-20, 6:29-30;<br>• Fell 044 at 3:61-67, 5:1-3, 5:37-40, 23:13-14;<br>• Bond 845 at Abstract, ¶¶ 72, 205;<br>• Okabe 547 at paras. 18,<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-28, 10:1-4;<br>• Macaulay 2007 at pp. 641-643;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| and the membrane is formed of ribbed knit fabric | Fabrics such as ribbed knit fabrics were one of a few known design choices for the material from which a permeable membrane could be formed.  It was well known at the time of the alleged invention that ribbed knit |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | fabrics are permeable, comfortable, and can conform to a support. See also Claim 4.<br><br>• McGuire 981 at 1:71-2:16;<br>• Tong 356 at Figs. 1-5, 4:11-26;<br>• Fell 044 at Fig. 1, Abstract, 23:12-14;<br>• Jones 080 at Figs. 1-7, 1:59-89, 2:52-79;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Kuntz 166 at Fig. 2, 2:38-47, 3:42-45, 3:61-64, 4:17-32;<br>• Fell 044 at Figs. 1-8, 1:6-50, 3:18-7:42<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Sanchez 508 at 4:10-12;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmidt 688 at Figs. 4-7, 4:29-68, 5:43-62;<br>• Van Den Heuvel 894 at para. 52;<br>• Van Den Heuvel 823 at 3:18-19, 6:18-26, 8:17-20, 11:9-10;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-28, 10:1-4;<br>• Macaulay 2007 at pp. 641-643<br>• 2014Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| **Claim 9** | |
| 9. The apparatus of claim 1, wherein the fluid permeable membrane includes a wicking material. | See Claim 1.<br><br>It was well known at the time of the alleged invention to have the permeable membrane include a wicking material.<br><br>• Scott 234 at 2:32-54, Fig. 1;<br>• Keane 768 at Abstract, 3:75-4:4, Figs. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Frosch 901 at Abstract, Figs. 1-2, 5:57-65;<br>• Hessner 418 at Abstract, Figs. 1-8, 3:26-31, 5:54-57, 6:36-43;<br>• Frosch 539 at Abstract, Figs. 1-2, 3:5-21, 6:27-42;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Lawrence 564 at Figs. 1-5, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36, claim 6;<br>• Lawrence 222 at Figs. 1-5, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36, claim 6;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Figs. 5 and 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 21, 46;<br>• Van Den Heuvel 823 at 1:27-2:7, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:25-10:1, 10:4-9;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Macaulay 2007 at pp. 641-643; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| **Claim 11** | |
| 11. An apparatus comprising: a fluid impermeable casing defining a fluid reservoir at a first end, | Apparatuses with fluid impermeable casings defining a fluid reservoir at one end were well known at the time of the alleged invention.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | |
| a fluid outlet at a second end, | See Claim 1.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni AMXD / AMXDMax devices;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| and a longitudinally extending portion extending between the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet; | See Claim 1.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• Omni AMXD / AMXDMax devices;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• 2015 Omni Catalog;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable support disposed within the casing with a portion extending across the elongated opening, wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | See Claim 1.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Washington 508 at Figs. 1-12, 2:33-68, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable membrane disposed on the support and covering at least the portion of the support that extends across the elongated opening, so that the membrane is supported on the support and disposed across the elongated opening; | See Claim 1.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54; |

| 376 Patent Claim Language | Prior Art |
|---|---|
|  | • Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | |
| a tube having a first end disposed in the reservoir and extending behind at least the portion of the support and the portion of the membrane disposed across the elongated opening and extending through the fluid outlet to a second, fluid discharge end, | See Claim 1.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| the apparatus configured to:  be disposed with the opening adjacent to a urethral opening of a user, with the fluid permeable membrane engaging tissue surrounding the urethral opening, | As discussed above, it was well known to configure a body fluid collection device so that the opening was adjacent to the source of fluid.  Urine collection devices were known to be configured so that the opening was adjacent the urethral opening of a female. |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| be retained in position on the user solely by frictional engagement with and/or between the labia and/or other portions of the area of the user's body surrounding the urethral opening, and | It was well known at the time of the alleged invention that a fluid collection device could be held in place in a number of ways, one of which was solely by engaging the patient's body (for example, the labia in the case of urine collection devices for women) with the device. The other option was to use additional mechanisms to hold the device in place such as tape, form wear or the like.<br><br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Hirschman 277 at Figs. 1-9, 1:33-40, 2:24-50;<br>• Sanchez 508 at 5:14-16;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25;<br>• Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Washington 508 at Abstract, Figs. 5-9, 3:1-9;<br>• 2015 Omni Catalog at pp. 3-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/Dmax devices;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14. |
| receive urine discharged from the urethral opening through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir, and to have the received urine withdrawn from the reservoir via the tube and out of the fluid discharge end of the tube. | See Claim 1.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • PureWick Prior Art Devices. |
| **Claim 12** | |
| 12. The apparatus of claim 11, wherein the apparatus is configured to be retained in position on the user via engagement between the first end of the casing and a user's perineum. | See Claim 11.<br><br>As discussed above, it was well known at the time of the alleged invention that a fluid collection device could be held in place in a number of ways, one of which was solely by engaging the patient's body (for example, the labia in the case of urine collection devices for women) with the device. It was also known that, for urine collection devices for women, the device could be configured to be held in place by engaging an end of the casing and a user's perineum.<br><br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Sanchez 508 at 5:14-16;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-25;<br>• Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77;<br>• Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Okabe 547 at Figs. 1-6, Abstract, paras. 1-5, 17-28, 41-42, 49;<br>• 2006 British Health Publication at pp. 14-15;<br>• Washington 508 at Abstract, Figs. 5-9, 3:1-9; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • 2015 Omni Catalog at pp. 3-4;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/Dmax devices;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14. |
| **Claim 13** | |
| 13. An apparatus comprising: a fluid impermeable casing defining a fluid reservoir at a first end, | See Claims 1 and 11.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31; |

| 376 Patent Claim Language | Prior Art |
|---|---|
|  | • Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31; |

| 376 Patent Claim Language | Prior Art |
|---|---|
|  | • Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid outlet at a second end, | See Claims 1 and 11.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| and a longitudinally extending portion extending between the fluid reservoir and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir and the fluid outlet | See Claims 1 and 11.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26;<br>• Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable support disposed within the casing with a portion extending across the elongated opening, | See Claims 1 and 11.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-12, 2:33-68, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | |
| wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | See Claims 1 and 11.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Conkling 541 at Figs. 12-15, 6:43-68;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-11, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable membrane disposed on the support and covering at least the portion of the support that extends across the elongated opening, so that the membrane is supported on the support and disposed across the elongated opening; | See Claims 1 and 11.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; |

| 376 Patent Claim Language | Prior Art |
|---|---|
|  | • Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| a tube having a first end disposed in the reservoir and extending behind at least the portion of the support and the portion of the membrane disposed across the elongated opening and extending through the fluid outlet to a second, fluid discharge end, | See Claims 1 and 11.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; |

| 376 Patent Claim Language | Prior Art |
| --- | --- |
| | • Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| the tube having only a first opening at the first end and a second opening at the second end, and a lumen fluidically coupling the first opening and the second opening, | As discussed above, using a fluid discharge tube (with a lumen) was well known at the time of the alleged invention. Many such tubes had an opening at each end to allow fluid to enter on one end and exit on the other.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Figs. 9-10, 3:66-74;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47- |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | 5:15;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:25-10:1, 10:4-9;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| the apparatus configured to be disposed with the opening adjacent to a urethral opening of a user, with the fluid permeable membrane engaging tissue surrounding the urethral opening, to receive urine discharged from the urethral opening through the opening of the fluid impermeable layer, the membrane, the support, and into the reservoir, and to have the received urine withdrawn from the reservoir | See Claim 1.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| via the tube and out of the fluid discharge end of the tube. | • Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25, claims 1-2 (*see also* WO00/57784 at 9:7-10:9, Fig. 5b);<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure; |

| 376 Patent Claim Language | Prior Art |
|---|---|
| | • Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD / AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |

**U.S. Patent No. 10,390,989 (Claims 1-3, 5-6)**

| 989 Patent Claim Language | Prior Art |
|---|---|
| **Claim 1** | |
| 1. A method comprising:<br>disposing in operative relationship with the urethral opening of a female user a urine collecting apparatus that includes: | As discussed above, it was well known to configure a body fluid collection device so that the opening was adjacent to the source of fluid. Urine collection devices were known to be used so that the opening was disposed adjacent the urethral opening of a female.<br><br>• Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation; |

| 989 Patent Claim Language | Prior Art |
|---|---|
|  | • 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| a fluid impermeable casing having a fluid reservoir at a first end, | Apparatuses with fluid impermeable casings having a fluid reservoir at one end were well known at the time of the alleged invention. See corresponding claim elements in the 376 patent.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:2;<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kraus 703 at Abstract, Figs. 1-6, 3:37-4:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Nussbaumer 160 at Figs. 1-9, 2:23-44, 2:50-59, 3:20-41, 4:5-13, 5:10-15;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Ehrenkranz 215 at Abstract, Figs. 1-9B;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Conkling 541 at Figs. 12-15, Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:8-27; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Etheredge 606 at Figs. 1-3, Abstract, 4:7-60, 5:212-54;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, claim 1, 2:41-55, 11:65-12:21;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 7:40-8:14, Figs. 3-4;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid outlet at a second end, | Fluid impermeable casings having a fluid outlet at another end were well known at the time of the alleged invention.  See corresponding claim elements in the 376 patent.<br><br>• Scott 234 at 1:29-48, Figs. 1-3;<br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 3:49-4:16, Fig. 9-10;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kubo 983 at Figs. 1a-2, Abstract, 2:44-3:5, 4:19-33, 5:1-7;<br>• Kubo 052 at Figs. 1a-4, Abstract, 3:53-4:59; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 23, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 6:1-7, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| and a longitudinally extending fluid impermeable layer coupled to the fluid reservoir and the fluid outlet and defining a | Fluid impermeable casings having a longitudinally extending fluid impermeable layer coupled to a fluid reservoir and a fluid |

| 989 Patent Claim Language | Prior Art |
|---|---|
| longitudinally elongated opening between the fluid reservoir and the fluid outlet; | outlet and defining a longitudinally elongated opening between the reservoir and outlet were well known at the time of the alleged invention.  For example, in the case of urine collection devices, such a configuration is shaped for the female anatomy as discussed above while allowing for urine collection and removal. See corresponding claim elements in the 376 patent.<br><br>• Duke 046 at Figs. 1-3, 1:63-2:23;<br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Robertson 771 at Figs. 1-2, 2:56-3:44;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Snyder 560 at Figs. 1-5, 4:5-5:47;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Trabold 781 at Abstract, Figs. 1-8, 2:35-51; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Grundke 161 at Figs. 1-5, paras. 20-24, 33;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 17, 23, 40, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 7:22-24, 6:18-26, 7:5-13, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Goldenberg 638 at Abstract, Figs. 1-3, 3:20-42, 6:44-57;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 1-10, Abstract, paras. 6-11, 14-21, 23-26; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Mizuguchi 641 at Figs. 1-10, Abstract, paras 6-11, 14-21, 23-26;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable support disposed within the fluid impermeable casing with a portion extending across the longitudinally elongated opening, | Fluid permeable supports disposed within the casing with a portion extending across the elongated opening was well known at the time of the alleged invention, for example, allowing for support of a fluid permeable membrane. See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Conkling 541 at Figs. 12-15, 3:29-49, 6:43-68, 7:2-11;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Washington 508 at Figs. 1-12, 2:33-38, 5:63-6:10;<br>• Cheng 133 at Figs. 7A-9, 16:53-17:54;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Cheng 245 at 24:12-35, 29:27-52, 37:35-57, 38:48-53;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-9, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, paras. 6-7, 14<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir; | Fluid permeable supports distinct from and near the fluid reservoir were well known at the time of the alleged invention. For example, in the case of urine collection devices, such a configuration prevented the support from being in a urine reservoir but close enough to allow for urine to enter the reservoir. See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Abstract, 1:65-2:10, 2:46-56, 3:75-4:16, Fig. 9-10;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Conkling 541 at Figs. 12-15, 6:43-68;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Triunfol 675 at Figs. 1-5, claims 1-4, 3:66-4:7, 4:2-7;<br>• Sweetser 793 at Figs. 1-2, 3:35-4:31; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Scott 384 at 3:15-31, Figs. 3-4;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 8-11, 17-20, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 42, 44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:15-20, 7:22-24, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:17-19, 9:8-21, 9:23-28, 10:1-4;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Chiku 946 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Mizuguchi 641 at Figs. 1, 2, 6, 7, Abstract, claim 10, paras. 8, 14-15;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| a fluid permeable membrane disposed on the fluid permeable support and covering at least the portion of the fluid permeable support that extends across the longitudinally elongated opening, so that the fluid permeable membrane is supported on the fluid permeable support and disposed across the longitudinally elongated opening; | Using multiple layers of permeable materials is well known in the body fluid collection art to facilitate fluid flow. Fluid permeable membranes disposed on a permeable support and covering part of the support that extends across the opening where fluid enters were well known in the art at the time of the alleged invention. In such configurations, |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | the membrane is supported on the support and disposed across the opening, enhancing fluid collection. See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Figs. 9-10, 3:75-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:24-36;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24, 30-31;<br>• Van Den Heuvel 894 at para. 5;<br>• Van Den Heuvel 823 at 1:27-2:12, 2:25-27;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| a tube having a first end disposed in the fluid reservoir and extending behind at least the portion of the fluid permeable support and the portion of the fluid permeable membrane disposed across the longitudinally elongated opening and extending through the fluid outlet to a second, fluid discharge end, | Fluid discharge tubes were known at the time of the alleged invention to assist in discharge of fluid from a body fluid collection appartus to a location outside of the apparatus.  It was known to have such tubes extend from the fluid reservoir, behind a portion of the membrane and support disposed across the fluid opening, and through to the fluid outlet. See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Abstract, Figs. 9-10, 1:65-2:10, 3:47-4:16;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, Figs. 1-5, 8, 11, 11:65-12:21;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 19, 42, 44, 47;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 7:15-30;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9;<br>• Chiku 946 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Mizuguchi 641 at Figs. 5, 10, 1, 2, 7, Abstract, paras. 11-12;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| the operative relationship includes the longitudinally elongated opening being adjacent to the urethral opening; | As discussed above, it was well understood that the longitudinally elongated opening should be placed adjacent to the urethra for urine collection devices for women.<br><br>• Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Washington 508 at Figs. 1-9, 2:24-67, 5:22-6:67;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| allowing urine discharged from the urethral opening to be received through the longitudinally elongated opening of the longitudinally extending fluid impermeable layer, the fluid permeable membrane, the fluid permeable support, and into the fluid reservoir; and allowing the received urine to be withdrawn from the fluid reservoir via the tube and out of the fluid discharge end of the tube. | It was well understood at the time of the alleged invention that urine would be discharged and would travel through the opening, into the permeable membrane and support, and into the reservoir where it could be withdrawn via a discharge tube. See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Suzuki 250 at Abstract, claim 1, 2:41-55, Figs. 1-5, 8, 11, 3:4-13, 6:3-6; 11:65-12:21;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Washington 508 at Figs. 1-5, 2:24-67, 5:22-6:67;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54; |

| 989 Patent Claim Language | Prior Art |
|---|---|
|  | • Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 10-11, 20-22, 24-25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 6:18-26, 7:5-13, 8:22-25, 7:23-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices. |
| **Claim 2** | |
| 2. The method of claim 1, further comprising fluidically coupling the fluid discharge end of the tube to a source of vacuum to assist in withdrawing the urine from the fluid reservoir via the tube. | See Claim 1.<br><br>As discussed above, it was well known at the time of the alleged invention that a fluid discharge tube could be coupled to a vacuum |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | source to assist in withdrawing fluid (such as urine) from a reservoir in a body fluid collection device.<br><br>• Scott 234 at 2:32-54, Fig. 1;<br>• Keane 768 at Abstract, 1:31-41, 2:6-10, 3:49-56, 3:60-65, 4:4-34, Fig. 4, 9-10;<br>• Hessner 418 at 6:36-43;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Larson 025 at Abstract, Fig. 2, 3:21-25, 4:47-52;<br>• Hessner 418 at Abstract, Figs. 1-8, 3:26-31, 5:54-57, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Crowley 928 at 2:31-48, Fig. 3-5;<br>• Brennan 465 at 4:16-66, Figs. 1-2, 6;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• McGuire 347 at Figs. 1-4, Abstract, 2:35-40, 5:25-30, 6:1-35;<br>• McGuire 699 at Figs. 1-6, 4:1-19, 4:68-5:2, 6:61-64;<br>• Skow 735 at Abstract, Figs. 1-11, 3:48-51, 6:16-67;<br>• Argenta 643 at Figs. 1, 5; 3:31-51, 6:46-64, 7:10-23, 7:56-58;<br>• Lawrence 564 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Lawrence 222 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Easter 366 at Figs. 5-9, 5:54-6:10;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mombrinie 639 at Figs. 1-9, paras. 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Fig. 3, paras. 10, 23;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5-6, 21, 46;<br>• Van Den Heuvel 823 at 1:27-2:7;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Mizuguchi 641 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643;<br>• 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| **Claim 3** | |
| 3. The method of claim 1, further comprising: fluidically coupling the fluid discharge end of the tube to a fluid receptacle and allowing urine withdrawn from the fluid reservoir of the urine collecting apparatus via the tube to be received in the fluid receptacle. | See Claims 1 and 2.<br><br>As discussed above, it was well known at the time of the alleged invention that the fluid receptacles (including urine collection devices) could be coupled to the discharge end of the fluid discharge tube of a fluid collection apparatus, allowing withdrawn fliud to be withdrawn from the reservoir into the fluid receptacle via a tube.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-65;<br>• Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 9-11, 17-22, 24, 30-31;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Hessner 418 at 6:36-43;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Crowley 928 at 2:31-48, Fig. 3-5;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Washington 508 at Figs. 6-9, 7:58-67;<br>• Lawrence 564 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Lawrence 222 at Figs. 1-10, Abstract, 4:47-55, 5:8-6:27, 6:21-25, 6:40-42, 7:28-56, 8:8-29, 8:38-10:29;<br>• Nigay 463 at Figs. 1-3, 1:65-2:62;<br>• Scott 384 at 3:15-31, Figs. 3-4; Scott 749 at Figs. 3-4, paras. 74-75, 79;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wightman 214 at Figs. 2b, 4b, 5-6, paras. 87, 92;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 080 at Abstract, Figs. 3, para. 23;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Van Den Heuvel 823 at 1:27-2:7;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 2:4-10, 5:12-30, 6:1-7, 9:3-5;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Mizuguchi 641 at Figs. 5, 12, claim 14, paras. 18-19;<br>• Ishii 108 at Figs. 1-4, paras 1-13;<br>• Macaulay 2007 at pp. 641-643; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| **Claim 4** | |
| 4. The method of claim 1, further comprising removing the urine collecting apparatus from the operative relationship with the urethral opening of the user. | See Claim 1.<br><br>It was well understood at the time of the alleged invention that any urine collection device must be removed from the user's urethera at some point, for example, to change it or if the user was done using the device.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Kuntz 166 at Abstract, Figs. 1-8, 5:59-6:17;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33, 5:66-6:4;<br>• Tazoe 205 at 5:40-45; Tazoe 292 at para 42;<br>• Wada 460 at 9:32-35;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 8:21-26;<br>• Sanchez 508 at Abstract, Fig. 1-8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Okabe 547 at para 41 ;<br>• Mahnensmith 080 at para. 28;<br>• Kuntz 355 at 9:33-53;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Wada 625 at Fig. 24, paras. 129, 188-194;<br>• Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77;<br>• Medtech Finalists 2014;<br>• Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| **Claim 5** | |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| 5. The method of claim 4, wherein the urine collecting apparatus is a first urine collecting apparatus and further comprising disposing in operative relationship with the urethral opening of a female user a second urine collecting apparatus substantially similar to the first urine collecting apparatus. | See Claim 1 and 4.<br><br>It was well known at the time of the alleged invention that, after a user used one urine collecting device, one could routinely change it for a second similar device for example, it was well known to substitute a clean device to avoid infection or skin disease. A person of ordinary skill in the art would understand that, for urine collection, both disposable and reusable products would be replaced with clean, new products at a medically appropriate time.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Hessner 418 at Abstract, Figs. 1-8, 2:66-3:7, 3:26-31, 4:3-33, 5:34-6:4, 6:36-43;<br>• Kuntz 166 at Abstract, Figs. 1-8, 5:59-6:17;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33, 5:66-6:4;<br>• Tazoe 205 at 5:40-45; Tazoe 292 at para 42;<br>• Wada 460 at 9:32-35;<br>• Swiecicki 634 at Figs. 1-8, 2:14-34, 4:59-5:9, 11:42-61;<br>• Okabe 706 at 8:21-26;<br>• Sanchez 508 at Abstract, Fig. 1-8, 6:21-31;<br>• Suzuki 250 at 9:42-44;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Okabe 547 at para 41;<br>• Wada 625 at Fig. 24, paras. 129, 188-194;<br>• Kuntz 355 at 9:33-53;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;Nolan 144 at Figs. 1-6, 1:55-82, 2:69-77;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices . |
| **Claim 6** | |
| 6. The method of claim 1, wherein the fluid permeable support and fluid impermeable casing are cylindrical | See Claim 1.<br><br>As discussed above, there were a few design choices for body fluid collection apparatuses and it was well understood that cylindrical devices were suited for the female anatomy. It was understood to design the associated components such as the support and casing in accordance with the design of the device (*e.g.*, cylindrical) and that it would be obvious to modify existing devices to have an overall cylindrical shape (both for the support and casing) to comfortably comform |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | to the anatomy. See corresponding claim elements in the 376 patent.<br><br>• Washington 508 at Figs. 1-5, 11-12, 2:24-67, 5:22-6:67;<br>• Lawrence 564 at Fig. 14, 11:24-35;<br>• Lawrence 222 at Fig. 14, 11:24-35;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• 2015 PureWick brochure at pp. 1-4;<br>• Medtech Finalists 2014;<br>• PureWick Prior Art Devices.<br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:75-4:16;<br>• Flower 300 at Figs. 2, 7, 1:11-15, 2:22-24, 3:23-32;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Washington 508 at Figs. 1-5, 11-12, 2:24-27, 2:40-52, 5:22-62, 10:23-34;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Okabe 706 at 8:21-26;<br>• Sanchez 508 at Abstract, Fig. 1-8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Kuntz 355 at 9:33-53;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 7, 40, 42, 44, 51;<br>• Van Den Heuvel 823 at Figs. 1-4, 1:27-2:7, 6:18-26, 6:28-7:3, 7:15-20, 7:22-24, 7:25-30, 8:17-20, 8:22-25;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:8-21, 9:23-25;<br>• Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices; |
| and have a curved shape with the longitudinally elongated opening disposed on the inside of the curve, | It was well known at the time of the alleged invention to select an apparatus design consistent with the intended use of the apparatus. For example, urine collection devices for women were known to have a curved shape with the elongated opening disposed on the inside of the curve, consistent with the female anatomy.  See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 1-12, 5:60-62, 7:1-7;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Figs. 5 and 8, 3:22-49, 6:21-31;<br>• Coley 804 at Figs. 1-5, Abstract, paras. 18-19, 21-24;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 5, 13-14, 38-44;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55 |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-21, 9:23-28, 10:1-9;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Medtech Finalists 2014;<br>• Macaulay 2007 at pp. 641-643;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDmax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| the disposing including disposing the urine collecting apparatus with the longitudinally elongated opening adjacent the urethral opening of the user | As discussed above, it was well known at the time of the alleged invention to dispose a body fluid collection device so that the opening was adjacent to the source of fluid. Urine collection devices were known to be arranged and oriented so that the elongated opening was adjacent the urethral opening of a female.<br><br>• Keane 768 at Abstract, 1:65-2:10, 3:75-4:16, Figs. 4, 9-10<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Lawrence 564 at Figs. 1-10, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Lawrence 222 at Figs. 1-10, 14, Abstract, 5:8-6:27, 7:28-56, 11:1-19;<br>• Harvie 027 at Figs. 1-3, 4:34-64, 7:17-64; |

| 989 Patent Claim Language | Prior Art |
| --- | --- |
| | • Wolff 066 at Fig. 5b, 3:34-47, 5:56-6:35;<br>• Fell 044 at Figs. 1-8, Abstract, 1:6-50, 3:18-7:42, 23:12-14;<br>• Harvie 899 at Figs. 1-3, 5:9-37, 7:56-8:35, 9:49-61;<br>• Harvie 964 at Figs. 1-3, 9:25-10:45;<br>• Harvie 012 at Figs. 1-3, 8:29-9:51;<br>• Harvie 043 at Figs. 1-3, 9:66-10:58;<br>• Machida 320 at Figs. 2, 4-5, Abstract, 2:63-3:10, 4:38-64, 5:9-33;<br>• Wada 460 at Figs. 1-11, 4:32-50, 5:47-51, 7:7-23, 8:15-26;<br>• Tazoe 205 at Figs. 11-12, 3:3-17, 8:4-54;<br>• Mombrinie 389 at Figs. 1-4, 9, 4:17-26, 4:61-5:7, 5:15-19;<br>• Okabe 706 at Figs. 1-9, 3:36-45, 4:10-21, 6:13-17;<br>• Mahnensmith 262 at Abstract, Figs. 1-5, 2:30-67, 4:35-5:35, 6:18-56;<br>• Sanchez 508 at Abstract, Fig. 8, 6:21-31;<br>• Tsai 554 at Figs. 2, 3, 5, 3:39-5:31, 5:38-6:3, 9:5-16, 9:24-27;<br>• Wolff 131 at Figs. 5a, 5b, paras. 22-24, 28, 45-46;<br>• Tazoe 292 at Figs. 1-9, 11-12, paras. 21-33, 63-66;<br>• Okabe 547 at Fig. 4, paras. 18-19, 28, 31-32;<br>• Mombrinie 639 at Figs. 1-9, para 13-14, 31-38, 40, 43;<br>• Mahnensmith 080 at Abstract, Figs. 1-5, paras. 25, 30-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 13-14, 38-44;<br>• Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-10:1, 10:4-9;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Wada 625 at Fig. 24, paras. 188-194;<br>• Cottenden 126 at Figs. 1-3, 1:39-106, 2:7-13;<br>• Macaulay 2007 at pp. 641-643; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • 2006 British Health Publication at pp. 14-15;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXDMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |
| and oriented with the fluid reservoir adjacent to the user's anus and the outlet disposed above the urethral opening. | It was well known at the time of the alleged invention to orient a urine collection device with the reservoir adjacent to the user's anus and the outlet disposed above the urethral opening.  For example, with female urine collection devices, this affected comfort and facilitated urine collection while minimizing leaks. See corresponding claim elements in the 376 patent.<br><br>• Keane 768 at Abstract, Figs. 4, 9-10, 1:67-2:32, 3:60-4:16;<br>• Ellis 185 at Figs. 1-3, 2:55-3:3;<br>• Kuntz 166 at Abstract, Figs. 1-8, 3:35-4:32;<br>• Martin 061 at Figs. 1, 8, 2:65-3:14, 3:15-21, 4:34-38, 5:10-51;<br>• Washington 508 at Figs. 6-9, 3:1-9;<br>• Carns 997 at Figs. 2-5, 6:15-31;<br>• Kraus 339 at Abstract, Figs. 1-7, 4:47-5:15;<br>• Otto 137 at Figs. 1-2, 3:7-64, 4:10-28;<br>• Suzuki 250 at Abstract, Figs. 1-5, 4:12-19, 6:3-6, 6:66-7:4;<br>• Sanchez 508 at Abstract, Fig. 8, 3:22-49, 6:21-31;<br>• Van Den Heuvel 894 at Figs. 1-4, paras. 17, 41, 43, 48; |

| 989 Patent Claim Language | Prior Art |
|---|---|
| | • Van Den Heuvel 823 at Figs. 1-4, 2:14-17, 3:21-25, 4:13-19, 6:28-7:3, 7:15-30, 8:17-20;<br>• Kuntz 355 at Abstract, Figs. 1-5, 2:2-16, 3:5-11, 4:7-6:55;<br>• Schmitt 710 at Figs. 3-6, cols. 1-2;<br>• Wolff 784 at Abstract, Figs. 1a, 5a, 5b, 9:7-19, 9:8-21, 9:23-10:9;<br>• Chiku 946 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Mizuguchi 641 at Figs. 6, 10, 12, paras. 20, 21, 25-26;<br>• Macaulay 2007 at pp. 641-643;<br>• Medtech Finalists 2014;<br>• 2014 Medtech Announcement at p. 3;<br>• Macaulay 2007 at pp. 641-643;<br>• Omni Starter Kit Brochure;<br>• Omni Brochure;<br>• Omni Presentation;<br>• 2015 Omni Catalog;<br>• Omni 2007 AMXD User & Maintenance Guide at pp. 10, 21;<br>• Omni AMXD/AMXMax devices;<br>• 2015 PureWick brochure at pp. 1-4;<br>• PureWick Prior Art Devices. |

Sage further identifies the following additional prior art, which is prior art under Sections 102 and 103 including the on-sale bar provisions. The devices referred to herein as the "PureWick Prior Art Devices" are the PureWick female external catheter product tested, offered for sale, sold, and demonstrated between 2013 and prior to August 29, 2016 (including more than a year before) under the tradename PureWick. The PureWick Prior Art Devices were offered for sale, publicly demonstrated, and disclosed to third parties prior to the earliest viable priority dates of the 376 and 989 Patents and include all elements of the asserted claims of the 376 and 989 Patents including under PureWick's constructions and the recent Court constructions. For example, in addition to what was discussed for the 508 patent, PureWick's devices were publicly disclosed at least as early

as 2013 during certain testing, in 2014, as shown by Medtech Finalists 2014, 2014 Medtech Announcement, the 2015 PureWick brochure, and the 2016 Newton Article. PureWick's devices were also publicly disclosed to PureWick potential customers, volunteers, and other third parties, including devices used with patients from approximately July 2013-February 2014 and in September 2014, devices disclosed and demonstrated in association with a Medtech award (see, e.g., 2014 Medtech Finalists and 2014 Medtech Announcement), devices used with patients in approximately May 2015, sales in July 2015, and devices shown to prospective purchasers and used with patients and disclosed and demonstrated in association with CONNECT by at least July 2015. These products are referred to herein as the "PureWick Prior Art Devices". *See, e.g.,* PureWick's Resp. to Interrog. No. 6 and documents cited therein as well as PW30265-289. For example, the PureWick Prior Art Device provided for and described in Medtech Finalists 2014, and also described in 2014 Medtech Announcement, invalidates every asserted claim of the 376 and 989 patents.

As set forth in repeated correspondence, PureWick has failed to respond to Interrogatory Nos. 4, 5, 6, and 16 that request information about PureWick's first sale, demonstration, and the like of the PureWick product.  Nevertheless, for example, as described above, PureWick Prior Art Devices were tested in 2013 and were disclosed as part of the Medtech submission and depicted in Medtech Finalists 2014 and described in 2014 Medtech Announcement, which was publicly disclosed on or before October 2014. (*See, e.g.*, PureWick_0017501, -17961, -18134, -0021742, -0021748; COOLEY_0001766.).  PureWick Prior Art Devices were also publicly known and used on or about September 2014 in testing.  (*See, e.g.*, PureWick_-0025880, -25913, -0025924, -0016017, -0016023, -0016030, -0016097, -0016103, -0017072, -0017078, -0017089.)  Purewick Prior Art Devices were disclosed to third parties without confidentiality restrictions including on

or about July 2015 and were sold prior to that time. (*See, e.g.*, PureWick_0017770.) The PureWick Prior Art Devices were publicly disclosed via trials at Hilltop in 2014 with no confidentiality restrictions. (*See, e.g.,* PureWick_0017388, -0018836, -0023806, -0027414, -0027407.) And PureWick Prior Art Devices were disclosed to individuals associated with the Connect Award on or about August 2015. (*See, e.g*., PureWick_0017977, -0019175, -0019068, -0020990, -0020995, -0021911, -0026861, COOLEY_0001766.) In each of these instances, as discussed above in the claim charts, the PureWick Prior Art Device included every element of the asserted claims of the 376 and 989 patents. PureWick disclosed, offered for sale, sold, and/or demonstrated the same device in all material respects relevant to the 989 and 376 patents. Notably, PureWick has failed to to respond to Interrogatory No. 15, which requested any relevant differences between PureWick designs and PureWick never identified any differences, much less any that were relevant to any claim element of the 376 and 989 patents.

Further, any element not present in these devices would have been obvious for the reasons described above. Additionally, PureWick has admitted that versions of its PureWick device ("brown wick" and "silicone shell" designs) were sold at least as early as January 2016 and admits that these products are covered by all of the Asserted Claims (see exhibits attached to PureWick's interrogatory responses). Thus, these designs admittedly invalidate under the assumed priority dates and PureWick bears the burden of proving otherwise. Sage's contentions with respect to the PureWick Prior Art Devices in particular is based on information that is publicly available and the limited information that PureWick has produced to date. Sage has been unable to provide additional information relating to this art because, as discussed herein, PureWick has not provided the fully-requested information regarding the prior disclosures and sales of its devices or other prior art of which it was aware.

Sage believes that discovery including from third parties will further confirm these allegations and provide additional support for claim elements. Sage believes that evidence of these prior art devices would have been on PureWick's email server which PureWick failed to preserve.

Similarly, upon information and belief, the devices referred to herein in this section relating to the 376 and 989 patents as the "Omni AMXD / AMXDmax Devices" are the Omni Medical products offered for sale, sold, and demonstrated prior to August 29, 2016 (including more than a year before) under the tradename AMXD and AMXDmax.  The Omni AMXD / AMXDMax Devices were publicly known and on sale well before the critical date and had the patented features or obvious variations thereof as reflected above. The Omni AMXD / AMXDmax Devices are reflected in part in the 2007 Omni Medical User & Maintenance Guide, Omni Starter Kit Brochure, Omni Brochure, Omni Presentation, and other Omni documents identified herein including the 2015 Omni Catalog, the AMXD Sept. 2015 Leaflet, the document titled "AMXDMax Presentation," the 2015 Proren Abstract as well as other documents from the 2015 Innovating for Continence conference, and 2012 URINCare Patient Starter Kit document. Documents regarding the Omni product are referenced by web address herein and/or have been produced throughout this case including at SAGE 21349, 21369, 21380, 21394, 21396, 21397, 40993, 41025 and others. Sage believes that discovery will further confirm these allegations and provide additional support for claim elements. Sage believes that discovery including from Omni Medical will further confirm these allegations and provide additional support for claim elements.  PureWick has failed to provide information regarding the prior disclosures and sales of its devices or other prior art of which it was aware including information in PureWick's possession regarding the Omni devices. Sage believes that evidence of these prior art devices would have been on PureWick's email server which PureWick failed to preserve.

As discussed above, PureWick's failure to provide information about the prior art in a timely fashion is prejudicing Sage's ability to prepare its case.

Sage also relies on and incorporates by reference, as if originally set forth herein, all prior art cited during the prosecution of the 508, 376 and 989 Patents to the extent not already identified. Sage also relies on and incorporates by reference, as if originally set forth herein, all prior art cited during the prosecution of related, or purportedly related, patents to the extent not already identified. This includes all prior art cited during prosecution of the 508, 376, 989, or 407 Patents, as well as U.S. Pat. No. 10,376,406, Patent Application Nos. PCT/US2016/049274, PCT/US2017/35625, PCT/US2017/43025, 15/171,968, 15/260,103, 14/952,591, 14/947,759, 16/452,145, 16/245,726, 16/369,676, 14/625,469, 29/694,002, 29/624,661, 16/904,868, 16/905,400, 14/952,591, 14/625,469, 15/611,587, 15/612,325, 16/452,258, 16/899,956, Provisional Patent Application Nos. 62/414,963, 62/485,578, 62/084,078, 62/082,279, or 61/955,537, or Patent Publication Nos. 2016/0374848, 2016/0367226, 2015/14947759, 2017/0266031, 2017/0348139, 2017/0252202, 2019/0314190, 2019/0142624, or 2019/0224036.   Sages also relies on and incorporates by reference, as if originally set forth herein, all prior art cited in the sections of these Contentions in connection with the 508 Patent and the 407 Patent to the extent not already identified in this section.

Sage further contends that each of the Asserted Claims of the 376 Patent is invalid under 35 U.S.C. § 112 for indefiniteness and/or failure to contain a sufficient written description of or enable the alleged inventions.

Section 112(a) requires that: "The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most

nearly connected, to make and use the same. . . ."  That is particularly true in view of how PureWick

now apparently interprets the claims. It is difficult for Sage to assess fully the written description

issues because PureWick has not even explained how Sage has allegedly infringed certain claim

elements or method steps yet argues infringement nevertheless.  The asserted 376 and 989 Patents

fail to satisfy this statutory requirement at least because, *inter alia*, the specifications fail to contain

sufficient written description to establish that the inventors possessed the full scope of the alleged

invention as claimed.  For example, to the extent that Plaintiff alleges the scope of the claims cover

the PrimaFit® product or use of the PrimaFit® product (including by a single entity), the

specifications did not adequately describe a "casing," a "casing [having/defining] a fluid reservoir

at a first end," "a longitudinally extending fluid impermeable layer coupled to the fluid reservoir

and the fluid outlet and defining a longitudinally elongated opening between the fluid reservoir

and the fluid outlet," a "membrane . . . supported on the support," a "tube . . . extending behind at

least the portion of the support and the portion of the membrane disposed across the elongated

opening," "support is cylindrical," "fabric sleeve disposed around the support," "wicking

material," "the apparatus configured to . . . be retained in position on the user solely by frictional

engagement with and/or between the labia and/or other portions of the area of the user's body

surrounding the urethral opening," "configured to be retained in position on the user via

engagement between the first end of the casing and a user's perineum," "withdraw urine through

the tube at flow rate equal to the urine discharge rate in a urination event," disposing in operative

relationship with the urethral opening," "allowing urine [discharged/withdrawn] from the

urethetral opening to be received . . .," "allowing the received urine to be withdrawn," fluidically

coupling," and "removing the urine collection apparatus."

Section 112(b) requires that: "The specification shall conclude with one or more claims

particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." The Asserted Claims of the 376 and 989 Patent fail to satisfy this statutory requirement because, *inter alia*, at least the following claim terms are indefinite including based on Plaintiff's own apparent claim interpretations: "casing [having/defining] a fluid reservoir," "fluid impermeable layer," "wherein the fluid permeable support is distinct from and at least proximate to the fluid reservoir," "cylindrical," "substantially cylindrical," "retained solely by frictional engagement," and "withdraw urine through the tube at flow rate equal to the urine discharge rate in a urination event."

Sage also identifies, and hereby incorporates by reference, as if originally set forth herein, its allegations of invalidity set forth in its Answer and Counterclaims filed on November 1, 2019 and particularly the allegations in paragraphs 43-48 of the Counterclaims. Sage incorporates by reference, as if originally set forth herein, any additional allegations asserted in subsequent pleadings as well, including the Answer due to be filed on June 1, 2020.

Sage further incorporates arguments for non-patentability raised by the Patent Office during the prosecution of the 376 and 989 Patent applications.

Sage also relies on and incorporates by reference, as if originally set forth herein, all pleadings in which invalidity was alleged, including in interrogatory responses, in this civil action.

**Sage's Invalidity Contentions Regarding U.S. Pat. Nos. 10,376,407**

Plaintiff asserts claims 1, 2, 5, 7-9, and 13-15 of the 407 Patent ("Asserted Claims of the 407 Patent"). Sage contends that each of the Asserted Claims of the 407 Patent is invalid for at least the reasons set forth below. Sage notes that Plaintiff has withdrawn infringement allegations relating to claims 3-4, 6, 11, 12, and 16 of the 407 Patent, which Plaintiff originally asserted in its second amended complaint and no longer asserts. Plaintiff has also withdrawn infringement

# Exhibit 10
# REDACTED IN ITS ENTIRETY

# Exhibit 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PUREWICK CORPORATION, )
Plaintiff, ) C.A. No. 19-1508-MN
v. )
SAGE PRODUCTS, LLC, )
Defendant. )

Tuesday, April 6, 2021
2:00 p.m.

844 King Street
Wilmington, Delaware

BEFORE: THE HONORABLE SHERRY R. FALLON
United States District Court Judge

APPEARANCES:

SHAW KELLER, LLP
BY: JOHN W. SHAW, ESQ.

-and-

QUINN, EMANUAL, URQUHART & SULLIVAN, LLP
BY: STEVEN C. CHERNY, ESQ.
BY: NICOLA FELICE, ESQ.

Counsel for the Plaintiff

APPEARANCES CONTINUED:

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
BY: ANNE SHEA GAZA, ESQ.

-and-

McANDREWS
BY: BRYCE R. PERSICHETTI, ESQ.
BY: SANDRA A. FRANTZEN, ESQ.

Counsel for the Defendant

THE COURT: Good afternoon, everyone. This is Magistrate Judge Sherry Fallon joining the discovery dispute teleconference in Purewick Corporation versus Sage Products, LLC. I'll now start with appearances for the record, beginning with Delaware counsel for the plaintiff.

MR. SHAW: Good afternoon, Your Honor. This is John Shaw for plaintiff and joining me from Quinn Emanuel is Steve Cherny and Nicola Felice.

THE COURT: Good afternoon. Thank you. And for Sage, who is on the line beginning with Delaware counsel?

MS. GAZA: Good afternoon, Your Honor. It's Anne Gaza from Young Conaway on behalf of Sage and I'm joined today, Your Honor by Sandra Frantzen and Bryce Persichetti of McAndrews.

THE COURT: Good afternoon, everyone. All right. Well, I read the submissions. There's a number of issues to address. We're going to start with Purewick's issue vis-a-vis Sage for compelling more

specific invalidity contentions regarding the alleged prior art devices. I will hear from Purewick first and then I'll hear from Sage on that issue.

MR. CHERNY: Good afternoon, Your Honor. This is Steve Cherny from Quinn Emanuel on behalf of Purewick. So allow me to provide a couple of background facts which I think will help provide some context. So, as I think is clear from both sides' letters, was that the main issue here regarding Sage's need to identify specifically what it alleges is invalidating prior art has been discussed before with the Court specifically in a couple of conferences with Judge Noreika. And where it came up --

THE COURT: And I've reviewed those transcripts as well. And my question, more specifically, that I hoped that you would lead with and I apologize, I should have guided you in that direction when I handed the floor or the microphone over to you. This was teed up and more recently as of April 5th there were further exchanges, including final invalidity

contentions docketed by Sage as well as additional interrogatory responses filed by Purewick in response to some of Sage's outstanding requests. And given the fact that those are not before the Court, all I can get from the docket are the notices of service. I'm wondering how those more recent filings affect, if they do, the issues that have been teed up in this case starting first with Purewick's contention that they've got to define which of those eight prior art devices they're using in their invalidity contentions so that you can further cabin them within the 35 references that they're allowed in the narrowing order. So I totally get the issues. I want to know how these more recent filings impact this dispute. Is it premature or made moot by these more recent filings?

MR. CHERNY: Your Honor, this is Steve Cherny. I will focus on the question you posed. Speaking only obviously for Purewick, the answer is we took a look at the interrogatory responses that they served yesterday with their final invalidity

contentions and the answer is no, it does not clear things up because it's still using the omnibus category of Purewick prior art devices in its invalidity contentions. And I just want to correct, I don't think that they're limiting themselves to eight. I think that those are things that they say are included within the category of Purewick prior art devices. But the answer is no, they're still using the omnibus category as opposed to specifically identifying prior devices and charting them element by element and making allegations of why each one is prior art, for example, and why they allege it invalidates. So I'm happy to answer further questions, but the answer is no, the supplement or the final contentions did not change the issue on our side.

THE COURT: Okay. And then in light of this whole collection, now, inclusive of the April 5th filings, what is it that Purewick still seeks from Sage then in terms of framing the relief? If I missed it, I apologize, but I didn't see a form of order attached to your moving submission for today's

dispute.

MR. CHERNY: I apologize, Your Honor, if we did not provide a form of order. But I will say that when we discussed what we were seeking in terms of relief, there was a certain amount of difficulty in framing it because of where we are in the case. And I'll elaborate. So obviously we discussed this, as you saw, with Judge Noreika in terms of, you know, who had the burden of going first in terms of identifying references and also the narrowing order that identified 35 references. So now here we are, it's the end of fact discovery pretty much. We've got a couple more weeks to go and they were ordered long ago to provide their invalidity contentions and also were told that they had to provide good cause if they were going to add or supplement that in some way. And so here we are we, still have the same issue after all these months. They've been given the physical samples to inspect, documents, pictures. They have everything that we have in terms of all these prior devices and they still maintain the position that they don't -- I'm

looking actually at their letter here and they say well, you don't cite anything that says we have to count each of these things as separate references because A, we deem them as the same, and B, that they shouldn't count as multiple references based on each time it was sold or demonstrated.

And so let's kind of start there. Well, first off, we're not agreeing that these things are the same. We don't have a position on that and that kind of gets to their thing. They keep saying well, we asked you to tell us whether you viewed them as the same or not. And Judge Noreika told them no, you've got to cart these things element by element, make your assertions of what you think are validating within the 35 and then you can ask them why they disagree. And they've never done that and they have an assertion by them that they don't have to identify them as separate because they view them as the same. Whether they're the same or not, they have to kind of identify it. And they can identify one, but certainly even if they were the same, which we're not acknowledging

each factual circumstance relating to what they allege in the prior disclosure or prior sale, prior whatever, would be its own situation in terms of whether something is or is not prior art. And we do contest, although their letter is filled with assertions that we admit certain things are prior art, these are all contested in terms of whether certain things qualify as prior art based on whether we get the benefit of a provisional date.

Putting that aside, their letter is pretty clear they're like look, yeah, we're relying on this whole group, we believe they are the same and we're not going to separately chart it, you know, because we don't think that somehow if you showed what we allege, we disagree with them, but what we allege is the same, then we can lump it all together as one Purewick prior art device category, which of course, you know, allows them to avoid the 35 limit.

So what our position is, essentially is, is that it's too late for them to break in to essentially provide more detail

in terms of element by element. We're asking the Court to order them to at least identify which of the prior art devices or what they allege are prior art they're relying on specifically. But we also don't want all of a sudden for the first time to see claim charts that they should have provided before and that they want to provide now, they've got to go to the court and show good cause for why they're doing it now.

THE COURT: Yeah, but they go together, Mr. Cherny. I mean, you can't have one without the other. Either, you know, you want to pin them down and force them to specify and explain why they, you know, are invalidating references, as you say, chart them element by element or not. I mean, you can't have it half way. Maybe that's why I would have found it beneficial to have an order, because I don't know what this relief gets you other than breaking apart this omnibus collection. Where does that advance the ball in terms of discovery and, you know, gearing up for the next phase, experts and then trial? What point is there to

making them separate these out if you can't have them go the full distance on that?

MR. CHERNY: Your Honor, quite frankly, I think they should be precluded. But the only thing it would get us, and I understand and I agree that the half measure that's been caused by the fact that we're at the end of discovery and they still insist on using this composite, at the very least it would see whether they're over the 35 limit. So if for nothing else, it would limit them to what, you know, which specific ones they can and cannot include within the 35 limit. And that's something. But what do I actually think? I think they should be precluded, because we're now in April, it's the end of fact discovery and we are still dealing with this big omnibus grouping called Purewick prior art devices. I know what some of the things they put in there that are included in there. I don't know how many devices fit within their total and I don't know which ones they're identifying as invalidating. And it's not just, again, about element by element. They're actually also

supposed to identify why they think it's prior art. So that goes to the idea that if you allege this was shown on January 15th, 2015, that's a different circumstance than if you allege it was shown on April 4th, 2014. And so each of these things are the facts that we don't know and so we're at the end of fact discovery and I am sorry if I'm portraying a certain amount of frustration about what's happened here. It's obviously not the Court's issue, but I've got this category called Purewick prior art devices that has been persistent for about five months and as a result I'm left to either say, please tell them they've got to identify them and finally provide, in which case I'm at the end of fact discovery, and they've essentially managed to evade Judge Noreika's order which said you have to do this by December and show good cause if you wanted to add to it. Or what I really think is they should be precluded from doing anything more than what they've done to date. And these are your final invalidity contentions, that's fine. But then they can't come forward in expert discovery with the exact

charts and start saying, oh, this specific one is invalidating for this reason because it was sold on this date and has these elements. So I hope -- again, I do understand the Court's frustration in terms of the lack of clarity regarding what the right remedy here, but the problem with the remedy here is because we have a situation where it's April, fact discovery is coming to an end and there really is no justification for why we've had to deal with, you know, these general invalidity contentions based on Purewick prior art devices. So I hope that answers your question, Your Honor.

THE COURT: I mean, it does in part. And again, I think some of the frustration on the other side that's coming through their submissions is that at docket item number 72, that is the transcript of the -- one of the earlier discovery conferences, not the last December 3rd one with Judge Noreika, but the August 5th one, it was Purewick that was ordered to identify any external female catheter products used, offered for sale, sold or demonstrated and to provide the corresponding

dates for each of them. And I think I'm going to hear from the other side, as I've read in their papers that, you know, that's got to be done in order for them to comply with what you want them to do. So we're kind of at a chicken and an egg impasse here and the Court's not getting much help, quite frankly, from both sides as to who bears the bigger -- the greater fault for not complying with earlier court orders. So, you know, I know that we'll get to their disputes and motions to compel vis-a-vis Purewick in a few moments, but what is the response to the obligation to comply with the order on the record in docket item number 72 that I've just read about identifying those catheter products, female catheter products as required by Judge Noreika and providing the corresponding dates for each?

MR. CHERNY: Your Honor, we have complied. Where we have the information, we have given them the information. As part of the context, Purewick, although it's still a company, was purchased by C.R. Bard, which was then purchased by Beck & Dickinson. So the

people who have the information are third parties. Now, we have gone and talked to them and we have gotten every bit of information we can, so where there is ambiguity, it's based on the fact that, for example, one of the inventors says, so they point to, for example, well, you say this was the first sale, but you don't say what it is. And the answer is that is the best information we have and as they will see when they depose the inventor, that they had to, in order to comply with a contest that they entered into, they had to show that they had sold some version of the product. And so they've got a document indicating that there was a sale of something, but there is no record and there is, you know, no clear recollection of which of the prototypes. So we have complied. Whether -- you know, we have given them all the samples that we have. We have provided all the documents, except for just a couple of few that they've now finally subpoenaed from the inventors. And I want to make -- that's another thing that they raised. They say well, we're only getting documents from the inventors now.

We told them in initial disclosures that the inventors are third parties and that they have to subpoena them. And then we told them in December and January, you really need to subpoena these people. And they waited until February to subpoena them and they say oh, we're only just getting the documents now. So they pretty much have everything we have. We're not holding back anything. If we know the date when something was shown or offered, we tell it to they will. If we don't, we do the best we can, but we don't have the answer as to every one of these devices what the story is. And so we've complied. That is a far cry from essentially putting together an omnibus group and essentially asserting that we don't know anything about these things separately, which is not the case. Regardless of what you want to talk about in terms of the timing of some alleged disclosure, there's not even any assertion after inspection -- we shipped out all the different prototypes to Chicago for them to inspect and there's no assertion that any one of these things meets any elements of the claim.

They have documents relating to many of these. And there are no specific assertions as to anything. So I understand that they have their own gripe. I disagree with it. I think we have complied with the Court's order and given them all the information, but I don't see that as a, an excuse for not charting a single one of these devices, not identifying a single one and saying here, here is why we presently believe that these -- one or more of these is invalidating. Instead what they say is look, we view them as all the same and we should not have to count these as multiple references, which suggests to me they're actually tying to evade the 35 limit as opposed to it's a matter of they just don't know anything even at this late date about any of these alleged prior art devices. And so why they believe any of them are invalidating. Nothing identifying this as one that they think was, you know, these elements -- they have ones that they point to and say oh, well, this one was early enough. Then chart it. Chart it and make it one of your 35. So I think there's a pretty big gulf here in terms of what we're

saying and what they're saying, which is we have responded to the Court's order and given them all the factual information we have. We have no more factual information.

Also, on the other side is, provide your contentions. And they are in control of the contentions. I understand that in some respects that relates to facts that they allege are in our control. And if they find out additional facts, they can certainly say, here's good cause why we should add. I do not think that to date what they've shown is good cause to never identify a single one of these alleged prior art devices and say here, we're charting this element by element and here's why we think it invalidates.

THE COURT: Okay. Couple more questions. Is there another tier contemplated in the narrowing here at, I think it's DI document item number 89 on the docket. Is there another tier of narrowing where claims -- asserted claims will be further reduced as well as prior art references?

MR. CHERNY: I apologize, Your

Honor. I don't have the order in front of me. Mr. Shaw, do you have the order in front of you?

THE COURT: I thought I --

MS. FRANTZEN: Your Honor, this is Sandra Frantzen. Yes, there is a second tier. It's in August after expert discovery.

THE COURT: Right. That's what I thought. Thank you for refreshing my recollection. And going back to Mr. Cherny just to clarify. I think I understand you on this point, but just to clarify with respect to my question about the April 5th final invalidity contentions. They're still presented in a manner in which there's this omnibus category of alleged Pickwick prior art devices; is that correct?

MR. CHERNY: Correct, Purewick prior art devices.

THE COURT: I'm sorry, I don't know why I keep messing up the name. Purewick.

MR. CHERNY: There's no need to apologize, Your Honor. I mean, we all understand. We went through it. Their supplement was served yesterday, but my

understanding from reviewing it and having my teammates review it is that it's still using the omnibus category of Purewick prior art devices.

THE COURT: All right. Very well. Let me hear from Sage now on this issue.

MS. FRANTZEN: Good afternoon, Your Honor. This is Sandra Frantzen for the defendant Sage. And I just wanted to start by raising two main responses and points. Point number one is that we gave the information that we had and that disclosure was robust and full and we did chart the devices. And two -- and I'll elaborate further on these. The second point is that, I know you raised the chicken and the egg problem and that issue is that to the extent there's any deficiencies about when a particular product was sold, that's due to their failure to disclose, not ours.

So if I could just further elaborate on those points, start by giving some preliminary background. Here we're alleging that Purewick tested and demonstrated and even sold this product more than a year prior to what we contend is the priority date, which is August

29, 2015. And I want to call the Court's attention to the Dippin' Dots case, which is the classic case on this issue where the Dippin' Dots patents were invalidated as obvious because the owner tested its ice cream at a festival more than a year before the priority date. That case is 476 F 3d 1337. And we really are in the same situation here, but what we've alleged in our contentions is specific. It's not every prototype they ever made. We reference particular products, tested, demonstrated and even sold between 2013, when they started testing specific types of products, and August 29th, 2015. And from the outset of the case what we tried to do at the beginning, we didn't know exactly what they had sold or done, but what we tried to do was we served several interrogatories on this point. Interrogatory number 5, which requested information about the first time they tested, demonstrated and sold the invention. That interrogatory was not answered other than saying we're going to produce documents pursuant to rule 33(B), until like last week. Interrogatory number 6 we

served. That requested the identification of the female catheters that were demonstrated and sold. That was the one subject of the court order last August. There we got trickles of information about devices that were sold and when they were sold.

You know, Mr. Cherny referenced, you know, we don't know what the story is. I think that was his quote. Well, we only know the story from what they told us the story was and that interrogatory was supplemented as recently as a few weeks ago where they told us for the first time that certain devices that were sold back in 2014 they acknowledge were covered by the patents in suit. That was after we served our last set of contentions.

And then another interrogatory we served, number 15, where we said, you know, if you don't say the products are covered, tell us what features are missing. Now, in all of these papers, you know, they've tried to distinguish some into different types of products. I don't believe that there are eight, but they all have the same salient features. Doesn't matter if

the tape is blue, if the tape is brown, if they used vinyl, if they used silicone. Their salient features are all the same and that's what we charted. And if there was one difference, one relevant difference between those 2013 products, the products that were sold between 2013 and 2015, of any import to any claim, we still haven't heard what that is. And we have an interrogatory number 15 directly on point. And the reason why they haven't identified a single difference or feature that's missing is because there is no salient difference.

And I heard Mr. Cherny say that we don't have an opinion on whether products are covered or not. Well, this is a patent case, and frankly, when you're asking in an interrogatory, which is a standard interrogatory in a patent case, are these products covered or not, you know, you have to say whether they're covered or not. And so in any case, whether they're covered or not, tell us one feature that's missing in the products that were sold and demonstrated between 2013 and 2015. And the

fact that it's blue tape or brown tape is not a patented feature and is irrelevant. So when we did chart them, we did chart them together; however, we made specific discussion in our references regarding the different types of products. The one we actually addressed that particular point, if you look at exhibit 4 to plaintiff's submission on page 202, we specifically identified a time period of the demonstrations and sales. And they were referred to as prototypes, but Your Honor, these are products that were given to humans that were used. So just like the Dippin' Dots case, and you can call it a prototype, but it was used by humans and tested and used and one of them was sold. And we've said that they were products that were sold under the same trade name, Purewick. We referenced specific sales and specific disclosures. For example, we referenced specific testing at the Hilltop Hospital in 2014. We've subpoenaed Hilltop. Hilltop is being deposed soon. We referenced the MedTech awards submission in 2014, which came with corresponding publications. Those

publications depict the actual device and we charted the publication with the MedTech device in our claim charts. Separate and apart from Purewick prior art devices, we also charted the 2014 MedTech disclosures with pages and cites to pages on where the product was located and what features it has. Another one we disclosed was the disclosures to individuals in the July 2015 time frame, including that product sale, which, by the way, Purewick never identified that product sale to us in July 2015, even though it was their first sale, until after these disclosures were made and after we pointed out hey, we think you sold this product in July 2015. They finally said yes, we sold it, but we don't know what we sold. And this was the first sale of their product, the sale of the product that's referenced in an award submission that, by the way, they're relying on that award to claim a commercial success and that their invention is a great success. So they're saying as part of that submission, the submission and this award should be evidence of how great our invention is, but we can't tell you whether the

sale we're relying on for the award, whether that's covered by the patent. It's just not consistent, Your Honor.

We're relying on brown tape -- in our submission that we gave them yesterday in recent production from the inventors, the inventors actually produced a lot of new information, information that we had never seen before, and this was all in the last two weeks, regarding numerous disclosures, actually a lot of disclosure to the Connect Foundation between 2014 and 2015, including the brown taped version, which they admit is covered by their patents. And those additional disclosures are referenced in our final invalidity contentions.

But I guess in summary, there are specific examples with specific bates numbers disclosed. It's not a mystery what these items are. And the fact that yes, okay, some of them had brown tape, there were some that were white, some that were blue, but it's like the Dippin' Dots, it doesn't matter whether the ice cream was purple or pink or white, they're covered by their patents for the same reason that they

allege that those products that were sold after the bar date are covered by their patents. They all have a tube, just like Purewick said they do, they all have the container that Purewick claims that they have. They're all -- all the salient features are the same and we did chart those features and we did do that on an element by element basis.

And to further that point, Your Honor, they're claiming that our charts are inadequate, but the same thing that we did for our charts is the same thing that they did for their own charts and exactly what they're doing. If you look -- they reference their charts and actually produced a copy at DI 154, exhibit 1 and they had attachments B and C. All they're doing for their charts is literally putting in the claim language and a picture of their product and saying it has the feature. So, you know, our charts referenced the product and within the text of the chart there's specific discussion and cites to bates numbers as well as page cites from a reference in particular prior art documents, but we're both treating them the

same way in how we're charting them.

So I guess we do feel that we've given them all the information that we can to date. Our supplement yesterday was based on everything that we had in our presence. We haven't even deposed three of the inventors yet. Three out of the four. And just basically that the claim that the products are somehow different because they used a different colored tape or because they have a vinyl versus silicone reservoir, it's just a red herring, because between 2013 and 2015 the salient features were the same. So I guess that kind of addresses the main issues of what we feel that -- we strongly feel that we disclosed everything that we could and we did it with detail with cites to bates numbers and with reference and, you know, I also kind of want to point out our interrogatory responses where we provided additional pictures of what was shown which we learned from the Connect Foundation recently, which wasn't in their interrogatory responses. That was exhibit A to our response. So I guess I'll just stop there and pause,

because I've been going on, but I guess I really take umbrage with the issue that we're somehow not disclosing this when we've been trying to get the information for months. It's finally starting to trickle in now in the last couple of weeks really from the inventors and from the third parties. And, you know, we've done everything we can to disclose these devices and as to the number of the devices, I'm happy to talk about that further, but we feel that they do constitute a single device and if there was any difference between them such that it would count as more than one device, then they should respond to interrogatory number 15 and say hey, you know, the blue device didn't have a tube in it or whatever they want to say about it, but they all have the same features. So I'm happy to elaborate oh that further, but that's why we treated them as a single product.

THE COURT: All right. Any rebuttal, Mr. Cherny.

MR. CHERNY: Yes, Your Honor. First of all, let's start with interrogatory number 15. That's the interrogate that Judge

Noreika specifically addressed and told them that we are not under any obligation to identify elements that are allegedly missing between different prototypes, products, whatever, until they specifically chart them specifically element by element.

THE COURT: You cut out there, Mr. Cherny. Maybe you moved away --

MR. CHERNY: I did not move. I will blame it on the phone. I was saying that interrogatory number 15 is the exact one that Judge Noreika told them that they could not ask us to identify elements that were missing or allegedly missing from different prototypes until they specifically charted element by element, prototype by prototype what was there. They didn't do that.

Second of all, I'm going to dispel something. We have never said that the brown or the blue tape was a difference that was relevant to the patents. We have been using these as ways of identifying. We could have said number 1, number 2, number 3. Nobody has ever alleged that those are themselves alleged differences.

Those are identification so people can know which prototype or device people are talking about.

So going back to 15, they've already lost that argument. And instead of going forward and identifying for each specific prototype element by element what it is that they contend is there and is not there, they didn't do that. You heard Ms. Frantzen, she said repeatedly we view them as having all the same salient features. I don't know what that means, but if that's what you think, pick some number within 35 and chart them and say here, this featured this. But saying I allege substantively that these are all the same and that I've asked you in an interrogatory that the Court has already denied a motion to compel on to tell me what's the difference isn't an answer. What we have here is a clear admission by Sage that they are still grouping them together, that they've always grouped them together and I guess that they're all the same, which they're entitled to do. I'm not questioning that they've charted a paper

relating to the Connect, but what they have not alleged is that they have taken these prototypes, these devices about which they've apparently have quite a bit of information that they allege that they know that from 2013 to 2016 they were sold, they were disclosed or whatever. And by the way, there's no point in arguing the substance of their anticipation arguments regarding what was sold, what was disclosed, what does or does not -- this is the time for contentions or was when they were ordered to produce this information. But what we have here is, is a clear admission by Sage that yes, we want them to answer interrogatory number 15. Until they do that, we won't chart element by element, device by device, even though Judge Noreika clearly told them that the order had to be that they had to go first on that. They've had the devices for a long time. They've inspected them. They have pictures of them. They are fully capable of having themselves or any technical expert that helps them to make assertions as to why any particular device has certain elements in certain claims

33

and they make whatever contentions. But they haven't done that. All that they've said, and that's what they said today, is that to date all we can do is to say we think they have all the same salient features that until you tell us what's different about them, despite Judge Noreika's order to the contrary, we can't do anything more. So what we have here is, you know, the contentions they give us.

Now, my answer is that if they are content with them, that's fine. Then I guess they should be stuck with them and then when it comes time to when they do their expert reports, we're going to Judge Noreika and we're going to say look, Your Honor, they never showed any good cause why they should add this to and why we should be hearing about this for the first time in invalidity reports and that's fine. And by the way, Mr. Shaw informs me, I guess in defense of his honor, that there was a proposed order attached at the end of the letter. I don't know if somehow it got detached in the Court's copy, but we did provide them.

THE COURT: I'll look for that.

Hawkins Reporting Service
112 Burning Tree Road - Dover, Delaware 19904
(302) 658-6697 FAX (302) 658-8418

34

Thank you. I thought, you know, my scheduling order scheduling this dispute and the forms on my website instruct and I thought perhaps I overlooked it because I didn't look for it in a spot where I expected it would be, so I apologize, as I said earlier, if I overlooked it.

MR. CHERNY: Your Honor, Mr. Shaw has been around for a long time, and I'm fairly well confident that he certainly tried to abide by the Court, so if somehow it got detached or however, but he tells me it's there and I'll take his word for it.

At this point if Ms. Frantzen is and Sage is happy and they feel they've complied and they feel they've given us all the information that they can, and they feel that it's a good faith effort to just say Purewick devices and then just blanketly argue that their view is they're all the same from salient features, then they should be content with that and then when they come forward with something new, I guess they're going to have to be prepared to discuss with Your Honor or Judge

Hawkins Reporting Service
112 Burning Tree Road - Dover, Delaware 19904
(302) 658-6697 FAX (302) 658-8418

35

Noreika why it was that they couldn't do that earlier. And that's fine with me, Your Honor.

MS. FRANTZEN: Your Honor, this is Sandra Frantzen. May I quickly respond?

THE COURT: Ms. Frantzen, you have one minute and no more. Thank you.

MS. FRANTZEN: Okay. Thank you. I just want to address the interrogatory number 15. My colleague, Bryce Persichetti is going to address this further. And that is, we did supplement after the Court -- we had the meeting with the Court in December. Prior to December 2020 we had not alleged that the Purewick prior art devices had every element, because we didn't know what the devices were. Our submission, December 18th, 2020, was the first time that we charted them. It was the first time that we described the devices we were relying on and you can see that they're different. Exhibit 2 is different than exhibit 3 because the devices were charted and Judge Noreika specifically said that if you come forward, Sage, with assertions and say the elements are met by the Purewick prior art devices, then I would make Purewick

Hawkins Reporting Service
112 Burning Tree Road - Dover, Delaware 19904
(302) 658-6697 FAX (302) 658-8418

36

tell me why we disagree and that's something we did on December 18th, 2020.

THE COURT: We're going to get Sage's motion to compel against Purewick, but with respect -- and I did find the order. It wasn't in the where I was looking for it previously. It is at the very end of the submissions, so thank you for clarifying that.

Notwithstanding the order and the relief requested by Purewick, the motion to compel is denied. I think Mr. Cherny, your comment in the last portion of your rebuttal were perhaps the most informative at least for my purposes in resolving this discovery dispute, because it really, in reality, is not a discovery dispute. It is more in the nature of a partial motion in limine or perhaps a Daubert motion. There is a fundamental dispute between both sides that cannot be resolved in the context of a discovery dispute. And that fundamental dispute is that defendants are arguing, Sage is arguing that the salient features of what they capture or identify as the Purewick prior art devices are the same.

Hawkins Reporting Service
112 Burning Tree Road - Dover, Delaware 19904
(302) 658-6697 FAX (302) 658-8418

9 of 26 sheets Page 33 to 36 of 65 04/07/2021 09:10:19 AM

Plaintiffs fundamentally disagree with that. That is not a discovery dispute. For purposes of number of references, there will yet be another tier where both asserted claims and references relied upon by the defendants will be parsed down. If this problem proceeds by Purewick in terms of this omnibus catergory of Purewick's prior art devices persist through the next level of case narrowing, then I suppose it will be addressed in the expert reports and ultimately at a motion practice, whether it be Daubert motions, partial summary judgment motions or motions in limine to preclude defendants from proceeding in this fashion or to further reduce the number of references the plaintiffs believe a roundabout way of wrapping in additional prior art references, that should not be included within the limits of the case narrowing set by the Court. So it really isn't a dispute that I can address at this time. So for purposes of a discovery motion, and the way you've framed -- the way Purewick has framed its request for relief in the order, it is denied without prejudice.

Let's move on. There's been some overlap with respect to Sage's motion to compel Purewick to supplement its responses to interrogatory number 6 and 15 and then also number 5 as well as to compel Purewick to further narrow its asserted claims. Let's deal with the number of asserted claims first and I'll hear very brief argument on that, because it's not worth devoting half an hour on. So let's hear very brief argument on that. I'll hear from Sage first, then Purewick.

MR. PERSICHETTI: This is Bryce Persichetti from McAndrews on behalf of Sage and I'll be handling this one. So in September 2020, before much discovery in this case had occurred, the party depositions, really before even claim construction briefing had started, Purewick sought for Sage to narrow its invalidity contentions and the Court denied Purewick's request after Sage explained that the number of references that it was using correlated with the number of claims asserted as well as Purewick's broad infringement contentions. And then the Court, in response,

or along with that denial, the Court ordered the parties to confer regarding narrowing the claims asserted as well as the number of prior art references. And a couple weeks later the Court ordered Purewick to drop 5 of it's 37 claims and ordered Sage to reduce its number of references to 35 over 200 in order to narrow the issues in this case. And essentially Purewick broadened that narrowing order by selecting its claims that it dropped in a way that did not narrow the case in a meaningful way. Whereas in response to the Court's narrowing order, Sage reduced its prior art references from over 200 to 33, which is even less than the ordered 35. And as we explained in the prior briefing, Purewick only needed to reduce its claims by five and essentially it didn't even do that.

So our position is that the Court should force Purewick to select which claims it is applying to actually narrow the issues in this case. For example, clearly asserting a dependent claim and dropping the parent claim it depends on does not narrow the case for the parties or the court. And similarly, asserting

method claims that are essentially the same as the dropped apparatus claims didn't narrow the case either. Purewick's brief didn't really dispute that those three dropped claims narrowed the disputes in this case, they just said we don't think we need to narrow the case, we just complied with the order.

And the second to last thing in Purewick's letter says, if the claims are all almost identical, why narrow at all given that there's infringement? Giving that, an infringement and validity analysis for one claim will likely do the same. And that's exactly our point, why narrow at all if Purewick is going to select its claims in the way that the infringement and validity analysis is the same even after they supposedly narrowed? So that's all I had on that point. I know you asked me to be quick.

THE COURT: Well, I appreciate your succinct arguments on that point. I'll hear from Purewick now.

MR. CHERNY: Your Honor, this is Mr. Cherny. I'll try to be equally succinct.

The rhetorical statement that Mr. Persichetti raised was actually the opposite, which is we don't view them as the same. So the idea is that these claims are not the same. Dependent claims have additional elements, so when we dropped the independent claim, we have to prove additional elements for infringement and they have to prove additional for validity. I don't think that there's any workable way for the Court -- first of all, I'm not even sure this is a motion to compel discovery, but putting that aside, I don't know how there's any workable way for the Court to sit there and compare oh, is this method claim different from this apparatus claim. Well, method claims often have issues having to do with inducement and contributory infringement that apparatus claims don't. There's different prior art that often qualifies. Dependent claims obviously have an additional element. And so that plus the fact that when we put this before Judge Noreika, you know, there was never any argument that somehow you had to have some qualitative assessment of which claims would narrow to the other side's

satisfaction. You know, we were told to get down to 32 claims. We picked 32 claims. And that was six months ago. And it took a long time for it to get raised here. We've already markmaned the claim and I really don't understand the argument. And like we said in our letter, you know, as they've acknowledged here, they said oh, well, we've got a paper that's the same as a, what we allege is a device piece of prior art. You know, no one is going through and arguing and saying well, let's compare the prior art you dropped to make sure that's sufficiently different that it's narrowing. And in fact, we understand that often times prior art can both be a publication and a device that may have a lot of overlap, but different legal aspects to it. So I just don't think there's any basis on Sage's part to reconstrue Judge Noreika's order to put in an additional requirement that somehow not only do you have to get down to the number of claims, which she said could be from any patent, any claims, that somehow we were supposed to perform some type of qualitative assessment to satisfy

the other side as to whether it sufficiently narrowed it such that there was no overlap or less overlap between claims in a patent.

THE COURT: All right. Any brief rebuttal, Mr. Persichetti?

MR. PERSICHETTI: Yes. Again, I'll just, again, emphasize that the point of this order was clear from Judge Noreika's oral order that the point was to narrow the issues in the case. And again, the way Purewick selected its claims did not narrow, with respect to those three claims that it dropped, did not narrow the issues in the case with respect to the invalidity or infringement.

THE COURT: Thank you. Go ahead. Anything further?

MR. PERSICHETTI: That's all.

THE COURT: All right. I see some parallels with respect to this argument that were present in the first argument and I addressed that that was really in the nature of a discovery dispute and I have to say the same thing here. We have a case narrowing order and the case will yet further be narrowed in August

when Purewick will have to further narrow the number of asserted claims to no more than 16 and then a few weeks after that, Sage will be required to narrow the number of prior art references to know more than 20. And again, if these problems persist at that time, they're more in the nature of partial summary judgment motions or Daubert motions depending on what -- how they are developed in the expert reports or even motions in limine if both sides feel getting closer to trial that, you know, the other side has not complied with the case narrowing order. They're really not discovery disputes. And so I will deny Sage's motion for relief on this point. And I'll also note that, you know, the trouble that I have with it is to grant Sage's motion would in effect incorporate limiting conditions on Purewick's selection of dependent claims or device claims and/or method claims that are simply -- that are limiting conditions which are simply not present in the language of the narrowing order. And so if there are any issues surrounding this as the case goes farther along and is subjected to yet

another tier of narrowing, if these problems persist, they are more appropriately raised in the form of whatever motion practice is most appropriate to have the district judge, Judge Noreika, resolve them.

And let me just pause here to put the rule 72(A) notification on the record. My rulings today on this record will serve as the order of the Court. I won't be issuing a separate written memorandum opinion and order on these issues. The parties are directed to the timing under rule 72(A) for bringing any objections to my rulings to the attention of Judge Noreika. And because these are non dispositive rulings under 72(A), Judge Noreika will review my rulings to determine whether they are clearly erroneous or contrary to law to the extent any party brings an objection to my rulings to her attention.

Let's move on. And again, this is another area where I'll ask the parties to be succinct. Let's move on to Sage's motion to compel the supplementation of the specific interrogatories. Let's start with number 6 and

15. And before you begin whatever comments you were prepared to make, what I want to know, because this is really, as I see it, the third time this issue is brought in front of the Court, what new or different circumstances exist now that did not exist back in December when Judge Noreika denied Sage's motion to compel more complete or supplemental answers to these interrogatories? Who will address that on behalf of Sage.

MR. PERSICHETTI: This is Bryce Persichetti on behalf of Sage and I will address this issue. So with respect to Your Honor referenced the December hearing. That hearing was only with regard to interrogatory number 15 and as my colleague, Sandra Frantzen, referenced earlier, at that time Sage had not charted the prior art products. And then in the invalidity contentions that were due a couple weeks after that hearing, Sage followed Judge Noreika's instructions to chart those Purewick products as well as specifically identify them with reference to bates numbers. As my colleague said, Judge Noreika said look, if you come

Hawkins Reporting Service
112 Burning Tree Road - Dover, Delaware 19904
(302) 658-6697 FAX (302) 658-8418

forward with assertions and you say that all of these claim elements are met, then I would make them tell you why they disagree. So that's exactly what we did. And then as we got more information, as we discussed more and more information trickled out of Purewick and even more so from third parties such as the Connect Foundation and the inventors, we supplemented our interrogatory responses and our invalidity contentions to provide that additional information. So we now have charted the Purewick prior art devices as instructed by Judge Noreika and we've specifically identified what those devices are with as much information as we had. So that is why -- that's part of the reason why interrogatory number 15 should be answered fully.

And as well, I will get to -- well, if I go back to interrogatory number 6, that Your Honor referenced, Judge Noreika ordered Purewick to answer that interrogatory fully back in August, but it's pretty clear that Purewick is either withholding information or not conducting a reasonable investigation. And

Hawkins Reporting Service
112 Burning Tree Road - Dover, Delaware 19904
(302) 658-6697 FAX (302) 658-8418

I'll note that Purewick's brief misleadingly quoted that August 2020 hearing. They cited part of the transcript on page 25 where Judge Noreika was asking a question hypothetically to Purewick's counsel, but in reality on page 28 Judge Noreika ordered them to respond fully after Sage explained why it needed this information about Purewick's prior art products.

So after the August 2020 order, as we discussed, Purewick identified several versions of its prior art products, namely the tapered product, the extruded product, the spun fiber, the backing product and the brown tape product and these have been referenced in our invalidity contentions and our rog responses, but Purewick did not identify whether many of these products are covered by the patents and in fact only about a month ago they said that one of these four products was covered by the patents, but still have not identified whether the other ones are which, again goes to our point to interrogatory number 15. So why did they make that determination with regard to one of those but not the other ones?

Hawkins Reporting Service
112 Burning Tree Road - Dover, Delaware 19904
(302) 658-6697 FAX (302) 658-8418

And then in addition, going back to interrogatory number 6, like I said, it's clear that they're withholding information or not conducting any sort of reasonable investigation, because just in the last couple weeks we learned that Purewick was involved in the Connect Springboard incubator program in San Diego from 2014 to 2015, but we didn't even learn that until we subpoenaed and received documents showing that Purewick repeatedly disclosed its products Connect 2014 and 2015. And those disclosures would clearly be responsive to interrogatory number 6 and would have been information that the inventors would have pretty reasonably known considering that they were heavily involved. For example, in a deposition of one of the four inventors just two weeks ago, he confirmed that Purewick disclosed its products as early as January 2014, but again Purewick didn't identify any of those disclosures in its response for interrogatory number 6 as it was ordered to by the Court.

And then again, similarly, as my colleague said, Purewick ignored its sale of the

device in July 2015 until last month after we told them the documents they produced showed that there was a July 2015 sale. And yet even still they claim that they don't know what product was sold at that time. Which again, like we said, is frankly somewhat unbelievable considering it was the first product and that would be a pretty big deal to a company, the first sale.

So again, with respect to interrogatory number 6, we need a full response that identifies when the products were disclosed and sold and whether those products were covered as they were already ordered to do. And then with respect to interrogatory number 15, like I said, we already charted these devices, we identified the specific devices. They even admitted that one of them is covered, so we want an explanation as to why the other products that we've charted or that we've identified are not covered to the extent there are any salient differences.

And additionally, this number 15 is extremely important because to the extent

that one of its devices is not covered, it would potentially be a non-infringing alternative, which we explained in our brief and which Purewick did not even respond to in its brief. So either a product is covered and potentially anticipating or an obviousness reference or it's a non-infringing alternative or potential non-infringing alternative.

THE COURT: All right. Thank you.

MR. PERSICHETTI: That's all I have to say on that.

THE COURT: All right. Let me hear from Purewick.

MR. CHERNY: Your Honor, this is Steve Cherny responding again. So let me address what I think was a little bit of an attack on us in terms of our meeting our obligations on discovery. As I said at the beginning, and what Mr. Persichetti did not respond to here is that Purewick, the company still exists, but the people who worked at Purewick at the time he's talking about no longer work at Purewick, including the inventors, because what happened was they sold

the company to C.R. Bard and then C.R. Bard was sold to Beck & Dickinson and that all happened years ago. And so what we told them in our initial disclosure was these are all individuals and that in order to get discovery with them, this is over a year ago, you should subpoena them. They did not. We then reminded them in December and January. They finally subpoenaed them in February and as a result some of the information that they're talking about has come to light that they allege somehow we withheld. We have not withheld anything. We have taken our obligation seriously. We always take our obligation to this court seriously. And so all the things that Mr. Persichetti points out are things that they found out as a result of subpoenaing the inventors who are third party individuals who have not worked for the company for a number of years. So to the extent they've found anything recently, it's because they waited, despite being told for over a year that they should subpoena these individuals, they waited until February to finally do it and then they said, my God, we're finding out information

and we said yes. So we don't understand why they didn't subpoena these people earlier, but they subpoenaed them, we are working with them to help them comply. We actually offered, we said look, we'll work with you and the inventors to help move this process along and its finally happened and as a result we are now finally connecting up the discovery they want from the inventors with the inventors and the people who founded Purewick.

As for 15, the only difference that has been identified was is that after Judge Noreika ordered what she ordered, they then, as discussed, said okay, we're going to have this omnibus thing that says Purewick prior art devices, allege that all the salient characteristics are the same and have one chart where we say all the elements are there. What that puts us in a position is they say okay, now go through all the different alleged Purewick prior art devices and now you say which ones. But we don't agree that all the salient elements are there. So our view is that in order or them to have comply with Judge Noreika's order -- and

this also deals with the 35 issue as well. Go through, pick out specific references, chart it and then we will respond as she ordered. Where we have had views and have come to a determination ourselves as of, independently as to whether something meets the elements, we've told them. And that's exactly what she told us to do. She said look, provide them the facts. We have provided them with all the facts that we had. And then when they finally subpoenaed the inventors and the Purewick founders, they got more information. But we have given them everything factual that we have. The Court was very clear, we did not have to make contentions relating to validity and what elements were missing until they made specific element by element contentions as to invalidity. They haven't done that. They have this omnibus, you know, category where they say well, we think it's all the same, now you go through and explain where all the elements are missing. To do that would put them over the 35 right off the bat and would put us in a position where literally we have to go through and apart from

the other references that they've charted, their paper references, we would now have to go through tens of devices and essentially go through and say, okay, we think the -- form contentions say we think this element is missing, based on the fact that they have now grouped them all together and said we think they have all the salient characteristics the same. That's not what Judge Noreika ordered. If there's something they want us to specifically chart, they should chart it and say okay, this spun fiber embodiment, here's why we believe all these elements are there. And here's why we believe it's invalidated, then it would shift to us to then say okay, here's why we disagree with the spun fiber or we agree and just say we don't think it's prior art. But it totally evades the 35 limit to essentially have a big omnibus category saying we think all the salient characteristics are the same and now you tell us why they're not. And that's exactly opposite what Judge Noreika ordered in December. So I don't think anything is changed other than they made a category say all the elements are there

and unlike infringement where we literally had to actually point to specific products, they say okay we have a category, each of the elements is in that category, we think that all the characteristics are the same, now you tell us all those members of the category, where you disagree. That is inconsistent with what Judge Noreika held in December and I don't believe that her intent was saying okay, just make an omnibus category, say they are all invalid and now you figure out the rest and yet that would still be within the 35 limit. Thank you, Your Honor.

THE COURT: All right. Anything further?

MR. PERSICHETTI: Yes, Your Honor. I would like to respond. So first with regard to the reasonableness of the investigation and as far as the argument that these are former employees. These are former employees, these inventors, and they have all this information that's been shown in their recent e-mail production and what's even worse is that Purewick waited until February of this year, so

about a little over two months ago, to tell us that they lost the e-mail server that contained all of these inventors' e-mails that had many of these disclosures in them. And so a reasonable investigation would have involved interviewing the inventors as to when the disclosures occurred. In fact, Quinn Emanual, counsel for Purewick, represents these inventors and Purewick has even designated inventors Raymond Newton and Camille Newton as 30(b)(6) witnesses on multiple topics to what we're talking about right now for depositions next week. So the argument that Purewick didn't have this information because it was in the hands of former employees, that doesn't seem to hold water. Then again, they should have investigated this in the face of the Court's order in August of last year. And then again, as far as -- I don't think Mr. Cherny even again mentioned my point about non-infringing alternatives and how if these products are not -- if there are some salient differences that caused one of these four devices not to be a covered product, it could potentially be a

non-infringing alternative, which is another reason interrogatory number 15 is so relevant.

And in fact, just last week, after these letters were due, Purewick served the interrogatory response saying that there were no non-infringing alternatives, so this was clearly the evidence showing that there potentially were.

Okay. That again is pretty much in summary what I have, that they need to provide a full response to interrogatory number 6, involving a reasonable investigation. Clearly information coming out they have recently they haven't even supplemented to include and there most likely is going to be more information coming out, because we still are owed documents from these inventors. And depositions will be next week, so, again, there's -- yeah. That's pretty much all I have.

MR. CHERNY: Your Honor, may I briefly address one point?

THE COURT: Mr. Cherny, I've heard enough argument on these issues. Sage's motion to compel supplemental or more complete

responses to interrogatories number 6 and 15 are denied. And largely my reasons for doing that are based on the very thorough analysis that Judge Noreika provided on the record, particularly with respect to interrogatory number 15 at the December 3 hearing on the discovery dispute.

But let me make a few more comments beyond what was stated on that record. With respect to interrogatory number 6, I am hearing from Purewick that it has provided as complete a response as it is able to provide with information that's in its possession, custody and control. The company apparently has been transferred or sold on a number of occasions. The inventors are no longer employees under the control of the company. In order to gain more information, Purewick informed Sage that it should pursue discovery of third parties that might yield more information. Sage's skepticism alone that Purewick has not done as thorough a job as it could have in ferreting out and searching for this information is not enough to support compelling further

information that a party tells me it has nothing -- when a party tells me it has nothing to provide. This is not a sanctions motion. Whether or not Purewick did everything within its control to find the answer to interrogatory number 6 is another matter for another day. Should information come about with respect to the imminent depositions that will be taken that put either party in a position to seek further relief from the court on the basis that information should have been provider sooner and somehow getting it at this point in the case is not enough or is prejudicial or should subject arguably the other side to sanctions is an issue that's not before me and may never come before the court.

With respect to interrogatory number 15, I see nothing different and I hear nothing different in the argument and I've read nothing really different in the papers that wasn't before Judge Noreika. Her issue was not just with putting -- shifting the burden from the party that bears the burden on invalidity to the other side, to the plaintiffs to answer

those contention type interrogatories, but it was with the format or the method by which Sage went about this. She directed Sage to ask its questions in a way that would elicit facts. Sage is in possession of the photographs of these alleged prior art Purewick devices. Sage is in possession of samples of these alleged Purewick prior art devices. It has all the information it needs to fashion specific inquiries about factual features of these products that it could have asked Purewick, but it insists on shifting these contention interrogatories to Purewick that can't conceivably be answered in any reasonable manner for the very reason I put on the record with respect to our first issue. That is, there is a fundamental difference of views between the parties that cannot be resolved in the context of a discovery dispute. Sage wants to bundle these Purewick prior art devices into one combination that shares all the same salient characteristics, but the plaintiff does not agree with that concept. At some point there will be a motion practice and the Court will

resolve whether Sage is permitted to bundle them on the basis that they have all the same salient characteristics and should, in fact, constitute one reference or whether they don't. But that is not a discovery dispute that I can resolve on this record. And for that reason, I find it -- I'm in no better position than Judge Noreika was back in December to compel the plaintiff to answer interrogatory number 15 for those reasons. So with respect to those interrogatories, the motion to compel is denied.

And I'm not sure that it's, you know, it's worth a lengthy argument with respect to the remaining interrogatory, interrogatory number 5, which the plaintiff was previously ordered by the Court to provide information with respect to identification of any external female catheter products used, offered for sale, sold or demonstrated and to provide the corresponding dates for each. In answering my question with respect to one of the earlier issues disputed in this teleconference, I was told by Purewick that it did the best it could with the information it presently had in its possession, custody and

control and can do know better. And all I can do at this point is order that Purewick, as required by federal rule of civil procedure 26(E), has an ongoing obligation to supplement if and when additional information comes into its possession that ought to be supplemented with respect to this particular interrogatory. So at this point, I will hear very briefly from Sage if there's any other information that it wants to put before the Court, but I am inclined to deny the motion to compel with respect to interrogatory number 5 for the reasons that I have just stated.

On behalf of Sage, counsel, are there any other arguments that you think would alter the result that I've just announced on the record with respect to interrogatory number 5? Counsel for Sage? Is it Mr. Persichetti again?

MR. PERSICHETTI: Your Honor, this is Bryce Persichetti and no, Your Honor.

THE COURT: All right. Then my ruling with respect to interrogatory number 5 stands as well. The request to compel supplemental answers to that is denied.

As I said earlier, my rulings will be bench rulings. The transcript will serve as the order of the Court. I thank counsel for your arguments today. Is there anything further that I need to address on behalf of the plaintiff?

MR. CHERNY: No, Your Honor.

THE COURT: Anything further on behalf of the defendant Sage?

MS. FRANTZEN: Not at this time, Your Honor. Thank you.

THE COURT: Thank you, everyone. Stay well. I am disconnecting from the call.

(End at 3:16 p.m.)

State of Delaware)
)
New Castle County)

CERTIFICATE OF REPORTER

I, Stacy M. Ingram, Certified Court Reporter and Notary Public, do hereby certify that the foregoing record, Pages 1 to 65 inclusive, is a true and accurate transcript of my stenographic notes taken on April 6, 2021, in the above-captioned matter.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 6th day of April 2021, at Wilmington.

*/s/ Stacy M. Ingram*
Stacy M. Ingram, CCR

## /

**/s** [1] - 65:19

## 1

**1** [3] - 27:15, 30:23, 65:9
**1337** [1] - 21:7
**15** [21] - 22:18, 23:9, 29:14, 29:24, 30:11, 31:4, 32:15, 35:9, 38:4, 46:1, 46:15, 47:16, 48:22, 50:15, 50:23, 53:11, 58:2, 59:1, 59:6, 60:18, 62:9
**154** [1] - 27:15
**15th** [1] - 12:3
**16** [1] - 44:2
**18th** [2] - 35:16, 36:2
**19-1508-MN** [1] - 1:4

## 2

**2** [2] - 30:23, 35:19
**20** [1] - 44:5
**200** [2] - 39:7, 39:13
**2013** [6] - 21:12, 23:6, 23:7, 23:24, 28:12, 32:5
**2014** [9] - 12:5, 22:14, 24:21, 24:23, 25:5, 26:12, 49:8, 49:11, 49:19
**2015** [14] - 12:3, 21:1, 21:14, 23:7, 23:24, 25:8, 25:11, 25:15, 26:12, 28:12, 49:8, 49:11, 50:1, 50:3
**2016** [1] - 32:6
**202** [1] - 24:8
**2020** [6] - 35:13, 35:16, 36:2, 38:15, 48:2, 48:9
**2021** [3] - 1:10, 65:11, 65:15
**25** [1] - 48:3
**26(E** [1] - 63:4
**28** [1] - 48:5
**29** [1] - 21:1
**29th** [1] - 21:14
**2:00** [1] - 1:10

## 3

**3** [3] - 30:23, 35:20, 59:6
**30(b)(6** [1] - 57:10
**32** [2] - 42:2
**33** [1] - 39:13
**33(B** [1] - 21:23
**35** [15] - 5:13, 7:12, 8:17, 9:20, 11:10, 11:13, 17:14, 17:23, 31:13, 39:7, 39:14, 54:1, 54:22, 55:18, 56:12
**37** [1] - 39:5
**3:16** [1] - 64:14
**3d** [1] - 21:7
**3rd** [1] - 13:20

## 4

**4** [1] - 24:7
**476** [1] - 21:7
**4th** [1] - 12:5

## 5

**5** [7] - 21:19, 38:5, 39:5, 62:15, 63:12, 63:17, 63:22
**5th** [4] - 4:23, 6:20, 13:21, 19:12

## 6

**6** [14] - 1:10, 21:24, 38:4, 45:24, 47:19, 49:2, 49:13, 49:22, 50:11, 58:12, 59:1, 59:10, 60:6, 65:11
**65** [1] - 65:9
**6th** [1] - 65:15

## 7

**72** [2] - 13:18, 14:14
**72(A** [3] - 45:7, 45:12, 45:15

## 8

**844** [1] - 1:12
**89** [1] - 18:20

## A

**abide** [1] - 34:10
**able** [1] - 59:12
**above-captioned** [1] - 65:11
**accurate** [1] - 65:10
**acknowledge** [1] - 22:14
**acknowledged** [1] - 42:7
**acknowledging** [1] - 8:24
**actual** [1] - 25:1
**add** [4] - 7:18, 12:19, 18:11, 33:16
**addition** [1] - 49:1
**additional** [12] - 5:2, 18:10, 26:14, 28:20, 37:17, 41:5, 41:7, 41:8, 41:20, 42:20, 47:10, 63:5
**additionally** [1] - 50:23
**address** [9] - 3:23, 35:8, 35:10, 37:20, 46:9, 46:12, 51:16, 58:21, 64:5
**addressed** [4] - 24:6, 30:1, 37:10, 43:21
**addresses** [1] - 28:14
**admission** [2] - 31:19, 32:13
**admit** [2] - 9:6, 26:13
**admitted** [1] - 50:18
**advance** [1] - 10:22
**affect** [1] - 5:7
**afternoon** [7] - 3:1, 3:8, 3:12, 3:15, 3:20, 4:5, 20:6
**ago** [8] - 7:15, 22:12, 42:3, 48:18, 49:18, 52:3, 52:6, 57:1
**agree** [4] - 11:6, 53:22, 55:16, 61:23
**agreeing** [1] - 8:9
**ahead** [1] - 43:15
**allegations** [1] - 6:12
**allege** [14] - 6:13, 9:2, 9:16, 9:17, 10:4, 12:3, 12:5, 18:9, 27:1, 31:14, 32:5, 42:9, 52:11, 53:16
**alleged** [13] - 4:2, 16:20, 17:17, 18:13, 19:15, 21:8, 30:23, 30:24, 32:2, 35:13, 53:20, 61:6, 61:7
**allegedly** [2] - 30:3, 30:14
**alleges** [1] - 4:12
**alleging** [1] - 20:21
**allow** [1] - 4:7
**allowed** [1] - 5:14
**allows** [1] - 9:20
**almost** [1] - 40:10
**alone** [1] - 59:21
**alter** [1] - 63:16
**alternative** [4] - 51:2, 51:7, 51:8, 58:1
**alternatives** [2] - 57:21, 58:6
**ambiguity** [1] - 15:4
**amount** [2] - 7:6, 12:9
**analysis** [3] - 40:12, 40:16, 59:3
**Anne** [1] - 3:16
**ANNE** [1] - 2:3
**announced** [1] - 63:16
**answer** [14] - 5:22, 6:1, 6:9, 6:14, 6:15, 15:8, 16:12, 31:19, 32:14, 33:10, 47:21, 60:5, 60:24, 62:9
**answered** [3] - 21:22, 47:17, 61:14
**answering** [1] - 62:20
**answers** [3] - 13:13, 46:8, 63:24
**anticipating** [1] - 51:6
**anticipation** [1] - 32:8
**apart** [3] - 10:21, 25:3, 54:24
**apologize** [6] - 4:20, 6:23, 7:2, 18:24, 19:22, 34:6
**apparatus** [3] - 40:2, 41:14, 41:17
**appearances** [1] - 3:6
**APPEARANCES** [2] - 1:18, 2:1
**applying** [1] - 39:20
**appreciate** [1] - 40:20
**appropriate** [1] - 45:4
**appropriately** [1] - 45:2
**April** [9] - 1:10, 4:23, 6:20, 11:16, 12:5, 13:8, 19:12, 65:11, 65:15
**area** [1] - 45:21
**arguably** [1] - 60:14
**argue** [1] - 34:19
**arguing** [4] - 32:8, 36:22, 42:11
**argument** [12] - 31:5, 38:8, 38:10, 41:22, 42:6, 43:19, 43:20, 56:19, 57:13, 58:23, 60:19, 62:13
**arguments** [4] - 32:9, 40:21, 63:15, 64:4
**art** [46] - 4:2, 4:13, 5:11, 6:3, 6:8, 6:13, 9:5, 9:7, 9:9, 9:19, 10:3, 10:4, 11:18, 12:2, 12:11, 13:12, 17:17, 18:14, 18:23, 19:15, 19:18, 20:3, 25:4, 27:24, 35:14, 35:24, 36:24, 37:8, 37:17, 39:3, 39:13, 41:18, 42:10, 42:12, 42:15, 44:4, 46:18, 47:12, 48:8, 48:11, 53:15, 53:21, 55:17, 61:6, 61:8, 61:20
**aside** [2] - 9:11, 41:12
**aspects** [1] - 42:17
**asserted** [7] - 18:22, 37:4, 38:6, 38:7, 38:22, 39:3, 44:2
**asserting** [3] - 16:16, 39:21, 39:24
**assertion** [3] - 8:19, 16:21, 16:23
**assertions** [6] - 8:16, 9:6, 17:2, 32:23, 35:22, 47:1
**assessment** [2] - 41:23, 42:24
**attached** [2] - 6:24, 33:21
**attachments** [1] - 27:16
**attack** [1] - 51:17
**attention** [3] - 21:2, 45:13, 45:19
**August** [10] - 13:21, 19:6, 20:24, 21:13, 22:4, 43:24, 47:22, 48:2, 48:9, 57:18
**avoid** [1] - 9:20
**award** [4] - 25:18, 25:19, 25:23, 26:1
**awards** [1] - 24:23

## B

**background** [2] - 4:8, 20:21
**backing** [1] - 48:13
**ball** [1] - 10:22

**bar** [1] - 27:2
**Bard** [3] - 14:23, 52:1
**based** [7] - 8:6, 9:9, 13:12, 15:4, 28:4, 55:6, 59:3
**basis** [4] - 27:8, 42:18, 60:10, 62:2
**bat** [1] - 54:23
**bates** [4] - 26:17, 27:22, 28:17, 46:23
**bears** [2] - 14:8, 60:23
**Beck** [2] - 14:24, 52:2
**BEFORE** [1] - 1:15
**begin** [1] - 46:1
**beginning** [4] - 3:6, 3:13, 21:15, 51:19
**behalf** [8] - 3:17, 4:7, 38:13, 46:10, 46:12, 63:14, 64:5, 64:9
**bench** [1] - 64:2
**beneficial** [1] - 10:19
**benefit** [1] - 9:9
**best** [3] - 15:8, 16:11, 62:23
**better** [2] - 62:7, 63:1
**between** [11] - 21:12, 23:5, 23:7, 23:24, 26:11, 28:12, 29:12, 30:3, 36:18, 43:3, 61:17
**beyond** [1] - 59:9
**big** [4] - 11:17, 17:24, 50:8, 55:18
**bigger** [1] - 14:8
**bit** [3] - 15:3, 32:4, 51:16
**blame** [1] - 30:10
**blanketly** [1] - 34:19
**blue** [5] - 23:1, 24:1, 26:21, 29:15, 30:20
**break** [1] - 9:24
**breaking** [1] - 10:21
**brief** [7] - 38:8, 38:10, 40:3, 43:4, 48:1, 51:3, 51:4
**briefing** [2] - 38:17, 39:15
**briefly** [2] - 58:21, 63:8
**bringing** [1] - 45:12
**brings** [1] - 45:18
**broad** [1] - 38:23
**broadened** [1] - 39:8
**brought** [1] - 46:4
**brown** [7] - 23:1, 24:1, 26:4, 26:12, 26:20, 30:19, 48:13
**Bryce** [5] - 3:18, 35:9, 38:12, 46:11, 63:20
**BRYCE** [1] - 2:5
**bundle** [2] - 61:19, 62:1
**burden** [3] - 7:10, 60:22, 60:23
**BY** [6] - 1:20, 1:22, 1:23, 2:3, 2:5, 2:6

## C

**C.A** [1] - 1:4
**C.R** [3] - 14:23, 52:1
**cabin** [1] - 5:13
**Camille** [1] - 57:10
**cannot** [3] - 11:12, 36:19, 61:18
**capable** [1] - 32:21
**captioned** [1] - 65:11
**capture** [1] - 36:23
**cart** [1] - 8:14
**case** [29] - 5:9, 7:7, 12:15, 16:18, 21:2, 21:3, 21:7, 21:14, 23:16, 23:19, 23:21, 24:13, 37:9, 37:18, 38:15, 39:8, 39:11, 39:21, 39:23, 40:3, 40:5, 40:6, 43:10, 43:13, 43:23, 43:24, 44:12, 44:24, 60:12
**Castle** [1] - 65:2
**category** [14] - 6:3, 6:8, 6:10, 9:19, 12:11, 19:14, 20:3, 54:19, 55:19, 55:24, 56:3, 56:4, 56:6, 56:10
**catergory** [1] - 37:7
**catheter** [4] - 13:22, 14:16, 62:18
**catheters** [1] - 22:2
**caused** [2] - 11:7, 57:23
**CCR** [1] - 65:20
**certain** [7] - 7:6, 9:6, 9:8, 12:8, 22:13, 32:24
**certainly** [3] - 8:23, 18:10, 34:10
**CERTIFICATE** [1] - 65:5
**Certified** [1] - 65:7
**certify** [1] - 65:8
**change** [1] - 6:16
**changed** [1] - 55:23
**characteristics** [6] - 53:17, 55:8, 55:20, 56:5, 61:22, 62:3
**chart** [17] - 9:14, 10:16, 17:22, 20:12, 24:3, 27:6, 27:21, 30:5, 31:13, 32:15, 46:21, 53:17, 54:2, 55:11
**charted** [12] - 23:4, 25:2, 25:4, 30:15, 31:24, 35:17, 35:21, 46:17, 47:11, 50:16, 50:20, 55:1
**charting** [4] - 6:11, 17:7, 18:14, 28:1
**charts** [9] - 10:6, 13:1, 25:3, 27:10, 27:12, 27:13, 27:14, 27:17, 27:20
**Cherny** [14] - 3:10, 4:6, 5:20, 10:12, 19:9, 22:7, 23:14, 29:21, 30:8, 36:11, 40:24, 51:15, 57:19, 58:22
**CHERNY** [16] - 1:22, 4:5, 5:19, 7:2, 11:3, 14:19, 18:24, 19:17, 19:21, 29:22, 30:9, 34:8, 40:23, 51:14, 58:20, 64:7
**Chicago** [1] - 16:22
**chicken** [2] - 14:5, 20:14
**circumstance** [2] - 9:1, 12:4
**circumstances** [1] - 46:5
**cite** [1] - 8:2
**cited** [1] - 48:2
**cites** [4] - 25:5, 27:22, 27:23, 28:17
**civil** [1] - 63:3
**claim** [17] - 10:6, 16:24, 23:8, 25:3, 25:20, 27:18, 28:8, 38:17, 39:22, 40:12, 41:6, 41:14, 41:15, 42:5, 47:2, 50:4
**claiming** [1] - 27:10
**claims** [35] - 18:21, 18:22, 27:5, 32:24, 37:4, 38:6, 38:7, 38:22, 39:2, 39:5, 39:9, 39:16, 39:19, 40:1, 40:2, 40:4, 40:9, 40:15, 41:4, 41:5, 41:15, 41:17, 41:19, 41:24, 42:2, 42:21, 42:23, 43:3, 43:11, 43:12, 44:2, 44:19, 44:20
**clarify** [2] - 19:10, 19:11
**clarifying** [1] - 36:8
**clarity** [1] - 13:5
**classic** [1] - 21:3
**clear** [10] - 4:10, 6:2, 9:12, 15:16, 31:19, 32:13, 43:8, 47:22, 49:3, 54:14
**clearly** [6] - 32:17, 39:21, 45:17, 49:12, 58:6, 58:13
**closer** [1] - 44:11
**colleague** [4] - 35:9, 46:16, 46:23, 49:24
**collection** [2] - 6:19, 10:21
**colored** [1] - 28:9
**combination** [1] - 61:21
**coming** [4] - 13:9, 13:16, 58:13, 58:16
**comment** [1] - 36:12
**comments** [2] - 46:1, 59:9
**commercial** [1] - 25:20
**company** [7] - 14:23, 50:8, 51:20, 52:1, 52:18, 59:14, 59:17
**compare** [2] - 41:13, 42:12
**compel** [14] - 14:11, 31:17, 36:4, 36:11, 38:2, 38:5, 41:11, 45:23, 46:7, 58:24, 62:8, 62:11, 63:11, 63:23
**compelling** [2] - 3:24, 59:24
**complete** [3] - 46:8, 58:24, 59:12
**complied** [7] - 14:20, 15:17, 16:14, 17:5, 34:15, 40:7, 44:12
**comply** [5] - 14:4, 14:13, 15:11, 53:4, 53:24
**complying** [1] - 14:9
**composite** [1] - 11:9
**Conaway** [1] - 3:16
**CONAWAY** [1] - 2:2
**conceivably** [1] - 61:14
**concept** [1] - 61:23
**conditions** [2] - 44:18, 44:21
**conducting** [2] - 47:24, 49:4
**confer** [1] - 39:2
**conferences** [2] - 4:15, 13:19
**confident** [1] - 34:10
**confirmed** [1] - 49:18
**Connect** [6] - 26:11, 28:21, 32:1, 47:7, 49:7, 49:11
**connecting** [1] - 53:8
**considering** [2] - 49:15, 50:7
**consistent** [1] - 26:3
**constitute** [2] - 29:11, 62:3
**construction** [1] - 38:17
**contained** [1] - 57:2
**container** [1] - 27:4
**contemplated** [1] - 18:18
**contend** [2] - 20:24, 31:8
**content** [2] - 33:11, 34:21
**contention** [3] - 5:10, 61:1, 61:12
**contentions** [26] - 4:1, 5:1, 5:12, 6:1, 6:4, 6:16, 7:16, 12:23, 13:11, 18:6, 18:7, 19:13, 21:9, 22:16, 26:15, 32:11, 33:1, 33:9, 38:19, 38:24, 46:19, 47:10, 48:15, 54:14, 54:17, 55:5
**contest** [2] - 9:5, 15:11
**contested** [1] - 9:7
**context** [4] - 4:9, 14:22, 36:20, 61:18
**CONTINUED** [1] - 2:1
**contrary** [2] - 33:7, 45:17
**contributory** [1] - 41:16
**control** [6] - 18:7, 18:9, 59:14, 59:17, 60:5, 63:1
**copy** [2] - 27:15, 33:22
**Corporation** [1] - 3:4
**CORPORATION** [1] - 1:3
**correct** [3] - 6:5, 19:16, 19:17

**correlated** [1] - 38:22
**corresponding** [4] - 13:24, 14:18, 24:24, 62:19
**Counsel** [2] - 1:24, 2:7
**counsel** [7] - 3:7, 3:14, 48:5, 57:7, 63:14, 63:18, 64:3
**count** [4] - 8:3, 8:5, 17:12, 29:13
**County** [1] - 65:2
**couple** [9] - 4:8, 4:14, 7:14, 15:20, 18:17, 29:5, 39:4, 46:19, 49:5
**course** [1] - 9:20
**court** [7] - 10:9, 14:9, 22:3, 39:24, 52:14, 60:10, 60:16
**COURT** [29] - 1:1, 3:1, 3:12, 3:20, 4:17, 6:18, 10:11, 13:14, 18:17, 19:3, 19:7, 19:19, 20:4, 29:20, 30:7, 33:24, 35:5, 36:3, 40:20, 43:4, 43:15, 43:18, 51:9, 51:12, 56:14, 58:22, 63:21, 64:8, 64:12
**Court** [25] - 1:15, 4:14, 5:5, 10:2, 31:17, 34:11, 35:11, 35:12, 37:19, 38:19, 38:24, 39:1, 39:4, 39:18, 41:10, 41:13, 45:9, 46:5, 49:22, 54:13, 61:24, 62:16, 63:10, 64:3, 65:7
**Court's** [9] - 12:10, 13:4, 14:6, 17:5, 18:2, 21:1, 33:22, 39:12, 57:17
**covered** [18] - 22:15, 22:19, 23:16, 23:19, 23:21, 23:22, 26:2, 26:13, 26:23, 27:2, 48:17, 48:19, 50:13, 50:18, 50:21, 51:1, 51:5, 57:24
**cream** [2] - 21:5, 26:22
**cry** [1] - 16:14
**custody** [2] - 59:14, 62:24
**cut** [1] - 30:7

## D

**date** [11] - 9:10, 12:22, 13:3, 16:9, 17:16, 18:12, 20:24, 21:6, 27:2, 28:4, 33:3
**dates** [3] - 14:1, 14:18, 62:20
**Daubert** [3] - 36:17, 37:12, 44:8
**deal** [3] - 13:10, 38:6, 50:8
**dealing** [1] - 11:17
**deals** [1] - 54:1
**December** [14] - 12:18, 13:20, 16:4, 35:12, 35:16, 36:2, 46:6, 46:14, 52:8, 55:22, 56:8, 59:6, 62:8
**deem** [1] - 8:4
**defendant** [2] - 20:8, 64:9
**Defendant** [2] - 1:7, 2:7
**defendants** [3] - 36:21, 37:5, 37:14
**defense** [1] - 33:19
**deficiencies** [1] - 20:16
**define** [1] - 5:10
**DELAWARE** [1] - 1:1
**Delaware** [4] - 1:12, 3:7, 3:14, 65:1
**demonstrated** [8] - 8:7, 13:24, 20:22, 21:11, 21:20, 22:2, 23:24, 62:19
**demonstrations** [1] - 24:10
**denial** [1] - 39:1
**denied** [8] - 31:17, 36:11, 37:23, 38:19, 46:7, 59:2, 62:11, 63:24
**deny** [2] - 44:14, 63:11
**dependent** [4] - 39:22, 41:4, 41:19, 44:19
**depict** [1] - 25:1
**depose** [1] - 15:10
**deposed** [2] - 24:22, 28:6
**deposition** [1] - 49:17
**depositions** [4] - 38:16, 57:12, 58:18, 60:8
**described** [1] - 35:18
**designated** [1] - 57:9
**despite** [2] - 33:6, 52:21
**detached** [2] - 33:22, 34:11
**detail** [2] - 9:24, 28:17
**determination** [2] - 48:23, 54:5
**determine** [1] - 45:16
**developed** [1] - 44:9
**device** [14] - 9:19, 25:1, 25:2, 29:11, 29:13, 29:15, 31:2, 32:16, 32:24, 42:9, 42:16, 44:19, 50:1
**devices** [46] - 4:2, 5:11, 6:3, 6:8, 6:11, 7:23, 10:3, 11:18, 11:21, 12:12, 13:12, 16:13, 17:8, 17:17, 18:14, 19:15, 19:18, 20:3, 20:12, 22:5, 22:13, 25:4, 29:8, 29:9, 32:3, 32:19, 34:19, 35:14, 35:15, 35:18, 35:20, 35:24, 36:24, 37:8, 47:12, 47:14, 50:16, 50:17, 51:1, 53:16, 53:21, 55:3, 57:23, 61:6, 61:8, 61:20
**devoting** [1] - 38:9
**DI** [2] - 18:19, 27:15
**Dickinson** [2] - 14:24, 52:2
**Diego** [1] - 49:8
**difference** [9] - 23:5, 23:11, 23:13, 29:12, 30:20, 31:18, 53:11, 61:17
**differences** [3] - 30:24, 50:22, 57:22
**different** [20] - 12:4, 16:22, 22:22, 24:5, 28:9, 30:4, 30:14, 33:6, 35:19, 35:20, 41:14, 41:18, 42:13, 42:17, 46:5, 53:20, 60:18, 60:19, 60:20
**difficulty** [1] - 7:6
**Dippin'** [4] - 21:2, 21:3, 24:13, 26:21
**directed** [2] - 45:11, 61:3
**direction** [1] - 4:21
**directly** [1] - 23:9
**disagree** [8] - 8:18, 9:17, 17:4, 36:1, 37:1, 47:3, 55:15, 56:7
**disclose** [2] - 20:18, 29:8
**disclosed** [8] - 25:7, 26:18, 28:15, 32:6, 32:10, 49:11, 49:18, 50:12
**disclosing** [1] - 29:3
**disclosure** [5] - 9:2, 16:20, 20:11, 26:11, 52:4
**disclosures** [11] - 16:1, 24:19, 25:5, 25:8, 25:13, 26:10, 26:14, 49:12, 49:21, 57:4, 57:6
**disconnecting** [1] - 64:13
**discovery** [27] - 3:3, 7:13, 10:22, 11:8, 11:16, 12:7, 12:16, 12:24, 13:8, 13:19, 19:6, 36:14, 36:16, 36:20, 37:2, 37:21, 38:15, 41:11, 43:22, 44:13, 51:18, 52:5, 53:8, 59:7, 59:19, 61:19, 62:5
**discuss** [1] - 34:24
**discussed** [6] - 4:13, 7:4, 7:8, 47:5, 48:10, 53:14
**discussion** [2] - 24:4, 27:22
**dispel** [1] - 30:18
**dispositive** [1] - 45:15
**dispute** [16] - 3:3, 5:16, 7:1, 34:2, 36:14, 36:16, 36:18, 36:20, 36:21, 37:2, 37:20, 40:4, 43:22, 59:7, 61:19, 62:5
**disputed** [1] - 62:21
**disputes** [3] - 14:11, 40:5, 44:14
**distance** [1] - 11:2
**distinguish** [1] - 22:21
**DISTRICT** [2] - 1:1, 1:1
**district** [1] - 45:4
**District** [1] - 1:15
**docket** [4] - 5:6, 13:17, 14:14, 18:20
**docketed** [1] - 5:1
**document** [2] - 15:14, 18:20
**documents** [10] - 7:21, 15:20, 15:24, 16:7, 17:1, 21:23, 27:24, 49:10, 50:2, 58:17
**done** [8] - 8:18, 12:21, 14:4, 21:16, 29:7, 33:2, 54:18, 59:22
**Dots** [4] - 21:2, 21:4, 24:13, 26:22
**down** [4] - 10:14, 37:6, 42:2, 42:21
**drop** [1] - 39:5
**dropped** [6] - 39:10, 40:2, 40:4, 41:6, 42:12, 43:12
**dropping** [1] - 39:22
**due** [3] - 20:17, 46:19, 58:4

## E

**e-mail** [2] - 56:22, 57:2
**e-mails** [1] - 57:3
**early** [2] - 17:22, 49:19
**effect** [1] - 44:17
**effort** [1] - 34:18
**egg** [2] - 14:6, 20:15
**eight** [3] - 5:11, 6:6, 22:23
**either** [6] - 10:13, 12:13, 40:3, 47:23, 51:5, 60:9
**elaborate** [4] - 7:8, 20:13, 20:20, 29:18
**element** [27] - 6:11, 6:12, 8:15, 10:1, 10:16, 10:17, 11:24, 18:15, 27:7, 27:8, 30:6, 30:15, 30:16, 31:7, 32:16, 35:14, 41:20, 54:16, 54:17, 55:5
**elements** [18] - 13:3, 16:24, 17:20, 30:3, 30:13, 32:24, 35:23, 41:5, 41:7, 47:2, 53:18, 53:22, 54:6, 54:15, 54:21, 55:13, 55:24, 56:3
**elicit** [1] - 61:4
**EMANUAL** [1] - 1:22
**Emanual** [1] - 57:7
**Emanuel** [2] - 3:10, 4:6
**embodiment** [1] - 55:12

**emphasize** [1] - 43:7
**employees** [4] - 56:20, 57:15, 59:17
**end** [8] - 7:13, 11:7, 11:16, 12:7, 12:16, 13:9, 33:21, 36:7
**End** [1] - 64:14
**entered** [1] - 15:11
**entitled** [1] - 31:23
**equally** [1] - 40:24
**erroneous** [1] - 45:17
**ESQ** [6] - 1:20, 1:22, 1:23, 2:3, 2:5, 2:6
**essentially** [10] - 9:23, 9:24, 12:16, 16:14, 16:16, 39:8, 39:17, 40:1, 55:3, 55:18
**evade** [2] - 12:17, 17:14
**evades** [1] - 55:17
**evidence** [2] - 25:23, 58:7
**exact** [2] - 12:24, 30:11
**exactly** [6] - 21:16, 27:13, 40:13, 47:4, 54:7, 55:21
**example** [6] - 6:13, 15:5, 15:6, 24:19, 39:21, 49:16
**examples** [1] - 26:17
**except** [1] - 15:20
**exchanges** [1] - 4:24
**excuse** [1] - 17:7
**exhibit** [5] - 24:7, 27:15, 28:23, 35:19, 35:20
**exist** [2] - 46:5, 46:6
**exists** [1] - 51:21
**expected** [1] - 34:5
**expert** [6] - 12:24, 19:6, 32:22, 33:13, 37:10, 44:9
**experts** [1] - 10:24
**explain** [2] - 10:15, 54:21
**explained** [4] - 38:20, 39:15, 48:7, 51:3
**explanation** [1] - 50:19
**extent** [5] - 20:16, 45:18, 50:21, 50:24, 52:19
**external** [2] - 13:22, 62:17
**extremely** [1] - 50:24
**extruded** [1] - 48:12

## F

**face** [1] - 57:17
**fact** [17] - 5:4, 7:13, 11:7, 11:16, 12:7, 12:16, 13:8, 15:5, 24:1, 26:19, 41:20, 42:14, 48:18, 55:6, 57:7, 58:3, 62:3
**facts** [7] - 4:8, 12:6, 18:8, 18:10, 54:8, 54:9, 61:4
**factual** [5] - 9:1, 18:3, 18:4, 54:13, 61:10
**failure** [1] - 20:18
**fairly** [1] - 34:9
**faith** [1] - 34:18
**Fallon** [1] - 3:3
**FALLON** [1] - 1:15
**far** [3] - 16:14, 56:19, 57:19
**fashion** [2] - 37:14, 61:9
**fault** [1] - 14:9
**feature** [4] - 23:11, 23:22, 24:2, 27:19
**featured** [1] - 31:14
**features** [13] - 22:20, 22:24, 23:3, 25:7, 27:6, 27:7, 28:13, 29:17, 31:11, 33:5, 34:21, 36:23, 61:10
**February** [4] - 16:6, 52:9, 52:23, 56:24
**federal** [1] - 63:3
**FELICE** [1] - 1:23
**Felice** [1] - 3:11
**female** [4] - 13:22, 14:16, 22:2, 62:17
**ferreting** [1] - 59:23
**festival** [1] - 21:5
**few** [5] - 14:12, 15:20, 22:12, 44:3, 59:8
**fiber** [3] - 48:13, 55:12, 55:16
**figure** [1] - 56:11
**filed** [1] - 5:2
**filings** [4] - 5:7, 5:16, 5:18, 6:20
**filled** [1] - 9:6
**final** [6] - 4:24, 5:24, 6:16, 12:22, 19:12, 26:15
**finally** [9] - 12:15, 15:21, 25:15, 29:4, 52:8, 52:23, 53:6, 53:7, 54:10
**fine** [4] - 12:23, 33:11, 33:18, 35:2
**first** [23] - 4:3, 5:9, 7:10, 8:9, 10:6, 15:7, 21:20, 22:13, 25:12, 25:16, 29:23, 32:18, 33:17, 35:16, 35:17, 38:7, 38:11, 41:10, 43:20, 50:7, 50:9, 56:17, 61:16
**fit** [1] - 11:21
**five** [2] - 12:12, 39:16
**floor** [1] - 4:21
**focus** [1] - 5:20
**followed** [1] - 46:20
**FOR** [1] - 1:1
**force** [2] - 10:14, 39:19
**foregoing** [1] - 65:9
**form** [4] - 6:23, 7:3, 45:3, 55:4
**format** [1] - 61:2
**former** [3] - 56:19, 56:20, 57:15
**forms** [1] - 34:2
**forward** [5] - 12:24, 31:6, 34:22, 35:22, 47:1
**Foundation** [3] - 26:11, 28:21, 47:8
**founded** [1] - 53:10
**founders** [1] - 54:11
**four** [4] - 28:7, 48:19, 49:17, 57:23
**frame** [1] - 25:9
**framed** [2] - 37:22
**framing** [2] - 6:22, 7:6
**frankly** [4] - 11:4, 14:7, 23:17, 50:6
**FRANTZEN** [6] - 2:6, 19:4, 20:6, 35:3, 35:7, 64:10
**Frantzen** [8] - 3:18, 19:5, 20:7, 31:9, 34:14, 35:4, 35:5, 46:16
**front** [3] - 19:1, 19:2, 46:4
**frustration** [3] - 12:9, 13:5, 13:16
**full** [4] - 11:2, 20:11, 50:11, 58:11
**fully** [4] - 32:21, 47:17, 47:22, 48:6
**fundamental** [3] - 36:18, 36:21, 61:17
**fundamentally** [1] - 37:1

## G

**gain** [1] - 59:18
**GAZA** [2] - 2:3, 3:15
**Gaza** [1] - 3:16
**gearing** [1] - 10:23
**general** [1] - 13:11
**given** [11] - 5:4, 7:20, 14:21, 15:18, 17:5, 18:2, 24:12, 28:3, 34:16, 40:10, 54:12
**God** [1] - 52:24
**grant** [1] - 44:17
**great** [2] - 25:21, 25:23
**greater** [1] - 14:8
**gripe** [1] - 17:4
**group** [2] - 9:13, 16:15
**grouped** [2] - 31:21, 55:7
**grouping** [2] - 11:18, 31:20
**guess** [9] - 26:16, 28:2, 28:13, 28:24, 29:1, 31:22, 33:11, 33:19, 34:23
**guided** [1] - 4:20
**gulf** [1] - 17:24

## H

**half** [3] - 10:17, 11:6, 38:9
**hand** [1] - 65:15
**handed** [1] - 4:21
**handling** [1] - 38:14
**hands** [1] - 57:14
**happy** [4] - 6:14, 29:9, 29:17, 34:15
**hear** [11] - 4:2, 4:3, 14:2, 20:5, 38:8, 38:10, 38:11, 40:22, 51:13, 60:18, 63:8
**heard** [4] - 23:8, 23:14, 31:9, 58:22
**hearing** [7] - 33:17, 46:14, 46:20, 48:2, 59:6, 59:11
**heavily** [1] - 49:16
**held** [1] - 56:8
**help** [4] - 4:9, 14:7, 53:4, 53:6
**helps** [1] - 32:22
**hereby** [1] - 65:8
**hereunto** [1] - 65:14
**herring** [1] - 28:11
**Hilltop** [2] - 24:20, 24:21
**hilltop** [1] - 24:22
**hold** [1] - 57:15
**holding** [1] - 16:9
**Honor** [33] - 3:9, 3:16, 3:17, 4:6, 5:19, 7:3, 11:3, 13:13, 14:19, 19:1, 19:4, 19:22, 20:7, 24:11, 26:3, 27:10, 29:22, 33:15, 34:8, 34:24, 35:2, 35:3, 40:23, 46:13, 47:20, 51:14, 56:13, 56:16, 58:20, 63:19, 63:20, 64:7, 64:11
**honor** [1] - 33:20
**HONORABLE** [1] - 1:15
**hope** [2] - 13:4, 13:12
**hoped** [1] - 4:19
**Hospital** [1] - 24:21
**hour** [1] - 38:9
**humans** [2] - 24:12, 24:15
**hypothetically** [1] - 48:4

## I

**ice** [2] - 21:5, 26:22
**idea** [2] - 12:2, 41:3
**identical** [1] - 40:10
**identification** [3] - 22:1, 31:1, 62:17
**identified** [10] - 7:12, 23:11, 24:9, 25:10, 47:13, 48:10, 48:20, 50:17, 50:20, 53:12
**identifies** [1] - 50:12
**identify** [15] - 4:12, 8:20, 8:22, 8:23, 10:2, 12:1, 12:14, 13:22, 18:13, 30:2, 30:13, 36:23, 46:22, 48:16, 49:20
**identifying** [8] - 6:10, 7:11, 11:22, 14:15, 17:8, 17:19, 30:22, 31:6
**ignored** [1] - 49:24
**imminent** [1] - 60:8
**impact** [1] - 5:16
**impasse** [1] - 14:6
**import** [1] - 23:7
**important** [1] - 50:24
**IN** [2] - 1:1, 65:14
**inadequate** [1] - 27:11

**inclined** [1] - 63:10
**include** [2] - 11:13, 58:15
**included** [3] - 6:7, 11:20, 37:18
**including** [4] - 4:24, 25:9, 26:12, 51:23
**inclusive** [2] - 6:19, 65:9
**inconsistent** [1] - 56:7
**incorporate** [1] - 44:17
**incubator** [1] - 49:7
**independent** [1] - 41:6
**independently** [1] - 54:5
**indicating** [1] - 15:14
**individuals** [4] - 25:8, 52:4, 52:18, 52:22
**inducement** [1] - 41:16
**information** [45] - 14:20, 14:21, 15:1, 15:3, 15:9, 17:6, 18:3, 18:4, 20:10, 21:19, 22:5, 26:8, 28:3, 29:4, 32:4, 32:12, 34:17, 47:5, 47:6, 47:11, 47:14, 47:23, 48:8, 49:3, 49:14, 52:10, 52:24, 54:12, 56:21, 57:14, 58:13, 58:16, 59:13, 59:18, 59:20, 59:23, 60:1, 60:7, 60:11, 61:9, 62:16, 62:23, 63:5, 63:9
**informative** [1] - 36:13
**informed** [1] - 59:19
**informs** [1] - 33:19
**infringement** [8] - 38:23, 40:11, 40:12, 40:16, 41:7, 41:17, 43:14, 56:1
**infringing** [6] - 51:2, 51:7, 51:8, 57:20, 58:1, 58:6
**Ingram** [3] - 65:7, 65:19, 65:20
**initial** [2] - 16:1, 52:4
**inquiries** [1] - 61:10
**insist** [1] - 11:8
**insists** [1] - 61:12
**inspect** [2] - 7:21, 16:23
**inspected** [1] - 32:20
**inspection** [1] - 16:21
**instead** [2] - 17:11, 31:5
**instruct** [1] - 34:3
**instructed** [1] - 47:12
**instructions** [1] - 46:21
**intent** [1] - 56:9
**interrogate** [1] - 29:24
**interrogatories** [7] - 21:18, 45:24, 46:9, 59:1, 61:1, 61:13, 62:11
**interrogatory** [44] - 5:2, 5:23, 21:18, 21:21, 21:24, 22:11, 22:17, 23:9, 23:18, 28:19, 28:22, 29:14, 29:23, 30:11, 31:16, 32:14, 35:8, 38:4, 46:15, 47:9, 47:16, 47:19, 47:21, 48:22, 49:2, 49:13, 49:21, 50:11, 50:15, 58:2, 58:5, 58:11, 59:5, 59:10, 60:5, 60:17, 62:9, 62:14, 63:7, 63:12, 63:17, 63:22
**interviewing** [1] - 57:5
**invalid** [1] - 56:10
**invalidated** [2] - 21:4, 55:14
**invalidates** [2] - 6:14, 18:16
**invalidating** [6] - 4:13, 10:15, 11:23, 13:2, 17:10, 17:18
**invalidity** [18] - 4:1, 4:24, 5:12, 5:24, 6:4, 7:16, 12:22, 13:11, 19:12, 26:15, 33:18, 38:19, 43:14, 46:18, 47:9, 48:15, 54:17, 60:23
**invention** [3] - 21:21, 25:21, 25:24
**inventor** [1] - 15:10
**inventors** [23] - 15:5, 15:22, 15:24, 16:2, 26:6, 26:7, 28:6, 29:6, 47:8, 49:14, 49:17, 51:24, 52:17, 53:5, 53:9, 54:11, 56:21, 57:6, 57:8, 57:9, 58:17, 59:16
**inventors'** [1] - 57:3
**investigated** [1] - 57:17
**investigation** [5] - 47:24, 49:5, 56:18, 57:5, 58:12
**involved** [3] - 49:6, 49:16, 57:5
**involving** [1] - 58:12
**irrelevant** [1] - 24:2
**issue** [16] - 3:24, 4:4, 4:11, 6:17, 7:19, 12:10, 20:5, 20:15, 21:3, 29:2, 46:4, 46:13, 54:1, 60:14, 60:21, 61:16
**issues** [13] - 3:22, 5:8, 5:15, 28:14, 39:7, 39:20, 41:15, 43:9, 43:13, 44:23, 45:11, 58:23, 62:21
**issuing** [1] - 45:9
**item** [3] - 13:17, 14:14, 18:20
**items** [1] - 26:18

**J**

**January** [4] - 12:3, 16:4, 49:19, 52:8
**job** [1] - 59:22
**John** [1] - 3:9
**JOHN** [1] - 1:20
**joined** [1] - 3:17
**joining** [2] - 3:3, 3:10
**judge** [1] - 45:4
**Judge** [36] - 1:15, 3:2, 4:15, 7:9, 8:14, 12:17, 13:20, 14:17, 29:24, 30:12, 32:17, 33:6, 33:14, 34:24, 35:21, 41:21, 42:19, 43:8, 45:4, 45:14, 45:15, 46:7, 46:20, 46:24, 47:13, 47:20, 48:3, 48:6, 53:12, 53:24, 55:9, 55:22, 56:7, 59:4, 60:21, 62:7
**judgment** [2] - 37:12, 44:7
**July** [5] - 25:8, 25:11, 25:14, 50:1, 50:3
**justification** [1] - 13:10

**K**

**keep** [2] - 8:12, 19:20
**KELLER** [1] - 1:19
**kind** [6] - 8:8, 8:11, 8:22, 14:5, 28:13, 28:18
**King** [1] - 1:12
**known** [1] - 49:15

**L**

**lack** [1] - 13:5
**language** [2] - 27:18, 44:22
**largely** [1] - 59:2
**last** [12] - 13:20, 21:24, 22:4, 22:16, 26:9, 29:5, 36:12, 40:8, 49:5, 50:1, 57:18, 58:3
**late** [2] - 9:23, 17:16
**law** [1] - 45:17
**lead** [1] - 4:20
**learn** [1] - 49:9
**learned** [2] - 28:21, 49:6
**least** [3] - 10:2, 11:9, 36:13
**left** [1] - 12:13
**legal** [1] - 42:17
**lengthy** [1] - 62:13
**less** [2] - 39:14, 43:3
**letter** [6] - 8:1, 9:5, 9:11, 33:21, 40:9, 42:7
**letters** [2] - 4:10, 58:4
**level** [1] - 37:9
**light** [2] - 6:19, 52:11
**likely** [2] - 40:13, 58:15
**limine** [3] - 36:17, 37:13, 44:10
**limit** [7] - 9:21, 11:10, 11:11, 11:13, 17:14, 55:18, 56:12
**limiting** [3] - 6:5, 44:18, 44:20
**limits** [1] - 37:18
**line** [1] - 3:13
**literally** [3] - 27:17, 54:24, 56:1
**LLC** [2] - 1:6, 3:5
**LLP** [3] - 1:19, 1:22, 2:2
**located** [1] - 25:6
**look** [11] - 5:22, 9:12, 17:11, 24:7, 27:14, 33:15, 33:24, 34:4, 46:24, 53:5, 54:8
**looking** [2] - 8:1, 36:6
**lost** [2] - 31:5, 57:2
**lump** [1] - 9:18

**M**

**Magistrate** [1] - 3:2
**mail** [2] - 56:22, 57:2
**mails** [1] - 57:3
**main** [3] - 4:11, 20:9, 28:14
**maintain** [1] - 7:24
**managed** [1] - 12:17
**manner** [2] - 19:14, 61:14
**markmaned** [1] - 42:5
**matter** [5] - 17:15, 22:24, 26:22, 60:6, 65:12
**McAndrews** [3] - 2:5, 3:19, 38:13
**mean** [4] - 10:12, 10:17, 13:14, 19:22
**meaningful** [1] - 39:11
**means** [1] - 31:12
**measure** [1] - 11:6
**MedTech** [3] - 24:23, 25:2, 25:5
**meeting** [2] - 35:11, 51:17
**meets** [2] - 16:24, 54:6
**members** [1] - 56:6
**memorandum** [1] - 45:10
**mentioned** [1] - 57:20
**messing** [1] - 19:20
**met** [2] - 35:23, 47:2
**method** [5] - 40:1, 41:14, 41:15, 44:19, 61:2
**microphone** [1] - 4:22
**might** [1] - 59:20
**minute** [1] - 35:6
**misleadingly** [1] - 48:1
**missed** [1] - 6:22
**missing** [9] - 22:20, 23:12, 23:23, 30:3, 30:13, 30:14, 54:16, 54:21, 55:6
**moments** [1] - 14:12
**month** [2] - 48:18, 50:1
**months** [5] - 7:20, 12:13, 29:4, 42:3, 57:1
**moot** [1] - 5:17
**most** [3] - 36:13, 45:3, 58:15

**motion** [19] - 31:17, 36:4, 36:10, 36:17, 36:18, 37:11, 37:21, 38:2, 41:11, 44:14, 44:17, 45:3, 45:22, 46:7, 58:23, 60:3, 61:24, 62:11, 63:11
**motions** [7] - 14:11, 37:12, 37:13, 44:8, 44:10
**move** [5] - 30:9, 38:1, 45:20, 45:22, 53:6
**moved** [1] - 30:8
**moving** [1] - 6:24
**MR** [23] - 3:8, 4:5, 5:19, 7:2, 11:3, 14:19, 18:24, 19:17, 19:21, 29:22, 30:9, 34:8, 38:12, 40:23, 43:6, 43:17, 46:11, 51:10, 51:14, 56:16, 58:20, 63:19, 64:7
**MS** [6] - 3:15, 19:4, 20:6, 35:3, 35:7, 64:10
**multiple** [3] - 8:5, 17:13, 57:11
**mystery** [1] - 26:18

## N

**name** [2] - 19:20, 24:17
**namely** [1] - 48:11
**narrow** [16] - 38:6, 38:18, 39:7, 39:10, 39:20, 39:23, 40:2, 40:6, 40:10, 40:14, 41:24, 43:9, 43:11, 43:12, 44:1, 44:4
**narrowed** [4] - 40:4, 40:17, 43:2, 43:24
**narrowing** [14] - 5:14, 7:11, 18:19, 18:21, 37:9, 37:19, 39:2, 39:9, 39:12, 42:14, 43:23, 44:13, 44:22, 45:1
**nature** [3] - 36:16, 43:21, 44:7
**need** [7] - 4:11, 16:4, 19:21, 40:6, 50:11, 58:10, 64:5
**needed** [2] - 39:16, 48:7
**needs** [1] - 61:9
**never** [8] - 8:18, 18:13, 25:10, 26:8, 30:19, 33:15, 41:22, 60:15
**New** [1] - 65:2
**new** [3] - 26:7, 34:23, 46:5
**Newton** [2] - 57:10
**next** [4] - 10:23, 37:9, 57:12, 58:18
**NICOLA** [1] - 1:23
**Nicola** [1] - 3:11
**nobody** [1] - 30:23
**non** [7] - 45:14, 51:2, 51:7, 51:8, 57:20, 58:1, 58:6
**non-infringing** [6] - 51:2, 51:7, 51:8, 57:20, 58:1, 58:6
**Noreika** [28] - 4:15, 7:9, 8:14, 13:20, 14:17, 30:1, 30:12, 32:17, 33:14, 35:1, 35:21, 41:21, 45:5, 45:14, 45:15, 46:7, 46:24, 47:13, 47:20, 48:4, 48:6, 53:13, 55:9, 55:22, 56:8, 59:4, 60:21, 62:7
**Noreika's** [6] - 12:17, 33:7, 42:19, 43:8, 46:20, 53:24
**Notary** [1] - 65:8
**note** [2] - 44:15, 48:1
**notes** [1] - 65:10
**nothing** [7] - 11:11, 17:19, 60:2, 60:18, 60:19, 60:20
**notices** [1] - 5:6
**notification** [1] - 45:7
**notwithstanding** [1] - 36:9
**number** [56] - 3:22, 13:18, 14:14, 18:20, 20:10, 21:19, 21:24, 22:18, 23:9, 29:9, 29:14, 29:24, 30:11, 30:22, 30:23, 31:13, 32:15, 35:8, 37:3, 37:15, 38:4, 38:5, 38:7, 38:21, 38:22, 39:3, 39:6, 42:21, 44:2, 44:4, 45:24, 46:15, 47:16, 47:19, 48:22, 49:2, 49:13, 49:22, 50:11, 50:15, 50:23, 52:19, 58:2, 58:11, 59:1, 59:6, 59:10, 59:15, 60:6, 60:18, 62:9, 62:15, 63:12, 63:17, 63:22
**numbers** [4] - 26:17, 27:22, 28:17, 46:23
**numerous** [1] - 26:10

## O

**objection** [1] - 45:18
**objections** [1] - 45:13
**obligation** [5] - 14:13, 30:2, 52:13, 52:14, 63:4
**obligations** [1] - 51:18
**obvious** [1] - 21:4
**obviously** [4] - 5:21, 7:8, 12:10, 41:19
**obviousness** [1] - 51:6
**occasions** [1] - 59:16
**occurred** [2] - 38:16, 57:7
**OF** [2] - 1:1, 65:5
**offered** [4] - 13:23, 16:10, 53:4, 62:18
**often** [3] - 41:15, 41:18, 42:15
**omnibus** [12] - 6:3, 6:9, 10:21, 11:17, 16:15, 19:14, 20:3, 37:7, 53:15, 54:18, 55:18, 56:10
**one** [43] - 6:12, 8:23, 9:18, 10:13, 13:1, 13:18, 13:20, 13:21, 15:5, 16:12, 16:23, 17:7, 17:8, 17:10, 17:19, 17:21, 17:23, 18:13, 20:10, 22:3, 23:4, 23:5, 23:22, 24:6, 24:15, 25:7, 29:13, 30:11, 35:6, 38:14, 40:12, 42:10, 48:18, 48:23, 49:17, 50:18, 51:1, 53:17, 57:23, 58:21, 61:20, 62:4, 62:21
**ones** [6] - 11:12, 11:22, 17:20, 48:21, 48:24, 53:21
**ongoing** [1] - 63:4
**opinion** [2] - 23:15, 45:10
**opposed** [2] - 6:10, 17:15
**opposite** [2] - 41:2, 55:21
**oral** [1] - 43:8
**order** [42] - 5:14, 6:23, 7:3, 7:12, 10:2, 10:19, 12:17, 14:4, 14:14, 15:11, 17:5, 18:2, 19:1, 19:2, 22:4, 32:18, 33:7, 33:20, 34:2, 36:5, 36:9, 37:23, 39:7, 39:9, 39:12, 40:7, 42:19, 43:8, 43:9, 43:23, 44:13, 44:22, 45:9, 45:10, 48:9, 52:5, 53:23, 53:24, 57:18, 59:18, 63:2, 64:3
**ordered** [17] - 7:15, 13:22, 32:12, 39:1, 39:5, 39:6, 39:14, 47:21, 48:6, 49:22, 50:14, 53:13, 54:3, 55:9, 55:22, 62:16
**orders** [1] - 14:10
**ought** [1] - 63:6
**ourselves** [1] - 54:5
**outset** [1] - 21:14
**outstanding** [1] - 5:4
**overlap** [4] - 38:2, 42:16, 43:2, 43:3
**overlooked** [2] - 34:4, 34:6
**owed** [1] - 58:17
**own** [3] - 9:3, 17:4, 27:13
**owner** [1] - 21:5

## P

**p.m** [2] - 1:10, 64:14
**page** [4] - 24:8, 27:23, 48:3, 48:5
**Pages** [1] - 65:9
**pages** [2] - 25:5, 25:6
**paper** [3] - 31:24, 42:8, 55:2
**papers** [3] - 14:3, 22:21, 60:20
**parallels** [1] - 43:19
**parent** [1] - 39:22
**parsed** [1] - 37:6
**part** [6] - 13:15, 14:21, 25:22, 42:18, 47:15, 48:3
**partial** [3] - 36:17, 37:12, 44:7
**particular** [6] - 20:17, 21:11, 24:7, 27:23, 32:23, 63:7
**particularly** [1] - 59:5
**parties** [10] - 15:2, 16:2, 29:7, 39:2, 39:24, 45:11, 45:21, 47:7, 59:20, 61:18
**party** [7] - 38:16, 45:18, 52:17, 60:1, 60:2, 60:9, 60:23
**patent** [5] - 23:16, 23:19, 26:2, 42:22, 43:3
**patented** [1] - 24:2
**patents** [8] - 21:4, 22:15, 26:14, 26:24, 27:2, 30:21, 48:17, 48:20
**pause** [2] - 28:24, 45:6
**people** [7] - 15:1, 16:5, 31:1, 31:2, 51:21, 53:2, 53:9
**perform** [1] - 42:23
**perhaps** [3] - 34:3, 36:13, 36:17
**period** [1] - 24:9
**permitted** [1] - 62:1
**PERSICHETTI** [8] - 2:5, 38:12, 43:6, 43:17, 46:11, 51:10, 56:16, 63:19
**Persichetti** [10] - 3:18, 35:9, 38:13, 41:1, 43:5, 46:12, 51:19, 52:15, 63:18, 63:20
**persist** [3] - 37:8, 44:6, 45:2
**persistent** [1] - 12:12
**phase** [1] - 10:23
**phone** [1] - 30:10
**photographs** [1] - 61:5
**physical** [1] - 7:21
**pick** [2] - 31:12, 54:2
**picked** [1] - 42:2
**Pickwick** [1] - 19:15
**picture** [1] - 27:18
**pictures** [3] - 7:22, 28:20, 32:20
**piece** [1] - 42:10
**pin** [1] - 10:14
**pink** [1] - 26:23
**plaintiff** [6] - 3:7, 3:9, 61:22, 62:8, 62:15, 64:6
**Plaintiff** [2] - 1:4, 1:24
**plaintiff's** [1] - 24:8
**plaintiffs** [3] - 37:1, 37:16, 60:24
**plus** [1] - 41:20
**point** [27] - 10:24,

15:6, 17:21, 19:11, 20:9, 20:14, 21:18, 23:10, 24:7, 27:9, 28:19, 32:7, 34:14, 40:14, 40:18, 40:21, 43:7, 43:9, 44:15, 48:22, 56:2, 57:20, 58:21, 60:12, 61:23, 63:2, 63:8
**pointed** [1] - 25:13
**points** [3] - 20:9, 20:20, 52:15
**portion** [1] - 36:12
**portraying** [1] - 12:8
**posed** [1] - 5:21
**position** [8] - 7:24, 8:10, 9:22, 39:18, 53:19, 54:23, 60:9, 62:7
**possession** [5] - 59:13, 61:5, 61:7, 62:24, 63:6
**potential** [1] - 51:7
**potentially** [4] - 51:2, 51:5, 57:24, 58:7
**practice** [3] - 37:11, 45:3, 61:24
**preclude** [1] - 37:13
**precluded** [3] - 11:4, 11:15, 12:20
**prejudice** [1] - 37:24
**prejudicial** [1] - 60:13
**preliminary** [1] - 20:21
**premature** [1] - 5:17
**prepared** [2] - 34:24, 46:2
**presence** [1] - 28:5
**present** [2] - 43:20, 44:21
**presented** [1] - 19:13
**presently** [2] - 17:9, 62:24
**pretty** [9] - 7:14, 9:12, 16:8, 17:24, 47:22, 49:15, 50:8, 58:9, 58:19
**previously** [2] - 36:7, 62:15
**priority** [2] - 20:24, 21:6
**problem** [3] - 13:7, 20:15, 37:6
**problems** [2] - 44:6, 45:1
**procedure** [1] - 63:3
**proceeding** [1] - 37:14
**proceeds** [1] - 37:6
**process** [1] - 53:6
**produce** [2] - 21:23, 32:12
**produced** [3] - 26:7, 27:15, 50:2
**product** [20] - 15:13, 20:17, 20:23, 25:6, 25:9, 25:11, 25:14, 25:17, 27:19, 27:20, 29:19, 48:12, 48:13, 48:14, 50:5, 50:7, 51:5, 57:24
**production** [2] - 26:6, 56:23
**PRODUCTS** [1] - 1:6
**Products** [1] - 3:5
**products** [33] - 13:23, 14:16, 21:11, 21:13, 22:19, 22:22, 23:6, 23:15, 23:19, 23:23, 24:6, 24:12, 24:16, 27:1, 28:8, 30:4, 46:18, 46:21, 48:8, 48:11, 48:17, 48:19, 49:11, 49:19, 50:12, 50:13, 50:19, 56:2, 57:21, 61:11, 62:18
**program** [1] - 49:7
**proposed** [1] - 33:20
**prototype** [6] - 21:10, 24:14, 30:16, 31:2, 31:7
**prototypes** [6] - 15:17, 16:22, 24:11, 30:4, 30:14, 32:3
**prove** [2] - 41:6, 41:8
**provide** [18] - 4:7, 4:9, 7:3, 7:15, 7:17, 9:24, 10:8, 12:15, 13:24, 18:6, 33:23, 47:10, 54:8, 58:11, 59:12, 60:3, 62:16, 62:19
**provided** [6] - 10:7, 15:19, 28:20, 54:9, 59:4, 59:11
**provider** [1] - 60:11
**providing** [1] - 14:17
**provisional** [1] - 9:10
**Public** [1] - 65:8
**publication** [2] - 25:2, 42:15
**publications** [2] - 24:24, 25:1
**purchased** [2] - 14:23, 14:24
**Purewick** [82] - 3:4, 4:3, 4:7, 5:3, 5:21, 6:3, 6:8, 6:21, 9:19, 11:18, 12:11, 13:12, 13:21, 14:12, 14:22, 19:17, 19:20, 20:3, 20:22, 24:18, 25:4, 25:10, 27:3, 27:4, 34:18, 35:13, 35:23, 35:24, 36:4, 36:10, 36:24, 37:7, 37:22, 38:3, 38:5, 38:11, 38:18, 39:5, 39:8, 39:15, 39:19, 40:14, 40:22, 43:10, 44:1, 46:21, 47:6, 47:12, 47:21, 47:23, 48:10, 48:16, 49:6, 49:10, 49:18, 49:20, 49:24, 51:4, 51:13, 51:20, 51:22, 51:23, 53:10, 53:15, 53:20, 54:11, 56:24, 57:8, 57:9, 57:13, 58:4, 59:11, 59:18, 59:21, 60:4, 61:6, 61:8, 61:11, 61:13, 61:20, 62:22, 63:2
**PUREWICK** [1] - 1:3
**Purewick's** [11] - 3:23, 5:9, 37:8, 38:20, 38:23, 40:3, 40:9, 44:18, 48:1, 48:5, 48:8
**purple** [1] - 26:23
**purposes** [3] - 36:14, 37:2, 37:21
**pursuant** [1] - 21:23
**pursue** [1] - 59:19
**put** [9] - 11:19, 41:21, 42:19, 45:6, 54:22, 54:23, 60:9, 61:15, 63:10
**puts** [1] - 53:19
**putting** [5] - 9:11, 16:15, 27:17, 41:11, 60:22

## Q

**qualifies** [1] - 41:19
**qualify** [1] - 9:8
**qualitative** [2] - 41:23, 42:24
**questioning** [1] - 31:24
**questions** [3] - 6:15, 18:18, 61:4
**quick** [1] - 40:19
**quickly** [1] - 35:4
**Quinn** [3] - 3:10, 4:6, 57:7
**qUINN** [1] - 1:22
**quite** [3] - 11:3, 14:7, 32:4
**quote** [1] - 22:9
**quoted** [1] - 48:2

## R

**raised** [5] - 15:23, 20:14, 41:2, 42:4, 45:2
**raising** [1] - 20:9
**Raymond** [1] - 57:9
**read** [4] - 3:21, 14:2, 14:15, 60:19
**reality** [2] - 36:15, 48:5
**really** [15] - 12:20, 13:9, 16:4, 21:7, 29:1, 29:6, 36:15, 37:19, 38:16, 40:3, 42:5, 43:21, 44:13, 46:3, 60:20
**reason** [7] - 13:2, 23:10, 26:24, 47:16, 58:2, 61:15, 62:6
**reasonable** [5] - 47:24, 49:4, 57:4, 58:12, 61:14
**reasonableness** [1] - 56:18
**reasonably** [1] - 49:15
**reasons** [3] - 59:2, 62:10, 63:12
**rebuttal** [3] - 29:21, 36:12, 43:5
**received** [1] - 49:9
**recent** [5] - 5:7, 5:16, 5:18, 26:6, 56:22
**recently** [5] - 4:23, 22:12, 28:22, 52:20, 58:14
**recollection** [2] - 15:16, 19:9
**reconstrue** [1] - 42:19
**record** [11] - 3:6, 14:14, 15:15, 45:7, 45:8, 59:4, 59:9, 61:15, 62:6, 63:17, 65:9
**red** [1] - 28:11
**reduce** [3] - 37:15, 39:6, 39:16
**reduced** [2] - 18:22, 39:12
**reference** [7] - 21:10, 27:14, 27:23, 28:18, 46:23, 51:6, 62:4
**referenced** [11] - 22:7, 24:18, 24:20, 24:22, 25:18, 26:15, 27:20, 46:14, 46:16, 47:20, 48:14
**references** [21] - 5:13, 7:11, 7:12, 8:4, 8:6, 10:16, 17:13, 18:23, 24:5, 37:3, 37:5, 37:15, 37:17, 38:21, 39:4, 39:6, 39:13, 44:5, 54:2, 55:1, 55:2
**referred** [1] - 24:11
**refreshing** [1] - 19:8
**regard** [3] - 46:15, 48:23, 56:17
**regarding** [7] - 4:1, 4:11, 13:6, 24:5, 26:10, 32:9, 39:2
**regardless** [1] - 16:18
**relates** [1] - 18:8
**relating** [4] - 9:1, 17:1, 32:1, 54:15
**relevant** [3] - 23:5, 30:20, 58:2
**relied** [1] - 37:5
**relief** [7] - 6:22, 7:5, 10:20, 36:10, 37:23, 44:15, 60:10
**relying** [6] - 9:13, 10:4, 25:19, 26:1, 26:4, 35:18
**remaining** [1] - 62:14
**remedy** [2] - 13:6, 13:7
**reminded** [1] - 52:7
**repeatedly** [2] - 31:10, 49:10
**REPORTER** [1] - 65:5
**Reporter** [1] - 65:7
**reports** [4] - 33:13, 33:18, 37:10, 44:9
**represents** [1] - 57:8
**request** [3] - 37:23, 38:20, 63:23
**requested** [3] - 21:19, 22:1, 36:10
**requests** [1] - 5:4
**required** [3] - 14:17, 44:4, 63:3
**requirement** [1] - 42:20
**reservoir** [1] - 28:11
**resolve** [3] - 45:5, 62:1, 62:5

**resolved** [2] - 36:19, 61:18
**resolving** [1] - 36:14
**respect** [22] - 19:11, 36:5, 38:2, 43:11, 43:13, 43:19, 46:13, 50:10, 50:15, 59:5, 59:10, 60:7, 60:17, 61:16, 62:10, 62:13, 62:17, 62:21, 63:7, 63:11, 63:17, 63:22
**respects** [1] - 18:8
**respond** [7] - 29:14, 35:4, 48:6, 51:4, 51:20, 54:3, 56:17
**responded** [1] - 18:2
**responding** [1] - 51:15
**response** [10] - 5:3, 14:13, 28:23, 38:24, 39:11, 49:21, 50:11, 58:5, 58:11, 59:12
**responses** [9] - 5:2, 5:23, 20:9, 28:19, 28:23, 38:3, 47:9, 48:15, 59:1
**responsive** [1] - 49:13
**rest** [1] - 56:11
**result** [5] - 12:13, 52:9, 52:16, 53:7, 63:16
**review** [2] - 20:2, 45:16
**reviewed** [1] - 4:17
**reviewing** [1] - 20:1
**rhetorical** [1] - 41:1
**robust** [1] - 20:11
**rog** [1] - 48:15
**roundabout** [1] - 37:16
**rule** [4] - 21:23, 45:7, 45:12, 63:3
**ruling** [1] - 63:22
**rulings** [7] - 45:8, 45:13, 45:15, 45:16, 45:19, 64:1, 64:2

## S

**Sage** [37] - 3:5, 3:13, 3:17, 3:24, 4:3, 5:1, 6:21, 20:5, 20:8, 31:20, 32:13, 34:15, 35:22, 36:22, 38:11, 38:13, 38:18, 38:20, 39:6, 39:12, 44:3, 46:10, 46:12, 46:17, 46:20, 48:7, 59:19, 61:2, 61:3, 61:5, 61:6, 61:19, 62:1, 63:9, 63:14, 63:18, 64:9
**SAGE** [1] - 1:6
**Sage's** [11] - 4:11, 5:3, 36:4, 38:2, 42:18, 44:14, 44:17, 45:22, 46:7, 58:23, 59:21
**sale** [14] - 9:2, 13:23, 15:7, 15:14, 25:9, 25:11, 25:12, 25:17, 26:1, 49:24, 50:3, 50:9, 62:18
**sales** [2] - 24:10, 24:18
**salient** [17] - 22:24, 23:3, 23:12, 27:6, 28:12, 31:11, 33:5, 34:20, 36:22, 50:21, 53:16, 53:22, 55:8, 55:19, 57:22, 61:21, 62:2
**samples** [3] - 7:21, 15:18, 61:7
**San** [1] - 49:7
**sanctions** [2] - 60:3, 60:14
**SANDRA** [1] - 2:6
**Sandra** [5] - 3:18, 19:5, 20:7, 35:4, 46:16
**satisfaction** [1] - 42:1
**satisfy** [1] - 42:24
**saw** [1] - 7:9
**scheduling** [2] - 34:1, 34:2
**seal** [1] - 65:15
**searching** [1] - 59:23
**second** [4] - 19:5, 20:13, 30:18, 40:8
**see** [9] - 6:23, 10:6, 11:9, 15:9, 17:6, 35:19, 43:18, 46:3, 60:18
**seek** [1] - 60:9
**seeking** [1] - 7:5
**seeks** [1] - 6:21
**seem** [1] - 57:15
**select** [2] - 39:19, 40:15
**selected** [1] - 43:10
**selecting** [1] - 39:9
**selection** [1] - 44:18
**separate** [5] - 8:3, 8:20, 11:1, 25:3, 45:10
**separately** [2] - 9:14, 16:17
**September** [1] - 38:14
**seriously** [2] - 52:13, 52:14
**serve** [2] - 45:8, 64:2
**served** [7] - 5:23, 19:24, 21:17, 22:1, 22:16, 22:18, 58:4
**server** [1] - 57:2
**service** [1] - 5:6
**set** [3] - 22:16, 37:19, 65:14
**several** [2] - 21:17, 48:10
**shares** [1] - 61:21
**SHAW** [3] - 1:19, 1:20, 3:8
**Shaw** [4] - 3:9, 19:2, 33:19, 34:8
**SHEA** [1] - 2:3
**Sherry** [1] - 3:2
**SHERRY** [1] - 1:15
**shift** [1] - 55:14
**shifting** [2] - 60:22, 61:12
**shipped** [1] - 16:21
**show** [3] - 10:9, 12:18, 15:12
**showed** [3] - 9:16, 33:15, 50:2
**showing** [2] - 49:10, 58:7
**shown** [6] - 12:3, 12:5, 16:10, 18:12, 28:20, 56:22
**side** [8] - 6:17, 13:16, 14:2, 18:5, 43:1, 44:12, 60:14, 60:24
**side's** [1] - 41:24
**sides** [3] - 14:8, 36:19, 44:10
**sides'** [1] - 4:10
**silicone** [2] - 23:2, 28:11
**similarly** [2] - 39:24, 49:23
**simply** [2] - 44:20, 44:21
**single** [6] - 17:7, 17:8, 18:13, 23:11, 29:11, 29:19
**sit** [1] - 41:13
**situation** [3] - 9:3, 13:8, 21:8
**six** [1] - 42:3
**skepticism** [1] - 59:21
**sold** [29] - 8:6, 13:3, 13:23, 15:12, 20:17, 20:23, 21:12, 21:16, 21:20, 22:3, 22:5, 22:6, 22:14, 23:6, 23:23, 24:16, 24:17, 25:14, 25:15, 25:16, 27:1, 32:6, 32:9, 50:5, 50:13, 51:24, 52:2, 59:15, 62:18
**somewhat** [1] - 50:6
**soon** [1] - 24:22
**sooner** [1] - 60:11
**sorry** [2] - 12:8, 19:19
**sort** [1] - 49:4
**sought** [1] - 38:18
**speaking** [1] - 5:21
**specific** [20] - 4:1, 11:12, 13:1, 17:2, 21:9, 21:13, 24:4, 24:18, 24:19, 24:20, 26:17, 27:21, 31:6, 45:23, 50:17, 54:2, 54:16, 56:2, 61:9
**specifically** [14] - 4:12, 4:14, 4:19, 6:10, 10:5, 24:9, 30:1, 30:5, 30:15, 35:21, 46:22, 47:13, 55:10
**specify** [1] - 10:14
**spot** [1] - 34:5
**Springboard** [1] - 49:7
**spun** [3] - 48:12, 55:12, 55:16
**Stacy** [3] - 65:7, 65:19, 65:20
**standard** [1] - 23:18
**stands** [1] - 63:23
**STARGATT** [1] - 2:2
**start** [8] - 3:5, 3:23, 8:8, 13:1, 20:8, 20:20, 29:23, 45:24
**started** [2] - 21:12, 38:17
**starting** [2] - 5:9, 29:5
**State** [1] - 65:1
**statement** [1] - 41:1
**STATES** [1] - 1:1
**States** [1] - 1:15
**stay** [1] - 64:13
**stenographic** [1] - 65:10
**Steve** [4] - 3:10, 4:6, 5:20, 51:15
**STEVEN** [1] - 1:22
**still** [17] - 6:2, 6:9, 6:21, 7:19, 7:23, 11:8, 11:17, 14:22, 19:13, 20:2, 23:8, 31:20, 48:20, 50:4, 51:21, 56:12, 58:16
**stop** [1] - 28:24
**story** [4] - 16:13, 22:8, 22:10
**Street** [1] - 1:12
**strongly** [1] - 28:15
**stuck** [1] - 33:12
**subject** [2] - 22:3, 60:13
**subjected** [1] - 44:24
**submission** [8] - 6:24, 24:8, 24:23, 25:18, 25:22, 26:5, 35:15
**submissions** [3] - 3:22, 13:17, 36:8
**subpoena** [6] - 16:3, 16:5, 16:6, 52:6, 52:22, 53:2
**subpoenaed** [6] - 15:21, 24:21, 49:9, 52:8, 53:3, 54:10
**subpoenaing** [1] - 52:17
**substance** [1] - 32:8
**substantively** [1] - 31:15
**success** [2] - 25:20, 25:21
**succinct** [3] - 40:21, 40:24, 45:22
**sudden** [1] - 10:6
**sufficiently** [2] - 42:13, 43:1
**suggests** [1] - 17:13
**suit** [1] - 22:15
**SULLIVAN** [1] - 1:22
**summary** [4] - 26:16, 37:12, 44:7, 58:10
**supplement** [7] - 6:15, 7:18, 19:24, 28:4, 35:11, 38:3, 63:4
**supplemental** [3] - 46:8, 58:24, 63:24
**supplementation** [1] - 45:23
**supplemented** [4] - 22:11, 47:8, 58:14, 63:6
**support** [1] - 59:24
**suppose** [1] - 37:9
**supposed** [2] - 12:1, 42:23
**supposedly** [1] - 40:17
**surrounding** [1] -

44:23

## T

**tape** [9] - 23:1, 24:1, 26:4, 26:20, 28:10, 30:20, 48:13
**taped** [1] - 26:12
**tapered** [1] - 48:12
**TAYLOR** [1] - 2:2
**teammates** [1] - 20:2
**technical** [1] - 32:22
**teed** [2] - 4:22, 5:8
**teleconference** [2] - 3:4, 62:22
**tens** [1] - 55:3
**terms** [14] - 6:21, 7:5, 7:9, 7:10, 7:23, 9:4, 9:8, 10:1, 10:22, 13:5, 16:19, 17:24, 37:7, 51:17
**tested** [5] - 20:22, 21:5, 21:11, 21:20, 24:15
**testing** [2] - 21:13, 24:20
**text** [1] - 27:21
**THE** [31] - 1:1, 1:1, 1:15, 3:1, 3:12, 3:20, 4:17, 6:18, 10:11, 13:14, 18:17, 19:3, 19:7, 19:19, 20:4, 29:20, 30:7, 33:24, 35:5, 36:3, 40:20, 43:4, 43:15, 43:18, 51:9, 51:12, 56:14, 58:22, 63:21, 64:8, 64:12
**themselves** [3] - 6:6, 30:24, 32:22
**they've** [23] - 5:10, 7:20, 8:18, 10:8, 12:14, 12:16, 12:21, 15:13, 15:21, 18:12, 22:21, 31:4, 31:21, 31:24, 32:3, 32:19, 32:20, 33:2, 34:15, 34:16, 42:7, 52:19, 55:1
**third** [7] - 15:1, 16:2, 29:7, 46:3, 47:7, 52:17, 59:20
**thorough** [2] - 59:3, 59:22
**three** [4] - 28:6, 28:7, 40:4, 43:12
**tier** [5] - 18:18, 18:21, 19:5, 37:4, 45:1

**timing** [2] - 16:19, 45:12
**today** [4] - 3:17, 33:3, 45:8, 64:4
**today's** [1] - 6:24
**together** [7] - 9:18, 10:12, 16:15, 24:3, 31:21, 31:22, 55:7
**took** [2] - 5:22, 42:3
**topics** [1] - 57:11
**total** [1] - 11:21
**totally** [2] - 5:15, 55:17
**trade** [1] - 24:17
**transcript** [4] - 13:18, 48:3, 64:2, 65:10
**transcripts** [1] - 4:18
**transferred** [1] - 59:15
**treated** [1] - 29:19
**treating** [1] - 27:24
**trial** [2] - 10:24, 44:11
**trickle** [1] - 29:5
**trickled** [1] - 47:6
**trickles** [1] - 22:4
**tried** [4] - 21:15, 21:17, 22:21, 34:10
**trouble** [1] - 44:16
**true** [1] - 65:9
**try** [1] - 40:24
**trying** [1] - 29:3
**tube** [2] - 27:3, 29:15
**Tuesday** [1] - 1:10
**two** [5] - 20:9, 20:12, 26:9, 49:17, 57:1
**tying** [1] - 17:14
**type** [2] - 42:24, 61:1
**types** [3] - 21:13, 22:22, 24:5

## U

**ultimately** [1] - 37:11
**umbrage** [1] - 29:2
**unbelievable** [1] - 50:6
**under** [5] - 24:17, 30:2, 45:12, 45:15, 59:17
**UNITED** [1] - 1:1
**United** [1] - 1:15
**unlike** [1] - 56:1
**up** [7] - 4:16, 4:22, 5:8, 6:2, 10:23, 19:20, 53:8
**URQUHART** [1] - 1:22

## V

**validating** [1] - 8:16
**validity** [4] - 40:12, 40:16, 41:8, 54:15
**version** [2] - 15:13, 26:13
**versions** [1] - 48:11
**versus** [2] - 3:4, 28:10
**view** [6] - 8:20, 17:11, 31:10, 34:20, 41:3, 53:23
**viewed** [1] - 8:13
**views** [2] - 54:4, 61:17
**vinyl** [2] - 23:2, 28:10
**vis** [4] - 3:24, 14:11
**vis-a-vis** [2] - 3:24, 14:11

## W

**waited** [4] - 16:5, 52:21, 52:23, 56:24
**wants** [2] - 61:19, 63:10
**water** [1] - 57:16
**ways** [1] - 30:22
**website** [1] - 34:3
**week** [4] - 21:24, 57:12, 58:3, 58:18
**weeks** [9] - 7:14, 22:12, 26:9, 29:6, 39:4, 44:3, 46:19, 49:6, 49:18
**whereas** [1] - 39:11
**WHEREOF** [1] - 65:14
**white** [2] - 26:20, 26:23
**whole** [2] - 6:19, 9:13
**Wilmington** [2] - 1:12, 65:16
**withheld** [2] - 52:11, 52:12
**withholding** [2] - 47:23, 49:3
**WITNESS** [1] - 65:14
**witnesses** [1] - 57:10
**wondering** [1] - 5:7
**word** [1] - 34:13
**workable** [2] - 41:9, 41:12
**worse** [1] - 56:23
**worth** [2] - 38:9, 62:13
**wrapping** [1] - 37:16
**written** [1] - 45:10

## Y

**year** [6] - 20:23, 21:6, 52:6, 52:21, 56:24, 57:18
**years** [2] - 52:3, 52:19
**yesterday** [4] - 5:24, 19:24, 26:5, 28:4
**yield** [1] - 59:20
**YOUNG** [1] - 2:2
**Young** [1] - 3:16

# Exhibit 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PUREWICK CORPORATION,

Plaintiff/Counterclaim Defendant,

v.

SAGE PRODUCTS, LLC,

Defendant/Counterclaim Plaintiff.

C.A. No. 19-1508-MN

**SAGE'S SUPPLEMENTAL STATEMENT REGARDING REFERENCES AND COMBINATIONS**

As a supplement to Sage's Statement Regarding References and Combinations set forth in Sage's Final Invalidity Contentions, and pursuant to the Court's October 28, 2020 Order (D.I. 89), Sage identifies the following references: Coley 804, DesMarais 130, Flower 300, Hanifl 377, Harvie 012, Ishii 107, Keane 768, Kuntz 166, Kuntz EP355, Mahnensmith 080, Stewart 794, Okabe 547, 2007 Omni Medical User & Maintenance Guide; Omni Medical AMXD/DMax Devices, PureWick Prior Art Devices, Sanchez 508, Suzuki 250, Van Den Heuvel 823, Washington 508, Wolff 784.

As previously explained, these references anticipate and/or render obvious one or more of the remaining asserted claims[1] of the 508 Patent (Claims 1, 3, 4, 6, 18[2]), 376 Patent (Claims 1, 4, 5, and 9), 989 Patent (Claims 1, 2, and 6), and/or 407 Patent (Claims 1, 2, 7 and 13). The detailed

[1] PureWick provided a list of asserted claims on August 6, 2021. The previously asserted claims are no longer asserted including Claims 2, 5, 7, 8, 17, and 19 of the 508 patent, Claims 6-8 and 11-14 of the 376 patent, Claims 2-5 of the 989 patent, and Claims 5, 9, 14 and 15 of the 407 patent.

[2] Claim 18 of the 508 patent depends on independent Claim 17 of the 508 patent.

bases for these contentions are found in the sections and charts in Sage's Invalidity Contentions, as well as Sage's expert reports, including identification of where each element of the asserted claims was known in the art, where each asserted reference discloses elements of the asserted patent claims, and reasons for combining the asserted references including knowledge in the art (if needed). As explained, numerous references anticipate the claims (including to the extent that they incorporate other art by reference). But, as also explained, to the extent that an identified anticipatory reference does not anticipate, that reference renders the asserted claims obvious in view of the knowledge of a person of ordinary skill in the art at the time of the alleged inventions (for example, as discussed in the 508 IPR and the expert reports). Indeed, as discussed, many aspects of the claimed inventions were well known in the art and well within the knowledge of any ordinarily skilled artisans including known design choices (*see* pages 19-29, 96-110, 247-255 of the Final Invalidity Contentions as well as relevant sections of expert reports). In addition to anticipation or obviousness of a reference in view of the ordinarily skilled artisan, pursuant to the Court's October 28, 2020 Order (D.I. 89), the below combinations of two references, in view of the knowledge of a person of ordinary skill in the art, render the claims obvious.

***508 Patent***: Flower 300 in combination with Coley 804 (claim 1); Kuntz 166 in combination with DesMarais (all asserted claims); Kuntz EP355 in combination with Mahnensmith 080 (claim 18); and Omni AMXD / AMXDMax Devices (TBD) (all asserted claims).

***376 Patent and 989 Patent*****:** Kuntz 166 in combination with Van Den Heuvel 823 (376 patent claims 1, 5, and 9; 989 patent claims 1, 2, and 6); Sanchez 508 in combination with PureWick Prior Art Devices (all asserted claims); Van Den Heuvel 823 in combination with (a) Coley (376 patent claim 4) and (b) Sanchez 508 (all asserted claims); and Washington 508 in combination with Sanchez 508 (376 patent claims 4, 5 and 989 patent claim 6).

***407 Patent*:** Hanifl 377 in combination with Harvie 012 (all asserted claims); Harvie 012 in combination with Sanchez 508 (all asserted claims); Ishii 107 in combination with Harvie 012 (claim 2); and Keane 768 in combination with Sanchez 508 (claims 2, 7, 13).

Sage reserves the right to add to, amend, or supplement the foregoing based on, *inter alia*, any additional claim construction rulings and the discovery of additional information including the production of additional information by PureWick and other third parties as well as consultation with experts and expert testimony.

# Exhibit 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TQ DELTA LLC, :
Plaintiff, :
v. : Civil Action No. 13-1835-RGA
2WIRE, INC., :
Defendant. :

**ORDER**

Plaintiff has filed a motion in the Family 6 portion of the case to strike the late assertion of prior art. (D.I. 1328). The motion is fully briefed. (D.I. 1329, 1337, 1349).

In particular, Plaintiff moves to strike about fifty enumerated paragraphs of Defendant's expert's report on invalidity. Plaintiff says two Texas Instruments prior art products, which it calls "Virtuoso" and "TNETD2000C," were not disclosed before the opening expert report. The two products are used to assert invalidity in connection with two asserted claims of the '835 patent, which are the only asserted claims of Family 6.

Pursuant to the Final Scheduling Order (D.I. 513, ¶¶ 2, 8),[1] Defendant's Final Invalidity Contentions were served August 15, 2018, before the close of fact discovery on October 1, 2018. Trial was scheduled for January 25, 2021, but that date has recently been vacated. (D.I. 1496). The two pieces of prior art were first asserted in this case in an expert report served on July 10,

[1] The order noted, "Defendants may seek leave to supplement their final invalidity contentions for good cause." Defendant does not assert that it took advantage of this provision.

2020. Plaintiff argues there was no good cause for amending the scheduling order, and the *Pennypack* factors support striking the evidence. (D.I. 1329).

Defendant's response essentially concedes the accuracy of Plaintiff's recitation of the timeline, but asserts it has good cause to amend because its expert earlier asserted the same art against Plaintiff on the same patent in the ZyXel case. And, in any event, Defendant states that the *Pennypack* factors do not favor striking the evidence. (D.I. 1337).

Defendant's "good cause" argument is essentially that its expert witness did not develop the theory based on the Texas Instruments prior art until recently. Yet the same expert cited the same prior art against the same two claims of the same patent on September 3, 2019, in a related case. (*TQ Delta v. ZyXel*, No. 13-2013 (D.Del.) (D.I. 661 at 3)). And TQ Delta moved to strike the prior art in November 2019 in that case too. (*Id*.). Good cause requires diligence. *See Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Defendant has not begun to show diligence. There is no good cause to amend the schedule.

That leaves the *Pennypack* factors for the exclusion of witnesses and evidence:

> Decisions of this and other courts suggest the factors to be considered in resolving this question: bad faith on the part of the party seeking to call witnesses not listed in his pretrial memorandum; ability of the party to have discovered the witnesses earlier, validity of the excuse offered by the party, willfulness of the party's failure to comply with the court's order; the parties' intent to mislead or confuse his adversary; and finally, the importance of the excluded testimony. Underlying the cases to which we have adverted are these basic considerations: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904–05 (3d Cir. 1977) (citations omitted).

It is hard to conclude Defendant has operated in bad faith. On the other hand, there is no explanation why Defendant did nothing to alert Plaintiff of its new theories in the nine months or more before the expert report was issued. Clearly, Defendant knew (if nothing else, Defendant's expert's knowledge is attributable to Defendant) of the evidence nine months or more before it disclosed the evidence. Defendant offers no compelling excuse for the delay. Thus, I conclude that the failure to disclose earlier was a conscious decision, and intentional, not just negligent. The parties argue about the importance of the evidence, but I am persuaded by Plaintiff's argument that Defendant has advanced dozens of invalidity theories[2] and it is hard to believe that two additional pieces of prior art have anything more than marginal value. I note in the subsequent summary judgment briefing (D.I. 1420, 1421), Defendant advances three theories of invalidity, including one of anticipation and one of obviousness. None of the three mentions the Texas Instruments prior art; the anticipation and obviousness arguments are primarily based on the G.992.1 standard.

The asserted prior art are products, not publications or patents. Plaintiff states it is prejudiced because it has not been able to investigate the products through discovery such as testing, source code review, or documentary production in support of public use or sale beyond what Defendant's expert (who two decades ago was personally involved with the products) had in her possession. (D.I. 1329 at 11-12). Defendant responds that any prejudice is "minimal." It says it is unlikely source code still exists. (D.I. 1337 at 9). Given the age of the products, witness testimony is unlikely to be helpful. (*Id.* at 8). Defendant also states that Plaintiff should have investigated these products when ZyXel raised them, but Plaintiff persuasively points out that it

[2] Plaintiff asserts Defendant's expert report advanced twenty-five obviousness grounds, fourteen anticipation grounds, ten §112 grounds, and two §101 grounds. (D.I.1329 at 17-18 & n.13). Defendant does not contest this headcount. (D.I. 1337 at 11-12).

did object to them and the ZyXel case soon thereafter settled. Defendant does not object to limited discovery including attempts to locate source code (which, if found, would then have to be analyzed) and the deposition of the designer of the relevant chipsets. (*Id*. at 9). Discovery could be taken now (since the trial has been indefinitely postponed), and the likely result is that such discovery would produce whatever it would have produced if it had been done in 2018. The results, whatever they might be, would likely lead to more expert reports and more motions. Out-of-time discovery is not without cost, some of which would have been unnecessary had Defendant advanced these theories when it first knew about them.

In sum, there is some prejudice to Plaintiff, there is no excuse for Defendant's delay, and I am completely unconvinced that Defendant needs the additional art.

Plaintiff's motion to strike (D.I. 1328) is **GRANTED**.

IT IS SO ORDERED this 10th day of December 2020.

/s/ Richard G. Andrews
United States District Judge

# Exhibits 14-15
# REDACTED IN THEIR ENTIRETY

# Exhibit 16



## New Innovative
## Bladder Management System

The only pump driven technology that actively pulls urine away from the body

*URINCare™*
*Restore your Independence and*

EXHIBIT 439

OMNI_0000210

Specializing in Non-Invas

The URINCa

## STEP: 1

Insert the penis into the opening of the EZ-LifeKup™

## STEP: 2

Slide the Control Device onto to the EZ-LifeBag™ Clip

EZ

## STEP: 3

Attach the EZ-LifeKup™ hose connector to the EZ-LifeBag™ clip

ive Bladder Management

*are® System*

1
3
p
the
fered
eBag.

"The URINCare is what I would call a "game changer" in the way that a new technology can improve the quality of life to the point where you say to yourself "What in the world did they do before they came up with this" i.e. microwave ovens, portable music playing devices, pushrim-activated power assist wheels for manual wheelchairs. In certain situations there is just no alternative method of managing your neurogenic bladder."

"This new technology for external urine collection may greatly reduce the morbidity associated with present day solutions for complex problems."

Omni Medical Systems
VA Contract # V797P-4055B
Phone: 888-799-2693
Fax: 802-891-5560
Sales@OmniMedicalSys.com
www.URINCare.com



# New Innovative
# Bladder Management System

## The Only Sensor Driven, Pump Technology That Actively Pulls Urine Away From The Body

*URINCare™*
*Restore your Independence and Freedom*

# Exhibit 17
# REDACTED IN ITS ENTIRETY

# Exhibit 18

US007220250B2

(12) **United States Patent**
**Suzuki et al.**

(10) **Patent No.: US 7,220,250 B2**
(45) **Date of Patent: May 22, 2007**

(54) **URINE RECEIVER AND URINE COLLECTION PROCESSING SYSTEM IMPLEMENTING URINE RECEIVER**

(75) Inventors: **Miou Suzuki**, Kagawa-ken (JP); **Ichiro Wada**, Kagawa-ken (JP); **Ryosuke Miyagawa**, Tokyo (JP); **Yoshikazu Ishitsuka**, Ibaraki (JP); **Nobuaki Yoshioka**, Tokyo (JP); **Junichi Kobayashi**, Tokyo (JP); **Shigeru Machida**, Tokyo (JP)

(73) Assignees: **Uni-Charm Corporation**, Ehime-ken (JP); **Hitachi, Ltd.**, Tokyo (JP)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **11/179,778**

(22) Filed: **Jul. 13, 2005**

(65) **Prior Publication Data**

US 2006/0015081 A1 Jan. 19, 2006

(30) **Foreign Application Priority Data**

Jul. 15, 2004 (JP) ............................ 2004-209268

(51) **Int. Cl.**
*A61M 1/00* (2006.01)

(52) **U.S. Cl.** ...................................... **604/317**; 604/328

(58) **Field of Classification Search** ................ 604/317, 604/328–331, 346–347, 354, 356
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

4,747,166 A * 5/1988 Kuntz ........................ 4/144.1
5,678,564 A 10/1997 Lawrence et al.

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 1 112 728 | 7/2001 |
| EP | 1 457 178 | 9/2004 |
| EP | 1 486 184 | 12/2004 |
| GB | 2 244 653 | 12/1991 |
| JP | 05-123350 | 5/1993 |
| JP | 07-171182 | 7/1995 |
| JP | 07-239990 | 9/1995 |
| JP | 8-510924 | 11/1996 |
| JP | 11-113946 | 4/1999 |
| JP | 11-178849 | 7/1999 |
| JP | 2001-276108 | 10/2001 |
| JP | 2002-311025 | 10/2002 |

* cited by examiner

*Primary Examiner*—Michele Kidwell
(74) *Attorney, Agent, or Firm*—Lowe Hauptman & Berner LLP

(57) **ABSTRACT**

A urine receiver which is sanitary, easy to attach, and furthermore, prevents urine leakage even when a wearer repeatedly changes positions is provided. A urine receiver **10** is implemented in a urine collection processing system wherein urine discharged from the wearer is suctioned into a urine tank via a urethral tube. The urine receiver **10** comprises, at the least: a liquid permeable, air-impermeable sheet **21** which is placed opposite of and covering the urethral meatus of the wearer; a leak-proof sheet **22** which is placed on the surface of the air-impermeable sheet **21** opposite to the urethral meatus and bonds to the outer border of the air-impermeable sheet **21**; a suction part **26** which is provided between the air-impermeable sheet **21** and the leak-proof sheet **22** and to which the urethral tube **11** is connected; and a gathers part **16** for sealing the space between the air-impermeable sheet **21** and the wearer's skin surface which is provided on the outer border part of the air-impermeable sheet **21** on the urethral meatus side.

**14 Claims, 12 Drawing Sheets**



Fig. 1



Fig. 2

10
132
131
11
B
161
A
A'
162
162
B'
161
16
15
21

Fig. 3

10
131
134
135
136
132
16
162
15
141
14
162
11
26
21
23
22



Fig. 4

10
27
27
161
161
135 134 136
141
16
15
21
14
13
22
20
12
23
11
26

Fig. 5

21
26
23
20
22
111
11



Fig. 6

(a)

(b)

Fig. 7

15
141
14
141

Fig. 8



U.S. Patent May 22, 2007 Sheet 6 of 12 US 7,220,250 B2

Fig. 9

START
NO
S1
Is urine detected ?
YES
S2
Activate vacuum pump
S3
Starts timer
NO
S4
Is driving time exceeds set timer time?
YES
YES
S5
Is urine detected?
NO
S6
Stop vacuum pump
END



Fig. 10



Fig. 11

Fig. 12



# Fig. 13



Fig. 14



Fig. 15



Fig. 16

13 14 15 13
161C
161C
16C
12 11 26 21 22
20

Fig. 17

27
27
17
13 14 15
16D
16D
12 11 26 21 22
20



Fig. 18



Fig. 19



# URINE RECEIVER AND URINE COLLECTION PROCESSING SYSTEM IMPLEMENTING URINE RECEIVER

## CROSS-REFERENCE TO RELATED APPLICATION

This application is based upon and claims the benefits of priority from Japanese Patent Application No. 2004-209268 filed on Jul. 15, 2004, the entire contents of which are incorporated herein by reference.

## FIELD OF THE INVENTION

The present invention is related to a urine tank for collecting urine discharged from a wearer and a urine collection processing device comprising this urine tank, which can, for example, assist people such as the elderly, hospitalized patients, and the physically disabled in urination.

## RELATED ART

Conventionally, there are instances wherein it is difficult for hospitalized patients, physically disabled persons and others to control urination at will. In these instances, urine collection processing devices are used as devices to assist in urination.

The urine collection processing devices, for example, comprise a urine receiver for receiving urine which has been discharged, a urine tank which is connected to this urine receiver via a urethral tube, a urine detection sensor which is provided within the urine receiver, and a pump mechanism for pumping urine within the urine receiver to the urine tank via the urethral tube when urine is detected by the urine detection sensor (Patent References 1 to 4).

A cup-shaped urine receiver which is hollow on the inside is described in Patent References 1 and 2. A urethral tube is connected to this urine receiver and the receiver is placed so as to cover the outer urethral meatus by a supporter or the like. According to this construction, discharged urine is collected within the urine receiver, and the collected urine is suctioned from the end of the urine tube.

A urine receiver which has a boat-shaped pudenda component covered by flexible material with water-resistant features and a thick water-absorbent sheet which absorbs urine embedded within this pudenda component is described in Patent Reference 3. The inner surface of this pudenda component is coated with permeable sheet and is partitioned into a urine reception part and a feces reception part by a partition component.

A bag-shaped urine receiver is described in Patent Reference 4. The section of the outer surface of this urine receiver which contacts the wearer's skin has a permeable contact surface. The interior of the urine receiver is partitioned by water-resistant film and a urethral chamber, wherein a plurality of beads are stored, is provided. An opening which communicates with the urethral chamber within the urine receiver is provided on the contact surface.

[Patent Reference 1] JP, 11-113946, A

[Patent Reference 2] Japanese Unexamined Patent Publication No. 2001-276108

[Patent Reference 3] Japanese Patent No. 2563230

[Patent Reference 4] Japanese Patent No. 3137130

## SUMMARY OF THE INVENTION

In the construction described in Patent References 1 and 2, however, urine within the urine receiver cannot be suctioned unless it is led to the vicinity of the end of the urethral tube. For this reason, if the wearer changes position, the urethral tube is not necessarily located in the section wherein urine is collected, and the risk of urine leaking arises while the wearer repeatedly changes position.

Therefore, if the urine receiver is fitted so as to press against the wearer in order to prevent urine from leaking out of the urine receiver, it must be fastened firmly with a supporter. In this case, not only does the wearer feel discomfort, but it is also difficult for the care-giver to attach the supporter onto the wearer.

In addition, in the construction described in Patent Reference 3, the thick water-absorbent sheet faces the urethral meatus of the wearer. Therefore, even if attempts are made to suction all of the urine collected in the urine receiver, urine remains within the thick water-resistant sheet and it becomes unsanitary.

Furthermore, because the urine receiver is divided into a urine reception part and a feces reception part, in actuality, the area of the urine reception part which receives urine is small and attaching the urine receiver troublesome.

In addition, in the construction described in Patent Reference 4, because absorbent material is placed near the urethral meatus, urine remains within the absorbent material even if urine is suctioned from within the urethral chamber and it becomes unsanitary.

Furthermore, because the urethral meatus must be positioned accurately to the opening in order to collect urine within the urethral chamber, attaching the urine receiver is troublesome.

The object of the present invention is to provide a urine receiver which is sanitary, easy to attach, and furthermore, prevents urine leakage even when wearer changes positions repeatedly.

More specifically, the present invention provides the following:

(1) A urine receiver, used for suctioning urine discharged by a wearer via a urethral tube for directing urine from the urine receiver into the urine tank by a urine collection processing system, comprising: at least; a liquid-permeable, air-impermeable sheet which is placed opposite of and covering the urethral meatus of the wearer; a leak-proof part which is placed on the surface of this air-impermeable sheet opposite to the urethral meatus and bonds to the outer border of the air-impermeable sheet; an suction part which is provided between the air-impermeable sheet and the leak-proof part and to which the urethral tube is connected; and a sealing means for sealing the space between the air-impermeable sheet and the wearer's skin surface which is provided on the outer border part of the air-impermeable sheet on the urethral meatus side.

The air-impermeable sheet is a sheet having features which enable liquid to pass but does not easily pass air. Through this, urine is passed, and at the same time, the smell of this urine can be prevented from spreading outside of the urine receiver.

The leak-proof part is, for example, a sheet having features which prevent liquid, in this case urine, from passing.

According to the invention in (1), because the air-impermeable sheet is placed opposite of and covering the urethral meatus of the wearer, urine can be received by the entire air-impermeable sheet. Therefore, it is unnecessary to worry

about the relative positioning of the urine receiver and the urethral meatus, and the urine receiver can be attached easily.

In addition, a suction part to which a urethral tube is connected is provided between the air-impermeable sheet and the leak-proof part. Through this, if negative pressure is applied to this suction part via a urethral tube in a state wherein the urine discharged from the wearer has reached the air-impermeable sheet, negative pressure is evenly applied within the suction part. As a result, urine is suctioned from the entire surface of the air-impermeable sheet towards the suction part and is suctioned out via the urethral tube. Therefore, because received urine does not remain in one area of the air-impermeable sheet even when the wearer repeatedly changes position, urine leakage from the urine receiver can be prevented.

In addition, because urine is not absorbed by an absorbent material in this construction, urine does not remain within the urine receiver since urine in the suction part is suctioned out, and therefore, this invention is sanitary.

(2) The urine receiver according to (1) wherein the sealing means is formed by a barrier-cuff which can rise up against the air-impermeable sheet.

(3) The urine receiver according to (1) or (2) wherein the sealing means comprises an adhesive layer on the free end sides which can be affixed to the skin of the wearer.

According to the invention in (3), because adhesive layer is provided on free end sides of the sealing means, the free end sides of the sealing means adheres to the skin of the wearer and urine leaking can be prevented without fail.

(4) The urine receiver according to any one of (1) to (3) wherein the sealing means comprises a first gathers which is elastic and expands along the length-direction of the suction part, and this first gathers rises up against the suction part by expanding and contracting.

(5) The urine receiver according to (4) wherein the sealing means comprises a second gathers which is elastic and expands along the width-direction of the suction part.

(6) The urine receiver according to any of (1) to (5) wherein the sealing means can rise up in an inverted funnel-shape towards the wearer.

(7) The urine receiver according to any of (1) to (6) comprising: a liquid-permeable surface material part provided on the surface on the urethral meatus side of the air-impermeable sheet; and a back sheet part which covers the side of the leak-proof part opposite of the air-impermeable sheet.

According to the invention in (7), because a liquid-permeable surface material part is provided on the surface on the urethral meatus side of the air-impermeable sheet, even if urine is discharged from the urethral meatus rapidly and in large amounts, this urine can be temporarily received in the surface material part, and therefore, the overflowing of urine from the urine receiver can be prevented.

Furthermore, because the side of the leak-proof part opposite of the air-impermeable sheet is covered by the back sheet part, leaking of urine from the urine receiver can be prevented with more certainty.

(8) The urine receiver according to any of (1) to (7) comprising at least one pair of electrodes placed on the surface of the urethral meatus side of the air-impermeable sheet, wherein urine can be detected by these electrodes becoming electrically conductive.

According to the invention in (8), urine is detected by placing at least one pair of electrodes on the surface of the urethral side of the air-impermeable sheet and enabling these

electrodes to become electrically conductive. Therefore, because urine can be detected by using a simple structure, costs can be reduced.

(9) The urine receiver according to any of (1) to (8) wherein the leak-proof part is cup-shaped.

According to the invention in (9), because the leak-proof part is cup-shaped, the urethral meatus of the wearer can be covered without fail by the leak-proof part. Therefore, urine can be received with more certainty by the air-impermeable sheet of the urine receiver and the frequency of urine leakage can be reduced.

(10) A urine collection processing system for suctioning urine discharged from a wearer into a urine tank via an urethral tube comprising: a urine receiver according to any one of (1) to (9); a urine tank which is connected to this urine receiver via a urethral tube; and a vacuum pump which sucks out urine received by the urine receiver by suctioning the air within the urine tank and collecting urine within the urine tank.

According to the urine receiver and the urine collection processing system implementing this urine receiver of the present invention, the following effects can be attained. Because the air-impermeable sheet is placed opposite of and covering the urethral meatus of the wearer, urine can be received by the entire air-impermeable sheet. Therefore, it is unnecessary to worry about the relative positioning of the urine receiver and the urethral meatus, and the urine receiver can be attached easily.

In addition, a suction part to which a urethral tube is connected is provided between the air-impermeable sheet and the leak-proof part. Through this, if negative pressure is applied to this suction part via a urethral tube in a state wherein the urine discharged from the wearer has reached the air-impermeable sheet, negative pressure is evenly applied within the suction part. As a result, urine is suctioned from the entire surface of the air-impermeable sheet towards the suction part and is suctioned out via the urethral tube. Therefore, because received urine does not remain in one area of the air-impermeable sheet even when the wearer repeatedly changes position, urine leakage from the urine receiver can be prevented.

In addition, because urine is not absorbed by an absorbent material in this construction, urine does not remain within the urine receiver since urine in the suction part is suctioned out, and therefore, this invention is sanitary.

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** is a perspective view showing a urine collection processing device to which a urine receiver according to a first embodiment of the present invention is applied;

FIG. **2** is a top view of the urine receiver according to the embodiment;

FIG. **3** is a cross-sectional pattern view cut in the direction of A to A' in FIG. **2**;

FIG. **4** is a cross-sectional pattern view cut in the direction of B to B' in FIG. **2**;

FIG. **5** is an analytical perspective view of the main body of the urine receiver according to the embodiment;

FIG. **6** is a perspective view of a pair of electrodes according to the embodiment and a cross-sectional view of the conductors comprising these electrodes;

FIG. **7** is a perspective view of a surface material part according to the embodiment;

FIG. **8** is a perspective view of a cover pants to which a urine receiver according to the embodiment is applied;

FIG. **9** is a flowchart of the urine collection processing device according to the embodiment;

FIG. **10** is an exploded perspective view of the urine receiver according to a second embodiment of the present invention;

FIG. **11** is a vertical-sectional view of the urine receiver according to a fourth embodiment of the present invention;

FIG. **12** is a horizontal-sectional view of the urine receiver according to the embodiment;

FIG. **13** is a perspective view of the urine receiver according to the embodiment;

FIG. **14** is a top pattern view of the urine receiver according to the embodiment;

FIG. **15** is a top pattern view showing an example of a variation of the urine receiver according to the embodiment;

FIG. **16** is a cross-sectional pattern view of the urine receiver according to a variation example of the first embodiment of the present invention;

FIG. **17** is a cross-sectional pattern view of the urine receiver according to a variation example of the second embodiment of the present invention;

FIG. **18** is a perspective view of the main body of the urine receiver according to a variation example of a third embodiment of the present invention; and

FIG. **19** is a perspective view of the main body of the urine receiver according to a variation example of the fourth embodiment of the present invention.

## DESCRIPTION OF THE PREFERRED EMBODIMENT

Embodiments of present invention are described below based on the drawings. In the description of the embodiments below, the same reference numbers are affixed to the same construction requisite and explanations therefor are omitted or simplified.

[First Embodiment]

A perspective pattern view of a urine collection processing device to which a urine receiver according to a first embodiment of the present invention is applied is shown in FIG. **1**.

Urine collection processing device **1** is a device for processing urine discharged by a wearer comprising: a urine receiver **10** for receiving discharged urine; and a main urine collection processing device **30** which is connected to the urine receiver **10** via a urethral tube **11**.

The main urine collection processing device body **30** comprises: a main urine tank body **31** which is connected to the urethral tube **11**; a lid part **32** which is provided on the main urine tank body **31** and can be opened and closed; and a urine detection mechanism **34** which extends from the lid part **32** and is connected to the urine receiver **10**.

An un-illustrated water tank which can be removed by opening the lid part **32** is stored within the main urine tank body **31**.

The urine detection mechanism **34** detects urine in the urine receiver **10**. This urine detection mechanism **34** comprises: wiring **341** which extends from the main urine collection processing device body **30**; and clips **342** which are provided at the end of these two cables. Clips **342** hold electrodes **131** of the urine receiver **10**, described hereafter.

The lid part **32** is locked onto the main urine tank body **31** by a lock mechanism **321** and hermetically seals the urine tank. This lid part **32** comprises: a vacuum pump **322** which is connected to the urine tank; and a controller **323** which drives the vacuum pump **322** according to detection signals from the urine detection mechanism.

The vacuum pump **322** suctions out urine received by the urine receiver **10** via the urethral tube **11** by suctioning air within the main urine tank body **31** and collects urine in the main urine tank body **31**.

A control circuit, timer circuit and battery are embedded in the controller **323**. The controller **323** starts the timer of the timer circuit and activates the vacuum pump **322** when detection signals are received from the urine detection mechanism **34**. In the present embodiment, the vacuum pump **322** is activated according to the detection signals from the urine detection mechanism **34**. However, it is not limited thereto, and furthermore, the timer can be started regularly for the purpose of ventilation and can be started by detecting excessive humidity by a humidity sensor. The electrical current applied to the urine detection mechanism **34** is preferably 0.01 to 0.1 mA at an applied voltage of 6 to 12V, so as not to affect the body.

The vacuum pump **322** and controller **323**, above, are turned on and off by a manual switch **324** provided on the upper surface of the lid part **32**. Through this, cleaning and maintenance of the urine collection processing device **1** is possible.

The urine receiver **10** is formed from flexible material, is attached between the thighs of the wearer, and receives urine discharged from the urination part of the wearer.

FIG. **2** is a top view of the urine receiver according to the embodiment; FIG. **3** is a cross-sectional pattern view cut in the direction of A to A' in FIG. **2**; and FIG. **4** is a cross-sectional pattern view cut in the direction of B to B' in FIG. **2**;

This urine receiver **10** is board-shaped and formed from a back sheet part **12**, a main urine receiver body **20**, a urine detection sensor part **13**, a surface material part **14**, a surface sheet part **15**, and a gathers part **16**, layered in order from the bottom. Although the foregoing components **20** and **12** to **16** are shown separately in FIG. **3** and FIG. **4**, it is in reality a unit.

FIG. **5** is an analytical perspective view of the main urine receiver body **20**.

The main urine receiver body **20** has a roughly rectangular board-shape and comprises: a liquid-permeable, air-impermeable sheet **21**; a leak-proof part **22** which is placed on the surface of this air-impermeable sheet **21** opposite of the urethral meatus of the wearer; and a suction part **26** which is provided between the air-impermeable sheet **21** and the leak-proof part **22**.

The permeability of the air-impermeable sheet **21** measured according to the permeability A method prescribed in 6.27.1 of JIS L 1096 is within the range of 0 to 100 $cc/cm^2/sec$, and preferably 0 to 50 $cc/cm^2/sec$, in a moistened state.

Here, a moistened state indicates a state wherein the moisture content calculated from the equation below is over 100%:

$$\text{Moisture content}=(\text{sheet weight when moistened}-\text{sheet weight when dry})/(\text{sheet weight when dry})$$

In addition, the above-mentioned permeability is within the range of 20 to 200 $cc/cm^2/sec$, and preferably 20 to 50 $cc/cm^2/sec$, in a dry state.

Here, a dry state indicates a state of being left sitting for a sufficient amount of time in an atmosphere of 20° C. and RH60%.

The suction part **26** is a hermetically-sealed space formed between the air-impermeable sheet **21** and leak-proof part **22**

wherein a plurality of space retention materials **23** are stored. More specifically, they are aligned in one row, in a non-fixed state, between the air-impermeable sheet **21** and the leak-proof part **22**.

The urethral tube **11** is connected to one side of the suction part **26** of the main urine receiver body **20** in a length-direction. More specifically, the outer border of the air-impermeable sheet **21** and the outer border of the leak-proof part **22** are bonded together with the urethral tube **11** sandwiched between. Through this, a hermetically-sealed space is formed by the air-impermeable sheet **21** and the leak-proof part **22**, and at the same time, the urethral tube **11** is in communication with this hermetically-sealed space.

A hermetic-sealing joint **111** is attached on to the section of the urethral tube **11** which is sandwiched between the air-impermeable sheet **21** and the leak-proof part. This prevents the urethral tube **11** from becoming crushed and also facilitates the bonding of the air-impermeable sheet **21** and the leak-proof part **22**.

FIG. **6**(*a*) is a perspective view of a urine detection sensor part **13**.

The urine detection sensor part **13** comprises: a pair of electrodes **131** which are placed roughly parallel; and a band-shaped electrode sheet **132** which envelopes these electrodes **131** and are connected to the side of the main urine receiver body **20** in the length-direction. Each electrode **131** is coated with permeable coating material **135** and **136** which coat the conductors **134** and the front and back surfaces thereof.

FIG. **6**(*b*) is a cross-sectional view of the conductors **134** comprising the electrodes **131**.

Insulator film is attached to the back surface of the conductors **134**.

One end of a pair of electrodes **131** extends along both side-borders of the air-impermeable sheet **21** of the main urine receiver body **20** in parallel with each other. Because this pair of electrodes **131** are placed apart, if urine collects between these electrodes **131**, urine can be detected though electrical continuity. The other end of this pair of electrodes **131** is exposed from the end of an electrode sheet **132** and is connected to clips **342** of a urine detection mechanism **34**.

Although one pair of electrodes **131** is provided in the present embodiment, it is not limited thereto, and three electrodes or more can be provided in order to enhance the sensitivity of the urine detection sensor part **13**.

FIG. **7** is a perspective view of the surface material part and surface sheet part **15**.

Surface material part **14** is provided on the urethral meatus side of the air-impermeable sheet **21**, formed by layering two liquid-permeable cushion sheets **141**, and temporarily receives urine discharged by the wearer. Therefore, it is preferable that the width of the cushion sheet **141** is almost the same as the width of the air-impermeable sheet **21**.

The surface sheet part **15** covers the air-impermeable sheet **21** surface of the main urine receiver body **20**. Back sheet part **12** covers the side of the leak-proof part **22** of the main urine receiver body **20** opposite of the air-impermeable sheet in order to prevent urine from leaking. These surface sheet part **15** and back sheet part **12** have an hourglass-shape and are connected together on the outer border of the main urine receiver body **20**.

Gathers part **16**, as a sealing means, is formed from a barrier-cuff which can rise up against the air-impermeable sheet **21**, provided along the entire circumference of the outer border part of the air-impermeable sheet **21** of the main urine receiver body **20**, and seals the space between the main urine receiver body **20** and the skin surface of the wearer.

The gathers part **16** comprises: side gathers **161** as a pair of first gathers which expands along the main urine receiver body **20** in a length-direction; and round gathers **162** as a pair of second gathers which expands along the main urine receiver body **20** in a width-direction.

These gathers **161** and **162** can rise up against the main urine receiver body **20** by expanding and contracting.

Adhesive layer **27** which can be attached to the wearer's skin is formed on the free end sides (end side) of the gathers **161** and **162**. This adhesive layer **27** can be formed from any water-resistant, pressure-sensitive adhesive which is medically-approved, such as hydrocolloid layer and hydro gel adhesive. As adhesive which can be attached and removed with comparatively no pain, and at the same time, has adhesive characteristics enabling attachment to the delicate skin of the wearer, that which is formed from cross-linked polymer to which plasticizer is added and forms a three-dimensional matrix is ideal.

The gathers part **16** prevents urine which trickles down the wearer's skin from leaking. In particular, this is effective when urine is discharged rapidly in large amounts because all of the urine cannot be received by the surface sheet part **15**. Although one pair of round gathers **162** is provided in the present embodiment, it is not limited thereto and a round gathers provided only on the back side is also possible. The reason for this is because in elderly-care, most patients do not lay face-down.

FIG. **8** is a perspective view of cover pants **40** to which the urine receiver **10** described above is applied.

The cover pants **40** are pant wherein a urine receiver **10** is embedded. The urine receiver **10** is placed in the section between the legs of the cover pants **40**, with the air-impermeable sheet **21** facing inward. At this time, because the urine receiver **10** is slightly rolled up in a length-direction to the crotch of the wearer, gathers **161** and **162** expand and contract inward and rises up in an inverted funnel-shape (drawing omitted). Therefore, when a wearer wears these cover pants **40**, the air-impermeable sheet **21** of the urine receiver **10** is placed opposite of and covering the urethral meatus of the wearer, and at the same time, the urethral tube **11** and the urine detection sensor part **13** are exposed from the front of the body.

Although the urine receiver **10** is attached to the cover pants **40** in the present embodiment, it is not necessarily limited thereto and can be attached to diapers with tape fasteners, pants-type diapers, or textile diapers, such as conventional diaper pads, incontinence pads, and sanitary napkins.

The foregoing urine collection processing device **1** operates as follows:

FIG. **9** is a flowchart of the urine collection processing device **1**.

When urine is discharged into the urine receiver **10**, the pair of electrodes **131** of the urine detection sensor part **13** are soaked in urine, becomes electrically conductive, and urine is detected (S1). Controller **323** receives the detection signal via urine detection mechanism **34**. Then, the controller **323** activates vacuum pump **322** and starts the timer (S2 and S3). This timer is, for example, set to two to three minutes, and the controller **323** drives the vacuum pump **322** during the time to which this timer is set.

If the driving time of the vacuum pump **322** exceeds the set timer time (S4) and detection signals are received (S5), the controller **323** continues to drive the vacuum pump **322**.

On the other hand, if the driving time of the vacuum pump **322** exceeds the set timer time (S**4**) and detection signals are not received (S**5**), the controller **323** stops the vacuum pump **322**.

In addition, the vacuum pump **322** suctions urine from the main urine receiver body **20** with the following mechanism:

Urine discharged from the wearer is temporarily received in the cushion sheet **141** of the surface material part **14** and subsequently reaches the air-impermeable sheet **21**.

If the vacuum pump **322** is driven in this state, negative pressure is applied to the suction part **26** between the air-impermeable sheet **21** and the leak-proof part **22** due to suction power from the vacuum pump. At this time, because space retention material **23** is positioned so that this suction part **26** is not crushed, the vacuum pressure from the vacuum pump **322** is evenly applied within the suction part **26**. As a result, urine is suctioned from the entire front surface of the air-impermeable sheet **21** to the main urine receiver body **20** and is suctioned out via the urethral tube **11**.

According to the present embodiment, the following effects can be attained.

Because the air-impermeable sheet **21** is placed opposite of and covering the urethral meatus of the wearer, urine can be received by the entire surface of the air-impermeable sheet. Therefore, it is unnecessary to worry about the relative positioning of the urine receiver and the urethral meatus, and the urine receiver can be attached easily.

A suction part **26** is provided between the air-impermeable sheet **21** and the leak-proof part **22**. Through this, urine is suctioned from the entire front surface of the air-impermeable sheet **21** towards the suction part **26** and suctioned out via the urethral tube **11**. Therefore, because received urine does not remain in one area of the air-impermeable sheet even when the wearer repeatedly changes position, urine leakage from the urine receiver can be prevented.

In addition, the urine receiver **10** and vacuum pump **322** can be miniaturized. Through this, the burden of excretion care for wearers placed upon care-givers can be lightened. Furthermore, not only can the amount of waste be reduced, conventional work involving placing a pad underneath the buttocks of the wearer can be minimized.

Because urine can be suctioned out repeatedly by the urine receiver **10**, the frequency of replacing pads can be reduced. Furthermore, because it is not necessary to manufacture individual products according to urine absorbency amount, such as with diaper pads, manufacturing costs can be reduced.

Because this invention is not constructed such that urine is not absorbed by absorbent material, urine does not remain within the urine receiver **10** due to the suction of the urine within the suction part **26**, skin and genitals are not left damp for a long period of time or dampened repeatedly, and therefore, it is sanitary. As a result, rashes and skin irritation can be contained.

Because a liquid-permeable surface material part **14** is provided on the urethral meatus side of the air-impermeable sheet **21**, even if urine is discharged rapidly in large amounts from the urethral meatus, this urine can be temporarily received by the surface material part **14**, and therefore, the overflowing of urine from the urine receiver **10** can be prevented.

Because the surface of the leak-proof part **22** opposite of the air-impermeable sheet **21** is covered with back sheet **12**, the overflowing of urine from the urine receiver **10** can be prevented with further certainty.

Urine is detected by providing at least one pair of electrodes **131** on the urethral meatus side of the air-impermeable sheet **21** and enabling these electrodes **131** to become electrically conductive. Therefore, urine can be detected using a simple structure and costs can be reduced.

Because urine receiver **10** is formed from flexible material, special supporters such as those conventionally used are not implemented, and the urine receiver can be attached easily to diapers with tape fasteners, pants-type diapers, and textile diapers, for example.

More specifically, the foregoing urine collection processing device is constructed as follows:

1. Main Urine Collection Processing Device Body

Urine tank: capacity of approximately 750 cc

2. Urethral Tube

Silicone tube (inner diameter of ø4 mm, outer diameter of ø6 mm, and length of 1500 mm)

3. Urine Receiver

3-1 Back Sheet Part

A three layer-construction comprising a bottom layer, middle layer, and a top layer, wherein layers are simply joined by spiral HMA

Bottom layer: PP spun bond N.W. 15 $g/m^2$

Middle layer: polyethylene film with a thickness of 15 μm

Top Layer: SMS N.W. 35 $g/m^2$

3-2 Main Urine Receiver Body

Air-impermeable sheet: SMS nonwoven fabric (54 $g/m^2$)

Space retention material: styrofoam beads (diameter of approximately 6 mm)

Leak-proof part: PET/PE (12 μm/40 μm) laminated film with PE placed on the air-impermeable sheet side

Hermetic-sealing joint: molded PE part

The outer borders of the air-impermeable sheet and the leak-proof part are adhered by 2 mm heat-sealing

3-3 Urine Detection Sensor Part

Coating material: thermal bond nonwoven fabric (25 $g/m^2$ and a density of 0.01 $g/cm^3$)

Conductor: aluminum foil (width of 10 mm)

Insulator film: PE film (width of 10 mm)

3-4 Surface Material Part

Cushion sheet: thermal bond nonwoven fabric (25 $g/m^2$)×2

3-5 Surface Sheet

thermal bond nonwoven fabric (25 $g/m^2$)

3-6 Gathers Part

Side gathers and round gathers: almost the same as gathers for sanitary napkins

[Second Embodiment]

FIG. **10** is a perspective view of a urine receiver **10**A according to a second embodiment of the present invention.

This embodiment differs from the first embodiment in that the surface sheet in the first embodiment is not provided, the surface material part **14**A construction differs, and the main urine receiver body **20**A construction differs.

Specifically, a liquid-passing sheet **24** and a support sheet **25** are layered between the space retention material **23** and leak-proof part **22**. The liquid-passing sheet **24** is joined to the support sheet over its entire surface, and the support sheet **25** is joined to the leak-proof part **22** over its entire surface.

An insertion hole is provided in the leak-proof part **22** and the support sheet for inserting the urethral tube **11**.

In particular, the foregoing urine collection processing device has a construction which differs from the first embodiment in the following ways:

Leak-proof part: PE film with a thickness of 15 μm

Support sheet: PE foam sheet with a thickness of 2 mm

Liquid-passing sheet: nylon flatwoven mesh sheet (gauge: approximately 0.04 mm; number of threads implanted: 100/cm)

Surface material part: thermal bond nonwoven fabric (225 $g/m^2$, thickness of 20 m, and density of 0.01 $g/cm^3$)

[Third Embodiment]

The present embodiment differs from the second embodiment in that a surface sheet is provided and the surface material part differs.

More specifically, in order to enhance temporary collection of liquid, the surface material part comprises two layered cushion sheets.

In particular, the foregoing urine collection processing device has a construction which differs from the second embodiment in the following ways:

Surface sheet: thermal bond nonwoven fabric (25 $g/m^2$ and density of 0.01 $g/cm^3$)

Cushion sheet: thermal bond nonwoven fabric (25 $g/m^2$)

[Fourth Embodiment]

FIG. **11** is a vertical-sectional view of a urine receiver **10**B according to a fourth embodiment of the present invention; FIG. **12** is a horizontal-sectional view of the urine receiver **10**B; FIG. **13** is a perspective view of the urine receiver **10**B; and FIG. **14** is a top pattern view of the urine receiver **10**B.

The present embodiment differs from the first embodiment in that the shape and construction of the urine receiver **10**B differs.

In otherwords, the urine receiver **10**B is cup-shaped. More specifically, center line A which extends in the length-direction of the urine receiver **10**B curves to the shape of the wearer's body and the center section cups outward. In addition, the center section of center line B which extends in the lateral-direction of the urine receiver **10**B also cups outward. The measurement of the cupping of the urine receiver **10**B is, in particular, preferably 10 to 80 mm. Furthermore, as shown in FIG. **14**, the urine receiver **10**B is an ellipsoid when viewed from the top, the width measurement W**1** of the crotch area is preferably 50 to 80 mm, and the length measurement L**1** preferably 200 to 350 mm. It is not limited thereto, however, and as shown in FIG. **15**, the urine receiver **10**B have an hourglass-shape, the width measurement W**2** of the crotch area can be 50 to 80 mm, and the length measurement L**2**, 200 to 350 mm.

A urethral tube **11** is connected to the urine receiver **10**B, as is in the first embodiment, and the urine receiver **10**B comprises a main urine receiver body **20**B, a urine detection sensor part **13**B and a surface sheet part **15**B, but does not comprise a back sheet, a surface material part, or a gathers part.

The urethral tube **11** is formed from polyvinyl, silicone, or PE, for example. The inner diameter of the tube is, for example, 1 to 10 mm.

The conductors configuring the urine detection sensor part **13**B are formed from conductive materials such as carbon, aluminum, copper, or silver. If carbon powder is used, the conductor is formed, for example, by combining hot-melt resin and carbon powder and bead coating over a nonwoven fabric. In this case, the combination percentage of the hot-melt resin and carbon powder is preferably that wherein carbon is 50% by weight or more.

The surface sheet part **15**B is preferably formed from a low-density air through nonwoven fabric with low remaining water content. In particular, a 20 g/ms air through nonwoven fabric with density of 0.88 $g/cm^3$ constructed by 4-denier water-processed PE/PET synthetics is preferable. In addition, the density of this air through nonwoven fabric is preferably 0.005 to 0.01 $g/cm^3$.

The main urine receiver body **20**B comprises a air-impermeable sheet **21**B, a leak-proof part **22**B, and a suction part **26**B, as in the first embodiment.

The leak-proof part **22**B is formed from polyethylene film, polyethylene foam, closed-cell polyurethane foam, flexible rubber, or plastic, for example. More particularly, the leak-proof part **22**B is formed from 50 $g/m^2$ of heat-molded polyethylene foam.

The foregoing urethral tube **11** extends from the upper side of the main urine receiver body **20**B along the space retention part **23** and reaches the bottom half of the main urine receiver body **20**B.

Suction part **26**B is, for example, formed from fibrous frame material. More particularly, it is formed by polyethylene foam beads of 2 to 10 mm in diameter or 8- to 15-denier, 3 to 10 mm dimension air through nonwoven fabric.

Air-impermeable sheet **21**B is formed from hydrophilic fibers such as rayon. The permeability of the air-impermeable sheet **21**B measured according to the afore-mentioned permeability A method is preferably 20 to 50 $cc/cm^2/sec$ in a dry state and 0 to 50 $cc/cm^2/sec$ in a moistened state. More particularly, it is formed from 54 $g/m^2$ water-processed SMS nonwoven fabric (spun bond layer . . . 22 $g/m^2$, melt-blown layer . . . 10 $g/m^2$, spun bond layer . . . 22 $g/m^2$).

The present invention is not limited to the foregoing embodiments, and modifications, improvements, and the like within the scope of achieving the object of the present invention are included within the present invention.

For example, in the foregoing first embodiment, although gathers part **16** is provided on the outer border of the air-impermeable sheet **15**, it is not limited thereto, and as shown in FIG. **16**, the gathers **16**C can be sandwiched between the outer borders of the air-impermeable sheet **15** and the leak-proof part **22**. Through this, the air-impermeable sheet **15** and leak-proof part **22** can be joined without fail.

In addition, as shown in FIG. **17**, it is possible for the gathers part **16**D to not rise up and a molded inverted funnel-shaped part made out of polyurethane or silicone can be attached.

In addition, in the foregoing first embodiment, although the urethral tube is connected to the main urine receiver body **20** on one side in the length-direction, it is not limited thereto, and a hole can be provided on the bottom surface of a leak-proof part **22** E, and a urethral tube **11**E can be inserted into this hole and connected, as shown in FIG. **18**. Furthermore, as shown in FIG. **19**, a hermetic-sealing joint **111**F can be used as a bent pipe, a urethral tube **11**F can be connected to the hermetic-sealing joint **111**F from one side of the main urine receiver body in the length-direction, and this hermetic-sealing joint **111**F can be adhered to the surface of a leak-proof part **22**F opposite of the air-impermeable sheet **21**.

What is claimed is:

**1**. A urine receiver which is implemented in a urine collection processing system which sucks urine discharged from a wearer into a urine tank via a urethral tube comprising, at the least:

an air-permeable sheet having liquid permeable characteristics sheet which is adapted to be placed opposite of and covering the urethral meatus of the wearer;

a leak-proof part which is placed on the surface of the air-impermeable sheet opposite to the urethral meatus and bonds to the outer border of the air-impermeable sheet;

a suction part which is provided between the air-impermeable sheet and the leak-proof part containing a space retention member, and into which the urethral tube is placed; and

a sealing element for sealing the space between the air-impermeable sheet and the wearer's skin surface which is provided on the outer border part of the air-impermeable sheet on the urethral meatus side, wherein the space retention member includes a plurality of space retention materials, and wherein each space retention material has an essentially spherical shape and a diameter of about 2 mm to about 10 mm.

**2**. The urine receiver according to claim **1** wherein the sealing element is formed by a barrier-cuff which can rise up against the air-impermeable sheet.

**3**. The urine receiver according to claims **1** wherein the sealing element comprises an adhesive layer on free end sides which can be affixed to the skin of the wearer.

**4**. The urine receiver according to claim **1** wherein the sealing element comprises a first gathers which is elastic and expands along the length-direction of the suction part, and this first gathers rises up against the suction part by expanding and contracting.

**5**. The urine receiver according to claim **4** wherein the sealing element comprises a second gathers which is elastic and expands along the width-direction of the suction part.

**6**. The urine receiver according to claim **1** wherein the sealing element can rise up in an inverted funnel-shape towards the wearer.

**7**. The urine receiver according to claim **1** comprising: a liquid-permeable surface material part provided on the surface on the urethral meatus side of the air-impermeable sheet; and a back sheet part which covers the side of the leak-proof part opposite of the air-impermeable sheet.

**8**. The urine receiver according to claim **1** comprising at least one pair of electrodes placed on the surface of the urethral meatus side of the air-impermeable sheet, wherein urine can be detected by these electrodes becoming electrically conductive.

**9**. The urine receiver according to claim **1** wherein the leak-proof part is cup-shaped.

**10**. A urine collection processing system for suctioning urine discharged from a wearer into a urine tank via a urethral tube comprising:

a urine receiver which is implemented in a urine collection processing system which sucks urine discharged from a wearer into a urine tank via a urethral tube comprising, at the least:

an air-permeable sheet having liquid permeable characteristics which is adapted to be placed opposite of and covering the urethral meatus of the wearer;

a leak-proof part which is placed on the surface of the air-impermeable sheet opposite to the urethral meatus and bonds to the outer border of the air-impermeable sheet;

a suction part which is provided between the air-impermeable sheet and the leak-proof part containing a space retention member, and into which the urethral tube is placed, the space retention member including a plurality of space retention materials, each space retention material having an essentially spherical configuration with a diameter of about 2 mm to about 10 mm; and

a sealing element for sealing the space between the air-impermeable sheet and the wearer's skin surface which is provided on the outer border part of the air-impermeable sheet on the urethral meatus side; and

a urine tank which is connected to this urine receiver via a urethral tube; and a vacuum pump which sucks out urine received by the urine receiver by suctioning the air within the urine tank and collecting urine within the urine tank.

**11**. A urine receiver according to claim **1**, further comprising a sensor for sensing the presence of urine, and a pump operatively connected therewith, the pump being configured to be responsive to the detection of urine by the sensor to pump urine from the urine receiver and deliver it to the urine tank via the urethral tube.

**12**. A urine receiver according to claim **11**, wherein the sensor comprises a pair of electrodes disposed proximate the air-impermeable sheet, the electrodes being space and configured so that urine which collects between the electrodes can be detected though electrical continuity.

**13**. A urine collection processing system according to claim **10**, further comprising a sensor for sensing the presence of urine, the vacuum pump being configured to be responsive to the detection of urine by the sensor and to pump urine from the receiver to the urine tank via the urethral tube.

**14**. A urine receiver according to claim **13**, wherein the sensor comprises a pair of electrodes disposed proximate the air-impermeable sheet, the electrodes being space and configured so that urine which collects between the electrodes can be detected though electrical continuity.

* * * * *