IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PUREWICK CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | **Redacted - Public Version** |
| | ) | |
| v. | ) | C.A. No. 19-1508-MN |
| | ) | |
| SAGE PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTIONS TO EXCLUDE THE EXPERT OPINIONS OF DONALD SHELDON AND VINCENT THOMAS CONCERNING NON-INFRINGING ALTERNATIVES**

OF COUNSEL:
Steven C. Cherny
Brian P Biddinger
Matthew A. Traupman
Nicola R. Felice
Jason C. Williams
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000

Athena Dalton
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiff*

Dated: September 20, 2021

## **TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................1
II. SUMMARY OF THE ARGUMENT ................................................................................1
III. STATEMENT OF FACTS ................................................................................................1
IV. MR. THOMAS' AND MR. SHELDON'S OPINIONS CONCERNING ALLEGED NON-INFRINGING ALTERNATIVES SHOULD BE EXCLUDED ............2
V. CONCLUSION..................................................................................................................5

## TABLE OF AUTHORITIES

**Page**

### Cases

*BMC Software, Inc. v. Servicenow, Inc.*,
   No. 2:14-CV-903-JRG, 2016 WL 367251 (E.D. Tex. Jan. 29, 2016) ........................................ 5

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
   62 F. Supp. 3d 368 (D. Del. 2014) ............................................................................................ 5

*Pernix Ireland Pain Dac v. Alvogen Malta Operations Ltd.*,
   316 F.Supp.3d 816 (D. Del. 2018) ............................................................................................ 3

*StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*,
   C.A. No. 4:17-CV-303, 2019 WL 5395569 (E.D. Tex. July 25, 2019) .................................... 3

*XpertUniverse, Inc. v. Cisco Systems, Inc.*,
   C.A. No. 09–157–RGA, 2013 WL 936449 (D. Del. Mar. 11, 2013) ........................................ 5

PureWick Corporation ("PureWick" or "Plaintiff") respectfully requests that the Court strike or exclude portions of Sage's expert reports that rely on facts and contentions concerning alleged non-infringing alternatives that were not disclosed during fact discovery.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

PureWick incorporates by reference the Nature and Stage of the Proceedings set forth in PureWick's contemporaneously filed Motion for Summary Judgment of Infringement.

## II.   SUMMARY OF THE ARGUMENT

Sage's experts, Mr. Donald Sheldon and Mr. Vincent Thomas, offer opinions concerning alleged non-infringing alternatives that rely on contentions and information from Sage employees that were not disclosed during fact discovery.  Because Sage failed to timely disclose this information, even after being ordered by the Court to do so, Sage should be precluded from offering their expert's opinions concerning alleged non-infringing alternatives.

## III.  STATEMENT OF FACTS

During fact discovery, PureWick served Sage with an interrogatory seeking Sage's contentions concerning the availability of alleged non-infringing alternatives ("NIAs").  In addition to seeking the identity of any alleged NIAs, the interrogatory also sought a "description of when and how each alleged non-infringing alternative was developed," "the identity of individuals involved in developing and/or most knowledgeable about each" NIA, "costs associated with developing and/or implementing each" NIA, and the "steps and the time required to develop and/or implement each alleged non-infringing alternative." Ex. 1 at p. 78.  Sage refused to answer the interrogatory, taking the position that it would not provide a response until "after further discovery has been conducted including claim construction and expert discovery." D.I. 64-5 at 3.  PureWick moved to compel (D.I. 64 at 2-3), and at the hearing Sage reiterated its view that PureWick's interrogatory was premature and that they should wait to address non-infringing

alternatives until after claim construction or in expert reports.  D.I. 72 at 17:14-25.  The Court disagreed and granted PureWick's motion, finding that "I don't think it makes sense to wait until after claim construction.  And I certainly don't think it is appropriate to say that you're not going -- anyone is not going to identify or address non-infringing alternatives until expert discovery because I think everybody needs to have some opportunity to explore those issues."  *Id.* at 18:4-20.

When Sage finally responded to PureWick's interrogatory its response   Ex. 1 at p. 80.  Sage provided no real description of any alleged NIA, and provided no facts concerning the purported availability of the alleged NIAs, when they were developed, the costs associated with developing them, or the individuals knowledgeable about them.  Nor did Sage make any arguments as to whether, for example, .  *Id.* at pp. 80-84.  And, in truth, such banal descriptions of a category, such as a urine collection device without a claim element, are meaningless.  What type of "urine collection device" without a casing or a wicking material?  A cup?  An internal catheter and a bag?  Sage plainly did not provide enough disclosure in its interrogatory response to support a jury finding a specific alternative was available or acceptable.

IV.    **MR. THOMAS' AND MR. SHELDON'S OPINIONS CONCERNING ALLEGED NON-INFRINGING ALTERNATIVES SHOULD BE EXCLUDED**

Unsurprisingly, Sage did exactly what it said it would do despite the Court's Order – wait until expert reports to disclose its actual contentions regarding NIA's.  Specifically, despite PureWick's emphasis on the importance of obtaining early discovery of Sage's contentions

regarding NIAs, the Court's Order requiring Sage to provide that discovery, and the Court's warning about untimely expert disclosures, Sage's expert reports contained extensive new allegations concerning NIAs that previously were not disclosed.  In particular, Sage's technical expert, Donald Sheldon, included extensive discussion of the structure, alleged availability, and costs of certain alleged NIAs, and Sage's damages expert, Dr. Thomas, spends numerous pages providing previously undisclosed and untimely "facts" surrounding costs and timeframes for implementing alleged NIAs.  Ex. 2 at pp. 168-90; Ex. 3 at ¶¶ 74-86.  The majority of the facts and theories in Sage's expert reports were derived from hearsay conversations with Sage employees that were not disclosed in Sage's interrogatory response.[1]

    The opinions of Sage's experts are untimely and highly prejudicial for many reasons.  Not only did Sage fail to provide the vast majority of its new contentions during fact discovery, Sage affirmatively took the position in its interrogatory response that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 at p. 79 (emphasis added).  Yet Sage's expert reports are replete with references to the alleged costs associated with developing and/or implementing various NIAs – precisely the information Sage refused to provide during fact discovery.  For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2 at pp. 171-72.

---

[1] Aside from Sage's failure to comply with the Court's order, an expert cannot just be used as a vehicle to put hearsay in record.  *Pernix Ireland Pain Dac v. Alvogen Malta Operations Ltd.*, 316 F.Supp.3d 816, 821 (D. Del. 2018) ("[T]here are numerous authorities holding that out-of-court statements in the form of expert testimony, expert depositions, and expert reports are not admissible under Rule 801(d)(2)(C) or (D)."); *see also, StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, C.A. No. 4:17-CV-303, 2019 WL 5395569, at *7 (E.D. Tex. July 25, 2019) ("While experts are allowed to rely on hearsay in forming their opinions, 'their testimony is not a vehicle by which evidence that is otherwise inadmissible may be introduced.'") (citation omitted).

With respect to another alleged NIA, Mr. Sheldon asserts that ██████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████ *Id.* at p. 175.  Mr. Thomas then relies on these alleged costs in connection with his opinions about a reasonable royalty.  Ex. 3 at ¶¶ 78-86. None of this information, however, was provided during fact discovery.

Further, the sole source of these alleged facts concerning development costs (along with other things such as the availability of the alternatives, time to implement, etc.) are conversations between Sage's experts and Sage employees.  For example, Dr. Thomas and Mr. Sheldon relied on conversations with ████████████████████████████████████

████████████████████████████████████████████████████████.  Ex. 2 at pp. 171-72, 175; Ex. 3 at ¶¶ 78-86.  They also relied on a conversation with another Sage employee, ████████████████████████████████████████████████████████

████████████████████.  Ex. 2 at p. 183; Ex. 3 at ¶¶ 114-16.  Sage failed to disclose any of the alleged "facts" that their experts learned from these conversations, even after being ordered to produce this information, and Sage failed to even identify these Sage employees as being knowledgeable about alleged NIAs.

The prejudice from Sage's failure to timely disclose this information is exacerbated by the fact that Mr. Thomas and Mr. Sheldon do not rely on any documents to substantiate any of the purported claims of Sage's employees, nor did Sage cite to any such documents in its interrogatory response.  *Id.*  As such, the only basis for these opinions in Sage's expert reports are the

4

unsubstantiated and untimely hearsay assertions of Sage employees.[2] And of course, having never been disclosed previously, PureWick never had the opportunity to examine Sage's suddenly knowledgeable employees who apparently expansively shared their views regarding numerous facts and assumptions upon which Sage's experts rely.

Because Sage did not timely disclose the facts and allegations concerning alleged NIAs, their experts opinions about them should be stricken. *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 389 (D. Del. 2014) (striking expert's untimely supplementation of non-infringing alternatives); *BMC Software, Inc. v. Servicenow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 367251, at *3 (E.D. Tex. Jan. 29, 2016) (striking from expert report non-infringing alternatives not disclosed in defendant's interrogatories).

V. **CONCLUSION**

For the foregoing reasons, PureWick respectfully requests that the Court exclude the untimely opinions in Sage's expert reports concerning non-infringing alternatives.

|  |  |
|---|---|
| OF COUNSEL:<br>Steven C. Cherny<br>Brian P Biddinger<br>Matthew A. Traupman<br>Nicola R. Felice<br>Jason C. Williams<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>(212) 849-7000 | */s/ John W. Shaw*<br>John W. Shaw (No. 3362)<br>Andrew E. Russell (No. 5382)<br>David M. Fry (No. 5486)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>arussell@shawkeller.com<br>dfry@shawkeller.com<br>*Attorneys for Plaintiff* |

---

[2] The failure of Mr. Sheldon and Mr. Thomas to identify any supporting documentation for these opinions also renders their opinions unreliable, and provides another basis to exclude the proposed testimony. *See XpertUniverse, Inc. v. Cisco Systems, Inc.*, C.A. No. 09–157–RGA, 2013 WL 936449, at *3–4 (D. Del. Mar. 11, 2013) (excluding the testimony of plaintiff's damages expert that relied on the deposition and interview of a witness, without any other supporting data).

5

Athena Dalton
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

Dated: September 20, 2021

**CERTIFICATE OF SERVICE**

  I, John W. Shaw, hereby certify that on September 20, 2021, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Anne Shea Gaza
Samantha G. Wilson
YOUNG, CONAWAY, STARGATT &
TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6727
agaza@ycst.com
swilson@ycst.com

Robert A. Surrette
Sandra A. Frantzen
Christopher M. Scharff
Ryan J. Pianetto
Paul W. McAndrews
Deborah A. Laughton
MCANDREWS, HELD & MALLOY, LTD
500 West Madison Street
Chicago, IL 60661
(312) 775-8000
bsurrette@mcandrews-ip.com
sfrantzen@mcandrews-ip.com
cscharff@mcandrews-ip.com
rpianetto@mcandrews-ip.com
pwmcandrews@mcandrews-ip.com
dlaughton@mcandrews-ip.com

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiff*

7

# Exhibits 1-3
# REDACTED IN THEIR ENTIRETY