IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PUREWICK CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | **Redacted - Public Version** |
| | ) | |
| v. | ) | C.A. No. 19-1508-MN |
| | ) | |
| SAGE PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**PUREWICK'S RESPONSE TO SAGE'S CONCISE STATEMENT OF FACTS**

OF COUNSEL:
Steven C. Cherny
Brian P Biddinger
Matthew A. Traupman
Nicola R. Felice
Jason C. Williams
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010

Athena Dalton
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

Dated: October 20, 2021

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiff*

Pursuant to Paragraph 14(b) of the Court's Scheduling Order (D.I. 56), Plaintiff PureWick Corporation ("PureWick" or "Plaintiff") hereby responds to Sage's concise statement of facts.

## I. RESPONSE TO SAGE'S CONCISE STATEMENT OF FACTS

1. Undisputed.

2. Disputed. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆ D.I. 210, Ex. 30 ¶238; D.I. 210, Ex. 31 ¶199; Ex. 143.

3. Disputed. The ▆▆▆▆▆▆▆▆▆▆ of the PrimoFit is an article that moves moisture by capillary action from one surface of the article to the other. D.I. 210, Ex. 30 ¶238; Ex. 31 ¶¶192-200 and Ex. G, pp. 3-6; Ex. 34 ¶¶8-32; Ex. 144 at SAGE000031468; Ex. 105; Ex. 106.

4. Disputed. PureWick did not identify the "top surface" of the ▆▆▆▆▆ the "array of openings;" rather, PureWick stated that "[u]rine is drawn through the array of openings (a group of two or more openings) on the surface of the ▆▆▆▆▆ underlies the moisture-wicking article." D.I. 206, Ex. 10 at Ex. A, p. 12; D.I. 210, Ex. 30 at Ex. D, p. 9. PureWick also did not identify ▆▆▆▆ of the PrimaFit" as "the 'outlet port' of the asserted claims;" rather, the outlet port is formed by ▆▆▆▆▆▆▆. D.I. 210, Ex. 30 at Ex. D, p. 8.

5. Disputed. PureWick did not identify the ▆▆ as the chamber; rather, it explained that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ D.I. 210, Ex. 30 at Ex. D, p. 7. PureWick also stated that the "[t]he container defines a chamber is the interior space of the device." *Id.*

6. Undisputed.

7. Disputed. The ▆▆▆ in the PrimaFit function to ▆▆▆▆▆▆▆▆▆▆ not to allow liquid to come in or go out. D.I. 210, Ex. 31 ¶51; Ex. 145 at 3. There is no evidence that,

1

in use, █████████████████

8. Disputed. ███████████████████████████

████████████████████████████████████████████

████████████████ *See* Ex. 108 at SAGE00039813 ████████

███████████████████████████████████ Additionally,

PureWick's expert, ████████████████████████████

██████████████████████████ D.I. 210, Ex. 31 ¶¶37-39.

9. Disputed. ███████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████. D.I. 210, Ex. 31 ¶47; Ex. 146 at SAGE00000133; Ex. 147 at SAGE0000019; D.I. 191, Ex. 8; D.I. 191, Ex. 5 at SAGE00028151.

10. Disputed. Liquid cannot come in and go out of █████████████ █████████████ rather, liquid comes in through the array of openings ████████ ███████████ the moisture-wicking article. D.I. 210, Ex. 30 at Ex. D, p. 6-10; D.I. 210, Ex. 31 ¶47; Ex. 147 at SAGE0000019; Ex. 146 at SAGE00000133; D.I. 191, Ex. 5 at SAGE00028151.

11. Disputed. ███████████████████████████

████████████████████████████████████████████

███████████████████████████████ Ex. 146 at SAGE00000133; Ex. 147 at Slide 19; D.I. 191, Ex. 8; D.I. 191, Ex. 5 at SAGE00028151.

12. Disputed. ████████████████████

2

██████████████████████████████████████ is the "moisture-wicking article" of the asserted '508 patent claims. D.I. 210, Ex. 30 ¶195; Ex. 31 ¶¶9-28; D.I. 191, Ex. 12; Ex. 148 at 9 (wicking demonstration video).

13. Disputed. The PrimaFit fabric is ██████████████████████████████████████ ██████████████████████████████████████ D.I. 210, Ex. 32 at 119:10-14; D.I. 191, Ex. 12.

14. Disputed. PureWick did not just identify the ████████████ the "fluid reservoir" of the asserted claims of the '376 and '989 patents; rather, ████████████ is part of the casing and ██████████████████████████ D.I. 210, Ex. 30 at Ex. D, p. 3-5.

15. Disputed. Only a portion of the b████████████████████████ ████████ Exs. 149-51.

16. Disputed. During fact discovery, PureWick identified Sage's customers, including healthcare providers and patients as the specific people or single entity that performs each step of the claimed method. D.I. 206, Ex. 10 at Ex. C, pp. 1-52; D.I. 207, Ex. 11 at pp. 10-11. PureWick also identified ██████████████████████████████████████ ██████████████████ Sage's instructions for use for the PrimaFit product. D.I. 206, Ex. 10 at Ex. C, pp. 1-52; D.I. 207, Ex. 11 at pp. 10-11.

17. Undisputed.

18. Disputed. PureWick's evidence of "direct infringement" of the '989 patent provided during expert discovery includes Sage's instructions for use for the PrimaFit product, ██████████████████████████████████████ ██████████████████████████████████ D.I. 210, Ex. 30 ¶¶216-228; Ex. 112; D.I. 206, Ex. 10 at Ex. C, pp. 1-52; D.I. 207, Ex. 11 at pp. 10-11.

3

19. Undisputed.

20. Disputed. PureWick's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 211, Ex. 68. Sage's reference to "the PureWick product" is ambiguous.

21. Disputed. The first product sale by PureWick ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 211, Ex. 46 at 216:19-24; D.I. 207, Ex. 11 at 26.

22. Disputed. The reference to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is ambiguous because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 211, Ex. 46 at 186:2-3. There is no evidence the PureWick ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 211, Ex. 47 at 44:25-45:21, 47:8-13.

23. Disputed. The device that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and is covered by the asserted claims of the 376 and 989 patents (D.I. 207, Ex. 11 at 25), however, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 211, Ex. 47 at 44:25-45:6, 47:6-13; Ex. 46 at 186:2-3. PureWick disputes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. D.I. 210, Ex. 33 ¶¶1538-41, 1572-1600.

24. Disputed. PureWick disputes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. D.I. 210, Ex. 33 ¶¶1538-41, 1572-1606.

25. Disputed. The inventions claimed in the asserted claims of the '376 and '989 patents, including the fluid impermeable casing, were disclosed in provisional applications filed

4

in March 2014 and November 2014. D.I. 210, Ex. 33 ¶¶1231-1434; D.I. 206, Exs. 5-6.

26. Disputed. The '968 Application discloses a permeable support "distinct from and at least proximate to the fluid reservoir" and a tube extending into a reservoir at a first end and extending across to the outlet. D.I. 210, Ex. 33 ¶¶1445-48, 1452-54.

27. Disputed. The '537 application, filed in March 2014, discloses a urine collection device with a "fluid impermeable casing." D.I. 210, Ex. 33 ¶¶1233-38; D.I. 206, Ex. 5.

28. Disputed. The November 2014 '078 application discloses a urine collection device with a "fluid impermeable casing." D.I. 210, Ex. 33 ¶¶1332-40; D.I. 206, Ex. 6.

29. Disputed. Figures 1 and 32-40 of the '376 and '989 patents were first included in an application filed August 29, 2016, but description relating to elements of those figures was included in earlier filed applications. D.I. 210, Ex. 33 ¶¶1231-1434; D.I. 206, Exs. 5-7.

30. Disputed. Although the phrase "opening of the cavity" does not appear in the specification of the '407 patent, the claims of the '407 patent include the term "cavity" and Figure 2 of the '407 patent depicts the claimed opening. D.I. 206, Ex. 4.

31. Undisputed.

32. Undisputed.

33. Disputed. D.I. 211, Ex. 46 at 246:10-247:22.

34. Disputed. Prior to the filing of its Complaint in this case, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 141; Ex. 142.

35. Disputed. Sage's ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ moves this beyond "garden variety" infringement. D.I. 210, Ex. 33 ¶¶1612-19; Ex. 125 at SAGE00026087-89, 106. Moreover, upon being sued, Sage raised specious defenses that were premised on claim

5

construction positions that were uniformly rejected by the Court and has continued to advance those baseless defenses, which are contrary to the Court's constructions and the plain language of the patents, and sell its products. as demonstrated in PureWick's co-pending motion for summary judgment of infringement. D.I. 190, 191; D.I. 211, Ex. 38 at Ex. 1 (showing Sage's continued sales of accused products post-filing).

36. Undisputed.

37. Undisputed.

38. Undisputed.

39. Disputed. PureWick also produced samples of its product to Sage, ▮

▮ D.I. 211, Ex. 44 at 197:21-23.

40. Disputed. PureWick has asserted that Sage's PrimaFit and PrimoFit products infringe, ▮ D.I. 210, Ex. 30 ¶¶184, 190-191, 229, 234-35, 246.

41. Disputed. PureWick disputes that any Sage customers would have had an available and acceptable non-infringing alternative. D.I. 210, Ex. 30 ¶271; Ex. 31 ¶¶286-363; D.I. 211, Ex. 42 ¶¶5-19.

42. Disputed. Dr. Collins opined that the ▮

D.I. 210, Ex. 32 at 165:9-166:21; D.I. 210, Ex. 30 ¶¶271, 286.

## II.   PUREWICK'S SEPARATE CONCISE STATEMENT OF FACTS AS TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED

PureWick identifies the following material facts as to which PureWick contends there is a genuine issue to be tried, which further support denial of Sage's summary judgment motions.

43.   The PrimoFit's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a "wicking material" under the Court's construction of that term.  D.I. 211, Ex. 56; D.I. 210, Ex. 31 ¶¶194-199; D.I. 210, Ex. 34 ¶¶6-14.

44.   The PrimaFit includes a container that is closed, i.e., it has one way for liquid to go in, one way for liquid to go out, and it holds liquid.  D.I. 210, Ex. 30 at Ex. D, p. 8; D.I. 210, Ex. 31 ¶¶37-39, 48-54; Ex. 108 at SAGE00039813.

45.   The PrimaFit has a fluid reservoir that is distinct from and proximate to the fluid permeable support.  D.I. 210, Ex. 30 at Ex. E, p. 3; D.I. 206, Ex. 2; D.I. 210, Ex. 31 at Ex. E, pp. 3-4; D.I. 206, Ex. 8.

46.   The disclosure of application no. 61/955,537 filed on March 19, 2014 (the "March 2014 Application") reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter of the asserted claims of the '376 and '989 patents as of March 19, 2014.  D.I. 206, Ex. 5; D.I. 210, Ex. 33 ¶¶1231-1328.

47.   The disclosure of application no. 62/084,078 filed on November 25, 2014 (the "November 2014 Application") reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter of the asserted claims of the '376 and '989 patents as of November 25, 2014.  D.I. 206, Ex. 6; D.I. 210, Ex. 33 ¶¶1329-1434.

48.   Mr. Sheldon's invalidity opinion concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██ PureWick device practiced the inventions of the asserted claims of the '376 and '989 patents. D.I. 209, Ex. 23 at pp. 249-52.

49. ███████████████████████████████████████ D.I. 211, Ex. 47 at 45:4-6, 47:6-13; D.I. 211, Ex. 46 at 186:2-3.

50. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████ D.I. 209, Ex. 23, p. 250; D.I. 194, Ex. 4; D.I. 210, Ex. 33 ¶1573.

51. Because of the doctor patient relationship between ███████████
███████████████████████████████████████
███████████████████████ D.I. 211, Ex. 46 at 181:5-14.

52. ███████████████████████████████████████ D.I. 211, Ex. 66 at Newton_0002668-70; Ex. 46 at 190:22-191:15; Ex. 47 at 38:8-14, 77:23-78:4, 190:5-191:15.

53. ███████████████████████████████
██████████ Ex. 114 at PureWick_0016026.

54. The people involved in the ████████████████████
███████████████████████████████████████ D.I. 211, Ex. 46 at 181:5-8; Ex 66.

55. PureWick did not sell a female external catheter product more than a year before the effective filing dates of the '989 and '376 patents. D.I. 210, Ex. 33 ¶1540.

56. A person of ordinary skill in the art would understand that the "opening of the cavity" in '407 patent claim 7 refers back to the "opening" recited earlier in the claim, i.e., the opening in the impermeable layer. D.I. 210, Ex. 33 ¶¶496-502.

57. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 115.

58. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Exs. 116-23.

59. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 124.

60. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. 124.

61. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 121.

62. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 125 at SAGE00026087-89, 106.

63. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ D.I. 210, Ex. 33 ¶¶1612-19.

64. After being sued by PureWick, Sage did not cease selling the PrimaFit product. D.I. 211, Ex. 38 ¶39.

65. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ PureWick_0030206-210.

66. There are no available, acceptable non-infringing alternatives to the patents-in-suit. D.I. 210, Ex. 30 at pp. 86-98; Ex. 31 at pp. 114-44; D.I. 211, Ex. 42 at pp. 2-7.

67. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 211, Ex. 58 at 272:15-273:3.

68. ▮▮▮▮▮▮▮▮ is not an available alternative. D.I. 210, Ex. 30 ¶305; Ex. 31 ¶¶350-58; D.I. 211, Ex. 58 at 252:13-16, 255:13-256:15, 267:19-25.

69. Before Sage began selling the PrimaFit product, the PureWick FEC had no direct competition and was completely unique. D.I. 211, Ex. 81 at PureWick_0020761.

70. Sage and PureWick are the only two suppliers in the relevant market. D.I. 211, Ex. 38 ¶¶45-51; Ex. 130; Ex. 131.

OF COUNSEL:
Steven C. Cherny
Brian P Biddinger
Matthew A. Traupman
Nicola R. Felice
Jason C. Williams
Quinn Emanuel Urquhart
  & Sullivan, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010

Athena Dalton
Quinn Emanuel Urquhart
  & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

Dated: October 20, 2021

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Andrew E. Russell, hereby certify that on October 20, 2021, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Anne Shea Gaza | Robert A. Surrette |
| Samantha G. Wilson | Sandra A. Frantzen |
| Young, Conaway, Stargatt & Taylor LLP | Christopher M. Scharff |
| | Ryan J. Pianetto |
| Rodney Square | Paul W. McAndrews |
| 1000 North King Street | Deborah A. Laughton |
| Wilmington, DE 19801 | McAndrews, Held & Malloy, LTD |
| (302) 571-6727 | 500 West Madison Street |
| agaza@ycst.com | Chicago, IL 60661 |
| swilson@ycst.com | (312) 775-8000 |
| | bsurrette@mcandrews-ip.com |
| | sfrantzen@mcandrews-ip.com |
| | cscharff@mcandrews-ip.com |
| | rpianetto@mcandrews-ip.com |
| | pwmcandrews@mcandrews-ip.com |
| | dlaughton@mcandrews-ip.com |

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiff*