IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUREWICK CORPORATION, | ) |
| | ) |
|     Plaintiff/Counterclaim Defendant, | )   **Redacted - Public Version** |
| | ) |
| v. | )   C.A. No. 19-1508-MN |
| | ) |
| SAGE PRODUCTS, LLC, | ) |
| | ) |
|     Defendant/Counterclaim Plaintiff. | ) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE
EXPERT OPINIONS OF DONALD SHELDON AND VINCENT THOMAS
CONCERNING ALLEGED NON-INFRINGING ALTERNATIVES**

OF COUNSEL:
Steven C. Cherny
Brian P Biddinger
Matthew A. Traupman
Nicola R. Felice
Jason C. Williams
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010

Athena Dalton
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

Dated: November 10, 2021

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiff*

Sage does not credibly contest that it failed to provide contentions concerning the structure, materials, availability, and costs for alleged NIAs during fact discovery. It simply did not. At most, Sage made conclusory assertions that a product could be made that did not include certain claim elements (D.I. 196-1 at 80), without providing any contentions about the structure, materials, cost, or availability of such hypothetical products. Sage also made a vague reference to documents and testimony concerning ▇▇▇▇▇▇▇ without actually alleging that it was non-infringing. *Id.* at 83. Importantly, Sage never disclosed, during fact discovery, the facts that Sage's experts now rely upon and that were obtained solely from conversations with Sage employees. As a result, PureWick was unable to pursue discovery of these alleged facts or contentions, despite the Court previously noting that it was important for PureWick to have the opportunity to do so. D.I. 72 at 18:4-20. Sage's untimely NIA contentions should be excluded.

Sage argues that PureWick had the opportunity to address its concerns over the last year by deposing Sage employees, and that "PureWick never complained" about Sage's deficient interrogatory responses. D.I. 232 at 4-6. This assertion is odd at best. ***PureWick did complain***, and obtained an order compelling Sage to respond. It then was Sage's responsibility to timely supplement that response to provide the contentions and facts that only came to light in its expert reports. *See* Fed. R. Civ. P. 26(e)(1)(A). Sage cannot credibly contend that PureWick should have regularly asked "Is that it?" or "Do your employees have internal views that will one day be finally disclosed in expert reports?" Although Sage occasionally supplemented, none of those supplements provided the contentions or supporting facts that the interrogatory called for. Indeed, the "facts" that Sage's experts subsequently obtained from conversations with Sage's employees

1

are the very facts sought by PureWick's interrogatory.[1]  PureWick certainly could not be expected to depose Sage's witnesses about facts and allegations that had not been previously disclosed or produced.[2]  Sage was under an Order to answer PureWick's interrogatory.  If Sage feels it did so fully and fairly, it should have no complaint with having its experts' opinions confined to the facts and contentions disclosed in its interrogatory response.

Sage argues that it is permissible for an expert to provide "more detail" in expert reports. D.I. 232 at 5.  More detail relates to an expert providing perspective on disclosed contentions and facts, it is not a license to first provide contentions in an expert report.  This is not a situation where Sage provided contentions and their expert simply fleshed those contentions out.  Rather, Sage's interrogatory response provided nothing more than a vague listing of hypothetical alternatives with no information about their materials, structure, availability, or costs.  Sage's experts then opined on specific alleged devices, with specific alleged structures and materials, and relied on previously undisclosed "facts" that came solely from Sage's employees.  For example, Sage argues that its interrogatory response contended that one alleged NIA was ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"[3]  D.I. 196-1 at 80.  This is nothing more than an unsupported conclusion that a product

---

[1]  For example, Sage never disclosed that it would cost ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to make a design change, or that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ D.I. 196 at 3-4.  These are highly specific contentions based on facts wholly within Sage's control.

[2]  Sage's disclosure that its witnesses had knowledge about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ (D.I. 232 at 2, 4, 5) is not the same as disclosing that they had knowledge about purported NIAs, especially when Sage's interrogatory response never identified ▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  D.I. 196-1 at 80-83.

[3]  Sage argues that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ D.I. 232 at 5.  But Sage's interrogatory never disclosed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Instead, it simply referred to a generic ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  D.I. 196-1 at 80.  "Not complicated" also is not a basis for not disclosing an alleged NIA.

could be made without a claimed element. No other detail concerning the structure, materials, costs, or availability of the hypothetical alternative was provided. Yet Sage's expert report constructed a modified version of ███████████████████████████████ ████████████████ and provided an analysis of the costs and availability of this alternative design based on conversations with Sage employees. D.I. 196-2 at 169-73. *None of that information was provided in Sage's interrogatory*. The same is true of all of the alleged NIAs in Sage's expert reports. The first and only time costs, timeframes, or structures of specific alleged NIAs were disclosed was in Sage's rebuttal expert reports.[4]

Sage argues that it is common practice in patent cases for experts to rely on conversations with employees. D.I. 232 at 5. But it is obviously not merely their reliance on conversations that is the issue. It is that these employees disclosed purported facts to Sage's experts that were not disclosed in fact discovery despite being called for by PureWick's discovery requests. And if Sage's attempted parsing of its objection to providing costs associated with developing and/or implementing each NIA (D.I. 232 at n.2) is actually why it failed to disclose this information, that is all the more reason to grant PureWick's motion. Discovery is not a game. The information sought by PureWick's interrogatory was unambiguous and relevant, and Sage failed to provide it.

Sage's untimely expert opinions have prejudiced PureWick. PureWick was unable to depose Sage's witnesses about the facts surrounding these alleged NIAs, seek documents relating to their costs or availability, or have its experts address such discovery in their reports. As a result, Sage's untimely new contentions should be excluded.

---

[4] Sage also wrongly argues that it ███████████████████████████ " D.I. 232 at n.2 (citing (Pl. Ex. 1 at 83; Def. Ex. 50 at 26-29.)). The exhibit discussed in ████████████ ████████████████ Further, none of the information discussed by Sheldon and Thomas can be found in the document cited by Sage in its opposition.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | /s/ John W. Shaw |
|  | John W. Shaw (No. 3362) |
| OF COUNSEL: | Andrew E. Russell (No. 5382) |
| Steven C. Cherny | SHAW KELLER LLP |
| Brian P Biddinger | I.M. Pei Building |
| Matthew A. Traupman | 1105 North Market Street, 12th Floor |
| Nicola R. Felice | Wilmington, DE 19801 |
| Jason C. Williams | (302) 298-0700 |
| QUINN EMANUEL URQUHART | jshaw@shawkeller.com |
|   & SULLIVAN, LLP | arussell@shawkeller.com |
| 51 Madison Ave., 22nd Floor | *Attorneys for Plaintiff* |
| New York, NY 10010 |  |

Athena Dalton
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

Dated:  November 10, 2021

## CERTIFICATE OF SERVICE

I, John M. Shaw, hereby certify that on November 10, 2021, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Anne Shea Gaza
Samantha G. Wilson
YOUNG, CONAWAY, STARGATT &
TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6727
agaza@ycst.com
swilson@ycst.com

Robert A. Surrette
Sandra A. Frantzen
Christopher M. Scharff
Ryan J. Pianetto
Paul W. McAndrews
Deborah A. Laughton
MCANDREWS, HELD & MALLOY, LTD
500 West Madison Street
Chicago, IL 60661
(312) 775-8000
bsurrette@mcandrews-ip.com
sfrantzen@mcandrews-ip.com
cscharff@mcandrews-ip.com
rpianetto@mcandrews-ip.com
pwmcandrews@mcandrews-ip.com
dlaughton@mcandrews-ip.com

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiff*