

**WILMINGTON**
RODNEY SQUARE

**Anne Shea Gaza**
P 302.571.6727
agaza@ycst.com

February 7, 2022

**BY CM/ECF & HAND DELIVERY**
The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

   Re:  *PureWick Corporation v. Sage Products, LLC*, C.A. No. 19-1508-MN

Dear Judge Noreika:

   We represent Defendant Sage in the above-referenced matter and write to follow up on Thursday's hearing with the Court and the discussion regarding Sage's *Daubert* motions. In view of those discussions, Sage wanted to draw the Court's attention to the attached Proposed Order (D.I. 198-1), identifying the specific portion and paragraph of each expert's report that should be stricken for each *Daubert* ground. If it would be helpful to the Court for Sage to separate the single, combined Proposed Order into multiple orders on an expert-by-expert basis (or some other organization), Sage will do so.

   Should Your Honor have any questions regarding the foregoing, counsel for Sage are available at the Court's convenience.

            Respectfully,

            */s/ Anne Shea Gaza*

            Anne Shea Gaza (No. 4093)

Enclosure (Proposed Order (D.I. 198-1))

 cc: Clerk of Court (by CM/ECF & Hand Delivery)
    All Counsel of Record (by E-Mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PUREWICK CORPORATION,

     Plaintiff/Counterclaim Defendant,

v.

SAGE PRODUCTS, LLC,

     Defendant/Counterclaim Plaintiff.

C.A. No. 19-1508-MN

**[PROPOSED] ORDER**

This \_\_\_\_\_ day of _____, 2021, having reviewed Defendant and

Counterclaim Plaintiff Sage Products, LLC's ("Sage's") Motion to Exclude and Strike Portions of

Opinions and Testimony of PureWick's Experts, Arrigo Jezzi, John Collins, Edward Yun, and

Gregory Leonard, and Plaintiff PureWick Corporation's ("PureWick's) opposition thereto, as well

as related documents, and good cause having been shown; now therefore,

IT IS HEREBY ORDERED that Sage's Motion to Exclude and Strike Portions of Opinions

and Testimony of PureWick's Experts, Arrigo Jezzi, John Collins, Edward Yun, and Gregory

Leonard is GRANTED and the Court excludes and strikes the following:

1.     Mr. Jezzi's opinions regarding the prior art "teaching away" including as set forth

in Sage Exhibit 33 (Mr. Jezzi's Responsive Report) at ¶¶258, 296, 395, 515, 538, 547, 555, 566,

634, 678, 805, 837, 1056, 1066, 1069, 1120, and 1177.

2.     Mr. Jezzi's opinions in his Reply Report (Ex. 34) including as they relate to new,

unreliable testing of the accused PrimoFit products such as set forth in Paragraphs ¶¶15-32,  as

well as Dr. Collins' opinions to the extent that they rely on Mr. Jezzi's opinions including as set

forth in Exhibit 31 at ¶¶192-200.

3.      Mr. Jezzi's opinions that rely on information (including third-party journal articles)

unrelated to the accused products-in-suit to the extent that they are offered to support allegations

of infringement including as set forth in Sage Exhibit 34 at ¶¶9-11, 21-27.

4.      Mr. Jezzi's "Errata" (Exhibit 35) including ¶¶1-9, 11-12, which changes

previously-offered opinions.

5.      Dr. Collins' legally incorrect opinions regarding alleged noninfringing alternatives

including as set forth in Section XI of Exhibit 30 (including ¶¶277, 282-302, 305-306 and

specifically ¶¶282, 285, 289, 299, 290, 292, 293, 298) and Section III of Exhibit 31 (including ¶¶

287-302, 350-363), as well as any opinions from Mr. Leonard relying upon Mr. Collins' opinions

on noninfringing alternatives (as set forth for example at ¶¶ 40, 107 of Ex. 38 and ¶¶11-12, 14-15,

27, 38, 41, 61, 66, 76, 90, 104 of Ex. 39).

6.      Dr. Collins' untimely arguments regarding PrimaFit 2.0 including his opinions that

PrimaFit 2.0 infringes the 508, 376, and 989 patents, including as set forth in Section III.D of Dr.

Collins' Reply Report (Exhibit 31) including at Paragraphs 302-358 and his bare conclusion about

infringement in Exhibit 30 at ¶¶305-306 and 269, as well as any opinions from Mr. Leonard relying

upon Mr. Collins' opinions in this regard (as set forth for example at ¶¶12-15 of Ex. 39.)

7.      Any infringement theories offered by Dr. Collins that do not appear in Plaintiffs'

final infringement contentions including new arguments on "chamber" of the 407 patent (as set

forth for example in pages 12-20, 37-38, 56-60 of Ex. G of Ex. 30 and ¶¶207-229, 262-269, 279-

281 of Ex. 31) and "wicking material" of the 407 patent (as set forth for example in pages 32-37,

50-51 of Ex. G of Ex. 30 and ¶¶256-261 of Ex. 31), and theories and evidence relating to alleged

direct or indirect infringement of the method claims of the 989 patent (as set forth for example at ¶¶214-228 of Ex. 30 and ¶¶181-184 of Ex. 31 including new documents cited therein) not disclosed during fact discovery.

8.      Any opinions by Mr. Jezzi and Dr. Collins opinions relating to Sage's alleged intent and state of mind or any opinions on whether Sage copied or was a willful infringer, including as set forth in Exhibit 30 at Section X (including ¶¶261-70) and Exhibit 33 at Section XI.A (including ¶¶1610-21).

9.      Dr. Yun's opinions regarding the PrimaFit and what Sage customers would have done without the PrimaFit including any alleged interchangeability between the PrimaFit and the PureWick (as set forth for example in Sections V and VI of Ex. 41 including ¶¶49-54 and Sections III and IV of Exhibit 42 including ¶¶20-40), as well as any experts such as Dr. Leonard that purport to depend on Yun's testimony in this regard.

10.     Dr. Leonard's reasonable royalty calculations, which fail to apportion between patented and unpatented features, including as set forth in Exhibit 38 at Section VI and Exhibit 39 at Section IV.C.

11.     Mr. Leonard's opinions and testimony regarding lost profits, which apply a legally flawed "but-for" analysis that assumes the accused devices existed and fail to recognize acceptable noninfringing alternatives as required by law, including as set forth in Exhibit 38 at Section V and Exhibit 39 at Sections IV.B,

_____
HONORABLE MARYELLEN NORIEKA
UNITED STATES DISTRICT JUDGE