IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PUREWICK CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | **Redacted - Public Version** |
| | ) | |
| v. | ) | C.A. No. 19-1508-MN |
| | ) | |
| SAGE PRODUCTS, LLC, | ) | ███████████████ |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

## PROPOSED JOINT FINAL PRETRIAL ORDER

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiff*

Dated: March 14, 2022

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
YOUNG, CONAWAY, STARGATT
 & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6727
agaza@ycst.com
swilson@ycst.com
*Attorneys for Defendant*

## TABLE OF CONTENTS

I.      NATURE OF THE CASE ............................................................................................ 3

II.     FEDERAL JURISDICTION ...................................................................................... 5

III.    UNCONTESTED FACTS .......................................................................................... 5

IV.    ISSUES OF FACT THAT REMAIN TO BE LITIGATED .................................... 5

V.     ISSUES OF LAW THAT REMAIN TO BE LITIGATED ..................................... 6

VI.    EXHIBITS ................................................................................................................. 6

VII.   WITNESSES .............................................................................................................. 8

    A.   PureWick's Witness List ............................................................................... 9

    B.   Sage's Witness List ....................................................................................... 9

VIII.  THE PARTIES' STATEMENTS OF INTENDED PROOFS .............................. 10

    A.   PUREWICK'S STATEMENT OF INTENDED PROOF ............................ 10

IX.    SAGE'S STATEMENT OF INTENDED PROOF .............................................. 11

    A.   Noninfringement of The '376 Patent .......................................................... 12

    B.   Noninfringement of the '989 Patent ............................................................ 12

    C.   Noninfringement of the '407 Patent ............................................................ 13

    D.   Invalidity of the '376 And '989 Patents ...................................................... 13

    E.   Invalidity of the '407 Patent ........................................................................ 14

    F.   Lack of Willfulness of PureWick's '376 and '989 Patents ........................... 15

    G.   Unenforceability of The '376, and '989, and '407 Patents Due To Equitable Grounds (To Be Decided By The Court) ....................................................................................... 15

    H.   Remedies ...................................................................................................... 16

X.     AMENDMENTS OF THE PLEADINGS ............................................................ 17

XI.    CERTIFICATION OF GOOD-FAITH SETTLEMENT EFFORTS .................... 17

XII.   MOTIONS IN LIMINE .......................................................................................... 17

I.      OTHER MATTERS ................................................................................................ 17

    A.   Live Witnesses ............................................................................................. 17

    B.   Identification of Exhibits and Demonstratives ............................................ 18

    C.   Identification of Deposition Testimony and Exhibits .................................. 20

    D.   Objections to Expert Testimony ................................................................... 22

    E.   Exhibits and Demonstratives for Opening and Closing Statements ............ 22

    F.   Set-up of Electronic Equipment .................................................................. 23

    G.   Notice of Intention to Rest .......................................................................... 23

H.      Sealing Courtroom and Transcripts ................................................................................ 23

I.     Jury Notebooks ........................................................................................................... 24

1.      This Final Pretrial Order contains all the materials required pursuant to this Court's Standing Order and Local Rule 16.3(c). Where the parties have competing proposals or statements, such language is preceded by bolded text.

## I.      NATURE OF THE CASE

2.      This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3(c).  The parties are Plaintiff PureWick Corporation ("PureWick" or "Plaintiff") and Defendant Sage Products, LLC ("Sage" or "Defendant").

3.      This is an action for patent infringement.  PureWick filed suit against Sage on August 8, 2019, accusing Sage of infringing U.S. Patent Nos. 8,287,508 ("the '508 patent) and 10,226,376 ("the '376 patent).  D.I. 1.  On October 2, 2019, PureWick filed a First Amended Complaint adding a claim that Sage infringes PureWick's U.S. Patent No. 10,390,989 ("the '989 patent").  D.I. 9.  On May 18, 2020, PureWick filed a Second Amended Complaint, adding a claim that Sage infringes U.S. Patent No. 10,376,407 ("the '407 patent") (collectively with the '508 patent, '376 patent and '989 patent, the "Patents-in-Suit").  D.I. 44.

4.      The Patents-in-Suit are directed to external urine collection devices.  PureWick alleged in its Second Amended Complaint that Sage infringes the '508, '376 and '989 patents by making, using, offering for sale, selling, and/or importing into the United States the PrimaFit® product, and that Sage infringes the '407 patent by making, using, offering for sale, selling and/or importing into the United States the PrimoFit® product.

5.      Sage filed its Answer and Counterclaims to PureWick's First Amended Complaint on November 1, 2019.  D.I. 12.  On June 1, 2020, Sage filed its Answer and Counterclaims to PureWick's Second Amended Complaint.  D.I. 53.  Sage's Answer and Counterclaims seek a declaration that there is no infringement of any of the Patents-in-Suit and that the patents-in-suit

are invalid and unenforceable.  Sage also asserted affirmative defenses including: failure to state a claim; lack of direct, induced, and contributory infringement; lack of willful infringement; invalidity; prosecution history estoppel; principles of equity, including waiver, estoppel, unclean hands, and/or acquiescence; right to seek damages limited or barred by 35 U.S.C. § 287; damages barred by 35 U.S.C. § 288; no injunctive relief; and no damages suffered by PureWick; and Sage entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285. *Id.* Sage demanded a jury trial.

6.     On November 22, 2019, PureWick filed a motion to dismiss Sage's unenforceability counterclaims and strike Sage's sixth affirmative defense relating to Sage's equitable defenses. D.I. 15; D.I. 16; D.I. 19; D.I. 21. After a hearing on the issues, on May 18, 2020, PureWick withdrew its motion to dismiss and motion to strike. D.I. 45.

7.     On August 10, 2020, Sage filed a Petition for Inter Partes Review on the 508 patent. On February 17, 2021, the Patent Trial and Appeal Board instituted trial on that patent.

8.     On February 2, 2021, the Court held a claim construction hearing, and on February 17, 2021, the Court issued a claim construction order.  D.I. 128.  Fact discovery closed April 16, 2021.

9.     On February 14, 2021, the Patent Trial and Appeal Board issued a Final Written Decision invalidating all asserted claim of the '508 patent. On February 23, 2022, the Court stayed PureWick's claim of infringement with respect to the '508 patent and Sage's associated counter-claims of noninfringement, invalidity, and unenforceability on the 508 patent.

10.     On February 23, 2022, the Court held a hearing to address *Daubert* issues and summary judgment.  Rulings were entered on the record.

11.     A pretrial conference is scheduled to be held on March 21, 2022 at 2:00 p.m.  Trial is scheduled to begin on March 28, 2022.

12.    It is noted that, on January 26, 2022, PureWick filed a second action in this district on Sage's PrimaFit 2.0 product. *PureWick Corp. v. Sage Prod., LLC*, No. 22-102-MN, D.I. 1 (Jan. 26, 2022).[1]

## II.    FEDERAL JURISDICTION

13.    This Court has federal-question jurisdiction over this action because it arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

14.    This Court has original jurisdiction over the subject matter of both PureWick's claims and Sage's defenses and counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, 2202 and the patent laws of the United States, including 35 U.S.C. § 271 et seq.

15.    No party contests personal or subject matter jurisdiction for purposes of this action.

16.    No party contests venue for purposes of this action in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## III.    UNCONTESTED FACTS

17.    The parties respectfully submit a Joint Statement of Undisputed Facts as **Schedule A**. A party, with the consent of the Court, may read any or all of the undisputed facts to the jury.

## IV.    ISSUES OF FACT THAT REMAIN TO BE LITIGATED

18.    PureWick's Statement of Issues of Fact that Remain to be Litigated is attached as **Schedule B1**.

19.    Sage's Statement of Issues of Fact that Remain to be Litigated is attached as **Schedule B2**.

---

[1] Given the time constraints and the now-pending second case, Sage is not arguing at trial that PrimaFit 2.0 is a non-infringing alternative in the present lawsuit. Sage maintains its position that PrimaFit 2.0 does not infringe and reserves all rights with regard to the second lawsuit.

20.     The parties reserve the right to modify or supplement their statements as needed to fairly reflect the Court's rulings on motions, any other subsequent orders of the Court, or by agreement of the parties. If the Court determines that any issue identified in a party's statement of issues of fact that remain to be litigated is instead more properly considered an issue of law that remains to be litigated, it should be so considered.

## V.      ISSUES OF LAW THAT REMAIN TO BE LITIGATED

21.     PureWick's Statement of the Issues of Law that Remain to be Litigated is set forth in **Schedule C1**.

22.     Sage's Statement of the Issues of Law that Remain to be Litigated is set forth in **Schedule C2**.

## VI.     EXHIBITS

23.     PureWick's list of trial exhibits that it may offer at trial, including Sage's objections, is attached as **Schedule D1**. [**PureWick**]: PureWick submits that Defendant waived its objections to several exhibits by failing to timely provide the objections as required by Fed. R. Civ. P. 26(a)(3)(B). By agreement, the parties exchanged lists of trial exhibits on Jan. 18, 2022 and objections to exhibits on February 18, 2022. There were several exhibits on PureWick's list for which Sage did not assert any objections. Because Sage raised these objections more than 14 days after PureWick identified the exhibits, and long after the parties agreed deadline for serving objections, Sage's untimely objections were waived. *See* Fed. R. Civ. P. 26(a)(3)(B). [**Sage**]: PureWick does not identify any particular objections; however, Sage does not believe its objections were untimely as PureWick is aware of them and they are being submitted herewith. In any case, Fed. R. Civ. P. 26(a)(3)(B) provides that objections pursuant to Fed. R. Evid. 402 and 403 are not waived, and other objections may also be subsequently amended for good cause.

24.     Sage's list of trial exhibits that it may offer at trial, including PureWick's objections, is attached as **Schedule D2**.

25.     Joint trial exhibits will be marked with "JTX" numbers.  The parties joint list of trial exhibits they may offer at trial, including objections, is attached as **Schedule D3**.

26.     The parties shall provide a completed AO Form 187 exhibit list to the Court on the first day of trial.

27.     Each party reserves the right to offer an exhibit designated by the other party, even if not introduced by the designating party.  If the non-designating party offers into evidence an exhibit designated but not introduced by the designating party, the designating party reserves its right to object to the introduction into evidence of that exhibit, depending on the use for which it is being offered.  The pretrial order contains the maximum universe of exhibits to be used by any party (other than solely for impeachment) as well as all objections to the admission of such exhibits. Exhibits not listed will not be admitted unless good cause is shown.  **[Sage Proposal:** The deadline to supplement the exhibit lists is March 23, 2022. Thereafter, the exhibit lists shall not be supplemented without approval of all parties or leave of the Court, on good cause shown.]

28.     The parties agree that exhibits to be used solely for impeachment need not be included on the lists of trial exhibits.

29.     The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party.  Each party reserves the right to object to the relevance or admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered. The parties also note that exhibit lists were compiled and objections made before PureWick's infringement claims regarding the 508 patent were stayed and the claims and defenses were further

narrowed.  By including an exhibit on the list, the parties do not concede that it previously related to issues now stayed or withdrawn and maintain any objections in that regard.

30.     Any trial exhibit that was produced in discovery by a party or third party that on its face appears to have been authored by an employee, officer, or agent of the party or third party producing such document, shall be deemed a true and correct copy of a document maintained in that party's files as of the date of the party's document collection under Federal Rule of Evidence 901, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary.

31.     The parties acknowledge that certain anticipated trial exhibits may not be feasible to show to a witness and/or to provide the jury in paper form, including, but not limited to, voluminous spreadsheets, videos, and product samples.  The parties further respectfully request the Court's guidance regarding how the Court prefers to have such exhibits initially presented to a sponsoring witness prior to a party seeking their admission and publication to the jury, and in what manner the Court prefers to provide the jury with such admitted trial exhibits (such as via disc, USB drive, or other electronic media for spreadsheets or videos).

32.     With regard to voluminous spreadsheets, to facilitate review of such exhibits by the jury, the parties agree that they may under Federal Rule of Evidence 1006 create a summary of the portions of such trial exhibits shown to the jury, which shall be given the same trial exhibit number, with the suffix "A", although the parties must agree in advance to such a summary.

## VII.   WITNESSES

33.     Below is an identification of the witnesses whose testimony each party may present at trial. The inclusion of a witness on this list does not require a party to call that witness to testify, and does not imply or establish that the party has the power to compel the live testimony of that witness or make that witness available to the opposing party.

34.     The parties expressly reserve the right to call any witness identified by the other party at any point before or during trial. The parties also reserve the right to change or modify these lists for good cause shown.

35.     As discussed below, deposition designations are attached hereto including for witnesses that the other party has not indicated will be live at trial. [**Sage Proposal**: The parties reserve the right to call any witness for purposes of rebuttal, impeachment, or authentication of a document.]

**A.     PureWick's Witness List**

36.     PureWick's witness list is attached as **Schedule E1**.

37.     The deposition testimony that PureWick may offer into evidence is identified in **Schedule E2**, along with objections and Sage's counter-designations. PureWick's deposition designations and objections to Sage's counter-designations are attached as **Schedule E2a**.  Sage's objections to PureWick's designations and Sage's counter-designations are attached as **Schedule E2b**.

38.     PureWick reserves the right to amend its disclosures and designations of witnesses in view of events at trial or based on circumstances that may evolve prior to the commencement of trial, including, but not limited to, evidentiary rulings or other rulings by the Court as well as Sage's evolving list of witnesses. Depending on the stipulation reached by the parties on financials, PureWick reserves the right to designate deposition testimony from financial witnesses.

**B.     Sage's Witness List**

39.     Sage's witness list is attached as **Schedule E3**.

40.     The deposition testimony that Sage may offer into evidence including a list of deposition designations, counter designations, and counter-counter designations as well as objections are identified in **Schedule E4.**  Sage deposition designations are attached as **Schedule**

9

**E4a**.  PureWick's objections to Sage's designations and PureWick's counter-designations are attached as **Schedule E4b**.  Sage's objections to PureWick's counter-designations are attached as **Schedule E4c**.  Sage's counter-counter designations are attached as **Schedule E4d**.

41.      Sage reserves the right to amend its disclosures and designations of witnesses in view of events at trial or based on circumstances that may evolve prior to the commencement of trial, including, but not limited to, evidentiary rulings or other rulings by the Court as well as PureWick's evolving list of witnesses. Depending on the stipulation reached by the parties on financials, Sage reserves the right to designate deposition testimony from financial witnesses.

## VIII.   THE PARTIES' STATEMENTS OF INTENDED PROOFS

Below are the parties' respective statements of intended proofs provided by each respective party.  Each party does not agree with the other parties' statements and positions.

### A.      PUREWICK'S STATEMENT OF INTENDED PROOF

42.      By way of summary, PureWick intends to prove the following at trial.

43.      PureWick intends to prove that Sage has directly infringed claims 1, 5, and 9 of the '376 patent and claims 1, 2, and 6 of the '989 patent by making, using, offering for sale, selling, and/or importing the PrimaFit product.

44.      PureWick intends to prove that Sage has indirectly infringed claims 1, 5, and 9 of the '376 patent and claims 1, 2, and 6 of the '989 patent by inducing or contributing to the direct infringement by others.

45.      PureWick intends to prove that Sage has directly infringed claims 1, 2, 7, and 13 of the '407 patent by making, using, offering for sale, selling, and/or importing the PrimoFit product.

46.      PureWick intends to prove that Sage's infringement of the '376 and '989 patents was willful.

47.     PureWick intends to prove that damages should be awarded to PureWick due to Sage's infringement of the '376, '989 and '407 patents.  In particular, PureWick intends to prove that Sage's infringement of the '376 and '989 patents has caused PureWick to lose sales of PureWick's Female External Catheter (FEC) product and that PureWick is entitled to recover lost profits for a portion of Sage's allegedly infringing sales of the PrimaFit product.  In addition, PureWick intends to prove that it is entitled to a reasonable royalty for any of Sage's acts of infringement of the, '376 and '989 patents for which PureWick is not awarded lost profits.  Further, PureWick intends to prove the amount of a reasonable royalty that should be awarded for Sage's acts of infringement of the '407 patent based on the Sage PrimoFit product.

48.     PureWick should be awarded its costs and reasonable attorneys' fees under at least 35 U.S.C. § 285; and PureWick is entitled to permanent injunctive relief enjoining Sage from further infringement of any of the Patents-in-Suit.  To the extent that a permanent injunction is not entered, PureWick may alternatively seek an ongoing royalty.

49.     PureWick intends to rebut Sage's allegations that there is clear and convincing evidence that any of the asserted claims of the Patents-in-Suit are anticipated by the prior art under 35 U.S.C. § 102, or obvious in light of prior art under 35 U.S.C. § 103.

50.     PureWick intends to rebut Sage's allegations that there is clear and convincing evidence that any of the asserted claims of the Patents-in-Suit are invalid under 35 U.S.C. § 112.

51.     PureWick intends to rebut Sage's allegations that the Patents-in-Suit are unenforceable based on estoppel, acquiescence, waiver or unclean hands.

## IX.     SAGE'S STATEMENT OF INTENDED PROOF

52.     By way of summary, Sage intends to prove the following at trial.

### A.    Noninfringement of The '376 Patent

53.    Sage intends to prove that Plaintiff and Counterclaim Defendant PureWick Corporation ("PureWick") cannot carry its burden of proving that Sage's PrimaFit product infringes Claims 1, 5, and 9 of the '376 patent ("the Asserted '376 Patent Claims") under the Court's claim constructions.[2] PureWick cannot carry its burden of proving that that Sage infringes the '376 patent by making, using, offering for sale, selling, and/or importing into the United States the PrimaFit® product.

54.    Sage intends to prove that PureWick has not carried its burden of establishing that Sage indirectly infringes the Asserted '376 Patent Claims. Knowledge of the patent-in-suit and knowledge of infringement is required for indirect infringement claims. Sage did not have the requisite specific intent to infringe or knowledge of infringement of the '376 patent required for inducement of infringement or contributory infringement. Sage does not offer to sell or sell within the United States or import into the United States any component knowing that it is especially made or especially adapted for use in infringement of the '376 patent. No third party directly infringes the '376 patent via use of a PrimaFit product.

### B.    Noninfringement of the '989 Patent

55.    Sage intends to prove that Plaintiff and Counterclaim Defendant PureWick Corporation ("PureWick") cannot carry their burden of proving that Sage infringes Claims 1, 2, and 6 of the '989 patent ("the Asserted '989 Patent Claims") under the Court's claim constructions.

---

[2] For each of the patents-in-suit, Sage preserves its objections to the Court's Claim Construction as set forth in the *Markman* briefs. It is noted that PureWick only asserts infringement under the doctrine of equivalents on Claim 2 of the '407 patent. Literal infringement only is asserted for all other asserted claims.

PureWick cannot carry its burden of proving that Sage infringes the '989 patents by making, using, offering for sale, selling, and/or importing into the United States the PrimaFit® product.

56.     Sage intends to prove that PureWick has not carried its burden of establishing that Sage indirectly infringes the Asserted '989 Patent Claims. Knowledge of the patent-in-suit and knowledge of infringement is required for indirect infringement claims. Sage did not have the requisite specific intent to infringe or knowledge of infringement of the '989 patent required for inducement of infringement or contributory infringement. Sage does not offer to sell or sell within the United States or import into the United States any component knowing that it is especially made or especially adapted for use in infringement of the '989 patent. No third party directly infringes the '989 patent via use of a PrimaFit product.

### C.     Noninfringement of the '407 Patent

57.     Sage intends to prove that Plaintiff and Counterclaim Defendant PureWick Corporation ("PureWick") cannot carry their burden of proving that Sage's PrimoFit product literally infringes Claims 1, 2, 7, and 13 of the '407 patent ("the Asserted '407 Patent Claims") under the Court's claim constructions, or infringes Claim 2 of the '407 under the doctrine of equivalents (PureWick's only such allegation).  PureWick has not alleged indirect infringement of the '407 patent.  D.I. 44. PureWick cannot carry its burden of proving that Sage infringes the '407 patent by making, using, offering for sale, selling and/or importing into the United States the PrimoFit® product.

### D.     Invalidity of the '376 And '989 Patents

58.     Sage asserts defenses and a counterclaim seeking a declaration of invalidity of the '376 patent. Sage intends to prove, by clear and convincing evidence, that the Asserted '376 Patent Claims are invalid.

59.     Sage also asserts defenses and a counterclaim seeking a declaration of invalidity of the '989 patent. Sage intends to prove, by clear and convincing evidence, that the Asserted '989 Patent Claims are invalid.

60.     As a preliminary matter, Sage intends to prove that PureWick has not carried its burden of establishing that the Asserted '376 Patent Claims are entitled to claim priority any earlier than June 1, 2017, or that the Asserted '989 Patent Claims are entitled to claim priority any earlier than September 8, 2016. Namely, PureWick has not carried its burden of establishing its claim of priority to U.S. Patent Application No. 61/955,537 (filed March 19, 2014), U.S. Patent Application No. 62/084,078 (filed November 25, 2014), or U.S. Patent Application No. 15/171,968 (filed June 2, 2016) because the applications do not support the full scope of the claims under Section 112. As discussed during summary judgment (D.I. 197; D.I. 204; D.I. 235; D.I. 256), the Asserted '376 and '989 Patent Claims are invalid as anticipated and/or obvious if the priority date is June 1, 2017, or September 8, 2016, based on PureWick's prior disclosures and sales including and in combination with the knowledge of a person of ordinary skill in the art and the prior art.

61.     Even if PureWick is entitled to an earlier priority date, Sage intends to prove, by clear and convincing evidence, that the Asserted '376 and '989 Patent Claims are invalid as anticipated or as obvious under 35 U.S.C. §§ 102 and 103 in view of the prior art and the knowledge of a person of ordinary skill in the art. There is no evidence of any objective indicia of nonobviousness, much less that such indicia have a nexus to the claimed inventions of the '989 or '376 patents.

        **E.     Invalidity of the '407 Patent**

62.     Sage asserts defenses and a counterclaim seeking a declaration of invalidity of the '407 patent. Sage intends to prove, by clear and convincing evidence, that the Asserted '407 Patent Claims are invalid. Sage intends to prove, by clear and convincing evidence, that the Asserted '407

Patent Claims are invalid as anticipated or as obvious under 35 U.S.C. §§ 102 and 103 in view of various prior art references including in view of the knowledge of a person of ordinary skill in the art. There is no evidence of any objective indicia of nonobviousness, much less that such indicia have a nexus to the claimed invention of the '407 patent. Sage further intends to prove that claims of the '407 patent are invalid under 35 U.S.C. § 112.

### F.   Lack of Willfulness of PureWick's '376 and '989 Patents

63.    Sage intends to prove that PureWick cannot carry its burden of establishing, by a preponderance of the evidence, that any infringement of the Asserted '376 and '989 Patent Claims by Sage was willful. There is no evidence that Sage has willfully infringed PureWick's '376 and '989 patents and Sage has moved for summary judgment of no willfulness. Among other things, the Accused Sage Products were independently developed by Sage and are significantly different than PureWick's products. Sage has a good faith belief that that its activities regarding the Accused Sage Products would not infringe any valid patent rights under the '376 and '989 patents and none of the evidence identified by PureWick constitutes willful infringement as a matter of law.

64.    PureWick has not asserted willful infringement of the '407 patent. *See* D.I. 41

### G.   Unenforceability of The '376, and '989, and '407 Patents Due To Equitable Grounds (To Be Decided By The Court)

65.    Sage asserts defenses and a counterclaim seeking a declaration of unenforceability of the '376, and '989, and '407 patents. Sage intends to prove, by a preponderance of the evidence, that the '376, and '989, and '407 patents are unenforceable due to waiver as a result of the conduct of PureWick. Sage intends to prove, by a preponderance of the evidence, that the '376, and '989, and '407 patents are unenforceable under principles of equity including equitable estoppel as a result of the misleading conduct of PureWick. Sage intends to prove, by clear and convincing evidence, that the '376, and '989, and '407 patents are unenforceable under principles of equity

including unclean hands due to the conduct of PureWick. Sage intends to prove, by a preponderance of the evidence, that the '376, and '989, and '407 patents are unenforceable due to principles of equity including acquiescence as a result of the misleading conduct of PureWick.

**H.    Remedies**

66.    Sage intends to prove that PureWick cannot carry its burden of proving that it is entitled to damages or remedies, as Sage does not infringe any valid claim of the '376, and '989, and '407 patents. Notwithstanding the foregoing, Sage intends to prove that PureWick is not entitled to more than a reasonable royalty, as adduced by the evidence of record, based upon sales of the PrimaFit product and PrimoFit product.

67.    Sage intends to prove that PureWick has not carried its burden of establishing, by a preponderance of the evidence, that PureWick is entitled to lost profits for any infringement of the '376 and '989 patents by the Accused Sage Products. PureWick is not entitled to lost profits due to its failure to prove the absence of noninfringing alternatives. Sage has identified numerous noninfringing alternatives including numerous products on the market as well as design option changes to the PrimaFit and PrimoFit products.[3] Moreover, PureWick failed to appropriately apportion lost profit damages to account for the alleged value of the patented invention.

68.    Moreover, even if PureWick were entitled to damages on the PrimaFit products, because PureWick concedes that it failed to provide notice under 35 U.S.C. § 287 and did not mark any patented products with the remaining patents-in-suit, PureWick is only entitled to damages on PrimaFit after the date PureWick filed its Complaint with respect to the '376 and '989 patents and on PrimoFit after January 2020.

_____

[3] As discussed above, PrimaFit 2.0 is no longer asserted as a non-infringing alternative in this lawsuit. However, Sage reserves all of its rights regarding PrimaFit 2.0 in the second lawsuit on that product.

69.     Sage intends to prove that PureWick cannot carry its burden of establishing that PureWick is entitled to a permanent injunction or that this is an exceptional case.

70.     Sage intends to prove that PureWick's egregious conduct, including its maintenance of legally meritless infringement allegations against Sage, justifies a finding of exceptional case pursuant to 35 U.S.C. § 285, entitling Sage to recover its attorney fees, expenses and costs. These issues are not appropriate for determination until final judgment is entered.

## X.     AMENDMENTS OF THE PLEADINGS

71.     Neither party intends to request an amendment to its pleadings at the present time.

## XI.     CERTIFICATION OF GOOD-FAITH SETTLEMENT EFFORTS

72.     The parties hereby certify that they have engaged in a good-faith effort to explore resolution of the controversy by settlement.  Counsel for the parties conferred on February 15, 2022 regarding the prospects for settlement. Most recently, the parties again conferred on March 8, 2022 to further discuss the prospects for settlement.

## XII.     MOTIONS IN LIMINE

PureWick's contested motions *in limine*, Sage's oppositions, and PureWick's replies are attached as **Schedules F1, F2, and F3**.

73.     Sage's contested motions *in limine*, PureWick's oppositions, and Sage's replies are attached as **Schedules F4 and F5**.

## I.     OTHER MATTERS

### A.     Live Witnesses

74.     **[Sage Proposal:** The parties shall discuss –the schedule of live witnesses to be called and a proposed schedule for witnesses at 3:00 pm three days in advance of trial.]

75.     A party shall provide reasonable notice if for any reason it does not intend to call a witness that it had previously indicated would appear live. In that event, the other party may

designate and offer deposition testimony from such witness (subject to the Federal Rules of Evidence). Counter-designations and objections may also be provided. In the event that such designations cannot be completed by the times agreed to below, the parties shall work in good faith to set deadlines for the disclosure of such designations, counter-designations, counter-counter-designations, and objections.

76.     Each party will identify the [**Sage proposal:** final] live trial witnesses in the order that the party expects to call them by 7:00 pm two (2) calendar days before the witnesses are to be called.

77.     Before they testify, fact witnesses shall be barred from hearing the testimony of other witnesses. Expert witnesses are not excluded from the courtroom for either fact or expert testimony.

78.     An offering party may discuss with a witness his or her testimony while on direct examination, including during adjournments in the trial, breaks during the trial day and overnight. An offering party may not discuss with a witness his or her testimony while the witness is tendered for cross-examination, including during adjournments in the trial, breaks during the trial day and overnight. Once cross-examination of a witness is concluded and the witness is passed for re-direct examination, the offering party may discuss with the witness his or her testimony on re-direct examination.

**B.     Identification of Exhibits and Demonstratives**

79.     The parties agree that the offering party shall provide the other side with a list of any exhibits that will be used with a given witness and copies of any demonstratives to be used with a given witness by 7:00 p.m. two (2) calendar days before the witness is to be called.  The other party shall identify any objections to such exhibits or demonstratives by 7:00 p.m. the following day.  The parties shall then meet and confer regarding all objections by 8:00 p.m. the

day objections are provided.  To the extent the objections are not resolved by the meet and confer, the party calling the witness will e-mail the Court's judicial administrator by 7:00 a.m. on the day the witness is to testify, the exhibit is to be offered, or the demonstrative will be used, and inform the Court whether the exhibit or demonstrative is expected to be used before lunch or after lunch so that the Court can determine whether and when to hear the objection.

80.     When exchanging trial demonstratives, the party seeking to use a demonstrative exhibit will provide a color representation of the demonstrative exhibit to the other side in PDF format. However, for demonstrative exhibits that cannot be placed in PDF form such as video or animations, the party seeking to use the demonstrative exhibit will provide it to the other side in its native form via a downloadable link and provide it in a form such that the other side may view it.

81.     PureWick's demonstrative exhibits will be identified by numbers prefixed with "PDX." Sage's demonstratives will be identified by numbers prefixed with "SDX."

82.     Demonstratives are to be used for illustrative purposes only and generally will not be entered into evidence. Following the conclusion of trial, demonstratives shown to the jury may be lodged with the Court. The parties do not waive any objection to the admissibility of evidence cited or referenced in any demonstrative exhibit.

83.     The parties agree that any changes to the demonstratives made after being provided to the opposing party will only be to style/formatting, not the substance of the demonstrative, unless made in response to an objection in order to resolve that objection. If a party's demonstrative otherwise changes after being provided to the opposing party, the party intending to use the demonstrative exhibit must promptly and in good faith inform the opposing party of that change.

84.     The provisions regarding the exchange of demonstrative exhibits does not apply to demonstratives created during testimony, demonstratives to be used for cross examination, or to the enlargement, highlighting, ballooning, excerpting, etc. of trial exhibits or testimony, none of which need to be provided to the opposing party in advance of their use.

85.     Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals.

86.     Any exhibit, once admitted, may be used by any party. No party shall comment or argue to the jury that the other side had a document on its exhibit list but did not introduce it into evidence The parties stipulate to the authenticity of patents, patent applications, and their respective certified file histories.

87.     The parties agree that any description of a document listed on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document or its contents.

**C.     Identification of Deposition Testimony and Exhibits**

88.     For any witness whose testimony the parties intend to present at trial by deposition, the party offering a witness will identify those portions of the transcript be played or read to the jury by **7**:00 p.m. **[PureWick's Proposal:** four (4)**; Sage's Proposal:** three (3)**]** calendar days before the designations are to be played or read to the jury.  By **[PureWick's Proposal:** 5:00 p.m.**; Sage's Proposal:** 8:30 pm]** three (3) calendar days before the witness is put to the stand by deposition, the responsive party will identify any objections and counter-designations that will be presented to the jury and identify any objections to the testimony.  By **[PureWick's Proposal:** 7:00 pm**; Sage's Proposal:** 9:00 pm]** that same day, the party offering the witness will identify any counter-counter designations and objections to the counter designations. By **[PureWick's**

**Proposal:** 8:00 p.m.**; Sage's Proposal:** 10:00 pm**]** that same day, the parties shall meet and confer to narrow their disputes and identify any remaining objections to be presented to the Court. If there are objections that remain to be resolved, the party calling the witness by deposition shall, no later than two calendar days before the deposition designations are to be played or read, submit, on behalf of all parties a cover letter and a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections.

89.     By 9 p.m. the night before the witness is put on the stand by deposition, the party offering the witness will provide a copy of the video or transcript containing both parties' designations. All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.

90.     A designation and any corresponding counter-designations will be read or played by video in chronological order at the same time.

91.     Any party may use testimony that is designated by another party to the same effect as if it had initially designated the testimony as its own, subject to all objections.

92.     The parties may offer some or all of the deposition testimony set forth herein at trial. No party shall comment or argue to the jury that the other side designated deposition testimony in the pre-trial order but did not introduce it into evidence

93.     Any deposition testimony may be used at trial for the purpose of impeachment and cross examination, subject to objections, regardless of whether a party identified that testimony on its list of deposition designations if the testimony is otherwise competent for such purpose.

94.     For those witnesses whose depositions or prior trial testimony will be played or read, the parties shall be permitted to make brief transition statements to introduce the witnesses by name, position or title, and/or the company to which he or she is associated, the time for which

shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties. However, counsel shall not be permitted to argue or comment on the evidence during transition statements.

### D.    Objections to Expert Testimony

95.    Any objections to expert testimony as outside the scope of prior expert disclosures shall be taken up at trial when such testimony is sought to be introduced.

### E.    Exhibits and Demonstratives for Opening and Closing Statements

96.    The parties shall identify any exhibits and demonstrative exhibits expected to be used during their opening statement by 5:00 p.m. on the day before the first day of trial.  The other party shall identify any objections to demonstrative exhibits and any objections to the admissibility of the exhibits sought to be used during opening statements by 7:00 p.m. that evening.  The parties shall then meet and confer by 9:00 p.m. that evening regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will e-mail the Court's judicial administrator by 7:00 a.m. on the day opening statements are to be made so that the Court can determine whether and when to hear the objection.

97.    [**Sage proposal:** The parties agree not to exchange copies of their presentations for closing arguments.[4]] [**PureWick proposal:** The parties agree that demonstrative exhibits to be used for closing arguments will be exchanged no later than 7:00 p.m. the day before closing arguments. Any objections to demonstratives to be used for closing arguments will be provided no later than 9:00 p.m. the day before closing arguments, and the parties shall meet and confer regarding any objections no later than 10:00 p.m. the day before closing arguments.  To the extent

---

[4] Sage will likely be offering witnesses on the same day as closing arguments, and thus this proposal unduly burdens Sage.

the objections are not resolved by the meet and confer, they will e-mail the Court's judicial administrator by 7:00 a.m. on the day closing arguments are to be made so that the Court can determine whether and when to hear the objection.] The notice provisions in this section do not apply to demonstrative exhibits created in the courtroom, or to the enlargement, highlighting, ballooning, excerpting, etc. of trial exhibits or testimony.

### F.    Set-up of Electronic Equipment

98.    The parties have conferred with the Courtroom deputy and are currently scheduled to set up electronic and computer devices to be used during the trial in the Courtroom the morning of Friday, March 25, 2022.

### G.    Notice of Intention to Rest

99.    By 7 pm the night before a party intends to rest its case, the resting party shall give the other party notice of its intention to rest.

### H.    Sealing Courtroom and Transcripts

100.    The parties request that the trial be open to the public and not sealed unless a party requests that a particularly sensitive portion be sealed and not open. If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom will be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may include three corporate representatives, who are not fact witnesses, who may remain in the courtroom throughout the entirety of the trial.

101.    Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) calendar days after the conclusion of the trial. The parties may designate, by page and line designations, the portions of the transcript they seek to remain under seal and the exhibits they seek to remain under seal, subject to Court approval.

## I.  Jury Notebooks

102.  Subject to the Court's permission, the parties shall be allowed to provide a joint jury notebook to each of the jurors, which shall contain only the patents-in-suit and blank notebook paper. The jury will be permitted to bring these notebooks and handwritten notes into the deliberation room.


*/s/ John W. Shaw*_____
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiff*

Dated: March 14, 2022


*/s/ Anne Shea Gaza*_____
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
YOUNG, CONAWAY, STARGATT
 & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6727
agaza@ycst.com
swilson@ycst.com
*Attorneys for Defendants*


IT IS HEREBY ORDERED, this day of _____, 2022, that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.


_____
Honorable Maryellen Noreika
U.S. District Court Judge

## <u>CERTIFICATE OF SERVICE</u>

I, John M. Shaw, hereby certify that on March 14, 2022, this document was served on the

persons listed below in the manner indicated:

### <u>BY EMAIL</u>

| | |
|---|---|
| Anne Shea Gaza | Robert A. Surrette |
| Samantha G. Wilson | Sandra A. Frantzen |
| YOUNG, CONAWAY, STARGATT & | Christopher M. Scharff |
| TAYLOR LLP | Ryan J. Pianetto |
| Rodney Square | Paul W. McAndrews |
| 1000 North King Street | Deborah A. Laughton |
| Wilmington, DE 19801 | Bradley P. Loren |
| (302) 571-6727 | MCANDREWS, HELD & MALLOY, LTD |
| agaza@ycst.com | 500 West Madison Street |
| swilson@ycst.com | Chicago, IL 60661 |
| | (312) 775-8000 |
| | bsurrette@mcandrews-ip.com |
| | sfrantzen@mcandrews-ip.com |
| | cscharff@mcandrews-ip.com |
| | rpianetto@mcandrews-ip.com |
| | pwmcandrews@mcandrews-ip.com |
| | dlaughton@mcandrews-ip.com |
| | bloren@mcandrews-ip.com |

_/s/ John W. Shaw_
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
_Attorneys for Plaintiff_

**SCHEDULE A: JOINT STATEMENT OF UNDISPUTED FACTS**
*PureWick Corporation v. Sage Products, LLC* (C.A. No. 19-1508-MN)

The parties respectfully submit this Joint Statement of Undisputed Facts. By agreeing to this Joint Statement, neither party admits that any stated fact is relevant to any material issue of dispute.

1.      PureWick is a corporation organized under the laws of the State of Delaware.

2.      Sage is a corporation organized under the laws of the State of Delaware.

3.      U.S. Patent No. 10,390,989 ("the 989 patent") is entitled "Apparatus And Methods For Receiving Discharged Urine." The 989 patent was issued by the United States Patent and Trademark Office on August 27, 2019, from U.S. Application No. 15/260,103. The 989 patent was filed on September 8, 2016. Defendant's Trial Exhibit DTX002 is a true and correct copy of the 989 patent. Defendant's Trial Exhibit DTX024 is a true and correct copy of the file history of the 989 patent.

4.      Robert A. Sanchez, Camille R. Newton, Joseph M. Forehand, and Raymond J. Newton are named inventors on the face of the 989 patent.

5.      Defendant's Trial Exhibit DTX38 is a true and correct copy of a September 26, 2018, Office Action from the U.S. Patent Office in U.S. Application No. 15/260,103, the application from which the 989 patent issued. Claims 9 through 14 of that application correspond to issued Claims 1 through 6 of the 989 Patent.

6.      Defendant's Trial Exhibit DTX40 is a true and correct copy of a December 20, 2018, Amendment and Response submitted by PureWick in U.S. Application No. 15/260,103, the application from which the 989 patent issued.

7.     Defendant's Trial Exhibit DTX43 is a true and correct copy of a February 14, 2019, Office Action from the U.S. Patent Office in U.S. Application No. 15/260,103, the application from which the 989 patent issued.

8.     Defendant's Trial Exhibit DTX44 is a true and correct copy of a May 13, 2019, Office Action Response and Amendment B from U.S. Application No. 15/260,103, the application from which the 989 patent issued.

9.     U.S. Patent No. 10,226,376 ("the 376 patent") is entitled "Apparatus And Methods For Receiving Discharged Urine." The 376 patent was issued by the United States Patent and Trademark Office on March 12, 2019, from U.S. Application No. 15/611,587, filed June 1, 2017. Defendant's Trial Exhibit DTX003 is a true and correct copy of the 376 patent. Defendant's Trial Exhibit DTX026 is a true and correct copy of the file history of the 376 patent.

10.     Robert A. Sanchez, Camille R. Newton, Joseph M. Forehand, and Raymond J. Newton are named inventors on the face of the 376 patent.

11.     U.S. Patent No. 10,376,407 is entitled "Using Wicking Material To Collect Urine From A Male For Transport." The 407 patent was issued by the United States Patent and Trademark Office on August 13, 2019 from U.S. Application No. 151238,427, filed August 16, 2016. Defendant's Trial Exhibit DTX004 is a true and correct copy of the 407 patent. Defendant's Trial Exhibit DTX051 is a true and correct copy of the file history of the 407 patent.

12.     Raymond John Newton is the named inventor on the face of the 407 patent.

13.     Defendant's Trial Exhibit DTX900 is Sage's PrimaFit External Urine Management System.

14.     Defendant's Trial Exhibit DTX901 is Sage's PrimoFit External Urine Management System.

2

15.     Defendant's Trial Exhibit DTX902 is the current version of the PureWick Female External Catheter.

16.     Defendant's Trial Exhibit DTX001 is a true and correct copy of U.S. Pat. No. 8,287,508 ("Sanchez 508").  Sanchez 508 issued on October 16, 2012, from U.S. Application No. 12/840,475, filed on July 21, 2010.

17.     Defendant's Trial Exhibit DTX006 is a true and correct copy of U.S. Patent App. No. 2006/0015080 ("Mahnensmith"). Mahnensmith published on January 19, 2006.

18.     Defendant's Trial Exhibit DTX007 is a true and correct copy of U.S. Pat. No. 4,747,166 ("Kuntz 166"). Kuntz 166 issued on May 31, 1988.

19.     Defendant's Trial Exhibit DTX008 is a true and correct copy of U.S. Patent No. 7,220,250 ("Suzuki"). Suzuki issued on May 22, 2007.

20.     Defendant's Trial Exhibit DTX009 is a true and correct copy of U.S. Patent No. 3,349,768 ("Keane"). Keane issued on October 31, 1967.

21.     Defendant's Trial Exhibit DTX010 is a true and correct copy of U.S. Patent No. 4,425,130 ("DesMarais"). DesMarias issued on January 10, 1984.

22.     Defendant's Trial Exhibit DTX011 is a true and correct copy of U.S. Pat. No. 5,674,212 ("Osborn"). Osborn issued on October 7, 1997.

23.     Defendant's Trial Exhibit DTX012 is a true and correct copy of International Publication No. WO 2007/042823 ("Van Den Heuvel"). Van Den Heuvel published on April 19, 2007.

24.     Defendant's Trial Exhibit DTX013 is a true and correct copy of WO2007/042823 ("Wolff"). Wolff published on October 5, 2000.

25.     Defendant's Trial Exhibit DTX014 is a true and correct copy of U.S. Patent No. 4,886,508 ("Washington").  Washington issued on December 12, 1989.

26.     Defendant's Trial Exhibit DTX015 is a true and correct copy of European Publication No. EP EP0613355A1 ("Kuntz EP355"). Kuntz EP355 was published on September 7, 1994.

27.     Defendant's Trial Exhibit DTX016 is a true and correct copy of U.S. Patent No. 7,135,012 ("Harvie 012"). Harvie 012 issued on November 14, 2006.

28.     Defendant's Trial Exhibit DTX017 is a true and correct copy of the original language and certified translation of JP2001/276107A ("Ishii"). Ishii was published on October 9, 2001.

29.     Defendant's Trial Exhibit DTX018 is a true and correct copy of U.S. Pat. No. 3,613,123 ("Langstrom").  Langstrom issued October 19, 1971.

30.     Defendant's Trial Exhibit DTX019 is a true and correct copy of U.S. Patent No. 1,742,080 ("Jones").   Jones issued December 31, 1929.

31.     Defendant's Trial Exhibit DTX020 is a true and correct copy of U.S. Patent No. 3,520,300 ("Flower").  Flower issued July 14, 1970.

32.     Defendant's Trial Exhibit 021 is a true and correct copy of U.S. Pat. Pub. No. 2007/0191804 ("Coley").  Coley was published on August 16, 2007.

33.     Defendant's Trial Exhibit DTX029 is a true and correct copy of U.S. Patent No. 4,804,377 ("Hanifl"). Hanifl issued on February 14, 1989.

34.     Defendant's Trial Exhibit DTX30 is a true and correct copy of U.S. Patent No. 4,882,794 ("Stewart").  Stewart issued on November 28, 1989.

4

35.     Defendant's Trial Exhibit DTX32 is a true and correct copy of U.S. Patent Pub. No. 2004/0254547 ("Okabe"). Okabe published on December 16, 2004.

36.     PureWick Trial Exhibit 172 is a true and correct copy of a PureWick financial spreadsheet and is an authentic business record of PureWick Corp. within the meaning of Federal Rule of Evidence 803(6).

37.     PureWick Trial Exhibit 173 is a true and correct copy of a PureWick financial spreadsheet and is an authentic business record of PureWick Corp. within the meaning of Federal Rule of Evidence 803(6).

38.     PureWick Trial Exhibit 175 is a true and correct copy of a PureWick financial spreadsheet and is an authentic business record of PureWick Corp. within the meaning of Federal Rule of Evidence 803(6).

39.     PureWick Trial Exhibit 176 is a true and correct copy of a PureWick financial spreadsheet and is an authentic business record of PureWick Corp. within the meaning of Federal Rule of Evidence 803(6).

40.     PureWick Trial Exhibit 295 is a true and correct copy of a PureWick financial spreadsheet and is an authentic business record of PureWick Corp. within the meaning of Federal Rule of Evidence 803(6).

41.     PureWick Trial Exhibit 794 is a true and correct copy of a PureWick financial spreadsheet  and is an authentic business record of PureWick Corp. within the meaning of Federal Rule of Evidence 803(6).

42.     PureWick Trial Exhibit 795 is a true and correct copy of a PureWick financial spreadsheet  and is an authentic business record of PureWick Corp. within the meaning of Federal Rule of Evidence 803(6).

43.     PureWick Trial Exhibit 796 is a true and correct copy of a PureWick financial spreadsheet and is an authentic business record of PureWick Corp. within the meaning of Federal Rule of Evidence 803(6).

44.     PureWick Trial Exhibit 797 is a true and correct copy of a PureWick financial spreadsheet and is an authentic business record of PureWick Corp. within the meaning of Federal Rule of Evidence 803(6).

45.     Defendant Trial Exhibit DTX199 is a true and correct copy of a Sage Products financial spreadsheet from 2017 to 2020 and is an authentic business record of Sage Products LLC within the meaning of Federal Rule of Evidence 803(6).

46.     Defendant Trial Exhibit DTX298 is a true and correct cope of the Agreement and Plan of Merger by and among C.R. Bard, Inc., Candle Acquisition Corp., PureWick Corporation and The Securityholder Representative, dated June 16, 2017.

47.     Defendant Trial Exhibit DTX496 is a true and correct copy of a PureWick sales spreadsheet and is an authentic business record of PureWick Corp. within the meaning of Federal Rule of Evidence 803(6).

48.     Defendant Trial Exhibit DTX751a is a true and correct copy of a Sage Products financial spreadsheet from November 2017 through February 7, 2021 and is an authentic business record of Sage Products LLC within the meaning of Federal Rule of Evidence 803(6).

49.     Defendant Trial Exhibit DTX751b is a true and correct copy of a Sage Products financial spreadsheet from November 2017 through November 2021 and is an authentic business record of Sage Products LLC within the meaning of Federal Rule of Evidence 803(6).

50.     Defendant Trial Exhibit DTX751c is a true and correct copy of a Sage Products financial spreadsheet from January 2020 through December 2021 and is an authentic business record of Sage Products LLC within the meaning of Federal Rule of Evidence 803(6).

51.     Defendant Trial Exhibit DTX752 is a true and correct copy of a Sage Products financial spreadsheet from 2017 through March 2021 and is an authentic business record of Sage Products LLC within the meaning of Federal Rule of Evidence 803(6).

52.     Defendant Trial Exhibit DTX758 is a true and correct copy of a PureWick financial spreadsheet from and is an authentic business record of PureWick Corp. within the meaning of Federal Rule of Evidence 803(6).

53.     Documents produced to a party to this action by another party or a third party in response to compulsory process (e.g., subpoena) shall be deemed authentic for the purposes of this lawsuit only, absent good cause.

54.     Documents produced by Connect Foundation bearing "CF" Bates Labels are authentic business records of Connect Foundation within the meaning of Federal Rule of Evidence 803(6). Each of Defendant Trial Exhibits 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, and 520 are a business record of Connect Foundation.

55.     Documents produced by Omni Medical Systems, Inc. bearing "OMNI" Bates Labels are authentic business records of Omni Medical Systems, Inc. within the meaning of Federal Rule of Evidence 803(6). Each of Defendant Trial Exhibits 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, and 438 are a business record of Omni Medical Systems.

# SCHEDULE B1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PUREWICK CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | C.A. No. 19-1508-MN |
| v. | ) | |
| | ) | |
| SAGE PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

## **PLAINTIFF'S STATEMENT OF ISSUES OF FACT TO BE LITIGATED**

Plaintiff identifies the following issues of fact that remain to be litigated.  This statement is based on the claims Plaintiff expects to present as well as its understanding of the claims or defenses that Defendant is likely to present.  If Defendant pursues additional claims or defenses, or raises additional issues, Plaintiff reserves the right to supplement this statement.  If an issue identified herein is more properly considered an issue of law, it should be so considered.  If an issue of law is more properly considered an issue of fact, that issue is incorporated into this statement.

Plaintiff reserves the right to revise this statement as necessary in light of the Court's pretrial orders, including evidentiary rulings, or in the event that any new allegations arise for which Defendant's submissions did not fairly put Plaintiff on notice.  By including an issue of fact here, Plaintiff does not assume the burden of proof or production with regard to the issues that are Defendant's burdens to prove.  Nor does Plaintiff concede that any genuine factual dispute exists as to any of the issues listed below.

I.   **INFRINGEMENT OF THE '376 PATENT**

1.   Whether Plaintiff has proven by a preponderance of the evidence that Defendant directly infringes claims 1, 5, and 9 of the '376 patent.

2.   Whether Plaintiff has proven by a preponderance of the evidence that Defendant is liable for indirect infringement by actively inducing infringement of claims 1, 5, and 9 of the '376 patent pursuant to 35 U.S.C. § 271(b).

3.   Whether Plaintiff has proven by a preponderance of the evidence that Defendant is liable for indirect infringement by way of contributory infringement of claims 1, 5, and 9 of the '376 patent pursuant to 35 U.S.C. § 271(c).

4.   Whether Plaintiff has proven by a preponderance of the evidence that Defendant's infringement of the '376 patent has been willful.

## II.    INFRINGEMENT OF THE '989 PATENT

5.    Whether Plaintiff has proven by a preponderance of the evidence that Defendant directly infringes claims 1, 2, and 6 of the '989 patent.

6.    Whether Plaintiff has proven by a preponderance of the evidence that Defendant is liable for indirect infringement by actively inducing infringement of claims 1, 2, and 6 of the '989 patent pursuant to 35 U.S.C. § 271(b).

7.    Whether Plaintiff has proven by a preponderance of the evidence that Defendant is liable for indirect infringement by way of contributory infringement of claims 1, 2, and 6 of the '989 patent pursuant to 35 U.S.C. § 271(c).

8.    Whether Plaintiff has proven by a preponderance of the evidence that Defendant's infringement of the '989 patent has been willful.

## III.    INFRINGEMENT OF THE '407 PATENT

9.    Whether Plaintiff has proven by a preponderance of the evidence that Defendant directly infringes claims 1, 2, 7, and 13 of the '407 patent.

10.    Whether Plaintiff has proven by a preponderance of the evidence that, to the extent it does not literally infringe, Defendant's PrimoFit product infringes '407 patent claim 2 under the doctrine of equivalents.

## IV.    THE ASSERTED CLAIMS OF THE PATENTS-IN-SUIT ARE NOT ANTICIPATED OR OBVIOUS

11.    Whether Defendant has proven by clear and convincing evidence that claims 1, 5, and 9 of the '376 patent are invalid as anticipated or obvious to a person of ordinary skill in the art.

12.    Whether Defendant has proven by clear and convincing evidence that claims 1, 2 and 6 of the '989 patent are invalid as anticipated or obvious to a person of ordinary skill in the art.

13.     Whether Defendant has proven by clear and convincing evidence that claims 1, 2, 7 and 13 of the '407 patent are invalid as anticipated or obvious to a person of ordinary skill in the art.

## V.     THE ASSERTED CLAIMS OF THE '989 AND '376 PATENTS ARE ENTITLED TO AN EARLIER PRIORITY DATE

14.     Whether the disclosure of U.S. Application No. 61/955,537, filed on March 19, 2014, provides a written description of the subject matter of claims 1, 5 and 9 of the '376 patent and claims 1, 2 and 6 of the '989 patent.

15.     Whether the disclosure of U.S. Application No. 62/084,078, filed on Nov. 25, 2014, provides a written description of the subject matter of claims 1, 5 and 9 of the '376 patent and claims 1, 2 and 6 of the '989 patent.

16.     Whether the disclosure of U.S. Application No. 15/171,968, filed on June 2, 2016, provides a written description of the subject matter of claims 1, 5 and 9 of the '376 patent and claims 1, 2 and 6 of the '989 patent.

17.     Whether the disclosure of U.S. Application No. 15/260,103, filed on Sep. 8, 2016, provides a written description of the subject matter of claims 1, 5 and 9 of the '376 patent.

## VI.    CLAIM 7 OF THE '407 PATENT SATISFIES THE WRITTEN DESCRIPTION REQUIREMENT

18.     Whether Defendants have proven by clear and convincing evidence that claim 7 of the '407 patent lacks adequate written description under 35 U.S.C. § 112.

## VII.   DAMAGES

19.     The amount of damages that Plaintiff has proven by a preponderance of the evidence that it should be awarded due to Defendant's infringement of the Patents-in-Suit.

# SCHEDULE B2

**SCHEDULE B2:**
**SAGE'S ISSUES OF FACT THAT REMAIN TO BE LITIGATED RELATING TO THE '376, '989, AND '407 PATENTS**
*PureWick Corporation v. Sage Products, LLC* (C.A. No. 19-1508-MN)

Pursuant to Local Rule 16.3(c)(4), Defendant and Counterclaim Plaintiff Sage Products, LLC ("Sage") submits the following issues of fact that remain to be litigated relating to the '376, '989, and '407 patents. Certain issues cannot be determined until the entire case is completed.

Sage's identification of the issues of fact that remain to be litigated is based on Sage's current understanding of the arguments that Plaintiff and Counterclaim Defendant PureWick Corporation ("PureWick"), is likely to advance based upon the pleadings and discovery in this action to date. To the extent that PureWick attempts to introduce different or additional facts, Sage reserves the right to contest those facts, and to present any and all rebuttal evidence in response to those facts.

To the extent that Sage's Statement of Issues of Law That Remain to be Litigated in **Schedule C2** contains issues of fact, those issues are incorporated herein by reference. Moreover, if any issue of fact identified below is more properly considered an issue of law, then such statement should be considered part of Defendant and Counterclaim Plaintiff's Statement of Issues of Law that Remain to Be Litigated.

## I.    INFRINGEMENT OF THE '376 PATENT

1.     Whether Plaintiff can prove by a preponderance of the evidence that Sage literally infringes, or has infringed, Claims 1, 5, and 9 of the '376 patent ("the Asserted '376 Patent Claims") by making, using, selling, and/or offering to sell the PrimaFit product.[1],[2]

---

[1] Sage preserves its objections to the Court's Claim Construction and its related arguments as set forth in the Markman briefs.
[2] PureWick does not allege equivalents infringement for the '376 or '989 patents.

2.      To the extent Plaintiff has proven acts of direct infringement, whether Plaintiff can prove by a preponderance of the evidence that Sage induces, or has induced, infringement of the Asserted '376 Patent Claims.

3.      To the extent Plaintiff has proven acts of direct infringement, whether Plaintiff can prove by a preponderance of the evidence that Sage contributorily infringes, or has contributorily infringed, the Asserted '376 Patent Claims.

4.      Whether Plaintiff can prove by a preponderance of the evidence that any infringement by Sage of the '376 patent was willful.

## II.      INFRINGEMENT OF THE '989 PATENT

1.      Whether Plaintiff can prove by a preponderance of the evidence that Sage literally infringes, or has infringed, Claims 1, 2, and 6 of the '989 patent ("the Asserted '989 Patent Claims") by performing all of the steps of the methods of the '989 patent claims.

2.      For alleged direct infringement by third parties, whether Plaintiff has proven that a single party performs all steps of the claimed method, or that more than one party performs every step of the method but that the parties formed a joint enterprise or one party directs or controls the other parties' performance of the claimed method.

3.      To the extent Plaintiff has proven acts of direct infringement, whether Plaintiff can prove by a preponderance of the evidence that Sage induces, or has induced, infringement of the Asserted '989 Patent Claims.

4.      To the extent Plaintiff has proven acts of direct infringement, whether Plaintiff can prove by a preponderance of the evidence that Sage contributorily infringes, or has contributorily infringed, the Asserted '989 Patent Claims.

5.      Whether Plaintiff can prove by a preponderance of the evidence that any infringement by Sage of the '989 patent was willful.

## III.    INFRINGEMENT OF THE '407 PATENT

1.      Whether Plaintiff can prove by a preponderance of the evidence that Sage literally infringes, or has infringed, Claims 1, 2, 7, and 13 of the '407 patent ("the Asserted '407 Patent Claims") by making, using, selling, and/or offering to sell the PrimoFit product, or has infringed Claim 2 under the doctrine of equivalents.

## IV.    INVALIDITY OF THE '376 PATENT

### A.  Prior Art Invalidity

1.      Whether Plaintiff can establish that it is entitled to a priority date of prior to June 1, 2017, namely whether Plaintiff can establish that it is entitled to a priority date of March 19, 2014, November 25, 2014, or June 2, 2016, for the Asserted '376 Patent Claims.[3]

2.      Whether Sage can prove by clear and convincing evidence that the Asserted '376 Patent Claims are invalid as anticipated under 35 U.S.C. § 102 or as obvious under 35 U.S.C. § 103 in view of the prior art and the understanding of one of ordinary skill.

3.      The level of ordinary skill in the art, the scope and content of the alleged prior art, and the differences between the alleged prior art and the Asserted '376 Patent Claims.

4.      Whether there are objective indicia of nonobviousness and whether there is a nexus between those indicia and the claimed invention.

## V.     INVALIDITY OF THE '989 PATENT

---

[3] The day before the Pretrial Order was due, PureWick added as a disputed issue whether the disclosure of the '989 patent (the '103 application) provides written description of the subject matter of claims 1, 5 and 9 of the '376 patent.  This is a new dispute. PureWick's expert offered no opinion on whether the specification of the '989 patent supported the full scope of the claims of the '376 patent. (See D.I. 210, Ex. 33 at Paras. 1193-1195.)

3

**A.  Prior Art Invalidity**

1.      Whether Plaintiff can establish that it is entitled to a priority date of prior to September 8, 2016, namely whether Plaintiff can establish that it is entitled to a priority date of March 19, 2014, November 25, 2014, or June 2, 2016, for the Asserted '989 Patent Claims.

2.      Whether Sage can prove by clear and convincing evidence that the Asserted '989 Patent Claims are invalid as anticipated under 35 U.S.C. § 102 or as obvious under 35 U.S.C. § 103 view of the prior art and the understanding of one of ordinary skill.

3.      The level of ordinary skill in the art, the scope and content of the alleged prior art, and the differences between the alleged prior art and the Asserted '989 Patent Claims.

4.      Whether there are objective indicia of nonobviousness and whether there is a nexus between those indicia and the claimed invention.

**VI.     INVALIDITY OF THE '407 PATENT**

**A.  Prior Art Invalidity**

1.      Whether Sage can prove by clear and convincing evidence that the Asserted '407 Patent Claims are invalid as anticipated under 35 U.S.C. § 102 or as obvious under 35 U.S.C. § 103 in view of the prior art and the understanding of one of ordinary skill.

2.      The level of ordinary skill in the art, the scope and content of the alleged prior art, and the differences between the alleged prior art and the Asserted '407 Patent Claims.

3.      Whether there are objective indicia of nonobviousness and whether there is a nexus between those indicia and the claimed invention.

**B.  Section 112 Invalidity**

4.      Whether Sage can prove by clear and convincing evidence that the '407 patent is invalid for failing to comply with t 35 U.S.C. § 112.

4

## VII.   UNENFORCEABILITY OF THE '376, '989, AND '407 PATENTS (To Be Decided By The Court)

1.      Whether Sage can prove by a preponderance of the evidence that the '376, '989, and '407 patents are unenforceable due to waiver as a result of the conduct of PureWick.

2.      Whether Sage can prove by a preponderance of the evidence that the '376, '989, and '407 patents are unenforceable due to equitable estoppel as a result of the misleading conduct of PureWick.

3.      Whether Sage can prove by clear and convincing evidence that the '376, '989, and '407 patents are unenforceable due to unclean hands due to the conduct of PureWick.

4.      Whether Sage can prove by a preponderance of the evidence that the '376, '989, and '407 patents are unenforceable due to acquiescence as a result of the conduct of PureWick.

## VIII.   REMEDIES FOR PUREWICK'S CLAIMS

The following issues only apply if Sage is found liable for infringing a valid claim of the '376, '989, and '407 patents and equitable defenses do not apply:

1.      The amount of damages to which PureWick is entitled after August 12, 2019 (the date of notice pursuant to 35 U.S.C. § 287 for the '376 patent), after August 27, 2019 (the date of issuance for the '989 patent), or after January 2020 for the '407 patent, including the amount of reasonable royalties, if any, to compensate Plaintiff for any alleged infringement, and the amount of prejudgment or post-judgment interest, if any.

2.      Whether PureWick can prove by a preponderance of the evidence that it is entitled to lost profits damages, including whether they can prove by a preponderance of the evidence:

demand for the patented product; absence of acceptable, non-infringing substitutes;[4] manufacturing and marketing capability to exploit the demand; and the amount of the profit that Plaintiff would have made.

3.      Whether PureWick can prove that a permanent injunction enjoining Sage from any acts constituting infringement of the '376, '989, and '407 patents is warranted.

4.      Whether PureWick can prove enhanced damages are warranted.

5.      Whether PureWick can prove attorneys' fees and costs are warranted.

## IX.    REMEDIES FOR SAGE'S DEFENSES AND COUNTERCLAIMS

1.      Whether Sage can prove attorneys' fees and costs are warranted.

2.      Whether Sage can prove other remedies are appropriate including equitable remedies described above.

---

[4] As explained previously, given the time constraints and the now-pending second case, Sage is not arguing at trial that PrimaFit 2.0 is a non-infringing alternative in the present lawsuit. Sage maintains its position that PrimaFit 2.0 does not infringe and reserves all rights with regard to the second lawsuit.

# SCHEDULE C1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PUREWICK CORPORATION,    )
    )
    Plaintiff/Counterclaim Defendant,    )
    )    C.A. No. 19-1508-MN
v.    )
    )
SAGE PRODUCTS, LLC,    )
    )
    Defendant/Counterclaim Plaintiff.    )
    )

## PLAINTIFF'S STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED

Plaintiff identifies the following issues of law that remain to be litigated, with citations to authorities relied upon.  This statement is based on the arguments Plaintiff expects to make as well as its understanding of the arguments that Defendant are likely to make.  If Defendant seeks to introduce different legal arguments, Plaintiff reserves the right to supplement this statement.  If an issue identified herein is more properly considered an issue of fact, it should be so considered.  If an issue of fact is more properly considered an issue of law, that issue is incorporated into this statement.  The authorities cited herein are not exhaustive; Plaintiff may rely on authority not cited in this statement.

The issues of law identified herein do not include any outstanding issues of law with respect to the parties' proposed jury instructions.  Plaintiff will present those legal issues, if necessary, in its proposed instructions to the Court.

Plaintiff reserves the right to revise Plaintiff's statement of issues of law as necessary in light of the Court's pretrial orders, including evidentiary rulings, or in the event that any new allegations arise for which Defendant's submissions did not fairly put Plaintiff on notice.

## I.    DAMAGES

### A.    Lost Profits

1.    Whether Plaintiff is entitled to an award of its lost profits due to Defendant's infringement of the '376 and/or '989 patents.

Relevant Authority:  35 U.S.C. § 284.  For lost profits, "the patentee must show a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer."  *WL. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 198 F. Supp. 3d 366, 374 (D. Del. 2016) (*citing Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995)).  Two recognized frameworks  for showing but-for causation are the two-supplier test and the *Panduit* test.  *See Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122 (Fed. Cir. 2003).

1

To prevail under the two-supplier market theory, a patentee must show: the relevant market contains only two suppliers; its own manufacturing and marketing capability to make the sales that were diverted to the infringer; and the amount of profit it would have made from these diverted sales. *Micro Chem.*, 318 F.3d at 1124.

The *Panduit* test requires the patent owner to prove: (1) demand for the patented product; (2) absence of acceptable, non-infringing alternatives; (3) manufacturing and marketing capability to exploit demand; and (4) the amount of the profit it would have made. *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978).

### B.  Enhanced Damages

2.   Whether Plaintiff should be awarded enhanced damages for Defendant's patent infringement.

Relevant Authority: 35 U.S.C. § 284; *Halo Elecs. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1931 (2016); *Whitserve, LLC v. Comput. Packages, Inc.*, 694 F.3d 10, 37 (Fed. Cir. 2012); *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1570 (Fed. Cir. 1996).

### C.  Attorneys' Fees

3.   Whether Plaintiff should be awarded its attorneys' fees in this case under 35 U.S.C. § 285.

Relevant Authority: 35 U.S.C. § 285; *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755-56 (2014).

### D.  Pre-judgment and Post-Judgment Interest

4.   Whether Plaintiff is entitled to prejudgment and post-judgment interest.

Relevant Authority: 35 U.S.C. § 284; *GM Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983) ("[P]rejudgment interest should ordinarily be awarded.").   "Generally, prejudgment interest should be awarded from the date of infringement to the date of

judgment." *Nickson Indus. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988); *Ironworks Patents, LLC v. Apple, Inc.*, 255 F. Supp. 3d 513,533 (D. Del.2017).

Post-judgment "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

### E.    Permanent Injunctive Relief

5.    Whether Plaintiff should be granted permanent injunctive relief against Defendant enjoining it from further infringement based on the accused products and any products that are not colorably different.

Relevant Authority: 35 U.S.C. § 283; *eBay, Inc. v. MercExchange L.L.C.*, 126 S. Ct. 1837, 1840 (2006); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 809 F.3d 633,647 (Fed. Cir. 2015); *Trebro Mfg. v. Firefly Equip.*, 748 F.3d 1159, 1171 (Fed. Cir. 2014); *Ferring Pharma., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205 (3d Cir. 2014); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012); *Evonik Degussa Gmbh v. Materia, Inc.*, No. 09-636 (NLH/JS), 2017 WL 3434156, at *3 (D. Del. Aug. 10, 2017).

### F.    Ongoing Royalty

6.    Whether, if a permanent injunction is not awarded, Plaintiff should be awarded an ongoing royalty for Defendants' future sales of the accused products and any products that are not colorably different.

Relevant Authority:  "Under some circumstances, awarding an ongoing royalty for patentinfringement in lieu of an injunction may be appropriate." *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007); *see also Bard Peripheral Vascular, Inc. v. W.L.*

*Gore & Assocs.*, 670 F.3d 1171, 1192 (Fed. Cir. 2012)("The award of an ongoing royalty instead of a permanent injunction to compensate for future infringement is appropriate in some cases."); *Arctic Cat, Inc. v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1370 (Fed. Cir. 2017)(affirming award of ongoing royalties).

## II.   VALIDITY

### A.   Priority Date of '376 and '989 Patents

7.      Whether the asserted claims of the '376 Patent are entitled to a priority date of March 19, 2014, the filing date of U.S. Application No. 61/955,537.

8.      Whether the asserted claims of the '376 Patent are entitled to a priority date of Nov. 25, 2014, the filing date of U.S. Application No. 62/084,078.

9.      Whether the asserted claims of the '376 Patent are entitled to a priority date of June 2, 2016, the filing date of U.S. Application No. 15/171,968.

10.     Whether the asserted claims of the '376 Patent are entitled to a priority date of September 8, 2016, the filing date of U.S. Application No. 15/260,103.

11.     Whether the asserted claims of the '989 Patent are entitled to a priority date of March 19, 2014, the filing date of U.S. Application No. 61/955,537.

12.     Whether the asserted claims of the '989 Patent are entitled to a priority date of Nov. 25, 2014, the filing date of U.S. Application No. 62/084,078.

13.     Whether the asserted claims of the '989 Patent are entitled to a priority date of June 2, 2016, the filing date of U.S. Application No. 15/171,968.

        Relevant Authority: Claims may benefit from the filing date of a provisional application "if the provisional application provided adequate written description under 35 U.S.C. § 112, ¶ 1." *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1359 (Fed. Cir. 2010); *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1306 (Fed. Cir. 2008).  "Entitlement to priority under § 120

is a matter of law." *In re Owens*, 710 F.3d 1362, 1366 (Fed. Cir. 2013).  However, "[w]hether a claimed invention is supported by an adequate written description under § 112, ¶ 1, is a question of fact." *Id.*  "The test for sufficiency of the written description. . . has been expressed as 'whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date.'" *Id.*; *PowerOasis*, 522 F.3d at 1306.  "[A] prior application need not contain precisely the same words as are found in the asserted claims" to satisfy the written description test.  *PowerOasis*, 522 F.3d at 1306; *see also Novartis Pharm. Corp. v. Accord Healthcare, Inc. et al.*, No. 21-1070 (Fed. Cir. Jan. 3, 2022)("A 'disclosure need not recite the claimed invention *in haec verba*.'").

### B.   Obviousness

14.   Whether Defendant has proven by clear and convincing evidence that any of the asserted claims are invalid as obvious.

Relevant Authority: "Obviousness is a question of law based on underlying factual inquiries including: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the prior art and the claimed invention; and (4) extent of any objective indicia of non-obviousness."  *Winner Intern. Royalty Corp. v. Wang*, 202 F.3d 1340, 1348 (Fed. Cir. 2000).

### C.   Indefiniteness

15.   Whether Defendant has proven by clear and convincing evidence that claim 7 of the '407 patent is indefinite under 35 U.S.C. § 112.

### III.   UNENFORCEABILITY

16.   Whether Defendant has proven by clear and convincing evidence that any of the Patents-in-Suit are unenforceable based on equitable estoppel, waiver, acquiescence or unclean hands.

Relevant Authority: A claim for equitable estoppel requires proof that: "(1) the patentee, through misleading conduct leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer; (2) the alleged infringer relies on that conduct; and (3) due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." *Ecolab, Inc. v. Envirochem, Inc.,* 264 F.3d 1358, 1371 (Fed. Cir. 2001); *see also Ferring B.V. v. Allergan, Inc.,* 980 F.3d 841, 853 (Fed. Cir. 2020). "Even if all three elements of equitable estoppel are established, the court must consider any other evidence or facts 'respecting the equities of the parties in exercising its discretion and deciding whether to allow the defense of equitable estoppel to bar the suit.'" *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,* 960 F.2d 1020, 1043 (Fed. Cir. 1992) (en banc), *abrogated on other grounds by SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,* 137 S. Ct. 954, 959, 197 L.Ed.2d 292 (2017).

Silence alone "will not create an estoppel unless there was a clear duty to speak or somehow the patentee's continued silence reenforces the defendant's inference from the plaintiff's known acquiescence that the defendant will be unmolested.'" *SCA Hygiene Prods. v. First Quality Baby Prods.*, 767 F.3d 1339, 1349 (Fed. Cir. 2014); *Zimmer Tech., Inc. v. Howmedica Osteonics Corp.,* 453 F. Supp. 2d 1030, 1055 (N.D. Ind. 2006) ("Unless the facts demonstrate misleading conduct by the patentee other than communication followed by a period of silence alone, the patentee must have 'threatened immediate or vigorous enforcement of its patent rights' for the communication to be misleading.").

A claim for implied license by acquiescence "requires proof that (1) the patentee, through statements or conduct, gave an affirmative grant of consent or permission to make, use, or sell to the alleged infringer…The first element requires the patentee to communicate that 'the accused

infringer will not be disturbed by the plaintiff patentee in the activities in which the former is *currently* engaged.'" *Winbond Elecs. Corp. v. International Trade Com'n*, 262 F.3d 1363, 1374 (Fed. Cir. 2001) (emphasis in original).

A defense of waiver requires a showing of: (1) an existing right; (2) knowledge of the right; (3) and an actual intention to relinquish the right. *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 409 (D. Del. 2009).

Proof of unclean hands requires clear and convincing evidence of an unconscionable act that is material to the litigation, specific bad-faith and a willful intent to deceive the court. *See Keystone Driller Co v. General Excavator Co.,* 290 U.S. 240, 245 (1933); *Precision Instrument Mfg, Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945).

# SCHEDULE C2

<u>**SCHEDULE C2:**</u>
**SAGE'S STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED
RELATING TO THE '376, '989, AND '407 PATENTS**
*PureWick Corporation v. Sage Products, LLC* (C.A. No. 19-1508-MN)

Pursuant to Local Rule 16.3(c)(5), Defendants and Counterclaim Plaintiff Sage Products, LLC ("Sage"), submits the following Statement of Issues of Law that Remain to be Litigated Relating to the '376, '989, and '407 patents. Certain issues cannot be determined until the entire case is completed.

This Statement is based on Sage's current understanding of the arguments Plaintiff and Counterclaim Defendant PureWick Corporation ("PureWick") is likely to advance in this case, based upon the pleadings and discovery in the action to date. To the extent that PureWick attempts to introduce different or additional facts or legal theories, Sage reserves the right to rely on other legal authorities to counter those facts or theories.

To the extent that Defendant and Counterclaim Plaintiff's Issues of Fact that Remain to Be Litigated in **<u>Schedule B2</u>** contain issues of law, those issues are incorporated by reference. Moreover, if any issue of law identified below is more properly considered an issue of fact, then such statement should be considered part of Defendant and Counterclaim Plaintiff's Issues of Fact that Remain to Be Litigated in **<u>Schedule B2</u>**. Sage reserves the right to rely on additional authority, including authority cited by PureWick in its Statement of Issues of Law that Remain to be Litigated (**Schedule C1**).

1

# TABLE OF CONTENTS

I.    INFRINGEMENT OF THE '376, '989, AND '407 PATENTS .........................................4

    A.    Direct Infringement: Literal Infringement And Infringement Under The Doctrine of Equivalents ................................................................4

        1.    Issues ............................................................................4

        2.    Legal Standards ............................................................4

    B.    Indirect Infringement: Induced Infringement And Contributory Infringement ......................................................................9

        1.    Issues ............................................................................9

        2.    Legal Standard For Inducement Of Infringement .............................9

        3.    Legal Standard For Contributory Infringement ........................................11

    C.    Willful Infringement ............................................................12

II.    INVALIDITY ....................................................................................15

    A.    Priority Date Of An Asserted Patent ......................................................15

        1.    Issues ............................................................................15

    B.    Prior Art Invalidity (Anticipation and Obviousness) ...........................................17

        1.    Issues ............................................................................17

        2.    Legal Standards ............................................................17

        3.    Scope of the Prior Art ............................................................18

        4.    Anticipation ....................................................................19

        5.    Obviousness ....................................................................20

    C.    Section 112 Issues: Written Description, Enablement, Indefiniteness .................23

        1.    Issues ............................................................................23

        2.    Legal Standards ............................................................23

III.    UNENFORCEABILITY OF THE '376, '989, AND '407 PATENTS (TO BE DECIDED BY COURT) ............................................................26

    A.    Unenforceability Due to Waiver, Equitable Estoppel, Unclean Hands, and Acquiescence (To Be Decided By the Court) ..........................................26

IV.    DAMAGES FOR PATENT INFRINGEMENT ................................................29

    A.    Issues ............................................................................29

    B.    Legal Standards ............................................................30

        1.    Notice Under 35 U.S.C. § 287 And Limitations On Damages .................30

        2.    Damages Must Be Apportioned To The Patented Feature .......................31

|  | 3. | Lost Profits.................................................................................31 |
|  | 4. | Reasonable Royalty .......................................................33 |

V.      OTHER REMEDIES ...........................................................................36

    A.      Enhanced Damages Under 35 U.S.C. § 284 (To Be Decided By Court) .............36

    B.      Exceptional Case Under 35 U.S.C. § 285 Including Attorneys' Fees (To Be Decided By Court)........................................................................37

    C.      Permanent Injunction (To Be Decided By Court) ................................38

# I.   INFRINGEMENT OF THE '376, '989, AND '407 PATENTS

## A.  Direct Infringement: Literal Infringement And Infringement Under The Doctrine of Equivalents

### 1.   Issues

Sage contends that the following are issues of fact though literal infringement includes issues of law as set forth below (including claim construction): (i) whether Sage literally infringes, or has infringed, Claims 1, 5, and 9 of the '376 patent ("the Asserted '376 Patent Claims") by making, using, selling, and/or offering to sell the PrimaFit product; (ii) whether Sage literally infringes, or has infringed, by using the methods in Claims 1, 2, and 6 of the '989 patent ("the Asserted '989 Patent Claims"); and (iii) whether Sage literally infringes, or has infringed, Claims 1, 2, 7, and 13 of the '407 patent ("the Asserted '407 Patent Claims") by making, using, selling, and/or offering to sell the PrimoFit product.[1]

Sage contends that the following are issues of fact though equivalents infringement also includes issues of law including the doctrine of claim vitiation: whether Sage infringes, or has infringed, Claim 2 of the 407 patent under the doctrine of equivalents by making, using, selling, and/or offering to sell the PrimoFit product.

### 2.   Legal Standards

Section 271(a) of the Patent Act, which sets forth the acts that constitute direct infringement of a patent, provides that:

> Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

The patent owner bears the burden of proving infringement by a preponderance of the evidence. *See Ferring B.V. v. Watson Labs., Inc.-Fla.*, 764 F.3d 1401, 1408 (Fed. Cir. 2014). Infringement

---

[1] PureWick's claim of infringement regarding the '508 patent has been stayed.

is a question of fact. *Id*. at 1408.

A determination of infringement under 35 U.S.C. § 271(a) requires a two-step analysis. "The first step is determining the meaning and scope of the patent claims asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*), aff'd, 517 U.S. 370 (1996). "'[T]he construction of a patent, including terms of art within its claim,' is not for a jury but 'exclusively' for 'the court' to determine." *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S.Ct. 831,835 (2015) (quoting *Markman* 517 U.S. at 372). In the second step, the accused device must be compared to the claim language as properly interpreted. *See Markman*, 52 F.3d at 976; *Tanabe Seiyaku Co. v. U.S. Int'l Trade Comm'n*, 109 F.3d 726, 731 (Fed. Cir. 1997).

With regard to claim construction (Step 1), the Court construed the disputed claim terms in its February 17, 2021 Memorandum Opinion on Claim Construction. D.I. 128.[2]

With regard to Step 2, "[t]o show infringement of a patent, a patentee must supply sufficient evidence to prove that the accused product or process contains, either literally or under the doctrine of equivalents, every limitation of the properly construed claim." *Seal-Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999). "[A] dependent claim, by nature, incorporates all the limitations of the claim to which it refers." *Jeneric/Pentron, Inc. v. Dillon Co.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000). Consequently, it is "a fundamental principle of patent law that 'dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed.'" *Id*. (quoting *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1998)). "[A]n accused device that 'sometimes, but not always, embodies a claim[] nonetheless infringes.'" *Broadcom Corp. v. Emulex Corp.*, 732 F.3d 1325, 1333 (Fed. Cir. 2013) (quoting *Bell Commc'ns Research, Inc. v. Vitalink Commc'ns Corp.*, 55 F.3d 615, 622–23

---

[2] Sage reserves its objections to the Claim Construction Order.

(Fed. Cir. 1995)).

An accused product literally infringes when it contains each and every limitation of the asserted claim. *Trebro Mfg. v. FireFly Equip.*, LLC, 748 F.3d 1159, 1166 (Fed. Cir. 2014). If the patentee fails to prove that a claim limitation is literally present in the accused product, then there can be no finding of literal infringement of that claim. *V-Formation, Inc. v. Benetton Group SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005) (finding no literal infringement where the accused devices did not include one of the limitations of the asserted claims); *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001) (noting that "[a]ny deviation from the claim precludes such a finding" of literal infringement).

A product that does not literally infringe a patent based on the express limitations of a patent may nonetheless be found to infringe under the doctrine of equivalents if "the accused product or process contain[s] elements identical or equivalent to each claimed element of the patented invention." *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997); *see also Wi-Lan, Inc. v. Apple Inc.*, 811 F.3d 455, 463 (Fed. Cir. 2016). "A finding of infringement under the doctrine of equivalents requires a showing that the difference between the claimed invention and the accused product or method was insubstantial or that the accused product or method performs the substantially same function in substantially the same way with substantially the same result as each claim limitation of the patented product or method." *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1326 (Fed. Cir. 2007).

There can be no infringement under the doctrine of equivalents "if even one limitation of a claim or its equivalent" is missing from an accused product or process. *Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1321 (Fed. Cir. 2003); *see also Warner- Jenkinson*, 520 U.S. at 29 ("Each element contained in a patent claim is deemed material to defining the scope of

the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole."). A patentee attempting to show infringement under the doctrine of equivalents must "provide particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to the function, way, result test . . . . Such evidence must be presented on a limitation-by-limitation basis. Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice." *AquaTex*, 479 F.3d at 1328 (quoting *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996)).

The scope of potential equivalents is limited by the principle of prosecution history estoppel, whereby "a patentee is unable to reclaim through the doctrine of equivalents what was surrendered or disclaimed in order to obtain the patent." *Loral Fairchild Corp. v. Sony Corp.*, 181 F.3d 1313, 1322 (Fed. Cir. 1999). Prosecution history estoppel applies not only "to matter surrendered as a result of amendments to overcome patentability rejections," but also "to matter surrendered . . . as a result of an argument to secure allowance of a claim." *Id.* (citations omitted). "Competitors may rely on the estoppel to ensure that their own devices will not be found to infringe by equivalence." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 727 (2002). Questions regarding the scope and application of prosecution history estoppel "are questions of law for the court, not a jury, to decide." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1368 (Fed. Cir. 2003).

"[T]he concept of equivalency cannot embrace a structure that is specifically excluded from the scope of the claims." *Dolly, Inc. v. Spalding & Evenflo Cos.*, 16 F.3d 394, 400 (Fed. Cir. 1994). Such a specific exclusion occurs where "the patentee seeks to encompass a structural feature

that is the opposite of, or inconsistent with, the recited limitation." *Augme Techs., Inc. v. Yahoo! Inc.*, 755 F.3d 1326, 1335 (Fed. Cir. 2014) (citing *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1346–47 (Fed. Cir. 2001)). Additionally, the scope of equivalency cannot extend to features or structures specifically excluded by the Court's construction of a disputed term. *See id.* at 1332-35 ("No reasonable jury could find equivalence" where "doing so would require a determination that embedded code is substantially the same as linked code—the very thing the construction of 'embedded' excludes.").

"Under the 'all-elements rule,' a patentee may not assert a theory of equivalence that would entirely vitiate a particular claim element." *Trading Techs. Int'l, Inc. v. eSpeed Int'l, Ltd.*, 595 F.3d 1340, 1355 (Fed. Cir. 2010) (internal quotation marks omitted); *see also Ortho-McNeil Pharm., Inc. v. Caraco Pharm. Labs., Ltd.*, 476 F.3d 1321, 1328-29 (Fed. Cir. 2007). An infringement theory under the doctrine of equivalents "fails if it renders a claim limitation inconsequential or ineffective." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016). The Supreme Court has cautioned, "[i]t is important to ensure that the application of the doctrine [of equivalents], even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety." *Warner-Jenkinson*, 520 U.S. at 29. "[A]pplication of the all limitations rule is a question of law. *Pfizer, Inc. v. Teva Pharmaceuticals, USA, Inc.*, 429 F.3d 1364, 13791257 (Fed. Cir. 2005); *Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1330 (Fed. Cir. 2009) ("Whether the doctrine of equivalents vitiated a patent claim is a question of law we review de novo.")

"[A] patent applicant who discloses but does not claim subject matter has dedicated that matter to the public and cannot reclaim the disclosed matter under the doctrine of equivalents." *PSC Computer Prods., Inc. v. Foxconn Int'l*, 355 F.3d 1353, 1355-56 (Fed. Cir. 2004).

"The fact of separate patentability is relevant [to equivalency], and is entitled to due weight." *National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1192 (Fed. Cir. 1996); *see also Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1280 (Fed. Cir. 2011) ("where, as here, the alleged equivalent is claimed in a separate patent, this fact, when weighed by the fact-finder together with all other relevant evidence, may make equivalency 'considerably more difficult to make out' by a preponderance of the evidence."). That is because separate patentability shows that the differences between the accused product and the patent-in-suit are not insubstantial. *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1570 (Fed. Cir. 1996) ("The nonobviousness of the accused device, evidenced by the grant of a United States patent, is relevant to the issue of whether the change therein is substantial.").

## B. Indirect Infringement: Induced Infringement And Contributory Infringement

### 1. Issues

PureWick alleges contributory and inducement of infringement of the Asserted Claims of the '376 and '989 patents, which are issues of fact but may include legal issues as discussed herein.

### 2. Legal Standard For Inducement Of Infringement

35 U.S.C. § 271(b), which sets forth the acts that constitute direct infringement of a patent, provides that: "Whoever actively induces infringement of a patent shall be liable as an infringer." Direct infringement is a predicate for a finding of induced infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921, (2014). Further "a method's steps have not all been performed as claimed by the patent unless they are all attributable to the same defendant, either because the defendant actually performed those steps or because he directed or controlled others who performed them." *Id*. at 921-22. "Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement," and an entity "is responsible for others' performance of

method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Akamai Techs., Inc. v. Limelight Networks, Inc*., 797 F.3d 1020, 1022–23 (Fed. Cir. 2015) (en banc).        "To prove inducement of infringement, the patentee must 'show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *Info-Hold v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2015) (citation omitted). "The mere existence of direct infringement . . . , while necessary to find liability for induced infringement, is not sufficient for inducement." *Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 630-31 (Fed. Cir. 2015).

Knowledge of the patent-in-suit is a requirement to establish indirect infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 763-64 (2011). "To prevail on a claim for indirect infringement, a plaintiff must first demonstrate direct infringement, and then establish that the 'defendant possessed the requisite knowledge or intent to be held vicariously liable.'" *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 229 (D. Del. 2012) (citations omitted). That requires, for both induced infringement and contributory infringement, allegations that "the defendant [knew] of the patent, and [knew] that the defendant's actions [have] either induc[ed] or contribut[ed] to another's direct infringement." *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. CIV.A. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 763-64 (2011)) (emphasis added). For the knowledge requirement, "actual, and not constructive knowledge [is] required." *Id*. "[M]ere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *Takeda Pharm*, 785 F.3d at 631.

It is well-established that selling a product and instructing a third party to use a product in

a way that a plaintiff alleges constitutes infringement does not amount to knowledge of infringement or specific intent to infringe a particular patent. *See, e.g.*, *Global-Tech,* 563 U.S. at 765 (distinguishing between knowledge of acts that constitute infringement and knowledge that such acts are infringing); *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("inducement requires evidence of culpable conduct, . . . not merely that the inducer had knowledge of the direct infringer's activities"). "Inducement can be found where there is '[e]vidence of active steps taken to encourage direct infringement,' which can in turn be found in 'advertising an infringing use or instructing how to engage in an infringing use.'" *Takeda*, 785 F.3d at 630-31 (citation omitted). "But such instructions need to evidence 'intent to encourage infringement.'" *Id*. at 631 (citation omitted). "The question is not just whether instructions 'describe[e] the infringing mode,' . . . but whether the 'instructions teach an infringing use of the device such that [the court is] willing to infer from those instructions an affirmative intent to infringe the patent[.]'" *Id*. (citations omitted). "Merely 'describ[ing]' . . . an infringing mode is not the same as 'recommend[ing]," . . . 'encourag[ing],' . . . or 'promot[ing]' . . . an infringing use, or suggesting that an infringing use 'should' be performed . . . ." *Id*. (citations omitted).

### 3.    Legal Standard For Contributory Infringement

35 U.S.C. § 271(c), which sets forth the acts that constitute direct infringement of a patent, provides that:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

To establish liability for contributory infringement, a patentee must prove the following four elements: "1) that there is direct infringement, 2) that the accused infringer had knowledge of

11

the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

As discussed above, knowledge of the patent-in-suit is a requirement to establish indirect infringement. *Global-Tech* 563 U.S. at 763-64. Further, contributory infringement requires the defendant to know that the defendant's actions contribute to infringement. "Both induced infringement and contributory infringement require the defendant to . . . know that the defendant's actions are either inducing or contributing to another's direct infringement." *Chalumeau*, 2012 WL 6968938, at *1 (citing *Global-Tech,* 563 U.S. at 763-64); *Monec*, 897 F. Supp. 2d at 229 ("To prevail on a claim for indirect infringement, a plaintiff must first demonstrate direct infringement, and then establish that the 'defendant possessed the requisite knowledge or intent to be held vicariously liable.'" (citations omitted)).

Contributory infringement requires proof of direct infringement (discussed above) and also requires that the accused product have "no use except through practice of the patented method." *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1374 (Fed. Cir. 2003); *see also Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 441 (1984) ("Unless a commodity has no use except through practice of the patented method, the patentee has no right to claim that its distribution constitutes contributory infringement." (citation and internal quotation marks omitted)). "[A] violator of § 271(c) must know 'that the combination for which his component was especially designed was both patented and infringing.'" *Global-Tech*, 563 U.S. at 763 (quoting *Aro Mfg. Co. v. Covertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).

### C.  Willful Infringement

The issues in this case relate to whether PureWick can prove by a preponderance of the evidence that any infringement by Sage relating to the '376 and '989 patent was willful.

Willfulness involves issues of fact; nevertheless, a holding of no willfulness can be determined as a matter of law if no fact finder could reasonably find willful infringement.

Willful infringement is an issue of fact for the jury. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). The patentee has the burden to prove willfulness by a preponderance of the evidence. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016). To show willfulness, a patentee must prove "that an accused infringer acted with a specific intent to infringe." *Vehicle IP, LLC v. AT&T Mobility LLC*, 227 F. Supp. 3d 319, 330 (D. Del. 2017); *see also Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1565 (Fed. Cir. 1983) ("[M]ore is necessary to support a finding of 'willfulness' than that the infringing acts were not inadvertent. The court must determine that the infringer acted in disregard of the patent, that is, that the infringer had no reasonable basis for believing it had a right to do the acts."). Conduct that is "willful, wanton, malicious, bad faith, deliberate, consciously wrongful, [or] flagrant" may constitute willful infringement and justify the award of enhanced damages. *Halo*, 136 S. Ct. at 1932. "The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.* at 1933. Copying the patentee's patented product is evidence of willfulness. *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378 (Fed. Cir. 2012) (affirming denial of JMOL as to no willfulness where the defendant copied the patentee's product); *see also Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992).

"Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP*, 829 F.3d at 1341 (Fed. Cir. 2016). Mere awareness of an asserted patent does not constitute willful misconduct. *See Intellectual Ventures 1, LLC v. Symantec Corp.*, 234 F. Supp. 3d 601, 611-12 (D. Del. 2017) (granting summary judgment of no willful infringement where plaintiff "identifie[d] no evidence of behavior beyond typical infringement");

13

*Vehicle IP LLC*, 227 F. Supp. 3d at 331 (granting summary judgment of no willfulness where the patentee "[did] not identify other evidence, beyond pre-suit knowledge of the patent, that could show that [the accused infringer's] infringement was 'egregious,' 'deliberate,' [or] 'wanton'"). Moreover, knowledge of related patents is not evidence of willful infringement of the asserted patent. *Monec*, 897 F. Supp. 2d at 232, 236.

Evidence of competitive activity is not willful infringement. In *Monec*, 897 F. Supp. 2d at 232, the plaintiff alleged willful infringement and attempted to impute knowledge of the reexamined patent-in-suit based on the defendant's knowledge of the original, pre-reexamination patent. The court dismissed plaintiff's willfulness claims and noted that there is "no authority for imposing a duty on Defendants to indefinitely track a particular patent in anticipation of a potential infringement lawsuit." *Id.* at 233; *see Diamond Grading Techs. Inc. v. Am. Gem Soc'y,* No. 2:14-CV-1161-RWS-RSP, 2016 WL 3902482, at *2 (E.D. Tex. Mar. 30, 2016) ("The existence of the [reissue] 'RE963 Patent and the scope of the 'RE963 Patent's claims are not facts that can be ascertained merely from notice of the original '673 Patent."); *Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 710 (E.D. Va. 2013) (holding that "knowledge of the '492 patent would not plausibly entail knowledge of the patents which claim priority to the '492 patent"). *Monec* specifically states that "a plaintiff fails to sufficiently plead knowledge of the patent-in-suit . . . when the factual allegations merely support the conclusion that the parties have patents in the same field." 897 F. Supp. 2d at 230, 232-33, 236. *Monec* likewise rejected arguments that tried to impute knowledge via allegations of "monitoring" of competitors. *Id.* at 232-33; *see also Lippert Components Mfg., Inc. v. MOR/ryde, Inc.*, No. 3:16-CV-263 RLMMGG, 2018 WL 345767, at *2 (N.D. Ind. Jan. 10, 2018) (assertions that "the companies were competitors and [defendant] actively monitored intellectual property" does not make knowledge of the patents-in-

suit plausible under *Iqbal*).

## II.  INVALIDITY

### A.    Priority Date Of An Asserted Patent

#### 1.  Issues

The priority date of asserted claims is a question of law, which in some cases involves underlying questions of fact. The following priority date issues are a question of law with underlying questions of fact: Whether PureWick can establish that it is entitled to a priority date earlier than its filing dates of June 1, 2017, and September 8, 2016, for the 376 and 989 patents respectively, and specifically whether PureWick can establish that one of its March 19, 2014, November 25, 2014, or June 2, 2016 application, in a single application, provide adequate written description support for the full scope of the Asserted Claims of the 376 and 989 Patents.[3]

#### 2.    Legal Standards

"Entitlement to priority under § 120 is a legal determination based on underlying fact findings." *Nat. Alternatives Int'l, Inc. v. Iancu*, 904 F.3d 1375, 1379 (Fed. Cir. 2018). Determination of a patent's priority date is purely a question of law if the facts underlying that determination are undisputed. *Medtronic CoreValve, LLC v. Edwards Lifesciences Corp.*, 741 F.3d 1359, 1363 (Fed. Cir. 2014).

Patent claims "are not entitled to an earlier priority date merely because the patentee claims priority." *In re NTP, Inc.*, 654 F.3d 1268, 1276 (Fed. Cir. 2011). "When neither the PTO nor the Board has previously considered priority, there is simply no reason to presume that claims in a continuation-in-part application are entitled to the effective filing date of an earlier filed

---

[3] The day before the Pretrial Order was due, PureWick added as a disputed issue whether the disclosure of the '989 patent (the '103 application) provides written description of the subject matter of claims 1, 5 and 9 of the '376 patent. This is a new dispute. PureWick's expert offered no opinion on whether the specification of the '989 patent supported the full scope of the claims of the '376 patent. (See D.I. 210, Ex. 33 at Paras. 1193-1195.)

15

application….” *PowerOasis, Inc. v. T-Mobile USA Inc.*, 522 F.3d 1299, 1306 (Fed. Cir. 2008). However, the PTO's decision on priority is accorded "deference.". *Id.* at 1304. "It is elementary patent law that a patent application is entitled to the benefit of the filing date of an earlier filed application only if the disclosure of the earlier application provides support for the claims of the later application, as required by 35 U.S.C. § 112." *Id.*

In *PowerOasis*, the Federal Circuit found that an original application did not provide adequate written description support for the element "customer interface." 522 F.3d at 1306-1311. While the earlier application included embodiments with a user interface on the claimed vending machine, a later CIP added a new embodiment with a remotely-located interface. *Id.* at 1307. The Court held that, even though the newly-added embodiment was known to skilled artisans, "[o]bviousness simply is not enough; the subject matter must be disclosed to establish possession." *Id.* at 1310. The court held that the full scope of the claims, which covered both embodiments, were only fully supported by the later-filed CIP (and thus were only entitled to the later priority date) and invalidated the CIP claims based on a prior use. *Id.* at 1310-11; see also *Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1322-26, 1333-34 (Fed. Cir. 2008) (CIP claims not entitled to parent's priority date where patentee cited to new matter as support for newly-added claims); *Chiron v. Genentech, Inc.*, 363 F.3d 1247, 1255-57 (Fed. Cir. 2004) (claims in CIP to multiple antibodies could not claim priority to earlier application disclosing one type); *Anascape, Ltd. v. Nintendo of Am. Inc.*, 601 F.3d 1333, 1335-40 (Fed. Cir. 2010).

35 U.S.C. § 120 provides that a patent application may claim the benefit of an earlier filing date if, inter alia, "a specific reference to the earlier filed application…[is] submitted at such time during the pendency of the application…." "'Specific reference,' in the context of § 120, means that the application seeking the benefit must state (or be amended to state) that it claims the benefit

of the earlier filed application's filing date, identifying each earlier-filed application….and explaining how the applications are related to one another" *Nat. Alternatives*, 904 F.3d at 1380 (Fed. Cir. 2018). Moreover, "the 'specific reference' requirement mandates 'each intermediate application in the chain of priority to refer to the prior applications.'" *Medtronic CoreValve*, 741 F.3d at 1363 (Fed. Cir. 2014). Thus, if one application in the chain does not appropriately claim priority to each prior application, the chain of priority is "broken" and "the later-filed application is not entitled to the benefit of the filing date of applications preceding the break in the priority chain." *Droplets, Inc. v. E*TRADE Bank*, 887 F.3d 1309, 1320 (Fed. Cir. 2018). Additionally, if a patent application claims priority to several separate applications, none of which claim priority to each other, the specification of each single application must be considered on its own for purposes of assessing written description support. *See PowerOasis,* 522 F.3d at 1306 (Fed. Cir. 2008).

**B.     Prior Art Invalidity (Anticipation and Obviousness)**

**1.     Issues**

Sage asserts that the Asserted Claims of the '376, '989, and '407 patents are anticipated under 35 U.S.C. § 102(b) by certain prior art, which is a question of fact.

Sage asserts that the Asserted Claims of the '376, '989, and '407 patents are obvious in view of certain prior art under 35 U.S.C. § 103. Obviousness is a mixed question of law and fact as explained below.

**2.     Legal Standards**

Once issued, a patent is presumed to be valid. *See* 35 U.S.C. § 282(a). However, a party challenging the patent may overcome that presumption by showing by clear and convincing evidence that the patent fails to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code. *See id*.; *Microsoft Corp. v. i4i L.P.*, 564 U.S. 91, 95 (2011).

"New evidence supporting an invalidity defense may 'carry more weight' in an infringement action than evidence previously considered by the PTO. . . . if the PTO did not have all material facts before it, its considered judgment may lose significant force. And, concomitantly, the challenger's burden to persuade the jury of its invalidity defense by clear and convincing evidence may be easier to sustain." *i4i*, 546 U.S. at 112.

Once a party challenging a patent's validity "has presented a prima facie case of invalidity, the patentee has the burden of going forward with rebuttal evidence." *Prometheus Labs., Inc. v. Roxane Labs., Inc.*, 805 F.3d 1092, 1101-02 (Fed. Cir. 2015) (quoting *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1360 (Fed. Cir. 2007)); *see also Ralston Purina Co. v. Far-Mar- Co.*, 772 F.2d 1570, 1573 (Fed. Cir. 1985) ("If this burden [of making a prima facie case of invalidity] is met, the party relying on validity is then obligated to come forward with evidence to the contrary.").

### 3.   Scope of the Prior Art

35 U.S.C. §§ 102(a), (b), and (e) define the scope of prior art for the purposes of anticipation and obviousness in this case. Those sections provide as follows:

> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent, or
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States, or . . . .
>
> (e) the invention was described in – (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for the purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language . . . .

Products sold in the U.S. by the accused infringer or a third party may invalidate a patent under both 35 U.S.C. § 102(a) and (b).

With respect to § 102(a), "[i]f the invention was known to or used by others in this country before the date of the patentee's invention, the later inventor has not contributed to the store of knowledge, and has no entitlement to a patent." *Woodland Tr. v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1370 (Fed. Cir. 1998). "[I]n order to invalidate a patent based on prior knowledge or use, that knowledge or use must have been available to the public." *Id*.

"Section 102(b) may bar patentability by anticipation if the device used in public includes every limitation of the later claimed invention, or by obviousness if the differences between the claimed invention and the device used would have been obvious to one of ordinary skill in the art." *Netscape Commc'ns Corp. v. Konrad*, 295 F.3d 1315, 1321 (Fed. Cir. 2002). With respect to the on-sale bar of § 102(b), "the question is not whether the sale, even a third party sale, 'discloses' the invention at the time of the sale, but whether the sale relates to a device that embodies the invention." *J.A. LaPorte, Inc. v. Norfolk Dredging Co.*, 787 F.2d 1577, 1583 (Fed. Cir. 1986). "Public use" under § 102(b) includes "any use of [the claimed] invention by a person other than the inventor who is under no limitation, restriction or obligation of secrecy to the inventor." *Baxter Int'l, Inc. v. COBE Labs., Inc.*, 88 F.3d 1054, 1058 (Fed. Cir. 1996) (alteration in original) (citation omitted).

### 4. Anticipation

"Claimed subject matter is 'anticipated' when it is not new; that is, when it was previously known." *Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1082 (Fed. Cir. 2008). Anticipation requires that "every element and limitation of the claim was previously described in a single prior art reference, either expressly or inherently, so as to place a person of ordinary skill in possession of the invention." *Id*. at 1082.

19

"Determining whether claims are anticipated involves a two-step analysis." *KSwiss Inc. v. Glide N Lock GmbH*, 567 F. App'x 906, 909 (Fed. Cir. 2014) (quoting *In re Montgomery*, 677 F.3d 1375, 1379 (Fed. Cir. 2012)). "The first step involves construction of the claims of the patent at issue," and "[t]he second step . . . involves comparing the claims to the prior art." *Id*. (quoting *Montgomery*, 677 F.3d at 1379). The ultimate determination of anticipation is a question of fact. *See In re Gleave*, 560 F.3d 1331, 1334-35 (Fed. Cir. 2009).

A prior art reference is anticipatory under § 102 if it "disclose[s] each and every element of the claimed invention," either "explicitly or inherently." *Id*. at 1334. "While those elements must be arranged or combined in the same way as in the claim, the reference need not satisfy an *ipsissimis verbis* test." *Id*. (quotation marks and internal citations omitted). "As long as the reference discloses all of the claim limitations and enables the 'subject matter that falls within the scope of the claims at issue,' the reference anticipates—no 'actual creation or reduction to practice' is required." *Id*. (quoting *Schering Corp. v. Geneva Pharm., Inc.*, 339 F.3d 1373, 1380-81 (Fed. Cir. 2003)).

"[A] prior art reference may anticipate without disclosing a feature of the claimed invention if that missing characteristic is necessarily present, or inherent, in the single anticipating reference." *Schering*, 339 F.3d at 1377; *In re Cruciferous Sprout Litig.*, 301 F.3d 1343, 1352 (Fed. Cir. 2002). "'In general, a limitation or the entire invention is inherent and in the public domain if it is the 'natural result flowing from' the explicit disclosure of the prior art.'" *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1377 (Fed. Cir. 2005) (quoting *Schering Corp.*, 339 F.3d at 1379).

### 5.   Obviousness

A patent is invalid as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject

20

matter pertains." 35 U.S.C. § 103. "[O]bviousness is a matter of law based on findings of underlying fact." *Sanofi-Synthelabo*, 550 F.3d at 1085. Those underlying findings of fact include: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of non-obviousness. *Graham* v. *John Deere Co.,* 383 U.S. 1, 17-18 (1966).

Obviousness can be established by noting that "there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 420 (2007). "In determining whether the subject matter of a patent claim is obvious, neither the particular motivation nor the avowed purpose of the patentee controls. What matters is the objective reach of the claim." *Id.* at 419. Thus, "any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed." *Id.* at 420.

"The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *Id.* at 416. A critical issue is whether the "improvement is more than the predictable use of prior art elements according to their established functions." *Id.* at 417. "Common sense teaches ... that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id.* at 420; *see also Leapfrog Enters.*v. *Fisher-Price, Inc.*, 485 F.3d 1157, 1161-1162 (Fed. Cir. 2007). But conclusory assertions or generalizations will not support a finding of obviousness. *K/S Himpp v. Hear-Wear Techs.,* 751 F.3d 1362, 1365-66 (Fed. Cir. 2014) (no obviousness where "an important structural limitation…is not evidently and indisputably within the common knowledge of those skilled in the art"); *Arendi SARL v. Apple Inc.*, 832 F.3d 1355, 1366 (Fed. Cir. 2016) (rejecting expert testimony that it was

common sense to add a claim element where "a key limitation…was missing from the prior art reference"); *Shire LLC v. Amneal Pharms.*, 802 F.3d 1301, 1308-09 (Fed. Cir. 2015) (affirming summary judgment of no invalidity where prior art did not disclose limitation).

A single prior art reference can render a claim obvious. *See B.F. Goodrich Co. v. Aircraft Braking Sys. Corp.*, 72 F.3d 1577, 1582-83 (Fed. Cir. 1996); *In re O'Farrell*, 853 F.2d 894, 902 (Fed. Cir. 1988). If a prior art reference anticipates a claim, it necessarily also renders that claim obvious. *See In re McDaniel*, 293 F.3d 1379, 1385 (Fed. Cir. 2002) (noting that "'anticipation is the epitome of obviousness'") (quoting *Connell v. Sears Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983)).

Obviousness is judged from the perspective of a person of ordinary skill in the art at the time the alleged invention was made. *Takeda Chern. Indus.* v. *Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1355 (Fed. Cir. 2007). A person of ordinary skill is a hypothetical person who is "presumed to be aware of all the pertinent prior art." *Std. Oil Co.* v. *Am. Cyanamid Co.*, 774 F.2d 448, 454 (Fed. Cir. 1985).

The question of obviousness requires consideration of objective indicia of nonobviousness. *See KSR,* 550 U.S. at 406 (quoting *Graham,* 383 U.S. at 17-18). "Objective evidence of nonobviousness can include copying, long felt but unsolved need, failure of others, commercial success, unexpected results created by the claimed invention, unexpected properties of the claimed invention, licenses showing industry respect for the invention, and skepticism of skilled artisans before the invention." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1368 (Fed. Cir. 2013); *see also WBIP*, 829 F.3d at 1336 ("Copying may indeed be another form of flattering praise for inventive features . . . and thus evidence of copying tends to show nonobviousness."). Objective evidence of non-obviousness requires proof of a "nexus" with the

22

claims and must be commensurate in scope with the claims. *Wyers* v. *Master Lock*, 616 F.3d 1231, 1246 (Fed. Cir. 2010); *Asyst Techs. Inc.* v. *Emtrak Inc.*, 544 F.3d 1310, 1316 (Fed. Cir. 2008). The patentee has the burden of production to show the required nexus between the objective indicia and the claimed invention. *Prometheus Laboratories, Inc. v. Roxane Laboratories, Inc.*, 805 F.3d 1092, 1101-02 (Fed. Cir. 2015). For commercial success, the proponent must offer proof "[that] sales were a direct result of the unique characteristics of the claimed invention." *In re Huang*, 100 F.3d 135, 140 (Fed. Cir. 1996). Where "the inventions represented no more than 'the predictable use of prior art elements according to their established functions' . . . the secondary considerations are inadequate to establish nonobviousness as a matter of law." *Wyers*, 616 F.3d at 1246 (quoting *KSR,* 550 U.S. at 417). "[S]econdary considerations of non-obviousness . . . simply cannot overcome a strong prima facie case of obviousness." *Id.; see also Leapfrog*, 485 F.3d at 1162 ("[G]iven the strength of the prima facie obviousness showing, the evidence on secondary considerations was inadequate to overcome a final conclusion [of obviousness].").

## C.   Section 112 Issues: Written Description And Indefiniteness
### 1.   Issues

Sage asserts that certain elements of the Asserted Claims of the ' '407 patents are invalid for failing to comply with the written description requirement of 35 U.S.C. § 112. Though written description issues are a question of fact, they may be determined as a matter of law when there are no underlying fact disputes. Sage further asserts that certain claim elements of the Asserted Claims of the '407 patent also fail to satisfy the definiteness requirements under 35 U.S.C. § 112, both of which are legal inquiries with underlying fact disputes.

### 2.   Legal Standards

*Written Description Requirement.* 35 U.S.C. § 112 requires that "[t]he specification shall contain a written description of the invention." To adequately disclose an invention, the patent

must include a written description that "conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed Cir. 2010). To satisfy this requirement, a patent specification must describe the invention "sufficiently to convey to a person of skill in the art that the patentee had possession of the claimed invention at the time of the application, i.e., that the patentee invented what is claimed." *LizardTech, Inc.* v. *Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005); *Vas–Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1562-64 (Fed. Cir. 1991) (a patent applicant must "convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention. The invention is, for purposes of the 'written description' inquiry, whatever is now claimed."). "The purpose of the written description requirement is to ensure that the scope of the right to exclude, as set forth in the claims, does not overreach the scope of the inventor's contribution to the field of art as described in the patent specification." *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1319 (Fed. Cir. 2011) (quoting *Reiffin v. Microsoft Corp.*, 214 F.3d 1342, 1345 (Fed. Cir. 2000)).

Whether a patent claim satisfies the written description requirement is a question of fact. *Ariad Pharm.*, 598 F.3d at 1351. In determining whether a specification contains an adequate written description, "one must make an 'objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art.'" *Boston Sci. Corp.* v. *Johnson & Johnson*, 647 F.3d 1353, 1366 (Fed. Cir. 2011) (citing *Ariad*, 598 F.3d at 1351). In particular, the written description must "clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed." *Ariad*, 598 F.3d at 1351 (citation omitted)). "A broad claim is invalid [for lack of adequate written description] when the entirety of the specification clearly indicates that the invention is of a much narrower scope." *Carnegie Mellon Univ.* v. *Hoffmann-La*

*Roche Inc.*, 541 F.3d 1115, 1127 (Fed. Cir. 2008).

A patent may fail to satisfy the written description requirement where the specification repeatedly and only describes an invention with a particular feature and the patentee omits that feature from the claims. *See, e.g.*, *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1479-80 (Fed. Cir. 1998); *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1377-79 (Fed. Cir. 2009) (affirming summary judgment of invalidity under §112 where specification only described medical valves with spikes yet claims eliminated "spike" element to cover medical valves generically); *Lizardtech*, 424 F.3d at 1343-46 (affirming summary judgment of invalidity where claim covered "all ways" of creating a seamless array but "[t]he specification provides only a single way" and "[t]here is no evidence that the specification contemplates a more generic way"). Moreover, claims may not "merely recite a description of the problem to be solved while claiming all solutions to it." *Ariad Pharm.*, 598 F.3d at 1350, 1353.

**Indefiniteness.** Definiteness is a question of law based on underlying fact determinations. *Green Edge Enters., LLC* v. *Rubber Mulch Etc., LLC*, 620 F.3d 1287, 1299 (Fed. Cir. 2010). "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc.* v. *Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014).

"In assessing definiteness, claims are to be read [by a person of ordinary skill] in light of the patent's specification and prosecution history." *Id*. at 908. "Definiteness is measured from the viewpoint of a person skilled in [the] art at the time the patent was filed." *Id.* (internal citations omitted). Consequently, to be valid under the definiteness requirement, "the claims, when read in light of the specification and the prosecution history, must provide objective boundaries" such that

those skilled in the art are informed about the scope of the invention with "reasonable certainty." *See Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014).

"In some instances, use of functional language can fail to provide a clear-cut indication of the scope of subject matter embraced by the claim and thus can be indefinite." *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1255 (Fed. Cir. 2008) (quotations omitted). "A vice of functional claiming occurs 'when the inventor is painstaking when he recites what has already been seen, and then uses conveniently functional language at the exact point of novelty.'" *Id.* (quotations omitted) (holding claim reciting "fragile gel" to be indefinite where "it is ambiguous as to the requisite degree of the fragileness of the gel").

A patent claim may be indefinite when a claim term lacks antecedent basis. A claim is indefinite "it does not have proper antecedent basis, such basis is not otherwise present by implication, [and] the meaning is not reasonably ascertainable." *Halliburton Energy Servs. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008).

## III.    UNENFORCEABILITY OF THE '376, '989, AND '407 PATENTS (TO BE DECIDED BY COURT)

### A.  Unenforceability Due to Waiver, Equitable Estoppel, Unclean Hands, and Acquiescence (To Be Decided By the Court)

The issues of waiver, equitable estoppel, acquiescence, and unclean hands are equitable matters for the Court. Sage asserts that the '376, '989, and '407 patents are unenforceable due to equitable estoppel and unclean hands because of the actions and inactions of PureWick. Sage has suffered prejudice as a result of PureWick's actions and inactions. Sage would be materially prejudiced if PureWick was permitted to proceed with its charge of infringement.

Waiver can occur when the patentee's conduct is "inconsistent with an intent to enforce its rights as to induce a reasonable belief that such right has been relinquished." *Core Wireless Licensing S.A.R.L. v. Apple Inc*., 899 F.3d 1356, 1365 (Fed. Cir. 2018). "Waiver can be inferred

from conduct or silence." *Arctic Cat*, 2001 WL 1628634, at *3 (denying motion to dismiss waiver counterclaim); *see also Mars, Inc. v. TruRX LLC*, Case No. 6:13-CV-526, 2016 WL 4055676, at *2 (E.D. Tex. April 29, 2016).

It is also well-established that "intentionally misleading silence" can serve as the basis for estoppel without a communication. *See, e.g.*, *Aukerman*, 960 F.2d at 1043. As one court noted, "[a] patentee who, with knowledge of the alleged infringing activity, does nothing over a period of years other than mislead a purported infringer . . . to believe that there was and is no problem, lying in wait . . . has engaged in affirmatively misleading silence of the worse order." *Stryker Corp. v. Zimmer, Inc.*, 741 F. Supp. 509, 514-15 (D.N.J. 1990). Moreover, there is no requirement of knowledge of the patent. *See Hynix Semiconductor Inc. v. Rambus*, No. 00-20905, 2006 WL 1867724, at *3 (N.D. Cal. July 6, 2006) (knowledge would "defeat the purpose of the protection provided by equitable estoppel"). "Where equitable estoppel is established, all relief on a claim may be barred." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992) (*en banc*).

"A party raising equitable estoppel as a defense must prove, by a preponderance of the evidence, three elements: '(1) The [patentee], who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. (2) The [accused infringer] relies upon that communication. (3) And the [accused infringer] would be harmed materially if the [patentee] is later permitted to assert any claim inconsistent with his earlier conduct.'" *Vanderlande Indus. Nederland BV v. I.T.C.*, 366 F.3d 1311, 1324 (Fed. Cir. 2004) (quoting *A.C. Aukerman Co*. 960 F.2d at 1041). *A.C. Aukerman*, 960 F.2d at 1045; *see also Hynix*, 2006 WL 1867724, at *3 ("Equitable estoppel is an equitable remedy. . . . An absolute requirement that an infringer have knowledge of the patent and patentee regardless of the underlying factual

situation would in some cases defeat the purpose of the protection provided by equitable estoppel.").

"Unclean hands" is an equitable defense that is tried to the Court, not the jury. *See Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.,* 324 U.S. 806 (1945). The party asserting an unclean hands has the burden of proving the defense by clear and convincing evidence. *See, e.g.*, *Schnadig Corp. v. Gaines Mfg. Co.,* 494 F.2d 383, 392 (6th Cir. 1974); *In re Omeprazole Patent Litig.*, 483 F.3d 1364, 1374 (Fed. Cir. 2007). "[A] determination of unclean hands may be reached when 'misconduct' of a party seeking relief 'has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation,' i.e., 'for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court.'" *Gilead Scis., Inc. v. Merck & Co.*, 888 F.3d 1231, 1239 (Fed. Cir. 2018) (quoting *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1993)) (affirming judgment holding patents unenforceable due to unclean hands resulting from pre-litigation business misconduct and litigation misconduct). "In a patent case, the misconduct should 'bear upon the validity of the patent or defendant's infringement of the patent for the unclean hands defense to be available.'" *National Presto Indus., Inc. v. Black & Decker (U.S.), Inc.*, 760 F. Supp. 699, 720 (N.D. Ill. 1991) (citation omitted).

"Acquiescence" can be shown through statements or conduct from which consent or permission can be implied. *See, e.g.*, *Klaassen v. Allegro Dev. Corp.*, 106 A.3d 1035, 1047 (Del. 2014) (outlining elements of acquiescence including "acts in a manner inconsistent with the subsequent repudiation . . ."); *Weyerhaeuser Co. v. Domtar Corp.*, 204 F. Supp. 3d 731, 740, 743-45 (D. Del. 2016) (granting summary judgment of acquiescence and waiver in favor of defendant where plaintiff took a course of action inconsistent with the rights it was currently asserting against

defendant.) *cf.*, *Maung Ng We v. Merrill Lynch*, No. 99-9687, 2000 WL 1159835, at *8 (S.D.N.Y. Aug. 14, 2000) ("'Acquiesce' means to 'give an implied consent to a transaction, to the accrual of a right, or to any act, by one's mere silence, or without express assent or acknowledgment,'" citing Black's Law Dictionary (1990).)

## IV.     DAMAGES FOR PATENT INFRINGEMENT

### A.     Issues

Assuming liability is found, PureWick must show the amount of damages to which it is entitled (after the date of notice pursuant to 35 U.S.C. § 287) to compensate for alleged infringement of the '376, '989, and '407 patents attributable to the patented invention.

Here, PureWick does not seek damages prior to August 12, 2019 (the date of lawsuit filing) for the '376 patent and August 27, 2019 (the date of issuance for the '989 patent) because PureWick did not mark products covered by the '376 and '989 patents prior to that time.

For the '376 and '989 patents, PureWick seeks lost profits on sales of the PrimaFit products. The availability of lost profits is a question of law. An issue here is whether PureWick can establish the absence of acceptable, non-infringing alternatives, whether PureWick can prove demand for its PureWick product, whether PureWick can prove the amount of lost profit damages for sales of the PrimaFit products, and whether PureWick appropriately apportioned its lost profits claim.  As explained in other documents, the PrimaFit 2.0 is no longer at issue as noninfringing alternative in this lawsuit given the time constraints here and the other pending lawsuit.  For any PrimaFit sales for which lost profits are not awarded, PureWick seeks a reasonable royalty.

PureWick alternatively seeks a reasonable royalty for PrimaFit. Although reasonable royalty is a fact question, there are several legal issues involved in the damages analysis as set forth, e.g., in Sage's *Daubert* motion, which was granted as to PureWick's damages expert.

For the '407 patent, PureWick does not seek damages prior to January 2020 (the date of

first sale of the PrimoFit product).  PureWick seeks a reasonable royalty for the PrimoFit product.

As discussed above, a reasonable royalty is a fact question.


**B.     Legal Standards**

**1.     Notice Under 35 U.S.C. § 287 And Limitations On Damages**

35 U.S.C. § 287(a) provides that "a patentee is entitled to damages from the time when it either began marking its product in compliance with section 287(a), constructive notice, or when it actually notified the accused infringer of its infringement, whichever was earlier." *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (citation omitted). PureWick does not assert that it marked covered products with the '376 patent prior to the filing of this lawsuit.

Allegedly infringing products sold before a patentee marks their product, or otherwise provided notice of its patent by filing of a lawsuit, are authorized sales that are "sold free of liability for infringement." *Fonar Corp. v. General Elec. Co.*, 107 F.3d 1543, 1555 (Fed. Cir. 1997); *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 522 (Fed. Cir. 2012). "[P]ost-notice use of a product sold under circumstances that do not subject the seller to liability does not constitute direct infringement." *Tesco Corp. v. Weatherford Int'l Inc.*, 722 F. Supp. 2d 755, 776 (S.D. Tex. 2010); *Leapfrog Enter. v. Fisher-Price*, No. 03-CV-927-GMS, 2005 WL 1331216, *5 (D. Del. June 6, 2005) (continued use of a product sold pre-notice was not infringement "because the machine was sold under circumstances that did not subject its seller to damages"); *In re TransData, Inc. Smart Meters Patent Litigation*, No. 12-ML-2309, 2015 WL 5098310 (W.D. Okla. Aug. 28, 2015) (granting summary judgment of no damages on products sold before notice, rejecting argument that damages may be recovered based on continued use after notice). Whether the patentee provided notice of the patent is a question for the jury. *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010).

### 2.     Damages Must Be Apportioned To The Patented Feature

A patentee is generally entitled to "those damages attributable to the infringing features." *Virnetx, Inc. v. Cisco Systems, Inc.*, 767 F.3d 1308, 1326 (Fed. Cir. 2014); *see also Power Integrations v. Fairchild Semiconductor*, 904 F.3d 965, 977 (Fed. Cir. 2018) ("A patentee is only entitled to a reasonable royalty attributable to the infringing features."). "When the accused infringing products have both patented and unpatented features, measuring [damages] requires a determination of the value added by such features. Indeed, apportionment is required even for non-royalty forms of damages." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014). Proper apportionment is a question of fact for the jury. *Yodlee, Inc. v. Plaid Technologies Inc.*, 2017 WL 466358, at *2 (D. Del. Jan. 27, 2017)

When a patent claim recites conventional features of a device along with patented features, "the patent owner must apportion or separate the damages between the patented improvement and the conventional components of the multicomponent product…. This ensures that [patentee] is compensated for the patented improvement… rather than the entire [device]…. [W]hen a patent covers the infringing product as a whole, and the claims recite both conventional elements and unconventional elements, the court must determine how to account for the relative value of the patentee's invention in comparison to the value of the conventional elements recited in the claim, standing alone." *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018).

### 3.     Lost Profits

The availability of lost profits damages under 35 U.S.C. § 284 is a question of law. *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1544 (Fed. Cir. 1995) (*en banc*). "To recover lost profits, the patentee bears the burden of proof to show a reasonable probability that, 'but for' infringement, it would have made the sales that were made by the infringer." *Presidio Components,*

*Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1380 (Fed. Cir. 2017); *see also BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d 1214, 1218 (Fed. Cir. 1993) ("An award of lost profits may not be speculative. Rather the patent owner must show a reasonable probability that, absent the infringement, it would have made the infringer's sales.").

In general, under the *Panduit* test, a patent owner must prove causation in fact by showing the so-called *Panduit* factors: "(1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of the profit [the patent owner] would have made." *Rite-Hite Corp.,* 56 F.3d at 1545. The "but for" test requires the patentee to establish "an absence of acceptable, noninfringing alternatives" by proving "that the potential alternative was not acceptable to potential customers or was not available at the time." *Presidio*, 875 F.3d at 1380; *Grain Processing Corp.* v. *Am. Maize-Prod. Co.*, 185 F.3d 1341, 1352-53 (Fed. Cir. 1999) ("[M]arket sales of an acceptable noninfringing substitute often suffice alone to defeat a case for lost profits").

"[I]f there is a noninfringing alternative which any given purchaser would have found acceptable and bought, then the patentee cannot obtain lost profits for that particular sale." *Mentor Graphics Corp.* v. *EVE-USA, Inc.*, 851 F.3d 1275, 1286 (Fed. Cir. 2017). "For example, if the customer would have bought the infringing product without the patented feature or with a different, non-infringing alternative to the patented feature, then the patentee cannot establish entitlement to lost profits for that particular sale. And this determination is made on a customer-by-customer basis." *Id.* For acceptability, the "correct inquiry...is whether a non-infringing alternative would be acceptable compared to the patent owner's product, not whether it is a substitute for the infringing product." *Presidio*, 875 F.3d at 1380. Even if there is a two supplier market, courts must still consider whether there is "another available, noninfringing substitute" because "customers

32

may have selected the infringer's available, noninfringing alternative over the patented invention." *Micro Chem., Inc. v. Lextron*, 318 F.3d 1119, 1125 (Fed. Cir. 2003).

### 4.      Reasonable Royalty

"A patentee is entitled to no less than a reasonable royalty on an infringer's sales for which the patentee has not established entitlement to lost profits." *Rite-Hite*, 56 F.3d at 1554. In determining a reasonable royalty, "the trial court must carefully tie proof of damages to the claimed invention's footprint in the market place" *ResQNet.com, Inc.* v. *Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010). "Any evidence unrelated to the claimed invention does not support compensation for infringement but punishes beyond the reach of the statute." *Id.*

The amount of damages based on a reasonable royalty rate is an issue of fact for the jury. *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1394 (Fed. Cir. 2003). "The burden of proving damages falls on the patentee." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). Any evidence offered to support a reasonable royalty "must be tied to the relevant facts and circumstances of the particular case at issue and the hypothetical negotiations that would have taken place in light of those facts and circumstances at the relevant time." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, at 1318 (Fed. Cir. 2011) (finding that an expert's "use of the 25% rule of thumb ... was arbitrary, unreliable, and irrelevant" and "fails to pass muster under Daubert"); *see also Garretson* v. *Clark*, 111 U.S. 120, 121 (1884) ("[T]he patentee ... must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features, and such evidence must be reliable and tangible, not conjectural or speculative."); *VirnetX, Inc.* v. *Cisco Sys.*, 767 F.3d 1308, 1333 (Fed. Cir. 2014); *Uniloc USA, Inc.,* 632 F.3d at 1318 ("[A reasonable royalty] must be tied to the relevant facts and circumstances of the particular case at issue and the hypothetical negotiations that would have taken place in light of those facts and circumstances at the relevant

time."); *Robocast, Inc.* v. *Microsoft Corp.*, No. 10-1055-RGA, 2014 U.S. Dist. LEXIS 10745, at *9 (D. Del. Jan. 29, 2014) ("[I]n a world where damages must be tied to the facts of the case," generic damages theories are "non-starters."). The common approach to determining a reasonable royalty is to consider the outcome of a hypothetical arms-length negotiation between a willing licensor and licensee just before infringement began. *See Lucent Techs.,* 580 F.3d at 1324-25. In other words, the reasonable royalty is "the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began." *Id*. at 1324.

Courts consider a variety of factors in determining the reasonable royalty that the parties would have agreed to in the "hypothetical negotiation," outlined in *Georgia-Pacific Corp.* v. *United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). These include the following:

1. The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty.

2. The rates paid by the licensee for the use of other patents comparable to the patent in suit.

3. The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

4. The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

5. The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promotor.

6. The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

7. The duration of the patent and the term of the license.

8. The established profitability of the product made under the patent; its commercial success; and its current popularity.

9.      The utility and advantages of the patent property over the old modes of devices, if any, that had been used for working out similar results.

10.     The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

11.     The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.

12.     The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13.     The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14.     The opinion testimony of qualified experts.

15.     The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

*Georgia-Pacific*, 318 F. Supp. at 1120. Factor 15 of the *Georgia-Pacific* factors generally represents the hypothetical negotiation analysis as a whole and subsumes many of the other 14 factors. The Federal Circuit has approved the use of the *Georgia-Pacific* factors in numerous decisions. *See, e.g.*, *Minks* v. *Polaris Indus., Inc.*, 546 F.3d 1364, 1372 (Fed. Cir. 2008).

PureWick alleges an ongoing royalty is appropriate under certain circumstances. The Court may "exercise its discretion to conclude that no forward-looking relief is appropriate in the circumstances." *Whitserve, LLC v. Computer Packages, Inc.*, 694 F. 3d 10, 18 (Fed. Cir. 2012). Furthermore, "[i]f the district court determines that a permanent injunction is not warranted, the district court may, and is encouraged, to allow the parties to negotiate a license." *Telcordia*

35

*Technologies, Inc. v. Cisco Systems, Inc.,* 612 F.3d 1365, 1379 (Fed. Cir. 2010). The district court may step in to assess a reasonable royalty should the parties fail to come to an agreement. *Id.*

## V.   OTHER REMEDIES

### A.   Enhanced Damages Under 35 U.S.C. § 284 (To Be Decided By Court)

PureWick seeks enhanced damages under 35 U.S.C. § 284, in which "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. As the Supreme Court stated in *Halo*, awards of enhanced damages due to "willful misconduct" are "generally reserved for egregious cases of culpable behavior," for example, "the 'wanton and malicious pirate' who intentionally infringes another's patent - with no doubts about its validity or any notion of a defense - for no purpose other than to steal the patentee's business." *Halo*, 136 S. Ct. at 1932.

A finding of willful infringement does not require that damages be enhanced. *See Halo*, 136 S. Ct. at 1933 ("[N]one of this is to say that enhanced damages must follow a finding of egregious misconduct."); *WBIP, LLC* v. *Kohler Co.*, 829 F.3d 1317, 1341 n.13 (Fed. Cir. 2016) ("[T]his is not to say that a jury verdict of willful infringement ought to result in enhanced damages."). Rather, willfulness is one factor the Court may consider when deciding whether to exercise its discretion to award enhanced damages pursuant to 35 U.S.C. § 284. *See Halo,* 136 S. Ct. at 1931-1932 (Section 284 "contains no explicit limit or condition" on a district court's discretion except that enhanced damages are "reserved for egregious cases of culpable behavior").

The question for the Court to consider when deciding whether to enhance damages is whether the circumstances of the case present an "egregious case[] of culpable behavior." *See Halo*, 136 S. Ct. at 1932; *see also Trustees of Boston Univ.* v. *Everlight Elecs. Co.*, 212 F. Supp. 3d 254, 257 (D. Mass. 2016) ("[T]he touchstone for awarding enhanced damages after *Halo* is egregiousness."); *Sociedad Espanola de Electromedicina y Calidad, S.A.* v. *Blue Ridge X-Ray Co.*,

36

226 F. Supp. 3d 520, 531 (W.D.N.C. 2016) ("enhanced damages are designed to punish 'egregious infringement behavior' and should not be imposed in the run-of-the-mill case").

The *Read* court identified numerous factors that are relevant to the enhancement inquiry. 970 F.2d at 827. These factors include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was no infringed; (3) the infringer's behavior as a party to the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of the infringer's misconduct; (7) the infringer's remedial action; (8) the infringer's motivation for harm; and (9) whether the infringer tried to conceal its misconduct. *Id*. at 827.

## B.     Exceptional Case Under 35 U.S.C. § 285 Including Attorneys' Fees (To Be Decided By Court)

Sage asserts that the case is exceptional under 35 U.S.C. § 285 entitling them to attorneys' fees under 35 U.S.C. § 285.

35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position ... or the unreasonable manner in which the case was litigated," to be determined at the district court's discretion under the totality of the circumstances based on a preponderance of the evidence. *Octane Fitness, LLC* v. *ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756, 1758 (2014). Whether a case is exceptional cannot be determined unless there is final judgment substantially favoring one party and thus is not appropriate for review until after the entirety of the case is complete including Sage's case. *See, e.g.*, *DH Tech., Inc. v. Synergystex Int'l, Inc.*, 154 F.3d 1333, 1344 (Fed. Cir. 1998) ("Because the case is not yet complete, any analysis of exceptional case status would be premature."); *Shum*

*v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, 'prevailing party' to receive any costs award"); *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, No. 1:13CV0740 (AJT/TCB), 2015 WL 7283108, at *2 (E.D. Va. Nov. 17, 2015) ("There can be, however, only one 'prevailing party,' even in cases involving mixed judgments").

### C.   Permanent Injunction (To Be Decided By Court)

PureWick seeks to permanently enjoin the Sage from continuing to make, use, sell, offer for sale, import, or distribute the accused products.

To obtain a permanent injunction, a patent holder must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "An injunction should not be granted lightly . . . because it is a 'drastic and extraordinary remedy.'" *Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, C.A. No. 11-484-RGA, 2014 WL 4695765, at *3 (D. Del. Sept. 12, 2014) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)). "Indeed, if the plaintiff's injury can be adequately redressed with a less severe remedy, 'recourse to the additional and extraordinary relief of an injunction' is not warranted." *Id.* (quoting *Monsanto*, 561 U.S. at 166); *see also id.* at *14 (denying request for injunctive relief despite three of the four *eBay* factors weighing in favor of an injunction, finding that "the final three factors do not outweigh the absence of irreparable harm"). Likewise, a patentee's general "assertion that the public interest favors a strong patent system . . . is insufficient to compel an injunction." *XpertUniverse, Inc. v. Cisco Sys., Inc.*, C.A. No. 09-157-RGA, 2013 WL 6118447, at *13 (D. Del. Nov. 20, 2013) (citing *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1341 (Fed. Cir. 2012)).

# SCHEDULE D1

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 1 | U.S. Patent No. 8,287,508 | 10/16/2012 | PUREWICK 0001877 | PUREWICK 0001883 | | |
| 2 | U.S. Patent No. 10,226,376 | 3/12/2019 | PUREWICK 0001884 | PUREWICK 0001940 | | |
| 3 | U.S. Patent No. 10,390,989 | 8/27/2019 | PUREWICK 0001941 | PUREWICK 0001982 | | |
| 4 | U.S. Patent No. 10,376,407 | 8/13/2019 | PUREWICK 0007220 | PUREWICK 0007226 | | |
| 5 | File History No. 10,226,376 - App. No. 15611587 | 3/12/2019 | PUREWICK 0000124 | PUREWICK 0000823 | | |
| 6 | File History No. 10,390,989 - App. No. 15260103 | 8/27/2019 | PUREWICK 0000824 | PUREWICK 0001876 | | |
| 7 | File History No. 10,376,407 - App. No. 15238427 | 8/13/2019 | PUREWICK 0007232 | PUREWICK 0007659 | | FRE 901, 801-802 |
| 8 | File History of App. No. 14/625,469 | 2/18/2015 | PUREWICK 0001983 | PUREWICK 0002111 | | FRE 901, 801-802 |
| 9 | File History of App. No. 61/955,537 | 3/19/2014 | PUREWICK 0002112 | PUREWICK 0002184 | | FRE 901, 801-802 |
| 10 | U.S. Patent Application Publication No. US2017/0348139 - 968 application | 12/7/2017 | PUREWICK 0007227 | PUREWICK 0007231 | | FRE 901, 801-802 |
| 11 | File History No. 8,287,508 - App. No. 12840475 | 10/16/2012 | PUREWICK 0000001 | PUREWICK 0000123 | | FRE 106, Incomplete |
| 12 | U.S. Patent Application Publication No. US2017/0252202 - 591 application | 9/7/2017 | PUREWICK 0013403 | PUREWICK 0013407 | | FRE 901, 801-802 |
| 13 | File History of App. No. 62/084,078 | 11/25/2014 | PUREWICK 0006789 | PUREWICK 0006853 | | FRE 901, 801-802 |
| 14 | File History of App. No. 15/171,968 | 6/2/2016 | PUREWICK 0004384 | PUREWICK 0006175 | | FRE 901, 801-802 |
| 15 | File History of App. No. 14/952,591 | 11/25/2015 | PUREWICK 0002442 | PUREWICK 0004383 | | FRE 901, 801-802 |
| 16 | File History of PCT/US2016/49274 | 8/26/2016 | PUREWICK 0002185 | PUREWICK 0002313 | | FRE 901, 801-802 |
| 17 | Email from K. Sexton to B. Blabas and R. Alvarez re Project Segue Recap | 11/29/2016 | SAGE 00026445 | SAGE 00026445 | Blabas Ex. 5 | FRE 401-402, 403, 801-802, 901, 106 |
| 18 | US Patent No. 8,287,508 | 10/16/2012 | SAGE00026553 | SAGE00026560 | Blabas Ex. 6 | Duplicative, FRE 401-402, 403, 901 |
| 19 | B. Blabas lab notebook of meetings, general notes and projects at Sage | 11/14/2016 | SAGE00026067 | SAGE00026138 | Blabas Ex. 7 | FRE 401-402, 403, 801-802, 901, 106 |
| 20 | Notes from B. Blabas re PureWick product and testing re same | 11/18/2016 | SAGE00026582 | SAGE00026588 | Blabas Ex. 8 | FRE 401-402, 403, 801-802, 901, 106 |
| 21 | Power presentation of Sage NPD Process: PrimaFit Product Launch | N/A | SAGE00033788 | SAGE00033788 | Blabas Ex. 9 | FRE 401-402, 403, 801-802, 901, 106 |
| 22 | Segue Prototyping - B. Blabas | N/A | SAGE00025072 | SAGE00025072 | Blabas Ex. 10 | FRE 401-402, 403, 801-802, 901, 106 |
| 23 | B. Blabas notes of testing PureWick products with Ryan Alvarez | N/A | SAGE00026449 | SAGE00026453 | Blabas Ex. 11 | FRE 401-402, 403, 801-802, 901, 106 |
| 24 | Project Segue Design Review for Field Evaluations - B. Blabas | 7/18/2017 | SAGE00025099 | SAGE00025100 | Blabas Ex. 12 | FRE 401-402, 403, 801-802, 901, 106 |
| 25 | B. Blabas lab notebook reagrding project Segue | N/A | SAGE00026372 | SAGE00026413 | Blabas Ex. 13 | FRE 401-402, 403, 801-802, 901, 106 |
| 26 | B. Blabas lab notebook reagrding project Segue | N/A | SAGE00026139 | SAGE00026201 | Blabas Ex. 14 | FRE 401-402, 403, 801-802, 901, 106 |
| 27 | Project Charter for ███████ | 10/15/2019 | SAGE00034065 | SAGE00034067 | Blabas Ex. 15; Sexton Ex. 72 | FRE 401-402, 403, 801-802, 901, 106 |
| 28 | PrimaFit schematic | 7/31/2017 | SAGE00028150 | SAGE00028152 | Blabas Ex. 16 | FRE 401-402, 403, FRE 801-802, 901 |
| 29 | Project Segue Manufacturing presentation by B. Blabas | 8/3/2017 | SAGE00024614 | SAGE00024614 | Blabas Ex. 17 | FRE 401-402, 403, 801-802, 901, 106 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 30 | Sage Products - SDCU Standard Operating Procedure - PrimaFit (UM1) operating procedure | 12/2/2019 | SAGE00000478 | SAGE00000487 | Blabas Ex. 18 | FRE 401-402, 403, 801-802, 901, 106 |
| 31 | Sage Schematic of Sage Female External Urine Collection Device | 10/18/2017 | SAGE00000149 | SAGE00000151 | Blabas Ex. 19 | FRE 401-402, 403, FRE 801-802, 901 |
| 32 | Sage Material Specification Doc. No. R60006-Spec | 10/12/2017 | SAGE00000241 | SAGE00000241 | Blabas Ex. 20 | FRE 401-402, 403, FRE 801-802, 901, 106 |
| 33 | PrimaFit External Urine Management System for females sample (5400) | N/A | SAGE00040003 | SAGE00040003 | Blabas Ex. 21 | FRE 901 |
| 34 | Sage PrimaFit External Urine Management System for Females instructions for use | N/A | N/A | N/A | Blabas Ex. 23 | FRE 401-402, 403, 801-802, 901 |
| 35 | Email from K. Buckstaff to G. Ward, et al., re Sage Urinary Managament System | 10/23/2017 | SAGE00037788 | SAGE00037789 | Paskal Ex. 25 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 36 | Stryker 2021 Urinary Management Annual Marketing Plan | N/A | SAGE00040693 | SAGE00040729 | Paskal Ex. 26 | FRE 401-402, 403, 801-802,602, 901 |
| 37 | Sage Urine Management System - Launch Guide October 2017 | 10/00/2017 | SAGE00025676 | SAGE00025676 | Paskal Ex. 27 | FRE 401-402, 403, 801-802, 602, 901 |
| 38 | Sage customer/hospital trials | N/A | SAGE00025688 | SAGE00025688 | Paskal Ex. 28 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 39 | Stryker  - Sage Female ECD Sell Test Account Management | 9/5/2017 | SAGE00027300 | SAGE00027301 | Paskal Ex. 29 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 40 | Email from K. Haefner to K. Shamblin, et al. re Adventist Female Cathetor Trials | 10/5/2017 | SAGE00037614 | SAGE00037615 | Paskal Ex. 30 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 41 | Stryker - 2020 NASM PrimaFit Workshop presentation | N/A | SAGE00039889 | SAGE00039889 | Paskal Ex. 31 | FRE 401-402, 403, 801-802, 602, 901 |
| 42 | Partial outline of a presentation regarding product information and basic understading of the device | N/A | SAGE00025671 | SAGE00025675 | Paskal Ex. 32 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 43 | Email from K. Paskal re 2021 PrimaFit revenue | 10/20/2020 | SAGE00040648 | SAGE00040648 | Paskal Ex. 33 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 44 | ▓▓▓▓ internal presentation | N/A | SAGE00040769 | SAGE00040772 | Paskal Ex. 34 | FRE 401-402, 403, 801-802, 901, D-Collins |
| 45 | Email from K. Paskal to A. Beatie re ▓▓▓ sales bump | 10/25/2019 | SAGE00039745 | SAGE00039746 | Paskal Ex. 35 | FRE 401-402, 403, 801-802, 602, 901, D-Collins |
| 46 | ▓▓▓ Summary including financial metrics | N/A | SAGE00040419 | SAGE00040419 | Paskal Ex. 36 | FRE 401-402, 403, 801-802, 602, 901, D-Collins |
| 47 | Excel of  MKT projections from 2018 thru 2022 | 11/29/2018 | SAGE00027583 | SAGE00027583 | Paskal Ex. 37 | FRE 401-402, 403, 801-802, 602, 901 |
| 48 | Market projections for PrimaFit | 1/8/2019 | N/A | N/A | Paskal Ex. 38 | FRE 401-402, 403, 801-802, 602, 901, NP |
| 49 | Excel of ▓▓▓ showing demand | 5/1/2020 | SAGE00027671 | SAGE00027671 | Paskal Ex. 39 | FRE 401-402, 403, 801-802, 602, 901, D-Collins |
| 50 | Excel of PureWick Sales Model | N/A | SAGE00028298 | SAGE00028298 | Paskal Ex. 40 | FRE 401-402, 403, 801-802, 602, 901 |
| 51 | Email from D. Cervenka to K. Gundlach, et al. re Female External Catherer PrimaFit 5400SP | 2/20/2019 | SAGE00039208 | SAGE00039209 | Paskal Ex. 46 | FRE 401-402, 403, 801-802, 602, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 52 | Email from K. Buckstaff to D. Cervenka to External Female Catherer - Implemenation Planning | 11/19/2020 | SAGE00040788 | SAGE00040791 | Paskal Ex. 47 | FRE 401-402, 403, 801-802, 602, 901 |
| 53 | PrimaFit Trial Summary Results | N/A | SAGE00039775 | SAGE00039775 | Paskal Ex. 48 | FRE 401-402, 403, 801-802, 602, 901 |
| 54 | Stryker - PrimoFit Post Launch Summary review | 9/23/2020 | SAGE00032887 | SAGE00032887 | Paskal Ex. 49 | FRE 401-402, 403, 801-802, 602, 901 |
| 55 | Sage PrimoFit Commercialization Plan | N/A | SAGE00033392 | SAGE00033434 | Paskal Ex. 50 | FRE 401-402, 403, 801-802, 602, 901 |
| 56 | ▮▮▮▮▮ Project Summary (Financial Summary) | N/A | SAGE00040450 | SAGE00040462 | Paskal Ex. 51 | FRE 401-402, 403, 801-802, 602, 901 |
| 57 | PureWick San Diego Hospital Experiences | N/A | SAGE00023796 | SAGE00023797 | Sexton Ex. 55 | FRE 401-402, 403, 801-802, 602, 901 |
| 58 | List of hospitals that purchased PureWick wicks | N/A | SAGE00028291 | SAGE00028291 | Sexton Ex. 56 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 59 | PureWick Steps to Successful Hospital Implementation | N/A | SAGE00028896 | SAGE00028897 | Sexton Ex. 57 | FRE 401-402, 403, 801-802, 602, 901 |
| 60 | PureWick Management presentation | N/A | SAGE00028915 | SAGE00028945 | Sexton Ex. 58 | FRE 401-402, 403, 801-802, 602, 901 |
| 61 | PureWick Trial of product to undertand the caregiver and patient usage, and overall acceptance to its protocol. | 8/23/2016 | SAGE00023798 | SAGE00023798 | Sexton Ex. 59 | FRE 401-402, 403, 801-802, 602, 901 |
| 62 | Field Evaluation data for Project Segue | 3/27/2017 | SAGE00023810 | SAGE00023810 | Sexton Ex. 61 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 63 | Email from T. Boersma to K. Sexton, et al., re Project candle - Segway | 7/12/2017 | SAGE00035249 | SAGE00035258 | Sexton Ex. 62 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 64 | Bard PureWick External Female Catherer Trial 2017 Product Evaluation | N/A | SAGE00035536 | SAGE00035537 | Sexton Ex. 63; Alexander Ex. 19 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 65 | Project Segue Launch Meeting | 9/27/2017 | SAGE00023981 | SAGE00023981 | Sexton Ex. 64 | FRE 401-402, 403, 801-802, 901 |
| 66 | Sage Female ECD Sell Test Plan - To determine positioning and price point for Sage Female ECD | N/A | SAGE00023973 | SAGE00023973 | Sexton Ex. 65 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 67 | Sage Female External Collection Device - Sale and Marketing Primer Binder | 02/00/2018 | SAGE00023974 | SAGE00023974 | Sexton Ex. 66 | FRE 401-402, 403, 801-802, 602, 901 |
| 68 | SLT Meeting PrimaFit Status Update | 7/16/2018 | SAGE00028998 | SAGE00028998 | Sexton Ex. 69; Thompson Ex. 11 | FRE 401-402, 403, 801-802, 602, 901 |
| 69 | Sage Product Line Market Shares with GHX Data | 3/18/2019 | SAGE00029393 | SAGE00029491 | Sexton Ex. 70 | FRE 401-402, 403, 801-802, 602, 901 |
| 70 | Market Inclusion List: PrimaFit® in 2019. Source: GHX market share intelligence trending report. | 7/15/2019 | SAGE00029704 | SAGE00029704 | Sexton Ex. 71 | FRE 401-402, 403, 801-802, 602, 901 |
| 71 | Stryker - ▮▮▮▮▮ project team update/presentation | N/A | SAGE00037128 | SAGE00037136 | Sexton Ex. 73 | FRE 401-402, 403, 801-802, 602, 901 |
| 72 | Sage ▮▮▮▮▮ schematic | 3/5/2020 | SAGE00034755 | SAGE00034761 | Sexton Ex. 74 | FRE 401-402, 403, 801-802, 602, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 73 | Stryker - NPD Project Pitch -Primo | 12/10/2020 | SAGE00030770 | SAGE00030781 | Sexton Ex. 75 | FRE 401-402, 403, 801-802, 602, 901 |
| 74 | PrimoFit Commercialization Plan presentation | N/A | SAGE00028963 | SAGE00028963 | Sexton Ex. 76 | FRE 401-402, 403, 801-802, 602, 901 |
| 75 | Stryker  - Project PrimoFit Executive Summary | N/A | SAGE00031466 | SAGE00031471 | Ecklund Ex. 84 | FRE 401-402, 403, 801-802, 602, 901 |
| 76 | Stryker - PrimoFit Design Freeze | 12/10/2020 | SAGE00031552 | SAGE00031564 | Ecklund Ex. 85 | FRE 401-402, 403, 801-802, 602, 901 |
| 77 | Email from K. Vlasak to E. Jozwiak and B. Ecklund re Asking Advise…Stryker's Male (and Female) External Catheter | 5/25/2018 | SAGE00034276 | SAGE00034276 | Ecklund Ex. 86 | FRE 401-402, 403, 801-802, 602, 901 |
| 78 | Email from B. Ecklund to D. Hernandez re Pictures with attachment Male External Catheter Pictures | 10/15/2019 | SAGE00034462 | SAGE00034462 | Ecklund Ex. 87 | FRE 401-402, 403, 801-802, 901 |
| 79 | Photograph of protoytpe | N/A | SAGE00034463 | SAGE00034463 | Ecklund Ex. 88 | FRE 401-402, 403, 901 |
| 80 | Photograph of protoytpe | N/A | SAGE00034464 | SAGE00034464 | Ecklund Ex. 89 | FRE 401-402, 403, 901 |
| 81 | Photograph of protoytpe | N/A | SAGE00034465 | SAGE00034465 | Ecklund Ex. 90 | FRE 401-402, 403, 901 |
| 82 | Photograph of protoytpe | N/A | SAGE00034466 | SAGE00034466 | Ecklund Ex. 91 | FRE 401-402, 403, 901 |
| 83 | Photograph of protoytpe | N/A | SAGE00034467 | SAGE00034467 | Ecklund Ex. 92 | FRE 401-402, 403, 901 |
| 84 | Photograph of protoytpe | N/A | SAGE00034468 | SAGE00034468 | Ecklund Ex. 93 | FRE 401-402, 403, 901 |
| 85 | Photograph of protoytpe | N/A | SAGE00034469 | SAGE00034469 | Ecklund Ex. 94 | FRE 401-402, 403, 901 |
| 86 | Photograph of protoytpe | N/A | SAGE00034470 | SAGE00034470 | Ecklund Ex. 95 | FRE 401-402, 403, 901 |
| 87 | Photograph of protoytpe | N/A | SAGE00034471 | SAGE00034471 | Ecklund Ex. 96 | FRE 401-402, 403, 901 |
| 88 | Quick Change Male Inconvenience Wraps - Usage Instructions | N/A | SAGE00034407 | SAGE00034408 | Ecklund Ex. 97 | FRE 401-402, 403, 801-802, 901 |
| 89 | Male Urinary Pouch External Collection Device Continence Care Tips | N/A | SAGE00034409 | SAGE00034410 | Ecklund Ex. 98 | FRE 401-402, 403, 801-802, 901 |
| 90 | Men's Liberty Instructions for Use | N/A | SAGE00034411 | SAGE00034412 | Ecklund Ex. 99 | FRE 401-402, 403, 801-802, 901 |
| 91 | Email from K. Paskal to B. Ecklund, et al. re Supplies of NASM | 1/10/2020 | SAGE00034706 | SAGE00034707 | Ecklund Ex. 100 | FRE 401-402, 403, 801-802, 901 |
| 92 | Email from K. Paskal to K. Sexton and F. Plank re Competitive samples | 1/10/2020 | SAGE00034708 | SAGE00034708 | Ecklund Ex. 101 | FRE 401-402, 403, 801-802, 901 |
| 93 | Email from K. Sexton to B. Ecklund re Medicine male external catheter | 10/26/2018 | SAGE00034327 | SAGE00034327 | Ecklund Ex. 102 | FRE 401-402, 403, 801-802, 901 |
| 94 | PrimaFit  NPD700-112 Rev. 003-Limited Launch Process-Non-Filing Justification Summary | N/A | SAGE00034419 | SAGE00034420 | Ecklund Ex. 103 | FRE 401-402, 403, 801-802, 602, 901 |
| 95 | Sage PrimoFit External urine management for the male anatomy literature | N/A | SAGE00021404 | SAGE00021404 | Ecklund Ex. 104; Sheldon Ex. 7 | FRE 401-402, 403, 801-802, 901 |
| 96 | Stryker  - Sage Portfolio Update | 4/19/2019 | SAGE00029014 | SAGE00029048 | Ecklund Ex. 105 | FRE 401-402, 403, 801-802, 602, 901 |
| 97 | Stryker - Jersey layer for 5404 schematic | 11/22/2019 | SAGE00021478 | SAGE00021478 | Ecklund Ex. 106 | FRE 401-402, 403, 801-802, 901 |
| 98 | Stryker - Microclimate Spun-Bond Layer for 5404 schematic | 11/22/2019 | SAGE00021479 | SAGE00021479 | Ecklund Ex. 107 | FRE 401-402, 403, 801-802, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---------|-------|------|----------------|---------------|---------------|------------|
| 99 | Stryker - Patient Film Layer for 5404 schematic | 11/22/2019 | SAGE00021471 | SAGE00021472 | Ecklund Ex. 108 | FRE 401-402, 403, 801-802, 901 |
| 100 | PrimoFit Subassembly schematic | 11/22/2019 | SAGE00021467 | SAGE00021468 | Ecklund Ex. 109 | FRE 401-402, 403, 801-802, 901 |
| 101 | Sage PrimoFit External Urine Management for the Male Anatomy Presentation | N/A | SAGE00021401 | SAGE00021401 | Ecklund Ex. 110 | FRE 401-402, 403, 801-802, 602, 901 |
| 102 | Excel of Sage Net Sales 12 Month History for Product Class 60 | N/A | SAGE00000488 | SAGE00000488 | Thompson Ex. 2 | FRE 801-802, 901 |
| 103 | Excel of Prima and Primo Lifetime Eaches by Account | 7/27/2020 | SAGE00027258 | SAGE00027258 | Thompson Ex. 3; Thompson Ex. | FRE 801-802, 901 |
| 104 | Excel of Sage Net Sales 12 Month History for Product Class 61 | N/A | SAGE00021490 | SAGE00021490 | Thompson Ex. 4 | FRE 801-802, 901 |
| 105 | Excel of PrimoFit and PrimaFit product Net Sales, Net Cases, and Standard | N/A | SAGE00043464 | SAGE00043464 | Thompson Ex. 6 | FRE 801-802, 901 |
| 106 | Stryker Product Cost Model | N/A | SAGE00033918 | SAGE00033918 | Thompson Ex. 7 | FRE 801-802, 901 |
| 107 | Sage Project Segue information | N/A | SAGE00029359 | SAGE00029391 | Thompson Ex. 10; Sexton Ex. | FRE 801-802, 901 |
| 108 | Stryker - Sage portfolio Update | 9/23/2019 | SAGE00036528 | SAGE00036590 | Thompson Ex. 12; Ulreich Ex. 4 | FRE 801-802, 901 |
| 109 | Excel associated with Sage costs for research of a new product | N/A | SAGE00029003 | SAGE00029003 | Thompson Ex. 13 | FRE 801-802, 901 |
| 110 | Excel of costs for different Sage projects | N/A | SAGE00036222 | SAGE00036222 | Thompson Ex. 14 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 111 | Capital Expenditure Request for ███████ | 5/18/2020 | SAGE00040435 | SAGE00040447 | Ulreich Ex. 2 | FRE 401-402, 403, 801-802, 901 |
| 112 | Email from S. Jirafe to D. Ulreich copying K. Sexton re ███████ Design and Marketing overviews | 4/9/2020 | SAGE00037157 | SAGE00037158 | Ulreich Ex. 3 | FRE 401-402, 403, 801-802, 602, 901 |
| 113 | Stryker - Sage Key Projects Review | 9/21/2020 | SAGE00034839 | SAGE00034917 | Ulreich Ex. 5 | FRE 401-402, 403, 801-802, 602, 901 |
| 114 | Stryker - Project Overview ███████ | 7/14/2019 | SAGE00030464 | SAGE00030464 | Ulreich Ex. 6 | FRE 401-402, 403, 801-802, 901 |
| 115 | ███████ Design Drawing | 7/10/2019 | SAGE00030403 | SAGE00030408 | Ulreich Ex. 7 | FRE 401-402, 403, 801-802, 901 |
| 116 | Stryker PrimaFit Design Drawing | 4/1/2019 | SAGE00000131 | SAGE00000134 | Ulreich Ex. 8 | FRE 401-402, 403, 801-802, 901 |
| 117 | Photo of ███████ components | N/A | SAGE00030410 | SAGE00030410 | Ulreich Ex. 9 | FRE 401-402, 403, 801-802, 901 |
| 118 | Photo of PrimaFit components | N/A | SAGE00030409 | SAGE00030409 | Ulreich Ex. 10 | FRE 401-402, 403, 801-802, 901 |
| 119 | Photo of front of ███████ | N/A | N/A | N/A | Ulreich Ex. 11 | FRE 401-402, 403, 801-802, 901, NP |
| 120 | Photo of back of ███████ | N/A | N/A | N/A | Ulreich Ex. 12 | FRE 401-402, 403, 801-802, 901, NP |
| 121 | Email from P. Polanco to D. Ulreich, et al. re ███████ New Product Code or Existing Product Code RA Perspective | 1/31/2020 | SAGE00037025 | SAGE00037026 | Ulreich Ex. 13 | FRE 401-402, 403, 801-802, 602, 901 |
| 122 | New Product Development Technical Report - ███████ Catch and Retention Testing | 7/15/2019 | SAGE00034072 | SAGE00034089 | Ulreich Ex. 14 | FRE 401-402, 403, 801-802, 901, D-Collins |
| 123 | Email from H. Fletcher to K. Sexton, D. Ulreich and P. White re Inova Fairfax ███████ trial | 12/17/2019 | SAGE00036921 | SAGE00036921 | Ulreich Ex. 15 | FRE 401-402, 403, 801-802, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 124 | Email from P. Polanco to D. Ulreich, et al. re ▇▇▇▇ conversation about biocompatability and temperature and humidity test | 6/19/2019 | SAGE00036204 | SAGE00036204 | Ulreich Ex. 16 | FRE 401-402, 403, 801-802, 901, D-Collins |
| 125 | Photo of Primo prototype 5 (Modified Dielectrics 1) | 9/25/2018 | SAGE00030643 | SAGE00030643 | Ulreich Ex. 17 | FRE 401-402, 403, 801-802, 901, 106 |
| 126 | Powerpoint presenation of leadership group | 09/00/2016 | N/A | N/A | Alexander Ex. 3 | FRE 401-402, 403, 801-802, 901, NP |
| 127 | Sage Products, Mutual Confidentiality Agreement between Sage Products, LLC and PureWick Inc. | 7/5/2016 | SAGE00028280 | SAGE00028282 | Alexander Ex. 4 | FRE 401-402, 403, 901, MIL-CDA |
| 128 | PureWick Inc. Cost Benefits information with Post-It note | N/A | SAGE00027147 | SAGE00027149 | Alexander Ex. 5 | FRE 401-402, 403, 801-802, 901 |
| 129 | Email from K. Sexton to G. Davis, et al. re PureWick | 6/17/2016 | SAGE00035166 | SAGE00035166 | Alexander Ex. 6; Bobay Ex. 2 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 130 | PureWick Acquisition Opportunity steps | 6/16/2016 | SAGE00026019 | SAGE00026019 | Alexander Ex. 7 | FRE 401-402, 403, 801-802, 602, 901 |
| 131 | Email from T. Keaty to J. Layer re Purewick | 7/6/2016 | SAGE00026037 | SAGE00026037 | Alexander Ex. 8 | FRE 401-402, 403, 801-802, 602, 901 |
| 132 | PureWick In-Person Meeting | 7/28/2016 | SAGE00025842 | SAGE00025843 | Alexander Ex. 9 | FRE 401-402, 403, 801-802, 602, 901 |
| 133 | Handwritten notes re PureWick call | 10/19/2016 | SAGE00026029 | SAGE00026029 | Alexander Ex. 10 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 134 | PureWick San Diego Hospital Experiences | N/A | SAGE00027131 | SAGE00027132 | Alexander Ex. 11 | Duplicative, FRE 401-402, 403, 801-802, 602, 901, 106 |
| 135 | Email from J. Layer to B. Sleboda, et al. re Project Candle Model | 10/18/2016 | SAGE00028590 | SAGE00028590 | Alexander Ex. 12 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 136 | Email from S. Talbot to J. Bobay, et al. re PureWick - materials for discussion of patent portfolio 9/21 with attachments | 9/19/2016 | SAGE00043475 | SAGE00043551 | Alexander Ex. 13 | FRE 401-402, 403, 801-802, 901 |
| 137 | US Patent No. 10,390,989 | 8/27/2019 | N/A | N/A | Alexander Ex. 14 | Duplicative |
| 138 | PureWick Patent Portfolio Urinary Drainage - Female | 9/13/2016 | SAGE00043551 | SAGE00043551 | Alexander Ex. 15 | FRE 401-402, 403, 801-802, 602, 901 |
| 139 | Stryker NPD Limited Launch Design Approval Form for project 85 | 8/20/2019 | SAGE00028163 | SAGE00028192 | Alexander Ex. 16 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 140 | Email from G. Davis to K. Sexton re Project Segue update | 1/17/2017 | SAGE00026657 | SAGE00026657 | Alexander Ex. 17 | FRE 401-402, 403, 801-802, 602, 901 |
| 141 | Sage PrimaFit NPD process timeline | N/A | SAGE00035988 | SAGE00035988 | Alexander Ex. 18 | FRE 401-402, 403, 801-802, 901 |
| 142 | Email from K. Sexton and R. Alvarez, et al. re Segue Project Weekly Update | 5/1/2017 | SAGE00026429 | SAGE00026429 | Alexander Ex. 20 | FRE 401-402, 403, 801-802, 602, 901 |
| 143 | Email from K. Sexton to J. Allen, et al. re IFU | 9/21/2017 | SAGE00027413 | SAGE00027414 | Alexander Ex. 21 | FRE 401-402, 403, 801-802, 602, 901 |
| 144 | Market Intelligence: Field Summary | 10/23/2018 | SAGE00033812 | SAGE00033813 | Alexander Ex. 22 | FRE 401-402, 403, 801-802, 602, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 145 | Email from M. Sotcan to K. Sexton re MetroHealth ▓▓▓▓▓ | 2/14/2020 | SAGE00037056 | SAGE00037056 | Alexander Ex. 23; Sexton Ex. 73 | FRE 401-402, 403, 801-802, 602, 901 |
| 146 | Sage's Initial Dislosures Pursuant to Fed. Civ. P. 26(A)(1) and Paragraph 3 of the Default Standard for Discovery | 2/10/2020 | N/A | N/A | Alexander Ex. 24 | FRE 401-402, 403 |
| 147 | Email from J. Bobay to C. Newton and H. Haynes re Mutual CA with attachment of Mutual Confidentiality Agreement between Sage Products, LLC | 7/6/2017 | PUREWICK_0063999 | PUREWICK_0064004 | Bobay Ex. 3 | FRE 401-402, 403, 801-802, 901 |
| 148 | Email from C. Newton to J. Bobay re: management presentation | 7/6/2016 | PUREWICK_0064153 | PUREWICK_0064154 | Bobay Ex. 4 | FRE 401-402, 403, 801-802, 901 |
| 149 | PureWick management presentation | N/A | PUREWICK_0064155 | PUREWICK_0064155 | Bobay Ex. 5 | Duplicative, FRE 401-402, 403, 801-802, 602, 901 |
| 150 | Email from C. Zbierski to J. Bobay and K. Sexton re Research questions | 7/20/2016 | SAGE00035197 | SAGE00035199 | Bobay Ex. 7 | FRE 401-402, 403, 801-802, 901 |
| 151 | Email from J. Bobay to D. Bolt re Financials follow-up | 7/29/2016 | PUREWICK_0063740 | PUREWICK_0063742 | Bobay Ex. 8 | FRE 401-402, 403, 801-802, 602, 901 |
| 152 | Email from J. Bobay to D. Bolt, et al. re PureWick External Female Catheter | 7/29/2016 | PUREWICK_0064060 | PUREWICK_0064062 | Bobay Ex. 9 | FRE 401-402, 403, 801-802, 602, 901 |
| 153 | Email from J. Bobay to C. Newton, et al. re Follow-Up Discussion | 6/8/2016 | PUREWICK_0063743 | PreWick_0063744 | Bobay Ex. 10 | FRE 401-402, 403, 801-802, 901 |
| 154 | Email from J. Bobay to M. Jackson and C. Newton re Due Diligence and Trials | 8/4/2016 | PUREWICK_0063734 | PUREWICK_0063737 | Bobay Ex. 11 | FRE 401-402, 403, 801-802, 901 |
| 155 | PureWick Field Work Plan by J. Bobay | 8/8/2016 | SAGE00028247 | SAGE00028248 | Bobay Ex. 12 | FRE 401-402, 403, 801-802, 901 |
| 156 | Email from J. Bobay to M. Jackson, et al. re Purewick | 8/26/2016 | PUREWICK_0064066 | PUREWICK_0064066 | Bobay Ex. 13 | FRE 401-402, 403, 801-802, 602, 901 |
| 157 | Email from M. Jackson to J. Bobay re PureWick Silicone Wick | 9/15/2016 | PUREWICK_0063879 | PUREWICK_0063880 | Bobay Ex. 14 | FRE 401-402, 403, 801-802, 602, 901 |
| 158 | Email from S. Talbot to J. Bobay, et al. re PureWick - materials for discussion of patent portfolio 9/21  2 PM CT | 9/19/2016 | PUREWICK_0063790 | PUREWICK_0063887 | Bobay Ex. 15 | FRE 401-402, 403, 801-802, 602, 901 |
| 159 | Email from M. Stankovic to J. Bobay re YTD/MTD sales by account with attachment  re Hospital Sales Excel | 9/21/2016 | PUREWICK_0019593 | PUREWICK_0019595 | Bobay Ex. 16 | FRE 401-402, 403, 801-802, 602, 901 |
| 160 | Excel sheet summarizing hospital product sales | N/A | PUREWICK_0019596 | PUREWICK_0019596 | Bobay Ex. 17 | FRE 401-402, 403, 801-802, 602, 901 |
| 161 | Email from M. Stankovic to J. Bobay re PureWick | 10/11/2016 | PUREWICK_0026669 | PUREWICK_0026672 | Bobay Ex. 18 | FRE 401-402, 403, 801-802, 602, 901 |
| 162 | Email from C. Terry to J. Bobay, et al. re Candle - Weekly Update | 10/14/2016 | SAGE00028569 | SAGE00028570 | Bobay Ex. 22 | FRE 401-402, 403, 801-802, 602, 901 |
| 163 | Email from B. Sleboda to J. Layer, et al. re Project Candel Model | 10/18/2016 | SAGE00028588 | SAGE00028588 | Bobay Ex. 23 | Duplicative, FRE 401-402, 403, 801-802, 602, 901 |
| 164 | Excel evaluation model of Project Candle | N/A | SAGE00028589 | SAGE00028589 | Bobay Ex. 24 | Duplicative, FRE 401-402, 403, 801-802, 602, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 165 | Email from J. Bobay to C. Newton re PureWick - Market pie chart | 10/27/2016 | PUREWICK_0064055 | PUREWICK_0064057 | Bobay Ex. 25 | FRE 401-402, 403, 801-802, 602, 901 |
| 166 | Email from J. Layer to J. Bobay re: Sales through November | 12/3/2016 | SAGE00028692 | SAGE00028693 | Bobay Ex. 26 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 167 | Email from J. Bobay to J. Layer re GP Indication of Interest | N/A | SAGE00025975 | SAGE00025977 | Bobay Ex. 27 | FRE 401-402, 403, 801-802, 602, 901 |
| 168 | Email from G. Davis to R. Alvarez, et al. re Project Segue update with hand written notes | 1/17/2017 | SAGE00027437 | SAGE00027437 | Bobay Ex. 28 | FRE 401-402, 403, 801-802, 602, 901 |
| 169 | Opening Expert Report of Dr. Edward Yun | 3/21/2021 | N/A | N/A | Thomas Ex. 2 | FRE 401-402, 403, 801-802, 702-703, 602, DB-Yun |
| 170 | Summary of monthly sales of PureWick products in hospitals | N/A | PUREWICK_0030212 | PUREWICK_0030212 | Zani Ex. 56 | FRE 401-402, 403, 602, 901, 106 |
| 171 | Excel of PureWick product sales | N/A | PUREWICK_0064470 | PUREWICK_0064470 | Zani Ex. 57 | FRE 401-402, 403, 602, 901, 106 |
| 172 | Excel of Act units - PureWick products | N/A | PUREWICK_0064471 | PUREWICK_0064471 | Zani Ex. 58 | FRE 401-402, 403, 602, 901, 106 |
| 173 | Excel of PureWick cost of the product codes | N/A | PUREWICK_0033347 | PUREWICK_0033347 | Zani Ex. 59 | FRE 401-402, 403, 602, 901, 106 |
| 174 | P&L Statement for PureWick for 2018 and 2017 | N/A | PUREWICK_0064463 | PureWick_0064463 | Zani Ex. 60 | FRE 401-402, 403, 602, 901, 106 |
| 175 | BMD Legal to Mgmt P&L Walkcross - P12, 2019, YTD (REDACTED) | 6/15/2020 | PUREWICK_0064464 | PUREWICK_0064465 | Zani Ex. 61 | FRE 401-402, 403, 602, 901, 106 |
| 176 | BMD Legal to Mgmt P&L Walkcross - P12, 2020, YTD (REDACTED) | 10/7/2020 | PUREWICK_0064466 | PUREWICK_0064467 | Zani Ex. 62 | FRE 401-402, 403, 602, 901, 106 |
| 177 | Project Candle Preliminary Management Discussion Pack | 01/00/2017 | PUREWICK_0017843 | PUREWICK_0017883 | Zani Ex. 63 | FRE 401-402, 403, 602, 901, 106 |
| 178 | Project Candle Voice of Customer Summary | N/A | PUREWICK_0051892 | PUREWICK_0051895 | Zani Ex. 67 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 179 | Due Diligence Report Project PureWick | 2/2/2017 | PUREWICK_0057447 | PUREWICK_0057458 | Zani Ex. 68; Gohde Ex. 150 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 180 | Bard - Memo from S. Skelton re Project Candle Market Research Summary | 8/6/2017 | PUREWICK_0027822 | PUREWICK_0027832 | Zani Ex. 70, D's Depo Ex. 70 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 181 | Email from N. Austerman to P. Zani, et al re PureWick NRL with attachments Compiled Purewick Latex Free Accounts and images. | 10/4/2018 | PUREWICK_0034364 | PUREWICK_0034365 | Zani Ex. 83 | FRE 401-402, 403, 801-802, 602, 901 |
| 182 | Email from P. Zani to C. Aszmus, et al. re Sage vs Us | 10/12/2017 | PUREWICK_0034486 | PUREWICK_0034486 | Zani Ex. 88 | FRE 401-402, 403, 801-802, 602, 901 |
| 183 | Due Diligence Report Project PureWick | 3/15/2017 | PUREWICK_0059418 | PUREWICK_0059429 | Gohde Ex. 125 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 184 | Sales: Monthly Wick Sales graph | N/A | PUREWICK_0024830 | PUREWICK_0024830 | Gohde Ex. 154 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 185 | Excel of Monthly trials and customers from hospitals | N/A | PUREWICK_0024833 | PUREWICK_0024833 | Gohde Ex. 155 | FRE 401-402, 403, 801-802, 602, 901, 106 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 186 | Excel of PureWick products total quaterly sales 2016-2017 | N/A | PUREWICK_0024837 | PUREWICK_0024837 | Gohde Ex. 156 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 187 | Bard - Design Impact Evaluation Tree - PureWick Product Transfer - San Diego to Bard | N/A | PUREWICK_0030451 | PUREWICK_0030476 | Mann Ex. 248 | FRE 401-402, 403, 801-802, 901 |
| 188 | Authorization for Expenditure form of PureWick manufacturing and support equipment | 9/20/2017 | PUREWICK_0055998 | PUREWICK_0056003 | Mann Ex. 249 | FRE 401-402, 403, 801-802, 901 |
| 189 | Corporate Quality Assurance Manual - Revision 07-Transfer Phase IV Post  Commercialization Project Review & Closure CQA Standards 11 & 43 | N/A | PUREWICK_0056306 | PUREWICK_0056312 | Mann Ex. 250 | FRE 401-402, 403, 801-802, 901 |
| 190 | BD - Purewick Capacity Review presentation | 11/21/2018 | PUREWICK_0042808 | PUREWICK_0042808 | Mann Ex. 256 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 191 | BD - PureWick and DryDoc Capacity Update presentation | N/A | PUREWICK_0042809 | PUREWICK_0042809 | Mann Ex. 257 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 192 | PureWick Supplier Capacity Utilization | 6/26/2019 | PUREWICK_0042810 | PUREWICK_0042810 | Mann Ex. 258 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 193 | BD - UCC Capacity Planning presentation | 4/24/2020 | PUREWICK_0042811 | PUREWICK_0042811 | Mann Ex. 259 | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 194 | U.S. Patent Application Publication 2016/0367226 | 12/22/2016 | SAGE00001019 | SAGE00001025 | Forehand Ex. 94 | FRE 401-402, 403 |
| 195 | MDDI - 10 Finalists Chosen For Dare-to-Dream Medtech Design Challenge (PureWick) | 10/17/2016 | PUREWICK_0021742 | PUREWICK_0021743 | Forehand Ex. 111 | FRE 401-402, 403, 801-802, 602, 901 |
| 196 | Photograph of various devices | N/A | PUREWICK_0019770 | PUREWICK_0019770 | Forehand Ex. 114 | |
| 197 | Photograph of various devices | N/A | PUREWICK_0019767 | PUREWICK_0019767 | Forehand Ex. 115 | FRE 401-402, 403, 801-802, 901 |
| 198 | Disclosure Schedules to the Agreement and Plan of Merger by and Among C.R. Bard, Inc., Candle Acquisition Corp., PureWick Corporation, and the Securityholder Representative | 6/16/2017 | PUREWICK_0015323 | PUREWICK_0015361 | Burn Ex. 290 | |
| 199 | Agreement and Plan of Merger by and Among C.R. Bard, Inc., Candle Acquisition Corp., PureWick Corporation, and the Securityholder Representative (Execution Copy) | 6/16/2017 | PUREWICK_0020343 | PUREWICK_0020446 | Burn Ex. 298 | |
| 200 | Bard Medical Memo from Stephen Brewer to Accounting Files re Project Candle - Accounting Treatment of PureWick, Inc. Purchase | 7/11/2017 | PUREWICK_0064655 | PUREWICK_0064662 | Burn Ex. 300 | FRE 401-402, 403, 801-802, 901 |
| 201 | C.R. Bard, Inc. Valuation of Certain Assets and Liabilities of PureWick, Inc. as of May 10, 2017 | 5/10/2017 | PUREWICK_0064638 | PUREWICK_0064654 | Burn Ex. 301 | FRE 401-402, 403, 801-802, 901 |
| 202 | PureWick case studies from 09/13/14 - 10/19/15 | N/A | PUREWICK_0016023 | PUREWICK_0016029 | Newton Ex. 384 | FRE 401-402, 403, 801-802, 901 |
| 203 | List of questions and answers about the PureWick FEC | N/A | PUREWICK_0021017 | PUREWICK_0021018 | Newton Ex. 396 | FRE 401-402, 403, 801-802, 602, 901 |
| 204 | PureWick Inc. Successful Incontinence Management for Women production description document | N/A | PUREWICK_0014538 | PUREWICK_0014539 | R. Newton Ex. 311 | |
| 205 | Photograph of PureWick device (WICK# 301-15) | N/A | PUREWICK_0030279 | PUREWICK_0030279 | R. Newton Ex. 313 | FRE 401-402, 403, 901 |
| 206 | Photograph of PureWick Blue Tape Wick (Item #625) | N/A | PUREWICK_0030294 | PUREWICK_0030294 | R. Newton Ex. 317 | FRE 401-402, 403, 901 |
| 207 | Photograph of extruded wick prototype | N/A | PUREWICK_0030273 | PUREWICK_0030273 | R. Newton Ex. 318 | FRE 401-402, 403, 901 |
| 208 | PureWick Inc. Real Success Stories | N/A | PUREWICK_0017091 | PUREWICK_0017092 | R. Newton Ex. 319 | FRE 401-402, 403, 901 |
| 209 | Photograph of prototype | N/A | PUREWICK_0030276 | PUREWICK_0030277 | R. Newton Ex. 320 | FRE 401-402, 403, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 210 | Email from B. Sanchez to Dr. Newton re Urine collector with attachments of | 8/4/2009 | NEWTON 0005496 | NEWTON 0005498 | R. Newton Ex. 322 | |
| 211 | Email from R. Newton to M. Jackson, J. Forehand, F. Phillips, and C. Newton re PureWick test log with attachment of PureWick test log excel | 5/20/2014 | NEWTON_0001141 | NEWTON_0001143 | R. Newton Ex. 332 | FRE 401-402, 403, 801, 802, 602, 901 |
| 212 | Averch, T. Catheter -Associated Urinary Tarct Infections: Definitions and Significance in the Urologic Patient. *American Urilogical Association. 2014* | N/A | N/A | N/A | | FRE 401-402, 403, 901, 702-703, NP |
| 213 | PureWick External Catheter for Women In-Service Training Guide | N/A | PUREWICK_0014327 | PUREWICK_0014337 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 214 | External Catheter System Provides Effective Incontinence Management for Women information | N/A | PUREWICK_0014362 | PUREWICK_0014362 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 215 | Bard BMD -Clinical Evaluation Report of PuereWick Female External Catheter (FEC) and Dry Doc and Accessories | 9/8/2017 | PUREWICK_0028073 | PUREWICK_0028327 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 216 | Zavodnick J, Harley C, Zabriskie K, et al. Effect of a Female External Urinary Catheter on Incidence of Catheter-Associated Urinary Tract Infection. *Cureus.* | 10/23/2020 | PUREWICK_EXP_0000034 | PUREWICK_EXP_0000040 | | FRE 401-402, 403, 901, 702-703 |
| 217 | Hooton, T., et al. Diagnosis, Prevention, and Treatment of Catheter-Associated Urinary Tract Infection in Adults: 2009 International Clinical Practice Guidelines from the Infectious Diseases Society of America. *Urinary* | 2/4/2010 | PUREWICK_EXP_0000090 | PUREWICK_EXP_0000128 | | FRE 401-402, 403, 901, 702-703 |
| 218 | An APIC Guide (2008) Guide to the Elimination of Catheter-Associated Urinary Tract Infections (CAUTIs) | N/A | SAGE00023918 | SAGE00023959 | | FRE 401-402, 403, 901, 702-703 |
| 219 | HICPAC - Guideline for Prevention of Catheter-Associated Urinary Tract Infections (2009) | 2/15/2017 | SAGE00024621 | SAGE00024681 | | FRE 401-402, 403, 901, 702-703 |
| 220 | APIC Implementation Guide - Guide to Preventing Catheter-Associated Urinary Tract Infections | N/A | SAGE00024686 | SAGE00024772 | | FRE 401-402, 403, 901, 702-703 |
| 221 | Lo, E., et al. Strategies to Prevent Catheter-Associated Urinary Tract Infections in Acute Care Hospitals: 2014 Update. *Infection Control and Hospital Epidemiology.* 2014. 35(5). | 4/10/2014 | SAGE00024773 | SAGE00024789 | | FRE 401-402, 403, 901, 702-703 |
| 222 | Stryker - Sage MYM PrimaFit presentation | 12/19/2021 | SAGE00027576 | SAGE00027576 | | FRE 401-402, 403, 801-802, 901 |
| 223 | Sage Products - New product Development Report: PrimaFit In-House Volunteer Position Assessment Report | 8/27/2019 | SAGE00028125 | SAGE00028130 | | FRE 401-402, 403, 801-802, 901 |
| 224 | Photo of 20th Most Innovative New Product Awards PureWick, Inc. for Pharmaceuticals and Medical Devices | N/A | NEWTON_0008146 | NEWTON_0008146 | | FRE 401-402, 403, 901 |
| 225 | Project Candle and Foley Alternative VOC (Navicent Health, Macon, GA) | 6/27/2016 | PUREWICK_0014266 | PUREWICK_0014269 | | FRE 401-402, 403, 801-802, 901 |
| 226 | Project Candle VOC (Norfolk General, Sentara Systems Norfolk, VA) | 10/10/2016 | PUREWICK_0014272 | PUREWICK_0014274 | | FRE 401-402, 403, 801-802, 901 |
| 227 | Email from S. Patel to V. Behrend re Dear Sheila, question on PureWick use | 1/17/2017 | PUREWICK_0015944 | PUREWICK_0015946 | | FRE 401-402, 403, 801-802, 901 |
| 228 | External Catheter System Provides Effective Incontinence for Women Product Information | N/A | PUREWICK_0020710 | PUREWICK_0020710 | | FRE 401-402, 403, 801-802, 602, 901 |
| 229 | Bard Monthly Deep Dive Critical Care Marketing | 10/00/2020 | PUREWICK_0064274 | | | FRE 401-402, 403, 801-802, 602, 901 |
| 230 | Conference Program Abstracts - April 19-21, 2017 Millenium Knickerbocker Hotel, Chicago | N/A | PUREWICK_EXP_0000517 | PUREWICK_EXP_0000592 | | FRE 401-402, 403, 801-802, 602, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 231 | Online printout of The American Heritage Dictionary definition of the word "Layer" | 6/22/2021 | PUREWICK_EXP_0000599 | PUREWICK_EXP_0000601 | | FRE 401-402, 403, 801-802, 602, 901, Judge Order |
| 232 | External Catheters and Reducing Adverse Effets in the Female Inpatient - E. Glover, et al. Northwestern College Department of Niursing, Northwestern College informational chart | N/A | PUREWICK_EXP_0000625 | PUREWICK_EXP_0000625 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 233 | Encouraging the Use of PureWicks - K. Kessler, University of New Hampshire informational chart | N/A | PUREWICK_EXP_0000627 | PUREWICK_EXP_0000627 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 234 | John Hopkins Medicine website article, "Urinary Incontinence" | N/A | PUREWICK_EXP_0000628 | PUREWICK_EXP_0000630 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 235 | Ferng, A., "External female genitalia" website from kenhub.com | 10/29/2020 | PUREWICK_EXP_0000631 | PUREWICK_EXP_0000636 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 236 | National Cancer Institute SEER Training Modules: Urethra | N/A | PUREWICK_EXP_0000680 | PUREWICK_EXP_0000681 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 237 | Sam, P., et al. Anatomy, Abdomen and Pelvis, Sphincter Urethrae. | 7/21/2020 | PUREWICK_EXP_0000682 | PUREWICK_EXP_0000684 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 238 | University of Rochester Medical Center online encyclopedia. "Anatomy of the Vulva" | N/A | PUREWICK_EXP_0000685 | PUREWICK_EXP_0000686 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 239 | XXI. The Vulva | N/A | PUREWICK_EXP_0000687 | PUREWICK_EXP_0000688 | | FRE 401-402, 403, 801-802, 901, 702-703, 106 |
| 240 | Anatomy of the Vulva | N/A | PUREWICK_EXP_0000689 | PUREWICK_EXP_0000693 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 241 | Nguyen, J and Duong, H. Anatomy, Abdomen and Pelvis, Female Genitalia | 8/10/2020 | PUREWICK_EXP_0000697 | PUREWICK_EXP_0000706 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 242 | U.S.Patent No. 5,514,104 | 5/7/1996 | PUREWICK_EXP_0000707 | PUREWICK_EXP_0000720 | | FRE 401-402, 403, 801-802 |
| 243 | U.S.Patent No. 6,291,050 | 9/18/2001 | PUREWICK_EXP_0000721 | PUREWICK_EXP_0000735 | | FRE 401-402, 403, 801-802 |
| 244 | U.S.Patent No. 4,468,428 | 8/28/1994 | PUREWICK_EXP_0000736 | PUREWICK_EXP_0000744 | | FRE 401-402, 403, 801-802 |
| 245 | U.S.Patent No. 8,198,505 | 6/12/2012 | PUREWICK_EXP_0000745 | PUREWICK_EXP_0000763 | | FRE 401-402, 403, 801-802 |
| 246 | U.S.Patent No. 10,308,778 | 6/4/2019 | PUREWICK_EXP_0000764 | PUREWICK_EXP_0000768 | | FRE 401-402, 403, 801-802 |
| 247 | U.S.Patent No. 4,117,184 | 9/26/1978 | PUREWICK_EXP_0000769 | PUREWICK_EXP_0000777 | | FRE 401-402, 403, 801-802 |
| 248 | U.S.Patent No. 6,545,195 | 4/8/2003 | PUREWICK_EXP_0000784 | PUREWICK_EXP_0000793 | | FRE 401-402, 403, 801-802 |
| 249 | U.S.Patent No. 5,669,895 | 9/23/1997 | PUREWICK_EXP_0000794 | PUREWICK_EXP_0000805 | | FRE 401-402, 403, 801-802 |
| 250 | U.S.Patent No. 5,318,554 | 6/7/1994 | PUREWICK_EXP_0000806 | PUREWICK_EXP_0000840 | | FRE 401-402, 403, 801-802 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 251 | Turbak A, Vigo T, eds. Nonwovens An Advanced Tutorial. Atlanta, GA. TAPPI. 1989. | N/A | PUREWICK_EXP_0000841 | PUREWICK_EXP_0001160 | | FRE 401-402, 403, 801-802 |
| 252 | U.S.Patent No. 5,609,588 | 3/11/1997 | PUREWICK_EXP_0001161 | PUREWICK_EXP_0001189 | | FRE 401-402, 403, 801-802 |
| 253 | EP 1 263 374 | 11/17/2004 | PUREWICK_EXP_0001209 | PUREWICK_EXP_0001240 | | FRE 401-402, 403, 801-802 |
| 254 | U.S.Patent No. 7,766,887 | 8/3/2010 | PUREWICK_EXP_0001241 | PUREWICK_EXP_0001273 | | FRE 401-402, 403, 801-802, 901 |
| 255 | Memorial Sloan Kettering Cancer Center & Hunter-Bellevue School of Nursing, infomrational chart regarding An Alternaitve to the Indewelling Foley Catheter in Incontinent Female Patients | N/A | PUREWICK_EXP_0001274 | PUREWICK_EXP_0001274 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 256 | Wound Management and Prevention, *Innovation in Products for People with Incontinence* | 07/00/2017 | PUREWICK_EXP_0001275 | PUREWICK_EXP_0001278 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 257 | U.S.Patent No. 3,382,090 | 5/7/1968 | PUREWICK_EXP_0001279 | PUREWICK_EXP_0001283 | | FRE 401-402, 403, 801-802, 901 |
| 258 | U.S.Patent No. 4,468,428 | 8/28/1984 | PUREWICK_EXP_0001284 | PUREWICK_EXP_0001292 | | FRE 401-402, 403, 801-802 |
| 259 | U.S.Patent No. 4,610,675 | 9/9/1986 | PUREWICK_EXP_0001293 | PUREWICK_EXP_0001297 | | FRE 401-402, 403, 801-802, 901 |
| 260 | U.S.Patent No. 5,147,345 | 9/15/1992 | PUREWICK_EXP_0001298 | PUREWICK_EXP_0001333 | | FRE 401-402, 403, 801-802, 901 |
| 261 | U.S.Patent No. 7,766,887 | 8/3/2010 | PUREWICK_EXP_0001333 | PUREWICK_EXP_0001336 | | Duplicative |
| 262 | Kissa, E. Wetting and Wicking. *Textile Res. J* . 1996. 66(10). | N/A | PUREWICK_EXP_0001367 | PUREWICK_EXP_0001375 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 263 | Insight 2007 International Conference (Section 16) - Advanced Fiber Extrusion Technology for producing High Value Nonwovens - Arnold Wilkie, President. Hills inc. | 10/24/2007 | PUREWICK_EXP_0001376 | PUREWICK_EXP_0001381 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 264 | Moisture Wicking Properties: How To Lose Them, How To Boost Them | N/A | PUREWICK_EXP_0001401 | PUREWICK_EXP_0001405 | | FRE 401-402, 403, 801-802, 901, 702-703 |
| 265 | U.S.Patent No. 5,591,149 | 1/7/1997 | PUREWICK_EXP_0001446 | PUREWICK_EXP_0001483 | | FRE 401-402, 403, 801-802 |
| 266 | U.S.Patent No. 7,025,198 | 4/11/2006 | PUREWICK_EXP_0001484 | PUREWICK_EXP_0001503 | | FRE 401-402, 403, 801-802 |
| 267 | PureWick Acquisition Opportunity report prepared by G. Davis | 6/16/2016 | SAGE00025928 | SAGE00025928 | | FRE 401-402, 403, 801-802, 901, 602 |
| 268 | Email from P. Nelson to C. Golden, et al. re Kaiser Meeting Highlights and next steps | 8/8/2017 | SAGE00026049 | SAGE00026050 | | FRE 401-402, 403, 801-802, 901, 602 |
| 269 | Survey Results from 5 Hospitals Using PureWick External Catherter for Women - Hospital Staff Agree on PureWick Benefits chart | | PUREWICK_0014379 | PUREWICK_0014379 | | FRE 401-402, 403, 801-802, 901, 602 |
| 270 | Ltr from P. Curry to C. Newton re Preliminary Proposal to Acquire all of the Issued and Outstanding Shares of Capital Stock of PureWick Inc. ("PureWick") | 11/24/2016 | PUREWICK_0015039 | PUREWICK_0015041 | | FRE 401-402, 403, 801-802, 901, 602 |
| 271 | Agreement and Plan of Merger by and among C.R. Bard, Inc., Candle Acquisition Corp., PureWick Corporation and The Securityholder | 6/16/2017 | PUREWICK_0015111 | PUREWICK_0015214 | | Duplicative |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 272 | Ltr from S. Fisher to T. Tran re Z-1485-2017: PureWick External Catheter for Women-Wick, item #625 | 4/19/2017 | PUREWICK_0017920 | PUREWICK_0017924 | | FRE 401-402, 403, 801-802, 901 |
| 273 | PureWick: Wick Sales January 1-Nov 8 | N/A | PUREWICK_0020448 | PUREWICK_0020448 | | FRE 401-402, 403, 801-802, 901, 602 |
| 274 | PureWick: 2016 Sales by Quarter | N/A | PUREWICK_0020452 | PUREWICK_0020452 | | FRE 401-402, 403, 801-802, 901 |
| 275 | Purewick: Wick Sakes Jan 1 - Nov 8 | N/A | PUREWICK_0020453 | PUREWICK_0020453 | | FRE 401-402, 403, 801-802, 901, 602 |
| 276 | PureWick - Quarterly Update and Large Market Opportunity | N/A | PUREWICK_0020454 | PUREWICK_0020455 | | FRE 401-402, 403, 801-802, 901, 602 |
| 277 | Appendix 2.5(a)(iii) PureWick Corporation Balance Sheet | 12/31/2016 | PUREWICK_0020481 | PUREWICK_0020485 | | FRE 401-402, 403, 801-802, 901, 602 |
| 278 | PureWick Corporation Balance Sheet | 5/31/2017 | PUREWICK_0020486 | PUREWICK_0020490 | | FRE 401-402, 403, 801-802, 901, 602 |
| 279 | SCIMALS Due Diligence on PureWick | 6/20/2014 | PUREWICK_0020725 | PUREWICK_0020751 | | FRE 401-402, 403, 801-802, 901 |
| 280 | Sales: Monthly Wick Sales graph | N/A | PUREWICK_0024824 | PUREWICK_0024824 | | FRE 401-402, 403, 801-802, 901, 602 |
| 281 | Sales: Total Monthly Sales | N/A | PUREWICK_0024836 | PUREWICK_0024836 | | FRE 401-402, 403, 801-802, 901, 602 |
| 282 | Excel of Sales: Monthly Week Sales | N/A | PUREWICK_0027016 | PUREWICK_0027016 | | FRE 401-402, 403, 801-802, 901, 602 |
| 283 | PureWick External Catheter for Women - Instructions for Use | N/A | PUREWICK_0027201 | PUREWICK_0027202 | | FRE 401-402, 403, 801-802, 901 |
| 284 | PureWick Integration Phase Gate II/III Review presentation | 3/8/2018 | PUREWICK_0027921 | PUREWICK_0027921 | | FRE 401-402, 403, 801-802, 901 |
| 285 | Purewick (PW) Voice of Customer: Houston | 11/27/2018 | PUREWICK_0027928 | PUREWICK_0027934 | | FRE 401-402, 403, 801-802, 901 |
| 286 | Bard Marketing plan for 6141 | N/A | PUREWICK_0028813 | PUREWICK_0028816 | | FRE 401-402, 403, 801-802, 901 |
| 287 | Excel with list of key accounts and summary | N/A | PUREWICK_0030211 | PUREWICK_0030211 | | FRE 401-402, 403, 801-802, 901 |
| 288 | Excel of PureWick products and sales | N/A | PUREWICK_0030213 | PUREWICK_0030213 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 289 | Excel of PureWick products and sales | N/A | PUREWICK_0030214 | PUREWICK_0030214 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 290 | Excel of PureWick products and sales | N/A | PUREWICK_0030215 | PUREWICK_0030215 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 291 | Excel of PureWick products and sales | N/A | PUREWICK_0030216 | PUREWICK_0030216 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 292 | Excel of PureWick sales forecast summary for 2019 | N/A | PUREWICK_0030217 | PUREWICK_0030217 | | FRE 401-402, 403, 801-802, 901, 602, 106 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---------|-------|------|----------------|---------------|---------------|------------|
| 293 | Excel of PureWick products and sales | N/A | PUREWICK_0030218 | PUREWICK_0030218 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 294 | Excel of PureWick monthly sales trend | N/A | PUREWICK_0030219 | PUREWICK_0030219 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 295 | Excel of PureWick 2017 conversions | N/A | PUREWICK_0030220 | PUREWICK_0030220 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 296 | Excel of PureWick sales trend | N/A | PUREWICK_0030221 | PUREWICK_0030221 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 297 | Excel of PureWick new account sales trend | N/A | PUREWICK_0030222 | PUREWICK_0030222 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 298 | Excel of PureWick products new accounts by month and sales trends | N/A | PUREWICK_0030223 | PUREWICK_0030223 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 299 | Excel of PureWick sales trending and new accounts April 2019 | N/A | PUREWICK_0030224 | PUREWICK_0030224 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 300 | Excel of PureWick sales trending and new accounts April 2020 | N/A | PUREWICK_0030225 | PUREWICK_0030225 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 301 | Excel of PureWick sales trending and new accounts | N/A | PUREWICK_0030226 | PUREWICK_0030226 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 302 | Excel of PureWick sales trending and new accounts August 2019 | N/A | PUREWICK_0030227 | PUREWICK_0030227 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 303 | Excel of PureWick sales trending and new accounts August 2019 | N/A | PUREWICK_0030228 | PUREWICK_0030228 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 304 | Excel of PureWick sales trending and new accounts December 2019 | N/A | PUREWICK_0030229 | PUREWICK_0030229 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 305 | Excel of PureWick sales trending and new accounts February 2019 | N/A | PUREWICK_0030230 | PUREWICK_0030230 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 306 | Excel of PureWick sales trending and new accounts February 2020 | N/A | PUREWICK_0030231 | PUREWICK_0030231 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 307 | Excel of PureWick sales trending and new accounts February 2020 | N/A | PUREWICK_0030232 | PUREWICK_0030232 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 308 | Excel of PureWick sales trending and new accounts July 2018 | N/A | PUREWICK_0030233 | PUREWICK_0030233 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 309 | Excel of PureWick sales trending and new accounts July 2019 | N/A | PUREWICK_0030234 | PUREWICK_0030234 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 310 | Excel of PureWick sales trending and new accounts June 2018 | N/A | PUREWICK_0030235 | PUREWICK_0030235 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 311 | Excel of PureWick sales trending and new accounts June 2019 | N/A | PUREWICK_0030236 | PUREWICK_0030236 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 312 | Excel of Sale Trends, existing trends sale, and daily sales trend | N/A | PUREWICK_0030237 | PUREWICK_0030237 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 313 | Excel of PureWick sales trending and new accounts March 2019 | N/A | PUREWICK_0030238 | PUREWICK_0030238 | | FRE 401-402, 403, 801-802, 901, 602, 106 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 314 | Excel of PureWick sales trending and new accounts March 2020 | N/A | PUREWICK_0030239 | PUREWICK_0030239 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 315 | Excel of PureWick products new accounts by month and sales trends | N/A | PUREWICK_0030240 | PUREWICK_0030240 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 316 | Excel of PureWick sales trending and new accounts May 2019 | N/A | PUREWICK_0030241 | PUREWICK_0030241 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 317 | Excel of PureWick sales trending and new accounts November 2019 | N/A | PUREWICK_0030242 | PUREWICK_0030242 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 318 | Excel of PureWick sales trending and new accounts October 2019 | N/A | PUREWICK_0030243 | PUREWICK_0030243 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 319 | Excel of PureWick sales trending and new accounts August 2018 | N/A | PUREWICK_0030244 | PUREWICK_0030244 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 320 | Excel of PureWick sales trending and new accounts September 2019 | N/A | PUREWICK_0030245 | PUREWICK_0030245 | | FRE 401-402, 403, 801-802, 901, 602 |
| 321 | Excel of PureWick sales trending and new accounts December 2018 | N/A | PUREWICK_0030246 | PUREWICK_0030246 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 322 | Excel of PureWick sales trending and new accounts December 2018 | N/A | PUREWICK_0030247 | PUREWICK_0030247 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 323 | Excel of PureWick April 2020 conversions | N/A | PUREWICK_0030248 | PUREWICK_0030248 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 324 | Excel of PureWick August 2020 conversions | N/A | PUREWICK_0030249 | PUREWICK_0030249 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 325 | Excel of PureWick July 2020 conversions | N/A | PUREWICK_0030250 | PUREWICK_0030250 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 326 | Excel of PureWick June 2020 conversions | N/A | PUREWICK_0030251 | PUREWICK_0030251 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 327 | Excel of PureWick May 2020 conversions | N/A | PUREWICK_0030252 | PUREWICK_0030252 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 328 | Excel of PureWick September 2020 conversions | N/A | PUREWICK_0030253 | PUREWICK_0030253 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 329 | Excel of Unit Trend by Conversion Year | N/A | PUREWICK_0030254 | PUREWICK_0030254 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 330 | External Catheter System Provides Effective Incontinence Management for Women informational chart | N/A | PUREWICK_0032109 | PUREWICK_0032109 | | Duplicative, FRE 401-402, 403, 801, 802, 602, 901 |
| 331 | Innovation in Reducing CAUTI's, Pressure Ulcer Prevention & Infection Prevention, Tri-City Medical Center informational chart | N/A | PUREWICK_0032110 | PUREWICK_0032110 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 332 | PureWick External Female Catheter presentation | N/A | PUREWICK_0032158 | PUREWICK_0032180 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 333 | Excel of PureWick list of Sage accounts | N/A | PUREWICK_0034331 | PUREWICK_0034331 | | FRE 401-402, 403, 801-802, 901 |
| 334 | Email from S. Skelton to J. Gilthero, et al. re Purewick Male | 10/16/2017 | PUREWICK_0034515 | PUREWICK_0034516 | | FRE 401-402, 403, 801-802, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 335 | Email from M. Weissmann to T. Cote, et al. re Feedback on Purewick - Marketing | 12/15/2017 | PUREWICK_0034563 | PUREWICK_0034564 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 336 | Email from A. Thyen to M. Weissman, et al. re Feedback on PureWick - Marketing | 12/15/2017 | PUREWICK_0034565 | PUREWICK_0034566 | | FRE 401-402, 403, 801-802, 901 |
| 337 | Bard Medical - What is missing from your CAUTI prevention bundle? | N/A | PUREWICK_0034595 | PUREWICK_0034600 | | FRE 401-402, 403, 801-802, 901 |
| 338 | Bard Medical - Memo from P. Zani to R. Hanson re September 2017 Results | 10/2/2017 | PUREWICK_0034736 | PUREWICK_0034737 | | FRE 401-402, 403, 801-802, 901 |
| 339 | Excel file of PureWick sales, carryover, and accounts | N/A | PUREWICK_0034750 | PUREWICK_0034750 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 340 | Email from R. Hanson to J. Gohde re Where are you at re NPD Project prioritization? | 3/19/2018 | PUREWICK_0034771 | PUREWICK_0034773 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 341 | Email from R. Jacobs to T. Johnson, et al. re What if | 1/22/2019 | PUREWICK_0035042 | PUREWICK_0035044 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 342 | BD - Female External Catheter Head to Head Evaluations presentation | 6/5/2018 | PUREWICK_0035383 | PUREWICK_0035397 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 343 | Project ManWick Market Research Report presentation | 6/19/2018 | PUREWICK_0035631 | PUREWICK_0035714 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 344 | BD - Project 6219 PureWick Male presentation | 8/15/2019 | PUREWICK_0042421 | PUREWICK_0042442 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 345 | Bard Phase gate Review Closing Memo from A. Johannes re Phase Gate Review 1 Closing memo | 10/9/2018 | PUREWICK_0042771 | PUREWICK_0042773 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 346 | Bard Product Opportunity Appraisal Project PureWick male - PureWick Male External Catheter (6219) | 3/20/2020 | PUREWICK_0042774 | PUREWICK_0042790 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 347 | Corporate Quality Assurance Manual - Transfer Phase II Process Characterization/Gap Closure & Implementation Standards 11 & 43 | N/A | PUREWICK_0042850 | PUREWICK_0042864 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 348 | Email from M. Jackson to P. Zani, et al. re Purewick Latex Decision | 6/23/2017 | PUREWICK_0049279 | PUREWICK_0049280 | | FRE 401-402, 403, 801-802, 901 |
| 349 | Excel of Bard Revenue Build-Up Project Candle | N/A | PUREWICK_0052645 | PUREWICK_0052645 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 350 | Email from A. Esposito to J. Forehand re PureWick Manufacturing - US and Malaysia | 8/11/2017 | PUREWICK_0054197 | PUREWICK_0054198 | | FRE 401-402, 403, 801-802, 901 |
| 351 | Bard Intergrated Project Plan PureWick Product Transfer - SanDiego to Bard Malaysia 2017 | N/A | PUREWICK_0056005 | PUREWICK_0056014 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 352 | Excel of Bard and Candle revenues and accounts | N/A | PUREWICK_0058462 | PUREWICK_0058462 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 353 | Excel file of Grow Urological Drainage Net Income Globally | N/A | PUREWICK_0064267 | PUREWICK_0064267 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 354 | Bard Monthly Deep Dive - Critical Care marketing | 06/00/2020 | PUREWICK_0064271 | PUREWICK_0064271 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 355 | Bard Monthly Deep Dive - Critical Care marketing | 09/00/2020 | PUREWICK_0064273 | PUREWICK_0064273 | | FRE 401-402, 403, 801, 802, 602, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 356 | Bard Urology and Critical Care FY2020 - FY2022 Strategic Plan | 05/00/2019 | PUREWICK_0064416 | PUREWICK_0064462 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 357 | Excel of UCC PureWick Sales Assumptions | N/A | PUREWICK_0064469 | PUREWICK_0064469 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 358 | Purewick Corporation Corporate Tax Returns | 12/31/2016 | PUREWICK_0064473 | PUREWICK_0064520 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 359 | PureWick 2017 Federal Form 1120 Tax returns | 12/18/2018 | PUREWICK_0064521 | PUREWICK_0064548 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 360 | PureWick 2017 Federal Form 1120 Tax returns | N/A | PUREWICK_0064549 | PUREWICK_0064569 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 361 | PureWick 2018 Federal Form 1120 Tax returns | N/A | PUREWICK_0064570 | PUREWICK_0064598 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 362 | Draft copy of letter to Purewick Corporation from Oliva, Goddard & Wright Certified Accountants re 2016 Corporate Taxes | 1/15/2018 | PUREWICK_0064599 | PUREWICK_0064636 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 363 | "BD Completes Bard Acquisition, Creating New Global Health Care Leader", hllps://www.prnewswire.com/news-releases/bd-completes-bard-acquisition-creating-new-global-health-care-leader-300576098.html | 12/29/2017 | PUREWICK_EXP_0000140 | PUREWICK_EXP_0000143 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 364 | Wollinsky, A. The Nash Bargaining Solution in Economic Modeling. *Rand Journal of Economics.* 17(2):176-188 (1986). | N/A | PUREWICK_EXP_0000144 | PUREWICK_EXP_0000157 | | FRE 401-402, 403, 901, 702-703, D-Leonard |
| 365 | United States Securities and Exchange Commission Form 10-K for 2016 | 12/31/2016 | PUREWICK_EXP_0000208 | PUREWICK_EXP_0000314 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 366 | United States Securities and Exchange Commission Form 10-Q for 2017 | 6/30/2017 | PUREWICK_EXP_0000315 | PUREWICK_EXP_0000362 | | FRE 401-402, 403, 801, 802, 602, 901 |
| 367 | CMS - Hospital-Acquired Condition Reduction Program Fiscal Year 2020 Fact Sheet | 07/00/2019 | PUREWICK_EXP_0000424 | PUREWICK_EXP_0000428 | | FRE 401-402, 403, 801, 802, 602, 901, 702-703 |
| 368 | Joint Commission Announces New 2012 National Patient Safety Goal for CAUTI | 5/25/2011 | PUREWICK_EXP_0000449 | PUREWICK_EXP_0000449 | | FRE 401-402, 403, 801, 802, 602, 901, 702-703 |
| 369 | R3 Report I Requirement, Rationale, Reference  - Catheter associated urinary tract infections | 9/28/2011 | PUREWICK_EXP_0000468 | PUREWICK_EXP_0000471 | | FRE 401-402, 403, 801, 802, 602, 901, 702-703 |
| 370 | R3 Report I Requirement, Rationale, Reference  - New and revised NPSGs on CAUTIs | 12/12/2016 | PUREWICK_EXP_0000472 | PUREWICK_EXP_0000474 | | FRE 401-402, 403, 801, 802, 602, 901, 702-703 |
| 371 | Rubinstein, A. Perfect Equilibrium In A Bargaining Model. *Econometrica.* 50(1):97-109 (1982). | N/A | PUREWICK_EXP_0000475 | PUREWICK_EXP_0000488 | | FRE 401-402, 403, 901, 702-703, D-Leonard |
| 372 | Shapley, L.S. Notes on the n-Person Game -- II: The Value of An n-Person Game. The Rand Corporation. 1951. | 8/21/1951 | PUREWICK_EXP_0000496 | PUREWICK_EXP_0000514 | | FRE 401-402, 403, 901, 702-703, D-Leonard |
| 373 | Berry, S., et al. Automobile Prices In Market Equilibrium. *Econometrica.* 63(4):841-890 (1995). | N/A | PUREWICK_EXP_0001569 | PUREWICK_EXP_0001619 | | FRE 401-402, 403, 901, 702-703, D-Leonard |
| 374 | De Jaegher, K. Asymetric Substitutability: Theory and Some Applications. *Economic Inquiry.* 47(4):838-855 (2009). | N/A | PUREWICK_EXP_0001620 | PUREWICK_EXP_0001638 | | FRE 401-402, 403, 901, 702-703, D-Leonard |
| 375 | Dehez, P. and Poukens, S. The Shapley Value as a Guide to FRAND Licensing Agreements. *Rev. Law Econ.* 10(3):265-284 (2014). | N/A | PUREWICK_EXP_0001639 | PUREWICK_EXP_0001659 | | FRE 401-402, 403, 901, 702-703, D-Leonard |
| 376 | Gans, J. Getting Pricing Right on Digital Music Copyright. *Review of Economic Research on Copyright Issues.* 15(2):1-22 (2018). | N/A | PUREWICK_EXP_0001660 | PUREWICK_EXP_0001681 | | FRE 401-402, 403, 901, 702-703, D-Leonard |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 377 | Layne-Ferrar, A., et al. Pricing for Licensing in Standard-Setting Organizations: Making Sense of Fraud Commitments. *Antitrust Law Journal.* 74(3):671-706 | N/A | PUREWICK_EXP_0001682 | PUREWICK_EXP_0001718 | | FRE 401-402, 403, 901, 702-703, D-Leonard |
| 378 | Watt, R. Fair Copyright Remuneration: The Case of Music Radio. *Review of Economic Research on Copyright Issues.* 7(2):21-37 (2010). | N/A | PUREWICK_EXP_0001772 | PUREWICK_EXP_0001788 | | FRE 401-402, 403, 901, 702-703, D-Leonard |
| 379 | Aumann, R and Hart, S. Handbook of Game Theory with Economic Applications. Elsevier Science. 2002. | N/A | PUREWICK_EXP_0001789 | PUREWICK_EXP_0001820 | | FRE 401-402, 403, 901, 702-703, D-Leonard |
| 380 | AIPLA 2019 Report of the Economic Survey | N/A | PUREWICK_EXP_0001821 | PUREWICK_EXP_0002207 | | FRE 401-402, 403, 901, 702-703 |
| 381 | Sage Female External Continence Device product information | N/A | SAGE00023853 | SAGE00023853 | | FRE 401-402, 403, 801-802, 901 |
| 382 | Segue Market Assessment 2017 | N/A | SAGE00023855 | SAGE00023855 | | FRE 401-402, 403, 801-802, 901, 602 |
| 383 | Sage Female External Continence Device Key Features and Benefits presentation | N/A | SAGE00023856 | SAGE00023856 | | FRE 401-402, 403, 801-802, 901, 602 |
| 384 | Sage Female ECD Highlights from Field Evaluations presentation | N/A | SAGE00023969 | SAGE00023969 | | FRE 401-402, 403, 801-802, 901, 602 |
| 385 | Purewick vs Sage PrimaFit Competitive Analysis | N/A | SAGE00027574 | SAGE00027574 | | FRE 401-402, 403, 801-802, 901 |
| 386 | Purewick vs Sage PrimaFit Competitive Analysis | N/A | SAGE00027575 | SAGE00027575 | | Duplicative |
| 387 | Excel of  MKT projections from 2018 thru 2022 | 1/8/2019 | SAGE00027593 | SAGE00027593 | | FRE 401-402, 403, 801-802, 901, 106 |
| 388 | Sage Net Sales History of 12 Months | N/A | SAGE00028948 | SAGE00028948 | | FRE 401-402, 403, 801-802, 901, 106 |
| 389 | Sage NPD Process:  PrimaFit Product Launch presentation slides | N/A | SAGE00028988 | SAGE00028988 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 390 | Sage NPD Process:  PrimaFit Product Launch presentation slides | N/A | SAGE00028989 | SAGE00028989 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 391 | Stryker - PrimaFit Status Update | 10/22/2018 | SAGE00029005 | SAGE00029005 | | FRE 401-402, 403, 801-802, 901 |
| 392 | Stryker - Sage PrimaFit Capacity | 1/10/2019 | SAGE00029012 | SAGE00029012 | | FRE 401-402, 403, 801-802, 901 |
| 393 | Excel of Prima and Primo SS Net Dollars | N/A | SAGE00030398 | SAGE00030398 | | FRE 401-402, 403, 801-802, 901 |
| 394 | Sage - Project Segue presentation | N/A | SAGE00035465 | SAGE00035509 | | FRE 401-402, 403, 801-802, 901 |
| 395 | Project Charter for ▮▮▮▮ | N/A | SAGE00036154 | SAGE00036155 | | FRE 401-402, 403, 801-802, 901, 106 |
| 396 | Email from B. Ohalloran to K. Paskal et al. re ▮▮▮▮ forecast | 9/13/2019 | SAGE00036472 | SAGE00036472 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 397 | Email from K. Paskal to D. Ulreich and K. Sexton re ▮▮▮▮ forecast | 10/9/2019 | SAGE00036668 | SAGE00036669 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 398 | Stryker - ▮▮▮▮ project update | N/A | SAGE00036679 | SAGE00036679 | | FRE 401-402, 403, 801-802, 901, 602, 106 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 399 | Sage - Project Segue presentation | N/A | SAGE00037635 | SAGE00037679 | | Duplicative |
| 400 | Email from K. Buckstaff to E. Farrell re Comparison | 5/14/2018 | SAGE00038681 | SAGE00038682 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 401 | PrimaFit External Urine Management System for Females | 12/31/2021 | SAGE00038877 | SAGE00038877 | | FRE 401-402, 403, 801-802, 901, 602 |
| 402 | Email from K. Paskal to M. Laumann and N. Alexander re Female External Catheter Update | 5/22/2019 | SAGE00039400 | SAGE00039402 | | FRE 401-402, 403, 801-802, 901 |
| 403 | Email from B. Pickett to G. Schiming and K. Paskal re ▇▇▇▇▇▇ | 1/13/2020 | SAGE00039931 | SAGE00039932 | | FRE 401-402, 403, 801-802, 602, 901 |
| 404 | Excel of Sage products Monthly Income Statement March 2021 | N/A | SAGE00043555 | SAGE00043555 | | FRE 401-402, 403, 801-802, 901 |
| 405 | Amendment to Invention Agreement between Rober Snachez and Camile Newton | 5/30/2013 | SANCHEZ001176 | SANCHEZ001176 | | FRE 401-402, 403, 801-802, 901 |
| 406 | Invention Agreement between Robert Sanchez and Camille Newton | 5/31/2010 | SANCHEZ001201 | SANCHEZ001203 | | FRE 401-402, 403, 801-802, 901 |
| 407 | Measuring Safety, Effectiveness and Ease of Use of PureWick in the Management of Urinary Inconvenience in Bedbound Women: Case Studies by C. Newton, E. Call, and K. Chan | 1/8/2016 | PUREWICK_0014315 | PUREWICK_0014325 | | FRE 401-402, 403, 801-802, 602, 901 |
| 408 | PureWick External Female Catheter Non-Invasive, No nurse required, Up to 100% urine capture | N/A | PUREWICK_0014338 | PUREWICK_0014360 | | Duplicative; FRE 401-402, 403, 801-802, 602, 901 |
| 409 | PureWick External Catheter for Women informational guide | N/A | PUREWICK_0014361 | PUREWICK_0014361 | | Duplicative; FRE 401-402, 403, 801-802, 602, 901 |
| 410 | PureWick External Catheter for Women instructions for use | N/A | PUREWICK_0014365 | PUREWICK_0014366 | | Duplicative; FRE 401-402, 403, 801-802, 602, 901 |
| 411 | Innovation in Reducing CAUTI's informational chart for Pressure Ulcer Prevention & Infection Prevention, Tri-City Medical Center | N/A | PUREWICK_0014368 | PUREWICK_0014368 | | Duplicative; FRE 401-402, 403, 801-802, 602, 901 |
| 412 | PureWick User Guide - External Catheter System for Women | N/A | PUREWICK_0014369 | PUREWICK_0014376 | | FRE 401-402, 403, 801-802, 602, 901 |
| 413 | Beeson, T. and Davis, C. Urinary Management with an External Female Collection Device. *J. Wound, Ostomy and Continence Nurses Society.* 2018. | N/A | PUREWICK_0014380 | PUREWICK_0014382 | | FRE 401-402, 403, 801-802, 602, 901 |
| 414 | Bard Medical brochure letter re Purewick Female External Catheter | N/A | PUREWICK_0014387 | PUREWICK_0014387 | | FRE 401-402, 403, 801-802, 602, 901 |
| 415 | Purewick female external catheter informational brochure | N/A | PUREWICK_0014392 | PUREWICK_0014392 | | FRE 401-402, 403, 801-802, 602, 901 |
| 416 | Bard information guide on Purewick female external catheter | N/A | PUREWICK_0014394 | PUREWICK_0014394 | | FRE 401-402, 403, 801-802, 602, 901 |
| 417 | Bard - The ins and out of the Purewick female external catheter brochure | N/A | PUREWICK_0014395 | PUREWICK_0014395 | | FRE 401-402, 403, 801-802, 602, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 418 | Whidbey Health presentation | N/A | PUREWICK_0014479 | PUREWICK_0014493 | | FRE 401-402, 403, 801-802, 602, 901 |
| 419 | Email from P. Zani to S. Skelton and M. Freeman re PureWick Trial Update | 10/6/2017 | PUREWICK_0014518 | PUREWICK_0014520 | | FRE 401-402, 403, 801-802, 602, 901 |
| 420 | PureWick schematic of shell | 7/14/2017 | PUREWICK_0014540 | PUREWICK_0014540 | | FRE 401-402, 403, 801-802, 901 |
| 421 | PureWick schematic of Final Assembly | 7/17/2017 | PUREWICK_0014544 | PUREWICK_0014544 | | FRE 401-402, 403, 801-802, 901 |
| 422 | PureWick schematic of Lumen Assembly | 3/15/2018 | PUREWICK_0014545 | PUREWICK_0014545 | | FRE 401-402, 403, 801-802, 901 |
| 423 | PureWick schematic Sleeve Assembly | 3/15/2018 | PUREWICK_0014547 | PUREWICK_0014547 | | FRE 401-402, 403, 801-802, 901 |
| 424 | Bard Purewick female external catheter instructions for use | N/A | PUREWICK_0014568 | PUREWICK_0014569 | | FRE 401-402, 403, 801-802, 901 |
| 425 | PureWick Management presentation | N/A | PUREWICK_0014675 | PUREWICK_0014706 | | Duplicative; FRE 401-402, 403, 801-802, 602, 901 |
| 426 | PureWick - Successful Incontinence Management for Women information | N/A | PUREWICK_0014907 | PUREWICK_0014908 | | Duplicative |
| 427 | Cutting CAUTI at MCNH information chart | N/A | PUREWICK_0015910 | PUREWICK_0015910 | | FRE 401-402, 403, 801-802, 901, 602 |
| 428 | Excel of PureWick user results of products | N/A | PUREWICK_0017094 | PUREWICK_0017094 | | FRE 401-402, 403, 801-802, 901, 602 |
| 429 | PureWick Prototypes - Features, Benefits and Drawbacks | N/A | PUREWICK_0017518 | PUREWICK_0017519 | | FRE 401-402, 403, 801-802, 901, 602 |
| 430 | Deloitte - PureWick, Inc. Summary Fact Sheet | 07/00/2016 | PUREWICK_0017753 | PUREWICK_0017753 | | FRE 401-402, 403, 801-802, 901, 602 |
| 431 | Deloitte - Purewick, Inc. Executive Summary | N/A | PUREWICK_0017754 | PUREWICK_0017769 | | FRE 401-402, 403, 801-802, 901, 602 |
| 432 | Patent Assignment Cover Sheet for Application Nos. 62414963, 62485578, 1561187, and US1735625 | 6/00/2017 | PUREWICK_0018021 | PUREWICK_0018030 | | FRE 401-402, 403, 801-802, 901, 602 |
| 433 | Patent Assignment for US 15/260,103 and PCT/US16/049274 | N/A | PUREWICK_0018158 | PUREWICK_0018165 | | FRE 401-402, 403, 801-802, 901, 602 |
| 434 | Purewick 625 Wick, SH Item Number 100008 Biocompatability Review | 10/20/2016 | PUREWICK_0019912 | PUREWICK_0019966 | | FRE 401-402, 403, 801-802, 901, 602 |
| 435 | Purewick Collection Article - Assembly Concept with Extruded Main Body Construction presentation | 12/8/2013 | PUREWICK_0019975 | PUREWICK_0019990 | | FRE 401-402, 403, 801-802, 901, 602 |
| 436 | Purewick Corporation Successful Incontinence Management for Women Business Plan | 9/00/2015 | PUREWICK_0020752 | PUREWICK_0020774 | | FRE 401-402, 403, 801-802, 901, 602 |
| 437 | Failure Mode and Effect Analysis for R2P2 | 12/29/2016 | PUREWICK_0027440 | PUREWICK_0027446 | | FRE 401-402, 403, 801-802, 901, 602 |
| 438 | Wick Assembly Instructions - Cutting Station | 9/1/2016 | PUREWICK_0027448 | PUREWICK_0027449 | | FRE 401-402, 403, 801-802, 901, 602 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 439 | Heaven International Healthcare Co., Ltd. Technical Datasheet for (Compression) Tubular Bandage | N/A | PUREWICK_0027489 | PUREWICK_0027489 | | FRE 401-402, 403, 801-802, 901, 602 |
| 440 | Purewick External Catheter for Women Instructions for Use sheet and Frequently Asked Questions | N/A | PUREWICK_0027530 | PUREWICK_0027531 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 441 | Bard Design Impact Evaluation Tree - PureWick Latex Free | N/A | PUREWICK_0027626 | PUREWICK_0027631 | | FRE 401-402, 403, 801-802, 901, 602 |
| 442 | EHS Product Impact Assessment Evaluation | N/A | PUREWICK_0027645 | PUREWICK_0027655 | | FRE 401-402, 403, 801-802, 901, 602 |
| 443 | Bard Design Impact Evaluation Tree - PureWick Latex Free | N/A | PUREWICK_0027656 | PUREWICK_0027661 | | FRE 401-402, 403, 801-802, 901, 602 |
| 444 | Subassembly Instructions | 3/28/2017 | PUREWICK_0027839 | PUREWICK_0027840 | | FRE 401-402, 403, 801-802, 901, 602, 102 |
| 445 | Manufacturing Plan - Purewick and Associated Drydock | N/A | PUREWICK_0027842 | PUREWICK_0027846 | | FRE 401-402, 403, 801-802, 901, 602, 102 |
| 446 | PureWick Compression Bandage Preparation Manufacturing Procedure | N/A | PUREWICK_0027847 | PUREWICK_0027849 | | FRE 401-402, 403, 801-802, 901, 602, 102 |
| 447 | Wick Assembly, PureWick Manufacturing Procedure | N/A | PUREWICK_0027850 | PUREWICK_0027861 | | FRE 401-402, 403, 801-802, 901, 602, 102 |
| 448 | Bard BMD - Clinical Evaluation Report - PureWick Female Catheter (FEC) and DryDoc and Accessories | 9/19/2018 | PUREWICK_0028328 | PUREWICK_0028647 | | FRE 401-402, 403, 801-802, 901, 602, 102 |
| 449 | Bard - Bill of Material Request Form | N/A | PUREWICK_0030484 | PUREWICK_0030484 | | FRE 401-402, 403, 801-802, 901, 602, 102 |
| 450 | Bard - Bill of Material Request Form | N/A | PUREWICK_0030491 | PUREWICK_0030491 | | FRE 401-402, 403, 801-802, 901, 602, 102 |
| 451 | Bard - Data Control Evaluation Template - Wicking Test Post Heat | 4/26/2018 | PUREWICK_0032257 | PUREWICK_0032257 | | FRE 401-402, 403, 801-802, 901, 602 |
| 452 | BD Urology & Critical Care Memo from L. Sweeney to PureWick Latex Free Project File(6294) re Compression Bandage Comparison | 4/5/2018 | PUREWICK_0032465 | PUREWICK_0032465 | | FRE 401-402, 403, 801-802, 901, 602 |
| 453 | Wick Assembly Instructions | N/A | PUREWICK_0032527 | PUREWICK_0032528 | | FRE 401-402, 403, 801-802, 901, 602 |
| 454 | PureWick schematic of Final Assembly | 7/23/2020 | PUREWICK_0032593 | PUREWICK_0032594 | | FRE 401-402, 403, 801-802, 901, 602 |
| 455 | Bard Pad-nonwoven Raw Material Specification | N/A | PUREWICK_0032595 | PUREWICK_0032597 | | FRE 401-402, 403, 801-802, 901, 602 |
| 456 | Purewick Compression Bandage Preparation Manufacturing Procedure | N/A | PUREWICK_0032600 | PUREWICK_0032603 | | FRE 401-402, 403, 801-802, 901, 602 |
| 457 | PureWick Tube, Cut | 8/24/2017 | PUREWICK_0032608 | PUREWICK_0032610 | | FRE 401-402, 403, 801-802, 901, 602 |
| 458 | Wick Assembly, PureWick Manufacturing Procedure | N/A | PUREWICK_0032637 | PUREWICK_0032647 | | Duplicative; FRE 401-402, 403, 801-802, 901, 602 |
| 459 | Compression Bandage, PureWick Raw Material Specification | N/A | PUREWICK_0032665 | PUREWICK_0032667 | | FRE 401-402, 403, 801-802, 901, 602 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---------|-------|------|----------------|---------------|---------------|------------|
| 460 | Washed Compression Bandage, PureWick Subassembly Specification | N/A | PUREWICK_0032676 | PUREWICK_0032678 | | FRE 401-402, 403, 801-802, 901, 602 |
| 461 | Compression Bandage, PureWick Raw Material Specification | N/A | PUREWICK_0032754 | PUREWICK_0032756 | | FRE 401-402, 403, 801-802, 901, 602 |
| 462 | Bard  BMD Clinical Evaluation Report | 9/19/2018 | PUREWICK_0033027 | PUREWICK_0033346 | | Duplicative; FRE 401-402, 403, 801-802, 901, 602 |
| 463 | PureWick Functionality presentation | N/A | PUREWICK_0038876 | PUREWICK_0038876 | | FRE 401-402, 403, 801-802, 901, 602 |
| 464 | Compression Sleeve Washing and QC Instructions | N/A | PUREWICK_0045530 | PUREWICK_0045531 | | FRE 401-402, 403, 801-802, 901, 602 |
| 465 | Email from J. Subieta to M. Drobnik, et al. re Bandage supply issue/update/actions | 9/19/2017 | PUREWICK_0046424 | PUREWICK_0046427 | | FRE 401-402, 403, 801-802, 901, 602 |
| 466 | Due Diligence Report - Research & Development Project Candle (DRAFT) | N/A | PUREWICK_0062956 | PUREWICK_0062972 | | FRE 401-402, 403, 801-802, 901 |
| 467 | Patent Assignment Abstract of Patent 6287506 from USPTO website | N/A | PUREWICK_0063087 | PUREWICK_0063130 | | FRE 401-402, 403, 801-802, 901, 602 |
| 468 | Britannica Online Encyclopedia "Carding" | N/A | PUREWICK_EXP_0000158 | PUREWICK_EXP_0000159 | | FRE 401-402, 403, 801-802, 901, 602, 702-703 |
| 469 | Definition of "Wicking" from the TextileGlossary.com website | N/A | PUREWICK_EXP_0000160 | PUREWICK_EXP_0000163 | | FRE 401-402, 403, 801-802, 901, 602, 702-703 |
| 470 | Kissa E., *Wetting and Wicking, Textile Res. J.,* 66(10), 660-668 (1996). | N/A | PUREWICK_EXP_0000164 | PUREWICK_EXP_0000173 | | FRE 401-402, 403, 801-802, 901, 602, 702-703 |
| 471 | Avallone E,  Baumeister III T, and Sadegh A., *Marks' Standard Handbook for Mechanical Engineers,*  McGraw Hill (2007). | N/A | PUREWICK_EXP_0000174 | PUREWICK_EXP_0000178 | | FRE 401-402, 403, 801-802, 901, 602, 702-703 |
| 472 | Chatterjee, A and Singh, P., *Studies on Wicking Behaviour of Polyester,* Hindavi Publishing Corporation Journal of Textiles (2014). | 2/24/2014 | PUREWICK_EXP_0000179 | PUREWICK_EXP_0000192 | | FRE 401-402, 403, 801-802, 901, 602, 702-703 |
| 473 | Priyalatha, S. and Raja, D., A Multi Directional Wicking Instrument to Measure Wicking Characteristics of Fabrics Under Dynamic Movements,*J. Inst. Eng. India Ser. E .*, 99(2): 209-218 (2018). | N/A | PUREWICK_EXP_0000193 | PUREWICK_EXP_0000206 | | FRE 401-402, 403, 801-802, 901, 602, 702-703 |
| 474 | Traubel, H., *Hydrophilic Polymers,*  New Materials Permeable to Water Vapor, Springer-Verlag Berlin Heidelberg (1999). | N/A | PUREWICK_EXP_0000429 | PUREWICK_EXP_0000448 | | FRE 401-402, 403, 801-802, 901, 602, 702-703 |
| 475 | Compression Bandage Test Form | N/A | PUREWICK_EXP_0000467 | PUREWICK_EXP_0000467 | | FRE 401-402, 403, 801-802, 901, 602, 702-703 |
| 476 | Female External Urine Management System Protocol | N/A | SAGE00000002 | SAGE00000005 | | FRE 401-402, 403, 801-802, 901, 602 |
| 477 | Stryker PrimaFit External Urine Mangement System for Females video | N/A | SAGE00000007 | SAGE00000007 | | FRE 401-402, 403, 901 |
| 478 | Stryker PrimaFit External Urine Mangement System for Females video | N/A | SAGE00000009 | SAGE00000009 | | FRE 401-402, 403, 901 |
| 479 | Stryker - What's New? - MYM Marketing materials | N/A | SAGE00000010 | SAGE00000079 | | Duplicative; FRE 401-402, 403, 801-802, 901 |
| 480 | Addressing the risk of the CAUTI without the catheter presentation | N/A | SAGE00000080 | SAGE00000080 | | FRE 401-402, 403, 801-802, 901 |
| 481 | Stryker - Incontinence-associated dermatitis (IAD) infromational brochure | N/A | SAGE00000089 | SAGE00000090 | | FRE 401-402, 403, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 482 | Stryker - Sage PrimaFit External Urine Management System for Females information brochure | N/A | SAGE00000093 | SAGE00000093 | | FRE 401-402, 403, 901 |
| 483 | Stryker - Stop Catheters Where They Start  information brochure | N/A | SAGE00000105 | SAGE00000105 | | FRE 401-402, 403, 901 |
| 484 | Stryker - Helping reduce your risk of IAD and CAUTI - Sage PrimaFit External Urine Management System for Female  information brochure | N/A | SAGE00000106 | SAGE00000106 | | FRE 401-402, 403, 901 |
| 485 | Stryker - Sage PrimaFit External Urine Management System for Females information guide | N/A | SAGE00000108 | SAGE00000108 | | FRE 401-402, 403, 901 |
| 486 | Stryker - Sage PrimaFit External Urine Management System for Females Address the #1 CAUTI risk factor, the indwelling catheter information guide | N/A | SAGE00000109 | SAGE00000109 | | FRE 401-402, 403, 901 |
| 487 | Sage PrimaFit female cathter demo video | N/A | SAGE00000115 | SAGE00000115 | | FRE 401-402, 403, 801-802, 901 |
| 488 | Stryker PrimaFit schematic | 7/31/2017 | SAGE00000128 | SAGE00000130 | | FRE 401-402, 403, 801-802, 901 |
| 489 | Sage PrimaFit schematic | 3/15/2019 | SAGE00000135 | SAGE00000138 | | FRE 401-402, 403, 801-802, 901 |
| 490 | Sage PrimaFit schematic | 5/2/2018 | SAGE00000143 | SAGE00000145 | | FRE 401-402, 403, 801-802, 901 |
| 491 | Sage PrimaFit schematic | 3/6/2018 | SAGE00000146 | SAGE00000148 | | FRE 401-402, 403, 801-802, 901 |
| 492 | Stryker - Tube Port Subassembly w/Flexlink schematic | 6/5/2019 | SAGE00000206 | SAGE00000207 | | FRE 401-402, 403, 801-802, 901 |
| 493 | Sage Material Specification, Component, Tape, Double-sided, Square, 1/2 inch x 1/2 inch | 12/26/2018 | SAGE00000218 | SAGE00000218 | | FRE 401-402, 403 |
| 494 | Sage Assembly - Flexible Link Open schematic | 10/24/2018 | SAGE00000222 | SAGE00000222 | | FRE 401-402, 403, 801-802, 901 |
| 495 | Stryker - Flexible Link, Single schematic | 7/8/2019 | SAGE00000225 | SAGE00000225 | | FRE 401-402, 403, 801-802, 901 |
| 496 | Sage Material Specification for Flexible Link Assembly, 11, Cedarberg, 5400 | 5/8/2018 | SAGE00000227 | SAGE00000227 | | FRE 401-402, 403 |
| 497 | Sage Fabric Batting, Converted for 5400 | 9/5/2017 | SAGE00000236 | SAGE00000236 | | FRE 401-402, 403, 801-802, 901 |
| 498 | Sage Material Specification for Roll Stock for 5400 | 10/12/2017 | SAGE00000237 | SAGE00000237 | | FRE 401-402, 403 |
| 499 | Sage Absorbent Sleeve, Assembly schematic | 5/17/2019 | SAGE00000238 | SAGE00000238 | | FRE 401-402, 403, 801-802, 901 |
| 500 | Sage Absorbent Fabric, Converted schematic | 10/10/2017 | SAGE00000240 | SAGE00000240 | | FRE 401-402, 403, 801-802, 901 |
| 501 | Sage Foam Absorbent Sleeve, Back schematic | 4/15/2019 | SAGE00000242 | SAGE00000242 | | FRE 401-402, 403, 801-802, 901 |
| 502 | Sage Fluid Reservoir, Cap for 5400 schematic | 11/13/2018 | SAGE00000244 | SAGE00000244 | | FRE 401-402, 403, 801-802, 901 |
| 503 | Sage Foam, Adhesive Strip, Bottom schematic | 7/12/2019 | SAGE00000247 | SAGE00000247 | | FRE 401-402, 403, 801-802, 901 |
| 504 | Sage Assembly, Bowtie Anchor schematic | 9/28/2017 | SAGE00000250 | SAGE00000250 | | FRE 401-402, 403, 801-802, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 505 | Sage Products - SDCU Work Instructions for PrimaFit (Female Urine Mgmt. | 5/6/2019 | SAGE00000352 | SAGE00000354 | | FRE 401-402, 403 |
| 506 | Sage Products - SDCU Work Instructions for PrimaFit (Female Urine Mgmt. | 6/14/2018 | SAGE00000375 | SAGE00000382 | | Duplicative |
| 507 | Sage Products - SDCU Standard Operating Procedure - PrimaFit (UM1) operating procedure | 5/6/2019 | SAGE00000454 | SAGE00000467 | | Duplicative |
| 508 | Sage PrimoFit External Urine Management for the Male Anatomy Competency Skill Checklist | N/A | SAGE00021399 | SAGE00021399 | | FRE 401-402, 403 |
| 509 | Questions and Answer about the PrimoFit | N/A | SAGE00021402 | SAGE00021403 | | FRE 401-402, 403, 801-802, 901 |
| 510 | Stryker - Why do I need to wear this device?  PrimoFit information brochure | N/A | SAGE00021406 | SAGE00021407 | | FRE 401-402, 403 |
| 511 | Stryker - Sage PrimoFit External Urine Management for the Male Anatomy product information brochure | N/A | SAGE00021408 | SAGE00021408 | | FRE 401-402, 403 |
| 512 | Stryker - Incontinence-associated dermatitis (IAD) informational brochure | N/A | SAGE00021410 | SAGE00021411 | | Duplicative |
| 513 | PrimoFit External Male Urine management System product information | N/A | SAGE00021423 | SAGE00021427 | | FRE 401-402, 403, 801-802, 901 |
| 514 | PrimoFit External Male Urine management System product information (with comments) | N/A | SAGE00021428 | SAGE00021432 | | Duplicative; FRE 401-402, 403, 801-802, 901 |
| 515 | Sage - Bag for Segue schematic | 8/31/2017 | SAGE00021455 | SAGE00021458 | | FRE 401-402, 403, 801-802, 901 |
| 516 | Stryker - Patient Interface Adhesive Assembly for 5404 schematic | 8/8/2018 | SAGE00021469 | SAGE00021470 | | FRE 401-402, 403, 801-802, 901 |
| 517 | Stryker - Stub Tube for 5404 schematic | 9/27/2018 | SAGE00021473 | SAGE00021473 | | FRE 401-402, 403, 801-802, 901 |
| 518 | Stryker - Extension Tube for 5404 schematic | 9/27/2018 | SAGE00021474 | SAGE00021474 | | FRE 401-402, 403, 801-802, 901 |
| 519 | Sage Material Specification for Stub Tube Adhesive for 5404 | 11/22/2019 | SAGE00021475 | SAGE00021475 | | FRE 401-402, 403, 801-802, 901 |
| 520 | Stryker - Adapter Port for 5404 schematic | 10/22/2018 | SAGE00021476 | SAGE00021476 | | FRE 401-402, 403, 801-802, 901 |
| 521 | Stryker - Batting Layer for 5404 schematic | 4/9/2019 | SAGE00021477 | SAGE00021477 | | FRE 401-402, 403, 801-802, 901 |
| 522 | Stryker - Top Film Layer for 5404 schematic | 4/9/2019 | SAGE00021480 | SAGE00021481 | | FRE 401-402, 403, 801-802, 901 |
| 523 | Stryker - Adhesive Bow-Tie Assembly for 5404 schematic | 9/19/2017 | SAGE00021482 | SAGE00021482 | | FRE 401-402, 403, 801-802, 901 |
| 524 | Stryker - Sage Female External Urine Collection Device - Sales and Marketing Primer Binder presentation | 2/00/2018 | SAGE00023112 | SAGE00023112 | | Duplicative; FRE 401-402, 403, 801-802, 602, 901 |
| 525 | Stryker - Regulatory Profile Summary: Medical Device Project Segue | 10/4/2017 | SAGE00023171 | SAGE00023181 | | FRE 401-402, 403, 801-802, 602, 901 |
| 526 | PrimaFit Claims (US) | 5/10/2016 | SAGE00023335 | SAGE00023419 | | FRE 401-402, 403, 801-802, 602, 901 |
| 527 | Photograph of prototype | N/A | SAGE00023550 | SAGE00023550 | | FRE 401-402, 403, 901 |
| 528 | Photograph of prototype | N/A | SAGE00023551 | SAGE00023551 | | FRE 401-402, 403, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 529 | Photograph of prototype | N/A | SAGE00023657 | SAGE00023657 | | FRE 401-402, 403, 901 |
| 530 | Centegra Health Systems - External Female catheter Trial | N/A | SAGE00023799 | SAGE00023799 | | FRE 401-402, 403, 801-802, 602, 901 |
| 531 | Patient Care Services Policy Manual re Female Catheter implemenation and policy | 10/26/2016 | SAGE00023828 | SAGE00023831 | | FRE 401-402, 403, 801-802, 901 |
| 532 | Sage - Project Segue: Key Features and Benefits presentation | N/A | SAGE00023848 | SAGE00023848 | | FRE 401-402, 403, 801-802, 901 |
| 533 | Stryker - Regulatory Profile Summary: Medical Device Project Segue (with comments) | 10/4/2017 | SAGE00024050 | SAGE00024060 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 534 | Project Segue Design Review for Field Evaluations by B. Blabas | 7/18/2017 | SAGE00024526 | SAGE00024527 | | FRE 401-402, 403, 801-802, 901 |
| 535 | Sage Female External Continence Device Key Features and Benefits presentation | N/A | SAGE00024796 | SAGE00024796 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 536 | Email from J. Prestipino to B. Blabas re Sage Fabric | 8/18/2017 | SAGE00024806 | SAGE00024807 | | FRE 401-402, 403, 801-802, 901, 602 |
| 537 | Segue Fabric Wicking Rate Data | N/A | SAGE00024819 | SAGE00024819 | | FRE 401-402, 403, 801-802, 901, 602 |
| 538 | Stryker - New Product Preview Segue | N/A | SAGE00024862 | SAGE00024862 | | FRE 401-402, 403, 801-802, 901, 602, 106 |
| 539 | Stryker - New Product Preview Segue | N/A | SAGE00024873 | SAGE00024873 | | Duplicative, FRE 401-402, 403, 801-802, 901, 602, 106 |
| 540 | Excel of Sage Products - Component (Fabric or Fiber) Specification Worksheet | 9/15/2017 | SAGE00024949 | SAGE00024949 | | FRE 401-402, 403, 801-802, 901, 602 |
| 541 | Product Segue Fabric Summary Statement - Brett Blabas, NPD Concept I Engineer | 10/6/2017 | SAGE00024973 | SAGE00024973 | | FRE 401-402, 403, 801-802, 901 |
| 542 | Sage Products - Work Instructions for 5400 | N/A | SAGE00025037 | SAGE00025043 | | FRE 401-402, 403, 801-802, 901 |
| 543 | PrimaFit (Segue) Claims Supportive Evidence (with comments) | 11/17/2017 | SAGE00025067 | SAGE00025070 | | FRE 401-402, 403, 801-802, 901, 106 |
| 544 | Segue Fabric Biocompatability - B. Blabas | 6/7/2017 | SAGE00025094 | SAGE00025095 | | FRE 401-402, 403, 801-802, 901 |
| 545 | Product Overview presentation | N/A | SAGE00025129 | SAGE00025129 | | FRE 401-402, 403, 801-802, 901, 602 |
| 546 | Sage - PrimaFit External Urine Management System for Females | N/A | SAGE00025613 | SAGE00025613 | | FRE 401-402, 403, 801-802, 901, 602 |
| 547 | Sage - K. Buckstaff (Senior Marketing Associate) presentation re Sage Urine Management System presentation | N/A | SAGE00025670 | SAGE00025670 | | FRE 401-402, 403, 801-802, 901 |
| 548 | Sage - New Product - The Sage Female External Urine Collection Device presentation | N/A | SAGE00025704 | SAGE00025704 | | FRE 401-402, 403, 801-802, 901 |
| 549 | Segue and PureWick Testing | 1/19/2017 | SAGE00026462 | SAGE00026462 | | FRE 401-402, 403, 801-802, 901, 602 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 550 | Initial Project - Segue Testing Results by B. Blabas | 1/23/2017 | SAGE00026463 | SAGE00026463 | | FRE 401-402, 403, 801-802, 901 |
| 551 | Project Segue: Market Definition | 3/27/2017 | SAGE00026464 | SAGE00026465 | | FRE 401-402, 403, 801-802, 901 |
| 552 | Lab Testing Results for fabric | N/A | SAGE00026589 | SAGE00026590 | | FRE 401-402, 403, 801-802, 901 |
| 553 | Sage - Segue presentation | N/A | SAGE00027234 | SAGE00027234 | | FRE 401-402, 403, 801-802, 901 |
| 554 | Product Overview presentation | N/A | SAGE00027254 | SAGE00027254 | | Duplicative, FRE 401-402, 403, 801-802, 901, 602 |
| 555 | Sage Female ECD Highlights from field evaluations | 8/30/2017 | SAGE00027531 | SAGE00027532 | | FRE 401-402, 403, 801-802, 901, 602 |
| 556 | Sage PrimaFit presentation | N/A | SAGE00027609 | SAGE00027609 | | FRE 401-402, 403, 801-802, 901 |
| 557 | NPD Limited Launch Design Approval Form | 6/14/2019 | SAGE00028085 | SAGE00028088 | | FRE 401-402, 403, 801-802, 901 |
| 558 | Sage - New Product Development Protocol - PrimaFit In-House Volunteer Assessment | 7/25/2019 | SAGE00028097 | SAGE00028100 | | FRE 401-402, 403, 801-802, 901 |
| 559 | Excel of product isssues and possible solutions | N/A | SAGE00028145 | SAGE00028145 | | FRE 401-402, 403, 801-802, 901 |
| 560 | Sage - New Product Development Protocol - PrimaFit In-House Volunteer Assessment | 7/31/2019 | SAGE00028153 | SAGE00028162 | | FRE 401-402, 403, 801-802, 901 |
| 561 | Sage PrimoFit Launch Workshop presentation | N/A | SAGE00028962 | SAGE00028962 | | FRE 401-402, 403, 801-802, 901 |
| 562 | Stryker - CAUTI 101 presentation (DRAFT) | 12/12/2017 | SAGE00028973 | SAGE00028973 | | FRE 401-402, 403, 801-802, 901, 602 |
| 563 | Stryker - Project Status Review Segue Upgrade | N/A | SAGE00028993 | SAGE00028993 | | FRE 401-402, 403, 801-802, 901 |
| 564 | Stryker - PrimaFit 1.5 Redesign Project Status Update presentation | N/A | SAGE00029011 | SAGE00029011 | | FRE 401-402, 403, 801-802, 901 |
| 565 | Stryker - Sage Portfolio Update presentation | 4/19/2019 | SAGE00029013 | SAGE00029048 | | FRE 401-402, 403, 801-802, 901 |
| 566 | PrimaFit External Urine Management for the Female Anatomy package label | N/A | SAGE00030399 | SAGE00030400 | | FRE 401-402, 403, 801-802, 901 |
| 567 | Photograph of ▮▮▮▮ front | N/A | SAGE00030401 | SAGE00030401 | | Duplicative, FRE 401-402 |
| 568 | Photograph of ▮▮▮▮ back | N/A | SAGE00030402 | SAGE00030402 | | Duplicative, FRE 401-402 |
| 569 | Isthmus - ▮▮▮▮ Functional Specification | 8/3/2020 | SAGE00030411 | SAGE00030463 | | FRE 401-402, 403, 801-802, 901, 602 |
| 570 | PrimoFit External Male urione Management System document (with comments) | N/A | SAGE00030898 | SAGE000309002 | | FRE 401-402, 403, 801-802, 901, 106 |
| 571 | Project Primo Update | 2/6/2019 | SAGE00031176 | SAGE00031177 | | FRE 401-402, 403, 801-802, 901, 106 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 572 | Stryker - NPD Limited Launch Design Approval Form (Project Primo) | 2/15/2019 | SAGE00031200 | SAGE00031217 | | FRE 401-402, 403, 801-802, 901 |
| 573 | Stryker - NPD Limited Launch Design Approval Form (Project Primo Rev. 002) | N/A | SAGE00031282 | SAGE00031288 | | FRE 401-402, 403, 801-802, 901 |
| 574 | Stryker - PrimoFit External Urine Management System for Males presentation | 4/19/2019 | SAGE00031452 | SAGE00031461 | | FRE 401-402, 403, 801-802, 901 |
| 575 | Stryker - NPD Limited Launch Design Approval Form for Primo (Rev. 002) | 4/25/2019 | SAGE00031527 | SAGE00031532 | | FRE 401-402, 403, 801-802, 901 |
| 576 | Stryker - NPD Limited Launch Design Approval Form for PrimoFit (Rev. 003) | N/A | SAGE00031622 | SAGE00031628 | | FRE 401-402, 403, 801-802, 901 |
| 577 | Stryker - Biocompatability Summary - PrimoFit | 6/18/2019 | SAGE00031643 | SAGE00031644 | | FRE 401-402, 403, 801-802, 901 |
| 578 | 700-112 - PrimoFit External Urinew Management System for Males presentation | 6/21/2019 | SAGE00031649 | SAGE00031649 | | FRE 401-402, 403, 801-802, 901, 602 |
| 579 | Stryker - Sage PrimoFit External Urine Management for Males label | N/A | SAGE00031757 | SAGE00031758 | | FRE 401-402, 403, 801-802, 901 |
| 580 | Biocompatability Summary - PrimoFit | 8/26/2019 | SAGE00031814 | SAGE00031815 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 581 | Polo Custom Products - Sage F/G 5405 PrimoFit Raw Material List | N/A | SAGE00031897 | SAGE00031897 | | FRE 401-402, 403, 801-802, 901, 602 |
| 582 | Sage Products - New Product Development Protocol for PrimoFit: Uroflowmetry Suction Verification Test Protocol - Report | 8/14/2019 | SAGE00031904 | SAGE00031907 | | FRE 401-402, 403, 801-802, 901 |
| 583 | Stryker - PrimoFit Transfer Meeting Marketing Sales | 10/25/2019 | SAGE00031953 | SAGE00031953 | | FRE 401-402, 403, 801-802, 901 |
| 584 | Stryker - PrimoFit Bag artwork sheet schematic | 9/24/2019 | SAGE00032081 | SAGE00032082 | | FRE 401-402, 403, 801-802, 901 |
| 585 | Stryker - Sage PrimoFit label and artwork sheet schematic | N/A | SAGE00032283 | SAGE00032286 | | FRE 401-402, 403, 801-802, 901 |
| 586 | Saege Products - PrimoFit Perimeter Seal Fiber Leak Test | N/A | SAGE00032319 | SAGE00032323 | | FRE 401-402, 403, 801-802, 901 |
| 587 | Saege Products - PrimoFit Perimeter Seal Fiber Leak Test | 2/10/2020 | SAGE00032338 | SAGE00032340 | | FRE 401-402, 403, 801-802, 901 |
| 588 | NPD to PE Knowledge Transfer Summary Report for Primo Fit | N/A | SAGE00032370 | SAGE00032379 | | FRE 401-402, 403, 801-802, 901 |
| 589 | Sage Products - Regulatory Plan (Rev. 003) for Sage PrimoFit External Urine Management for the Male Anatomy | 11/5/2019 | SAGE00032743 | SAGE00032759 | | FRE 401-402, 403, 801-802, 901 |
| 590 | Internal Memo (DRAFT) re PrimoFit Best Practices | N/A | SAGE00032860 | SAGE00032861 | | FRE 401-402, 403, 801-802, 901, 602 |
| 591 | Stryker - Sage PrimoFit June 2020 Area Calls | 6/2/2020 | SAGE00032889 | SAGE00032889 | | FRE 401-402, 403, 801-802, 901, 602 |
| 592 | Stryker - Sage PrimoFit External Urine Management for the Male Anatomy product information guide | N/A | SAGE00033485 | SAGE00033485 | | FRE 401-402, 403, 801-802, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 593 | Stryker - Sage PrimoFit External Urine Management for the Male Anatomy product information brochure | N/A | SAGE00033494 | SAGE00033494 | | FRE 401-402, 403, 801-802, 901 |
| 594 | Stryker - Sage PrimoFit External Urine Management for the Male Anatomy product information brochure | N/A | SAGE00033496 | SAGE00033496 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 595 | Female External Urine Collection Device (localized adhesive)-Limited launch Process-NonFilling Justification Summary | 6/29/2019 | SAGE00033914 | SAGE00033915 | | FRE 401-402, 403, 801-802, 901 |
| 596 | NPD to PE Knowledge Transfer Summary Report for PrimaFit | N/A | SAGE00034149 | SAGE00034160 | | FRE 401-402, 403, 801-802, 901 |
| 597 | NPD to PE Knowledge Transfer Summary Report for PrimaFit | N/A | SAGE00034173 | SAGE00034183 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 598 | Sage Products - BioCompatability Evaluation of PrimoFit External Urine Management System for male Anatomy (DRAFT) | N/A | SAGE00034769 | SAGE00034773 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 599 | Sage Products - PrimaFit NPD process Timeline | N/A | SAGE00035988 | SAGE00035988 | | FRE 401-402, 403, 801-802, 901 |
| 600 | Email from K. Sexton to D. Ulreich re ▮▮▮▮▮ Enhancement with Attachment re Evals for ▮▮▮▮▮ Enhancements | 1/2/2020 | SAGE00036975 | SAGE00036976 | | FRE 401-402, 403, 801-802, 901, 602 |
| 601 | Inova Product Evaluation form of Sage PrimaFit | 12/19/2019 | SAGE00036977 | SAGE00036991 | | FRE 401-402, 403, 801-802, 901 |
| 602 | Project ▮▮▮▮▮ notes | 2/26/2019 | SAGE00037268 | SAGE00037568 | | FRE 401-402, 403, 801-802, 901 |
| 603 | Sage PrimoFit Limited Launch Process Non-Filing Justification Summary | 11/20/2020 | SAGE00037516 | SAGE00037518 | | FRE 401-402, 403, 801-802, 901 |
| 604 | Kindred Healthcare - PrimaFit Female Urinary Incontinence Management | 12/20/2016 | SAGE00038211 | SAGE00038211 | | FRE 401-402, 403, 801-802, 602, 901 |
| 605 | Sage Product PrimaFit External Urine Management System for Females information brochure | N/A | SAGE00038710 | SAGE00038710 | | Duplicative |
| 606 | Email from E. Ryba to K. Buckstaff re Beyond the bundle - CAUTI Prevention | 8/14/2018 | SAGE00038829 | SAGE00038832 | | FRE 401-402, 403, 801-802, 602, 901 |
| 607 | Stryker - Sage PrimaFit External Urine Management System for Females | N/A | SAGE00039812 | SAGE00039816 | | FRE 401-402, 403, 801-802, 602, 901 |
| 608 | Homestead Hospital policy document re Female External Urine Management System | 06/00/2018 | SAGE00040233 | SAGE00040235 | | FRE 401-402, 403, 801-802, 602, 901 |
| 609 | Photograph of catheter (back) | N/A | SAGE00040838 | SAGE00040838 | | FRE 401-402, 403 |
| 610 | Photograph of catheter (front) | | SAGE00040839 | SAGE00040839 | | FRE 401-402, 403 |
| 611 | Photograph of Fusion Quiet Power Pump | N/A | NEWTON 0005498 | NEWTON 0005498 | | FRE 401-402, 403, 901 |
| 612 | Tri Medical Center - Patient Care Services Policy Manual for PureWick Female Urinary Incontinence Management Implementation and Policy. | N/A | PUREWICK 0014456 | PUREWICK 0014458 | | FRE 401-402, 403, 801-802, 602, 901 |
| 613 | NHC Pulaski fax to M. Jacksonfrom P. Clayton re Copy of PureWick questionnaire | 1/29/2016 | PUREWICK 0015924 | PUREWICK 0015927 | | FRE 401-402, 403, 801-802, 602, 901 |
| 614 | Tri-City Medical Center - Innovation in Reducing CAUTIs informational chart | N/A | PUREWICK 0016010 | PUREWICK 0016010 | | Duplicative, FRE 401-402, 403, 801-802, 602, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 615 | PureWick, Inc. questionnaire | N/A | PUREWICK 0016253 | PUREWICK 0016262 | | FRE 401-402, 403, 801-802, 602, 901 |
| 616 | Excel file of Wick testing | N/A | PUREWICK 0017520 | PUREWICK 0017520 | | FRE 401-402, 403, 801-802, 602, 901 |
| 617 | PureWick Incontinence Relief for Women presentation | N/A | PUREWICK 0017984 | PUREWICK 0017990 | | FRE 401-402, 403, 801-802, 602, 901 |
| 618 | Photograph of PureWick product with patent number printed (US8587508 | N/A | PUREWICK 0017997 | PUREWICK 0017997 | | FRE 401-402, 403, 901 |
| 619 | 10 Finalists Chosen for Dare-to-Dream Medtech Design Challenge (PureWick) post on Design Services | 11/10/2014 | PUREWICK 0018134 | PUREWICK 0018136 | | FRE 401-402, 403, 801-802, 602, 901 |
| 620 | Photograph of tubing and catheter | N/A | PUREWICK 0019754 | PUREWICK 0019754 | | FRE 401-402, 403, 901 |
| 621 | PureWick Inc. - Urinary Incontinence Manament for Women Simple, Safe, Successful Executive Summary | N/A | PUREWICK 0020909 | PUREWICK 0020912 | | FRE 401-402, 403, 801-802, 602, 901 |
| 622 | Multiple emails regarding hospital quotes | N/A | PUREWICK 0021757 | PUREWICK 0021889 | | FRE 401-402, 403, 801-802, 602, 901, 106 |
| 623 | BD Bard - External Catheter for Woemn Helps Reduce Catheter - Associated Urinary Tract Infection Risk Factors! Presentation | N/A | PUREWICK 0026558 | PUREWICK 0026587 | | FRE 401-402, 403, 801-802, 602, 901 |
| 624 | PureWick 625 Wick, SH - Item Number 100008 Biocompatability Review | 10/10/2016 | PUREWICK 0027352 | PUREWICK 0027406 | | Duplicative, FRE 401-402, 403, 801-802, 602, 901 |
| 625 | Photograph of prototype | N/A | PUREWICK 0030265 | PUREWICK 0030265 | | FRE 401-402, 403, 901 |
| 626 | Photograph of extruded wick prototype | N/A | PUREWICK 0030275 | PUREWICK 0030275 | | FRE 401-402, 403, 901 |
| 627 | Stryker - Case Studies - Sage PrimaFIt - External Urine Management System for Females | N/A | SAGE00000008 | SAGE00000008 | | FRE 401-402, 403, 801-802, 602, 901 |
| 628 | Sage PrimoFit artwork sheet | 9/24/2019 | SAGE00021459 | SAGE00021462 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 629 | Excel file of hospital staff feedback of product | N/A | SAGE00023854 | SAGE00023854 | | FRE 401-402, 403, 801-802, 602, 901 |
| 630 | Executive Summary: Sage Female External Continence Device | N/A | SAGE00024810 | SAGE00024811 | | FRE 401-402, 403, 801-802, 602, 901 |
| 631 | Sage Products - PrimaFit External Urine Management System for Females | N/A | SAGE00026512 | SAGE00025612 | | FRE 401-402, 403, 801-802, 602, 901 |
| 632 | PureWick product benefits | 7/8/2016 | SAGE00025925 | SAGE00025927 | | FRE 401-402, 403, 801-802, 602, 901 |
| 633 | Project Candle update | 9/13/2016 | SAGE00028354 | SAGE00028360 | | FRE 401-402, 403, 801-802, 602, 901 |
| 634 | Project Candle VOC Summary | N/A | PUREWICK_0014255 | PUREWICK_0014258 | | FRE 401-402, 403, 801-802, 602, 901 |
| 635 | Bard Medical Division Memo to PureWick VOC Folder from J. Gohde re VOC on the PureWick product | 4/25/2016 | PUREWICK_0014279 | PUREWICK_0014250 | | FRE 401-402, 403, 801-802, 602, 901 |
| 636 | BD Challenges with Urine Output Management | N/A | PUREWICK_0014418 | PUREWICK_0014418 | | FRE 401-402, 403, 801-802, 901 |
| 637 | PureWick schematic of shell | 2/20/2018 | PUREWICK_0014541 | PUREWICK_0014542 | | FRE 401-402, 403, 801-802, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 638 | Memorial Sloan Kettering Cancer Center - An Alternative to the Indewelling Foley Catheter in Incontinence Female Patients brochure | N/A | PUREWICK_0014567 | PUREWICK_0014567 | | FRE 401-402, 403, 801-802, 602, 901, 702-703 |
| 639 | UC Davis Medical Center - The CAUTI's Stop Here: A Quality Improvement Project in an Emergency Department brochure | N/A | PUREWICK_0014572 | PUREWICK_0014572 | | FRE 401-402, 403, 801-802, 602, 901, 702-703 |
| 640 | PureWick Agreement and Plan of Merger by and among C.R. bard, Inc., Candle Acquisition Corp., PureWick Corporation, and Camille Newton | 6/21/2017 | PUREWICK_0015362 | PUREWICK_0015893 | | FRE 401-402, 403, 801-802, 901 |
| 641 | Ltr Dr. Newton from Hilltop Country Estate re testing of PureWick urine equipment | 6/12/2015 | PUREWICK_0015968 | PUREWICK_0015968 | | FRE 401-402, 403, 801-802, 901 |
| 642 | Photograph of Camille Newton | N/A | PUREWICK_0016012 | PUREWICK_0016012 | | Duplicative (live witness), FRE 401-402, 403, 901 |
| 643 | Excel of user results in 2013 and 2014 | N/A | PUREWICK_0016035 | PUREWICK_0016035 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 644 | The Simon Foundation for Continence  abstract submission form - Innovating for Continence: The engineering Challenge 2017 | N/A | PUREWICK_0016147 | PUREWICK_0016148 | | FRE 401-402, 403, 801-802, 901 |
| 645 | Measuring Safety, Effectiveness and Ease of Use of PureWick in the Management of Urinary Incontinence in Bedbound Women: case studies | 1/8/2016 | PUREWICK_0016149 | PUREWICK_0016158 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 646 | Purewick Selected as a Winner of CONNECT'S 28th Annual Most Innovative New Product Awards article | 12/2/2015 | PUREWICK_0017511 | PUREWICK_0017512 | | FRE 401-402, 403, 801-802, 901 |
| 647 | PureWick  External Catheter for Women Instructions for Use | N/A | PUREWICK_0017586 | PUREWICK_0017587 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 648 | Email from M. Jackson to B. Szabad and L. Hennessey re Tri-City product order | 2/24/2016 | PUREWICK_0017646 | PUREWICK_0017647 | | FRE 401-402, 403, 801-802, 602, 901 |
| 649 | Sales: Monthly Wick Sales table | N/A | PUREWICK_0017657 | PUREWICK_0017657 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 650 | Sales: Total Quarterly Sales table | N/A | PUREWICK_0017664 | PUREWICK_0017664 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 651 | Email from J. Pasquariello to M. Jackson, et al. re Is there any chance I can get more | 5/25/2016 | PUREWICK_0017688 | PUREWICK_0017691 | | FRE 401-402, 403, 801-802, 602, 901 |
| 652 | Email from S. Floyd to C. Newton re PureWick | 4/12/2016 | PUREWICK_0017712 | PUREWICK_0017712 | | FRE 401-402, 403, 801-802, 602, 901 |
| 653 | Email from C. Newton to J. Batts re PureWick Steps to successful implementation and commonly asked questions | 5/15/2016 | PUREWICK_0017714 | PUREWICK_0017715 | | FRE 401-402, 403, 801-802, 602, 901 |
| 654 | Ltr to C. Newton from L. Baer re Pureweick product | 5/25/2016 | PUREWICK_0017716 | PUREWICK_0017716 | | FRE 401-402, 403, 801-802, 602, 901 |
| 655 | Email from A. Maflin to J. Hennessey re PureWick instructions and Eval | 5/5/2016 | PUREWICK_0017718 | PUREWICK_0017720 | | FRE 401-402, 403, 801-802, 602, 901 |
| 656 | Photograph of catheter | N/A | PUREWICK_0017891 | PUREWICK_0017891 | | FRE 401-402, 403, 901 |
| 657 | 2014 MDDI Dare to DreamMed Tech Challenge Certificate award to Camille Newton | N/A | PUREWICK_0017958 | PUREWICK_0017958 | | FRE 401-402, 403, 801-802, 901 |
| 658 | Photograph of 28th Annual Most Innovative New Product Awards to PureWick | N/A | PUREWICK_0017975 | PUREWICK_0017975 | | Duplicative, FRE 401-402, 403, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 659 | Photograph of 28th Annual Most Innovative New Product Awards to PureWick | N/A | PUREWICK_0018868 | PUREWICK_0018868 | | Duplicative, FRE 401-402, 403, 901 |
| 660 | Email from M. Stankovic to J. Bobay re PureWick follow up information | 10/12/2016 | PUREWICK_0019574 | PUREWICK_0015575 | | FRE 401-402, 403, 801-802, 901 |
| 661 | Email from M. Stankovic to J. Bobay, et al. re YTD/MTD sales by account with attachment PureWick August Wick sales | 9/20/2016 | PUREWICK_0019587 | PUREWICK_0019589 | | FRE 401-402, 403, 801-802, 901 |
| 662 | Email from SM. Stankovic to J. Bobay, et al. re YTD/MTD sales by account with attachment re hospital sales | 9/20/2016 | PUREWICK_0019590 | PUREWICK_0019592 | | FRE 401-402, 403, 801-802, 901 |
| 663 | Email from M. Stankovic to J. Bobay re Purewcik - Patents with attachments re applications | 9/21/2016 | PUREWICK_0019597 | PUREWICK_0019646 | | FRE 401-402, 403, 801-802, 901 |
| 664 | Sage Products Mutual Confidentiality Agreement between Sage Products, LLC and PureWick Inc. | 7/5/2016 | PUREWICK_0019670 | PUREWICK_0019672 | | Duplicative, FRE 401-402, 403, 801-802, 901, MIL-#2 |
| 665 | Photograph of prototype | N/A | PUREWICK_0019753 | PUREWICK_0019753 | | FRE 401-402, 403, 901 |
| 666 | Photograph of prototype | N/A | PUREWICK_0019756 | PUREWICK_0019756 | | FRE 401-402, 403, 901 |
| 667 | Photograph of prototypes | N/A | PUREWICK_0019757 | PUREWICK_0019757 | | FRE 401-402, 403, 901 |
| 668 | Photograph of prototypes | N/A | PUREWICK_0019764 | PUREWICK_0019764 | | FRE 401-402, 403, 901 |
| 669 | Photograph of prototype | N/A | PUREWICK_0019773 | PUREWICK_0019773 | | FRE 401-402, 403, 901 |
| 670 | Photograph of prototypes | N/A | PUREWICK_0019774 | PUREWICK_0019774 | | FRE 401-402, 403, 901 |
| 671 | Photograph of PureWick device | N/A | PUREWICK_0019775 | PUREWICK_0019775 | | FRE 401-402, 403, 901 |
| 672 | Photograph of prototypes | N/A | PUREWICK_0019781 | PUREWICK_0019781 | | FRE 401-402, 403, 901 |
| 673 | Photograph of prototypes | N/A | PUREWICK_0019790 | PUREWICK_0019790 | | FRE 401-402, 403, 901 |
| 674 | Heaven International Healthcare - Technical Datasheet | N/A | PUREWICK_0019993 | PUREWICK_0019993 | | FRE 401-402, 403, 801-802, 901 |
| 675 | History of Product Design | N/A | PUREWICK_0020181 | PUREWICK_0020186 | | FRE 401-402, 403, 801-802, 901, 602 |
| 676 | PureWick Inc. Successful Incontinence Management for Women - Business Plan | 3/20/2016 | PUREWICK_0020788 | PUREWICK_0020810 | | Duplicative, FRE 401-402, 403, 801-802, 901, 602 |
| 677 | PureWick - Continue Incontinence Management After Hospitalization or Nursing Care ad | | PUREWICK_0021998 | PUREWICK_0021998 | | FRE 401-402, 403, 801-802, 901 |
| 678 | PureWick Inc. Successful Incontinence Management for Women | N/A | PUREWICK_0022136 | PUREWICK_0022137 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 679 | Video on how to use the PureWick | N/A | PUREWICK_0022301 | PUREWICK_0022301 | | FRE 401-402, 403, 901 |
| 680 | Invention Agreement between Robert Sanchez and Camille Newton regarding a liquid collection device | 5/31/2010 | PUREWICK_0023587 | PUREWICK_0023589 | | FRE 401-402, 403, 801-802, 901 |
| 681 | Photograph of Camille Newton with award at Athena, San Diego | N/A | PUREWICK_0024648 | PUREWICK_0024648 | | Duplicative (live witness), FRE 401-402, 403, 901 |
| 682 | Photograph of prototype | N/A | PUREWICK_0024660 | PUREWICK_0024660 | | FRE 401-402, 403, 901 |
| 683 | Photograph of prototype | N/A | PUREWICK_0024665 | PUREWICK_0024665 | | FRE 401-402, 403, 901 |
| 684 | Photograph of prototype | N/A | PUREWICK_0024667 | PUREWICK_0024667 | | FRE 401-402, 403, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 685 | Photograph of PureWick FEC | N/A | PUREWICK_0024782 | PUREWICK_0024782 | | Duplicative, FRE 401-402, 403, 901 |
| 686 | PureWick - External Female Catheter presentation | N/A | PUREWICK_0025092 | PUREWICK_0025113 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 687 | Excel of Wick Design Results for A Side-Sleeping User | N/A | PUREWICK_0025943 | PUREWICK_0025493 | | FRE 401-402, 403, 801-802, 901 |
| 688 | Excel of user results in 2013 and 2014 | N/A | PUREWICK_0025947 | PUREWICK_0025947 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 689 | Scimals Non-Disclosure Agreement between SCIMLAS and PureWick | 5/12/2014 | PUREWICK_0026794 | PUREWICK_0026797 | | FRE 401-402, 403, 801-802, 901 |
| 690 | BD Acute Urology Monthyly Meeting | N/A | PUREWICK_0042812 | PUREWICK_0042812 | | FRE 401-402, 403, 801-802, 901 |
| 691 | BD Monthly Deep Dive Presentation | N/A | PUREWICK_0064264 | PUREWICK_0064264 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 692 | Excel file PrimaFit  (5400) information | N/A | SAGE00028143 | SAGE00028143 | | FRE 401-402, 403, 801-802, 901 |
| 693 | Sage Product Line Market Shares with GHX Data presentation | 4/18/2019 | SAGE00029452 | SAGE00029514 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 694 | Sage Product Line Market Shares with GHX Data presentation | 5/15/2019 | SAGE00029515 | SAGE00029577 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 695 | Sage Product Line Market Shares with GHX Data presentation | 6/18/2019 | SAGE00029578 | SAGE00029640 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 696 | Sage Product Line Market Shares with GHX Data presentation | 7/15/2019 | SAGE00029641 | SAGE00029703 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 697 | Market Inclusion List: PrimaFit (2019 M1) | 3/18/2019 | SAGE00029705 | SAGE00029705 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 698 | Market Inclusion List: PrimaFit (2019 M2) | 4/18/2019 | SAGE00029706 | SAGE00029706 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 699 | Market Inclusion List: PrimaFit (2019 M3) | 5/15/2019 | SAGE00029708 | SAGE00029708 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 700 | Market Inclusion List: PrimaFit (2019 M4) | 6/18/2019 | SAGE00029710 | SAGE00029710 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 701 | Market Inclusion List: PrimaFit (2019 M6) | 8/20/2019 | SAGE00029713 | SAGE00029713 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 702 | Sage Product Line Market Shares with GHX Data presentation | 9/24/2019 | SAGE00029715 | SAGE00029777 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 703 | Market Inclusion List: PrimaFit (2019 M7) | 9/24/2019 | SAGE00029778 | SAGE00029778 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 704 | Sage Product Line Market Shares with GHX Data presentation | 10/21/2019 | SAGE00029780 | SAGE00029842 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 705 | Market Inclusion List: PrimaFit (2019 M8) | 10/21/2019 | SAGE00029843 | SAGE00029843 | | Duplicative, FRE 401-402, 403, 801-802, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 706 | Sage Product Line Market Shares with GHX Data presentation | 11/19/2019 | SAGE00029845 | SAGE00029911 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 707 | Market Inclusion List: PrimaFit (2019 M9) | 11/19/2019 | SAGE00029912 | SAGE00029912 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 708 | Sage Product Line Market Shares with GHX Data presentation | 12/19/2019 | SAGE00029914 | SAGE00029980 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 709 | Market Inclusion List: PrimaFit (2019 M10) | 12/17/2019 | SAGE00029981 | SAGE00029981 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 710 | Sage Product Line Market Shares with GHX Data presentation | 1/18/2020 | SAGE00029983 | SAGE00030049 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 711 | Market Inclusion List: PrimaFit (2019 M11) | 1/16/2020 | SAGE00030050 | SAGE00030050 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 712 | Sage Product Line Market Shares with GHX Data presentation | 2/14/2020 | SAGE00030052 | SAGE00030118 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 713 | Market Inclusion List: PrimaFit (2019 M12) | 2/14/2020 | SAGE00030119 | SAGE00030119 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 714 | Sage Product Line Market Shares with GHX Data presentation | 3/15/2020 | SAGE00030121 | SAGE00030187 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 715 | Market Inclusion List: PrimaFit (2020 M1) | 3/15/2020 | SAGE00030188 | SAGE00030188 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 716 | Sage Product Line Market Shares with GHX Data presentation | 4/17/2020 | SAGE00030190 | SAGE00030256 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 717 | Market Inclusion List: PrimaFit (2020 M2) | 4/17/2020 | SAGE00030257 | SAGE00030257 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 718 | Sage Product Line Market Shares with GHX Data presentation | 5/15/2020 | SAGE00030259 | SAGE00030325 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 719 | Market Inclusion List: PrimaFit (2020 M3) | 5/15/2020 | SAGE00030326 | SAGE00030326 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 720 | Sage Product Line Market Shares with GHX Data presentation | 6/12/2020 | SAGE00030328 | SAGE00030394 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 721 | Market Inclusion List: PrimaFit (2020 M4) | 6/12/2020 | SAGE00030395 | SAGE00030395 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 722 | Photograph of Camile Newton and Robert Sanchez | N/A | NEWTON  0005228 | NEWTON  0005228 | | FRE 401-402, 403, 901 |
| 723 | Physical samples of PureWick FEC Devices | N/A | N/A | N/A | | FRE 401-402, 403, 901 |
| 724 | Sample of PrimaFit Device | N/A | SAGE00040000 | SAGE00040000 | | |
| 725 | Sample of PrimaFit Device | N/A | SAGE00040001 | SAGE00040001 | | |
| 726 | Sample of PrimaFit Device | N/A | SAGE00040002 | SAGE00040002 | | |
| 727 | Sample of PrimaFit Device | N/A | SAGE00040004 | SAGE00040004 | | |
| 728 | Sample of PrimoFit Device | N/A | SAGE00040005 | SAGE00040005 | | |
| 729 | Sample of PrimoFit Device | N/A | SAGE00040006 | SAGE00040006 | | |
| 730 | Sample of PrimoFit Device | N/A | SAGE00040007 | SAGE00040007 | | |
| 731 | Sample of PrimoFit Device | N/A | SAGE00040008 | SAGE00040008 | | |
| 732 | Sample of PrimoFit Device | N/A | SAGE00040009 | SAGE00040009 | | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---------|-------|------|----------------|---------------|---------------|------------|
| 733 | Opening Expert Report of Dr. John Collins Regarding Infringement | 5/21/2021 | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 1006 |
| 734 | Exhibit A to Opening Expert Report of Dr. John Collins Regarding Infringement - Materials Coinsidered List | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 1006 |
| 735 | Exhibit B to Opening Expert Report of Dr. John Collins Regarding Infringement - Curriculum Vitae of John Collins | N/A | N/A | N/A | | FRE 801-802, 901, 1006 |
| 736 | Exhibit C to Opening Expert Report of Dr. John Collins Regarding Infringement - Prior cases in which Dr. Collins submitted testimony or reports as an expert witness in the last 4 years as of March 2021 | N/A | N/A | N/A | | FRE 401-402, 403, 801-802 |
| 737 | Exhibit D to Opening Expert Report of Dr. John Collins Regarding Infringement - U.S. Patent No. 8,287,508 Sage PrimaFit Device and Claims | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 1006 |
| 738 | Exhibit E to Opening Expert Report of Dr. John Collins Regarding Infringement - U.S. Patent No. 10,226,376 Sage PrimaFit Device and Claims | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 1006 |
| 739 | Exhibit F to Opening Expert Report of Dr. John Collins Regarding Infringement - U.S. Patent No. 10,390,989 Sage PrimaFit Device and Claims | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 1006 |
| 740 | Exhibit G to Opening Expert Report of Dr. John Collins Regarding Infringement - U.S. Patent No. 10,376,407 Sage PrimoFit Device and Claims | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 106 |
| 741 | Exhibit H to Opening Expert Report of Dr. John Collins Regarding Infringement - U.S. Patent No. 8,287,508 PureWick FEC Device and Claims | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 106 |
| 742 | Exhibit I to Opening Expert Report of Dr. John Collins Regarding Infringement - U.S. Patent No. 10,226,376 PureWick FEC Device and Claims | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 106 |
| 743 | Exhibit J to Opening Expert Report of Dr. John Collins Regarding Infringement - U.S. Patent No. 10,390,989 PureWick FEC Device and Claims | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 106 |
| 744 | Exhibit K to Opening Expert Report of Dr. John Collins Regarding Infringement - PrimaFit pictures and elastic band video | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 901, 106 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 745 | Opening Expert Report of Dr. Edward Yun | 5/21/2021 | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 602, 1006, D-Yun |
| 746 | Exhibit A to Opening Expert Report of Dr. Edward Yun - Materials Coinsidered List | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 1006 |
| 747 | Exhibit B to Opening Expert Report of Dr. Edward Yun - Curriculum Vitae of Edward Yun | N/A | N/A | N/A | | FRE 801-802, 901, 1006 |
| 748 | Exhibit C to Opening Expert Report of Dr. Edward Yun - Photographs of PrimaFit and PrimoFit devices | N/A | N/A | N/A | | Duplicative, FRE 401-402, 403, 702-703, 901 |
| 749 | Expert Report of Dr. Gregory Leonard with Appendicies and Exhibits | 5/21/2021 | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 1006, D-Leonard |
| 750 | Rebuttal Expert Report of Arrigo D. Jezzi Regarding Validity | 6/25/2021 | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 602, 1006, D-Jezzi |
| 751 | Exhibit A to Rebuttal Expert Report of Arrigio D. Jezzi - Curriculum Vitae of Arrigio D. Jezzi | N/A | N/A | N/A | | FRE 801-802, 901, 1006 |
| 752 | Exhibit B to Rebuttal Expert Report of Arrigio D. Jezzi - Materials Considered List | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 1006 |
| 753 | Reply Expert Report of Dr. John Collins Regarding Infringement | 7/23/2021 | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 901, 1006, 602 |
| 754 | Reply Expert Report of Dr. Edward Yun | 7/23/2021 | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 901, 1006, 602, D-Yun |
| 755 | Reply Expert Report of Dr. Gregory K. Leonard | 7/23/2021 | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 901, 1006, 602, D-Leonard |
| 756 | Reply Expert Report of Arrgio D. Jezzi | 7/23/2021 | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 801-802, 901, 1006, 602 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---------|-------|------|----------------|---------------|---------------|------------|
| 757 | Exhibit 1 to Reply Expert Report of Arrgio D. Jezzi - Materials Considered List | N/A | N/A | N/A | | Duplicative (live witness), FRE 401-402, 403, 702-703, 1006 |
| 758 | Video of testing from Jezzi Reply Report (MCBP 1.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 759 | Video of testing from Jezzi Reply Report (MCBP 2.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 760 | Photograph of testing from Jezzi Reply Report (PF A.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 761 | Photograph of testing from Jezzi Reply Report (PF B.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 762 | Photograph of testing from Jezzi Reply Report (PF C.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 763 | Photograph of testing from Jezzi Reply Report (PF D.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 764 | Photograph of testing from Jezzi Reply Report (PF E.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 765 | Photograph of testing from Jezzi Reply Report (PF F.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 766 | Photograph of testing from Jezzi Reply Report (PF G.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 767 | Photograph of testing from Jezzi Reply Report (PF H.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 768 | Photograph of testing from Jezzi Reply Report (PF I.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 769 | Exhibit L to Opening Expert Report of Dr. John Collins Regarding Infringement -photographs | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 770 | Exhibit M to Opening Expert Report of Dr. John Collins Regarding Infringement -photographs | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 771 | Video of testing from Jezzi Reply Report ( PF 1.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 772 | Video of testing from Jezzi Reply Report ( PF 2.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 773 | Video of testing from Jezzi Reply Report ( PF 3.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 774 | Video of testing from Jezzi Reply Report ( PF 4.MOV) | N/A | N/A | N/A | | FRE 401-402, 403, 702-703, 901 |
| 775 | Email from C. Newton to R. Newton re Recorded email of urine suction device | 8/3/2009 | NEWTON_0000001 | NEWTON_0000001 | | FRE 401-402, 403, 801-802, 901 |
| 776 | Photo of Dry Dock | N/A | NEWTON_0000079 | NEWTON_0000079 | | FRE 401-402, 403, 901 |
| 777 | Email from K. Pawlik to C. Newton, et al. re PureWick Dry Dock | 12/26/2015 | NEWTON_0002851 | NEWTON_0002892 | | FRE 401-402, 403, 801-802, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D1 - PureWick's Trial Exhibit List

| PTX No. | Title | Date | Beg. Bates No. | End Bates No. | Depo. Ex. No. | Objections |
|---|---|---|---|---|---|---|
| 778 | Email from L. Kaye-Eddie to C. Newton re Hennessy Wayser | 1/28/2019 | NEWTON_0005307 | NEWTON_0005307 | | FRE 401-402, 403, 801-802, 901 |
| 779 | Photo of prototypes and award for the 28th Annual Most Innovative new | N/A | NEWTON_0005320 | NEWTON_0005320 | | FRE 401-402, 403, 901 |
| 780 | Email from B. Jackson to A. Silver, et al. re Positive Lead Comments | 7/20/2018 | NEWTON_0007577 | NEWTON_0007582 | | FRE 401-402, 403, 801-802, 901 |
| 781 | PureWick Corporation - Safe, Simple Urine Capture for Women 24-7 in Beds, chairs and cars presentation | N/A | NEWTON_0007689 | NEWTON_0007689 | | FRE 401-402, 403, 801-802, 901 |
| 782 | Email from B. Sanchez to C. Newton re PureWick update | 8/13/2016 | NEWTON_0008136 | NEWTON_0008137 | | FRE 401-402, 403, 801-802, 901 |
| 783 | Ltr. From M. Jackson to M. DeMasi re Purewick product | 11/5/2016 | PUREWICK_0027196 | PUREWICK_0027196 | | FRE 401-402, 403, 801-802, 901 |
| 784 | Purewick External Female Catheter Non-Invasive, no nurse required, Up to 100% Urine presentation | N/A | PUREWICK_0027511 | PUREWICK_0027529 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 785 | PureWick Inc. Successful Incontinence Management for Women | N/A | PUREWICK_0030686 | PUREWICK_0030707 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 786 | Excel file of Wick sales and DryDoc sales | N/A | PUREWICK_0030708 | PUREWICK_0030708 | | FRE 401-402, 403, 801-802, 901 |
| 787 | PureWick News and Updates | N/A | PUREWICK_0030864 | PUREWICK_0030864 | | FRE 401-402, 403, 801-802, 901 |
| 788 | PureWick shell schematic | 2/20/2018 | PUREWICK_0032559 | PUREWICK_0032560 | | Duplicative, FRE 401-402, 403, 801-802, 901 |
| 789 | Photo of Purewick prototypes | N/A | PUREWICK_0019766 | PUREWICK_0019766 | | FRE 401-402, 403, 901 |
| 790 | PureWick invention story video | N/A | SANCHEZ000006 | SANCHEZ000006 | | FRE 401-402, 403, 801-802, 901 |
| 791 | PrimFit marketing video | N/A | SAGE00005311 | SAGE00005311 | | FRE 401-402, 403, 801-802, 901 |
| 792 | Sage Excel of net sales, net cases and standard cost for products | N/A | SAGE00043612 | SAGE00043612 | | FRE 401-402, 403, 801-802, 901 |
| 793 | Sage Excel of net sales, net cases and standard cost for products 5404 | N/A | SAGE00043613 | SAGE00043613 | | FRE 401-402, 403, 801-802, 901 |
| 794 | BD's Year-Over-Year Trending 2020-2021 chart | N/A | PureWick_0064694 | PureWick_0064694 | | FRE 401-402, 403, 801-802, 901 |
| 795 | PuerWick conversions from 2017-2021 | N/A | PureWick_0064695 | PureWick_0064695 | | FRE 401-402, 403, 801-802, 901 |
| 796 | PureWick Units sold by Sku through FY21 | N/A | PureWick_0064696 | PureWick_0064696 | | FRE 401-402, 403, 801-802, 901 |
| 797 | PureWick costs through FY 22 | N/A | PureWick_0064697 | PureWick_0064697 | | FRE 401-402, 403, 801-802, 901 |

# SCHEDULE D2

**EXHIBIT LIST OBJECTION KEY**

| Objection Code | Objection | Explanation |
|---|---|---|
| 402 | Irrelevant | Exhibit is not relevant to issues in the case |
| 403 | More prejudicial than probative | Exhibit's probative value is outweighed by a danger of one unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence |
| H | Hearsay | Exhibit contains or is hearsay (i.e., an out of court statement offered for the truth of the matter asserted), and no exception or exclusion applies. |
| 408 | Settlement privilege | |
| Incom | Exhibit is incomplete, requires additional evidence for completeness, offers an improper summary, violates the best evidence rule, lacks an appropriate translation, etc. | Exhibit is incomplete, requires additional evidence for completeness, offers an improper summary, violates the best evidence rule, lacks an appropriate translation, etc. *See* FRE 106, 1002, 1006 |
| Exp | Improper opinion, unqualified expert opinion, improper disclosure of otherwise inadmissible facts/data | See FRE 701, 702, 703 |
| 901 | Authenticity | Lacks authenticating, foundational, or identifying evidence necessary to support admissibility |
| PRIV | Privileged | Exhibit is or contains attorney-client communications or attorney work product. |
| Unt | Not timely disclosed | Used to identify exhibits that were not timely disclosed or produced. |
| Error | Likely clerical error | Likely clerical error including:  document description does not match the bates number or copy of the exhibit, exhibit comprising multiple documents, exhibit is illegible or of poor quality, exhibit was not provided |
| NE | Not evidence | Exhibit is not evidence.  For example, pleadings, discovery requests, deposition notices, privilege logs, etc., could fall into this category. |
| NP | Not produced | Not produced or otherwise identified specifically enough to provide the opportunity for meaningful objections |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 001 | US 8,287,508 | Dep Ex. 1 | | |
| | 002 | US 10,390,989 | Dep Ex. 2 | | |
| | 003 | US 10,226,376 | Dep. Ex. 3 | | |
| | 004 | US 10,376,407 | Dep Ex. 4 | | |
| | 005 | WO 2017/209779A1 | Dep Ex. 5 | | 402, 403, H, 901, NP |
| | 006 | US 2006/0015080 | | SAGE00006308-SAGE00006316 | 402, 403, H, 901, NP |
| | 007 | 4,747,166 | Dep. Ex. 7 | | 402, 403, H, 901, NP |
| | 008 | 7,220,250 | Dep. Ex. 8 | | 402, 403, H, 901, NP |
| | 009 | US 3,349,768 | | SAGE00003221-SAGE00003228 | 402, 403, H, 901, NP |
| | 010 | 4,425,130 | | SAGE00022052-SAGE00022062 | 402, 403, H, 901, NP |
| | 011 | 5,674,212 | | SAGE00022885-SAGE00022926 | 402, 403, H, 901, NP |
| | 012 | WO2007/042823 A2 | | SAGE00006956-SAGE00006971 | 402, 403, H, 901, NP |
| | 013 | WO 2000/057784 | | SAGE00021296-SAGE00021323 | 402, 403, H, 901, NP |
| | 014 | US 4,886,508 | | SAGE00001240-SAGE00001252 | 402, 403, H, 901, NP |
| | 015 | EP 0613355 | | SAGE00009400-SAGE00009415 | 402, 403, H, 901, NP |
| | 016 | US 7,135,012 | | SAGE00009400-SAGE00009415 | 402, 403, H, 901, NP |
| | 017 | JP2001/276107A (with translation) | Dep. Ex. 627 | SAGE00040840-SAGE00040858 | 402, 403, H, 901 |
| | 018 | 3,613,123 | | SAGE000023070-SAGE00023076 | 402, 403, H, 901, NP |

PureWick Corporation, v. Sage Products LLC,

Case No. 19-1508-MN

Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 019 | 1,742,080 | | SAGE00009395-SAGE00009399 | 402, 403, H, 901, NP |
| | 020 | 3,520,300 | | SAGE00006662-SAGE0006665 | 402, 403, H, 901, NP |
| | 021 | 2007/0191804 | | SAGE00006083-SAGE0006091 | 402, 403, H, 901, NP |
| | 022 | US 2004/0006321 | | SAGE00021623- | 402, 403, H, 901, NP |
| | 023 | Certified FH 8,287,508 (12-840,475) | | Purewick_0000001-PureWick_0000123 | |
| | 024 | Certified File History for 10,390,989 | Dep. Ex. 24 | | |
| | 026 | Certified File History for 10,226,376 | Dep. Ex. 26 | | |
| | 027 | Power of Attorney | Dep. Ex. 27 | PureWick_0000287-PureWick_0000290 | |
| | 028 | PCT/2016/049274 File History | Dep. Ex. 28 | | |
| | 029 | 4,804,377 | | SAGE00022070-SAGE00022074 | 402, 403, H, 901, NP |
| | 030 | 4,882,794 | | SAGE00009416-SAGE00009423 | 402, 403, H, 901, NP |
| | 031 | 8,353,074 | | SAGE00009036-SAGE00009048 | 402, 403, H, 901, NP |
| | 032 | US 2004/0254547 | | SAGE00000621-SAGE00000631 | 402, 403, H, 901, NP |
| | 033 | 4,352,356 | | SAGE00041286-SAGE00041292 | 402, 403, H, 901, NP |
| | 034 | 2007 Article | | SAGE00040893-SAGE00040902 | H, Incom, 901, 402, 403 |
| | 035 | AMXDmax brochure | Dep. Ex. 35 | PureWick_0001072-PureWick_0001081 | H, 402, 403, 901 |
| | 036 | Dare-to-Dream Medtech document | Dep. Ex. 36 | PureWick_0001125-PureWick_0001127 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 037 | PureWick PowerPoint | Dep. Ex. 37 | PureWick_0001128-PueWick_0001134 | |
| | 038 | 9/26/18 Office Action from 10,390,989 FH | Dep. Ex. 38 | PureWick_0001160-PureWick_0001168 | 402, 403, H, 901, INCOM |
| | 039 | 4,692,160 | | SAGE00008614-SAGE00008634 | 402, 403, H, 901, NP |
| | 040 | 12/20/18 Amendment and Response from 10,390,989 FH | Dep. Ex. 40 | PureWick_00030284-PureWick_00030284 | 402, 403, H, 901, INCOM |
| | 041 | Privilege Log | Dep. Ex. 23 | PureWick_00030294-PureWick_00030294 | NE, H, 402, 403 |
| | 043 | 2/14/19 Office Action from 10,390,989 FH | Dep. Ex. 43 | PureWick_00030273-PureWick_00030275 | 402, 403, H, 901, INCOM |
| | 044 | 5/13/19 Amendment B & Response from 10,390,989 FH | Dep. Ex. 44 | PureWick_0001457-PureWick_0001470 | 402, 403, H, 901, INCOM |
| | 051 | 10,376,407 File History (not certified) | Dep. Ex. 51 | PureWick_0007232-PureWick_0007659 | H, 901, Incom |
| | 053 | First 30(b)(6) Notice to PureWick | Dep. Ex. 53 | - | NE, H |
| | 054 | Second 30(b)(6) Notice o PureWick | Dep. Ex. 54 | - | NE, H |
| | 056 | PureWick Financial Spreadsheet | Dep. Ex. 56 | PureWick_0030212-PureWick_0030212 | |
| | 057 | PureWick Financial Spreadsheet | Dep. Ex. 57 | PureWick_0064470-PureWick_0064470 | |
| | 058 | PureWick Financial Spreadsheet | Dep. Ex. 58 | PureWick_0064471-PureWick_0064471 | |
| | 059 | PureWick Financial Spreadsheet | Dep. Ex. 59 | PureWick_0033347-PureWick_0033347 | |
| | 060 | PureWick Financial Spreadsheet | Dep. Ex. 60 | PureWick_0064463-PureWick_0064463 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 061 | PureWick Financial Spreadsheet | Dep. Ex. 61 | PureWick_0064464-PureWick_0064465 | |
| | 062 | PureWick Financial Spreadsheet | Dep. Ex. 62 | PureWick_0064466-PureWick_0064467 | |
| | 063 | PureWick Financial Spreadsheet | Dep. Ex. 63 | PureWick_0017843-PureWick_0017883 | |
| | 066 | 4/2017 Email Chain | Dep. Ex. 66 | PureWick_0054269-PureWick_0054270 | H, 901, 402, 403 |
| | 067 | Memo | Dep. Ex. 67 | PureWick_0051892-PureWick_0051895 | H, 901, 402, 403, |
| | 068 | 2/2/17 Report | Dep. Ex. 68 | PureWick_0057447-PureWick_0057458 | |
| | 069 | 4/19/17 Letter | Dep. Ex. 69 | PureWick_0017920-PureWick_0017924 | H, 901, 402, 403 |
| | 070 | 8/6/17 Memo | Dep. Ex. 70 | PureWick_0027822-PureWick_0027832 | H, 901, 402, 403 |
| | 074 | 9/2017 Email Chain | Dep. Ex. 74 | PureWick_0044275-PureWick_0044277 | |
| | 075 | 10/2017 Email Chain | Dep. Ex. 75 | PureWick_0054639-PureWick_0054641 | H, 901, 402, 403 |
| | 076 | 10/2/17 PureWick Memo | Dep. Ex. 76 | PureWick_0034736-PureWick_0034737 | H, 901, 402, 403 |
| | 077 | Brochure | Dep. Ex. 77 | PureWick_0034595-PureWick_0034600 | H, 901, 402, 403 |
| | 078 | 1/3/18 Email Chain | Dep. Ex. 78 | PueWick_0048352-PureWick_0048353 | H, 402, 403 |
| | 079 | 1/2018 Email Chain | Dep. Ex. 79 | PureWick_0048383-PureWick_0048386 | H, 402, 403 |
| | 083 | 10/4/18 Bard Email | Dep. Ex. 83 | PureWick_0034364-PureWick_0034365 | H, 901, 402, 403 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 084 | Bard Memo | Dep. Ex. 84 | PureWick_0033905-PureWick_0033907 | H, 901, 402, 403 |
| | 085 | 11/2017 Email Chain | Dep. Ex. 85 | PureWick_0034307-PureWick_0034308 | H, 901, 402, 403 |
| | 087 | 12/2017 Email Chain | Dep. Ex. 87 | PureWick_0034565-PureWick_0034566 | H, 901, 402, 403 |
| | 088 | 10/12/2017 Email | Dep. Ex. 88 | PureWick_0034486-PureWick_0034487 | |
| | 089 | 11/27/18 PureWick Memo | Dep. Ex. 89 | PureWick_0027928-PureWick_0027934 | H, 901, 402, 403 |
| | 090 | 11/2017 Email Chain | Dep. Ex. 90 | PureWick_0034404-PureWick_0034404 | H,  402, 403 |
| | 092 | Subpoena to Joseph Forehand | Dep. Ex. 92 | - | H, NE, 402, 403 |
| | 093 | Subpoena to Joseph Forehand | Dep. Ex. 93 | - | H, NE, 402, 403 |
| | 094 | US 2016/0367226 14/625,469 Publication | Dep. Ex. 94 | SAGE00001019-SAGE00001025 | H, 901, 402, 403 |
| | 095 | US 2017/0252202 14/952,591 Publication | Dep. Ex. 95 | PureWick_0013403-PureWick_0013407 | H, 901, 402, 403 |
| | 096 | US 2017/0348139 15/171,968 Publication | Dep. Ex. 96 | PureWick_0007227-PureWick_0007231 | H, 901, 402, 403 |
| | 097 | 62/082,279 – FH | Dep. Ex. 97 | PureWick_0006730-PureWick_0006788 | H, 901, 402, 403, Incom |
| | 099 | Calendar | Dep. Ex. 99 | JF0000001-JF0000057 | H, 901, 402, 403 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 100 | PureWick Document | Dep. Ex. 100 | PureWick_0020942-PureWick_0020948 | H, 901, 402, 403 |
| | 102 | 12/9/13 Email and Attachment | Dep. Ex. 102 | NEWTON_0000184-NEWTON_0000202 | |
| | 103 | Business Plan | Dep. Ex. 103 | PureWick_0020880-PureWick_0020904 | H, 901, 402, 403 |
| | 104 | 1/20/14  Email Chain | Dep. Ex. 104 | Newton_0000275-Newton_0000275 | H, 901, 402, 403, Incom |
| | 105 | 1/2014 Email Chain and Attachment | Dep. Ex. 105 | Newton_0000892-Newton_0000894 | H, 901, 402, 403, Incom |
| | 106 | 2/22/14  Email | Dep. Ex. 106 | Newton_000346-Newton_000348 | H, 901, 402, 403, Incom |
| | 109 | 5/1/14 PureWick Document | Dep. Ex. 109 | PureWick_0020298-PureWick_0020298 | H, 901, 402, 403 |
| | 113 | 6/12/15 Letter | Dep. Ex. 113 | PureWick_0015968-PureWick_0015968 | |
| | 114 | Physicals  Photograph | Dep. Ex. 114 | PureWick_0019770-PureWick_0019770 | |
| | 115 | Physicals  Photograph | Dep. Ex. 115 | PureWick_0019767-PureWick_0019767 | |
| | 116 | Application | Dep. Ex. 116 | PureWick_0020995-PureWick_0020999 | H, 402, 403, 901 |
| | 117 | 8/16/15 Press Release | Dep. Ex. 117 | - | H, 402, 403, 901 |
| | 120 | 5/2016 Specification Drawing | Dep. Ex. 120 | PureWick_0017645-PureWick_0017645 | H, 402, 403, 901 |
| | 122 | PureWick Report | Dep. Ex. 122 | PureWick_0020725-PureWick_0020751 | H, 402, 403, 901 |
| | 123 | 2015 PureWick Business Plan | Dep. Ex. 123 | PureWick_0020752-PureWick_0020774 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 124 | 3/20/2016 PureWick Document | Dep. Ex. 124 | PureWick_0020788-PureWick_0020810 | |
| | 125 | 3/15/17 Bard Report | Dep. Ex. 125 | PureWick_0059418-PureWick_0059429 | |
| | 127 | 8/22/16 Powerpoint | Dep. Ex. 127 | PureWick_0062973-PureWick_0062995 | |
| | 133 | 8/15/19 PowerPoint | Dep. Ex. 133 | PureWick_0042421-PureWick_0042442 | H, 402, 403 |
| | 135 | Bard Memo | Dep. Ex. 135 | PureWick_0042774-PureWick_0042790 | |
| | 136 | 10/9/18 Bard Memo | Dep. Ex. 136 | PureWick_0042771-PureWick_0042773 | H, 402, 403, 901 |
| | 139 | 9/2017 Email Chain | Dep. Ex. 139 | PureWick_0034171-PureWick_0034172 | H, 402, 403, 901 |
| | 140 | 9/2017 Email Chain | Dep. Ex. 140 | PureWick_0030337-PureWick_0030341 | H, 402, 403, 901 |
| | 141 | 99/7/17 Email Chain | Dep. Ex. 141 | PureWick_0034137-PureWick_0034137 | H, 402, 403, 901 |
| | 142 | 9/14/2018 Spreadsheet | Dep. Ex. 142 | PureWick_0034331-PureWick_0034331 | H, 402, 403, 901 |
| | 143 | 1/2018 Email Chain | Dep. Ex. 143 | PureWick_0034413-PureWick_0034415 | H, 402, 403, 901, INCOM |
| | 144 | 1/25/19 Email Chain | Dep. Ex. 144 | PureWick_0034716-PureWick_0034717 | H, 402, 403, 901 |
| | 145 | 10/16/17 Email Chain | Dep. Ex. 145 | PureWick_0034515-PureWick_0034515 | H, 402, 403, 901, INCOM |
| | 146 | 2/2018 Email Chain | Dep. Ex. 146 | PureWick_0034155-PureWick_0034156 | H, 402, 403 |
| | 147 | 6/5/18 Bard PowerPoint | Dep. Ex. 147 | PureWick_0035383-PureWick_0035397 | H, 402, 403 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 149 | 9/5/19 PowerPoint | Dep. Ex. 149 | PureWick_0064472-PureWick_0064472 | H, 402, 403 |
| | 150 | Bard Brochure | Dep. Ex. 151 | PureWick_0033396-PureWick_0033401 | |
| | 151 | Purewick Document | Dep. Ex. 152 | PureWick_0014379-PureWick_0014379 | |
| | 153 | Sales Document | Dep. Ex. 153 | PureWick_0020452-PureWick_0020452 | |
| | 154 | Sales Document | Dep. Ex. 154 | PureWick_0024830-PureWick_0024830 | |
| | 155 | Sales Document | Dep. Ex. 155 | PureWick_0024833-PureWick_0024833 | |
| | 156 | Sales Document | Dep. Ex. 156 | PureWick_0024837-PureWick_0024837 | |
| | 157 | Sales Document | Dep. Ex. 157 | PureWick_0026958-PureWick_0026958 | H, 901, 402, 403 |
| | 158 | 5/15/20 Letter | D.I. 207, Ex. 14 | - | H, NE, 402, 403 |
| | 159 | 9/23/19 Powerpoint | Pl. Dep. Ex. 4 | SAGE00036528-SAGE00036590 | |
| | 160 | Technical Drawing | | SAGE00000128-SAGE00000130 | |
| | 161 | Technical Drawing | | SAGE00000240-SAGE00000240 | |
| | 162 | Sage Operating Procedure | | SAGE00000478-SAGE00000487 | |
| | 163 | Technical Drawing | | SAGE00000238-SAGE00000238 | |
| | 164 | Photographs of PrimaFit | D.I. 211, Ex. 57 | - | H, 402, 403, 901, NP |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
|  | 165 | Sage Brochure |  | SAGE00000093-SAGE00000093 |  |
|  | 166 | Sage Marketing Material |  | SAGE00000095-SAGE00000104 |  |
|  | 167 | Sage Marketing Material |  | SAGE00000105-SAGE00000105 |  |
|  | 168 | Sage Marketing Material |  | SAGE00000106-SAGE00000107 |  |
|  | 169 | Sage PrimaFit Video |  | SAGE00000009-SAGE00000009 | H, 402, 403 |
|  | 170 | Sage PrimoFit Video |  | SAGE00032908-SAGE00032908 |  |
|  | 171 | Sage Presentation |  | SAGE00000109-SAGE00000109 | H |
|  | 172 | Techical Drawing |  | SAGE00000128-SAGE00000130 |  |
|  | 173 | Techical Drawing | Pl. Dep. Ex. 8 | SAGE00000131-SAGE00000134 |  |
|  | 174 | Techical Drawing |  | SAGE00000135-SAGE00000138 |  |
|  | 175 | Techical Drawing |  | SAGE00000206-SAGE00000207 |  |
|  | 176 | Techical Drawing |  | SAGE00000236-SAGE00000236 |  |
|  | 177 | Techical Drawing |  | SAGE00000237-SAGE00000237 |  |
|  | 178 | Techical Drawing |  | SAGE00000238-SAGE00000238 |  |
|  | 179 | Techical Drawing |  | SAGE00000240-SAGE00000240 |  |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 180 | Material Specification | | SAGE00000241-SAGE00000241 | |
| | 181 | Techical Drawing | | SAGE00000242-SAGE00000242 | |
| | 182 | Techical Drawing | | SAGE00000244-SAGE00000244 | |
| | 183 | Techical Drawing | | SAGE00000247-SAGE00000247 | |
| | 184 | Techical Drawing | | SAGE00000250-SAGE00000250 | |
| | 185 | Operating Procedure | | SAGE00000478-SAGE00000487 | |
| | 186 | Sage  Marketing Material | | SAGE00000108-SAGE00000108 | |
| | 187 | Sage PowerPoint | Pl. Dep. Ex. 10 | SAGE00025072-SAGE00025072 | |
| | 192 | Sage Document | | SAGE00025637-SAGE00025637 | H, 402, 403 |
| | 193 | Sage PowerPoint | Pl. Dep. Ex. 27 | SAGE00025676-SAGE00025676 | |
| | 194 | Sage PowerPoint | | SAGE00025795-SAGE00025795 | H, 402, 403, 901 |
| | 195 | 9/27/17  Email Chain | Pl. Dep. Ex. 27 | SAGE00025975-SAGE00025977 | H, 402, 403 |
| | 196 | 10/17 Email Chain | | SAGE00027411-SAGE00027412 | H, 402, 403, 901 |
| | 197 | Sage Spreadsheet | | SAGE00028143-SAGE00028143 | H, 403 |
| | 198 | 8/8/16  Memo | Pl. Dep. Ex. 12 | SAGE00028247-SAGE00028248 | H |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 199 | Sage Spreadsheet | Pl. Dep. Ex. 3 | SAGE00027258-SAGE00027258 | |
| | 200 | Updated Subpoena to Edward Callan | Dep. Ex. 200 | - | NE, 402, 403, H |
| | 201 | Notice of Subpoena to Edward Callan | Dep. Ex. 201 | - | NE, 402, 403, H |
| | 202 | File for patent Application Number 12/840,475 | Dep. Ex. 202 | Callan0000000001-Callan0000000156 | 402, 403, H |
| | 204 | File for Patent Application Numbers 61/955,537 and 14/625,469 | Dep. Ex. 204 | Callan0000000157-Callan0000000282 | 402, 403, H |
| | 208 | File for Application Number 62/084,078 | Dep. Ex. 208 | Callan0000000347-Callan0000000381 | 402, 403, H |
| | 209 | File for Application Number 14/952,591 | Dep. Ex. 209 | Callan0000000283-Callan0000000346 | 402, 403, H |
| | 210 | File for Application Number 15/171,968 | Dep. Ex. 210 | Callan0000000489-Callan0000000537 | 402, 403, H |
| | 211 | File for Application Number 14/947,759 | Dep. Ex. 211 | Callan0000000382-Callan0000000467 | 402, 403, H |
| | 214 | Callan Privilege Log | Dep. Ex. 214 | - | NE, 402, 403, H |
| | 217 | File for Application 15/238,427 | Dep. Ex. 217 | Callan0000000538-Callan0000000604 | 402, 403, H |
| | 220 | Instructions for Use | Dep. Ex. 220 | PureWick_0024030-PureWick_0024030 | 402, 403, H |
| | 221 | Instructions for Use | Dep. Ex. 221 | PureWick_0020431-PureWick_0020431 | 402, 403, H |
| | 222 | Instructions for Use | Dep. Ex. 222 | PureWick_0015975-PureWick_0015975 | 402, 403, H |
| | 226 | 11/2017 Email Chain | Dep. Ex. 226 | PureWick_0034404-PureWick_0034404 | 402, 403, H |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | **227** | 2017 Email Chain | Dep. Ex. 227 | PureWick_0057620-PureWick_0057624 | 402, 403, H |
| | **234** | 8/15/19 PowerPoint | Dep. Ex. 234 | PureWick_0042421-PureWick_0042442 | H, 402, 403 |
| | **236** | 8/7/19 PowerPoint | Dep. Ex. 236 | PureWick_0036237-PureWick_0036237 | 402, 403, H |
| | **237** | 5/27/20 Powerpoint | Dep. Ex. 237 | PureWick_0035957-PureWick_0035984 | 402, 403, H |
| | **238** | 6/17/20 Powerpoint | Dep. Ex. 238 | PureWick_0040813-PureWick_0040813 | 402, 403, H |
| | **239** | Powerpoint | Dep. Ex. 239 | PureWick_0040723-PureWick_0040723 | 402, 403, H, 901 |
| | **240** | PowerPoint | Dep. Ex. 240 | PureWick_0041911-PureWick_0041911 | 402, 403, H |
| | **241** | 8/14/20 BD PowerPoint | Dep. Ex. 241 | PureWick_0042326-PureWick_0042326 | 402, 403, H |
| | **242** | Product Opportunity Appraisal | Dep. Ex. 242 | PureWick_0042774-PureWick_0042790 | 402, 403, H |
| | **243** | 09/2018 Email Chain | Dep. Ex. 243 | PureWick_0034436-PureWick_0034438 | 402, 403, H |
| | **248** | Bard Document | Dep. Ex. 248 | PureWick_0030451-PureWick_0030476 | |
| | **249** | 9/20/17 Bard Document | Dep. Ex. 249 | PureWick_0055998-PureWick_0056003 | |
| | **250** | Bard Document | Dep. Ex. 250 | PureWick_0056306-PureWick_0056312 | |
| | **251** | Bard Document | Dep. Ex. 251 | PureWick_0030395-PureWick_0030401 | |
| | **252** | Bard Document | Dep. Ex. 252 | PureWick_0056985-PureWick_0056995 | 402, 403, H |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 253 | Bard Document | Dep. Ex. 253 | PureWick_0052266-PureWick_0052275 | 402,  403, H |
| | 254 | 2/10/17 Bard Document | Dep. Ex. 254 | PureWick_0052283-PureWick_0052322 | |
| | 255 | 08/2017 Email Chain | Dep. Ex. 255 | PureWick_0054197-PureWick_0054198 | |
| | 256 | 11/21/18 PowerPoint | Dep. Ex. 256 | PureWick_0042808-PureWick_0042808 | |
| | 257 | PowerPoint | Dep. Ex. 257 | PureWick_0042809-PureWick_0042809 | |
| | 258 | PowerPoint | Dep. Ex. 258 | PureWick_0042810-PureWick_0042810 | |
| | 259 | 4/24/20 PowerPoint | Dep. Ex. 259 | PureWick_0042811-PureWick_0042811 | |
| | 260 | 9/2017 Email Chain | Dep. Ex. 260 | PureWick_0044006-PureWick_0044007 | H, 403, 901 |
| | 261 | 9/2017 Email Chain | Dep. Ex. 261 | PureWick_0046970-PureWick_0046972 | H, 403, 901 |
| | 262 | Website | Dep. Ex. 262 | - | H, 901 |
| | 266 | 4/19/17 Letter | Dep. Ex. 266 | PureWick_0017920-PureWick_0017924 | H, 402, 403 |
| | 267 | 3/16/17 Letter | Dep. Ex. 267 | PureWick_0017898-PureWick_0017910 | H, 402, 403 |
| | 268 | 5/9/17 Letter | Dep. Ex. 268 | PureWick_0017925-PureWick_0017925 | H, 402, 403 |
| | 269 | 5/9/17  Letter | Dep. Ex. 269 | PureWick_0017944-PureWick_0017945 | H, 402, 403 |
| | 272 | 9/28/17 Letter | Dep. Ex. 272 | - | H, NE, 402 403, 901 |
| | 273 | 4/22/19 Letter | Dep. Ex. 273 | - | H, NE, 402 403, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 274 | Sixth Supplemental Responses To Sage Products' First Set Of Interrogatories (Nos. 1-11) To Purewick Corporation | Dep. Ex. 274 | | H, 402, 403, NE |
| | 276 | 6/29/17 Email | Dep. Ex. 276 | PureWick_0035203-PureWick_0035204 | H, 402, 403, 901 |
| | 278 | 9/15/17 Email with Attachment | Dep. Ex. 278 & 279 | PureWick_0052657-PureWick_0052658 | H, 402, 403, 901 |
| | 280 | 10/16/17 Bard Email with Attachments | Dep. Ex. 280-284 | PureWick_0034515-PureWick_0034516.3 | H, 402, 403, 901 |
| | 286 | 2014 Agreement | Dep. Ex. 286 | PureWick_0020273-PureWick_0020275 | H, 402, 403, 901 |
| | 287 | 2014 Agreement | Dep. Ex. 287 | PureWick_0020276-PureWick_0020278 | H, 402, 403, 901 |
| | 288 | 2/28/14 notes | Dep. Ex. 288 | PureWick_0020286-PureWick_0020286 | H, 402, 403, 901 |
| | 290 | 6/16/17 Disclosures Schedules to the Agreement and Plan of Merger | Dep. Ex. 290 | PureWick_0015323-PureWick_0015361 | |
| | 291 | December 2016 Proposal Letter | | PureWick_0020200-PureWick_0020203 | |
| | 294 | Bard Document | Dep. Ex. 294 | PureWick_0062956-PureWick_0062972 | H, 402, 403, 901 |
| | 295 | Manufacturing Agreement | Dep. Ex. 295 | PureWick_0064663 -PureWick_0064677 | H, 402, 403, 901 |
| | 297 | C.R. BARD, Inc. Form 10-Q | Dep. Ex. 297 | - | |
| | 298 | Agreement and Plan of Merger - Bard/PureWick | Dep. Ex. 298 | PureWick_0020343-PureWick_0020446 | |
| | 300 | 7/11/17 Memo | Dep. Ex. 300 | PureWick_0064655-PureWick_0064662 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | **301** | 7/8/17 Document | Dep. Ex. 301 | PureWick_0064638-PureWick_0064654 | |
| | **304** | 12/2018 Email Chain | Dep. Ex. 304 | PureWick_0034556-PureWick_0034558 | H, 402, 403 |
| | **305** | 5/31/10 Assignment | Dep. Ex. 305 | PureWick_0023587-PureWick_0023589 | |
| | **306** | 5/31/13 Email | Dep. Ex. 306 | NEWTON_0007621-NEWTON_0007621 | H, 403, 901, Error |
| | **307** | 5/1/13 Amendment to Assignment | Dep. Ex. 307 | NEWTON_0007622-NEWTON_0007622 | |
| | **308** | First Supplemental Response to Sage Products' First Set of Interrogatories (Nos. 1-11) to PureWick Corporation | Dep. Ex. 308 | - | H, 402, 403, NE |
| | **310** | Amended Subpoena to Ray Newton | Dep. Ex. 310 | - | H, 402, 403, NE |
| | **311** | PureWick Brochure | Dep. Ex. 311 | PureWick_0014538-PureWick_0014539 | |
| | **312** | Physicals photograph | Dep. Ex. 312 | PureWick_0030281-PureWick_0030282 | |
| | **313** | Physicals photograph | Dep. Ex. 313 | PureWick_0030279-PureWick_0030279 | |
| | **314** | Physicals photograph | Dep. Ex. 314 | PureWick_0035495-PureWick_0035495 | 402, 403, 901 |
| | **315** | Physicals photograph | Dep. Ex. 315 | Newton_0002682-Newton_0002682 | 402, 403, 901 |
| | **316** | Physicals photograph | Dep. Ex. 316 | PureWick_00030284-PureWick_00030284 | |
| | **317** | Physicals photograph | Dep. Ex. 317 | PureWick_00030294-PureWick_00030294 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | **318** | Physicals photograph | Dep. Ex. 318 | PureWick_00030273-PureWick_00030275 | |
| | **319** | Purewick Document | Dep. Ex. 319 | PureWick_0017091-PureWick_0017092 | H, 402, 403 |
| | **320** | Physicals photograph | Dep. Ex. 320 | PureWick_00030276-PureWick_00030277 | |
| | **321** | Physicals photograph | Dep. Ex. 321 | PureWick_00030278-PureWick_00030278 | |
| | **322** | 8/4/09 Email and Attachment | Dep. Ex. 322 | Newton_0005496-Newton_0005498 | |
| | **323** | 5/31/10  Assignment | Dep. Ex. 323 | PureWick_0024000-PureWick_0024000 | |
| | **324** | 5/31/13 Email and attachment | Dep. Ex. 324 | Newton_0007621-Newton_0007622 | H, 402, 403, 901 |
| | **325** | PureWick Document | Dep. Ex. 325 | PureWick_0020181-PureWick_0020186 | H, 402, 403, 901 |
| | **328** | 2016 Email Chain | Dep. Ex. 328 | Newton_0001831-Newton_0001835 | H, 402, 403, 901 |
| | **329** | 8/23/13 Email and Attachment | Dep. Ex. 329 | Newton_0006003-Newton_0006006 | H, 402, 403, 901 |
| | **330** | 8/23/13 Email and Attachment | Dep. Ex. 330 | Newton_0001874-Newton_0001874 | H, 402, 403, 901 |
| | **331** | 9/6/13 Email and Attachment | Dep. Ex. 331 | Newton_0007641-Newton_0007644 | H, 402, 403, 901 |
| | **332** | 5/20/14 Email and Attachment | Dep. Ex. 332 | Newton_0001141-Newton_0001142 | H, 402, 403, 901 |
| | **333** | 10/16/14  Email and Attachment | Dep. Ex. 333 | Newton_0001624-Newton_0001627 | H, 402, 403, 901 |
| | **334** | 11/14 Email Chain | Dep. Ex. 334 | Newton_0002565-Newton_0002567 | H, 402, 403, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 335 | 12/13 Email Chain | Dep. Ex. 335 | Newton_0000865-Newton_0000868 | H, 402, 403, 901 |
| | 336 | Application Document | Dep. Ex. 336 | CONNECT_0000059-CONNECT_0000062 | H, 402, 403, 901 |
| | 337 | 1/2014 Email Chain and Attached Presentation | Dep. Ex. 337 | Newton_0004039-Newton_0004040 | 402, 403, 901 |
| | 338 | 2/28/14 Notes | Dep. Ex. 338 | PureWick_0020286-PureWick_0020286 | H, 402, 403, 901 |
| | 339 | 3/10/14 Email and Attachment | Dep. Ex. 339 | Newton_0001023-Newton_0001024 | H, 402, 403, 901 |
| | 340 | 1/22/15 Email and Attachment | Dep. Ex. 340 | Newton_0004457-Newton_0004458 | H, 402, 403, 901 |
| | 341 | 1/15 Email Chain and Attachment | Dep. Ex. 341 | Newton_0001687-Newton_0001692 | H, 402, 901 |
| | 342 | Application Document | Dep. Ex. 342 | CONNECT_0000046-CONNECT_0000050 | 402, 403, 901 |
| | 343 | 6/1/15 Email Chain | Dep. Ex. 343 | Newton_0002629-Newton_0002631 | H, 402, 403, 901 |
| | 344 | 2015 Email Chain with Attachments | Dep. Ex. 344 | Newton_0002667-Newton_0002687 | H, 402, 403, 901 |
| | 345 | 3/18/14  Agreement | Dep. Ex. 345 | PureWick_0020273-PureWick_0020278 | H, 402, 403, 901 |
| | 346 | 3/14 Email Chain | Dep. Ex. 346 | Newton_0001021-Newton_0001022 | H, 901 |
| | 347 | 4/29/16 Agreement | Dep. Ex. 347 | PureWick_0020279-PureWick_0020282 | H, 402, 403, 901 |
| | 348 | Notes | Dep. Ex. 348 | PureWick_0020187-PureWick_0020191 | H, 402, 403, 901 |
| | 349 | Photograph | Dep. Ex. 349 | PureWick_0024317-PureWick_0024318 | 402, 403 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 350 | PureWick Memo | Dep. Ex. 350 | PureWick_0024030-PureWick_0024031 | 402, 403, H |
| | 351 | US 4,747,166 | Dep. Ex. 351 | PureWick_0023861-PureWick_0023869 | 402, 403, H |
| | 352 | Printout of US 7,220,250 | Dep. Ex. 352 | PureWick_0023882-PureWick_0023895 | 402, 403, H |
| | 353 | 5/5/14 Email Chain | Dep. Ex. 353 | Newton_0005013-Newton_0005014 | H, 402, 403, 901 |
| | 354 | US 7,699,831 | Dep. Ex. 354 | - | 402, 403, H |
| | 355 | US 4,886,508 | Dep. Ex. 355 | PureWick_0020456-PureWick_0020468 | |
| | 356 | Physicals photograph | Dep. Ex. 356 | PureWick_0020469-PureWick_0020470 | 402, 403 |
| | 357 | 12/1/14 Email | Dep. Ex. 357 | Newton_0005049-Newton_0005049 | H, 402, 403, 901 |
| | 358 | Photographs | Dep. Ex. 358 | Newton_0008245-Newton_0008246 | |
| | 359 | Photographs | Dep. Ex. 359 | PureWick_0024728-PureWick_0024728 | |
| | 360 | Updated Subpoena to Ruby Dy | Dep. Ex. 360 | - | NE, H |
| | 361 | Updated Subpoena to Hilltop | Dep. Ex. 361 | - | NE, H |
| | 368 | Physicals photograph | Dep. Ex. 368 | - | 901, 402, 403 |
| | 369 | 6/15 Email Chain | Dep. Ex. 369 | Newton_0004475-Newton_0004476 | 402, 403, H, 901 |
| | 370 | 6/6/15 Email and Attachment | Dep. Ex. 370 | Newton_0006131-Newton_0006132 | 402, 403, H, 901 |
| | 371 | Hiltop Document | Dep. Ex. 371 | PureWick_0017088-PureWick_0017088 | H, 402, 403, 901 |
| | 372 | Camille Newton Subpoena | Dep. Ex. 372 | - | NE, H |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | **373** | 8/4/09 Email | Dep. Ex. 373 | SANCHEZ000574-SANCHEZ000574 | H, 402, 403, 901 |
| | **374** | 8/17/09  Email | Dep. Ex. 374 | SANCHEZ000395-SANCHEZ000395 | H, 402, 403, 901 |
| | **375** | Agreement | Dep. Ex. 375 | SANCHEZ001201-SANCHEZ001203 | H, 402, 403, 901 |
| | **376** | 8/11/11  Email Chain | Dep. Ex. 376 | Newton_0001856-Newton_0001857 | H, 402, 403, 901 |
| | **377** | Consent Form | Dep. Ex. 377 | PureWick_0025897-PureWick_0025898 | H, 402, 403, 901 |
| | **378** | 8/29/2013 Email | Dep. Ex. 378 | Newton_0007640-Newton_0007640 | H, 402, 403, 901 |
| | **379** | 2/14 Email Chain and Attachment | Dep. Ex. 379 | Newton_0004041-Newton_0004070 | H, 402, 403, 901 |
| | **380** | 5/31/14  Email | Dep. Ex. 380 | Newton_0002037-Newton_0002037 | H, 402, 403, 901 |
| | **381** | 10/8/14 Email | Dep. Ex. 381 | Newton_0006073-Newton_0006073 | H, 402, 403, 901 |
| | **382** | 9/14 Email Chain | Dep. Ex. 382 | Newton_0005511-Newton_005514 | H, 402, 403, 901 |
| | **383** | PureWick Video | Dep. Ex. 383 | PureWick_0022302-PureWick_0022302 | |
| | **384** | PureWick Memo | Dep. Ex. 384 | PureWick_0016023-PureWick_0016029 | H |
| | **385** | Handwritten Notebook | Dep. Ex. 385 | Newton_0008152-Newton_0008222 | H, 402, 403 |
| | **386** | 9/14 Email Chain | Dep. Ex. 386 | Newton_0001618-Newton_0001618 | H, 402, 403 |
| | **387** | 11/10/14 Document | Dep. Ex. 387 | PureWick_0018134-PureWick_0018136 | H, 402, 403 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | **388** | 4/14 Email Chain and Attachment | Dep. Ex. 388 | Newton_0004089-Newton_0004092 | H, 402, 403 |
| | **389** | 6/14 Email Chain | Dep. Ex. 389 | Newton_0001147-Newton_0001148 | H, 402, 403 |
| | **390** | 2015 Email Chain and Attachments | Dep. Ex. 390 | Newton_0006136-Newton_0006142 | H, 402, 403 |
| | **391** | 5/23/15 Email and Attachment | Dep. Ex. 391 | Newton_0005109-Newton_0005111 | H, 402, 403 |
| | **392** | 2015 Email Chain | Dep. Ex. 392 | PureWick_0017770-PureWick_0017776 | H, 402, 403 |
| | **393** | 7/17/15 PureWick document | Dep. Ex. 393 | PureWick_0023812-PureWick_0023812 | H, 402, 403 |
| | **395** | 7/26/15 PureWick document | Dep. Ex. 395 | PureWick_0023811-PureWick_0023811 | H, 402, 403 |
| | **396** | PureWick Document | Dep. Ex. 396 | PureWick_0021017-PureWick_0021018 | H, 402, 403 |
| | **397** | PureWick Presentation | Dep. Ex. 397 | PureWick_0017984-PureWick_0017990 | H, 402, 403 |
| | **398** | 5/13/16 Email | Dep. Ex. 398 | PureWick_0047784-PureWick_0047784 | H, 402, 403 |
| | **399** | 6/22/16 Document | Dep. Ex. 399 | PureWick_0026621-PureWick_0026625 | H, 402, 403 |
| | **400** | PureWick Document | Dep. Ex. 400 | PureWick_0026792-PureWick_0026793 | H, 402, 403 |
| | **401** | 7/16 Email Chain | Dep. Ex. 401 | PureWick_0050026-PureWick_0050028 | H, 402, 403 |
| | **402** | 8/16 Email Chain | Dep. Ex. 402 | PureWick_0063734-PureWick_0063737 | H, 402, 403 |
| | **403** | 10/11/16 Email | Dep. Ex. 403 | PureWick_0064150-PureWick_0064152 | H, 402, 403 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | **404** | 3/16 Email Chain | Dep. Ex. 404 | PureWick_0006384-PureWick_0006409 | H, 402, 403 |
| | **405** | 11/24/16 Letter | Dep. Ex. 405 | PureWick_0015039-PureWick_0015041 | H, 402, 403 |
| | **406** | 2016 Email Chain | Dep. Ex. 406 | PureWick_0064102-PureWick_0064104 | H |
| | **408** | 7/20 Email Chain | Dep. Ex. 408 | Newton_0000856-Newton_0000858 | H, 402, 403 |
| | **409** | Consulting Agreement | Dep. Ex. 409 | PureWick_0015067-PureWick_0015075 | H, 402, 403 |
| | **410** | 2016 Paper | Dep. Ex. 410 | PureWick_0051687-PureWick_0051697 | |
| | **411** | 10/14 Email Chain | Dep. Ex. 411 | Newton_0006074-Newton_0006076 | H, 402, 403 |
| | **412** | 2015 PureWick Instruction Manual | Dep. Ex. 412 | PureWick_0022152-PureWick_0022158 | H, 402, 403 |
| | **414** | Notice of Subpoena Omni Med. Sys | Dep. Ex. 414 | | NE, H, 402, 403 |
| | **415** | Subpoena to OMNI Medical Systems, Inc. | Dep. Ex. 415 | - | NE, H, 402, 403 |
| | **416** | Omni brochure | Dep. Ex. 416 | SAGE00040993-SAGE00041024 | H, 402, 403 |
| | **417** | 10/20/06 Letter | Dep. Ex. 417 | OMNI_0000112-OMNI_0000112 | H, 402, 403, 901 |
| | **418** | FDA Document | Dep. Ex. 418 | OMNI_0000114 | H, 402, 403, 901 |
| | **419** | 2007 Contract | Dep. Ex. 419 | OMNI_0000089-OMNI_0000111 | H, 402, 403, 901 |
| | **420** | 2007 Contract | Dep. Ex. 420 | OMNI_0000148-OMNI_0000158 | H, 402, 403, 901 |
| | **421** | Contract | Dep. Ex. 421 | OMNI_0000001-OMNI_0000018 | H, 402, 403, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 422 | 2008 Contract | Dep. Ex. 422 | OMNI_0000019-OMNI_0000059 | H, 402, 403, 901 |
| | 423 | 2009 Contract | Dep. Ex. 423 | OMNI_0000117-OMNI_0000145 | H, 402, 403, 901 |
| | 424 | 3/18/13 Memorandum | Dep. Ex. 424 | OMNI_0000062-OMNI_0000065 | H, 402, 403, 901 |
| | 425 | OMNI Memorandum | Dep. Ex. 425 | OMNI_0000159-OMNI_0000168 | H, 402, 403, 901 |
| | 426 | US 7,135,012 | Dep. Ex. 426 | SAGE00001798-SAGE00001819 | H, 402, 403, 901 |
| | 427 | Omni Power Point | Dep. Ex. 427 | OMNI_0000217-OMNI_0000247 | H, 402, 403, 901 |
| | 428 | OMNI Memorandum | Dep. Ex. 428 | OMNI_0000060-OMNI_0000061 | H, 402, 403, 901 |
| | 429 | Specification Document | Dep. Ex. 429 | OMNI_0000169-OMNI_0000206 | H, 402, 403, 901 |
| | 430 | Timeline Document | Dep. Ex. 430 | OMNI_0000209-OMNI_0000209 | H, 402, 403, 901 |
| | 431 | AMXDmax User & Maintenance Guide | Dep. Ex. 431 | OMNI_0000379-OMNI_0000388 | H, 402, 403, 901 |
| | 432 | 2010 Engineering Change Proposal | Dep. Ex. 432 | OMNI_0000066-OMNI_0000067 | H, 402, 403, 901 |
| | 433 | 2009 Order Form | Dep. Ex. 433 | OMNI_0000146-OMNI_0000146 | H, 402, 403, 901 |
| | 434 | 2009 Contract Award | Dep. Ex. 434 | OMNI_0000068-OMNI_0000087 | H, 402, 403, 901 |
| | 435 | 2007 FDA Letter | Dep. Ex. 435 | OMNI_0000207-OMNI_0000208 | H, 402, 403, 901 |
| | 436 | 4/30/09  Order | Dep. Ex. 436 | OMNI_0000088-OMNI_0000088 | H, 402, 403, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 437 | Letter | Dep. Ex. 437 | OMNI_0000147-OMNI_0000147 | H, 402, 403, 901 |
| | 438 | 2011 Price List | Dep. Ex. 438 | OMNI_0000144-OMNI_0000145 | H, 402, 403, 901 |
| | 441 | 8/4/09 Email and Attachments | Dep. Ex. 441 | SANCHEZ001207-SANCHEZ001207 | H, 402, 403, 901 |
| | 442 | Notes | Dep. Ex. 442 | SANCHEZ001209-SANCHEZ001209 | H, 402, 403, 901 |
| | 443 | Notes | Dep. Ex. 443 | SANCHEZ001210-SANCHEZ001210 | H, 402, 403, 901 |
| | 444 | 8/09 Email Chain | Dep. Ex. 444 | SANCHEZ001009-SANCHEZ001010 | H, 402, 403, 901 |
| | 445 | 1/25/10 Notes | Dep. Ex. 445 | SANCHEZ001204-SANCHEZ001204 | H, 402, 403, 901 |
| | 446 | Amendment to Invention Agreement | Dep. Ex. 446 | SANCHEZ001176-SANCHEZ001176 | H, 402, 403, 901 |
| | 447 | 7/20/10 Notes | Dep. Ex. 447 | SANCHEZ001198-SANCHEZ001200 | H, 402, 403, 901 |
| | 448 | Notes | Dep. Ex. 448 | SANCHEZ001195-SANCHEZ001197 | H, 402, 403, 901 |
| | 449 | 10/15/14  Email | Dep. Ex. 449 | SANCHEZ000991-SANCHEZ000991 | H, 402, 403, 901 |
| | 450 | 9/4/16 Email | Dep. Ex. 450 | SANCHEZ000354-SANCHEZ000355 | H, 402, 403, 901 |
| | 451 | 11/17 Email Chain | Dep. Ex. 451 | SANCHEZ000372-SANCHEZ000393 | H, 402, 403, 901 |
| | 452 | 11/17 Email Chain | Dep. Ex. 452 | SANCHEZ001043-SANCHEZ001054 | H, 402, 403, 901 |
| | 457 | Physicals photograph | | PureWick_0019767-PureWick_0019767 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 458 | 5/29/15 Agreement | | PureWick_0050090-PureWick_0050093 | H, 402, 403 |
| | 459 | 5/21/15 Letter | | PureWick_0015966 - PureWick_0015966 | H, 402, 403 |
| | 460 | PureWick Video | | PureWick_0026618-PureWick_0026618 | |
| | 461 | 5/6/16 Email Chain | | BIOMED_47-49 | Error, H, 402, 403, 901 |
| | 462 | 5/25/16 Email | | BIOMED_11-14 | H, 402, 403 |
| | 463 | Application | | PureWick_0017977-PureWick_0017981 | H, 402, 403 |
| | 464 | PureWick Document | | PureWick_0025880-PureWick_0025881 | H, 402, 403 |
| | 465 | PureWick Consent Form | | PureWick_0025924-PureWick_0025925 | H, 402, 403 |
| | 466 | Case Studies | | PureWick_0016017-PureWick_0016022 | H, 402, 403 |
| | 467 | Case Studies | | PureWick_0016023-PureWick_0016029 | H, 402, 403 |
| | 468 | Case Studies | | PureWick_0016030-PureWick_0016031 | H, 402, 403 |
| | 469 | PowerPoint | | PureWick0019175-PureWick_0019200 | H, 402, 403 |
| | 470 | PowerPoint | | PureWick_0019068-PureWick_0019107 | H, 402, 403 |
| | 471 | 9/23/15 Press Release | | PureWick_0021911-PureWick_0021912 | H |
| | 472 | 11/15/15 Newsletter | | PureWick_0026861-PureWick_0026862 | H |
| | 473 | 4/9/14 Email | | NEWTON_424-425 | H, 402, 403, 901 |
| | 474 | 4/11/14 Email | | NEWTON_430-431 | H, 402, 403, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 475 | 4/12/14 Email | | NEWTON_432-433 | H, 402, 403, 901 |
| | 476 | 4/13/14 Email | | NEWTON_434-35 | H, 402, 403, 901 |
| | 477 | 4/22/14 Email | | NEWTON_439-440 | H, 402, 403, 901 |
| | 478 | 1/16/15 Email | | NEWTON_629 | H, 402, 403, 901 |
| | 479 | 12/13 Email Chain | | NEWTON_865-868 | Error, H, 402, 403, 901 |
| | 480 | 4/14/14 Email | | NEWTON_4093-4094 | Error, H, 402, 403, 901 |
| | 481 | 4/16/14 Email | | NEWTON_4095-4096 | Error, H, 402, 403, 901 |
| | 482 | 1/20/15 Email | | NEWTON_4455-4456 | Error, H, 402, 403, 901 |
| | 483 | 4/16/14 Email | | NEWTON_6007-6008 | Error, H, 402, 403, 901 |
| | 484 | 4/22/14 Email | | NEWTON_6009-6010 | Error, H, 402, 403, 901 |
| | 485 | 12/5/13 Email | | NEWTON_7668-7682 | Error, H, 402, 403, 901 |
| | 486 | 6/15 Email Chain | | NEWTON_2632-2633 | Error, H, 402, 403, 901 |
| | 487 | 7/15 Email Chain | | NEWTON_2661-2666 | Error, H, 402, 403, 901 |
| | 488 | 2015 Email Chain | | NEWTON_2667-2687 | Error, H, 402, 403, 901 |
| | 490 | 5/21/15 Letter | | PureWick_23808 | Error, H, 402, 403, 901 |
| | 491 | Photograph | | PureWick_0019761 | |
| | 492 | PureWick Document | | PureWick_17091-92 | H |
| | 496 | PureWick Financial Spreadsheet | | PureWick_0027004-PureWick_0027004 | |
| | 500 | Subpoena to Connect Foundation | Dep. Ex. 500 | - | NE, H, 402, 403 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 501 | Notice of Subpoena to Connect Foundation | Dep. Ex. 501 | - | NE, H, 402, 403 |
| | 502 | Agreement | Dep. Ex. 502 | CONNECT_0000100-CONNECT_0000100 | H, 402, 403, 901 |
| | 503 | Connect Application | Dep. Ex. 503 | CONNECT_0000055-CONNECT_0000058 | H, 402, 403, 901 |
| | 504 | Connect Application | Dep. Ex. 504 | CONNECT_0000059-CONNECT_0000062 | H, 402, 403, 901 |
| | 505 | PureWick Executive Summary | Dep. Ex. 505 | CONNECT_0000051-CONNECT_0000052 | H, 402, 403, 901 |
| | 506 | PureWick Executive Summary | Dep. Ex. 506 | CONNECT_0000053-CONNECT_0000054 | H, 402, 403, 901 |
| | 507 | PureWick Executive Summary | Dep. Ex. 507 | CONNECT_0000038-CONNECT_0000039 | H, 402, 403, 901 |
| | 508 | PureWick PowerPoint | Dep. Ex. 508 | CONNECT_0000067-CONNECT_0000083 | H, 402, 403, 901 |
| | 509 | PureWick Power Point | Dep. Ex. 509 | CONNECT_0000084-CONNECT_0000099 | H, 402, 403, 901 |
| | 510 | PureWick PowerPoint | Dep. Ex. 510 | CONNECT_0000008-CONNECT_0000037 | H, 402, 403, 901 |
| | 511 | PureWick Executive Summary | Dep. Ex. 511 | CONNECT_0000063-CONNECT_0000066 | H, 402, 403, 901 |
| | 512 | PureWick Executive Summary | Dep. Ex. 512 | CONNECT_0000110-CONNECT_0000112 | H, 402, 403, 901 |
| | 513 | PureWick Executive Summary | Dep. Ex. 513 | CONNECT_0000107-CONNECT_0000109 | H, 402, 403, 901 |
| | 514 | Application Form | Dep. Ex. 514 | CONNECT_0000041-CONNECT_0000045 | H, 402, 403, 901 |
| | 515 | Application Form | Dep. Ex. 515 | CONNECT_0000046-CONNECT_0000050 | H, 402, 403, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 516 | PureWick Executive Summary | Dep. Ex. 516 | CONNECT_0000101-CONNECT_0000103 | H, 402, 403, 901 |
| | 517 | PureWick Executive Summary | Dep. Ex. 517 | CONNECT_0000104-CONNECT_0000106 | H, 402, 403, 901 |
| | 518 | PureWick Presentation | Dep. Ex. 518 | CONNECT_0000001-CONNECT_0000007 | H, 402, 403, 901 |
| | 519 | Video | Dep. Ex. 519 | CONNECT_0000040-CONNECT_0000040 | H, 402, 403, 901 |
| | 520 | Video | Dep. Ex. 520 | CONNECT_0000113-CONNECT_0000113 | H, 402, 403, 901 |
| | 521 | Newman Opening Invalidity Report | | - | H, Exp, NE, 402, 403 |
| | 522 | Newman CV | | - | H, Exp, 901, 402, 403 |
| | 523 | Newman, The Urinary Incontinence Sourcebook (1997) | | - | H, Exp, 901, 402, 403 |
| | 524 | Responsive Expert Report of Dr. Diane Newman | | - | H, Exp, NE, 402, 403 |
| | 525 | Clininical Application of UrologicCatheters, Devices and Products | | - | H, Exp, 901, 402, 403 |
| | 526 | Reply Expert Report of Dr. Diane Newman | | - | H, Exp, NE, 402, 403 |
| | 527 | Supplemental Expert Report of Donald Sheldon | | | |
| | 528 | Opening Expert Report of Donald Sheldon | | - | H, Exp, NE, 402, 403 |
| | 529 | Sheldon CV | | - | H, 901, EXP, 402, 403 |
| | 530 | Images from Sheldon Opening Report | | - | H, 901, EXP, NE, 402, 403 |
| | 531 | Responsive Expert Report of Donald Sheldon | | - | H, 901, EXP, NE, 402, 403 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 532A-D | Photographs from Sheldon Responsive Report | | - | H, 901, EXP, NE, 402, 403 |
| | 533 | Selected photographs from Exhibit L to Collins' Opening Expert Report | | - | Incom; 901 |
| | 534 | Reply Expert Report of Donald Sheldon | | - | H, 901, EXP, NE, 402, 403 |
| | 535 | Photographs from Sheldon Reply Report | | - | H, 901, EXP, NE, 402, 403 |
| | 536 | Expert Report of Robert Sterne | | - | H, 901, EXP, NE, 402, 403 |
| | 537 | Sterne CV | | - | H, 901, EXP, 402, 403 |
| | 538 | Reply Expert Report of Erika Lietzan | | - | H, 901, EXP, NE, 402, 403 |
| | 539 | Lietzan CV | | - | H, 901, EXP, 402, 403 |
| | 540 | Responsive Expert Report of Vincent A. Thomas | | - | H, 901, EXP, NE, 402, 403 |
| | 541 | Thomas Appendix A | | - | H, 901, EXP, NE, 402, 403 |
| | 542 | Appendix B | | - | H, 901, EXP, NE, 402, 403 |
| | 543 | Thomas Schedule 1.0 | | - | H, 901, EXP, NE, 402, 403 |
| | 544 | Thomas Schedule 1.1 | | - | H, 901, EXP, NE, 402, 403 |
| | 545 | Thomas Schedule 2a | | - | H, 901, EXP, NE, 402, 403 |
| | 546 | Thomas Schedule 2b | | - | H, 901, EXP, NE, 402, 403 |
| | 547 | Thomas Schedule 3a | | - | H, 901, EXP, NE, 402, 403 |
| | 548 | Thomas Schedule 3b | | - | H, 901, EXP, NE, 402, 403 |
| | 549 | Thomas Schedule 4.0 | | - | H, 901, EXP, NE, 402, 403 |
| | 550 | Thomas Schedule 4.1a | | - | H, 901, EXP, NE, 402, 403 |
| | 551 | Thomas Schedule 4.1b | | - | H, 901, EXP, NE, 402, 403 |
| | 552 | Thomas Schedule 4.2 | | - | H, 901, EXP, NE, 402, 403 |
| | 553 | Thomas Schedule 4.3a | | - | H, 901, EXP, NE, 402, 403 |
| | 554 | Thomas Schedule 4.3b | | - | H, 901, EXP, NE, 402, 403 |
| | 555 | Thomas Schedule 5.0 | | - | H, 901, EXP, NE, 402, 403 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 556 | Supplemental Expert Report of Vincent A. Thomas | | - | |
| | 556a | Thomas Supplemental CV | | - | |
| | 556b | Appendix B to Supplemental Expert Report of Vincent A. Thomas | | - | |
| | 557a-j | Schedules 1.0, 1.1, 2a, 2b, 3a, 3b, 3c, 3d, 4.0, and 5.0 to Supplemental Thomas Report | | - | |
| | 559 | 6,888,044 | | | 402, 403, H, 901 |
| | 560 | US 2004/0127872 | | | 402, 403, H, 901 |
| | 561 | 7,766,887 | | | 402, 403, H, 901 |
| | 562 | 7,358,282 | | | 402, 403, H, 901 |
| | 563 | GB 2,062,472 | | SAGE00022063-SAGE00022069 | 402, 403, H, 901 |
| | 564 | 5,147,345 | | | 402, 403, H, 901 |
| | 565 | 3,382,090 | | | 402, 403, H, 901 |
| | 566 | 6,918,899 | | | 402, 403, H, 901 |
| | 567 | Wired, "New Relief for Pilots? It Depends" | | SAGE00021397-SAGE00021398 | 402, 403, H, 901 |
| | 568 | "How do Pilots Spell Relief: AMXD" | | SAGE00043457-SAGE00043459 | 402, 403, H, 901 |
| | 569 | "A Solution For An Awkward But Serious Subject" | | SAGE00043454-SAGE00043456 | 402, 403, H, 901 |
| | 570 | Sage Presentation | | SAGE00000109-SAGE00000109 | |
| | 571 | 8/17/17 Memo | | PureWick_0014230-PureWick_0014236 | H, 402, 403 |
| | 572 | 10/21/16 Memo | | PureWick_0014237-PureWick_0014238 | H, 402, 403 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 573 | 8/26/16 Email | | PureWick_0014259-PureWick_0014259 | H, 402, 403 |
| | 574 | 10/20/16  Memo | | PureWick_0014272-PureWick_0014274 | H, 402, 403 |
| | 575 | 6/29/17  Email | | PureWick_0014310-PureWick_0014311 | H, 402, 403 |
| | 576 | 11/27/18 PureWick Document | | PureWick_0027928-PureWick_0027934 | H, 402, 403 |
| | 577 | 10/21/16 Memo | | PureWick_0059075-PureWick_0059076 | H, 402, 403 |
| | 578 | 10/20/16 Document | | PureWick_0059080-PureWick_0059082 | H, 402, 403 |
| | 579 | Sage Memo | Pl. Dep. Ex. 55 | SAGE00023796-SAGE00023797 | |
| | 580 | 7/12/17  Email | Pl. Dep. Ex. 62 | SAGE00035249-SAGE00035258 | H, 402, 403 |
| | 581 | 2/28/17  Memo | | PureWick_0014144-PureWick_0014145 | H, 402, 403 |
| | 582 | 10/16/17  Email | | SAGE00027411-SAGE00027412 | H, 402, 403, Exp |
| | 584 | Sage Document | | SAGE00028163-SAGE00028192 | 402, 403 |
| | 585 | 2011-2012 Email Chain | | Newton_0001858-Newton_0001863 | H, 402, 403 |
| | 586 | 10/23/17 Email Chain | | SAGE00037788-SAGE00037789 | |
| | 587 | https://www.ejisinc.com/blogs/news/what-is-the-best-moisture-wicking-fabric | | Report | 402, 403, H, 901, Exp |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 588 | https://www.textileinnovations.co.uk/latest-news/what-is-smsor-spunbond-meltblown-spunbond/ | | Report | 402, 403, H, 901, Exp |
| | 594 | 7/11/19 Document | | PureWick_0027935-PureWick_0027982 | H, Incom, 901, 402, 403 |
| | 595 | 5/29/19  PowerPoint | | PureWick_0027983-PureWick_0027983 | H, 901, 402, 403 |
| | 596 | 10/11/16  Document | | PureWick_0064152-PureWick_0064152 | H, 901, 402, 403 |
| | 597 | PureWick Document | | PureWick_0034331-PureWick_0034331 | 901 |
| | 598 | Sage PowerPoint | | SAGE00000080-SAGE00000080 | 402, 403, H, Exp |
| | 602 | "Incontinence-associated dermatitis (IAD)" | Dep. Ex. 602 | SAGE00000089-SAGE00000090 | 402, 403, H, 901 |
| | 603 | PureWick Memo | Dep. Ex. 603 | PureWick_0014230-PureWick_0014236 | H, 402, 403 |
| | 604 | PureWick Memo | Dep. Ex. 604 | PureWick_0014237-PureWick_0014238 | H, 402, 403 |
| | 605 | 8/26/16 Email | Dep. Ex. 605 | PureWick_0014259-PureWick_0014259 | H, 402, 403 |
| | 606 | 10/20/16 Document | Dep. Ex. 606 | PureWick_0014272-PureWick_0014274 | H, 402, 403, 901 |
| | 607 | 6/29/17 Email | Dep. Ex. 607 | PureWick_0014310-PureWick_0014311 | H, 402, 403 |
| | 616 | Stryker Memo | Dep. Ex. 616 | SAGE00031466-SAGE00031471 | H |
| | 617 | PrimoFit Brochure | Dep. Ex. 617 | SAGE00033494-SAGE00033494 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | **618** | Sage Document | Dep. Ex. 618 | SAGE00031282-SAGE00031288 | H |
| | **621** | Technical Drawing | Dep. Ex. 621 | SAGE00021478-SAGE00021478 | |
| | **627** | AATCC Test Methods | | PureWick_EXP_0001564-68 | 402, 403, H, 901 |
| | **628** | AATCC Test Method | Dep. Ex. 628 | - | 402, 403, H, 901 |
| | **632** | 61/955,537 Provisional Application (certified) | Dep. Ex. 632 | PureWick_0002112-PureWick_0002136 | |
| | **633** | 62/084,078 Provisional Application | Dep. Ex. 633 | PureWick_0006789-PureWick_0006812 | |
| | **634** | 15/171,968 Application | Dep. Ex. 634 | PureWick_0004392-PureWick_0004410 | |
| | **639** | Financial Spreadsheet | Dep. Ex. 639 | PureWick_0030211-PureWick_0030211 | 402, 403, 901 |
| | **640** | Financial Document | Dep. Ex. 640 | PureWick_0034331-PureWick_0034331 | 402, 403, 901 |
| | **641** | Stryker Document | Dep. Ex. 641 | SAGE00029359-SAGE00029391 | H |
| | **650** | "Urinary Track Infection in Adults" | | SAGE00026997-SAGE00027004 | 402, 403, H, 901 |
| | **651** | 4/19/19 PowerPoint | Pl. Dep. Ex. 105 | SAGE00029013-SAGE00029048 | Incom; 901, H, 402, 403 |
| | **652** | Instructions for Use | | SAGE00030399-SAGE00030400 | H, 402, 403 |
| | **653** | Sage Document | | SAGE00031452-SAGE00031461 | H, 402, 403 |
| | **654** | Brochure | | SAGE00033494-SAGE00033494 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 655 | Instructions for Use | | SAGE00033496-SAGE00033496 | |
| | 656 | PowerPoint Presentation | | SAGE00033788 | 402, 403, H |
| | 657 | PowerPoint Presentation | Pl. Dep. Ex. 18 | SAGE00035988 | 402, 403, H |
| | 658 | 9/23/19 PowerPoint | Pl. Dep. Ex. 4 | SAGE00036528-SAGE00036590 | 402, 403, H |
| | 659 | Sage Powerpoint | | SAGE00033788 | 402, 403, H |
| | 679 | Sage PowerPoint | Pl. Dep. Ex. 50 | SAGE00033392-SAGE00033434 | 402, 403, H |
| | 680 | Technical Drawings | | SAGE00021467-SAGE00021468 | |
| | 681 | Technical Drawing | | SAGE00021479-SAGE00021479 | |
| | 682 | Sage Document | Pl. Dep. Ex. 84 | SAGE00031466-SAGE00031471 | 402, 403, H |
| | 683 | Sage Document | Pl. Dep. Ex. 85 | SAGE00031552-SAGE00031564 | 402, 403, H |
| | 684 | Brochure | Pl. Dep. Ex. 104 | SAGE00021404-SAGE00021404 | |
| | 685 | IFU | | SAGE00021422-SAGE00021422 | 402, 403, H |
| | 686 | Technical Drawing | | SAGE00021455-SAGE00021458 | |
| | 687 | Technical Drawing | | SAGE00021459-SAGE00021466 | |
| | 688 | Technical Drawing | | SAGE00021467-SAGE00021468 | |
| | 689 | Technical Drawing | | SAGE00021469-SAGE00021470 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 690 | Technical Drawing | | SAGE00021471-SAGE00021472 | |
| | 691 | Technical Drawing | | SAGE00021473-SAGE00021473 | |
| | 692 | Technical Drawing | | SAGE00021474-SAGE00021474 | |
| | 693 | Technical Drawing | | SAGE00021475-SAGE00021475 | |
| | 694 | Technical Drawing | | SAGE00021476-SAGE00021476 | |
| | 695 | Technical Drawing | | SAGE00021477-SAGE00021477 | |
| | 696 | Technical Drawing | | SAGE00021478-SAGE00021478 | |
| | 697 | Technical Drawing | | SAGE00021479-SAGE00021479 | |
| | 698 | Technical Drawing | | SAGE00021480-SAGE00021481 | |
| | 699 | Technical Drawing | | SAGE00021482-SAGE00021482 | |
| | 700 | 10,857,025 | | SAGE00040936-SAGE00040990 | H, 402, 403 |
| | 701 | D882,768 | | SAGE00043465-SAGE00043474 | H, 402, 403 |
| | 702 | 11,000,401 | | SAGE00043559-SAGE00043611 | H, 402, 403 |
| | 703 | US 17/013,822 | | - | H, 402, 403 |
| | 704 | US 16/276,191 | | - | H, 402, 403 |
| | 719 | 11/29/16 Email | Pl. Dep. Ex. 5 | SAGE00026445-SAGE00026445 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 720 | https://homecare.stryker.com/store/p/57-Microclimate-Body-Pad-Standard-Size.aspx | | Report | H, 402, 403, 901, Unt |
| | 721 | PowerPoint Presentation | Pl. Dep. Ex. 6 | SAGE00030464-SAGE00030464 | H |
| | 722 | Photographs | | SAGE00030401-SAGE00030402 | H, 402, 403, 901 |
| | 723 | Schematic | | SAGE00030403-SAGE00030408 | H, 402, 403 |
| | 724 | Photograph | | SAGE00030409-SAGE00030410 | H, 402, 403, 901 |
| | 726 | Specification | | SAGE00030411-SAGE00030463 | H, 402, 403, 901 |
| | 727 | Project Charter | Pl. Dep. Ex. 72 | SAGE00034065-SAGE00034067 | H, 402, 403 |
| | 728 | Drawings | Pl. Dep. Ex. 74 | SAGE00034755-SAGE00034761 | H, 402, 403 |
| | 729 | 12/17/19  Email | Pl. Dep. Ex. 15 | SAGE00036921-SAGE00036921 | H, 402, 403, 901 |
| | 730 | 1/2/20 Email Chain | | SAGE00036975-SAGE00036991 | H, 402, 403 |
| | 731 | 4/9/20 Email | Pl. Dep. Ex. 3 | SAGE00037157-SAGE00037158 | H, 402, 403, 901 |
| | 732 | Sage Document | | SAGE00037268-SAGE00037268 | H, 402, 403 |
| | 733 | Document | | SAGE00037942-SAGE00037956 | H, 402, 403, 901 |
| | 734 | Executive Summary | Pl. Dep. Ex. 2 | SAGE00040435-SAGE00040447 | H, 402, 403 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 735 | Photograph | | SAGE00040838-SAGE00040838 | H, 402, 403, 901 |
| | 736 | 1/31/20 Email | | SAGE00037025-SAGE00037026 | H, 402, 403 |
| | 737 | 10/20/2020 Email | | SAGE00040648 | H, 402, 403, 901 |
| | 738 | Presentation | | SAGE00040769-SAGE00040772 | H, 402, 403 |
| | 739 | Presentation | | SAGE00040419 | H, 402, 403 |
| | 740 | Report | | SAGE00040450-SAGE00040462 | H, 402, 403 |
| | 741 | Presentation | | SAGE00037128-SAGE00037136 | H, 402, 403 |
| | 742 | Presentation | | SAGE00034013-SAGE00034017 | H, 402, 403 |
| | 743 | Report | | SAGE00034072-SAGE00034089 | H, 402, 403 |
| | 744 | Sage Document | | SAGE00023081 | H, 402, 403 |
| | 745 | Project Timeline | | SAGE00027235 | H, 402, 403 |
| | 746 | NPD Presentation | Pl. Dep. Ex. 82 | SAGE00023094 | H, 402, 403 |
| | 747 | 2014 Document | | SAGE00024070 | H, 402, 403 |
| | 748 | 7/18/14 Document | | SAGE00023083-SAGE00023092 | H, 402, 403 |
| | 749 | 6/10/14 Document | | SAGE00026948-SAGE00026948 | H, 402, 403, 901 |
| | 750 | 2014 Document | | SAGE00026949-SAGE00026950 | H, 402, 403 |
| | 751a | Sales Spreadsheet | Pl. Dep. Ex. 6 | SAGE00043464 | |
| | 751b | Sales Spreadsheet | | SAGE00043612 | |
| | 751c | Sales Spreadsheet | | SAGE00043613 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 752 | Financial Spreadsheet | | SAGE00043555-SAGE00043555 | H, 402, 403 |
| | 753 | 10/18/16 Email | Pl. Dep. Ex. 23 | SAGE00028588-SAGE00028588 | H, 402, 403 |
| | 754 | Sage Spreadsheet | Pl. Dep. Ex. 24 | SAGE00028589-SAGE00028589 | H, 402, 403 |
| | 755 | 7/16/18 PowerPoint | Pl. Dep. Ex. 11 | SAGE00028998-SAGE00028998 | H |
| | 756 | Sage Spreadsheet | | SAGE00029003-SAGE00029003 | H, 402, 403 |
| | 757 | 2016 PureWick Business Plan | | PureWick_0020788-PureWick_0020810 | |
| | 758 | Financial Spreadsheet | | PureWick_0030253-PureWick_0030253 | H, 402, 403 |
| | 759 | 10/27/16 Email | Pl. Dep. Ex. 25 | PureWick_0064055-PureWick_0064057 | H, 402, 403 |
| | 760 | 7/29/16 Email | Pl. Dep. Ex. 9 | PureWick_0064060-PureWick_0064062 | H, 402, 403 |
| | 761 | PureWick Document | | PureWick_0014327-PureWick_0014337 | |
| | 762 | Financial Spreadsheet | | PureWick_0064464-PureWick_0064465 | |
| | 763 | Financial Spreadsheet | | PureWick_0064466-PureWick_0064467 | |
| | 764 | October 2016 Memorandum | | SAGE00024400 | H, 402, 403 |
| | 765 | Sage PowerPoint | Pl. Dep. Ex. 32 | SAGE00025671-SAGE00025675 | |
| | 766 | Spreadsheet | | SAGE00000488 | |
| | 767 | Spreadsheet | | SAGE00021490 | |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 769 | Report | | PureWick_0017753-PureWick_0017753 | H, 402, 403 |
| | 770 | 6/23/17 Email | | PureWick_0049279-PureWick_0049280 | H, 402, 403 |
| | 771 | Report | | SAGE00027574 | H |
| | 772 | PowerPoint | | SAGE00035465-SAGE00035509 | |
| | 773 | 5/18 Email Chain | | SAGE00038681-SAGE00038682 | H, 402, 403 |
| | 774 | Financial Document | | SAGE00033918 | H, 402, 403 |
| | 776 | Sage PowerPoint | | SAGE00028962-SAGE00028962 | H |
| | 780 | Sage Document | | SAGE00026209-SAGE00026210 | H, 402, 403 |
| | 800 | Sage's Fourth Supplemental Objections and Responses to Plaintiff's Interrogatories (Nos. 1-6, 8, and 10) | | - | H, 402, 403, NE, Exp |
| | 801 | Sage's Third Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories Nos. 4-6 and 9 | | - | H, 402, 403, NE, Exp |
| | 802 | Sage's Responses to Plaintiff's Third Set of Interrogatories Nos. 13-23 | | - | H, 402, 403, NE, Exp |
| | 803 | PureWick's Seventh Response to Interrogatories (Nos. 1-11) | | - | H, 402, 403, NE, Exp |
| | 804 | PureWick's Responses to Sage's Third Set of Interrogatories Nos. 14-16 | | - | H, 402, 403, NE, Exp |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 805 | Sage's Supplemental Initial Disclosures | | - | H, 402, 403, NE, Exp |
| | 806 | Sage's Final Invalidity Contentions | | - | H, 402, 403, NE, Exp |
| | 807 | Sage's Privilege Log | | - | H, 402, 403, NE, Exp |
| | 814 | Sage Document | Pl. Dep. Ex. 59 | | H, 402, 403 |
| | 815 | Sage Document | Pl. Dep. Ex. 61 | | H, 402, 403 |
| | 816 | Sage Document | Pl. Dep. Ex. 67 | | H, 402, 403 |
| | 817 | 6/19 Email Chain | Pl. Dep. Ex. 16 (Ulreich) | | H, 402, 403 |
| | 818 | Final Written Decision | | | H, 402, 403, NE, Exp |
| | 820 | IPR2020-01426 - Petition | | - | H, 402, 403, NE, Exp |
| | 821 | IPR2020-01426 - Declaration of Dr. Diane Newman | | - | H, 402, 403, NE, Exp |
| | 822 | IPR2020-01426 - Second Declaration of Dr. Diane Newman | | - | H, 402, 403, NE, Exp |
| | 823 | IPR2020-01426 - Institution Decision | | - | H, 402, 403, NE, Exp |
| | 824 | IPR2020-01426 - Petitioner's Reply | | - | H, 402, 403, NE, Exp |
| | 825 | https://sageproductsglobal.com/company-profile-3/ | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 826 | https://sageproductsglobal.com/history/ | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 827 | https://investors.stryker.com/press-releases/news-details/2016/Stryker-Announces-Definitive-Agreement-to-Acquire-Sage-Products-LLC-from-Madison-Dearborn-Partners-for-2775-Billion/default.aspx | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 828 | https://www.urologyhealth.org/urology-a-z/u/urinary-incontinence | | Report | H, 402, 403, NE, NP, Unt, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 829 | https://www.merckmanuals.com/home/special-subjects/hospital-care/incontinence-due-to-hospitalization | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 830 | https://www.cancertherapyadvisor.com/home/decision-support-in-medicine/hospital-medicine/foley-catheters/ | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 831 | https://www.healthline.com/health/intermittent-catheterization#conditions | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 832 | https://wellnessbriefs.com/blog/2016/09/22/absorbent-adult-diapers-features-and-benefits/ | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 833 | https://share.upmc.com/2017/06/adult-diaper-facts/ | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 834 | https://www.webmd.com/men/guide/urinary-incontinence-products-for-men | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 835 | https://www.stryker.com/content/dam/stryker/sage/products/primafit/resources/Sage-PrimaFit-Brochure.pdf | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 836 | https://www.stryker.com/content/dam/stryker/sage/products/primofit/resources/Sage-PrimoFit-Brochure.pdf | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 837 | https://www.hollister.com/-/media/files/pdfs-for-download/continence-care/hol_ccbl_male-female-urinarypouch-product-information_921839.ashx | | Report | H, 402, 403, NE, NP, Unt, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 838 | https://www.hollister.com/-/media/files/pdfs-for-download/continencecare/care-tips-for-male-urinary-pouch-922091-812.ashx | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 839 | https://www.hollister.com/-/media/files/pdfs-fordownload/continence-care/care-tips-for-female-urinary-pouch-922092-812.ashx | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 840 | https://activkare.com/collections/mens-acticuf | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 841 | https://activkare.myshopify.com/pages/acticuf | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 842 | https://www.tillacare.com/ | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 843 | https://thetinklebelle.com/ | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 844 | https://www.mayoclinic.org/diseases-conditions/urinary-incontinence/in-depth/urinary-incontinence-surgery/art-20046858 | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 845 | https://www.everydayhealth.com/incontinence/biofeedback-treatment.aspx | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 846 | https://www.aafp.org/afp/2005/0115/p315.html | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 847 | https://www.stryker.com/us/en/sage/products/sage-primafit.html | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 848 | https://www.stryker.com/us/en/sage/products/sage-primofit.html | | Report | H, 402, 403, NE, NP, Unt, 901 |

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 849 | https://homecare.stryker.com/store/p/58-Microclimate-Body-Pad-Large-Size-Full-Body.aspx | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 851 | Drawing | | SAGE00000146-SAGE00000148 | |
| | 852 | Drawing | | SAGE00000149-SAGE00000151 | |
| | 853 | PrimaFit SOP | | SAGE00000358-SAGE00000365 | |
| | 854 | Specification | | SAGE00024946 | |
| | 855 | Specification | | SAGE00024948 | |
| | 856 | Letter | | SAGE00025046 | H, 402, 403 |
| | 857 | Sage Document | | SAGE00025094-SAGE00025095 | H, 402, 403 |
| | 858 | Sage Document | | SAGE00025096 | H |
| | 859 | Spreadsheet | | SAGE00030397 | H, 402, 403 |
| | 875 | 2/3/2021 Quinn Email to McAndrews | | - | H, 402, 403, NE |
| | 876 | 2020-2021 Email Chain | | - | H, 402, 403, NE, 901 |
| | 877 | 2/12/2021 McAndrews Email to Quinn | | - | H, 402, 403, NE, 901 |
| | 890 | https://www.hcd.com/need-medical-supplies/foley-catheter/ | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 891 | https://www.nice.org.uk/guidance/cg139/ifp/chapter/long-term-use-of-urinary-catheters | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 892 | https://www.nhs.uk/conditions/urinary-catheters/living-with/ | | Report | H, 402, 403, NE, NP, Unt, 901 |

PureWick Corporation, v. Sage Products LLC,

Case No. 19-1508-MN

Schedule D2 - Sage's Amended Trial Exhibit List

| JOINT EX. | DTX | DESCRIPTION | DEP. EX. | BATES | PL. OBJ. |
|---|---|---|---|---|---|
| | 893 | https://www.bls.gov/ooh/arcture-and-engineering/biomedical-engineers.htm#tab-5 | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 894 | https://www.aha.org/statistics/fast-facts-us-hospitals | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 895 | https://www.stryker.com/us/en/about/patents/medical-patents.html | | Report | H, 402, 403, NE, NP, Unt, 901 |
| | 900 | Sage PrimaFit - Physical | | | H, 402, 403 |
| | 901 | Sage PrimoFit - Physical | | | H, 402, 403 |
| | 902 | PureWick product - Physical | | PureWick_00030206-PureWick_00030210 | |
| | 903 | Photographs of Sage Prototypes | | | H, 402, 403, NE, NP, Unt, 901 |
| | 904 | Sage Microclimate Body Pad | | | H, 402, 403, NE, NP, Unt, 901 |
| | 906 | Photographs of PureWick pre-August 2016 products | | | H, 402, 403, NP, Unt, 901 |

* To the extent not identified above, Sage further identifies any exhibit identified in its deposition designations and counter desi

** To the extent not identified above, Sage further reserves the right to use exhibits on PureWick's exhibit list

# SCHEDULE D3

PureWick Corporation, v. Sage Products LLC,
Case No. 19-1508-MN
Schedule D3 - Joint Exhibit List

| JTX No. | PTX/DTX No. | Title | Date | Beg. Bates No. | End Bates No. |
|---|---|---|---|---|---|
| 1 | PTX1/DTX001 | U.S. Patent No. 8,287,508 | 10/16/2012 | PUREWICK_0001877 | PUREWICK_0001883 |
| 2 | PTX2/DTX003 | U.S. Patent No. 10,226,376 | 3/12/2019 | PUREWICK_0001884 | PUREWICK_0001940 |
| 3 | PTX3/DTX002 | U.S. Patent No. 10,390,989 | 8/27/2019 | PUREWICK_0001941 | PUREWICK_0001982 |
| 4 | PTX4/DTX004 | U.S. Patent No. 10,376,407 | 8/13/2019 | PUREWICK_0007220 | PUREWICK_0007226 |
| 5 | PTX5/DTX026 | Certified File History No. 10,226,376 - App. No. 15611587 | | PUREWICK_0000124 | PUREWICK_0000823 |
| 6 | PTX6/DTX024 | Certified File History No. 10,390,989 - App. No. 15260103 | | PUREWICK_0000824 | PUREWICK_0001876 |
| 7 | PTX210/DTX322 | Email from Sanchez to Newton | 8/4/2009 | NEWTON_0005496 | NEWTON_0005498 |
| 9 | PTX204/DTX311 | PureWick brochure | | PUREWICK_0014538 | PUREWICK_0014539 |
| 10 | PTX198/DTX290 | Disclosure Schedules to the Agreement and Plan of Merger by and Among C.R. Bard, Inc., Candle Acquisition Corp., PureWick Corporation, and the Securityholder Representative | 6/16/2017 | PUREWICK_0015323 | PUREWICK_0015361 |
| 11 | PTX197/DTX457 | Photograph of devices | | PUREWICK_0019767 | PUREWICK_0019767 |
| 12 | PTX199/DTX298 | Agreement and Plan of Merger by and Among C.R. Bard, Inc., Candle Acquisition Corp., PureWick Corporation, and the Securityholder Representative (Execution Copy) | 6/16/2017 | PUREWICK_0020343 | PUREWICK_0020446 |
| 13 | PTX723/DTX902 | Physical sample of PureWick FEC Device | | PUREWICK_00030206-210 | PUREWICK_00030264 |
| 14 | PTX724/DTX900 | Physical Sample of PrimaFit Device | | | |
| 15 | PTX732/DTX901 | Physical Sample of PrimoFit Device | | | |

# SCHEDULE E1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PUREWICK CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | C.A. No. 19-1508-MN |
| v. | ) | |
| | ) | |
| SAGE PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

<u>**PLAINTIFF'S TRIAL WITNESS LIST**</u>

Pursuant to Local Rule 16.3 and Federal Rule of Civil Procedure 16(a)(3)(A)(i) and (ii), Plaintiff provides below an identification of the witnesses whose testimony it may present at trial. The inclusion of a witness on this list does not require Plaintiff to call that witness to testify, and does not imply or establish that Plaintiff has the power to compel the live testimony of that witness or make that witness available to the opposing party.

Plaintiff expressly reserves the right to call any witness identified by Defendant at any point before or during trial, whether or not listed on Plaintiff's list below, live or by deposition designations. Plaintiff also expressly reserves the right to call any witness live or by deposition designations (or to offer additional deposition designations from witnesses identified herein) for purposes of rebuttal, impeachment, or authentication of a document or as required by any of the Court's pretrial or trial rulings. Plaintiff also reserves its right to change or modify this list as permitted by the Federal Rules of Civil Procedure, Local Rules, or Orders of the Court.

I.     **PLAINTIFF'S WILL CALL WITNESSES**

Plaintiff expects to call the following witnesses live at trial:

1.     **Dr. John Collins**

1

      2.       **John Gohde**

      3.       **Arrigo D. Jezzi**

      4.       **Dr. Gregory Leonard**

      5.       **Dr. Camille Newton**

      6.       **Dr. Edward Yun**

## II.    PLAINTIFF'S MAY CALL WITNESSES

Plaintiff may call the following witnesses at trial, live or by deposition:

      1.       **Nick Alexander** (by deposition or live)

      2.       **Brett Blabas** (by deposition or live)

      3.       **Jason Bobay** (by deposition)

      4.       **Brian Burn** (live)

      5.       **Brian Ecklund** (by deposition or live)

      6.       **Gregory Mann** (live)

      7.       **Raymond Newton** (live)

      8.       **Kelsey Paskal** (by deposition or live)

      9.       **Kristin Sexton** (by deposition)

      10.     **Jill Thompson** (by deposition)

      11.     **Daniel Ulreich** (by deposition)

      12.     **Robert Sanchez** (by deposition or live)

      13.     **Paul Zani** (by deposition or live)

# SCHEDULE E2a

**PUREWICK'S DESIGNATION OBJECTION KEY**

| Objection Code | Objection | Explanation |
|---|---|---|
| 106 | Improper counter-designations | Sage's counter-designations are improper because Sage failed to indicate the direct testimony to which the counter-designation related and, therefore, it is not possible to evaluate whether the counter-designation ought, in fairness, be considered contemporaneously with the affirmative designation. See FRE 106 |
| 402 | Irrelevant | Exhibit is not relevant to issues in the case |
| 403 | More prejudicial than probative | Exhibit's probative value is outweighed by a danger of one unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence |
| 408 | Settlement privilege | |
| 602 | Witness lacks personal knowledge | See FRE 602 |
| 611 | Leading | |
| H | Hearsay | Designation contains or is hearsay (i.e., an out of court statement offered for the truth of the matter asserted), and no exception or exclusion applies |
| F | Lacks foundation | |
| Incom | Designation is incomplete | Incomplete designation, such as only partially designating an answer |
| Exp | Improper opinion, unqualified expert opinion, improper disclosure of otherwise inadmissible facts/data | See FRE 701, 702, 703 |
| BSD | Beyond the scope of the designations | FRE 611(b) |
| ARG | Argumentative | |
| CLC | Calls for a legal conclusion | |
| COM | Compound | |
| CS | Calls for speculation | |
| V | Vague and Ambiguous | |

| NAR | Narrative | |
|---|---|---|
| Error | Likely clerical error | Likely clerical error including designation not existing |

**Sage's Objections to PureWick's Initial Designations**

| Number | Objection |
|---|---|
| 1 | Irrelevant |
| 2 | Lacks foundation / lacks personal knowledge |
| 3 | Calls for Speculation |
| 4 | Hearsay |
| 5 | Vague and Ambiguous |
| 6 | Asked and Answered |
| 7 | Argumentative |
| 8 | Hypothetical |
| 9 | Privilege |
| 10 | Leading |
| 11 | Compound |
| 12 | Mischaracterization |
| 13 | Best Evidence |
| 14 | Calls for Legal Conclusion |
| 15 | Assumes facts not in evidence |
| 16 | Non-responsive |
| 17 | Rule 403 |
| 18 | Outside scope of 30(b)(6) |
| 19 | Not testimony / Not responding to a question |
| 20 | Opinion / Expert opinion testimony by non-expert / Rule 701 |
| 21 | Rule 702 |
| 22 | Calls for a narrative |
| 23 | Object to the extent misuses PrimaFit 2.0 testimony outside the scope of NIA |
| MIL1 / MIL2 | Objectionable as set forth in Stryker Motion in Limine Nos. 1 or 2 |
| CONT | Testimony relates to contingent designations including designations subject to outstanding motions |
| DAUB-Collins | Addresses issues raised in Stryker's *Daubert* motion and motion to strike Collins |
| DAUB-Jezzi | Addresses issues raised in Stryker's *Daubert* motion and motion to strike Jezzi |
| DAUB-Leonard | Addresses issues raised in Stryker's *Daubert* motion and motion to strike Leonard |
| Outside Scope | Outside scope of designation |

**PureWick's Deposition Designations**

| Nick Alexander | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objection(s)** | **Sage's Counter-Designations** | **PureWick's Objections** |
| 10:4-10 | | 27:5–27:9 | 106 |
| 25:4-6 | | 27:25–27:25 | 106 |
| 25:21-26:6 | | 28:2–28:6 | 106 |
| 26:9-11 | | 58:3–58:3 | Incom, F, 106 |
| 56:7-12, 56:19-23 | 1, 2, 3, 4, 15, 17 | 60:19–60:21 | 106 |
| 56:24-57:9 | 1, 2, 3, 15, 17 | 61:3–61:8 | H, 403, 602, 106 |
| 58:5-15 | 1, 17 | 63:18–63:20 | 602, 106 |
| 61:14-22 | 1, 5, 17 | 76:11–76:14 | BSD, 106 |
| 61:23-25 | | 76:17–76:17 | BSD, 106 |
| 62:2-6 | | 77:18–77:19 | BSD, H, 106, 402, 403, 106 |
| 63:8-10 | 1, 2, 4, 17, 19 | 77:21–77:25 | BSD, H, 402, 403, 106 |
| 64:2-5 | 1, 2, 3, 4, 17 | 78:2–78:10 | BSD, H, 402, 403, 106 |
| 64:9-25 | 1, 5, 17, MIL2 | 78:19–78:20 | BSD, H, 402, 403, 106 |
| 69:22-70:10 | 1, 2, 3, 17, 18 | 78:23–78:25 | BSD, H, 402, 403, 106 |
| 70:11-20 | 1, 2, 3, 17, 18 | 79:2–79:8 | BSD, H, 402, 403, 106 |
| 71:20-72:4 | 1, 2, 3, 17 | 86:3–86:5 | Incom, BSD, H, 402, 403, 106 |
| 72:5-11 (note errata change) | 1, 2, 3, 17 | 86:8–86:13 | BSD, H, 402, 403, 106 |
| 73:6-74:4 | 1, 2, 3, 4, 17 | 86:22–86:25 | 106 |
| 74:5-11 | 1, 2, 17 | 87:2–87:7 | 106 |
| 74:12-20 | 1, 2, 17 | 89:9–89:16 | 402, 602, 106 |
| 74:21-75:24 (note errata change) | 1, 2, 3, 5, 8, 17, 18 | 90:3–90:4 | H, 403, BSD, 106 |
| 75:25-76:10 | | 90:7–90:13 | 106 |
| 77:6-11 | 1, 2, 4, 17, 18 | 96:9–96:13 | H, 402, 403, 602, 106 |
| 79:18-25 | | 96:19–96:25 | H, 106, 402, 403, 602, 106 |
| 81:2-24 | | 100:7–100:10 | BSD, F, H, 106, 402, 403, 602, 106 |
| 82:5-10 | 1, 2, 3, 5, 17 | 100:13–100:13 | BSD, F, H, 402, 403, 602, 106 |
| 82:16-82:25 | | 101:4–101:4 | BSD, F, H, 106, 402, 403, 602, |

1

| Nick Alexander | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objections** |
| | | | 106 |
| 83:2-9 | 1, 2, 3, 4, 17, 18 | 101:6–101:24 | BSD, F, H, 402, 403, 602, 106 |
| 83:10-21 (note errata change) | 1, 2, 17, 18 | 106:5–106:8 | BSD, F, H, 402, 403, 602, 106 |
| 84:2-21 | 1, 2, 3, 17, 18 | 106:11–106:25 | BSD, F, H, 402, 403, 602, 106 |
| 87:8-16 | | 107:2–107:20 | BSD, F, H, 106, 402, 403, 602, 106 |
| 88:10-89:8 (note errata change) | | 107:23–107:25 | BSD, F, H, 106, 402, 403, 602 |
| 89:20-90:2 | | 108:3–108:6 | BSD, F, H, 106, 402, 403, 602, 106 |
| 90:21-91:12 | | 132:13–132:14 | 106, 402, 403, 602 |
| 91:21-92:24 (note errata change) | | 132:17–132:17 | 106, 402, 403, 602 |
| 94:6-16 | | 135:23–135:25 | 106, 402, 403, 602 |
| 95:17-96:8 | | 136:2–136:3 | 106 |
| 119:19-120:21 (note errata change) | | 136:6–136:8 | 106 |
| 120:22-24 | 1, 2, 3, 17 | 150:17–150:25 | BSD, F, H, 402, 403, 602, 106 |
| 121:5-23 (note errata change) | | 151:2–151:9 | BSD, F, H, 106, 402, 403, 602 |
| 122:15-21 | | 155:4–155:5 | BSD, F, H, 106, 402, 403, 602 |
| 123:6-9 | 1, 2, 3, 17 | 155:8–155:23 | BSD, F, H, 402, 403, 602, 106 |
| 123:10-24 | 1, 2, 3, 17 | | |
| 124:19-22 | 1, 4, 15, 17 | | |
| 125:13-127:18 (note errata change) | 1, 17 | | |
| 127:20-128:12 | 1, 2, 3, 15, 17 | | |
| 128:13-24 | 1, 2, 3, 15, 17 | | |
| 129:4-6 | | | |
| 130:3-4 | | | |
| 130:5-131:3 | 1, 17 | | |
| 131:3-6 | 1, 2, 3, 4, 15, 17 | | |
| 131:16-21 (note errata change) | 1, 2, 3, 15, 17 | | |
| 132:7-12 | 1, 17 | | |
| 132:18-133:6 | 1, 2, 3, 15, 17 | | |

| Nick Alexander | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objections** |
| 133:7-23 | 1, 2, 5, 12, 15, 17 | | |
| 134:18-135:3 | 1, 2, 3, 15, 17 | | |
| 135:4-12 | 1, 2, 3, 15, 17 | | |
| 135:13-22 (note errata change) | 1, 2, 17 | | |
| 136:9-15 | 1, 2, 3, 15, 17 | | |
| 237:10-20 | 1, 12, 15, 17 | | |
| 237:21-238:12 (note errata change) | 1, 2, 3, 12, 15, 17, MIL2 | | |
| 238:18-25 | 1, 2, 3, 12, 15, 17, MIL2 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Nick Alexander | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objections** |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Brett Blabas | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 6:20-7:2 | | 27:13-28:2 | H, BSD, 106, 402 |
| 8:9-12 | | 28:6-14 | H, BSD, 106, 402 |
| 13:23-14:23 | | 28:19-25 | H, BSD, 106, 402 |
| 30:15-19 | | 29:8-11 | H, BSD, 106, 402 |
| 32:7-22 | | 29:19-30:6 | H, BSD, 106, 402 |
| 36:19-37:7 | | 30:20-31:5 | H, BSD, 106, 402 |
| 37:8-25 | 1, 2, 3, 17 | 34:8-22 | H, BSD, 402, 106 |
| 43:18-24 | 1, 2, 3, 17 | 37:14-15 | 106 |
| 49:15-23 | 1, 2, 4, 5, 17 | 37:18-19 | 106 |
| 69:22-23 | | 49:24-50:4 | H, BSD, 106, 402, 403, F, 602 |
| 72:8-15 | | 50:7-21 | H, BSD, 106, 402, 403, F, 602 |
| 74:14-75:2 | | 51:2-7 | H, BSD, 106, 402, 403, F, 602, Incom |
| 75:21-76:3 | | 51:14-20 | H, BSD, 106, 402, 403, F, 602 |

| Brett Blabas | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 76:22-77:6 | | 52:3-10 | H, BSD, 106, 402, 403, F, 602 |
| 81:4-8 | | 54:4-16 | H, BSD, 106, 402, 403, F, 602 |
| 81:21-82:3 | | 58:6-9 | H, BSD, 106, 402, 403, F, 602 |
| 82:15-24 | | 58:12-16 | H, BSD, 106, 402, 403, F, 602 |
| 87:10-14 | | 61:16-22 | H, BSD, 106, 402, 403, F, 602 |
| 89:10-19 | | 62:14-15 | H, BSD, 106, 402, 403, F, 602 |
| 90:20-91:2 | | 62:18-21 | H, BSD, 106, 402, 403, F, 602 |
| 91:8-12 | | 68:3-13 | H, 106, BSD, 402, 403 |
| 91:13-18 | 1, 2, 3, 17 | 68:25-69:3 | H, BSD, 402, 403, 106 |
| 95:20-96:2 | 1, 4, 15, 17 | 69:7-15 | H, BSD, 402, 403, 106 |
| 97:13-24 | | 69:18-21 | H, BSD, 106, 402, 403 |
| 118:17-25 | 1, 17 | 73:18-74:13 | 106 |
| 119:2-5 | 1, 4, 12, 15, 17 | 75:3-20 | H, BSD, 402, 403, 106 |
| 122:17-123:2 | | 76:4-10 | 106 |
| 124:6-13 | | 76:14-21 | 106 |
| 126:10-127:12 (note errata change) | 1, 17 | 77:7-10 | H, BSD, 402, 403, 106 |
| 132:25-133:24 | | 77:13-21 | H, BSD, 106, 402, 403, 106 |
| 143:8-13 | 1, 4, 15, 17 | 80:15-16 | H, BSD, 402, 403, 106 |
| 143:20-145:12 | 1, 17 | 80:20-24 | H, BSD, 402, 403, 106 |
| 146:15-147:12 | 1, 17 | 81:3 | H, BSD, 402, 403, 106 |
| 152:2-7 | 1, 2, 15, 17 | 82:4-5 | 106 |
| 153:19-22 | | 82:11-14 | 106 |
| 154:9-25 | 1, 4, 15, 17 | 84:15-19 | H, BSD, 402, 403, 106 |
| 155:6-156:7 | | 84:22-85:4 | H, BSD, 106, 402, 403, 106 |
| 157:2-5 | | 85:16-18 | H, BSD, 106, 402, 403, F, 602, 106 |
| 160:6-10 | 1, 4, 15, 17 | 85:23-86:4 | H, BSD, 402, 403, F, 602, 106 |
| 160:19-24 | 1, 4, 15, 17 | 86:7-8 | H, BSD, 402, 403, 106 |
| 161:25-162:7 | | 86:17-18 | H, BSD, 106, 402, 403, 106 |
| 164:20-165:4 | 1, 4, 15, 17 | 86:21-22 | H, BSD, 402, 403, 106 |

| Brett Blabas | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 247:2-248:11 (note errata change) | 1, 17 | 87:15-17 | 106 |
| 274:19-25 | 1, 17 | 87:20-21 | 106 |
| 276:2-22 | | 88:6-10 | H, BSD, 106, 402, 403 |
| 277:10-278:13 | | 88:13-22 | H, BSD, 106, 402, 403 |
| 278:21-279:4 | 1, 4, 15, 17 | 92:3-5 | H, BSD, 402, 403, 106 |
| 279:9-20 | | 92:10-19 | H, BSD, 106, 402, 403 |
| 282:21-283:4 | 1, 3, 15, 17 | 92:23-93:4 | H, BSD, 402, 403, 106 |
| 283:9-13 | | 93:14-17 | H, BSD, 106, 402, 403 |
| 292:19-25 | | 93:21-25 | H, BSD, 106, 402, 403 |
| 293:7-14 | | 94:8-10 | H, BSD, 106, 402, 403 |
| 294:3-11 | 1, 2, 17 | 94:13-18 | H, BSD, 402, 403, 106 |
| 297:6-298:24 (note errata change) | | 99:2-17 | H, BSD, 106, 402, 403 |
| 301:13-19 | | 113:12-18 | H, BSD, 106, 402, 403 |
| 302:7-10 | | 114:2-5 | H, BSD, 106, 402, 403 |
| 302:16-303:3 | | 114:8 | H, BSD, 106, 402, 403 |
| 303:18-21 | | 114:18-21 | H, BSD, 106, 402, 403, F, 602 |
| 304:3-12 | | 114:24-115:5 | H, BSD, 106, 402, 403, F, 602 |
| 304:23-305:6 | | 120:10-23 | H, BSD, 106, 402, 403, F |
| 308:12-17 | | 121:11-17 | H, BSD, 106, 402, 403 |
| 308:23-311:4 | | 121:21-122:4 | H, BSD, 106, 402, 403 |
| 319:15-16 | | 123:3-6 | 106 |
| 319:22-25 | | 123:9-23 | 106 |
| 325:7-20 | | 126:6-9 | 106 |
| 325:21-326:7 | 1, 5, 17 | 127:13-21 | 106 |
| 326:8-17 | 1, 3, 17 | 145:16-18 | 106 |
| | | 145:21-22 | 106 |
| | | 146:8-14 | 106 |
| | | 148:3-5 | H, BSD, 106, 402, 403 |
| | | 148:8-11 | H, BSD, 106, 402, 403 |
| | | 148:21-25 | H, BSD, 106, 402, 403 |

| Brett Blabas | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 149:4-150:14 | H, BSD, 106, 402, 403 |
| | | 156:9-12 | 106 |
| | | 156:16-21 | 106 |
| | | 156:24-25 | 106 |
| | | 157:10-18 | H, BSD, 106, 402, 403 |
| | | 157:23-158:5 | H, BSD, 106, 402, 403 |
| | | 158:8-10 | H, BSD, 106, 402, 403 |
| | | 158:24-159:7 | H, BSD, 106, 402, 403 |
| | | 159:15-16 | H, BSD, 106, 402, 403 |
| | | 159:20-160:5 | H, BSD, 106, 402, 403 |
| | | 166:17-22 | 106 |
| | | 167:2-4 | 106 |
| | | 172:8-15 | H, BSD, 106, 402, 403 |
| | | 172:20-173:3 | H, BSD, 106, 402, 403 |
| | | 174:13-16 | H, BSD, 106, 402, 403 |
| | | 174:20-175:3 | H, BSD, 106, 402, 403 |
| | | 175:15-18 | H, BSD, 106, 402, 403 |
| | | 176:18-177:3 | H, BSD, 106, 402, 403 |
| | | 177:15-17 | H, BSD, 106, 402, 403 |
| | | 177:21-178:5 | H, BSD, 106, 402, 403 |
| | | 179:21-180:2 | H, BSD, 106, 402, 403 |
| | | 180:11-13 | H, BSD, 106, 402, 403 |
| | | 180:15-23 | H, BSD, 106, 402, 403 |
| | | 181:5-23 | H, BSD, 106, 402, 403 |
| | | 182:9-13 | H, BSD, 106, 402, 403 |
| | | 183:6-8 | H, BSD, 106, 402, 403 |
| | | 183:12-20 | H, BSD, 106, 402, 403 |
| | | 184:18-21 | H, BSD, 106, 402, 403 |
| | | 184:24-185:3 | H, BSD, 106, 402, 403 |
| | | 186:2-8 | H, BSD, 106, 402, 403 |

| Brett Blabas | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 186:11-15 | H, BSD, 106, 402, 403 |
| | | 187:2-9 | H, BSD, 106, 402, 403 |
| | | 187:17-20 | H, BSD, 106, 402, 403 |
| | | 188:2-9 | H, BSD, 106, 402, 403 |
| | | 190:3-16 | H, BSD, 106, 402, 403 |
| | | 191:21-192:4 | H, BSD, 106, 402, 403 |
| | | 192:23-193:4 | H, BSD, 106, 402, 403 |
| | | 194:3-5 | H, BSD, 106, 402, 403 |
| | | 194:10-14 | H, BSD, 106, 402, 403 |
| | | 196:17-23 | H, BSD, 106, 402, 403 |
| | | 197:5-9 | H, BSD, 106, 402, 403 |
| | | 197:21-23 | H, BSD, 106, 402, 403 |
| | | 198:2-6 | H, BSD, 106, 402, 403 |
| | | 200:19-25 | H, BSD, 106, 402, 403 |
| | | 201:17-18 | H, BSD, 106, 402, 403 |
| | | 201:21-202:11 | H, BSD, 106, 402, 403 |
| | | 202:16-21 | H, BSD, 106, 402, 403 |
| | | 205:22-206:6 | H, BSD, 106, 402, 403 |
| | | 206:19-21 | H, BSD, 106, 402, 403 |
| | | 206:24-207:6 | H, BSD, 106, 402, 403 |
| | | 208:16-22 | H, BSD, 106, 402, 403 |
| | | 209:2-6 | H, BSD, 106, 402, 403 |
| | | 209:11-18 | H, BSD, 106, 402, 403 |
| | | 209:21-25 | H, BSD, 106, 402, 403 |
| | | 212:6-12 | H, BSD, 106, 402, 403 |
| | | 212:19-213:2 | H, BSD, 106, 402, 403 |
| | | 213:6-11 | H, BSD, 106, 402, 403 |
| | | 213:25-214:3 | H, BSD, 106, 402, 403 |
| | | 214:5-9 | H, BSD, 106, 402, 403 |
| | | 215:11-20 | H, BSD, 106, 402, 403 |

| Brett Blabas | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 215:25-216:10 | H, BSD, 106, 402, 403 |
| | | 216:15-17 | H, BSD, 106, 402, 403 |
| | | 216:20-25 | H, BSD, 106, 402, 403 |
| | | 217:9-15 | H, BSD, 106, 402, 403 |
| | | 217:20-24 | H, BSD, 106, 402, 403 |
| | | 218:5-7 | H, BSD, 106, 402, 403 |
| | | 218:10-16 | H, BSD, 106, 402, 403 |
| | | 220:4-10 | H, BSD, 106, 402, 403 |
| | | 220:17-19 | H, BSD, 106, 402, 403 |
| | | 220:22-23 | H, BSD, 106, 402, 403 |
| | | 222:23-25 | H, BSD, 106, 402, 403 |
| | | 223:4-15 | H, BSD, 106, 402, 403 |
| | | 224:4-7 | H, BSD, 106, 402, 403 |
| | | 224:10-13 | H, BSD, 106, 402, 403 |
| | | 224:21-225:3 | H, BSD, 106, 402, 403 |
| | | 225:8-10 | H, BSD, 106, 402, 403 |
| | | 226:2-4 | H, BSD, 106, 402, 403 |
| | | 226:7-13 | H, BSD, 106, 402, 403 |
| | | 227:3-6 | H, BSD, 106, 402, 403 |
| | | 230:12-18 | H, BSD, 106, 402, 403 |
| | | 231:8-10 | H, BSD, 106, 402, 403 |
| | | 231:13-232:4 | H, BSD, 106, 402, 403 |
| | | 233:6-12 | H, BSD, 106, 402, 403 |
| | | 233:18-22 | H, BSD, 106, 402, 403 |
| | | 234:21-23 | H, BSD, 106, 402, 403 |
| | | 235:2-7 | H, BSD, 106, 402, 403 |
| | | 236:11-17 | H, BSD, 106, 402, 403 |
| | | 237:8-10 | H, BSD, 106, 402, 403 |
| | | 237:13-16 | H, BSD, 106, 402, 403 |
| | | 238:5-10 | H, BSD, 106, 402, 403 |

| Brett Blabas | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 238:13-17 | H, BSD, 106, 402, 403 |
| | | 238:21-23 | H, BSD, 106, 402, 403 |
| | | 241:2-11 | H, BSD, 106, 402, 403 |
| | | 241:15-17 | H, BSD, 106, 402, 403 |
| | | 241:21-23 | H, BSD, 106, 402, 403 |
| | | 241:25-242:6 | H, BSD, 106, 402, 403 |
| | | 247:19-24 | 106 |
| | | 248:12-14 | 106 |
| | | 250:17-24 | H, BSD, 106, 402, 403 |
| | | 251:5-7 | H, BSD, 106, 402, 403 |
| | | 251:10-20 | H, BSD, 106, 402, 403 |
| | | 251:23-252:6 | H, BSD, 106, 402, 403 |
| | | 272:21-273:24 | H, BSD, 106, 402, 403 |
| | | 279:21-25 | H, BSD, 106, 402, 403, F |
| | | 280:5-8 | H, BSD, 106, 402, 403, F |
| | | 280:12-13 | H, BSD, 106, 402, 403, F |
| | | 283:22-284:17 | H, BSD, 106, 402, 403 |
| | | 287:12-14 | H, BSD, 106, 402, 403 |
| | | 287:19-21 | H, BSD, 106, 402, 403 |
| | | 295:18-22 | H, BSD, 106, 402, 403 |
| | | 296:3-4 | H, BSD, 106, 402, 403 |
| | | 296:7-12 | H, BSD, 106, 402, 403 |
| | | 296:14-24 | H, BSD, 106, 402, 403 |
| | | 297:3-5 | H, BSD, 106, 402, 403 |
| | | 299:2-7 | H, BSD, 106, 402, 403 |
| | | 299:10-300:4 | H, BSD, 106, 402, 403 |
| | | 300:7-14 | H, BSD, 106, 402, 403 |
| | | 300:17-20 | H, BSD, 106, 402, 403 |
| | | 305:13-24 | 106 |
| | | 312:12-21 | 106 |

| Brett Blabas | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 314:7-13 | H, BSD, 106, 402, 403, F, 602 |
| | | 320:8-10 | H, BSD, 106, 402, 403, F, 602 |
| | | 320:13-18 | H, BSD, 106, 402, 403, F, 602 |

| Jason Bobay | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 7:3-9 | | 14:17-25 | 106 |
| 14:7-12 | | 15:2-12 | 106 |
| 15:13-16:2 | | 17:18-25 | BSD, H, 106, 402, 403, NAR |
| 17:2-17 | | 18:2-25 | BSD, H, 106, 402, 403, NAR |
| 23:15-23 (objections omitted) | | 20:2-24 | BSD, H, 106, 402, 403 |
| 25:20-24 | | 21:2-11 | BSD, H, 106, 402, 403 |
| 30:16-23 | | 21:21-25 | BSD, H, 106, 402, 403 |
| 33:8-13 | 1, 2, 3, 15, 17 | 22:2-8 | BSD, H, 402, 403, 106 |
| 33:14-17 | | 23:24-25 | BSD, H, 106, 402, 403 |
| 36:9-20 | 1, 15, 17 | 24:2-4 | BSD, H, 402, 403, 106 |
| 43:3-7 | 1, 15, 17 | 24:7-9 | BSD, H, 402, 403, 106 |
| 46:20-47:7 | 1, 17, MIL2 | 24:11-12 | BSD, H, 402, 403, 106 |
| 47:15-17 | | 32:10-13 | BSD, H, 106, 402, 403 |
| 49:20-50:3 | | 32:19-21 | BSD, H, 106, 402, 403 |
| 52:16-22 | 1, 17, MIL2 | 32:25 | BSD, H, 402, 403, 106 |
| 62:17-63:7 | 1, 17 | 33:2-3 | BSD, H, 402, 403, F, CS, V, 106 |
| 64:22-65:4 | 1, 17 | 33:6-7 | BSD, H, 402, 403, F, CS, V, 106 |
| 71:15-72:3 | 1, 15, 17 | 34:24-25 | BSD, H, 402, 403, F, CS, V, 106 |
| 74:10-14 | | 35:2-3 | BSD, H, 106, 402, 403, F, CS, V |
| 76:10-77:6 | | 44:13-16 | BSD, 106, 402, 403 |
| 78:10-16 | 1, 2, 15, 17 | 44:19-20 | BSD, 402, 403, 106 |
| 79:4-6 | | 75:4-8 | F, V, 106, 402, 403 |
| 79:17-80:12 | | 75:11-12 | F, V, 106, 402, 403 |
| 82:21-83:14 | | 81:14-16 | BSD, 106, 402, 403 |
| 83:15-22 | 1, 2, 15, 17 | 81:19-25 | BSD, 402, 403, 106 |
| 84:11-18 | | 82:2-12 | BSD, 106, 402, 403 |
| 86:4-8 | | 84:25 | V, 106, 402 |
| 88:4-9 | 1, 2, 15, 17 | 85:2-5 | V, 402 |
| 89:4-90:8 | | 86:9-25 | NAR, 106 |

| Jason Bobay | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 90:17-19 | | 87:2 | NAR, 106 |
| 98:15-21 | 1, 2, 15, 17 | 90:20-25 | V, 402, 403 |
| 99:7-13 | | 91:2-5 | V, 106, 402, 403 |
| 102:24-103:5 | | 92:22-25 | 106 |
| 103:11-19 | | 92:2-4 | 106 |
| 104:23-25 | 1, 2, 15, 17 | 92:20-22 | 106 |
| 105:17-107:13 | 1, 2, 15, 17 | 93:20-24 | 106 |
| 114:5-14 | 1, 2, 15, 17 | 94:3-8 | 106 |
| 120:5-16 | 1, 17 | 94:11-25 | BSD, H, 402, 403, NAR, 106 |
| 120:17-121:13 | | 95:2-25 | BSD, H, 106, 402, 403, NAR, F |
| 129:15-17 | | 96:2-25 | BSD, H, 106, 402, 403, NAR, F |
| 130:2-8 | | 97:2-10 | BSD, H, 106, 402, 403, NAR, F |
| 130:18-25 | | 100:17-25 | BSD, H, 106, 402, 403, NAR, V |
| 131:11-13 | | 101:2-25 | BSD, H, 106, 402, 403, NAR, V |
| 132:9-133:17 (note errata change) | | 107:21-22 | 106, 402 |
| 139:20-140:5 | 1, 15, 17 | 108:17-20 | 402, 403, V, F |
| 146:4-10 | | 108:23-24 | 106, 402, 403, V, F |
| 146:23-147:6 | | 128:10-25 | BSD, V, 106, 402, F |
| 157:8-13 | 1, 2, 3, 15, 17 | 129:2-7 | BSD, V, 402, F |
| 169:10-17 | 1, 15, 17 | 129:10-12 | BSD, V, 402, F |
| 170:3-10 | 1, 15, 17 | 129:2-7 | BSD, V, 402, 403, F |
| 173:8-22 | 1, 2, 15, 17 | 129:10-12 | BSD, V, 402, 403, F |
| 174:15-175:7 | | 131:14-19 | 106, 402, 403, V |
| | | 132:6-8 | 106, 402, 403, V, Incom |
| | | 133:18-25 | H, NAR, 106 |
| | | 134:2-20 | H, NAR, 106 |
| | | 148:24-25 | BSD, H, 106, 402, 403 |
| | | 149:2-9 | 106 |
| | | 149:12-19 | 106 |
| | | 152:23-25 | V, F, H, 106, 402, 403 |

13

| Jason Bobay | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 153:2-3 | V, F, H, 106, 402, 403 |
| | | 153:5-6 | V, F, H, 106, 402, 403 |
| | | 154:19-25 | BSD, 106, 403, 403, F, H |
| | | 155:2-25 | BSD, 106, 403, 403, F, H |
| | | 156:2-6 | BSD, 106, 403, 403, F, H |
| | | 160:19-22 | BSD, 106, 402, 403 |
| | | 161:9-25 | BSD, 106, 402, 403, NAR, F |
| | | 162:2-14 | BSD, 106, 402, 403, NAR, F |
| | | 163:14-16 | 106 |
| | | 164:4-7 | 106 |
| | | 164:25 | 106 |
| | | 165:2-25 | H, NAR, 106, 402 |
| | | 166:2-12 | H, NAR, 106, 402 |
| | | 167:6-12 | BSD, H, 106, 402, 403, V |
| | | 167:16-17 | BSD, H, 106,402, 403, V |
| | | 171:25 | BSD, 106, 402, 403, F |
| | | 172:2-7 | BSD, 106, 402, 403, F |
| | | 180:4-11 | BSD, V, F, 106 |
| | | 182:16-25 | BSD, H, NAR, 106 |
| | | 183:2-25 | BSD, H, NAR, 106 |
| | | 184:2-25 | BSD, H, NAR, 106 |
| | | 185:2-5 | BSD, H, NAR, 106 |

| Brian Ecklund | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 6:9-6:14 | | 16:21-25, 17:2 | Incom, BSD, H, 106 |
| 7:11-7:17 | | 32:6-12 | BSD, H, 106 |
| 8:11-8:17 | | 37:11-14 | 106, 402, 403, BSD, H |
| 14:21-14:25 | | 37:17-23 | 106, 402, 403, BSD, H |
| 26:3-26:5 | | 38:2-5 | 106, 402, 403, BSD, H |
| 26:6-10 | | 48:15-16 | BSD, H, 106 |
| 26:11-21 | | 48:19-21 | BSD, H, 106 |
| 27:9-27:20 | | 49:16-18 | BSD, H, 106 |
| 29:21-29:24 | | 49:21-22 | BSD, H, 106 |
| 2:25-30:10 2-30:25 | | 50:3-6 | 106, 402, 403, BSD, H |
| 30:11-25 | | 50:10-18 | 106, 402, 403, BSD, H |
| 31:8-31:14 | | 54:10-14 | Incom, 106, 402, 403, BSD, H |
| 31:24-32:5 | | 55:4-7 | 106, 402, 403, BSD, H |
| 34:5-34:16 | 1, 2, 3, 5, 12, 17, 18 | 55:22-25 | 402, 403, BSD, H, 106 |
| 35:19-36:5 | | 56:8 | 106, 402, 403, BSD, H |
| 37:3-37:10 | 1, 2, 3, 5, 12, 17, 18 | 56:11-12 | 402, 403, BSD, H, 106 |
| 46:17-46:24 | 1, 2, 3, 5, 12, 17, 18 | 61:19-25 | 402, 403, BSD, H, 106 |
| 46:25-47:15 | 1, 2, 3, 5, 12, 17, 18 | 62:2-16 | 402, 403, BSD, H, 106 |
| 47:16-48:7 | 1, 12, 17 | 62:20-22 | 402, 403, BSD, H, 106 |
| 48:22-49:15 | | 70:13-15 | BSD, H, 106 |
| 50:19-51:5 | 1, 17, 18 | 70:18-20 | BSD, H, 106 |
| 51:13-51:20 | 1, 17, 18 | 74:2-7 | 402, 403, BSD, H, 106 |
| 52:10-52:22 | 1, 17, 18 | 85:2-11 | BSD, H, 106 |
| 54:3-54:9 | 1, 12, 18 | 103:5-14 | BSD, H, 106 |
| 84:4-84:13 | | 109:24-25 | 106, 402, BSD, H |
| 86:17-87:10 | | 110:2-5 | 106, 402, BSD, H |
| 89:17-89:25 | 1, 2, 5, 17, 18 | 111:15-18 | BSD, H, 106 |
| 90:2-90:16 | 1, 2, 3, 5, 17, 18 | 118:8-14 | 402, BSD, H, 106 |
| 90:17-90:21 | 1, 2, 3, 5, 17, 18 | 120:20-25 | BSD, H, 106 |

| Brian Ecklund | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 90:22-91:12 (note errata change) | 1, 2, 3, 5, 17, 18 | 121:2 | BSD, H, 106 |
| 91:13-21 | 1, 2, 3, 5, 17, 18 | 125:21-23 | 402, 403, BSD, H, 106 |
| 91:22-92:9 | 1, 2, 3, 5, 17, 18 | 126:3-5 | 402, 403, BSD, H, 106 |
| 93:3-93:9 | 1, 2, 3, 5, 17, 18 | 134:2-4 | 402, 403, BSD, H, 106 |
| 94:2-94:16 | 1, 5, 17 | 134:7-10 | 402, 403, BSD, H, 106 |
| 94:17-95:5 | 1, 5, 17 | 137:20-24 | 402, 403, BSD, H, 106 |
| 95:6-95:21 | 1, 5, 17 | 138:3-7 | 402, 403, BSD, H, 106 |
| 95:22-95:25 | 1, 5, 17 | 142:18-21 | 402, 403, BSD, H, 106 |
| 96:2-96:24 (note errata change) | 1, 5, 17 | 146:19-22 | 402, 403, BSD, H, 106 |
| 96:25:2-97:7 | 1, 5, 15, 17 | 149:5-8 | 402, 403, BSD, H, 106 |
| 97:8-97:25 | 1, 5, 15, 17 | 157:11-19 | BSD, H, 106 |
| 98:2-98:9 | 1, 5, 15, 17 | 160:15-19 | 402, 403, BSD, H, 106 |
| 98:10-98:22 | 1, 5, 15, 17 | 160:23-25 | 402, 403, BSD, H, 106 |
| 99:7-99:22 (note errata change) | 1, 5, 15, 17 | 199:8-14 | BSD, H, 106 |
| 99:25:100:20 | 1, 5, 15, 17 | | |
| 101:14-101:21 | 1, 5, 17 | | |
| 101:22-102:2 | 1, 5, 17 | | |
| 102:3-9 | 1, 5, 15, 17 | | |
| 102:10-15 | 1, 5, 12, 17 | | |
| 102:16-21 | 1, 5, 12, 15, 17 | | |
| 103:15-104:2 | 1, 5, 17 | | |
| 104:3-104:11 | 1, 2, 3, 5, 12, 14, 15, 17 | | |
| 104:12-23 | 1, 2, 3, 5, 12, 14, 15, 17 | | |
| 105:5-105:17 | 1, 5, 17 | | |
| 105:18-106:2 | 1, 2, 3, 5, 12, 14, 15, 17 | | |
| 106:9-106:18 | 1, 5, 17 | | |
| 106:19-107:4 | 1, 2, 3, 17 | | |
| 107:5-107:11 | 1, 2, 3, 5, 12, 14, 15, 17 | | |
| 107:12-107:18 | 1, 5, 17 | | |
| 107:25-108:18 | 1, 5, 17 | | |

16

| Brian Ecklund | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 108:25-109:10 | 1, 2, 3, 5, 12, 14, 15, 17 | | |
| 109:11-109:23 | 1, 5, 17 | | |
| 110:6-110:10 | 1, 5, 17 | | |
| 110:11-19 | 1, 2, 3, 5, 15, 17 | | |
| 110:20-25 | 1, 5, 17 | | |
| 111:2-5 | 1, 2, 5, 15, 17 | | |
| 111:6-14 | 1, 17 | | |
| 112:4-112:10 | 1, 2, 5, 15, 17 | | |
| 112:11-112:16 | 1, 5, 17 | | |
| 114:4-114:15 | 1, 5, 14, 17 | | |
| 115:13-115:21 | 1, 5, 17 | | |
| 115:22-116:14 | 1, 2, 5, 12, 17 | | |
| 116:15-116:23 | 1, 5, 17 | | |
| 116:24-117:10 | 1, 5, 15, 17 | | |
| 117:11-117:18 | 1, 2, 5, 15, 17 | | |
| 117:19-117:25 | 1, 5, 17 | | |
| 118:2-118:7 | 1, 17 | | |
| 118:22-119:7 | 1, 5, 15, 17 | | |
| 119:8-119:21 | 1, 5, 15, 17 | | |
| 119:22-120:5 | 1, 5, 15, 17 | | |
| 120:6-120:19 | 1, 5, 17 | | |
| 127:6-127:18 | 1, 17 | | |
| 129:11-129:22 | 1, 5, 15, 17 | | |
| 129:23-130:8 | 1, 5, 15, 17 | | |
| 130:9-132:3 | 1, 5, 15, 17 | | |
| 132:4-11 | 1, 5, 17 | | |
| 132:12-25 | 1, 2, 5, 12, 15, 17 | | |
| 133:2-14 | 1, 5, 15, 17 | | |
| 134:21-135:5 | 1, 17 | | |
| 135:6-18 | 1, 17 | | |

| Brian Ecklund | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 135:19-135:22 | 1, 2, 5, 12, 15, 17 | | |
| 138:8-138:25 | 1, 2, 5, 17 | | |
| 139:2-139:10 | 1, 2, 5, 15, 17 | | |
| 139:11-139:23 | 1, 2, 5, 12, 15, 17 | | |
| 139:24-140:9 | 1, 2, 5, 12, 15, 17 | | |
| 140:10-22 | 1, 5, 17 | | |
| 140:23-141:16 | 1, 5, 17 | | |
| 142:9-142:17 | 1, 5, 17 | | |
| 144:10-145:18 | 1, 5, 17 | | |
| 144:19-145:4 | 1, 5, 17 | | |
| 145:5-145:18 | 1, 5, 17 | | |
| 146:15-146:18 | 1, 17 | | |
| 147:13-147:21 | 1, 5, 17 | | |
| 147:22-148:6 | 1, 5, 17 | | |
| 148:7-148:20 | 1, 5, 17 | | |
| 148:21-149:4 | 1, 17 | | |
| 149:18-150:12 | 1, 17 | | |
| 150:22-151:2 | 1, 5, 17 | | |
| 150:3-14 | 1, 5, 17 | | |
| 151:15-151:25 (note errata change) | 1, 5, 15, 17 | | |
| 160:4-160:14 | 1, 17 | | |
| 161:2-161:17 | 1, 5, 12, 17 | | |
| 161:18-162:11 | 1, 5, 12, 17 | | |
| 198:14-198:21 | | | |
| 199:22-200:7 | 1, 4, 5, 17 | | |
| 214:13-214:22 | | | |
| 215:3-215:10 | | | |
| 215:23-216:12 | | | |
| 216:13-216:19 | 1, 5, 15, 17 | | |
| 216:20-217:10 | 1, 5, 15, 17 | | |

| Brian Ecklund | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 217:11-19 | 5 | | |
| 217:20-218:3 | 1, 5, 15, 17 | | |
| 218:4-10 | | | |
| 218:11-19 | 1, 5, 12, 14, 17 | | |
| 218:20-219:4 | | | |
| 219:5-219:19 | | | |
| 220:13-220:17 | 5 | | |
| 220:18-221:7 | 5 | | |
| 221:8-221:25 | 1, 5, 17 | | |
| 222:2-223:4 | 1, 5, 17 | | |
| 223:5-224:2 | | | |
| 224:14-225:2 | | | |
| 225:3-225:10 | 1, 5, 15, 17 | | |
| 225:11-225:18 | | | |
| 225:19-226:2 | | | |
| 226:3-226:25 | 1, 5, 17 | | |
| 227:2-228:8 | 1, 5, 17 | | |
| 228:9-229:5 | | | |
| 229:6-230:9 | 1, 17 | | |
| 230:10-230:18 | 1, 5, 17 | | |
| 230:19-230:25 | | | |
| 231:2-232:12 | 1, 5, 17 | | |
| 232:13-20 | 1, 5, 17 | | |
| 232:21-232:25 (note errata change) | 1, 5, 17 | | |
| 233:2-9 (note errata change) | 1, 5, 17 | | |
| 233:10-233:22 | 1, 17 | | |
| 233:23:4-234:6 | 1, 5, 12, 17 | | |
| 234:7-234:19 | 1, 17 | | |
| 234:20-235:6 | 1, 5, 12, 17 | | |
| 235:7-236:3 | 1, 5, 12, 17 | | |

| Kelsey Paskal | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 7:15-20 | | 25:3–25:5 | 106 |
| 22:2-14 | | 25:8–25:23 | 106 |
| 23:11-20 | | 28:18–28:24 | 106 |
| 24:2-6 | | 31:11–31:12 | Incom, BSD, H, 106, 402, 403, 106 |
| 24:7-14 | | 31:15–31:22 | BSD, H, 106, 402, 403, 106 |
| 26:24-27:5 | | 38:22–38:25 | 106 |
| 27:14-19 | | 39:2–39:12 | 106 |
| 27:20-28:4 | 5 | 42:5–42:8 | BSD, H, 106, 402, 403 |
| 27:5-9 | 5 | 42:12–42:20 | BSD, H, 106, 402, 403 |
| 36:22-37:5 | | 42:24–42:25 | BSD, H, 106, 402, 403 |
| 37:25-38:7 | | 43:2–43:6 | BSD, H, 106, 402, 403, Exp |
| 40:3-7 | 1, 2, 5, 15, 17, 18 | 43:9–43:15 | BSD, H, 402, 403, Exp, 106 |
| 45:6-12 | 1, 2, 4, 15, 17, 18 | 44:9–44:12 | BSD, H, 402, 403, 106 |
| 45:23-46:7 | 1, 2, 4, 15, 17, 18 | 44:16–44:25 | BSD, H, 402, 403, 106 |
| 46:8-12 | | 45:2–45:5 | BSD, H, 106, 402, 403 |
| 49:6-13 | 1, 17 | 49:25–49:25 | 106 |
| 49:14-24 | 1, 4, 17, 18 | 50:2–50:3 | 106 |
| 56:18-22 | 1, 2, 4, 15, 17, 18 | 50:6–50:12 | 106 |
| 57:8-11 | | 50:13–50:18 | 106 |
| 57:12-14 | 1, 2, 3, 4, 15, 17, 18 | 50:21–50:22 | 106 |
| 57:15-24 | 1, 2, 3, 5, 15, 17, 18 | 58:9–58:10 | 402, 403, 106 |
| 57:25-58:8 | 1, 2, 3, 5, 15, 17, 18 | 58:13–58:13 | 402, 403, 106 |
| 60:23-25 | 1, 2, 18, 19 | 61:17–61:19 | 402, 403, 106 |
| 61:2-7 | 1, 2, 4, 15, 17, 18 | 61:22–61:25 | 402, 403, 106 |
| 61:8-11 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | 62:23–62:25 | 402, 403, 106 |
| 61:12-16 | 1, 2, 3, 5, 15, 17, 18 | 63:4–63:7 | 402, 403, 106 |
| 62:2-12 | 1, 2, 3, 4, 5, 15, 17, 18 | 64:23–64:25 | BSD, H, 402, 403, 106 |
| 62:13-22 | 1, 2, 3, 4, 5, 15, 17, 18 | 65:2–65:3 | BSD, H, 402, 403, 106 |

| Kelsey Paskal | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 63:8-14 | 1, 2, 4, 15, 17, 18 | 65:9–65:15 | BSD, H, 402, 403, 106 |
| 63:15-25 | 1, 2, 3, 4, 5, 15, 17, 18 | 65:18–65:21 | BSD, H, 402, 403, 106 |
| 68:12-19 | 1, 2, 3, 4, 5, 6, 15, 17, 18 | 66:17–66:20 | BSD, H, 402, 403, 106 |
| 70:9-19 | 1, 2, 3, 4, 5, 6, 12, 15, 17, 18 | 66:23–66:25 | BSD, H, 402, 403, 106 |
| 72:9-19 | 1, 2, 4, 15, 17, 18, 19 | 67:2–67:3 | BSD, H, 402, 403, 106 |
| 72:20-73:5 | 1, 2, 4, 15, 17, 18, 19 | 67:4–67:6 | BSD, H, 402, 403, 106 |
| 73:13-22 | 1, 2, 3, 4, 5, 15, 17, 18 | 67:9–67:11 | BSD, H, 402, 403, 106 |
| 74:15-75:3 | 1, 2, 3, 4, 5, 15, 17, 18 | 67:12–67:13 | BSD, H, 402, 403, 106 |
| 89:23-90:6 | 1, 2, 4, 13, 15, 17, 18 | 67:16–67:21 | BSD, H, 402, 403, Exp, 106 |
| 90:19-21 | | 67:22–67:25 | BSD, H, 106, 402, 403 |
| 90:22-25 | 1, 2, 13, 17, 18 | 68:6–68:11 | BSD, H, 402, 403, Exp, F, 602, 106 |
| 91:2-16 | | 69:9–69:10 | BSD, H, 106, 402, 403, Exp |
| 95:19-24 | | 69:13–69:20 | BSD, H, 106, 402, 403, Exp |
| 99:20-24 | 1, 2, 4, 13, 17, 18 | 70:20–70:21 | 106 |
| 99:25-100:5 | 1, 2, 4, 13, 17, 18 | 70:24–70:25 | 106 |
| 100:6-8 | 1, 2, 4, 13, 17, 18 | 71:2–71:7 | 106 |
| 100:9-15 | 1, 2, 4, 5, 15, 17, 18 | 73:8–73:12 | 402, 403, 106 |
| 100:16-25 | 1, 2, 3, 4, 5, 15, 17, 18 | 75:21–75:23 | BSD, H, 402, 403, 106 |
| 101:22-102:7 | 1, 2, 3, 4, 5, 15, 17, 18 | 76:2–76:3 | BSD, H, 402, 403, 106 |
| 131:2-5 | 1, 15, 17 | 79:7–79:11 | BSD, H, 402, 403, F, 602, 106 |
| 131:6-9 | | 91:17–91:21 | 106 |
| 131:10-13 | | 98:7–98:24 | BSD, H, 106, 402, 403 |
| 131:14-17 | | 99:5–99:7 | BSD, H, 106, 402, 403, F, 602 |
| 131:18-20 | | 99:11–99:19 | BSD, H, 106, 402, 403, F, 602 |
| 131:21-24 | 1, 2, 5, 15, 17, 18 | 101:2–101:13 | 106 |
| 131:25-132:8 | 1, 2, 4, 15, 17, 18 | 102:8–102:21 | 106 |
| 132:9-16 | 1, 2, 4, 15, 17, 18 | 132:25–132:25 | BSD, H, 402, 403, 106 |
| 132:17-24 | | 133:2–133:5 | BSD, H, 106, 402, 403 |
| 135:9-17 | | 133:8–133:17 | BSD, H, 106, 402, 403 |

| Kelsey Paskal | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 135:18-136:2 | | 143:10–143:15 | BSD, H, 106, 402, 403 |
| 137:18-23 | 1, 2, 3, 5, 15, 17, 18 | 144:5–144:17 | BSD, H, 402, 403 |
| 137:24-138:5 | 1, 2, 3, 5, 15, 17, 18 | 144:20–144:22 | BSD, H, 402, 403 |
| 144:23-145:4 | 1, 2, 17, 18, 19 | 154:15–154:18 | BSD, H, 402, 403, F, 602 |
| 145:10-13 | | 154:22–154:25 | BSD, H, 106, 402, 403, F, 602 |
| 145:14-17 | 1, 2, 3, 4, 5, 15, 17, 18 | 155:2–155:3 | BSD, H, 402, 403, F, 602, 106 |
| 145:18-23 | 1, 2, 3, 4, 5, 15, 17, 18 | 155:6–155:10 | BSD, H, 402, 403, F, 602, Exp, 106 |
| 146:10-18 | 1, 2, 3, 5, 15, 17, 18 | 162:20–162:23 | F, 602, 106 |
| 147:6-11 | 1, 2, 3, 5, 15, 17, 18 | 163:3–163:6 | F, 602, 106 |
| 162:14-19 | 1, 2, 3, 5, 15, 17, 18, 23 | 164:8–164:18 | BSD, H, 402, 403, 106 |
| 169:13-21 | 1, 2, 15, 17, 18 | | |
| 170:3-7 | 19 | | |
| 170:8-16 | | | |
| 170:17-19 | 1, 4, 5, 15, 17 | | |
| 170:20-23 | | | |
| 171:9-22 | | | |
| 176:11-13 | 1, 5, 15, 17 | | |
| 176:14-20 | 1, 17 | | |
| 176:21-177:3 | 1, 4, 17 | | |
| 177:4-7 | | | |
| 177:8-16 | 1, 17 | | |
| 217:10-14 | 1, 15, 17, 18 | | |
| 217:19-22 | | | |
| 217:23-25 | | | |
| 218:2-6 | | | |
| 218:7-11 | | | |
| 218:12-16 | | | |
| 218:17-24 | 1, 3, 4, 5, 15, 17, 18 | | |
| 218:25-219:14 | | | |

| Kelsey Paskal | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 219:15-17 | | | |
| 219:18-21 | | | |
| 222:4-9 | 1, 3, 4, 5, 15, 17, 18 | | |
| 222:10-12 | 1, 17 | | |
| 222:13-17 | 1, 17 | | |
| 222:18-23 | 1, 17 | | |
| 222:24-223:5 | 1, 17 | | |
| 223:6-14 | 1, 17, 18 | | |

| Robert Sanchez | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 9:3-6 | | 9:3-6 | |
| 11:2-4 | | 11:2-4 | |
| 17:24-19:25 | | 12:12-16 | 402, 403, BSD, 106 |
| 22:23-23:11 | | 16:17-20 | |
| 23:19-25 | | 16:23-24 | |
| 25:5-19 | | 17:2-5 | |
| 26:2-27:17 | | 17:24-25 | |
| 38:7-14 | | 18:1-25 | |
| 38:24-40:10 | 1, 19, 17 | 19:1-25 | |
| 93:3-94:2 | | 21:4-8 | V, F, BSD, 106 |
| 98:6-11 | | 21:12-14 | V, F, BSD, 106 |
| 98:19-99:11 | | 21:21-23 | BSD, 106 |
| 99:18-21 | | 22:3-5 | BSD, 106 |
| 100:5-101:2 | | 22:16-18 | BSD, 106 |
| 104:9-12 | | 22:23-24 | |
| 114:16-115:7 | | 22:25 | |
| 116:6-21 | | 23:1-11 | |
| 117:25-118:6 | | 23:12-13 | |
| 118:18-25 | | 23:16-17 | |
| 148:4-16 | | 23:19-25 | |
| 150:13-151:8 | | 24:1-9 | |
| 151:9-25 | 3, 22 | 25:5-11 | |
| 152:1-11 | 1, 14, 20, 17, 20, 21 | 25:14-19 | |
| 152:12-154:16 | | 26:2-7 | |
| 154:18-155:14 | 1, 17 | 26:10-16 | |
| 155:15-156:1 | 1, 17 | 26:18-25 | |
| | | 27:1-12 | |
| | | 27:15-17 | |
| | | 27:19-20 | 402, 403, 106 |

| Robert Sanchez | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 27:22 | 402, 403, 106 |
| | | 27:24-25 | 402, 403, 106 |
| | | 28:2-3 | 402, 403, 106 |
| | | 28:5 | 402, 403, 106 |
| | | 28:7-8 | 402, 403, 106 |
| | | 35:23-24 | H, F, BSD, 106 |
| | | 36:2 | BSD, 106 |
| | | 36:15-17 | C, V, H, F, BSD, 106 |
| | | 36:21-24 | V, C, F, BSD, 106 |
| | | 37:2-8 | H, F, BSD, 106 |
| | | 37:11-16 | H, F, BSD, 106 |
| | | 37:20-22 | H, F, 402, 403, BSD, 106 |
| | | 37:25 | V, 402, 403, BSD, 106 |
| | | 38:1-3 | V, 402, 403, BSD, 106 |
| | | 38:5 | 402, 403, BSD, 106 |
| | | 38:7-14 | |
| | | 38:24-25 | |
| | | 39:1-12 | |
| | | 39:16-19 | |
| | | 39:24-25 | |
| | | 40:1-3 | |
| | | 40:5-10 | |
| | | 40:15-16 | |
| | | 40:18-25 | |
| | | 41:1-13 | |
| | | 41:17-19 | BSD, 402, 403, 106 |
| | | 41:22-25 | BSD, 402, 403, 106 |
| | | 42:1-10 | BSD, 402, 403, 106 |
| | | 42:18-21 | BSD, 402, 403, 106 |
| | | 43:22-25 | BSD, 402, 403, 106 |

| Robert Sanchez | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 44:1 | BSD, 402, 403, 106 |
| | | 44:3-11 | BSD, 402, 403, 106 |
| | | 44:13 | BSD, 402, 403, 106 |
| | | 45:1-7 | BSD, 402, 403, 106 |
| | | 45:9-14 | BSD, 402, 403, 106 |
| | | 45:21-22 | BSD, 402, 403, H, 106 |
| | | 45:25 | BSD, 402, 403, H, 106 |
| | | 46:2-4 | BSD, 402, 403, H, 106 |
| | | 46:7-8 | BSD, 402, 403, H, 106 |
| | | 46:10-11 | BSD, 402, 403, H, 106 |
| | | 46:14-21 | BSD, 402, 403, H, 106 |
| | | 47:17-19 | BSD, 402, 403, 106 |
| | | 47:23-25 | BSD, 402, 403, 106 |
| | | 48:3 | BSD, 402, 403, 106 |
| | | 50:11-25 | BSD, 402, 403, 106 |
| | | 51:1-5 | BSD, 402, 403, 106 |
| | | 51:7-10 | BSD, 402, 403, 106 |
| | | 51:12-25 | BSD, 402, 403, 106 |
| | | 52:1-5 | V, H, 402, 403, BSD, 106 |
| | | 52:21-25 | BSD, 106 |
| | | 53:10-25 | H, 402, 403, BSD, 106 |
| | | 54:1-8 | H, 402, 403, BSD, 106 |
| | | 54:14-25 | V, 402, 403, BSD, 106 |
| | | 55:22-24 | V, 402, 403, BSD, 106 |
| | | 56:1-2 | BSD, 106 |
| | | 56:21-23 | V, 402, 403, BSD, 106 |
| | | 56:25 | BSD, 106 |
| | | 57:1-9 | BSD, 106 |
| | | 59:17-18 | V, BSD, 106 |
| | | 59:20 | BSD, 106 |

| Robert Sanchez | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 60:7-13 | BSD, 106 |
| | | 60:22-25 | H, V, BSD, 106 |
| | | 61:1-7 | H, V, BSD, 106 |
| | | 61:10-19 | H, BSD, 106 |
| | | 61:22-23 | BSD, 106 |
| | | 62:14-19 | Incom, BSD, 106 |
| | | 62:25 | H, 402, 403, BSD, 106 |
| | | 63:1-13 | H, 402, 403, BSD, 106 |
| | | 64:4-22 | 402, 403, BSD, 106 |
| | | 64:24 | BSD, 106 |
| | | 65:2-13 | V, F, BSD, 106 |
| | | 65:21-25 | V, BSD, 106 |
| | | 66:1-12 | V, BSD, 106 |
| | | 66:15 | BSD, 106 |
| | | 66:18-25 | V, 402, 403, BSD, 106 |
| | | 67:5-7 | V, F, 402, 403, BSD, 106 |
| | | 67:10-11 | F, 402, 403, BSD, 106 |
| | | 68:4-6 | V, 402, 403, BSD, 106 |
| | | 68:8 | BSD, 106 |
| | | 68:10-23 | V, 402, 403, BSD, 106 |
| | | 69:7-18 | V, 402, 403, BSD, 106 |
| | | 70:9-14 | V, H, 402, 403, BSD, 106 |
| | | 71:22-25 | 602, BSD, 106 |
| | | 72:5-6 | BSD, 106 |
| | | 72:19-73:5 | 602, BSD, 106 |
| | | 73:14-15 | 602, BSD, 106 |
| | | 73:17-18 | V, BSD, 106 |
| | | 73:20 | BSD, 106 |
| | | 74:23-25 | V, BSD, 106 |
| | | 75:1 | V, BSD, 106 |

27

| Robert Sanchez | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 75:3 | BSD, 106 |
| | | 75:8-12 | V, 402, 403, BSD, 106 |
| | | 75:15-16 | V, 402, 403, BSD, 106 |
| | | 75:18-23 | V, 402, 403, BSD, 106 |
| | | 76:2-5 | V, F, BSD, 106 |
| | | 76:8-14 | V, 602, BSD, 106 |
| | | 76:17-19 | V, BSD, 106 |
| | | 76:21-77:7 | 602, BSD, 106 |
| | | 77:14-17 | BSD, 106 |
| | | 77:21-23 | F, H, BSD, 106 |
| | | 78:1 | BSD, 106 |
| | | 78:12-15 | F, BSD, 106 |
| | | 78:20-22 | F, H, BSD, 106 |
| | | 78:25 | BSD, 106 |
| | | 79:2-4 | F, H, BSD, 106 |
| | | 80:13-16 | F, H, BSD, 106 |
| | | 80:19 | BSD, 106 |
| | | 81:16-20 | H, BSD, 106 |
| | | 81:23-25 | H, BSD, 106 |
| | | 82:1 | H, BSD, 106 |
| | | 83:1-2 | F, V, 402, 403, BSD, 106 |
| | | 83:5-16 | V, H, BSD, 106 |
| | | 83:18-25 | F, H, BSD, 106 |
| | | 84:5-11 | F, BSD, 106 |
| | | 84:15-16 | F, H, BSD, 106 |
| | | 84:19-23 | 602, BSD, 106 |
| | | 85:5-14 | BSD, 106 |
| | | 85:18-86:4 | BSD, 106 |
| | | 86:14-16 | F, BSD, 106 |
| | | 86:19-22 | V, BSD, 106 |

| Robert Sanchez | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 86:24-87:6 | BSD, 106 |
| | | 87:11-14 | BSD, 106 |
| | | 87:22-88:11 | F, V, BSD, 106 |
| | | 88:14-18 | F, H, BSD, 106 |
| | | 88:21-22 | BSD, 106 |
| | | 88:24-89:3 | V, H, BSD, 106 |
| | | 89:5-12 | H, BSD, 106 |
| | | 90:9-12 | H, 402, 403, BSD, 106 |
| | | 90:15-18 | 402, 403, BSD, 106 |
| | | 90:20-23 | H, 402, 403, BSD, 106 |
| | | 91:1-2 | BSD, 106 |
| | | 91:5-8 | H, 402, 403, BSD, 106 |
| | | 91:11-13 | H, 602, BSD, 106 |
| | | 93:3-25 | BSD, 106 |
| | | 94:1-2 | BSD, 106 |
| | | 94:10-16 | BSD, 106 |
| | | 94:25 | BSD, 106 |
| | | 95:1-7 | BSD, 106 |
| | | 95:14-23 | CLC, H, 402, 403, BSD, 106 |
| | | 96:1-5 | CLC, 402, 403, BSD, 106 |
| | | 96:8-14 | |
| | | 96:16-18 | 402, 403, BSD, 106 |
| | | 96:21-22 | ARG, F, 402, 403, BSD, 106 |
| | | 96:24-97:1 | ARG, F, 402, 403, BSD, 106 |
| | | 97:4 | BSD, 106 |
| | | 97:8-25 | H, 402, 403, BSD, 106 |
| | | 98:1-5 | H, 402, 403, BSD, 106 |
| | | 98:6-11 | BSD, 106 |
| | | 98:19-25 | |
| | | 99:1-11 | |

29

| Robert Sanchez | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 99:12-13 | F, 402, 403, BSD, 106 |
| | | 99:16 | 602, BSD, 106 |
| | | 99:18-21 | |
| | | 100:5-6 | |
| | | 100:9-15 | |
| | | 100:17-25 | |
| | | 101:1-2 | |
| | | 101:12-14 | F, BSD, 106 |
| | | 101:16 | 602, BSD, 106 |
| | | 101:19-22 | BSD, 106 |
| | | 102:3-25 | H, V, 402, BSD, 106 |
| | | 103:1-8 | BSD, 106 |
| | | 103:11-14 | BSD, 106 |
| | | 103:19-23 | V, BSD, 106 |
| | | 104:9-12 | |
| | | 104:14-24 | BSD, 106 |
| | | 105:2-7 | H, BSD, 106 |
| | | 105:14-20 | H, V, BSD, 106 |
| | | 105:22 | BSD, 106 |
| | | 105:25 | BSD, 106 |
| | | 106:1-3 | BSD, 106 |
| | | 106:6-9 | H, V, BSD, 106 |
| | | 106:12-23 | H, BSD, 106 |
| | | 107:22–25 | H, BSD, 106 |
| | | 108:1-2 | H, BSD, 106 |
| | | 108:5 | BSD, 106 |
| | | 108:7–10 | H, BSD, 106 |
| | | 108:15–22 | H, BSD, 106 |
| | | 108:25 | BSD, 106 |
| | | 109:2–109:6 | H, BSD, 106 |

| Robert Sanchez | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 110:22–111:7 | F, 602, BSD, 106 |
| | | 112:23–113:2 | V, BSD, 106 |
| | | 114:16–25 | |
| | | 115:1-3 | |
| | | 115:6-7 | |
| | | 115:9–22 | |
| | | 116:6-9 | |
| | | 116:12-18 | |
| | | 116:20-21 | |
| | | 117:25 | |
| | | 118:1-3 | |
| | | 118:5-6 | |
| | | 118:18-19 | |
| | | 118:22-25 | |
| | | 121:4–6 | V, BSD, 106 |
| | | 121:8–25 | BSD, 106 |
| | | 122:12–17 | BSD, 106 |
| | | 122:22–123:6 | F, BSD, 106 |
| | | 123:9–10 | BSD, 106 |
| | | 124:5–8 | 602, BSD, 106 |
| | | 125:4–7 | 402, BSD, 106 |
| | | 125:14–126:6 | 402, BSD, 106 |
| | | 127:12–16 | BSD, 106 |
| | | 127:21–24 | BSD, 106 |
| | | 130:22–23 | Incom, BSD, 106 |
| | | 131:7–8 | BSD, 106 |
| | | 131:11 | F, H, BSD, 106 |
| | | 131:13–18 | F, H, BSD, 106 |
| | | 131:22–24 | F, Incom, BSD, 106 |
| | | 132:4–7 | BSD, 106 |

| Robert Sanchez | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 132:13–16 | V, F, BSD, 106 |
| | | 132:20–23 | 402, BSD, 106 |
| | | 133:11–15 | V, 402, 403, BSD, 106 |
| | | 133:18–23 | 602, 402, 403, BSD, 106 |
| | | 134:1–19 | V, 402, 403, H, BSD, 106 |
| | | 135:9–13 | F, 602, BSD, 106 |
| | | 135:16–20 | F, 602, 402, 403, BSD, 106 |
| | | 135:23–136:14 | F, 602, 402, 403, BSD, 106 |
| | | 140:10–16 | F, 402, 403, BSD, 106 |
| | | 140:19 | BSD, 106 |
| | | 141:1–5 | BSD, 106 |
| | | 141:23–142:1 | BSD, 106 |
| | | 142:3–6 | H, F, 402, 403, BSD, 106 |
| | | 142:10–143:1 | V, F, 402, 403, BSD, 106 |
| | | 143:22–25 | 602, BSD, 106 |
| | | 144:1-9 | 602, BSD, 106 |
| | | 148:4-16 | |
| | | 148:17-19 | BSD, 106 |
| | | 148:24-149:2 | BSD, 106 |
| | | 149:18-24 | BSD, 106 |
| | | 150:13-25 | |
| | | 151:1-25 | |
| | | 152:1-2 | |
| | | 152:5-25 | |
| | | 153:1-3 | |
| | | 153:7-8 | |
| | | 153:10-24 | |
| | | 154:1-9 | |
| | | 154:11-19 | |
| | | 154:21-25 | |

| Robert Sanchez | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 155:2-16 | |
| | | 155:18-25 | |
| | | 156:1 | |
| | | 156:8-17 | F, H, 402, 403, BSD, 106 |
| | | 156:25–157:3 | F, 402, 403, BSD, 106 |
| | | 157:5 | F, 402, 403, BSD, 106 |
| | | 157:7 | F, 402, 403, BSD, 106 |
| | | 157:9–17 | BSD, 106 |

| Kristin Sexton | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objection(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 6:17-7:9 | | 13:11–13:16 | 106 |
| 15:20-16:6 | | 14:20–14:25 | 106 |
| 18:6-9 | | 15:2–15:15 | 106 |
| 18:16-24 | | 16:7–16:14 | 106 |
| 25:14-17 | | 16:25–16:25 | H, BSD, 106, 402, 403, 106 |
| 25:24-26:4 | 5, 17, 18 | 17:2–17:4 | H, BSD, 402, 403, 106 |
| 26:5-26:16 | 1, 5, 17, 18 | 17:7–17:21 | H, BSD, 402, 403, 106 |
| 27:3-7 | | 19:20–19:25 | H, BSD, 106, 402, 403, 106 |
| 30:7-15 (note errata change) | 1, 2, 3, 5, 17, 18 | 20:2–20:8 | H, BSD, 402, 403, 106 |
| 30:22-31:8 | 1, 2, 3, 5, 17, 18 | 20:11–20:17 | H, BSD, 402, 403, 106 |
| 81:8-82:17 | | 21:6–21:11 | H, BSD, 106, 402, 403, 106 |
| 82:18-82:24 | 1, 5, 17, 18 | 22:4–22:13 | H, BSD, 402, 403, 106 |
| 85:7-86:2 | 1, 2, 5, 17, 18, MIL2 | 23:22–23:25 | H, BSD, 402, 403, F, 602, 106 |
| 89:11-90:4 | 1, 2, 3, 5, 15, 17, 18 | 24:2–24:12 | H, BSD, 402, 403, F, 602, 106 |
| 90:24-91:7 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | 27:8–27:12 | 106 |
| 91:8-19 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | 29:8–29:11 | 106 |
| 92:21-93:2 | 1, 2, 3, 4, 5, 15, 17, 18 | 31:20–31:24 | H, BSD, 402, 403, F, 602, 106 |
| 94:7-10 | | 32:8–32:11 | H, BSD, 106, 402, 403, F, 602 |
| 94:11-18 | 1, 5, 18 | 34:7–34:9 | H, BSD, 402, 403, F, 602, 106 |
| 94:19-95:8 (note errata change) | 1, 2, 3, 4, 5, 7, 12, 13, 17, 18 | 34:12–34:14 | H, BSD, 402, 403, F, 602, 106 |
| 96:22-97:13 | 1, 5, 17, 18 | 35:10–35:15 | H, BSD, 402, 403, F, 602, 106 |
| 98:12-22 | 1, 4, 5, 17, 18 | 36:23–36:25 | H, BSD, 402, 403, F, 602, 106 |
| 99:7-19 | 1, 5, 17, 18 | 37:2–37:22 | H, BSD, 402, 403, F, 602, 106 |
| 102:17-103:4 | 1, 4, 15, 17, 18 | 37:25–37:25 | H, BSD, 402, 403, F, 602, 106 |
| 104:13-105:6 | 1, 2, 5, 15, 17, 18 | 38:2–38:3 | H, BSD, 402, 403, F, 602, 106 |
| 105:7-105:20 | 1, 2, 5, 15, 17, 18 | 38:13–38:16 | H, BSD, 402, 403, 106 |
| 105:21-106:8 | 1, 2, 5, 12, 15, 17, 18 | 38:19–38:22 | H, BSD, 402, 403, 106 |
| 106:9-107:22 | 1, 2, 5, 12, 15, 17, 18 | 40:3–40:5 | H, BSD, 402, 403, F, 602, 106 |
| 108:5-22 | 1, 5, 12, 15, 17, 18 | 40:9–40:15 | H, BSD, 402, 403, F, 602, 106 |

34

| Kristin Sexton | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objection(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 110:10-14 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | 40:18–40:24 | H, BSD, 402, 403, F, 602, 106 |
| 110:15-25 | 1, 2, 4, 15, 17, 18 | 47:16–47:18 | H, BSD, 402, 403, 106 |
| 113:19-114:13 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | 47:21–47:25 | H, BSD, 402, 403, 106 |
| 114:14-115:21 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | 48:2–48:5 | H, BSD, 402, 403, 106 |
| 117:8-22 | 1, 4, 5, 12, 15, 17, 18 | 48:8–48:19 | H, BSD, 402, 403, 106 |
| 118:7-11 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | 48:22–48:25 | H, BSD, 402, 403, 106 |
| 119:2-7 | 1, 2, 4, 15, 17, 18, 19 | 49:2–49:10 | H, BSD, 402, 403, 106 |
| 119:8-119:20 | 1, 2, 3, 4, 5, 15, 17, 18 | 49:13–49:22 | H, BSD, 402, 403, 106 |
| 119:21-120:2 | 1, 2, 3, 4, 5, 15, 17, 18 | 55:23–55:25 | H, BSD, 402, 403, 106 |
| 120:3-11 | 1, 2, 3, 4, 5, 6, 15, 17, 18 | 56:2–56:13 | H, BSD, 402, 403, 106 |
| 120:12-18 | 1, 2, 4, 15, 17, 18 | 56:20–56:25 | H, BSD, 402, 403, 106 |
| 120:19-121:2 | 1, 2, 3, 4, 5, 6, 12, 15, 17, 18 | 57:2–57:12 | H, BSD, 402, 403, 106 |
| 128:21-129:2 | 1, 2, 3, 4, 15, 17, 18 | 58:3–58:6 | H, BSD, 402, 403, 106 |
| 129:19-23 | 1, 2, 3, 4, 15, 17, 18 | 58:9–58:17 | H, BSD, 402, 403, 106 |
| 129:24-130:12 | 1, 2, 3, 15, 17, 18 | 59:2–59:13 | H, BSD, 402, 403, 106 |
| 130:23-132:4 (note errata change) | 1, 2, 3, 4, 15, 17, 18 | 62:25–62:25 | H, BSD, 402, 403, 106 |
| 132:14-18 | 1, 15, 17, 18 | 63:2–63:3 | H, BSD, 402, 403, 106 |
| 133:11-136:13 (note errata change) | 1, 2, 3, 4, 5, 12, 15, 17, 18 | 63:6–63:12 | H, BSD, 402, 403, 106 |
| 136:14-136:24 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | 63:23–63:25 | H, BSD, 402, 403, F, 602, 106 |
| 136:25-137:7 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | 64:2–64:5 | H, BSD, 402, 403, F, 602, 106 |
| 137:10-137:22 | | 66:2–66:4 | H, BSD, 106, 402, 403 |
| 138:20-24 | 1, 4, 15, 17, 18 | 66:7–66:18 | H, BSD, 402, 403, 106 |
| 141:13-141:24 | 1, 2, 4, 15, 17, 18, 19 | 66:21–66:24 | H, BSD, 402, 403, 106 |
| 141:25-142:5 | 1, 2, 4, 15, 17, 18, 19 | 67:4–67:6 | H, BSD, 402, 403, 106 |
| 142:6-142:13 | 1, 2, 3, 4, 15, 17, 18, 19 | 80:11–80:25 | H, BSD, 402, 403, F, 602, 106 |
| 156:11-157:11 | 1, 4, 5, 15, 17, 18 | 81:2–81:7 | H, BSD, 402, 403, F, 602, 106 |
| 157:12-18 | 1, 4, 5, 15, 17, 18 | 83:18–83:19 | 402, 403, 106 |
| 158:20-159:4 | 1, 2, 4, 15, 17, 18 | 83:23–83:25 | 402, 403, 106 |
| 159:5-15 | 1, 2, 3, 4, 5, 15, 17, 18 | 87:14–87:15 | H, BSD, 402, 403, 106 |
| 164:12-15 | 1, 2, 3, 4, 7, 15, 17, 18, 19 | 87:18–87:25 | H, BSD, 402, 403, 106 |

| Kristin Sexton | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objection(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 164:20-165:8 | 1, 2, 3, 4, 5, 15, 17, 18 | 88:2–88:5 | H, BSD, 402, 403, 106 |
| 165:20-24 | | 88:8–88:9 | H, BSD, 106, 402, 403 |
| 165:25-167:8 | | 90:5–90:7 | 106 |
| 167:17-21 | | 90:10–90:15 | 106 |
| 168:5-15 | | 91:20–91:21 | 106 |
| 169:6-170:20 | | 91:24–91:25 | 106 |
| 171:9-23 | | 92:2–92:5 | 106 |
| 181:8-182:4 | 18 | 92:9–92:20 | 106 |
| 182:5-182:25 | 1, 2, 3, 5, 6, 13, 17, 18 | 94:3–94:6 | 106 |
| 184:23-186:12 (note errata change) | | 96:3–96:11 | 106 |
| 186:13-186:21 | 1, 2, 3, 4, 5, 17, 18 | 96:14–96:21 | 106 |
| 193:22-194:6 | 1, 4, 15, 17, 18 | 97:21–97:25 | 106 |
| 194:11-20 (note errata change) | 1, 4, 15, 17, 18 | 98:2–98:2 | 106 |
| 199:24-200:15 | | 98:23–98:25 | 106 |
| 200:16-201:13 | 1, 2, 3, 4, 15, 17, 18 | 99:2–99:6 | 106 |
| 209:19-23 | 1, 3, 4, 15, 17, 18, 19 | 99:20–99:25 | H, BSD, 403, F, 106 |
| 210:4-21 | 1, 2, 3, 4, 5, 15, 17, 18 | 100:2–100:17 | H, BSD, 403, F, 106 |
| 211:24-212:210 | | 100:20–100:25 | H, BSD, 106, 403, F, 106 |
| 212:11-21 | 1, 2, 3, 4, 5, 15, 17, 18 | 101:2–101:13 | H, BSD, 403, F, 106 |
| 213:10-15 | 1, 2, 3, 4, 15, 17, 18 | 101:16–101:22 | H, BSD, 403, F, 106 |
| 216:7-17 | 1, 2, 4, 15, 17, 18 | 107:23–107:24 | 106 |
| 216:18-217:3 | 1, 2, 3, 4, 15, 17, 18 | 108:3–108:4 | 106 |
| 217:4-11 | 1, 2, 4, 15, 17, 18 | 111:2–111:4 | BSD, 403, F, 106 |
| 217:12-20 | 1, 2, 3, 4, 5, 15, 17, 18 | 111:7–111:17 | BSD, 403, F, 106 |
| 217:21-218:5 | 1, 2, 3, 4, 5, 15, 17, 18 | 111:21–111:25 | BSD, 403, F, 106 |
| 218:6-218:10 | 1, 4, 18 | 112:2–112:9 | BSD, 403, F, 106 |
| 221:2-5 | 1, 4, 15, 17, 18, 19 | 112:13–112:20 | BSD, 403, F, 106 |
| 221:18-222:24 | | 116:7–116:8 | BSD, 106, 403, F |
| 235:4-12 | | 116:11–116:14 | BSD, 106, 403, F |
| 235:13-23 | 1, 2, 3, 17, 18 | 126:10–126:22 | H, BSD, 402, 403 |

| Kristin Sexton | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objection(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 239:7-21 | 1, 17, 18 | 127:12–127:25 | H, BSD, 402, 403, 602, 106 |
| 245:4-8 | 1, 2, 3, 4, 15, 17, 18, 19 | 137:23–137:25 | 106 |
| 246:25-247:25 | 1, 2, 3, 4, 5, 15, 17, 18 | 138:5–138:8 | 106 |
| 248:7-17 | 1, 2, 3, 4, 5, 15, 17, 18 | 138:25–138:25 | 106 |
| 248:18-21 | 1, 2, 17, 18 | 139:2–139:7 | 106 |
| 248:22-249:12 | 1, 2, 3, 4, 5, 15, 17, 18 | 142:14–142:18 | 106 |
| 249:15-252:10 | 1, 2, 3, 4, 5, 15, 17, 18 | 144:25–144:25 | H, BSD, 402, 403, 106 |
| 249:15-249:25 | 1, 2, 4, 17, 18 | 145:2–145:6 | H, BSD, 402, 403, 106 |
| 250:2-18 | 1, 2, 3, 4, 15, 17, 18 | 146:9–146:11 | H, BSD, 402, 403, F, 602, 106 |
| 250:19-251:2 | 1, 2, 3, 4, 5, 15, 17, 18 | 146:14–146:22 | H, BSD, 402, 403, F, 602, 106 |
| 251:3-251:8 | 1, 2, 3, 5, 15, 17, 18 | 147:2–147:9 | H, BSD, 402, 403, F, 602, 106 |
| 251:9-251:18 | 1, 2, 4, 5, 17, 18 | 147:17–147:23 | H, BSD, 402, 403, F, 602, 106 |
| 251:19-252:6 | 1, 2, 4, 5, 17, 18 | 149:17–149:24 | H, BSD, 402, 403, F, 602, 106 |
| 252:7-12 | 1, 18 | 170:21–170:25 | 106 |
| 252:11-252:23 | 1, 5, 17, 18, 23 | 171:2–171:3 | 106 |
| 254:17-22 | 1, 3, 5, 15, 17, 18, 23 | 171:24–171:25 | Incom, H, 402, 403, 106 |
| 255:13-255:23 | 23 | 183:23–183:25 | H, BSD, 402, 403, F, 602, 106 |
| 255:24-256:14 | 23 | 184:4–184:8 | H, BSD, 402, 403, F, 602, 106 |
| 256:15-23 | 1, 2, 3, 5, 15, 17, 18, 23 | 196:24–196:25 | 106 |
| 267:19-268:6 | 23 | 197:2–197:5 | 106 |
| 269:16-20 | 23 | 211:7–211:7 | 106 |
| 269:25-270:24 | 23 | 211:12–211:14 | 106 |
| 272:6-273:3 | 23 | 213:16–213:18 | 402, 403, 106 |
| 274:18-25 | 1, 3, 4, 5, 15, 17, 18, 23 | 213:22–213:25 | 402, 403, 106 |
| 276:18-25 | 1, 17, 23 | 214:2–214:2 | 402, 403, 106 |
| 295:19-296:3 | | 220:13–220:16 | H, BSD, 106, 402, 403, F, 602 |
| 305:5-25 | | 220:19–220:25 | H, BSD, 106, 402, 403, F, 602 |
| 306:8-11 | 2, 5, 18 | 236:16–236:18 | H, BSD, 402, 403, F, 602, 106 |
| 306:16-307:13 | | 236:22–236:25 | H, BSD, 106, 402, 403, F, 602 |
| 308:3-16 | | 237:2–237:2 | H, BSD, 106, 402, 403, F, 602 |

| Kristin Sexton | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objection(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 309:16-310:3 | 1, 2, 5, 17, 18 | 237:13–237:15 | H, BSD, 402, 403, F, 602, 106 |
| 324:22-325:19 | 1, 2, 4, 5, 17, 18 | 237:20–237:25 | H, BSD, 402, 403, F, 602, 106 |
| 326:14-17 | 1, 2, 3, 13, 17, 18 | 238:2–238:8 | H, BSD, 402, 403, F, 602, 106 |
| 327:6-328:13 | | 253:14–253:15 | 106 |
| | | 253:19–253:25 | 106 |
| | | 254:2–254:16 | 106 |
| | | 257:3–257:20 | 106 |
| | | 258:15–258:18 | H, BSD, 106, 402, 403, F, 602 |
| | | 258:21–258:25 | H, BSD, 106, 402, 403, F, 602 |
| | | 259:2–259:3 | H, BSD, 106, 402, 403 |
| | | 259:6–259:16 | H, BSD, 106, 402, 403 |
| | | 260:19–260:21 | H, BSD, 106, 402, 403, F, 602 |
| | | 260:24–260:25 | H, BSD, 106, 402, 403, F, 602 |
| | | 261:2–261:5 | H, BSD, 106, 402, 403, F, 602 |
| | | 268:7–268:9 | H, BSD, 106, 402, 403 |
| | | 268:13–268:17 | H, BSD, 106, 402, 403 |
| | | 271:15–271:16 | H, BSD, 106, 402, 403, F, 602 |
| | | 271:19–271:25 | H, BSD, 106, 402, 403, F, 602 |
| | | 272:2–272:5 | H, BSD, 106, 402, 403, F, 602 |
| | | 273:14–273:25 | H, BSD, 106, 402, 403, F, 602 |
| | | 274:2–274:3 | H, BSD, 106, 402, 403, F, 602 |
| | | 274:6–274:17 | H, BSD, 106, 402, 403, F, 602 |
| | | 277:18–277:22 | H, BSD, 106, 402, 403 |
| | | 278:7–278:14 | H, BSD, 106, 402, 403 |
| | | 279:16–279:21 | H, BSD, 106, 402, 403 |
| | | 281:21–281:25 | H, BSD, 106, 402, 403 |
| | | 282:2–282:11 | H, BSD, 106, 402, 403 |
| | | 283:24–283:25 | H, BSD, 106, 402, 403 |
| | | 284:2–284:8 | H, BSD, 106, 402, 403 |
| | | 289:25–289:25 | H, BSD, 106, 402, 403 |

| Kristin Sexton | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objection(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 290:2–290:10 | H, BSD, 106, 402, 403 |
| | | 297:5–297:12 | 106 |
| | | 298:21–298:25 | Incom, 106 |
| | | 299:2–299:3 | 106 |
| | | 303:12–303:25 | H, BSD,106,  402, 403, 602 |
| | | 304:2–304:18 | H, BSD, 106, 402, 403, 602 |
| | | 321:18–321:21 | H, BSD, 106, 402, 403, 602, F |
| | | 321:24–321:25 | H, BSD, 106, 402, 403, 602, F |
| | | 322:2–322:9 | H, BSD,106,  402, 403, 602, F |
| | | 323:20–323:22 | H, BSD, 106, 402, 403 |
| | | 323:25–323:25 | H, BSD, 106, 402, 403 |
| | | 324:2–324:9 | H, BSD, 106, 402, 403 |
| | | 324:12–324:14 | H, BSD, 106, 402, 403 |
| | | 325:20–325:22 | H, BSD, 106, 402, 403 |
| | | 325:25–325:25 | H, BSD, 106, 402, 403 |
| | | 326:2–326:2 | H, BSD, 106, 402, 403 |

| Jill Thompson | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 12:16-21 | | 14:5–14:14 | 106, 402, BSD |
| 24:10-18 | 1, 2, 3, 17 | 15:7–15:14 | 106 |
| 25:3-26:5 | 1, 2, 3, 12, 17 | 18:7–18:11 | 106 |
| 26:21-27:24 | 1, 2, 3, 17 | 23:14–23:25 | 402, 403, BSD, 106 |
| 45:19-46:7 | 1, 2, 3, 17 | 24:2–24:4 | 402, 403, BSD, 106 |
| 46:15-47:21 | 1, 2, 3, 12, 17 | 27:25–27:25 | 402, 403, BSD, 106 |
| 58:24-59:4 | 1, 2, 3, 17 | 28:2–28:6 | 402, 403, BSD, 106 |
| 59:8-16 | 1, 2, 3, 17 | 28:9–28:20 | 402, 403, BSD, 106 |
| 59:23-60:2 | 1, 2, 3, 5, 17 | 29:20–29:24 | 402, 403, BSD, 106 |
| 60:4-60:19 | 1, 2, 3, 12, 17, 18 | 30:3–30:7 | 402, 403, BSD, 106 |
| 60:20-61:22 | 1, 2, 3, 12, 17, 18 | 32:8–32:12 | 106 |
| 78:11-79:23 (note errata change) | | 33:9–33:23 | 106, 402, BSD |
| 101:6-17 | | 34:19–34:22 | 106, 402, BSD |
| 259:24-260:17 | 1, 2, 3, 4, 17, 18 | 40:4–40:10 | 402, BSD, 106 |
| 268:11-269:22 | | 48:5–48:25 | 106, 402, 403, BSD |
| | | 49:2–49:9 | 106 |
| | | 69:15–69:25 | 106, 402 |
| | | 70:2–70:7 | 106, 402 |
| | | 79:24–79:25 | 106, 402, 403, BSD |
| | | 80:2–80:25 | 106, 402, 403, BSD |
| | | 81:2–81:5 | 106, 402, 403, BSD |
| | | 81:25–81:25 | 106, 402 |
| | | 82:2–82:18 | 106, 402, 403, BSD |
| | | 89:5–89:15 | 106 |
| | | 89:18–89:25 | 106 |
| | | 90:2–90:3 | 106 |
| | | 92:9–92:25 | 106, 402, 403, BSD |
| | | 100:3–100:25 | 402, 403, BSD |
| | | 101:2–101:5 | 106 |

| | | 105:8–105:10 | 106, 402 |
|---|---|---|---|
| | | 105:13–105:16 | 106, 402 |
| | | 105:19–105:24 | 106, 402 |
| | | 106:3–106:5 | 106, 402 |
| | | 108:7–108:11 | 106, 402, 403 BSD |
| | | 109:4–109:12 | 106, 402, 403 BSD |

| Dan Ulreich[1] | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| 5:13-5:19 | | 8:12–8:19 | 106 |
| 20:13-20:19 | | 10:3–10:7 | 106 |
| 20:22-20:22 | 1, 5, 17, 23 | 16:22–16:25 | 402, 403, BSD, 106 |
| 22:20-22:24 | 1, 2, 3, 5, 15, 17, 23 | 17:12–17:16 | 402, 403, BSD, 106 |
| 25:20-25:25 | | 18:4–18:16 | 106 |
| 26:2-26:24 | | 18:19–18:20 | 106 |
| 26:25-27:9 | 1, 2, 3, 5, 12, 17 | 19:7–19:14 | 106 |
| 27:10-27:17 (note errata change) | | 21:7–21:20 | 402, 403, BSD, 106 |
| 30:22-30:24 | 1, 2, 3, 5, 12, 17 | 23:8–23:10 | 106 |
| 46:18-47:6 | 1, 3, 5, 12, 14, 17, 23 | 23:13–23:15 | 106 |
| 48:7-48:14 | 1, 2, 3, 5, 17, 23 | 24:6–24:10 | 106 |
| 48:15-48:18 | 1, 3, 5, 12, 17, 23 | 24:13–24:15 | 106 |
| 48:19-49:7 (note errata change) | 1, 2, 3, 5, 17, 23 | 24:16–24:21 | 106 |
| 51:3-51:21 | 1, 2, 3, 5, 12, 17, 23 | 24:22–24:25 | 106 |
| 51:22-52:18 | 1, 2, 3, 5, 12, 17, 23 | 25:4–25:6 | 106 |
| 59:19-60:19 | 1, 12, 15, 17, 23 | 27:18–27:25 | 106 |
| 69:19-69:24 | 1, 2, 5, 12, 15, 17, 23 | 28:2–28:5 | 106 |
| 69:25-70:7 | 1, 2, 3, 5, 12, 15, 17, 23 | 28:8–28:9 | 106 |
| 71:16-72:20 | 1, 2, 3, 5, 12, 15, 17, 23 | 28:18–28:25 | 402, 403, BSD, 106 |
| 72:21-72:25 | 1, 2, 12, 15, 17, 23 | 29:2–29:6 | 402, 403, BSD, 106 |
| 73:2-73:12 | 1, 2, 3, 5, 12, 15, 17, 23 | 30:25–30:25 | 402, 403, BSD, 106 |
| 92:15-93:2 | 23 | 31:2–31:9 | 402, 403, BSD, 106 |
| 93:3-93:14 | 23 | 31:19–31:22 | 402, 403, BSD, 106 |
| 93:15-93:21 | 23 | 33:8–33:16 | 402, 403, BSD, 106 |
| 93:22-93:25 | 1, 2, 3, 5, 12, 15, 17, 23 | 34:3–34:5 | 402, 403, BSD, 106 |
| 100:20-101:6 | 1, 2, 3, 5, 12, 15, 17, 23 | 34:8–34:12 | 402, 403, BSD, 106 |

[1]   Sage objects to all testimony elicited on PrimaFit 2.0 to the extent that it does not relate to any argument by Sage that PrimaFit 2.0 is a non-infringing alternative to the accused PrimaFit product.

| Dan Ulreich[1] | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 35:25–35:25 | 402, 403, BSD, 106 |
| | | 36:2–36:10 | 402, 403, BSD, 106 |
| | | 40:5–40:14 | 402, 403, BSD, 106 |
| | | 42:24–42:25 | 402, 403, BSD, 106 |
| | | 43:2–43:11 | 402, 403, BSD, 106 |
| | | 44:18–44:24 | 402, 403, BSD, 106 |
| | | 45:18–45:20 | 402, 403, BSD, 106 |
| | | 45:23–45:25 | 106 |
| | | 46:2–46:3 | 106 |
| | | 46:6–46:8 | 106 |
| | | 52:19–52:23 | 106 |
| | | 53:2–53:4 | 106 |
| | | 56:21–56:25 | 402, 403, BSD, 106 |
| | | 57:5–57:8 | 402, 403, BSD, 106 |
| | | 68:20–68:23 | 402, 403, BSD, 106 |
| | | 69:3–69:7 | 402, 403, BSD, 106 |
| | | 73:25–73:25 | 402, 403, BSD, 106 |
| | | 74:2–74:8 | 402, 403, BSD, 106 |
| | | 74:12–74:15 | 402, 403, BSD, 106, V |
| | | 74:24–74:25 | 402, 403, BSD, 106 |
| | | 75:2–75:6 | 402, 403, BSD, 106 |
| | | 75:9–75:9 | 402, 403, BSD, 106 |
| | | 75:18–75:19 | 402, 403, BSD, 106 |
| | | 75:22–75:24 | 402, 403, BSD, 106 |
| | | 76:4–76:5 | 402, 403, BSD, 106 |
| | | 76:8–76:9 | 402, 403, BSD, 106 |
| | | 79:9–79:11 | 402, 403, BSD, 106 |
| | | 79:14–79:16 | 402, 403, BSD, 106, F |
| | | 80:10–80:13 | 402, 403, BSD, 106, F |
| | | 80:16–80:21 | 402, 403, BSD, 106, F |

| Dan Ulreich[1] | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 80:24–80:24 | 402, 403, BSD, 106, F |
| | | 81:12–81:21 | 402, 403, BSD, 106 |
| | | 86:18–86:25 | 106 |
| | | 89:17–89:21 | 402, 403, BSD, 106 |
| | | 89:24–89:25 | 402, 403, BSD, 106, F |
| | | 90:2–90:3 | 402, 403, BSD, 106, F |
| | | 94:15–94:25 | 106 |
| | | 95:2–95:2 | 106 |
| | | 98:19–98:25 | 402, 403, BSD, 106 |
| | | 99:2–99:2 | 402, 403, BSD, 106 |
| | | 99:5–99:10 | 402, 403, BSD, 106 |
| | | 99:14–99:23 | 402, 403, BSD, 106, F |
| | | 100:2–100:5 | 402, 403, BSD, 106, F |
| | | 100:8–100:11 | 402, 403, BSD, 106, F |
| | | 101:18–101:20 | 402, 403, BSD, 106 |
| | | 101:24–101:25 | 402, 403, BSD, 106, F |
| | | 102:2–102:4 | 402, 403, BSD, 106, F |
| | | 102:7–102:12 | 402, 403, BSD, 106 |
| | | 102:15–102:19 | 402, 403, BSD, 106 |
| | | 102:22–102:24 | 402, 403, BSD, 106 |
| | | 105:14–105:18 | 402, 403, BSD, 106 |
| | | 105:22–105:25 | 402, 403, BSD, 106, F |
| | | 106:4–106:8 | 402, 403, BSD, 106, F |
| | | 106:14–106:20 | 402, 403, BSD, 106 |
| | | 106:23–106:25 | 402, 403, BSD, 106 |
| | | 107:2–107:9 | 402, 403, BSD, 106 |
| | | 107:12–107:15 | 402, 403, BSD, 106 |
| | | 108:17–108:23 | 402, 403, BSD, 106 |
| | | 109:2–109:4 | 402, 403, BSD, 106, F |
| | | 112:14–112:16 | 402, 403, BSD, 106 |

| Dan Ulreich[1] | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 112:19–112:20 | 402, 403, BSD, 106 |
| | | 113:5–113:7 | 402, 403, BSD, 106 |
| | | 113:10–113:14 | 402, 403, BSD, 106 |
| | | 113:17–113:17 | 402, 403, BSD, 106 |
| | | 122:22–122:25 | BSD, 106 |
| | | 123:2–123:4 | BSD, 106 |
| | | 123:20–123:22 | BSD, 106 |
| | | 124:3–124:6 | BSD, 106 |
| | | 126:25–126:25 | BSD, 106 |
| | | 127:2–127:12 | BSD, 106 |
| | | 127:15–127:16 | BSD, 106, F |
| | | 141:19–141:23 | 402, BSD, 106 |
| | | 142:2–142:10 | 402, BSD, 106 |
| | | 142:18–142:21 | 402, BSD, 106 |
| | | 142:24–142:25 | 402, BSD, 106 |
| | | 143:2–143:23 | 402, 403, BSD, 106 |
| | | 144:2–144:4 | 106 |
| | | 145:18–145:22 | BSD, 106 |
| | | 145:24–145:25 | BSD, 106 |
| | | 146:2–146:4 | BSD, 106 |
| | | 156:17–156:20 | BSD, 106 |
| | | 156:24–156:25 | 402, 403, BSD, 106 |
| | | 157:2–157:6 | 402, 403, BSD, 106 |
| | | 157:10–157:10 | 402, 403, BSD, 106 |
| | | 160:4–160:8 | 402, 403, BSD, 106 |
| | | 175:22–175:25 | 402, 403, BSD, 106 |
| | | 160:10–160:12 | 402, 403, BSD, 106 |
| | | 176:2–176:2 | 106 |
| | | 176:6–176:8 | 402, 403, BSD, 106 |
| | | 176:17–176:25 | BSD, 106 |

| Dan Ulreich[1] | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 177:2–177:4 | BSD, 106 |
| | | 177:11–177:14 | BSD, 106 |
| | | 179:5–179:10 | 402, BSD, 106 |
| | | 179:13–179:14 | 402, BSD, 106 |
| | | 185:15–185:17 | BSD, 106, Incom |
| | | 185:21–185:23 | 402, 403, BSD, 106, Incom |
| | | 186:8–186:12 | BSD, 106 |
| | | 186:17–186:17 | 402, 403, BSD, 106, F |
| | | 186:25–186:25 | BSD, 106 |
| | | 187:2–187:4 | BSD, 106 |
| | | 187:8–187:10 | 402, 403, BSD, 106, F |
| | | 192:20–192:25 | BSD, 106 |
| | | 193:2–193:5 | BSD, 106 |
| | | 193:8–193:9 | BSD, 106 |
| | | 202:16–202:21 | BSD, 106 |
| | | 202:24–202:25 | BSD, 106 |
| | | 203:7–203:9 | BSD, 106 |
| | | 203:12–203:12 | BSD, 106 |
| | | 204:25–204:25 | 402, BSD, 106 |
| | | 205:2–205:11 | 402, BSD, 106 |
| | | 205:14–205:15 | 402, BSD, 106, F |
| | | 209:15–209:19 | 402, BSD, 106, F |
| | | 219:16–219:19 | BSD, 106 |
| | | 219:22–219:24 | 402, 403, BSD, 106, F |
| | | 221:5–221:14 | BSD, 106 |
| | | 221:17–221:21 | 402, 403, BSD, 106, F |
| | | 222:11–222:16 | BSD, 106 |
| | | 222:21–222:25 | 402, 403, BSD, 106, F |
| | | 223:2–223:2 | 402, 403, BSD, 106, F |
| | | 223:15–223:18 | BSD, 106 |

46

| Dan Ulreich[1] | | | |
|---|---|---|---|
| **PureWick Designations** | **Sage's Objections(s)** | **Sage's Counter-Designations** | **PureWick's Objection(s)** |
| | | 223:23–223:25 | 402, 403, BSD, 106, F |
| | | 224:2–224:2 | 402, 403, BSD, 106, F |
| | | 225:15–225:18 | 402, BSD, 106 |
| | | 225:21–225:21 | 402, 403, BSD, 106, F |
| | | 226:4–226:6 | 402, BSD, 106 |
| | | 226:9–226:10 | 402, 403, BSD, 106, F |

# SCHEDULE E2b

**Sage's Objections to PureWick's Initial Designations**

| Number | Objection |
|---|---|
| 1 | Irrelevant |
| 2 | Lacks foundation / lacks personal knowledge |
| 3 | Calls for Speculation |
| 4 | Hearsay |
| 5 | Vague and Ambiguous |
| 6 | Asked and Answered |
| 7 | Argumentative |
| 8 | Hypothetical |
| 9 | Privilege |
| 10 | Leading |
| 11 | Compound |
| 12 | Mischaracterization |
| 13 | Best Evidence |
| 14 | Calls for Legal Conclusion |
| 15 | Assumes facts not in evidence |
| 16 | Non-responsive |
| 17 | Rule 403 |
| 18 | Outside scope of 30(b)(6) |
| 19 | Not testimony / Not responding to a question |
| 20 | Opinion / Expert opinion testimony by non-expert / Rule 701 |
| 21 | Rule 702 |
| 22 | Calls for a narrative |
| 23 | Object to the extent misuses PrimaFit 2.0 testimony outside the scope of NIA |
| MIL1 / MIL2 | Objectionable as set forth in Stryker Motion in Limine Nos. 1 or 2 |
| CONT | Testimony relates to contingent designations including designations subject to outstanding motions |
| DAUB-Collins | Addresses issues raised in Stryker's *Daubert* motion and motion to strike Collins |
| DAUB-Jezzi | Addresses issues raised in Stryker's *Daubert* motion and motion to strike Jezzi |
| DAUB-Leonard | Addresses issues raised in Stryker's *Daubert* motion and motion to strike Leonard |
| Outside Scope | Outside scope of designation |

Sage notes that counter-designations for the designated witnesses may be contingent upon how the Court rules on objections and other outstanding motions.  Stryker preserves its objections regarding contingent designations and counter designations related to such contingent designations. Sage reserves all its rights relating to *Daubert* motions, summary judgment motions, and motions in limine. Sage further objects to any designations relating to the PrimaFit 2.0 to the extent that they do not relate to any allegation that PrimaFit 2.0 is a non-infringing alternative including any testimony by Dan Ulreich on that topic.  All designations and counter-designations are subject to witness erratas.

Moreover, given the ruling in the Final Written Decision relating to the 508 patent, Sage objects to any designations to the extent they relate to the 508 patent and do not implicate issues at issue with the other three patents-in-suit. Many of these designations and counter-designations were prepared before the Patent Trial and Appeal Board issued its Final Written Decisions of the PTAB and any such counter-designations by Sage should be understood to be contingent.

| Nick Alexander | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 10:4-10 | | |
| 25:4-6 | | |
| 25:21-26:6 | | |
| 26:9-11 | | |
| 56:7-12, 56:19-23 | 1, 2, 3, 4, 15, 17 | |
| 56:24-57:9 | 1, 2, 3, 15, 17 | |
| 58:5-15 | 1, 17 | |
| 61:14-22 | 1, 5, 17 | |

| Nick Alexander | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 61:23-25 | | |
| 62:2-6 | | |
| 63:8-10 | 1, 2, 4, 17, 19 | |
| 64:2-5 | 1, 2, 3, 4, 17 | |
| 64:9-25 | 1, 5, 17, MIL2 | |
| 69:22-70:10 | 1, 2, 3, 17, 18 | |
| 70:11-20 | 1, 2, 3, 17, 18 | |
| 71:20-72:4 | 1, 2, 3, 17 | |
| 72:5-11 (note errata change) | 1, 2, 3, 17 | |
| 73:6-74:4 | 1, 2, 3, 4, 17 | |
| 74:5-11 | 1, 2, 17 | |
| 74:12-20 | 1, 2, 17 | |
| 74:21-75:24 (note errata change) | 1, 2, 3, 5, 8, 17, 18 | |
| 75:25-76:10 | | |
| 77:6-11 | 1, 2, 4, 17, 18 | |
| 79:18-25 | | |
| 81:2-24 | | |
| 82:5-10 | 1, 2, 3, 5, 17 | |
| 82:16-82:25 | | |
| 83:2-9 | 1, 2, 3, 4, 17, 18 | |
| 83:10-21 (note errata change) | 1, 2, 17, 18 | |
| 84:2-21 | 1, 2, 3, 17, 18 | |
| 87:8-16 | | |
| 88:10-89:8 (note errata change) | | |
| 89:20-90:2 | | |
| 90:21-91:12 | | |
| 91:21-92:24 (note errata change) | | |
| 94:6-16 | | |
| 95:17-96:8 | | |
| 119:19-120:21 (note errata change) | | |

| Nick Alexander | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 120:22-24 | 1, 2, 3, 17 | |
| 121:5-23 (note errata change) | | |
| 122:15-21 | | |
| 123:6-9 | 1, 2, 3, 17 | |
| 123:10-24 | 1, 2, 3, 17 | |
| 124:19-22 | 1, 4, 15, 17 | |
| 125:13-127:18 (note errata change) | 1, 17 | |
| 127:20-128:12 | 1, 2, 3, 15, 17 | |
| 128:13-24 | 1, 2, 3, 15, 17 | |
| 129:4-6 | | |
| 130:3-4 | | |
| 130:5-131:3 | 1, 17 | |
| 131:3-6 | 1, 2, 3, 4, 15, 17 | |
| 131:16-21 (note errata change) | 1, 2, 3, 15, 17 | |
| 132:7-12 | 1, 17 | |
| 132:18-133:6 | 1, 2, 3, 15, 17 | |
| 133:7-23 | 1, 2, 5, 12, 15, 17 | |
| 134:18-135:3 | 1, 2, 3, 15, 17 | |
| 135:4-12 | 1, 2, 3, 15, 17 | |
| 135:13-22 (note errata change) | 1, 2, 17 | |
| 136:9-15 | 1, 2, 3, 15, 17 | |
| 237:10-20 | 1, 12, 15, 17 | |
| 237:21-238:12 (note errata change) | 1, 2, 3, 12, 15, 17, MIL2 | |
| 238:18-25 | 1, 2, 3, 12, 15, 17, MIL2 | |

| Brett Blabas | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 6:20-7:2 | | |
| 8:9-12 | | |

| Brett Blabas | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 13:23-14:23 | | |
| 30:15-19 | | |
| 32:7-22 | | |
| 36:19-37:7 | | |
| 37:8-25 | 1, 2, 3, 17 | |
| 43:18-24 | 1, 2, 3, 17 | |
| 49:15-23 | 1, 2, 4, 5, 17 | |
| 69:22-23 | | |
| 72:8-15 | | |
| 74:14-75:2 | | |
| 75:21-76:3 | | |
| 76:22-77:6 | | |
| 81:4-8 | | |
| 81:21-82:3 | | |
| 82:15-24 | | |
| 87:10-14 | | |
| 89:10-19 | | |
| 90:20-91:2 | | |
| 91:8-12 | | |
| 91:13-18 | 1, 2, 3, 17 | |
| 95:20-96:2 | 1, 4, 15, 17 | |
| 97:13-24 | | |
| 118:17-25 | 1, 17 | |
| 119:2-5 | 1, 4, 12, 15, 17 | |
| 122:17-123:2 | | |
| 124:6-13 | | |
| 126:10-127:12 (note errata change) | 1, 17 | |
| 132:25-133:24 | | |
| 143:8-13 | 1, 4, 15, 17 | |
| 143:20-145:12 | 1, 17 | |

| Brett Blabas | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 146:15-147:12 | 1, 17 | |
| 152:2-7 | 1, 2, 15, 17 | |
| 153:19-22 | | |
| 154:9-25 | 1, 4, 15, 17 | |
| 155:6-156:7 | | |
| 157:2-5 | | |
| 160:6-10 | 1, 4, 15, 17 | |
| 160:19-24 | 1, 4, 15, 17 | |
| 161:25-162:7 | | |
| 164:20-165:4 | 1, 4, 15, 17 | |
| 247:2-248:11 (note errata change) | 1, 17 | |
| 274:19-25 | 1, 17 | |
| 276:2-22 | | |
| 277:10-278:13 | | |
| 278:21-279:4 | 1, 4, 15, 17 | |
| 279:9-20 | | |
| 282:21-283:4 | 1, 3, 15, 17 | |
| 283:9-13 | | |
| 292:19-25 | | |
| 293:7-14 | | |
| 294:3-11 | 1, 2, 17 | |
| 297:6-298:24 (note errata change) | | |
| 301:13-19 | | |
| 302:7-10 | | |
| 302:16-303:3 | | |
| 303:18-21 | | |
| 304:3-12 | | |
| 304:23-305:6 | | |
| 308:12-17 | | |
| 308:23-311:4 | | |

| Brett Blabas | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 319:15-16 | | |
| 319:22-25 | | |
| 325:7-20 | | |
| 325:21-326:7 | 1, 5, 17 | |
| 326:8-17 | 1, 3, 17 | |

| Jason Bobay | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 7:3-9 | | |
| 14:7-12 | | |
| 15:13-16:2 | | |
| 17:2-17 | | |
| 23:15-23 (objections omitted) | | |
| 25:20-24 | | |
| 30:16-23 | | |
| 33:8-13 | 1, 2, 3, 15, 17 | |
| 33:14-17 | | |
| 36:9-20 | 1, 15, 17 | |
| 43:3-7 | 1, 15, 17 | |
| 46:20-47:7 | 1, 17, MIL2 | |
| 47:15-17 | | |
| 49:20-50:3 | | |
| 52:16-22 | 1, 17, MIL2 | |
| 62:17-63:7 | 1, 17 | |
| 64:22-65:4 | 1, 17 | |
| 71:15-72:3 | 1, 15, 17 | |
| 74:10-14 | | |

| Jason Bobay | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 76:10-77:6 | | |
| 78:10-16 | 1, 2, 15, 17 | |
| 79:4-6 | | |
| 79:17-80:12 | | |
| 82:21-83:14 | | |
| 83:15-22 | 1, 2, 15, 17 | |
| 84:11-18 | | |
| 86:4-8 | | |
| 88:4-9 | 1, 2, 15, 17 | |
| 89:4-90:8 | | |
| 90:17-19 | | |
| 98:15-21 | 1, 2, 15, 17 | |
| 99:7-13 | | |
| 102:24-103:5 | | |
| 103:11-19 | | |
| 104:23-25 | 1, 2, 15, 17 | |
| 105:17-107:13 | 1, 2, 15, 17 | |
| 114:5-14 | 1, 2, 15, 17 | |
| 120:5-16 | 1, 17 | |
| 120:17-121:13 | | |
| 129:15-17 | | |
| 130:2-8 | | |
| 130:18-25 | | |
| 131:11-13 | | |
| 132:9-133:17 (note errata change) | | |
| 139:20-140:5 | 1, 15, 17 | |
| 146:4-10 | | |
| 146:23-147:6 | | |
| 157:8-13 | 1, 2, 3, 15, 17 | |
| 169:10-17 | 1, 15, 17 | |

| Jason Bobay | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 170:3-10 | 1, 15, 17 | |
| 173:8-22 | 1, 2, 15, 17 | |
| 174:15-175:7 | | |
| | | |

| Brian Ecklund | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 6:9-6:14 | | |
| 7:11-7:17 | | |
| 8:11-8:17 | | |
| 14:21-14:25 | | |
| 26:3-26:5 | | |
| 26:6-10 | | |
| 26:11-21 | | |
| 27:9-27:20 | | |
| 29:21-29:24 | | |
| 2:25-30:10 2-30:25 | | |
| 30:11-25 | | |
| 31:8-31:14 | | |
| 31:24-32:5 | | |
| 34:5-34:16 | 1, 2, 3, 5, 12, 17, 18 | |
| 35:19-36:5 | | |
| 37:3-37:10 | 1, 2, 3, 5, 12, 17, 18 | |
| 46:17-46:24 | 1, 2, 3, 5, 12, 17, 18 | |
| 46:25-47:15 | 1, 2, 3, 5, 12, 17, 18 | |
| 47:16-48:7 | 1, 12, 17 | |
| 48:22-49:15 | | |

| Brian Ecklund | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 50:19-51:5 | 1, 17, 18 | |
| 51:13-51:20 | 1, 17, 18 | |
| 52:10-52:22 | 1, 17, 18 | |
| 54:3-54:9 | 1, 12, 18 | |
| 84:4-84:13 | | |
| 86:17-87:10 | | |
| 89:17-89:25 | 1, 2, 5, 17, 18 | |
| 90:2-90:16 | 1, 2, 3, 5, 17, 18 | |
| 90:17-90:21 | 1, 2, 3, 5, 17, 18 | |
| 90:22-91:12 (note errata change) | 1, 2, 3, 5, 17, 18 | |
| 91:13-21 | 1, 2, 3, 5, 17, 18 | |
| 91:22-92:9 | 1, 2, 3, 5, 17, 18 | |
| 93:3-93:9 | 1, 2, 3, 5, 17, 18 | |
| 94:2-94:16 | 1, 5, 17 | |
| 94:17-95:5 | 1, 5, 17 | |
| 95:6-95:21 | 1, 5, 17 | |
| 95:22-95:25 | 1, 5, 17 | |
| 96:2-96:24 (note errata change) | 1, 5, 17 | |
| 96:25:2-97:7 | 1, 5, 15, 17 | |
| 97:8-97:25 | 1, 5, 15, 17 | |
| 98:2-98:9 | 1, 5, 15, 17 | |
| 98:10-98:22 | 1, 5, 15, 17 | |
| 99:7-99:22 (note errata change) | 1, 5, 15, 17 | |
| 99:25:100:20 | 1, 5, 15, 17 | |
| 101:14-101:21 | 1, 5, 17 | |
| 101:22-102:2 | 1, 5, 17 | |
| 102:3-9 | 1, 5, 15, 17 | |
| 102:10-15 | 1, 5, 12, 17 | |
| 102:16-21 | 1, 5, 12, 15, 17 | |
| 103:15-104:2 | 1, 5, 17 | |

| Brian Ecklund | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 104:3-104:11 | 1, 2, 3, 5, 12, 14, 15, 17 | |
| 104:12-23 | 1, 2, 3, 5, 12, 14, 15, 17 | |
| 105:5-105:17 | 1, 5, 17 | |
| 105:18-106:2 | 1, 2, 3, 5, 12, 14, 15, 17 | |
| 106:9-106:18 | 1, 5, 17 | |
| 106:19-107:4 | 1, 2, 3, 17 | |
| 107:5-107:11 | 1, 2, 3, 5, 12, 14, 15, 17 | |
| 107:12-107:18 | 1, 5, 17 | |
| 107:25-108:18 | 1, 5, 17 | |
| 108:25-109:10 | 1, 2, 3, 5, 12, 14, 15, 17 | |
| 109:11-109:23 | 1, 5, 17 | |
| 110:6-110:10 | 1, 5, 17 | |
| 110:11-19 | 1, 2, 3, 5, 15, 17 | |
| 110:20-25 | 1, 5, 17 | |
| 111:2-5 | 1, 2, 5, 15, 17 | |
| 111:6-14 | 1, 17 | |
| 112:4-112:10 | 1, 2, 5, 15, 17 | |
| 112:11-112:16 | 1, 5, 17 | |
| 114:4-114:15 | 1, 5, 15, 17 | |
| 115:13-115:21 | 1, 5, 17 | |
| 115:22-116:14 | 1, 2, 5, 12, 17 | |
| 116:15-116:23 | 1, 5, 17 | |
| 116:24-117:10 | 1, 5, 15, 17 | |
| 117:11-117:18 | 1, 2, 5, 15, 17 | |
| 117:19-117:25 | 1, 5, 17 | |
| 118:2-118:7 | 1, 17 | |
| 118:22-119:7 | 1, 5, 15, 17 | |
| 119:8-119:21 | 1, 5, 15, 17 | |
| 119:22-120:5 | 1, 5, 15, 17 | |
| 120:6-120:19 | 1, 5, 17 | |

| Brian Ecklund | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 127:6-127:18 | 1, 17 | |
| 129:11-129:22 | 1, 5, 15, 17 | |
| 129:23-130:8 | 1, 5, 15, 17 | |
| 130:9-132:3 | 1, 5, 15, 17 | |
| 132:4-11 | 1, 5, 17 | |
| 132:12-25 | 1, 2, 5, 12, 15, 17 | |
| 133:2-14 | 1, 5, 15, 17 | |
| 134:21-135:5 | 1, 17 | |
| 135:6-18 | 1, 17 | |
| 135:19-135:22 | 1, 2, 5, 12, 15, 17 | |
| 138:8-138:25 | 1, 2, 5, 17 | |
| 139:2-139:10 | 1, 2, 5, 15, 17 | |
| 139:11-139:23 | 1, 2, 5, 12, 15, 17 | |
| 139:24-140:9 | 1, 2, 5, 12, 15, 17 | |
| 140:10-22 | 1, 5, 17 | |
| 140:23-141:16 | 1, 5, 17 | |
| 142:9-142:17 | 1, 5, 17 | |
| 144:10-145:18 | 1, 5, 17 | |
| 144:19-145:4 | 1, 5, 17 | |
| 145:5-145:18 | 1, 5, 17 | |
| 146:15-146:18 | 1, 17 | |
| 147:13-147:21 | 1, 5, 17 | |
| 147:22-148:6 | 1, 5, 17 | |
| 148:7-148:20 | 1, 5, 17 | |
| 148:21-149:4 | 1, 17 | |
| 149:18-150:12 | 1, 17 | |
| 150:22-151:2 | 1, 5, 17 | |
| 150:3-14 | 1, 5, 17 | |
| 151:15-151:25 (note errata change) | 1, 5, 15, 17 | |
| 160:4-160:14 | 1, 17 | |

| Brian Ecklund | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 161:2-161:17 | 1, 5, 12, 17 | |
| 161:18-162:11 | 1, 5, 12, 17 | |
| 198:14-198:21 | | |
| 199:22-200:7 | 1, 4, 5, 17 | |
| 214:13-214:22 | | |
| 215:3-215:10 | | |
| 215:23-216:12 | | |
| 216:13-216:19 | 1, 5, 15, 17 | |
| 216:20-217:10 | 1, 5, 15, 17 | |
| 217:11-19 | 5 | |
| 217:20-218:3 | 1, 5, 15, 17 | |
| 218:4-10 | | |
| 218:11-19 | 1, 5, 12, 14, 17 | |
| 218:20-219:4 | | |
| 219:5-219:19 | | |
| 220:13-220:17 | 5 | |
| 220:18-221:7 | 5 | |
| 221:8-221:25 | 1, 5, 17 | |
| 222:2-223:4 | 1, 5, 17 | |
| 223:5-224:2 | | |
| 224:14-225:2 | | |
| 225:3-225:10 | 1, 5, 15, 17 | |
| 225:11-225:18 | | |
| 225:19-226:2 | | |
| 226:3-226:25 | 1, 5, 17 | |
| 227:2-228:8 | 1, 5, 17 | |
| 228:9-229:5 | | |
| 229:6-230:9 | 1, 17 | |
| 230:10-230:18 | 1, 5, 17 | |
| 230:19-230:25 | | |

| Brian Ecklund | | |
| --- | --- | --- |
| PureWick Designations | Sage's Objections(s) | Ruling |
| 231:2-232:12 | 1, 5, 17 | |
| 232:13-20 | 1, 5, 17 | |
| 232:21-232:25 (note errata change) | 1, 5, 17 | |
| 233:2-9 (note errata change) | 1, 5, 17 | |
| 233:10-233:22 | 1, 17 | |
| 233:23:4-234:6 | 1, 5, 12, 17 | |
| 234:7-234:19 | 1, 17 | |
| 234:20-235:6 | 1, 5, 12, 17 | |
| 235:7-236:3 | 1, 5, 12, 17 | |

| Kelsey Paskal | | |
| --- | --- | --- |
| PureWick Designations | Sage's Objections(s) | Ruling |
| 7:15-20 | | |
| 22:2-14 | | |
| 23:11-20 | | |
| 24:2-6 | | |
| 24:7-14 | | |
| 26:24-27:5 | | |
| 27:14-19 | | |
| 27:20-28:4 | 5 | |
| 27:5-9 | 5 | |
| 36:22-37:5 | | |
| 37:25-38:7 | | |
| 40:3-7 | 1, 2, 5, 15, 17, 18 | |
| 45:6-12 | 1, 2, 4, 15, 17, 18 | |
| 45:23-46:7 | 1, 2, 4, 15, 17, 18 | |
| 46:8-12 | | |
| 49:6-13 | 1, 17 | |
| 49:14-24 | 1, 4, 17, 18 | |

14

| Kelsey Paskal | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 56:18-22 | 1, 2, 4, 15, 17, 18 | |
| 57:8-11 | | |
| 57:12-14 | 1, 2, 3, 4, 15, 17, 18 | |
| 57:15-24 | 1, 2, 3, 5, 15, 17, 18 | |
| 57:25-58:8 | 1, 2, 3, 5, 15, 17, 18 | |
| 60:23-25 | 1, 2, 18, 19 | |
| 61:2-7 | 1, 2, 4, 15, 17, 18 | |
| 61:8-11 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | |
| 61:12-16 | 1, 2, 3, 5, 15, 17, 18 | |
| 62:2-12 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 62:13-22 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 63:8-14 | 1, 2, 4, 15, 17, 18 | |
| 63:15-25 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 68:12-19 | 1, 2, 3, 4, 5, 6, 15, 17, 18 | |
| 70:9-19 | 1, 2, 3, 4, 5, 6, 12, 15, 17, 18 | |
| 72:9-19 | 1, 2, 4, 15, 17, 18, 19 | |
| 72:20-73:5 | 1, 2, 4, 15, 17, 18, 19 | |
| 73:13-22 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 74:15-75:3 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 89:23-90:6 | 1, 2, 4, 13, 15, 17, 18 | |
| 90:19-21 | | |
| 90:22-25 | 1, 2, 13, 17, 18 | |
| 91:2-16 | | |
| 95:19-24 | | |
| 99:20-24 | 1, 2, 4, 13, 17, 18 | |
| 99:25-100:5 | 1, 2, 4, 13, 17, 18 | |
| 100:6-8 | 1, 2, 4, 13, 17, 18 | |
| 100:9-15 | 1, 2, 4, 5, 15, 17, 18 | |
| 100:16-25 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 101:22-102:7 | 1, 2, 3, 4, 5, 15, 17, 18 | |

| Kelsey Paskal | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 131:2-5 | 1, 15, 17 | |
| 131:6-9 | | |
| 131:10-13 | | |
| 131:14-17 | | |
| 131:18-20 | | |
| 131:21-24 | 1, 2, 5, 15, 17, 18 | |
| 131:25-132:8 | 1, 2, 4, 15, 17, 18 | |
| 132:9-16 | 1, 2, 4, 15, 17, 18 | |
| 132:17-24 | | |
| 135:9-17 | | |
| 135:18-136:2 | | |
| 137:18-23 | 1, 2, 3, 5, 15, 17, 18 | |
| 137:24-138:5 | 1, 2, 3, 5, 15, 17, 18 | |
| 144:23-145:4 | 1, 2, 17, 18, 19 | |
| 145:10-13 | | |
| 145:14-17 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 145:18-23 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 146:10-18 | 1, 2, 3, 5, 15, 17, 18 | |
| 147:6-11 | 1, 2, 3, 5, 15, 17, 18 | |
| 162:14-19 | 1, 2, 3, 5, 15, 17, 18, 23 | |
| 169:13-21 | 1, 2, 15, 17, 18 | |
| 170:3-7 | 19 | |
| 170:8-16 | | |
| 170:17-19 | 1, 4, 5, 15, 17 | |
| 170:20-23 | | |
| 171:9-22 | | |
| 176:11-13 | 1, 5, 15, 17 | |
| 176:14-20 | 1, 17 | |
| 176:21-177:3 | 1, 4, 17 | |
| 177:4-7 | | |

| Kelsey Paskal | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 177:8-16 | 1, 17 | |
| 217:10-14 | 1, 15, 17, 18 | |
| 217:19-22 | | |
| 217:23-25 | | |
| 218:2-6 | | |
| 218:7-11 | | |
| 218:12-16 | | |
| 218:17-24 | 1, 3, 4, 5, 15, 17, 18 | |
| 218:25-219:14 | | |
| 219:15-17 | | |
| 219:18-21 | | |
| 222:4-9 | 1, 3, 4, 5, 15, 17, 18 | |
| 222:10-12 | 1, 17 | |
| 222:13-17 | 1, 17 | |
| 222:18-23 | 1, 17 | |
| 222:24-223:5 | 1, 17 | |
| 223:6-14 | 1, 17, 18 | |
| | | |

| Robert Sanchez | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 9:3-6 | | |
| 11:2-4 | | |
| 17:24-19:25 | | |
| 22:23-23:11 | | |
| 23:19-25 | | |
| 25:5-19 | | |
| 26:2-27:17 | | |

| Robert Sanchez | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 38:7-14 | | |
| 38:24-40:10 | 1, 19, 17 | |
| 93:3-94:2 | | |
| 98:6-11 | | |
| 98:19-99:11 | | |
| 99:18-21 | | |
| 100:5-101:2 | | |
| 104:9-12 | | |
| 114:16-115:7 | | |
| 116:6-21 | | |
| 117:25-118:6 | | |
| 118:18-25 | | |
| 148:4-16 | | |
| 150:13-151:8 | | |
| 151:9-25 | 3, 22 | |
| 152:1-11 | 1, 14, 20, 17, 20, 21 | |
| 152:12-154:16 | | |
| 154:18-155:14 | 1, 17 | |
| 155:15-156:1 | 1, 17 | |

| Kristin Sexton | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 6:17-7:9 | | |
| 15:20-16:6 | | |
| 18:6-9 | | |
| 18:16-24 | | |

| Kristin Sexton | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 25:14-17 | | |
| 25:24-26:4 | 5, 17, 18 | |
| 26:5-26:16 | 1, 5, 17, 18 | |
| 27:3-7 | | |
| 30:7-15 (note errata change) | 1, 2, 3, 5, 17, 18 | |
| 30:22-31:8 | 1, 2, 3, 5, 17, 18 | |
| 81:8-82:17 | | |
| 82:18-82:24 | 1, 5, 17, 18 | |
| 85:7-86:2 | 1, 2, 5, 17, 18, MIL2 | |
| 89:11-90:4 | 1, 2, 3, 5, 15, 17, 18 | |
| 90:24-91:7 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | |
| 91:8-19 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | |
| 92:21-93:2 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 94:7-10 | | |
| 94:11-18 | 1, 5, 18 | |
| 94:19-95:8 (note errata change) | 1, 2, 3, 4, 5, 7, 12, 13, 17, 18 | |
| 96:22-97:13 | 1, 5, 17, 18 | |
| 98:12-22 | 1, 4, 5, 17, 18 | |
| 99:7-19 | 1, 5, 17, 18 | |
| 102:17-103:4 | 1, 4, 15, 17, 18 | |
| 104:13-105:6 | 1, 2, 5, 15, 17, 18 | |
| 105:7-105:20 | 1, 2, 5, 15, 17, 18 | |
| 105:21-106:8 | 1, 2, 5, 12, 15, 17, 18 | |
| 106:9-107:22 | 1, 2, 5, 12, 15, 17, 18 | |
| 108:5-22 | 1, 5, 12, 15, 17, 18 | |
| 110:10-14 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | |
| 110:15-25 | 1, 2, 4, 15, 17, 18 | |
| 113:19-114:13 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | |
| 114:14-115:21 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | |
| 117:8-22 | 1, 4, 5, 12, 15, 17, 18 | |

| Kristin Sexton | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 118:7-11 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | |
| 119:2-7 | 1, 2, 4, 15, 17, 18, 19 | |
| 119:8-119:20 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 119:21-120:2 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 120:3-11 | 1, 2, 3, 4, 5, 6, 15, 17, 18 | |
| 120:12-18 | 1, 2, 4, 15, 17, 18 | |
| 120:19-121:2 | 1, 2, 3, 4, 5, 6, 12, 15, 17, 18 | |
| 128:21-129:2 | 1, 2, 3, 4, 15, 17, 18 | |
| 129:19-23 | 1, 2, 3, 4, 15, 17, 18 | |
| 129:24-130:12 | 1, 2, 3, 15, 17, 18 | |
| 130:23-132:4 (note errata change) | 1, 2, 3, 4, 15, 17, 18 | |
| 132:14-18 | 1, 15, 17, 18 | |
| 133:11-136:13 (note errata change) | 1, 2, 3, 4, 5, 12, 15, 17, 18 | |
| 136:14-136:24 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | |
| 136:25-137:7 | 1, 2, 3, 4, 5, 12, 15, 17, 18 | |
| 137:10-137:22 | | |
| 138:20-24 | 1, 4, 15, 17, 18 | |
| 141:13-141:24 | 1, 2, 4, 15, 17, 18, 19 | |
| 141:25-142:5 | 1, 2, 4, 15, 17, 18, 19 | |
| 142:6-142:13 | 1, 2, 3, 4, 15, 17, 18, 19 | |
| 156:11-157:11 | 1, 4, 5, 15, 17, 18 | |
| 157:12-18 | 1, 4, 5, 15, 17, 18 | |
| 158:20-159:4 | 1, 2, 4, 15, 17, 18 | |
| 159:5-15 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 164:12-15 | 1, 2, 3, 4, 7, 15, 17, 18, 19 | |
| 164:20-165:8 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 165:20-24 | | |
| 165:25-167:8 | | |
| 167:17-21 | | |
| 168:5-15 | | |

| Kristin Sexton | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 169:6-170:20 | | |
| 171:9-23 | | |
| 181:8-182:4 | 18 | |
| 182:5-182:25 | 1, 2, 3, 5, 6, 13, 17, 18 | |
| 184:23-186:12 (note errata change) | | |
| 186:13-186:21 | 1, 2, 3, 4, 5, 17, 18 | |
| 193:22-194:6 | 1, 4, 15, 17, 18 | |
| 194:11-20 (note errata change) | 1, 4, 15, 17, 18 | |
| 199:24-200:15 | | |
| 200:16-201:13 | 1, 2, 3, 4, 15, 17, 18 | |
| 209:19-23 | 1, 3, 4, 15, 17, 18, 19 | |
| 210:4-21 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 211:24-212:210 | | |
| 212:11-21 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 213:10-15 | 1, 2, 3, 4, 15, 17, 18 | |
| 216:7-17 | 1, 2, 4, 15, 17, 18 | |
| 216:18-217:3 | 1, 2, 3, 4, 15, 17, 18 | |
| 217:4-11 | 1, 2, 4, 15, 17, 18 | |
| 217:12-20 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 217:21-218:5 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 218:6-218:10 | 1, 4, 18 | |
| 221:2-5 | 1, 4, 15, 17, 18, 19 | |
| 221:18-222:24 | | |
| 235:4-12 | | |
| 235:13-23 | 1, 2, 3, 17, 18 | |
| 239:7-21 | 1, 17, 18 | |
| 245:4-8 | 1, 2, 3, 4, 15, 17, 18, 19 | |
| 246:25-247:25 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 248:7-17 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 248:18-21 | 1, 2, 17, 18 | |

| Kristin Sexton | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 248:22-249:12 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 249:15-252:10 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 249:15-249:25 | 1, 2, 4, 17, 18 | |
| 250:2-18 | 1, 2, 3, 4, 15, 17, 18 | |
| 250:19-251:2 | 1, 2, 3, 4, 5, 15, 17, 18 | |
| 251:3-251:8 | 1, 2, 3, 5, 15, 17, 18 | |
| 251:9-251:18 | 1, 2, 4, 5, 17, 18 | |
| 251:19-252:6 | 1, 2, 4, 5, 17, 18 | |
| 252:7-12 | 1, 18 | |
| 252:11-252:23 | 1, 5, 17, 18, 23 | |
| 254:17-22 | 1, 3, 5, 15, 17, 18, 23 | |
| 255:13-255:23 | 23 | |
| 255:24-256:14 | 23 | |
| 256:15-23 | 1, 2, 3, 5, 15, 17, 18, 23 | |
| 267:19-268:6 | 23 | |
| 269:16-20 | 23 | |
| 269:25-270:24 | 23 | |
| 272:6-273:3 | 23 | |
| 274:18-25 | 1, 3, 4, 5, 15, 17, 18, 23 | |
| 276:18-25 | 1, 17, 23 | |
| 295:19-296:3 | | |
| 305:5-25 | | |
| 306:8-11 | 2, 5, 18 | |
| 306:16-307:13 | | |
| 308:3-16 | | |
| 309:16-310:3 | 1, 2, 5, 17, 18 | |
| 324:22-325:19 | 1, 2, 4, 5, 17, 18 | |
| 326:14-17 | 1, 2, 3, 13, 17, 18 | |
| 327:6-328:13 | | |

| Jill Thompson | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 12:16-21 | | |
| 24:10-18 | 1, 2, 3, 17 | |
| 25:3-26:5 | 1, 2, 3, 12, 17 | |
| 26:21-27:24 | 1, 2, 3, 17 | |
| 45:19-46:7 | 1, 2, 3, 17 | |
| 46:15-47:21 | 1, 2, 3, 12, 17 | |
| 58:24-59:4 | 1, 2, 3, 17 | |
| 59:8-16 | 1, 2, 3, 17 | |
| 59:23-60:2 | 1, 2, 3, 5, 17 | |
| 60:4-60:19 | 1, 2, 3, 12, 17, 18 | |
| 60:20-61:22 | 1, 2, 3, 12, 17, 18 | |
| 78:11-79:23 (note errata change) | | |
| 101:6-17 | | |
| 259:24-260:17 | 1, 2, 3, 4, 17, 18 | |
| 268:11-269:22 | | |

| Dan Ulreich[1] | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 5:13-5:19 | | |
| 20:13-20:19 | | |
| 20:22-20:22 | 1, 5, 17, 23 | |
| 22:20-22:24 | 1, 2, 3, 5, 15, 17, 23 | |
| 25:20-25:25 | | |
| 26:2-26:24 | | |
| 26:25-27:9 | 1, 2, 3, 5, 12, 17 | |

---

[1] As explained above, Sage objects to all testimony elicited on PrimaFit 2.0 to the extent that it does not relate to any argument by Sage that PrimaFit 2.0 is a non-infringing alternative to the accused PrimaFit product.

23

| Dan Ulreich[1] | | |
|---|---|---|
| PureWick Designations | Sage's Objections(s) | Ruling |
| 27:10-27:17 (note errata change) | | |
| 30:22-30:24 | 1, 2, 3, 5, 12, 17 | |
| 46:18-47:6 | 1, 3, 5, 12, 14, 17, 23 | |
| 48:7-48:14 | 1, 2, 3, 5, 17, 23 | |
| 48:15-48:18 | 1, 3, 5, 12, 17, 23 | |
| 48:19-49:7 (note errata change) | 1, 2, 3, 5, 17, 23 | |
| 51:3-51:21 | 1, 2, 3, 5, 12, 17, 23 | |
| 51:22-52:18 | 1, 2, 3, 5, 12, 17, 23 | |
| 59:19-60:19 | 1, 12, 15, 17, 23 | |
| 69:19-69:24 | 1, 2, 5, 12, 15, 17, 23 | |
| 69:25-70:7 | 1, 2, 3, 5, 12, 15, 17, 23 | |
| 71:16-72:20 | 1, 2, 3, 5, 12, 15, 17, 23 | |
| 72:21-72:25 | 1, 2, 12, 15, 17, 23 | |
| 73:2-73:12 | 1, 2, 3, 5, 12, 15, 17, 23 | |
| 92:15-93:2 | 23 | |
| 93:3-93:14 | 23 | |
| 93:15-93:21 | 23 | |
| 93:22-93:25 | 1, 2, 3, 5, 12, 15, 17, 23 | |
| 100:20-101:6 | 1, 2, 3, 5, 12, 15, 17, 23 | |

**Sage's Counter Designations (Output provided electronically)**

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Alexander, Nick | 27 | 5 | 27 | 9 | | Sage Counters |
| Alexander, Nick | 27 | 25 | 27 | 25 | | Sage Counters |
| Alexander, Nick | 28 | 2 | 28 | 6 | | Sage Counters |
| Alexander, Nick | 58 | 3 | 58 | 3 | | Sage Contingent |
| Alexander, Nick | 60 | 19 | 60 | 21 | | Sage Contingent |
| Alexander, Nick | 61 | 3 | 61 | 8 | | Sage Contingent |
| Alexander, Nick | 63 | 18 | 63 | 20 | | Sage Contingent |
| Alexander, Nick | 76 | 11 | 76 | 14 | | Sage Contingent |
| Alexander, Nick | 76 | 17 | 76 | 17 | | Sage Contingent |
| Alexander, Nick | 77 | 18 | 77 | 19 | | Sage Counters |
| Alexander, Nick | 77 | 21 | 77 | 25 | Note errata change | Sage Counters |
| Alexander, Nick | 78 | 2 | 78 | 10 | Note errata change | Sage Counters |
| Alexander, Nick | 78 | 19 | 78 | 20 | | Sage Counters |
| Alexander, Nick | 78 | 23 | 78 | 25 | Note errata change | Sage Counters |
| Alexander, Nick | 79 | 2 | 79 | 8 | | Sage Counters |
| Alexander, Nick | 86 | 3 | 86 | 5 | | Sage Counters |
| Alexander, Nick | 86 | 8 | 86 | 13 | Note errata change | Sage Counters |
| Alexander, Nick | 86 | 22 | 86 | 25 | | Sage Counters |
| Alexander, Nick | 87 | 2 | 87 | 7 | Note errata change | Sage Counters |
| Alexander, Nick | 89 | 9 | 89 | 16 | | Sage Counters |
| Alexander, Nick | 90 | 3 | 90 | 4 | | Sage Counters |
| Alexander, Nick | 90 | 7 | 90 | 13 | | Sage Counters |
| Alexander, Nick | 96 | 9 | 96 | 13 | | Sage Counters |
| Alexander, Nick | 96 | 19 | 96 | 25 | Note errata change | Sage Counters |
| Alexander, Nick | 100 | 7 | 100 | 10 | | Sage Counters |
| Alexander, Nick | 100 | 13 | 100 | 13 | | Sage Counters |
| Alexander, Nick | 101 | 4 | 101 | 4 | | Sage Counters |
| Alexander, Nick | 101 | 6 | 101 | 24 | Note errata change | Sage Counters |
| Alexander, Nick | 106 | 5 | 106 | 8 | | Sage Counters |
| Alexander, Nick | 106 | 11 | 106 | 25 | Note errata change | Sage Counters |
| Alexander, Nick | 107 | 2 | 107 | 20 | Note errata change | Sage Counters |
| Alexander, Nick | 107 | 23 | 107 | 25 | | Sage Counters |
| Alexander, Nick | 108 | 3 | 108 | 6 | | Sage Counters |
| Alexander, Nick | 132 | 13 | 132 | 14 | | Sage Contingent |
| Alexander, Nick | 132 | 17 | 132 | 17 | | Sage Contingent |
| Alexander, Nick | 135 | 23 | 135 | 25 | | Sage Counters |
| Alexander, Nick | 136 | 2 | 136 | 3 | | Sage Counters |
| Alexander, Nick | 136 | 6 | 136 | 8 | | Sage Counters |
| Alexander, Nick | 150 | 17 | 150 | 25 | Note errata change | Sage Counters |
| Alexander, Nick | 151 | 2 | 151 | 9 | Note errata change | Sage Counters |
| Alexander, Nick | 155 | 4 | 155 | 5 | | Sage Counters |
| Alexander, Nick | 155 | 8 | 155 | 23 | Note errata change | Sage Counters |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Blabas, Brett | 27 | 13 | 27 | 25 | | Sage Counters |
| Blabas, Brett | 28 | 2 | 28 | 2 | | Sage Counters |
| Blabas, Brett | 28 | 6 | 28 | 14 | | Sage Counters |
| Blabas, Brett | 28 | 19 | 28 | 25 | | Sage Counters |
| Blabas, Brett | 29 | 8 | 29 | 11 | | Sage Counters |
| Blabas, Brett | 29 | 19 | 29 | 25 | Note errata change | Sage Counters |
| Blabas, Brett | 30 | 2 | 30 | 6 | | Sage Counters |
| Blabas, Brett | 30 | 20 | 30 | 25 | | Sage Counters |
| Blabas, Brett | 31 | 2 | 31 | 5 | | Sage Counters |
| Blabas, Brett | 34 | 8 | 34 | 22 | | Sage Counters |
| Blabas, Brett | 37 | 14 | 37 | 15 | | Sage Counters |
| Blabas, Brett | 37 | 18 | 37 | 19 | | Sage Counters |
| Blabas, Brett | 49 | 24 | 49 | 25 | | Sage Counters |
| Blabas, Brett | 50 | 2 | 50 | 4 | | Sage Counters |
| Blabas, Brett | 50 | 7 | 50 | 21 | | Sage Counters |
| Blabas, Brett | 51 | 2 | 51 | 7 | | Sage Counters |
| Blabas, Brett | 51 | 14 | 51 | 20 | | Sage Counters |
| Blabas, Brett | 52 | 3 | 52 | 10 | | Sage Counters |
| Blabas, Brett | 54 | 4 | 54 | 16 | | Sage Counters |
| Blabas, Brett | 58 | 6 | 58 | 9 | | Sage Counters |
| Blabas, Brett | 58 | 12 | 58 | 16 | Note errata change | Sage Counters |
| Blabas, Brett | 61 | 16 | 61 | 22 | | Sage Counters |
| Blabas, Brett | 62 | 14 | 62 | 15 | | Sage Counters |
| Blabas, Brett | 62 | 18 | 62 | 21 | | Sage Counters |
| Blabas, Brett | 68 | 3 | 68 | 13 | | Sage Counters |
| Blabas, Brett | 68 | 25 | 68 | 25 | | Sage Counters |
| Blabas, Brett | 69 | 2 | 69 | 3 | | Sage Counters |
| Blabas, Brett | 69 | 7 | 69 | 15 | | Sage Counters |
| Blabas, Brett | 69 | 18 | 69 | 21 | | Sage Counters |
| Blabas, Brett | 73 | 18 | 73 | 25 | | Sage Counters |
| Blabas, Brett | 74 | 2 | 74 | 13 | Note errata change | Sage Counters |
| Blabas, Brett | 75 | 3 | 75 | 20 | | Sage Counters |
| Blabas, Brett | 76 | 4 | 76 | 10 | | Sage Counters |
| Blabas, Brett | 76 | 14 | 76 | 21 | | Sage Counters |
| Blabas, Brett | 77 | 7 | 77 | 10 | | Sage Counters |
| Blabas, Brett | 77 | 13 | 77 | 21 | | Sage Counters |
| Blabas, Brett | 80 | 15 | 80 | 16 | | Sage Counters |
| Blabas, Brett | 80 | 20 | 80 | 24 | | Sage Counters |
| Blabas, Brett | 81 | 3 | 81 | 3 | | Sage Counters |
| Blabas, Brett | 82 | 4 | 82 | 5 | | Sage Counters |
| Blabas, Brett | 82 | 11 | 82 | 14 | | Sage Counters |
| Blabas, Brett | 84 | 15 | 84 | 19 | | Sage Counters |
| Blabas, Brett | 84 | 22 | 84 | 25 | | Sage Counters |
| Blabas, Brett | 85 | 2 | 85 | 4 | Note errata change | Sage Counters |
| Blabas, Brett | 85 | 23 | 85 | 25 | | Sage Counters |
| Blabas, Brett | 85 | 16 | 85 | 18 | | Sage Counters |

| Blabas, Brett | 85 | 23 | 85 | 25 | | Sage Counters |
|---|---|---|---|---|---|---|
| Blabas, Brett | 86 | 2 | 86 | 4 | | Sage Counters |
| Blabas, Brett | 86 | 7 | 86 | 8 | | Sage Counters |
| Blabas, Brett | 86 | 17 | 86 | 18 | | Sage Counters |
| Blabas, Brett | 86 | 21 | 86 | 22 | | Sage Counters |
| Blabas, Brett | 87 | 15 | 87 | 17 | | Sage Counters |
| Blabas, Brett | 87 | 20 | 87 | 21 | | Sage Counters |
| Blabas, Brett | 88 | 6 | 88 | 10 | | Sage Counters |
| Blabas, Brett | 88 | 13 | 88 | 22 | | Sage Counters |
| Blabas, Brett | 92 | 3 | 92 | 5 | | Sage Counters |
| Blabas, Brett | 92 | 10 | 92 | 19 | Note errata change | Sage Counters |
| Blabas, Brett | 92 | 23 | 92 | 25 | | Sage Counters |
| Blabas, Brett | 93 | 2 | 93 | 4 | | Sage Counters |
| Blabas, Brett | 93 | 14 | 93 | 17 | | Sage Counters |
| Blabas, Brett | 93 | 21 | 93 | 25 | | Sage Counters |
| Blabas, Brett | 94 | 8 | 94 | 10 | | Sage Counters |
| Blabas, Brett | 94 | 13 | 94 | 18 | | Sage Counters |
| Blabas, Brett | 99 | 2 | 99 | 17 | | Sage Counters |
| Blabas, Brett | 113 | 12 | 113 | 18 | | Sage Counters |
| Blabas, Brett | 114 | 2 | 114 | 5 | | Sage Counters |
| Blabas, Brett | 114 | 8 | 114 | 8 | | Sage Counters |
| Blabas, Brett | 114 | 18 | 114 | 21 | | Sage Counters |
| Blabas, Brett | 114 | 24 | 114 | 25 | | Sage Counters |
| Blabas, Brett | 115 | 2 | 115 | 5 | | Sage Counters |
| Blabas, Brett | 120 | 10 | 120 | 23 | | Sage Contingent |
| Blabas, Brett | 121 | 11 | 121 | 17 | | Sage Contingent |
| Blabas, Brett | 121 | 21 | 121 | 25 | | Sage Contingent |
| Blabas, Brett | 122 | 2 | 122 | 4 | | Sage Counters |
| Blabas, Brett | 123 | 3 | 123 | 6 | | Sage Counters |
| Blabas, Brett | 123 | 9 | 123 | 23 | | Sage Counters |
| Blabas, Brett | 126 | 6 | 126 | 9 | | Sage Counters |
| Blabas, Brett | 127 | 13 | 127 | 21 | | Sage Counters |
| Blabas, Brett | 145 | 16 | 145 | 18 | | Sage Counters |
| Blabas, Brett | 145 | 21 | 145 | 22 | | Sage Counters |
| Blabas, Brett | 146 | 8 | 146 | 14 | | Sage Counters |
| Blabas, Brett | 148 | 3 | 148 | 5 | | Sage Counters |
| Blabas, Brett | 148 | 8 | 148 | 11 | | Sage Counters |
| Blabas, Brett | 148 | 21 | 148 | 25 | | Sage Counters |
| Blabas, Brett | 149 | 4 | 149 | 25 | Note errata change | Sage Counters |
| Blabas, Brett | 150 | 2 | 150 | 14 | | Sage Counters |
| Blabas, Brett | 156 | 9 | 156 | 12 | | Sage Counters |
| Blabas, Brett | 156 | 16 | 156 | 21 | | Sage Counters |
| Blabas, Brett | 156 | 24 | 156 | 25 | | Sage Counters |
| Blabas, Brett | 157 | 10 | 157 | 18 | | Sage Counters |
| Blabas, Brett | 157 | 23 | 157 | 25 | | Sage Counters |
| Blabas, Brett | 158 | 2 | 158 | 5 | | Sage Counters |
| Blabas, Brett | 158 | 8 | 158 | 10 | | Sage Counters |

| | | | | | |
|---|---|---|---|---|---|
| Blabas, Brett | 158 | 24 | 158 | 25 | Sage Counters |
| Blabas, Brett | 159 | 2 | 159 | 7 | Sage Counters |
| Blabas, Brett | 159 | 15 | 159 | 16 | Sage Counters |
| Blabas, Brett | 160 | 2 | 160 | 5 | Sage Counters |
| Blabas, Brett | 159 | 20 | 159 | 25 | Sage Counters |
| Blabas, Brett | 166 | 17 | 166 | 22 | Sage Counters |
| Blabas, Brett | 167 | 2 | 167 | 4 | Sage Counters |
| Blabas, Brett | 172 | 8 | 172 | 15 | Sage Counters |
| Blabas, Brett | 172 | 20 | 172 | 25 | Sage Counters |
| Blabas, Brett | 173 | 2 | 173 | 3 | Sage Counters |
| Blabas, Brett | 174 | 13 | 174 | 16 | Sage Counters |
| Blabas, Brett | 174 | 20 | 174 | 25 | Sage Counters |
| Blabas, Brett | 175 | 2 | 175 | 3 | Sage Counters |
| Blabas, Brett | 175 | 15 | 175 | 18 | Sage Counters |
| Blabas, Brett | 176 | 18 | 176 | 25 | Sage Counters |
| Blabas, Brett | 177 | 2 | 177 | 3 | Sage Counters |
| Blabas, Brett | 177 | 15 | 177 | 17 | Sage Counters |
| Blabas, Brett | 177 | 21 | 177 | 25 | Sage Counters |
| Blabas, Brett | 178 | 2 | 178 | 5 | Sage Counters |
| Blabas, Brett | 179 | 21 | 179 | 25 | Sage Counters |
| Blabas, Brett | 180 | 2 | 180 | 2 | Sage Counters |
| Blabas, Brett | 180 | 11 | 180 | 13 | Sage Counters |
| Blabas, Brett | 180 | 15 | 180 | 23 | Sage Counters |
| Blabas, Brett | 181 | 5 | 181 | 11 Note errata change | Sage Counters |
| Blabas, Brett | 181 | 12 | 181 | 23 | Sage Counters |
| Blabas, Brett | 182 | 9 | 182 | 13 | Sage Counters |
| Blabas, Brett | 183 | 6 | 183 | 8 | Sage Counters |
| Blabas, Brett | 183 | 12 | 183 | 20 | Sage Counters |
| Blabas, Brett | 184 | 18 | 184 | 21 | Sage Counters |
| Blabas, Brett | 184 | 24 | 184 | 25 | Sage Counters |
| Blabas, Brett | 185 | 2 | 185 | 3 | Sage Counters |
| Blabas, Brett | 186 | 2 | 186 | 8 | Sage Counters |
| Blabas, Brett | 186 | 11 | 186 | 15 | Sage Counters |
| Blabas, Brett | 187 | 2 | 187 | 9 | Sage Counters |
| Blabas, Brett | 187 | 17 | 187 | 20 | Sage Counters |
| Blabas, Brett | 188 | 2 | 188 | 9 | Sage Counters |
| Blabas, Brett | 190 | 3 | 190 | 16 | Sage Counters |
| Blabas, Brett | 191 | 21 | 191 | 25 | Sage Counters |
| Blabas, Brett | 192 | 2 | 192 | 4 | Sage Counters |
| Blabas, Brett | 192 | 23 | 192 | 25 | Sage Counters |
| Blabas, Brett | 193 | 2 | 193 | 4 | Sage Counters |
| Blabas, Brett | 194 | 3 | 194 | 5 | Sage Counters |
| Blabas, Brett | 194 | 10 | 194 | 14 | Sage Counters |
| Blabas, Brett | 196 | 17 | 196 | 23 | Sage Counters |
| Blabas, Brett | 197 | 5 | 197 | 9 | Sage Counters |
| Blabas, Brett | 197 | 21 | 197 | 23 | Sage Counters |
| Blabas, Brett | 198 | 2 | 198 | 6 Note errata change | Sage Counters |

| | | | | | |
|---|---|---|---|---|---|
| Blabas, Brett | 200 | 19 | 200 | 25 | Sage Counters |
| Blabas, Brett | 201 | 17 | 201 | 18 | Sage Counters |
| Blabas, Brett | 201 | 21 | 201 | 25 | Sage Counters |
| Blabas, Brett | 202 | 2 | 202 | 11 Note errata change | Sage Counters |
| Blabas, Brett | 202 | 16 | 202 | 21 | Sage Counters |
| Blabas, Brett | 205 | 22 | 205 | 25 | Sage Counters |
| Blabas, Brett | 206 | 2 | 206 | 6 | Sage Counters |
| Blabas, Brett | 206 | 19 | 206 | 21 | Sage Counters |
| Blabas, Brett | 206 | 24 | 206 | 25 | Sage Counters |
| Blabas, Brett | 207 | 2 | 207 | 6 | Sage Counters |
| Blabas, Brett | 208 | 16 | 208 | 22 | Sage Counters |
| Blabas, Brett | 209 | 2 | 209 | 6 | Sage Counters |
| Blabas, Brett | 209 | 11 | 209 | 18 | Sage Counters |
| Blabas, Brett | 209 | 21 | 209 | 25 | Sage Counters |
| Blabas, Brett | 212 | 6 | 212 | 12 | Sage Counters |
| Blabas, Brett | 212 | 19 | 212 | 25 | Sage Counters |
| Blabas, Brett | 213 | 2 | 213 | 2 | Sage Counters |
| Blabas, Brett | 213 | 6 | 213 | 11 | Sage Counters |
| Blabas, Brett | 213 | 25 | 213 | 25 | Sage Counters |
| Blabas, Brett | 214 | 2 | 214 | 3 | Sage Counters |
| Blabas, Brett | 214 | 5 | 214 | 9 | Sage Counters |
| Blabas, Brett | 215 | 11 | 215 | 20 | Sage Counters |
| Blabas, Brett | 215 | 25 | 215 | 25 | Sage Counters |
| Blabas, Brett | 216 | 2 | 216 | 10 | Sage Counters |
| Blabas, Brett | 216 | 15 | 216 | 17 | Sage Counters |
| Blabas, Brett | 216 | 20 | 216 | 25 | Sage Counters |
| Blabas, Brett | 217 | 9 | 217 | 15 | Sage Counters |
| Blabas, Brett | 217 | 20 | 217 | 24 | Sage Counters |
| Blabas, Brett | 218 | 5 | 218 | 7 | Sage Counters |
| Blabas, Brett | 218 | 10 | 218 | 16 Note errata change | Sage Counters |
| Blabas, Brett | 220 | 4 | 220 | 10 | Sage Counters |
| Blabas, Brett | 220 | 17 | 220 | 19 | Sage Counters |
| Blabas, Brett | 220 | 22 | 220 | 23 | Sage Counters |
| Blabas, Brett | 222 | 23 | 222 | 25 | Sage Counters |
| Blabas, Brett | 223 | 4 | 223 | 15 | Sage Counters |
| Blabas, Brett | 224 | 4 | 224 | 7 | Sage Counters |
| Blabas, Brett | 224 | 10 | 224 | 13 | Sage Counters |
| Blabas, Brett | 224 | 21 | 224 | 25 | Sage Counters |
| Blabas, Brett | 225 | 2 | 225 | 3 | Sage Counters |
| Blabas, Brett | 225 | 8 | 225 | 10 | Sage Counters |
| Blabas, Brett | 226 | 2 | 226 | 4 | Sage Counters |
| Blabas, Brett | 226 | 7 | 226 | 13 Note errata change | Sage Counters |
| Blabas, Brett | 227 | 3 | 227 | 6 | Sage Counters |
| Blabas, Brett | 230 | 12 | 230 | 18 | Sage Counters |
| Blabas, Brett | 231 | 8 | 231 | 10 | Sage Counters |
| Blabas, Brett | 231 | 13 | 231 | 25 | Sage Counters |
| Blabas, Brett | 232 | 2 | 232 | 4 | Sage Counters |

| | | | | | | |
|---|---|---|---|---|---|---|
| Blabas, Brett | 233 | 6 | 233 | 12 | | Sage Counters |
| Blabas, Brett | 233 | 18 | 233 | 22 | | Sage Counters |
| Blabas, Brett | 234 | 21 | 234 | 23 | | Sage Counters |
| Blabas, Brett | 235 | 2 | 235 | 7 | | Sage Counters |
| Blabas, Brett | 236 | 11 | 236 | 17 | | Sage Counters |
| Blabas, Brett | 237 | 8 | 237 | 10 | | Sage Counters |
| Blabas, Brett | 237 | 13 | 237 | 16 | | Sage Counters |
| Blabas, Brett | 238 | 5 | 238 | 10 | | Sage Counters |
| Blabas, Brett | 238 | 13 | 238 | 17 | | Sage Counters |
| Blabas, Brett | 238 | 21 | 238 | 23 | | Sage Counters |
| Blabas, Brett | 241 | 2 | 241 | 11 | | Sage Counters |
| Blabas, Brett | 241 | 15 | 241 | 17 | | Sage Counters |
| Blabas, Brett | 241 | 21 | 241 | 23 | | Sage Counters |
| Blabas, Brett | 241 | 25 | 241 | 25 | Note errata change | Sage Counters |
| Blabas, Brett | 242 | 2 | 242 | 6 | | Sage Counters |
| Blabas, Brett | 247 | 19 | 247 | 24 | Note errata change | Sage Counters |
| Blabas, Brett | 248 | 12 | 248 | 14 | | Sage Counters |
| Blabas, Brett | 250 | 17 | 250 | 24 | | Sage Counters |
| Blabas, Brett | 251 | 5 | 251 | 7 | | Sage Counters |
| Blabas, Brett | 251 | 10 | 251 | 20 | | Sage Counters |
| Blabas, Brett | 251 | 23 | 251 | 25 | | Sage Counters |
| Blabas, Brett | 252 | 2 | 252 | 6 | | Sage Counters |
| Blabas, Brett | 272 | 21 | 272 | 25 | | Sage Counters |
| Blabas, Brett | 273 | 2 | 273 | 24 | | Sage Counters |
| Blabas, Brett | 279 | 21 | 279 | 25 | | Sage Counters |
| Blabas, Brett | 280 | 5 | 280 | 8 | | Sage Counters |
| Blabas, Brett | 280 | 12 | 280 | 13 | | Sage Counters |
| Blabas, Brett | 283 | 22 | 283 | 25 | | Sage Counters |
| Blabas, Brett | 284 | 2 | 284 | 17 | | Sage Counters |
| Blabas, Brett | 287 | 12 | 287 | 14 | | Sage Counters |
| Blabas, Brett | 287 | 19 | 287 | 21 | | Sage Counters |
| Blabas, Brett | 295 | 18 | 295 | 22 | | Sage Counters |
| Blabas, Brett | 296 | 3 | 296 | 4 | | Sage Counters |
| Blabas, Brett | 296 | 7 | 296 | 12 | | Sage Counters |
| Blabas, Brett | 296 | 14 | 296 | 24 | | Sage Counters |
| Blabas, Brett | 297 | 3 | 297 | 5 | | Sage Counters |
| Blabas, Brett | 299 | 2 | 299 | 7 | | Sage Counters |
| Blabas, Brett | 299 | 10 | 299 | 25 | | Sage Counters |
| Blabas, Brett | 300 | 2 | 300 | 4 | | Sage Counters |
| Blabas, Brett | 300 | 7 | 300 | 14 | | Sage Counters |
| Blabas, Brett | 300 | 17 | 300 | 20 | Note errata change | Sage Counters |
| Blabas, Brett | 305 | 13 | 305 | 24 | | Sage Counters |
| Blabas, Brett | 312 | 12 | 312 | 21 | | Sage Counters |
| Blabas, Brett | 314 | 7 | 314 | 13 | | Sage Counters |
| Blabas, Brett | 320 | 8 | 320 | 10 | | Sage Counters |
| Blabas, Brett | 320 | 13 | 320 | 18 | | Sage Counters |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Bobay, Jason | 14 | 17 | 14 | 25 | | Sage Counters |
| Bobay, Jason | 15 | 2 | 15 | 12 | | Sage Counters |
| Bobay, Jason | 17 | 18 | 17 | 25 | | Sage Counters |
| Bobay, Jason | 18 | 2 | 18 | 25 | | Sage Counters |
| Bobay, Jason | 20 | 2 | 20 | 5 | | Sage Counters |
| Bobay, Jason | 20 | 18 | 20 | 24 | | Sage Counters |
| Bobay, Jason | 21 | 2 | 21 | 11 | | Sage Counters |
| Bobay, Jason | 21 | 21 | 21 | 25 | | Sage Counters |
| Bobay, Jason | 22 | 2 | 22 | 8 | | Sage Counters |
| Bobay, Jason | 23 | 24 | 23 | 25 | | Sage Counters |
| Bobay, Jason | 24 | 2 | 24 | 4 | | Sage Counters |
| Bobay, Jason | 24 | 7 | 24 | 9 | | Sage Counters |
| Bobay, Jason | 24 | 11 | 24 | 12 | | Sage Counters |
| Bobay, Jason | 32 | 10 | 32 | 13 | | Sage Counters |
| Bobay, Jason | 32 | 19 | 32 | 21 | | Sage Counters |
| Bobay, Jason | 32 | 25 | 32 | 25 | | Sage Counters |
| Bobay, Jason | 33 | 2 | 33 | 3 | | Sage Counters |
| Bobay, Jason | 33 | 6 | 33 | 7 | | Sage Counters |
| Bobay, Jason | 34 | 9 | 34 | 21 | | Sage Counters |
| Bobay, Jason | 34 | 24 | 34 | 25 | | Sage Counters |
| Bobay, Jason | 35 | 2 | 35 | 3 | | Sage Counters |
| Bobay, Jason | 44 | 13 | 44 | 16 | | Sage Counters |
| Bobay, Jason | 44 | 19 | 44 | 20 | | Sage Counters |
| Bobay, Jason | 75 | 4 | 75 | 8 | | Sage Contingent |
| Bobay, Jason | 75 | 11 | 75 | 12 | | Sage Contingent |
| Bobay, Jason | 81 | 14 | 81 | 16 | | Sage Counters |
| Bobay, Jason | 81 | 19 | 81 | 25 | | Sage Counters |
| Bobay, Jason | 82 | 2 | 82 | 12 | | Sage Counters |
| Bobay, Jason | 84 | 25 | 84 | 25 | | Sage Counters |
| Bobay, Jason | 85 | 2 | 85 | 5 | | Sage Counters |
| Bobay, Jason | 86 | 9 | 86 | 25 | | Sage Counters |
| Bobay, Jason | 87 | 2 | 87 | 2 | | Sage Counters |
| Bobay, Jason | 90 | 20 | 90 | 25 | | Sage Counters |
| Bobay, Jason | 91 | 2 | 91 | 5 | | Sage Counters |
| Bobay, Jason | 91 | 22 | 91 | 25 | | Sage Counters |
| Bobay, Jason | 92 | 2 | 92 | 4 | | Sage Counters |
| Bobay, Jason | 92 | 20 | 92 | 22 | | Sage Counters |
| Bobay, Jason | 93 | 20 | 93 | 24 | | Sage Counters |
| Bobay, Jason | 94 | 3 | 94 | 8 | | Sage Counters |
| Bobay, Jason | 94 | 11 | 94 | 25 | | Sage Counters |
| Bobay, Jason | 95 | 2 | 95 | 25 | | Sage Counters |
| Bobay, Jason | 96 | 2 | 96 | 25 | | Sage Counters |
| Bobay, Jason | 97 | 2 | 97 | 10 | | Sage Counters |
| Bobay, Jason | 100 | 17 | 100 | 25 | | Sage Counters |
| Bobay, Jason | 101 | 2 | 101 | 25 | | Sage Counters |
| Bobay, Jason | 107 | 21 | 107 | 22 | | Sage Counters |

| | | | | | |
|---|---|---|---|---|---|
| Bobay, Jason | 108 | 17 | 108 | 20 | Sage Counters |
| Bobay, Jason | 108 | 23 | 108 | 24 | Sage Counters |
| Bobay, Jason | 128 | 10 | 128 | 25 | Sage Counters |
| Bobay, Jason | 129 | 2 | 129 | 7 | Sage Counters |
| Bobay, Jason | 129 | 10 | 129 | 12 | Sage Counters |
| Bobay, Jason | 131 | 14 | 131 | 19 | Sage Counters |
| Bobay, Jason | 132 | 6 | 132 | 8 | Sage Counters |
| Bobay, Jason | 133 | 18 | 133 | 25 | Sage Counters |
| Bobay, Jason | 134 | 2 | 134 | 20 Note errata change | Sage Counters |
| Bobay, Jason | 148 | 2 | 148 | 12 | Sage Counters |
| Bobay, Jason | 148 | 24 | 148 | 25 | Sage Counters |
| Bobay, Jason | 149 | 2 | 149 | 9 | Sage Counters |
| Bobay, Jason | 149 | 12 | 149 | 19 | Sage Counters |
| Bobay, Jason | 152 | 23 | 152 | 25 | Sage Counters |
| Bobay, Jason | 153 | 2 | 153 | 3 | Sage Counters |
| Bobay, Jason | 153 | 5 | 153 | 6 | Sage Counters |
| Bobay, Jason | 154 | 19 | 154 | 25 | Sage Counters |
| Bobay, Jason | 155 | 2 | 155 | 25 | Sage Counters |
| Bobay, Jason | 156 | 2 | 156 | 6 | Sage Counters |
| Bobay, Jason | 160 | 19 | 160 | 22 | Sage Counters |
| Bobay, Jason | 161 | 9 | 161 | 25 | Sage Counters |
| Bobay, Jason | 162 | 2 | 162 | 14 | Sage Counters |
| Bobay, Jason | 163 | 14 | 163 | 16 | Sage Counters |
| Bobay, Jason | 164 | 4 | 164 | 7 | Sage Counters |
| Bobay, Jason | 164 | 25 | 164 | 25 | Sage Counters |
| Bobay, Jason | 165 | 2 | 165 | 25 | Sage Counters |
| Bobay, Jason | 166 | 2 | 166 | 12 | Sage Counters |
| Bobay, Jason | 164 | 18 | 164 | 22 | Sage Counters |
| Bobay, Jason | 167 | 6 | 167 | 12 | Sage Counters |
| Bobay, Jason | 167 | 16 | 167 | 17 | Sage Counters |
| Bobay, Jason | 171 | 25 | 171 | 25 | Sage Contingent |
| Bobay, Jason | 172 | 2 | 172 | 7 | Sage Contingent |
| Bobay, Jason | 180 | 4 | 180 | 11 | Sage Counters |
| Bobay, Jason | 182 | 16 | 182 | 25 | Sage Counters |
| Bobay, Jason | 183 | 2 | 183 | 25 | Sage Counters |
| Bobay, Jason | 184 | 2 | 184 | 25 | Sage Counters |
| Bobay, Jason | 185 | 2 | 185 | 5 | Sage Counters |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Ecklund, Brian | 16 | 21 | 16 | 25 | | Sage Counters |
| Ecklund, Brian | 17 | 2 | 17 | 2 | | Sage Counters |
| Ecklund, Brian | 32 | 6 | 32 | 12 | | Sage Counters |
| Ecklund, Brian | 37 | 11 | 37 | 14 | | Sage Counters |
| Ecklund, Brian | 37 | 17 | 37 | 23 | | Sage Counters |
| Ecklund, Brian | 38 | 2 | 38 | 5 | | Sage Counters |
| Ecklund, Brian | 48 | 15 | 48 | 16 | | Sage Counters |
| Ecklund, Brian | 48 | 19 | 48 | 21 | | Sage Counters |
| Ecklund, Brian | 49 | 16 | 49 | 18 | | Sage Counters |
| Ecklund, Brian | 49 | 21 | 49 | 22 | Note errata change | Sage Counters |
| Ecklund, Brian | 50 | 3 | 50 | 6 | | Sage Counters |
| Ecklund, Brian | 50 | 10 | 50 | 18 | | Sage Counters |
| Ecklund, Brian | 54 | 10 | 54 | 14 | | Sage Counters |
| Ecklund, Brian | 55 | 4 | 55 | 7 | | Sage Counters |
| Ecklund, Brian | 55 | 22 | 55 | 25 | | Sage Counters |
| Ecklund, Brian | 56 | 8 | 56 | 8 | | Sage Counters |
| Ecklund, Brian | 56 | 11 | 56 | 12 | | Sage Counters |
| Ecklund, Brian | 62 | 2 | 62 | 16 | | Sage Counters |
| Ecklund, Brian | 61 | 19 | 61 | 25 | | Sage Counters |
| Ecklund, Brian | 62 | 20 | 62 | 22 | | Sage Counters |
| Ecklund, Brian | 70 | 13 | 70 | 15 | | Sage Counters |
| Ecklund, Brian | 70 | 18 | 70 | 20 | | Sage Counters |
| Ecklund, Brian | 74 | 2 | 74 | 7 | | Sage Counters |
| Ecklund, Brian | 85 | 2 | 85 | 11 | | Sage Counters |
| Ecklund, Brian | 103 | 5 | 103 | 14 | | Sage Counters |
| Ecklund, Brian | 109 | 24 | 109 | 25 | | Sage Counters |
| Ecklund, Brian | 110 | 2 | 110 | 5 | | Sage Counters |
| Ecklund, Brian | 111 | 15 | 111 | 18 | | Sage Counters |
| Ecklund, Brian | 118 | 8 | 118 | 14 | | Sage Counters |
| Ecklund, Brian | 120 | 20 | 120 | 25 | | Sage Counters |
| Ecklund, Brian | 121 | 2 | 121 | 2 | | Sage Counters |
| Ecklund, Brian | 125 | 21 | 125 | 23 | | Sage Counters |
| Ecklund, Brian | 126 | 3 | 126 | 5 | | Sage Counters |
| Ecklund, Brian | 134 | 2 | 134 | 4 | | Sage Counters |
| Ecklund, Brian | 134 | 7 | 134 | 10 | | Sage Counters |
| Ecklund, Brian | 137 | 20 | 137 | 24 | | Sage Counters |
| Ecklund, Brian | 138 | 3 | 138 | 7 | | Sage Counters |
| Ecklund, Brian | 142 | 18 | 142 | 21 | | Sage Counters |
| Ecklund, Brian | 146 | 19 | 146 | 22 | | Sage Counters |
| Ecklund, Brian | 149 | 5 | 149 | 8 | | Sage Counters |
| Ecklund, Brian | 157 | 11 | 157 | 19 | | Sage Counters |
| Ecklund, Brian | 160 | 15 | 160 | 19 | | Sage Counters |
| Ecklund, Brian | 160 | 23 | 160 | 25 | | Sage Counters |
| Ecklund, Brian | 199 | 8 | 199 | 14 | | Sage Counters |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Paskal, Kelsey | 25 | 3 | 25 | 5 | | Sage Counters |
| Paskal, Kelsey | 25 | 8 | 25 | 23 | | Sage Counters |
| Paskal, Kelsey | 28 | 18 | 28 | 24 | | Sage Counters |
| Paskal, Kelsey | 31 | 11 | 31 | 12 | | Sage Counters |
| Paskal, Kelsey | 31 | 15 | 31 | 22 | | Sage Counters |
| Paskal, Kelsey | 38 | 22 | 38 | 25 | | Sage Counters |
| Paskal, Kelsey | 39 | 2 | 39 | 12 | | Sage Counters |
| Paskal, Kelsey | 42 | 5 | 42 | 8 | | Sage Counters |
| Paskal, Kelsey | 42 | 12 | 42 | 20 | | Sage Counters |
| Paskal, Kelsey | 42 | 24 | 42 | 25 | | Sage Counters |
| Paskal, Kelsey | 43 | 2 | 43 | 6 | | Sage Counters |
| Paskal, Kelsey | 43 | 9 | 43 | 15 | | Sage Counters |
| Paskal, Kelsey | 44 | 9 | 44 | 12 | | Sage Counters |
| Paskal, Kelsey | 44 | 16 | 44 | 25 | | Sage Counters |
| Paskal, Kelsey | 45 | 2 | 45 | 5 | | Sage Counters |
| Paskal, Kelsey | 49 | 25 | 49 | 25 | | Sage Contingent |
| Paskal, Kelsey | 50 | 2 | 50 | 3 | | Sage Contingent |
| Paskal, Kelsey | 50 | 6 | 50 | 12 | | Sage Contingent |
| Paskal, Kelsey | 50 | 13 | 50 | 18 | | Sage Contingent |
| Paskal, Kelsey | 50 | 21 | 50 | 22 | | Sage Contingent |
| Paskal, Kelsey | 58 | 9 | 58 | 10 | | Sage Counters |
| Paskal, Kelsey | 58 | 13 | 58 | 13 | | Sage Counters |
| Paskal, Kelsey | 61 | 17 | 61 | 19 | | Sage Counters |
| Paskal, Kelsey | 61 | 22 | 61 | 25 | | Sage Counters |
| Paskal, Kelsey | 62 | 23 | 62 | 25 | | Sage Contingent |
| Paskal, Kelsey | 63 | 4 | 63 | 7 | | Sage Contingent |
| Paskal, Kelsey | 64 | 23 | 64 | 25 | | Sage Contingent |
| Paskal, Kelsey | 65 | 2 | 65 | 3 | | Sage Contingent |
| Paskal, Kelsey | 65 | 9 | 65 | 15 | | Sage Contingent |
| Paskal, Kelsey | 65 | 18 | 65 | 21 | | Sage Contingent |
| Paskal, Kelsey | 66 | 17 | 66 | 20 | | Sage Contingent |
| Paskal, Kelsey | 66 | 23 | 66 | 25 | | Sage Contingent |
| Paskal, Kelsey | 67 | 2 | 67 | 3 | | Sage Contingent |
| Paskal, Kelsey | 67 | 4 | 67 | 6 | | Sage Counters |
| Paskal, Kelsey | 67 | 9 | 67 | 11 | | Sage Counters |
| Paskal, Kelsey | 67 | 12 | 67 | 13 | | Sage Contingent |
| Paskal, Kelsey | 67 | 16 | 67 | 21 | | Sage Contingent |
| Paskal, Kelsey | 67 | 22 | 67 | 25 | | Sage Counters |
| Paskal, Kelsey | 68 | 6 | 68 | 11 | | Sage Counters |
| Paskal, Kelsey | 69 | 9 | 69 | 10 | | Sage Counters |
| Paskal, Kelsey | 69 | 13 | 69 | 20 | | Sage Counters |
| Paskal, Kelsey | 70 | 20 | 70 | 21 | | Sage Counters |
| Paskal, Kelsey | 70 | 24 | 70 | 25 | | Sage Counters |
| Paskal, Kelsey | 71 | 2 | 71 | 7 | | Sage Counters |
| Paskal, Kelsey | 73 | 8 | 73 | 12 | Note errata change | Sage Contingent |
| Paskal, Kelsey | 75 | 21 | 75 | 23 | | Sage Counters |

| Paskal, Kelsey | 76 | 2 | 76 | 3 | Sage Counters |
|---|---|---|---|---|---|
| Paskal, Kelsey | 79 | 7 | 79 | 11 | Sage Counters |
| Paskal, Kelsey | 91 | 17 | 91 | 21 | Sage Contingent |
| Paskal, Kelsey | 98 | 7 | 98 | 24 | Sage Counters |
| Paskal, Kelsey | 99 | 5 | 99 | 7 | Sage Counters |
| Paskal, Kelsey | 99 | 11 | 99 | 19 | Sage Counters |
| Paskal, Kelsey | 101 | 2 | 101 | 13 | Sage Contingent |
| Paskal, Kelsey | 102 | 8 | 102 | 21 | Sage Counters |
| Paskal, Kelsey | 132 | 25 | 132 | 25 | Sage Counters |
| Paskal, Kelsey | 133 | 2 | 133 | 5 | Sage Counters |
| Paskal, Kelsey | 133 | 8 | 133 | 17 | Sage Counters |
| Paskal, Kelsey | 143 | 10 | 143 | 15 | Sage Counters |
| Paskal, Kelsey | 144 | 5 | 144 | 17 | Sage Counters |
| Paskal, Kelsey | 144 | 20 | 144 | 22 | Sage Counters |
| Paskal, Kelsey | 154 | 15 | 154 | 18 | Sage Counters |
| Paskal, Kelsey | 154 | 22 | 154 | 25 | Sage Counters |
| Paskal, Kelsey | 155 | 2 | 155 | 3 | Sage Counters |
| Paskal, Kelsey | 155 | 6 | 155 | 10 | Sage Counters |
| Paskal, Kelsey | 162 | 20 | 162 | 23 | Sage Counters |
| Paskal, Kelsey | 163 | 3 | 163 | 6 | Sage Contingent |
| Paskal, Kelsey | 164 | 8 | 164 | 18 | Sage Counters |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 12 | 12 | 12 | 16 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 16 | 17 | 16 | 20 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 16 | 23 | 16 | 24 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 17 | 2 | 17 | 5 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 21 | 4 | 21 | 8 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 21 | 12 | 21 | 14 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 21 | 21 | 21 | 23 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 22 | 3 | 22 | 5 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 22 | 16 | 22 | 18 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 22 | 25 | 22 | 25 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 23 | 12 | 23 | 13 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 23 | 16 | 23 | 17 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 24 | 1 | 24 | 9 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 27 | 19 | 27 | 20 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 27 | 22 | 27 | 22 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 27 | 24 | 27 | 25 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 28 | 2 | 28 | 3 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 28 | 5 | 28 | 5 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 28 | 7 | 28 | 8 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 35 | 23 | 35 | 24 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 36 | 2 | 36 | 2 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 36 | 15 | 36 | 17 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 36 | 21 | 36 | 24 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 37 | 2 | 37 | 8 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 37 | 11 | 37 | 16 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 37 | 20 | 37 | 22 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 37 | 25 | 37 | 25 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 38 | 1 | 38 | 3 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 38 | 5 | 38 | 5 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 40 | 15 | 40 | 16 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 40 | 18 | 40 | 25 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 41 | 1 | 41 | 13 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 41 | 17 | 41 | 19 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 41 | 22 | 41 | 25 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 42 | 1 | 42 | 10 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 42 | 18 | 42 | 21 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 43 | 22 | 43 | 25 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 44 | 1 | 44 | 1 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 44 | 3 | 44 | 11 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 44 | 13 | 44 | 13 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 45 | 1 | 45 | 7 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 45 | 9 | 45 | 14 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 45 | 21 | 45 | 22 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 45 | 25 | 45 | 25 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 46 | 2 | 46 | 4 | | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 46 | 7 | 46 | 8 | | Sage Counters |

| | | | | | |
|---|---|---|---|---|---|
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 46 | 10 | 46 | 11 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 46 | 14 | 46 | 21 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 47 | 17 | 47 | 19 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 47 | 23 | 47 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 48 | 3 | 48 | 3 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 50 | 11 | 50 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 51 | 1 | 51 | 5 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 51 | 7 | 51 | 10 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 51 | 12 | 51 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 52 | 1 | 52 | 5 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 52 | 21 | 52 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 53 | 10 | 53 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 54 | 1 | 54 | 8 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 54 | 14 | 54 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 55 | 22 | 55 | 24 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 56 | 1 | 56 | 2 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 56 | 21 | 56 | 23 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 56 | 25 | 56 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 57 | 1 | 57 | 9 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 59 | 17 | 59 | 18 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 59 | 20 | 59 | 20 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 60 | 7 | 60 | 13 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 60 | 22 | 60 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 61 | 1 | 61 | 7 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 61 | 10 | 61 | 19 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 61 | 22 | 61 | 23 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 62 | 14 | 62 | 19 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 62 | 25 | 62 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 63 | 1 | 63 | 13 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 64 | 4 | 64 | 22 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 64 | 24 | 64 | 24 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 65 | 2 | 65 | 13 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 65 | 21 | 65 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 66 | 1 | 66 | 12 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 66 | 15 | 66 | 15 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 66 | 18 | 66 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 67 | 5 | 67 | 7 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 67 | 10 | 67 | 11 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 68 | 4 | 68 | 6 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 68 | 8 | 68 | 8 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 68 | 10 | 68 | 23 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 69 | 7 | 69 | 18 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 70 | 9 | 70 | 14 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 71 | 22 | 71 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 72 | 5 | 72 | 6 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 72 | 19 | 73 | 5 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 73 | 14 | 73 | 15 | Sage Counters |

| | | | | | |
|---|---|---|---|---|---|
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 73 | 17 | 73 | 18 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 73 | 20 | 73 | 20 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 74 | 23 | 74 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 75 | 1 | 75 | 1 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 75 | 3 | 75 | 3 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 75 | 8 | 75 | 12 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 75 | 15 | 75 | 16 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 75 | 18 | 75 | 23 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 76 | 2 | 76 | 5 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 76 | 8 | 76 | 14 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 76 | 17 | 76 | 19 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 76 | 21 | 77 | 7 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 77 | 14 | 77 | 17 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 77 | 21 | 77 | 23 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 78 | 1 | 78 | 1 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 78 | 12 | 78 | 15 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 78 | 20 | 78 | 22 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 78 | 25 | 78 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 79 | 2 | 79 | 4 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 80 | 13 | 80 | 16 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 80 | 19 | 80 | 19 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 81 | 16 | 81 | 20 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 81 | 23 | 81 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 82 | 1 | 82 | 1 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 83 | 1 | 83 | 2 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 83 | 5 | 83 | 16 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 83 | 18 | 83 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 84 | 5 | 84 | 11 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 84 | 15 | 84 | 16 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 84 | 19 | 84 | 23 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 85 | 5 | 85 | 14 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 85 | 18 | 86 | 4 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 86 | 14 | 86 | 16 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 86 | 19 | 86 | 22 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 86 | 24 | 87 | 6 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 87 | 11 | 87 | 14 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 87 | 22 | 88 | 11 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 88 | 14 | 88 | 18 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 88 | 21 | 88 | 22 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 88 | 24 | 89 | 3 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 89 | 5 | 89 | 12 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 90 | 9 | 90 | 12 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 90 | 15 | 90 | 18 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 90 | 20 | 90 | 23 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 91 | 1 | 91 | 2 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 91 | 5 | 91 | 8 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 91 | 11 | 91 | 13 | Sage Counters |

| | | | | | |
|---|---|---|---|---|---|
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 94 | 10 | 94 | 16 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 94 | 25 | 94 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 95 | 1 | 95 | 7 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 95 | 14 | 95 | 23 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 96 | 1 | 96 | 5 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 96 | 8 | 96 | 14 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 96 | 16 | 96 | 18 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 96 | 21 | 96 | 22 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 96 | 24 | 97 | 1 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 97 | 4 | 97 | 4 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 97 | 8 | 97 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 98 | 1 | 98 | 5 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 99 | 12 | 99 | 13 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 99 | 16 | 99 | 16 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 101 | 12 | 101 | 14 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 101 | 16 | 101 | 16 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 101 | 19 | 101 | 22 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 102 | 3 | 102 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 103 | 1 | 103 | 8 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 103 | 11 | 103 | 14 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 103 | 19 | 103 | 23 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 104 | 14 | 104 | 24 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 105 | 2 | 105 | 7 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 105 | 14 | 105 | 20 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 105 | 22 | 105 | 22 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 105 | 25 | 105 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 106 | 1 | 106 | 3 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 106 | 6 | 106 | 9 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 106 | 12 | 106 | 23 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 107 | 22 | 107 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 108 | 1 | 108 | 2 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 108 | 5 | 108 | 5 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 108 | 7 | 108 | 10 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 108 | 15 | 108 | 22 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 108 | 25 | 108 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 109 | 2 | 109 | 6 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 110 | 22 | 111 | 7 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 112 | 23 | 113 | 2 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 115 | 9 | 115 | 22 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 121 | 4 | 121 | 6 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 121 | 8 | 121 | 25 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 122 | 12 | 122 | 17 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 122 | 22 | 123 | 6 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 123 | 9 | 123 | 10 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 124 | 5 | 124 | 8 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 125 | 4 | 125 | 7 | Sage Counters |
| Sanchez, Ph_D_ , Robert A_ 2021-04-21 | 125 | 14 | 126 | 6 | Sage Counters |

| | | | | | |
|---|---|---|---|---|---|
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 127 | 12 | 127 | 16 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 127 | 21 | 127 | 24 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 130 | 22 | 130 | 23 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 131 | 7 | 131 | 8 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 131 | 11 | 131 | 11 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 131 | 13 | 131 | 18 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 131 | 22 | 131 | 24 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 132 | 4 | 132 | 7 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 132 | 13 | 132 | 16 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 132 | 20 | 132 | 23 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 133 | 11 | 133 | 15 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 133 | 18 | 133 | 23 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 134 | 1 | 134 | 19 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 135 | 9 | 135 | 13 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 135 | 16 | 135 | 20 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 135 | 23 | 136 | 14 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 140 | 10 | 140 | 16 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 140 | 19 | 140 | 19 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 141 | 1 | 141 | 5 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 141 | 23 | 142 | 1 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 142 | 3 | 142 | 6 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 142 | 10 | 143 | 1 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 143 | 22 | 143 | 25 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 144 | 1 | 144 | 9 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 148 | 17 | 148 | 19 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 148 | 24 | 149 | 2 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 149 | 18 | 149 | 24 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 156 | 8 | 156 | 17 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 156 | 25 | 157 | 3 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 157 | 5 | 157 | 5 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 157 | 7 | 157 | 7 | Sage Counters |
| Sanchez, Ph_D_, Robert A_ 2021-04-21 | 157 | 9 | 157 | 17 | Sage Counters |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Sexton, Kristin | 13 | 11 | 13 | 16 | | Sage Counters |
| Sexton, Kristin | 14 | 20 | 14 | 25 | | Sage Counters |
| Sexton, Kristin | 15 | 2 | 15 | 15 | | Sage Counters |
| Sexton, Kristin | 16 | 7 | 16 | 14 | Note errata change | Sage Counters |
| Sexton, Kristin | 16 | 25 | 16 | 25 | | Sage Counters |
| Sexton, Kristin | 17 | 2 | 17 | 4 | | Sage Counters |
| Sexton, Kristin | 17 | 7 | 17 | 21 | | Sage Counters |
| Sexton, Kristin | 19 | 20 | 19 | 25 | | Sage Counters |
| Sexton, Kristin | 20 | 2 | 20 | 8 | | Sage Counters |
| Sexton, Kristin | 20 | 11 | 20 | 17 | | Sage Counters |
| Sexton, Kristin | 21 | 6 | 21 | 11 | | Sage Counters |
| Sexton, Kristin | 22 | 4 | 22 | 13 | | Sage Counters |
| Sexton, Kristin | 23 | 22 | 23 | 25 | | Sage Counters |
| Sexton, Kristin | 24 | 2 | 24 | 12 | | Sage Counters |
| Sexton, Kristin | 27 | 8 | 27 | 12 | | Sage Counters |
| Sexton, Kristin | 29 | 8 | 29 | 11 | | Sage Counters |
| Sexton, Kristin | 31 | 20 | 31 | 24 | | Sage Counters |
| Sexton, Kristin | 32 | 8 | 32 | 11 | | Sage Counters |
| Sexton, Kristin | 34 | 7 | 34 | 9 | | Sage Counters |
| Sexton, Kristin | 34 | 12 | 34 | 14 | | Sage Counters |
| Sexton, Kristin | 35 | 10 | 35 | 15 | | Sage Counters |
| Sexton, Kristin | 36 | 23 | 36 | 25 | | Sage Counters |
| Sexton, Kristin | 37 | 2 | 37 | 22 | | Sage Counters |
| Sexton, Kristin | 37 | 25 | 37 | 25 | | Sage Counters |
| Sexton, Kristin | 38 | 2 | 38 | 3 | | Sage Counters |
| Sexton, Kristin | 38 | 13 | 38 | 16 | | Sage Counters |
| Sexton, Kristin | 38 | 19 | 38 | 22 | | Sage Counters |
| Sexton, Kristin | 40 | 3 | 40 | 5 | | Sage Counters |
| Sexton, Kristin | 40 | 9 | 40 | 15 | | Sage Counters |
| Sexton, Kristin | 40 | 18 | 40 | 24 | | Sage Counters |
| Sexton, Kristin | 47 | 16 | 47 | 18 | | Sage Counters |
| Sexton, Kristin | 47 | 21 | 47 | 25 | | Sage Counters |
| Sexton, Kristin | 48 | 2 | 48 | 5 | | Sage Counters |
| Sexton, Kristin | 48 | 8 | 48 | 19 | | Sage Counters |
| Sexton, Kristin | 48 | 22 | 48 | 25 | | Sage Counters |
| Sexton, Kristin | 49 | 2 | 49 | 10 | | Sage Counters |
| Sexton, Kristin | 49 | 13 | 49 | 22 | | Sage Counters |
| Sexton, Kristin | 55 | 23 | 55 | 25 | | Sage Counters |
| Sexton, Kristin | 56 | 2 | 56 | 13 | | Sage Counters |
| Sexton, Kristin | 56 | 20 | 56 | 25 | | Sage Counters |
| Sexton, Kristin | 57 | 2 | 57 | 12 | | Sage Counters |
| Sexton, Kristin | 58 | 3 | 58 | 6 | | Sage Counters |
| Sexton, Kristin | 58 | 9 | 58 | 17 | | Sage Counters |
| Sexton, Kristin | 59 | 2 | 59 | 13 | | Sage Counters |
| Sexton, Kristin | 62 | 25 | 62 | 25 | | Sage Counters |
| Sexton, Kristin | 63 | 2 | 63 | 3 | | Sage Counters |

| | | | | | |
|---|---|---|---|---|---|
| Sexton, Kristin | 63 | 6 | 63 | 12 | Sage Counters |
| Sexton, Kristin | 63 | 23 | 63 | 25 | Sage Counters |
| Sexton, Kristin | 64 | 2 | 64 | 5 | Sage Counters |
| Sexton, Kristin | 66 | 2 | 66 | 4 | Sage Counters |
| Sexton, Kristin | 66 | 7 | 66 | 18 | Sage Counters |
| Sexton, Kristin | 66 | 21 | 66 | 24 | Sage Counters |
| Sexton, Kristin | 67 | 4 | 67 | 6 | Sage Counters |
| Sexton, Kristin | 80 | 11 | 80 | 25 | Sage Counters |
| Sexton, Kristin | 81 | 2 | 81 | 7 | Sage Counters |
| Sexton, Kristin | 83 | 18 | 83 | 19 | Sage Counters |
| Sexton, Kristin | 83 | 23 | 83 | 25 | Sage Counters |
| Sexton, Kristin | 87 | 14 | 87 | 15 | Sage Counters |
| Sexton, Kristin | 87 | 18 | 87 | 25 | Sage Counters |
| Sexton, Kristin | 88 | 2 | 88 | 5 | Sage Counters |
| Sexton, Kristin | 88 | 8 | 88 | 9 | Sage Counters |
| Sexton, Kristin | 90 | 5 | 90 | 7 | Sage Counters |
| Sexton, Kristin | 90 | 10 | 90 | 15 | Sage Counters |
| Sexton, Kristin | 91 | 20 | 91 | 21 | Sage Counters |
| Sexton, Kristin | 91 | 24 | 91 | 25 | Sage Counters |
| Sexton, Kristin | 92 | 2 | 92 | 5 | Sage Counters |
| Sexton, Kristin | 92 | 9 | 92 | 20 | Sage Counters |
| Sexton, Kristin | 94 | 3 | 94 | 6 | Sage Counters |
| Sexton, Kristin | 96 | 3 | 96 | 11 | Sage Counters |
| Sexton, Kristin | 96 | 14 | 96 | 21 | Sage Counters |
| Sexton, Kristin | 97 | 21 | 97 | 25 | Sage Counters |
| Sexton, Kristin | 98 | 2 | 98 | 2 | Sage Counters |
| Sexton, Kristin | 98 | 23 | 98 | 25 | Sage Counters |
| Sexton, Kristin | 99 | 2 | 99 | 6 | Sage Counters |
| Sexton, Kristin | 99 | 20 | 99 | 25 | Sage Counters |
| Sexton, Kristin | 100 | 2 | 100 | 17 | Sage Counters |
| Sexton, Kristin | 100 | 20 | 100 | 25 | Sage Counters |
| Sexton, Kristin | 101 | 2 | 101 | 13 | Sage Counters |
| Sexton, Kristin | 101 | 16 | 101 | 22 | Sage Counters |
| Sexton, Kristin | 107 | 23 | 107 | 24 | Sage Counters |
| Sexton, Kristin | 108 | 3 | 108 | 4 | Sage Counters |
| Sexton, Kristin | 111 | 2 | 111 | 4 | Sage Counters |
| Sexton, Kristin | 111 | 7 | 111 | 17 Note errata change | Sage Counters |
| Sexton, Kristin | 111 | 21 | 111 | 25 | Sage Counters |
| Sexton, Kristin | 112 | 2 | 112 | 9 | Sage Counters |
| Sexton, Kristin | 112 | 13 | 112 | 20 | Sage Counters |
| Sexton, Kristin | 116 | 7 | 116 | 8 | Sage Counters |
| Sexton, Kristin | 116 | 11 | 116 | 14 | Sage Counters |
| Sexton, Kristin | 126 | 10 | 126 | 22 | Sage Counters |
| Sexton, Kristin | 127 | 12 | 127 | 25 | Sage Counters |
| Sexton, Kristin | 137 | 23 | 137 | 25 | Sage Contingent |
| Sexton, Kristin | 138 | 5 | 138 | 8 | Sage Contingent |
| Sexton, Kristin | 138 | 25 | 138 | 25 | Sage Counters |

| | | | | | |
|---|---|---|---|---|---|
| Sexton, Kristin | 139 | 2 | 139 | 7 | Sage Counters |
| Sexton, Kristin | 142 | 14 | 142 | 18 | Sage Counters |
| Sexton, Kristin | 144 | 25 | 144 | 25 | Sage Counters |
| Sexton, Kristin | 145 | 2 | 145 | 6 | Sage Counters |
| Sexton, Kristin | 146 | 9 | 146 | 11 | Sage Counters |
| Sexton, Kristin | 146 | 14 | 146 | 22 | Sage Counters |
| Sexton, Kristin | 147 | 2 | 147 | 9 | Sage Counters |
| Sexton, Kristin | 147 | 17 | 147 | 23 | Sage Counters |
| Sexton, Kristin | 149 | 17 | 149 | 24 | Sage Counters |
| Sexton, Kristin | 170 | 21 | 170 | 25 | Sage Counters |
| Sexton, Kristin | 171 | 2 | 171 | 3 | Sage Counters |
| Sexton, Kristin | 171 | 24 | 171 | 25 | Sage Counters |
| Sexton, Kristin | 183 | 23 | 183 | 25 | Sage Contingent |
| Sexton, Kristin | 184 | 4 | 184 | 8 | Sage Contingent |
| Sexton, Kristin | 196 | 24 | 196 | 25 | Sage Counters |
| Sexton, Kristin | 197 | 2 | 197 | 5 | Sage Counters |
| Sexton, Kristin | 211 | 7 | 211 | 7 | Sage Counters |
| Sexton, Kristin | 211 | 12 | 211 | 14 | Sage Counters |
| Sexton, Kristin | 213 | 16 | 213 | 18 | Sage Counters |
| Sexton, Kristin | 213 | 22 | 213 | 25 | Sage Counters |
| Sexton, Kristin | 214 | 2 | 214 | 2 | Sage Counters |
| Sexton, Kristin | 220 | 13 | 220 | 16 | Sage Counters |
| Sexton, Kristin | 220 | 19 | 220 | 25 | Sage Counters |
| Sexton, Kristin | 236 | 16 | 236 | 18 | Sage Counters |
| Sexton, Kristin | 236 | 22 | 236 | 25 | Sage Counters |
| Sexton, Kristin | 237 | 2 | 237 | 2 | Sage Counters |
| Sexton, Kristin | 237 | 13 | 237 | 15 | Sage Counters |
| Sexton, Kristin | 237 | 20 | 237 | 25 | Sage Counters |
| Sexton, Kristin | 238 | 2 | 238 | 8 | Sage Counters |
| Sexton, Kristin | 253 | 14 | 253 | 15 | Sage Counters |
| Sexton, Kristin | 253 | 19 | 253 | 25 | Sage Counters |
| Sexton, Kristin | 254 | 2 | 254 | 16 | Sage Counters |
| Sexton, Kristin | 257 | 3 | 257 | 20 | Sage Counters |
| Sexton, Kristin | 258 | 15 | 258 | 18 | Sage Counters |
| Sexton, Kristin | 258 | 21 | 258 | 25 | Sage Counters |
| Sexton, Kristin | 259 | 2 | 259 | 3 | Sage Counters |
| Sexton, Kristin | 259 | 6 | 259 | 16 | Sage Counters |
| Sexton, Kristin | 260 | 19 | 260 | 21 | Sage Counters |
| Sexton, Kristin | 260 | 24 | 260 | 25 | Sage Counters |
| Sexton, Kristin | 261 | 2 | 261 | 5 | Sage Counters |
| Sexton, Kristin | 268 | 7 | 268 | 9 | Sage Counters |
| Sexton, Kristin | 268 | 13 | 268 | 17 | Sage Counters |
| Sexton, Kristin | 271 | 15 | 271 | 16 | Sage Contingent |
| Sexton, Kristin | 271 | 19 | 271 | 25 | Sage Counters |
| Sexton, Kristin | 272 | 2 | 272 | 5 | Sage Contingent |
| Sexton, Kristin | 273 | 14 | 273 | 25 | Sage Counters |
| Sexton, Kristin | 274 | 2 | 274 | 3 | Sage Counters |

| Sexton, Kristin | 274 | 6 | 274 | 17 | | Sage Counters |
|---|---|---|---|---|---|---|
| Sexton, Kristin | 277 | 18 | 277 | 22 | | Sage Counters |
| Sexton, Kristin | 278 | 7 | 278 | 14 | | Sage Counters |
| Sexton, Kristin | 279 | 16 | 279 | 21 | | Sage Counters |
| Sexton, Kristin | 281 | 21 | 281 | 25 | | Sage Counters |
| Sexton, Kristin | 282 | 2 | 282 | 11 | | Sage Counters |
| Sexton, Kristin | 283 | 24 | 283 | 25 | | Sage Counters |
| Sexton, Kristin | 284 | 2 | 284 | 8 | | Sage Counters |
| Sexton, Kristin | 289 | 25 | 289 | 25 | | Sage Counters |
| Sexton, Kristin | 290 | 2 | 290 | 10 | | Sage Counters |
| Sexton, Kristin | 297 | 5 | 297 | 12 | | Sage Counters |
| Sexton, Kristin | 298 | 21 | 298 | 25 | | Sage Counters |
| Sexton, Kristin | 299 | 2 | 299 | 3 | | Sage Counters |
| Sexton, Kristin | 303 | 12 | 303 | 25 | Note errata change | Sage Counters |
| Sexton, Kristin | 304 | 2 | 304 | 18 | | Sage Counters |
| Sexton, Kristin | 321 | 18 | 321 | 21 | | Sage Counters |
| Sexton, Kristin | 321 | 24 | 321 | 25 | | Sage Counters |
| Sexton, Kristin | 322 | 2 | 322 | 9 | Note errata change | Sage Counters |
| Sexton, Kristin | 323 | 20 | 323 | 22 | | Sage Counters |
| Sexton, Kristin | 323 | 25 | 323 | 25 | | Sage Counters |
| Sexton, Kristin | 324 | 2 | 324 | 9 | | Sage Counters |
| Sexton, Kristin | 324 | 12 | 324 | 14 | | Sage Counters |
| Sexton, Kristin | 325 | 20 | 325 | 22 | | Sage Contingent |
| Sexton, Kristin | 325 | 25 | 325 | 25 | | Sage Contingent |
| Sexton, Kristin | 326 | 2 | 326 | 2 | | Sage Contingent |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Thompson, Jill | 14 | 5 | 14 | 14 | | Sage Counters |
| Thompson, Jill | 15 | 7 | 15 | 14 | | Sage Counters |
| Thompson, Jill | 18 | 7 | 18 | 11 | | Sage Counters |
| Thompson, Jill | 23 | 14 | 23 | 25 | | Sage Counters |
| Thompson, Jill | 24 | 2 | 24 | 4 | Note errata change | Sage Counters |
| Thompson, Jill | 27 | 25 | 27 | 25 | | Sage Contingent |
| Thompson, Jill | 28 | 2 | 28 | 6 | | Sage Contingent |
| Thompson, Jill | 28 | 9 | 28 | 20 | | Sage Contingent |
| Thompson, Jill | 29 | 20 | 29 | 24 | | Sage Contingent |
| Thompson, Jill | 30 | 3 | 30 | 7 | | Sage Contingent |
| Thompson, Jill | 32 | 8 | 32 | 12 | | Sage Counters |
| Thompson, Jill | 33 | 9 | 33 | 23 | | Sage Counters |
| Thompson, Jill | 34 | 19 | 34 | 22 | | Sage Counters |
| Thompson, Jill | 40 | 4 | 40 | 10 | | Sage Counters |
| Thompson, Jill | 48 | 5 | 48 | 25 | | Sage Contingent |
| Thompson, Jill | 49 | 2 | 49 | 9 | | Sage Contingent |
| Thompson, Jill | 69 | 15 | 69 | 25 | | Sage Contingent |
| Thompson, Jill | 70 | 2 | 70 | 7 | | Sage Contingent |
| Thompson, Jill | 79 | 24 | 79 | 25 | | Sage Counters |
| Thompson, Jill | 80 | 2 | 80 | 25 | | Sage Counters |
| Thompson, Jill | 81 | 2 | 81 | 5 | | Sage Counters |
| Thompson, Jill | 81 | 25 | 81 | 25 | | Sage Counters |
| Thompson, Jill | 82 | 2 | 82 | 18 | | Sage Counters |
| Thompson, Jill | 89 | 5 | 89 | 15 | | Sage Counters |
| Thompson, Jill | 89 | 18 | 89 | 25 | | Sage Counters |
| Thompson, Jill | 90 | 2 | 90 | 3 | | Sage Counters |
| Thompson, Jill | 92 | 9 | 92 | 25 | | Sage Counters |
| Thompson, Jill | 100 | 3 | 100 | 25 | | Sage Counters |
| Thompson, Jill | 101 | 2 | 101 | 5 | | Sage Counters |
| Thompson, Jill | 105 | 8 | 105 | 10 | | Sage Counters |
| Thompson, Jill | 105 | 13 | 105 | 16 | | Sage Counters |
| Thompson, Jill | 105 | 19 | 105 | 24 | | Sage Counters |
| Thompson, Jill | 106 | 3 | 106 | 5 | | Sage Counters |
| Thompson, Jill | 108 | 7 | 108 | 11 | | Sage Counters |
| Thompson, Jill | 109 | 4 | 109 | 12 | | Sage Counters |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Ulreich, Daniel | 8 | 12 | 8 | 19 | | Sage Counters |
| Ulreich, Daniel | 10 | 3 | 10 | 7 | | Sage Counters |
| Ulreich, Daniel | 16 | 22 | 16 | 25 | | Sage Counters |
| Ulreich, Daniel | 17 | 12 | 17 | 16 | | Sage Counters |
| Ulreich, Daniel | 18 | 4 | 18 | 16 | | Sage Counters |
| Ulreich, Daniel | 18 | 19 | 18 | 20 | | Sage Counters |
| Ulreich, Daniel | 19 | 7 | 19 | 14 | | Sage Counters |
| Ulreich, Daniel | 21 | 7 | 21 | 20 | | Sage Counters |
| Ulreich, Daniel | 23 | 8 | 23 | 10 | | Sage Counters |
| Ulreich, Daniel | 23 | 13 | 23 | 15 | | Sage Counters |
| Ulreich, Daniel | 24 | 6 | 24 | 10 | | Sage Counters |
| Ulreich, Daniel | 24 | 13 | 24 | 15 | | Sage Counters |
| Ulreich, Daniel | 24 | 16 | 24 | 21 | Note errata change | Sage Counters |
| Ulreich, Daniel | 24 | 22 | 24 | 25 | | Sage Counters |
| Ulreich, Daniel | 25 | 4 | 25 | 6 | | Sage Counters |
| Ulreich, Daniel | 27 | 18 | 27 | 25 | | Sage Counters |
| Ulreich, Daniel | 28 | 2 | 28 | 5 | | Sage Counters |
| Ulreich, Daniel | 28 | 8 | 28 | 9 | | Sage Counters |
| Ulreich, Daniel | 28 | 18 | 28 | 25 | | Sage Counters |
| Ulreich, Daniel | 29 | 2 | 29 | 6 | | Sage Counters |
| Ulreich, Daniel | 30 | 25 | 30 | 25 | | Sage Counters |
| Ulreich, Daniel | 31 | 2 | 31 | 9 | | Sage Counters |
| Ulreich, Daniel | 31 | 19 | 31 | 22 | | Sage Counters |
| Ulreich, Daniel | 33 | 8 | 33 | 16 | | Sage Counters |
| Ulreich, Daniel | 34 | 3 | 34 | 5 | | Sage Counters |
| Ulreich, Daniel | 34 | 8 | 34 | 12 | | Sage Counters |
| Ulreich, Daniel | 35 | 25 | 35 | 25 | | Sage Counters |
| Ulreich, Daniel | 36 | 2 | 36 | 10 | | Sage Counters |
| Ulreich, Daniel | 40 | 5 | 40 | 14 | | Sage Counters |
| Ulreich, Daniel | 42 | 24 | 42 | 25 | | Sage Counters |
| Ulreich, Daniel | 43 | 2 | 43 | 11 | | Sage Counters |
| Ulreich, Daniel | 44 | 18 | 44 | 24 | | Sage Counters |
| Ulreich, Daniel | 45 | 18 | 45 | 20 | | Sage Counters |
| Ulreich, Daniel | 45 | 23 | 45 | 25 | | Sage Counters |
| Ulreich, Daniel | 46 | 2 | 46 | 3 | | Sage Counters |
| Ulreich, Daniel | 46 | 6 | 46 | 8 | | Sage Counters |
| Ulreich, Daniel | 52 | 19 | 52 | 23 | | Sage Counters |
| Ulreich, Daniel | 53 | 2 | 53 | 4 | | Sage Counters |
| Ulreich, Daniel | 56 | 21 | 56 | 25 | | Sage Counters |
| Ulreich, Daniel | 57 | 5 | 57 | 8 | | Sage Counters |
| Ulreich, Daniel | 68 | 20 | 68 | 23 | | Sage Counters |
| Ulreich, Daniel | 69 | 3 | 69 | 7 | | Sage Counters |
| Ulreich, Daniel | 73 | 25 | 73 | 25 | | Sage Counters |
| Ulreich, Daniel | 74 | 2 | 74 | 8 | | Sage Counters |
| Ulreich, Daniel | 74 | 12 | 74 | 15 | | Sage Counters |
| Ulreich, Daniel | 74 | 24 | 74 | 25 | | Sage Counters |

| | | | | | |
|---|---|---|---|---|---|
| Ulreich, Daniel | 75 | 2 | 75 | 6 | Sage Counters |
| Ulreich, Daniel | 75 | 9 | 75 | 9 | Sage Counters |
| Ulreich, Daniel | 75 | 18 | 75 | 19 | Sage Counters |
| Ulreich, Daniel | 75 | 22 | 75 | 24 | Sage Counters |
| Ulreich, Daniel | 76 | 4 | 76 | 5 | Sage Counters |
| Ulreich, Daniel | 76 | 8 | 76 | 9 | Sage Counters |
| Ulreich, Daniel | 79 | 9 | 79 | 11 | Sage Counters |
| Ulreich, Daniel | 79 | 14 | 79 | 16 | Sage Counters |
| Ulreich, Daniel | 80 | 10 | 80 | 13 | Sage Counters |
| Ulreich, Daniel | 80 | 16 | 80 | 21 | Sage Counters |
| Ulreich, Daniel | 80 | 24 | 80 | 24 | Sage Counters |
| Ulreich, Daniel | 81 | 12 | 81 | 21 | Sage Counters |
| Ulreich, Daniel | 86 | 18 | 86 | 25 | Sage Counters |
| Ulreich, Daniel | 89 | 17 | 89 | 21 | Sage Counters |
| Ulreich, Daniel | 89 | 24 | 89 | 25 Note errata change | Sage Counters |
| Ulreich, Daniel | 90 | 2 | 90 | 3 | Sage Counters |
| Ulreich, Daniel | 94 | 15 | 94 | 25 | Sage Counters |
| Ulreich, Daniel | 95 | 2 | 95 | 2 | Sage Counters |
| Ulreich, Daniel | 98 | 19 | 98 | 25 | Sage Counters |
| Ulreich, Daniel | 99 | 2 | 99 | 2 | Sage Counters |
| Ulreich, Daniel | 99 | 5 | 99 | 10 | Sage Counters |
| Ulreich, Daniel | 99 | 14 | 99 | 23 | Sage Counters |
| Ulreich, Daniel | 100 | 2 | 100 | 5 | Sage Counters |
| Ulreich, Daniel | 100 | 8 | 100 | 11 | Sage Counters |
| Ulreich, Daniel | 101 | 18 | 101 | 20 | Sage Counters |
| Ulreich, Daniel | 101 | 24 | 101 | 25 | Sage Counters |
| Ulreich, Daniel | 102 | 2 | 102 | 4 | Sage Counters |
| Ulreich, Daniel | 102 | 7 | 102 | 12 | Sage Counters |
| Ulreich, Daniel | 102 | 15 | 102 | 19 | Sage Counters |
| Ulreich, Daniel | 102 | 22 | 102 | 24 | Sage Counters |
| Ulreich, Daniel | 105 | 14 | 105 | 18 | Sage Counters |
| Ulreich, Daniel | 105 | 22 | 105 | 25 | Sage Counters |
| Ulreich, Daniel | 106 | 4 | 106 | 8 | Sage Counters |
| Ulreich, Daniel | 106 | 14 | 106 | 20 | Sage Counters |
| Ulreich, Daniel | 106 | 23 | 106 | 25 | Sage Counters |
| Ulreich, Daniel | 107 | 2 | 107 | 9 | Sage Counters |
| Ulreich, Daniel | 107 | 12 | 107 | 15 | Sage Counters |
| Ulreich, Daniel | 108 | 17 | 108 | 23 | Sage Counters |
| Ulreich, Daniel | 109 | 2 | 109 | 4 | Sage Counters |
| Ulreich, Daniel | 112 | 14 | 112 | 16 | Sage Counters |
| Ulreich, Daniel | 112 | 19 | 112 | 20 | Sage Counters |
| Ulreich, Daniel | 113 | 5 | 113 | 7 | Sage Counters |
| Ulreich, Daniel | 113 | 10 | 113 | 14 | Sage Counters |
| Ulreich, Daniel | 113 | 17 | 113 | 17 | Sage Counters |
| Ulreich, Daniel | 122 | 22 | 122 | 25 | Sage Counters |
| Ulreich, Daniel | 123 | 2 | 123 | 4 | Sage Counters |
| Ulreich, Daniel | 123 | 20 | 123 | 22 | Sage Counters |

| | | | | | |
|---|---|---|---|---|---|
| Ulreich, Daniel | 124 | 3 | 124 | 6 | Sage Counters |
| Ulreich, Daniel | 126 | 25 | 126 | 25 | Sage Counters |
| Ulreich, Daniel | 127 | 2 | 127 | 12 | Sage Counters |
| Ulreich, Daniel | 127 | 15 | 127 | 16 | Sage Counters |
| Ulreich, Daniel | 141 | 19 | 141 | 23 | Sage Counters |
| Ulreich, Daniel | 142 | 2 | 142 | 10 | Sage Counters |
| Ulreich, Daniel | 142 | 18 | 142 | 21 | Sage Counters |
| Ulreich, Daniel | 142 | 24 | 142 | 25 | Sage Counters |
| Ulreich, Daniel | 143 | 2 | 143 | 23 | Sage Counters |
| Ulreich, Daniel | 144 | 2 | 144 | 4 | Sage Counters |
| Ulreich, Daniel | 145 | 18 | 145 | 22 | Sage Counters |
| Ulreich, Daniel | 145 | 24 | 145 | 25 | Sage Counters |
| Ulreich, Daniel | 146 | 2 | 146 | 4 | Sage Counters |
| Ulreich, Daniel | 156 | 17 | 156 | 20 | Sage Counters |
| Ulreich, Daniel | 156 | 24 | 156 | 25 | Sage Counters |
| Ulreich, Daniel | 157 | 2 | 157 | 6 | Sage Counters |
| Ulreich, Daniel | 157 | 10 | 157 | 10 | Sage Counters |
| Ulreich, Daniel | 160 | 4 | 160 | 8 | Sage Counters |
| Ulreich, Daniel | 175 | 22 | 175 | 25 | Sage Counters |
| Ulreich, Daniel | 160 | 10 | 160 | 12 | Sage Counters |
| Ulreich, Daniel | 176 | 2 | 176 | 2 | Sage Counters |
| Ulreich, Daniel | 176 | 6 | 176 | 8 | Sage Counters |
| Ulreich, Daniel | 176 | 17 | 176 | 25 | Sage Counters |
| Ulreich, Daniel | 177 | 2 | 177 | 4 | Sage Counters |
| Ulreich, Daniel | 177 | 11 | 177 | 14 | Sage Counters |
| Ulreich, Daniel | 179 | 5 | 179 | 10 | Sage Counters |
| Ulreich, Daniel | 179 | 13 | 179 | 14 | Sage Counters |
| Ulreich, Daniel | 185 | 15 | 185 | 17 | Sage Counters |
| Ulreich, Daniel | 185 | 21 | 185 | 23 | Sage Counters |
| Ulreich, Daniel | 186 | 8 | 186 | 12 | Sage Counters |
| Ulreich, Daniel | 186 | 17 | 186 | 17 | Sage Counters |
| Ulreich, Daniel | 186 | 25 | 186 | 25 | Sage Counters |
| Ulreich, Daniel | 187 | 2 | 187 | 4 | Sage Counters |
| Ulreich, Daniel | 187 | 8 | 187 | 10 | Sage Counters |
| Ulreich, Daniel | 192 | 20 | 192 | 25 | Sage Counters |
| Ulreich, Daniel | 193 | 2 | 193 | 5 | Sage Counters |
| Ulreich, Daniel | 193 | 8 | 193 | 9 | Sage Counters |
| Ulreich, Daniel | 202 | 16 | 202 | 21 | Sage Counters |
| Ulreich, Daniel | 202 | 24 | 202 | 25 | Sage Counters |
| Ulreich, Daniel | 203 | 7 | 203 | 9 | Sage Counters |
| Ulreich, Daniel | 203 | 12 | 203 | 12 | Sage Counters |
| Ulreich, Daniel | 204 | 25 | 204 | 25 | Sage Counters |
| Ulreich, Daniel | 205 | 2 | 205 | 11 | Sage Counters |
| Ulreich, Daniel | 205 | 14 | 205 | 15 | Sage Counters |
| Ulreich, Daniel | 209 | 15 | 209 | 19 | Sage Counters |
| Ulreich, Daniel | 219 | 16 | 219 | 19 | Sage Counters |
| Ulreich, Daniel | 219 | 22 | 219 | 24 | Sage Counters |

| Ulreich, Daniel | 221 | 5  | 221 | 14 | Sage Counters |
| Ulreich, Daniel | 221 | 17 | 221 | 21 | Sage Counters |
| Ulreich, Daniel | 222 | 11 | 222 | 16 | Sage Counters |
| Ulreich, Daniel | 222 | 21 | 222 | 25 | Sage Counters |
| Ulreich, Daniel | 223 | 2  | 223 | 2  | Sage Counters |
| Ulreich, Daniel | 223 | 15 | 223 | 18 | Sage Counters |
| Ulreich, Daniel | 223 | 23 | 223 | 25 | Sage Counters |
| Ulreich, Daniel | 224 | 2  | 224 | 2  | Sage Counters |
| Ulreich, Daniel | 225 | 15 | 225 | 18 | Sage Counters |
| Ulreich, Daniel | 225 | 21 | 225 | 21 | Sage Counters |
| Ulreich, Daniel | 226 | 4  | 226 | 6  | Sage Counters |
| Ulreich, Daniel | 226 | 9  | 226 | 10 | Sage Counters |

# SCHEDULE E3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| PUREWICK CORPORATION, | |
| Plaintiff/Counterclaim Defendant, | |
| v. | C.A. No. 19-1508-MN |
| SAGE PRODUCTS, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

<u>**DEFENDANT'S TRIAL WITNESS LIST**</u>

Below is an identification of the witnesses whose testimony each Defendant may present at trial. The inclusion of a witness on this list does not require Defendant to call that witness to testify, and does not imply or establish that the party has the power to compel the live testimony of that witness or make that witness available to the opposing party.

Defendant expressly reserves the right to call any witness identified by the Plaintiff at any point before or during trial, whether or not listed on the lists below, live or by deposition designations. Sage also expressly reserves the right to call any witness live or by deposition designations (or to offer additional deposition designations from witnesses identified herein) for purposes of rebuttal, impeachment, or authentication of a document or as required by any of the Court's pretrial or trial rulings. Sage also reserve the right to change or modify these lists as permitted by the Federal Rules of Civil Procedure, Local Rules, or Orders of the Court, including in view of events at trial or based on circumstances that may evolve prior to the commencement of trial, such as but not limited to, evidentiary rulings or other rulings by the Court. Deposition designations are also attached to the pretrial order including for witnesses that Plaintiff has not indicated will be live at trial.

- 1 -

Sage expects to call the following witness to testify live or by deposition at trial: Nick Alexander (expected to be live), Brett Blabas (expected to be live), Jason Bobay (live or by deposition), Brian Ecklund (expected to be live), Diane Newman (live), Kelsey Paskal (expected to be live), Laura Shaw (by deposition), Donald Sheldon (live), and Vince Thomas (live).

Sage further expects to call the following witnesses that have been represented by Plaintiff to testify live or by deposition at trial: Brian Burn (live or by deposition), Joseph Forehand (expected by deposition), John Gohde (live per plaintiff; designations also provided), Gregory Mann (live or by deposition), Camille Newton (live per plaintiff; designations also provided), Ray Newton (live or by deposition), Robert Sanchez (live or by deposition), and Paul Zani (live or by deposition).

Sage may call the following witnesses to testify live or by deposition at trial: Ruby Dy (by deposition), Mark Harvie (expected by deposition), Erika Lietzan (live, subject to the Court's Order), Kristin Sexton (live or by deposition), Robert Sterne (live), Jill Thompson (live or by deposition); Edward Callan (by deposition), and Marcus Simon (expected by deposition).

# SCHEDULE E4a

**Sage's Deposition Designations  (Output provided electronically)**

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Bobay, Jason | 7 | 3 | 7 | 9 | | Sage Designations |
| Bobay, Jason | 14 | 7 | 14 | 12 | | Sage Designations |
| Bobay, Jason | 14 | 22 | 15 | 25 | | Sage Designations |
| Bobay, Jason | 16 | 2 | 16 | 2 | | Sage Designations |
| Bobay, Jason | 17 | 9 | 17 | 25 | | Sage Designations |
| Bobay, Jason | 18 | 2 | 18 | 25 | | Sage Designations |
| Bobay, Jason | 20 | 2 | 21 | 11 | | Sage Designations |
| Bobay, Jason | 21 | 21 | 21 | 25 | | Sage Designations |
| Bobay, Jason | 22 | 2 | 22 | 18 | | Sage Designations |
| Bobay, Jason | 23 | 24 | 23 | 25 | | Sage Designations |
| Bobay, Jason | 24 | 2 | 24 | 12 | | Sage Designations |
| Bobay, Jason | 25 | 16 | 25 | 24 | | Sage Designations |
| Bobay, Jason | 34 | 9 | 34 | 21 | | Sage Designations |
| Bobay, Jason | 34 | 24 | 34 | 25 | | Sage Designations |
| Bobay, Jason | 35 | 2 | 35 | 3 | | Sage Designations |
| Bobay, Jason | 76 | 10 | 76 | 16 | | Sage Designations |
| Bobay, Jason | 76 | 19 | 77 | 6 | | Sage Designations |
| Bobay, Jason | 80 | 9 | 80 | 12 | | Sage Designations |
| Bobay, Jason | 81 | 14 | 81 | 16 | | Sage Designations |
| Bobay, Jason | 81 | 19 | 81 | 25 | | Sage Designations |
| Bobay, Jason | 82 | 2 | 82 | 12 | | Sage Designations |
| Bobay, Jason | 82 | 21 | 82 | 23 | | Sage Designations |
| Bobay, Jason | 83 | 3 | 83 | 14 | | Sage Designations |
| Bobay, Jason | 84 | 25 | 85 | 5 | | Sage Designations |
| Bobay, Jason | 86 | 9 | 86 | 25 | | Sage Designations |
| Bobay, Jason | 87 | 2 | 87 | 2 | | Sage Designations |
| Bobay, Jason | 90 | 3 | 90 | 4 | | Sage Designations |
| Bobay, Jason | 90 | 7 | 90 | 8 | | Sage Designations |
| Bobay, Jason | 91 | 22 | 91 | 24 | | Sage Designations |
| Bobay, Jason | 92 | 2 | 92 | 4 | | Sage Designations |
| Bobay, Jason | 92 | 20 | 92 | 22 | | Sage Designations |
| Bobay, Jason | 94 | 5 | 94 | 8 | | Sage Designations |
| Bobay, Jason | 94 | 12 | 94 | 25 | | Sage Designations |
| Bobay, Jason | 95 | 2 | 95 | 25 | | Sage Designations |
| Bobay, Jason | 96 | 2 | 96 | 25 | | Sage Designations |
| Bobay, Jason | 97 | 2 | 97 | 10 | | Sage Designations |
| Bobay, Jason | 100 | 17 | 100 | 25 | | Sage Designations |
| Bobay, Jason | 101 | 2 | 101 | 25 | | Sage Designations |
| Bobay, Jason | 102 | 2 | 102 | 11 | | Sage Designations |
| Bobay, Jason | 120 | 17 | 120 | 25 | | Sage Designations |
| Bobay, Jason | 121 | 2 | 121 | 9 | | Sage Designations |
| Bobay, Jason | 121 | 12 | 121 | 13 | | Sage Designations |
| Bobay, Jason | 128 | 16 | 128 | 25 | | Sage Designations |
| Bobay, Jason | 129 | 2 | 129 | 7 | | Sage Designations |
| Bobay, Jason | 129 | 10 | 129 | 12 | | Sage Designations |
| Bobay, Jason | 129 | 15 | 129 | 20 | | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Bobay, Jason | 130 | 2 | 130 | 4 | Sage Designations |
| Bobay, Jason | 130 | 18 | 130 | 25 | Sage Designations |
| Bobay, Jason | 131 | 11 | 131 | 19 | Sage Designations |
| Bobay, Jason | 132 | 9 | 132 | 25 | Sage Designations |
| Bobay, Jason | 133 | 2 | 133 | 25 | Sage Designations |
| Bobay, Jason | 134 | 2 | 134 | 20 | Sage Designations |
| Bobay, Jason | 135 | 2 | 135 | 10 | Sage Designations |
| Bobay, Jason | 146 | 8 | 146 | 10 | Sage Designations |
| Bobay, Jason | 147 | 3 | 147 | 6 | Sage Designations |
| Bobay, Jason | 148 | 2 | 148 | 12 | Sage Designations |
| Bobay, Jason | 148 | 24 | 148 | 25 | Sage Designations |
| Bobay, Jason | 149 | 2 | 149 | 19 | Sage Designations |
| Bobay, Jason | 152 | 23 | 153 | 3 | Sage Designations |
| Bobay, Jason | 153 | 5 | 153 | 6 | Sage Designations |
| Bobay, Jason | 154 | 19 | 154 | 25 | Sage Designations |
| Bobay, Jason | 155 | 2 | 155 | 25 | Sage Designations |
| Bobay, Jason | 156 | 2 | 156 | 6 | Sage Designations |
| Bobay, Jason | 160 | 19 | 160 | 22 | Sage Designations |
| Bobay, Jason | 161 | 9 | 161 | 25 | Sage Designations |
| Bobay, Jason | 162 | 2 | 162 | 14 | Sage Designations |
| Bobay, Jason | 163 | 17 | 163 | 20 | Sage Designations |
| Bobay, Jason | 164 | 18 | 164 | 22 | Sage Designations |
| Bobay, Jason | 164 | 25 | 164 | 25 | Sage Designations |
| Bobay, Jason | 165 | 2 | 165 | 25 | Sage Designations |
| Bobay, Jason | 166 | 2 | 166 | 2 | Sage Designations |
| Bobay, Jason | 166 | 3 | 166 | 12 | Sage Designations |
| Bobay, Jason | 182 | 16 | 182 | 25 | Sage Designations |
| Bobay, Jason | 183 | 2 | 183 | 25 | Sage Designations |
| Bobay, Jason | 184 | 2 | 184 | 25 | Sage Designations |
| Bobay, Jason | 185 | 2 | 185 | 5 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Burn, Brian 2021-04-02 | 4 | 18 | 4 | 20 | | Sage Designations |
| Burn, Brian 2021-04-02 | 4 | 21 | 5 | 1 | | Sage Designations |
| Burn, Brian 2021-04-02 | 10 | 8 | 10 | 10 | | Sage Designations |
| Burn, Brian 2021-04-02 | 10 | 11 | 10 | 16 | | Sage Designations |
| Burn, Brian 2021-04-02 | 10 | 17 | 10 | 19 | | Sage Designations |
| Burn, Brian 2021-04-02 | 10 | 20 | 10 | 23 | | Sage Designations |
| Burn, Brian 2021-04-02 | 12 | 23 | 13 | 10 | | Sage Designations |
| Burn, Brian 2021-04-02 | 14 | 13 | 14 | 21 | | Sage Designations |
| Burn, Brian 2021-04-02 | 14 | 22 | 14 | 24 | | Sage Designations |
| Burn, Brian 2021-04-02 | 21 | 6 | 21 | 10 | | Sage Designations |
| Burn, Brian 2021-04-02 | 21 | 17 | 21 | 22 | | Sage Designations |
| Burn, Brian 2021-04-02 | 23 | 7 | 23 | 9 | | Sage Designations |
| Burn, Brian 2021-04-02 | 23 | 10 | 23 | 13 | | Sage Designations |
| Burn, Brian 2021-04-02 | 32 | 18 | 33 | 2 | | Sage Designations |
| Burn, Brian 2021-04-02 | 37 | 4 | 37 | 7 | | Sage Designations |
| Burn, Brian 2021-04-02 | 38 | 11 | 38 | 13 | | Sage Designations |
| Burn, Brian 2021-04-02 | 39 | 4 | 42 | 20 | | Sage Designations |
| Burn, Brian 2021-04-02 | 45 | 21 | 45 | 24 | | Sage Designations |
| Burn, Brian 2021-04-02 | 46 | 1 | 46 | 4 | | Sage Designations |
| Burn, Brian 2021-04-02 | 46 | 9 | 46 | 12 | | Sage Designations |
| Burn, Brian 2021-04-02 | 46 | 13 | 46 | 16 | | Sage Designations |
| Burn, Brian 2021-04-02 | 46 | 17 | 46 | 19 | | Sage Designations |
| Burn, Brian 2021-04-02 | 46 | 20 | 46 | 22 | | Sage Designations |
| Burn, Brian 2021-04-02 | 46 | 23 | 47 | 1 | | Sage Designations |
| Burn, Brian 2021-04-02 | 47 | 2 | 47 | 4 | | Sage Designations |
| Burn, Brian 2021-04-02 | 47 | 8 | 47 | 10 | | Sage Designations |
| Burn, Brian 2021-04-02 | 50 | 21 | 51 | 1 | | Sage Designations |
| Burn, Brian 2021-04-02 | 51 | 9 | 51 | 11 | | Sage Designations |
| Burn, Brian 2021-04-02 | 51 | 12 | 51 | 16 | | Sage Designations |
| Burn, Brian 2021-04-02 | 51 | 17 | 51 | 18 | | Sage Designations |
| Burn, Brian 2021-04-02 | 51 | 23 | 51 | 23 | | Sage Designations |
| Burn, Brian 2021-04-02 | 52 | 11 | 52 | 17 | | Sage Designations |
| Burn, Brian 2021-04-02 | 53 | 13 | 53 | 24 | | Sage Designations |
| Burn, Brian 2021-04-02 | 54 | 1 | 54 | 23 | | Sage Designations |
| Burn, Brian 2021-04-02 | 54 | 24 | 55 | 4 | | Sage Designations |
| Burn, Brian 2021-04-02 | 55 | 7 | 55 | 10 | | Sage Designations |
| Burn, Brian 2021-04-02 | 55 | 13 | 56 | 5 | | Sage Designations |
| Burn, Brian 2021-04-02 | 55 | 13 | 55 | 13 | | Sage Designations |
| Burn, Brian 2021-04-02 | 56 | 14 | 56 | 18 | | Sage Designations |
| Burn, Brian 2021-04-02 | 56 | 20 | 56 | 22 | | Sage Designations |
| Burn, Brian 2021-04-02 | 57 | 13 | 57 | 16 | | Sage Designations |
| Burn, Brian 2021-04-02 | 57 | 17 | 57 | 24 | | Sage Designations |
| Burn, Brian 2021-04-02 | 58 | 1 | 58 | 4 | | Sage Designations |
| Burn, Brian 2021-04-02 | 58 | 15 | 58 | 18 | | Sage Designations |
| Burn, Brian 2021-04-02 | 59 | 1 | 59 | 14 | | Sage Designations |
| Burn, Brian 2021-04-02 | 59 | 17 | 59 | 21 | | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Burn, Brian 2021-04-02 | 59 | 23 | 60 | 1 | Sage Designations |
| Burn, Brian 2021-04-02 | 62 | 10 | 62 | 14 | Sage Designations |
| Burn, Brian 2021-04-02 | 62 | 16 | 62 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 63 | 3 | 63 | 5 | Sage Designations |
| Burn, Brian 2021-04-02 | 63 | 7 | 64 | 3 | Sage Designations |
| Burn, Brian 2021-04-02 | 64 | 7 | 64 | 15 | Sage Designations |
| Burn, Brian 2021-04-02 | 64 | 16 | 64 | 18 | Sage Designations |
| Burn, Brian 2021-04-02 | 64 | 20 | 64 | 21 | Sage Designations |
| Burn, Brian 2021-04-02 | 64 | 22 | 64 | 24 | Sage Designations |
| Burn, Brian 2021-04-02 | 65 | 5 | 65 | 10 | Sage Designations |
| Burn, Brian 2021-04-02 | 65 | 14 | 65 | 16 | Sage Designations |
| Burn, Brian 2021-04-02 | 65 | 19 | 65 | 21 | Sage Designations |
| Burn, Brian 2021-04-02 | 66 | 11 | 66 | 12 | Sage Designations |
| Burn, Brian 2021-04-02 | 66 | 16 | 66 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 66 | 19 | 66 | 21 | Sage Designations |
| Burn, Brian 2021-04-02 | 66 | 24 | 67 | 1 | Sage Designations |
| Burn, Brian 2021-04-02 | 69 | 1 | 69 | 12 | Sage Designations |
| Burn, Brian 2021-04-02 | 69 | 13 | 69 | 18 | Sage Designations |
| Burn, Brian 2021-04-02 | 69 | 24 | 70 | 15 | Sage Designations |
| Burn, Brian 2021-04-02 | 72 | 19 | 72 | 21 | Sage Designations |
| Burn, Brian 2021-04-02 | 72 | 24 | 73 | 1 | Sage Designations |
| Burn, Brian 2021-04-02 | 73 | 10 | 73 | 15 | Sage Designations |
| Burn, Brian 2021-04-02 | 73 | 20 | 74 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 75 | 10 | 76 | 19 | Sage Designations |
| Burn, Brian 2021-04-02 | 76 | 21 | 76 | 24 | Sage Designations |
| Burn, Brian 2021-04-02 | 77 | 3 | 77 | 4 | Sage Designations |
| Burn, Brian 2021-04-02 | 77 | 7 | 77 | 10 | Sage Designations |
| Burn, Brian 2021-04-02 | 78 | 1 | 78 | 3 | Sage Designations |
| Burn, Brian 2021-04-02 | 78 | 6 | 78 | 9 | Sage Designations |
| Burn, Brian 2021-04-02 | 78 | 11 | 78 | 13 | Sage Designations |
| Burn, Brian 2021-04-02 | 79 | 11 | 79 | 12 | Sage Designations |
| Burn, Brian 2021-04-02 | 79 | 15 | 79 | 15 | Sage Designations |
| Burn, Brian 2021-04-02 | 79 | 17 | 79 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 79 | 24 | 80 | 1 | Sage Designations |
| Burn, Brian 2021-04-02 | 80 | 3 | 80 | 5 | Sage Designations |
| Burn, Brian 2021-04-02 | 82 | 6 | 82 | 8 | Sage Designations |
| Burn, Brian 2021-04-02 | 82 | 12 | 82 | 12 | Sage Designations |
| Burn, Brian 2021-04-02 | 82 | 14 | 82 | 16 | Sage Designations |
| Burn, Brian 2021-04-02 | 82 | 23 | 82 | 24 | Sage Designations |
| Burn, Brian 2021-04-02 | 83 | 1 | 83 | 1 | Sage Designations |
| Burn, Brian 2021-04-02 | 83 | 7 | 83 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 84 | 9 | 84 | 12 | Sage Designations |
| Burn, Brian 2021-04-02 | 84 | 13 | 84 | 15 | Sage Designations |
| Burn, Brian 2021-04-02 | 84 | 19 | 84 | 22 | Sage Designations |
| Burn, Brian 2021-04-02 | 85 | 6 | 85 | 11 | Sage Designations |
| Burn, Brian 2021-04-02 | 85 | 14 | 85 | 14 | Sage Designations |
| Burn, Brian 2021-04-02 | 85 | 17 | 85 | 17 | Sage Designations |

| | | | | |
|---|---|---|---|---|
| Burn, Brian 2021-04-02 | 86 | 4 | 86 | 8 | Sage Designations |
| Burn, Brian 2021-04-02 | 86 | 12 | 86 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 86 | 20 | 86 | 20 | Sage Designations |
| Burn, Brian 2021-04-02 | 86 | 22 | 86 | 24 | Sage Designations |
| Burn, Brian 2021-04-02 | 87 | 7 | 87 | 8 | Sage Designations |
| Burn, Brian 2021-04-02 | 88 | 1 | 88 | 6 | Sage Designations |
| Burn, Brian 2021-04-02 | 90 | 22 | 90 | 24 | Sage Designations |
| Burn, Brian 2021-04-02 | 91 | 4 | 91 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 91 | 9 | 91 | 11 | Sage Designations |
| Burn, Brian 2021-04-02 | 91 | 15 | 92 | 3 | Sage Designations |
| Burn, Brian 2021-04-02 | 92 | 6 | 92 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 92 | 9 | 92 | 9 | Sage Designations |
| Burn, Brian 2021-04-02 | 92 | 11 | 92 | 15 | Sage Designations |
| Burn, Brian 2021-04-02 | 92 | 17 | 92 | 20 | Sage Designations |
| Burn, Brian 2021-04-02 | 93 | 5 | 93 | 12 | Sage Designations |
| Burn, Brian 2021-04-02 | 93 | 15 | 93 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 93 | 24 | 94 | 8 | Sage Designations |
| Burn, Brian 2021-04-02 | 94 | 10 | 94 | 11 | Sage Designations |
| Burn, Brian 2021-04-02 | 94 | 19 | 94 | 21 | Sage Designations |
| Burn, Brian 2021-04-02 | 95 | 1 | 95 | 1 | Sage Designations |
| Burn, Brian 2021-04-02 | 95 | 10 | 95 | 13 | Sage Designations |
| Burn, Brian 2021-04-02 | 95 | 16 | 95 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 95 | 24 | 96 | 3 | Sage Designations |
| Burn, Brian 2021-04-02 | 96 | 20 | 96 | 23 | Sage Designations |
| Burn, Brian 2021-04-02 | 97 | 2 | 97 | 3 | Sage Designations |
| Burn, Brian 2021-04-02 | 97 | 5 | 97 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 97 | 10 | 97 | 13 | Sage Designations |
| Burn, Brian 2021-04-02 | 98 | 19 | 98 | 22 | Sage Designations |
| Burn, Brian 2021-04-02 | 98 | 24 | 100 | 5 | Sage Designations |
| Burn, Brian 2021-04-02 | 100 | 7 | 100 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 100 | 10 | 100 | 15 | Sage Designations |
| Burn, Brian 2021-04-02 | 100 | 19 | 100 | 20 | Sage Designations |
| Burn, Brian 2021-04-02 | 100 | 22 | 100 | 23 | Sage Designations |
| Burn, Brian 2021-04-02 | 101 | 22 | 102 | 3 | Sage Designations |
| Burn, Brian 2021-04-02 | 102 | 5 | 102 | 6 | Sage Designations |
| Burn, Brian 2021-04-02 | 102 | 16 | 102 | 18 | Sage Designations |
| Burn, Brian 2021-04-02 | 102 | 19 | 102 | 23 | Sage Designations |
| Burn, Brian 2021-04-02 | 102 | 24 | 103 | 12 | Sage Designations |
| Burn, Brian 2021-04-02 | 103 | 13 | 103 | 16 | Sage Designations |
| Burn, Brian 2021-04-02 | 103 | 19 | 103 | 23 | Sage Designations |
| Burn, Brian 2021-04-02 | 104 | 7 | 104 | 9 | Sage Designations |
| Burn, Brian 2021-04-02 | 104 | 10 | 104 | 13 | Sage Designations |
| Burn, Brian 2021-04-02 | 104 | 19 | 104 | 22 | Sage Designations |
| Burn, Brian 2021-04-02 | 105 | 1 | 105 | 4 | Sage Designations |
| Burn, Brian 2021-04-02 | 105 | 6 | 105 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 105 | 20 | 105 | 23 | Sage Designations |
| Burn, Brian 2021-04-02 | 106 | 1 | 106 | 9 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Burn, Brian 2021-04-02 | 106 | 11 | 107 | 13 | Sage Designations |
| Burn, Brian 2021-04-02 | 107 | 14 | 107 | 24 | Sage Designations |
| Burn, Brian 2021-04-02 | 108 | 1 | 108 | 3 | Sage Designations |
| Burn, Brian 2021-04-02 | 111 | 1 | 111 | 5 | Sage Designations |
| Burn, Brian 2021-04-02 | 111 | 12 | 112 | 5 | Sage Designations |
| Burn, Brian 2021-04-02 | 112 | 6 | 112 | 19 | Sage Designations |
| Burn, Brian 2021-04-02 | 115 | 14 | 115 | 16 | Sage Designations |
| Burn, Brian 2021-04-02 | 116 | 23 | 117 | 6 | Sage Designations |
| Burn, Brian 2021-04-02 | 117 | 7 | 117 | 16 | Sage Designations |
| Burn, Brian 2021-04-02 | 119 | 15 | 119 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 119 | 19 | 119 | 21 | Sage Designations |
| Burn, Brian 2021-04-02 | 120 | 2 | 120 | 4 | Sage Designations |
| Burn, Brian 2021-04-02 | 120 | 5 | 120 | 24 | Sage Designations |
| Burn, Brian 2021-04-02 | 121 | 6 | 121 | 13 | Sage Designations |
| Burn, Brian 2021-04-02 | 121 | 15 | 121 | 18 | Sage Designations |
| Burn, Brian 2021-04-02 | 121 | 21 | 122 | 1 | Sage Designations |
| Burn, Brian 2021-04-02 | 122 | 3 | 122 | 11 | Sage Designations |
| Burn, Brian 2021-04-02 | 122 | 12 | 122 | 16 | Sage Designations |
| Burn, Brian 2021-04-02 | 127 | 23 | 128 | 1 | Sage Designations |
| Burn, Brian 2021-04-02 | 128 | 17 | 129 | 14 | Sage Designations |
| Burn, Brian 2021-04-02 | 130 | 8 | 130 | 15 | Sage Designations |
| Burn, Brian 2021-04-02 | 130 | 18 | 130 | 19 | Sage Designations |
| Burn, Brian 2021-04-02 | 134 | 17 | 135 | 13 | Sage Designations |
| Burn, Brian 2021-04-02 | 137 | 1 | 137 | 6 | Sage Designations |
| Burn, Brian 2021-04-02 | 138 | 20 | 139 | 9 | Sage Designations |
| Burn, Brian 2021-04-02 | 139 | 10 | 139 | 16 | Sage Designations |
| Burn, Brian 2021-04-02 | 139 | 20 | 140 | 4 | Sage Designations |
| Burn, Brian 2021-04-02 | 140 | 5 | 140 | 20 | Sage Designations |
| Burn, Brian 2021-04-02 | 141 | 2 | 141 | 16 | Sage Designations |
| Burn, Brian 2021-04-02 | 142 | 1 | 142 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 142 | 14 | 142 | 23 | Sage Designations |
| Burn, Brian 2021-04-02 | 143 | 8 | 143 | 11 | Sage Designations |
| Burn, Brian 2021-04-02 | 151 | 22 | 152 | 4 | Sage Designations |
| Burn, Brian 2021-04-02 | 154 | 24 | 155 | 2 | Sage Designations |
| Burn, Brian 2021-04-02 | 155 | 4 | 155 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 155 | 10 | 155 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 155 | 20 | 155 | 24 | Sage Designations |
| Burn, Brian 2021-04-02 | 159 | 17 | 159 | 19 | Sage Designations |
| Burn, Brian 2021-04-02 | 159 | 21 | 160 | 5 | Sage Designations |
| Burn, Brian 2021-04-02 | 160 | 8 | 160 | 13 | Sage Designations |
| Burn, Brian 2021-04-02 | 160 | 22 | 162 | 2 | Sage Designations |
| Burn, Brian 2021-04-02 | 162 | 5 | 162 | 8 | Sage Designations |
| Burn, Brian 2021-04-02 | 162 | 10 | 162 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 162 | 20 | 163 | 8 | Sage Designations |
| Burn, Brian 2021-04-02 | 163 | 11 | 163 | 21 | Sage Designations |
| Burn, Brian 2021-04-02 | 163 | 22 | 164 | 2 | Sage Designations |
| Burn, Brian 2021-04-02 | 164 | 4 | 164 | 17 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Burn, Brian 2021-04-02 | 164 | 19 | 164 | 22 | Sage Designations |
| Burn, Brian 2021-04-02 | 170 | 14 | 171 | 16 | Sage Designations |
| Burn, Brian 2021-04-02 | 171 | 18 | 171 | 23 | Sage Designations |
| Burn, Brian 2021-04-02 | 172 | 1 | 172 | 3 | Sage Designations |
| Burn, Brian 2021-04-02 | 172 | 21 | 172 | 23 | Sage Designations |
| Burn, Brian 2021-04-02 | 173 | 1 | 173 | 11 | Sage Designations |
| Burn, Brian 2021-04-02 | 176 | 24 | 177 | 22 | Sage Designations |
| Burn, Brian 2021-04-02 | 177 | 23 | 178 | 1 | Sage Designations |
| Burn, Brian 2021-04-02 | 178 | 3 | 178 | 6 | Sage Designations |
| Burn, Brian 2021-04-02 | 178 | 8 | 178 | 9 | Sage Designations |
| Burn, Brian 2021-04-02 | 178 | 11 | 178 | 14 | Sage Designations |
| Burn, Brian 2021-04-02 | 178 | 16 | 178 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 178 | 19 | 179 | 2 | Sage Designations |
| Burn, Brian 2021-04-02 | 179 | 3 | 179 | 6 | Sage Designations |
| Burn, Brian 2021-04-02 | 179 | 9 | 179 | 10 | Sage Designations |
| Burn, Brian 2021-04-02 | 187 | 12 | 187 | 14 | Sage Designations |
| Burn, Brian 2021-04-02 | 187 | 16 | 188 | 9 | Sage Designations |
| Burn, Brian 2021-04-02 | 188 | 10 | 188 | 12 | Sage Designations |
| Burn, Brian 2021-04-02 | 188 | 14 | 191 | 2 | Sage Designations |
| Burn, Brian 2021-04-02 | 191 | 3 | 191 | 5 | Sage Designations |
| Burn, Brian 2021-04-02 | 191 | 7 | 191 | 11 | Sage Designations |
| Burn, Brian 2021-04-02 | 191 | 18 | 192 | 4 | Sage Designations |
| Burn, Brian 2021-04-02 | 192 | 21 | 193 | 1 | Sage Designations |
| Burn, Brian 2021-04-02 | 194 | 22 | 195 | 9 | Sage Designations |
| Burn, Brian 2021-04-02 | 195 | 15 | 195 | 18 | Sage Designations |
| Burn, Brian 2021-04-02 | 196 | 2 | 196 | 4 | Sage Designations |
| Burn, Brian 2021-04-02 | 196 | 6 | 196 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 196 | 20 | 197 | 2 | Sage Designations |
| Burn, Brian 2021-04-02 | 196 | 20 | 197 | 5 | Sage Designations |
| Burn, Brian 2021-04-02 | 196 | 20 | 196 | 23 | Sage Designations |
| Burn, Brian 2021-04-02 | 197 | 4 | 197 | 9 | Sage Designations |
| Burn, Brian 2021-04-02 | 198 | 5 | 198 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 199 | 13 | 199 | 17 | Sage Designations |
| Burn, Brian 2021-04-02 | 202 | 5 | 202 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 202 | 9 | 202 | 12 | Sage Designations |
| Burn, Brian 2021-04-02 | 202 | 15 | 203 | 19 | Sage Designations |
| Burn, Brian 2021-04-02 | 203 | 23 | 203 | 24 | Sage Designations |
| Burn, Brian 2021-04-02 | 204 | 4 | 204 | 5 | Sage Designations |
| Burn, Brian 2021-04-02 | 204 | 7 | 204 | 12 | Sage Designations |
| Burn, Brian 2021-04-02 | 204 | 23 | 205 | 4 | Sage Designations |
| Burn, Brian 2021-04-02 | 205 | 8 | 205 | 14 | Sage Designations |
| Burn, Brian 2021-04-02 | 205 | 17 | 205 | 19 | Sage Designations |
| Burn, Brian 2021-04-02 | 205 | 20 | 206 | 1 | Sage Designations |
| Burn, Brian 2021-04-02 | 206 | 5 | 206 | 15 | Sage Designations |
| Burn, Brian 2021-04-02 | 211 | 11 | 211 | 14 | Sage Designations |
| Burn, Brian 2021-04-02 | 211 | 15 | 211 | 21 | Sage Designations |
| Burn, Brian 2021-04-02 | 211 | 23 | 212 | 1 | Sage Designations |

| Burn, Brian 2021-04-02 | 212 | 3 | 212 | 4 | Sage Designations |
|---|---|---|---|---|---|
| Burn, Brian 2021-04-02 | 212 | 18 | 212 | 23 | Sage Designations |
| Burn, Brian 2021-04-02 | 213 | 3 | 213 | 10 | Sage Designations |
| Burn, Brian 2021-04-02 | 213 | 12 | 213 | 13 | Sage Designations |
| Burn, Brian 2021-04-02 | 218 | 21 | 219 | 15 | Sage Designations |
| Burn, Brian 2021-04-02 | 220 | 11 | 220 | 22 | Sage Designations |
| Burn, Brian 2021-04-02 | 221 | 4 | 221 | 7 | Sage Designations |
| Burn, Brian 2021-04-02 | 221 | 17 | 221 | 19 | Sage Designations |
| Burn, Brian 2021-04-02 | 222 | 9 | 222 | 24 | Sage Designations |
| Burn, Brian 2021-04-02 | 223 | 5 | 223 | 8 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Callan, Edward William | 7 | 12 | 7 | 16 | | Sage Designations |
| Callan, Edward William | 14 | 11 | 14 | 13 | | Sage Designations |
| Callan, Edward William | 15 | 5 | 15 | 9 | | Sage Designations |
| Callan, Edward William | 17 | 9 | 17 | 14 | | Sage Designations |
| Callan, Edward William | 20 | 1 | 20 | 14 | | Sage Designations |
| Callan, Edward William | 21 | 19 | 21 | 21 | | Sage Designations |
| Callan, Edward William | 26 | 12 | 26 | 17 | | Sage Designations |
| Callan, Edward William | 27 | 11 | 27 | 22 | | Sage Designations |
| Callan, Edward William | 28 | 24 | 29 | 11 | | Sage Designations |
| Callan, Edward William | 30 | 8 | 31 | 4 | | Sage Designations |
| Callan, Edward William | 31 | 5 | 31 | 5 | | Sage Designations |
| Callan, Edward William | 31 | 6 | 31 | 8 | | Sage Designations |
| Callan, Edward William | 32 | 1 | 32 | 5 | | Sage Designations |
| Callan, Edward William | 32 | 14 | 32 | 16 | | Sage Designations |
| Callan, Edward William | 32 | 18 | 34 | 15 | | Sage Designations |
| Callan, Edward William | 35 | 17 | 36 | 6 | | Sage Designations |
| Callan, Edward William | 37 | 19 | 38 | 18 | | Sage Designations |
| Callan, Edward William | 39 | 14 | 39 | 25 | | Sage Designations |
| Callan, Edward William | 40 | 25 | 42 | 11 | | Sage Designations |
| Callan, Edward William | 45 | 9 | 45 | 11 | | Sage Designations |
| Callan, Edward William | 46 | 15 | 47 | 11 | | Sage Designations |
| Callan, Edward William | 48 | 1 | 48 | 3 | | Sage Designations |
| Callan, Edward William | 49 | 7 | 49 | 19 | | Sage Designations |
| Callan, Edward William | 57 | 16 | 58 | 2 | | Sage Designations |
| Callan, Edward William | 59 | 9 | 59 | 12 | | Sage Designations |
| Callan, Edward William | 59 | 19 | 60 | 24 | | Sage Designations |
| Callan, Edward William | 61 | 23 | 62 | 3 | | Sage Designations |
| Callan, Edward William | 62 | 11 | 62 | 13 | | Sage Designations |
| Callan, Edward William | 62 | 17 | 63 | 2 | | Sage Designations |
| Callan, Edward William | 63 | 17 | 64 | 15 | | Sage Designations |
| Callan, Edward William | 64 | 20 | 64 | 23 | | Sage Designations |
| Callan, Edward William | 65 | 8 | 65 | 11 | | Sage Designations |
| Callan, Edward William | 65 | 18 | 66 | 3 | | Sage Designations |
| Callan, Edward William | 66 | 9 | 66 | 15 | | Sage Designations |
| Callan, Edward William | 67 | 25 | 68 | 5 | | Sage Designations |
| Callan, Edward William | 68 | 21 | 68 | 25 | | Sage Designations |
| Callan, Edward William | 69 | 4 | 69 | 15 | | Sage Designations |
| Callan, Edward William | 73 | 12 | 73 | 16 | | Sage Designations |
| Callan, Edward William | 74 | 7 | 74 | 7 | | Sage Designations |
| Callan, Edward William | 74 | 8 | 74 | 24 | | Sage Designations |
| Callan, Edward William | 76 | 22 | 77 | 12 | | Sage Designations |
| Callan, Edward William | 79 | 8 | 79 | 20 | | Sage Designations |
| Callan, Edward William | 80 | 3 | 82 | 3 | | Sage Designations |
| Callan, Edward William | 83 | 17 | 83 | 22 | | Sage Designations |
| Callan, Edward William | 84 | 6 | 84 | 21 | | Sage Designations |
| Callan, Edward William | 86 | 20 | 86 | 23 | | Sage Designations |

| Callan, Edward William | 87 | 7  | 87 | 9  | Sage Designations |
| Callan, Edward William | 88 | 2  | 88 | 9  | Sage Designations |
| Callan, Edward William | 88 | 23 | 89 | 10 | Sage Designations |
| Callan, Edward William | 91 | 20 | 92 | 13 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Dy, Ruby 2021-04-14 | 6 | 20 | 7 | 8 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 17 | 16 | 17 | 18 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 17 | 22 | 18 | 2 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 18 | 9 | 18 | 10 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 18 | 12 | 18 | 20 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 20 | 9 | 20 | 11 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 22 | 24 | 23 | 2 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 28 | 6 | 28 | 8 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 31 | 14 | 31 | 23 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 34 | 8 | 34 | 20 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 35 | 10 | 35 | 13 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 35 | 15 | 35 | 23 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 36 | 20 | 36 | 22 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 36 | 24 | 36 | 25 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 37 | 3 | 37 | 11 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 40 | 3 | 40 | 5 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 40 | 7 | 40 | 7 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 40 | 9 | 40 | 11 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 40 | 13 | 40 | 17 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 41 | 6 | 41 | 9 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 41 | 20 | 41 | 20 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 43 | 18 | 43 | 23 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 44 | 25 | 45 | 1 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 45 | 3 | 45 | 8 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 45 | 10 | 45 | 19 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 45 | 22 | 45 | 23 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 46 | 1 | 46 | 9 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 47 | 13 | 47 | 14 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 47 | 18 | 47 | 20 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 48 | 16 | 48 | 23 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 49 | 2 | 49 | 3 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 49 | 7 | 49 | 13 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 49 | 16 | 49 | 22 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 50 | 15 | 50 | 25 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 51 | 3 | 51 | 4 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 52 | 25 | 53 | 5 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 53 | 20 | 53 | 23 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 55 | 8 | 55 | 12 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 55 | 14 | 55 | 14 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 56 | 5 | 56 | 5 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 56 | 9 | 56 | 20 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 56 | 24 | 56 | 25 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 57 | 3 | 57 | 3 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 57 | 5 | 57 | 5 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 58 | 1 | 58 | 13 | | Sage Designations |
| Dy, Ruby 2021-04-14 | 92 | 24 | 93 | 8 | | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Dy, Ruby 2021-04-14 | 93 | 10 | 93 | 11 | Sage Designations |
| Dy, Ruby 2021-04-14 | 93 | 13 | 93 | 22 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Forehand, Joseph | 7 | 15 | 7 | 21 | | Sage Designations |
| Forehand, Joseph | 14 | 4 | 14 | 5 | | Sage Designations |
| Forehand, Joseph | 14 | 15 | 14 | 17 | | Sage Designations |
| Forehand, Joseph | 17 | 8 | 17 | 15 | | Sage Designations |
| Forehand, Joseph | 18 | 6 | 18 | 21 | | Sage Designations |
| Forehand, Joseph | 19 | 4 | 19 | 7 | | Sage Designations |
| Forehand, Joseph | 19 | 9 | 19 | 24 | | Sage Designations |
| Forehand, Joseph | 20 | 2 | 20 | 3 | | Sage Designations |
| Forehand, Joseph | 20 | 5 | 20 | 5 | | Sage Designations |
| Forehand, Joseph | 20 | 7 | 20 | 10 | | Sage Designations |
| Forehand, Joseph | 20 | 15 | 21 | 2 | | Sage Designations |
| Forehand, Joseph | 21 | 4 | 21 | 6 | | Sage Designations |
| Forehand, Joseph | 21 | 9 | 21 | 17 | | Sage Designations |
| Forehand, Joseph | 21 | 24 | 22 | 1 | | Sage Designations |
| Forehand, Joseph | 22 | 18 | 22 | 20 | | Sage Designations |
| Forehand, Joseph | 23 | 7 | 23 | 8 | | Sage Designations |
| Forehand, Joseph | 23 | 10 | 23 | 10 | | Sage Designations |
| Forehand, Joseph | 23 | 12 | 23 | 13 | | Sage Designations |
| Forehand, Joseph | 23 | 15 | 23 | 18 | | Sage Designations |
| Forehand, Joseph | 24 | 1 | 24 | 2 | | Sage Designations |
| Forehand, Joseph | 28 | 3 | 28 | 11 | | Sage Designations |
| Forehand, Joseph | 28 | 13 | 29 | 1 | | Sage Designations |
| Forehand, Joseph | 29 | 5 | 29 | 13 | | Sage Designations |
| Forehand, Joseph | 30 | 3 | 30 | 5 | | Sage Designations |
| Forehand, Joseph | 30 | 7 | 30 | 15 | | Sage Designations |
| Forehand, Joseph | 31 | 20 | 32 | 10 | | Sage Designations |
| Forehand, Joseph | 33 | 11 | 33 | 14 | | Sage Designations |
| Forehand, Joseph | 34 | 13 | 34 | 15 | | Sage Designations |
| Forehand, Joseph | 34 | 18 | 35 | 5 | | Sage Designations |
| Forehand, Joseph | 47 | 3 | 47 | 6 | | Sage Designations |
| Forehand, Joseph | 55 | 14 | 55 | 17 | | Sage Designations |
| Forehand, Joseph | 55 | 21 | 55 | 23 | | Sage Designations |
| Forehand, Joseph | 56 | 3 | 56 | 4 | | Sage Designations |
| Forehand, Joseph | 56 | 7 | 56 | 7 | | Sage Designations |
| Forehand, Joseph | 59 | 19 | 59 | 22 | | Sage Designations |
| Forehand, Joseph | 59 | 25 | 60 | 10 | | Sage Designations |
| Forehand, Joseph | 61 | 7 | 61 | 13 | | Sage Designations |
| Forehand, Joseph | 75 | 13 | 75 | 15 | | Sage Designations |
| Forehand, Joseph | 75 | 20 | 75 | 24 | | Sage Designations |
| Forehand, Joseph | 76 | 12 | 76 | 15 | | Sage Designations |
| Forehand, Joseph | 76 | 17 | 78 | 10 | | Sage Designations |
| Forehand, Joseph | 78 | 25 | 79 | 3 | | Sage Designations |
| Forehand, Joseph | 80 | 5 | 80 | 9 | | Sage Designations |
| Forehand, Joseph | 81 | 6 | 81 | 8 | | Sage Designations |
| Forehand, Joseph | 81 | 20 | 81 | 22 | | Sage Designations |
| Forehand, Joseph | 81 | 25 | 82 | 1 | | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Forehand, Joseph | 82 | 3 | 82 | 5 | Sage Designations |
| Forehand, Joseph | 84 | 18 | 84 | 21 | Sage Designations |
| Forehand, Joseph | 85 | 2 | 85 | 13 | Sage Designations |
| Forehand, Joseph | 85 | 21 | 86 | 3 | Sage Designations |
| Forehand, Joseph | 86 | 7 | 86 | 11 | Sage Designations |
| Forehand, Joseph | 86 | 13 | 86 | 22 | Sage Designations |
| Forehand, Joseph | 87 | 20 | 87 | 24 | Sage Designations |
| Forehand, Joseph | 88 | 7 | 88 | 16 | Sage Designations |
| Forehand, Joseph | 88 | 20 | 88 | 22 | Sage Designations |
| Forehand, Joseph | 89 | 1 | 89 | 1 | Sage Designations |
| Forehand, Joseph | 89 | 9 | 90 | 6 | Sage Designations |
| Forehand, Joseph | 91 | 14 | 91 | 24 | Sage Designations |
| Forehand, Joseph | 92 | 1 | 92 | 2 | Sage Designations |
| Forehand, Joseph | 92 | 11 | 92 | 17 | Sage Designations |
| Forehand, Joseph | 96 | 15 | 96 | 23 | Sage Designations |
| Forehand, Joseph | 96 | 25 | 97 | 7 | Sage Designations |
| Forehand, Joseph | 99 | 4 | 99 | 7 | Sage Designations |
| Forehand, Joseph | 100 | 4 | 100 | 18 | Sage Designations |
| Forehand, Joseph | 115 | 3 | 115 | 7 | Sage Designations |
| Forehand, Joseph | 116 | 12 | 116 | 25 | Sage Designations |
| Forehand, Joseph | 117 | 2 | 117 | 3 | Sage Designations |
| Forehand, Joseph | 118 | 16 | 118 | 23 | Sage Designations |
| Forehand, Joseph | 120 | 24 | 121 | 13 | Sage Designations |
| Forehand, Joseph | 123 | 4 | 123 | 7 | Sage Designations |
| Forehand, Joseph | 123 | 11 | 123 | 18 | Sage Designations |
| Forehand, Joseph | 124 | 1 | 124 | 10 | Sage Designations |
| Forehand, Joseph | 124 | 14 | 124 | 20 | Sage Designations |
| Forehand, Joseph | 134 | 19 | 135 | 12 | Sage Designations |
| Forehand, Joseph | 147 | 12 | 148 | 4 | Sage Designations |
| Forehand, Joseph | 148 | 25 | 149 | 3 | Sage Designations |
| Forehand, Joseph | 150 | 25 | 151 | 17 | Sage Designations |
| Forehand, Joseph | 152 | 13 | 152 | 21 | Sage Designations |
| Forehand, Joseph | 153 | 23 | 154 | 4 | Sage Designations |
| Forehand, Joseph | 157 | 2 | 157 | 6 | Sage Designations |
| Forehand, Joseph | 158 | 7 | 158 | 23 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|------------|--------|--------|------|------|-------|--------|
| Harvie, Mark | 4 | 20 | 4 | 24 | | Sage Designations |
| Harvie, Mark | 7 | 5 | 7 | 7 | | Sage Designations |
| Harvie, Mark | 7 | 17 | 7 | 24 | | Sage Designations |
| Harvie, Mark | 8 | 16 | 8 | 24 | | Sage Designations |
| Harvie, Mark | 9 | 2 | 9 | 4 | | Sage Designations |
| Harvie, Mark | 9 | 7 | 9 | 12 | | Sage Designations |
| Harvie, Mark | 9 | 16 | 10 | 10 | | Sage Designations |
| Harvie, Mark | 10 | 23 | 12 | 10 | | Sage Designations |
| Harvie, Mark | 12 | 20 | 12 | 24 | | Sage Designations |
| Harvie, Mark | 13 | 3 | 13 | 8 | | Sage Designations |
| Harvie, Mark | 13 | 12 | 13 | 23 | | Sage Designations |
| Harvie, Mark | 14 | 1 | 14 | 22 | | Sage Designations |
| Harvie, Mark | 15 | 7 | 16 | 4 | | Sage Designations |
| Harvie, Mark | 16 | 7 | 16 | 7 | | Sage Designations |
| Harvie, Mark | 16 | 13 | 16 | 16 | | Sage Designations |
| Harvie, Mark | 16 | 19 | 16 | 22 | | Sage Designations |
| Harvie, Mark | 17 | 3 | 17 | 7 | | Sage Designations |
| Harvie, Mark | 17 | 11 | 18 | 3 | | Sage Designations |
| Harvie, Mark | 18 | 5 | 18 | 22 | | Sage Designations |
| Harvie, Mark | 19 | 5 | 19 | 14 | | Sage Designations |
| Harvie, Mark | 19 | 23 | 20 | 7 | | Sage Designations |
| Harvie, Mark | 20 | 10 | 20 | 14 | | Sage Designations |
| Harvie, Mark | 20 | 16 | 22 | 12 | | Sage Designations |
| Harvie, Mark | 22 | 15 | 23 | 22 | | Sage Designations |
| Harvie, Mark | 24 | 3 | 24 | 7 | | Sage Designations |
| Harvie, Mark | 24 | 9 | 24 | 11 | | Sage Designations |
| Harvie, Mark | 24 | 14 | 24 | 19 | | Sage Designations |
| Harvie, Mark | 25 | 1 | 25 | 2 | | Sage Designations |
| Harvie, Mark | 25 | 4 | 25 | 23 | | Sage Designations |
| Harvie, Mark | 26 | 4 | 26 | 19 | | Sage Designations |
| Harvie, Mark | 26 | 22 | 27 | 10 | | Sage Designations |
| Harvie, Mark | 27 | 13 | 27 | 13 | | Sage Designations |
| Harvie, Mark | 27 | 19 | 29 | 8 | | Sage Designations |
| Harvie, Mark | 29 | 11 | 29 | 12 | | Sage Designations |
| Harvie, Mark | 29 | 14 | 29 | 19 | | Sage Designations |
| Harvie, Mark | 29 | 22 | 29 | 22 | | Sage Designations |
| Harvie, Mark | 30 | 1 | 30 | 2 | | Sage Designations |
| Harvie, Mark | 30 | 4 | 31 | 22 | | Sage Designations |
| Harvie, Mark | 32 | 1 | 32 | 3 | | Sage Designations |
| Harvie, Mark | 32 | 5 | 32 | 8 | | Sage Designations |
| Harvie, Mark | 32 | 11 | 32 | 13 | | Sage Designations |
| Harvie, Mark | 32 | 15 | 32 | 18 | | Sage Designations |
| Harvie, Mark | 32 | 22 | 33 | 12 | | Sage Designations |
| Harvie, Mark | 33 | 15 | 33 | 17 | | Sage Designations |
| Harvie, Mark | 33 | 20 | 35 | 7 | | Sage Designations |
| Harvie, Mark | 35 | 22 | 35 | 24 | | Sage Designations |

| | | | | |
|---|---|---|---|---|
| Harvie, Mark | 36 | 5 | 36 | 7 | Sage Designations |
| Harvie, Mark | 36 | 10 | 36 | 10 | Sage Designations |
| Harvie, Mark | 36 | 17 | 36 | 17 | Sage Designations |
| Harvie, Mark | 36 | 19 | 36 | 21 | Sage Designations |
| Harvie, Mark | 37 | 1 | 37 | 10 | Sage Designations |
| Harvie, Mark | 37 | 12 | 37 | 15 | Sage Designations |
| Harvie, Mark | 37 | 18 | 37 | 19 | Sage Designations |
| Harvie, Mark | 37 | 21 | 38 | 4 | Sage Designations |
| Harvie, Mark | 38 | 22 | 38 | 24 | Sage Designations |
| Harvie, Mark | 39 | 4 | 39 | 4 | Sage Designations |
| Harvie, Mark | 40 | 13 | 40 | 19 | Sage Designations |
| Harvie, Mark | 40 | 23 | 41 | 24 | Sage Designations |
| Harvie, Mark | 43 | 16 | 43 | 24 | Sage Designations |
| Harvie, Mark | 44 | 8 | 44 | 10 | Sage Designations |
| Harvie, Mark | 44 | 12 | 44 | 15 | Sage Designations |
| Harvie, Mark | 44 | 21 | 46 | 3 | Sage Designations |
| Harvie, Mark | 47 | 8 | 47 | 15 | Sage Designations |
| Harvie, Mark | 47 | 18 | 47 | 20 | Sage Designations |
| Harvie, Mark | 47 | 22 | 48 | 1 | Sage Designations |
| Harvie, Mark | 48 | 14 | 48 | 17 | Sage Designations |
| Harvie, Mark | 48 | 22 | 48 | 24 | Sage Designations |
| Harvie, Mark | 49 | 4 | 49 | 5 | Sage Designations |
| Harvie, Mark | 49 | 7 | 49 | 9 | Sage Designations |
| Harvie, Mark | 49 | 13 | 49 | 15 | Sage Designations |
| Harvie, Mark | 49 | 17 | 49 | 18 | Sage Designations |
| Harvie, Mark | 49 | 22 | 49 | 23 | Sage Designations |
| Harvie, Mark | 50 | 1 | 50 | 4 | Sage Designations |
| Harvie, Mark | 50 | 7 | 50 | 8 | Sage Designations |
| Harvie, Mark | 50 | 12 | 52 | 1 | Sage Designations |
| Harvie, Mark | 52 | 8 | 53 | 20 | Sage Designations |
| Harvie, Mark | 54 | 1 | 54 | 2 | Sage Designations |
| Harvie, Mark | 54 | 5 | 54 | 7 | Sage Designations |
| Harvie, Mark | 54 | 18 | 54 | 19 | Sage Designations |
| Harvie, Mark | 54 | 22 | 54 | 23 | Sage Designations |
| Harvie, Mark | 55 | 17 | 56 | 24 | Sage Designations |
| Harvie, Mark | 56 | 2 | 57 | 1 | Sage Designations |
| Harvie, Mark | 57 | 3 | 58 | 12 | Sage Designations |
| Harvie, Mark | 58 | 15 | 58 | 15 | Sage Designations |
| Harvie, Mark | 58 | 19 | 58 | 20 | Sage Designations |
| Harvie, Mark | 58 | 23 | 59 | 4 | Sage Designations |
| Harvie, Mark | 59 | 9 | 62 | 6 | Sage Designations |
| Harvie, Mark | 62 | 10 | 63 | 6 | Sage Designations |
| Harvie, Mark | 63 | 9 | 63 | 14 | Sage Designations |
| Harvie, Mark | 63 | 17 | 63 | 22 | Sage Designations |
| Harvie, Mark | 64 | 1 | 64 | 1 | Sage Designations |
| Harvie, Mark | 64 | 2 | 66 | 19 | Sage Designations |
| Harvie, Mark | 67 | 1 | 67 | 4 | Sage Designations |

| Harvie, Mark | 67 | 7 | 67 | 7 | Sage Designations |
| Harvie, Mark | 67 | 9 | 69 | 5 | Sage Designations |
| Harvie, Mark | 69 | 1 | 69 | 5 | Sage Designations |
| Harvie, Mark | 69 | 8 | 69 | 12 | Sage Designations |
| Harvie, Mark | 69 | 16 | 69 | 16 | Sage Designations |
| Harvie, Mark | 69 | 20 | 70 | 11 | Sage Designations |
| Harvie, Mark | 71 | 5 | 71 | 11 | Sage Designations |
| Harvie, Mark | 72 | 14 | 72 | 22 | Sage Designations |
| Harvie, Mark | 73 | 2 | 73 | 5 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Mann, Gregory | 4 | 12 | 4 | 19 | | Sage Designations |
| Mann, Gregory | 9 | 7 | 9 | 14 | | Sage Designations |
| Mann, Gregory | 9 | 20 | 9 | 23 | | Sage Designations |
| Mann, Gregory | 10 | 2 | 10 | 13 | | Sage Designations |
| Mann, Gregory | 16 | 12 | 18 | 6 | | Sage Designations |
| Mann, Gregory | 18 | 11 | 19 | 4 | | Sage Designations |
| Mann, Gregory | 19 | 7 | 20 | 14 | | Sage Designations |
| Mann, Gregory | 20 | 19 | 20 | 20 | | Sage Designations |
| Mann, Gregory | 20 | 22 | 21 | 8 | | Sage Designations |
| Mann, Gregory | 21 | 10 | 22 | 3 | | Sage Designations |
| Mann, Gregory | 22 | 5 | 23 | 8 | | Sage Designations |
| Mann, Gregory | 23 | 8 | 23 | 8 | | Sage Designations |
| Mann, Gregory | 23 | 10 | 25 | 21 | | Sage Designations |
| Mann, Gregory | 26 | 3 | 26 | 7 | | Sage Designations |
| Mann, Gregory | 26 | 19 | 27 | 4 | | Sage Designations |
| Mann, Gregory | 27 | 7 | 27 | 8 | | Sage Designations |
| Mann, Gregory | 27 | 10 | 27 | 18 | | Sage Designations |
| Mann, Gregory | 27 | 23 | 28 | 3 | | Sage Designations |
| Mann, Gregory | 28 | 12 | 28 | 19 | | Sage Designations |
| Mann, Gregory | 30 | 18 | 30 | 21 | | Sage Designations |
| Mann, Gregory | 31 | 1 | 31 | 8 | | Sage Designations |
| Mann, Gregory | 32 | 9 | 32 | 24 | | Sage Designations |
| Mann, Gregory | 33 | 20 | 33 | 24 | | Sage Designations |
| Mann, Gregory | 34 | 6 | 34 | 13 | | Sage Designations |
| Mann, Gregory | 34 | 18 | 34 | 21 | | Sage Designations |
| Mann, Gregory | 36 | 8 | 36 | 11 | | Sage Designations |
| Mann, Gregory | 36 | 12 | 36 | 16 | | Sage Designations |
| Mann, Gregory | 37 | 19 | 37 | 24 | | Sage Designations |
| Mann, Gregory | 45 | 22 | 46 | 14 | | Sage Designations |
| Mann, Gregory | 46 | 20 | 46 | 24 | | Sage Designations |
| Mann, Gregory | 48 | 4 | 48 | 10 | | Sage Designations |
| Mann, Gregory | 49 | 11 | 50 | 3 | | Sage Designations |
| Mann, Gregory | 50 | 14 | 50 | 22 | | Sage Designations |
| Mann, Gregory | 51 | 10 | 52 | 2 | | Sage Designations |
| Mann, Gregory | 52 | 10 | 52 | 15 | | Sage Designations |
| Mann, Gregory | 72 | 21 | 73 | 2 | | Sage Designations |
| Mann, Gregory | 73 | 4 | 73 | 17 | | Sage Designations |
| Mann, Gregory | 74 | 1 | 74 | 4 | | Sage Designations |
| Mann, Gregory | 75 | 7 | 75 | 15 | | Sage Designations |
| Mann, Gregory | 75 | 21 | 76 | 10 | | Sage Designations |
| Mann, Gregory | 77 | 1 | 77 | 14 | | Sage Designations |
| Mann, Gregory | 78 | 2 | 78 | 8 | | Sage Designations |
| Mann, Gregory | 79 | 15 | 80 | 4 | | Sage Designations |
| Mann, Gregory | 83 | 19 | 84 | 5 | | Sage Designations |
| Mann, Gregory | 86 | 7 | 86 | 11 | | Sage Designations |
| Mann, Gregory | 88 | 17 | 88 | 20 | | Sage Designations |

| | | | | |
|---|---|---|---|---|
| Mann, Gregory | 95 | 14 | 95 | 19 | Sage Designations |
| Mann, Gregory | 95 | 21 | 96 | 24 | Sage Designations |
| Mann, Gregory | 105 | 10 | 106 | 11 | Sage Designations |
| Mann, Gregory | 108 | 11 | 109 | 4 | Sage Designations |
| Mann, Gregory | 110 | 13 | 111 | 9 | Sage Designations |
| Mann, Gregory | 115 | 3 | 115 | 19 | Sage Designations |
| Mann, Gregory | 115 | 22 | 115 | 22 | Sage Designations |
| Mann, Gregory | 117 | 11 | 118 | 15 | Sage Designations |
| Mann, Gregory | 119 | 12 | 119 | 21 | Sage Designations |
| Mann, Gregory | 121 | 5 | 121 | 12 | Sage Designations |
| Mann, Gregory | 122 | 18 | 122 | 24 | Sage Designations |
| Mann, Gregory | 123 | 1 | 123 | 10 | Sage Designations |
| Mann, Gregory | 134 | 20 | 134 | 24 | Sage Designations |
| Mann, Gregory | 136 | 11 | 136 | 18 | Sage Designations |
| Mann, Gregory | 138 | 1 | 138 | 5 | Sage Designations |
| Mann, Gregory | 138 | 10 | 139 | 15 | Sage Designations |
| Mann, Gregory | 140 | 14 | 140 | 24 | Sage Designations |
| Mann, Gregory | 142 | 17 | 143 | 10 | Sage Designations |
| Mann, Gregory | 143 | 15 | 143 | 19 | Sage Designations |
| Mann, Gregory | 144 | 1 | 145 | 10 | Sage Designations |
| Mann, Gregory | 145 | 22 | 146 | 8 | Sage Designations |
| Mann, Gregory | 146 | 14 | 152 | 15 | Sage Designations |
| Mann, Gregory | 153 | 19 | 154 | 1 | Sage Designations |
| Mann, Gregory | 154 | 4 | 154 | 4 | Sage Designations |
| Mann, Gregory | 154 | 6 | 155 | 3 | Sage Designations |
| Mann, Gregory | 155 | 6 | 156 | 1 | Sage Designations |
| Mann, Gregory | 156 | 7 | 156 | 24 | Sage Designations |
| Mann, Gregory | 158 | 17 | 158 | 24 | Sage Designations |
| Mann, Gregory | 159 | 1 | 159 | 6 | Sage Designations |
| Mann, Gregory | 159 | 7 | 159 | 12 | Sage Designations |
| Mann, Gregory | 160 | 17 | 160 | 22 | Sage Designations |
| Mann, Gregory | 161 | 9 | 161 | 16 | Sage Designations |
| Mann, Gregory | 161 | 20 | 162 | 2 | Sage Designations |
| Mann, Gregory | 162 | 6 | 162 | 8 | Sage Designations |
| Mann, Gregory | 164 | 13 | 164 | 15 | Sage Designations |
| Mann, Gregory | 164 | 21 | 164 | 24 | Sage Designations |
| Mann, Gregory | 164 | 21 | 165 | 16 | Sage Designations |
| Mann, Gregory | 165 | 19 | 166 | 9 | Sage Designations |
| Mann, Gregory | 167 | 24 | 168 | 7 | Sage Designations |
| Mann, Gregory | 169 | 12 | 169 | 17 | Sage Designations |
| Mann, Gregory | 170 | 4 | 170 | 6 | Sage Designations |
| Mann, Gregory | 170 | 23 | 171 | 5 | Sage Designations |
| Mann, Gregory | 172 | 15 | 172 | 24 | Sage Designations |
| Mann, Gregory | 173 | 2 | 173 | 9 | Sage Designations |
| Mann, Gregory | 173 | 22 | 174 | 5 | Sage Designations |
| Mann, Gregory | 174 | 9 | 174 | 13 | Sage Designations |
| Mann, Gregory | 179 | 4 | 179 | 13 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Mann, Gregory | 180 | 20 | 181 | 2 | Sage Designations |
| Mann, Gregory | 183 | 1 | 183 | 19 | Sage Designations |
| Mann, Gregory | 185 | 1 | 185 | 10 | Sage Designations |
| Mann, Gregory | 185 | 13 | 186 | 3 | Sage Designations |
| Mann, Gregory | 186 | 20 | 188 | 20 | Sage Designations |
| Mann, Gregory | 189 | 8 | 189 | 24 | Sage Designations |
| Mann, Gregory | 190 | 5 | 190 | 16 | Sage Designations |
| Mann, Gregory | 191 | 11 | 191 | 15 | Sage Designations |
| Mann, Gregory | 192 | 19 | 192 | 24 | Sage Designations |
| Mann, Gregory | 195 | 9 | 195 | 20 | Sage Designations |
| Mann, Gregory | 195 | 24 | 197 | 2 | Sage Designations |
| Mann, Gregory | 198 | 5 | 198 | 17 | Sage Designations |
| Mann, Gregory | 199 | 12 | 200 | 9 | Sage Designations |
| Mann, Gregory | 200 | 13 | 201 | 15 | Sage Designations |
| Mann, Gregory | 201 | 20 | 203 | 13 | Sage Designations |
| Mann, Gregory | 204 | 1 | 205 | 19 | Sage Designations |
| Mann, Gregory | 206 | 12 | 206 | 21 | Sage Designations |
| Mann, Gregory | 218 | 14 | 218 | 24 | Sage Designations |
| Mann, Gregory | 219 | 20 | 220 | 2 | Sage Designations |
| Mann, Gregory | 220 | 15 | 221 | 20 | Sage Designations |
| Mann, Gregory | 225 | 16 | 226 | 6 | Sage Designations |
| Mann, Gregory | 229 | 5 | 230 | 11 | Sage Designations |
| Mann, Gregory | 232 | 9 | 233 | 6 | Sage Designations |
| Mann, Gregory | 233 | 11 | 233 | 16 | Sage Designations |
| Mann, Gregory | 233 | 18 | 234 | 17 | Sage Designations |
| Mann, Gregory | 235 | 1 | 235 | 13 | Sage Designations |
| Mann, Gregory | 237 | 8 | 237 | 11 | Sage Designations |
| Mann, Gregory | 238 | 20 | 238 | 24 | Sage Designations |
| Mann, Gregory | 240 | 11 | 240 | 21 | Sage Designations |
| Mann, Gregory | 241 | 11 | 241 | 23 | Sage Designations |
| Mann, Gregory | 242 | 8 | 243 | 10 | Sage Designations |
| Mann, Gregory | 243 | 19 | 244 | 2 | Sage Designations |
| Mann, Gregory | 244 | 17 | 245 | 24 | Sage Designations |
| Mann, Gregory | 247 | 1 | 247 | 10 | Sage Designations |
| Mann, Gregory | 247 | 12 | 248 | 14 | Sage Designations |
| Mann, Gregory | 248 | 19 | 248 | 24 | Sage Designations |
| Mann, Gregory | 249 | 2 | 249 | 7 | Sage Designations |
| Mann, Gregory | 249 | 17 | 249 | 24 | Sage Designations |
| Mann, Gregory | 250 | 9 | 250 | 21 | Sage Designations |
| Mann, Gregory | 251 | 23 | 252 | 5 | Sage Designations |
| Mann, Gregory | 252 | 7 | 254 | 22 | Sage Designations |
| Mann, Gregory | 183 | 20 | 184 | 24 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Newton, Raymond | 9 | 15 | 9 | 18 | | Sage Designations |
| Newton, Raymond | 17 | 10 | 17 | 13 | | Sage Designations |
| Newton, Raymond | 18 | 2 | 18 | 5 | | Sage Designations |
| Newton, Raymond | 18 | 25 | 19 | 9 | | Sage Designations |
| Newton, Raymond | 21 | 4 | 21 | 11 | | Sage Designations |
| Newton, Raymond | 21 | 21 | 22 | 7 | | Sage Designations |
| Newton, Raymond | 29 | 12 | 29 | 15 | | Sage Designations |
| Newton, Raymond | 33 | 17 | 33 | 25 | | Sage Designations |
| Newton, Raymond | 34 | 2 | 34 | 5 | | Sage Designations |
| Newton, Raymond | 35 | 19 | 35 | 20 | | Sage Designations |
| Newton, Raymond | 35 | 22 | 36 | 3 | | Sage Designations |
| Newton, Raymond | 36 | 10 | 36 | 18 | | Sage Designations |
| Newton, Raymond | 37 | 12 | 38 | 6 | | Sage Designations |
| Newton, Raymond | 38 | 8 | 38 | 14 | | Sage Designations |
| Newton, Raymond | 38 | 17 | 38 | 23 | | Sage Designations |
| Newton, Raymond | 38 | 25 | 39 | 4 | | Sage Designations |
| Newton, Raymond | 39 | 14 | 40 | 14 | | Sage Designations |
| Newton, Raymond | 43 | 5 | 43 | 13 | | Sage Designations |
| Newton, Raymond | 43 | 15 | 44 | 12 | | Sage Designations |
| Newton, Raymond | 44 | 15 | 44 | 23 | | Sage Designations |
| Newton, Raymond | 44 | 25 | 45 | 2 | | Sage Designations |
| Newton, Raymond | 45 | 4 | 45 | 11 | | Sage Designations |
| Newton, Raymond | 45 | 22 | 45 | 23 | | Sage Designations |
| Newton, Raymond | 45 | 25 | 46 | 7 | | Sage Designations |
| Newton, Raymond | 46 | 10 | 46 | 11 | | Sage Designations |
| Newton, Raymond | 46 | 21 | 46 | 22 | | Sage Designations |
| Newton, Raymond | 46 | 25 | 47 | 13 | | Sage Designations |
| Newton, Raymond | 47 | 15 | 47 | 17 | | Sage Designations |
| Newton, Raymond | 47 | 19 | 47 | 22 | | Sage Designations |
| Newton, Raymond | 48 | 5 | 48 | 8 | | Sage Designations |
| Newton, Raymond | 48 | 11 | 48 | 14 | | Sage Designations |
| Newton, Raymond | 48 | 16 | 48 | 16 | | Sage Designations |
| Newton, Raymond | 48 | 18 | 49 | 1 | | Sage Designations |
| Newton, Raymond | 49 | 5 | 49 | 6 | | Sage Designations |
| Newton, Raymond | 49 | 8 | 49 | 10 | | Sage Designations |
| Newton, Raymond | 49 | 22 | 49 | 23 | | Sage Designations |
| Newton, Raymond | 49 | 25 | 49 | 25 | | Sage Designations |
| Newton, Raymond | 50 | 7 | 50 | 10 | | Sage Designations |
| Newton, Raymond | 50 | 12 | 51 | 2 | | Sage Designations |
| Newton, Raymond | 52 | 1 | 52 | 20 | | Sage Designations |
| Newton, Raymond | 52 | 22 | 53 | 19 | | Sage Designations |
| Newton, Raymond | 56 | 3 | 56 | 21 | | Sage Designations |
| Newton, Raymond | 57 | 4 | 57 | 15 | | Sage Designations |
| Newton, Raymond | 57 | 18 | 57 | 23 | | Sage Designations |
| Newton, Raymond | 58 | 14 | 59 | 5 | | Sage Designations |
| Newton, Raymond | 60 | 2 | 60 | 11 | | Sage Designations |

| Newton, Raymond | 71  | 7  | 71  | 24 | Sage Designations |
|-----------------|-----|----|-----|----|-------------------|
| Newton, Raymond | 76  | 2  | 76  | 7  | Sage Designations |
| Newton, Raymond | 76  | 9  | 76  | 10 | Sage Designations |
| Newton, Raymond | 76  | 22 | 77  | 4  | Sage Designations |
| Newton, Raymond | 77  | 12 | 77  | 16 | Sage Designations |
| Newton, Raymond | 77  | 19 | 77  | 20 | Sage Designations |
| Newton, Raymond | 77  | 23 | 78  | 11 | Sage Designations |
| Newton, Raymond | 78  | 14 | 78  | 16 | Sage Designations |
| Newton, Raymond | 84  | 14 | 85  | 7  | Sage Designations |
| Newton, Raymond | 85  | 22 | 85  | 25 | Sage Designations |
| Newton, Raymond | 87  | 14 | 88  | 4  | Sage Designations |
| Newton, Raymond | 91  | 24 | 92  | 2  | Sage Designations |
| Newton, Raymond | 96  | 5  | 97  | 16 | Sage Designations |
| Newton, Raymond | 97  | 23 | 98  | 1  | Sage Designations |
| Newton, Raymond | 98  | 5  | 98  | 8  | Sage Designations |
| Newton, Raymond | 104 | 2  | 104 | 13 | Sage Designations |
| Newton, Raymond | 104 | 18 | 104 | 25 | Sage Designations |
| Newton, Raymond | 107 | 11 | 108 | 25 | Sage Designations |
| Newton, Raymond | 109 | 6  | 109 | 16 | Sage Designations |
| Newton, Raymond | 110 | 1  | 110 | 10 | Sage Designations |
| Newton, Raymond | 111 | 3  | 111 | 11 | Sage Designations |
| Newton, Raymond | 112 | 22 | 112 | 25 | Sage Designations |
| Newton, Raymond | 113 | 2  | 113 | 5  | Sage Designations |
| Newton, Raymond | 115 | 23 | 116 | 1  | Sage Designations |
| Newton, Raymond | 117 | 5  | 117 | 7  | Sage Designations |
| Newton, Raymond | 117 | 18 | 117 | 22 | Sage Designations |
| Newton, Raymond | 117 | 24 | 117 | 24 | Sage Designations |
| Newton, Raymond | 118 | 15 | 118 | 19 | Sage Designations |
| Newton, Raymond | 118 | 21 | 118 | 25 | Sage Designations |
| Newton, Raymond | 119 | 2  | 119 | 3  | Sage Designations |
| Newton, Raymond | 119 | 22 | 120 | 4  | Sage Designations |
| Newton, Raymond | 120 | 13 | 120 | 14 | Sage Designations |
| Newton, Raymond | 120 | 16 | 120 | 22 | Sage Designations |
| Newton, Raymond | 120 | 24 | 120 | 24 | Sage Designations |
| Newton, Raymond | 121 | 2  | 121 | 4  | Sage Designations |
| Newton, Raymond | 121 | 7  | 121 | 9  | Sage Designations |
| Newton, Raymond | 121 | 11 | 121 | 21 | Sage Designations |
| Newton, Raymond | 125 | 11 | 126 | 3  | Sage Designations |
| Newton, Raymond | 126 | 6  | 126 | 8  | Sage Designations |
| Newton, Raymond | 126 | 10 | 126 | 13 | Sage Designations |
| Newton, Raymond | 127 | 23 | 127 | 25 | Sage Designations |
| Newton, Raymond | 128 | 3  | 128 | 4  | Sage Designations |
| Newton, Raymond | 128 | 8  | 128 | 10 | Sage Designations |
| Newton, Raymond | 128 | 13 | 129 | 3  | Sage Designations |
| Newton, Raymond | 129 | 5  | 129 | 12 | Sage Designations |
| Newton, Raymond | 129 | 14 | 129 | 15 | Sage Designations |
| Newton, Raymond | 129 | 17 | 129 | 19 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Newton, Raymond | 132 | 13 | 133 | 2 | Sage Designations |
| Newton, Raymond | 133 | 5 | 133 | 13 | Sage Designations |
| Newton, Raymond | 133 | 19 | 133 | 23 | Sage Designations |
| Newton, Raymond | 134 | 1 | 134 | 2 | Sage Designations |
| Newton, Raymond | 134 | 11 | 134 | 14 | Sage Designations |
| Newton, Raymond | 134 | 16 | 135 | 1 | Sage Designations |
| Newton, Raymond | 136 | 10 | 136 | 25 | Sage Designations |
| Newton, Raymond | 139 | 12 | 139 | 20 | Sage Designations |
| Newton, Raymond | 139 | 25 | 140 | 2 | Sage Designations |
| Newton, Raymond | 140 | 4 | 140 | 7 | Sage Designations |
| Newton, Raymond | 141 | 12 | 142 | 5 | Sage Designations |
| Newton, Raymond | 142 | 8 | 142 | 14 | Sage Designations |
| Newton, Raymond | 142 | 20 | 143 | 1 | Sage Designations |
| Newton, Raymond | 144 | 2 | 144 | 7 | Sage Designations |
| Newton, Raymond | 144 | 9 | 144 | 10 | Sage Designations |
| Newton, Raymond | 144 | 12 | 145 | 10 | Sage Designations |
| Newton, Raymond | 145 | 22 | 145 | 24 | Sage Designations |
| Newton, Raymond | 146 | 3 | 146 | 6 | Sage Designations |
| Newton, Raymond | 146 | 8 | 146 | 14 | Sage Designations |
| Newton, Raymond | 146 | 16 | 146 | 17 | Sage Designations |
| Newton, Raymond | 146 | 19 | 146 | 25 | Sage Designations |
| Newton, Raymond | 148 | 15 | 148 | 17 | Sage Designations |
| Newton, Raymond | 153 | 9 | 153 | 12 | Sage Designations |
| Newton, Raymond | 153 | 22 | 154 | 7 | Sage Designations |
| Newton, Raymond | 154 | 10 | 155 | 10 | Sage Designations |
| Newton, Raymond | 155 | 13 | 155 | 16 | Sage Designations |
| Newton, Raymond | 156 | 11 | 156 | 13 | Sage Designations |
| Newton, Raymond | 156 | 16 | 156 | 25 | Sage Designations |
| Newton, Raymond | 157 | 3 | 157 | 4 | Sage Designations |
| Newton, Raymond | 157 | 7 | 157 | 9 | Sage Designations |
| Newton, Raymond | 157 | 14 | 157 | 20 | Sage Designations |
| Newton, Raymond | 158 | 2 | 158 | 5 | Sage Designations |
| Newton, Raymond | 160 | 12 | 160 | 16 | Sage Designations |
| Newton, Raymond | 160 | 19 | 160 | 23 | Sage Designations |
| Newton, Raymond | 163 | 2 | 163 | 11 | Sage Designations |
| Newton, Raymond | 163 | 23 | 163 | 24 | Sage Designations |
| Newton, Raymond | 164 | 1 | 164 | 3 | Sage Designations |
| Newton, Raymond | 164 | 5 | 164 | 8 | Sage Designations |
| Newton, Raymond | 164 | 12 | 164 | 14 | Sage Designations |
| Newton, Raymond | 164 | 25 | 165 | 11 | Sage Designations |
| Newton, Raymond | 165 | 13 | 165 | 13 | Sage Designations |
| Newton, Raymond | 165 | 16 | 165 | 21 | Sage Designations |
| Newton, Raymond | 166 | 6 | 166 | 19 | Sage Designations |
| Newton, Raymond | 167 | 4 | 168 | 8 | Sage Designations |
| Newton, Raymond | 168 | 10 | 168 | 17 | Sage Designations |
| Newton, Raymond | 168 | 21 | 168 | 23 | Sage Designations |
| Newton, Raymond | 169 | 3 | 169 | 4 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Newton, Raymond | 169 | 7 | 169 | 9 | Sage Designations |
| Newton, Raymond | 170 | 3 | 170 | 11 | Sage Designations |
| Newton, Raymond | 170 | 14 | 170 | 18 | Sage Designations |
| Newton, Raymond | 171 | 9 | 171 | 16 | Sage Designations |
| Newton, Raymond | 171 | 19 | 171 | 25 | Sage Designations |
| Newton, Raymond | 172 | 2 | 172 | 6 | Sage Designations |
| Newton, Raymond | 172 | 9 | 173 | 10 | Sage Designations |
| Newton, Raymond | 173 | 12 | 173 | 20 | Sage Designations |
| Newton, Raymond | 174 | 13 | 174 | 15 | Sage Designations |
| Newton, Raymond | 174 | 18 | 174 | 19 | Sage Designations |
| Newton, Raymond | 175 | 22 | 175 | 25 | Sage Designations |
| Newton, Raymond | 176 | 21 | 176 | 24 | Sage Designations |
| Newton, Raymond | 177 | 2 | 177 | 4 | Sage Designations |
| Newton, Raymond | 179 | 1 | 179 | 11 | Sage Designations |
| Newton, Raymond | 179 | 13 | 179 | 14 | Sage Designations |
| Newton, Raymond | 179 | 17 | 179 | 22 | Sage Designations |
| Newton, Raymond | 180 | 20 | 181 | 4 | Sage Designations |
| Newton, Raymond | 181 | 13 | 181 | 15 | Sage Designations |
| Newton, Raymond | 181 | 18 | 181 | 19 | Sage Designations |
| Newton, Raymond | 182 | 2 | 182 | 5 | Sage Designations |
| Newton, Raymond | 182 | 8 | 182 | 9 | Sage Designations |
| Newton, Raymond | 182 | 12 | 182 | 13 | Sage Designations |
| Newton, Raymond | 182 | 15 | 182 | 18 | Sage Designations |
| Newton, Raymond | 182 | 21 | 182 | 25 | Sage Designations |
| Newton, Raymond | 183 | 4 | 183 | 13 | Sage Designations |
| Newton, Raymond | 185 | 1 | 185 | 9 | Sage Designations |
| Newton, Raymond | 185 | 12 | 185 | 12 | Sage Designations |
| Newton, Raymond | 186 | 12 | 186 | 20 | Sage Designations |
| Newton, Raymond | 186 | 23 | 186 | 24 | Sage Designations |
| Newton, Raymond | 187 | 2 | 187 | 3 | Sage Designations |
| Newton, Raymond | 187 | 6 | 187 | 10 | Sage Designations |
| Newton, Raymond | 187 | 14 | 187 | 17 | Sage Designations |
| Newton, Raymond | 187 | 19 | 187 | 23 | Sage Designations |
| Newton, Raymond | 188 | 17 | 188 | 18 | Sage Designations |
| Newton, Raymond | 188 | 20 | 189 | 5 | Sage Designations |
| Newton, Raymond | 189 | 8 | 190 | 2 | Sage Designations |
| Newton, Raymond | 190 | 5 | 190 | 6 | Sage Designations |
| Newton, Raymond | 190 | 8 | 190 | 9 | Sage Designations |
| Newton, Raymond | 191 | 4 | 191 | 7 | Sage Designations |
| Newton, Raymond | 191 | 11 | 191 | 19 | Sage Designations |
| Newton, Raymond | 191 | 24 | 191 | 25 | Sage Designations |
| Newton, Raymond | 192 | 3 | 192 | 6 | Sage Designations |
| Newton, Raymond | 192 | 8 | 192 | 11 | Sage Designations |
| Newton, Raymond | 192 | 13 | 192 | 16 | Sage Designations |
| Newton, Raymond | 192 | 19 | 192 | 20 | Sage Designations |
| Newton, Raymond | 193 | 8 | 193 | 16 | Sage Designations |
| Newton, Raymond | 193 | 19 | 193 | 19 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Newton, Raymond | 193 | 21 | 193 | 25 | Sage Designations |
| Newton, Raymond | 194 | 3 | 194 | 3 | Sage Designations |
| Newton, Raymond | 194 | 5 | 194 | 6 | Sage Designations |
| Newton, Raymond | 194 | 8 | 194 | 12 | Sage Designations |
| Newton, Raymond | 194 | 15 | 194 | 19 | Sage Designations |
| Newton, Raymond | 194 | 21 | 194 | 21 | Sage Designations |
| Newton, Raymond | 195 | 3 | 195 | 9 | Sage Designations |
| Newton, Raymond | 195 | 12 | 195 | 18 | Sage Designations |
| Newton, Raymond | 195 | 23 | 196 | 1 | Sage Designations |
| Newton, Raymond | 196 | 5 | 196 | 11 | Sage Designations |
| Newton, Raymond | 197 | 22 | 198 | 3 | Sage Designations |
| Newton, Raymond | 198 | 6 | 198 | 13 | Sage Designations |
| Newton, Raymond | 199 | 6 | 199 | 9 | Sage Designations |
| Newton, Raymond | 199 | 12 | 199 | 19 | Sage Designations |
| Newton, Raymond | 199 | 23 | 199 | 25 | Sage Designations |
| Newton, Raymond | 200 | 2 | 200 | 4 | Sage Designations |
| Newton, Raymond | 200 | 7 | 200 | 11 | Sage Designations |
| Newton, Raymond | 200 | 14 | 200 | 21 | Sage Designations |
| Newton, Raymond | 201 | 15 | 201 | 18 | Sage Designations |
| Newton, Raymond | 201 | 21 | 201 | 25 | Sage Designations |
| Newton, Raymond | 202 | 3 | 202 | 3 | Sage Designations |
| Newton, Raymond | 202 | 16 | 202 | 18 | Sage Designations |
| Newton, Raymond | 202 | 22 | 202 | 23 | Sage Designations |
| Newton, Raymond | 203 | 1 | 203 | 5 | Sage Designations |
| Newton, Raymond | 203 | 11 | 203 | 13 | Sage Designations |
| Newton, Raymond | 203 | 16 | 203 | 23 | Sage Designations |
| Newton, Raymond | 204 | 1 | 204 | 1 | Sage Designations |
| Newton, Raymond | 204 | 3 | 204 | 5 | Sage Designations |
| Newton, Raymond | 204 | 7 | 204 | 7 | Sage Designations |
| Newton, Raymond | 204 | 9 | 204 | 11 | Sage Designations |
| Newton, Raymond | 204 | 14 | 204 | 17 | Sage Designations |
| Newton, Raymond | 204 | 19 | 204 | 22 | Sage Designations |
| Newton, Raymond | 204 | 25 | 205 | 4 | Sage Designations |
| Newton, Raymond | 205 | 7 | 205 | 8 | Sage Designations |
| Newton, Raymond | 205 | 10 | 205 | 11 | Sage Designations |
| Newton, Raymond | 205 | 14 | 205 | 20 | Sage Designations |
| Newton, Raymond | 208 | 3 | 208 | 10 | Sage Designations |
| Newton, Raymond | 208 | 12 | 208 | 13 | Sage Designations |
| Newton, Raymond | 208 | 23 | 208 | 24 | Sage Designations |
| Newton, Raymond | 209 | 1 | 209 | 1 | Sage Designations |
| Newton, Raymond | 209 | 11 | 209 | 12 | Sage Designations |
| Newton, Raymond | 209 | 15 | 209 | 20 | Sage Designations |
| Newton, Raymond | 209 | 22 | 210 | 1 | Sage Designations |
| Newton, Raymond | 210 | 21 | 210 | 23 | Sage Designations |
| Newton, Raymond | 211 | 1 | 211 | 6 | Sage Designations |
| Newton, Raymond | 211 | 9 | 211 | 9 | Sage Designations |
| Newton, Raymond | 212 | 23 | 213 | 4 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Newton, Raymond | 213 | 7 | 213 | 7 | Sage Designations |
| Newton, Raymond | 213 | 17 | 213 | 18 | Sage Designations |
| Newton, Raymond | 213 | 21 | 213 | 25 | Sage Designations |
| Newton, Raymond | 214 | 3 | 214 | 4 | Sage Designations |
| Newton, Raymond | 214 | 15 | 214 | 16 | Sage Designations |
| Newton, Raymond | 214 | 19 | 214 | 22 | Sage Designations |
| Newton, Raymond | 214 | 25 | 215 | 1 | Sage Designations |
| Newton, Raymond | 215 | 15 | 215 | 17 | Sage Designations |
| Newton, Raymond | 215 | 20 | 215 | 25 | Sage Designations |
| Newton, Raymond | 218 | 5 | 218 | 7 | Sage Designations |
| Newton, Raymond | 218 | 10 | 218 | 10 | Sage Designations |
| Newton, Raymond | 218 | 12 | 218 | 15 | Sage Designations |
| Newton, Raymond | 218 | 17 | 218 | 23 | Sage Designations |
| Newton, Raymond | 219 | 1 | 219 | 6 | Sage Designations |
| Newton, Raymond | 219 | 19 | 219 | 20 | Sage Designations |
| Newton, Raymond | 219 | 23 | 219 | 24 | Sage Designations |
| Newton, Raymond | 220 | 2 | 220 | 3 | Sage Designations |
| Newton, Raymond | 220 | 5 | 220 | 10 | Sage Designations |
| Newton, Raymond | 220 | 12 | 220 | 13 | Sage Designations |
| Newton, Raymond | 220 | 17 | 220 | 18 | Sage Designations |
| Newton, Raymond | 220 | 21 | 220 | 23 | Sage Designations |
| Newton, Raymond | 222 | 14 | 222 | 17 | Sage Designations |
| Newton, Raymond | 222 | 21 | 222 | 22 | Sage Designations |
| Newton, Raymond | 224 | 21 | 224 | 25 | Sage Designations |
| Newton, Raymond | 225 | 11 | 225 | 14 | Sage Designations |
| Newton, Raymond | 227 | 15 | 227 | 17 | Sage Designations |
| Newton, Raymond | 229 | 1 | 229 | 3 | Sage Designations |
| Newton, Raymond | 236 | 21 | 236 | 23 | Sage Designations |
| Newton, Raymond | 236 | 25 | 236 | 25 | Sage Designations |
| Newton, Raymond | 238 | 2 | 238 | 11 | Sage Designations |
| Newton, Raymond | 238 | 13 | 238 | 17 | Sage Designations |
| Newton, Raymond | 240 | 8 | 240 | 9 | Sage Designations |
| Newton, Raymond | 240 | 12 | 241 | 1 | Sage Designations |
| Newton, Raymond | 241 | 4 | 241 | 8 | Sage Designations |
| Newton, Raymond | 241 | 20 | 241 | 23 | Sage Designations |
| Newton, Raymond | 241 | 25 | 242 | 8 | Sage Designations |
| Newton, Raymond | 242 | 11 | 242 | 24 | Sage Designations |
| Newton, Raymond | 243 | 2 | 243 | 9 | Sage Designations |
| Newton, Raymond | 244 | 19 | 245 | 17 | Sage Designations |
| Newton, Raymond | 246 | 15 | 246 | 20 | Sage Designations |
| Newton, Raymond | 246 | 23 | 247 | 13 | Sage Designations |
| Newton, Raymond | 248 | 8 | 248 | 12 | Sage Designations |
| Newton, Raymond | 248 | 15 | 248 | 19 | Sage Designations |
| Newton, Raymond | 251 | 4 | 251 | 11 | Sage Designations |
| Newton, Raymond | 251 | 16 | 252 | 2 | Sage Designations |
| Newton, Raymond | 252 | 6 | 252 | 7 | Sage Designations |
| Newton, Raymond | 252 | 10 | 252 | 14 | Sage Designations |

| Newton, Raymond | 252 | 17 | 252 | 19 | Sage Designations |
|---|---|---|---|---|---|
| Newton, Raymond | 254 | 1 | 254 | 3 | Sage Designations |
| Newton, Raymond | 254 | 6 | 254 | 10 | Sage Designations |
| Newton, Raymond | 254 | 13 | 254 | 13 | Sage Designations |
| Newton, Raymond | 256 | 23 | 257 | 3 | Sage Designations |
| Newton, Raymond | 257 | 13 | 257 | 19 | Sage Designations |
| Newton, Raymond | 258 | 22 | 258 | 25 | Sage Designations |
| Newton, Raymond | 259 | 16 | 259 | 17 | Sage Designations |
| Newton, Raymond | 259 | 19 | 260 | 24 | Sage Designations |
| Newton, Raymond | 261 | 3 | 261 | 5 | Sage Designations |
| Newton, Raymond | 262 | 7 | 262 | 25 | Sage Designations |
| Newton, Raymond | 263 | 19 | 263 | 22 | Sage Designations |
| Newton, Raymond | 264 | 8 | 264 | 24 | Sage Designations |
| Newton, Raymond | 265 | 1 | 265 | 2 | Sage Designations |
| Newton, Raymond | 265 | 9 | 265 | 15 | Sage Designations |
| Newton, Raymond | 265 | 18 | 265 | 19 | Sage Designations |
| Newton, Raymond | 267 | 24 | 268 | 16 | Sage Designations |
| Newton, Raymond | 269 | 3 | 269 | 9 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Sanchez, Ph_D_ , Robert A | 9 | 3 | 9 | 10 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 16 | 17 | 16 | 20 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 16 | 23 | 16 | 24 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 17 | 2 | 17 | 5 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 21 | 4 | 21 | 8 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 21 | 12 | 21 | 14 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 21 | 21 | 21 | 23 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 22 | 3 | 22 | 5 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 22 | 16 | 22 | 18 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 22 | 23 | 23 | 13 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 23 | 16 | 23 | 17 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 23 | 19 | 24 | 9 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 25 | 14 | 25 | 16 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 25 | 18 | 25 | 19 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 26 | 2 | 26 | 7 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 26 | 10 | 26 | 11 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 26 | 24 | 27 | 5 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 27 | 22 | 27 | 25 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 28 | 2 | 28 | 5 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 28 | 7 | 28 | 11 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 28 | 13 | 28 | 18 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 30 | 4 | 30 | 5 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 30 | 8 | 30 | 8 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 35 | 23 | 35 | 24 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 36 | 2 | 36 | 2 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 36 | 15 | 36 | 17 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 36 | 21 | 36 | 24 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 37 | 2 | 37 | 8 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 37 | 11 | 37 | 16 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 37 | 20 | 37 | 22 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 37 | 25 | 38 | 3 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 38 | 5 | 38 | 5 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 39 | 2 | 39 | 12 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 39 | 16 | 39 | 19 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 40 | 2 | 40 | 9 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 40 | 15 | 40 | 16 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 40 | 18 | 41 | 13 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 41 | 17 | 41 | 19 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 41 | 22 | 42 | 10 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 42 | 18 | 42 | 21 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 43 | 22 | 44 | 1 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 44 | 3 | 44 | 11 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 44 | 13 | 44 | 13 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 45 | 1 | 45 | 7 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 45 | 9 | 45 | 10 | | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 45 | 12 | 45 | 13 | | Sage Designations |

| Sanchez, Ph_D_ , Robert A | 45 | 21 | 45 | 22 | Sage Designations |
|---|---|---|---|---|---|
| Sanchez, Ph_D_ , Robert A | 45 | 25 | 45 | 25 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 46 | 2 | 46 | 4 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 46 | 7 | 46 | 11 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 46 | 14 | 46 | 21 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 47 | 17 | 47 | 19 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 47 | 23 | 47 | 25 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 48 | 3 | 48 | 3 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 50 | 11 | 51 | 5 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 51 | 7 | 51 | 10 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 51 | 12 | 52 | 5 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 52 | 21 | 52 | 25 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 53 | 10 | 54 | 8 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 54 | 14 | 54 | 25 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 55 | 22 | 55 | 24 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 56 | 1 | 56 | 2 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 56 | 21 | 56 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 56 | 25 | 57 | 9 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 59 | 17 | 59 | 18 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 59 | 20 | 59 | 20 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 60 | 7 | 60 | 13 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 60 | 22 | 61 | 7 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 61 | 10 | 61 | 19 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 61 | 22 | 61 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 62 | 15 | 62 | 19 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 62 | 25 | 63 | 12 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 64 | 4 | 64 | 22 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 64 | 24 | 64 | 24 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 65 | 2 | 65 | 13 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 65 | 21 | 66 | 12 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 66 | 15 | 66 | 15 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 66 | 18 | 66 | 25 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 67 | 5 | 67 | 7 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 67 | 10 | 67 | 11 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 68 | 4 | 68 | 6 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 68 | 8 | 68 | 8 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 68 | 10 | 68 | 15 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 68 | 17 | 68 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 69 | 7 | 69 | 18 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 70 | 9 | 70 | 14 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 71 | 22 | 71 | 25 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 72 | 5 | 72 | 6 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 72 | 19 | 73 | 5 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 73 | 14 | 73 | 15 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 73 | 17 | 73 | 18 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 73 | 20 | 73 | 20 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 74 | 23 | 75 | 1 | Sage Designations |

| Sanchez, Ph_D_ , Robert A | 75 | 3 | 75 | 3 | Sage Designations |
|---|---|---|---|---|---|
| Sanchez, Ph_D_ , Robert A | 75 | 8 | 75 | 12 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 75 | 15 | 75 | 16 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 75 | 18 | 75 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 76 | 2 | 76 | 5 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 76 | 8 | 76 | 14 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 76 | 17 | 76 | 19 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 76 | 21 | 77 | 6 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 77 | 14 | 77 | 17 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 77 | 21 | 77 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 78 | 1 | 78 | 1 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 78 | 12 | 78 | 15 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 78 | 20 | 78 | 22 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 78 | 25 | 78 | 25 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 79 | 2 | 79 | 4 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 80 | 13 | 80 | 16 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 80 | 19 | 80 | 19 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 81 | 16 | 81 | 20 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 82 | 1 | 82 | 1 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 83 | 1 | 83 | 2 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 83 | 5 | 83 | 16 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 83 | 18 | 83 | 25 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 84 | 5 | 84 | 11 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 84 | 15 | 84 | 16 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 84 | 19 | 84 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 85 | 5 | 85 | 14 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 85 | 18 | 86 | 4 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 86 | 14 | 86 | 16 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 86 | 19 | 86 | 22 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 86 | 24 | 87 | 6 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 87 | 11 | 87 | 14 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 87 | 22 | 88 | 11 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 88 | 14 | 88 | 18 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 88 | 21 | 88 | 22 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 88 | 24 | 89 | 3 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 89 | 5 | 89 | 12 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 90 | 9 | 90 | 12 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 90 | 15 | 90 | 18 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 90 | 20 | 90 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 91 | 1 | 91 | 2 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 91 | 5 | 91 | 8 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 91 | 11 | 91 | 13 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 94 | 10 | 94 | 16 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 94 | 25 | 95 | 7 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 95 | 14 | 95 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 96 | 1 | 96 | 5 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 96 | 8 | 96 | 13 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Sanchez, Ph_D_ , Robert A | 96 | 16 | 96 | 18 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 96 | 21 | 97 | 1 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 97 | 4 | 97 | 4 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 97 | 8 | 98 | 5 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 99 | 12 | 99 | 13 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 99 | 16 | 99 | 16 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 101 | 12 | 101 | 14 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 101 | 16 | 101 | 16 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 101 | 19 | 101 | 22 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 102 | 3 | 103 | 8 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 103 | 11 | 103 | 12 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 103 | 19 | 103 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 104 | 14 | 104 | 24 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 105 | 2 | 105 | 7 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 105 | 14 | 105 | 20 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 105 | 22 | 105 | 22 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 105 | 25 | 106 | 3 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 106 | 6 | 106 | 9 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 106 | 12 | 106 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 107 | 22 | 108 | 2 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 108 | 5 | 108 | 5 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 108 | 7 | 108 | 10 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 108 | 15 | 108 | 22 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 108 | 25 | 108 | 25 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 109 | 2 | 109 | 6 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 110 | 22 | 111 | 7 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 112 | 23 | 113 | 2 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 114 | 16 | 115 | 1 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 115 | 9 | 115 | 22 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 121 | 4 | 121 | 6 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 121 | 8 | 121 | 10 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 121 | 12 | 121 | 25 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 122 | 12 | 122 | 17 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 122 | 22 | 122 | 25 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 123 | 1 | 123 | 6 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 123 | 9 | 123 | 10 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 124 | 5 | 124 | 8 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 125 | 4 | 125 | 7 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 125 | 14 | 126 | 6 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 127 | 12 | 127 | 16 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 127 | 21 | 127 | 24 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 130 | 22 | 130 | 24 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 131 | 1 | 131 | 2 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 131 | 7 | 131 | 8 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 131 | 11 | 131 | 18 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 131 | 22 | 131 | 24 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 132 | 4 | 132 | 7 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Sanchez, Ph_D_ , Robert A | 132 | 13 | 132 | 16 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 132 | 20 | 132 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 133 | 11 | 133 | 15 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 133 | 18 | 133 | 23 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 134 | 1 | 134 | 19 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 135 | 9 | 135 | 13 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 135 | 16 | 135 | 20 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 135 | 23 | 136 | 1 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 136 | 3 | 136 | 14 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 140 | 10 | 140 | 16 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 140 | 19 | 140 | 19 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 141 | 1 | 141 | 5 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 141 | 23 | 142 | 1 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 142 | 3 | 142 | 6 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 142 | 10 | 143 | 1 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 143 | 22 | 144 | 9 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 156 | 25 | 157 | 3 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 157 | 5 | 157 | 5 | Sage Designations |
| Sanchez, Ph_D_ , Robert A | 157 | 9 | 157 | 17 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Shaw, Laura | 9 | 13 | 9 | 19 | | Sage Designations |
| Shaw, Laura | 12 | 18 | 13 | 1 | | Sage Designations |
| Shaw, Laura | 13 | 22 | 13 | 23 | | Sage Designations |
| Shaw, Laura | 14 | 11 | 14 | 21 | | Sage Designations |
| Shaw, Laura | 14 | 23 | 15 | 3 | | Sage Designations |
| Shaw, Laura | 15 | 10 | 15 | 14 | | Sage Designations |
| Shaw, Laura | 15 | 23 | 16 | 22 | | Sage Designations |
| Shaw, Laura | 17 | 2 | 17 | 9 | | Sage Designations |
| Shaw, Laura | 17 | 23 | 18 | 23 | | Sage Designations |
| Shaw, Laura | 20 | 9 | 20 | 10 | | Sage Designations |
| Shaw, Laura | 20 | 13 | 20 | 14 | | Sage Designations |
| Shaw, Laura | 20 | 16 | 21 | 2 | | Sage Designations |
| Shaw, Laura | 21 | 15 | 21 | 16 | | Sage Designations |
| Shaw, Laura | 21 | 19 | 21 | 19 | | Sage Designations |
| Shaw, Laura | 23 | 19 | 23 | 21 | | Sage Designations |
| Shaw, Laura | 24 | 3 | 24 | 21 | | Sage Designations |
| Shaw, Laura | 24 | 24 | 24 | 24 | | Sage Designations |
| Shaw, Laura | 25 | 2 | 25 | 4 | | Sage Designations |
| Shaw, Laura | 25 | 7 | 25 | 7 | | Sage Designations |
| Shaw, Laura | 25 | 10 | 25 | 22 | | Sage Designations |
| Shaw, Laura | 26 | 6 | 26 | 7 | | Sage Designations |
| Shaw, Laura | 26 | 10 | 26 | 10 | | Sage Designations |
| Shaw, Laura | 26 | 13 | 27 | 6 | | Sage Designations |
| Shaw, Laura | 27 | 9 | 27 | 25 | | Sage Designations |
| Shaw, Laura | 28 | 2 | 28 | 3 | | Sage Designations |
| Shaw, Laura | 28 | 6 | 28 | 23 | | Sage Designations |
| Shaw, Laura | 29 | 1 | 29 | 4 | | Sage Designations |
| Shaw, Laura | 29 | 7 | 29 | 19 | | Sage Designations |
| Shaw, Laura | 30 | 5 | 30 | 8 | | Sage Designations |
| Shaw, Laura | 30 | 10 | 30 | 10 | | Sage Designations |
| Shaw, Laura | 30 | 12 | 30 | 13 | | Sage Designations |
| Shaw, Laura | 30 | 16 | 30 | 21 | | Sage Designations |
| Shaw, Laura | 30 | 23 | 30 | 25 | | Sage Designations |
| Shaw, Laura | 31 | 17 | 31 | 18 | | Sage Designations |
| Shaw, Laura | 31 | 21 | 32 | 1 | | Sage Designations |
| Shaw, Laura | 32 | 3 | 32 | 5 | | Sage Designations |
| Shaw, Laura | 32 | 22 | 32 | 23 | | Sage Designations |
| Shaw, Laura | 33 | 1 | 33 | 6 | | Sage Designations |
| Shaw, Laura | 33 | 8 | 33 | 10 | | Sage Designations |
| Shaw, Laura | 34 | 7 | 34 | 8 | | Sage Designations |
| Shaw, Laura | 34 | 11 | 34 | 20 | | Sage Designations |
| Shaw, Laura | 35 | 13 | 35 | 14 | | Sage Designations |
| Shaw, Laura | 35 | 17 | 35 | 22 | | Sage Designations |
| Shaw, Laura | 35 | 24 | 36 | 1 | | Sage Designations |
| Shaw, Laura | 36 | 17 | 36 | 18 | | Sage Designations |
| Shaw, Laura | 36 | 21 | 37 | 1 | | Sage Designations |

| Shaw, Laura | 37 | 3 | 37 | 10 | Sage Designations |
|---|---|---|---|---|---|
| Shaw, Laura | 37 | 13 | 37 | 14 | Sage Designations |
| Shaw, Laura | 37 | 17 | 37 | 25 | Sage Designations |
| Shaw, Laura | 38 | 18 | 38 | 20 | Sage Designations |
| Shaw, Laura | 38 | 22 | 38 | 22 | Sage Designations |
| Shaw, Laura | 38 | 24 | 38 | 25 | Sage Designations |
| Shaw, Laura | 39 | 3 | 39 | 3 | Sage Designations |
| Shaw, Laura | 39 | 14 | 39 | 18 | Sage Designations |
| Shaw, Laura | 39 | 20 | 39 | 25 | Sage Designations |
| Shaw, Laura | 40 | 1 | 40 | 6 | Sage Designations |
| Shaw, Laura | 40 | 9 | 40 | 9 | Sage Designations |
| Shaw, Laura | 40 | 11 | 40 | 16 | Sage Designations |
| Shaw, Laura | 41 | 5 | 41 | 8 | Sage Designations |
| Shaw, Laura | 41 | 10 | 41 | 10 | Sage Designations |
| Shaw, Laura | 41 | 12 | 41 | 14 | Sage Designations |
| Shaw, Laura | 41 | 17 | 41 | 22 | Sage Designations |
| Shaw, Laura | 41 | 24 | 42 | 14 | Sage Designations |
| Shaw, Laura | 42 | 17 | 42 | 17 | Sage Designations |
| Shaw, Laura | 42 | 22 | 42 | 25 | Sage Designations |
| Shaw, Laura | 43 | 12 | 43 | 13 | Sage Designations |
| Shaw, Laura | 43 | 16 | 44 | 12 | Sage Designations |
| Shaw, Laura | 44 | 15 | 44 | 15 | Sage Designations |
| Shaw, Laura | 44 | 17 | 44 | 18 | Sage Designations |
| Shaw, Laura | 44 | 21 | 44 | 21 | Sage Designations |
| Shaw, Laura | 44 | 23 | 44 | 23 | Sage Designations |
| Shaw, Laura | 45 | 1 | 45 | 22 | Sage Designations |
| Shaw, Laura | 46 | 7 | 46 | 8 | Sage Designations |
| Shaw, Laura | 46 | 11 | 46 | 23 | Sage Designations |
| Shaw, Laura | 46 | 25 | 47 | 7 | Sage Designations |
| Shaw, Laura | 47 | 11 | 47 | 11 | Sage Designations |
| Shaw, Laura | 47 | 14 | 47 | 17 | Sage Designations |
| Shaw, Laura | 47 | 19 | 47 | 22 | Sage Designations |
| Shaw, Laura | 47 | 24 | 47 | 24 | Sage Designations |
| Shaw, Laura | 48 | 2 | 48 | 4 | Sage Designations |
| Shaw, Laura | 48 | 7 | 48 | 7 | Sage Designations |
| Shaw, Laura | 48 | 9 | 48 | 15 | Sage Designations |
| Shaw, Laura | 48 | 20 | 48 | 23 | Sage Designations |
| Shaw, Laura | 49 | 5 | 49 | 5 | Sage Designations |
| Shaw, Laura | 49 | 8 | 49 | 13 | Sage Designations |
| Shaw, Laura | 49 | 15 | 49 | 18 | Sage Designations |
| Shaw, Laura | 49 | 20 | 49 | 21 | Sage Designations |
| Shaw, Laura | 49 | 24 | 49 | 24 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Simon, Marcus S | 7 | 12 | 7 | 17 | | Sage Designations |
| Simon, Marcus S | 8 | 11 | 8 | 13 | | Sage Designations |
| Simon, Marcus S | 10 | 7 | 10 | 14 | | Sage Designations |
| Simon, Marcus S | 11 | 5 | 11 | 10 | | Sage Designations |
| Simon, Marcus S | 15 | 6 | 15 | 8 | | Sage Designations |
| Simon, Marcus S | 15 | 18 | 15 | 19 | | Sage Designations |
| Simon, Marcus S | 16 | 18 | 16 | 22 | | Sage Designations |
| Simon, Marcus S | 17 | 1 | 17 | 6 | | Sage Designations |
| Simon, Marcus S | 17 | 19 | 17 | 25 | | Sage Designations |
| Simon, Marcus S | 19 | 3 | 19 | 7 | | Sage Designations |
| Simon, Marcus S | 20 | 13 | 20 | 18 | | Sage Designations |
| Simon, Marcus S | 22 | 1 | 22 | 16 | | Sage Designations |
| Simon, Marcus S | 22 | 21 | 22 | 22 | | Sage Designations |
| Simon, Marcus S | 23 | 3 | 23 | 5 | | Sage Designations |
| Simon, Marcus S | 23 | 9 | 23 | 17 | | Sage Designations |
| Simon, Marcus S | 24 | 3 | 24 | 12 | | Sage Designations |
| Simon, Marcus S | 25 | 14 | 25 | 23 | | Sage Designations |
| Simon, Marcus S | 26 | 25 | 27 | 5 | | Sage Designations |
| Simon, Marcus S | 28 | 12 | 28 | 15 | | Sage Designations |
| Simon, Marcus S | 28 | 17 | 30 | 11 | | Sage Designations |
| Simon, Marcus S | 31 | 14 | 32 | 17 | | Sage Designations |
| Simon, Marcus S | 33 | 2 | 33 | 24 | | Sage Designations |
| Simon, Marcus S | 34 | 22 | 35 | 3 | | Sage Designations |
| Simon, Marcus S | 35 | 21 | 36 | 6 | | Sage Designations |
| Simon, Marcus S | 37 | 4 | 37 | 8 | | Sage Designations |
| Simon, Marcus S | 38 | 16 | 39 | 8 | | Sage Designations |
| Simon, Marcus S | 39 | 17 | 40 | 9 | | Sage Designations |
| Simon, Marcus S | 41 | 17 | 41 | 19 | | Sage Designations |
| Simon, Marcus S | 41 | 23 | 42 | 10 | | Sage Designations |
| Simon, Marcus S | 45 | 4 | 46 | 19 | | Sage Designations |
| Simon, Marcus S | 47 | 10 | 47 | 12 | | Sage Designations |
| Simon, Marcus S | 47 | 22 | 48 | 5 | | Sage Designations |
| Simon, Marcus S | 48 | 7 | 48 | 24 | | Sage Designations |
| Simon, Marcus S | 51 | 2 | 51 | 11 | | Sage Designations |
| Simon, Marcus S | 51 | 16 | 51 | 21 | | Sage Designations |
| Simon, Marcus S | 54 | 9 | 55 | 6 | | Sage Designations |
| Simon, Marcus S | 60 | 23 | 62 | 11 | | Sage Designations |
| Simon, Marcus S | 65 | 13 | 66 | 2 | | Sage Designations |
| Simon, Marcus S | 66 | 17 | 67 | 2 | | Sage Designations |
| Simon, Marcus S | 67 | 8 | 67 | 18 | | Sage Designations |
| Simon, Marcus S | 69 | 4 | 69 | 18 | | Sage Designations |
| Simon, Marcus S | 69 | 22 | 70 | 1 | | Sage Designations |
| Simon, Marcus S | 72 | 3 | 72 | 9 | | Sage Designations |
| Simon, Marcus S | 73 | 13 | 73 | 22 | | Sage Designations |
| Simon, Marcus S | 73 | 25 | 74 | 12 | | Sage Designations |
| Simon, Marcus S | 74 | 17 | 75 | 4 | | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Simon, Marcus S | 77 | 3 | 77 | 7 | Sage Designations |
| Simon, Marcus S | 78 | 3 | 78 | 17 | Sage Designations |
| Simon, Marcus S | 78 | 23 | 78 | 25 | Sage Designations |
| Simon, Marcus S | 79 | 2 | 79 | 16 | Sage Designations |
| Simon, Marcus S | 80 | 24 | 81 | 8 | Sage Designations |
| Simon, Marcus S | 81 | 16 | 81 | 22 | Sage Designations |
| Simon, Marcus S | 82 | 3 | 82 | 25 | Sage Designations |
| Simon, Marcus S | 83 | 2 | 84 | 3 | Sage Designations |
| Simon, Marcus S | 84 | 11 | 84 | 20 | Sage Designations |
| Simon, Marcus S | 85 | 14 | 85 | 24 | Sage Designations |
| Simon, Marcus S | 86 | 16 | 88 | 20 | Sage Designations |
| Simon, Marcus S | 88 | 24 | 89 | 3 | Sage Designations |
| Simon, Marcus S | 89 | 8 | 89 | 10 | Sage Designations |
| Simon, Marcus S | 90 | 1 | 90 | 7 | Sage Designations |
| Simon, Marcus S | 92 | 13 | 92 | 18 | Sage Designations |
| Simon, Marcus S | 92 | 25 | 94 | 4 | Sage Designations |
| Simon, Marcus S | 94 | 6 | 94 | 11 | Sage Designations |
| Simon, Marcus S | 94 | 22 | 94 | 25 | Sage Designations |
| Simon, Marcus S | 95 | 10 | 95 | 13 | Sage Designations |
| Simon, Marcus S | 95 | 24 | 96 | 9 | Sage Designations |
| Simon, Marcus S | 97 | 17 | 97 | 21 | Sage Designations |
| Simon, Marcus S | 107 | 6 | 108 | 8 | Sage Designations |
| Simon, Marcus S | 109 | 14 | 110 | 1 | Sage Designations |
| Simon, Marcus S | 110 | 11 | 112 | 16 | Sage Designations |
| Simon, Marcus S | 114 | 20 | 114 | 23 | Sage Designations |
| Simon, Marcus S | 115 | 7 | 117 | 3 | Sage Designations |
| Simon, Marcus S | 118 | 12 | 118 | 20 | Sage Designations |
| Simon, Marcus S | 119 | 5 | 120 | 25 | Sage Designations |
| Simon, Marcus S | 121 | 4 | 121 | 4 | Sage Designations |
| Simon, Marcus S | 121 | 5 | 122 | 11 | Sage Designations |
| Simon, Marcus S | 123 | 1 | 123 | 25 | Sage Designations |
| Simon, Marcus S | 124 | 19 | 124 | 25 | Sage Designations |
| Simon, Marcus S | 125 | 9 | 126 | 2 | Sage Designations |
| Simon, Marcus S | 127 | 10 | 127 | 21 | Sage Designations |
| Simon, Marcus S | 128 | 7 | 128 | 15 | Sage Designations |
| Simon, Marcus S | 130 | 24 | 131 | 8 | Sage Designations |
| Simon, Marcus S | 131 | 16 | 132 | 25 | Sage Designations |
| Simon, Marcus S | 133 | 5 | 134 | 19 | Sage Designations |
| Simon, Marcus S | 135 | 1 | 135 | 5 | Sage Designations |
| Simon, Marcus S | 135 | 22 | 136 | 1 | Sage Designations |
| Simon, Marcus S | 136 | 9 | 136 | 17 | Sage Designations |
| Simon, Marcus S | 137 | 1 | 138 | 11 | Sage Designations |
| Simon, Marcus S | 139 | 2 | 139 | 6 | Sage Designations |
| Simon, Marcus S | 139 | 21 | 140 | 1 | Sage Designations |
| Simon, Marcus S | 142 | 13 | 142 | 20 | Sage Designations |
| Simon, Marcus S | 143 | 4 | 143 | 11 | Sage Designations |
| Simon, Marcus S | 144 | 1 | 144 | 15 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Simon, Marcus S | 144 | 25 | 145 | 7 | Sage Designations |
| Simon, Marcus S | 145 | 1 | 145 | 7 | Sage Designations |
| Simon, Marcus S | 145 | 11 | 146 | 16 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Zani, Paul | 9 | 9 | 9 | 15 | | Sage Designations |
| Zani, Paul | 13 | 20 | 13 | 22 | | Sage Designations |
| Zani, Paul | 14 | 3 | 14 | 5 | | Sage Designations |
| Zani, Paul | 14 | 16 | 15 | 18 | | Sage Designations |
| Zani, Paul | 15 | 25 | 16 | 6 | | Sage Designations |
| Zani, Paul | 20 | 14 | 20 | 18 | | Sage Designations |
| Zani, Paul | 21 | 2 | 21 | 8 | | Sage Designations |
| Zani, Paul | 21 | 14 | 22 | 6 | | Sage Designations |
| Zani, Paul | 22 | 21 | 24 | 24 | | Sage Designations |
| Zani, Paul | 25 | 4 | 27 | 10 | | Sage Designations |
| Zani, Paul | 27 | 20 | 27 | 24 | | Sage Designations |
| Zani, Paul | 28 | 20 | 28 | 24 | | Sage Designations |
| Zani, Paul | 29 | 8 | 29 | 22 | | Sage Designations |
| Zani, Paul | 31 | 22 | 33 | 13 | | Sage Designations |
| Zani, Paul | 36 | 9 | 36 | 13 | | Sage Designations |
| Zani, Paul | 36 | 20 | 37 | 22 | | Sage Designations |
| Zani, Paul | 38 | 4 | 38 | 7 | | Sage Designations |
| Zani, Paul | 38 | 11 | 38 | 19 | | Sage Designations |
| Zani, Paul | 47 | 8 | 47 | 17 | | Sage Designations |
| Zani, Paul | 47 | 19 | 47 | 21 | | Sage Designations |
| Zani, Paul | 49 | 3 | 49 | 8 | | Sage Designations |
| Zani, Paul | 49 | 12 | 49 | 15 | | Sage Designations |
| Zani, Paul | 50 | 18 | 50 | 22 | | Sage Designations |
| Zani, Paul | 56 | 4 | 56 | 10 | | Sage Designations |
| Zani, Paul | 56 | 16 | 56 | 21 | | Sage Designations |
| Zani, Paul | 58 | 14 | 58 | 16 | | Sage Designations |
| Zani, Paul | 58 | 14 | 58 | 16 | | Sage Designations |
| Zani, Paul | 59 | 10 | 59 | 16 | | Sage Designations |
| Zani, Paul | 59 | 10 | 59 | 16 | | Sage Designations |
| Zani, Paul | 65 | 14 | 65 | 18 | | Sage Designations |
| Zani, Paul | 65 | 14 | 65 | 18 | | Sage Designations |
| Zani, Paul | 65 | 24 | 66 | 3 | | Sage Designations |
| Zani, Paul | 65 | 24 | 66 | 3 | | Sage Designations |
| Zani, Paul | 66 | 21 | 66 | 23 | | Sage Designations |
| Zani, Paul | 66 | 21 | 66 | 23 | | Sage Designations |
| Zani, Paul | 67 | 24 | 69 | 13 | | Sage Designations |
| Zani, Paul | 67 | 24 | 69 | 13 | | Sage Designations |
| Zani, Paul | 71 | 9 | 71 | 11 | | Sage Designations |
| Zani, Paul | 71 | 9 | 71 | 11 | | Sage Designations |
| Zani, Paul | 71 | 16 | 72 | 10 | | Sage Designations |
| Zani, Paul | 71 | 16 | 72 | 10 | | Sage Designations |
| Zani, Paul | 72 | 12 | 72 | 16 | | Sage Designations |
| Zani, Paul | 72 | 12 | 72 | 16 | | Sage Designations |
| Zani, Paul | 72 | 23 | 74 | 3 | | Sage Designations |
| Zani, Paul | 72 | 23 | 74 | 3 | | Sage Designations |
| Zani, Paul | 75 | 1 | 75 | 9 | | Sage Designations |

| | | | | |
|---|---|---|---|---|
| Zani, Paul | 75 | 1 | 75 | 9 | Sage Designations |
| Zani, Paul | 76 | 9 | 76 | 13 | Sage Designations |
| Zani, Paul | 76 | 9 | 76 | 13 | Sage Designations |
| Zani, Paul | 77 | 12 | 77 | 19 | Sage Designations |
| Zani, Paul | 77 | 12 | 77 | 19 | Sage Designations |
| Zani, Paul | 80 | 10 | 80 | 15 | Sage Designations |
| Zani, Paul | 80 | 10 | 80 | 15 | Sage Designations |
| Zani, Paul | 80 | 23 | 81 | 4 | Sage Designations |
| Zani, Paul | 80 | 23 | 81 | 4 | Sage Designations |
| Zani, Paul | 82 | 13 | 83 | 13 | Sage Designations |
| Zani, Paul | 82 | 13 | 83 | 13 | Sage Designations |
| Zani, Paul | 86 | 12 | 87 | 7 | Sage Designations |
| Zani, Paul | 86 | 12 | 87 | 7 | Sage Designations |
| Zani, Paul | 88 | 14 | 89 | 2 | Sage Designations |
| Zani, Paul | 88 | 14 | 89 | 2 | Sage Designations |
| Zani, Paul | 89 | 20 | 90 | 22 | Sage Designations |
| Zani, Paul | 89 | 20 | 90 | 22 | Sage Designations |
| Zani, Paul | 97 | 22 | 98 | 3 | Sage Designations |
| Zani, Paul | 98 | 16 | 98 | 20 | Sage Designations |
| Zani, Paul | 99 | 16 | 99 | 19 | Sage Designations |
| Zani, Paul | 100 | 23 | 101 | 7 | Sage Designations |
| Zani, Paul | 101 | 25 | 102 | 13 | Sage Designations |
| Zani, Paul | 103 | 8 | 103 | 11 | Sage Designations |
| Zani, Paul | 103 | 13 | 103 | 20 | Sage Designations |
| Zani, Paul | 104 | 19 | 104 | 25 | Sage Designations |
| Zani, Paul | 105 | 2 | 105 | 18 | Sage Designations |
| Zani, Paul | 105 | 22 | 105 | 23 | Sage Designations |
| Zani, Paul | 106 | 1 | 106 | 1 | Sage Designations |
| Zani, Paul | 106 | 13 | 106 | 22 | Sage Designations |
| Zani, Paul | 106 | 25 | 106 | 25 | Sage Designations |
| Zani, Paul | 107 | 2 | 107 | 5 | Sage Designations |
| Zani, Paul | 107 | 8 | 107 | 16 | Sage Designations |
| Zani, Paul | 108 | 4 | 108 | 14 | Sage Designations |
| Zani, Paul | 108 | 20 | 108 | 24 | Sage Designations |
| Zani, Paul | 109 | 1 | 110 | 1 | Sage Designations |
| Zani, Paul | 112 | 5 | 112 | 17 | Sage Designations |
| Zani, Paul | 113 | 14 | 113 | 18 | Sage Designations |
| Zani, Paul | 114 | 17 | 114 | 21 | Sage Designations |
| Zani, Paul | 114 | 23 | 115 | 8 | Sage Designations |
| Zani, Paul | 115 | 13 | 115 | 17 | Sage Designations |
| Zani, Paul | 116 | 9 | 116 | 14 | Sage Designations |
| Zani, Paul | 117 | 24 | 118 | 8 | Sage Designations |
| Zani, Paul | 121 | 15 | 122 | 5 | Sage Designations |
| Zani, Paul | 131 | 16 | 131 | 20 | Sage Designations |
| Zani, Paul | 138 | 2 | 138 | 5 | Sage Designations |
| Zani, Paul | 138 | 7 | 138 | 9 | Sage Designations |
| Zani, Paul | 138 | 25 | 140 | 15 | Sage Designations |

| Zani, Paul | 141 | 1 | 141 | 9 | Sage Designations |
|---|---|---|---|---|---|
| Zani, Paul | 141 | 11 | 141 | 14 | Sage Designations |
| Zani, Paul | 142 | 23 | 142 | 25 | Sage Designations |
| Zani, Paul | 148 | 1 | 148 | 5 | Sage Designations |
| Zani, Paul | 148 | 8 | 148 | 10 | Sage Designations |
| Zani, Paul | 148 | 18 | 148 | 21 | Sage Designations |
| Zani, Paul | 148 | 23 | 149 | 4 | Sage Designations |
| Zani, Paul | 149 | 10 | 149 | 15 | Sage Designations |
| Zani, Paul | 150 | 13 | 150 | 17 | Sage Designations |
| Zani, Paul | 150 | 20 | 150 | 21 | Sage Designations |
| Zani, Paul | 153 | 16 | 153 | 23 | Sage Designations |
| Zani, Paul | 153 | 25 | 154 | 5 | Sage Designations |
| Zani, Paul | 154 | 16 | 154 | 19 | Sage Designations |
| Zani, Paul | 155 | 1 | 155 | 4 | Sage Designations |
| Zani, Paul | 155 | 7 | 155 | 11 | Sage Designations |
| Zani, Paul | 155 | 17 | 156 | 3 | Sage Designations |
| Zani, Paul | 156 | 23 | 157 | 3 | Sage Designations |
| Zani, Paul | 157 | 6 | 157 | 13 | Sage Designations |
| Zani, Paul | 157 | 17 | 157 | 20 | Sage Designations |
| Zani, Paul | 157 | 23 | 158 | 1 | Sage Designations |
| Zani, Paul | 158 | 6 | 158 | 17 | Sage Designations |
| Zani, Paul | 158 | 21 | 158 | 24 | Sage Designations |
| Zani, Paul | 159 | 1 | 159 | 3 | Sage Designations |
| Zani, Paul | 159 | 5 | 159 | 13 | Sage Designations |
| Zani, Paul | 159 | 16 | 159 | 18 | Sage Designations |
| Zani, Paul | 159 | 21 | 159 | 24 | Sage Designations |
| Zani, Paul | 160 | 1 | 160 | 11 | Sage Designations |
| Zani, Paul | 160 | 13 | 160 | 13 | Sage Designations |
| Zani, Paul | 160 | 15 | 160 | 24 | Sage Designations |
| Zani, Paul | 161 | 2 | 161 | 4 | Sage Designations |
| Zani, Paul | 162 | 12 | 163 | 2 | Sage Designations |
| Zani, Paul | 163 | 12 | 163 | 13 | Sage Designations |
| Zani, Paul | 163 | 16 | 163 | 18 | Sage Designations |
| Zani, Paul | 163 | 24 | 164 | 15 | Sage Designations |
| Zani, Paul | 164 | 18 | 164 | 19 | Sage Designations |
| Zani, Paul | 164 | 21 | 164 | 25 | Sage Designations |
| Zani, Paul | 165 | 3 | 165 | 4 | Sage Designations |
| Zani, Paul | 165 | 6 | 165 | 8 | Sage Designations |
| Zani, Paul | 177 | 24 | 178 | 2 | Sage Designations |
| Zani, Paul | 178 | 4 | 179 | 3 | Sage Designations |
| Zani, Paul | 179 | 18 | 180 | 6 | Sage Designations |
| Zani, Paul | 181 | 9 | 181 | 25 | Sage Designations |
| Zani, Paul | 183 | 2 | 183 | 5 | Sage Designations |
| Zani, Paul | 183 | 18 | 183 | 23 | Sage Designations |
| Zani, Paul | 183 | 25 | 184 | 12 | Sage Designations |
| Zani, Paul | 184 | 17 | 184 | 20 | Sage Designations |
| Zani, Paul | 185 | 4 | 185 | 17 | Sage Designations |

| | | | | |
|---|---|---|---|---|
| Zani, Paul | 186 | 2 | 186 | 24 | Sage Designations |
| Zani, Paul | 187 | 15 | 188 | 2 | Sage Designations |
| Zani, Paul | 188 | 5 | 188 | 6 | Sage Designations |
| Zani, Paul | 189 | 10 | 189 | 19 | Sage Designations |
| Zani, Paul | 189 | 21 | 189 | 24 | Sage Designations |
| Zani, Paul | 190 | 1 | 190 | 10 | Sage Designations |
| Zani, Paul | 191 | 7 | 191 | 17 | Sage Designations |
| Zani, Paul | 199 | 11 | 199 | 14 | Sage Designations |
| Zani, Paul | 199 | 16 | 199 | 20 | Sage Designations |
| Zani, Paul | 201 | 1 | 201 | 6 | Sage Designations |
| Zani, Paul | 201 | 9 | 201 | 13 | Sage Designations |
| Zani, Paul | 201 | 24 | 202 | 2 | Sage Designations |
| Zani, Paul | 202 | 5 | 202 | 12 | Sage Designations |
| Zani, Paul | 202 | 19 | 203 | 8 | Sage Designations |
| Zani, Paul | 203 | 19 | 204 | 21 | Sage Designations |
| Zani, Paul | 204 | 23 | 205 | 16 | Sage Designations |
| Zani, Paul | 205 | 18 | 205 | 19 | Sage Designations |
| Zani, Paul | 205 | 21 | 205 | 23 | Sage Designations |
| Zani, Paul | 206 | 23 | 207 | 18 | Sage Designations |
| Zani, Paul | 208 | 3 | 209 | 1 | Sage Designations |
| Zani, Paul | 211 | 12 | 212 | 5 | Sage Designations |
| Zani, Paul | 212 | 23 | 213 | 11 | Sage Designations |
| Zani, Paul | 213 | 13 | 213 | 19 | Sage Designations |
| Zani, Paul | 213 | 21 | 214 | 17 | Sage Designations |
| Zani, Paul | 215 | 18 | 217 | 12 | Sage Designations |
| Zani, Paul | 217 | 15 | 217 | 16 | Sage Designations |
| Zani, Paul | 217 | 18 | 217 | 23 | Sage Designations |
| Zani, Paul | 217 | 25 | 218 | 10 | Sage Designations |
| Zani, Paul | 218 | 17 | 218 | 25 | Sage Designations |
| Zani, Paul | 219 | 10 | 219 | 15 | Sage Designations |
| Zani, Paul | 219 | 18 | 219 | 22 | Sage Designations |
| Zani, Paul | 220 | 4 | 221 | 4 | Sage Designations |
| Zani, Paul | 221 | 5 | 221 | 24 | Sage Designations |
| Zani, Paul | 222 | 2 | 222 | 7 | Sage Designations |
| Zani, Paul | 222 | 9 | 223 | 1 | Sage Designations |
| Zani, Paul | 223 | 4 | 223 | 7 | Sage Designations |
| Zani, Paul | 223 | 10 | 223 | 18 | Sage Designations |
| Zani, Paul | 223 | 20 | 225 | 1 | Sage Designations |
| Zani, Paul | 225 | 8 | 225 | 16 | Sage Designations |
| Zani, Paul | 226 | 5 | 226 | 16 | Sage Designations |
| Zani, Paul | 226 | 24 | 227 | 2 | Sage Designations |
| Zani, Paul | 227 | 5 | 227 | 10 | Sage Designations |
| Zani, Paul | 227 | 12 | 227 | 17 | Sage Designations |
| Zani, Paul | 229 | 7 | 229 | 17 | Sage Designations |
| Zani, Paul | 229 | 20 | 229 | 21 | Sage Designations |
| Zani, Paul | 230 | 9 | 230 | 24 | Sage Designations |
| Zani, Paul | 231 | 14 | 231 | 25 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Zani, Paul | 232 | 5 | 232 | 9 | Sage Designations |
| Zani, Paul | 232 | 19 | 233 | 1 | Sage Designations |
| Zani, Paul | 243 | 17 | 244 | 23 | Sage Designations |
| Zani, Paul | 245 | 14 | 245 | 22 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Gohde, John | 4 | 11 | 4 | 15 | | Sage Designations |
| Gohde, John | 8 | 15 | 8 | 20 | | Sage Designations |
| Gohde, John | 8 | 21 | 8 | 24 | | Sage Designations |
| Gohde, John | 9 | 9 | 9 | 11 | | Sage Designations |
| Gohde, John | 9 | 12 | 9 | 21 | | Sage Designations |
| Gohde, John | 17 | 8 | 17 | 12 | | Sage Designations |
| Gohde, John | 17 | 18 | 18 | 1 | | Sage Designations |
| Gohde, John | 18 | 8 | 18 | 24 | | Sage Designations |
| Gohde, John | 20 | 9 | 21 | 14 | | Sage Designations |
| Gohde, John | 21 | 15 | 22 | 4 | | Sage Designations |
| Gohde, John | 22 | 7 | 24 | 6 | | Sage Designations |
| Gohde, John | 24 | 7 | 24 | 19 | | Sage Designations |
| Gohde, John | 24 | 20 | 25 | 21 | | Sage Designations |
| Gohde, John | 26 | 5 | 26 | 9 | | Sage Designations |
| Gohde, John | 26 | 17 | 27 | 17 | | Sage Designations |
| Gohde, John | 29 | 7 | 29 | 9 | | Sage Designations |
| Gohde, John | 31 | 8 | 31 | 11 | | Sage Designations |
| Gohde, John | 31 | 15 | 31 | 17 | | Sage Designations |
| Gohde, John | 32 | 20 | 33 | 1 | | Sage Designations |
| Gohde, John | 33 | 23 | 34 | 1 | | Sage Designations |
| Gohde, John | 34 | 5 | 34 | 6 | | Sage Designations |
| Gohde, John | 37 | 9 | 37 | 17 | | Sage Designations |
| Gohde, John | 38 | 24 | 39 | 6 | | Sage Designations |
| Gohde, John | 39 | 10 | 39 | 19 | | Sage Designations |
| Gohde, John | 41 | 3 | 41 | 8 | | Sage Designations |
| Gohde, John | 41 | 10 | 41 | 13 | | Sage Designations |
| Gohde, John | 42 | 2 | 42 | 2 | | Sage Designations |
| Gohde, John | 43 | 11 | 43 | 21 | | Sage Designations |
| Gohde, John | 43 | 22 | 44 | 2 | | Sage Designations |
| Gohde, John | 45 | 24 | 46 | 9 | | Sage Designations |
| Gohde, John | 46 | 12 | 46 | 13 | | Sage Designations |
| Gohde, John | 46 | 20 | 47 | 8 | | Sage Designations |
| Gohde, John | 47 | 17 | 47 | 19 | | Sage Designations |
| Gohde, John | 48 | 2 | 48 | 13 | | Sage Designations |
| Gohde, John | 50 | 2 | 50 | 21 | | Sage Designations |
| Gohde, John | 51 | 12 | 51 | 17 | | Sage Designations |
| Gohde, John | 52 | 16 | 52 | 21 | | Sage Designations |
| Gohde, John | 53 | 5 | 53 | 9 | | Sage Designations |
| Gohde, John | 58 | 3 | 58 | 18 | | Sage Designations |
| Gohde, John | 60 | 14 | 60 | 19 | | Sage Designations |
| Gohde, John | 60 | 24 | 60 | 24 | | Sage Designations |
| Gohde, John | 61 | 7 | 61 | 21 | | Sage Designations |
| Gohde, John | 61 | 22 | 62 | 10 | | Sage Designations |
| Gohde, John | 63 | 17 | 63 | 19 | | Sage Designations |
| Gohde, John | 63 | 23 | 64 | 1 | | Sage Designations |
| Gohde, John | 64 | 22 | 65 | 10 | | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Gohde, John | 70 | 6 | 70 | 9 | Sage Designations |
| Gohde, John | 70 | 10 | 70 | 14 | Sage Designations |
| Gohde, John | 71 | 12 | 72 | 13 | Sage Designations |
| Gohde, John | 73 | 15 | 73 | 21 | Sage Designations |
| Gohde, John | 73 | 24 | 74 | 16 | Sage Designations |
| Gohde, John | 68 | 23 | 68 | 24 | Sage Designations |
| Gohde, John | 99 | 10 | 99 | 21 | Sage Designations |
| Gohde, John | 105 | 12 | 106 | 6 | Sage Designations |
| Gohde, John | 107 | 20 | 108 | 7 | Sage Designations |
| Gohde, John | 116 | 4 | 116 | 10 | Sage Designations |
| Gohde, John | 116 | 17 | 117 | 3 | Sage Designations |
| Gohde, John | 119 | 21 | 119 | 23 | Sage Designations |
| Gohde, John | 120 | 2 | 120 | 3 | Sage Designations |
| Gohde, John | 121 | 7 | 121 | 9 | Sage Designations |
| Gohde, John | 121 | 13 | 121 | 15 | Sage Designations |
| Gohde, John | 130 | 21 | 131 | 2 | Sage Designations |
| Gohde, John | 131 | 3 | 131 | 11 | Sage Designations |
| Gohde, John | 131 | 12 | 131 | 18 | Sage Designations |
| Gohde, John | 132 | 5 | 132 | 11 | Sage Designations |
| Gohde, John | 133 | 2 | 133 | 8 | Sage Designations |
| Gohde, John | 140 | 7 | 140 | 9 | Sage Designations |
| Gohde, John | 142 | 10 | 142 | 14 | Sage Designations |
| Gohde, John | 141 | 22 | 142 | 3 | Sage Designations |
| Gohde, John | 142 | 5 | 142 | 9 | Sage Designations |
| Gohde, John | 142 | 15 | 142 | 20 | Sage Designations |
| Gohde, John | 142 | 21 | 143 | 2 | Sage Designations |
| Gohde, John | 143 | 4 | 143 | 16 | Sage Designations |
| Gohde, John | 143 | 17 | 143 | 24 | Sage Designations |
| Gohde, John | 144 | 1 | 144 | 13 | Sage Designations |
| Gohde, John | 144 | 17 | 144 | 19 | Sage Designations |
| Gohde, John | 145 | 1 | 145 | 6 | Sage Designations |
| Gohde, John | 145 | 7 | 145 | 23 | Sage Designations |
| Gohde, John | 146 | 7 | 146 | 12 | Sage Designations |
| Gohde, John | 146 | 16 | 146 | 22 | Sage Designations |
| Gohde, John | 147 | 3 | 148 | 1 | Sage Designations |
| Gohde, John | 148 | 19 | 148 | 24 | Sage Designations |
| Gohde, John | 149 | 1 | 149 | 5 | Sage Designations |
| Gohde, John | 150 | 13 | 150 | 18 | Sage Designations |
| Gohde, John | 151 | 1 | 151 | 7 | Sage Designations |
| Gohde, John | 151 | 11 | 151 | 21 | Sage Designations |
| Gohde, John | 153 | 12 | 153 | 17 | Sage Designations |
| Gohde, John | 153 | 19 | 154 | 12 | Sage Designations |
| Gohde, John | 154 | 13 | 154 | 21 | Sage Designations |
| Gohde, John | 155 | 11 | 156 | 1 | Sage Designations |
| Gohde, John | 156 | 4 | 156 | 5 | Sage Designations |
| Gohde, John | 156 | 9 | 156 | 21 | Sage Designations |
| Gohde, John | 157 | 13 | 158 | 4 | Sage Designations |

| Gohde, John | 160 | 4 | 160 | 9 | Sage Designations |
|---|---|---|---|---|---|
| Gohde, John | 163 | 5 | 163 | 7 | Sage Designations |
| Gohde, John | 163 | 8 | 163 | 13 | Sage Designations |
| Gohde, John | 164 | 5 | 164 | 16 | Sage Designations |
| Gohde, John | 167 | 2 | 167 | 19 | Sage Designations |
| Gohde, John | 167 | 20 | 168 | 9 | Sage Designations |
| Gohde, John | 168 | 22 | 169 | 10 | Sage Designations |
| Gohde, John | 170 | 19 | 171 | 11 | Sage Designations |
| Gohde, John | 173 | 2 | 173 | 15 | Sage Designations |
| Gohde, John | 173 | 18 | 173 | 20 | Sage Designations |
| Gohde, John | 174 | 16 | 174 | 18 | Sage Designations |
| Gohde, John | 174 | 21 | 174 | 22 | Sage Designations |
| Gohde, John | 175 | 10 | 175 | 14 | Sage Designations |
| Gohde, John | 175 | 17 | 175 | 20 | Sage Designations |
| Gohde, John | 175 | 22 | 177 | 3 | Sage Designations |
| Gohde, John | 177 | 4 | 177 | 18 | Sage Designations |
| Gohde, John | 177 | 20 | 178 | 2 | Sage Designations |
| Gohde, John | 178 | 5 | 178 | 6 | Sage Designations |
| Gohde, John | 178 | 18 | 179 | 17 | Sage Designations |
| Gohde, John | 179 | 18 | 179 | 23 | Sage Designations |
| Gohde, John | 180 | 2 | 180 | 6 | Sage Designations |
| Gohde, John | 180 | 8 | 180 | 10 | Sage Designations |
| Gohde, John | 180 | 18 | 181 | 6 | Sage Designations |
| Gohde, John | 181 | 12 | 181 | 22 | Sage Designations |
| Gohde, John | 182 | 11 | 182 | 18 | Sage Designations |
| Gohde, John | 183 | 23 | 184 | 16 | Sage Designations |
| Gohde, John | 184 | 17 | 185 | 1 | Sage Designations |
| Gohde, John | 185 | 2 | 185 | 7 | Sage Designations |
| Gohde, John | 185 | 10 | 185 | 16 | Sage Designations |
| Gohde, John | 185 | 17 | 186 | 3 | Sage Designations |
| Gohde, John | 186 | 16 | 186 | 24 | Sage Designations |
| Gohde, John | 187 | 12 | 187 | 15 | Sage Designations |
| Gohde, John | 187 | 18 | 187 | 21 | Sage Designations |
| Gohde, John | 189 | 14 | 189 | 20 | Sage Designations |
| Gohde, John | 190 | 11 | 190 | 15 | Sage Designations |
| Gohde, John | 190 | 16 | 190 | 22 | Sage Designations |
| Gohde, John | 191 | 21 | 192 | 1 | Sage Designations |
| Gohde, John | 193 | 7 | 193 | 10 | Sage Designations |
| Gohde, John | 193 | 13 | 193 | 16 | Sage Designations |
| Gohde, John | 193 | 17 | 194 | 1 | Sage Designations |
| Gohde, John | 194 | 4 | 194 | 5 | Sage Designations |
| Gohde, John | 194 | 7 | 194 | 13 | Sage Designations |
| Gohde, John | 194 | 16 | 194 | 24 | Sage Designations |
| Gohde, John | 195 | 3 | 195 | 12 | Sage Designations |
| Gohde, John | 196 | 13 | 197 | 6 | Sage Designations |
| Gohde, John | 197 | 9 | 197 | 12 | Sage Designations |
| Gohde, John | 202 | 13 | 202 | 18 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Gohde, John | 202 | 22 | 203 | 8 | Sage Designations |
| Gohde, John | 203 | 20 | 203 | 21 | Sage Designations |
| Gohde, John | 207 | 16 | 207 | 21 | Sage Designations |
| Gohde, John | 210 | 11 | 210 | 15 | Sage Designations |
| Gohde, John | 210 | 17 | 210 | 22 | Sage Designations |
| Gohde, John | 214 | 7 | 214 | 10 | Sage Designations |
| Gohde, John | 214 | 12 | 214 | 14 | Sage Designations |
| Gohde, John | 210 | 23 | 210 | 24 | Sage Designations |
| Gohde, John | 211 | 10 | 211 | 14 | Sage Designations |
| Gohde, John | 215 | 20 | 215 | 23 | Sage Designations |
| Gohde, John | 216 | 3 | 216 | 11 | Sage Designations |
| Gohde, John | 216 | 14 | 216 | 15 | Sage Designations |
| Gohde, John | 219 | 13 | 219 | 17 | Sage Designations |
| Gohde, John | 220 | 9 | 220 | 18 | Sage Designations |
| Gohde, John | 220 | 19 | 220 | 24 | Sage Designations |
| Gohde, John | 221 | 4 | 221 | 13 | Sage Designations |
| Gohde, John | 221 | 16 | 222 | 4 | Sage Designations |
| Gohde, John | 222 | 13 | 222 | 21 | Sage Designations |
| Gohde, John | 222 | 22 | 223 | 3 | Sage Designations |
| Gohde, John | 223 | 6 | 223 | 16 | Sage Designations |
| Gohde, John | 223 | 17 | 223 | 22 | Sage Designations |
| Gohde, John | 224 | 12 | 224 | 19 | Sage Designations |
| Gohde, John | 224 | 20 | 225 | 12 | Sage Designations |
| Gohde, John | 225 | 13 | 226 | 3 | Sage Designations |
| Gohde, John | 226 | 6 | 226 | 6 | Sage Designations |
| Gohde, John | 30 | 22 | 31 | 7 | Sage Conditionals |
| Gohde, John | 31 | 19 | 32 | 5 | Sage Conditionals |
| Gohde, John | 32 | 9 | 32 | 9 | Sage Conditionals |
| Gohde, John | 35 | 12 | 35 | 15 | Sage Conditionals |
| Gohde, John | 35 | 18 | 35 | 18 | Sage Conditionals |
| Gohde, John | 35 | 20 | 35 | 22 | Sage Conditionals |
| Gohde, John | 35 | 1 | 35 | 2 | Sage Conditionals |
| Gohde, John | 36 | 4 | 36 | 11 | Sage Conditionals |
| Gohde, John | 37 | 22 | 38 | 16 | Sage Conditionals |
| Gohde, John | 38 | 20 | 38 | 22 | Sage Conditionals |
| Gohde, John | 45 | 1 | 45 | 2 | Sage Conditionals |
| Gohde, John | 45 | 4 | 45 | 12 | Sage Conditionals |
| Gohde, John | 64 | 10 | 64 | 15 | Sage Conditionals |
| Gohde, John | 70 | 15 | 70 | 24 | Sage Conditionals |
| Gohde, John | 115 | 7 | 116 | 3 | Sage Conditionals |
| Gohde, John | 121 | 17 | 122 | 16 | Sage Conditionals |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Newton, Camille | 17 | 23 | 18 | 14 | | Sage Designations |
| Newton, Camille | 19 | 6 | 19 | 8 | | Sage Designations |
| Newton, Camille | 20 | 17 | 20 | 19 | | Sage Designations |
| Newton, Camille | 20 | 24 | 21 | 1 | | Sage Designations |
| Newton, Camille | 25 | 25 | 26 | 4 | | Sage Designations |
| Newton, Camille | 26 | 18 | 26 | 25 | | Sage Designations |
| Newton, Camille | 27 | 5 | 27 | 17 | | Sage Designations |
| Newton, Camille | 28 | 10 | 28 | 13 | | Sage Designations |
| Newton, Camille | 29 | 2 | 29 | 19 | | Sage Designations |
| Newton, Camille | 30 | 2 | 30 | 11 | | Sage Designations |
| Newton, Camille | 31 | 5 | 31 | 8 | | Sage Designations |
| Newton, Camille | 31 | 24 | 32 | 7 | | Sage Designations |
| Newton, Camille | 33 | 8 | 33 | 12 | | Sage Designations |
| Newton, Camille | 33 | 13 | 34 | 7 | | Sage Designations |
| Newton, Camille | 34 | 8 | 34 | 11 | | Sage Designations |
| Newton, Camille | 34 | 15 | 34 | 23 | | Sage Designations |
| Newton, Camille | 35 | 1 | 35 | 1 | | Sage Designations |
| Newton, Camille | 37 | 8 | 37 | 13 | | Sage Designations |
| Newton, Camille | 37 | 16 | 37 | 24 | | Sage Designations |
| Newton, Camille | 40 | 11 | 40 | 14 | | Sage Designations |
| Newton, Camille | 40 | 17 | 40 | 25 | | Sage Designations |
| Newton, Camille | 41 | 1 | 41 | 10 | | Sage Designations |
| Newton, Camille | 41 | 13 | 41 | 13 | | Sage Designations |
| Newton, Camille | 42 | 24 | 43 | 1 | | Sage Designations |
| Newton, Camille | 41 | 25 | 42 | 8 | | Sage Designations |
| Newton, Camille | 47 | 20 | 48 | 7 | | Sage Designations |
| Newton, Camille | 49 | 1 | 49 | 3 | | Sage Designations |
| Newton, Camille | 49 | 5 | 49 | 6 | | Sage Designations |
| Newton, Camille | 49 | 17 | 50 | 5 | | Sage Designations |
| Newton, Camille | 50 | 22 | 50 | 24 | | Sage Designations |
| Newton, Camille | 50 | 25 | 51 | 2 | | Sage Designations |
| Newton, Camille | 51 | 13 | 51 | 17 | | Sage Designations |
| Newton, Camille | 52 | 11 | 52 | 13 | | Sage Designations |
| Newton, Camille | 52 | 15 | 52 | 16 | | Sage Designations |
| Newton, Camille | 55 | 13 | 55 | 15 | | Sage Designations |
| Newton, Camille | 55 | 18 | 55 | 21 | | Sage Designations |
| Newton, Camille | 55 | 25 | 56 | 3 | | Sage Designations |
| Newton, Camille | 56 | 6 | 56 | 6 | | Sage Designations |
| Newton, Camille | 60 | 9 | 60 | 10 | | Sage Designations |
| Newton, Camille | 60 | 13 | 60 | 19 | | Sage Designations |
| Newton, Camille | 60 | 25 | 61 | 6 | | Sage Designations |
| Newton, Camille | 65 | 18 | 66 | 4 | | Sage Designations |
| Newton, Camille | 66 | 25 | 67 | 10 | | Sage Designations |
| Newton, Camille | 67 | 13 | 67 | 21 | | Sage Designations |
| Newton, Camille | 68 | 14 | 68 | 18 | | Sage Designations |
| Newton, Camille | 68 | 20 | 68 | 24 | | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Newton, Camille | 74 | 24 | 75 | 1 | Sage Designations |
| Newton, Camille | 75 | 3 | 75 | 10 | Sage Designations |
| Newton, Camille | 72 | 14 | 72 | 18 | Sage Designations |
| Newton, Camille | 75 | 11 | 75 | 11 | Sage Designations |
| Newton, Camille | 75 | 13 | 75 | 13 | Sage Designations |
| Newton, Camille | 75 | 15 | 75 | 21 | Sage Designations |
| Newton, Camille | 75 | 23 | 76 | 4 | Sage Designations |
| Newton, Camille | 77 | 3 | 77 | 12 | Sage Designations |
| Newton, Camille | 77 | 22 | 77 | 24 | Sage Designations |
| Newton, Camille | 78 | 1 | 78 | 17 | Sage Designations |
| Newton, Camille | 78 | 18 | 79 | 3 | Sage Designations |
| Newton, Camille | 79 | 5 | 79 | 15 | Sage Designations |
| Newton, Camille | 79 | 17 | 79 | 24 | Sage Designations |
| Newton, Camille | 81 | 1 | 81 | 13 | Sage Designations |
| Newton, Camille | 83 | 7 | 83 | 10 | Sage Designations |
| Newton, Camille | 83 | 12 | 83 | 17 | Sage Designations |
| Newton, Camille | 88 | 11 | 89 | 5 | Sage Designations |
| Newton, Camille | 89 | 18 | 89 | 20 | Sage Designations |
| Newton, Camille | 90 | 5 | 90 | 6 | Sage Designations |
| Newton, Camille | 90 | 14 | 90 | 21 | Sage Designations |
| Newton, Camille | 90 | 24 | 91 | 4 | Sage Designations |
| Newton, Camille | 91 | 6 | 91 | 7 | Sage Designations |
| Newton, Camille | 92 | 4 | 92 | 8 | Sage Designations |
| Newton, Camille | 92 | 18 | 92 | 20 | Sage Designations |
| Newton, Camille | 92 | 23 | 92 | 25 | Sage Designations |
| Newton, Camille | 97 | 16 | 97 | 17 | Sage Designations |
| Newton, Camille | 100 | 6 | 100 | 8 | Sage Designations |
| Newton, Camille | 101 | 1 | 101 | 17 | Sage Designations |
| Newton, Camille | 101 | 18 | 101 | 25 | Sage Designations |
| Newton, Camille | 102 | 3 | 102 | 7 | Sage Designations |
| Newton, Camille | 103 | 4 | 103 | 11 | Sage Designations |
| Newton, Camille | 103 | 13 | 103 | 15 | Sage Designations |
| Newton, Camille | 103 | 18 | 104 | 4 | Sage Designations |
| Newton, Camille | 104 | 12 | 104 | 14 | Sage Designations |
| Newton, Camille | 105 | 8 | 105 | 10 | Sage Designations |
| Newton, Camille | 105 | 13 | 106 | 1 | Sage Designations |
| Newton, Camille | 106 | 7 | 106 | 16 | Sage Designations |
| Newton, Camille | 107 | 13 | 107 | 14 | Sage Designations |
| Newton, Camille | 107 | 16 | 107 | 16 | Sage Designations |
| Newton, Camille | 107 | 18 | 108 | 18 | Sage Designations |
| Newton, Camille | 108 | 19 | 108 | 22 | Sage Designations |
| Newton, Camille | 110 | 2 | 110 | 13 | Sage Designations |
| Newton, Camille | 112 | 9 | 112 | 18 | Sage Designations |
| Newton, Camille | 112 | 19 | 112 | 24 | Sage Designations |
| Newton, Camille | 113 | 4 | 113 | 6 | Sage Designations |
| Newton, Camille | 113 | 19 | 113 | 21 | Sage Designations |
| Newton, Camille | 113 | 24 | 114 | 4 | Sage Designations |

| | | | | |
|---|---|---|---|---|
| Newton, Camille | 114 | 5 | 114 | 10 | Sage Designations |
| Newton, Camille | 114 | 17 | 114 | 19 | Sage Designations |
| Newton, Camille | 115 | 13 | 115 | 15 | Sage Designations |
| Newton, Camille | 115 | 19 | 115 | 24 | Sage Designations |
| Newton, Camille | 116 | 24 | 117 | 2 | Sage Designations |
| Newton, Camille | 117 | 5 | 117 | 10 | Sage Designations |
| Newton, Camille | 117 | 13 | 117 | 14 | Sage Designations |
| Newton, Camille | 121 | 3 | 121 | 9 | Sage Designations |
| Newton, Camille | 121 | 2 | 121 | 2 | Sage Designations |
| Newton, Camille | 121 | 12 | 121 | 13 | Sage Designations |
| Newton, Camille | 121 | 25 | 122 | 1 | Sage Designations |
| Newton, Camille | 122 | 4 | 122 | 4 | Sage Designations |
| Newton, Camille | 122 | 19 | 122 | 22 | Sage Designations |
| Newton, Camille | 122 | 24 | 123 | 4 | Sage Designations |
| Newton, Camille | 123 | 5 | 123 | 7 | Sage Designations |
| Newton, Camille | 123 | 9 | 123 | 9 | Sage Designations |
| Newton, Camille | 123 | 11 | 123 | 13 | Sage Designations |
| Newton, Camille | 123 | 15 | 123 | 16 | Sage Designations |
| Newton, Camille | 125 | 17 | 125 | 24 | Sage Designations |
| Newton, Camille | 126 | 14 | 126 | 16 | Sage Designations |
| Newton, Camille | 126 | 25 | 127 | 1 | Sage Designations |
| Newton, Camille | 127 | 4 | 127 | 7 | Sage Designations |
| Newton, Camille | 127 | 10 | 127 | 15 | Sage Designations |
| Newton, Camille | 127 | 18 | 127 | 18 | Sage Designations |
| Newton, Camille | 129 | 2 | 129 | 5 | Sage Designations |
| Newton, Camille | 129 | 6 | 129 | 17 | Sage Designations |
| Newton, Camille | 129 | 20 | 129 | 23 | Sage Designations |
| Newton, Camille | 129 | 25 | 130 | 7 | Sage Designations |
| Newton, Camille | 132 | 19 | 133 | 13 | Sage Designations |
| Newton, Camille | 133 | 15 | 133 | 15 | Sage Designations |
| Newton, Camille | 134 | 10 | 134 | 18 | Sage Designations |
| Newton, Camille | 135 | 9 | 135 | 14 | Sage Designations |
| Newton, Camille | 135 | 16 | 135 | 16 | Sage Designations |
| Newton, Camille | 135 | 18 | 135 | 20 | Sage Designations |
| Newton, Camille | 135 | 23 | 136 | 9 | Sage Designations |
| Newton, Camille | 136 | 18 | 136 | 20 | Sage Designations |
| Newton, Camille | 137 | 4 | 137 | 9 | Sage Designations |
| Newton, Camille | 137 | 19 | 138 | 4 | Sage Designations |
| Newton, Camille | 139 | 10 | 140 | 3 | Sage Designations |
| Newton, Camille | 140 | 4 | 140 | 18 | Sage Designations |
| Newton, Camille | 142 | 5 | 142 | 18 | Sage Designations |
| Newton, Camille | 144 | 21 | 145 | 1 | Sage Designations |
| Newton, Camille | 145 | 11 | 145 | 13 | Sage Designations |
| Newton, Camille | 145 | 21 | 145 | 23 | Sage Designations |
| Newton, Camille | 146 | 4 | 146 | 14 | Sage Designations |
| Newton, Camille | 146 | 15 | 147 | 2 | Sage Designations |
| Newton, Camille | 147 | 15 | 147 | 24 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Newton, Camille | 148 | 12 | 148 | 21 | Sage Designations |
| Newton, Camille | 149 | 8 | 149 | 14 | Sage Designations |
| Newton, Camille | 150 | 16 | 151 | 2 | Sage Designations |
| Newton, Camille | 154 | 15 | 155 | 7 | Sage Designations |
| Newton, Camille | 155 | 23 | 156 | 9 | Sage Designations |
| Newton, Camille | 156 | 13 | 157 | 2 | Sage Designations |
| Newton, Camille | 157 | 7 | 157 | 9 | Sage Designations |
| Newton, Camille | 157 | 11 | 157 | 25 | Sage Designations |
| Newton, Camille | 159 | 14 | 159 | 16 | Sage Designations |
| Newton, Camille | 163 | 8 | 163 | 14 | Sage Designations |
| Newton, Camille | 163 | 16 | 163 | 18 | Sage Designations |
| Newton, Camille | 164 | 6 | 164 | 17 | Sage Designations |
| Newton, Camille | 165 | 22 | 166 | 18 | Sage Designations |
| Newton, Camille | 166 | 21 | 166 | 22 | Sage Designations |
| Newton, Camille | 167 | 7 | 167 | 10 | Sage Designations |
| Newton, Camille | 167 | 13 | 167 | 14 | Sage Designations |
| Newton, Camille | 167 | 16 | 167 | 16 | Sage Designations |
| Newton, Camille | 167 | 17 | 167 | 24 | Sage Designations |
| Newton, Camille | 168 | 2 | 168 | 7 | Sage Designations |
| Newton, Camille | 170 | 7 | 170 | 9 | Sage Designations |
| Newton, Camille | 170 | 10 | 170 | 12 | Sage Designations |
| Newton, Camille | 170 | 15 | 171 | 5 | Sage Designations |
| Newton, Camille | 171 | 17 | 171 | 19 | Sage Designations |
| Newton, Camille | 172 | 4 | 172 | 8 | Sage Designations |
| Newton, Camille | 172 | 11 | 172 | 14 | Sage Designations |
| Newton, Camille | 172 | 17 | 173 | 1 | Sage Designations |
| Newton, Camille | 173 | 8 | 173 | 11 | Sage Designations |
| Newton, Camille | 175 | 7 | 175 | 10 | Sage Designations |
| Newton, Camille | 173 | 14 | 173 | 17 | Sage Designations |
| Newton, Camille | 173 | 20 | 173 | 24 | Sage Designations |
| Newton, Camille | 174 | 22 | 175 | 6 | Sage Designations |
| Newton, Camille | 174 | 4 | 174 | 6 | Sage Designations |
| Newton, Camille | 99 | 12 | 99 | 19 | Sage Designations |
| Newton, Camille | 99 | 22 | 99 | 23 | Sage Designations |
| Newton, Camille | 178 | 15 | 178 | 19 | Sage Designations |
| Newton, Camille | 177 | 24 | 177 | 25 | Sage Designations |
| Newton, Camille | 178 | 20 | 178 | 22 | Sage Designations |
| Newton, Camille | 178 | 24 | 178 | 25 | Sage Designations |
| Newton, Camille | 179 | 10 | 179 | 12 | Sage Designations |
| Newton, Camille | 179 | 14 | 179 | 15 | Sage Designations |
| Newton, Camille | 180 | 12 | 181 | 4 | Sage Designations |
| Newton, Camille | 181 | 5 | 181 | 14 | Sage Designations |
| Newton, Camille | 182 | 11 | 182 | 23 | Sage Designations |
| Newton, Camille | 183 | 25 | 184 | 15 | Sage Designations |
| Newton, Camille | 184 | 16 | 184 | 18 | Sage Designations |
| Newton, Camille | 184 | 22 | 184 | 25 | Sage Designations |
| Newton, Camille | 185 | 24 | 186 | 12 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Newton, Camille | 188 | 9 | 188 | 11 | Sage Designations |
| Newton, Camille | 188 | 13 | 189 | 3 | Sage Designations |
| Newton, Camille | 190 | 5 | 190 | 13 | Sage Designations |
| Newton, Camille | 190 | 14 | 190 | 16 | Sage Designations |
| Newton, Camille | 190 | 19 | 190 | 20 | Sage Designations |
| Newton, Camille | 192 | 14 | 192 | 19 | Sage Designations |
| Newton, Camille | 192 | 20 | 192 | 21 | Sage Designations |
| Newton, Camille | 192 | 23 | 192 | 24 | Sage Designations |
| Newton, Camille | 193 | 14 | 193 | 14 | Sage Designations |
| Newton, Camille | 194 | 5 | 194 | 7 | Sage Designations |
| Newton, Camille | 194 | 10 | 194 | 14 | Sage Designations |
| Newton, Camille | 195 | 8 | 195 | 24 | Sage Designations |
| Newton, Camille | 196 | 1 | 196 | 7 | Sage Designations |
| Newton, Camille | 196 | 9 | 196 | 10 | Sage Designations |
| Newton, Camille | 196 | 12 | 197 | 3 | Sage Designations |
| Newton, Camille | 197 | 20 | 198 | 1 | Sage Designations |
| Newton, Camille | 198 | 9 | 198 | 14 | Sage Designations |
| Newton, Camille | 200 | 12 | 200 | 24 | Sage Designations |
| Newton, Camille | 200 | 25 | 201 | 2 | Sage Designations |
| Newton, Camille | 201 | 10 | 201 | 25 | Sage Designations |
| Newton, Camille | 202 | 3 | 202 | 8 | Sage Designations |
| Newton, Camille | 202 | 8 | 202 | 13 | Sage Designations |
| Newton, Camille | 202 | 16 | 202 | 18 | Sage Designations |
| Newton, Camille | 203 | 25 | 204 | 3 | Sage Designations |
| Newton, Camille | 205 | 21 | 206 | 7 | Sage Designations |
| Newton, Camille | 206 | 9 | 206 | 19 | Sage Designations |
| Newton, Camille | 207 | 8 | 207 | 13 | Sage Designations |
| Newton, Camille | 207 | 14 | 207 | 20 | Sage Designations |
| Newton, Camille | 207 | 22 | 208 | 5 | Sage Designations |
| Newton, Camille | 208 | 9 | 208 | 19 | Sage Designations |
| Newton, Camille | 208 | 25 | 209 | 4 | Sage Designations |
| Newton, Camille | 211 | 3 | 211 | 7 | Sage Designations |
| Newton, Camille | 212 | 9 | 212 | 12 | Sage Designations |
| Newton, Camille | 212 | 19 | 213 | 11 | Sage Designations |
| Newton, Camille | 213 | 12 | 213 | 20 | Sage Designations |
| Newton, Camille | 213 | 22 | 214 | 5 | Sage Designations |
| Newton, Camille | 214 | 7 | 214 | 13 | Sage Designations |
| Newton, Camille | 214 | 15 | 214 | 16 | Sage Designations |
| Newton, Camille | 215 | 2 | 215 | 3 | Sage Designations |
| Newton, Camille | 215 | 8 | 215 | 12 | Sage Designations |
| Newton, Camille | 215 | 22 | 216 | 1 | Sage Designations |
| Newton, Camille | 216 | 2 | 216 | 4 | Sage Designations |
| Newton, Camille | 216 | 6 | 216 | 6 | Sage Designations |
| Newton, Camille | 216 | 8 | 216 | 10 | Sage Designations |
| Newton, Camille | 216 | 16 | 216 | 19 | Sage Designations |
| Newton, Camille | 216 | 21 | 217 | 6 | Sage Designations |
| Newton, Camille | 217 | 7 | 217 | 8 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Newton, Camille | 217 | 10 | 217 | 10 | Sage Designations |
| Newton, Camille | 217 | 18 | 217 | 21 | Sage Designations |
| Newton, Camille | 217 | 24 | 218 | 11 | Sage Designations |
| Newton, Camille | 218 | 13 | 218 | 18 | Sage Designations |
| Newton, Camille | 218 | 20 | 218 | 20 | Sage Designations |
| Newton, Camille | 218 | 21 | 218 | 24 | Sage Designations |
| Newton, Camille | 219 | 19 | 220 | 9 | Sage Designations |
| Newton, Camille | 220 | 10 | 220 | 15 | Sage Designations |
| Newton, Camille | 220 | 18 | 220 | 25 | Sage Designations |
| Newton, Camille | 221 | 2 | 221 | 13 | Sage Designations |
| Newton, Camille | 221 | 14 | 222 | 3 | Sage Designations |
| Newton, Camille | 222 | 4 | 222 | 10 | Sage Designations |
| Newton, Camille | 222 | 22 | 222 | 25 | Sage Designations |
| Newton, Camille | 223 | 2 | 223 | 3 | Sage Designations |
| Newton, Camille | 224 | 16 | 224 | 22 | Sage Designations |
| Newton, Camille | 224 | 25 | 225 | 6 | Sage Designations |
| Newton, Camille | 225 | 8 | 225 | 16 | Sage Designations |
| Newton, Camille | 226 | 5 | 226 | 6 | Sage Designations |
| Newton, Camille | 225 | 25 | 226 | 3 | Sage Designations |
| Newton, Camille | 226 | 9 | 226 | 14 | Sage Designations |
| Newton, Camille | 226 | 17 | 226 | 23 | Sage Designations |
| Newton, Camille | 227 | 1 | 227 | 8 | Sage Designations |
| Newton, Camille | 227 | 11 | 227 | 13 | Sage Designations |
| Newton, Camille | 227 | 24 | 228 | 2 | Sage Designations |
| Newton, Camille | 228 | 5 | 228 | 6 | Sage Designations |
| Newton, Camille | 228 | 23 | 228 | 25 | Sage Designations |
| Newton, Camille | 229 | 3 | 229 | 7 | Sage Designations |
| Newton, Camille | 229 | 24 | 230 | 1 | Sage Designations |
| Newton, Camille | 230 | 24 | 231 | 2 | Sage Designations |
| Newton, Camille | 231 | 12 | 231 | 23 | Sage Designations |
| Newton, Camille | 233 | 10 | 233 | 12 | Sage Designations |
| Newton, Camille | 233 | 21 | 234 | 8 | Sage Designations |
| Newton, Camille | 234 | 9 | 234 | 19 | Sage Designations |
| Newton, Camille | 234 | 22 | 234 | 23 | Sage Designations |
| Newton, Camille | 235 | 16 | 235 | 18 | Sage Designations |
| Newton, Camille | 236 | 17 | 236 | 23 | Sage Designations |
| Newton, Camille | 236 | 25 | 236 | 25 | Sage Designations |
| Newton, Camille | 239 | 8 | 239 | 10 | Sage Designations |
| Newton, Camille | 239 | 13 | 239 | 17 | Sage Designations |
| Newton, Camille | 239 | 19 | 239 | 21 | Sage Designations |
| Newton, Camille | 239 | 22 | 240 | 4 | Sage Designations |
| Newton, Camille | 240 | 7 | 240 | 20 | Sage Designations |
| Newton, Camille | 240 | 22 | 240 | 25 | Sage Designations |
| Newton, Camille | 241 | 13 | 241 | 17 | Sage Designations |
| Newton, Camille | 241 | 18 | 241 | 19 | Sage Designations |
| Newton, Camille | 242 | 16 | 242 | 24 | Sage Designations |
| Newton, Camille | 243 | 2 | 243 | 9 | Sage Designations |

| | | | | | |
|---|---|---|---|---|---|
| Newton, Camille | 243 | 13 | 243 | 20 | Sage Designations |
| Newton, Camille | 244 | 18 | 245 | 1 | Sage Designations |
| Newton, Camille | 247 | 8 | 247 | 9 | Sage Designations |
| Newton, Camille | 247 | 12 | 248 | 1 | Sage Designations |
| Newton, Camille | 248 | 4 | 248 | 13 | Sage Designations |
| Newton, Camille | 249 | 10 | 249 | 12 | Sage Designations |
| Newton, Camille | 249 | 15 | 249 | 16 | Sage Designations |
| Newton, Camille | 250 | 8 | 250 | 11 | Sage Designations |
| Newton, Camille | 250 | 14 | 250 | 15 | Sage Designations |
| Newton, Camille | 250 | 17 | 250 | 19 | Sage Designations |
| Newton, Camille | 254 | 17 | 254 | 20 | Sage Designations |
| Newton, Camille | 254 | 23 | 255 | 3 | Sage Designations |
| Newton, Camille | 255 | 5 | 255 | 14 | Sage Designations |
| Newton, Camille | 258 | 13 | 259 | 8 | Sage Designations |
| Newton, Camille | 259 | 14 | 259 | 18 | Sage Designations |
| Newton, Camille | 260 | 7 | 260 | 10 | Sage Designations |
| Newton, Camille | 260 | 11 | 260 | 15 | Sage Designations |
| Newton, Camille | 260 | 18 | 261 | 1 | Sage Designations |
| Newton, Camille | 261 | 4 | 261 | 7 | Sage Designations |
| Newton, Camille | 261 | 10 | 261 | 13 | Sage Designations |
| Newton, Camille | 261 | 15 | 261 | 16 | Sage Designations |
| Newton, Camille | 261 | 18 | 261 | 21 | Sage Designations |
| Newton, Camille | 262 | 10 | 262 | 11 | Sage Designations |
| Newton, Camille | 262 | 13 | 262 | 14 | Sage Designations |
| Newton, Camille | 265 | 14 | 265 | 17 | Sage Designations |
| Newton, Camille | 269 | 4 | 269 | 9 | Sage Designations |
| Newton, Camille | 269 | 10 | 269 | 11 | Sage Designations |
| Newton, Camille | 269 | 14 | 269 | 21 | Sage Designations |
| Newton, Camille | 270 | 16 | 270 | 18 | Sage Designations |
| Newton, Camille | 274 | 6 | 274 | 9 | Sage Designations |
| Newton, Camille | 275 | 20 | 276 | 2 | Sage Designations |
| Newton, Camille | 276 | 22 | 277 | 7 | Sage Designations |
| Newton, Camille | 278 | 11 | 278 | 13 | Sage Designations |
| Newton, Camille | 278 | 15 | 278 | 16 | Sage Designations |
| Newton, Camille | 279 | 7 | 279 | 11 | Sage Designations |
| Newton, Camille | 281 | 9 | 281 | 24 | Sage Designations |
| Newton, Camille | 281 | 25 | 282 | 7 | Sage Designations |
| Newton, Camille | 283 | 3 | 283 | 9 | Sage Designations |
| Newton, Camille | 283 | 19 | 283 | 20 | Sage Designations |
| Newton, Camille | 283 | 22 | 283 | 22 | Sage Designations |
| Newton, Camille | 285 | 10 | 285 | 15 | Sage Designations |
| Newton, Camille | 285 | 21 | 286 | 10 | Sage Designations |
| Newton, Camille | 286 | 15 | 286 | 20 | Sage Designations |
| Newton, Camille | 287 | 8 | 287 | 11 | Sage Designations |
| Newton, Camille | 287 | 15 | 288 | 1 | Sage Designations |
| Newton, Camille | 289 | 25 | 290 | 2 | Sage Designations |
| Newton, Camille | 290 | 4 | 290 | 5 | Sage Designations |

| Newton, Camille | 290 | 20 | 290 | 22 | Sage Designations |
|---|---|---|---|---|---|
| Newton, Camille | 290 | 25 | 291 | 1 | Sage Designations |
| Newton, Camille | 291 | 3 | 291 | 6 | Sage Designations |
| Newton, Camille | 293 | 19 | 293 | 20 | Sage Designations |
| Newton, Camille | 292 | 16 | 292 | 23 | Sage Designations |
| Newton, Camille | 293 | 24 | 294 | 1 | Sage Designations |
| Newton, Camille | 296 | 15 | 296 | 18 | Sage Designations |
| Newton, Camille | 297 | 20 | 297 | 24 | Sage Designations |
| Newton, Camille | 298 | 17 | 298 | 22 | Sage Designations |
| Newton, Camille | 298 | 24 | 299 | 6 | Sage Designations |
| Newton, Camille | 298 | 3 | 298 | 8 | Sage Designations |
| Newton, Camille | 10 | 14 | 10 | 18 | Sage Designations |
| Newton, Camille | 15 | 14 | 17 | 22 | Sage Designations |

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Sanchez, Ph.D., Robert A. | 27 | 19 | 27 | 20 | | Sage Designations |
| Sanchez, Ph.D., Robert A. | 30 | 3 | 30 | 3 | | Sage Designations |
| Sanchez, Ph.D., Robert A. | 63 | 13 | 63 | 13 | | Sage Designations |
| Sanchez, Ph.D., Robert A. | 81 | 23 | 81 | 25 | | Sage Designations |
| Sanchez, Ph.D., Robert A. | 96 | 14 | 96 | 14 | | Sage Designations |
| Sanchez, Ph.D., Robert A. | 103 | 12 | 103 | 14 | | Sage Designations |

# SCHEDULE E4b

**Sage's Designation of Deposition Testimony of Jason Bobay**

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 7:3-9 | | | |
| 14:7-12 | | | |
| 14:22-15:25 | | | |
| 15:13-25 | | | |
| 16:2 | | | |
| 17:9-25 | 402, 403 (to 17:18-25) | | |
| 18:2-25 | 402, 403 | | |
| 20:2-21:11 | | | |
| 21:21-25 | | | |
| 22:2-18 | | | |
| 23:24-25 | V | | |
| 24:2-12 | | | |
| 25:16-24 | | | |
| 34:9-21 | | | |
| 34:24-25 | 402, 403, V | | |
| 35:2-3 | 402, 403, V | | |
| 76:10-16 | | | |
| 76:19-77:6 | | | |
| 80:9-12 | | | |
| 81:14-16 | F | | |
| 81:19-25 | F | | |
| 82:2-12 | F | | |
| 82:21-23 | | | |
| 83:3-14 | | | |
| 84:25-85:5 | | 84:11-24 | |
| 86:9-25 | | 87:3-11 | |
| 87:2 | | 87:3-11 | |
| 90:3-4 | | 89:4-5; 89:9-90:1 | |
| 90:7-8 | | | |
| 91:22-24 | | | |
| 92:2-4 | | 92:23-93:19 | |
| 92:20-22 | F, V, 402, 403, H, 602 | | |
| 94:5-8 | F, V, 402, 403, H, 602 | | |
| 94:12-25 | F, V, 402, 403, H, 602 | | |
| 95:2-25 | F, V, 402, 403, H, 602 | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 96:2-25 | F, V, 402, 403, H, 602 | | |
| 97:2-10 | F, V, 402, 403, H, 602 | | |
| 100:17-25 | | | |
| 101:2-25 | | | |
| 102:2-11 | | | |
| 120:17-25 | | | |
| 121:2-9 | | | |
| 121:12-13 | | | |
| 128:16-25 | V | 124:5-25; 125:2-13; 125:17-126:2; 126:11-19; 126:22-24; 127:14-19; 127:23-25 | |
| 129:2-7 | | | |
| 129:10-12 | | | |
| 129:15-20 | | | |
| 130:2-4 | | 130:5-8 | |
| 130:18-25 | | | |
| 131:11-19 | | | |
| 132:9-25 | | | |
| 133:2-25 | | | |
| 134:2-20 | H | 134:21-25 | |
| 135:2-10 | | | |
| 146:8-10 | | | |
| 147:3-6 | | | |
| 148:2-12 | | | |
| 148:24-25 | F, 402, 403, H, 602 | 149:20-22; 149:25-150:8; 150:12-15; 151:20-151:18; 152:22 | |
| 152:23-153:3 | | | |
| 153:5-6 | | | |
| 154:19-25 | F, H, A 402, 403 | 153:21-154:10 | |
| 155:2-25 | F, H, A 402, 403 | | |
| 156:2-6 | F, H, A 402, 403 | | |
| 160:19-22 | | | |
| 161:9-25 | | | |
| 162:2-14 | F, V | 162:15-24 | |
| 163:17-20 | | | |
| 164:18-22 | | 164:4-17 | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 164:25 | F, V, H, 403 | | |
| 165:2-25 | F, V, H, 403 | | |
| 166:2 | F, V, H, 403 | | |
| 166:3-12 | F, V, H, 403 | | |
| 182:16-25 | H, F | | |
| 183:2-25 | H, F | | |
| 184:2-25 | H, F | | |
| 185:2-5 | H, F | | |

**Sage's Designation of Deposition Testimony of Brian Burn**

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 4:18-20 | | | |
| 4:21-5:1 | | | |
| 10:8-10 | | | |
| 10:11-16 | | | |
| 10:17-19 | | | |
| 10:20-23 | | | |
| 12:23-13:10 | F | | |
| 14:13-21 | F | | |
| 14:22-24 | | | |
| 21:6-10 | | | |
| 21:17-22 | | | |
| 23:7-9 | F, 403 | 22:23-23:6 | |
| 23:10-13 | F, 403 | | |
| 32:18-33:2 | 402 | | |
| 37:4-7 | | 37:1-3 | |
| 38:11-13 | | | |
| 39:4-42:20 | | | |
| 45:21-24 | 402 | | |
| 46:1-4 | 402 | | |
| 46:9-12 | 402 | | |
| 46:13-16 | 402, Duplicate | | |
| 46:17-19 | 402 | | |
| 46:20-22 | 402 | | |
| 46:23-47:1 | | | |
| 47:2-4 | | | |
| 47:8-10 | 402, 403 | | |
| 50:21-51:1 | | | |
| 51:9-11 | | | |
| 51:12-18 | | | |
| 51:23 | | | |
| 52:11-17 | 402, 403 | | |
| 53:13-24 | 402, 403 | | |
| 54:1-23 | 402, 403, 611 | | |
| 54:24-55:4 | 402, 403, 611 | | |
| 55:7-10 | 402, 403, CS | | |
| 55:13-56:5 | 402, 403, 611 | | |
| 56:14-18 | 402, 403 | | |
| 56:20-22 | 402, 403 | | |
| 57:17-24 | 402, 403 | | |
| 58:1-4 | 402, 403 | | |

4

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 58:15-18 | 402, 403, 602, CS | | |
| 59:1-14 | 402, 403, CS, V | | |
| 59:17-21 | F, 402, 403, CS | | |
| 59:23-60:1 | 402, 403 | | |
| 62:10-14 | 402, 403 | | |
| 62:16-17 | 402, 403 | | |
| 63:3-5 | 402, 403 | | |
| 63:7-64:3 | 402, 403, 602 | 64:4-6 | |
| 64:7-15 | 402, 403 | | |
| 64:16-18 | 402, 403 | | |
| 64:20-21 | 402, 403 | | |
| 64:20-22 | 402, 403 | | |
| 65:5-10 | 402, 403, 602 | 65:11-13 | |
| 65:14-16 | 402, 403 | | |
| 65:19-21 | 402, 403 | | |
| 66:11-12 | Incom, F, 402, 403 | | |
| 66:16-17 | 402, 403 | | |
| 66:19-21 | 402, 403 | | |
| 66:24-67:1 | 402, 403 | | |
| 69:1-12 | | | |
| 69:13-18 | | | |
| 69:24-70:15 | | | |
| 72:19-21 | V | | |
| 72:24-73:1 | | | |
| 73:10-15 | | | |
| 73:20-74:7 | | | |
| 75:10-76:19 | Error | | |
| 76:21-24 | Incom | 77:1-2 | |
| 77:3-4 | 402, 403 | | |
| 77:7-10 | | | |
| 78:1-3 | 611 | | |
| 78:6-9 | | | |
| 78:11-13 | | | |
| 79:11-12 | | | |
| 79:15 | | | |
| 79:17 | | | |
| 79:24-80:1 | | | |
| 80:3-5 | | | |
| 82:6-8 | F, 402, 403 | | |
| 82:12 | | | |
| 82:14-16 | Incom, F, 402, 403 | 82:17-18 | |
| 82:23-24 | 402, 403 | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 83:1 | | | |
| 83:7-17 | 402, 403 | | |
| 84:9-12 | | | |
| 84:13-15 | | | |
| 84:19-22 | | | |
| 85:6-11 | F, 602 | | |
| 85:14 | F, 602 | | |
| 85:17 | | | |
| 86:4-8 | | | |
| 86:12-17 | F, 402, 403, 602 | | |
| 86:20 | | | |
| 86:22-24 | F, 402, 403, 602 | | |
| 87:7-8 | | | |
| 88:1-6 | F | | |
| 90:22-24 | 402, 403 | | |
| 91:4-7 | | | |
| 91:9-11 | 402, 403 | | |
| 91:15-92:3 | 402, 403 | | |
| 92:6-7 | | | |
| 92:9 | 402, 403 | | |
| 92:11-15 | 402, 403 | | |
| 92:17-20 | | | |
| 93:5-12 | 402, 403 | 93:13-14 | |
| 93:15-17 | | | |
| 93:24-94:8 | F, 602 | | |
| 94:10-11 | | | |
| 94:19-21 | F, 602 | 94:13-18 | |
| 95:1 | | | |
| 95:10-13 | H, F, 402, 403 | | |
| 95:16-17 | | | |
| 95:24-96:3 | | | |
| 96:20-23 | H, F, 402, 403, 602 | 96:18-19 | |
| 97:2-3 | | | |
| 97:5-7 | F, 402, 403 | | |
| 97:10-13 | | | |
| 98:19-22 | | | |
| 98:24-100:5 | F, 402, 403, 602 | 100:8-9 | |
| 100:10-15 | F, 402, 403 | | |
| 100:19-20 | F, 402, 403 | | |
| 100:22-23 | | | |
| 101:22-102:3 | F, 602 | | |
| 102:5-6 | | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 102:19-23 | 611 | | |
| 102:24-103:12 | | | |
| 103:13-16 | | 103:17-18 | |
| 103:19-23 | | | |
| 104:10-13 | CS, Incom, 402, 403 | 104:16-17 | |
| 104:19-22 | 611, CS | | |
| 105:1-4 | 611, CS | | |
| 105:6-7 | | | |
| 105:20-23 | | | |
| 106:1-9 | CS | | |
| 106:11-107:13 | 402, 403, 602, 611 | | |
| 107:14-24 | 402, 403, 611 | | |
| 108:1-3 | 402, 403, 611 | | |
| 111:1-5 | | | |
| 111:12-112:5 | H, 402, 403, 602, 611 | | |
| 112:6-19 | | | |
| 115:14-16 | | | |
| 116:23-117:6 | 602 | 117:17-20 | |
| 119:15-17 | | | |
| 119:19-21 | Incom | | |
| 120:5-24 | 602, 611, V | | |
| 121:6-13 | V | | |
| 121:15-18 | V | | |
| 121:21-122:1 | | | |
| 122:3-11 | | | |
| 127:23-128:1 | F, 611 | | |
| 128:17-129:14 | F | | |
| 130:8-15 | F | | |
| 130:18-19 | | | |
| 134:17-135:13 | F, 402, 403 | | |
| 137:1-6 | Incom, F, 402, 403 | | |
| 138:20-139:9 | F, 402, 403 | | |
| 139:10-16 | | | |
| 139:20-140:4 | | | |
| 140:5-20 | | | |
| 141:2-16 | COM, 611 | | |
| 142:1-7 | | | |
| 142:14-23 | 611, CLC | | |
| 143:8-11 | | | |
| 151:22-152:4 | F | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 154:24-155:2 | | | |
| 155:4-7 | | 155:8-9 | |
| 155:10-17 | | | |
| 155:20-24 | | | |
| 159:17-19 | | | |
| 159:21-160:5 | | | |
| 160:8-13 | | | |
| 160:22-162:2 | 402, 403, 611, CLC, CS | | |
| 162:5-8 | 402, 403 | | |
| 162:10-17 | 402, 403, CLC, CS | | |
| 162:20-163:8 | 402, 403, CLC, CS | | |
| 163:11-21 | 402, 403, CLC, CS | | |
| 163:22-164:2 | 402, 403, CLC, CS | | |
| 164:4-17 | 402, 403, CLC, CS | | |
| 164:19-22 | Error | | |
| 170:14-171:16 | 402, 403, 611, V | | |
| 171:18-23 | V, COM | | |
| 172:1-3 | | | |
| 172:21-23 | | | |
| 173:1-11 | | | |
| 176:24-177:22 | F | | |
| 177:23-178:1 | CLC, CS | | |
| 178:3-6 | | | |
| 178:8-9 | CLC, CS, V | | |
| 178:11-14 | | | |
| 178:16-17 | Incom | | |
| 178:19-179:2 | CLC, CS | | |
| 179:3-6 | CLC, CS | | |
| 179:9-10 | | | |
| 187:12-14 | | | |
| 187:16-188:9 | Error | | |
| 188:10-12 | | | |
| 188:14-191:2 | 611, 402, 403 | | |
| 191:3-5 | | | |
| 191:7-11 | | | |
| 191:18-192:4 | NAR, COM | | |
| 192:21-193:1 | | | |
| 194:22-195:9 | | | |
| 195:15-18 | | | |
| 196:2-4 | V, CS | | |
| 196:6-7 | | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 196:20-197:5 | F, V, CS, CLC | | |
| 197:4-9 | | | |
| 198:5-7 | | | |
| 199:13-17 | F, V, CS, CLC | | |
| 202:5-7 | | | |
| 202:9-12 | | | |
| 202:15-203:19 | H, 402, 403, 602 | | |
| 203:23-24 | 402, 403, 602, CS | | |
| 204:4-5 | | | |
| 204:7-12 | 602 | | |
| 204:23-205:4 | F, CS, 602 | | |
| 205:8-14 | | | |
| 205:17-19 | | | |
| 205:20-206:1 | Incom | 206:2-4 | |
| 206:5-15 | 611 | | |
| 211:11-14 | 402, 403 | | |
| 211:15-21 | 402, 403 | | |
| 211:23-212:1 | | | |
| 212:3-4 | | | |
| 212:18-23 | F, 611 | | |
| 213:3-10 | | | |
| 213:12-13 | | | |
| 218:21-219:15 | F, CS | | |
| 220:11-22 | F, CS | | |
| 221:4-7 | 403 | | |
| 221:17-19 | 403 | | |
| 222:9-24 | | | |
| 223:5-8 | 403 | | |

9

**Sage's Designation of Deposition Testimony of Edward Callan**

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 7:12-16 | | | |
| 14:11-13 | F | | |
| 15:5-9 | F | | |
| 17:9-14 | | | |
| 20:1-14 | | | |
| 21:19-21 | | | |
| 26:12-17 | F | 25:23-26:11 | |
| 27:11-22 | | | |
| 28:24-29:11 | | | |
| 30:8-31:4 | | | |
| 32:1-5 | | | |
| 32:14-16 | | | |
| 32:18-34:15 | Incom | 32:17 | |
| 35:17-36:6 | | | |
| 37:19-38:18 | | | |
| 39:14-25 | 403 | | |
| 40:25-42:11 | | | |
| 45:9-11 | | | |
| 46:15-47:11 | 402, 403 | | |
| 48:1-3 | | | |
| 49:7-19 | | | |
| 57:16-58:2 | 402, 403 | | |
| 59:9-12 | | | |
| 59:19-60:24 | | | |
| 61:23-62:3 | | | |
| 62:11-13 | | | |
| 62:17-63:2 | | | |
| 63:17-64:15 | 402, 403 | | |
| 64:20-23 | | | |
| 65:8-11 | | | |
| 65:18-66:3 | | | |
| 66:9-15 | 402, 403 | | |
| 67:25-68:5 | 402, 403 | | |
| 68:21-25 | Incom | 68:20 | |
| 69:4-15 | | | |
| 73:12-16 | | | |
| 74:8-24 | 402, 403 | | |
| 76:22-77:12 | 402, 403, 602 | | |
| 79:8-20 | F, 402, 403, 602 | | |
| 80:3-82:3 | 402, 403, 602 | | |

10

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 83:17-22 | F | | |
| 84:6-21 | 402, 403, BSD | | |
| 86:20-23 | | | |
| 87:7-9 | | | |
| 88:2-9 | Incom | 88:10-13 | |
| 88:23-89:10 | | | |
| 91:20-92:13 | 402, 403 | | |

**Sage's Designation of Deposition Testimony of Ruby Dy**

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 6:20-7:8 | | | |
| 17:16-18 | | | |
| 17:22-18:2 | | | |
| 18:9-10 | | | |
| 18:12-20 | | | |
| 20:9-11 | | | |
| 22:24-23:2 | | | |
| 28:6-8 | 402 | | |
| 31:14-23 | | | |
| 34:8-20 | Incom | 34:21, 34:23-35:8 | |
| 34:10-13 | | | |
| 34:15-23 | | | |
| 36:20-22 | | 36:12-19 | |
| 36:24-25 | | | |
| 37:3-11 | | | |
| 40:3-5 | | | |
| 40:7 | | | |
| 40:9-11 | | | |
| 40:13-17 | | | |
| 41:6-9 | | | |
| 41:20 | Incom, 402 | | |
| 43:18-23 | 402 | | |
| 44:25-45:1 | | | |
| 45:3-8 | | | |
| 45:10-19 | | | |
| 45:22-23 | | | |
| 46:1-9 | | | |
| 47:13-14 | F, NAR | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 47:18-20 | F | | |
| 48:16-23 | | | |
| 49:2-3 | | 49:4-6 | |
| 49:7-13 | | | |
| 49:16-22 | | | |
| 50:15-25 | 402, 403 | | |
| 51:3-4 | 402, 403 | | |
| 52:25-53:5 | 402, 403 | | |
| 53:20-23 | 402, 403 | | |
| 55:8-12 | 402, 403 | | |
| 55:14 | 402, 403 | | |
| 56:5 | Incom, 402, 403 | | |
| 56:9-20 | 402, 403 | 56:22 | |
| 56:24-25 | 402, 403, COM | | |
| 57:3 | 402, 403 | | |
| 57:5 | 402, 403 | | |
| 58:1-13 | 402, 403 | | |
| 92:24-93:8 | Incom, 402, 403 | | |
| 93:10-11 | 402, 403 | | |
| 93:13-22 | 402, 403 | | |

**Sage's Designation of Deposition Testimony of Joseph Forehand**

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 7:15-21 | | | |
| 14:4-5 | | | |
| 14:15-17 | | | |
| 17:8-15 | | 16:20-17:7 | |
| 18:6-21 | F, 602, Arg (for 18:18-21) | | |
| 19:4-7 | | | |
| 19:9-24 | F, 602, Arg (for 19:22-24) | | |
| 20:2-3 | F, 602, Arg | | |
| 20:5 | F, 602, Arg | | |
| 20:7-10 | | | |
| 20:15-21:2 | F, 602, CS | | |
| 21:4-6 | F, 602, CS | | |
| 21:9-17 | | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 21:24-22:1 | F | | |
| 22:18-2-20 | | | |
| 23:7-8 | F | | |
| 23:10 | F | | |
| 23:12-13 | F | | |
| 23:15-18 | F, CS, 602, V | | |
| 24:1-2 | F, CS, 602, V | | |
| 28:3-11 | | | |
| 28:13-29:1 | | | |
| 29:5-13 | | 29:14-30:2 | |
| 30:3-5 | V | | |
| 30:7-15 | | | |
| 31:20-32:10 | | 30:20-31:17 | |
| 33:11-14 | | | |
| 34:13-15 | | | |
| 34:18-35:5 | | | |
| 47:3-6 | | | |
| 55:14-17 | | | |
| 55:21-23 | F | | |
| 56:3-4 | F | | |
| 56:7 | F | | |
| 59:19-22 | | | |
| 59:25-60:10 | | | |
| 61:7-13 | | | |
| 75:13-15 | | | |
| 75:20-24 | | | |
| 76:12-15 | F, 602, CS | | |
| 76:17-78:10 | F, 602, CS, H | | |
| 78:25-79:3 | | | |
| 80:5-9 | | 80:10-12 | |
| 81:6-8 | | 81:9-19 | |
| 81:20-22 | | | |
| 81:25-82:1 | | | |
| 82:3-5 | | 82:7-9; 83:22-23 | |
| 84:18-21 | | | |
| 85:2-13 | CS, F, V, ARG | | |
| 85:21-86:3 | CS, V | | |
| 86:7-11 | CS, V | | |
| 86:20-24 | CS, V | | |
| 87:20-24 | | | |
| 88:7-16 | | | |
| 88:20-22 | | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 89:1 | | | |
| 89:9-90:6 | | | |
| 91:14-24 | H, F | | |
| 92:1-2 | H, F | | |
| 92:11-17 | | 92:18-21 | |
| 96:15-23 | | | |
| 96:25-97:7 | H, F | | |
| 99:4-7 | | | |
| 100:4-18 | | | |
| 115:3-7 | 602, V, F 403 | | |
| 116:12-25 | | | |
| 117:2-3 | | | |
| 118:16-23 | | | |
| 120:24-121:13 | | | |
| 123:4-7 | V, CS, 611 | | |
| 123:11-18 | V, CS, 611 | | |
| 124:1-10 | | | |
| 124:14-20 | | | |
| 134:19-135:12 | | | |
| 147:12-148:4 | | | |
| 148:25-149:3 | | | |
| 150:25-151:17 | | | |
| 152:13-21 | | | |
| 153:23-154:4 | | | |
| 157:2-6 | | | |
| 158:7-23 | | 158:24-159:6 | |

14

**Sage's Designation of Deposition Testimony of Mark Harvie**

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 4:20-24 | | | |
| 7:5-7 | | | |
| 7:17-24 | | | |
| 8:16-24 | | | |
| 9:2-4 | | | |
| 9:7-12 | | | |
| 9:16-10:10 | | | |
| 10:23-12:10 | | | |
| 12:20-24 | | | |
| 13:3-8 | | | |
| 13:12-23 | | | |
| 14:1-22 | | | |
| 15:7-16:4 | | | |
| 16:7 | | | |
| 16:13-16 | | | |
| 16:19-22 | | | |
| 17:3-7 | | | |
| 17:11-18:3 | | | |
| 18:5-22 | | | |
| 19:5-14 | | | |
| 19:23-20:7 | | | |
| 20:10-14 | | | |
| 20:16-22:12 | | | |
| 22:15-23:22 | | | |
| 24:3-7 | | | |
| 24:9-11 | | | |
| 24:14-19 | | | |
| 25:1-2 | | | |
| 25:4-23 | 611, F, Arg | | |
| 26:4-19 | | | |
| 26:22-27:10 | 611, F, Arg | | |
| 27:13 | | | |
| 27:19-29:8 | V | | |
| 29:11-12 | | | |
| 29:14-19 | F | | |
| 29:22 | | | |
| 30:1-2 | | | |
| 30:4-31:22 | V | | |
| 32:1-3 | V | | |
| 32:5-8 | | | |

15

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 32:11-13 | | | |
| 32:15-18 | | | |
| 32:22-33:12 | | | |
| 33:15-17 | V, 611 | | |
| 33:20-35:7 | | | |
| 35:22-24 | V, 611 | | |
| 36:5-7 | | | |
| 36:10 | | | |
| 36:17 | | | |
| 36:19-21 | V, 403 | | |
| 37:1-10 | 611, V, F, 403 | | |
| 37:12-15 | 611, V, F, 403 | | |
| 37:18-19 | 611, V, F, 403 | | |
| 37:21-38:4 | 611, V, F, 403 | | |
| 38:22-24 | 611, V, F, 403 | | |
| 39:4 | 611, V, F, 403 | | |
| 40:13-19 | | 75:5-76:1 | |
| 40:23-41:24 | | 75:5-76:1 | |
| 43:16-24 | 611, F, 402 | | |
| 44:8-10 | 611, F, 402 | | |
| 44:12-15 | | | |
| 44:21-46:3 | | 46:13-14; 46:18-19 | |
| 47:8-15 | 611, V, 403 | | |
| 47:18-20 | 611, V, 403 | | |
| 47:22-48:1 | 611, V, 403 | | |
| 48:14-17 | 611, V, 403 | | |
| 48:22-24 | 611, V, 403 | | |
| 49:4-5 | 611, V, 403 | | |
| 49:7-9 | 611, V, 403 | | |
| 49:13-15 | 611, V, 403 | | |
| 49:17-18 | 611, V, 403 | | |
| 49:22-23 | 611, V, 403 | | |
| 50:1-4 | 611, V, 403 | | |
| 50:7-8 | 611, V, 403 | | |
| 50:12-52:1 | NAR, V, 402, 403 | | |
| 52:8-53:20 | | | |
| 54:1-2 | 611, V, 403 | | |
| 54:5-7 | 611, V, 403 | | |
| 54:18-19 | 611, V, 403 | | |
| 54:22-23 | 611, V, 403 | 55:1-3, 55:6-13 | |
| 55:17-56:24 | | | |
| 56:2-57:1 | Error, Incom | 57:2 | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 57:3-58:12 | 611, V, 403 | | |
| 58:15 | 611, V, 403 | | |
| 58:19-20 | 611, V, 403 | | |
| 58:23-59:4 | 611, V, 403 | | |
| 59:9-62:6 | | | |
| 62:10-63:6 | | | |
| 63:9-14 | | | |
| 63:17-22 | | | |
| 64:1 | | | |
| 64:22-66:19 | | | |
| 67:1-4 | | | |
| 67:7 | | | |
| 67:9-69:5 | | | |
| 69:1-15 | | | |
| 69:8-12 | | | |
| 69:16 | | | |
| 69:20-70:11 | | 70:19-21; 70:24-71:1 | |
| 71:5-11 | 611, V, 403 | | |
| 72:14-22 | 611, V, 403 | | |
| 73:2-5 | 611, V, 403 | | |

**Sage's Designation of Deposition Testimony of Raymond Newton**

| Sage's Designated Testimony (Page/Line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 9:15–9:18 | | | |
| 17:10–17:13 | | | |
| 18:2–18:5 | | | |
| 18:25–19:9 | | | |
| 21:4–21:11 | | | |
| 21:21–22:7 | | | |
| 29:12–29:15 | | | |
| 33:17–33:25 | 403, F, Com, V | | |
| 34:2–34:5 | 403, F, Com, V | | |
| 35:19–35:20 | V | | |
| 35:22–36:3 | V | | |
| 36:10–36:18 | | | |
| 37:12–38:6 | | | |
| 38:8–38:14 | V | | |
| 38:17–38:23 | V | | |

| Sage's Designated Testimony (Page/Line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 38:25–39:4 | | | |
| 39:14–40:14 | | | |
| 43:5–43:13 | V | | |
| 43:15–44:12 | V, Exp, CLC, 402, 403 | | |
| 44:15–44:23 | | | |
| 44:25–45:2 | V | | |
| 45:4–45:11 | Incom | 45:12-21 | |
| 45:22–45:23 | V, 402 | | |
| 45:25–46:7 | | | |
| 46:10–46:11 | | | |
| 46:21–46:22 | Exp, CLC, 402, 403 | | |
| 46:25–47:13 | | | |
| 47:15–47:17 | V | | |
| 47:19–47:22 | | | |
| 48:5–48:8 | V | | |
| 48:11–48:14 | V | | |
| 48:16–48:16 | | | |
| 48:18–49:1 | | | |
| 49:5–49:6 | V | | |
| 49:8–49:10 | | | |
| 49:22–49:23 | V | | |
| 49:25–49:25 | | | |
| 50:7–50:10 | V | | |
| 50:12–51:2 | | | |
| 52:1–52:20 | | | |
| 52:22–53:19 | | | |
| 56:3–56:21 | Incom | 56:22-57:3 | |
| 57:4–57:15 | | | |
| 57:18–57:23 | CLC, EXP, 403 | | |
| 58:14–59:5 | | | |
| 60:2–60:11 | | | |
| 71:7–71:24 | V, Incom | 72:1-2, 72:8-25 | |
| 76:2–76:7 | V | | |
| 76:9–76:10 | | | |
| 76:22–77:4 | Incom,  CLC, Exp | 77:5-11 | |
| 77:12–77:16 | Incom, CLC, Exp | 77:17-18 | |
| 77:19–77:20 | V | | |
| 77:23–78:11 | V, F | | |
| 78:14–78:16 | | | |
| 84:14–85:7 | | | |

| Sage's Designated Testimony (Page/Line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 85:22–85:25 | Incom | 85:9-11, 85:14-21 | |
| 87:14–88:4 | 602 | | |
| 91:24–92:2 | 402 | | |
| 96:5–97:16 | 402, 403, H | | |
| 97:23–98:1 | | | |
| 98:5–98:8 | | | |
| 104:2–104:13 | 602 | | |
| 104:18–104:25 | 602 | | |
| 107:11–108:25 | 402 | | |
| 109:6–109:16 | | | |
| 110:1–110:10 | | | |
| 111:3–111:11 | | | |
| 112:22–112:25 | H | | |
| 113:2–113:5 | | | |
| 115:23–116:1 | F, H, 602 | | |
| 117:5–117:7 | | | |
| 117:18–117:22 | V, F | | |
| 117:24–117:24 | | | |
| 118:15–118:19 | V | | |
| 118:21–118:25 | V, 402, 403 | | |
| 119:2–119:3 | | | |
| 119:22–120:4 | | | |
| 120:13–120:14 | V | | |
| 120:16–120:22 | V | | |
| 120:24–120:24 | | | |
| 121:2–121:4 | V | | |
| 121:7–121:9 | V | | |
| 121:11–121:21 | | | |
| 125:11–126:3 | 402 | | |
| 126:6–126:8 | | | |
| 126:10–126:13 | CS, 402, 602 | | |
| 127:23–127:25 | 402, 602 | | |
| 128:3–128:4 | | | |
| 128:8–128:10 | 402, 602 | | |
| 128:13–129:3 | | | |
| 129:5–129:12 | V | | |
| 129:14–129:15 | | | |
| 129:17–129:19 | | | |
| 132:13–133:2 | F | | |
| 133:5–133:13 | | | |
| 133:19–133:23 | CLC, Exp, V | | |
| 134:1–134:2 | | | |

| Sage's Designated Testimony (Page/Line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 134:11–134:14 | CLC, Exp, V | | |
| 134:16–135:1 | | | |
| 136:10–136:25 | 402, 403 | | |
| 139:12–139:20 | F | | |
| 139:25–140:2 | F | | |
| 140:4–140:7 | | | |
| 141:12–142:5 | V, Com | | |
| 142:8–142:14 | | | |
| 142:20–143:1 | 602 | | |
| 144:2–144:7 | | | |
| 144:9–144:10 | V, CLC, Exp | | |
| 144:12–145:10 | CLC, Exp | | |
| 145:22–145:24 | V, 402, 403 | | |
| 146:3–146:6 | V | | |
| 146:8–146:14 | | | |
| 146:16–146:17 | V | | |
| 146:19–146:25 | Incom | 147:1-4 | |
| 148:15–148:17 | | | |
| 153:9–153:12 | | | |
| 153:22–154:7 | V, Com | | |
| 154:10–155:10 | 403, 402, CLC, Exp | | |
| 155:13–155:16 | | | |
| 156:11–156:13 | V, CLC, Exp | | |
| 156:16–156:25 | V, CLC, Exp | | |
| 157:3–157:4 | V, CLC, Exp | | |
| 157:7–157:9 | Incom | 157:10-12 | |
| 157:14–157:20 | | | |
| 158:2–158:5 | | | |
| 160:12–160:16 | ARG, CLC, Exp | | |
| 160:19–160:23 | CLC, Exp | 161:2-7, 161:12-16 | |
| 163:2–163:11 | | | |
| 163:23–163:24 | V, F, CS | | |
| 164:1–164:3 | | | |
| 164:5–164:8 | | | |
| 164:12–164:14 | | | |
| 164:25–165:11 | H, V | | |
| 165:13–165:13 | V | | |
| 165:16–165:21 | | | |
| 166:6–166:19 | H | | |
| 167:4–168:8 | V, CS, 602 | | |
| 168:10–168:17 | V | | |

| Sage's Designated Testimony (Page/Line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 168:21–168:23 | | | |
| 169:3–169:4 | CS | | |
| 169:7–169:9 | | | |
| 170:3–170:11 | V | | |
| 170:14–170:18 | | | |
| 171:9–171:16 | 402, 403, F, H | | |
| 171:19–171:25 | 402, 403, F, H | | |
| 172:2–172:6 | 402, 403, F, H | | |
| 172:9–173:10 | ARG, V, 402, 403 | | |
| 173:12–173:20 | 402, 403, ARG | | |
| 174:13–174:15 | 402, 403 | | |
| 174:18–174:19 | 402, 403 | | |
| 175:22–175:25 | 402, 403, H | | |
| 176:21–176:24 | 402, 403, H | | |
| 177:2–177:4 | 402, 403, H | 177:6-8, 177:11-17, 177:19-178:1 | |
| 179:1–179:11 | | | |
| 179:13–179:14 | 402, 403, F | | |
| 179:17–179:22 | 402, 403, F | | |
| 180:20–181:4 | 402, 403, H | | |
| 181:13–181:15 | 402, 403, F, H | | |
| 181:18–181:19 | 402, 403, F, H | | |
| 182:2–182:5 | 402, 403, F | | |
| 182:8–182:9 | 402, 403, F, V | | |
| 182:12–182:13 | | | |
| 182:15–182:18 | 402, 403, F | | |
| 182:21–182:25 | 402, 403, F | | |
| 183:4–183:13 | 402, 403, F, V | | |
| 185:1–185:9 | 402, 403, F | | |
| 185:12–185:12 | | | |
| 186:12–186:20 | V, ARG | | |
| 186:23–186:24 | | | |
| 187:2–187:3 | V, ARG, 402, 403 | | |
| 187:6–187:10 | | | |
| 187:14–187:17 | Incom, ARG, V | 187:12-13 | |
| 187:19–187:23 | | | |
| 188:17–188:18 | V | | |
| 188:20–189:5 | Com, V | | |
| 189:8–190:2 | | | |
| 190:5–190:6 | V | | |
| 190:8–190:9 | | | |
| 191:4–191:7 | 402, 403, F | | |

| Sage's Designated Testimony (Page/Line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 191:11–191:19 | 402, 403, F | | |
| 191:24–191:25 | 402, 403, F | | |
| 192:3–192:6 | 402, 403, F | | |
| 192:8–192:11 | 402, 403, F, H | | |
| 192:13–192:16 | 402, 403, F, 602 | | |
| 192:19–192:20 | 402, 403, F, 602 | | |
| 193:8–193:16 | Incom, 402, 403, F, H | 193:6-7 | |
| 193:19–193:19 | 402, 403, F, H | | |
| 193:21–193:25 | 402, 403, F | | |
| 194:3–194:3 | 402, 403, F | | |
| 194:5–194:6 | 402, 403, V | | |
| 194:8–194:12 | 402, 403, V, H, F | | |
| 194:15–194:19 | 402, 403, V | | |
| 194:21–194:21 | 402, 403 | | |
| 195:3–195:9 | Incom, 402, 403 | 195:1-2 | |
| 195:12–195:18 | 402, 403 | | |
| 195:23–196:1 | 402, 403 | | |
| 196:5–196:11 | 402, 403 | | |
| 197:22–198:3 | Incom, V | 197:20-21, 198:14-17, 198:19-199:1, 199:3-5 | |
| 198:6–198:13 | | | |
| 199:6–199:9 | | | |
| 199:12–199:19 | V | | |
| 199:23–199:25 | F | | |
| 200:2–200:4 | F | | |
| 200:7–200:11 | F, V | | |
| 200:14–200:21 | F | | |
| 201:15–201:18 | F, H | | |
| 201:21–201:25 | F | | |
| 202:3–202:3 | | | |
| 202:16–202:18 | F, CS | | |
| 202:22–202:23 | F | | |
| 203:1–203:5 | | | |
| 203:11–203:13 | 402, 403, F, V | | |
| 203:16–203:23 | V, CS, 402, 403 | | |
| 204:1–204:1 | | | |
| 204:3–204:5 | V, CS | | |
| 204:7–204:7 | | | |
| 204:9–204:11 | F, V, 402, 403 | | |
| 204:14–204:17 | F, V, 402, 403 | | |

| Sage's Designated Testimony (Page/Line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 204:19–204:22 | V, F | | |
| 204:25–205:4 | F | | |
| 205:7–205:8 | | | |
| 205:10–205:11 | V | | |
| 205:14-205:20 | | | |
| 208:3-208:10 | V | | |
| 208:12-208:13 | V | | |
| 209:11-209:12 | 402, 403, F | | |
| 205:15-209:20 | 402, 403, F, H | | |
| 209:22-210:1 | | | |
| 210:22-210:23 | 402, 403, H | | |
| 211:1-211:6 | 402, 403, H | | |
| 211:9 | | | |
| 212:23-213:4 | F, 402, 403 | | |
| 213:7 | | | |
| 213:17-213:18 | V, 402, 403 | | |
| 213:21-213:25 | V, 402, 403 | | |
| 214:3-214:4 | 402, 403 | | |
| 214:15-214:16 | 402, 403 | | |
| 214:19-214:22 | 402, 403, V | | |
| 214:25-215:1 | 402, 403 | | |
| 215:15-215:17 | F, ARG, V, 402, 403 | | |
| 215:20-215:25 | 402, 403 | | |
| 218:5–218:7 | CS, 402, 403, V, H | | |
| 218:10–218:10 | H | | |
| 218:12–218:15 | CS, 402, 403, V, H | | |
| 218:17–218:23 | 402, 403, H | | |
| 219:1–219:6 | 402, 403, H | | |
| 219:19–219:20 | 402, 403, V | | |
| 219:23–219:24 | | | |
| 220:2–220:3 | 402, 403, V | | |
| 220:5–220:10 | 402, 403, V | | |
| 220:12–220:13 | | | |
| 220:17–220:18 | 402, 403, V | | |
| 220:21–220:23 | | | |
| 222:14–222:17 | 402, 403 | | |
| 222:21–222:22 | 402, 403 | | |
| 224:21–224:25 | | | |
| 225:11–225:14 | F | | |

23

| Sage's Designated Testimony (Page/Line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 227:15–227:17 | F | | |
| 229:1–229:3 | F | | |
| 236:21–236:23 | V, 402, 403 | | |
| 236:25–236:25 | | | |
| 238:2–238:11 | V | | |
| 238:13–238:17 | Incom | | |
| 240:8–240:9 | ARG, 402, 403, F | | |
| 240:12–241:1 | V, 402, 403, 602 | | |
| 241:4–241:8 | 602 | | |
| 241:20–241:23 | Incom, 402, 403, H, V | 241:17-19 | |
| 241:25–242:8 | V, H, 402, 403, Priv | | |
| 242:11–242:24 | V, H, 402, 403, CS | | |
| 243:2–243:9 | | | |
| 244:19–245:17 | H, 402, 403, 602 | 244:5-14 | |
| 246:15–246:20 | 402, 403, V | | |
| 246:23–247:13 | 402, 403, H | | |
| 248:8–248:12 | H | | |
| 248:15–248:19 | H | | |
| 251:4–251:11 | 402, 403, H | | |
| 251:16–252:2 | 402, 403, H | | |
| 252:6–252:7 | F, 402, 403 | | |
| 252:10–252:14 | 402, 403, F | | |
| 252:17–252:19 | 402, 403, F, H | | |
| 254:1–254:3 | 402, 403 | | |
| 254:6–254:10 | 402, 403 | | |
| 254:13–254:13 | 402, 403 | | |
| 256:23–257:3 | 402, 403, F | | |
| 257:13–257:19 | 402, 403 | | |
| 258:22–258:25 | 402, 403, F | | |
| 259:16–259:17 | Incom, V | 259:12-15 | |
| 259:19–260:24 | 402, 403 | | |
| 261:3–261:5 | F | | |
| 262:7–262:25 | 402, 403 | | |
| 263:19–263:22 | 402, 403 | | |
| 264:8–264:24 | V, 402, 403 | | |
| 265:1–265:2 | 402, 403 | | |
| 265:9–265:15 | V, F | | |
| 265:18–265:19 | | | |
| 267:24–268:16 | | | |

| Sage's Designated Testimony (Page/Line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 269:3–269:9 | | | |

### Sage's Designation of Deposition Testimony of Robert Sanchez

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 9:3–9:10 | | | |
| 16:17–16:20 | V, F | | |
| 16:23–16:24 | | | |
| 17:2–17:5 | | | |
| 21:4–21:8 | F, V | | |
| 21:12–21:14 | F, V | | |
| 21:21–21:23 | | | |
| 22:3–22:5 | | | |
| 22:16–22:18 | | | |
| 22:23–23:13 | V, F | | |
| 23:16–23:17 | F | | |
| 23:19–24:9 | | | |
| 25:14–25:16 | V, 402 | | |
| 25:18–25:19 | 402 | | |
| 26:2–26:7 | F | | |
| 26:10–26:11 | | | |
| 26:24–27:5 | | | |
| 27:19-27:20 | V | | |
| 27:22–27:25 | V | | |
| 28:2–28:5 | V | | |
| 28:7–28:11 | V | | |
| 28:13–28:18 | V | | |
| 30:3–30:5 | H, F | | |
| 30:8–30:8 | | | |
| 35:23–35:24 | H, F | | |
| 36:2–36:2 | | | |
| 36:15–36:17 | C, V, H, F | | |
| 36:21–36:24 | V, C, F | | |
| 37:2–37:8 | H, F | | |
| 37:11–37:16 | H, F | | |
| 37:20–37:22 | H, F, 402, 403 | | |
| 37:25–38:3 | V, 402, 403 | | |
| 38:5–38:5 | 402, 403 | | |
| 39:2–39:12 | V, H | | |

| | | |
|---|---|---|
| 39:16–39:19 | V | |
| 40:2–40:9 | V | |
| 40:15–40:16 | V, CLC, Exp | |
| 40:18–41:13 | | |
| 41:17–41:19 | V, CLC, Exp. | |
| 41:22–42:10 | | |
| 42:18–42:21 | | |
| 43:22–44:1 | V | |
| 44:3–44:11 | V | |
| 44:13–44:13 | | |
| 45:1–45:7 | | |
| 45:9–45:10 | | |
| 45:12–45:13 | | |
| 45:21–45:22 | F, H | |
| 45:25–45:25 | F | |
| 46:2–46:4 | F, H | |
| 46:7–46:11 | F, H | |
| 46:14–46:21 | | |
| 47:17–47:19 | V, F, CS | 47:7-11, 47:14-16 |
| 47:23–47:25 | F | |
| 48:3–48:3 | | |
| 50:11–51:5 | V, H, 402, 403 | |
| 51:7–51:10 | V, 402, 403 | |
| 51:12–52:5 | V, H, 402, 403 | |
| 52:21–52:25 | | |
| 53:10–54:8 | H, 402, 403 | |
| 54:14–54:25 | V, 402, 403 | |
| 55:22–55:24 | V, 402, 403 | 59:8-12 |
| 56:1–56:2 | | |
| 56:21–56:23 | V, 402, 403 | |
| 56:25–57:9 | | |
| 59:17–59:18 | V | |
| 59:20–59:20 | | |
| 60:7–60:13 | | |
| 60:22–61:7 | H, V | |
| 61:10–61:19 | H | |
| 61:22–61:23 | | |
| 62:15–62:19 | Incom | 62:13-14 |
| 62:25–63:12 | 402, 403, H | |
| 64:4–64:22 | 402, 403 | |
| 64:24–64:24 | | |
| 65:2–65:13 | V, F | |
| 65:21–66:12 | V | |
| 66:15–66:15 | | |
| 66:18–66:25 | V, 402, 403 | |

26

| | | |
|---|---|---|
| 67:5–67:7 | V, F, 402, 403 | |
| 67:10–67:11 | F, 402, 403 | |
| 68:4–68:6 | V, 402, 403 | |
| 68:8–68:8 | | |
| 68:10–68:15 | V | |
| 68:17–68:23 | 402, 403 | |
| 69:7–69:18 | V, 402, 403 | |
| 70:9–70:14 | V, H, 402, 403 | 150:13-152:2, 152:5-11 |
| 71:22–71:25 | 602 | |
| 72:5–72:6 | | |
| 72:19–73:5 | 602 | |
| 73:14–73:15 | 602 | |
| 73:17–73:18 | V | |
| 73:20–73:20 | | |
| 74:23–75:1 | V | |
| 75:3–75:3 | | |
| 75:8–75:12 | V, 402, 403 | |
| 75:15–75:16 | V, 402, 403 | |
| 75:18–75:23 | V, 402, 403 | |
| 76:2–76:5 | V, F | |
| 76:8–76:14 | V, 602 | |
| 76:17–76:19 | V | |
| 76:21–77:6 | 602 | |
| 77:14–77:17 | | |
| 77:21–77:23 | F, H | |
| 78:1–78:1 | | |
| 78:12–78:15 | F | |
| 78:20–78:22 | F, H | |
| 78:25–78:25 | | |
| 79:2–79:4 | F, H | |
| 80:13–80:16 | F, H | |
| 80:19–80:19 | | |
| 81:16–81:20 | H | |
| 81:23-82:1 | H | |
| 83:1–83:2 | F, V, 402, 403 | |
| 83:5–83:16 | V, H | |
| 83:18–83:25 | F, H | |
| 84:5–84:11 | F | |
| 84:15–84:16 | F, H | |
| 84:19–84:23 | 602 | |
| 85:5–85:14 | | |
| 85:18–86:4 | | |
| 86:14–86:16 | F | |
| 86:19–86:22 | V | |
| 86:24–87:6 | | |

27

| | | | |
|---|---|---|---|
| 87:11–87:14 | | | |
| 87:22–88:11 | F,  V | | |
| 88:14–88:18 | H, F | | |
| 88:21–88:22 | | | |
| 88:24–89:3 | V, H | | |
| 89:5–89:12 | H | | |
| 90:9–90:12 | H, 402,  403 | | |
| 90:15–90:18 | 402, 403 | | |
| 90:20–90:23 | H,  402, 403 | | |
| 91:1–91:2 | | | |
| 91:5–91:8 | 402, 403, H | | |
| 91:11–91:13 | 602, H | | |
| 94:10–94:16 | | | |
| 94:25–95:7 | | | |
| 95:14–95:23 | CLC, H, 402, 403 | | |
| 96:1–96:5 | CLC, 402, 403 | 152:12-153:3, 153:7-8, 153:10-12, 154:1-9, 154:11-19, 154:21-25, 155:2-16, 155:18-156:1 | |
| 96:8–96:13 | 402, 403 | | |
| 96:16–96:18 | 402, 403 | | |
| 96:21–97:1 | ARG, F, 402, 403 | 152:12-153:3, 153:7-8, 153:10-12, 154:1-9, 154:11-19, 154:21-25, 155:2-16, 155:18-156:1 | |
| 97:4–97:4 | | | |
| 97:8–98:5 | H, 402, 403 | 152:12-153:3, 153:7-8, 153:10-12, 154:1-9, 154:11-19, 154:21-25, 155:2-16, 155:18-156:1 | |
| 99:12–99:13 | 402, 403, F | | |
| 99:16–99:16 | 602 | | |
| 101:12–101:14 | F | | |
| 101:16–101:16 | 602 | | |
| 101:19–101:22 | | | |
| 102:3–103:8 | H, V, 402 | | |
| 103:11–103:12 | | | |
| 103:19–103:23 | V | | |
| 104:14–104:24 | | | |
| 105:2–105:7 | H | | |
| 105:14–105:20 | H, V | | |
| 105:22–105:22 | | | |
| 105:25–106:3 | | | |
| 106:6–106:9 | H, V | | |
| 106:12–106:23 | H | | |

| | | | |
|---|---|---|---|
| 107:22–108:2 | H | | |
| 108:5–108:5 | | | |
| 108:7–108:10 | H | | |
| 108:15–108:22 | H | | |
| 108:25–108:25 | | | |
| 109:2–109:6 | H | | |
| 110:22–111:7 | F, 602 | | |
| 112:23–113:2 | V | | |
| 114:16–115:1 | | | |
| 115:9–115:22 | H, 402, 403 | | |
| 121:4–121:6 | V | | |
| 121:8–121:10 | | | |
| 121:12–121:25 | | | |
| 122:12–122:17 | | | |
| 122:22–122:25 | | | |
| 123:1–123:6 | F | | |
| 123:9–123:10 | | | |
| 124:5–124:8 | 602 | | |
| 125:4–125:7 | 402 | | |
| 125:14–126:6 | 402 | | |
| 127:12–127:16 | | | |
| 127:21–127:24 | | | |
| 130:22–130:24 | | | |
| 131:1–131:2 | | | |
| 131:7–131:8 | | | |
| 131:11–131:18 | F, H | | |
| 131:22–131:24 | F, Incom | 132:2 | |
| 132:4–132:7 | | | |
| 132:13–132:16 | V, F | | |
| 132:20–132:23 | 402 | | |
| 133:11–133:15 | V, 402, 403 | | |
| 133:18–133:23 | 602, 402, 403 | | |
| 134:1–134:19 | V, 402, 403, H | | |
| 135:9–135:13 | 602, F | | |
| 135:16–135:20 | 602, 402, 403, F | | |
| 135:23–136:1 | 602, 402, 403, F | | |
| 136:3–136:14 | 602, 402, 403 | | |
| 140:10–140:16 | 402, 403, F | | |
| 140:19–140:19 | | | |
| 141:1–141:5 | | | |
| 141:23–142:1 | | | |
| 142:3–142:6 | 402, 403, H, F | | |
| 142:10–143:1 | 402, 403, V, F | | |
| 143:22–144:9 | 602 | | |
| 156:25–157:3 | F, 402, 403 | | |

| | | | |
|---|---|---|---|
| 157:5–157:5 | F, 402, 403 | | |
| 157:9–157:17 | F, 402, 403 | | |

**Sage's Designation of Deposition Testimony of Gregory Mann**

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 4:12–4:19 | | | |
| 9:7–9:14 | | | |
| 9:20–9:23 | Incom | 9:22-10:1 | |
| 10:2–10:13 | | | |
| 16:12–18:6 | | | |
| 18:11–19:4 | | | |
| 19:7–20:14 | | | |
| 20:19–20:20 | | | |
| 20:22–21:8 | | | |
| 21:10–22:3 | | | |
| 22:5–23:8 | | | |
| 23:8–23:8 | Error (already encompassed by prior designation) | | |
| 23:10–25:21 | COM | | |
| 26:3–26:7 | | | |
| 26:19–27:4 | 403 | | |
| 27:7–27:8 | | | |
| 27:10–27:18 | | | |
| 27:23–28:3 | | | |
| 28:12–28:19 | COM | | |
| 30:18–30:21 | F | 30:22-24 | |
| 31:1–31:8 | | | |
| 32:9–32:24 | | | |
| 33:20–33:24 | | | |
| 34:6–34:13 | Incom, COM | | |
| 34:18–34:21 | F | 34:22-35:1 | |
| 36:8–36:11 | F | | |
| 36:12–36:16 | 402, 403 | 37:11-18 | |
| 37:19–37:24 | 402, 403 | | |
| 45:22–46:14 | F, H, 402, 403, 602 | | |
| 46:20–46:24 | 402, 403, CS | | |
| 48:4–48:10 | | | |
| 49:11–50:3 | F | | |
| 50:14–50:22 | F | | |
| 51:10–52:2 | F, Incom, H, 402, 403 | 52:7-8 | |
| 52:10–52:15 | F, CS, 402, 403, 602 | | |
| 72:21–73:2 | | | |
| 73:4–73:17 | F | | |
| 74:1–74:4 | F, 402, 403 | | |

| | | | |
|---|---|---|---|
| 75:7–75:15 | F | | |
| 75:21–76:10 | | | |
| 77:1–77:14 | F | | |
| 78:2–78:8 | | | |
| 79:15–80:4 | F | | |
| 83:19–84:5 | F | | |
| 86:7–86:11 | COM | | |
| 88:17–88:20 | F, Incom | 88:20-23 | |
| 95:14–95:19 | | | |
| 95:21–96:24 | F, 402, 403, Incom | | |
| 105:10–106:11 | F, CS, 402, 403, 602 | | |
| 108:11–109:4 | F, CS, 402, 403 | | |
| 110:13–111:9 | F, COM | | |
| 115:3–115:19 | F | | |
| 115:22–115:22 | | | |
| 117:11–118:15 | F, 402, 403 | | |
| 119:12–119:21 | | | |
| 121:5–121:12 | F | | |
| 122:18–122:24 | | | |
| 123:1–123:10 | F, CS | | |
| 134:20–134:24 | Incom | | |
| 136:11–136:18 | F, 403 | | |
| 138:1–138:5 | 402, 403 | 138:6-9 | |
| 138:10–139:15 | F, CS | | |
| 140:14–140:24 | H, F | | |
| 142:17–143:10 | 602 | | |
| 143:15–143:19 | 602 | | |
| 144:1–145:10 | F | | |
| 145:22–146:8 | F, H | | |
| 146:14–152:15 | F, H, 402, 403, 602, EXP, ARG, Incom | 152:16-153:18 | |
| 153:19–154:1 | F, H, EXP, ARG, 402, 403, 602 | | |
| 154:4–154:4 | F, H, 402, 403, 602 | | |
| 154:6–155:3 | F, H, 402, 403, 602, EXP | | |
| 155:6–156:1 | H, 602, 402, 403, EXP, Incom | 156:2-6 | |
| 156:7–156:24 | F, 602, 402, 403, EXP | | |
| 158:17–158:24 | 402, 403 | | |
| 159:1–159:6 | 402, 403 | | |
| 159:7–159:12 | 402, 403 | | |
| 160:17–160:22 | | | |
| 161:9–161:16 | F, H | 162:3-5 | |

| | | | |
|---|---|---|---|
| 161:20–162:2 | Incom, 602, H | 162:3-5 | |
| 162:6–162:8 | | | |
| 164:13–164:15 | | | |
| 164:21–164:24 | | | |
| 164:21–165:16 | | | |
| 165:19–166:9 | | | |
| 167:24–168:7 | | | |
| 169:12–169:17 | | | |
| 170:4–170:6 | F, 602 | | |
| 170:23–171:5 | F, 602 | | |
| 172:15–172:24 | 402 | | |
| 173:2–173:9 | | | |
| 173:22–174:5 | | | |
| 174:9–174:13 | | | |
| 179:4–179:13 | | | |
| 180:20–181:2 | | | |
| 183:1–183:19 | H, F | | |
| 183:20–184:24 | H, F | | |
| 185:1–185:10 | F, 602, H | | |
| 185:13–186:3 | F, 602, H | | |
| 186:20–188:20 | H, 602, F, 402,  403 | | |
| 189:8–189:24 | F, H | | |
| 190:5–190:16 | F, 402 | | |
| 191:11–191:15 | | | |
| 192:19–192:24 | F, 602 | | |
| 195:9–195:20 | F, 602 | | |
| 195:24–197:2 | F, 602, H | | |
| 198:5–198:17 | F, 602, H, 402, 403 | | |
| 199:12–200:9 | F, 602, H, 402, 403, CS | | |
| 200:13–201:15 | F, 602, H, 402, 403, CS | | |
| 201:20–203:13 | F, 602, H, 402, 403, CS | | |
| 204:1–205:19 | | | |
| 206:12–206:21 | 402, 403 | | |
| 218:14–218:24 | F | | |
| 219:20–220:2 | H, F | | |
| 220:15–221:20 | 602, F, H | | |
| 225:16–226:6 | F | 255:1-12 | |
| 229:5–230:11 | F, H | | |
| 232:9–233:6 | | | |
| 233:11–233:16 | | | |
| 233:18–234:17 | H, F | | |
| 235:1–235:13 | 602, H, F, 402, 403 | | |

| | | | |
|---|---|---|---|
| 237:8–237:11 | | | |
| 238:20–238:24 | F, H, 602 | | |
| 240:11–240:21 | | | |
| 241:11–241:23 | | | |
| 242:8–243:10 | F, H, 402 | | |
| 243:19–244:2 | 402, H | | |
| 244:17–245:24 | 402, H, F | | |
| 247:1–247:10 | Incom, 602, F | 246:24 | |
| 247:12–248:14 | F, H, 602 | | |
| 248:19–248:24 | F, H, 602 | | |
| 249:2–249:7 | F, H, 602 | | |
| 249:17–249:24 | 602, F, H | 249:8-16, 250:1-8 | |
| 250:9–250:21 | 602, H | | |
| 251:23–252:5 | F | | |
| 252:7–254:22 | H, 602, F, CS, 402, 403 | | |

**Sage's Designation of Deposition Testimony of Laura Shaw**

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 9:13-9:19 | | | |
| 12:18-13:1 | | | |
| 13:22-13:23 | | 13:24-14:1 | |
| 14:11-14:21 | | | |
| 14:23-15:3 | | | |
| 15:10-15:14 | 402, 403 | | |
| 15:23-16:22 | 402, 403, 602, CS | | |
| 17:2-17:9 | 402, 403, 602 | 17:10-11 | |
| 17:23-18:23 | H, 402, 403, 602 | | |
| 20:9-20:10 | H, 402, 403, 602, CS | | |
| 20:13-20:14 | H, 402, 403, 602 | | |
| 20:16-21:2 | H, 402, 403, 602 | | |
| 21:15-21:16 | H, 402, 403 | | |
| 21:19-21:19 | H, 402, 403 | | |
| 23:19-23:21 | H, 402, 403, 602 | | |
| 24:3-24:21 | | | |
| 24:24-24:24 | | | |
| 25:2-25:4 | H, 402, 403, 602, CS | | |
| 25:7-25:7 | | | |
| 25:10-25:22 | H, 402, 403, 602, CS | | |
| 26:6-26:7 | H, 402, 403, 602, CS | | |
| 26:10-26:10 | H, 402, 403, 602, CS | | |
| 26:13-27:6 | H, 402, 403, 602, CS | | |
| 27:9-27:25 | H, 402, 403, 602, CS | | |
| 28:2-28:3 | H, 402, 403, 602, CS | | |
| 28:6-28:23 | H, 402, 403, 602, CS | | |
| 29:1-29:4 | 402, 403, 602, CS | | |
| 29:7-29:19 | 402, 403, 602, CS | 29:25-30:3 | |
| 30:5-30:8 | 402, 403, 602, CS | | |
| 30:10-30:10 | 402, 403, 602, CS | 31:1-8 | |
| 30:12-30:13 | | | |
| 30:16-30:21 | | | |
| 30:23-30:25 | 402, 403, 602, CS | 31:1-8 | |
| 31:17-31:18 | H, 402, 403, 602, CS | | |
| 31:21-32:1 | H, 402, 403, 602, CS | | |
| 32:3-32:5 | | | |
| 32:22-32:23 | | | |
| 33:1-33:6 | H, 402, 403, 602, CS | | |
| 33:8-33:10 | | | |
| 34:7-34:8 | H, 402, 403, 602, CS | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 34:11-34:20 | H, 402, 403, 602, CS | | |
| 35:13-35:14 | H, 402, 403, 602, CS | | |
| 35:17-35:22 | H, 402, 403, 602, CS | | |
| 35:24-36:1 | H, 402, 403, 602, CS | | |
| 36:17-36:18 | H, 402, 403, 602, CS | | |
| 36:21-37:1 | | | |
| 37:3-37:10 | | | |
| 37:13-37:14 | | | |
| 37:17-37:25 | H, 402, 403, 602, CS | | |
| 38:18-38:20 | H, 402, 403, 602, CS, V | | |
| 38:22-38:22 | | | |
| 38:24-38:25 | | | |
| 39:3-39:3 | | | |
| 39:14-39:18 | H, 402, 403, 602, CS | | |
| 39:20-39:25 | H, 402, 403, 602, CS | | |
| 40:1-40:6 | H, 402, 403, 602, CS | | |
| 40:9-40:9 | CS | | |
| 40:11-40:16 | H, 402, 403, 602, CS | 40:17-41:4 | |
| 41:5-41:8 | H, 402, 403, 602, CS | | |
| 41:10-41:10 | H, 402, 403, 602, CS | | |
| 41:12-41:14 | H, 402, 403, 602, CS | | |
| 41:17-41:22 | | | |
| 41:24-42:14 | H, 402, 403, 602, CS | | |
| 42:17-42:17 | 602, CS | | |
| 42:22-42:25 | | | |
| 43:12-43:13 | H, 402, 403, 602, CS | | |
| 43:16-44:12 | H, 402, 403, 602, CS | | |
| 44:15-44:15 | | | |
| 44:17-44:18 | | | |
| 44:21-44:21 | | | |
| 44:23-44:23 | | | |
| 45:1-45:22 | H, 402, 403, 602, CS | | |
| 46:7-46:8 | | | |
| 46:11-46:23 | H, 402, 403, 602, CS | | |
| 46:25-47:7 | H, 402, 403, 602, CS | | |
| 47:11-47:11 | H, 402, 403, 602, CS | | |
| 47:14-47:17 | H, 402, 403, 602, CS | | |
| 47:19-47:22 | H, 402, 403, 602, CS | | |
| 47:24-47:24 | | | |
| 48:2-48:4 | H, 402, 403, 602, CS | | |
| 48:7-48:7 | | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 48:9-48:15 | | | |
| 48:20-48:23 | | | |
| 49:5-49:5 | | | |
| 49:8-49:13 | H, 402, 403, 602, CS | | |
| 49:15-49:18 | | | |
| 49:20-49:21 | H, 402, 403, 602, CS | | |
| 49:24-49:24 | | | |

### Sage's Designation of Deposition Testimony of Marcus Simon

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 7:12-7:17 | | | |
| 8:11-8:13 | | 7:1-3 | |
| 10:7-10:14 | 402, 403 | | |
| 11:5-11:10 | | | |
| 15:6-15:8 | | | |
| 15:18-15:19 | | | |
| 16:18-16:22 | INCOM, 402, 403, | 16:23-25 | |
| 17:1-17:6 | | | |
| 17:19-17:25 | H, 402, 403, 602, CS | | |
| 19:3-19:7 | INCOM, H, 402, 403, 602, CS | 19:8-9 | |
| 20:13-20:18 | INCOM, H, 402, 403, 602, CS | 20:19-21 | |
| 22:1-22:16 | | | |
| 22:21-22:22 | | | |
| 23:3-23:5 | | | |
| 23:9-23:17 | | | |
| 24:3-24:12 | H, 402, 403, 602, CS | | |
| 25:14-25:23 | | 25:24-26:19 | |
| 26:25-27:5 | | | |
| 28:12-28:15 | H, 402, 403, 602, CS | | |
| 28:17-30:11 | H, 402, 403, 602, CS | | |
| 31:14-32:17 | H, 402, 403, 602, CS | | |
| 33:2-33:24 | | | |
| 34:22-35:3 | 402, 403, 602, CS, V, F | | |
| 35:21-36:6 | 402, 403, 602, CS, V, F | | |
| 37:4-37:8 | 402, 403, 602, CS, V, F | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 38:16-39:8 | 402, 403, 602, CS, V, F, COM | | |
| 39:17-40:9 | 402, 403, 602, CS, V, F | | |
| 41:17-41:19 | | | |
| 41:23-42:10 | 402, 403, 602, CS, V, F, CLC | | |
| 45:4-46:19 | 402, 403, 602, CS, V, F | | |
| 47:10-47:12 | | | |
| 47:22-48:5 | 402, 403, 602, CS, V, F | | |
| 48:7-48:24 | 402, 403, 602, CS, V, F | | |
| 51:2-51:11 | INCOM, 402, 403, 602, CS, V, F | 51:1 | |
| 51:16-51:21 | | 51:22-25 | |
| 54:9-55:6 | 402, 403, 602, CS, V, F | | |
| 60:23-62:11 | 402, 403, 602, CS, V, F | | |
| 65:13-66:2 | | | |
| 66:17-67:2 | 402, 403, 602, CS, V, F | | |
| 67:8-67:18 | INCOM | 67:7 | |
| 69:4-69:18 | 402, 403, 602, CS, V, F | | |
| 69:22-70:1 | 402, 403, 602, CS, V, F | | |
| 72:3-72:9 | 402, 403, 602, CS, V, F | 72:10-17 | |
| 73:13-73:22 | 402, 403, 602, CS, V, F, INCOM | 73:11-12 | |
| 73:25-74:12 | 402, 403, 602, CS, V, F | | |
| 74:17-75:4 | | | |
| 77:3-77:7 | 402, 403, 602, CS, V, F | | |
| 78:3-78:17 | 402, 403, 602, CS, V, F | | |
| 78:23-78:25 | | | |
| 79:2-79:16 | 402, 403, 602, CS, V, F | 79:17-20 | |
| 80:24-81:8 | 402, 403, 602, CS, V, F | | |
| 81:16-81:22 | 402, 403, 602, CS, V, F | | |
| 82:3-82:25 | 402, 403, 602, CS, V, F, INCOM | 83:1 | |
| 83:2-84:3 | | | |
| 84:11-84:20 | | | |
| 85:14-85:24 | 402, 403, 602, CS, V, F | | |
| 86:16-88:20 | 402, 403, 602, CS, V, F | | |
| 88:24-89:3 | | 89:4-7 | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 89:8-89:10 | 402, 403, 602, CS, V, F | | |
| 90:1-90:7 | 402, 403, 602, CS, V, F | | |
| 92:13-92:18 | INCOM | 92:12 | |
| 92:25-94:4 | 402, 403, 602, CS, V, F | | |
| 94:6-94:11 | INCOM | 94:5 | |
| 94:22-94:25 | 402, 403, 602, CS, V, F | | |
| 95:10-95:13 | | | |
| 95:24-96:9 | | | |
| 97:17-97:21 | 402, 403, 602, CS, V, F | | |
| 107:6-108:8 | | | |
| 109:14-110:1 | | | |
| 110:11-112:16 | 402, 403, 602, CS, V, F | | |
| 114:20-114:23 | | 114:24 | |
| 115:7-117:3 | 402, 403, 602, CS, V, F | | |
| 118:12-118:20 | 402, 403, 602, CS, V, F | 118:5-11 | |
| 119:5-120:25 | 402, 403, 602, CS, V, F | | |
| 121:4-121:4 | | | |
| 121:5-122:11 | 402, 403, 602, CS, V, F | | |
| 123:1-123:25 | | | |
| 124:19-124:25 | | 124:14-18 | |
| 125:9-126:2 | 402, 403, 602, CS, V, F | | |
| 127:10-127:21 | | | |
| 128:7-128:15 | 402, 403, 602, CS, V | | |
| 130:24-131:8 | 402, 403, 602, CS, V, | 130:23 | |
| 131:16-132:25 | 402, 403, 602, CS, V, F | | |
| 133:5-134:19 | 402, 403, 602, CS, V, F | | |
| 135:1-135:5 | | | |
| 135:22-136:1 | 402, 403, 602, CS, V, F | | |
| 136:9-136:17 | 402, 403, 602, CS, V, F | | |
| 137:1-138:11 | 402, 403, 602, CS, V, F | | |
| 139:2-139:6 | | | |
| 139:21-140:1 | | | |
| 142:13-142:20 | 402, 403, 602, CS, V, F | | |
| 143:4-143:11 | 402, 403, 602, CS, V, F | | |
| 144:1-144:15 | 402, 403, 602, CS, V, F | | |
| 144:25-145:7 | | 144:16-24 | |
| 145:1-145:7 | | | |
| 145:11-146:16 | 402, 403, 602, CS, V, F | | |

**Sage's Designation of Deposition Testimony of Paul Zani**

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 9:9-9:15 | | | |
| 13:20-13:22 | | | |
| 14:3-14:5 | V | | |
| 14:16-15:18 | | | |
| 15:25-16:6 | | 16:7-20 | |
| 20:14-20:18 | H, 402, 403 | | |
| 21:2-21:8 | H, 402, 403 | | |
| 21:14-22:6 | H, 402, 403 | | |
| 22:21-24:24 | H, 402, 403 | | |
| 25:4-27:10 | H, 402, 403 | | |
| 27:20-27:24 | V | | |
| 28:20-28:24 | V | | |
| 29:8-29:22 | INCOM; H, 402, 403, 602, CLC | 29:7 | |
| 31:22-33:13 | H, 402, 403, 602, CLC | 30:13-31:21 | |
| 36:9-36:13 | INCOM, H, 402, 403, 602 | 36:6-8 | |
| 36:20-37:22 | INCOM; H, 402, 403, 602 | 36:19 | |
| 38:4-38:7 | H, 402, 403, 602 | 38:20-39:3 | |
| 38:11-38:19 | | | |
| 47:8-47:17 | H, 402, 403, 602, F | | |
| 47:19-47:21 | H, 402, 403, 602, F | | |
| 49:3-49:8 | H, 402, 403, 602 | 48:3-49:2 | |
| 49:12-49:15 | | | |
| 50:18-50:22 | INCOM | 50:16-17 | |
| 56:4-56:10 | | | |
| 56:16-56:21 | CS, V | | |
| 58:14-58:16 | CS, V | | |
| 58:14-58:16 | | | |
| 59:10-59:16 | INCOM, 602, CS, V | 58:18-59:9 | |
| 65:14-65:18 | 602, CS | 65:6-13 | |
| 65:24-66:3 | | | |
| 66:21-66:23 | | | |
| 67:24-69:13 | H, 402, 403, F | | |
| 71:9-71:11 | | | |
| 71:16-72:10 | H, 402, 403, F | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 72:12-72:16 | | | |
| 72:23-74:3 | H, 402, 403, F, 602 | | |
| 75:1-75:9 | H, 402, 403, F, 602 | 75:10-15 | |
| 76:9-76:13 | H, 402, 403, F | | |
| 77:12-77:19 | H, 402, 403, F, 602, V, CS | | |
| 80:10-80:15 | | 80:6-9 | |
| 80:23-81:4 | | | |
| 82:13-83:13 | INCOM, H, 402, 403, F, 602, CS, V | 82:10-12 | |
| 86:12-87:7 | | | |
| 88:14-89:2 | H, 402, 403, F, 602 | | |
| 89:20-90:22 | | | |
| 97:22-98:3 | H, 402, 403, F, 602 | | |
| 98:16-98:20 | INCOM, H, 402, 403, F, 602 | 98:15 | |
| 99:16-99:19 | F, 602 | 99:12-15 | |
| 100:23-101:7 | | 101:8-24 | |
| 101:25-102:13 | | | |
| 103:8-103:11 | F, V, CS, | | |
| 103:13-103:20 | H, 402, 403, F, 602, BSD, ARG | | |
| 104:19-104:25 | H, 402, 403, F, 602, BSD, ARG | | |
| 105:2-105:18 | H, 402, 403, F, 602 | | |
| 105:22-105:23 | H, 402, 403, F, 602 | | |
| 106:1-106:1 | | | |
| 106:13-106:22 | H, 402, 403, V, CS | | |
| 106:25-106:25 | | | |
| 107:2-107:5 | H, 402, 403, V, CS | | |
| 107:8-107:16 | H, 402, 403, V, CS | | |
| 108:4-108:14 | H, 402, 403, V, CS, F | | |
| 108:20-108:24 | | | |
| 109:1-110:1 | | 108:25 | |
| 112:5-112:17 | | | |
| 113:14-113:18 | H, 402, 403, F, 602 | 113:11-13 | |
| 114:17-114:21 | H, 402, 403, F, 602 | | |
| 114:23-115:8 | H, 402, 403, F, 602 | | |
| 115:13-115:17 | H, 402, 403, F, 602 | | |

41

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 116:9-116:14 | H, 402, 403, F, 602 | | |
| 117:24-118:8 | H, 402, 403, F, 602 | | |
| 121:15-122:5 | H, 402, 403, F, 602 | | |
| 131:16-131:20 | H, 402, 403, F, 602, V, CS | 131:21-132:6 | |
| 138:2-138:5 | H, 402, 403, F, 602 | | |
| 138:7-138:9 | | | |
| 138:25-140:15 | H, 402, 403, F, 602 | | |
| 141:1-141:9 | H, 402, 403, F, 602, V, CS | | |
| 141:11-141:14 | | | |
| 142:23-142:25 | H, 402, 403, F, 602, V, CS, INCOM | 143:1 | |
| 148:1-148:5 | H, 402, 403, F, 602, V, CS | | |
| 148:8-148:10 | H, 402, 403, F, 602, V, CS | | |
| 148:18-148:21 | INCOM | 148:17 | |
| 148:23-149:4 | | | |
| 149:10-149:15 | H, 402, 403, F, 602, V, CS | 149:5-9 | |
| 150:13-150:17 | H, 402, 403, F, 602, V, CS | | |
| 150:20-150:21 | H, 402, 403, F, 602, V, CS | | |
| 153:16-153:23 | H, 402, 403, F, V | | |
| 153:25-154:5 | | | |
| 154:16-154:19 | | 154:20-25 | |
| 155:1-155:4 | H, 402, 403, F, 602, V, CS | | |
| 155:7-155:11 | H, 402, 403, F, 602, V, CS | | |
| 155:17-156:3 | | | |
| 156:23-157:3 | H, 402, 403, F, 602, V, CS | | |
| 157:6-157:13 | H, 402, 403, F, 602, V, CS | | |
| 157:17-157:20 | | | |
| 157:23-158:1 | | 158:3-5 | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 158:6-158:17 | H, 402, 403, F, 602, V, CS | | |
| 158:21-158:24 | H, 402, 403, F, 602, V, CS | | |
| 159:1-159:3 | | | |
| 159:5-159:13 | H, 402, 403, F, 602, V, CS | | |
| 159:16-159:18 | H, 402, 403, F, 602, V, CS | | |
| 159:21-159:24 | H, 402, 403, F, 602, V, CS | | |
| 160:1-160:11 | H, 402, 403, F, 602, V, CS | | |
| 160:13-160:13 | | | |
| 160:15-160:24 | H, 402, 403, F, 602, V, CS | | |
| 161:2-161:4 | | | |
| 162:12-163:2 | H, 402, 403, F, 602, V, CS | | |
| 163:12-163:13 | H, 402, 403, F, 602, V, CS | | |
| 163:16-163:18 | | | |
| 163:24-164:15 | H, 402, 403, F, 602, V, CS, COM | | |
| 164:18-164:19 | | | |
| 164:21-164:25 | H, 402, 403, F, 602, V, CS | | |
| 165:3-165:4 | | | |
| 165:6-165:8 | | | |
| 177:24-178:2 | | | |
| 178:4-179:3 | H, 402, 403, F, 602, V, CS | | |
| 179:18-180:6 | H, 402, 403, F, 602, V, CS | | |
| 181:9-181:25 | H, 402, 403 | | |
| 183:2-183:5 | H, 402, 403, F, 602, V, CS | 182:1-183:1; 183:6-10 | |
| 183:18-183:23 | H, 402, 403, F, 602, V, CS | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 183:25-184:12 | | | |
| 184:17-184:20 | | | |
| 185:4-185:17 | H, 402, 403, F, 602, V, CS | | |
| 186:2-186:24 | H, 402, 403, F, 602, V, CS | | |
| 187:15-188:2 | H, 402, 403, F, 602, V, CS | | |
| 188:5-188:6 | | 188:7-13 | |
| 189:10-189:19 | H, 402, 403, F, 602, V, CS | | |
| 189:21-189:24 | INCOM, H, 402, 403, F, 602, V, CS | 191:1-6 | |
| 190:1-190:10 | | | |
| 191:7-191:17 | | | |
| 199:11-199:14 | | | |
| 199:16-199:20 | H, 402, 403, F, 602, V, CS | | |
| 201:1-201:6 | H, 402, 403, F, 602, V, CS | | |
| 201:9-201:13 | | | |
| 201:24-202:2 | | | |
| 202:5-202:12 | INCOM | 202:4 | |
| 202:19-203:8 | | | |
| 203:19-204:21 | H, 402, 403, F, 602, V, CS | | |
| 204:23-205:16 | H, 402, 403, F, 602, V, CS | | |
| 205:18-205:19 | | | |
| 205:21-205:23 | | | |
| 206:23-207:18 | 402, 403, F, V, CS | | |
| 208:3-209:1 | H, 402, 403, F, 602, V, CS | | |
| 211:12-212:5 | | | |
| 212:23-213:11 | 402, 403, F, 602, V, CS | | |
| 213:13-213:19 | | | |
| 213:21-214:17 | H, 402, 403, F, 602, V, CS | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 215:18-217:12 | H, 402, 403, F, 602, V, CS | | |
| 217:15-217:16 | | | |
| 217:18-217:23 | 402, 403, F, 602, V, CS | | |
| 217:25-218:10 | H, 402, 403, F, 602, V, CS | | |
| 218:17-218:25 | H, 402, 403, F, 602, V, CS, INCOM | 219:1-9 | |
| 219:10-219:15 | H, 402, 403, F, 602, V, CS | | |
| 219:18-219:22 | | | |
| 220:4-221:4 | 402, 403, F, 602, V, CS | | |
| 221:5-221:24 | 402, 403, F, 602, V, CS | | |
| 222:2-222:7 | | | |
| 222:9-223:1 | 402, 403, F, 602, V, CS | | |
| 223:4-223:7 | | | |
| 223:10-223:18 | | | |
| 223:20-225:1 | | | |
| 225:8-225:16 | 402, 403, F, 602, V, CS | 225:2-7 | |
| 226:5-226:16 | 402, 403, F, 602, V, CS | | |
| 226:24-227:2 | 402, 403, F, 602, V, CS | | |
| 227:5-227:10 | 402, 403, F, 602, V, CS | | |
| 227:12-227:17 | | | |
| 229:7-229:17 | 402, 403, F, 602, V, CS | | |
| 229:20-229:21 | | | |
| 230:9-230:24 | 402, 403, F, 602, V, CS | | |
| 231:14-231:25 | | | |
| 232:5-232:9 | 402, 403, F, 602, V, CS, INCOM | 232:1-4; 232:10-12 | |
| 232:19-233:1 | 402, 403, F, 602, V, CS | | |
| 243:17-244:23 | 402, 403, F, 602, V, CS | | |
| 245:14-245:22 | INCOM, 402, 403, F, 602, V, CS | 245:12-13 | |

**Sage's Designation of Deposition Testimony of John Gohde**

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 4:11-15 | | | |
| 8:15-24 | | | |
| 9:9-21 | | 9:22-10:2 | |
| 17:8-12 | | | |
| 17:18-18:1 | | | |
| 18:8-24 | | | |
| 20:9-22:4 | | | |
| 22:7-25:21 | | | |
| 26:5-9 | | | |
| 26:17-27:17 | | | |
| 29:7-9 | 403, F, H, 602 | | |
| 30:22-31:11 | 403, F, H, 602 | | |
| 31:15-17 | 403, F, H, 602 | | |
| 31:19-32:5 | 403, F, H, 602 | | |
| 32:9 | 403, F, H, 602 | | |
| 32:20-33:1 | F, H, 602 | | |
| 33:23-34:1 | F, H, 602 | | |
| 34:5-6 | F, H, 602 | | |
| 35:1-2 | Incom, 402, 403 | | |
| 35:12-15 | F, H, 602 | | |
| 35:18 | F, H, 602 | | |
| 35:20-22 | 403, F, H, 602, Incom, Arg | 36:1-2, 36:12-13, 36:16, 36:20, 36:22-37:2 | |
| 36:4-11 | 403, F | 36:12-13, 36:16, 36:20, 36:22-37:2 | |
| 37:9-17 | | | |
| 37:22-38:16 | | | |
| 38:24-39:6 | | | |
| 39:10-19 | | | |
| 41:3-8 | | | |
| 41:10-13 | | | |
| 42:2 | | 42:3-6 | |
| 43:11-44:2 | | | |
| 45:1-2 | | | |
| 45:4-12 | | 45:13-23 | |
| 45:24-46:9 | | | |
| 46:12-13 | | | |
| 46:20-47:8 | | | |
| 47:17-19 | | 47:20-22 | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 48:2-13 | | 48:14-49:12 | |
| 50:2-21 | 402, 403, H, Arg | | |
| 51:12-17 | | 51:18-21, 51:24-52:2 | |
| 52:16-21 | | | |
| 53:5-9 | | | |
| 58:3-18 | 402, 403 | | |
| 60:14-19 | | | |
| 60:24 | | | |
| 61:7-62:10 | | | |
| 63:17-19 | | 63:2-4, 63:7-9, 63:12-13 | |
| 63:23-64:1 | | | |
| 64:10-15 | | | |
| 64:22-65:10 | | | |
| 68:23-24 | 402, 403, H, Arg | | |
| 70:6-14 | | | |
| 70:15-24 | | | |
| 71:12-72:13 | | | |
| 73:15-21 | | | |
| 73:24-74:16 | | | |
| 99:10-21 | 402, 403, F, 602 | | |
| 105:12-106:6 | 402, 403, F, 602 | 105:6-11 | |
| 107:20-108:7 | | | |
| 115:7-116:10 | | | |
| 116:17-117:3 | | | |
| 119:21-23 | | | |
| 120:2-3 | | | |
| 121:7-9 | | | |
| 121:13-15 | | | |
| 121:17-122:16 | | 122:23-123:2, 123:6-18 | |
| 130:21-131:18 | 402, 403 | | |
| 132:5-11 | 402, 403, 602, H | | |
| 133:2-8 | 402, 403, 602, H | | |
| 140:7-9 | 402, 403 | | |
| 141:22-142:3 | 402, 403, H, F, 602 | | |
| 142:5-143:2 | 402, 403, H, F, 602 | | |
| 143:4-144:13 | 402, 403, H, F, 602 | | |
| 144:17-19 | 402, 403, H, F, 602 | | |
| 145:1-23 | 402, 403, H | | |
| 146:7-12 | 402, 403, H | | |
| 146:16-22 | 402, 403, H | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 147:3-148:1 | | | |
| 148:19-24 | | | |
| 149:1-5 | | | |
| 150:13-18 | | | |
| 151:1-7 | | | |
| 151:11-21 | 402, 403, H, F, 602 | | |
| 153:12-17 | | | |
| 153:19-154:21 | 402, 403, H | | |
| 155:11-156:1 | 402, 403 | | |
| 156:4-5 | 402, 403, F | | |
| 156:9-21 | 402, 403 | | |
| 157:13-158:4 | 402, 403, H, F | | |
| 160:4-9 | 402, 403, H F, 602 | | |
| 163:5-13 | V, 402, 403 | | |
| 164:5-16 | 402, 403, H, F, 602 | | |
| 167:2-168:9 | 402, 403, H, F, 602 | | |
| 168:22-169:10 | 402, 403, H, F, 602 | | |
| 170:19-171:11 | 402, 403, H, F, 602 | | |
| 173:2-15 | 402, 403, H, F, 602 | | |
| 173:18-20 | 402, 403 | | |
| 174:16-18 | | | |
| 174:21-22 | | | |
| 175:10-14 | H, 602 | | |
| 175:17-20 | H, 602 | | |
| 175:22-177:18 | H, 602, F, 402, 403 | | |
| 177:20-178:2 | | | |
| 178:5-6 | | | |
| 178:18-179:23 | 402, 403, F, 602 | | |
| 180:2-6 | 402, 403, F, 602 | | |
| 180:8-10 | 402, 403, F, 602 | | |
| 180:18-181:6 | | 181:7-11 | |
| 181:12-22 | | | |
| 182:11-18 | 402, 403, H, F | 182:19-23, 183:3-21 | |
| 183:23-185:7 | 402, 403, H, F | | |
| 185:10-186:3 | 402, 403, H, F | | |
| 186:16-24 | | | |
| 187:12-15 | 402, 403, H, F | | |
| 187:18-21 | 402, 403, H, F | | |
| 189:14-20 | 402, 403, H, F, 602 | | |
| 190:11-22 | 402, 403, H, F, 602 | 190:23-191:3 | |
| 191:21-192:1 | 402, 403, H, F, 602 | | |
| 193:7-10 | 402, 403, H, F, 602 | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 193:13-194:1 | 402, 403, H, F, 602 | | |
| 194:4-5 | 402, 403, H, F, 602 | | |
| 194:7-13 | 402, 403, H, F, 602 | | |
| 194:16-24 | 402, 403, H, F, 602 | | |
| 195:3-12 | 402, 403, H, F, 602 | | |
| 196:13-197:6 | | 196:6-12 | |
| 197:9-12 | | | |
| 202:13-18 | | | |
| 202:22-203:8 | | | |
| 203:20-21 | | | |
| 207:16-21 | | 208:3-9 | |
| 210:11-15 | | | |
| 210:17-24 | 403, H, F, 602 | | |
| 211:10-14 | 403, H, F, 602 | | |
| 214:7-10 | 402, 403, F, Arg, CLC | | |
| 214:12-14 | 402, 403, F, 602 | | |
| 215:20-23 | 402, 403, F, Arg, CLC | | |
| 216:3-11 | 402, 403, F, Arg, CLC | | |
| 216:14-15 | | | |
| 219:13-17 | | | |
| 220:9-24 | 402, 403, F, CLC, Arg | | |
| 221:4-13 | 402, 403, F, CLC, Arg | | |
| 221:16-222:4 | | | |
| 222:13-223:3 | 402, 403, F, CLC, Arg | | |
| 223:6-22 | 402, 403, F, CLC, Arg | | |
| 224:12-226:3 | 402, 403, F, CLC, Arg | | |
| 226:6 | | | |

49

**Sage's Designation of Deposition Testimony of Camille Newton**

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 10:14-18 | | | |
| 15:14-17:22 | | | |
| 19:6-8 | 402, 403 | 19:15-17 | |
| 20:17-19 | 402, 403 | | |
| 20:24-21:1 | 402, 403 | | |
| 25:25-26:4 | | 23:13-24:8 | |
| 26:18-25 | | | |
| 27:5-17 | | | |
| 28:10-13 | | | |
| 29:2-19 | | 36:1-12 | |
| 30:2-11 | 402, 403, 602 | | |
| 31:5-8 | Incom | 31:4 | |
| 31:24-32:7 | | | |
| 33:8-12 | | | |
| 33:13-34:7 | | | |
| 34:8-11 | | | |
| 34:15-23 | H, F | | |
| 35:1 | | | |
| 37:8-13 | H, F | | |
| 37:16-24 | H, F | | |
| 40:11-14 | H, F, 403 | | |
| 40:17-25 | H, F, 403 | | |
| 41:1-10 | | | |
| 41:13 | | | |
| 41:25-42:8 | F, 402, 403, 602 | | |
| 42:24-43:1 | 402 | | |
| 47:20-48:7 | | | |
| 49:1-3 | | | |
| 49:5-6 | | | |
| 49:17-50:5 | 402 | | |
| 50:22-24 | | | |
| 50:25-51:2 | 402, 403, F, Incom | 51:9-12 | |
| 51:13-17 | 402, 403, F | | |
| 52:11-13 | 402, 403, 602, F | | |
| 52:15-16 | 402, 403, 602, F | | |
| 55:13-15 | 402, 403, 602, F, H | | |
| 55:18-21 | 402, 403, 602, F, H | | |
| 55:25-56:3 | 402, 403 | | |
| 56:6 | 402, 403 | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 60:9-10 | F, 403 | 56:8-9, 56:12, 56:14-17 | |
| 60:13-19 | F, 403 | | |
| 60:25-61:6 | F, 402, 403 | | |
| 65:18-66:4 | F, 402, 403, Incom | 66:6 | |
| 66:25-67:10 | F, 402, 403 | | |
| 67:13-21 | F, 402, 403 | 67:22-68:4 | |
| 68:14-18 | H, F, 402, 403 | | |
| 68:20-24 | H, F, 402, 403 | | |
| 72:14-18 | 402, 403 | | |
| 74:24-75:1 | F, V, 402, 403 | | |
| 75:3-10 | F, V, 402, 403 | | |
| 75:11 | | | |
| 75:13 | | | |
| 75:15-21 | | | |
| 75:23-76:4 | | | |
| 77:3-12 | F, H | | |
| 77:22-24 | | | |
| 78:1-17 | | | |
| 78:18-79:3 | | | |
| 79:5-15 | | | |
| 79:17-24 | | | |
| 81:1-13 | | 81:25-82:4 | |
| 83:7-10 | | | |
| 83:12-17 | | | |
| 88:11-89:5 | | 85:4-9, 85:11-13, 86:15-18 | |
| 89:18-20 | | 89:10-12, 89:15-17 | |
| 90:5-6 | | | |
| 90:14-21 | | | |
| 90:24-91:4 | | | |
| 91:6-7 | | | |
| 92:4-8 | | | |
| 92:18-20 | | | |
| 92:23-25 | | 93:2, 93:5-13, 93:16-18, 93:23-94:13 | |
| 97:16-17 | F, H, 402, 403, Incom | | |
| 99:12-19 | H, 402, 403 | 99:11 | |
| 99:22-23 | 402, 403, 602 | | |
| 100:6-8 | 402, 403 | 100:5 | |
| 101:1-25 | 402, 403, F, H | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 102:3-7 | 402, 403 | | |
| 103:4-11 | 402, 403, F | | |
| 103:13-15 | 402, 403, F, V | | |
| 103:18-104:4 | 402, 403, F, V | | |
| 104:12-14 | 402, 403, F, V, Incom | 104:5-6 | |
| 105:8-10 | Com, V, 402, 403 | | |
| 105:13-106:1 | 402, 403 | | |
| 106:7-16 | 402, 403 | 106:17-21 | |
| 107:13-14 | 402, 403, V | 107:4-12 | |
| 107:16 | 402, 403, V | | |
| 107:18-108:22 | 402, 403, V | | |
| 110:2-13 | 402, 403 | | |
| 112:9-24 | 402, 403, V, F | | |
| 113:4-6 | 402, 403, H, F, Incom | | |
| 113:19-21 | 402, 403, H, F | | |
| 113:24-114:10 | 402, 403, H, F | | |
| 114:17-19 | | | |
| 115:13-15 | | 114:20-21, 114:24-115:4, 115:7-10 | |
| 115:19-24 | | 117:16-19, 117:22-118:1, 118:3-5, 118:9-18, 118:22-24, 119:2-8 | |
| 116:24-117:2 | | 117:16-19, 117:22-118:1, 118:3-5, 118:9-18, 118:22-24, 119:2-8 | |
| 117:5-10 | | 117:16-19, 117:22-118:1, 118:3-5, 118:9-18, 118:22-24, 119:2-8 | |
| 117:13-14 | | 117:16-19, 117:22-118:1, 118:3-5, 118:9-18, 118:22-24, 119:2-8 | |
| 121:2-9 | 402, 403, F, H | | |
| 121:12-13 | 402, 403, F, H | | |
| 121:25-122:1 | 402, 403, 602 | | |
| 122:4 | 402, 403, 602 | | |
| 122:19-22 | 402, 403, 602, H | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 122:24-123:7 | 402, 403, 602, H | | |
| 123:9 | 402, 403, 602 | | |
| 123:11-13 | 402, 403, 602, F, H | | |
| 123:15-16 | 402, 403, 602, F, H | | |
| 125:17-24 | | | |
| 126:14-16 | | | |
| 126:25-127:1 | | | |
| 127:4-7 | | | |
| 127:10-15 | | 128:2-14 | |
| 127:18 | | | |
| 129:2-17 | 402, 403, ARG | | |
| 129:20-23 | 402, 403, ARG | | |
| 129:25-130:7 | 402, 403 | | |
| 132:19-133:13 | 402, 403 | | |
| 133:15 | 402, 403 | | |
| 134:10-18 | 402, 403 | | |
| 135:9-14 | 402, 403, V | | |
| 135:16 | 402, 403 | | |
| 135:18-20 | 402, 403, COM, V | | |
| 135:23-136:9 | 402, 403, H, F | | |
| 136:18-20 | 402, 403, V | | |
| 137:4-9 | 402, 403 | | |
| 137:19-138:4 | 402, 403 | 138:5-19 | |
| 139:10-140:18 | 402, 403, F | | |
| 142:5-18 | 402, 403, F | | |
| 144:21-145:1 | 402, 403, F | 144:8-20, 145:2-7 | |
| 145:11-13 | | | |
| 146:4-14 | | | |
| 146:15-147:2 | | 147:3-14 | |
| 147:15-24 | | | |
| 148:12-21 | 402, 403 | 148:22-149:7 | |
| 149:8-14 | 402, 403 | | |
| 150:16-151:2 | | | |
| 154:15-155:7 | 402, 403 | | |
| 155:23-156:9 | 402, 403, H, F | | |
| 156:13-157:2 | 402, 403, H, F, V | | |
| 157:7-9 | 402, 403, F, V | | |
| 157:11-25 | 402, 403, PRIV | | |
| 159:14-16 | 402, 403, V | | |
| 163:8-14 | 402, 403 | | |
| 163:16-18 | 402, 403 | | |
| 164:6-17 | 402, 403 | | |

53

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 165:22-166:18 | 402, 403 | | |
| 166:21-22 | 402, 403 | | |
| 167:7-10 | 402, 403 | | |
| 167:13-14 | 402, 403 | | |
| 167:16 | 402, 403 | | |
| 167:17-24 | 402, 403 | | |
| 168:2-7 | 402, 403 | | |
| 170:7-12 | 402, 403 | | |
| 170:15-171:5 | 402, 403, F, H | | |
| 171:17-19 | 402, 403, F, H | | |
| 172:4-8 | 402, 403, F, H | | |
| 172:11-14 | 402, 403, F, H | | |
| 172:17-173:1 | 402, 403, F, H | | |
| 173:8-11 | 402, 403 | | |
| 173:14-17 | | 173:12-13 | |
| 173:20-24 | | | |
| 174:4-6 | Incom, H | | |
| 174:22-175:10 | V, 403 | 175:13-14, 175:16-18, 175:21-176:1 | |
| 177:24-25 | Incom, H | | |
| 178:15-22 | 402, 403, V | 176:7-10, 176:12-17 | |
| 178:24-25 | 402, 403, V | | |
| 179:10-12 | 402, 403, V | | |
| 179:14-15 | 402, 403, V | | |
| 180:12-181:14 | 402, 403, V | | |
| 182:11-23 | 402, 403, F, H | | |
| 183:25-184:18 | 402, 403, F, H | | |
| 184:22-25 | 402, 403, F, H | | |
| 185:24-186:12 | 402, 403 | 186:16-19, 186:23-187:3 | |
| 188:9-11 | | | |
| 188:13-189:3 | | 189:4-6, 189:14-15, 189:17-18 | |
| 190:5-13 | | | |
| 190:14-16 | | | |
| 190:19-20 | | | |
| 192:14-21 | 402, 403 | | |
| 192:23-14 | 402, 403 | | |
| 193:14 | | | |
| 194:5-7 | 402, 403, F, H | | |
| 194:10-14 | 402, 403, F, H | 194:16-18, 194:21-195:6 | |

54

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 195:8-24 | 402, 403, F, H | | |
| 196:1-7 | 402, 403 | | |
| 196:9-10 | 402, 403 | | |
| 196:12-197:3 | 402, 403, F, H | | |
| 197:20-198:1 | 402, 403, F, H | | |
| 198:9-14 | 402, 403, F, H | | |
| 200:12-201:2 | | | |
| 201:10-25 | | | |
| 202:3-13 | 402, 403, V | | |
| 202:16-18 | 402, 403, V | 203:10-12, 203:14-19 | |
| 203:25-204:3 | | | |
| 205:21-206:7 | 402, 403, V | 209:21-23 | |
| 206:9-19 | 402, 403, V | 209:21-23 | |
| 207:8-20 | 402, 403, V | 209:21-23 | |
| 207:22-208:5 | 402, 403, V, H | 207:21, 209:21-23 | |
| 208:9-19 | 402, 403, V | 209:21-23 | |
| 208:25-209:4 | 402, 403, V | 209:5-11 | |
| 211:3-7 | | | |
| 212:9-12 | | | |
| 212:19-213:20 | 402, 403 | | |
| 213:22-214:5 | 402, 403, V, F | | |
| 214:7-13 | 402, 403, V, F | | |
| 214:15-16 | 402, 403, V, F | | |
| 215:2-3 | 402, 403, V | | |
| 215:8-12 | 402, 403, V | | |
| 215:22-216:4 | 402, 403, V | | |
| 216:6 | 402, 403, V | | |
| 216:8-10 | 402, 403, V | | |
| 216:16-19 | 402, 403, V | | |
| 216:21-217:8 | 402, 403, V | | |
| 217:10 | 402, 403, V | | |
| 217:18-21 | 402, 403, V | | |
| 217:24-218:11 | 402, 403, V | | |
| 218:13-18 | 402, 403, V | | |
| 218:20-24 | 402, 403, V, Incom, F, H | | |
| 219:19-220:15 | 402, 403, F, H, 602 | | |
| 220:18-25 | 402, 403, F, H, 602 | | |
| 221:2-222:10 | | | |
| 222:22-25 | | | |
| 223:2-3 | | | |
| 224:16-22 | 402, 403 | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 224:25-225:6 | 402, 403 | | |
| 225:8-16 | 402, 403, F, H | | |
| 225:25-226:3 | 402, 403, F, H | | |
| 226:5-6 | 402, 403, F, H | | |
| 226:9-14 | 402, 403, F, H | | |
| 226:17-23 | 402, 403, F, H | | |
| 227:1-8 | 402, 403, F, H | | |
| 227:11-13 | 402, 403, F, H | | |
| 227:24-228:2 | 402, 403 | | |
| 228:5-6 | 402, 403 | | |
| 228:23-25 | 402, 403 | | |
| 229:3-7 | 402, 403 | 229:9-23 | |
| 229:24-230:1 | | | |
| 230:24-231:2 | 402, 403, F, H | | |
| 231:12-23 | 402, 403, F, H | | |
| 233:10-12 | | | |
| 233:21-224:8 | 402, 403 | | |
| 234:22-23 | 402, 403, F, H | | |
| 235:16-18 | 402, 403 | | |
| 236:17-23 | 402, 403, H | | |
| 236:25 | 402, 403, H | 237:2, 237:8-238:9 | |
| 239:8-10 | 402, 403, H | 238:11-15, 238:17-239:6 | |
| 239:13-17 | 402, 403, H | | |
| 239:19-240:4 | 402, 403, H, F | | |
| 240:7-20 | 402, 403, H, F | | |
| 240:22-25 | 402, 403, H, F | | |
| 241:13-19 | | 241:20-242:15 | |
| 242:16-24 | H | | |
| 243:2-9 | | | |
| 243:13-20 | Incom | 243:23-244:1 | |
| 244:18-245:1 | Incom | 245:3-5 | |
| 247:8-9 | 402, 403, H | | |
| 247:12-248:1 | 402, 403, H | | |
| 248:4-13 | 402, 403, H | | |
| 249:10-12 | | | |
| 249:15-16 | | | |
| 250:8-11 | | | |
| 250:14-15 | | | |
| 250:17-19 | | | |
| 254:17-20 | | | |
| 254:23-255:3 | | | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 255:5-14 | | 255:15-17, 255:19-256:8 | |
| 258:13-259:8 | Incom | 259:10-13 | |
| 259:14-18 | H | | |
| 260:7-15 | | | |
| 260:18-261:1 | | | |
| 261:4-7 | | | |
| 261:10-13 | | | |
| 261:15-16 | | | |
| 261:18-21 | | | |
| 262:10-11 | 402, 403, F | | |
| 262:13-14 | 402, 403, F | | |
| 265:14-17 | 402, 403 | | |
| 269:4-11 | 402, 403, 602 | | |
| 269:14-21 | 402, 403, 602 | 269:22-270:15 | |
| 270:16-18 | | | |
| 274:6-9 | 402, 403 | | |
| 275:20-276:2 | | | |
| 276:22-277:7 | | | |
| 278:11-13 | | | |
| 278:15-16 | | | |
| 279:7-11 | | 279:12-28:7, 280:14-19 | |
| 281:9-282:7 | | 282:8-17 | |
| 283:3-9 | | | |
| 283:19-20 | | | |
| 283:22 | | | |
| 285:10-15 | | | |
| 285:21-286:10 | | | |
| 286:15-20 | | | |
| 287:8-11 | | | |
| 287:15-288:1 | 402, 403 | | |
| 289:25-290:2 | | | |
| 290:4-5 | | 290:7-8, 290:11, 290:14-19 | |
| 290:20-22 | | | |
| 290:25-291:1 | | | |
| 291:3-6 | | | |
| 292:16-23 | 402, 403, F, 602 | | |
| 293:19-20 | 402, 403, F, 602 | | |
| 293:24-294:1 | 402, 403, F, 602 | 294:3-14 | |

| Sage's Designated Testimony (Page/line) | PureWick's Objection(s) | PureWick's Counter-Designations | Sage's Objection(s) |
|---|---|---|---|
| 296:15-18 | 402, 403, Incom, H, F | | |
| 297:20-24 | 402, 403 | | |
| 298:3-8 | 402, 403 | 298:9-16 | |
| 298:17-22 | 402, 403 | | |
| 298:24-299:6 | 402, 403 | | |

58

# SCHEDULE E4c

**Sage's Objections to PureWick's Counter Designations**

| Number | Objection |
|---|---|
| 1 | Irrelevant |
| 2 | Lacks foundation / lacks personal knowledge |
| 3 | Calls for Speculation |
| 4 | Hearsay |
| 5 | Vague and Ambiguous |
| 6 | Asked and Answered |
| 7 | Argumentative |
| 8 | Hypothetical |
| 9 | Privilege |
| 10 | Leading |
| 11 | Compound |
| 12 | Mischaracterization |
| 13 | Best Evidence |
| 14 | Calls for Legal Conclusion |
| 15 | Assumes facts not in evidence |
| 16 | Non-responsive |
| 17 | Rule 403 |
| 18 | Outside scope of 30(b)(6) |
| 19 | Not testimony / Not responding to a question |
| 20 | Opinion / Expert opinion testimony by non-expert / Rule 701 |
| 21 | Rule 702 |
| 22 | Calls for a narrative |
| 23 | Object to the extent misuses PrimaFit 2.0 testimony outside the scope of NIA |
| 508 | Relates to 508 patent / stayed portion of case |
| MIL1 / MIL2 | Objectionable as set forth in Stryker Motion in Limine Nos. 1 or 2 |
| CONT | Testimony relates to contingent designations including designations subject to outstanding motions |
| DAUB-____ | Addresses issues raised in Stryker's *Daubert* motion and motion to strike Collins, Jezzi, or Leonard |
| Outside Scope | Outside scope of designation |

Sage notes that counter-designations and counter-counter designations for the designated witnesses may be contingent upon how the Court rules on objections and other outstanding motions.  Stryker preserves its objections regarding contingent designations and counter designations as well as counter-counter designations related to such contingent designations. Sage reserves all its rights relating to *Daubert* motions, summary judgment motions, and motions in limine.  Sage further objects to any designations relating to the PrimaFit 2.0 to the extent that they do not relate to any allegation that PrimaFit 2.0 is a non-infringing alternative including any testimony by Dan Ulreich on that topic.  All designations, counter-designations, counter-counter designations are subject to witness erratas.

Moreover, given the Court's ruling on the motion to stay, Sage objects to any designations to the extent they relate to the 508 patent and do not implicate issues at issue with the other three patents-in-suit. This includes damages-related designations with regard to any pre-suit damages. As previously explained, prior designations and counter-designations were prepared before the Patent Trial and Appeal Board issued its Final Written Decisions of the PTAB and any such counter-designations by Sage should be understood to be contingent.

| Jason Bobay[1] | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 84:11-24 | | |
| 87:3-11 | 1, 3, 17 | |
| 89:4-5; | | |
| 89:9-90:1 | 1, 3, 17 | |
| 92:23-93:19 | | |

---

[1] Sage incorporates its prior objections to Mr. Bobay's testimony to the extent also cited here.

| Jason Bobay[1] | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 124:5-25; | 1, 17, Outside | |
| 125:2-13; | 1, 17, Outside | |
| 125:17-126:2; | 1, 17, Outside | |
| 126:11-24 | 1, 17, 508, Outside | |
| 127:14-25 | 1, 5, 15, 17, 508, Outside | |
| 130:5-8 | | |
| 134:21-25 | | |
| 149:20-150:2 | 1, 2, 3, 17 | |
| 150:3-150:15 | 1, 2, 3, 17 | |
| 151:20-151:6 | 1, 2, 3, 4, 17 | |
| 152:7-22 | 1, 2, 3, 17 | |
| 153:21-154:10 | 1, 2, 3, 4, 17 | |
| 162:15-24 | | |
| 164:4-17 | | |

| Brian Burn | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 22:23-23:6 | | |
| 37:1-37:3 | | |
| 64:4-64:6 | 1, 17 | |
| 65:11-65:13 | 1, 17 | |
| 77:1-77:2 | | |
| 82:17-82:18 | 19, incomplete | |
| 93:13-93:14 | | |
| 94:13-94:18 | 1, 17 | |
| 96:18-96:19 | 1, 17 | |
| 100:8-100:9 | 1, 17 | |

| Brian Burn | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 103:17-103:18 | | |
| 104:16-104:17 | | |
| 117:17-117:20 | 1, 17 | |
| 155:8-155:9 | 1, 17 | |
| 206:2-206:4 | 1, 17 | |

| Edward Callan | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 25:23-26:11 | | |
| 32:17 | | |
| 68:20 | | |
| 88:10-13 | | |

| Ruby Dy | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 34:21, | | |
| 34:23-35:8 | | |
| 36:12-19 | | |
| 49:4-6 | | |
| 56:22 | | |

| Joseph Forehand | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 16:20-17:7 | 1, 17 | |
| 29:14-30:2 | | |
| 30:20-31:17 | 1, 17 | |
| 80:10-12 | | |
| 81:9-19 | 1, 17 | |
| 82:7-9; | 1, 17 | |
| 83:22-23 | 1, 17 | |
| 92:18-21 | | |
| 158:24-159:6 | 1, 2, 17 | |

| John Gohde | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 9:22-2 | | |
| 36:1-2 | | |
| 36:12-16, 20 | 1, 2, 17 | |
| 36:22-37:2 | 1, 2, 17 | |
| 42:3-6 | | |
| 45:13-23 | 1, 2, 17, Objection included | |
| 47:20-22 | | |
| 48:14-23 | | |
| 48:24-49:2 | 1, 2, 17, Outside | |
| 49:3-12 | 1, 2, 3, 17, Outside | |
| 51:18-52:2 | | |
| 63:2-13 | | |
| 105:6-11 | 1, 3, 17 | |

| John Gohde | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 122:23-123:18 | 1, 2, 17, Outside | |
| 181:7-11 | | |
| 182:19-183:7 | 2, 4, Outside | |
| 183:8-21 | 2, Outside | |
| 190:23-191:3 | | |
| 196:6-12 | | |
| 208:3-9 | | |

| Mark Harvie[2] | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 46:13-14, 46:18-19 | 1, 17, 508 | |
| 55:1-3, 6-13 | 508 | |
| 57:2 | | |
| 70:19-21, 24:1 | | |
| 75:5-9 | | |
| 75:10-16 | | |
| 75:17-20 | | |
| 75:21-76:1 | 1, 2, 3, 5, 6, 11, 12, 17, 508, Outside | |

| Gregory Mann | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 8:20-23 | | |

---

[2] Sage objects to any counter designations to the extent that they solely relate to aspects of the case stayed with regard to the 508 patent.

| Gregory Mann | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 9:22-24 | | |
| 30:22-24 | 1, 17 | |
| 34:22-35:2 | 1, 2, 17, Outside | |
| 37:11-18 | 1, 17 | |
| 52:7-8 | | |
| 88:20-23 | | |
| 138:6-9 | 1, 17 | |
| 152:16-24 | | |
| 153:2-18 | 1, 2, 20, Outside Scope | |
| 156:2-6 | | |
| 162:3-5 | | |
| 225:1-12 | 1, 2, 17, Outside Scope | |
| 246:24 | | |
| 249:8-16 | 1, 2, 17, Outside Scope | |
| 250:1-3 | | |
| 250:4-8 | 1, 17,  Outside | |
| | | |

| Camille Newton | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 19:15-17 | incomplete | |
| 23:13-24:8 | | |
| 31:4 | | |
| 36:1-12 | 1, 17, 508 | |
| 51:9-12 | | |
| 56:8-9, 56:12, 56:14-17 | | |
| 66:6 | | |

| Camille Newton | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 67:22-68:4 | | |
| 81:25-82:4 | 1, 17, 508 | |
| 85:4-9, 85:11-13, 86:15-18 | 1, 17, 508 | |
| 89:10-12, 89:15-17 | 1, 17, 508 | |
| 93:2, 93:5-13, | 1, 17, 508 | |
| 93:16-18, 93:23-94:13 | 1, 2, 3, 508, incomplete | |
| 99:11 | | |
| 100:5 | | |
| 104:5-6 | | |
| 106:17-21 | | |
| 107:4-12 | | |
| 114:20-21, 114:24-115:4, 115:7-10 | 1, 17, outside | |
| 117:16-19, 117:22-118:1, 118:3-5, 118:9-18, | 1, 17, outside | |
| 118:22-24, 119:2-8 | 1, 17, outside | |
| 128:2-14 | | |
| 138:5-19 | 1, 17 | |
| 144:8-20, 145:2-7 | 1, 17 | |
| 147:3-14 | 1, 17 | |
| 148:22-149:7 | 1, 17 | |
| 173:12-13 | | |
| 175:13-14, | | |
| 175:16-176:1 | 1, 2, 3, 17 | |
| 176:7-10, 176:12-17 | | |
| 186:16-19, 186:23-187:3 | 1, 2, 3, 17 | |
| 189:4-6, | 1, 2, 3, 17 | |
| 189:14-15, 189:17-18 | 1, 2, 3, 17 | |
| 194:16-18, 194:21-195:6 | 1, 2, 3, 16, 17 | |
| 203:10-12, 203:14-19 | 1, 2, 3, 17 | |
| 207:21, | | |

| Camille Newton | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 209:5-11 | 1, 13, 17 | |
| 209:21-23 | 1, 12, 17, inconsistent with interrogatory | |
| 229:9-23 | 1, 16, 17 | |
| 237:2, 237:8-238:9 | 1, 4, 16, 17 | |
| 238:11-15, 238:17-239:6 | 1, 16, 17 | |
| 241:20-242:15 | 1, 16, 17 | |
| 243:23-244:1 | 1, 16, 17, 19 | |
| 245:3-5 | 1, 16, 17, 19 | |
| 255:15-17, 255:19-256:8 | 4, 16 | |
| 259:10-13 | 1, 16, 17, 19 | |
| 269:22-270:15 | 1, 16, 17 | |
| 279:12-28:7, 280:14-19 | 1, 17 | |
| 282:8-17 | | |
| 290:7-8, 290:11, 290:14-19 | 1, 2, 3, 17 | |
| 294:3-14 | | |
| 298:9-16 | 1, 2, 3, 16, 17 | |

| Ray Newton | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 45:12-21 | | |
| 56:22-57:3 | 1, 17 | |
| 72:1-2, | | |
| 72:8-25 | 1, 17, 19, incomplete | |
| 77:5-11 | 1, 17 | |
| 77:17-18 | 1, 17 | |
| 85:9-11, 85:14-20 | 1, 17 | |
| 85:21 | | |

| Ray Newton | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 147:1-4 | | |
| 157:10-12 | | |
| 161:2-7, 161:12-16 | 2 | |
| 177:6-8, 177:11-17, 177:19-178:1 | | |
| 187:12-13 | 1, 17 | |
| 193:6-7 | 1, 17 | |
| 195:1-2 | 1, 17 | |
| 197:20-21, | 1, 17 | |
| 198:14-17, 198:19-199:1, 199:3-5 | 1, 17 | |
| 241:17-19 | | |
| 244:5-14 | | |
| 259:12-15 | 1, 17 | |

| Robert Sanchez | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 47:7-11, 47:14-16 | 508 | |
| 59:8-12 | 508 | |
| 62:13-14 | | |
| 132:2 | | |
| 150:13-151:8 | 508 | |
| 151:9-25 | 1, 3, 14, 17, 508 | |
| 152:1-11 | 1, 3, 14, 17, 508 | |
| 152:12-153:3 | 508 | |
| 153:7-24 | | |
| 154:1-9, | | |
| 154:11-19 | | |
| 154:21-25, 155:1-14 | 1, 3, 17, Outside | |

| Robert Sanchez | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 155:15-16, 155:18-156:1 | 1, 2, 17, Outside | |
| | | |

| Laura Shaw | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 13:24-14:1 | | |
| 17:10-11 | 19, incomplete | |
| 29:25-30:3 | 19, incomplete | |
| 31:1-8 | Includes objection | |
| 40:17-41:4 | | |

| Marcus Simon | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 7:1-3 | | |
| 16:23-25 | | |
| 19:8-9 | | |
| 20:19-21 | 1, 2, 17 | |
| 25:24-26:19 | | |
| 51:1 | | |
| 51:22-25 | | |
| 67:7 | | |
| 72:10-14 | | |
| 73:11-12 | | |
| 79:17-20 | | |
| 83:1 | | |
| 89:4-7 | 1, 17, 19 | |

11

| Marcus Simon | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 92:12 | | |
| 94:5 | | |
| 114:24 | | |
| 118:5-11 | 1, 17, Outside | |
| 124:14-18 | | |
| 130:23 | | |
| 144:16-19 | 1, 2, 19, 17, objection included | |
| 144:20-24 | | |

| Paul Zani | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 16:7-20 | | |
| 29:7 | | |
| 30:13-31:21 | | |
| 36:6-8 | | |
| 36:19-36:19 | | |
| 38:20-39:3 | 1, 17 | |
| 48:3-49:2 | 1, 3, 17 | |
| 50:16-50:17 | | |
| 58:18-59:9 | | |
| 65:6-65:13 | | |
| 75:10-75:15 | 1, 3, 17 | |
| 80:6-80:9 | | |
| 82:10-82:12 | | |
| 98:15-98:15 | | |
| 99:12-99:15 | | |
| 101:8-101:24 | 1, 4, 5, 16, 17 | |

| Paul Zani | | |
|---|---|---|
| PureWick Counter Designations | Sage's Objections(s) | Ruling |
| 108:25-108:25 | | |
| 113:11-113:13 | 1, 3, 17 | |
| 131:21-132:6 | | |
| 143:1-143:1 | | |
| 148:17-148:17 | 1, 17 | |
| 149:5-149:9 | | |
| 154:20-154:25 | 1, 17 | |
| 158:3-158:5 | 1, 17 | |
| 182:1-182:4 | 1, 3, 17 | |
| 182:5-182:13 | | |
| 182:14-182:22 | 1, 17 | |
| 182:23-183:1 | 1, 17 | |
| 183:6-183:10 | [remove objection] | |
| 188:7-188:13 | | |
| 191:1-191:6 | 1, 17, incomplete | |
| 202:4-202:4 | | |
| 219:1-219:9 | | |
| 225:2-225:7 | 1, 2, 3, 4, 17 | |
| 232:1-232:4 | 1, 17 | |
| 232:10-232:12 | | |
| 245:12-245:13 | | |

# SCHEDULE E4d

**Sage's Counter-Counter Designations (Output provided electronically)**

| Transcript | PgFrom | LnFrom | PgTo | LnTo | Notes | Issues |
|---|---|---|---|---|---|---|
| Burn, Brian | 103 | 24 | 104 | 6 | | Sage Counter-Counter |
| Burn, Brian | 117 | 21 | 118 | 5 | | Sage Counter-Counter |
| Gohde, John C | 49 | 13 | 49 | 15 | | Sage Counter-Counter |
| Mann, Gregory J. | 35 | 2 | 35 | 7 | contingent | Sage Counter-Counter |
| Mann, Gregory J. | 35 | 22 | 36 | 7 | contingent | Sage Counter-Counter |
| Mann, Gregory J. | 52 | 3 | 52 | 4 | | Sage Counter-Counter |
| Newton, M.D., Camille | 19 | 18 | 20 | 6 | | Sage Counter-Counter |
| Newton, M.D., Camille | 96 | 18 | 96 | 21 | | Sage Counter-Counter |
| Newton, M.D., Camille | 96 | 23 | 96 | 24 | | Sage Counter-Counter |
| Newton, M.D., Camille | 97 | 9 | 97 | 10 | | Sage Counter-Counter |
| Newton, M.D., Camille | 97 | 12 | 97 | 12 | | Sage Counter-Counter |
| Newton, M.D., Camille | 144 | 6 | 144 | 7 | | Sage Counter-Counter |
| Newton, M.D., Camille | 210 | 20 | 211 | 2 | | Sage Counter-Counter |
| Sanchez, Ph.D., Robert A. | 156 | 8 | 156 | 13 | | Sage Counter-Counter |
| Simon, Marcus S. | 52 | 1 | 52 | 11 | | Sage Counter-Counter |
| Simon, Marcus S. | 117 | 4 | 117 | 10 | contingent | Sage Counter-Counter |
| Simon, Marcus S. | 117 | 19 | 118 | 4 | contingent | Sage Counter-Counter |
| Zani, Paul | 132 | 7 | 132 | 9 | | Sage Counter-Counter |
| Zani, Paul | 132 | 12 | 132 | 13 | | Sage Counter-Counter |
| Zani, Paul | 183 | 11 | 183 | 16 | | Sage Counter-Counter |
| Zani, Paul | 190 | 22 | 190 | 25 | | Sage Counter-Counter |

# SCHEDULE F1

**PUREWICK MOTION *IN LIMINE* NO. 1 TO PRECLUDE EVIDENCE OR
ARGUMENT THAT SAGE HAS PATENTS COVERING ITS PRODUCTS**

PureWick seeks an order precluding Sage from introducing evidence or argument that Sage
has its own patents relating to the accused products.  Whether Sage has patents relating to the
accused products is not relevant to any issue being tried in this action.  If Sage owns any patents
in the relevant field, that is irrelevant to whether Sage's products infringe PureWick's patents.
And Sage is not asserting that any Sage patent is prior art to the asserted claims.  It is hard to see
any probative value in allowing Sage to adduce evidence of any such patents and, of course, there
is a high likelihood that arguments based on the existence of any such patents could mislead the
jury into thinking they are relevant to issues such as infringement.

Sage's expert reports, discovery responses and exhibit list make clear that Sage plans to
argue at trial that it holds patents covering its accused products.  For example, Sage's interrogatory
response concerning its purported lack of willful infringement includes the gratuitous,
unsubstantiated, and totally irrelevant statement that "[t]he PrimaFit® product has been awarded
several patents for its innovative design including Patent Nos. 10,857,025 and D882,768 as well
as pending applications."  Sage's non-infringement expert, Donald Sheldon, also gratuitously
states that "[t]he Patent Office issued to Sage a number of patents related to the PrimaFit product,"
and that U.S. Design Pat. No. D882,768 is "directed to the novel design of the PrimaFit product
as evidenced by Claim 1."  And Sage's damages expert, Vincent Thomas, states in his report that
"I understand that Sage has at least two U.S. patents that cover its PrimaFit products."

The repeated inclusion of these conclusory assertions strongly indicates that Sage will try
to convince the jury that it has its own patents covering its products and that is somehow relevant
to the issues the jury needs to address.  But whether Sage owns any such patents, and whether they

1

in fact cover any Sage product, is irrelevant to the issues.  The existence of Sage's own patents does not bear on the questions of whether Sage infringes PureWick's patents, whether that infringement was willful, whether the asserted patents are valid, or the amount of damages owed by Sage.[1]  *See, e.g.*, *Bio-Technology General Corp. v. Genetech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent."); *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1309 (Fed. Cir. 2001) ("The fact that Medtronic's '556 patent might read on the Falcon catheter is totally irrelevant to the question of whether Medtronic willfully infringed another patent."). Indeed, courts in this District routinely preclude an accused infringer from referencing its own patents at trial.  *See, e.g.*, *Sonos, Inc. v. D&M Holdings Inc.*, No. CV 14-1330-WCB, 2017 WL 5633204, at *1 (D. Del. Nov. 21, 2017) (Bryson, C.J., sitting by designation); *Kyphon, Inc. v. Disc-O-Tech Med. Techs. Ltd.*, No. CIV.A. 04-204-JJF, 2005 WL 5994161, at *1 (D. Del. June 21, 2005).  Exclusion is particularly appropriate here in the case of the '768 patent, which is a design patent that only protects, if anything, PrimaFit's ornamental design and not the functional aspects of the PrimaFit that are at issue here.[2]

In this case, the immateriality of Sage's patents is exacerbated by the fact that there is no evidence that any Sage patent covers any of Sage's products.  Although Mr. Sheldon states that

---

[1]  Sage's interrogatory response concerning willfulness implies that the existence of the '025 utility and '768 design patent demonstrates that the PrimaFit™ was "independently developed."  Even if there were evidence that the patents cover the PrimaFit, the existence of patents owned by defendant does not mean that the product was independently developed or that the patented inventions were not copied.  It is thus not relevant to the issue of whether Sage's infringement is willful.  In other words, obtaining patents of one's own is not a get out of jail card for a copyist.

[2]  Even if Sage's design patent were somehow relevant, it would be confusing, if not impossible, to instruct the jury on how the existence of such a design patent should be factored in to any issues the jury needs to decide.

Sage has patents "related to the PrimaFit product," he does not offer any analysis (e.g., a claim chart) showing that the PrimaFit product practices any claim of any Sage patent. Similarly, Sage's damages expert, Mr. Thomas, simply concludes that Sage has patents "that cover its PrimaFit products," but he does not offer, nor is he competent to offer, an opinion showing this to be the case. Mere conclusions about whether a patent allegedly covers a product are not relevant to any issue, make no fact more probable and plainly are unreliable.[3]

Furthermore, allowing evidence or argument regarding Sage's patents would create a substantial risk of confusing and misleading the jury. For example, the jury may wrongly conclude that Sage cannot infringe PureWick's patents if Sage has its own patents relating to the accused products. *See Sonos*, 2017 WL 5633204 at *1 ("The fact that D&M has patents in the same technological field . . . could mislead the jury into believing that D&M's patents give it the right to practice technology that is covered by those patents even though it is also covered by Sonos's patents."); *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572 (Fed. Cir. 1986) (finding that the court did not abuse its discretion under Fed. R. Evid. 403, in excluding evidence of the accused infringer's patents).

For at least the reasons stated above, the Court should preclude any reference to, or arguments regarding, Sage's patents.

---

[3] If Sage were to attempt to introduce such an opinion through a fact witness, it would constitute untimely and previously undisclosed opinion testimony, which should not be allowed.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUREWICK CORPORATION, | |
| Plaintiff and Counterclaim Defendant, | C.A. No. 19-1508-MN |
| v. | |
| SAGE PRODUCTS, LLC, | **CONFIDENTIAL EXHIBITS FILED UNDER SEAL** |
| Defendant and Counterclaim Plaintiff. | |

**SAGE'S OPPOSITION TO PUREWICK'S MOTION *IN LIMINE* NO. 1
TO PRECLUDE EVIDENCE OR ARGUMENT THAT
SAGE HAS PATENTS COVERING ITS PRODUCTS**

While PureWick is correct that one's own patent is not "a defense to <u>infringement</u>," PureWick ignores that Sage's patents relating to PrimaFit and PrimoFit are relevant to a host of <u>other</u> issues in the case and evidence regarding them should not be excluded.

Despite now claiming that "whether Sage has patents relating to the accused products is not relevant to any issue being tried in this action," ***PureWick itself recognized that Sage's patents are relevant*** and <u>asked Sage to identify patents</u> that covered the accused products in its interrogatories:

> Set forth all factual and legal bases for any contention that <u>the Accused Products are covered by any patent</u>, including by separately identifying for each Accused Product the patent and the claims of the patent that you contend cover the product, and explaining the basis for contending that the product is covered by the claim(s).

(*See* Ex. A at 16-17.) Sage responded, identifying how "the innovations in the PrimaFit® and PrimoFit™ products have been patented by Sage, including….in [identifying patents and patent applications]….." (*Id.*) Thus, <u>PureWick's own interrogatories demonstrate the relevance</u>. None of PureWick's cited cases address the issues in this case.

**Sage's patents are relevant to nonobviousness.** PureWick alleged commercial success based on sales of Sage's products, and PureWick's expert opined that PureWick "is entitled to a presumption of nexus." (D.I. 210, Ex. 33, ¶1608; Ex. F, ¶1652.) However, "[w]here a product embodies claims from two patents, a presumption of nexus can be appropriate <u>only if</u> the claims of both patents generally cover the same invention." *Fox Factory v. SRAM,* 944 F.3d 1366, 1377 (Fed. Cir. 2019). Sage is thus entitled to rebut the presumption by showing that the success of its products is due to its own patents rather than PureWick's. (Ex. B at 235, 254-55; Ex. C, ¶ 580-83.)

**Sage's patents are relevant to nonwillfulness and lack of copying.** PureWick is alleging willful infringement of the 376 and 989 patents and "copying" with respect to the PrimaFit. But PureWick's patents did not even issue until <u>years after</u> PrimaFit launched. And alleged "[c]opying [of] a product which is not protected by the patent laws is not illegal…." *Bioverativ Inc. v. CSL*

*Behring LLC*, No. CV 17-914-RGA, 2020 WL 1332921, at *2 (D. Del. Mar. 23, 2020). In any case, in response to PureWick's "copying" allegations, Sage's experts have explained that Sage's products were designed to be superior to PureWick's with numerous innovative and patented features. (Ex. D at 16, 195-200, Ex. B at 240-42, 245-48; Ex. E at ¶¶ 41, 47-48.)

PureWick nonetheless claims that Sage's patents are "totally irrelevant." (Pl. Br. at 1.) But numerous courts have found such evidence probative. Sage's patents demonstrate Sage's "corporate culture of innovation." *Canon v. Color Imaging,* 227 F. Supp. 3d 1303, 1305-08 (N.D. Ga. 2016) (risk of jury confusion "outweighed by the probative value of Defendants' corporate culture evidence relative to the issue of willfulness"). Indeed, Sage's expert explained–in responding to Sage's expert's willfulness allegations–that "the PrimaFit product has several patents that cover it…<u>further highlighting its innovative features including its innovations over PureWick's inferior product.</u>" (Ex. D at 200.) <u>This is classic evidence of nonwillfulness.</u> In *Carnegie Mellon v. Marvell Tech.,* the court found that defendant's patents were relevant to many issues including copying and willfulness. No. CV 09-290, 2012 WL 5416440, at *1-2 (W.D. Pa. Nov. 2, 2012) ("such evidence has the tendency to make the existence of no acts of copying/willfulness…'more probable than it would be without such evidence'"). PureWick's own cited cases further confirm the admissibility. *Sonos v. D&M Holdings*, No. 14-1330-WCB, 2017 WL 5633204, at *1 (D. Del. Nov. 21, 2017) (patents admissible where plaintiff "stat[es] that D&M lacks its own technology and therefore must rely on stealing technology from Sonos.").

***Sage's patents are relevant to damages issues.*** PureWick's argument that "Sage's own patents [do] not bear on…the amount of damages" is contrary to law. (Pl. Br. at 2.) Georgia Pacific factor 13 relates to "[t]he portion of the realizable profit that should be credited to the invention as distinguished from…<u>significant features or improvements added by the infringer.</u>" *Georgia-*

*Pacific Corp. v. U.S. Plywood*, 318 F. Supp. 1116 (S.D.N.Y. 1970), *mod. & aff'd*, 446 F.2d 295 (2d Cir. 1971). Sage's expert thus addressed Sage's patents in evaluating that factor (D.I. 206, Ex. 27 at ¶ 273), which is entirely permissible. *Wonderland NurseryGoods Co. v. Thorley Indus.,* No. CV 12-196, 2014 WL 241751, *2-*3 (W.D. Pa. 2014) ("[defendant's] four aforementioned patents are relevant to 'improvements added by the infringer'"); *Carnegie*, 2012 WL 5416440 at *1-2 (evidence of defendant's patents relevant to reasonable royalty). Additionally, PureWick's experts have also asserted that PureWick is entitled to lost profits because its product and PrimaFit are "interchangeable." (D.I. 211, Ex. 41 at ¶¶ 49-50.) But they are not "interchangeable." And Sage's experts have explained that Sage's products were designed to be superior to PureWick's with many new innovative features that drove customer demand. (*See, e.g.,* Ex. E at ¶¶ 41, 47-48.)

**Sage's patents are relevant to PureWick's allegations of equivalents infringement.** "The fact of separate patentability is relevant, and is entitled to due weight." *Nat'l Presto Indus. v. W. Bend Co.*, 76 F.3d 1185, 1192 (Fed. Cir. 1996). That is because "[t]he nonobviousness of the accused device, evidenced by the grant of a United States patent, is relevant to the issue of whether the change therein is substantial." *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1570 (Fed. Cir. 1996); *Sprint Commc'ns Co. v. Charter Commc'ns,* No. CV 17-1734-RGA, 2021 WL 982729, at *9 (D. Del. Mar. 16, 2021) ("[p]laintiff will be able to address the weight of…separate patentability through cross-examination and opposing witness testimony").[1] Here, Sage's patents highlight the many innovations over PureWick's products and the lack of equivalents. (*See, e.g.,* Ex. D at 200.)

Sage's patents are related to many issues and concerns of alleged jury confusion can be mitigated by instructions. *Cook v. Endologix,* 2012 WL 4514036, at *5 (S.D. Ind. Oct. 1, 2012).

---

[1] Despite PureWick's arguments, Sage's expert opinions on the matters of Sage's patents provide an adequate level of detail to make the points asserted here. *Sprint,* 2021 WL 982729, at *8-9.

Dated: February 28, 2022

YOUNG CONAWAY STARGATT & TAYLOR, LLP


Of Counsel:

Robert A. Surrette
Sandra A. Frantzen
Christopher Scharff
Ryan Pianetto
McAndrews, Held & Malloy, Ltd
500 West Madison Street
Chicago, IL 60661
(312) 775-8000

/s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant/Counterclaim Plaintiff Sage Products, LLC*

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 1**

Sage identifies no legitimate basis for admitting evidence of Sage's own patents in this case. *First*, Sage does not dispute it has no evidence that the accused products practice any of Sage's own patents. The absence of such evidence alone is reason to grant PureWick's motion.

*Second*, Sage's patents are not relevant to rebut commercial success or damages. Sage argues that its accused products have additional features that are the reason for Sage's commercial success. But Sage does not need to introduce evidence of its own patents to make this argument. Whether or not those features are patented (which Sage has no evidence of) says nothing about whether the features are the reason for Sage's sales.[1]

*Third*, Sage's patents are not relevant to willfulness and copying. Again, the issuance of Sage's own patents says nothing at all about whether Sage copied and willfully infringed. Someone can obviously still willfully infringe and copy another's patents and products while simultaneously applying for its own patents. The fact that the accused infringer's own patent might read on the accused product is "totally irrelevant to the question of whether [they] willfully infringed another patent." *Advanced Cardio. Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1309 (Fed. Cir. 2001).

*Fourth*, Sage's argument that its patents are relevant to the doctrine of equivalents should be rejected because Sage has never advanced such a theory. The only claim for which DOE is at issue is '407 patent claim 2, which covers Sage's PrimoFit product. Sage has offered no evidence that the PrimoFit is covered by any Sage patent, or that PureWick's doctrine of equivalents theories encompass something covered by any Sage patent. *See* Ex. M.

Because of the lack of relevance, and high likelihood that the jury will be misled into thinking Sage cannot infringe because it has its own patents, PureWick's motion should be granted.

---

[1] PureWick has not relied on any alleged commercial success of the accused ***PrimaFit*** device as a secondary consideration. Ex. L at ¶¶1648-50. Thus, Sage cannot rebut a presumption of nexus for the '376 and '989 patents by arguing that "the success of its products is due to its own patents rather than PureWick's." Opp. at 1. And for the PrimoFit, Sage has no issued patents.

# EXHIBITS A-F REDACTED IN THEIR ENTIRETY

Exhibits L-M
REDACTED
IN THEIR
ENTIRETY

# SCHEDULE F2

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING ANY FINDING OF UNPATENTABILITY IN THE *INTER PARTES* REVIEW PROCEEDING FOR THE '508 PATENT**

PureWick respectfully requests an Order *in limine* excluding evidence or argument concerning any finding by the Patent Office in the co-pending *Inter Partes* Review (case number IPR2020-01426) that any claim of U.S. Patent No. 8,287,508 ("the '508 patent") is unpatentable. The PTAB is expected to issue its Final Written Decision ("FWD") in IPR2020-01426 on February 17th. PureWick cannot predict the outcome of the IPR, but to the extent any claim of the '508 patent is found to be unpatentable, Sage should be precluded from referencing or using that finding at trial because it is irrelevant, prejudicial, and poses a significant risk of misleading the jury. It is for that reason that courts in this District uniformly exclude evidence about IPR proceedings as not relevant and under Federal Rule of Evidence 403.

Once the PTAB issues a FWD the validity issues in the IPR will not be a part of the trial in this case because Sage will be estopped from presenting an invalidity defense at trial based on any prior art that was raised, or could have been raised, in the IPR. *See* 35 U.S.C. § 315(e)(2); *Trustid, Inc. v. Next Caller Inc.*, No. 18-172 (MN), 2021 WL 3015280, at *4 (D. Del. July 6, 2021) (precluding defendant from asserting prior art defenses based on estoppel under § 315(e)(2)). To the extent that Sage has any remaining invalidity defense for the '508 patent based on Section 112 or non-printed publication art, those invalidity arguments will necessarily involve different art and arguments than what is at issue in the IPR. Moreover, the burden of proof in the IPR is different than the burden in the district court. *See Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 279 (2016). Thus, whatever the findings by the PTAB they will have no bearing on the issues that will be before this Court and the jury at trial in this case.

Similarly, the PTAB's FWD has no relevance to the validity issues for the other asserted patents that were not subject to IPR proceedings. The '376, '989 and '407 patents are not related

to the '508 patent, they have different priority dates, and their claims are obviously different than the claims of the '508 patent. Thus, a finding by the PTAB that any claim of the '508 patent is unpatentable is not relevant to the jury's determination of the validity of the asserted claims of the '376, '989 and '407 patents.

Finally, even if there were some marginal relevance to the findings by the PTAB, the probative value is significantly outweighed by the potential prejudice to PureWick, and the potential to confuse the jury, as numerous courts have found. For example, in *Callaway Golf Co. v. Acushnet Co.*, the Federal Circuit affirmed the exclusion of the Patent Office's rejections in a parallel *inter partes* reexamination proceeding, finding that "[t]he non-final re-examination determinations were of little relevance to the jury's independent deliberations on the factual issues underlying the question of obviousness" while "the risk of jury confusion if evidence of the non-final PTO proceedings were introduced was high." 576 F.3d 1331, 1343 (Fed. Cir. 2009) (applying Third Circuit law); *see also Hologic, Inc. v. Minerva Surgical, Inc.*, 2018 WL 3348998, at *4 (D. Del. July 9, 2018) (issuing order *in limine* "because the patent office proceeding and decision are not binding and are on appeal, the prejudicial and confusing effect of the evidence almost certainly outweighs any probative value"). The risk of confusion is particularly great here because the findings by the PTAB will be based on a lower burden of proof and with respect to different prior art and different claims than will be at issue at trial. In particular, admitting evidence of the PTAB's findings with respect to the '508 patent could mislead the jury into believing that the claims of the other asserted patents are invalid. *See Personalized User Model, L.L.P. v. Google Inc.*, No. CV 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (excluding any reference to the Patent Office proceedings because of the "different standards applicable" to patent office proceedings and litigation "risk confusing the jury"); *Belden Techs. Inc. v. Superior Essex*

*Commc'ns LP*, 802 F. Supp. 2d 555, 569 (D. Del. 2011)(admitting the final results at the Patent Office "would have only served to confuse the jury").  Accordingly, allowing evidence that any claim of the '508 patent was found unpatentable in the IPR proceeding presents a substantial risk of jury confusion.

      For the foregoing reasons, PureWick respectfully requests an order excluding evidence or argument concerning any finding by the PTAB that any claim of the '508 patent is unpatentable.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PUREWICK CORPORATION,

      Plaintiff and Counterclaim Defendant,

v.

SAGE PRODUCTS, LLC,

      Defendant and Counterclaim Plaintiff.

C.A. No. 19-1508-MN

**SAGE'S OPPOSITION TO PUREWICK'S MOTION *IN LIMINE* NO. 2
TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING ANY FINDING
OF UNPATENTABILITY IN THE IPR PROCEEDING FOR THE 508 PATENT**

On February 14, 2022, the PTAB issued a Final Written Decision ("FWD"), finding that all claims of the 508 patent asserted in this lawsuit are unpatentable. (Ex. G.) PureWick now seeks to exclude "evidence or argument concerning any finding by the PTAB that any claim of the '508 patent is unpatentable." (Pl. Br. at 3.) The Court stayed PureWick's claim of infringement on the 508 patent. (D.I. 279 at 3-4); however, the 508 patent is asserted prior art to the remaining patents-in-suit as explained in prior briefing (D.I. 277, Att. at 1, 3, and 5.) Additional prior art at issue in the IPR is also at issue here. Sage does not intend to argue that the PTAB found the "claims of the 508 patent are unpatentable" <u>unless to rebut</u> any argument <u>by Plaintiff</u> that the 508 patent is valuable or inventive. Such responsive evidence is admissible if PureWick opens the door to it. Other aspects of the PTAB's findings are relevant for other reasons.

***Evidence or argument concerning the PTAB's "finding of unpatentability" is admissible if PureWick makes it relevant.*** As explained, the 508 patent is still involved in this case albeit not in the context of the infringement or invalidity of any particular 508 claim. To the extent that PureWick implies at trial that the 508 patent is a PureWick patent and that it is valuable or inventive in some way, then PureWick will have opened the door to evidence of the opposite, e.g., that it is not valuable or inventive and the PTAB found claims unpatentable. PureWick could make such a suggestion if it references the 508 patent as part of any PureWick origin story, in relation to discussions between the parties regarding PureWick's technology, or in relation to damages.

Courts have found that a party can open the door to the relevance of information from IPR proceedings and admit such evidence. *See, e.g., Contour IP Holding v. GoPro,* No. 3:17-04738-WHO, 2021 WL 75666, at *8 (N.D. Cal. Jan. 8, 2021) ("[i]f [defendant] opens the door, however, by stating or implying that references were not previously considered when they were, [plaintiff] may introduce IPR evidence to rebut that statement or implication."); *Pac. Biosciences v. Oxford*

*Nanopore Techs.,* C.A. No. 17-275-LPS-CJB, 2020 WL 954938, at *2 (D. Del. Feb. 27, 2020) (allowing IPR evidence by referencing "another matter"); *Rembrandt Wireless Techs. v. Samsung Elecs.* No. 2:13- 213-JRG-RSP, 2015 WL 627430, at *5 (E.D. Tex. Jan. 31, 2015) (allowing litigant "to rebut this line of argument by producing evidence of the PTAB's action….."). As PureWick's own cited case recognizes, "[w]ithout knowing the evidence and what it is proffered for, the court cannot make a determination as to the precise parameters of the admission of this evidence." *Hologic, Inc. v. Minerva Surgical, Inc.*, No. 1:15-1031, 2018 WL 3348998, at *4 (D. Del. July 9, 2018) (IPR may be relevant to intent and state of mind). Thus, "evidence or argument concerning any finding by the PTAB that any claim of the '508 patent is unpatentable" becomes relevant if and when Plaintiff makes it relevant and the motion should be denied.

**Statements by the PTAB beyond 508 claim "unpatentability" are relevant to aspects of the case**. PureWick's motion *in limine* is limited to excluding evidence "concerning any finding by the PTAB that any claim of the '508 patent is unpatentable." (Pl. Br. at 3.) While PureWick did not seek to preclude Sage's reliance on FWD evidence unrelated unpatentability of a claim, Sage notes that aspects of the FWD remain relevant to this case unrelated to unpatentability including prosecution statements about the prior art. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017) (statements in IPR proceedings relevant to subsequent proceedings); *Pac. Biosciences,* 2020 WL 954938, at *2 (allowing IPR evidence by referencing "another matter").

For example, statements regarding the prior art made in prosecution proceedings (such as the PTAB's proceeding here) on related subject matter are relevant. The 508 patent is prior art to all three patents-in-suit. (*e.g.,* D.I. 208, Ex. 20 at ¶¶491-515; D.I. 209, Ex. 23 at 166-230.) And, irrespective of the unpatentability of the 508 claims, the same prior art and overlapping issues are present in both proceedings including whether items in the prior art are "moisture-wicking." For

example, the Kuntz 166 prior art is still at issue (*see, e.g.*, D.I. 209, Ex. 23 at 102-137), and PureWick's expert has asserted the same arguments regarding Kuntz 166's disclosure both in the IPR and here (*see, e.g., id.* at 128-129.) The PTAB found that the pad of Kuntz 166 was a "moisture-wicking article" because "Kuntz 166's pad uses capillary action." (Ex. G at 56, 57.) Thus, if PureWick intends to advance these arguments at trial, the prosecution statements reflecting the contrary remain relevant. *Pfizer*, 2006 WL 3041102 at \*2-4. *Alcohol Monitoring Sys., Inc. v. ActSoft, Inc.*, No. 07-02261, 2011 WL 5075619, at \*6 (D. Colo. Oct. 25, 2011), *aff'd*, 499 F. App'x 974 (Fed. Cir. 2013) (plaintiff could not assert arguments "inconsistent with the position that plaintiff took in front of the PTO regarding" an unrelated patent); *Pfizer Inc. v. Teva Pharms. USA*, No. 04-754-JCL, 2006 WL 3041102, at \*2 (D.N.J. Oct. 26, 2006) (statements "concerning the scope and content of [prior art in the litigation]" relevant to litigation proceedings).

Additionally, witness credibility questions are fair game in trial proceedings. *See, e.g., Biogen Int'l GMBH v. Mylan Pharms.*, 18 F.4th 1333, 1344 (Fed. Cir. 2021) (expert lacked credibility based on statements in IPR). Here, the PTAB repeatedly found the opinions of PureWick's expert witness, Mr. Jezzi, "not credible" on matters relating to urine collection devices. (Ex. G at 35 (Jezzi's testimony was "based entirely on speculation, inconsistent with how a person of ordinary skill would have understood [the art], and thus is not credible and give it little weight . . . ." ); *id.* at 38 ("Jezzi's testimony on this issue [relating to urine collection prior art] is not credible."); *id.* (Jezzi's analysis was "treating a person of ordinary skill like an automaton. We find this analysis is not credible…."). And courts have held that an expert may be impeached with IPR statements. *Pac. Biosciences,* 2020 WL 954938, at \*2; *Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, C.A. No. 15-152-RGA, 2018 WL 6629705, at \*1 (D. Del. Oct. 12, 2018).

Thus, aspects of the FWD may be relevant and PureWick's motion should be denied.

Dated: February 28, 2022

YOUNG  CONAWAY  STARGATT  &
TAYLOR, LLP


*/s/ Anne Shea Gaza*

Of Counsel:                                     Anne Shea Gaza (No. 4093)
                                                Samantha G. Wilson (No. 5816)
Robert A. Surrette                              Rodney Square
Sandra A. Frantzen                              1000 North King Street
Christopher Scharff                             Wilmington, DE 19801
Ryan Pianetto                                   (302) 571-6600
McAndrews, Held & Malloy, Ltd                   agaza@ycst.com
500 West Madison Street                         swilson@ycst.com
Chicago, IL 60661
(312) 775-8000                                  *Attorneys for Defendant/Counterclaim
                                                Plaintiff Sage Products, LLC*

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 2**

The Court has now stayed the case as it relates to the '508 patent in light of the PTAB's FWD finding the '508 asserted claims unpatentable. This fact only bolsters PureWick's motion to exclude evidence or argument regarding the '508 IPR as irrelevant and prejudicial. Indeed, Sage does not actually contest exclusion of such evidence. Sage argues instead that PureWick's motion should be denied because "aspects of the FWD remain relevant to this case unrelated to unpatentability including prosecution statements about the prior art." Def. Br. 2. Not so. The cases Sage cites relate only to the relevance of *a patent applicant's statements* to the Patent Office regarding *an asserted or related patent*. *See, e.g.*, *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017). What Sage wants here, however, is to be able to use *the PTAB's factual findings* in the '508 FWD to support its assertion that the prior art invalidates *unrelated patents* in this action.[1] Def. Br. 3. This is simply a surreptitious attempt to have the jury "improperly substitute its own judgment for the PTO decisions," *Finjan, Inc. v. Sophos, Inc.*, 2016 WL 4560071, at *14 (N.D. Cal. Aug. 22, 2016), which is the reason Courts in this district routinely exclude evidence about IPR proceedings under Rules 402 and 403. *See* Pl. Br. at 3.

Sage also claims that the FWD is relevant to impeaching PureWick's expert with statements by the PTAB. Def. Br. 3. Sage misunderstands the concept of impeachment. Mr. Jezzi can be impeached with *his own testimony* from the IPR proceeding, should that be inconsistent with his testimony at trial. *Id.* He cannot, however, be "impeached" with *the PTAB's findings* in the FWD under any rule of evidence (*see generally* Fed. R. Evid. 608), and Sage's cases do not hold otherwise.[2] Indeed, using the FWD in such a way would usurp the role of the jury.

---

[1]  As Sage argued in its motion to stay the '508 patent claims, "the 508 patent is unrelated to the other asserted patents" and "requires a separate analysis of the state of the art." D.I. 277 at 7.

[2]  Similarly, PureWick could not impeach Sage's expert with the Court's *Daubert* ruling excluding his opinions that were inconsistent with the Court's claim construction.

# EXHIBIT G

Trials@uspto.gov             Paper 30
Tel: 571-272-7822            Date: February 14, 2022

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

SAGE PRODUCTS, LLC,
Petitioner,

v.

PUREWICK CORPORATION,
Patent Owner.

---

IPR2020-01426
Patent 8,287,508 B1

---

Before LYNNE H. BROWNE, KEVIN W. CHERRY, and
ERIC C. JESCHKE, *Administrative Patent Judges*.

CHERRY, *Administrative Patent Judge*.

JUDGMENT
Final Written Decision
Determining All Challenged Claims Unpatentable
*35 U.S.C. § 318(a)*

# I. INTRODUCTION

## A. BACKGROUND

Sage Products, LLC ("Petitioner") filed a Petition for *inter partes* review of claims 1, 3–8, and 17–19 of U.S. Patent No. 8,287,508 B1 (Ex. 1001, "the '508 patent"). Paper 1 ("Pet."). PureWick Corporation ("Patent Owner") filed a Preliminary Response. Paper 8.

IPR2020-01426
Patent 8,287,508 B1

On February 17, 2021, based on the record before us at the time, we instituted an *inter partes* review (Paper 10, "Dec.") of claims 1, 3–8, and 17–19 of the '508 patent on the following grounds (Pet. 2–3):

| Claim(s) Challenged | 35 U.S.C. § | Reference(s) |
|---|---|---|
| 1, 3–8, 17–19 | 102(b)[1] | Mahnensmith[2] |
| 4, 5, 19 | 103(a) | Mahnensmith, knowledge of one of ordinary skill in the art |
| 1, 3–8, 17–19 | 102(b) | Keane[3] |
| 4, 5, 19 | 103(a) | Keane, knowledge of one of ordinary skill in the art |
| 1, 3–8, 17–19 | 103(a) | Kuntz 166,[4] DesMarais,[5] knowledge of one of ordinary skill in the art |
| 1, 3–8 | 102(b) | Kuntz EP355[6] |
| 17–19 | 103(a) | Kuntz EP355, Mahnensmith, knowledge of one of ordinary skill in the art |

---

[1] The Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) ("AIA"), amended 35 U.S.C. § 103. Because the '508 patent has an effective filing date prior to the effective date of the applicable AIA amendments, we refer to the pre-AIA versions of § 103.

[2] Mahnensmith, U.S. Pub. No. 2006/0015080 A1, published Jan. 19, 2006 (Ex. 1004, "Mahnensmith").

[3] Keane, U.S. Patent No. 3,349,768, issued Oct. 31, 1967 (Ex. 1005, "Keane")

[4] Kuntz, U.S. Patent No. 4,747,166, issued May 31, 1988 (Ex. 1006, "Kuntz 166")

[5] DesMarais, U.S. Patent No. 4,425,130, issued Jan. 10, 1984 (Ex. 1007, "DesMarais")

[6] Kuntz et al., European Patent Specification No. 0 613 355 B1, published Jan. 22, 1997 (Ex. 1008, "Kuntz EP355")

2

IPR2020-01426
Patent 8,287,508 B1

Petitioner relies on the Declaration of Diane K. Newman, D.N.P., F.A.A.N. (Ex. 1002) in support of its unpatentability contentions.

Patent Owner filed a Response in opposition to the Petition (Paper 17, "PO Resp."). Patent Owner supported its Patent Owner Response with the Declaration of Arrigo Jezzi (Ex. 2060). Petitioner filed a Reply in support of the Petition (Paper 20, "Reply"). Petitioner supported its Reply with the Second Declaration of Diane K. Newman, D.N.P., F.A.A.N. (Ex. 1017). Patent Owner filed a Sur-reply responding to the Reply (Paper 23, "Sur-Reply").

Both parties requested an oral hearing. *See* Paper 26. A transcript of the oral hearing is entered in the record. Paper 29 ("Tr.").

We have jurisdiction under 35 U.S.C. § 6. The evidentiary standard is a preponderance of the evidence. *See* 35 U.S.C. § 316(e) (2018); 37 C.F.R. § 42.1(d) (2020). This Final Written Decision is issued pursuant to 35 U.S.C. § 318(a) and 37 C.F.R. § 42.73.

B. REAL PARTIES IN INTEREST

Petitioner identifies Sage Products, LLC and Stryker Corporation as the real parties in interest for the Petition. Pet. 1. Patent Owner identifies PureWick Corporation, C.R. Bard, Inc., and Becton, Dickinson and Company as real parties in interest. Paper 6, 1 (Patent Owner's Mandatory Notices).

C. RELATED PROCEEDINGS

The parties identified as a related proceeding the co-pending district court proceeding of *PureWick Corporation v. Sage Products LLC*, Case No. 1:19-cv-01508 (D. Del.). Pet. 1; Paper 6, 1.

IPR2020-01426
Patent 8,287,508 B1

D. THE '508 PATENT

The '508 patent, entitled "Using Moisture-Wicking Article Wrapped Over Openings In An Elongated Urine Collecting Container For Drawing Urine From A Region Surrounding An Urethral Opening," is directed to "collecting and transporting urine away from the body of a person or an animal during various circumstances." Ex. 1001, code (54), 1:10–12. The '508 patent describes its invention as particularly useful for circumstances that "include a condition such as incontinence or a disability that limits or impairs mobility," "also include restricted travel conditions, such as sometimes experienced by pilots, drivers, workers in hazardous areas, etc.," and "further include collection of urine for monitored purposes or clinical testing." *Id.* at 2:46–53.

Figure 1 (reproduced below) shows an "embodiment of a urine collection device according to the present invention, with some of the container having been cut away to expose a portion of the chamber and the entry into the outlet port from the chamber." *Id.* at 2:59–62.



FIG. 1

Figure 1 of the '508 patent depicts a urine collection device. *Id.* at Fig. 1.

4

IPR2020-01426
Patent 8,287,508 B1

Figure 1's urine collection device 10 "includes a container 12, which defines a chamber 14 for collecting urine." *Id.* at 3:24–25.  According to the '508 patent, "[t]he container 12 is closed, except for having an array of openings 16 through which urine can be drawn into the chamber 14 and at least one outlet port 18 through which urine can be drawn away from the chamber 14." *Id.* at 3:25–29.

The '508 patent describes that "[t]he exterior of the container 12 is configured for enabling a moisture-wicking article 20 to be secured over the array of openings 16 and for enabling the secured moisture-wicking article 20 to be disposed in contact with the region of a female body surrounding the urethral opening." *Id.* at 3:45–49.  Figure 2 of the '508 patent is reproduced below.



FIG. 2

Figure 2 of the '508 patent depicts a moisture-wicking article over a urine collection device. *Id.* at 2:63–65, Fig. 2.

The '508 patent explains that "the container 12 is configured for enabling the moisture-wicking article 20 to be secured over the array of openings 16 by applying elastic bands 22 about the moisture-wicking article 20 at positions that are adjacent opposite ends of the array of openings 16, as shown in FIG. 2." *Id.* at 3:59–64.  The '508 patent describes other means for enabling a moisture-wicking article to be secured over a

5

IPR2020-01426
Patent 8,287,508 B1

container's array of openings, such as "spring clips, with water-resistant adhesive tape, Velcro fasteners, zippers, and snaps." *Id.* at 4:1–7. The '508 patent also describes a moisture-wicking article that "is in the form of a sock or sleeve that slips snugly over the container." *Id.* at 4:7–9.

The '508 patent discloses that the moisture-wicking article 20 can "include[] a rapidly permeable material such as gauze, felt, terrycloth, thick tissue paper, paper towel, etc." *Id.* at 4:10–12. The '508 patent also discloses that the urine collection device and moisture-wicking material may be "integrated in a unitary composite structure," such as by providing "a moisture-wicking felt layer [that] is bonded onto the surface of the container over the array of openings in the container" or using "a fritted wall of a porous glass container" to provide the moisture-wicking function. *Id.* at 6:32–40.

With regard to placement of the moisture-wicking article, the '508 patent states:

> The urine collection device 10 having the secured moisture-wicking article 20 secured thereto is then disposed so that the secured moisture-wicking article 20 is in contact with the region of the body surrounding the urethral opening. For a female, the secured moisture-wicking article 20 is placed between the legs and held snugly against the external urethra by the pressure of the legs or by such means as an undergarment, elastic strips and/or adhesive tape. For a male, the secured moisture-wicking article is secured around the penis.

*Id.* at 5:10–19.

Figure 3 of the '508 patent (reproduced below) "is a block diagram showing the use of a urine collection device according to the present invention in one embodiment of a system for collecting and transporting urine away from the body of a person or an animal." *Id.* at 2:66–3:2.

IPR2020-01426
Patent 8,287,508 B1



Figure 3 of the '508 patent depicts the use of a system including a urine collection device.  *Id.* at Fig. 3.

Figure 3's system "includes a urine collection device 10, a moisture-wicking article 20, a vacuum pump 30, a first flexible tube 32, a second flexible tube 34 and a urine reservoir 36." *Id.* at 4:29–34.  The '508 describes:

> The vacuum pump 30 is adapted for applying a partial vacuum to the outlet port 18 of the urine collection device 10 via the second flexible tube 34, the urine reservoir 36 and the first flexible tube 32 to thereby cause urine collected in the moisture-wicking article 20 to be drawn through the array of openings 16 in the urine collection device 10 and into the chamber 14 of the urine collection device 10, and thence to be drawn away from the chamber 14 through the outlet port 18 and the first flexible tube 32 and into the urine reservoir 36.

*Id.* at 4:41–50.

Of the challenged claims, claims 1 and 17 are independent.  Claims 3–8, 18, and 19 depend directly or indirectly from claim 1 or claim 17.

Claim 1 is illustrative and is reproduced below:

1.    A urine collection device for use in a system for transporting urine voided from a person or an animal by drawing the urine into a moisture-wicking article that is disposed in

7

IPR2020-01426
Patent 8,287,508 B1

contact with a region of the person or animal surrounding an urethral opening, and further drawing the urine into the collection device from the moisture-wicking article, comprising:

a container defining a chamber for collecting urine,

wherein the container is closed, except for having an array of openings through which urine can be drawn into the chamber and at least one outlet port through which urine can be drawn away from the chamber; and

wherein an elongated exterior of the container is configured and dimensioned for enabling a moisture-wicking article to be secured over the array of openings of the container by wrapping the article over the array and securing the wrapped article, and for enabling said secured moisture-wicking article to be disposed in contact with the region of a female body surrounding the urethral opening.

Ex. 1001, 6:59–7:10.

## II. ANALYSIS

### A. CLAIM INTERPRETATION

We interpret claims in the same manner used in a civil action under 35 U.S.C. § 282(b), "including construing the claim in accordance with the ordinary and customary meaning of such claim as understood by one of ordinary skill in the art and the prosecution history pertaining to the patent." 37 C.F.R. § 42.100(b).  When applying that standard, we interpret the claim language as it would be understood by one of ordinary skill in the art in light of the specification.  *In re Suitco Surface, Inc.*, 603 F.3d 1255, 1260 (Fed. Cir. 2010).  Thus, we give claim terms their ordinary and customary meaning as they would be understood by an ordinarily skilled artisan.  *See In re Translogic Tech., Inc.*, 504 F.3d 1249, 1257 (Fed. Cir. 2007) ("The ordinary and customary meaning 'is the meaning that the term would have to a person of ordinary skill in the art in question.'" (quoting *Phillips v. AWH*

8

*Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005))). Only terms that are in controversy need to be construed, and then only to the extent necessary to resolve the controversy. *Nidec Motor Corp. v. Zhongshan Broad Ocean Motor Co.*, 868 F.3d 1013, 1017 (Fed. Cir. 2017).

Petitioner argues the language "the moisture-wicking characteristic of a paper towel" of claims 4, 5, and 19 should be construed as "includ[ing] materials that can transport fluid via capillary action." Pet. 14–15 (citing Ex. 1002 ¶¶ 81–83) (emphasis omitted).

Petitioner also asserts that the language "dimensioned for being secured over the array of openings by the application of elastic bands about the moisture-wicking article at opposite ends of the array of openings" of claim 18 should be construed as "dimensioned so that it is capable of being secured over the openings with elastic bands about the article at opposite ends of the openings." *Id.* at 15 (citing Ex. 1002 ¶¶ 85–86) (emphasis omitted).

In its Response, Patent Owner proposed constructions for "moisture-wicking article" and "secured over the array of openings." PO Resp. 10–18.

We discern no terms in need of express interpretation. Accordingly, we apply the legal standards set forth above when reading the claims.

## B. THE PARTIES' POST-INSTITUTION ARGUMENTS

In our Institution Decision, we concluded that the argument and evidence adduced by Petitioner demonstrated a reasonable likelihood that at least one challenged claim was unpatentable. Dec. 37. We must now determine whether Petitioner has established by a preponderance of the evidence that the challenged claims are unpatentable over the cited prior art.

IPR2020-01426
Patent 8,287,508 B1

35 U.S.C. § 316(e).  "In an [*inter partes* review], the petitioner has the burden from the onset to show with particularity why the patent it challenges is unpatentable."  *Harmonic Inc. v. Avid Tech., Inc.*, 815 F.3d 1356, 1363 (Fed. Cir. 2016) (citing 35 U.S.C. § 312(a)(3) (requiring *inter partes* review petitions to identify "with particularity . . . the evidence that supports the grounds for the challenge to each claim")).  This burden never shifts to Patent Owner.  *See Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1378 (Fed. Cir. 2015) (citing *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1326–27 (Fed. Cir. 2008)) (discussing the burdens of proof in *inter partes* review).

We previously instructed Patent Owner that "any arguments not raised in the [Patent Owner Response] may be deemed waived."  Paper 11, 8; *see also In re NuVasive, Inc.*, 842 F.3d 1376, 1381 (Fed. Cir. 2016) (holding that patent owner's failure to proffer argument at trial as instructed in scheduling order constitutes waiver).  Additionally, the Board's Trial Practice Guide states that the Patent Owner Response "should identify all the involved claims that are believed to be patentable and state the basis for that belief." Consolidated TPG[7] at 66.

C. LEGAL STANDARDS

Petitioner raises three grounds of unpatentability based on anticipation under 35 U.S.C. § 102(b).  Dec. 8.  Petitioner also raises four groups of unpatentability grounds based on obviousness.  *Id.*

---

[7] Patent Trial and Appeal Board Consolidated Trial Practice Guide (Nov. 2019), https://www.uspto.gov/TrialPracticeGuideConsolidated.

IPR2020-01426
Patent 8,287,508 B1

"A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." *Verdegaal Bros., Inc. v. Union Oil Co. of Cal.*, 814 F.2d 628, 631 (Fed. Cir. 1987). To establish anticipation, "all of the elements and limitations of the claim must be shown in a single prior reference, arranged as in the claim." *Karsten Mfg. Corp. v. Cleveland Golf Co.*, 242 F.3d 1376, 1383 (Fed. Cir. 2001).

The Supreme Court in *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), reaffirmed the framework for determining obviousness as set forth in *Graham v. John Deere Co.*, 383 U.S. 1 (1966). The *KSR* Court summarized the four factual inquiries set forth in *Graham* that we apply in determining whether a claim is unpatentable as obvious under 35 U.S.C. § 103(a) as follows: (1) determining the scope and content of the prior art, (2) ascertaining the differences between the prior art and the claims at issue, (3) resolving the level of ordinary skill in the pertinent art, and (4) when in evidence, considering objective evidence indicating obviousness or nonobviousness.[8] *KSR*, 550 U.S. at 406 (citing *Graham*, 383 U.S. at 17–18). In an *inter partes* review, Petitioner cannot satisfy its burden of proving obviousness by employing "mere conclusory statements." *In re Magnum Oil Tools Int'l, Ltd.*, 829 F.3d 1364, 1380 (Fed. Cir. 2016).

Petitioner must explain how the proposed combinations of prior art would have rendered the challenged claims unpatentable. An obviousness analysis "need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences

---

[8] Patent Owner provides no objective evidence indicating nonobviousness. *See* PO Resp.

11

IPR2020-01426
Patent 8,287,508 B1

and creative steps that a person of ordinary skill in the art would employ."
*KSR*, 550 U.S. at 418; *accord Translogic*, 504 F.3d at 1259.  Petitioner also
must articulate a reason why a person of ordinary skill in the art would have
combined the prior art references.  *NuVasive*, 842 F.3d at 1382.

D. LEVEL OF ORDINARY SKILL

Petitioner contends that "a POSITA would be a clinical practitioner
with an advanced medical degree, or an individual having a bachelor's
degree in engineering, knowledgeable in the field of normal micturition
(voiding) and with experience in the field of urine management and
incontinence care including devices for urine collection and management."
Pet. 14 (citing Ex. 1002 ¶ 23).  Patent Owner argues that a POSITA "would
have had a bachelor's degree in engineering (e.g., chemical or material
sciences), or an advanced medical degree, and at least 1–2 years of
experience in designing products related to the biomedical application of
material and chemical sciences."  PO Resp. 8 (citing Ex. 2060 ¶ 8).

We agree with Petitioner that the '508 patent does not involve
advances in "material or chemical sciences"; rather, it describes a vacuum
urine collector using "moisture-wicking article," which the patent describes
as including paper towel, gauze, felt, and similar materials, secured over a
perforated container using, e.g., elastic bands, clips, and snaps.  Ex. 1001,
Abstract, 4:1–15; Ex. 1017 ¶ 5.  The '508 patent does not focus on
"principles of adhesion and cohesion" and "hydrophobic and hydrophilic
materials," as Patent Owner alleges.  *See* PO Resp. 9–10.  Instead, we agree
with Petitioner that knowledge of urine collection devices is what is

IPR2020-01426
Patent 8,287,508 B1

necessary, rather than the more generalized field of "biomedical application of material and chemical sciences."  Ex. 1017 ¶¶ 5–7.

Accordingly, for purposes of this Decision, we adopt Petitioner's proposed level of ordinary skill as it appears to be consistent with the level of skill reflected in the Specification and in the asserted prior art references. *See Okajima v. Bourdeau*, 261 F.3d 1350, 1355 (Fed. Cir. 2001) (the prior art itself can reflect the appropriate level of ordinary skill in the art).  We note, however, that we reach the same decision under either definition of a person of ordinary skill in the art.

E. OVERVIEW OF THE PRIOR ART

   *1. Mahnensmith*

Mahnensmith is a patent publication entitled "Fluid Collection And Aspiration Unit For Management Of Urinary Incontinence" and "relates to thin layer aspiration or perfusion units for collecting vapors or liquids and transferring such fluids to a receiving area."  Ex. 1004, code (54), ¶ 1.  More specifically, Mahnensmith states its "invention comprises an aspiration unit for collecting and facilitating management of urinary excretions by individuals that are incontinent."  *Id.* ¶ 1.

Mahnensmith's Figure 1 is reproduced below.

IPR2020-01426
Patent 8,287,508 B1



Figure 1 shows a thin layer vapor or liquid collection and aspiration unit for management of urinary incontinence. *Id.* ¶ 12.

Figure 1's unit 10 includes a flexible pad 12 having an outer liquid impermeable layer 14 and a liquid permeable layer 16 "in overlying relationship to layer 14." *Id.* ¶ 17.

Mahnensmith's Figure 2 depicting pad 12 is reproduced below.



Figure 2 is a cross-sectional view of Figure 1. *Id.* ¶ 13.

Mahnensmith discloses that "[t]he peripheral margins 14a of layer 14 and 16a of layer 16 of layers 14 and 16 are joined by a liquid tight heat seal 18" and "[t]he innermost face 14b of layer 14 and the innermost face 16b of

14

IPR2020-01426
Patent 8,287,508 B1

layer 16 within the confines of the heat seal 18 joining layers 14 and 16 define an interior space 20." *Id.* ¶ 17.  Mahnensmith describes an intermediate cellular layer 22 within interior space 20 between the innermost faces 14b and 16b that includes "a series of individual, thin wall, liquid impermeable polymeric cells 24, which contain an entrapped fluid, such as air, and that are integral with a polymeric base sheet 26." *Id.* ¶ 18.

Mahnensmith describes a porous sheet member 36 that "overlays the outermost face of permeable layer 16 and is releasably secured to pad 12 by a series of snap fasteners 38." *Id.* ¶ 21.  According to Mahnensmith, "[t]he resilient porous sheet member 36 desirably is of disposable material with Proctor & Gamble's DryWeave® material being preferred because of its liquid wicking characteristics." *Id.* ¶ 22.

Mahnensmith's Figure 3 is reproduced below.



Figure 3 is a bottom view of a pad and aspiration assembly. *Id.* ¶ 14.

15

IPR2020-01426
Patent 8,287,508 B1

Mahnensmith describes a fitting 50 that is heat-sealed to an outer face of the liquid impermeable layer 14, which has an L-shaped passage 52 (shown in Figure 2) communicating with the interior space 20.  *Id.* ¶ 23.  An elongated flexible conduit 54 is affixed to fitting 50 and leads to a liquid collection vessel 56.  *Id.*  A tubular line 58 in turn connects the interior of the liquid collection vessel 56 with an input port of a differential pressure device, such as a vacuum pump 60, which may be connected to a filter unit 62 via line 64. *Id.*

Mahnensmith discloses that "[i]n use, the pad 12 of unit 10 is placed beneath the patient on the surface of a bed or a chair or wheelchair seat, and preferably affixed in a desirable position with suitable fasteners such as bungee cords using the openings of grommet 66 for that purpose."  *Id.* ¶ 25.

Mahnensmith discloses another embodiment for a pad that can be worn by an ambulatory patient under their undergarment.  *Id.* ¶ 30. Mahnensmith explains that this embodiment—pad 112—"is of construction similar to pad 12 except for its overall size and the manner of attachment of the porous sheet member 136 to the permeable layer 116 of pad 112."  *Id.* The operation and use of pad 112 is the same as described with respect to pad 12.  *Id.* ¶ 31.  Figure 4 depicting pad 112 is reproduced below.

IPR2020-01426
Patent 8,287,508 B1



Figure 4 shows a smaller pad embodiment. *Id.* ¶ 15.

Figure 5 of Mahnensmith depicting pad 112 is reproduced below.



Figure 5 is a fragmentary enlarged vertical cross-sectional view of the pad as shown in Figure 4. *Id.* ¶ 16.

Mahnensmith's pad 112 includes a porous sheet member 136 that "may be removably affixed to the outermost face of permeable layer 116 by use of double-stick tape located around the perimeter of the porous sheet member 136, and at least at the corners of the sheet member 136." *Id.* ¶ 30.

   *2. Keane*

   Keane is a patent entitled "Portable Urinal Provided With Suction Means For Use In Micturition," which "relates to portable apparatus for use

17

IPR2020-01426
Patent 8,287,508 B1

in micturition, and more particularly to an apparatus adapted for collecting and conveying urine and other discharges from the region of the external genitalia." Ex. 1005 at 1:3–4, 1:20–23.

Keane's Figure 1 is reproduced below.



Figure 1 depicts an embodiment of the apparatus for female use. *Id.* at 1:46–47.

Figure 1 shows an apparatus including "a suction head 1 being shaped as a modified cast of the external female genitalia." *Id.* at 1:66–68. Keane explains that the suction head 1 "is made of a semi-rigid, non-irritant material, such as rubber, thermoplastic or the like." *Id.* at 1:68–70. Keane states:

> The suction head 1 is provided with a plurality of ducts 2 constituting inlet means from the surface of the suction head 1, which is in contacting apposition to the external genital organs (the vestibule of the vagina, the vaginal opening, the vestibular fossa, the posterior commissure, and the medial surfaces of the labia), to a central cavity 3 in communication with an outlet 3a at the anterior end of the suction bead.

*Id.* at 1:70–2:5.

IPR2020-01426
Patent 8,287,508 B1

Keane's Figure 2 is reproduced below.



Figure 2 is a sectional view of Figure 1.  *Id.* at 1:48–49.

An end of non-collapsible, flexible tubing 4 is connected to the outlet 3a and
the tubing 4 leads to a urine container that "is subjected to a gentle partial
vacuum by means of a suitable suction pump."  *Id.* at 2:5–10.  A suction
tube 5 also extends from outlet 3a into the cavity 3.  *Id.* at 2:18–19.  Keane
discloses that "in use, any urine passed will drain through the ducts 2
towards the posterior end of the cavity 3 . . . and direct application of the
vacuum through the tube 5 to the posterior end of the cavity 3 will serve to
discharge any urine accumulating there quickly."  *Id.* at 2:23–30.

Keane's Figure 4 is reproduced below.

19

IPR2020-01426
Patent 8,287,508 B1



Figure 4 shows the apparatus in use.  *Id.* at 1:52–53.

Keane discloses that "[t]he suction head 1 is held and maintained in position not only by virtue of its shape and the vacuum applied to its internal surface but also by means of a posterior elastic strap 7 and two anterior elastic straps 8 adjustably anchored to a waistbelt 6."  *Id.* at 2:34–38.  Keane further discloses that "[i]f desired, a layer 11 (see FIG. 4) of absorbent open-cell porous material, such as foam plastic, may be interposed between the innermost contacting surface of the suction head 1 and the external genitalia to maintain uniformity of discharge and to assist prevention of leakage."  *Id.* at 2:47–51.  Keane states that the layer 11 "will also serve to support the tissues of the genitalia and prevent them from being sucked into the openings of the ducts 2."  *Id.* at 2:52–55.

### 3. Kuntz 166

Kuntz 166 is a patent entitled "Fluid Aspiration System For The Management Of Urinary Incontinence," which "relates to urine collection

20

IPR2020-01426
Patent 8,287,508 B1

and disposal systems, and more particularly, to such systems intended for use by and for incontinent patients."  Ex. 1006, code (54), 1:6–8.

Kuntz 166's Figure 1 is reproduced below.



Figure 1 depicts a urine aspiration system.  *Id.* at 3:14–16.

Figure 1's fluid aspiration system 10 includes an absorptive pad 12, a urine collection vessel 14, and a vacuum source 16.  *Id.* at 3:35–39.  Kuntz 166 discloses vacuum tubing 18 to couple the pad 12 to the urine collection vessel 14 and tubing 20 extending from the urine collection vessel 14 to the vacuum source 16.  *Id.* at 3:40–42.  The pad 12 includes a central bore 22 extending along a longitudinal direction of the pad 12 from a tubing connector 24 to which the tube 18 is coupled.  Kuntz 166 also describes "a peripheral cushioning ring 26 extending about the edge of the upper facing layer 28 of the pad" that "is intended to make direct contact with the patient's body surrounding the urethral opening and facilitates the

IPR2020-01426
Patent 8,287,508 B1

positioning of the pad to the body surface so that all urine that is expelled by the patient is passed into and absorbed by the pad." *Id.* at 3:48–52.

Kuntz 166's Figure 2 is reproduced below.



Figure 2 is a cross-sectional view of a pad. *Id.* at 3:17–19.

Kuntz 166 states that a "tube 18a is provided with an extended perforated end portion 30 which may be inserted within pad 12a to occupy substantially the entire extent of the hollow bore 22a of such pad." *Id.* at 3:61–64. Kuntz 166 also discloses that a "pad 12a is comprised of a core 34 of urine absorptive material encased by an upper facing layer 28a and a lower backing layer 36a." *Id.* at 4:9–11. Kuntz 166 describes the absorptive material as "highly absorbent cellulose tissue." *Id.* at 2:48–51. Kuntz 166 also discloses an embodiment in which a core of the pad includes "a sponge formed of expanded cellulose microcellular material fabricated with an open cell construction." *Id.* at 2:62–65. Kuntz 166 further states, "[i]n any event, the pad constitutes a manifold of capillary cells to which selective aspiration is applied when the pad is coupled to the urine receptacle and vacuum source of the overall system." *Id.* at 2:65–68. In addition, Kuntz discloses that "[t]he pad 12 is positioned in place on a patient to surround the urethral opening" and "[i]t may be held in place by conventional means, such as adhesive, a sanitary belt, a panty garment or the like." *Id.* at 5:62–65.

IPR2020-01426
Patent 8,287,508 B1

Kuntz 166's Figure 8 is reproduced below.



FIG.8.

Figure 8 is a cross-sectional view of a pad. *Id.* at 3:29–31.

Kuntz 166 further discloses a fluid aspiration system that includes "a urine sensor and a control for the drive motor of the vacuum pump 16." *Id.* at 6:44–47. Specifically, tube end portion 30a "is provided with a pair of leads 78 terminating in probe electrodes 80." *Id.* at 6:49–51. Kuntz 166 discloses:

> The leads 78 extend outside of the pad 12 to a control box 82 which is coupled via electrical leads 84 to control the actuation of the motor associated with the vacuum pump 16. When the pad 12 is devoid of urine, the vacuum pump 16 is not activated. However, when urine reaches the chamber (bore) 22a, its presence is sensed by the probe electrodes 80 which provide a signal to the control box 82, causing it to activate the motor associated with the vacuum pump 16 so that the pump begins operation to draw the urine out of the pad 12.

*Id.* at 6:51–61.

23

IPR2020-01426
Patent 8,287,508 B1

### 4. *DesMarais*

DesMarais is a patent entitled "Compound Sanitary Napkin," which "concerns sanitary napkins" that "are considered to be absorbent devices designed to be worn externally of the body by woven, usually during their menstrual periods, and to receive and contain menses and other vaginal discharges." Ex. 1007, code (54), 1:7–11.

DesMarais's Figure 1 is reproduced below.



Figure 1 depicts a sanitary napkin. *Id.* at 2:34–35.

DesMarais's sanitary napkin 10 includes a "primary menstrual pad 30, panty protector 20, and union means having limited extent 40." *Id.* at 2:65–3:2.

DesMarais's Figure 3 is reproduced below.



Figure 3 depicts a urine aspiration system. *Id.* at 3:14–16.

IPR2020-01426
Patent 8,287,508 B1

DesMarais describes a pad overwrap 32 that "can be any fluid permeable material commonly used as an overwrap in sanitary napkins or as a topsheet in disposable diapers." *Id.* at 4:66–5:2. DesMarais further discloses that "[u]seful materials include carded, spun-bonded, melt blown web, air-laid webs, and other non-woven webs of natural or synthetic fibers." *Id.* at 5:2–5. DesMarais states that a panty protector may be an "absorbent element comprised two sheets of a commercially available two-ply tissue paper towel product having a basis weight of approximately 26 grams per square meter so sold [sic] under the Bounty trademark by Procter & Gamble of Cincinnati, Ohio." *Id.* at 10:60–65.

### 5. Kuntz EP355

Kuntz EP355 is a European patent specification entitled "Improved Pad And Pad Tube Connector For The Management Of Urinary Incontinence," which "relates to absorptive aspiratable pads for use in urine collection and disposal systems and, more particularly, to an improved pad which is more efficient in the urine collection and disposal task." Ex. 1008, code (54), 1:3–7.

IPR2020-01426
Patent 8,287,508 B1

Kuntz EP355's Figure 1 is reproduced below.



Figure 1 shows an aspiration system using an absorbent pad. *Id.* at 3:5–11.

Kuntz EP355 describes a generally rectangular absorptive pad 21 that "is intended to make direct contact with a patient's body surrounding the urethral opening, and is easily positionable against the patient, especially between the patient's body and garments." *Id.* at 4:7–15. Kuntz EP355 discloses:

> The exterior of the absorptive pad 21 is covered with an essentially non-wetting permeable material 25, which envelops the absorptive pad 21, along its length and is sealed at one end 27, hereafter referred to the closed end 27, and may be partially or totally closed at the other end 29, hereafter referred to as the tube end 29, resulting in the contents of the absorptive pad 21 being sealably surrounded by the essentially non-wetting permeable material 25.

*Id.* at 4:18–26.

IPR2020-01426
Patent 8,287,508 B1

Kuntz discloses an improved connector 31 that couples a tube 33 to a tube end 29 of the absorptive pad 21. *Id.* at 4:27–28. The tube 33 is also connected to a urine collection vessel 35, which is connected to a vacuum pump 37 via a tube 39. *Id.* at 4:28–32. Kuntz states:

> Urine collection vessel 35 is configured to permit tube 39 to draw air from a space 41 at the upper portion of urine collection vessel 35, creating a reduced pressure, and causing delivery of a mixture of urine and air through tube 33, and through a downcomer tube 43 directed into the urine collection vessel 35.

*Id.* at 4:34–40.

Kuntz EP355's Figure 2 is reproduced below.



Figure 2 is a cutaway view of Figure 1's pad. *Id.* at 3:13–14.

Kuntz EP355 discloses:

> At the bottom of pad 21 is an adhesive layer having a plastic or other non-sticking tear-away strip 45 which may be removed to expose the adhesive layer. The adhesive layer, to be shown later, is attached to the outer permeable non-wetting layer 25 and facilitates the fixation of the pad 21 to the inner surfaces of the user's garments, diaper or covering, when the pad 21 is utilized and held in place with a garment, diaper or covering. At the outer

27

IPR2020-01426
Patent 8,287,508 B1

> periphery, the permeable non-wetting layer 25 is illustrated as
> surrounding all of the layers in absorbent pad 21.  At the top 23
> of the absorbent pad 21, and adjacent and inward of the
> permeable non-wetting layer 25, is a highly absorbent inner layer
> 51 which extends continuously enclosing an inner volume of the
> absorbent pad 21, and within the boundary of the permeable non-
> wetting layer 25.

*Id.* at 4:42–58.  Kuntz EP355 further describes a wick tube assembly 53
including "a first layer of wicking material 55 and at least a second layer of
wicking material 57 sandwiching a tube 59." *Id.* at 5:3–5.  Kuntz EP355
states that wicking materials 55, 57 are "planar, porous sheets of material,"
"have a paper towel like consistency," and "must be absorbent enough to
attract liquid and transmit liquids through wicking action, but not retentive
of liquid in a manner which would inhibit wicking." *Id.* at 5:7–15.

Kuntz EP355's Figure 3 is reproduced below.



Figure 3 is a cross-section of Figure 1's pad along line 3–3.  *Id.*
at 2:34–35.


Kuntz EP355 describes tube 59 as perforated and includes upper
apertures 61 and lower apertures 63 along its length within the pad 21.  *Id.* at

28

IPR2020-01426
Patent 8,287,508 B1

5:5–6, 5:40–48.  Kuntz EP355 further discloses a bulk absorbent material 69 underneath the wick tube assembly and adjacent the highly absorbent inner layer 51.  *Id.* at 6:15–17.  Kuntz EP355 describes the bulk absorbent material 69 as a material having "rapid absorption and release of urine, and acts as a temporary reservoir for increasing holding capacity."  *Id.* at 6:17–21.  Kuntz EP355's pad 21 further includes an impermeable lower liner 71 to prevent wetting of a patient's garments or bedding.  *Id.* at 6:30–34.


F. ANTICIPATION BY MAHNENSMITH: CLAIMS 1, 3–8, AND 17–19

Petitioner argues that Mahnensmith anticipates claims 1, 3–8, and 17–19.  Pet. 16–26.

*1. Claim 1*

a. Petitioner's Contentions

Petitioner submits that Mahnensmith discloses the following claim limitations of claim 1 of the '508 patent:

> urine collection device for use in a system for transporting urine voided from a person or an animal by drawing the urine into a moisture-wicking article that is disposed in contact with a region of the person or animal surrounding an urethral opening, and further drawing the urine into the collection device from the moisture-wicking article, comprising,

Pet. 18–19 (citing Ex. 1004, Abstract Fig. 1–5, ¶¶ 1, 22, 25, 30, 31; Ex. 1002 ¶¶ 131–133, 137, 138, 142, 144); "a container defining a chamber for collecting urine," Pet. 19–20 (citing Ex. 1004 ¶¶ 8, 11, 17, 25, claim 1 Fig. 1–4; Ex. 1002 ¶¶ 134, 144); "wherein the container is closed, except for having an array of openings through which urine can be drawn into the chamber and at least one outlet port through which urine can be drawn away from the chamber," Pet. 20–21 (citing Ex. 1004 ¶¶ 8, 20, 23, 25, 30, 31

29

IPR2020-01426
Patent 8,287,508 B1

Fig. 1, 3; Ex. 1002 ¶¶ 135–136, 144); "wherein an elongated exterior of the container is configured and dimensioned for enabling a moisture-wicking article to be secured over the array of openings of the container by wrapping the article over the array and securing the wrapped article," Pet. 21–22 (citing Ex. 1004, Figs. 1, 2, 4, 5, ¶¶ 9, 21, 30, claims 7, 20; Ex. 1002 ¶¶ 137–141, 144); and "for enabling said secured moisture-wicking article to be disposed in contact with the region of a female body surrounding the urethral opening," Pet. 22 (citing Ex. 1004, 24, 25, 30, 32; Ex. 1002 ¶¶ 142, 144).

b. Patent Owner's Arguments

Patent Owner notes that there are two embodiments disclosed in Mahnensmith—pad 12 and pad 112.  PO Resp. 41–43.  Patent Owner raises several arguments against Pad 12, including that it is not elongated, and it is not "configured and dimensioned . . . for enabling said secured moisture-wicking article to be disposed in contact with . . . the region of a female body surrounding the urethral opening."  PO Resp. 43–46 (pad 12 elongated), 46–47 (no "configured and dimensioned" for pad 12 generally), 48–49 (no "region of a female body . . ." for pad 12), 49–52 (for the specific function of "for enabling said secured moisture-wicking article to be disposed in contact with . . . the region of a female body surrounding the urethral opening" for pad 12).  Patent Owner also argues that neither pad 12 nor pad 112 meet the "region of a female body surrounding the urethral opening" limitation.  *See id.* at 48–49 (pad 12), 60–63 (pad 112).  As for pad 112, Patent Owner argues that "porous sheet member 136" is not "over the array" of openings, that it is not "configured and dimensioned" for "enabling contact with the region of a female body surrounding the urethral

30

IPR2020-01426
Patent 8,287,508 B1

opening," and that it lacks an "elongated exterior . . . configured and dimensioned for . . . wrapping the article over the array." *Id.* at 53–65. We consider each argument in turn.

c. Analysis

Having review Petitioner's evidence and argument, we find that Petitioner has shown by a preponderance of the evidence that pad 112 of Mahnensmith anticipates claim 1 of the '508 patent. *See* Pet. 16–22; Ex. 1002 ¶¶ 131–144. We address Patent Owner's arguments below.

Because we find that pad 112 anticipates claim 1 and for the sake of brevity, we do not address Patent Owner arguments directed to only pad 12. Instead, we focus our analysis on the embodiment shown in pad 112, and Patent Owner's arguments corresponding to that embodiment. We note, however, Petitioner explains that Mahnensmith discloses that pad 112 "is of construction similar to pad 12 except for its overall size and the manner of attachment of the porous sheet member 136 to the permeable layer 116 of pad 112." Reply 19 (citing Ex. 1004 ¶¶ 30, 31 ("The operation and use of pad 112 is the same as described with respect to pad 12 . . . .")); Pet. 17 (showing pad 112, citing Ex. 1004 ¶¶ 30, 31). Thus, in our discussion below, we do cite to pad 12 because Mahnensmith provides most of the explanation of how both the pads operate in the context of its discussion of pad 12. We also note that we include a lengthy discussion of Figure 2, which depicts a cross-sectional view of pad 12 because one of Patent Owner's arguments depends heavily on an analysis of Figure 2.

Patent Owner's first argument with respect to pad 112 is that the Petitioner failed to establish that pad 112 is "configured and dimensioned for enabling a moisture-wicking article to be secured over the array of openings

31

IPR2020-01426
Patent 8,287,508 B1

. . . by wrapping the article over the array."[9]  PO Resp. 53–60.  Patent

Owner's arguments (supported by similar testimony of Mr. Jezzi (Ex. 2060

¶¶ 166–176) arise from Petitioner's annotated version of Figure 2 of

Mahnensmith depicting pad 12 (reproduced below).



Petitioner's annotated version of Figure 2 of Mahnensmith showing
the container 12, chamber 20, and array of openings 32.  Pet. 17.

In the Patent Owner Response and Mr. Jezzi's Declaration, Patent

Owner and Mr. Jezzi further annotate this figure, reproduced below, to

include elements 1–9 depicting what Patent Owner asserts are nine openings

---

[9] Patent Owner also argues that the Petition is insufficient because it never
included a detailed analysis of pad 112 as depicted in Figures 4 and 5 of
Mahnensmith.  PO Resp. 55; Sur-Reply 21.  In particular, Patent Owner
complains that the Petition never included an annotated version of Figures 4
and 5 and never identified where the array of openings was in Pad 112.  *Id.*
Patent Owner contends that this renders the Petition insufficient under
37 C.F.R. § 42.104(b)(4).  We disagree that the Petition fails to meet Rule
42.104(b)(4).  There is no requirement of providing annotated version of
every figure.  Here, we find that Petitioner provides a detailed analysis of
both embodiments with citations to Mahnensmith.  Pet. 16–22.  We find this
is sufficient to comply with Rule 42.104(b)(4).

IPR2020-01426
Patent 8,287,508 B1

that Petitioner argues constitute an "array of openings."  PO Resp. 54;
Ex. 2060 ¶ 168.



Patent Owner's Annotated version of Petitioner's Annotated Figure 2 of
Mahnensmith, showing alleged openings 1–9 in the drawing.  PO Resp. 54.

Based on this annotation of the annotation of Figure 2 from the
Petition, Patent Owner and Mr. Jezzi create an annotated version of Figure 5
(reproduced below) of Mahnensmith.  PO Resp. 55–57; Ex. 2060 ¶ 169.
Figure 5 is a "fragmentary enlarged vertical cross-sectional view of pad
[112]."  Ex. 1004 ¶ 16.  Patent Owner maps what Patent Owner contends are
openings of pad 12 shown in Figure 2 of Mahnensmith onto pad 112 shown
Figure 5 of Mahnensmith, and alleging that one of the "openings" (i.e.,
element 9) of pad 112 identified in this annotated version of Figure 5 is not
covered by the porous sheet, highlighted in blue.  PO Resp. 56; Ex. 2060
¶ 169.

IPR2020-01426
Patent 8,287,508 B1



Patent Owner's annotated version of Figure 5 of Mahnensmith showing
what Patent Owner contends are nine openings in pad 112, including one
(element 9) which is not covered by porous sheet 136 (highlighted in blue).
PO Resp. 56; Ex. 2060 ¶ 169.

Based on its interpretation of Figure 5 of Mahnensmith, Patent Owner and
Mr. Jezzi argue that Petitioner has failed to show that Mahnensmith's porous
sheet 136 covers the "array of openings" recited in claim 1.  PO Resp. 57
(asserting that Petitioner identifies *all* openings, not a subset of openings, as
"the array of openings"); Ex. 2060 ¶ 170.  Patent Owner and Mr. Jezzi
contend that Dr. Newman agreed that Patent Owner's annotated version of
Figure 5 (reproduced above) "accurately depicts porous sheet 136 and layer
116's 'openings.'"  *Id.* at 58 (citing Ex. 2039, 172:5–174:3); Ex. 2060 ¶ 172.

We disagree with Patent Owner's characterization of Figure 5 of
Mahnensmith, in particular that there is an uncovered "hole 9" in Figure 5,
because it represents an unreasonable and unsupported interpretation of the
reference.  To begin with, we agree with Petitioner (Reply 23 n.5) that
Dr. Newman never conceded there was an uncovered hole or that Patent
Owner's annotated Figure 5 "accurately" represented anything.  A full
review of her deposition testimony reveals she merely agreed the annotated

34

IPR2020-01426
Patent 8,287,508 B1

Figure 5 showed features labeled openings, but immediately disagreed with
Patent Owner's interpretation of the annotation and offered theories why the
drawing is not accurate . *See* Ex. 2039, 156:21–157:4, 172:5–174:3.  We
find that Patent Owner's characterizations of Dr. Newman's testimony to be
inaccurate.

As for Patent Owner's and Mr. Jezzi's theory of an uncovered hole,
we find it is inconsistent with Mahnensmith and that it is based entirely on
speculation, inconsistent with how a person of ordinary skill would have
understood Mahnensmith, and thus is not credible and give it little weight.
Mahnensmith describes no uncovered openings.  *See* Ex. 1017 ¶ 64.  Indeed,
Figure 4 of Mahnensmith, which also illustrates pad 112, does not show any
uncovered openings.  Ex. 1004, Fig. 4, ¶ 15 (explaining Fig. 4); Ex. 1017
¶ 64.  We further note that Mahnensmith only labels one feature in Figure 2
as an opening.  *See* Ex. 1004, Fig. 2 (number 32).  As for Figure 5, it labels
*none* of its features as openings.  *See id.* at Fig. 5.  There is no textual
description in Mahnensmith that most of the lines in the drawings the parties
are now vigorously fighting over are even openings.

Patent Owner, understandably, wants to focus our attention almost
entirely on the Petition and its coloring of certain features of Figure 2
orange.  PO Resp. 54–60.  From this launching point, already removed from
Mahnensmith, Patent Owner and Mr. Jezzi make a further series of
unsupported leaps.  First, Patent Owner and Mr. Jezzi seem to assume that
the drawings are to scale.  However, it is well-established that patent
drawings are not engineering drawings and are normally not to scale.  *See
Nystrom v. TREX Co.*, 424 F.3d 1136, 1149 (Fed. Cir. 2005).  Second, they
seem to assume that Figure 2 and Figure 5 are essentially identical, but a

35

IPR2020-01426
Patent 8,287,508 B1

close examination of these drawings reveals they are not identical and have differences in the hatching and lines, particularly in the contested region where Patent Owner asserts there is an uncovered opening.  Mahnensmith makes clear that although pad 12 and pad 112 are "similar" in construction, they are not identical.  *Id.* ¶ 30.  Given the number of subtle differences apparent on a careful examination of the two figures— including the differences in size and cross-hatching, we decline simply to follow Patent Owner and Mr. Jezzi in their speculative one-to-one mapping between Figures 2 and 5 without some justification beyond some similarity between the embodiments.

Here, we find the testimony of Dr. Newman of why pad 112 of Mahnensmith cannot have an uncovered opening credible, well-reasoned, and entitled to significant weight.  *See* Ex. 1017 ¶¶ 64–68.  We note that

> In an anticipation analysis, the dispositive question is whether a skilled artisan would "reasonably understand or infer" from a prior art reference that every claim limitation is disclosed in that single reference. *Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc.*, 344 F.3d 1186, 1192 (Fed. Cir. 2003). Expert testimony may shed light on what a skilled artisan would reasonably understand or infer from a prior art reference. *Monsanto Tech. LLC v. E.I. DuPont de Nemours & Co.*, 878 F.3d 1336, 1345 (Fed. Cir. 2018).

*Acoustic Tech., Inc. v. Itron Networked Sols., Inc.*, 949 F.3d 1366, 1373 (Fed. Cir. 2020).

Dr. Newman explains that Mr. Jezzi fails to adequately account for what Figure 4 depicting pad 112 would have disclosed to a person of ordinary skill in the art.  Ex. 1017 ¶ 64.  Moreover, Dr. Newman explains that a person of ordinary skill would understand that Mahnensmith's pad 112 cannot have uncovered openings because

36

IPR2020-01426
Patent 8,287,508 B1

> Mahnensmith states that its moisture-wicking article is "removably affixed to the outermost face of permeable layer 116 by use of double-stick tape located around the perimeter of the porous sheet member 136…" (Ex. 1004 at ¶30.) If there is an exposed opening at the perimeter, as Mr. Jezzi claims, that would mean that the double-sided tape would cover it, so it is not an "opening." A POSA would not assemble a vacuum-assisted urine collection device like Mahnensmith's just to cover its vacuum openings with tape, as that would defeat the purpose of having any inlet openings there in the first place. Moreover, the opening(s) would make it difficult for the tape to stay secure in that location.

Ex. 1017 ¶ 67.  In addition, Dr. Newman testifies

> a POSA would understand that it would be impractical to leave an uncovered opening in pad 12[10]. Doing so would serve no functional purpose and would result in numerous drawbacks. For example, urine could leak back out the openings leading to incontinence-associated dermatitis, and the uncovered opening would result in an uncomfortable negative pressure against the patient's skin, which could draw skin into the openings and could also lead to skin breakdown.  Indeed, exposed openings would defeat one of the reasons for using a moisture-wicking article in the first place. I note that Keane, for example, discusses that concern with having uncovered openings. (Ex. 1005 at 2:47–56 (a soft layer over the suction openings "will also serve to support the tissues of the genitalia and prevent them from being sucked into the openings of the ducts").)   In addition, an uncovered opening could result in increased suction-generated noise.

---

[10] We understand this to be a typographical error because this section of Dr. Newman's declaration deals with only pad 112, and Patent Owner does not allege that there are any uncovered openings in pad 12.  Indeed, Patent Owner recognizes this in its Sur-Reply.  *See* Sur-Reply 24–25 ("In ¶68, she says holes in pad 112's outer-perimeter could leak, but ignores they are where pad 112 'conform[s] to the surface of the patient's body' so urine cannot leak through them. Mahnensmith, [0032]; Jezzi-Decl., ¶174").

IPR2020-01426
Patent 8,287,508 B1

Ex. 1017 ¶ 68.  We agree with Dr. Newman and find that a person of
ordinary skill reviewing Mahnensmith would reasonably understand or infer
that there are no uncovered openings in pad 112 as Patent Owner contends.
In contrast, Mr. Jezzi's testimony on this issue is not credible.  Mr. Jezzi
provides insufficient analysis of how a person of ordinary skill would look at
these drawings in view of the state of the art, as Dr. Newman does, or
recognition of the manifold problems identified by Dr. Newman, such as
leaking urine, skin breakdown that his interpretation of Figure 5 would
cause.  *See* Ex. 2060 ¶¶ 167–171.  Indeed, we agree with Dr. Newman's
testimony that Mr. Jezzi's contention that urine would not leak because this
part of pad 112 would conform to the woman's body (Sur-Reply 24–25;
Ex. 2060 ¶ 174) would not make sense given the sensitivity of the area
(genitalia region) involved.  *See* Ex. 2063, 95:2–24.  Instead, Mr. Jezzi's
testimony focuses narrowly on the annotated version of Figure 2 and the
coloring used in that annotation treating a person of ordinary skill like an
automaton.  We find this analysis not credible and entitled to little weight.

In its Sur-Reply, Patent Owner takes a new tack.  Patent Owner now
argues that Petitioner's arguments demonstrate that Mahnensmith is
ambiguous and an ambiguous reference cannot form the basis of an
anticipation reference.  *See* Sur-Reply 21–25 (citing *Wasica Finance GmbH
v. Cont'l Auto. System, Inc.*, 853 F.3d 1272, 1284 (Fed. Cir. 2017)).  We
disagree that Mahnensmith is ambiguous.  As we explained above, Patent
Owner's and Mr. Jezzi's theory of an uncovered opening is unreasonable
and contrary to what a person of ordinary skill would understand
Mahnensmith disclosing.  *See supra* 35–37.  Mahnensmith discloses that
"[a] disposable porous sheet may be replaceably mounted in overlying

IPR2020-01426
Patent 8,287,508 B1

relationship to the permeable outer layer of the pad." Ex. 1004 ¶ 9. And
that "porous sheet member 36 overlays the outermost face of permeable
layer 16 and is releasably secured to pad 12 by a series of snap fasteners 38."
*Id.* ¶ 21; claim 7. Mahnensmith describes that Pad 112 has a similar
construction to pad 12, but "porous sheet member 136 . . . may be
removably affixed . . . by use of double-stick tape…." *Id.* ¶ 30; claim 20
("porous sheet in overlying relationship…[secured with] double-sided sticky
tape")). Pad 12 and Pad 112 have "similar features" and Mahnensmith
explains that "porous sheet member 136, which is also preferably Dry
Weave® material may be removably affixed to the outermost face of
permeable layer 116 by use of double-stick tape located around the
perimeter of the porous sheet member 136 . . . ." *Id.* ¶ 30. We find this
sufficiently discloses that "porous sheet member 136" is over the array of
openings in pad 112 of Mahnensmith. *See* Pet. 21–22 (citing Ex. 1002
¶¶ 137–141).

Patent Owner's second argument is that neither pad 12 nor pad 112 is
not "configured and dimensioned" for enabling contact with the region
"surrounding the urethral opening." PO Resp. 48–49 (addressing pad 12),
60–63 (addressing pad 112, but referring back to the analysis of pad 12). In
particular, Patent Owner contends that "'the region of a female body
surrounding the urethral opening' is protected by the labia, which must be
parted for this region to be accessed." *Id.* at 60. Patent Owner asserts that
"Dr. Newman testified in connection with the Keane ground that 'the
regions of the female body surrounding the urethral opening' are 'the
vestibule of the vagina, the vaginal opening, the vestibular fossa, the
posterior commissure, and the medial surfaces of the labia.'" *Id.* at 48

39

IPR2020-01426
Patent 8,287,508 B1

(citing Ex. 1002, p. 47).  Patent Owner argues that "[f]or the 'moisture-wicking article to be disposed in contact with' the external female genital organs Dr. Newman identified, a typical woman's labia must be spread apart because the labia covers and protects these anatomical features and the urethral opening."  *Id.* at 49 (citing Ex. 2060 ¶ 151; Ex. 2039, 88:12–22). Patent Owner argues that "[t]his is consistent with the specification's disclosure that the secured moisture-wicking article is 'held snugly against the external urethra.'"  *Id.* (citing Ex. 1001, 5:13–18).  Patent Owner asserts that "[t]he moisture-wicking article cannot be so held if the container to which it is secured is not 'configured and dimensioned' to be disposed between parted labia, because un-parted labia would prevent the article from being 'held snugly against the external urethra.'"  *Id.*

We disagree with Patent Owner that the claim limitation "enabling said secured moisture-wicking article to be disposed in contact with the region of a female body surrounding the urethral opening" requires intra-labial placement.  Beginning with the claim language itself, there is no mention of the labia and the claim broadly recites a *region* surrounding the urethral opening, which does not indicate the claim is as narrowly limited as Patent Owner suggests.  As for the Specification, Patent Owner points to a statement that the moisture-wicking article is "held snuggly against the urethra," but nothing in this statement requires intra-labial placement.  *See* Ex. 1001, 5:15–16.  More importantly, in our view, the '508 patent states:

> The [Kuntz 166] pad is *configured to make direct contact with the region of a female person's body surrounding the urethral opening* and facilitates the positioning of the pad to the body surface so that urine that is expelled by the person is passed into and absorbed . . . .

Ex. 1001, 1:19–23 (emphasis added).

40

IPR2020-01426
Patent 8,287,508 B1

Dr. Newman testifies that "[a] POSA would understand that the Kuntz 166 is a pad, just like the Mahnensmith pad, and is not designed to be positioned intra-labially." Ex. 1017 ¶ 51. Dr. Newman explains that a person of ordinary skill in the art "would understand Kuntz's pad is disposed near the genitalia like a menstrual pad." *Id.* We note that Mr. Jezzi agreed at his deposition that Kuntz 166's pad is not positioned intra-labially, but rather is positioned near the external genitalia. Ex. 1018, 165:12–18, 185:8–20. Mr. Jezzi agreed that pad 112 of Mahnensmith is positioned similarly to the pad of Kuntz 166. Ex. 1018, 185:8–20. We find Dr. Newman's testimony well-reasoned and supported and give it substantial weight. Given the '508 patent's statement regarding Kuntz 166 and our understanding of how the pad of Kuntz 166 is configured based on the testimony of Dr. Newman and Mr. Jezzi, we conclude that the intrinsic evidence does not support Patent Owner's "intra-labial" requirement. We agree with and credit Dr. Newman's testimony that the '508 patent does not require intra-labial positioning. Ex. 1017 ¶ 52.

Patent Owner also contends that Dr. Newman admitted that intra-labial placement was required. PO Resp. 48; Sur-Reply 28. But we agree with Dr. Newman's explanation that the statement cited by Patent Owner (Ex. 1002, p. 47) merely "was referring to how Keane's device in particular was disposed against the female body, not saying that the claim term was limited to this one manner of positioning." Ex. 1017 ¶ 53. We agree and credit Dr. Newman's explanation that this understanding is consistent with the numerous statements in Dr. Newman's declaration that do not require intra-labial placement. *Id.* ¶ 54.

IPR2020-01426
Patent 8,287,508 B1

Given this understanding of the claim scope, we find that Petitioner has shown sufficiently that Mahnensmith discloses this limitation.[11] Ex. 1004 ¶¶ 30, 32; Ex. 1002 ¶¶ 142, 144; Ex. 1017 ¶¶ 49–60.

Patent Owner's third argument is that Mahnensmith does not anticipate because Mahnensmith's porous sheet member 136 depicted in pad 112 is "overlayed" not "wrapped." PO Resp. 63–65; Sur-Reply 28–29. Patent Owner asserts that "[t]he specification describes the container as configured and dimensioned for enabling the moisture-wicking article to be 'wrapp[ed] *around* the device.'" PO Resp. 64 (quoting Ex. 1001, 5:3–9, Fig. 2). Patent Owner, pointing to a dictionary definition, argues that "'overlaying' refers to 'lay[ing] or plac[ing] (one thing) over or upon another.'" *Id.* (quoting Ex. 2023).

We agree with Petitioner that Mahnensmith describes "wrapping the article over the array." Reply 20 (citing Ex. 1002 ¶¶ 140, 144; Ex. 1017 ¶¶ 71, 72). The claims do not recite "wrapping around" the device. Our understanding of the claims is supported by the portion of the specification

---

[11] Patent Owner argues that Petitioner raises a new theory. Sur-Reply 27–28. We do not find this persuasive. The arguments in Petitioner's Reply are consistent with its previous arguments. Patent Owner argued that the challenged claims required intra-labial placement and Dr. Newman and Petitioner responded directly to this argument indicating the actual scope of the claim and explaining clearly how Mahnensmith was consistent with the '508 patent's and Mr. Jezzi's admissions and characterizations. We find that consistent with Petitioner's prior arguments, and that, in any event, Patent Owner had adequate notice of arguments based on admissions in its own patent and by its own expert. *See Genzyme Therapeutic Prod. Ltd. P'ship v. Biomarin Pharm. Inc.*, 825 F.3d 1360, 1366 (Fed. Cir. 2016) (finding Board's final written decision complied with Administrative Procedures Act because the patent owner had notice of "new evidence" supporting an existing obviousness theory).

IPR2020-01426
Patent 8,287,508 B1

cited by the Patent Owner, which explains that "*in one embodiment* . . . the moisture-wicking article 20 is secured over the array of opening in the container . . . by wrapping the article 20 *around the device*." Ex. 1001, 5:3–6 (emphases added).  Thus, it is clear that this description only describes one embodiment, and that the inventors were aware of how to describe "wrapping around the device" but chose a different, broader phrase— "wrapping . . . over the array"—for use in the claims.  We decline to limit the broader language to require the moisture-wicking article to be wrapped "around" the container.  *See Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1117 (Fed. Cir. 2004) ("[P]articular embodiments appearing in the written description will not be used to limit claim language that has broader effect.").  With that clarification, we find that Petitioner's evidence establishes that Mahnensmith discloses "wrapping . . . over the array" of openings.  We find that Dr. Newman credibly testifies that Mahnensmith discloses "wrapping . . . over the array."  Ex. 1002 ¶¶ 140, 144; Ex. 1017 ¶¶ 71, 72.  As Dr. Newman explains,

> Mahnensmith states that its article is "replacably mounted in overlying relationship to the permeable outer layer of the pad" and that the article "overlays the outermost face of . . . layer 16" and is "releasably secured to" the pad. (Ex. 1004, ¶¶9, 21, 30–32.) That is exactly what "wrapping over" openings is. And Figure 1 shows the article being wrapped over the openings. Indeed, Mahnensmith described that feature as an improvement to Kuntz 166. (Ex. 1004, ¶¶6, 9.)

Ex. 1017 ¶ 72.

We find Dr. Newman's testimony to be well-reasoned and consistent with the evidence and entitled to significant weight.  Ex. 1002 ¶¶ 140, 144; Ex. 1017 ¶¶ 71, 72.  Patent Owner and Mr. Jezzi cite to Exhibit 2023, which is a dictionary definition of "overlay."  *See* PO Resp. 64; Sur-Reply 28–29;

IPR2020-01426
Patent 8,287,508 B1

Ex. 2060 ¶ 187; Ex. 2023.  However, we fail to see how a definition of "overlay" without a definition of "wrapping" informs much about this discussion.  Although Mahnensmith uses "overlaying," the claims of the '508 patent use "wrapping."  Dr. Newman credibly explains, with specific reference to the claim language and Mahnensmith, how Mahnensmith meets this limitation.  We agree with Dr. Newman that, if anything, "Mr. Jezzi's reference to a definition of 'overlay' (Ex. 2023) simply proves that it is a reference to wrapping 'over.'"  Ex. 1017 ¶ 72.

Finally, Patent Owner argues that Mahnensmith's pad 112 does not have an "exterior" that is "configured and dimensioned for enabling" the porous sheet "to be secured over the array by wrapping" because "porous sheet 36/136 is laid on the flat pat 12/112 and secured via . . . 'double-stick tape' attached to porous sheet 136 (not pad 112)."  PO Resp. 63.  Patent Owner argues that "pad 112 is 'configured and dimensioned' to be larger than porous sheet 136 thereby preventing it from wrapping over the array of openings."[12]  *Id.* at 64 (citing Ex. 2060 ¶¶ 173–175).  Patent Owner contends that "[u]nder Petitioner's theory, a container's exterior surface is 'configured and dimensioned for' enabling a moisture-wicking article to be secured over openings in the container by wrapping if snaps are added to the container, or if the moisture-wicking article includes double-sided tape to adhere to the container's surface."  *Id.* at 65.  Patent Owner asserts that "[t]his impermissibly renders the 'configured and dimensioned for' language

---

[12] Patent Owner also argues, based on its theory that pad 112 has uncovered holes, which we addressed *supra* at pp. 32–39, that pad 112 is not so "configured."  PO Resp. 64.  We rejected that theory above, and so do not separately address this argument.

IPR2020-01426
Patent 8,287,508 B1

meaningless, because any container with an exterior surface would arguably be 'configured and dimensioned for' enabling such an article to be secured to it by double-sided tape." *Id.*

We find that Petitioner has adequately shown that Mahnensmith is "configured and dimensioned for enabling" the porous sheet "to be secured over the array by wrapping." *See* Ex. 1002 ¶ 140; Ex. 1017 ¶ 73. As Dr. Newman explains, Mahnensmith is "configured and enabled" exactly in the same way that the embodiment disclosed in the '508 patent is. *See* Ex. 1017 ¶ 73. As Dr. Newman testifies, "<u>several of the mechanisms</u> used to secure the article in the 508 patent are external to the container, e.g., spring clips, adhesive tape, and elastic bands—just as in Mahnensmith's 'double-stick tape.'" *Id.* (citing Ex. 1001, 4:1–9).

We have reviewed Petitioner's contentions and supporting evidence and considered Patent Owner's arguments as discussed above. On the entire record, we find that Petitioner has shown by a preponderance of the evidence that pad 112 of Mahnensmith anticipates claim 1. *See* Pet. 16–26; Ex. 1002 ¶¶ 131–144.

    *2. Claims 3–8 and 17–19*

        a. Claims 3–8

Claim 3–8 depend directly or indirectly from claim 1. Ex. 1001, 7:13–34. Petitioner explains how those additional limitations are described by Mahnensmith. *See* Pet. 22–26. Patent Owner does not specifically argue whether Mahnensmith accounts for the additional limitations recited by claims 3–8 beyond those arguments addressed above for claim 1. Accordingly, Patent Owner has waived any argument directed to those limitations. *See* Paper 11, 8 ("Patent Owner is cautioned that any arguments

IPR2020-01426
Patent 8,287,508 B1

for patentability not raised in the response may be deemed waived.").  We have reviewed Petitioner's evidence and argument.  *See* Pet. 22–26.  We agree with it and adopt it as our own.  For the reasons provided therein, Petitioner demonstrates that claims 3–8 are anticipated by Mahnensmith.

> b. Claim 17

Claim 17 is an independent claim and recites similar limitations to claim 1, except it includes a limitation that the elongated container is "closed at both ends."  Petitioner provides a mapping of the disclosure of Mahnensmith to the limitations of claim 17.  *See* Pet. 24–25.  Patent Owner does not specifically argue whether Mahnensmith accounts for the additional limitations recited by claim 17 beyond those arguments addressed above for claim 1.  Accordingly, Patent Owner has waived any argument directed to those limitations.  *See* Paper 11, 8 ("Patent Owner is cautioned that any arguments for patentability not raised in the response may be deemed waived.").  We have reviewed Petitioner's evidence and argument.  *See* Pet. 24–25.  We agree with it and adopt it as our own.  For the reasons provided therein, Petitioner demonstrates that claim 17 is anticipated by pad 112 of Mahnensmith.

> c. Claims 18 and 19

Claims 18 and 19 depend from claim 17.  Ex. 1001, 8:46–53.  Claim 18 additionally recites "the article is dimensioned for being secured over the array of openings by the application of elastic bands about the moisture-wicking article at opposite ends of the array of openings."  *Id.* at 8:46–50.  Claim 19 additionally recites that "the article has the moisture-wicking characteristic of a paper towel."  *Id.* at 8:52–53.  Petitioner additionally accounts for the limitations of claims 18 and 19.  *See* Pet. 25–26

(citing Ex. 1002 ¶¶ 150, 151, 156–164). Patent Owner does not specifically argue whether Mahnensmith accounts for the additional limitations recited by claims 18 and 19 beyond those arguments addressed above for claim 1. Accordingly, Patent Owner has waived any argument directed to those limitations. *See* Paper 11, 8 ("Patent Owner is cautioned that any arguments for patentability not raised in the response may be deemed waived."). We have reviewed Petitioner's evidence and argument. *See* Pet. 25–26. We agree with it and adopt it as our own. For the reasons provided therein, Petitioner demonstrates that claims 18 and 19 are anticipated by Mahnensmith.

## G. OBVIOUSNESS OVER KUNTZ 166, DESMARAIS, AND THE KNOWLEDGE OF PERSON OF ORDINARY SKILL IN THE ART: CLAIMS 1, 3–8, AND 17–19

Petitioner contends that the combination of Kuntz 166, DesMarais, and the knowledge of a person of ordinary skill in the art would have rendered claims 1, 3–8, and 17–19 unpatentable under 35 U.S.C. § 103(a). Pet. 39–56.

### 1. Claim 1

#### a. Petitioner's Contentions

Petitioner argues that Kuntz 166 discloses

> A urine collection device for use in a system for transporting urine voided from a person or an animal by drawing the urine into a moisture-wicking article that is disposed in contact with a region of the person or animal surrounding an urethral opening, and further drawing the urine into the collection device from the moisture-wicking article, comprising

Pet. 44–45 (citing Ex. 1002 ¶¶ 174–176, 190; Ex. 1006, Abstract, 5:59–6:9, 3:48–52, 2:38–43, 7:17–32, Figs. 1, 2, 8, Ex. 1003, PW55, Ex. 1001, 1:30–

33), "a container defining a chamber for collecting urine," Pet. 45 (citing Ex. 1003, PW55; Ex. 1002 ¶¶ 179, 190; Ex. 1006, 7:60–65, 2:38–48, 3:58–64, 7:44–65, 4:29–32, 6:1–8), "wherein the container is closed, except for having an array of openings through which urine can be drawn into the chamber and at least one outlet port through which urine can be drawn away from the chamber," Pet. 45–46 (citing Ex. 1003, PW55; Ex. 1006, Figs. 1, 2, 6:1–8, 3:58–64, 7:52–56; Ex.1002 ¶ 190), and "and for enabling said secured moisture-wicking article to be disposed in contact with the region of a female body surrounding the urethral opening," Pet. 47 (citing Ex. 1003, PW56, Ex. 1001, 1:19–24, Ex. 1005, 5:62–63, 3:48–57, 7:20–23, Ex. 1002 ¶¶ 179, 190).

Petitioner relies on the combination of Kuntz 166 and DesMarais as teaching "wherein an elongated exterior of the container is configured and dimensioned for enabling a moisture-wicking article to be secured over the array of openings of the container by wrapping the article over the array and securing the wrapped article." *See* Pet. 46–47 (citing Ex. 1003, PW55, PW56; Ex. 1006, Fig. 2, 1:63–2:2, 2:62–68, 3:42–45, 3:58–4:16, 5:11–43, 5:53–57, 5:62–65, 6:1–7, 7:23–25, 7:44–65, 8:15–17; Ex. 1002 ¶¶ 178, 182, 183, 190–202; Ex. 1001, 1:33). Petitioner argues that Kuntz 166 describes pad 12 as including a moisture-wicking article. *Id.* at 46. In particular, Petitioner notes that Kuntz 166 states that "[u]rine is rapidly drawn . . . into the porous and absorptive core where it moves by capillary action," *id.* at 46–47 (quoting Ex. 1006, 6:1–7), and that the '508 patent admits that in Kuntz 166 "urine move to the central bore of the pad by capillary action," *id.* at 47 (quoting Ex. 1001, 1:33). Petitioner submits that Kuntz 166 incorporates DesMarais by reference, and DesMarais discloses "an

IPR2020-01426
Patent 8,287,508 B1

'overwrap' formed of wicking articles including paper towel as discussed above." *Id.* (citing Ex. 1007, Figs. 1–5, 3:3–11, 11:17–22, Abstract; Ex. 1002 ¶¶ 185–202)

Petitioner asserts that "wrapping and securing a wicking article as claimed was a well-known technique for applying a moisture-wicking article (as taught in DesMarais and other references) and would have improved Kuntz 166 in a predictable manner. *Id.* at 48 (citing Ex. 1002 ¶¶ 194, 195, 56–59). Petitioner notes that Kuntz 166 discloses inserting the container (tube) into a bore in the pad (rather than wrapping). *Id.* (Ex. 1006, 3:42–64, 2:45–48). Petitioner argues that this "creates a number of known problems . . . a gap is created between the pad materials and tube, allowing urine to collect [and] [i]t may also serve as a channel for airflow that will decrease the effectiveness of the vacuum." *Id.* (Ex. 1002 ¶¶ 183, 192, 193). Petitioner contends that prior art such as Mahnensmith and Kuntz EP355 discloses "Kuntz's bore technique was a known problem in the prior art at the time of the 508 alleged invention, and wrapping was a known solution." *Id.* (citing Ex. 1002 ¶¶ 183, 192, 193; Ex. 1008, 2:12–29, 5:30–39; Ex. 1004 ¶¶ 5, 6).

b. Patent Owner's Arguments

Patent Owner initially argues that this ground is procedurally improper because the extensive citation to Dr. Newman's declaration amounts to improper incorporation by reference. PO Resp. 70–71; Sur-Reply 29. Patent Owner also raises several substantive arguments. First, Patent Owner argues that "DesMarais nowhere discloses a tube, never suggests its overwrap material is suitable for covering a tube, and would not have motivated the proposed modification," and "Kuntz-166 already applies

49

IPR2020-01426
Patent 8,287,508 B1

DesMarais's teachings." PO Resp. 71–72; Sur-Reply 29–30. Second,
Patent Owner argues that DesMarais's overwrap is not a moisture-wicking
article, but is instead a hydrophobic material that repels water. PO
Resp. 72–75. Third, Patent Owner argues that because DesMarais's
overwrap is not moisture-wicking, the resulting combination has an outer
layer that is hydrophobic, and not moisture-wicking. *Id.* at 75. Finally,
Patent Owner argues that the pad in Kuntz-166 is not a moisture-wicking
article, but rather is a "moisture-absorbent material." *Id.* at 75–77.

      c. Analysis

      We begin by addressing Patent Owner's procedural argument. We
disagree with Patent Owner that the Petition is procedurally inadequate for
this ground. The Petition contains a detailed mapping for the claims, and an
explanation for the motivation to combine. *See* Pet. 39–56. This section of
the Petition cites to Dr. Newman's declaration, but the Petition contains
sufficient particularity to meet our requirements. Dr. Newman's declaration
is more detailed, but nothing in our rules forbids the declaration from having
more detail and reasoning to support the testimony of the declarant. *See*
*Kinetic Techs., Inc. v. Skyworks Sols.*, IPR2014-00529, Paper 8 at 15–16
(PTAB Sept. 23, 2014).

      Based on the entire record, we find that Petitioner has shown that the
combination of Kuntz 166 and DesMarais accounts for the limitations of
claim 1, that a person of ordinary skill in the art would have been motivated
to combine the references in the manner proposed with a reasonable
expectation of success. *See* Pet. 39–56. We address Patent Owner's
arguments in detail below.

IPR2020-01426
Patent 8,287,508 B1

We do not find the alleged substantive defects Patent Owner alleges to be availing either.  Patent Owner's arguments that a person of ordinary skill would not have made the proposed combination based on DesMarais or that the ground is really based on Kuntz EP355 mischaracterizes Petitioner's arguments.  PO Resp. 72.  Petitioner does not assert that DesMarais provides the motivation for the combination or changes, but merely the teachings about types of overwraps available.  *See* Pet. 47–48.  For the motivation, Petitioner points to Kuntz 166 as expressly mentioning DesMarais for the details of pad construction, and to Mahnensmith and Kuntz EP355 as demonstrating that overwrapping was a known solution to the problems of Kuntz 166.  *Id.* at 48.  Moreover, Dr. Newman provides additional reasoning to support relying on the teachings of DesMarais.  *Id.* at 48–50 (citing Ex. 1002 ¶¶ 183, 192–201).  Contrary to Patent Owner's assertions that they are not contained in the Petition, we find that the Petition contains several pages summarizing Dr. Newman's reasoning.  *See* Pet. 47–50.  Thus, the lack of motivation in DesMarais is irrelevant.

Patent Owner's second argument that DesMarais's overwrap is a hydrophobic material and Petitioner "simply got it wrong" is also unavailing.  PO Resp. 72–75.  Petitioner and Dr. Newman persuasively explain that DesMarais *does* disclose materials, which the '508 patent and Dr. Newman, identify as "moisture wicking."  Reply 26–27 (citing Ex. 1002 ¶ 187; Ex. 1017 ¶¶ 123, 124).  As Petitioner explains, DesMarais states that "hydrophobic" material is "one prefer[ence]," *id.* at 27 (citing Ex. 1007, 5:7), and DesMarais discloses

> The pad overwrap material can be any fluid permeable material commonly used as an overwrap in sanitary napkins or as a topsheet in disposable diapers.  Use materials include carded,

51

IPR2020-01426
Patent 8,287,508 B1

> spun-bonded, melt blown web, airlaid webs, and other non-woven webs of natural or synthetic fibers.

Ex. 1007, 4:66–5:5.  Dr. Newman testifies that this list from DesMarais includes materials described in the '508 patent as moisture wicking.  *See* Ex.1002 ¶ 187; Ex. 1017 ¶¶ 123, 124.  Mr. Jezzi acknowledged that "nonwoven web of natural fibers" includes paper towel.  *See* Ex. 1018, 174:7–17 ("Q. Paper towel is a nonwoven web of natural fibers, right? A. Some people call paper nonwovens.  Q. In particular, it's nonwoven natural fiber material, right?  A. It's cellulosic, yeah.").

In its Sur-Reply, Patent Owner argues that we should not consider this argument because it is a new argument.  Sur-Reply 31–32.  We disagree that this is a new argument.  The Petition clearly states that the overwrap includes "moisture-wicking" materials.  *See* Pet. 43 ("As Dr. Newman explained, options for the overwrap include wicking articles including ones referenced in the 508 patent). (Newman ¶¶169, 185-188, 198; Ex. 1007, 5:5-5:54, 7:26-35.) 'This pad overwrap can be any fluid permeable material commonly used as an overwrap in sanitary napkins…[and can] include carded, spunbonded, melt blown web, airlaid webs, and other non-woven webs of natural or synthetic fibers.' (4:66-5:6.)").  Patent Owner's contentions that "Petitioner tries to re-write the Petition" (Sur-Reply 31) appears more to justify its own default in raising its new argument that Petitioner's modification is inconsistent with Kuntz 166 and DesMarais, than any failure by Petitioner.

Patent Owner raises a new argument in the Sur-Reply that "POSAs would not have used paper-towel as a patient facing layer in the combination

IPR2020-01426
Patent 8,287,508 B1

because the design is inconsistent with **both** Kuntz-166 and DesMarais."[13]
Sur-Reply 32. In particular, Patent Owner submits that "DesMarais teaches
its overwrap should 'present[] a drier feel to the user' and not 'caus[e]
irritation,'" *id.* (citing Ex. 1007, 5:5–12, 1:21–25), and further contends that
"these are two things paper-towel cannot do" (*id.* (citing Ex. 2060 ¶¶ 65,
200; Ex. 1018, 173:3–174:6). Patent Owner also contends Kuntz-166
likewise disparages using hydrophilic materials as the patient-facing layer.
*Id.* (citing Ex. 1006, 2:14–17, 7:29–31; Ex. 2060 ¶¶ 64, 197, 200).

      To begin with, we note that at best, the statements in Kuntz 166 and
DesMarais merely express a general preference and do not "criticize,
discredit, or otherwise discourage investigation into" the claimed invention.
*See Meiresonne v. Google, Inc.*, 849 F.3d 1379, 1382 (Fed. Cir. 2017).
Indeed, as we found above, DesMarais expressly discloses that moisture-
wicking materials can be used as overwrap. *See supra* at pp. 50–51. We
further find that Kuntz 166 does not disparage moisture-wicking materials as
the patient-facing layer, but express a preference for hydrophobic patient-
facing layers. *See* Ex. 1006, 2:14–17, 7:29–31. Moreover, Kuntz 166
incorporates DesMarais and its disclosure that moisture-wicking materials
may be used for overwrap materials "of some interest for its description of
the structural details and fabrication techniques for liquid absorbent pads."
Ex. 1006, 1:63–2:1. Thus, we find that there is no teaching away from the

---

[13] Patent Owner did not raise this argument in the context of this ground in
its Patent Owner Response, but did raise a similar argument in the context of
Ground 2—Mahnensmith and the knowledge of a person of ordinary skill in
the art, which we addressed and rejected above. Thus, for completeness, we
address this argument here as well.

IPR2020-01426
Patent 8,287,508 B1

proposed combination.  *See* Ex. 1017 ¶ 85 (explaining why there is no teaching away).

Furthermore, we disagree with Mr. Jezzi's underlying contentions that moisture-wicking overwrap—as used in the combination—necessarily will not present a drier feel to patient.  Sur-Reply 32 (citing Ex. 2060 ¶¶ 64, 65, 197, 200; Ex. 1018, 173:3–174:6).  As Dr. Newman explained at her first deposition and in her second declaration, that is not necessarily the case in vacuum-assisted urine collection systems.   Ex. 2039, 283:3–9 ("[i]f it's gonna pull the urine away, then that means . . .  to the external region, it would be dry. Drier."); Ex. 1017 ¶¶ 78 (explaining why a person of ordinary skill would select paper-towel like materials), 84 (explaining Mr. Jezzi's lack of consideration of the fact that a vacuum is used in the devices and its effect on the feel of the material); *see also* Ex. 1002 ¶¶ 48–50 (explaining the benefits of vacuum assist);  Ex. 1017 ¶¶ 13, 23, 24 (explaining the vacuum assist urine collection devices).  This failure to consider how the moisture-wicking material would feel to the user in the combination leads us to find that Mr. Jezzi's testimony in this regard is entitled to little weight.

Even if Mr. Jezzi is correct, we disagree with the contention that the fact that Kuntz 166 and DesMarais might express a preference for hydrophobic patient-facing materials would have led a person of ordinary skill away from the proposed combination, as Patent Owner contends.  *See In re Fulton*, 391 F.3d 1195, 1200 (Fed. Cir. 2004) (holding that "a particular combination" need not "be the preferred, or the most desirable, combination described in the prior art in order to provide motivation"); *In re Gurley*, 27 F.3d 551, 553 (Fed. Cir. 1994) ("A known or obvious composition does not become patentable simply because it has been

IPR2020-01426
Patent 8,287,508 B1

described as somewhat inferior to some other product for the same use."). And, even if using a moisture-wicking material was known to have certain disadvantages, "a given course of action often has simultaneous advantages and disadvantages, and this does not necessarily obviate motivation to combine." *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1165 (Fed. Cir. 2006). Here, we credit the well-reasoned testimony of Dr. Newman that a person of ordinary skill would recognize the benefits that such an overwrap would provide, including improved wicking, protection of the underlying pad, and low cost. Ex. 1002 ¶ 202; Ex. 1017 ¶¶ 85, 86.

Patent Owner's argument that the combination would lack a moisture-wicking overwrap (PO Resp. 75) is based on its contentions regarding DesMarais's disclosure that we addressed above. Patent Owner's contention that Dr. Newman confirmed that the combination would have a hydrophobic layer like Kuntz EP355 does not accurately reflect her testimony. *See id.* (citing Ex. 2039, 220:3–7, 221:1–9, 224:10–13). In the portions cited, Dr. Newman was discussing the obviousness of using overwrap to solve the problems with Kuntz 166, not the nature of the outer layer. Indeed, contrary to Patent Owner's contentions, in portions adjacent to the cited portions, Dr. Newman specifically mentions the outer layer in the combination would be moisture wicking and that the issue she was discussing was not the dryness of the overwrap but improving the device's urine-sucking ability. *See* Ex. 2039, 222:2–223:9 (discussing DesMarais's disclosure of moisture-wicking materials in overwrap), 223:10–224:9 (discussing the problem being device "not sucking well" and urine "collecting somewhere").

Finally, Patent Owner argues that the pad in Kuntz-166 is not a moisture-wicking article, but rather is a "moisture-absorbent material." *Id.*

55

IPR2020-01426
Patent 8,287,508 B1

at 75–77; Sur-Reply 32–33.  We disagree.  As Dr. Newman credibly and thoroughly explains, the pad of Kuntz 166 meets Patent Owner's construction of the term "moisture-wicking article."  Ex. 1017 ¶ 126.  Indeed, the '508 patent admits (and Patent Owner agrees) that "urine is drawn through openings in an outer cover layer of the pad into the moisture adsorbent material core of the pad within which the urine moves to the central bore of the pad by capillary action."  Ex. 1001, 1:28–33; PO Resp. 75 ("Kuntz-166 absorbent core includes capillary cells . . . to move urine within the pad 'by capillary action.'"); *see also* Ex. 1002 ¶¶ 177–182 (explaining that the pad of Kuntz 166 transports fluid by capillary action).  As Dr. Newman credibly testifies, this is precisely what Patent Owner's construction requires.  *See* Ex. 1017 ¶ 126.

As for Patent Owner's arguments that Kuntz's pad retains moisture, and therefore, cannot be "moisture wicking," we credit Dr. Newman's explanation that Mr. Jezzi and Patent Owner ignore that Kuntz 166 states that it only "temporarily retains the urine," Ex. 1006, 7:23–25, which, Dr. Newman credibly testifies, "is exactly what paper towel, gauze, felt, and other materials described in the 508 Patent 'moisture-wicking articles' do. . . ."  Ex. 1017 ¶127.  Indeed, Mr. Jezzi acknowledged at his deposition that paper towel also temporarily retains moisture.  Ex. 1018, 40:9–42:19, 142:1–21.  Thus, we agree with Petitioner that merely temporarily retaining moisture, as the pad in Kuntz-166 does, does not preclude Kuntz's pad from being a moisture-wicking article.

Patent Owner also contends that Kuntz EP355 shows that Kuntz 166 is not a moisture-wicking article.  PO Resp. 76 (citing Ex. 1008, 2:14–29).  However, we agree with Dr. Newman that the improvement of Kuntz EP355

IPR2020-01426
Patent 8,287,508 B1

is not because it uses a moisture-wicking article for the first time, but because it uses an additional "wicking tube assembly (Ex. 1008, Fig. 5) where the wicking materials are wrapped over the openings of the tube, rather than inserted into a bore on the pad." Ex. 1017 ¶ 129.

Patent Owner's contends that the '508 patent distinguished Kuntz 166's pad as not moisture wicking. PO Resp. 76. However, nothing in the '508 patent expressly says that Kuntz 166's pad is not moisture wicking. Indeed, the '508 patent acknowledges that Kuntz 166's pad uses capillary action. We also note that it is difficult for us to understand why, if the '508 patent distinguished Kuntz 166 as Patent Owner now claims, the Patent Owner never raised this point during the prosecution when the Examiner rejected the pending claims based on Kuntz 166.[14]  *See* Ex. 1003, PW56.

In its Sur-Reply, Patent Owner raises several new arguments why the pad of Kuntz 166 is not a moisture-wicking article. Sur-Reply 32–33. Patent Owner argues the Petition "provided no explanation of how POSAs would have successfully wrapped a multi-layered pad around tube 30 and that pads with hydrophobic patient-facing layers are not "moisture-wicking articles." *Id.*  In addition to both arguments being raised for the first time for this ground in the Sur-Reply, these arguments suffer from several problems. With respect to the apparent reasonable expectation of success argument, we credit Dr. Newman's testimony that this modification was "straightforward"

---

[14] We are not saying that the Examiner's findings are binding now (*see* Reply 27), but saying that Patent Owner's characterization of what the specification of the '508 patent says is not consistent with its actions during prosecution, which suggests specification actually does not "distinguish[]" Kuntz 166 in the manner Patent Owner now contends.

IPR2020-01426
Patent 8,287,508 B1

and "within the level of knowledge of a POSA."  *See* Ex. 1002 ¶¶ 199–201;
Ex. 1017 ¶¶ 117–119.

Dr. Newman's testimony is well-reasoned and consistent with the art
in the record, such as DesMarais and Mahnensmith that teach such
overwrapping, and therefore, we give Dr. Newman's testimony significant
weight.  As for Patent Owner's argument that Kuntz 166 pad cannot be a
moisture-wicking article because it has a hydrophobic outer layer, we note
that the combination proposes using the moisture-wicking overwrap from
DesMarais as the outer layer.  Thus, Patent Owner argues the references
separately, when the Petitioner is relying on the combination of the
references.  *See Bradium Techs. v. Iancu*, 923 F.3d 1032, 1050 (Fed. Cir.
2019) (obviousness combination cannot be overcome by attacking
references individually).

Even considering the argument for only Kuntz 166, we find it
unavailing.  Nothing in the '508 patent or Patent Owner's proposed
construction requires that the "moisture-wicking article" consists only of
moisture-wicking materials.  Indeed, the '508 patent states that the
"moisture-wicking article 20 *includes* a rapidly permeable material such as
gauze, felt, terrycloth, thick tissue paper, paper towel, etc.," which suggests
that other materials may be included.  Ex. 1001, 4:10–12 (emphasis added).
Thus, we find that Petitioner has shown by a preponderance of the evidence
that the combination of Kuntz 166 and DesMarais accounts for the claimed
"moisture-wicking article."

We have reviewed Petitioner's contentions and supporting evidence
and considered Patent Owner's arguments as discussed above.  On the entire
record, we find that Petitioner has shown by a preponderance of the evidence

IPR2020-01426
Patent 8,287,508 B1

that the combination of Kuntz 166, DesMarais, and the knowledge of a person of ordinary skill in the art accounts for all the limitations of claim 1, that a person of ordinary skill would have been motivated at the time of the invention to make the combination in the manner proposed, and that a person ordinary skill would have had a reasonable expectation of success in doing so. *See* Pet. 39–50; Ex. 1002 ¶¶ 183–201. As explained in detail above, Petitioner demonstrates that claim 1 would have been obvious over the combination of Kuntz 166, DesMarais, and the knowledge of a person of ordinary skill in the art.

    *2. Claims 3–8*

    Claim 3–8 depend directly or indirectly from claim 1. Ex. 1001, 7:13–34. Petitioner accounts for the added limitations of these claims in the combination of Kuntz 166, DesMarais, and the knowledge of a person of ordinary skill in the art. *See* Pet. 50–53. Patent Owner does not specifically argue whether the combination of Kuntz 166 and DesMarais accounts for the additional limitations recited by claims 3–8 beyond the arguments considered above with respect to claim 1. Accordingly, Patent Owner has waived any argument directed to those limitations. *See* Paper 11, 8 ("Patent Owner is cautioned that any arguments for patentability not raised in the response may be deemed waived."). We have reviewed Petitioner's evidence and argument. *See* Pet. 50–53. We agree with it and adopt it as our own. For the reasons provided therein, Petitioner demonstrates that claims 3–8 would have been obvious over the combination of Kuntz 166, DesMarais, and the knowledge of a person of ordinary skill in the art.

### 3. Claims 17–19

#### a. Claim 17

Claim 17 is similar to claim 1 except it recites that the elongated container is "closed at both ends." Pet. 53. Petitioner provides a mapping similar to that of claim 1, but additionally explains why having a chamber that is closed at both ends would have been obvious. *Id.* at 53–55. In particular, the Petition notes that Dr. Newman explains that "there are <u>two known design choices</u> or the location of an outlet port: on an end of the container or on its side." *Id.* at 53–54 citing Ex. 1002 ¶¶ 204, 206). Petitioner notes that both Mahnensmith and Keane locate their outlets on the bottom side rather than an end, and it would be an obvious design choice with a number of advantages (*id.* at 54 (citing Ex. 1003, Fig. 3; Ex. 1005 at Fig. 2; Ex. 1002 ¶¶ 207–210). Petitioner notes that "placing an outlet port on the bottom side (rather than the anterior end) of Kuntz 166 facilitates lateral movement of the associated tube, better accommodates the patient's garments, could improve vacuum efficiency, and would minimize layer separation." *Id.* Petitioner argues that implementation of this design choice would be simple and predictable. *Id.* (citing Ex. 1002 ¶¶ 211–21).

In addition to the arguments considered above with respect to claim 1, Patent Owner argues that there is "***no*** support for Petitioner's assertion that a tube with a bottom-side outlet was a 'known design' choice for absorbent vacuum assisted urinary pads." PO Resp. 38. Patent Owner asserts the references cited, Mahnensmith and Keane, differ structurally from the pads Kuntz 166 and DesMarais. PO Resp. 38–39. Patent Owner also asserts that Petitioner's benefits are speculative and that the proposed modification is "anything but 'routine.'" *Id.* at 39–40. Patent Owner also argues that

IPR2020-01426
Patent 8,287,508 B1

Petitioner cannot rely on the knowledge of a person of ordinary skill in the art for this limitation. *Id.* at 77 (citing *DSS Tech. Mgmt. v. Apple, Inc.*, 885 F.3d 1367, 1374–75 (Fed. Cir. 2018).

We begin by noting that Patent Owner is incorrect that *DSS Technology Management* stands for the proposition that the knowledge of a person of ordinary skill "cannot be used to 'supply a missing limitation.'" PO Resp. 77. As *DSS Technology Management* explains, the use of the knowledge of person of ordinary skill is not prohibited, but requires a reasoned basis. *See DSS Tech.*, 885 F.3d at 1374–75. Here, we find that Petitioner has provided a reasoned basis. As Dr. Newman explains, there are only limited options for placing the outlet on a urine collection device. Ex. 1002 ¶ 206. Dr. Newman demonstrated that these options are known in the art. *See id.* Although Mahnensmith may have differences, it still demonstrates that the ends may be closed and the outlet port may be located somewhere other than the end. *See* Ex. 1004, Figs. 1, 4, 5. We find Dr. Newman provided numerous reasons a person of ordinary skill would have been motivated to move the outlet port of Kuntz 166, including making the tube rotatable in several directions and avoiding pulling or snagging the cord. Ex. 1002 ¶¶ 208–210; Ex. 1017 ¶ 149. Finally, we find that Petitioner has shown sufficiently that the modifications were within the level of skill in the art. Ex. 1002 ¶¶ 211–212; Ex. 1017 ¶¶ 151–152. Accordingly, we find that Petitioner has shown by a preponderance of the evidence that claim 17 would have been obvious over the combination of Kuntz 166, DesMarais, and the knowledge of a person of ordinary skill in the art.

IPR2020-01426
Patent 8,287,508 B1

### b. Claims 18 and 19

Claims 18 and 19 depend from claim 17.  Ex. 1001, 8:46–53.
Claim 18 additionally recites "the article is dimensioned for being secured
over the array of openings by the application of elastic bands about the
moisture-wicking article at opposite ends of the array of openings."  *Id.* at
8:46–50.  Claim 19 additionally recites that "the article has the moisture-
wicking characteristic of a paper towel."  *Id.* at 8:52–53.  Petitioner
additionally accounts for the limitations of claims 18 and 19.  *See* Pet. 55–56
(citing Ex. 1002 ¶¶ 56, 59, 216–222, 230).  Patent Owner does not
specifically argue whether the combination of Kuntz 166 and DesMarais
accounts for the additional limitations recited by claims 18 and 19, beyond
those considered above with respect to claims 1 and 17.  Accordingly, Patent
Owner has waived any argument directed to those limitations.
*See* Paper 11, 8 ("Patent Owner is cautioned that any arguments for
patentability not raised in the response may be deemed waived.").  We have
reviewed Petitioner's evidence and argument.  *See* Pet. 55–56.  We agree
with it and adopt it as our own.  For the reasons provided therein, Petitioner
demonstrates that claims 18 and 19 would have been obvious over the
combination of Kuntz 166, DesMarais, and the knowledge of a person of
ordinary skill in the art.

### 4. Summary

In sum, we determine that Petitioner has shown by a preponderance of
the evidence that claims 1, 3–8, and 17–19 would have been obvious over
the combination of Kuntz 166, DesMarais, and the knowledge of a person of
ordinary skill in the art.

IPR2020-01426
Patent 8,287,508 B1

H. REMAINING GROUNDS

Having determined that Petitioner establishes by a preponderance of
the evidence that claims 1, 3–8, and 17–19 are anticipated by Mahnensmith,
and the subject matter of claims 1, 3–8, and 17–19 would have been obvious
over the combination of Kuntz 166, DesMarais, and the knowledge of
person of ordinary skill in the art, we do not address Petitioner's additional
anticipation grounds based on Keane and Kuntz EP355, and obviousness
grounds based on Keane and the knowledge of a person of ordinary skill in
the art and Kuntz EP355 and Mahnensmith.  *See SAS Inst. Inc. v. Iancu*, 138
S. Ct. 1348, 1359 (2018) (holding a petitioner "is entitled to a final written
decision addressing all of the claims it has challenged"); *Boston Sci. Scimed,
Inc. v. Cook Grp. Inc.*, 809 F. App'x 984, 990 (Fed. Cir. 2020)
(nonprecedential) ("We agree that the Board need not address [alternative
grounds] that are not necessary to the resolution of the proceeding.").

## III. CONCLUSION[15]

In summary,

| Claim(s) | 35 U.S.C. § | Reference(s) | Claim(s) Shown Unpatentable | Claim(s) Not Shown Unpatentable |
|---|---|---|---|---|
| 1, 3–8, 17–19 | 102(b) | Mahnensmith | 1, 3–8, 17–19 | |

---

[15] Should Patent Owner wish to pursue amendment of the challenged claims
in a reissue or reexamination proceeding subsequent to the issuance of this
decision, we draw Patent Owner's attention to the April 2019 *Notice
Regarding Options for Amendments by Patent Owner Through Reissue or
Reexamination During a Pending AIA Trial Proceeding.  See* 84 Fed. Reg.
16,654 (Apr. 22, 2019).  If Patent Owner chooses to file a reissue application

IPR2020-01426
Patent 8,287,508 B1

| Claim(s) | 35 U.S.C. § | Reference(s) | Claim(s) Shown Unpatentable | Claim(s) Not Shown Unpatentable |
|---|---|---|---|---|
| 4, 5, 19 | 103(a) | Mahnensmith, knowledge of one of ordinary skill in the art[16] | | |
| 1, 3–8, 17–19 | 102(b) | Keane[17] | | |
| 4, 5, 19 | 103(a) | Keane, knowledge of one of ordinary skill in the art[18] | | |
| 1, 3–8, 17–19 | 103(a) | Kuntz 166, DesMarais, knowledge of one of ordinary skill in the art | 1, 3–8, 17–19 | |
| 1, 3–8 | 102(b) | Kuntz EP355[19] | | |

---

or a request for reexamination of the challenged patent, we remind Patent Owner of its continuing obligation to notify the Board of any such related matters in updated mandatory notices. *See* 37 C.F.R. § 42.8(a)(3), (b)(2).

[16] This ground was not reached. *See supra* § II.H.

[17] This ground was not reached. *See supra* § II.H.

[18] This ground was not reached. *See supra* § II.H.

[19] This ground was not reached. *See supra* § II.H.

IPR2020-01426
Patent 8,287,508 B1

| Claim(s) | 35 U.S.C. § | Reference(s) | Claim(s) Shown Unpatentable | Claim(s) Not Shown Unpatentable |
|---|---|---|---|---|
| 17–19 | 103(a) | Kuntz EP355, Mahnensmith, knowledge of ordinary skill in the art[20] | | |
| | | **Overall Outcome** | 1, 3–8, 17–19 | |

## IV. ORDER

For the reasons given, it is:

ORDERED that Petitioner *has shown* based on a preponderance of evidence that claims 1, 3–8, and 17–19 of U.S. Patent No. 9,399,531 B2 are unpatentable; and

FURTHER ORDERED because this is a final written decision, the parties to this proceeding seeking judicial review of our Decision must comply with the notice and service requirements of 37 C.F.R. § 90.2.

---

[20] This ground was not reached. *See supra* § II.H.

IPR2020-01426
Patent 8,287,508 B1

PETITIONER:

Sandra A. Frantzen
Christopher M. Scharff
Robert A. Surrette
MCANDREWS, HELD & MALLOY LTD.
sfantzen@mcandrews-ip.com
cscharff@mcandrews-ip.com
bsurrette@mcandrews-ip.com


PATENT OWNER:

Richard F. Giunta
Jason M. Honeyman
WOLF GREENFIELD & SACKS, P.C.
rguinta-ptab@wolfgreenfield.com
jhoneyman-ptab@wolfgreenfield.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 28, 2022, a copy of the foregoing document was served on the persons listed below in the manner indicated:

**BY E-MAIL**

John W. Shaw
Nathan R. Hoeschen
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
jshaw@shawkeller.com
nhoeschen@shawkeller.com

Athena Dalton
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
athenadalton@quinnemanuel.com

Steven C. Cherny
Brian P. Biddinger
Matthew A. Traupman
Nicola R. Felice
Jason C. Williams
Raymond Nimrod
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
stevencherny@quinnemanuel.com
brianbiddinger@quinnemanuel.com
matthewtraupman@quinnemanuel.com
nicolafelice@quinnemanuel.com
jasonwilliams@quinnemanuel.com
raynimrod@quinnemanuel.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant and Counterclaim
Plaintiff Sage Products, LLC*

# SCHEDULE F3

## PUREWICK'S MOTION IN *LIMINE* NO. 3 TO PRECLUDE EVIDENCE OR ARGUMENT THAT PRIMAFIT 2.0 IS COMMERCIALLY AVAILABLE

During discovery PureWick served an interrogatory seeking Sage's contentions concerning alleged non-infringing alternatives ("NIA"). After being ordered by the Court to provide a substantive response, Sage eventually supplemented with a vague allusion to something it referred to as PrimaFit 2.0.[1] Sage never contended that PrimaFit 2.0 was a commercially available product. In fact, Sage's fact witnesses all testified that PrimaFit 2.0 was ████████████████ ████████████████ PureWick recently learned, however, that Sage has started selling a product that it contends is PrimaFit 2.0 (and PureWick recently commenced an action asserting that this product infringes), but Sage never has provided any discovery regarding the commercial availability of this product and even refused to produce a sample of the product after PureWick learned it was on the market.[2] Even if Sage had provided such discovery, however, the recent commercial availability of PrimaFit 2.0 is not relevant to any issues in this case and Sage has never provided any contention that it is. Accordingly, PureWick seeks to preclude Sage from presenting evidence or argument that Sage's PrimaFit 2.0 is a ***commercially available*** alleged NIA.

PureWick seeks damages in the form of both lost profits and a reasonable royalty. Sage contends that the amount of the reasonable royalty should be reduced, and that lost profits should

---

[1]   PureWick has separately moved to strike the opinions of Sage's experts concerning NIAs, including the PrimaFit 2.0, because those opinions are based on facts and contentions that were not timely disclosed by Sage during fact discovery. D.I. 195, 196.

[2]   PureWick informed Sage that if it intended to rely on a sample of the new commercial product at trial it needed to produce a sample to PureWick. Sage refused, contending that PureWick's inspection of an earlier version during discovery sufficed. Ex. 1 at 2. It is hard to understand how Sage could expect to introduce this product at trial and argue its commercial availability while refusing to provide PureWick samples sufficiently before trial to analyze. Sage should not be allowed to present evidence regarding a product it contends is commercially available given its inexplicable unwillingness to provide a sample of that product.

1

not be available, because Sage developed an alleged NIA called PrimaFit 2.0.[3]  The discovery record in this case has been clear that PrimaFit 2.0 ████████████████.  For example, in April 2021 ██████████, the engineering lead for PrimaFit 2.0, testified that ███████████ ██████████.  Ex. 2, █████  Tr. at 30:22-24, 47:20-48:22 ("Q. And you told me that the PrimaFit 2.0 product ████████████████████?  A. That is correct.").  Sage's marketing manager, ██████████, similarly testified in March 2021 that ██████████████████ ██████████████████████████.  Ex. 3, Paskal Tr. at 162:14-163:6; *see also*, Ex. 4, Sexton Tr. at 267:19-268:6 ("Q. Do you know if Sage ██████████ ██████████████████████████████████.").[4]

    In November 2022, PureWick learned that Sage was promoting a new version of the PrimaFit on its website.  On December 1, 2022, PureWick reached out to Sage asking for samples of that product.  Ex. 1 at 3.  In response, Sage's counsel contended that the new product was the PrimaFit 2.0 but refused to provide PureWick with a sample.  *Id.*  Sage did not supplement its interrogatory responses to indicate that the product was commercially available or why the recent availability would be relevant to any issues in this case.  Simply put, Sage provided some discovery regarding an admittedly ██████████████ it referred to as PrimaFit 2.0.  PureWick timely probed and was told the product was not commercially available and there was no timetable for

---

[3]   This is a two supplier market and Sage's sales clearly came at PureWick's expense. There is no assertion by Sage that the public could have bought PrimaFit 2.0 if they hadn't bought the original PrimaFit infringing product.

[4]   Sage's response to PureWick's interrogatory regarding NIAs also failed to include any contention that the PrimaFit 2.0 was commercially available.  Indeed, the only mention of the PrimaFit 2.0 in Sage's response was the following ambiguous sentence: "Sage further identifies at least the following documents relevant to this interrogatory relating to PrimaFit 2.0 reflected above and discussed during PureWick's depositions of Sage's witnesses: SAGE30399-SAGE30408; SAGE30410-30464; SAGE00036528-590; SAGE40435-47; and Plaintiff Exhibits 15, 33. 34, 36, 51, 72, 73, and 74."  (D.I. 196-1).  Sage did not even expressly contend that PrimaFit 2.0 was an alleged NIA, nor did Sage indicate that the PrimaFit 2.0 was an available product.

when it would be available.  After close of expert discovery, PureWick learned on its own that Sage was offering a new version of PrimaFit.  PureWick inquired about that product and asked for a sample, and Sage refused.  As a result, there is no evidence in this case that the PrimaFit 2.0 has ever been commercially available, or that the product Sage recently began selling is the same as the PrimaFit 2.0 ███████████████ during discovery.

Even if there were evidence linking Sage's new product to the ████████████████ PrimaFit 2.0 product, evidence of the current commercial availability is not relevant to the issues in this case.  The consideration of NIAs in connection with a reasonable royalty looks at whether the NIAs existed at the time of the hypothetical negotiation, which in this case ranges from November 2017 to March 2019.  *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1572 (Fed. Cir. 1996) ("[T]he fact that Wyko COULD have continued marketing the [alleged NIA] is a factor relevant to the determination of a proper royalty ***during hypothetical negotiations*.**" (emphasis added)). Similarly, for lost profits the relevant inquiry is whether the alleged NIA existed at the time of the infringing sales.  *Synqor, Inc. v. Artesyn Tech., Inc.*, 709 F.3d 1365, 1382 (Fed. Cir. 2013) (affirming exclusion of evidence of recent availability of an alleged alternative because it was "not probative of the availability of noninfringing alternatives during the damages period.")  Here, the infringing sales for which PureWick seeks lost profits are in the past.  Thus, the commercial availability of the allegedly NIA PrimaFit 2.0 product today is irrelevant.  And allowing Sage to show the jury a sample of the product, and argue that it is on the market now, risks misleading the jury into believing that the current availability establishes availability at the relevant time.

For the foregoing reasons, PureWick respectfully requests that the Court preclude Sage from presenting evidence or argument that its PrimaFit 2.0 is commercially available.

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PUREWICK CORPORATION,

     Plaintiff and Counterclaim Defendant,

v.

SAGE PRODUCTS, LLC,

     Defendant and Counterclaim Plaintiff.

Redacted - Public Version

C.A. No. 19-1508-MN



**SAGE'S OPPOSITION TO PUREWICK'S MOTION *IN LIMINE* NO. 3
TO PRECLUDE EVIDENCE OR ARGUMENT THAT SAGE'S PRIMAFIT 2.0 NON-
INFRINGING ALTERNATIVE IS COMMERCIALLY AVAILABLE**

Since launching the original PrimaFit product in 2017, ██████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████ during this litigation to rebut, e.g., PureWick's lost profits claim. (*See, e.g.,*

D.I. 232, at 2-3 and 6.) PureWick was well aware that PrimaFit 2.0 was not a hypothetical

alternative. Sage produced many documents about 2.0 including detailed product specifications,

Instructions for Use, ████████████████, and ████████████████. (*See, e.g.*, Exs.

H-K.) PureWick deposed numerous witnesses about PrimaFit 2.0 and inspected 2.0 during

discovery. (*See, e.g.*, D.I. 211, Ex. 58 at 268, 272-74, 282-84, Ex. 50 at 132-196; D.I. 232, Ex. 114

at 190-91.) ████████████████████████████████████████; instead,

during expert discovery, PureWick alleged that 2.0 was not an "available" NIA because it was not

█████████████████████. (D.I. 210, Ex. 30 ¶305.)

Evidence of the "availability" of 2.0 including the "current commercial availability" is

relevant to rebut <u>PureWick's allegation</u> that 2.0 is not an "available" NIA for purposes of damages.

Indeed, PureWick recently conceded the relevance in its *Daubert* filings, where it conveyed its

intention to present evidence on that very theory at trial: "[PureWick's technical expert] Dr.

Collins' opening report included his opinion that ██████████████████████████

█████████████████████████████████ (D.I. 237 at 10 (citing D.I. 210, Ex. 30

¶305).) Incredibly, PureWick's present motion states the opposite—that such evidence is not

relevant. (Pl. Br. at 3.) PureWick identifies no prejudice to itself yet ignores that precluding Sage

from presenting such evidence, <u>which PureWick's expert itself claimed was relevant to the issue</u>

<u>of availability,</u> would be highly prejudicial to Sage. PureWick's motion should be denied.

**Background.** As discussed, Sage ████████████████████████████████

███████. (D.I. 232 at 2-3.) As explained during the recent *Daubert* hearing (e.g., D.I. 279 at 40:22-41:18), numerous witnesses were deposed on 2.0 (including the 2.0 designer) and one witness testified how the product was ████████████:

> Q.   So according to this in the key milestones it indicates ████████████. Is that consistent with your understanding of when the ████████.
>
> A.   As I recall, yes, that seems consistent when ████████. * * *

(D.I. 211, Ex. 58 at 272:6-14 (deposition taken on March 12, 2021).) Sage's witness explained ████████████████. (*Id.* at 273:14-24; 268:18-25.) Now PureWick seeks to preclude Sage from presenting evidence to the contrary.

**PureWick's arguments about discovery of PrimaFit 2.0 are not only false, but also moot.** PureWick dedicates a significant portion of its motion alleging that Sage did not provide discovery on aspects of the PrimaFit 2.0, largely tracking PureWick's *Daubert* motion on this topic. (*See* D.I. D.I. 252 at 1; D.I. 237 at 10-11.) Those arguments are false as Sage previously explained. (*See* D.I. 232 at 2-4, 6.) And the Court has since denied PureWick's corollary *Daubert* motion. (*See* D.I. 279 at 41:16-18.) Thus, Sage does not further address the statements as they are mooted by the Court's Order.

**The "current commercial availability" of 2.0 is relevant to damages.** "[M]arket sales of an acceptable [NIA] often suffice alone to defeat a case for lost profits." *Grain Processing Corp. v. American Maize-Products*, 185 F.3d 1341, 1352 (Fed. Cir. 1999) "Available [NIAs] <u>need not</u> have been on the market during the time of the alleged infringement." *EMC Corp. v. Pure Storage,* 154 F. Supp. 3d 81, 117 (D. Del. 2016). Indeed, "an alleged substitute not 'on the market' or 'for sale' during the infringement can figure prominently in determining whether a patentee would have made additional profits 'but for' the infringement." *Grain Processing,* 185 F.3d at 1349.

During expert discovery, the parties litigated the "availability" of 2.0 at the time of the hypothetical negotiation in 2019. (*See supra*; D.I. 209, Ex. 24 at 183-184.) While "commercial availability" is not required to establish that an NIA is "available," it is probative of availability. *See, e.g., Grain Processing*, 185 F.3d at 1349-1352. Indeed, "<u>it would be a mistake to ignore</u> the potential market entry of [an NIA]." *Novozymes A/S v. Genencor Intern., Inc.*, 474 F. Supp. 2d 592, 607 (D. Del. 2007). The current availability ████████████████████████████████ ████████████████████████████████. <u>PureWick already conceded that notion</u> when it argued that commercial availability was probative of "availability": "[t]he PrimaFit 2.0 device ████ ████████████████████████████████" (D.I. 210, Ex. 30 ¶305.)

Ignoring its own expert's opinion, PureWick alleges that current commercial availability is not relevant because it seeks lost profits "in the past" (p. 3). But the asserted patents did not issue until 2019, and <u>PureWick has never contended that the damages period has ended</u>. Thus, the current commercial availability implicates the damages period. PureWick also claims that the "hypothetical negotiation" extends "to March 2019" and concludes without explanation that the current availability is not relevant. (Pl. Br. at 3.) But the current commercial status of the NIA corroborates other evidence that the PrimaFit 2.0 was available earlier including by 2019.[1] *See supra.* The jury is entitled to hear and weigh the evidence on availability as it sees fit.

***Permitting the evidence for damages would not mislead the jury.*** PureWick does not allege prejudice to itself. Rather, PureWick asserts a risk of "misleading" the jury, but does not articulate how such a simple fact—<u>that a product is available and on the market</u>—could possibly be confusing and cites no case to support its conclusory allegation. The motion should be denied.

---

[1] In contrast, in *Synqor, Inc. v. Artesyn Tech., Inc.,* 709 F.3d 1365, 1382 (Fed. Cir. 2013), Defendant sought to introduce a new NIA "[o]n the eve of trial" and did not explain how it "could have been developed any earlier." *Id*. at 1382.

Dated: February 28, 2022

YOUNG    CONAWAY    STARGATT    &
TAYLOR, LLP


/s/ Anne Shea Gaza

Of Counsel:                         Anne Shea Gaza (No. 4093)
                                    Samantha G. Wilson (No. 5816)
Robert A. Surrette                  Rodney Square
Sandra A. Frantzen                  1000 North King Street
Christopher Scharff                 Wilmington, DE 19801
Ryan Pianetto                       (302) 571-6600
McAndrews, Held & Malloy, Ltd       agaza@ycst.com
500 West Madison Street             swilson@ycst.com
Chicago, IL 60661
(312) 775-8000                      *Attorneys for Defendant/Counterclaim*
                                    *Plaintiff Sage Products, LLC*

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3

Sage's response to PureWick's MIL No. 3 fails to credibly explain how the recent commercial release of its PrimaFit 2.0 product ("2.0") is relevant to any issue that the jury will decide. It is not. It is undisputed that a reasonable royalty analysis looks at whether an alleged NIA was available ***at the time of the hypothetical negotiation***, and thus has nothing to do with whether the NIA is commercially available ***today***. Likewise, for lost profits the relevant analysis considers alleged NIAs at the time of the infringing sales, which in this case pre-date the release of the 2.0. Sage does not dispute these points, which should end the Court's inquiry.

Allowing Sage to introduce the commercial availability of 2.0 can lead to the jury being misled, confused, and invites error. It is too easy for a jury to believe that if the 2.0 product is available now, then it could have been made available during the relevant periods. Again, Sage offers no real rejoinder and instead contends that the jury should be able to use the sudden commercial availability of 2.0 "as it sees fit." Def. Br. at 3. Yet sentiments such as this—which are unquestionably prejudicial to PureWick—only serve to confirm Sage's intent to argue to the jury that 2.0 was always available, which is clearly refuted by the evidence.

Indeed, and contrary to Sage's contention, ***there is no evidence in the record*** that 2.0 was available, or reasonably could have been made available, during the relevant time.[1] Rather, Sage's witnesses testified that ██████████████████████, and the lead engineer could not confirm whether the products in the documents produced by Sage were the most recent version. Ex. N. In any event, the factual dispute about whether 2.0 could have been made available at the relevant time should be decided based on the actual evidence in this case, and not based on post-discovery developments that are both irrelevant and prejudicial. PureWick's MIL should be granted.

---

[1] Sage also does not contest, nor explain, its refusal to provide PureWick with samples of 2.0 when PureWick requested them in December 2021. How can Sage be allowed to discuss a product at trial that it refused to provide to PureWick?

# EXHIBITS 1-4 REDACTED IN THEIR ENTIRETY

# EXHIBITS H-K REDACTED IN THEIR ENTIRETY

# Exhibit N
# REDACTED IN ITS ENTIRETY

# SCHEDULE F4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PUREWICK CORPORATION,

     Plaintiff and Counterclaim Defendant,

v.

SAGE PRODUCTS, LLC,

     Defendant and Counterclaim Plaintiff.

C.A. No. 19-1508-MN

**SAGE'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE PLAINTIFF FROM COMPARING THE ACCUSED PRODUCTS TO PATENT FIGURES OR PLAINTIFF'S PRODUCTS**

Pursuant to at least Fed. R. Evid. 401, 402, and 403, Sage moves for an Order precluding PureWick from improperly referencing at trial, either through counsel or by eliciting witness testimony, comparisons of Sage's accused products to figures of embodiments of the asserted patents or various versions of Plaintiff's products. It is black letter law that patent infringement is determined by a comparison of an accused product <u>to the claims</u>—not to figures in a patent specification or other products. Yet, PureWick has repeatedly attempted to make such improper comparisons throughout this case. This is wrong as a matter of law. The only appropriate comparison for assessing infringement is between the patent claims and the accused product. Any comparisons between accused products and patent figures or any other alleged embodiments of the asserted patents at trial will lead to jury confusion and substantial prejudice to Sage. PureWick should be precluded from offering or eliciting such testimony at trial.

**_It is black letter law that patent infringement cannot be established through comparison of the accused product to patent figures or other products._** "[I]nfringement is to be determined by comparing the asserted claim to the accused device, <u>not by comparing the accused device to the figures of the asserted patent</u>." *Catalina Lighting, Inc. v. Lamps Plus, Inc*., 295 F.3d 1277, 1286 (Fed. Cir. 2002). Indeed, "[i]t is fundamental that infringement is determined by comparing the accused device to the claims, rather than comparing the accused device to the figures of the patent specification." *Star Tech. Grp., Inc. v. Testerion, Inc.*, No. 99-1168, 1999 WL 693829, at *6 (Fed. Cir. 1999). Moreover, "it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; <u>the only proper comparison is with the claims of the patent</u>." *Zenith Lab'ys, Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994). Thus, any comparison of accused products to patent figures or plaintiff's products is legally improper and irrelevant.

- 1 -

***Despite this black letter law, PureWick continues to make improper comparisons.*** PureWick has repeatedly attempted to compare Sage's products to patent figures and products. For example, PureWick repeatedly referred to <u>Figures 36-38</u> from the 376 patent, comparing the accused product to those figures. (D.I. 191 at 1-2, 8-12; D.I. 210 at Ex. 31, ¶119 ("embodiment in the '376 patent [figure 38] . . . <u>look[s] strikingly similar</u> to the PrimaFit product"); ¶153 ("very <u>similar to the shape</u> of the casing in the PrimaFit"); *see* ¶¶107, 167.) PureWick offered no explanation for its improper comparison except for its contention that patent figures were somehow relevant to "new claim construction arguments." (D.I. 249 at 7, n.3.) Elsewhere, PureWick has attempted to make comparisons with old versions of its device. (*See, e.g.,* D.I. 210 at Ex. 30, ¶266, 208.) As discussed above, it is well-established that such comparisons are legally improper. "[L]ooking similar" does not constitute patent infringement. This is precisely the type of improper and prejudicial comparisons that have been rejected by courts.

***Comparing an accused product to figures in the asserted patents or Plaintiff's products is not the mechanism for determining patent infringement and risks jury confusion and substantial prejudice to Sage.*** Any alleged similarities between Sage's accused product and a patent figure or a product is irrelevant to any issue in this case, especially whether Sage infringes the asserted <u>claims</u>. Any probative value of such evidence may have is substantially outweighed by a risk of unfair prejudice to Sage. This is because such evidence would suggest to the jury a wholly improper standard for infringement and courts have already rejected this. *See, e.g.*, *EMC Corp. v. Pure Storage, Inc.*, C.A. No. 13-1985-RGA, 2016 WL 775742, at 3-4 (D. Del. Feb. 25, 2016). ("Testimony that commercial embodiments support an expert's opinions regarding the plain and ordinary meaning of claim terms would suggest that literal infringement can be established by a comparison between accused products and commercial embodiments.") In *EMC*, the court

granted a motion *in limine* preventing introduction of evidence or argument based on expert testimony that embodiments in the asserted patents' specifications and commercial embodiments supported defendant's views on the meaning of claim terms. *Id*. The Court found that such testimony would suggest an improper infringement standard and was inadmissible. *Id*. "Suggesting, incorrectly, that literal infringement can be established by comparing accused products with specification or commercial embodiments would risk unfair prejudice that would substantially outweigh the probative value of testimony regarding the plain and ordinary meaning of claim terms bolstered by reference to specification and commercial embodiments." *Id* at 4. Other courts have also excluded improper references to patent figures. *See, e.g.*, *DataQuill Ltd. v. Huawei Techs. Co.*, No. 2:13-CV-633, 2015 WL 9450821, at *2 (E.D. Tex. 2015) (expert "not permitted to confuse or mislead the jury by rendering comparisons of particular embodiments (such as, exemplary figures) to the accused products"); *EcoServices, LLC v. Certified Aviation Servs., LLC*, No. CV 16-01824, 2018 WL 3090013, at *3 (C.D. Cal. 2018) (granting motion *in limine* to exclude inventor testimony regarding a prototype; "the role of the jury is to determine infringement based on a comparison of the claims of the [asserted] Patent and the [accused product].")); *see also ArcherDX, LLC et al. v. Qiagen Sciences, LLC et al.*, C.A. No. 18-1019-MN, D.I. 462 at 17 (Aug. 27, 2021) (jury instruction: "when performing this [infringement] comparison, you should be careful not to compare the accused [product] with…the descriptions in the [patents-in-suit]").

The same is true here. Jury confusion as to the proper standard for infringement and substantial prejudice to Sage will result if PureWick is permitted to compare the accused products to alleged embodiments of the asserted patents. "Looking similar" is not the standard for infringement, and PureWick should be prevented from eliciting testimony, making arguments, or offering any evidence that references such comparisons.

Dated: February 11, 2022

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Of Counsel:

Robert A. Surrette
Sandra A. Frantzen
Christopher Scharff
Ryan Pianetto
McAndrews, Held & Malloy, Ltd
500 West Madison Street
Chicago, IL 60661
(312) 775-8000

/s/ Anne Shea Gaza

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant/Counterclaim Plaintiff Sage Products, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 11, 2022, a copy of the foregoing

document was served on the persons listed below in the manner indicated:

**<u>BY E-MAIL</u>**

John W. Shaw
Nathan R. Hoeschen
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
jshaw@shawkeller.com
nhoeschen@shawkeller.com

Athena Dalton
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
athenadalton@quinnemanuel.com

Steven C. Cherny
Brian P. Biddinger
Matthew A. Traupman
Nicola R. Felice
Jason C. Williams
Raymond Nimrod
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
stevencherny@quinnemanuel.com
brianbiddinger@quinnemanuel.com
matthewtraupman@quinnemanuel.com
nicolafelice@quinnemanuel.com
jasonwilliams@quinnemanuel.com
raynimrod@quinnemanuel.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant and Counterclaim*
*Plaintiff Sage Products, LLC*

## PUREWICK'S OPPOSITION TO SAGE MOTION IN LIMINE NO. 1

Sage incorrectly argues that comparisons between an accused product and a patentee's commercial product or embodiments in an asserted patent are improper as a matter of law.  Such an assertion is too broad and not applicable where, as here, it is alleged that the defendant knew about and copied a commercial and patented embodiment.  Specifically, comparisons between the accused PrimaFit and PureWick's commercial product and embodiments in the patents are relevant evidence of copying that supports both non-obviousness and PureWick's claim for willful infringement.[1]   The comparison between the parties' products also is relevant to support PureWick's claim for lost profits.  Accordingly, Sage's motion should be denied.

The asserted '376 and '989 patents disclose different embodiments of the claimed inventions.  One embodiment (in Figure 35) corresponds to PureWick's current commercial product, and another (in Figure 38) corresponds to an earlier version of PureWick's product.  PureWick alleges Sage copied the earlier version of PureWick's product (and the corresponding embodiment in the patent) and will show at trial that Sage had samples of that product and a copy of PureWick's patent application describing the embodiment when Sage "developed" the PrimaFit.

Throughout this case, Sage has tried to exclude the embodiment in Figure 38 of the patents from the claims.  First, Sage sought to exclude that embodiment during claim construction, but the Court refused.  D.I. 128 at 11-12.  Sage's expert rehashed those same rejected claim construction arguments and the Court granted PureWick's motion to preclude his opinions holding that "defendants cannot argue that the patent excludes such things as casings."  Feb. 23, 2022 Hearing Tr. at 5.  Now Sage asks the Court to preclude PureWick from presenting evidence regarding the

---

[1]   Although the '376 and '989 patents had not yet issued, Sage was given confidential access to PureWick's patent applications disclosing the embodiment Sage copied.  *See* PTX-158.

clear similarities between Sage's product, the embodiments in PureWick patents, and PureWick's commercial product.  But "[e]vidence of an alleged infringer's copying or reverse engineering a competitor's patented product is generally admissible on the ground that it is relevant to issues of inducement of infringement, willful infringement, or secondary considerations of obviousness." *Sonos, Inc. v. D&M Holdings Inc.*, No. 14-1330-WCB, 2017 WL 5633204, at *2 (D. Del. Nov. 21, 2017).  The fact that Sage had knowledge of the original PureWick commercial product as well as the corresponding embodiment in PureWick's patent application, and the clear similarities between that embodiment and the Sage accused product, supports a finding of copying.

Contrary to the position in Sage's motion, the Federal Circuit's "case law does not contain a blanket prohibition against comparing the accused product to a commercial embodiment." *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1288 (Fed. Cir. 2010).  In *Adams*, for example, the Federal Circuit held that "when a commercial product meets all of the claim limitations, then a comparison to that product may support a finding of infringement."  *Id.* at 1289; *see also TEK Glob., S.R.L. v. Sealant Sys. Int'l, Inc.*, 920 F.3d 777, 787–88 (Fed. Cir. 2019).  The Federal Circuit has also held that comparison of the commercial product and accused product is relevant "for the purpose of demonstrating lost profits."  *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 962 (Fed. Cir. 2010) (affirming admission of commercial embodiment for a lost profits comparison).  Here, PureWick's female external catheter product is covered by the asserted claims of the '376 and '989 patents and, therefore, comparison of that product to Sage's product is plainly relevant.[2]

Indeed, Sage's cited cases do not categorically prohibit comparisons between an accused

---

[2]    Sage conceded at the February 23, 2022 hearing that such comparisons are proper for purposes of showing copying.  Feb. 23, 2022 Hearing Tr. at p. 53 ("I think those facts are okay if he wants to compare the technological similarities.").

product and embodiments in a patent.  For example, in *Catalina Lighting, Inc., v. Lamps Plus, Inc.*, the Federal Circuit affirmed infringement despite the fact that the accused product was different from the patent figures.  295 F.3d 1277, 1286 (Fed. Cir. 2002).  The Court did not find that the comparison was impermissible, only that it was insufficient to find infringement.  *Id.*  Similarly, in *Star Tech. Group v. Testerion*, the Court found that the plaintiff failed "to make any substantive argument" of infringement beyond "conclusory statements and a comparison of the accused device to Figure 3 of the patent."  No. 99-1168, 1999 WL 693829, at *6 (Fed. Cir. 1999).  The Court found the comparisons insufficient, not improper.  *Id.*

Sage also relies on *EMC Corp. v. Pure Storage, Inc.*, but in that case the Court's primary concern was with defendant's attempt to argue claim construction to the jury and there was no "dispute between the parties regarding whether Pure may present evidence and argument relating to EMC's commercial embodiments and embodiments in the specification ***for purposes other than to establish the plain and ordinary meaning of claim terms***."  No. 13-1985-RGA, 2016 WL 775742, at *3, n.3 (D. Del. Feb. 25, 2016) (emphasis added).  The Court further stated that "[e]vidence of specification and commercial embodiments is not excluded for the other purposes Pure identifies in its proposed order."  *Id.*

To be absolutely clear, PureWick will prove infringement of the accused products by comparing the claims as construed by the Court to the accused products.  But in view of the other issues in this case for which comparisons between the accused product and PureWick's embodiments and products are relevant, Sage's motion should be denied.[3]

---

[3]    Sage's concern that the jury will be confused regarding the proper standard for determining infringement can be addressed through instructions specifying that infringement is determined by comparison of the construed claims to the accused products, whereas comparisons with a commercial product and/or an embodiment in a patent can be relevant to copying.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUREWICK CORPORATION, | |
| Plaintiff and Counterclaim Defendant, | C.A. No. 19-1508-MN |
| v. | |
| SAGE PRODUCTS, LLC, | |
| Defendant and Counterclaim Plaintiff. | |

**SAGE'S REPLY IN SUPPORT OF SAGE'S MOTION *IN LIMINE* NO. 1
TO PRECLUDE PLAINTIFF FROM COMPARING THE ACCUSED PRODUCTS TO
PATENT FIGURES OR PLAINTIFF'S PRODUCTS**

PureWick insists it is permissible to compare the accused product to patent figures and commercial products to suggest similarities. But such comparisons are indisputably irrelevant to patent infringement, and numerous courts have confirmed how such comparisons only serve to mislead the jury and cause substantial prejudice. *See, e.g.*, *EMC Corp. v. Pure Storage,* C.A. No. 13-1985-RGA, 2016 WL 775742, at 4 (D. Del. Feb. 25, 2016) ("Suggesting, incorrectly, that literal infringement can be established by comparing accused products with specification or commercial embodiments would risk unfair prejudice that would substantially outweigh the probative value of testimony…");[1] *DataQuill Ltd. v. Huawei Techs. Co.*, No. 2:13-633, 2015 WL 9450821, at *2 (E.D. Tex. 2015) (expert "not permitted to confuse or mislead the jury by rendering comparisons of particular embodiments (such as, exemplary figures) to the accused products").

PureWick nonetheless asserts such comparisons are relevant to willfulness and damages. But allegedly "copying" a product that supposedly looks like a patent figure has no bearing on infringement or willfulness—particularly here where the patents-in-suit issued years after Sage released its product. *Bioverativ v. CSL Behring*, No. CV 17-914-RGA, 2020 WL 1332921, at *2 (D. Del. Mar. 23, 2020) ("[c]opying [of] a product which is not protected by the patent laws is not illegal"). "To willfully infringe…, the patent must exist…." *NexStep v. Comcast,* No. 19-1031-RGA, 2019 WL 5626647, at *3 (D. Del. Oct. 31, 2019). In any case, Sage seeks to preclude improper comparisons, not a claim that Sage's products have certain features. PureWick also alleges the comparisons relate to lost profits (without explanation), but its own case admits that the "comparison might confuse the jury." *Medtronic Nav. v. BrainLAB*, 603 F.3d 943, 962 (Fed. Cir. 2010). Any purported relevance is outweighed by the unfair prejudice and jury confusion.

---

[1] PureWick's distinction of *EMC* is misguided. As in *EMC*, Sage seeks to exclude comparisons, not products/figures themselves. PureWick's reliance on *Adams Resp. v. Perrigo* is also misplaced. There, the claims themselves required comparison to a standard.

Dated: March 7, 2022

YOUNG   CONAWAY   STARGATT   &
TAYLOR, LLP


*/s/ Anne Shea Gaza*

Of Counsel:                                 Anne Shea Gaza (No. 4093)
                                            Samantha G. Wilson (No. 5816)
Robert A. Surrette                          Rodney Square
Sandra A. Frantzen                          1000 North King Street
Christopher Scharff                         Wilmington, DE 19801
Ryan Pianetto                               (302) 571-6600
McAndrews, Held & Malloy, Ltd               agaza@ycst.com
500 West Madison Street                     swilson@ycst.com
Chicago, IL 60661
(312) 775-8000                              *Attorneys for Defendant/Counterclaim*
                                            *Plaintiff Sage Products, LLC*

- 2 -

# SCHEDULE F5

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

PUREWICK CORPORATION,

      Plaintiff and Counterclaim Defendant,

v.

SAGE PRODUCTS, LLC,

      Defendant and Counterclaim Plaintiff.

C.A. No. 19-1508-MN

**SAGE'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE PLAINTIFF FROM SUGGESTING UNPLED CAUSES OF ACTIONS INCLUDING SUGGESTIONS THAT SAGE BREACHED A MUTUAL CONFIDENTIALITY AGREEMENT**

Pursuant to at least Fed. R. Evid. 401, 402, and 403, Sage moves for an Order precluding PureWick from improperly referencing or suggesting at trial, either through counsel or by eliciting witness testimony, that Sage breached a July 5, 2016 mutual confidentiality agreement between PureWick and Sage ("the 2016 CDA", Ex. 1). PureWick has included the 2016 CDA in its trial exhibit list and has impliedly suggested that there was a breach throughout this litigation (e.g., by suggesting that Sage somehow misused PureWick confidential information). Yet, PureWick never identified any "confidential information" provided to Sage under the 2016 CDA and never brought a claim for breach. And, unsubstantiated suggestions that Sage violated the 2016 CDA have no bearing on whether Sage infringes PureWick's patents. Sage is not seeking to preclude PureWick from stating that the 2016 CDA exists; however, any implication that Sage violated its terms, when PureWick has never brought a claim alleging such a violation, will lead to jury confusion and substantial prejudice to Sage. Such arguments should be excluded.

**Background.** In July 2016, PureWick and Sage entered into a mutual confidentiality agreement related to certain business discussions between the parties. (Ex. 1.) PureWick was purchased by C.R. Bard shortly thereafter and the parties' discussions ceased. (D.I. 1 at ¶ 13.) In September 2017, Bard sent Sage a letter requesting assurances that Sage did not use any PureWick confidential information, and Sage responded and confirmed that it had not, noting that PureWick never provided any confidential information to Sage. (D.I. 12 at ¶¶ 26-27; Ex. 2 at 1-2.) Two years later, in August 2019, PureWick filed this suit alleging infringement of certain PureWick patents, but never alleged any breach of the 2016 CDA. (D.I. 1). Despite multiple additional amendments to its complaint (D.I. 9; D.I. 44), PureWick also never alleged breach. Indeed, despite repeated communications between the parties about the 2016 CDA (D.I. 12 at ¶¶ 26-27), at no point did PureWick allege that Sage violated any of its terms, nor did PureWick allege that it provided any

confidential information to Sage subject to the 2016 CDA (*see* Ex. 2 at 1-2). Yet, in this litigation, PureWick has repeatedly suggested—using the very existence of the 2016 CDA and its terms— that Sage has somehow violated it. For example, in addition to questioning Sage witnesses on the topic, PureWick has referenced the 2016 CDA as supposed evidence of Sage's allegedly willful behavior. (D.I. 235 at 24). But how could the existence of an unbreached CDA prove any behavior that would suggest willful infringement of a patent?

        ***Unsubstantiated allegations of an alleged breach of the 2016 CDA at trial is irrelevant and risks jury confusion and substantial prejudice to Sage.*** Only evidence that is relevant is admissible. Fed. R. Evid. 402. This is a patent infringement case—not a breach of contract case. PureWick never brought a claim that PureWick provided any confidential information to Sage under the 2016 CDA, much less a claim that Sage misused such information in violation of the 2016 CDA. Implications that there was some type of unclaimed impropriety related to the 2016 CDA is irrelevant because it has no tendency to make any fact of consequence in this patent infringement case more or less probable. Allowing PureWick to suggest that there was a breach— without ever proving one under the terms of the agreement—would be a complete side show simply meant to inflame the jury. Moreover, such evidence would also require Sage to use limited trial time to elicit testimony to mitigate the side show. Indeed, even now, Sage has had to provide deposition testimony indicating that PureWick never provided confidential information to Sage. (Ex. 3 at 101-102.) Such irrelevant and inflammatory suggestions would unfairly prejudice Sage, confuse the issues, mislead the jury, and waste the Court's time. Fed. R. Evid. 403.

        Courts have consistently held that evidence related to an <u>unpled</u> cause of action should be excluded. In *Zaengle v. Rosemount, Inc.*, the plaintiff brought a claim for gender-based employment discrimination and retaliation. No. CIV.A. 08-2010, 2014 WL 296938, at *3-4 (E.D.

Pa. Jan. 28, 2014). When plaintiff suggested her work territory was changed due to her leave under the FMLA, the defendant moved *in limine* to preclude such allegations because plaintiff never alleged breach of FMLA and the alleged FMLA-related events occurred before the events at issue in the litigation. *Id*. The court granted the motion, explaining "[i]f the jury were to believe plaintiff's territory was reduced as a result of being on FMLA leave, it might find for plaintiff on a claim that plaintiff has not asserted in the Amended Complaint." *Id*. at *4. Similarly, in *Hicks v. Ass'n of Apartment Owners*, the court granted defendant's motions *in limine* to preclude evidence related to claims and remedies not asserted in the plaintiff's complaint. No. 14-00254HG-KJM, 2016 WL 3856134, at *1 (D. Haw. July 13, 2016). Citing Fed. R. Evid. 403, the court found that "[e]xposing the jury to unsubstantiated allegations would cause significant confusion and distract the jury from its task." *Id*. Likewise, the court in *Kessler v. NCL (Bahamas) Ltd.* excluded evidence of negligent design when the plaintiff had brought a negligence action but had not brought a claim for negligent design. No. 19-20583-CIV, 2020 WL 10459594, at *2 (S.D. Fla. Sept. 30, 2020).

The case law is consistent. When a party seeks to offer evidence that only has probative value to an unpled cause of action (particularly in hopes of inflaming the jury based on unasserted and unproven causes of action), the evidence should be excluded. Yet, that is precisely the type of evidence that PureWick may seek to use at trial to create the implication of wrongdoing. If PureWick believed there was a violation of the 2016 CDA, then PureWick should have brought a suit alleging breach of contract any time over the past several years. PureWick never did so, but instead sued for patent infringement. Alleged breach or wrongdoing relating to the 2016 CDA is not relevant to any cause of action actually asserted here. Worse, admission of such evidence or argument would substantially prejudice Sage in contravention of Rule 403 and risk the jury finding against Sage on "a claim that plaintiff has not asserted." *Zaengle*, 2014 WL 296938 at *4.

- 3 -

Dated: February 11, 2022

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Anne Shea Gaza_

Of Counsel:

Robert A. Surrette
Sandra A. Frantzen
Christopher Scharff
Ryan Pianetto
McAndrews, Held & Malloy, Ltd
500 West Madison Street
Chicago, IL 60661
(312) 775-8000

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

_Attorneys for Defendant/Counterclaim
Plaintiff Sage Products, LLC_

- 4 -

# EXHIBITS 1-3 REDACTED IN THEIR ENTIRETY

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 11, 2022, a copy of the foregoing

document was served on the persons listed below in the manner indicated:

**<u>BY E-MAIL</u>**

John W. Shaw
Nathan R. Hoeschen
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
jshaw@shawkeller.com
nhoeschen@shawkeller.com

Athena Dalton
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
athenadalton@quinnemanuel.com

Steven C. Cherny
Brian P. Biddinger
Matthew A. Traupman
Nicola R. Felice
Jason C. Williams
Raymond Nimrod
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
stevencherny@quinnemanuel.com
brianbiddinger@quinnemanuel.com
matthewtraupman@quinnemanuel.com
nicolafelice@quinnemanuel.com
jasonwilliams@quinnemanuel.com
raynimrod@quinnemanuel.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant and Counterclaim
Plaintiff Sage Products, LLC*

**PureWick Opposition to Sage Motion in Limine No. 2**

Sage moves to preclude PureWick from arguing  or "impliedly suggesting" at trial that Sage breached a July 5, 2016 mutual confidentiality agreement ("MCA") between PureWick and Sage.  Sage Mot. at 1.  PureWick does not intend to argue or suggest that Sage breached the MCA. Indeed, Sage does not identify anything supporting its assertion that PureWick "has impliedly suggested that there was a breach throughout this litigation."  Sage Mot. at 1.  Moreover, Sage does not ask the Court to exclude the testimony of any witness about the MCA, or identify any documents on PureWick's trial exhibit list that should be excluded.

Although PureWick has no intention of asserting Sage breached the MCA, the MCA itself is relevant, as Sage concedes.  *Id.* ("Sage is not seeking to preclude PureWick from stating that the 2016 CDA exists.").  In particular, the existence of the MCA is relevant to PureWick's claims of willful infringement and copying.  Because Sage concedes that the MCA is relevant, and Sage does not otherwise identify any documents or testimony relating to the MCA that it contends should be excluded, Sage's motion should be denied.

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PUREWICK CORPORATION,

     Plaintiff and Counterclaim Defendant,

v.

SAGE PRODUCTS, LLC,

     Defendant and Counterclaim Plaintiff.

C.A. No. 19-1508-MN

**SAGE'S REPLY IN SUPPORT OF SAGE'S MOTION *IN LIMINE* NO. 2
TO EXCLUDE PLAINTIFF FROM SUGGESTING UNPLED CAUSES OF ACTIONS
INCLUDING SUGGESTIONS THAT SAGE BREACHED A MUTUAL
CONFIDENTIALITY AGREEMENT**

Despite PureWick's claim that it "does not intend to argue or suggest that Sage breached the MCA" (Opp'n at 1), PureWick's Opposition confirms the opposite—that PureWick intends to imply Sage breached it. PureWick has used the 2016 CDA throughout this case as supposed evidence of willfulness. (D.I. 235 at 24.) This is reinforced by PureWick's Opposition where it again suggests that "the existence of the MCA is relevant to…willful infringement and copying." (Opp'n at 1.) But how does "the existence of" a CDA show someone is a willful infringer or copied if there was no misuse of confidential information? That is particularly true here where the CDA was signed almost three years before any of the patents-in-suit issued. (Mot., Ex. 1.) And, as explained in Sage's motion (and never refuted by PureWick), PureWick has never identified any "confidential information" provided under the 2016 CDA. (Mot. at 1-2.) Notably, PureWick neither cites case law nor provides any explanation in support of its conclusory statement that "the existence" of a CDA somehow is probative "of willful infringement and copying." (Opp'n at 1.)

Further, despite asserting that "PureWick has no intention of asserting Sage breached the MCA," that is precisely what PureWick has again done in its Opposition to Sage's other motion *in limine* (No. 1). There, PureWick once again makes the unsubstantiated assertion that PureWick provided Sage unidentified confidential information, implying that Sage misused it to "copy" PureWick's product—even though PureWick's product was publicly available prior to that time. (Pl. Opp'n to Def. MIL 1 at 1; Mot., Ex. 3 at 101-02.) Thus, PureWick states that it will not argue breach while at the same time doing the opposite. These unsubstantiated allegations are irrelevant and substantial prejudice to Sage will ensue if PureWick is allowed to make such insinuations.

Sage's motion should be granted because "[e]xposing the jury to unsubstantiated allegations would cause significant confusion and distract the jury from its task." *Hicks v. Ass'n of Apartment Owners*, No. 14-00254HG-KJM, 2016 WL 3856134, at *1 (D. Haw. July 13, 2016).

Dated: March 7, 2022

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*

Of Counsel:

Robert A. Surrette
Sandra A. Frantzen
Christopher Scharff
Ryan Pianetto
McAndrews, Held & Malloy, Ltd
500 West Madison Street
Chicago, IL 60661
(312) 775-8000

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant/Counterclaim Plaintiff Sage Products, LLC*

- 2 -