IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PUREWICK CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1508-MN |
| | ) | |
| SAGE PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTIONS FOR ENHANCED DAMAGES, PERMANENT INJUNCTION, ONGOING ROYALTIES, SUPPLEMENTAL DAMAGES, PRE-JUDGMENT AND POST JUDGMENT INTEREST AND JUDGMENT ON DEFENDANT'S COUNTERCLAIMS**

Before the Court are Plaintiff PureWick Corporation's ("PureWick") Post-Trial Motions for enhanced damages, permanent injunction, ongoing royalties, supplemental damages, pre-judgment and post judgment interest, and judgment on Defendant Sage Products LLC's ("Defendant") counterclaims for unenforceability and invalidity.

Having considered the entire record in this action, the jury's verdict, and the papers submitted by the parties, and good cause having been shown,

IT IS HEREBY ORDERED that:

1. PureWick's motion for enhanced damages is GRANTED. In the Court's discretion, the Court trebles the damages awarded by the jury and the supplemental damages awarded by the Court for Defendant's willful infringement of the '376 and '989 patents.

2. PureWick's motion for a permanent injunction is GRANTED. Defendant Sage Products LLC and any of its officers, directors, agents, servants, employees, attorneys, subsidiaries, successors in interests, aiders and abettors, and those persons acting in concert or

participation with any of them who receive actual notice hereof, are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d) from infringing, contributing to the infringement, or inducing infringement of any of PureWick's '376 and '989 patents, including by making, using, offering to sell, selling within the United States, or importing into the United States the PrimaFit product or any other product not more than colorably different therefrom.

3. PureWick's motion for ongoing royalties is GRANTED. Defendant is ordered to pay ongoing royalties to PureWick, on a quarterly basis, for sales of the PrimoFit product and any products not more than colorably different at a rate of 13% of net revenues.

4. PureWick's motion for supplemental damages on sales of the PrimoFit is GRANTED. The Court orders Defendant to provide Plaintiff, within one week of entry of this order, an accounting of the new revenues from sales of the PrimoFit product that were made between January 1, 2022 and the date of entry of this judgment, and awards Plaintiff supplemental damages on those sales at a rate of 6.5% of net revenues.

5. PureWick's motion for supplemental damages on sales of the PrimaFit is GRANTED. The Court orders Defendant to provide Plaintiff, within one week of entry of this order, an accounting of the unit sales of the PrimaFit product that were made between December 1, 2021 and the date of entry of this judgment, and awards Plaintiff supplemental damages on those sales at a rate of $3.91 per unit.

6. PureWick's motion for pre-judgment interest is GRANTED. In the exercise of the Court's discretion, the Court awards PureWick pre-judgment interest utilizing the prime rate, compounded quarterly, on the total damages awarded, including supplemental damages and enhanced damages.

7. PureWick's motion for post judgment interest is GRANTED. Pursuant to 28 U.S.C. § 1961, the Court awards PureWick post judgment interest accruing at $1,281.77 per day.

8. PureWick's motion for judgment on Defendant's counterclaims of unenforceability is GRANTED. Judgment is entered in favor of Plaintiff and against Defendant with respect to Defendant's counterclaims for unenforceability of the '376 patent, '989 patent, and '407 patent.

9. PureWick's motion for judgment on Defendant's counterclaims of invalidity is GRANTED. Judgment is entered in favor of Plaintiff and against Defendant with respect to Defendant's counterclaims of lack of written description and enablement of claims 1 and 2 of the '407 patent, and with respect to Defendant's counterclaims for invalidity based on anticipation for '989 claim 6 and '407 patent claims 1 and 2.

SO ORDERED this _____, 2022

_____
The Honorable Maryellen Noreika
United States District Judge