

John W. Shaw
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

October 25, 2023

**BY CM/ECF & HAND DELIVERY**
The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   *PureWick Corp. v. Sage Products LLC*, C.A. No. 19-1508-MN

Dear Judge Noreika,

In accordance with the Court's oral Order (D.I. 378), the parties submit the attached Proposed Final Judgment. The parties implemented the changes ordered by the Court, but have two remaining disputes. The parties exchanged proposals regarding these provisions and met and conferred on two occasions to attempt to resolve the disputes but were unable to do so.

**First**, the parties dispute whether the judgment should include paragraph 8.

**Sage's Position:** The Federal Circuit has already ruled that judgment on the 508 patent is necessary for Sage to appeal; yet, PureWick's proposal does not dispose of PureWick Count I or Sage DJ Counterclaim I, both relating to the 508 patent—now affirmed invalid by the Federal Circuit (D.I. 370). Importantly, <u>after</u> the original submission of the Proposed Final Judgment (D.I. 371 (4/21/23)), the Federal Circuit dismissed Sage's appeal of this Court's judgment that addressed only the three patents at issue in the *PureWick I* jury verdict. At PureWick's request, the Federal Circuit determined the judgment was unappealable and non-final because this Court "has not taken further action <u>on the '508 patent</u>." *PureWick Corporation v. Sage Products, LLC*, Case No. 2023-1868, 2023 WL 4230367 at *1 (Fed. Cir. June 28, 2023) (also D.I. 376 at 2). Indeed, <u>PureWick</u> argued to the Federal Circuit, "there can be no final, appealable determination yet because the parties' claims and defenses relating to the '508 patent remain outstanding," and "the district court has not entered any judgment…relating to the '508 patent." *Id.*, ECF No. 4 at 8 (May 16, 2023). In finding this Court's prior judgment non-final, the Federal Circuit credited Sage's statement in the Proposed Final Judgment that "'judgment is not final unless it disposes of all claims and defenses, including the '508 patent.'" *PureWick*, 2023 WL 4230367 at *1, citing D.I. 371-1 at 5 n.6.

Until late yesterday evening, PureWick had agreed that the 508 patent should be addressed in the judgment, but contended that the patent should be dismissed with prejudice for lack of subject matter jurisdiction, citing the non-precedential *SHFL Enter., Inc. v. Digideal Corp.*, 729 Fed. Appx. 931, 934 (Fed. Cir. 2018). While *SHFL* (like *Fresenius* and *Indivior*) states that a dismissal based on lack of jurisdiction is one mechanism of disposing of an invalidated patent (versus <u>summary</u> judgment), it does not address the <u>disputed</u> issue—whether entry of final judgment is appropriate. PureWick fails to mention that, in *SHFL*, the court thereafter entered final judgment in favor of the Defendant after dismissing the claims. *See* Ex. A, D.I. 187.

SHAW KELLER LLP
Page 2

In *Inland Steel v. LTV Steel Co.,* 364 F.3d 1318 (Fed. Cir. 2004), a precedential case predating *SHFL*, the Federal Circuit determined the district court had jurisdiction to enter final judgment after claims were cancelled.  And numerous courts including Judge Andrews have entered judgment on claims involving patents that were invalidated by the PTAB. *See, e.g. In re Kerydin (Tavaborole) Topical Solution 5% Patent Litig.,*No. 18-1606-RGA, 2021 WL 4398356 at \*1 (D. Del. Sept. 27, 2021) (see also Ex. B) ("The Federal Circuit in due course affirmed the PTAB rulings…, and I entered final judgment against Anacor."); *Munchkin v. Luv N' Care*, No.13-6787, 2018 WL 7507424, at \*2 (C.D. Cal. May 2, 2018) (entering final judgment; "no case holds that a PTAB invalidity ruling precludes entry of final judgment on infringement….Neither subject matter jurisdiction nor mootness of patent infringement claims after PTAB cancellation, moreover, has precluded courts from granting final judgment") (citing other cases). Judgment should be entered.

**PureWick's Position**:  The Court ordered the parties to exclude paragraph 10 from the proposed final judgment.  *See* D.I. 378; D.I. 371-1 at ¶ 10.  Sage, however, has insisted on keeping that same paragraph (now proposed as paragraph 8) in the proposed final judgment.  Not only did the Court already reject Sage's request to include this paragraph, but the Federal Circuit has found that it is error to enter judgment on claims of a patent that have been cancelled by the Patent Office following a finding of unpatentability at the PTAB.  *See SHFL Enter., Inc. v. Digideal Corp.*, 729 Fed. Appx. 931, 934 (Fed. Cir. 2018) (vacating entry of summary judgment on cancelled claims and ordering the district court to dismiss them as moot for lack of jurisdiction); *Indivior, Inc. v. Dr. Reddy's Labs.*, 930 F.3d 1325 (vacating district court's entry of judgment of invalidity because cancelation of claims by the Patent Office mooted the dispute over validity in the district court). Instead, those claims should be dismissed as moot because the Court no longer has jurisdiction over them. *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.").

The language that Sage cites from the Federal Circuit's order dismissing Sage's appeal does not demand that the Court enter judgment on the '508 patent claims; rather, it indicates that the Court must somehow dispose of those claims.  Accordingly, PureWick informed Sage that it would agree to dismissal of the claims with prejudice, and also proposed to Sage that the parties submit a proposed order dismissing the '508 related claims as moot.  This would dispose of the claims and allow for appeal to be taken in this case.  Sage, however, has instead insisted on asking the Court, a second time, to enter judgment in Sage's favor.

*Second*, the parties have a dispute regarding paragraph 13 (originally proposed paragraph 18).

**PureWick's Position:**  The Court ordered the parties to submit paragraph 13 (original paragraph 18) "with the dollar amounts filled in."  D.I. 378.  There are two dollar amounts.  The dollar amount in part (a) should reflect the post-judgment interest rate applied to the damages awarded by the jury and any supplemental damages from January 1, 2022 through April 7, 2022.  The original amount provided by the parties ($1,281.77) did not reflect any interest on supplemental damages.  PureWick has added this amount, which it calculated as $31.28 per day, to the original dollar amount to get $1,313.05 per day.  Sage does not dispute PureWick's calculation, but instead insists on keeping the original incorrect, dollar amount.  The dollar amount in part (b) reflects the additional amount of post-judgment interest on the Court's award of pre-judgment interest.  This is

SHAW KELLER LLP
Page 3

$52.38 per day ($1,144,734 x 1.67% / 365 days).  Adding this to the $1,313.05 from part (a) results in $1,365.42 per day.

       **Sage's Position:**  For this paragraph, the Court adopted <u>PureWick's</u> proposal, ordering the parties to fill in the <u>single</u> missing dollar blank in <u>part (b)</u> (<u>PureWick</u>—not "the parties"—already provided a dollar figure ($1,281.77) in part (a)). D.I. 378; D.I. 371. Though Sage did not agree with PureWick's newly calculated number for part (b), to minimize disputes, Sage agreed to PureWick's number (though Sage originally proposed $1281.77 consistent with the Court's order for part (a), D.I. 371-1, ¶18; D.I. 368 at 36[1]). PureWick now proposes modifying <u>the Court-ordered</u> amount ($1,281.77) in <u>part (a)</u>—a number that <u>PureWick</u> provided and indicated included supplemental damages (*id.*)—contending the number it provided over 18 months ago was erroneous. *See id.*; D.I. 378. PureWick offers no explanation for its alleged error. The Court should not reconsider and revisit PureWick's calculations since the Court already adopted PureWick's proposal.

                                  Respectfully submitted,

                                  */s/ John W. Shaw*

                                  John W. Shaw (No. 3362)

cc: Clerk of the Court (by CM/ECF & Hand Delivery)
    All Counsel of Record (by CM/ECF & Email)

---

[1] D.I. 368 at 36 (The Court: "Plaintiff requests post-judgment interest in the amount of $1,281.77 per day…").