IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUREWICK CORPORATION,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>SAGE PRODUCTS, LLC,<br><br>    Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) )   C.A. No. 19-1508-MN |

**[PROPOSED] FINAL JUDGMENT**

This Final Judgment amends the Judgment entered on April 7, 2022. D.I. 320.

This __ day of _____ 2023, the Court having held a jury trial and the jury having rendered a unanimous verdict on April 1, 2022 (*see* D.I. 316), and the Court having issued its Memorandum and Order resolving the parties' post-trial motions on April 6, 2023 (D.I. 368, 369), pursuant to Rules 54(b) and 58 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1. Judgment is entered in favor of Plaintiff PureWick Corporation ("Plaintiff") and against Defendant Sage Products, LLC ("Defendant") with respect to Plaintiff's claim of direct infringement, induced infringement, and contributory infringement of claims 1, 5 and 9 of U.S. Patent No. 10,226,376 ("the '376 patent") and claims 1 and 6 of U.S. Patent No. 10,390,989 ("the '989 patent") and with respect to direct infringement of claims 1 and 2 of U.S. Patent No. 10,376,407 ("the '407 patent") (Counts II, III, IV), as well as Defendant's declaratory judgment counterclaims for the '376, '989, and '407 patents (Counterclaim Counts II-IV);

2. Judgment is entered in favor of Plaintiff and against Defendant with respect to willful infringement of the '376 patent and the '989 patent;

1

3. Judgment is entered in favor of Plaintiff and against Defendant as to anticipation of claims 1, 5 and 9 of the '376 patent and claim 1 of the '989 patent;

4. Judgment is entered in favor of Plaintiff and against Defendant with respect to obviousness of claims 1, 5 and 9 of the '376 patent, claims 1 and 6 of the '989 patent, and claims 1 and 2 of the '407 patent;

5. Pursuant to the Court's Order of March 31, 2023, judgment is entered in favor of Plaintiff and against Defendant with respect to anticipation of claim 6 of the '989 patent and claims 1 and 2 of the '407 patent;

6. Pursuant to Plaintiff's unopposed motion for judgment as a matter of law on prior public use and prior public sale (D.I. 310 at 6-9, D.I. 312 at 2, 5), judgment is entered in favor of Plaintiff and against Defendant as to Defendant's invalidity counterclaims and defenses based on prior public use and prior public sale relating to the claims 1, 5 and 9 of the '376 patent and claims 1 and 6 of the '989 patent;

7. Pursuant to the Court's Order of March 31, 2023, judgment is entered in favor of Plaintiff and against Defendant as to equitable estoppel, waiver, acquiescence, and unclean hands on Defendant's declaratory judgment counterclaims for the '376, '989, and '407 patents (Counterclaim Counts II- IV);

8. **Sage Proposal:** Judgment is entered in favor of Defendant and against Plaintiff with respect to Plaintiff's claims of infringement of claims 1, 3-8, and 17-19 of U.S. Patent No. 8,287,508 ("the '508 patent") (Count I), as well as Defendant's declaratory judgment counterclaim for the '508 patent including invalidity (Counterclaim Count I). Claims 1, 3-8, and 17-19 of the 508 patent are invalid as anticipated and obvious pursuant to the judgment and mandate issued by the Federal Circuit (D.I. 370, 375). **PureWick Proposal**: [no provision].

9. Judgment is entered in favor of Plaintiff and against Defendant for damages in the amount of $26,215,545 in lost profits for infringement of the '376 patent and the '989 patent. Sage has confirmed that it has ceased all making, using, offering to sell, selling within the United States, or importing into the United States of the accused PrimaFit product, and that there are no additional sales of the product after November 30, 2021. Based on this representation by Sage, no further damages are awarded on sales of the PrimaFit product accused of infringement in this matter;

10. Judgment is entered in favor of Plaintiff and against Defendant for damages in the amount of $1,799,193 as a reasonable royalty for infringement of the '407 patent;

11. Supplemental damages/ongoing royalty at a rate of 6.5% of net revenues on any sales of the accused PrimoFit product is awarded for any sales after December 31, 2021, until the last date of sale of that product or the expiration date of the '407 patent, whichever is later;

12. In the exercise of the Court's discretion, the Court awards PureWick pre-judgment interest in the amount of $1,144,734;

13. Pursuant to 28 U.S.C. § 1961, the Court awards PureWick post judgment interest at the rate of 1.67% (a) applied to the total amount of damages and supplemental damages ([**PureWick Position**: $1,313.05; **Sage Position**: Court's Order adopting PureWick's original proposal: $1,281.77] per day) for the period from April 7, 2022 to the date of entry of this judgment, and (b) applied to the total amount of damages, supplemental damages and prejudgment interest for the period from the date of entry of this judgment until satisfaction of the judgment (e.g., $1,365.42 per day);

IT IS STILL FURTHER ORDERED that the deadline for any party to move for costs and attorneys' fees (including under 35 U.S.C. § 285) is extended to within fourteen (14) days after

3

Case 1:19-cv-01508-MN   Document 380-1   Filed 10/25/23   Page 4 of 4 PageID #: 28560

the time for appeal has expired or within fourteen (14) days after issuance of the mandate from the appellate court on all appeals, and no party shall file any such motion before that time.

    SO ORDERED this _____, 2023.

_____
The Honorable Maryellen Noreika
United States District Judge