# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUREWICK CORPORATION, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) REDACTED - PUBLIC VERSION |
| | ) (Filed February 5, 2024) |
| v. | ) |
| | ) C.A. No. 19-1508-MN |
| SAGE PRODUCTS, LLC, | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

## SAGE'S STIPULATED AND UNOPPOSED MOTION TO EXTEND STAY OF ENFORCEMENT OF FINAL JUDGMENT PENDING RULING

Pursuant to Federal Rule of Civil Procedure 62, Defendant/Counterclaim Plaintiff Sage Products, LLC ("Sage") respectfully moves for an Order, substantially similar to the proposed order attached hereto, to extend the stay of execution of the Final Judgment for another ninety days or until the Court rules on Sage's Motion to Approve a Supersedeas bond and Stay Execution of the Final Judgment (D.I. 391), whichever is later. The parties have previously filed stipulated extensions for similar relief, and pursuant to D. Del. LR 7.1.1., PureWick has indicated that it does not oppose this motion.

In support of this motion, Sage states as follows:

1. On October 27, 2023, the Court entered an amended Final Judgment (D.I. 381) ("Final Judgment"). On November 20, 2023, Sage filed a notice of appeal to the United States Court of Appeals for the Federal Circuit on the Court's Final Judgment, within the time prescribed by Fed. R. App. P. 4. D.I. 385.

2. Federal Rule of Civil Procedure 62(a) provides that execution on a judgment and proceedings to enforce it are automatically stayed for 30 days after its entry. The stay of execution on the Final Judgment pursuant to Federal Rule of Civil Procedure would have expired on November 27, 2023.

3. Pursuant to the parties' previous stipulations (*e.g.*, D.I. 393), the Court previously entered extensions staying execution of the judgment until at least January 29, 2024, including because the parties were negotiating terms of a stipulation to stay execution of the final judgment (D.I. 393);

4. On December 22, 2023, Sage filed a Motion to Approve a Bond and to Stay Execution of the Final Judgment ("Motion for Bond And Stay of Execution"). D.I. 391. As set forth in that motion, Sage secured a bond ▉▉▉▉▉▉. That motion is now fully briefed and pending before the Court. *See* D.I. 391, 397, 398.

5. Though Sage's motion for an extension is pending, out of an abundance of caution, the parties have conferred and PureWick and Sage have agreed, subject to the approval of the Court, to temporarily extend the stay of execution of the Final Judgment for at least another ninety (90) days until at least April 29, 2024, or until the Court rules on Sage's Motion for Bond and Stay of Execution, whichever is later. Furthermore, PureWick has agreed that it will not in any event take any action to enforce the Final Judgment until at least the latter of April 29, 2024, or until the Court rules on Sage's Motion for Bond And Stay of Execution.

6. A proposed order that tracks the parties' previously stipulated extensions on this issue is attached. As set forth therein, Sage respectfully requests that the stay of execution of the Final Judgment pursuant to Fed. R. Civ. P. 62(a) be extended until at least the latter of Monday, April 29, 2024, or until the Court rules on Sage's Motion for Bond And Stay of Execution. Sage

further respectfully requests that, pursuant to the parties' agreement, no execution may issue on the Final Judgment, no proceedings may be initiated to enforce the Final Judgment, that Sage shall not be obligated to post a supersedeas bond or other security, and PureWick agrees to not take any action to enforce the Final Judgment at least until the latter of April 29, 2024, or the Court's ruling on Sage's motion (D.I. 391).

7. In light of the foregoing and for the reasons set forth in Sage's Motion for Bond and Stay of Execution, good cause exists for Sage's proposed extension and Sage respectfully requests that the Court exercise its discretion to grant this motion.

Of Counsel:

Robert A. Surrette
Sandra A. Frantzen
Deborah A. Laughton
Christopher M. Scharff
Ryan J. Pianetto
MCANDREWS, HELD
& MALLOY, LTD
500 West Madison Street
Chicago, IL 60661
(312) 775-8000
bsurrette@mcandrews-ip.com
sfrantzen@mcandrews-ip.com
dlaughton@mcandrews-ip.com
cscharff@mcandrews-ip.com
rpianetto@mcandrews-ip.com

Dated: January 27, 2024

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant/Counterclaim Plaintiff Sage Products, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 27, 2024, a copy of the foregoing document was served on the persons listed below in the manner indicated:

**BY E-MAIL**

| | |
|---|---|
| John W. Shaw | Steven C. Cherny |
| Nathan R. Hoeschen | Brian P. Biddinger |
| Shaw Keller LLP | Matthew A. Traupman |
| I.M. Pei Building | Nicola R. Felice |
| 1105 North Market Street, 12th Floor | Jason C. Williams |
| Wilmington, DE 19801 | Raymond Nimrod |
| jshaw@shawkeller.com | Bianca Fox |
| nhoeschen@shawkeller.com | Quinn Emanuel Urquhart & Sullivan, LLP |
| | 51 Madison Avenue, 22nd Floor |
| Athena Dalton | New York, NY 10010 |
| Quinn Emanuel Urquhart & Sullivan, LLP | stevencherny@quinnemanuel.com |
| 191 N. Wacker Drive, Suite 2700 | brianbiddinger@quinnemanuel.com |
| Chicago, IL 60606 | matthewtraupman@quinnemanuel.com |
| athenadalton@quinnemanuel.com | nicolafelice@quinnemanuel.com |
| | jasonwilliams@quinnemanuel.com |
| | raynimrod@quinnemanuel.com |
| | biancafox@quinnemanuel.com |

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant and Counterclaim Plaintiff Sage Products, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUREWICK CORPORATION, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) ) ) |
| v. | ) C.A. No. 19-1508-MN |
| | ) |
| SAGE PRODUCTS, LLC, | )  |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) ) ) |

**[PROPOSED] ORDER TO EXTEND STAY OF
ENFORCEMENT OF FINAL JUDGMENT**

WHEREAS, on October 27, 2023, the Court entered an amended Final Judgment (D.I. 381) ("Final Judgment") and Fed. R. Civ. P. 62(a) provides that execution on a judgment and proceedings to enforce it are automatically stayed for 30 days after its entry;

WHEREAS, on November 20, 2023, Defendant/Counterclaim Plaintiff Sage Products, LLC ("Sage") filed a notice of appeal to the United States Court of Appeals for the Federal Circuit on the Court's Final Judgment, within the time prescribed by Fed. R. App. P. 4. D.I. 385.

WHEREAS, the stay of execution on the Final Judgment pursuant to Federal Rule of Civil Procedure 62(a) would have expired on November 27, 2023, and the Court previously entered extensions staying execution of the judgment until at least January 29, 2024, pursuant to stipulations of the parties including because the parties were negotiating terms of a stipulation to stay execution of the final judgment (*e.g.,* D.I. 393);

WHEREAS Sage has filed a motion to approve a supersedeas bond and stay execution of the Final Judgment under Fed. R. Civ. P. 62(b) until the completion of Sage's appeal, which is

fully briefed and pending before the Court (D.I. 391, 397, 398), and as set forth in that motion Sage secured a bond ▓▓▓▓▓▓▓▓;

WHEREAS, given the pending motion, PureWick and Sage have agreed, subject to the approval of the Court, to temporarily extend the stay of execution of the Final Judgment for at least another 90 days until at least April 29, 2024, or until the Court rules on Sage's motion (D.I. 391), whichever is later; and PureWick has agreed that it will not in any event take any action to enforce the Final Judgment until at least the later of April 29, 2024 or until the Court rules on Sage's motion;

WHEREAS Sage has filed a Stipulated and Unopposed Motion to Extend Stay of Enforcement Of the Final Judgment Pending Ruling, and PureWick does not oppose the motion;

NOW, THEREFORE, IT IS HEREBY ORDERED, for the reasons set forth in Sage's motion and for good cause shown, that:

1. The stay of execution of the Final Judgment pursuant to Federal Rule of Civil Procedure 62(a) will be extended until at least the latter of ninety (90) days (Monday, April 29, 2024) or until the Court rules on Sage's motion to approve a supersedeas bond and stay execution of the final judgment under Fed. R. Civ. P. 62(b) (D.I. 391);

2. No execution may issue on the Final Judgment, no proceedings may be initiated to enforce the Final Judgment, Sage shall not be obligated to post a supersedeas bond or other security, and PureWick agrees to not take any action to enforce the Final Judgment at least until the latter of April 29, 2024 or the Court's ruling on Sage's motion (D.I. 391).

3. Nothing in this Stipulation and Order shall preclude either party from seeking further relief related to the Final Judgment.

SO ORDERED this _____ day of _____, 2024.

3

_____
THE HONORABLE MARYELLEN NOREIKA
 UNITED STATES DISTRICT JUDGE